1
2
3
4
5
6
7
8
9

Caleb LH Marker (SBN 269721)
 E-mail:  caleb.marker@zimmreed.com
**ZIMMERMAN REED, LLP**
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA 90245
Telephone:  (877) 500-8780
Facsimile:  (888) 490-775

*Attorneys for Plaintiffs*

*(Additional Counsel Listed Below)*

10
11

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.  2:15-ml-02668-BRO-JEM |
| | *Assigned to the Honorable Beverly Reid O'Connell* |
| | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO THE SONOMA COUNTY SUPERIOR COURT** |
| THIS DOCUMENT RELATES TO: | Date:          March 21, 2016 |
| | Time:          1:30 p.m. |
| *LIPPINCOTT, ET AL. v. DIRECTV, INC., ET AL.* | Courtroom:   14 |
| Case No. CV 15-09996 BRO (JEMx) | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................ 1

ARGUMENT ...................................................................................... 2

    I.    Plaintiff's Complaint Comports with the "Well-Pleaded Complaint Rule" ....................................................................................... 2

    II.   No Exceptions to the "Well-Pleaded Complaint Rule" Apply .................... 5

        a.   Plaintiff's Claims are Not Completely Preempted by Federal Law ....... 6

        b.   Plaintiff's Claims Do Not Present a Necessary, Disputed, Substantial Federal Question ................................................. 6

CONCLUSION ................................................................................. 12

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

# TABLE OF AUTHORITIES

**Cases**

*ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Mont.*,
213 F.3d 1108 (9th Cir. 2000) ............................................................. 1, 8

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
6 P.3d 669 (Cal. 2000) ............................................................................. 3

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987) .............................................................................. 3, 6

*Easton v. Crossland Mortg. Corp.*,
114 F.3d 979 (9th Cir. 1997) ................................................................... 8

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988) ................................................................. 1

*Ethridge v. Harbor House Rest.*,
861 F.2d 1389 (9th Cir. 1988) ................................................................. 6

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ................................................................... 1

*Gun v. Minton*,
133 S. Ct. 1059 (2013) ............................................................... 7, 10, 12

*Hendricks v. Dynegy Power Mktg., Inc.*,
160 F. Supp. 2d 1155 (S.D. Cal. 2001) ......................................... 8, 9, 10

*Klein v. Chevron U.S.A., Inc.*,
137 Cal. Rptr. 3d 293 (Cal. App. 2d Dist. 2012) ................................... 5

*Lippitt v. Raymond James Fin. Servs. Inc.*,
340 F.3d 1033 (9th Cir. 2003) .................................................. 6, 7, 9, 10

*Merrell Dow Pharm. Inc. v. Thompson*,
478 U.S. 804 (1986) ................................................................................ 8

*Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Solutions, Inc.*,
C04-01661 WHA, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004) ................. 5

*Rains v. Criterion Sys., Inc.*,
80 F.3d 339 (9th Cir. 1996) ..................................................................... 2

*Smith v. Kansas City Title & Trust Co.*,
255 U.S. 180 (1921) .......................................................................... 11, 12

*Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
159 F.3d 1209 (9th Cir. 1998) ................................................................. 1

*Sullivan v. First Affiliated Sec., Inc.,*
   813 F.2d 1368 (9th Cir. 1987) ................................................................. 6

**Rules**

28 U.S.C. § 1441(a) ................................................................................ 2

California's Consumer Legal Remedies Act, Cal. Civ. Code § 1780 ...................... 1, 4

Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200................................ 1, 4, 5

# INTRODUCTION

As the party invoking federal court jurisdiction, Defendants DirecTV, Inc. and DirecTV Holdings LLC ("Defendants") have the burden of proving that removal is proper. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Doubts as to removability are *always* to be resolved in favor of remanding the case to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendants' notice of removal has failed to meet this burden. Where, as here, there is no basis for federal subject matter-jurisdiction, "the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

On October 6, 2015, Plaintiff Robert Gary Lippincott, Jr. ("Plaintiff") filed his complaint in California State Court (the Sonoma County Superior Court), alleging that the contracts that Plaintiff and the Class entered into with Defendants DirecTV, Inc. and DirecTV Holdings LLC (collectively, "Defendants") for Defendants' NFL Sunday Ticket television programing were void as illegal contracts because they contained unconscionable provisions in violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1780 ("CLRA"), and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 ("UCL"). (Compl. ¶ 14, N.D.Cal., No. 3:15-cv-05096, ECF No. 1-1, attached as Exhibit A to the Declaration of Caleb Marker filed concurrently herewith.) On November 6, 2015, Defendants removed to the Northern District of California. (Notice of Removal, N.D.Cal., No. 3:15-cv-05096, ECF No. 1, attached as Exhibit B to the Declaration of Caleb Marker filed concurrently herewith.) Plaintiff filed his initial motion to remand on November 13, 2015. Despite the remand issue having been fully briefed in the Northern District of California before Judge Chesney, Defendants nonetheless sought transfer of this case to the instant MDL. To Plaintiff's knowledge, this case was and is the only

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

action asserting exclusively California state law causes of action against Defendants. The parties have now agreed on a March 21, 2016 hearing date and to re-brief the matter so that, more than five months after its filing, this action can finally be remanded to its proper forum, Sonoma County Superior Court.  Plaintiff respectfully requests that this Court grant his Motion to Remand.

## ARGUMENT

### I.  Plaintiff's Complaint Comports with the "Well-Pleaded Complaint Rule"

Unless Congress expressly provides otherwise, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).  If a case is improperly removed, however, the federal court *must* remand the action because it has no subject-matter jurisdiction to decide the case.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  As a general rule:

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987).

On its face, Plaintiff's complaint does not state a claim that "arises under" federal law.  The factual allegations of the complaint are narrowly tailored to support Plaintiff's primary theory of liability—unconscionability of the consumer contracts under California state law.  Plaintiff's theory of liability is clear on the face of the complaint, as illustrated in its introduction, which states, "Plaintiff and the Class' contracts with Defendants are void as illegal contracts under the Consumer Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL") because they contain unfair and unconscionable price provisions."  (Compl. ¶ 14.)

In California, proving unconscionability of a contractual provision requires a showing of "'both a "procedural" and a "substantive" element,' the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000) (quoting *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486-87 (Cal. App. 4th Dist. 1982)).  Plaintiff's factual allegations begin by illustrating the procedural unconscionability element, specifically focusing on Defendants' market power to show that Defendants had substantially unequal bargaining power as compared to Plaintiff and the members of the Class.  (*See* Compl. ¶¶ 27-37.)  Next, Plaintiff alleges facts to support the substantive element.  Plaintiff alleges that Defendants abused their unequal bargaining power to achieve one-sided results in the form of disproportionately high prices.  (*See id.* ¶¶ 38-42.)  Plaintiff's final paragraph in the factual allegations section of the complaint sums up Plaintiff's theory of liability and ties the two unconscionability elements together:

> The contracts between residential subscribers and Defendants for NFL Sunday Ticket are contracts of adhesion.  The one-sided price provisions of such contracts are of a non-negotiable nature.  Consumers wishing to watch Sunday afternoon NFL out-of-market live game video presentations have no meaningful choice but to pay DirecTV's unfair and unreasonable prices for its NFL Sunday Ticket service.

(*Id.* ¶ 43.)

Plaintiff alleges two causes of action arising under California statutes and one cause of action arising under California common law.  The three causes of action pursued in the complaint each stem from the theory of unconscionability under California state law that is supported by the above-described factual allegations.

Count One alleges a violation of the CLRA, Cal. Civ. Code § 1780.  Under § 1780, any consumer who suffers an injury resulting from any of the practices enumerated in § 1770 may recover for their injury.  *Id.*  "Inserting an unconscionable

provision in the contract" is one of the practices proscribed by § 1770. *Id.* at § 1770(a)(19). In Count One, Plaintiff bases his CLRA claim on the unconscionability of the consumer NFL Sunday Ticket contracts. (*See* Compl. ¶ 54 ("Plaintiff and members of the Class entered into agreements with DirecTV containing unconscionable provisions—the price of DirecTV's NFL Sunday Ticket service.").) The remainder of paragraphs under Count One reiterate the factual allegations that support the procedural and substantive unconscionability elements required to prove Plaintiff's claim. (*See id.* ¶¶ 55-63.)

Count Two alleges a violation of the UCL, Cal. Bus. & Prof. Code § 17200. Section 17200 proscribes unfair competition, which is defined to include "unfair or unlawful business practices." *Id.* Plaintiff first alleges *unfair* business practices based on the unfair pricing of Defendants' NFL Sunday Ticket service. A claim of unfair business practices in violation of the UCL requires a showing of three elements: "(1) [that] the consumer injury is substantial; (2) [that] the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) [that] the injury could not reasonably have been avoided by consumers themselves." *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 320-21 (Cal. App. 2d Dist. 2012), *as modified on denial of reh'g* (Feb. 24, 2012). The paragraphs under Count Two closely track those elements. (*See* Compl. ¶¶ 67 ("Plaintiff and members of the class have suffered substantial injury . . . ."), 68 ("The substantial injury sustained by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers or competition . . . ."), 69 ("Neither plaintiff nor other members of the Class could have reasonably avoided substantial injury . . . .").)

Next, Plaintiff alleges that Defendants conducted *unlawful* business practices in violation of the UCL. (*Id.* ¶ 70.) Unlike in *National Credit Reporting Association*, which Defendants heavily cite in their notice of removal, Plaintiff *does not* predicate his UCL claim on a violation of the Sherman Act or any other federal law. *See Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Solutions, Inc.*, C04-

01661 WHA, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004) (noting that, in that case, the plaintiff had "alleged that '[d]efendants' wrongful conduct . . . (i) violate[d] state and federal antitrust laws.'").  Instead, Plaintiff here plainly alleges that the claim of unlawful business practices is predicated on Defendants' violation of the CLRA.   (Compl. ¶ 70 ("Defendants also violated the UCL by violating the Consumers Legal Remedies Act, constituting illegal business acts under [Cal. Bus. & Prof. Code] § 17200.").)

Count Three alleges quasi-contract/unjust enrichment under California common law.  Plaintiff begins Count Three by alleging that Plaintiff and the Class' contracts with Defendants are void as illegal contracts pursuant to the CLRA and the UCL.  (*Id*. ¶ 76.)  The rest of the allegations pertain to the elements of a common law claim for quasi-contract and unjust enrichment under California state law: that Defendants received a benefit at the expense of Plaintiff and the Class and that it would be unjust for Defendants to retain that benefit.  (*Id*. ¶¶ 77-79.)

Thus, in satisfaction of the well-pleaded complaint rule, Plaintiff's complaint, on its face, does not state a claim that "arises under" federal law.  *See Caterpillar Inc.*, 482 U.S. at 391.

## II.   No Exceptions to the "Well-Pleaded Complaint Rule" Apply

There is a limited exception to the "well-pleaded complaint rule" that makes removal appropriate even if a plaintiff's complaint does not present a federal claim on its face.  That exception does not apply here.  The "artful pleading doctrine," which "is a corollary to the well-pleaded complaint rule" provides that, while "'the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are *essential* to the establishment of his claim.'"  *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), *as amended* (Sept. 22, 2003) (quoting *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1389 (9th Cir. 1989)) (emphasis added).  Courts, however, should "invoke the doctrine 'only in limited circumstances as it raises

difficult issues of state and federal relationships and often yields unsatisfactory results.'" *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987) (quoting *Salverson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th Cir. 1984)).   Where a complaint does not present a federal cause of action on its face, courts have found the artful pleading doctrine applicable only in "(1) complete preemption cases, . . . and (2) substantial federal question cases . . . ." *Lippitt*, 340 F.3d at 1041 (citations omitted).   Plaintiff's claims do not present either of the specific and narrow circumstances that warrant application of the artful pleading doctrine.

a.   <u>Plaintiff's Claims are Not Completely Preempted by Federal Law</u>

A claim is completely preempted when "federal law completely preempts state law and provides a federal remedy." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1403 (9th Cir. 1988).   In their Notice of Removal, Defendants do not, and cannot in good faith, assert that Plaintiff's claims are "completely preempted" by federal law.   (*See* Notice of Removal, ECF No. 1.)   This is especially true given that one of Plaintiff's claims is a UCL claim, which is a cause of action that has no federal corollary.   *See Lippitt*, 340 F.3d at 1036 (stating that the private remedy provided by the UCL is "categorically impossible" in a federal district court). Because Defendants do not assert that Plaintiff's claims are "completely preempted" by federal law, this exception is not at issue.

b.   <u>Plaintiff's Claims Do Not Present a Necessary, Disputed, Substantial Federal Question</u>

Defendants contend that removal is appropriate because "Plaintiff's right to relief depends upon the resolution of substantial, disputed questions of federal antitrust law."   (*See* Notice of Removal ¶ 12.).   Defendants are incorrect.   In *Gunn v. Minton*, the Supreme Court addressed the limits of federal question jurisdiction in the context of whether a "'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without

disturbing any congressionally approved balance of federal and state judicial responsibilities.'" See *Gun v. Minton*, 133 S. Ct. 1059, 1065 (2013).  The Court stated that federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

### 1.   Plaintiff's Claims are not Necessarily Federal in Character

Defendants assert that removal is appropriate because "Plaintiff's claims are necessarily federal in character (as they are all predicated upon allegations of DIRECTV's 'monopolistic' conduct) . . . ."  (*See* Notice of Removal ¶ 12.) Defendants suggest that Plaintiff's claims allege "unilateral 'monopolistic' conduct" implicating "Section 2 of the Sherman Act" solely because Plaintiff uses descriptive terms such as "monopoly" and "supra-competitive."  (*Id.* ¶ 10-12.)  In essence, Defendants seek removal because Plaintiff's claims use similar terminology as Sherman Act claims.  This, however, is not the standard for determining whether Plaintiff's claims are "necessarily federal in character."

A claim is "necessarily federal in character when it falls within the express terms of a statute granting federal courts exclusive jurisdiction over the subject matter of the claim." *Hendricks v. Dynegy Power Mktg., Inc.*, 160 F. Supp. 2d 1155, 1161 (S.D. Cal. 2001).  Mere reference to, or mention of, a federal statute—which is absent here—is not enough to trigger the exception. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  A plaintiff's claim may include "incidental reference to a federal statute or the U.S. Constitution" without transforming it into a federal one. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (claim was not necessarily federal in character even though the plaintiffs' complaint "claimed that the described conduct was in violation of Title VII of the Civil Rights Act of 1964"); *see also ARCO*, 213 F.3d at 1113 (case was remanded despite repeated references to federal law in the plaintiff's complaint).

Here, none of Plaintiff's claims even reference federal statutes like the complaints in *Easton* and *ARCO* did. Yet, in both of those cases, the courts nonetheless determined that remand was warranted. In truth, Plaintiff's claims here sounded Defendants' "removal alarm" for one reason only—because Plaintiff's complaint included descriptive terms that are sometimes associated with federal antitrust claims. (*See* Notice of Removal ¶ 12.) Plaintiff's intent in using those descriptive words, however, was not to assert federal claims, but rather to establish the procedural and substantive elements of unconscionability under California law, since unconscionability is at the heart of all of Plaintiff's claims. *See Easton*, 114 F.3d at 982 ("Any lingering apprehension about the plaintiffs' intentions was resolved by plaintiffs' immediate actions clarifying their intent upon removal. From the genesis of the case, plaintiffs have adamantly eschewed relief based on federal law.").

The Ninth Circuit's approach in *Lippitt* is instructive. In that case, the court specifically addressed the application of the artful pleading doctrine in the context of UCL § 17200 claims, holding that the deciding factor is whether the predicate "unlawful . . . business act or practice," an element of the offense, is based *exclusively* on federal law. *See Lippitt*, 340 F.3d at 1043; *Hendricks*, 160 F. Supp. 2d at 1164. In *Lippitt*, the plaintiff brought claims under § 17200 of the UCL. 340 F.3d at 1043. The court noted that, although plaintiff's UCL § 17200 claim could succeed based on a violation of federal law—there, the 1934 Securities Exchange Act—his allegations that the conduct was *unfair* under § 17200—a proposition that can be shown by conduct that is less than unlawful—precluded removal. *Id.* The court noted that, "[i]f a plaintiff can support his claim with 'alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach.'" *Id.* (quoting *Rains*, 80 F.3d at 346). The court's reasoning, thus, was that if an alternative state law theory can support Plaintiff's claims, then application of federal law is not

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

necessary and the court's subject matter jurisdiction is not invoked. The court held that, because UCL § 17200, by its very nature, allows the violation to rest on alternative theories—unfair, unlawful, or fraudulent conduct—federal subject-matter jurisdiction had not attached. *Id.*

*Hendricks* likewise involved a UCL § 17200 claim based on both unfair and unlawful business practices. 160 F. Supp. 2d at 1164-65. The court noted, "'To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Id.* at 1162-63 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). In remanding, the court concluded that the plaintiff could "state a violation under § 17200 in two ways, independent of [federal law]: either by alleging a violation of [state law] as the predicate offense, or by alleging that the anti-competitive activity was unfair or deceptive even if not unlawful." *Id.* at 1165. The court held that, because an alternative state law theory was presented, remand was warranted. *Id.*

Like *Lippitt* and *Hendricks*, Plaintiff's right to relief *does not* require resolution of a substantial, disputed federal question. As discussed above, all three causes of action in Plaintiff's complaint can succeed on state law theories of liability. Count One (CLRA violation) can succeed on a theory of unconscionability as alleged in the complaint. Count Two (UCL violation) can succeed on a theory that Defendants' conduct and pricing was unfair, even if not rising to the level of being unlawful, or alternatively, on a theory that Defendants' conduct was unlawful for violating the CLRA. Both alternative theories rely purely on state law and were alleged in the complaint. Count Three (quasi-contract/unjust enrichment) can succeed on a theory that Plaintiff's contract with Defendants is void as an illegal contract based on the CLRA and UCL violations and that Defendants have been unjustly enriched, a purely state law issue. Thus, Plaintiff's complaint explicitly presents alternative state law theories. Once again, *Lippitt* is instructive: "If a

plaintiff can support his claim with alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach." 340 F.3d at 1043.

2. *Plaintiff's Claims Do Not Raise Substantial Federal Questions*

Even assuming, *arguendo*, that a federal issue is raised by the complaint's inclusion of the words "monopolistic" or "supra-competitive," such issues are not substantial. *See Gunn*, 133 S. Ct. 1059, 1066-68 (2013). In *Gunn*, the Court held that the substantiality requirement "looks . . . to the importance of the issue to the federal system as a whole." 133 S. Ct. at 1066. As an example, the Court discussed *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921), which [the Supreme Court had previously] described as '[t]he classic example' of a state claim arising under federal law." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). The Court explained:

> In *Smith*, the plaintiff argued that the defendant bank could not purchase certain bonds issued by the Federal Government because the Government had acted unconstitutionally in issuing them. . . . We held that the case arose under federal law, because the "decision depends upon the determination" of "the constitutional validity of an act of Congress which is directly drawn in question." *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921), at 201, 41 S.Ct. 243. . . [T]he relevant point was not the importance of the question to the parties alone but rather the importance more generally of a determination that the Government "securities were issued under an unconstitutional law, and hence of no validity."

> *Id.*

The Court went on to discuss the case before it, a malpractice action in which the "case-within-a-case" required the state court to apply patent law, an area of law in which Congress vested "exclusive jurisdiction . . . in the federal . . . courts." *Id.* at 1067. Even though the *Gunn* case required extensive application of federal patent

law precedent, the Court nonetheless found that the issues were not substantial and thus remanded the case.  The Court noted:

> As for more novel questions of patent law that may arise for the first time in a state court "case within a case," they will at some point be decided by a federal court in the context of an actual patent case, with review in the Federal Circuit. If the question arises frequently, it will soon be resolved within the federal system, laying to rest any contrary state court precedent; if it does not arise frequently, it is unlikely to implicate substantial federal interests. The present case is "poles apart from *Grable*," in which a state court's resolution of the federal question "would be controlling in numerous other cases."
>
> . . .
>
> There is no doubt that resolution of a patent issue in the context of a state legal malpractice action can be vitally important to the particular parties in that case. But something more, demonstrating that the question is significant to the federal system as a whole, is needed.
>
> *Id.*

As in *Gunn*, any potential application of federal case law in this case will have limited effect on the federal system as a whole.  A state court's consideration of the definitions of "monopoly" or "supra-competitive" in the context of the CLRA or UCL is of little, if any, precedential effect, much less the required substantial effect, with respect to federal antitrust law as a whole.

### 3.  Plaintiff's Claims Are Not Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance

For the same reasons, the fourth *Gunn* factor—whether Plaintiff's claims are "capable of resolution in federal court without disrupting the federal-state balance approved by Congress"—is also not satisfied here.  *Id.* at 1065.  In *Gunn*, the Supreme Court stated:

1   It follows from the foregoing that [the] fourth requirement is also not met.

2   That requirement is concerned with the appropriate "balance of federal and

3   state judicial responsibilities."

4   . . .

5   As we recognized a century ago, "[t]he Federal courts have exclusive

6   jurisdiction of all cases arising under the patent laws, but not of all questions

7   in which a patent may be the subject-matter of the controversy."

8   *Id.* at 1068.

9        Similarly, the Federal courts have exclusive jurisdiction of all cases arising

10   under Section 2 of the Sherman Act, but not of all questions in which monopolistic

11   conduct may be the subject-matter of the controversy.  Defendants have attempted to

12   deprive Plaintiff of his rights as the master of his complaint.  Where the same

13   conduct is prohibited by both federal and state law, Plaintiff has every right to

14   choose to enforce state law claims instead of federal law claims.

15   **CONCLUSION**

16        For the foregoing reasons, Plaintiff requests that this Court remand this action

17   back to the Sonoma Superior Court.

18

19   ZIMMERMAN REED, LLP

20

21   Dated:  January 29, 2016    by:    /s/ Caleb Marker

22   Caleb LH Marker (California Bar No.

23   269721)

     **ZIMMERMAN REED, LLP**

24   2381 Rosecrans Avenue, Suite 328

25   Manhattan Beach, CA 90245

     Telephone:  (877) 500-8780

26   Facsimile:  (888) 490-7750

27   E-mail:  caleb.marker@zimmreed.com

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

1   Brian C. Gudmundson, MN Bar No. 336695
2   Jason R. Lee, MN Bar No. 396847
    **ZIMMERMAN REED, LLP**
3   1100 IDS Center, 80 South 8th Street
    Minneapolis, MN  55402
4   Telephone:  (612) 341-0400
    Facsimile:  (612) 341-0844
5   E-mail:  brian.gudmundson@zimmreed.com
6   E-mail:  jason.lee@zimmreed.com
7
8   *Attorneys for Plaintiff*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND