1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-BRO (JEMx) |
| | ORDER SETTING CASE MANANGEMENT CONFERENCE AND BRIEFING SCHEDULE |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | HEARING DATE:   March 29, 2016<br>TIME:                   9:00 a.m.<br>LOCATION:       Courtroom 14 |

18
19
20
21
22
23
24

        By order of the Judicial Panel on Multidistrict Litigation (the "J.P.M.L."), the actions listed in Exhibit A to this ORDER were transferred to this district and assigned to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 or, if pending within this district, were transferred under this Court's low-number rule.  Certain tag along actions may be transferred to this Court by the J.P.M.L.  Related cases in this district will also be transferred to this Court. This ORDER applies to all such actions.

        Within 10 days after service of this ORDER, any party may object to the application of this ORDER, or any provisions contained herein, by filing an application for relief with the Court.

28

Because these cases merit special attention as complex litigation, the Court ORDERS the following:

**1.    CONSOLIDATION**

In accordance with Rule 42(a) of the Federal Rules of Civil Procedure, any motion for consolidation shall be filed pursuant to the following schedule:

A.    A Motion to Consolidate shall be filed by February 29, 2016 (the parties seeking to consolidate the cases shall file a single Joint Motion);

B.    Any Opposition to a Motion to Consolidate filed by March 7, 2016; and,

C.    Any Reply (a single reply) to the Opposition filed by March 14, 2016.

**2.    MASTER FILE AND MASTER DOCKET**

A.    A Master File is hereby established for the pleadings and papers filed in this action, and for all other cases filed in, transferred to, or removed to this Court.  The Master File shall be denominated, and MDL No. 2668, and provide the individual case number(s) if the document only pertains to certain individual case(s).  An original of the Order shall be filed by the Clerk of Court in the Master File.

B.    Every pleading or paper filed in the Consolidated Actions shall have the following caption:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-BRO (JEMx)<br><br>[*If applicable*: Misc. No.  [Case No(s).]] |
| THIS DOCUMENT RELATES TO: [ALL ACTIONS *or* INDIVIDUAL CASE NAME(S)] | |

The Clerk shall file all such pleadings and papers in the Master File and note such filings on the Master Docket.  No further copies need be filed, or docket entries made, except as set forth below.  All orders, pleadings and papers filed in the Master File shall be deemed filed and entered in each individual action.  In the event of an appeal, the Clerk is directed to provide the Ninth Circuit Court of Appeals with a copy of the Master Docket, as well as the docket for the individual cases in the Consolidated Actions.

      C.    When a paper is intended to apply to one or more, but not all of the actions, this Court's docket number for each such individual action to which the paper is intended to apply and the last name (or business name) of the first named plaintiff therein shall appear immediately below the words "This Document Relates to:" in the caption set forth above. The Clerk shall file all such pleadings and papers in the file pertaining to each such individual action, and shall note such filing on the docket for the individual action.

**3.    ADMISSION OF ATTORNEYS**

All attorneys of record to the parties in the Consolidated Actions are deemed admitted pro hac vice to practice before this Court, and no pro hac vice applications for admission to practice by counsel of record are required.  No counsel of record for any party shall be required to obtain local counsel in the Central District of California.

**4.    ORGANIZATION OF PLAINTIFFS' COUNSEL**

      A.    The Court is considering appointment of a Plaintiffs' Steering Committee ("PSC") to prosecute the pretrial aspects of this litigation jointly on behalf of all plaintiffs under the direction and control of a Plaintiffs' Administrative/Management Committee ("PAC"). The Court would prefer that counsel make arrangements among themselves as to the membership of these committees and will give them a brief period of time to conclude such arrangements.  If the parties cannot reach

agreement, the Court will designate members of the committees following the receipt and consideration of applications submitted by interested counsel.  The Court will discuss this issue with counsel at the Case Management Conference on March 29, 2016.

B.   Any PSC will be vested with the following duties and responsibilities relating to this action with the objective of accomplishing the parties' litigation objectives in the most efficient and expeditious manner through coordination of discovery requests, the presentation of discovery disputes to the assigned Magistrate Judge, and the presentation of law and motion matters to the District Court.  More particularly, any PSC will have the authority:

1.   To advance the common interests of the Plaintiffs in the prosecution of the issues of liability in the actions against Defendants;

2.   To conduct the examination of witnesses in depositions as they deem appropriate, subject to the right of non-PSC members to attend and submit questions to the examining Plaintiff's attorney;

3.   To coordinate and direct the pretrial preparation of this matter and to delegate work responsibilities to selected counsel as may be required;

4.   To avoid conducting duplicative discovery or filing duplicative pleadings; and,

5.   To perform such other functions as may be authorized by further Order of this Court.

C.   Any PAC will have the following duties and responsibilities relating to the prosecution of this action on behalf of the Plaintiffs:

1.   To designate persons to brief and argue motions;

2.      To initiate and coordinate the conducting of written and oral discovery proceedings;

3.      To designate spokespersons at pretrial conferences;

4.      To call meetings of plaintiffs' counsel as they deem necessary and appropriate from time to time;

5.      To provide general coordination of activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel, including non-PSC members as may be required;

6.      To coordinate this matter with any other related litigation not otherwise referred to herein;

7.      To provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis;

8.      To establish and maintain a depository for all documents served upon Plaintiffs' counsel and to make such files available to counsel for all plaintiffs upon request; and,

9.      To bind the PSC and PAC in scheduling depositions, setting agenda and otherwise interacting with defense counsel.

D.      Any PAC should also identify and designate an attorney to serve as "Plaintiffs' Liaison Counsel," who will receive notices on behalf of plaintiffs and be responsible for the preparation and transmittal of copies of such notices as they may receive as Liaison Counsel to each of the attorneys included on the list prepared in accordance with applicable Local Rules.  Plaintiffs' Liaison Counsel shall also have the following duties and responsibilities:

1.      To maintain a current Master Service List of all counsel of record;

2.      To maintain records of receipts and disbursements advanced by members of the PSC and received by the PSC with respect to

expenses incurred in connection with this litigation, and to report in writing to the PSC concerning disbursements and receipts; and,

3.  To notify the PSC and counsel for all defendants of the filing and transfer of any case which relates to any claim or cause of action which is embraced within the scope of the Consolidated Actions.

All parties shall submit to Plaintiffs' Liaison Counsel a list of attorneys for the purpose of preparation, maintenance and distribution of a Master Service List.  The Master Service List, as periodically updated, shall be maintained by the Clerk and Liaison Counsel in the service of any paper or Order.

**5.   CASE MANAGEMENT CONFERENCE**

A.  A Case Management Conference will be held in this case on Tuesday, March 29, 2016, at 9:00 a.m.  In preparation for the conference, counsel are to do the following:

1.  Counsel should be familiar with the Manual for Complex Litigation, Fourth and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

2.  Counsel are required to review the Local Rules for the Central District of California and this Court's Standing Order and to comply with these rules throughout the conduct of this litigation. Counsel shall e-mail any electronic submissions to the Court at bronfl_mdl@cacd.uscourts.gov.

3.  Before the conference, counsel shall confer and seek consensus, to the extent possible with respect to:

   a) compliance with the disclosure requirements of Rule 26(a);

   b) a proposed discovery plan under Rule 26(f);

   c) a suggested schedule under Rule 16(b) for the joinder of additional parties and/or the amendment of pleadings;

d)  the identification of anticipated law and motion issues;

e)  a tentative schedule for the hearing of law and motion matters; and,

f)  the propriety of any PSC and/or PAC, including any membership.

B.   A joint preliminary report is to be submitted to the Court **no later than March 14, 2016**, that should include the following:

1.   A brief narrative statement regarding those facts relating to the cases that are not in dispute.

2.   A brief statement of the factual and legal issues that the parties currently believe are central to a resolution of the case, and those that are potentially dispositive. ***Because these statements will not be binding on any party, will not waive any claims or defenses, and may not be offered into evidence by any party against any other party in later proceedings,*** the Court expects the parties to candidly discuss what they believe to be the most important issues in the case.  The Court prefers a focused discussion that will assist the Court in understanding the important issues to be resolved.

3.   A joint proposed discovery plan, in as much detail as is presently possible.

4.   A suggested schedule for law and motion matters.

5.   A list of all parents, subsidiaries and companies affiliated with the corporate parties and of all counsel associated in the litigation to assist the Court in identifying any problems of recusal or disqualification.

6.   A list of any pending motions.

7.   A list of any outstanding discovery requests.

8.     A list of any related cases pending in state or federal court other than those included in Exhibit A attached hereto.

9.     The status of the parties' discussions regarding the formation of the PSC and PAC.

C.    For present purposes only, the following counsel are directed to arrange for the conferences of counsel and preparation of the joint preliminary report:

    1. Marc M. Seltzer, Esq., Susman Godfrey LLP, Counsel for Plaintiffs

    2. David Martinez, Esq., Robins Kaplan LLP, Counsel for Plaintiffs

    3. Melissa D. Ingalls, Esq., Kirkland and Ellis LLP, Counsel for Defendants

    4. Neema Trivedi Sahni, Esq., Covington and Burling LLP, Counsel for Defendants

The assignment of these counsel to the immediate tasks at hand should *not* be taken as any view of the Court as to who should participate on any PSC or the PAC, or who the Court would appoint to such positions in the event that task falls to the Court. The Court has simply indulged in the expedient task of appointing those who filed requests and who are closest at hand. The parties should come to court prepared to discuss whether they have reached agreement on the creation of any PSC and PAC, and whether the PAC has identified a Plaintiffs' Liaison Counsel to perform the duties described above. In the event that Plaintiffs are unable to reach agreement, the Court will make an independent determination concerning the appointment of counsel.

D.    Purposes and Agenda: The conference will be held for the purposes specified in Rules 16(a), 16(b), 16(c), and 26(f) of the Federal Rules of Civil Procedure. A proposed agenda is attached to this ORDER. Counsel are encouraged to advise the Court and other counsel as soon as possible, but no later than March 14, 2016, of any items that they propose should

be added to the agenda.  Any proposals shall be sent via e-mail to the Court at bronfl_mdl@cacd.uscourts.gov.

6.  **ADDITIONAL INTERIM ORDERS**

    A.   All orders of transferor courts imposing dates for pleading, law and motion practice, and discovery are hereby VACATED.

    B.   Until the parties reach agreement on a plan for preservation of documents, records and physical objects, all parties and their counsel must preserve all evidence that may be relevant to these actions.

    C.   Except for motions for emergency relief, no motion shall be filed (except for the potential Motion to Consolidate described above) until a Scheduling Order has been issued in this case.  To avoid unnecessary law and motion practice, the parties are to be familiar and adhere to Central District Local Rule 7-3 requiring that, before a motion is filed, counsel must ***meaningfully*** meet and confer regarding the issues to be presented in the motion.

    D.   This ORDER shall apply to all related cases later filed in, removed to, or transferred to this Court.

    **IT IS SO ORDERED.**

Dated:  February 1, 2016

    HONORABLE BEVERLY REID O'CONNELL
    UNITED STATES DISTRICT COURT JUDGE

9.

1    **[Proposed] Agenda**

2    *General matters*, including:

3       1.  Overview of the cases: the key factual and legal issues, including any unusual
4          substantive, procedural, or evidentiary issues

5       2.  The appropriate level of consolidation or coordination

6       3.  The parties' proposals for accomplishing the goals described in Rule 16(a) of
7          the Federal Rules of Civil Procedure

8       4.  The parties' positions concerning the applicable topics described in Rule 16(c)

9       5.  Whether amended (including consolidated) pleadings would be appropriate—
10         and appropriate deadlines

11      6.  The Court's requirements and expectations concerning compliance with the
12         Federal Rules, the Local Rules for the Central District, and this Court's orders,
13         rules, and procedures

14      7.  The Court's expectations concerning attorney professionalism, courtesy, and
15         civility

16      8.  A mechanism for regularly apprising the Court of case status, such as periodic
17         status conferences

18      9.  Jurisdictional issues, including whether any actions should be remanded to state
19         court

20      10. Whether a website should be established

21   *Motion Practice*, including:

22      1.  Description and status of any pending motions

23      2.  Description and deadlines for presently anticipated motions

24      3.  Whether separate motion tracks should be established

25      4.  Motion cut-off and briefing schedules

26   *Discovery and Disclosures*, including:

27      1.  Dates and procedures for Rule 26 disclosures

28      2.  Sequencing of discovery

3. Discovery cut-off dates and whether discovery should be conducted in phases

4. Whether separate discovery tracks should be established

5. Existence of trade secrets or other privileged materials and the need for protective orders

6. Need for specific preservation orders

7. Changes in discovery limitations imposed by the Federal Rules

8. Expert discovery

*Settlement*, including:

1. The nature and extent of discovery that must be completed before a meaningful settlement conference may take place

2. Appropriate dispute resolution mechanism, including appointment of settlement judge

*Timetable*, including:

1. Overall timetable for resolving issues within the scope of the MDL

2. Interim benchmarks or targets

*Scheduling*, including:

1. Date for next conference

2. Schedule for periodic status conferences

**EXHIBIT A**

IN RE: NATIONAL FOOTBALL LEAGUE'S

"SUNDAY TICKET" ANTITRUST LITIGATION

Case No. 2:15-ml-02668-BRO (JEMx)

| CASE NO | LOW NUMBER LEAD CASE | FILED |
|---|---|---|
| 15-04606 | Thomas Abrahamian | 6/17/15 |
| | **TRANSFERED MDL CASES** | |
| 15-05261 | Ninth Inning Inc. | 7/13/15 |
| 15-05508 | Mario Aliano (voluntarily dismissed on 9/11/2015) | 7/21/15 |
| 15-05813 | Rookies Sports Cafe, L.L.C.<br>Maple Street Entertainment, L.L.C.<br>Martinis of New Orleans, Inc. | 7/31/15 |
| 15-06145 | 1465 3rd Ave. Rest. Corp. | 8/13/15 |
| 15-06402 | Main Street America Ltd. | 8/21/15 |
| 15-06729 | The Infirmary LLC | 9/1/15 |
| 15-06959 | Jammers, Inc. d/b/a Flight Restaurant/Flights Beer Bar | 9/3/15 |
| 15-07095 | DNW Foods Inc. | 9/9/15 |
| 15-07305 | Pizza Pie and Wing Co. LLC | 9/17/15 |
| 15-07556 | Ambrose BD, LLC<br>Ambrose BD 2, LLC<br>Keystone University Square, LLC | 9/25/15 |
| 15-07665 | Michael Holinko | 9/30/15 |
| 15-08241 | Village Pub, LLC | 10/21/15 |

| 15-08961 | NYN, Inc. | 11/17/15 |
| 15-09175 | P.J. Hafiz Club Management, Inc. | 11/25/15 |
| 15-09180 | Two Pauls, Inc. | 11/25/15 |
| 15-09366 | Duck Duck LLC<br>Dude N Brah INC<br>Longliners Café LLC<br>All in HB LLC<br>First Class Perks LLC<br>Crestview Helen Back LLC<br>Will Call Sports LLC | 12/3/15 |
| 15-09529 | 8812 Tavern Corp. d/b/a Bench Sports Bar<br>Christina Malerba<br>Nicholas Racklin | 12/10/15 |
| 15-09655 | Jon2 LLC<br>Adam Matschullat | 12/15/15 |
| 15-09794 | JS Entertainment, Inc<br>MJ Ventures, Inc<br>Our Ventures Inc<br>SD Billy Frogs, Inc<br>Tripple J Entertainment, Inc | 12/21/15 |
| 15-09996 | Robert Gary Lippincott, Jr. | 12/30/15 |
| 15-09998 | D.J.'s Sports Bar, Inc. | 12/30/15 |
| 15-10000 | Trilogy Holding, LLC<br>New Lounge 4324, LLC<br>Pedal Haus Brewery, LLC<br>Whiskey Rocks Tempe, LLC<br>Jonathan Frantz | 12/30/15 |

| 15-10002 | Steven Dassa | 1/7/16 |
|----------|--------------|--------|
| 16-00029 | T-3 Restaurants, Inc. | 1/4/16 |