Beth A. Wilkinson (admitted *pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Jonathan D. Kelley (admitted *pro hac vice*)
jkelley@wilkinsonwalsh.com
WILKINSON WALSH + ESKOVITZ LLP
1900 M Street NW, Suite 800
Washington, DC 20036
Telephone:  (202) 847-4000
Facsimile:   (202) 847-4005

*Attorneys for NFL Defendants*

Melissa D. Ingalls (Bar No. 174861)
melissa.ingalls@kirkland.com
Robyn E. Bladow (Bar No. 205189)
robyn.bladow@kirkland.com
Tammy A. Tsoumas (Bar No. 250487)
tammy.tsoumas@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone: (213) 680-8400
Facsimile:  (213) 680-8500

*Attorneys for DIRECTV Defendants*

*[additional counsel and parties on signature page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>————————————————<br><br>THIS DOCUMENT RELATES TO:   ALL ACTIONS | CASE NO. 2:15-ml-02668-BRO (JEM)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION TO CONSOLIDATE ACTIONS**<br><br>Hon. Beverly Reid O'Connell<br><br>DATE:        March 29, 2016<br>TIME:        9:00 a.m.<br>LOCATION:  Courtroom 14 |

In accordance with the Court's February 1, 2016 Order (Dkt. No. 27, ¶ 1.B.) (the "CMC Order"), Defendants submit this brief response to Plaintiffs' Joint Motion for Consolidation (Dkt. No. 86).

Defendants agree that consolidation of the cases listed in Exhibit A (Dkt. No. 86-1) is appropriate. Accordingly, Defendants support Plaintiffs' motion for the entry of an order (i) consolidating for pretrial purposes the 26 actions currently pending in this MDL and (ii) consolidating for pretrial purposes all tag-along and related actions.

Defendants maintain, however, that Plaintiffs should file a superseding complaint that consolidates the actions for all purposes. For that reason, Defendants cannot support Plaintiffs' request for an order giving the Plaintiffs' Administrative/ Management Committee ("PAC") unfettered discretion to determine the number and nature of any consolidated amended complaints.[1] Defendants expected that Plaintiffs' motion to consolidate would include some explanation of how Plaintiffs intend to proceed efficiently in this multidistrict litigation on a consolidated basis, including a proposed plan for filing a consolidated complaint that streamlines these actions and eliminates improperly named defendants. Instead, Plaintiffs' motion does little more than the JPML's Transfer Order (JPML Dkt. No. 112) and this Court's CMC Order had already accomplished.

Plaintiffs' motion acknowledges that they have not yet decided who will be included as defendants in a consolidated complaint; how many complaints might be filed; or how the claims, proposed classes, or defendants might differ across multiple complaints. (Dkt. No. 86 at 4 n.4). This is particularly disconcerting to those defendants that have been named in a handful of complaints despite the fact that, as various plaintiffs themselves acknowledge, there is no basis for including those

---

[1] *See* Dkt. No. 85 at 3 (requesting an order "[a]uthorizing the PAC, once appointed, to determine the precise number and structure of the consolidated class actions [sic] complaint or complaints to be filed in this Multidistrict Litigation and determining the form and content of any consolidated complaint or complaints").

defendants in this action at all. *See, e.g.*, JPML Dkt. No. 65 at 2 (Plaintiff Ninth Inning's Response To Plaintiff Trilogy Holding's Support Of Transfer To The Southern District Of New York) (noting that it is unclear "what role the four networks [CBS, Fox, NBC, ESPN] played in the restraint being alleged or how they should be held liable for the damages claimed as a result of DirecTV's exclusive deal with the NFL" and concluding that "inclusion of these networks as defendants in this situation—something no other plaintiff has done—thus smacks of gamesmanship . . . ."); JPML Dkt. No. 62 at 7 n.6 (Plaintiff Trilogy Holding's Response In Support Of Transfer To The Southern District Of New York) (noting that the first-filed *Abrahamian* complaint, which includes DIRECTV Sports Networks as a defendant and contends that regional sports networks are somehow involved in the supposed anticompetitive conduct, includes "clear and significant factual errors" because "there are no 'exclusive territories' or 'regional sports networks' in the NFL").

Defendants should be afforded an opportunity to offer their views as to any proposal regarding consolidated amended complaint(s), and the Court should have an opportunity to provide, if appropriate, direction to Plaintiffs on this question. *See, e.g.*, *In re Korean Air Lines Co.*, 642 F.3d 685, 699 (9th Cir. 2011) ("A transferee court may require parties to file consolidated amended complaints superseding original ones."); *Manual for Complex Litigation (Fourth)*, § 21.25 ("If all the cases are pending in federal court and have been centralized by an MDL proceeding, the transferee court can order consolidated pleadings"). For example, Defendants would oppose any attempt to file multiple complaints purportedly on behalf of coextensive or overlapping classes against different defendants. *See, e.g.*, *In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litig.*, 949 F. Supp. 2d 1358, 1359 (JPML2013) ("the overlapping putative nationwide classes in each action likely will require that a consolidated class action complaint be filed following centralization."); *see also*

*Manual for Complex Litigation (Fourth)*, § 21.25 ("A single pleading, in a single action, can then serve as the vehicle for defining the proposed class and deciding class certification."). Accordingly, Defendants reserve all rights to oppose Plaintiffs' proposal regarding the number and nature of consolidated complaint(s) and request the opportunity to be heard before any such proposal is approved.

Finally, Defendants request that the Court take up Plaintiffs' consolidation motion at the same time that the Court holds the Case Management Conference ("CMC"). While stipulating to continue the CMC in order to permit the attendance of the NFL Defendants' lead counsel—who has a pre-existing trial conflict on March 29, the CMC date originally set by the Court—Plaintiffs nevertheless seek to have their consolidation motion heard on March 29. But Plaintiffs' motion demonstrates their inability to explain what a consolidated amended complaint would look like until after the Court has appointed lead counsel. Bifurcating the consolidation motion from that issue and the other substantive issues scheduled for discussion at the CMC would be neither constructive nor efficient. Of course, the CMC Order provides Plaintiffs with flexibility to organize themselves with respect to lead counsel in advance of the CMC, and Plaintiffs remain free to move for leave to bring a proposed appointment plan to the Court at any time.

1

DATED:  March 7, 2016                    Respectfully submitted,

2

3                                         _s/ Beth A. Wilkinson__
                                          Beth A. Wilkinson (admitted *pro hac vice*)
4                                         Jonathan D. Kelley (admitted *pro hac vice*)
                                          **WILKINSON WALSH + ESKOVITZ**
5                                         **LLP**
6                                         1900 M Street NW, Suite 800
                                          Washington, DC 20036
7                                         Telephone:  (202) 847-4000
                                          Facsimile:   (202) 847-4005
8                                         bwilkinson@wilkinsonwalsh.com
9                                         jkelley@wilkinsonwalsh.com

10

11                                        Neema T. Sahni (Bar No. 274240)
                                          **COVINGTON & BURLING LLP**
12                                        2029 Century Park East, Suite 3100
                                          Los Angeles, CA 90067-3044
13                                        Telephone: (424) 332-4800
14                                        Facsimile: (424) 332-4782
                                          nsahni@cov.com
15

16

17                                        Gregg H. Levy (admitted *pro hac vice*)
                                          Derek Ludwin (admitted *pro hac vice*)
18                                        **COVINGTON & BURLING LLP**
                                          One CityCenter
19                                        850 Tenth Street NW
                                          Washington, DC 20001
20                                        Telephone: (202) 662-6000
21                                        Facsimile: (202) 662-6291
                                          glevy@cov.com
22                                        dludwin@cov.com

23

24                                        *Counsel for NFL Defendants*

25

26

27

28

4

DATED:  March 7, 2016                   Respectfully submitted,


                                         _s/ Robyn E. Bladow_____
                                        Melissa D. Ingalls (Bar No. 174861)
                                        Robyn E. Bladow (Bar No. 205189)
                                        Tammy A. Tsoumas (Bar No. 250487)
                                        **KIRKLAND & ELLIS LLP**
                                        333 South Hope Street
                                        Los Angeles, CA 90071
                                        Telephone: (213) 680-8400
                                        Facsimile: (213) 680-8500
                                        melissa.ingalls@kirkland.com
                                        robyn.bladow@kirkland.com
                                        tammy.tsoumas@kirkland.com


                                        *Counsel for Defendants DIRECTV, LLC,*
                                        *DIRECTV Holdings LLC, DIRECTV Group*
                                        *Holdings LLC, and DIRECTV Sports*
                                        *Networks LLC*

DATED:  March 7, 2016        Respectfully submitted,

                                       *s/ Yehudah L. Buchweitz*

James W. Quinn (admitted *pro hac vice*)
Yehudah L. Buchweitz (admitted *pro hac vice*)
Eric S. Hochstadt (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue, 25th Floor
New York, NY 10153
Telephone: (212)310-8000
Facsimile:  (212)-310-8007
james.quinn@weil.com
yehudah.buchweitz@weil.com
eric.hochstadt@weil.com

*Counsel for Defendant CBS Corporation*

6

1

2

DATED:  March 7, 2016          Respectfully submitted,

3
                                 _s/ Glenn D. Pomerantz_____
4                                Glenn D. Pomerantz (Bar No. 112503)
                                 Steven M. Perry (Bar No. 106154)
5                                **MUNGER TOLLES & OLSON LLP**
                                 355 South Grand Ave., 35th Floor
6                                Los Angeles, CA 90071
                                 Telephone: (213)-683-9132
7                                Facsimile:  (213)-683-5132
                                 Glenn.Pomerantz@mto.com
8                                Steven.Perry@mto.com

9

10                               *Counsel for Defendant ESPN, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

DATED:  March 7, 2016                    Respectfully submitted,

3                                             _s/ John E. Schmidtlein_

4                                             John E. Schmidtlein (Bar No. 163520)
                                              **WILLIAMS & CONNOLLY LLP**

5                                             725 Twelfth Street, N.W.
                                              Washington, DC 20005

6                                             Telephone: (202)-434-5901
                                              Facsimile:  (202)-434-5029

7                                             JSchmidtlein@wc.com

8

9                                             *Counsel for Defendant Fox Broadcasting*
                                              *Company*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  March 7, 2016          Respectfully submitted,

                                 *s/ Daniel G. Swanson*
                               Daniel G. Swanson (Bar No. 116556)
                               Melissa Phan (Bar No. 266880)
                               **GIBSON DUNN & CRUTCHER LLP**
                               333 South Grand Avenue
                               Los Angeles, CA 90071
                               Telephone:  (213) 229-7000
                               Facsimile:  (213) 229-7520
                               dswanson@gibsondunn.com
                               mphan@gibsondunn.com

                               Scott A. Edelman (Bar No. 116927)
                               **GIBSON, DUNN & CRUTCHER LLP**
                               2029 Century Park East
                               Los Angeles, CA 90067
                               Telephone:  (310) 552-8500
                               Facsimile:  (310) 551-8741
                               sedelman@gibsondunn.com

                               *Counsel for Defendant NBCUniversal Media,
                               LLC*