Roman M. Silberfeld, Bar No. 62783
RSilberfeld@RobinsKaplan.com
David Martinez, Bar No. 193183
DMartinez@RobinsKaplan.com
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Fax: (310) 229-5800

*Attorneys for Plaintiff 1465 3rd Ave. Rest. Corp. d/b/a Gael Pub*

Marc M. Seltzer, Bar No. 54534
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

*Attorneys for Plaintiffs 8812 Tavern Corp. d/b/a Bench Sports Bar, Christina Malerba, and Nicholas Racklin*

(Additional Counsel for Plaintiffs Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-BRO (JEMx) **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO CONSOLIDATE ACTIONS** Hon. Beverly Reid O'Connell |
| THIS DOCUMENT RELATES TO ALL ACTIONS | DATE: March 29, 2016 TIME: 9:00 a.m. PLACE: Courtroom 14 |

4188266v1/014918

Pursuant to the Court's Case Management Order (the "Order") (Doc. No. 27), plaintiffs have moved to consolidate the actions included in this MDL proceeding to facilitate the efficient management of this litigation. In their response, the defendants support consolidation, but object to consolidation for pretrial purposes only. Furthermore, the defendants attempt to put the cart before the horse by expecting decisions to be made regarding the content of any consolidated complaint or complaints before the Court appoints counsel to perform the functions specified in the Order. Because the underlying cases involve common questions of law and fact, the Court should consolidate the cases for pretrial purposes and permit the plaintiffs' leadership to determine the form and content of any consolidated complaint or complaints.

## I. The Parties Agree that Consolidation is Warranted

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions when the actions present common questions of law and fact. The parties do not dispute that the 26 actions listed in Exhibit A to the motion for consolidation (Doc. No. 86-1) involve such common questions. Thus, the Court should grant the motion to consolidate the actions listed in Exhibit A, as well as any future tag-along or related actions.

## II. Determining the Scope of any Consolidated Complaint is Unnecessary at this Stage of the Litigation

Defendants argue that the Court should require consolidation for all purposes, but also seek to hinder the plaintiffs' discretion to determine the form of any consolidated pleadings. The Court should reject both arguments. The Court's authority to consolidate these cases under 28 U.S.C. § 1407 is limited to consolidation for pretrial purposes and the plaintiffs are entitled to exercise their discretion in deciding the claims they wish to assert and against whom those claims are to be asserted in any consolidated complaint or complaints.

1

4188266v1/014918

### A. Because These Cases Were Transferred to this Court Pursuant to 28 U.S.C. § 1407, Consolidation Can Only be for Pretrial Purposes at this Time

The defendants state that the plaintiffs should file a superseding complaint that consolidates the actions for all purposes. (Doc. No. 95 at 1). The Court's authority to consolidate these actions, however, is limited. These cases were transferred to this Court pursuant to 28 U.S.C. § 1407, which requires all of the actions to be remanded to their original forum at the conclusion of pretrial proceedings. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40-41 (1998); *In re Korean Air Lines Co.*, 642 F.3d 685, 698-700 (9th Cir. 2011) ("Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over."); *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, No. 05-MD-1721-KHV, 2009 WL 424744, at *1 (D. Kan. Feb. 19, 2009) (holding that Rule 42 cannot be used to expand the limited authority of an MDL transferee court beyond pre-trial proceedings); *In re: LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), Doc. No. 15, slip op. at 1-2 (S.D.N.Y. July 18, 2012) (*sua sponte* reversing previous order that consolidated class cases for all purposes because MDL consolidation could only be for pretrial purposes)[1]; *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 930 (C.D. Cal. 2011) ("Neither should an MDL be managed in a manner that fails to take into account that the cases are destined to be returned to their transferee jurisdictions."). Therefore, any consolidation order cannot be for all purposes—it must be limited to pretrial proceedings.[2]

---

[1] A copy of this slip opinion is attached hereto as Exhibit A.
[2] At a subsequent stage of the proceedings, depending upon the identity of the constituent actions that remain pending or the agreement of the parties, consolidation for all purposes may be possible.

2

4188266v1/014918

## B. The Plaintiffs' Leadership Should Have Discretion in Determining the Scope of Any Consolidated Pleading(s)

In the absence of an appointment by the Court of counsel to perform the functions specified in the Order, plaintiffs cannot be expected to make final decisions regarding the nature and scope of any consolidated complaint or complaints. The limited mandate provided to the interim counsel appointed by the Court does not permit them to make binding decisions regarding the claims to be asserted or parties to be named in a consolidated complaint. *See* Doc. No. 27 at 8 (limiting interim counsel to the "immediate tasks" of "arrang[ing] for the conferences of counsel" and "preparation of the joint preliminary report"). As a result, any leadership appointed by the Court must retain the discretion to determine the scope of any consolidated pleading. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, Case No. 14-MD-2543, 2015 WL 3619584 (S.D.N.Y. June 10, 2015) (stating that lead counsel should have discretion in determining the scope of consolidated complaints). Therefore, the Court should reject the defendants' argument that the leadership to be appointed by the Court should not be entitled to exercise its discretion in making these decisions.

The plaintiffs' motion to consolidate does exactly what was contemplated by the Court in its Order—seek consolidation to facilitate the management of this proceeding. With regard to a plan for filing a consolidated complaint, the Order also required a joint preliminary report to address, among other things, a discovery plan and proposed schedule. Thus, plaintiffs anticipate a deadline for the filing of any consolidated complaint or complaints will be addressed in that plan and not in the instant motion to consolidate. Furthermore, the Order did not require the plaintiffs to finalize any decisions regarding the scope of any consolidated complaint or complaints in the motion to consolidate. Instead, the Court squarely addressed this issue in its proposed agenda for the Case Management Conference. *See* Doc. No. 27 at 10 (stating "[w]hether amended (including consolidated) pleadings would be

3

4188266v1/014918

appropriate—and appropriate deadlines" will be an agenda item). The Order makes clear that while the parties should be prepared to discuss the potential contours of any consolidated pleadings at the Case Management Conference, making a final determination on their scope beforehand was not contemplated.

### C. The Defendants' Stated Concern Regarding the Need for Guidance from the Court is Unwarranted

Defendants also express concern that the relief sought by the plaintiffs may deprive the Court of an opportunity to provide direction regarding the scope of any consolidated pleading. That concern is unwarranted. The Court is always open to provide—and the plaintiffs welcome—its guidance in managing these proceedings. Furthermore, any consolidated pleading or pleadings will likely be filed *after* the Case Management Conference in accordance with a scheduling order to be issued by the Court. The Case Management Conference will afford an opportunity for the parties to engage the Court and receive its guidance on a variety of issues affecting the scope and management of this litigation moving forward. Therefore, the defendants' concern is unwarranted.

Defendants also express concern about their own opportunity to offer views on any consolidated complaint. Yet nowhere does their response provide support for the notion that their views must be taken into account by plaintiffs in drafting a consolidated complaint; such a notion contradicts the well-established principle that a plaintiff is "the master of the complaint." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Defendants will have a chance to state their views regarding the sufficiency of the consolidated complaint, but that opportunity will arise when they answer or otherwise respond to the complaint.

### III. Plaintiffs Defer to the Court in Determining When the Motion to Consolidate Should be Heard

Defendants have now urged the Court to continue the hearing on the motion to consolidate the actions to the date set for the case management conference.

4

4188266v1/014918

Plaintiffs do not oppose continuing the hearing date on the motion to consolidate, but are prepared to go forward on the originally noticed date.

**IV. Conclusion**

All of the parties, with the limited exception of the *Lippincott* plaintiffs, support consolidating all of these actions. Because the cases were transferred pursuant to 28 U.S.C. § 1407, consolidation can only be for pretrial purposes at this time. Thus, the Court should grant the motion to consolidate and permit the plaintiffs' leadership, when appointed by the Court, to determine the content of any consolidated complaint or complaints.

Respectfully submitted,

Dated: March 14, 2016

*/s/ David Martinez*
David Martinez, Bar No. 193183
Roman M. Silberfeld, Bar No. 62783
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Fax: (310) 229-5800
RSilberfeld@RobinsKaplan.com
DMartinez@RobinsKaplan.com

Hollis Salzman
Kellie Lerner
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Fax: (212) 980-7499
HSalzman@RobinsKaplan.com
KLerner@RobinsKaplan.com
*Counsel for Plaintiff 1465 3rd Ave. Rest. Corp. d/b/a Gael Pub*

*/s/Marc M. Seltzer*
Marc M. Seltzer, Bar No. 54534
SUSMAN GODFREY L.L.P.

5

4188266v1/014918

1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

William C. Carmody
Arun Subramanian
Seth D. Ard
Ian M. Gore
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
sard@susmangodfrey.com
igore@susmangodfrey.com
*Counsel for Plaintiffs 8812 Tavern Corp., d/b/a Bench Sports Bar, Christina Malerba, and Nicholas Racklin*

# Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This Document Relates to:

Exchange-Based Plaintiff Action
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/12

**MEMORANDUM AND ORDER**

11 MD 2262 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In our Memorandum and Order of November 29, 2011, we granted counsel's request to consolidate the class action complaints then-pending before the Court pursuant to Federal Rule of Civil Procedure 42(a). (Docket No. 66 at 10.) In the course of our research, we have realized that the consolidation pursuant to Rule 42(a) was in error given that our authority over actions transferred from districts outside of the Southern District of New York extends only to pretrial matters, while Rule 42 effectuates consolidation for all purposes (including trial). See 17 Moore's Federal Practice § 112.07[b] (3d ed. 2012) (citing Shulman v. Goldman, Sachs & Co. (In re Penn Cent. Commercial Paper Litig.), 62 F.R.D. 341, 344 (S.D.N.Y. 1974), aff'd 515 F.2d 505 (2d Cir. 1975)).

This error does not affect the class structure and motion schedule that has been put into place, as such measures fall

1

within the Court's authority to coordinate and consolidate pretrial proceedings pursuant to 28 U.S.C. § 1407. See In re Packaged Ice Litig., No. 08 Md. 1952 (E.D. Mich.) (similarly appointing interim class counsel for distinct classes of plaintiffs, directing the filing of amended complaints for each class, and ruling on dispositive motions as to each class); In re Rail Freight Fuel Surcharge Antitrust Litig., No. 07 Md. 1869 (D.D.C.) (same).

Accordingly, we reverse our previous consolidation order pursuant to Rule 42(a) and instead consolidate the class action complaints pending in the MDL for pretrial purposes only.

**SO ORDERED.**

Dated: New York, New York
July 18, 2012

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

2