UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx)<br>CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER DENYING PLAINTIFF LIPPINCOTT'S MOTION TO REMAND [24]

### I.   INTRODUCTION

Pending before the Court is Plaintiff Robert Gary Lippincott, Jr.'s Motion to Remand. (Dkt. No. 24.) After consideration of the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. As discussed further below, because the Court finds that Plaintiff's artfully pleaded Complaint necessarily states a substantial federal question under the Sherman Act, the Court **DENIES** Plaintiff's Motion to Remand.

### II.   FACTUAL & PROCEDURAL BACKGROUND

On October 6, 2015, Plaintiff Robert Gary Lippincott, Jr. ("Plaintiff") filed a Class Action Complaint in the Superior Court of the State of California, County of Sonoma. (*See Robert Gary Lippincott, Jr. v. DIRECTV, Inc. et al.*, No. 2:15-cv-09996 (hereinafter, "*Lippincott*"), Dkt. No. 1-1 (hereinafter, "Compl.").) Plaintiff's Complaint alleges that Defendants DirecTV, Inc.[1] and DirecTV Holdings LLC (collectively, "DirecTV" or

---

[1] According to Defendants, DirecTV, Inc. "no longer exists," as it "merged into DIRECTV, LLC, with DIRECTV, LLC as the surviving entity." (*Lippincott*, Dkt. No. 1 at 2 n.1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx)<br>CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

"Defendants") engaged and continue to engage in conduct that violates: (1) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770; (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and, (3) quasi-contract/unjust enrichment common law. (Compl. ¶¶ 51–79.)

According to Plaintiff, Defendants' "NFL Sunday Ticket product is [an] exclusive product that allows viewers to watch Sunday afternoon NFL out-of-market live game video telecasts—telecasts of games played on Sundays and not within the subscriber's home television market." (Compl. ¶ 4.) Plaintiff alleges that DirecTV is "the exclusive marketer of out of market Sunday afternoon NFL games," and claims that "DirecTV's monopoly over the broadcast of out of market Sunday afternoon NFL games allows [Defendants] to charge consumers unreasonably high, supra-competitive prices for its NFL Sunday Ticket programming within" California. (Compl. ¶¶ 5, 7.) Plaintiff's CLRA and UCL claims are based on Plaintiff's allegations that Defendants' contracts with Plaintiff and other similarly-situated California consumers contain unfair and unconscionable price provisions. (Compl. ¶ 14.)

Defendants removed Plaintiff's case to the Northern District of California on November 6, 2015, claiming that federal question jurisdiction exists over this case because "Plaintiff's claims are based on alleged 'monopolistic' conduct by DIRECTV, are necessarily federal in character, and Plaintiff's right to relief depends on the resolution of substantial, disputed questions of federal antitrust law." (*Lippincott*, Dkt. No. 1 at 3.) That same day, Defendants filed a Notice of Related Action with the Judicial Panel on Multidistrict Litigation ("JPML"), providing the JPML with information regarding Plaintiff's case. (*In re Nat'l Football League's "Sunday Ticket" Antitrust Litig.*, MDL No. 2668 (hereinafter "JPML MDL"), Dkt. No. 66.)[2] Plaintiff filed his initial motion to remand in the Northern District of California on November 13, 2015.

---

[2] On August 27, 2015, Movant Ninth Inning Inc. dba The Mucky Duck requested that the JPML centralize related actions alleging violations concerning the exclusive distribution of the NFL's Sunday Ticket product, "as well as any tag-along actions or other cases such as may be subsequently filed asserting related or similar claims." (JPML MDL, Dkt. No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) <br> CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION <br> THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

On December 14, 2015, before the district court in the Northern District of California had ruled on Plaintiff's then-pending motion to remand, the JPML issued a Conditional Transfer Order transferring Plaintiff's Complaint to this Court. (JPML MDL, Dkt. No. 114.) Plaintiff did not oppose the JPML's Conditional Transfer Order, (*see id.* at 1 (providing that any party may file "a notice of opposition" to the Conditional Transfer Order within seven days)), and the JPML finalized the Transfer Order on December 22, 2015. (JPML MDL, Dkt. No. 117.)

Plaintiff filed the instant Motion to Remand with this Court on January 29, 2016. (*In re Nat'l Football Leagues Sunday Ticket Antitrust Litigation*, No. 2:15-ml-02668-BRO-JEM (hereinafter, "MDL"), Dkt. No. 24; *see* MDL, Dkt. No. 25 (hereinafter, "Mot.").) This Court's Order Setting Case Management Conference and Briefing Schedule terminated Plaintiff's Motion to Remand, (MDL, Dkt. Nos. 27, 28), however, the Court subsequently reinstated Plaintiff's Motion and set a briefing schedule, (MDL, Dkt. No. 96). According to that schedule, Defendants timely opposed Plaintiff's Motion to Remand on March 15, 2016, (MDL, Dkt. No. 107 (hereinafter, "Opp'n")), and Plaintiff timely replied on March 22, 2016, (MDL, Dkt. No. 113 (hereinafter, "Reply")).

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13, 27 (1983).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.*

## IV. DISCUSSION

Plaintiff claims "there is no basis for federal subject matter-jurisdiction" because Plaintiff's Complaint alleges "exclusively California state law causes of action against Defendants." (Mot. at 1–2.) Defendants argue, on the other hand, that "[t]he artful pleading doctrine . . . forecloses Plaintiff's attempt to avoid federal jurisdiction" where Plaintiff's Complaint "raises substantial, disputed federal questions that can only be resolved with reference to the federal Sherman Act." (Opp'n at 1.)

As discussed above, whether removal jurisdiction exists must be determined by reference to a plaintiff's "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where a plaintiff can bring claims under both federal and state law, the plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). Plaintiff's Complaint in this case explicitly references only state causes of action under California's CLRA, UCL, and common law. (Compl. ¶¶ 51–79.)

An exception to the well pleaded complaint rule exists, however. *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 950 (C.D. Cal. 2014). Under the "artful pleading" doctrine, a court may recharacterize a plaintiff's claims as federal if the plaintiff has attempted to defeat removal by omitting to plead necessary federal questions. *Franchise Tax*, 463 U.S. at 22; *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) (concluding that the district court properly found that respondents "had attempted to avoid removal jurisdiction by 'artful[ly]' casting their 'essentially federal law claims' as state-law claims"); *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (describing the artful pleading doctrine as a "corollary" to the well-pleaded complaint rule that "allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) <br> CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION <br> THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

recharacterizing a plaintiff's state-law claim as a federal claim"); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212–13 (9th Cir. 1998) ("The rule that state law claims cannot be alchemized into federal causes of action by incidental reference . . . has no application when relief is particularly predicated on a subject matter committed exclusively to federal jurisdiction."); *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998) (explaining that "the artful pleading doctrine creates an exception to [the] general rule" that "district courts have federal-question jurisdiction only if a federal question appears on the *face* of a plaintiff's complaint")*, amended sub nom. Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt*, 340 F.3d at 1040 (quoting *Merrell Dow*, 478 U.S. at 808). "Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).

The Supreme Court clarified the standard for finding "substantial federal question" jurisdiction in *Gunn v. Minton*, which is required for this Court to possess subject matter jurisdiction over this case:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, . . . jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

*Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

### A.  Plaintiff's Complaint Necessarily Raises a Federal Issue

As an initial matter, Plaintiff argues that his claims make no reference to federal statutes. (Mot. at 8.) But under the artful pleading doctrine described above, the Court is not limited to Plaintiff's characterization of his claims as state causes of action. "In addition to examining the literal language selected by the plaintiff, the district court must analyze whether federal jurisdiction would exist under a properly pleaded complaint." *Sparta*, 159 F.3d at 1212 (citing *Easton*, 114 F.3d at 982). The Ninth Circuit has explained that a "plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *Id.* (citing *Easton*, 114 F.3d at 982; *Rains*, 80 F.3d at 344). Thus, if the Court concludes that Plaintiff "has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Plaintiff also maintains that "[o]n its face, Plaintiff's complaint does not state a claim that 'arises under' federal law" because "[t]he factual allegations of the complaint are narrowly tailored to support Plaintiff's primary theory of liability—unconscionability of the consumer contracts under California state law." (Mot. at 2.) Plaintiff explains that his "intent in using . . . descriptive words [that Plaintiff admits are sometimes associated with federal antitrust claims] was not to assert federal claims, but rather to establish the procedural and substantive elements of unconscionability under California law." (Mot. at 8.) "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346.

Plaintiff states that "[a]ll three of Plaintiff's claims are premised on an unconscionability theory." (Reply at 4; *see* Mot. at 2–3.) In order to establish the procedural and substantive elements for Plaintiff's underlying unconscionability theory,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) <br> CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION <br> THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

Plaintiff alleges that "Defendants abused their monopoly position, leaving Plaintiff . . . with no available market alternatives," (Compl. ¶ 55), and that Defendants "maliciously and oppressively abuse[d] that position by imposing unreasonably high prices," (Compl. ¶ 58). Plaintiff also asserts that "[t]he price charged by DirecTV for its NFL Sunday Ticket service is disproportionately and unreasonably high . . . compared to the prices a competitive market would produce," (Compl. ¶ 59), and that Defendants "extract[ed] monopoly profits by charging . . . supra-competitive prices," (Compl. ¶ 60). Plaintiff argues that the substantive element for unconscionability is satisfied by Plaintiff's allegation that Defendants' unequal bargaining position causes consumers to pay unfair and unreasonable prices. (Reply at 4.) "[A] contractual term is substantively suspect," however, if the term "reallocates the risks of the bargain in an objectively unreasonable or unexpected manner." *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 23 (Cal. Ct. App. 1989).

If the Court were to disregard the allegations regarding Defendants' alleged "monopoly position" and "supra-competitive prices," no alternative and independent unconscionability theory would remain. Plaintiff's allegations would amount to the conclusion that Defendants' contracts contained "unconscionable provisions—the price of DirecTV's NFL Sunday Ticket service." (Compl. ¶ 54.) Pleading unconscionability requires something more than merely alleging that the price of a product was unfairly high. *See Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1046–47 (N.D. Cal. 2010) (finding that plaintiffs did not plead sufficient facts to support a claim for unconscionability in violation of the CLRA because plaintiffs "simply state[d] that the imposition of the fee was unconscionable, without explaining how it 'shocked the conscience' or was 'harsh or oppressive'" and that "[t]he 'shock the conscience' standard is a high one"); *Perdue v. Crocker Nat'l Bank*, 38 Cal.3d 913, 926 (Cal. 1985) (en banc) (explaining that "[a]llegations that the price exceeds cost or fair value, standing alone, do not state a cause of action," but require "further allegations and proof setting forth the circumstances of the transaction"). As such, without Plaintiff's allegations regarding Defendants' allegedly monopolistic conduct, all three of Plaintiff's claims—each based on Plaintiff's unconscionability theory—would fail as a matter of law. Although Plaintiff argues that Defendants' alleged CLRA violation "can succeed on a theory of

| Case No. | ML 15-02668-BRO (JEMx) CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

unconscionability as alleged in the complaint," (Mot. at 9), the Court does not find Plaintiff's unconscionability theory adequately provides for an independent state law theory for Plaintiff's CLRA claim.

Rather, Defendants' monopolistic conduct, as alleged by Plaintiff in his Complaint, is only actionable under Section 2 of the Sherman Act, particularly where "[n]o California statute deals expressly with monopolization." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986) (explaining that California's Cartwright Act, Cal. Bus. & Prof. Code § 16720, "does not address *unilateral* conduct"), *modified on denial of reh'g,* 810 F.2d 1517 (9th Cir. 1987); *see also Flagship Theatres of Palm Desert, LLC v. Century Theatres, Inc.*, 198 Cal. App. 4th 1366, 1386 (Cal. Ct. App. 2011) ("[T]he Cartwright Act contains no provision parallel to the Sherman Act's prohibition against monopolization (15 U.S.C. § 2), and the Cartwright Act applies only to a 'combination' involving 'two or more persons' (§ 16720), not to *unilateral* conduct."). Moreover, it is clear that "[t]he federal courts have exclusive jurisdiction over federal antitrust claims." *Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d 813, 821 (9th Cir. 1982); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379–380 (1985) (citing *Gen. Inv. Co. v. Lake Shore & Mich. S. Ry. Co.*, 260 U.S. 261, 286–88 (1922)).

Although federal jurisdiction over the entire case is proper even when only one asserted state law claim turns on a substantial federal question, the Court also finds that Plaintiff's UCL and common law claims necessarily raise federal issues. *See Cty. of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1025 (N.D. Cal. 2005) ("If only one of several state claims satisfies the requirements for removal on federal-question grounds, then any other purely state claims in the same complaint may also be determined by the federal court under its supplemental jurisdiction.").

Plaintiff similarly argues that his UCL claim "can succeed on a theory that Defendants' conduct and pricing was unfair, even if not rising to the level of being unlawful, or alternatively, on a theory that Defendants' conduct was unlawful for violating the CLRA." (Mot. at 9.) As discussed above, however, Plaintiff's CLRA claim would fail as a matter of law if the Court disregarded Plaintiff's allegations regarding Defendants' monopolistic conduct. Although the Court agrees that "a violation of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) <br> CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION <br> THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

unfair prong of the UCL does *not* necessarily require establishing a violation of the Sherman Act," *PeopleBrowsr, Inc. v. Twitter, Inc.*, No. C–12–6120 EMC, 2013 WL 843032, at *4 (N.D. Cal. Mar. 6, 2013), Plaintiff's UCL cause of action relies on Defendants' alleged "abuse of its monopoly position" and charging "supra-competitive prices," (Compl. ¶¶ 67, 68). Unlike in *PeopleBrowsr*, Plaintiff's Complaint does not allege conduct that "'significantly threatens or harms competition,' *regardless of* whether it represents an actual or incipient violation of an antitrust law." *PeopleBrowsr*, 2013 WL 843032, at *4 (quoting *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (Cal. 1999)) (emphasis added). Instead, Plaintiff's claim depends on Defendants' actual or incipient violation of a federal antitrust law; Plaintiff's unconscionability theory is not "independent" of a federal antitrust theory. *See Rains*, 80 F.3d at 346.

Finally, Plaintiff contends that his quasi-contract and unjust enrichment cause of action "can succeed on a theory that Plaintiff's contract with Defendants is void as an illegal contract based on the CLRA and UCL violations and that Defendants have been unjustly enriched, a purely state law issue." (Mot. at 9.) For the same reasons that Plaintiff's CLRA and UCL claims fail to state an alternative and independent state law theory, Plaintiff's quasi-contract and unjust enrichment cause of action does not establish an independent state law claim.

For Plaintiff to prevail on his unconscionability theory that underlies his CLRA, UCL, and quasi-contract/unjust enrichment claims, Plaintiff must show that Defendants obtained a monopoly, and that Defendants charged supra-competitive prices. In fact, Plaintiff's class action allegations explicitly indicate that a "common legal and factual question[]" as to all class members is "[w]hether Defendants have obtained a monopoly with respect to Sunday afternoon out-of-market NFL game video presentations." (Compl. ¶ 47(a).) "That will necessarily require application of [federal antitrust] law to the facts of [Plaintiff's] case." *See Gunn*, 133 S. Ct. at 1065. A federal issue—namely, a federal antitrust issue under Section 2 of the Sherman Act—is necessarily raised in Plaintiff's artfully pleaded Complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

### B. Defendants Dispute the Federal Antitrust Issue Raised by Plaintiff's Complaint

Defendants "vigorously den[y] all of the allegations in Plaintiff's Complaint," which include Plaintiff's assertions regarding Defendants' monopoly power and supra-competitive prices—allegations relevant to the federal antitrust issue. (Opp'n at 19.) Plaintiff's papers do not reference whether the federal antitrust issue is disputed in this case. (*See generally* Mot.; *see* Reply at 10; *see also* Opp'n at 19 ("[T]his factor is easily satisfied, and Plaintiff has not argued otherwise.").) Plaintiff alleges that DirecTV is a monopoly, that it abuses its monopoly position to charge supra-competitive prices and extract monopoly profits, (Compl. ¶¶ 35, 36); Defendants deny these assertions, (Opp'n at 19). This case thus involves a "dispute or controversy respecting the . . . effect of [federal] law." *Grable*, 545 U.S. at 313. The Court accordingly finds that the federal antitrust issue is "actually disputed" here. *See Gunn*, 133 S. Ct. at 1065–66.

### C. The Federal Antitrust Issue is Substantial

The Supreme Court has explained that the third *Gunn* factor, the substantiality requirement, "looks . . . to the importance of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066; *see also id.* at 1068 (explaining that "something more [than the vital importance of the resolution of a federal issue to the particular parties in the case], demonstrating that the question is significant to the federal system as a whole, is needed"). Plaintiff states, in conclusory fashion, that "any potential application of federal case law in this case will have limited effect on the federal system as a whole" because a "state court's consideration of the definitions of 'monopoly' or 'supra-competitive' in the context of the CLRA or UCL [has] little, if any, precedential effect." (Mot. at 11.)

As discussed above, Plaintiff's claims necessarily arise under the Sherman Act. The Supreme Court has expressly highlighted that "[t]he federal interest embodied in the Sherman Act is well-recognized and substantial." *Miller v. Hedlund*, 813 F.2d 1344, 1352 (9th Cir. 1986); *see Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 111 (1980) ("The federal interest in enforcing the national policy in favor of competition is both familiar and substantial. . . . We must acknowledge the importance

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **ML 15-02668-BRO (JEMx)** **CV 15-09996-BRO (JEMx)** | Date | March 28, 2016 |
|---|---|---|---|
| Title | **IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION** **THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL** | | |

of the [Sherman] Act's procompetition policy."). The Ninth Circuit has also acknowledged the "federal interest in promoting competition under the Sherman Act." *Costco Wholesale Corp. v. Maleng*, 522 F.3d 874, 903 (9th Cir. 2008).

In *Grable*, the Supreme Court explained that removal is permitted in substantial federal question cases because such cases "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." 545 U.S. at 312. Similarly, here, the JPML found that "centralization [of the various related cases concerning DirecTV's Sunday Ticket product] will . . . promote the just and efficient conduct of this litigation" and will "prevent inconsistent pretrial rulings." (JPML MDL, Dkt. No. 112 at 1–2.) Based on the express guidance of the Supreme Court and the Ninth Circuit, as well as the MDL context in which this case arises, the Court finds that the federal antitrust issue raised in Plaintiff's Complaint is substantial because of its importance to the federal system as a whole.

> **D. The Federal Antitrust Issue is Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance Approved by Congress**

The artful pleading doctrine is invoked "only in exceptional circumstances" because the doctrine "raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th Cir. 1984). Plaintiff acknowledges that "the Federal courts have exclusive jurisdiction of all cases arising under Section 2 of the Sherman Act," but claims that because federal courts do not have jurisdiction over "all questions in which monopolistic conduct may be the subject-matter of the controversy," the fourth *Gunn* factor is not met. The Court agrees that federal courts do not have jurisdiction over all cases alleging any type of monopolistic conduct. But, as discussed above, Plaintiff's Complaint artfully pleaded conduct that is exclusively within the jurisdiction of the federal court, namely under Section 2 of the Sherman Act. Plaintiff otherwise makes the same inapposite arguments discussed and dismissed by this Court above. (*See* Mot. at 12 ("Defendants have attempted to deprive Plaintiff of his rights as the master of his complaint. Where the same conduct is prohibited by both federal and state law, Plaintiff has every right to choose to enforce state law claims instead of federal law claims.").) The Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx)<br>CV 15-09996-BRO (JEMx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ROBERT GARY LIPPINCOTT, JR. V. DIRECTV, INC. ET AL | | |

the federal antitrust issue is capable of resolution by this Court without the risk of disrupting the federal-state balance.

Because the Court finds that Defendants have satisfied all four *Gunn* factors, the Court concludes that it may exert federal subject matter jurisdiction over Plaintiff's artfully pleaded Complaint.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. The Court hereby **VACATES** the hearing scheduled for March 29, 2016.

**IT IS SO ORDERED.**

: 

Initials of Preparer          rf

r