1  Roman M. Silberfeld, Bar No. 62783
   RSilberfeld@RobinsKaplan.com
2  David Martinez, Bar No. 193183
   DMartinez@RobinsKaplan.com
3  ROBINS KAPLAN LLP
   2049 Century Park East, Suite 3400
4  Los Angeles, CA 90067
   Telephone: (310) 552-0130
5  Fax: (310) 229-5800

6  *Attorneys for Plaintiff 1465 3rd Ave. Rest. Corp.*
   *d/b/a Gael Pub*
7
   Scott Martin (*pro hac vice*)
8  SMartin@Hausfeld.com
   HAUSFELD LLP
9  Broad Financial Center
   33 Whitehall Street, 14th Floor
10 New York, NY  10004
   Telephone: (646) 357-1195
11 Fax: (212) 202-4322

12 *Attorneys for Plaintiff Ninth Inning, Inc.*
   *d/b/a The Mucky Duck*
13

14 (Additional Counsel for Plaintiffs Listed on
   Signature Page)
15
                    **UNITED STATES DISTRICT COURT**
16
                    **CENTRAL DISTRICT OF CALIFORNIA**
17

18

19                                          | Case No. 2:15-ml-02668-BRO (JEMx)

20 IN RE: NATIONAL FOOTBALL                 | **JOINT APPLICATION OF**
   LEAGUE "SUNDAY TICKET"                    | **HAUSFELD LLP AND ROBINS**
21 ANTITRUST LITIGATION                      | **KAPLAN LLP TO BE APPOINTED**
                                             | **CO-LEAD COUNSEL FOR**
22                                           | **COMMERCIAL ESTABLISHMENT**
                                             | **PLAINTIFFS**
23
   THIS DOCUMENT RELATES TO                  | Hon. Beverly Reid O'Connell
24 ALL ACTIONS
                                             | DATE: May 18, 2016
25                                           | TIME:  1:30 p.m.
                                             | LOCATION: Courtroom 14
26

27

28

                                    i

On behalf of Hausfeld LLP ("Hausfeld") and Robins Kaplan LLP ("Robins"), we respectfully submit this application to be appointed Co-Lead Counsel[1] for the commercial establishment Plaintiffs in the above-referenced litigation.[2]

### 1. Commercial Plaintiffs Should Be Separately Represented

Despite lengthy efforts, there has been no agreement on a leadership structure with certain counsel who seek to represent a single class comprised of *both* commercial establishment and residential consumer Plaintiffs (a "unitary class"). For the reasons summarized below, the commercial and residential Plaintiffs merit separate, not unitary, representation (with appropriate coordination between the groups), as recognized by the 30 law firms identified in Appendix A hereto, representing 30 Plaintiffs in 19 of the 20 other actions brought by commercial establishments, who support this leadership application.[3]

The NFL "Sunday Ticket" package is marketed to two distinct channels of users. Residential purchasers of the product are end-use consumers seeking the ability to view otherwise unavailable out-of-market NFL games in their own homes (for example, San Diego Chargers' fans living in Florida). Commercial establishments, by contrast, purchase to attract paying customers who desire to watch one or more of these out-of-market games. Pricing of the Sunday Ticket product also is markedly different in these two channels: charges to commercial establishments can be at least ten times (if not much more) greater than those to

---

[1] We apply alternatively as members of a Plaintiffs' Administrative/Management Committee, if preferred by the Court.

[2] As a reflection of their confidence in Hausfeld's and Robins' ability to allocate work inclusively, thoughtfully, and without duplication, the majority of law firms support this structure without the need for a separate Plaintiffs' Steering Committee ("PSC"). However, counsel would be prepared to submit a proposal regarding a PSC at the Court's direction.

[3] This request is also supported by 5 law firms representing residential consumer Plaintiffs in 3 actions, who are filing separate leadership papers for that class. In total, Plaintiffs in 22 of 26 cases support the Hausfeld/Robins application.

1

residential customers, depending on factors such as the "estimated viewing occupancy" ("EVO") of the commercial establishment (inapplicable to residential customers).  Indeed, commercial establishments are *not permitted* to buy and exploit a residential Sunday Ticket package for commercial purposes.

These distinctions have fundamental implications for analyzing whether the conduct alleged constitutes an unreasonable restraint of trade (as well as potentially different relief and other issues).  If not found to be *per se* unlawful, Defendants' conduct must be assessed under the Rule of Reason in the antitrust market or submarket relevant to that Plaintiff – whether residential or commercial.  For a commercial establishment, this is a *commercial* market, as recognized even by a unitary-class Plaintiff: "[t]he relevant product market is the market for live distribution of NFL games through the Sunday Ticket service to commercial subscribers" and "Defendants direct advertising and marketing dollars towards this market and to commercial subscribers, specifically."[4]

**2.  The Firms Have Demonstrated Cooperative Leadership in this Matter**

Following the initial filings in this litigation,[5] Hausfeld and Robins coordinated directly with defense counsel and with other Plaintiffs' counsel on the terms for extensions of time for responsive pleadings, as well as the submission of monthly status reports to the Court.  The two firms also collaborated with various counsel on Plaintiffs' presentation to the Judicial Panel on Multidistrict Litigation to argue for centralization in this Court.[6]  Robins was then appointed to arrange for coordination among counsel and to prepare a joint preliminary report.  In this role,

---

[4] *8812 Tavern Corp. d/b/a Bench Sports Bar, et al. v. National Football League, Inc., et al.*, Complaint ¶¶ 101 (Sherman Act § 1) &106 (Sherman Act § 2).

[5] Hausfeld and Robins filed, respectively, the first and third actions on behalf of commercial establishments.  Prior to its filing, Hausfeld had been investigating the facts and developing the original legal theory of the case for approximately a year.

[6] Counsel for commercial Plaintiffs in the unitary-class cases did not collaborate in this effort; the Susman Godfrey and Cohen Milstein Sellers & Toll firms filed in the Southern District of New York and argued against centralization in this Court.

1   Robins has coordinated strategic initiatives among Plaintiffs' counsel and worked
2   with counsel for all Plaintiffs and Defendants to negotiate and draft submissions to
3   the Court, including Plaintiffs' Joint Motion to Consolidate Actions (Dkt. No. 86)
4   and the Joint Preliminary Report. (Dkt. No. 116).

5       **3. Hausfeld and Robins Are Exceptionally Qualified For This Role**

6       **Hausfeld** has served in a leadership role in more than 30 antitrust class
7   actions over the past eight years, including its recent selections on March 24, 2016
8   as Lead Counsel for direct purchaser plaintiffs in *In re: Packaged Seafood Products*
9   *Antitrust Litig.*, No. 15-MD-2670 JLS (MDD) (S.D. Cal.); on February 4, 2016 as
10  Co-Lead Counsel in *In re: Domestic Airline Travel Antitrust Litig.*, No. 15-mc-1404
11  (D.D.C.); and on October 7, 2015 as one of three Co-Lead Counsel (with Robins) in
12  *In re: Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-J-20JRK (M.D.
13  Fla.).  Hausfeld's leadership has contributed to some of the largest antirust class
14  recoveries in history, such as *In re Foreign Exchange Benchmark Rates Antitrust*
15  *Litig.*, No. 13-cv-7789-LGS (S.D.N.Y.) (Co-Lead Counsel: over $2 billion in
16  announced settlements to date) and *In re Air Cargo Shipping Services Antitrust*
17  *Litig.*, No. 06-md-1775-BMC (VVP) (E.D.N.Y.) ("*Air Cargo*") (Co-Lead Counsel:
18  approximately $1.2 billion in settlements to date), among others.

19      Hausfeld also is known for working cooperatively and efficiently with co-
20  counsel, even when faced with significant challenges.  For example, on October 29,
21  2015, the firm entered *In re American Express Anti-Steering Rules Antitrust Litig.*,
22  No. 11-md-2221-NGG (RER) (E.D.N.Y.), for the purpose of taking over as new
23  interim Lead Counsel, by appointment of Hon. Nicholas G. Garaufis, following
24  removal of the former Lead Counsel in the long-running litigation.

25      And, when necessary, Hausfeld is prepared to take an antitrust class action to
26  trial.  The firm has done so recently in landmark cases, including *O'Bannon v*
27  *NCAA*, No. 09-cv-03329 (N.D. Cal.) (three-week bench trial in 2014, resulting in a
28  determination that the NCAA had violated the antitrust laws in foreclosing college

athletes from compensation related to the use of their images and likenesses), and *In re Vitamin C Antitrust Litig.*, No. 06-md-01738 (E.D.N.Y.) (first U.S. antitrust case against Chinese manufacturers, yielding jury verdict after three-week trial in 2013, of over $162 million after trebling). In addition to firm accolades, specific Hausfeld partners in this matter have been recognized by *Chambers USA*, *Best Lawyers*, *Legal 500*, and numerous other publications as leaders in antitrust litigation.

**Robins** is one of the few national firms to handle antitrust matters on behalf of Fortune 100 companies, plaintiff classes and defendants. The firm's successes on behalf of plaintiffs have been historic. Notably, as Co-Lead Counsel and the pioneer of the lawsuit, Robins reached a groundbreaking $7.25 billion antitrust class action settlement with Visa, MasterCard and major U.S. banks relating to interchange fees and merchant point-of-sale rules – the largest ever for a private antitrust case. *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL 1720 (E.D.N.Y.). Robins also broke new ground when it obtained a landmark $6.6 billion settlement in an antitrust and consumer fraud lawsuit against the tobacco industry.[7]

In the decade-long *Air Cargo* litigation, Robins' Counsel in this case, Hollis Salzman (as Co-Lead Counsel with Hausfeld and others) helped spearhead extensive discovery, including depositions around the world and analysis of over 12 million pages of documents. Ms. Salzman also serves as Co-Lead Counsel in the massive *In re Automotive Parts Antitrust Litig.*, MDL No. 2311 (E.D. Mich.), a sprawling multidistrict litigation with over 150 defendants and 36 separate but coordinated actions – in which Robins has faced and defeated numerous motions to dismiss and negotiated almost $300 million in partial settlements from certain defendants. These achievements and others led *Law360* to name the firm to its 2015 Competition Practice Group of the Year and to other recognitions by *Chambers USA*, *The National Law Journal*, *Legal 500 USA 2015*, BTI, and ALM.

---

[7] *State of Minnesota and Blue Cross & Blue Shield of Minnesota v. Philip Morris Inc.*, No. C1-95-1324 (Minn.).

Robins has had particular success in federal courts in the Ninth Circuit. The firm obtained a $319 million jury verdict on behalf of Celador International, Ltd., the creator of the gameshow "Who Wants to be a Millionaire?," in a licensing dispute. *Celador Int'l, Ltd. v. The Walt Disney Co.*, No. 04-cv-03541 (Phillips, J.) (C.D. Cal.). The jury verdict, which was affirmed by the Ninth Circuit in 2012, was the largest verdict ever obtained in a so-called "Hollywood accounting" lawsuit. Other notable representations in this District include *Unocal Corp. v. Atlantic Richfield Co.*, No. 95-cv-2379 (C.D. Cal) (securing a $91 million jury verdict) and *In re Reformulated Gasoline Antitrust & Patent Litig.*, MDL No. 1671 (C.D. Cal.) (representing Unocal Corp.). Moreover, Robins' attorneys, including Roman Silberfeld and David Martinez, have successfully represented large opt-out plaintiffs in complex antitrust actions within the Ninth Circuit.[8]

In short, **Hausfeld** and **Robins** are exceptionally qualified under Fed. R. Civ. P. 23(g) to serve as Co-Lead Counsel for the commercial establishment Plaintiffs. Our firms plainly have the resources and dedication to litigate zealously on behalf of the class through trial or alternative dispute resolution.[9] Together, our firms have scores of attorneys with substantial first-chair trial experience. Highlighting the firms' commitment, Michael D. Hausfeld, Hausfeld's Chairman, is personally engaged in this matter and Robins' National Trial Chair, Roman Silberfeld in Los Angeles, will also be involved if the Court approves our appointment.

Respectfully submitted,


Dated:  May 5, 2016                    By:   /s/ David Martinez
                                       David Martinez, Bar No. 193183
                                       Roman M. Silberfeld, Bar No. 62783

---

[8] See *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (Illston, J.) (N.D. Cal.); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917 (N.D. Cal.); and *In re Methionine Antitrust Litig.*, MDL No. 1311 (Breyer, J.) (N.D. Cal.).

[9] Short firm resumes are attached as Appendices B and C.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Fax: (310) 229-5800
RSilberfeld@RobinsKaplan.com
DMartinez@RobinsKaplan.com

Hollis Salzman
Kellie Lerner
ROBINS KAPLAN LLP
601 Lexington Avenue
Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Fax: (212) 980-7499
HSalzman@RobinsKaplan.com
KLerner@RobinsKaplan.com

*Counsel for Plaintiff 1465 3rd Ave. Rest. Corp. d/b/a Gael Pub*

By:   /s/ Michael D. Hausfeld
Michael D. Hausfeld
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Fax: (202) 540-7201
MHausfeld@Hausfeld.com

Michael P. Lehmann, Bar No. 77152
Christopher L. Lebsock, Bar No. 184546
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Fax: (415) 358-4980
MLehmann@Hausfeld.com
CLebsock@Hausfeld.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Scott Martin
Irving Scher
HAUSFELD LLP
Broad Financial Center
33 Whitehall Street, 14th Floor
New York, NY  10004
Telephone: (646) 357-1195
Fax: (212) 202-4322
SMartin@Hausfeld.com
IScher@Hausfeld.com

*Counsel for Plaintiff Ninth Inning, Inc. d/b/a
The Mucky Duck*

# APPENDIX A

**Commercial Plaintiffs Supporting Hausfeld LLP and Robins Kaplan LLP
for Co-Lead Counsel of Commercial Plaintiff Class**

1465 3rd Ave. Rest. Corp. (d/b/a Gael Pub)
Adam Matschullat
All in H.B., LLC
Ambrose BD 2, LLC
Ambrose BD, LLC
Davenport's Family Restaurant, Inc.
DNW Foods Inc.
Duck Duck LLC
Dude-N Brah, Inc.
First Class Perks, LLC
Helen Back Again Crestview, LLC
Jammers, Inc. d/b/a/ Flight's Restaurant/Flight's Beer Bar
Jon2 LLC d/b/a Manny's on 2nd
JS Entertainment, Inc. d/b/a Upper Cut
Keystone University Square, LLC
Longliners Café, LLC
Main Street America Ltd. T/A The Great American Pub
Maple Street Entertainment, LLC d/b/a Repp's Uptilly Tavern
Martinis of New Orleans, Inc. d/b/a Hurricanes Sports Bar
MJ Ventures, Inc. d/b/a Liebrary Bar, Red Eye, & Tommy Jacks Pub
Ninth Inning Inc. d/b/a The Mucky Duck
NYN, Inc. d/b/a New York Nick's
Our Ventures, Inc. d/b/a 18th Amendment & Woody's Pub
P.J. Hafiz Club Management, Inc. d/b/a Sneaky Pete's
Pizza Pie & Wing Co. LLC
Rookies Sports Café, LLC
SD Billy Frogs, Inc. d/b/a Billy Frogs
Seifert Holdings, Inc. d/b/a Third Base
Sir Waldon Inc. d/b/a Oggi's Pizza
The Infirmary, LLC
Triple J. Entertainment, Inc. d/b/a Alibi Bar
Two Pauls, Inc.
Village Pub, LLC
Will Call Sports, LLC

**Commercial Plaintiffs' Counsel Supporting Hausfeld LLP and Robins Kaplan LLP
for Co-Lead Counsel of Commercial Plaintiff Class**

Arias Sanguinetti Stahle & Torrijos, LLP
Barrack Rodos & Bacine
Block & Leviton LLP
Burns Law Firm PLLC

Carlson Lynch Sweet & Kilpela
Chestnut Cambronne PA
Edelson & Associates, LLC
Finkelstein Thompson LLP
Glancy Pongray & Murray LLP
Goldenberg Schneider, LPA
Goldman Scarlato & Penny, PC
Heins Mills & Olson, PLC
Kahn Swick & Foti, LLP
Karon LLC
Kesselman Brantly Stockinger LLP
Larsen Woodard LLP
Law Offices of David P. McLafferty & Assoc., PC
Lockridge Grindal Nauen PLLP
Minnillo & Jenkins, Co., LPA
Morgan & Morgan
Murray Law Firm
Radice Law Firm
Reinhardt, Wendorf & Blanchfield
Rezvani Volin, PC
Spector Roseman Kodroff & Willis, PC
The Dampier Law Firm PC
The Mogin Law Firm, P.C.
Weinstein Kitchenoff & Asher LLC
Wolf Haldenstein Adler Freeman & Herz LLP
Zimmerman Reed, LLP

**Residential Plaintiffs Supporting Hausfeld LLP and Robins Kaplan LLP
for Co-Lead Counsel of Commercial Plaintiff Class**

Michael Holinko
Robert Gary Lippincott, Jr.
Thomas Abrahamian

**Residential Plaintiffs' Counsel Supporting Hausfeld LLP and Robins Kaplan LLP
for Co-Lead Counsel of Commercial Plaintiff Class**

Hyde & Swigart
Kazerouni Law Group, APC
Law Offices of Alexander Schack
Murray Law Firm
Zimmerman Reed, LLP

# APPENDIX B



### HAUSFELD FIRM SUMMARY

Hausfeld ranks among the world's top claimants' firms.  Recently named "the world's leading antitrust litigation firm" by *Politico*, Hausfeld is renowned for our skillful prosecution of complex and class-action litigation: we represent individuals, businesses, and organizations—domestically and internationally—in the areas of antitrust/competition law, human and civil rights, mass torts, environmental threats, securities fraud, and consumer protection.  For decades Hausfeld attorneys have vigorously advocated for aggrieved claimants, achieving noteworthy trial victories and settlements while contributing to the development of law in the United States and abroad. The firm has offices and acclaimed individual attorneys in Washington, D.C., New York, Philadelphia, San Francisco, Berlin, Brussels and London.

Hausfeld was founded by Michael D. Hausfeld, who is widely recognized as one of the country's top civil litigators and a leading expert in the fields of private antitrust/competition enforcement and international human rights.  The *New York Times* has described Mr. Hausfeld as one of the nation's "most prominent antitrust lawyers" while *Washingtonian Magazine* characterizes him as a lawyer who is "determined to change the world—and succeeding," noting that he "consistently brings in the biggest judgments in the history of law."

The firm has won notable plaudits from federal judges before whom it has appeared. In the International Air Transportation Surcharge Antitrust Litigation, for example, the firm was praised by Senior District Judge Charles Breyer for its efforts in achieving "really, an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case." The Court also stated that the firm's lawyers are "more than competent. They are outstanding." District Judge Morrison C. England Jr. praised Hausfeld in an antitrust class action involving the processed tomato industry for having "the breadth of experience, resources and talent necessary to navigate a case of this import." saying it was one of the firms that stood out from the rest in seeking interim class leadership. And in the Vitamin C Antitrust Litigation, District Judge Brian Cogan praised the plaintiffs' lawyers as "highly experienced antitrust lawyers" and noted that "[a]s to the quality of the plaintiffs' representation, I really can't say enough. I just think the way this case was handled was as good as it gets...it would be a pleasure to have any of you in front of me again on any case...[t]he representation could not have been any better."

### LEADERSHIP IN LANDMARK ANTITRUST LITIGATION

Courts have appointed Hausfeld and its attorneys as lead  or co-lead class counsel and to the executive committee or steering committee in over 30 antitrust class actions, as well as consumer protection, mass-tort, and sports and entertainment class actions, with leadership positions in numerous other matters.



PAGE 2

Antitrust cases in which Hausfeld attorneys have held leadership positions include the following:

- *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-md-1775 (E.D.N.Y.)
- *In re Automotive Aftermarket Lighting Products Antitrust Litig.*, No. 09-ML-2007-GW (PJW) (C.D. Cal.)
- *In re Blue Cross Blue Shield Antitrust Litig.*, No. 13-mdl-2496 (N.D. Ala.)
- *Bruce Foods Corp. v. SK Foods, LP*, No. 2:09-cv-00027-MCE-EFB (E.D. Cal.)
- *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-5944-SC (N.D. Cal.)
- *In re Chocolate Confectionary Antitrust Litig.*, No. 08-mdl-1935 (M.D. Pa.)
- *In re Foreign Exchange Benchmark Rates Antitrust Litigation,* 13 Civ. 07789 (LGS) (S.D.N.Y.)
- *In re Fresh and Process Potatoes Antitrust Litig.,* No. 4:10-MD-2186-BLW (D. Id.) (Chair of Executive Committee)
- *In re International Air Passenger Surcharge Antitrust Litig.*, No. M:06-md-01793 (N.D. Cal.)
- *Jabo's Pharmacy, Inc. v. King Pharmaceuticals, Inc.*, No. 31, 973 (Cir. Ct. Cocke. Cty., TN)
- *In re Korean Ramen Antitrust Litig.,* No. C-13-04115-WHO (N.D. Cal.)
- *In re Municipal Derivatives Antitrust Litig.*, No. 08-cv-2516 (S.D.N.Y.)
- *In re New Jersey Tax Sales Certificates Antitrust Litig.*, No. 12-1893 (D.N.J.)
- *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C09-1967 CW (N.D. Cal.)
- *In re Processed Egg Products Antitrust Litig.*, No. 2:08-cv-04653 (E.D. Pa.)
- *In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. 1:07-mc-00489-PLF-JMF (D.D.C.)
- *In re Transpacific Passenger Air Transport Antitrust Litig.*, No. 3:07-cv-05634 (N.D. Cal.)
- *In re Vitamin C Antitrust Litig.*, No. 1:06-md-01738-DGT-JO (E.D.N.Y.)
- *In re Vitamins Antitrust Litig.*, No. 1:99-md-01285 (D.D.C.)
- *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-MD-2262 (S.D.N.Y.)
- *In re Methyl Methacrylate Antitrust Litig.*, No. 06-md-1768 (E.D. Pa.)
- *In re Municipal Derivatives Antitrust Litig.*, No. 08-cv-2516 (S.D.N.Y.)
- *In re New Jersey Tax Sales Certificates Antitrust Litig.*, No. 12-1893 (D.N.J.)
- *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C09-1967 CW (N.D. Cal.)
- *In re Optical Disk Drive Antitrust Litig.*, No. 10-md-02143 (N.D. Cal.)
- *In re OSB Antitrust Litig.*, No. 06-cv-0826 (E.D. Pa.)
- *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-02196 (N.D. Ohio)
- *In re Pressure Sensitive Labelstock Antitrust Litig.*, MDL No. 1556 (M.D. Pa.)
- *In re Processed Egg Products Antitrust Litig.*, No. 2:08-cv-04653 (E.D. Pa.)
- *In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. 1:07-mc-00489-PLF-JMF (D.D.C.)
- *In re Transpacific Passenger Air Transport Antitrust Litig.*, No. 3:07-cv-05634 (N.D. Cal.)

# HAUSFELD

PAGE 3

- *In re Vitamin C Antitrust Litig.*, No. 1:06-md-01738-DGT-JO (E.D.N.Y.)
- *In re Vitamins Antitrust Litig.*, No. 1:99-md-01285 (D.D.C.)
- *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC, et al.*, No. 0:15-cv-1714 (MDD) (S.D. Cal.)

## SELECTED RECENT ACCOLADES AND ACHIEVEMENTS

- On April 12, 2016, Michael Hausfeld was named U.S. Plaintiff Competition Lawyer of the Year by *Global Competition Review – Who's Who Legal*.

- On April 5, 2016, Hausfeld won *Global Competition Review*'s award for Litigation of the Year – Cartel Prosecution, for its work to date on *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1-13-CV-07789 (S.D.N.Y.)

- As of December 2015, Hausfeld is the only claimants' firm to be ranked by the *Legal 500* and *Chambers & Partners* as a top tier firm in private enforcement of antitrust/competition law in both the United States and the United Kingdom.

- In December 2015, Michael Hausfeld was recognized by the *Financial Times* as one of the Top 10 Innovative Lawyers in North America.

- In November 2015, Hausfeld and fellow trial counsel won the American Antitrust Institute's Award for Outstanding Antitrust Litigation Achievement in Private Law Practice for their trial and appellate victories in *O'Bannon v. NCAA*.

- In November 2015, *U.S. News & World Report – Best Law Firms* named Hausfeld to its top tier in both Antitrust Law and Litigation. Hausfeld was also recognized in New York, San Francisco, and Washington, DC in Antitrust Law, Litigation, and Commercial Litigation.

- In July 2015, Hausfeld was ranked Antitrust – Nationwide, Civil Litigation/Class Actions, Band 1 and Antitrust – Nationwide, Cartels, Band 2 by *The Legal 500*. The publication writes that the team is known for:

  "Representing large companies, small and medium-sized businesses, as well as individuals, Washington DC firm Hausfeld LLP remains 'top-notch' in antitrust litigation… Hausfeld LLP is 'one of the most capable plaintiffs' firms involved in the area of civil cartel enforcement', and is handling some of the major cartel-related cases…"

- In May 2015, Hausfeld was ranked Antitrust – Nationwide, Band 1 by *Chambers &*



PAGE 4

*Partners*. The publication writes of the team:

> "Market-leading plaintiffs' firm with considerable experience in antitrust class action suits and criminal cartel investigations. Has had numerous successes in the area resulting in major recovery or settlements for its clients…Michael Hausfeld is "a very successful and able antitrust litigator" and "one of the titans of the Plaintiffs Bar," according to interviewees. He regularly acts for individual opt-outs and plaintiff classes on a range of antitrust matters including allegations of price-fixing and monopolization."

• In March 2015, Hausfeld was named to the *National Law Journal*'s "Plaintiffs Hot List" for the Fourth Year in a Row. The *National Law Journal* reports that:

> "Hausfeld's creative approaches underpinned key antitrust wins last year, including a trailblazing victory for former college athletes over the use of their likenesses in television broadcasts and video games…" and that Hausfeld along with its co-counsel, "nailed down a $99.5 million settlement with JPMorgan Chase & Co. in January in New York federal court for alleged manipulation of market benchmarks. And it helped land nearly $440 million in settlements last year, and more than $900 million thus far, in multidistrict antitrust litigation against air cargo companies."

• In December 2014, *Law360* named Michael Hausfeld a Competition MVP.

• In September 2014, *The National Law Journal* named Hausfeld as one of a select group of America's Elite Trial Lawyers, as determined by *"big victories in complex cases that have a wide impact on the law and legal business."* The award notes that Hausfeld is among those *"doing the most creative and substantial work on the plaintiffs side."*

• In June 2014, *The Legal 500* named Hausfeld to the Top Tier of firms representing plaintiffs in antitrust matters for the sixth year in a row, stating that:

> "Washington DC firm Hausfeld is a *'market transformer'*, and the *'most innovative firm with respect to antitrust damages'*. *'Driven by excellence'*, the team *'anticipates the evolving needs of clients'* and delivers *'outstanding advice not only in legal terms but also with a true entrepreneurial touch.'"*

# APPENDIX C



# Antitrust & Trade Regulation Practice Group Resume

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

NOTABLE SUCCESSES .......................................................................................................2

    Plaintiffs' Representation (Antitrust): ..............................................................................3

    Defendants' Representation (Antitrust): ...........................................................................4

    Complex Commercial Representation: ..............................................................................5

CURRENT ANTITRUST LEADERSHIP APPOINTMENTS..............................................6

## INTRODUCTION

Robins Kaplan LLP is among the nation's premier trial law firms, with more than 220 attorneys in six major cities. Firm attorneys, including two former U.S. Attorneys and a former Assistant U.S. Attorney, serve corporate, government and individual clients across the country and around the world.  The Firm has repeatedly received recognition for its accomplishments from leading legal-ranking organizations. Some of our recent Firm recognitions include:

- *Chambers USA* placed the Firm on its first band nationally for the Firm's antitrust work in 2014 and 2015, and on its list of leading law firms in 2013 and 2014;
- *The National Law Journal* named the Firm to its 2015 Plaintiffs' Hot List;
- *Legal 500 USA 2015* recognized the Firm as one of "the best plaintiff's firms in the country" in Class Action:  Plaintiff Representation – Antitrust;
- *Global Competition Review* named the Firm as one of the nine leading antitrust law firms in the country in its 2014 feature of the U.S. antitrust plaintiff's bar;
- *BTI* named the Firm to its "Client Service A-Team 2016;"
- *BTI* named the Firm an "Awesome Opponent" in its 2014 Litigation Outlook;
- *ALM* placed the Firm on its list of "2013 Go-To Law Firms at the Top 500 Companies;"
- Law360 named the Firm to its list of 2015 "Most Feared Plaintiffs Firms;"
- Law360 named the Firm as one of its "Competition Practice Groups of 2014."

The Firm's antitrust attorneys were also honored in recent years in other publications, including *Lawdragon 500, The Global Competition Review, Chambers USA, Benchmark Litigation, Benchmark Top Women in Litigation, The New York Law Journal, Legal 500,  US News/Best Lawyers*, *Profile in Diversity Journal's "Women Worth Watching,"  Super Lawyers*, and *The Hollywood Reporter*.

The Firm's Antitrust and Trade Regulation Practice Group has obtained over $15 billion in settlements on behalf of its clients in large-scale antitrust litigation, earning it a reputation as one of the nation's premiere litigation practices.   On the other side of the courtroom, the Firm has a long history of successfully defending Fortune 100 and publicly traded companies in major antitrust disputes.  Our attorneys also represent parties in government investigations and actions, including both investigation targets and complainants, and counsel clients on the antitrust risks associated with contemplated transactions. Our antitrust litigation experience has touched on nearly every aspect of the Sherman and Clayton Acts, including monopolization, price discrimination, price fixing, territorial restraints, bid rigging, exclusive dealing, tying, boycotts, RICO, unfair competition, and unfair trade practices.  The Firm's Antitrust and Trade Regulation Practice Group has been recognized by *Chambers USA* for its

1

"capabilities in all types of antitrust matters" and by the *National Law Journal* for its "considerable trial experience and knowledge of government agencies."[1]

The Firm is also known for its exceptional trial advocacy and has successfully tried hundreds of cases to verdict.  To date, the Firm has obtained nearly $2 billion in jury verdicts on behalf of its clients, including several notable wins in antitrust matters.  In *Blue Cross Blue Shield of Minnesota et al v. Mylan*, (D.D.C.), the Firm tried the case to verdict and obtained $76.8 million post-trial damages on behalf of three health-insurance plans.  *The National Law Journal* recently highlighted the Firm's "track record for litigating and negotiating complex cases resulting in verdicts and settlements worth hundreds of millions or even billions of dollars for their plaintiff clients."[2]

The Firm has also earned national acclaim for its commitment to *pro bono* and diversity initiatives.  Since 2008, over 7% of the Firm's total attorney billable time was contributed to *pro bono* matters, ranging from the Firm's large-scale youth-law and veterans initiatives, to helping individuals seek shelter from abuse, asylum from persecution, and freedom from censorship. And as a result of the Firm's commitment to diversity in the workplace, it has received a 100% rating in the Human Rights Campaign Foundation in its Corporate Equality Index for the last five consecutive years and has been the recipient of the 2012 Diversity Leader Award by the Profiles in Diversity Journal.

For additional information about the Firm, please visit ***www.RobinsKaplan.com***.

## NOTABLE SUCCESSES

Robins Kaplan LLP has obtained history-making successes for both plaintiffs and defendants in antitrust cases and other complex commercial matters.  Our antitrust and trade regulation attorneys provide an innovative and sophisticated approach to antitrust counseling and litigation. We are one of the few national practices to have obtained notable successes on behalf of both plaintiffs and defendants in major antitrust litigation and at trial. Our recent groundbreaking $7.25 billion class action settlement against Visa, MasterCard, and major U.S. banks relating to Interchange Fees and Merchant Point-of-Sale Rules is the largest ever for a private antitrust case. On the other side of the courtroom, we successfully defended UnitedHealth Group and PacifiCare in an antitrust lawsuit involving alleged price fixing and fraud related to prescription drug reimbursement under the federal Medicare Part D program, with claimed damages in excess of $1 billion.  The cases below are just some of the results than the Firm has obtained for our clients in high-stakes disputes.

---

[1] *Chambers USA* 2015
[2] *National Law Journal* Plaintiffs' Hot List 2015

**Plaintiffs' Representation (Antitrust):**

- Obtained a historic settlement with Visa, MasterCard, and major issuing banks that provides merchants with approximately $7.25 billion in cash and secures important reforms to Visa and MasterCard rules that plaintiffs alleged harmed competition. *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, No. 05-md-1720 (JG)(JO) (E.D.N.Y.).

- Represented the State of Minnesota and Blue Cross and Blue Shield of Minnesota in a groundbreaking antitrust and consumer-fraud lawsuit against the tobacco industry. The case was settled for nearly $7 billion after four months of trial, on the eve of jury deliberations. *State of Minnesota and Blue Cross & Blue Shield of Minnesota v. Philip Morris Inc. et al,* No. C1-95-1324 (Minn.).

- Obtained nearly $1.2 billion in partial settlements with certain Defendant airlines for an alleged global conspiracy to fix surcharges for air cargo shipping services. The case continues against the remaining Defendants. *In re Air Cargo Shipping Services Antitrust Litigation*, C.A. No. 06-md-01775 (CBA) (E.D.N.Y.).

- Obtained nearly $600 million in settlements on behalf of public shareholders of target companies taken private in large leveraged buyouts in a class action suit against the largest private equity firms who allegedly conspired to suppress the acquisition prices for the target companies. *Kirk Dahl, et al. v. Bain Capital Partners, LLC et al.,* No. 07-cv-12388 (D.Mass.).

- Obtained over $430 million in settlements regarding an alleged conspiracy to unlawfully fix the prices of polyurethane foam in the United States. *In re Polyurethane Foam Antitrust Litigation*, MDL No. 2196 (N.D.Ohio).

- Represented large agribusiness clients who were opt-out plaintiffs in *In re Vitamins Antitrust Litigation*. The Vitamins litigation arose out of a decade-long price-fixing cartel of the major international vitamin manufacturers, and involved vigorously contested disputes regarding jurisdiction, foreign discovery, conspiracy, damages and expert issues. The cases settled after discovery was complete, but before trial, for in excess of $250 million. *In re Vitamins Antitrust Litigation*, MDL No. 1285 (D.D.C.).

- Obtained over $650 million in damages in price-fixing litigations against cartels of electronic component manufacturers.

- Obtained over $288 million in partial settlements with certain Defendants in multiple widespread, decade-long conspiracies to unlawfully fix the prices charged for various automotive parts. The case continues against the remaining

3

Defendants. *In re Automotive Parts Antitrust Litigation*, C.A. No. 12-md-02311
(E.D.Mich.).

- Obtained a $76.8 million jury verdict on behalf of three health insurers who
  overpaid for prescription drugs because of a branded manufacturer's exclusion
  of generic competition through the restriction of the generics' supply of active
  pharmaceutical ingredients. The case is currently on remand from the D.C.
  Circuit Court of Appeals. *Blue Cross Blue Shield of Minnesota et al v. Mylan*,
  (D.D.C.).

- Represented large agribusiness clients who were opt-out plaintiffs in *In re
  Methionine Antitrust Litigation*. The Methionine litigation arose out of a decade-
  long price-fixing cartel of the major international methionine manufacturers, and
  involved vigorously contested disputes regarding jurisdiction, foreign discovery,
  conspiracy, damages and expert issues.  The cases settled after discovery was
  complete, but before trial, for $35 million.  *In re Methionine Antitrust Litigation*,
  MDL No. 1311 (N.D.Cal.).

**Defendants' Representation (Antitrust):**

- Obtained Rule 12/*Twombly* dismissal of putative nationwide class action against
  Graco Inc. and its distributors of spray foam insulation equipment, which was
  brought following an FTC consent decree relating to Graco's spray foam business
  acquisitions. *Insulate SB, Inc. v. Advanced Finishing Systems, Inc., et al.*, No. 13-cv-
  2664 ADM/SER, 2014 U.S. Dist. LEXIS 31188 (D.Minn. Mar. 11, 2014).

- Defeated class certification on behalf of grocery wholesaler SuperValu Inc. in a
  multi-state class action alleging that its asset-exchange transaction with another
  wholesaler constituted an unlawful market division.  *In re Wholesale Grocery
  Products Antitrust Litigation*, No. 09-MD-2090 ADM/AJB, 2012 U.S. Dist. LEXIS
  103215 (D.Minn. July 25, 2012), *denial of class cert. aff'd*, 752 F.3d 728 (8th Cir.
  2014). Also represented SuperValu in the related Federal Trade Commission
  investigation of the asset exchange, persuading the FTC to close the investigation
  without action in March 2011.

- Secured Rule 12 dismissal of a complaint asserted against The Toro Company by
  a manufacturer of smart-sprinkler technology. The issues presented in the
  motion to dismiss included the plausibility of the allegations under the standard
  set forth in the Supreme Court's decision in *Twombly*, as well as the intersection
  between antitrust and patent law. *Digital Sun v. The Toro Co.*, No. 10-cv-4567-
  LHK, 2011 WL 1044502, at *4 (N.D.Cal. Mar. 22, 2011).

- Obtained summary judgment on behalf of UnitedHealth Group, Inc. against allegations that it fixed prices with a rival while its acquisition of that rival was pending regulatory approval. This case has been recognized as the leading authority on liability under Section 1 of the Sherman Act for "gun jumping" the regulatory approval of a merger. *Omnicare, Inc. v. UnitedHealth Group, Inc.*, 594 F. Supp. 2d 945 (N.D.Ill. 2009), *aff'd*, 629 F.3d 697 (7th Cir. 2011).

- After securing a $91 million jury verdict—upheld on appeal—for UNOCAL against ARCO, Chevron, Exxon, Mobil, Texaco, and Shell in a patent-infringement action regarding UNOCAL's patent on clean gasoline fuel, the Firm then defended UNOCAL when the FTC brought suit, alleging that UNOCAL failed to disclose its patents in standard-setting procedures. *In re Union Oil Co. of California*, No. 9305 (F.T.C.).

**Complex Commercial Representation:**

- Obtained a $2.7 billion arbitration award on behalf of Kraft Foods Group Inc./Mondelez International Inc. for breach of contract against Starbucks Coffee Company.  The recovery brought an end to a three year arbitration challenging Starbucks' early termination of Kraft's exclusive rights to sell, market and distribute Starbucks roast and ground coffee in grocery and other retail outlets.

- Obtained a $520 million jury verdict—increased to $565 million with prejudgment interest—for patent infringement against Microsoft on behalf of Eolas Technologies and the University of California. On appeal, the Federal Circuit affirmed the finding of infringement and the damages award. The case settled four days before the start of the invalidity trial. *Eolas Technologies, Inc. et al. v. Microsoft Corp*, No.99-cv-00626 (N.D.Ill.).

- Represented the Government of India on behalf of the victims in the Bhopal Gas Leak Disaster, which claimed thousands of lives and injured hundreds of thousands of others.  The Firm secured a $475 million settlement with Union Carbide. *In re Union Carbide Corp. Gas Plant Disaster*, Misc. No. 21-38 (JFK) (S.D.N.Y.).

- Represented Pitney Bowes in a patent infringement case against Hewlett-Packard involving patents on laser-jet printer technology.  The case settled for $400 million and other business consideration on the morning opening statements were to be made. *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, No. 95-cv-01764-JCH (D.Conn.).

- Represented the creators of the highly successful television show "Who Wants to Be a Millionaire?" in a dispute over the show's profits. Obtained a federal-jury

verdict of $270 million against Disney and its subsidiaries. The District Court increased the award to nearly $320 million to account for prejudgment interest. *Celador International, Ltd. v. American Broadcasting Cos., Inc., et al.*, No. 04-cv-3541 (VAP) (RNB) (C.D.Cal.), *aff'd*, 499 Fed. Appx. 721 (9th Cir. 2012), *Petition for r'hrg denied* (Feb. 26, 2013).

## CURRENT ANTITRUST LEADERSHIP APPOINTMENTS

- *In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775 (E.D.N.Y.)

- *Anastasio, et al. v. Total Gas & Power North America, Inc.*, 15-cv-09689 (S.D.N.Y.)

- *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D.Mich.)

- *In re Blood Reagents Antitrust Litigation*, MDL No. 2081 (E.D.Pa.)

- *In re Crude Oil Commodity Futures Litigation*, 11-cv-03600 (S.D.N.Y.)

- *Dahl, et al. v. Bain Capital Partners, LLC et al.*, 07-cv-12388 (D.Mass.)

- *In re Disposable Contact Lens Antitrust Litigation*, 15-md-02626 (M.D.Fla.)

- *Gordon, et al. v. Amadeus IT Group, S.A., et al.*, 15-cv-05457 (S.D.N.Y.)

- *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542 (S.D.N.Y)

- *In re Merck Mumps Vaccine Antitrust Litigation*, 12-cv-03555 (E.D.Pa.)

- *In re Optiver Commodities Litigation*, 08-cv-06842 (S.D.N.Y)

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.)

- *In re Polyurethane Foam Antitrust Litigation*, MDL No. 2196 (N.D.Ohio)

- *In re Vehicle Carrier Services Antitrust Litigation*, 13-cv-03306 (D.N.J.)