Marc M. Seltzer, Bar No. 545340
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

*Attorney for 8812 Tavern Corp., Christina Malerba, and Nicholas Racklin*

Howard I. Langer, *Pro Hac Vice*
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19130
Phone: (215) 320-5660
Fax: (215) 320-5703

Richard Koffman, *Pro Hac Vice*
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave, NW, Suite 500
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699

*Attorneys for New Lounge 4324, LLC, Pedal Haus Brewery, LLC, Trilogy Holding, LLC, Whiskey Rocks Tempe, LLC, and Jonathan Franzen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-BRO (JEMx)<br><br>**APPLICATION BY CERTAIN PLAINTIFFS' COUNSEL FOR CASE LEADERSHIP POSITIONS**<br><br>Hon. Beverly Reid O'Connell<br><br>DATE: May 18, 2016<br>TIME: 1:30 p.m.<br>LOCATION: Courtroom 14 |

In accordance with the Court's May 1, 2016 order, the undersigned plaintiffs' counsel respectfully submit the following application for case leadership positions:

- **PAC**: Marc M. Seltzer (also Liaison Counsel) and Susman Godfrey L.L.P. and Howard I. Langer and Langer, Grogan & Diver L.L.P.
- **PSC**: Richard Koffman and Cohen Milstein L.L.P.

These three lawyers and law firms are well suited to lead this case: (1) Howard Langer was lead counsel in the MLB and NHL cases on which this case was based, and with co-counsel Cohen Milstein, has experience litigating the legal and factual issues that are expected to be litigated here; and (2) Marc Seltzer has served as interim co-lead counsel in this action, and has decades of experience leading antitrust and other complex class cases in this district, including the *Toyota Unintended Acceleration Litigation* and *White v. NCAA* cases. Mr. Seltzer and Mr. Langer have worked together for many years beginning with *In re Corrugated Container Antitrust Litigation*, which was successfully tried to a verdict in 1980.

We respectfully submit that the Court should establish leadership committees that are efficient in size and structure. *See, e.g.*, *Four In One Co. v. SK Foods, L.P.*, No. 08-cv-03017, 2009 WL 747160, at *3 (E.D. Cal. Mar. 20, 2009) (noting "the appointment of more than two co-lead counsel, and anything other than a single liaison counsel, would engender duplication of effort not in the best interest of either a focused or efficient class representation"). The NHL and MLB cases in which Mr. Langer served as plaintiffs' lead counsel were successfully litigated by a small team of lawyers. *See Laumann v. Nat'l Hockey League*, No. 12-cv-1817 (S.D.N.Y.); *Garber v. Office of the Comm'r of Baseball*, No. 12-cv-3704 (S.D.N.Y.).

I.  **Legal Standard**

Courts consider four factors when assessing proposed class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable

law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *Four In One Co.,* 2009 WL 747160, at *1-2.

## II. **Identification of Potential Claims and Knowledge of the Applicable Law**

This litigation concerns an alleged horizontal agreement among the 32 teams in the NFL to restrain competition in the broadcasting of professional football games. Since 2012, Langer, Grogan & Diver and Cohen Milstein have successfully pursued similar actions against the NHL and MLB. These cases produced numerous published opinions cited in nearly every complaint on file in this litigation.

None of the other firms seeking leadership positions in this litigation participated in those prior cases. Indeed, the first complaint filed in these actions was filed less than a week after the NHL settlement was announced, and merely copied verbatim the NHL and MLB complaints—ignoring significant differences in the leagues' broadcast arrangements which resulted in serious inaccuracies in the allegations made in that complaint. *Compare* Amended Complaint, *Garber*, No. 12-cv-3704 (S.D.N.Y. October 26, 2012) *with* Complaint, *Abrahamian v. Nat'l Football League*, No. 15-cv-4606 (C.D. Cal. June 17, 2015). Nearly every subsequent complaint also relied on the work and expertise developed in NHL and MLB, quoting from the experts' reports filed in those cases and the judicial opinions favorable to plaintiffs in the prior litigation.

The lawyers making this application have acquired a thorough understanding of the applicable law and knowledge of the sports broadcasting industry over the last four years, and have already navigated many of the legal and factual issues that will arise in this litigation. After deflecting motions to dismiss and to compel arbitration, engaging in over two years of discovery, defeating the defendants' motions for summary judgment, and obtaining class certification,[1] the plaintiffs achieved two

---

[1] *See. e.g., Laumann v. NHL*, 105 F. Supp. 3d 384 (S.D.N.Y. 2015) (certifying a class under Fed. R. Civ. P. 23(b)(2), but denying certification under Fed. R. Civ. P. 23(b)(3));

2

landmark settlements that changed the sports broadcasting landscape. The leagues were forced to lower prices significantly and baseball and hockey fans, for the first time, were able to choose between purchasing a league-wide bundle of out-of-market games and a lower-cost package of one individual team's games. Yale Law School Professor Ian Ayres estimated the savings to consumers to be between **$188.5 million and $230.9 million**. *See* Doc. No. 377, *Laumann*, No. 12-cv-1817 (S.D.N.Y. Aug. 12, 2015); Doc. No. 552, *Garber*, No. 12-cv-3704 (S.D.N.Y. Apr. 22, 2016).

### III. <u>Experience Leading Complex Litigation</u>

Aside from the MLB and NHL cases, the attorneys and firms proposed for leadership have decades of experience leading, and winning, complex nationwide class actions, recovering **over $3 billion** for their classes. *See* Exs. A-C.

Marc Seltzer has practiced in this district and in courts across the country for over four decades, and was appointed one of three co-lead counsel in *In re Toyota Motor Corp. Unintended Acceleration Lit.*, Case No. CV 10-ML-2151 (C.D. Cal.), which settled for $1.6 billion. The Court in the *Toyota* litigation remarked that "[c]lass counsel has consistently demonstrated extraordinary skill and effort" in representing the interests of the plaintiff class. Doc. No. 3933 at 12. In *White v. NCAA*, 06-cv-0999 (C.D. Cal.), Mr. Seltzer served as co-lead counsel and achieved benefits netting the class approximately $220 million. Mr. Seltzer's considerable experience in managing complex litigation resulted in him being named a Law360 "Class Action MVP" in 2013, one of only three attorneys in the nation to receive that honor. Mr. Seltzer has also already demonstrated his leadership skills in this case. After being appointed to arrange for the conferences of counsel and preparation of the joint preliminary report, Mr. Seltzer coordinated with lawyers at

---

*Laumann v. NHL*, 56 F. Supp. 3d 280 (S.D.N.Y. 2014) (denying defendants' motions for summary judgment); *Laumann v. NHL*, 989 F. Supp. 2d 329 (S.D.N.Y. 2013) (denying in part defendants' motion to compel arbitration); *Laumann v. NHL*, 907 F.Supp.2d 465 (S.D.N.Y. 2012) (denying in part defendants' motions to dismiss).

Robins Kaplan LLP to arrange for and preside over several conferences of all plaintiffs' counsel regarding consolidation, case management, leadership, and other matters. He also, together with lawyers of Robins Kaplan, negotiated case management issues with defendants in preparing the joint preliminary report and took the lead in drafting that report.

Mr. Langer's firm was lead counsel in both the *Garber* and *Laumann* cases. He has specialized in complex commercial litigation, particularly antitrust law, for thirty-nine years. He has tried and argued major antitrust and class action cases including *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996), which established basic principles of antitrust standing in the Ninth Circuit. Mr. Langer was also lead counsel in *In re Linerboard Antitrust Litigation,* 305 F.3d 145 (3d Cir. 2002), which established the modern standard for antitrust class actions in the Third Circuit and ultimately resulted in what was then the largest antitrust recovery ever in the Circuit. Mr. Langer is an Adjunct Professor of Law at the University of Pennsylvania Law School, where he has taught antitrust law for fifteen years.

Mr. Koffman is co-Chair of the Antitrust Practice Group at Cohen Milstein and was counsel for plaintiffs in both the *Garber* and *Laumann* cases. Mr. Koffman has served as lead or co-lead counsel for direct purchasers in numerous actions, including *In re Urethane Antitrust Litigation* (D. Kan.), which resulted in the largest verdict ever in a price-fixing class action—$400 million prior to trebling—and, after affirmance by the Tenth Circuit, ultimately settled for a total of $974 million. For the past five years, the *U.S. Legal 500* has listed Mr. Koffman as one of the nation's dozen or so "leading lawyers" in the field of antitrust class actions.

### IV. <u>Willingness to Devote the Resources Necessary</u>

Each of our firms is willing to commit the time and financial resources necessary to successfully prosecute this case in a timely and efficient matter. Susman Godfrey has 115 attorneys in offices located in Los Angeles, Houston, Seattle, and New York. Cohen Milstein has approximately 80 attorneys in offices located in

Washington, D.C., New York, Philadelphia, Chicago, Palm Beach, and Denver. As two of the largest law firms in the country handling contingent litigation on behalf of plaintiffs, Susman Godfrey and Cohen Milstein have invested significant manpower and financial resources representing clients in some of the largest and most complex cases ever litigated. Howard Langer will personally litigate this case and will commit his firm's resources as he did in MLB and NHL.

## V. Proposed Case Management Structure

The MLB and NHL matters were successful in significant part because the leadership structure was lean. A similarly lean structure is warranted here. Many of the facts are not in dispute and it is not the type of case—such as a large, multi-defendant price-fixing conspiracy—that warrants separate counsel to investigate each defendant. As was true in *Laumann* and *Garber*, the case will boil down to the relevant contracts, the underlying data, and a common economic analysis into the fundamentals of the industry and the consequences of the defendants' agreements.

Nothing is gained by having separate representation for retail establishments and consumers at this time. There is no conflict between these two types of direct purchasers, and the initial stages of the litigation will be the same for both. If discovery reveals that any category of plaintiffs warrants separate representation, arrangements for separate representation can be made then. At this point separate representation will only create redundancy and waste.

We will impose internal limitations to ensure the efficient and cost-effective prosecution of these actions.[2] Of course, our firms will also be pleased to work with other firms as the Court deems appropriate or as the needs of the litigation require. We recognize that other plaintiffs' counsel may have valuable insights or skill sets that can aid the class.

---

[2] To further streamline this case, and avoid conflicts as to the allocation of responsibility, we recommend that the PAC be designated as the lead counsel.

5

Dated:  March 25, 2016

/s/ Marc M. Seltzer
Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

William C. Carmody
Arun Subramanian
Seth D. Ard
Ian M. Gore
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 336-8330
Fax: (212) 336-8340
igore@susmangodfrey.com
sard@susmangodfrey.com
asubramanian@susmangodfrey.com
bcarmody@susmangodfrey.com

*Attorneys for 8812 Tavern Corp., Christina Malerba, and Nicholas Racklin*

Howard I. Langer, *Pro Hac Vice*
Edward Diver, Pro Hac Vice
Peter Leckman (235721)
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19130
Phone: (215) 320-5660
Fax: (215) 320-5703

| | |
|---|---|
| 1 | Richard Koffman, *Pro Hac Vice* |
| 2 | Jeffrey Dubner, P*ro Hac Vice* |
| 3 | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| 4 | 1100 New York Ave, NW, Suite 500 |
| 5 | Washington, DC 20005<br>Phone: (202) 408-4600 |
| 6 | Fax: (202) 408-4699 |
| 7 | *Attorneys for New Lounge 4324, LLC, Pedal* |
| 8 | *Haus Brewery, LLC, Trilogy Holding, LLC,* |
| 9 | *Whiskey Rocks Tempe, LLC, and Jonathan Franzen* |