Alexander M. Schack, Bar No. 99126
AlexSchack@amslawoffice.com
THE LAW OFFICES OF
ALEXANDER M. SCHACK
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone: (858) 485-6535
Fax: (858) 485-0608

*Attorneys for Plaintiffs Michael Holinko, individually and on behalf of all others similarly situated.*

Art Murray (*pro hac vice*)
amurray@murray-lawfirm.com
MURRAY LAW FIRM
650 Poydras St., Ste. 2150
New Orleans, LA 70130
Telephone: (504) 525-8100
Fax: (504) 584-5249

*Attorneys for Plaintiffs Robert Gary Lippincott, Jr., individually and on behalf of all others similarly situated; and Jammers, Inc. d/b/a Flight Restaurant/Flights Beer Bar.*

(Additional Counsel for Plaintiffs Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-BRO (JEMx)<br><br>**JOINT APPLICATION OF MURRAY LAW FIRM AND THE LAW OFFICES OF ALEXANDER M. SCHACK TO BE APPOINTED CO-LEAD COUNSEL FOR RESIDENTIAL CONSUMER PLAINTIFFS**<br><br>Hon. Beverly Reid O'Connell<br><br>DATE: May 18, 2016<br>TIME: 1:30 p. m.<br>LOCATION: Courtroom 14 |

i

On behalf of Murray Law Firm ("Murray") and The Law Offices of Alexander M. Schack ("Schack"), we respectfully submit this application to be appointed Co-Lead Counsel[1] for the residential consumer plaintiffs in the above-referenced litigation. Seven law firms have worked cooperatively to organize the residential consumer side of this litigation.[2]

### 1. Residential and Commercial Plaintiffs Should Be Separately Represented

This application is supported by all law firms representing residential consumer plaintiffs, with the sole exception of Pomerantz Law Firm, which is filing its own application. Plaintiffs have attempted to establish among themselves an appropriate leadership structure for this case; however, a fundamental disagreement exists regarding whether the commercial and residential plaintiffs merit separate representation, or a single, "unitary" representation. The Applicants, along with the vast majority of plaintiffs' counsel in this litigation, assert that the plaintiffs would be better served by a coordinated, two-track leadership than by a unitary structure.

Recent MDLs have used this form of organization with some frequency, deriving it from the Manual on Complex Litigation directive: "The most important [factor] is achieving efficiency and economy *without jeopardizing fairness to the parties*."[3] Although the two tracks will be coordinated in many respects, there are substantial differences between them which have the potential to jeopardize fairness

---

[1] We apply alternatively as members of a Plaintiffs' Administrative/Management Committee if preferred by the Court.

[2] In addition to Murray and Schack, we expect that attorney Abbas Kazerouni, who filed the very first case in this matter on June 17, 2015, will act as liaison counsel on our behalf with the commercial subscribers and the Defendants. Attorney Todd Friedman of Los Angeles will be available on short notice for any ex parte appearances, and attorneys Tom Zimmerman and Adam Tamburelli will assist in coordinating both law and motion and discovery matters. The remaining residential firms, sans Pomerantz, have agreed to equally share in the workload in order to bring about an efficient resolution to this case. This group likewise will cooperate with any additional counsel who wish contribute their efforts to this prosecution.

[3] Manual for Complex Litigation, Fourth, Section 10.221 (emphasis added)

1

to the plaintiffs under a unitary leadership. As such, the court should establish two independent leadership structures.[4]

First, the marketing and sale of the NFL Sunday Ticket Package are crucially important to this litigation, and those facts are materially different between the residential and commercial plaintiffs. Residential purchasers of the product are end-users seeking the ability to view out-of-market NFL games in their own homes. Commercial establishments, by contrast, purchase to attract and present to paying customers who desire to watch those games. As such, the pricing of the Sunday Ticket product, and thus the calculation of damages, is markedly different between the two groups of plaintiffs: charges to commercial establishments differ widely, and depend on numerous factors about the businesses, while all residential consumers paid a flat price. Further, commercial establishments are *not permitted* to buy and exploit a residential Sunday Ticket package for commercial purposes.

These distinctions fundamentally change the analysis on whether the conduct alleged constitutes an unreasonable restraint on trade. If not found to be *per se* unlawful, defendants' conduct must be assessed under the Rule of Reason in the antitrust market or submarket relevant to that plaintiff – whether residential or commercial. It is therefore a pivotal distinction that the residential and commercial plaintiffs have defined different markets in their complaints.[5]

Secondly, the residential and commercial plaintiffs are facing early motion practice relating to arbitration under different arbitration clauses. If the unitary leadership concludes that one group's claims are more likely to be sent to arbitration than the other's, they may need to make the strategic decision to allocate less of their

---

[4] The undersigned have been communicating and coordinating with the attorneys who propose to lead a separate Commercial Track, specifically Scott Martin (Hausfeld) and Kellie Lerner (Robins Kaplan), and has no doubt such cooperation will continue should separate tracks be created.

[5] *See e.g. 8812 Tavern Corp. d/b/a Bench Sports Bar, et al. v. National Football League, Inc., et al.*, Complaint ¶¶ 101 (Sherman Act § 1) &106 (Sherman Act § 2). *But see Robert Gary Lippincott, et al. v. DirecTV, Inc., et al.*, Complaint ¶¶ 8-14 (market defined as out-of-market NFL games sold to consumers for private use within specific geographic boundaries).

2

resources to one of the groups. This also means that the claims of one group may be sent to arbitration, while the claims of the other will remain in this Court, or sent to a separate arbitration. Having a single leadership battling in two forums is likely to prejudice at least one group of plaintiffs, if not both. In a two-track structure, all plaintiffs will get the undivided attention and resources of their respective leaderships throughout the litigation.

Lastly, the residential plaintiffs will have different legal claims available to them, such as plaintiff Lippincott's CLRA claim. Such claims may take more or less time to develop during discovery and likely require different proof. It would be unfair to ask one group of plaintiffs to wait on another to get their day in court, if the delay is significant. Bearing in mind that the above are merely examples of conflicts that may arise, the inherent tensions between the two plaintiff groups will be irreconcilable if this litigation proceeds as a single track. The leadership of that unitary track will consistently find itself trying to address competing interests, to no avail. The only sure way to achieve efficiency and economy without jeopardizing fairness to any of the plaintiffs is to create separate tracks, allowing two leadership structures to handle the claims of the two plaintiff groups independently, while still requiring these separate structures to coordinate discovery and motion practice whenever possible.

### 2. Murray and Schack Have Been Deeply Involved in This Litigation Since Its Earliest Stages.

Murray and Schack have demonstrated a strong commitment to this case since the beginning. Together, they represent both commercial and residential plaintiffs.[6] They supported the consolidation of the commercial claims in the JPML, and have

---

[6] Their cases include: *Jammers, Inc. d/b/a Flight Restaurant/Flights Beer Bar v. National Football League, Inc.*, 2:15-cv-06959 (N.D. Cal. Sept. 3, 2015); *Michael Holinko, et al. v. National Football League, et al.* 2:15-cv-04606-BRO (C.D. Cal. Sept. 30, 2015; and *Lippincott v. DIRECTV, Inc. et al.*, 3:15-cv-05096-MMC (N.D. Cal. Nov. 6, 2015).

coordinated with co-counsel and worked cooperatively with them, even while a motion to remand was pending in the *Lippincott* matter.

### 3. **Murray and Schack Are Qualified For This Appointment**[7]

**Murray** has represented plaintiffs in complex actions for over twenty years. Indeed, Murray has provided court-appointed counsel in numerous MDLs and other complex actions. Arthur Murray ("Art"), one of Murray's partners, was appointed as a member of the Plaintiffs Steering Committee for the *Home Depot Data Breach MDL* (MDL 2583) by the Honorable Thomas W. Thrash, Jr., of the Northern District of Georgia; and the Honorable F. Dennis Saylor, Jr., of the District of Massachusetts, appointed him to serve on the Plaintiffs Steering Committee for *In Re Zofran* (MDL 2657). Art was Lead Counsel in *Guidry v. American Public Life Ins. Co.*, which involved the underpayment of cancer policy benefits and resulted in a substantial national class settlement that had only two opt-outs. More recently, the Honorable John Z. Lee appointed Art to serve as Co-Lead Counsel in the *Kmart Data Breach* class action in the Northern District of Illinois. Murray's institutional knowledge of the complex matters presented in this lawsuit, as well as its significant financial resources, will be fully committed to representing the plaintiffs' interests.

Murray is able to work cooperatively with the many other attorneys involved in coordinated litigation efforts. Murray is confident that fellow plaintiff's counsel, as well as counsel for the defendants in their cases, would confirm that they represent their clients' interests vigorously, but with a spirit of cooperation and unconditional professionalism.

**Schack** has represented Plaintiffs in complex antitrust cases for almost 30 years. Their Managing Partner, Alex Schack, has been lead or co-lead counsel on a series of antitrust cases emanating from the conduct of carriers in the cellular telephone industry, including Los Angeles Cellular Telephone Company and Pactel

---

[7] Further evidence of the firms' experience and skill can be found in the attached Appendix A.

Cellular. He has also litigated antitrust cases involving defendants Honeywell, US Smokeless Tobacco, Apple, Coca Cola, 7-11, Metabolife, and others. He is one of the two originating attorneys of Containerboard Products Antitrust Litigation, currently pending in the Northern District of Illinois.

Mr. Schack was lead counsel against Sempra Energy for the 2007 San Diego Wildfire Cases, which, together, have been described as "the largest mass tort in California history." He currently has a non-leadership role in the Southern California Gas Leak Cases involving residents of Porter Ranch.

Murray and Schack have consistently shown the ability to work cooperatively with other counsel for the benefit of their clients. They have formed a strong coalition of attorneys who are dedicated to bringing this litigation to a successful conclusion. They have also worked extensively with other law firms applying for leadership positions in this case, including attorneys from Hausfeld LLP and Robins Kaplan LLP, and would happily do so again. Both of those firms have a proven record of accomplishment and are committed to the highest standards of legal representation and professionalism. With that in mind, Murray and Schack wholeheartedly support their applications to serve as Co-Lead Counsel of the commercial plaintiffs in this important case.

Murray and Schack have the willingness and the ability to devote the time and resources required by this MDL; and they have a considerable history of effective leadership in both state and national actions. Both firms are pledging to provide their time and finances as Co-Lead Counsel, a serious and consequential commitment, no matter what leadership structure the Court ultimately chooses. They respectfully request that the Court appoint them as Co-Lead Counsel for the Residential Consumer Plaintiffs.

5

Respectfully submitted,

Dated: May 5, 2016

By: /s/ Alexander M. Schack
Alexander M. Schack, Bar No. 99126
AlexSchack@amslawoffice.com
THE LAW OFFICES OF
ALEXANDER M. SCHACK
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone: (858) 485-6535
Fax: (858) 485-0608

*Attorneys for Plaintiffs Michael Holinko, et al.*

By: /s/ Arthur M. Murray
Arthur M. Murray (*pro hac vice*)
amurray@murray-lawfirm.com
MURRAY LAW FIRM
650 Poydras St., Ste. 2150
New Orleans, LA 70130
Telephone: (504) 525-8100
Fax: (504) 584-5249

*Attorneys for Plaintiffs Robert Gary Lippincott, Jr., et al.; and Jammers, Inc. d/b/a Flight Restaurant/Flights Beer Bar.*