Thomas A. Zimmerman, Jr. (*pro hac vice*)
Matthew C. De Re (*pro hac vice*)
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile (312) 440-4180

Adam M. Tamburelli (SBN: 301902)
SULLIVAN, KRIEGER, TRUONG, SPAGNOLA & KLAUSNER, LLP
444 West Ocean Boulevard, Suite 1700
Long Beach, California 90802
Telephone: (562) 597-7070
Facsimile: (562) 597-7772

*Attorneys for Plaintiff Mario Aliano*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-BRO (JEMx)<br><br>Hon. Beverly Reid O'Connell<br><br>DATE: May 18, 2016<br>TIME: 1:30 p.m.<br>LOCATION: Courtroom 14<br><br>RESPONSE IN SUPPORT OF JOINT APPLICATION OF MURRAY LAW FIRM AND THE LAW OFFICES OF ALEXANDER M. SCHACK TO BE APPOINTED CO-LEAD COUNSEL FOR RESIDENTIAL CONSUMER PLAINTIFFS |

Plaintiff Mario Aliano, individually and on behalf of all others similarly situated, by and through counsel, hereby submits his response to the applications for appointment of plaintiffs' lead counsel.

Arthur Murray and Alex Schack seek a two-track leadership structure and their appointment as Co-Lead Counsel on behalf of the residential consumer plaintiffs. *See* Dkt. #130, Joint Application of Murray Law Firm and The Law Offices of Alexander M. Schack to Be Appointed Co-Lead Counsel for Residential Consumer Plaintiffs (hereinafter "Murray-Schack Application"). Additionally, the Murray-Schack Application sets forth their intent to utilize the experience and skills of other plaintiffs' attorneys, including the undersigned, in the prosecution of this litigation. *Id.* at n. 2 (recognizing a coalition of attorneys they expect to work with, including Thomas A. Zimmerman, Jr., Adam Tamburelli, Abbas Kazerouni, and Todd Friedman). Plaintiff and his counsel fully support the Murray-Schack Application.

**I. Separate Lead Counsel for Residential Consumer Plaintiffs and Commercial Plaintiffs Should be Appointed.**

There are two types of plaintiffs involved in this litigation: residential consumer plaintiffs (including Mario Aliano) and commercial plaintiffs. As explained in the Murray-Schack Application, the measure of damages and, to some extent, the legal issues are different for each class of plaintiffs. For example, with regard to damages, the pricing of the Sunday Ticket product depended on whether the purchaser was a residential consumer or a commercial plaintiff. Also, if the conduct is not found to be *per se* unlawful, then the Rule of Reason and the relevant antitrust market or submarket becomes important and the relevant market may be defined differently for each class. *See* Manual for Complex Litigation § 30.1, at 521 (4th ed.2004) (noting that the definition of the relevant market may be critical in antitrust cases). Moreover, an attorney with a plaintiff(s) in only one of these classes

cannot adequately represent the other class for which the attorney does not have a class representative.

Separate tracks are often employed when there are different classes of plaintiffs. *See In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 690 (9th Cir. 2011) (direct purchaser cases and indirect purchaser cases placed on coordinated but separate tracks and appointed different co-lead counsel to pursue the claims of each class of plaintiffs); *Musselman v. Blue Cross & Blue Shield of Alabama*, No. 13-20050-CV-MORENO, 2013 WL 4496509, at *1 (S.D. Fla. Aug. 20, 2013) (MDL was divided into two tracks: one involving claims by health care providers and the other involving claims by subscribers to health care plans).

If a single leadership structure is used, the appointed lead counsel would be confronted with the conflicting interests of the residential consumer plaintiffs and commercial plaintiffs. Separate lead counsel for each putative class will ensure that both plaintiff groups are adequately represented. Two tracks will ensure that one group's interests will not suffer should there be any delays due to any different claims or legal issues concerning the other group.

**II.  Murray and Schack are Well-Qualified to be Co-Lead Counsel for Residential Consumer Plaintiffs.**

Courts appointing lead counsel have placed great emphasis on proposed class counsel's experience and knowledge of applicable law. *See generally In Re Toys R Us Antitrust Litig.,* 191 F.R.D. 347, 351 (E.D.N.Y. 2000) ("Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."); *In re Cree, Inc. Sec. Litig.,* 219 F.R.D. 369, 373 (M.D.N.C. 2003) (appointing class counsel in a securities case where the firm had "extensive experience in representing institutional investors in securities actions throughout the country and . . . long been heavily engaged in securities and corporate litigation.").

As the Murray-Schack Application demonstrates, Arthur Murray and Alex Schack have significant complex litigation experience, including antitrust litigation.

*See* Murray-Schack Application, pp. 4-5.  They have over fifty years of complex litigation experience between them. Aliano's counsel stands ready to work cooperatively with them to coordinate litigation efforts in this matter.

**III. Aliano's Counsel Has Significant Consumer Class Action Experience and They are Prepared to Work Cooperatively with Lead Counsel and Other Plaintiffs' Counsel.**

Thomas A. Zimmerman, Jr. ("Zimmerman") is the shareholder of Zimmerman Law Offices, P.C.  He was voted one of the Top 40 Illinois Attorneys Under the Age of 40, which is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.  The Illinois Supreme Court appointed Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission, where he served for eight years.  Additionally, the Illinois Governor appointed Zimmerman to the Illinois Courts Commission, where he currently serves.  In that position, Zimmerman presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline when they are found to have engaged in misconduct.

Zimmerman has a proven track record in class action practice. As demonstrated in his Firm Biography, Zimmerman has significant experience leading the prosecution of complex class actions. (*See* Exhibit 1).  He has repeatedly served as lead counsel or co-lead counsel in such cases, is well-versed in applicable nationwide law, and will draw on his substantial knowledge and experience to assist with the representation of Residential Consumer Plaintiffs and the putative Class in this matter.

Numerous state and federal courts have recognized Zimmerman's leadership and knowledge, and appointed Zimmerman as lead or co-lead counsel in complex class actions. (*See* List of Representative Cases in Exhibit 1).

For the past 19 years, Zimmerman practices extensively and has obtained multi-million dollar jury verdicts and settlements in class action, corporate,

commercial, consumer fraud, product liability, and other complex litigation. Zimmerman and his firm have been appointed lead or co-lead counsel in class actions across the country, including:

- Class Action for Consumer Fraud — $62 million recovery for a nationwide class of customers who purchased products that were fraudulently advertised to reduce cellulite in the human body.

- Class Action to Recover Cellular Phone Fee — $48 million recovery for a statewide Illinois class of businesses and individuals who paid an unconstitutional municipal infrastructure maintenance fee on their cellular phone bills.

- Class Action for Fraud — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation numbers.

- Class Action for Power Outages — $7.75 million recovery for a statewide Illinois class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages.

- Class Action for Privacy Violation — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed.

- Class Action for Unsolicited Faxes — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements.

- Class Action for Fraud — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling.

Adam M. Tamburelli ("Tamburelli") has over nine years of experience in complex civil litigation and regulatory compliance, with an emphasis on class action litigation. (*See* Exhibit 2). He has served as lead or co-lead counsel in numerous class actions in federal and state courts around the country involving millions of dollars, many of which have received significant media attention.

Tamburelli regularly represents individuals asserting claims for consumer fraud and deceptive practices, product mislabeling, privacy violations, breach of contract, product liability, civil RICO, and antitrust violations. (*See* Exhibit 2). He has worked cooperatively with dozens of law firms throughout the country in multi-party and Multidistrict Litigation proceedings in various capacities against companies such as Airgas, Wal-Mart, Target, Beiersdorf, Subway, United Airlines, ADT, and GMRI, Inc. (Olive Garden's parent company), among others.

### IV. The Coalition of Attorneys for Residential Consumer Plaintiffs Proposed by the Murray-Schack Application Has Sufficient Resources to Advance the Litigation In a Timely Manner.

Courts often consider the resources that proposed class counsel will commit to the prosecution of the lawsuit. *LeBeau v. United States,* 222 F.R.D. 613, 619 (D. S.D. 2004) ("In considering the resources that counsel will commit to represent the class, the Court may consider the staff, supplies and professional commitments of that attorney.") (citation omitted). The Murray-Schack Application demonstrates that they have the necessary resources to prosecute this litigation. Also, the cases that Zimmerman has led evidences that he also has the resources necessary to fund this litigation. (*See* Exhibit 1). These cases were protracted, hard-fought class actions that were litigated by some of the most capable defense counsel in the country. Finally, Zimmerman represented plaintiffs in these cases on a wholly contingent basis, advanced enormous costs and expenses on behalf of the class members, and litigated these cases tirelessly at the trial and appellate levels, securing many landmark rulings along the way.

Likewise, Tamburelli and his firm have the willingness and ability to devote the necessary time and resources to this litigation.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | | |
| 3 | Dated: May 11, 2016 | By: /s/ Thomas A. Zimmerman, Jr. |
| 4 | | |
| 5 | | Thomas A. Zimmerman, Jr. (*pro hac vice*) |
| | | Matthew C. De Re (*pro hac vice*) |
| 6 | | Zimmerman Law Offices, P.C. |
| | | 77 W. Washington Street, Suite 1220 |
| 7 | | Chicago, Illinois 60602 |
| 8 | | Telephone: (312) 440-0020 |
| | | Facsimile (312) 440-4180 |
| 9 | | |
| 10 | | Adam M. Tamburelli (SBN: 301902) |
| | | SULLIVAN, KRIEGER, TRUONG, |
| 11 | |   SPAGNOLA & KLAUSNER, LLP |
| 12 | | 444 West Ocean Boulevard, Suite 1700 |
| | | Long Beach, California 90802 |
| 13 | | Telephone: (562) 597-7070 |
| 14 | | Facsimile: (562) 597-7772 |