**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE: MOTION TO CONSOLIDATE [85]

## I.     INTRODUCTION

As of today's date, a total of twenty-seven related class action complaints have been filed against defendants DirecTV, LLC, DirecTV Holdings LLC (together, "DIRECTV"), National Football League, Inc. and NFL Enterprises LLC (together, the "NFL"), and additional defendants[1] in select cases (collectively, the "Defendants").[2] Pending before the Court is Plaintiffs' Joint Motion to Consolidate. (Dkt. No. 85.) After consideration of the papers filed in support of and in opposition to the instant Motion, as well as the arguments of counsel at the Case Management Conference held on May 18, 2016, the Court **GRANTS** Plaintiffs' Joint Motion to Consolidate for pretrial purposes.

---

[1] Two of the Pending Actions name other DIRECTV entities as defendants. *See Abrahamian v. Nat'l Football League, Inc. et al.*, Case No. 2:15-cv-04606-BRO (JEMx) (naming DirecTV Sports Networks LLC as a defendant); *Sir Waldon Inc. v. Nat'l Football League, Inc., et al.*, Case No. 2:16-cv-01025-BRO (JEMx) (naming DirecTV Group Holdings LLC as a defendant). Three of the Pending Actions name CBS Corporation ("CBS"), Fox Broadcasting Company ("Fox"), NBCUniversal Media, LLC ("NBC"), ESPN Inc. ("ESPN"), and thirty-two NFL professional football teams as defendants. *See Trilogy Holding, LLC, et al. v. Nat'l Football League, Inc., et al.*, Case No. 15-cv-10000-BRO (JEMx); *Dassa v. Nat'l Football League, Inc., et al.*, Case No. 1:15-cv-10002-BRO (JEMx); *T-3 Rests., Inc. v. NFL Enters. LLC, et al.*, Case No. 2:16-cv-00029-BRO (JEMx).

[2] A list of the twenty-seven related cases (the "Pending Actions") is set forth in Schedule A to this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

## II. BACKGROUND

The NFL and its thirty-two member clubs play an annual series of football games that culminate in the Super Bowl championship. (Dkt. No. 116 at 2 ¶ 1.) The NFL and its clubs, acting through the League, collectively license the television broadcast rights to these games. (*Id.*) During its 2015 regular season, the NFL generally scheduled between ten and thirteen games on Sunday afternoons, which were televised on CBS and Fox. (*Id.* ¶ 2.) The NFL generally scheduled one football game each on Thursday, Sunday, and Monday nights; CBS and the NFL Network televised the Thursday night games, NBC televised the Sunday night games, and ESPN televised the Monday night games. (Dkt. No. 116 at 2–3 ¶ 2.)

On Sunday afternoons during the regular NFL season, television viewers generally have free, over-the-air access to every game played by the team or teams located in or near the viewer's local area. (Dkt. No. 116 at 3 ¶ 3.) Television viewers also have free access to at least two "out-of-market" games, or games played between teams based outside of the viewer's local area. (*Id.*)

DIRECTV is a provider of direct broadcast satellite television service in the United States. (*Id.* ¶ 4.) The NFL has licensed to DIRECTV the exclusive right to redistribute, with limited exceptions, the live telecasts of all NFL teams' Sunday afternoon regular season games currently produced by Fox and CBS. (*Id.* ¶ 5.) Under that license agreement, DIRECTV exclusively redistributes a package of out-of-market NFL games played on Sunday afternoons—the "Sunday Ticket" package. (*Id.*)

Plaintiffs consist of residential and commercial purchasers[3] of the NFL's Sunday Ticket package. (*Id.* ¶ 6.) Plaintiffs allege that Defendants have violated federal antitrust laws by entering into anticompetitive agreements regarding the right to broadcast live NFL games. More specifically, Plaintiffs claim that the NFL has granted DIRECTV the exclusive right to broadcast live out-of-market NFL games.

---

[3] Certain Pending Actions assert claims on behalf of putative classes of residential or commercial subscribers, while other Pending Actions assert causes of action on behalf of a class comprised of both residential and commercial subscribers.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

  The Judicial Panel on Multidistrict Litigation (the "J.P.M.L.") transferred the six actions pending at that time in the Central District of California and the Southern District of New York, as well as fifteen related tag-along actions, to this Court on December 10, 2015, "for coordinated or consolidated pretrial proceedings" under 28 U.S.C. § 1407. (Dkt. No. 1.)  On February 1, 2016, this Court scheduled a Case Management Conference and set the briefing schedule regarding a motion to consolidate. (Dkt. No. 27 (the "Case Management Order").)  Pursuant to the Court's Case Management Order, Plaintiffs filed the instant Motion to Consolidate on February 29, 2016.  (Dkt. Nos. 85, 86.)  Defendants responded to Plaintiffs' Motion to Consolidate on March 7, 2016.  (Dkt. No. 95.)  The Court subsequently continued the Case Management Conference to May 18, 2016.  (*See* Dkt. No. 97.)  Plaintiffs filed a reply in support of their Motion to Consolidate on March 14, 2016.  (Dkt No. 105.)  On March 22, 2016, the Court continued the hearing on Plaintiffs' Motion to Consolidate to the same date as the Case Management Conference.  (*See* Dkt. No. 114.)  The Court held the Case Management Conference on May 18, 2016.  (Dkt. No. 140.)

## III. LEGAL STANDARD

  Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

  In determining whether to consolidate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *accord Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) ("To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.").  While consolidation is generally favored, *see Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)), the moving party bears the burden of showing it is appropriate, *In re*

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

*Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993); *accord Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

## IV.   DISCUSSION

The Pending Actions involve many of the same defendants, factual allegations, and causes of action, which relate to the same set of alleged anticompetitive agreements among the Defendants.  (*See* Dkt. No. 116 at 4 ("This MDL concerns a horizontal agreement among the NFL and its 32 member teams to not compete with respect to the sale of television broadcast rights for live, out-of-market NFL games and to combine those rights into a single package, and a corresponding agreement with DIRECTV to sell that package in a long-term exclusive deal."); *id.* at 7 ("Defendants understand that plaintiffs principally challenge the contractual arrangement whereby the NFL has granted DIRECTV certain exclusive rights to distribute the Sunday Ticket package of 'out-of-market' games.").

The J.P.M.L.'s Transfer Order identified that the Pending Actions "involve common questions of fact."  (Dkt. No. 1 at 1 (stating that the "actions share complex factual questions arising out of [the same] allegations"); *see also id.* at 2 ("Common questions of fact will include whether defendants entered into the alleged agreements and the terms thereof; the effect of the alleged agreements on the relevant market; whether defendants have pro-competitive justifications for the alleged conduct; and the scope of relief.").)  The J.P.M.L. further recognized that "all actions are on behalf of overlapping putative nationwide classes of subscribers to DIRECTV's NFL Sunday Ticket service." (*Id.*)

Even though the cases present a common question of law and fact, the Court must "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene*, 743 F.2d at 704.  "To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc.*, 303 F. Supp. 2d at 1028.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

    Similar to the reasons given by the J.P.M.L. for centralization, consolidation of the Pending Actions for pretrial purposes will "serve the conveniences of the parties and witnesses and promote the just and efficient conduct of this litigation," (Dkt. No. 1 at 1); consolidation "will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary," (*id.* at 2). Efficiency considerations and judicial economy thus favor consolidation. In contrast, the Court is not aware of any delay or prejudice to the parties that would result from consolidation of the Pending Actions. Nor has any party identified any prejudice to the parties.

    Defendants do not oppose consolidation; in fact, "Defendants agree that consolidation of the [Pending Actions] is appropriate." (Dkt. No. 95 at 2.) Instead, Defendants argue that "Plaintiffs should file a superseding complaint that consolidates the actions for all purposes." (*Id.*) Defendants take issue with the potential "unfettered discretion" by Plaintiffs "to determine the number and nature of any consolidated amended complaints." (*Id.* (citing Dkt. No. 85 at 3 (requesting an order "[a]uthorizing the PAC, once appointed, to determine the precise number and structure of the consolidated class actions [sic] complaint or complaints to be filed in this Multidistrict Litigation and determining the form and content of any consolidated complaint or complaints"))).

    Although Plaintiffs may be "entitled to exercise their discretion in deciding the claims they wish to assert and against whom those claims are to be asserted in any consolidated complaint," (Dkt. No. 105 at 2), the Court is not persuaded that Plaintiffs would be prejudiced by the filing of a single consolidated complaint at this time. Plaintiffs have not provided a sufficient reason to warrant filing multiple complaints in this case.

## V.    CONCLUSION

    For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Consolidate and hereby **ORDERS** consolidation of the cases listed in Schedule A for pretrial purposes. Any tag-along actions later transferred to this Court by the Judicial Panel on Multidistrict Litigation and any related actions later filed in or removed to this Court shall

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

be consolidated for pretrial purposes under *In re: National Football Leagues Sunday Ticket Antitrust Litigation*, Case No. ML 15-02668-BRO (JEMx).  The Court further **ORDERS** the Court Clerk to administratively close the Pending Actions listed in Schedule A.   The Clerk is to add all parties and counsel in the Case No. ML 15-02668-BRO (JEMx) from the list of cases on Schedule A.   Plaintiffs shall file a Consolidated Complaint **by no later than Friday, June 24, 2016**.  Within ten days after service of this Order, any party to a newly-filed, removed, or transferred action that is subject to this Order may object to the application of this Order, by filing an application for relief with the Court.

**IT IS SO ORDERED.**

:

Initials of Preparer     rf

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# Schedule A

| CASE NO. | CASE NAME | FILED |
|---|---|---|
| 15-04606 | Thomas Abrahamian v. National Football League, Inc. et al | 6/17/15 |
| 15-05261 | Ninth Inning Inc. v. National Football League, Inc. et al | 7/13/15 |
| 15-05508 | Mario Aliano v. National Football League, Inc. et al (voluntarily dismissed on 9/11/2015) | 7/21/15 |
| 15-05813 | Rookies Sports Cafe, L.L.C. et al v. National Football League, Inc. et | 7/31/15 |
| 15-06145 | 1465 3rd Ave. Rest. Corp. v. National Football League, Inc. et al | 8/13/15 |
| 15-06402 | Main Street America Ltd. v. National Football League, Inc. et al | 8/21/15 |
| 15-06729 | The Infirmary LLC vs. National Football League Inc et al. | 9/1/15 |
| 15-06959 | Jammers, Inc. d/b/a Flight Restaurant/Flights Beer Bar v. National Football League, Inc. et al | 9/3/15 |
| 15-07095 | DNW Foods Inc. v. National Football League, Inc. et al | 9/9/15 |
| 15-07305 | Pizza Pie and Wing Co. LLC v. National Football League, Inc. et al | 9/17/15 |
| 15-07556 | Ambrose BD, LLC et al v. National Football League, Inc. et al | 9/25/15 |
| 15-07665 | Michael Holinko v. National Football League et al | 9/30/15 |
| 15-08241 | Village Pub, LLC v. National Football League, Inc. et al | 10/21/15 |
| 15-08961 | NYN, Inc. v. National Football League, Inc. et al | 11/17/15 |
| 15-09175 | P.J. Hafiz Club Management, Inc. v. National Football League, Inc. et | 11/25/15 |
| 15-09180 | Two Pauls, Inc. v. National Football League, Inc. et al | 11/25/15 |
| 15-09366 | Duck Duck LLC et al v. National Football League Inc et al | 12/3/15 |
| 15-09529 | 8812 Tavern Corp. d/b/a Bench Sports Bar et al v. National Football League, Inc. et al | 12/10/15 |
| 15-09655 | Jon2 LLC et al v. National Football League, Inc. et al | 12/15/15 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 15-09794 | JS Entertainment, Inc et al v. National Football League Inc et al | 12/21/15 |
| 15-09944 | Seifert Holdings, Inc. v. National Football League, Inc. et al | 12/29/15 |
| 15-09996 | Robert Gary Lippincott, Jr. v. DIRECTV, Inc. et al | 12/30/15 |
| 15-09998 | D.J.'s Sports Bar, Inc. v. DirecTV Holdings LLC et al | 12/30/15 |
| 15-10000 | Trilogy Holding, LLC et al v. National Football League, Inc. et al | 12/30/15 |
| 15-10002 | Dassa v. National Football League, Inc. et al | 1/7/16 |
| 16-00029 | T-3 Restaurants, Inc. v. NFL Enterprises LLC et al | 1/4/16 |
| 16-01025 | Sir Waldon, Inc. v. National Football League et al | 2/12/16 |