UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER RE: APPLICATIONS FOR APPOINTMENT OF LEAD PLAINTIFFS' COUNSEL [85]

### I. INTRODUCTION

Pending before the Court are four applications for appointment as lead counsel in this multidistrict litigation ("MDL"). (Dkt. Nos. 127, 128, 129, 130.) The Court has considered the papers filed in support of and in opposition to the instant applications, as well as the proposals and arguments of counsel at the Case Management Conference held on May 18, 2016. For the foregoing reasons, the Court agrees with Plaintiffs' Counsel's proposal, as outlined by attorney Marc M. Seltzer of Susman Godfrey L.L.P. at the Case Management Conference.

### II. BACKGROUND

Plaintiffs consist of residential and commercial purchasers[1] of the National Football League's ("NFL") Sunday Ticket package, the subscription service through which DIRECTV broadcasts out-of-market NFL games[2] to DIRECTV subscribers.

---

[1] Certain Pending Actions assert claims on behalf of putative classes of residential or commercial subscribers, while other Pending Actions assert causes of action on behalf of a class comprised of both residential and commercial subscribers.

[2] Out-of-market NFL games are defined as live, Sunday NFL games that are not otherwise broadcast by CBS or Fox (or formerly NBC) within a viewer's local television market.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

Plaintiffs allege that Defendants have violated federal antitrust laws by entering into anticompetitive agreements regarding the right to broadcast live NFL games. More specifically, Plaintiffs claim that the NFL has granted DIRECTV the exclusive right to broadcast live out-of-market NFL games.

On February 1, 2016, this Court entered an Order Setting Case Management Conference and Briefing Schedule. (Dkt. No. 27 (the "Case Management Order").) The Case Management Order proposed the appointment of a Plaintiffs' Steering Committee (or "PSC") and a Plaintiffs' Administrative/Management Committee (or "PAC"). (*Id.* at 3.) The Case Management Order indicated the Court's "prefer[ence] that counsel make arrangements among themselves as to the membership of these committees," but provided that if the parties could not reach agreement, the Court would designate members of the committees following the receipt and consideration of applications submitted by interested counsel. (*Id.* at 3–4.) The Court subsequently continued the Case Management Conference to May 18, 2016. (*See* Dkt. No. 97.)

On April 22, 2016, Plaintiffs filed a Stipulation Regarding Appointment to Leadership Positions, which stated that an "agreement [had] not been reached by plaintiffs' counsel on the proposed appointment to case leadership positions." (Dkt. No. 122 at 2.) The Court granted Plaintiffs' Stipulation on May 4, 2016, and ordered any interested Plaintiffs' Counsel to apply for appointment to leadership positions by filing a pleading not to exceed five pages in length. (Dkt. No. 124 at 2.)

On May 5, 2016, the following Plaintiffs' Counsel filed applications with the Court: (1) Hausfeld LLP ("Hausfeld") and Robins Kaplan LLP ("Robins") on behalf of Commercial Establishment Plaintiffs (together, "Hausfeld/Robins"), (Dkt. No. 127); (2) Dena C. Sharp and Girard Gibbs LLP ("Girard Gibbs"), (Dkt. No. 128); (3) Marc M. Seltzer and Susman Godfrey L.L.P. ("Susman") and Howard I. Langer and Langer, Grogan & Diver L.L.P. ("Langer") for appointment as PAC, and Richard Koffman and Cohen Milstein L.L.P. ("Cohen Milstein") for appointment as PSC (together, "Susman/Langer/Cohen"), (Dkt. No. 129); and, (4) the Murray Law Firm ("Murray") and The Law Offices of Alexander M. Schack ("Schack") on behalf of Residential Consumer Plaintiffs (together, "Murray/Schack"), (Dkt. No. 130).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

On May 11, 2016, Hausfeld/Robins[3], Girard Gibbs, and Susman/Langer/Cohen filed responses in support of their applications for appointment. (Dkt. Nos. 132, 136, 137.) That same day, Counsel for Plaintiff Thomas Abrahamian and Plaintiff Mario Aliano filed pleadings in support of Murray/Schack's appointment as co-lead counsel for the residential consumer Plaintiffs. (*See* Dkt. Nos. 134, 135.)

The Court held an initial Case Management Conference on May 18, 2016. (Dkt. No. 140.) Plaintiffs' counsel requested a continuance to meet and confer in order to come to an agreement regarding appointment to leadership positions. The Court granted Plaintiffs' Counsel approximately two additional hours for counsel to meet and confer. Upon conclusion of the conference, Mr. Seltzer indicated that Plaintiffs' Counsel, with the exception of one attorney, reached the following agreement:

- The following four firms and respective attorneys would act as Co-Lead Plaintiffs' Counsel, who would supervise, direct, and oversee the management of the litigation:
    - Marc M. Seltzer and Susman Godfrey L.L.P.;
    - Hollis Salzman and Robins Kaplan LLP;
    - Howard I. Langer and Langer, Grogan & Diver L.L.P.; and,
    - Scott Martin and Hausfeld LLP.

- The PSC would be comprised of five firms, including two firms and their respective attorneys as Co-Chairs of the PSC:
    - Richard Koffman and Cohen Milstein L.L.P. (Co-Chair on behalf of commercial establishment plaintiffs);
    - Arthur Murray and Murray Law Firm (Co-Chair on behalf of residential consumer plaintiffs); and,
    - three additional PSC members to be determined by Co-Lead Plaintiffs' Counsel and submitted to the Court for approval.

---

[3] Murray/Schack joined Hausfeld/Robins in their response. (*See* Dkt. No. 133.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

Ms. Sharp of Girard Gibbs objected to the proposal, arguing that she should be appointed to the leadership structure.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Rule 23(g)(1)(A) states that a court "must consider" the following factors in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). A court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### IV. DISCUSSION

Because Plaintiffs' Counsel generally agree on the appointment of the Susman, Langer, Cohen, Hausfeld, Robins, and Murray firms, the Court will first consider the Rule 23(g) factors with respect to these firms. As described below, the Court finds that these proposed firms would fairly and adequately represent the interests of the putative class(es). The Court will then address Girard Gibb's objections to the proposal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

### A. Susman/Langer/Cohen

Langer and Cohen pursued similar actions against the National Hockey League and Major League Baseball in *Laumann v. Nat'l Hockey League*, Case No. CV 12-1817 (S.D.N.Y.) and *Garber v. Office of the Commissioner of Baseball*, Case No. CV 12-3704 (S.D.N.Y.). (Dkt. No. 129 at 3.) They claim that their identification of potential claims in those similar cases led to the filing of the complaints against the NFL. (*Id.*) Based on their experience litigating *Laumann* and *Garber*, Langer and Cohen "have acquired a thorough understanding of the applicable law and knowledge of the sports broadcasting industry over the last four years, and have already navigated many of the legal and factual issues that will arise in this litigation." (Dkt. No. 129 at 3.) Susman/Langer/Cohen have decades of experience leading—and obtaining successful outcomes in—complex, nationwide class actions. (*See* Dkt. Nos. 129-1 (Mr. Seltzer's profile), 129-2 (Mr. Langer's profile), 129-3 (Mr. Koffman's profile).)

With respect to their willingness to devote the necessary resources, Susman and Cohen employ 115 and 80 attorneys, respectively, in their offices nationwide. (Dkt. No. 129 at 6 ("As two of the largest law firms in the country handling contingent litigation on behalf of plaintiffs, Susman Godfrey and Cohen Milstein have invested significant manpower and financial resources representing clients in some of the largest and most complex cases ever litigated.").) Mr. Langer has indicated that he "will personally litigate this case and will commit his firm's resources as he did in" *Laumann* and *Garber*. (*Id.*) Mr. Seltzer of Susman also agreed to personally litigate the case.

### B. Hausfeld/Robins

Hausfeld and Robins filed the first and third actions, respectively, on behalf of commercial establishments. *See Ninth Inning Inc. v. Nat'l Football League, Inc. et al.*, Case No. CV 15-05261-BRO (JEMx) (filed July 13, 2015); *1465 3rd Ave. Rest. Corp. v. Nat'l Football League, Inc. et al.*, Case No. CV 15-06145-BRO (JEMx) (filed August 13, 2015). Hausfeld began investigating the facts and developing the original legal theory of the case approximately one year prior to its filing. (Dkt. No. 127 at 3 n.5.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

Hausfeld has served in a leadership role in more than thirty antitrust class actions, including MDLs, over the past eight years, including a number of recent selections as lead counsel. (Dkt. No. 127 at 4; *see* id. at 13–16.) Robins has successfully represented plaintiffs in antitrust class actions; Ms. Salzman currently serves as co-lead counsel in a different MDL. (*Id.* at 5.) Each agreed to personally litigate this matter.

Together, Hausfeld/Robins have "attorneys with substantial first-chair trial experience." (*Id.* at 6; *see also id.* at 13 (describing that Hausfeld has attorneys in eight offices worldwide); *id.* at 20 (providing that Robins has more than 220 attorneys in six major cities).) The firms have further indicated that Hausfeld's Chairman is "personally engaged in this matter," and that Robins's National Trial Chair "will also be involved." (*Id.* at 6.)

### C. Murray[4]

Murray claims to have been "deeply" involved in this litigation since its "earliest" stages, describing that it supported the consolidation of the commercial claims when the case was before the J.P.M.L. (Dkt. No. 130 at 4–5.) Moreover, Murray has over twenty years of experience representing plaintiffs in complex actions, and has provided court-appointed counsel in numerous MDLs and other complex cases. (*Id.* at 5.) Murray fully commits its "institutional knowledge of the complex matters presented in this lawsuit, as well as its significant financial resources" to representing Plaintiffs' interests in this case. (*Id.* at 5; *see also* Dkt. No. 130-1 at 1 (stating that Murray employs eleven attorneys).)

### D. Girard Gibbs's Objection to Plaintiffs' Counsel's Proposal

Girard Gibbs admits that "[o]ther capable attorneys and law firms have applied for appointment as lead counsel." (Dkt. No. 136 at 2.) In fact, it "acknowledges" that Ms. Sharp "has less experience than some attorneys seeking leadership positions." (Dkt. No. 128 at 3.) Rather, Girard Gibbs argues that "the Court should consider the desirability of

---

[4] Although Murray originally applied for appointment in conjunction with Schack, the Court construes Schack's lack of objection to Plaintiffs' Counsel's proposal as a withdrawal of Schack's application for appointment. Accordingly, the Court will only address Murray's adequacy under the Rule 23(g) factors here.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

diversifying leadership roles in multidistrict litigation." (*Id.* at 4 (citing Elizabeth Chamblee Burch, *Judging Multidistrict Litigation*, 90 N.Y.U. L. REV. 71, 121 (2015); Duke Law Center for Judicial Studies, Standards and Best Practices for Large Mass-Tort MDLs, at 46 (Dec. 19, 2014)).)

At the Case Management Conference, Ms. Sharp argued that the proposal fails to take into account the benefits of having a lean structure. She reiterated Girard Gibbs's contention that the "fresh perspectives" of "younger attorneys" who may not have lengthy resumes would be valuable in a case such as this one.

While the Court appreciates these arguments, the Court must determine which applicants will best represent the interests of the putative class(es) in this MDL. As Girard Gibbs recognizes, "[c]oordination . . . will be essential." (Dkt. No. 136 at 3.) At the Case Management Conference, Ms. Sharp referred to her firm "as the fly in the ointment." The Court finds that Susman/Langer/Cohen, Hausfeld/Kaplan, and Murray will best represent the Plaintiffs in this case. This is particularly true given these firms' and their respective attorneys' abilities to cooperate and make decisions on behalf of the Plaintiffs thus far. Although it is possible that the proposal may not provide the most lean management structure, the Court finds that Plaintiffs' Counsel's proposal recommends appointment of highly qualified attorneys and law firms, and accommodates for the potential diverging interests among residential consumer plaintiffs and commercial establishment plaintiffs.

## V. CONCLUSION

For the reasons stated, the Court **GRANTS in part** and **DENIES in part** Hausfeld/Robins's application, **GRANTS in part** and **DENIES in part** Susman/Langer/Cohen's application, and **GRANTS in part** and **DENIES in part** Murray/Schack's application. The Court **DENIES** Girard Gibbs's application for

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ML 15-02668-BRO (JEMx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | IN RE: NATIONAL FOOTBALL LEAGUES SUNDAY TICKET ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

appointment. Because the Court agrees with Plaintiffs' Counsel's proposal as outlined at the Case Management Conference on May 18, 2016, Plaintiffs' Counsel is **ORDERED** to file a Proposed Order identifying and outlining the roles of the four Interim Co-Lead Plaintiffs' Counsel and five PSC members, including proposed discovery deadlines, consistent with this Court's Order, **by no later than Friday, June 3, 2016**.

**IT IS SO ORDERED.** :

Initials of Preparer   rf