Beth A. Wilkinson (admitted *pro hac vice*)
Jonathan D. Kelley (admitted *pro hac vice*)
**WILKINSON WALSH + ESKOVITZ LLP**
1900 M Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonwalsh.com
jkelley@wilkinsonwalsh.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668-BRO (JEMx)<br><br>Hon. Beverly Reid O'Connell<br><br>**NFL DEFENDANTS' UNOPPOSED APPLICATION TO FILE DOCUMENTS UNDER SEAL** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

Defendants the National Football League ("NFL"), NFL Enterprises LLC, and the individual NFL Clubs (collectively "the NFL Defendants") seek an order authorizing the NFL Defendants to submit under seal Exhibits 1-4 to the Declaration of Derek Ludwin in Support of the NFL Defendants' Motion to Dismiss. The NFL Defendants submit the attached Declarations of Dolores DiBella

(NFL), Kai Dhaliwal (FOX), Robert Correa (CBS), and Christopher A. Murphy (DIRECTV) in support of this application. The NFL Defendants have met and conferred with plaintiffs regarding this application, and plaintiffs do not oppose the application.[1]

## I. LEGAL STANDARD

A party seeking to seal judicial records related to a dispositive motion can overcome the presumption of public access to judicial records by demonstrating "sufficiently compelling reasons" overriding the public policy favoring disclosure. *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (internal quotation marks omitted). Federal Rule of Civil Procedure 26(c) identifies the protection of "a trade secret or other confidential research, development, or commercial information" as a sufficiently compelling reason to seal a judicial record. Fed. R. Civ. P. 26(c)(1)(G). "[C]ompelling reasons" also exist if the absence of sealing could result in confidential documents being used "as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (citation and internal quotation marks omitted).

## II. SUFFICIENTLY COMPELLING REASONS EXIST TO SEAL EXHIBITS 1-4.

For the reasons set forth in the DiBella, Dhaliwal, Correa, and Murphy Declarations, the Court should permit the filing under seal of Exhibits 1-4. Those exhibits contain and reflect highly sensitive competitive business information of parties NFL and DIRECTV and third parties CBS and FOX. That competitively sensitive information includes confidential contractual terms and fee commitments,

---

[1] In stating that they do not oppose this application, and having not seen the underlying materials, plaintiffs' counsel reserved the right to seek to unseal the materials as well as to object to the Court's consideration of those materials in connection with the NFL Defendants' motion to dismiss.

the disclosure of which would impose significant, irreparable competitive harm on the contracting parties, undermining their ability to license intellectual property in a variety of contexts.  (*See* DiBella Decl. ¶¶ 3, 4.)

Exhibit 1 contains and reflects excerpts from the broadcast licensing agreement between the NFL and third party CBS. (*Id*.) Exhibit 2 contains and reflects excerpts from the broadcast licensing agreement between the NFL and third party FOX. (*Id*.) Exhibit 3 contains and reflects the terms of the currently effective distribution agreement between defendants NFL and DIRECTV. (*Id*.) Exhibit 4 contains and reflects the terms of the distribution agreement between defendants NFL and DIRECTV that was in force immediately prior to their current distribution agreement. (*Id*.)  These agreements are among the most competitively sensitive and important business documents of the NFL and its counterparties to the contracts. (*See, e.g.*, *Id*. ¶ 4.)

Each agreement contains a stringent mutual confidentiality provision requiring that it be kept confidential, and the NFL and the relevant counterparties have accordingly maintained the agreements in strict confidence. (*Id*. ¶ 5.) Indeed, in recognition of their highly sensitive and confidential nature, the NFL even limits internally those who can access these documents. (*Id*.) CBS, FOX, and DIRECTV similarly keep these agreements "closely guarded," allowing only an extremely limited universe of employees to access them, and otherwise maintaining their confidentiality. (*See* Dhaliwal Decl. ¶ 4;  Correa Decl. ¶ 9; Murphy Decl. ¶ 5).

The public disclosure of such information would unfairly and irrevocably harm the business interests of the NFL, CBS, FOX, and DIRECTV by revealing their confidential business information and long-term business plans, which remain as important and confidential today as they were at the time that the agreements were signed.

For example, disclosure of this confidential information would undermine the NFL's ability to negotiate effectively in future licensing transactions and similar

business contexts. (DiBella Decl. ¶ 7.)  If the NFL's competitors or potential licensees were permitted to view these materials, they would have valuable "inside" information about the way that the NFL's broadcasting and distribution agreements are structured, including, for instance, information about how the NFL prices and markets its products and intellectual property. (*Id.*) Armed with that information, competitors and potential licensees would enjoy a clear competitive advantage in their future negotiations, with respect to both broadcasting and intellectual property licensing, thereby harming the NFL in its future business dealings. (*Id.*)

Similarly, disclosure of the distribution agreements between DIRECTV and the NFL would materially harm DIRECTV's ability to compete for distribution rights going forward, by making available to DIRECTV's competitors confidential business terms. (Murphy Decl. ¶ 5.)  If the terms of the broadcast licensing agreement between the NFL and FOX were made publicly available, Fox would also suffer significant irreparable competitive harm because competing broadcasters would learn valuable business information that could help them in future competitions to obtain sports broadcasting rights, including but not limited to future NFL broadcast rights. (Dhaliwal Decl. ¶ 3.) Similarly, public disclosure of the terms of that agreement would provide other sports content rights holders (*e.g.*, other sports leagues) with valuable insights into Fox's negotiating strategies and positions that could negatively impact Fox's negotiations for other sports programming. (*Id.*)

The same is equally true for the broadcast licensing agreement between the NFL and CBS. Like the NFL, CBS would suffer similar irreparable competitive harm if its agreement with the NFL were disclosed. (*See* Correa Decl. ¶¶ 5-8.) That agreement contains heavily-negotiated business terms that, if made publicly available, would give entities with which CBS negotiates for distribution of content an unfair advantage, thereby undermining CBS's ability to negotiate different or more favorable bundles of rights in future licensing agreements. (*Id.* ¶ 5.)

Finally, public disclosure of any of these documents would undermine the NFL's ability to effectively negotiate future licensing agreements, as DIRECTV, FOX, and CBS, as well as other broadcast networks and distributors, would fear future public disclosure of their confidential business information.  (DiBella Decl. ¶ 8.)

Courts and agencies have repeatedly found distribution agreements of the kind at issue here particularly sensitive from a competitive standpoint, deserving of the highest level of confidential treatment. See *CBS Corp. v. FCC*, 785 F.3d 699, 701-02, 706-07 (D.C. Cir. 2015); *In re Comcast Corp.*, 29 FCC Rcd. 11864, 11864, 11870 (2014). That is particularly true where, as here, disclosure of trade secrets reflected in those agreements would make a third-party's confidential business information (for instance, that of FOX or CBS) available to its competitors. See *Echostar Commc'ns Corp. v. The News Corp.*, 180 F.R.D. 391, 395 (D. Colo. 1998); *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987).

The NFL Defendants anticipate that the parties will agree upon, and seek entry of, a protective order in this case, and will designate these materials under the most restrictive confidentiality protections available under that protective order. Unless and until the Court enters a protective order, we respectfully request that the disclosure of Exhibits 1-4 should be limited to plaintiffs' outside counsel, the Court, and the Court's personnel.

**III.   CONCLUSION**

For all of the foregoing reasons, the NFL Defendants' Unopposed Application to File Documents Under Seal should be granted, Exhibits 1-4 should be maintained under seal in their entirety, and these Exhibits should be disclosed only to the categories of individuals expressly listed above.

DATED:  August 8, 2016                    Respectfully Submitted,

                                          By:        */s/ Beth A. Wilkinson*

| | | |
|---|---|---|
| 1 | | |
| 2 | Gregg H. Levy (admitted pro hac vice) | Beth A. Wilkinson (admitted *pro hac vice*) |
| 3 | Derek Ludwin (admitted pro hac vice) | Jonathan D. Kelley (admitted *pro hac vice*) |
| 4 | **COVINGTON & BURLING LLP** | |
| 5 | One CityCenter, 850 Tenth Street NW Washington, DC 20001 | **WILKINSON WALSH + ESKOVITZ LLP** |
| 6 | Telephone: (202) 662-6000 | 1900 M Street NW, Suite 800 Washington, DC 20036 |
| 7 | Facsimile: (202) 662-6291 glevy@cov.com | Telephone: (202) 847-4000 Facsimile: (202) 847-4005 |
| 8 | dludwin@cov.com | bwilkinson@wilkinsonwalsh.com |
| 9 | Neema T. Sahni (Bar No. 274240) **COVINGTON & BURLING LLP** | jkelley@wilkinsonwalsh.com |
| 10 | 2029 Century Park East, Suite 3100 Los Angeles, CA 90067-3044 | Sean Eskovitz (Bar No. 241877) **WILKINSON WALSH + ESKOVITZ** |
| 11 | Telephone: (424) 332-4800 | **LLP** |
| 12 | Facsimile: (424) 332-4782 nsahni@cov.com | 11726 San Vicente Boulevard, Suite 600 Los Angeles, CA 90049 |
| 13 | | Telephone: (424) 316-4000 Facsimile: (202) 847-4005 |
| 14 | | seskovitz@wilkinsonwalsh.com |
| 15 | | |
| 16 | | *Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs* |