Marc M. Seltzer (54534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Scott Martin
Irving Scher
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com

Howard Langer
Edward Diver
Peter Leckman
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
hlanger@langergrogan.com
ndiver@langergrogan.com
pleckman@langergrogan.com

[Additional Counsel Listed in Signature Page]

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 2:15-ml-02668−BRO (JEMx)<br><br>**PLAINTIFFS' OBJECTION TO CONSIDERATION OF EXTRINSIC EVIDENCE OUTSIDE THE FACE OF PLAINTIFFS' COMPLAINT IN SUPPORT OF THE NFL DEFENDANTS' MOTION TO DISMISS**<br><br>DATE: December 12, 2016<br>TIME: 1:30 p.m.<br>PLACE: Courtroom of the Hon. Beverly Reid O'Connell |

4527035v1/014918

Plaintiffs object to the submission by the National Football League defendants (the "NFL Defendants") of extrinsic evidence outside the face of Plaintiffs' Consolidated Amended Complaint ("CAC") in support of their motion to dismiss. Rather than relying on the four corners of the complaint, the NFL Defendants have submitted four documents that they contend contradict the factual allegations in the CAC. Two documents are agreements between the NFL and DirecTV. *See* Declaration of Derek Ludwin in Support of NFL Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Ludwin Decl.") (Doc. 170-2), filed on August 08, 2016, Exs. 3 and 4. The other two documents are cherry-picked portions of contracts between the NFL and CBS and FOX. But, instead of providing complete copies of those agreements, the NFL redacted all but three paragraphs from those contracts.[1] *See* Ludwin Decl., Exs. 1 and 2.

Defendants contend that Plaintiffs incorporated these contracts by reference in the CAC even though Plaintiffs had never seen them before—and, despite repeated requests, Plaintiffs have not been provided with the complete agreements between the NFL and CBS and FOX.[2] The NFL Defendants, moreover, never argue

---

[1] Plaintiffs requested complete, unredacted copies of the agreements with CBS and FOX. Plaintiffs' counsel expressly offered to treat the agreements as highly confidential—attorney's eyes only—while a protective order is being negotiated among the parties. The NFL Defendants' counsel stated they would need to obtain consent from CBS and FOX, despite the fact that those entities apparently provided consent for the NFL Defendants' use of the contracts in support of the motion to dismiss. Rather than obtain that consent, the NFL Defendants passed Plaintiffs on to deal with counsel for CBS and FOX. Counsel for CBS have refused to provide consent, asserting confidentiality—which did not appear to be a problem in allowing the NFL Defendants to use the contracts. Counsel for FOX has been included on correspondence, but has not commented. See Declaration of Ian M. Gore, filed concurrently herewith.

[2] Plaintiffs believe they are entitled to be provided with the complete agreements in order to test the assertions made by the NFL Defendants. But even if the documents of the NFL Defendants are considered by the Court over Plaintiffs' objections, they do not support the NFL Defendants' arguments. Indeed, in their opposition to the NFL Defendants' motion to dismiss, Plaintiffs have pointed the Court to contractual provisions that actually support Plaintiffs' allegations.

that the four contracts cited in the motion to dismiss state the entire agreement among the NFL Defendants, DirecTV, CBS, and FOX.[3]

Plaintiffs respectfully submit that the Court should not consider the extra-pleading material contained in Exhibits 1-4 of the NFL Defendants' motion to dismiss and any argument based on those documents.

## ARGUMENT

"On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint and may not consider facts presented in briefs or extrinsic evidence." *Brocato v. Dep't of Corrections*, 2009 WL 3489367, at *4 (C.D. Cal. Oct. 26, 2009); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (quotation marks omitted); *Munguia v. Wells Fargo Bank N.A.*, 2015 WL 1475996, at *3 (C.D. Cal. Mar. 30, 2015) ("Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint . . . ."). Otherwise, if such materials are to be considered, the motion must be converted to one for summary judgment and plaintiffs would be allowed to take discovery to oppose the motion. These discovery rights would be especially important here in order to enable Plaintiffs to have access to evidence only in the hands of the Defendants which will shed light on the agreement at issue in this case. The Ninth Circuit has explained that there are two narrow exceptions to this rule:

> First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. If the

---

[3] If the NFL Defendants were to represent that the contracts state the entire agreement among these parties, that would only give rise to a factual dispute because Plaintiffs need not accept that representation. This contention of fact would not be ripe for determination at this stage in the proceeding and certainly not on a motion to dismiss.

documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record.

*Lee*, 250 F.3d at 688; *see also In re Immune Response Secs. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005).

The NFL Defendants do not contend that these extrinsic materials are appropriate for judicial notice nor do they contend that the Court should convert their motion to dismiss into a motion for summary judgment. Their sole argument is that the agreements have been incorporated in Plaintiffs' complaint by reference, but this simply is not the case.

Incorporation occurs "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This is, however, a "narrow exception" and "not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Secs. Litig.*, 375 F. Supp. 2d at 995.

None of the customary hallmarks of incorporation by reference are present here. While the CAC describes contractual relationships among the NFL, DirecTV, and the networks, it does not refer to any particular contract "extensively." *See Ritchie*, 342 F.3d at 908; *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997) (stating that incorporation by reference is permissible "if the complaint specifically refers to the document and if its authenticity is not questioned"). Furthermore, the CAC does not quote any portions of these documents. *See Cooper*, 137 F.3d at 623 ("[A] court ruling on a motion to dismiss may consider the full texts of documents which the complaint quotes only in part."). Given that the CAC never quotes from any of the contracts provided by the NFL and never refers to them specifically, the NFL Defendants' argument that the contracts are incorporated by reference is not

correct. More importantly, Plaintiffs' claims are not necessarily limited to the four corners of any written agreement.

While the NFL Defendants cites to *Ritchie* for the proposition that documents incorporated by reference may be considered in a motion to dismiss, that case *rejected* consideration of the extrinsic evidence at issue there because it was not referenced extensively by the plaintiff. *See* 352 F.3d at 908. Furthermore, the *Ritchie* court approvingly cited to the Wright & Miller treatise for the well-established proposition that "the mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference." *Id.* Here, the CAC does not mention the existence of these contracts specifically; instead, the CAC only makes references to contracts among the Defendants, far short of a basis to find the contracts now proffered by the NFL Defendants were incorporated by reference into the CAC.

Documents also may be incorporated by reference if "the plaintiff's complaint necessarily relies on them" and their "authenticity is not contested." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 989-99 (9th Cir. 2011). This exception, however, does not apply here for several reasons. The NFL Defendants contend that the contracts are crucial to the claims alleged in the CAC, *see* Mtn. at 10 n.1, but fail to provide any explanation for this argument. Nor can they. The claims alleged in the CAC assert that the Defendants have entered an agreement in violation of the Sherman Act. While the documents, or excerpts thereof, provided by the NFL Defendants may be relevant to these claims, they are but pieces of evidence that will show the overall anticompetitive agreement among the Defendants. Proof of Plaintiffs' claims will likely focus not just on these written contracts, but the totality of the agreements among the Defendants and their anticompetitive effects. It is expected that other writings and oral communications outside of these four

contracts regarding the purpose and effect of Defendants' arrangements will play a substantial role in proving Plaintiffs' claims.[4] This is a Sherman Act case, not a breach of contract action; the antitrust claims alleged in the CAC will not rise or fall solely on the basis of the language of these four contracts. Indeed, in an antitrust case, an illegal agreement is often proven by evidence that goes far beyond the language of any formal written agreement between the parties.

Plaintiffs further object to the NFL Defendants' inclusion of just three paragraphs of their contracts with CBS and FOX, as these excerpts do not state the parties' complete agreements. *See Sams*, 713 F.3d at 1179 (incorporation by reference when "authenticity is not contested"); *Corinthian Colleges*, 655 F.3d at 989-99 (incorporation by reference only when "no party questions the authenticity of the document"); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114-15 (C.D. Cal. 2003) (case cited in the NFL Defendants' motion to dismiss rejecting consideration of a letter because "its authenticity is not undisputed"). These contracts are heavily redacted, lack any signature pages, and are plainly altered to accommodate placing the NFL's selected provisions on two pages. If the NFL Defendants tried to offer these excerpts at trial or in support of a summary judgment motion, Plaintiffs would be entitled to obtain and introduce the entirety of the contracts. *Cf.* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.").

---

[4] Notably, the NFL Defendants do not claim that these contracts set forth the entirety of their agreements between them and DirecTV, CBS, and FOX. As noted above, *see supra* n.3, even if they did, that would only give rise to a factual dispute inappropriately decided at the motion to dismiss stage.

**CONCLUSION**

Based on the foregoing, it is respectfully submitted the Court should decline to consider Exhibits 1-4 of the Ludwin Declaration and any argument based on those exhibits.

Dated: September 22, 2016               Respectfully submitted,


By:  */s/ Marc M. Seltzer*
       Marc M. Seltzer

Marc M. Seltzer
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian
asubramanian@susmangodfrey.com
William Christopher Carmody
bcarmody@susmangodfrey.com
Seth Ard
sard@susmangodfrey.com
Ian M. Gore
igore@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Michael D. Hausfeld
mhausfeld@hausfeld.com
HAUSFELD LLP
1700 K. Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200

Fax: (202) 540-7201

Scott Martin
smartin@hausfeld.com
Irving Scher
ischer@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Michael P. Lehmann (SBN 77152)
mlehmann@hausfeld.com
Bonny E. Sweeny (SBN 176174)
bsweeney@hausfeld.com
Christopher L. Lebsock (SBN 184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980

Howard Langer
hlanger@langergrogan.com
Edward Diver
diver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Interim Class Counsel*