Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone:  (310) 789-3100
Fax:  (310) 789-3150
Email: mseltzer@susmangodfrey.com

Scott Martin
Irving Scher
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322
Email: smartin@hausfeld.com
Email: ischer@hausfeld.com

[Additional Counsel Listed in Signature Page]

*Interim Class Counsel*

Howard Langer
Edward Diver
Peter Leckman
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
Email: hlanger@langergrogan.com
Email: ndiver@langergrogan.com
Email: pleckman@langergrogan.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | MDL No. ML 15-02668−BRO (JEMx)<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DECLARATION OF IAN M. GORE IN SUPPORT OF PLAINTIFFS' OBJECTION TO CONSIDERATION OF EXTRANEOUS EVIDENCE SUBMITTED WITH THE NATIONAL FOOTBALL LEAGUE'S MOTION TO DISMISS**<br><br>DATE:          December 12, 2016<br>TIME:          1:30 p.m.<br>PLACE:        Courtroom of the Hon. Beverly Reid O'Connell |

I, Ian M. Gore, hereby declare as follows:

1.      I am an attorney with the law firm of Susman Godfrey L.L.P., counsel for the plaintiffs and the class in this matter. I am licensed to practice law in the State of New York and am admitted to practice before this Court *pro hac vice*. I submit this declaration in support of Plaintiffs' Objection to Consideration of Extraneous Evidence Submitted with the National Football League's Motion to Dismiss. I have personal knowledge of the statements and facts set forth herein, and, if called as a witness, would and could competently testify thereto.

2.      On September 6, 2016, I sent an email to Defendants' counsel regarding a number of topics related to this litigation.  In that email, I requested the NFL Defendants to provide the Plaintiffs with un-redacted copies of the NFL's contracts with CBS and FOX that were attached to the NFL Defendants' motion to dismiss.  The email stated in part: "Without prejudice to either side's rights, we ask that you produce the full contracts to us immediately; we will treat these materials as 'Attorneys Eyes Only' until a protective order is in place.

3.      On September 8, 2016, Derek Ludwin, counsel for the NFL Defendants, responded by stating: "We provided plaintiffs with the NFL/DTV contracts at the time we filed our motion.  For the CBS and Fox contracts, there are additional consents/approvals necessary.  We will let you know once we have had an opportunity to consult with counsel for CBS and Fox."

4.      On September 9, 2016, I sent an email message to counsel for the Defendants regarding a number of topics related to this litigation.  As part of that email, I responded to the message described in Paragraph 3 above as follows: "With regard to Derek's email, we are referring to the CBS and Fox agreements that were included with the NFL's motion in redacted form . . . . Acquiring the consent of CBS and Fox should not be an issue given that their consent was likely acquired for the NFL to include the contracts in its motion to dismiss.  In any event, plaintiffs

reserve their rights to object to the Court relying on those documents in deciding the motion to dismiss."

5.    On September 14, 2016, Yehudah Buchweitz, counsel for CBS, emailed counsel for the Plaintiffs' regarding the CBS contract.  Attached hereto as Exhibit 1 is a true and correct copy of an email from Y. Buchweitz to I. Gore et al., dated 9/14/2016, with the subject line of NFL Sunday Ticket.

6.    Further correspondence among counsel for the Plaintiffs, counsel for the NFL Defendants, and counsel for CBS and Fox ensued.  The attached exhibits described below reflect that correspondence:

   a.  Attached hereto as Exhibit 2 is a true and correct copy of an email from Y. Buchweitz to I. Gore et al., dated 9/16/2016, with the subject line of RE: NFL Sunday Ticket.

   b.  Attached hereto as Exhibit 3 is a true and correct copy of an email from I. Gore to Y. Buchweitz to et al., dated 9/20/2016, with the subject line of RE: NFL Sunday Ticket.

   c.  Attached hereto as Exhibit 4 is a true and correct copy of an email from Y. Buchweitz to I. Gore to et al., dated 9/21/2016, with the subject line of RE: NFL Sunday Ticket.

   d.  Attached hereto as Exhibit 5 is a true and correct copy of an email from D. Ludwin to Y. Buchweitz and I. Gore to et al., dated 9/21/2016, with the subject line and has the subject of RE: NFL Sunday Ticket.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States.

Executed this 22nd day of September, 2016, at New York, New York.


By:   /s/ *Ian M. Gore*
         Ian M. Gore

# Exhibit 1

| | |
|---|---|
| **From:** | Buchweitz, Yehudah <Yehudah.Buchweitz@weil.com> |
| **Sent:** | Wednesday, September 14, 2016 12:10 PM |
| **To:** | Ian Gore |
| **Cc:** | Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com) |
| **Subject:** | NFL Sunday Ticket |

Ian – We represent CBS, and I am ccing John Schmidtlein who represents Fox.  NFL's counsel forwarded us your email that says "We also would like to raise one other issue:  the NFL Defendants' Motion to Dismiss, in which contracts and excerpts of contracts were presented as extraneous evidence and without providing Plaintiffs' counsel with the entire documents.  Without prejudice to either side's rights, we ask that you produce the full contracts to us immediately; we will treat these materials as "Attorneys Eyes Only" until a protective order is in place."

As you know, and as the Court recognized, these television contracts contain sensitive commercial terms, and sensitive third party materials provided in confidence.  Dkt. 178.  Both Fox and CBS submitted declarations attesting to their confidentiality, which the Court accepted.  We have reviewed the motion to dismiss and fail to see why Plaintiffs need more than the excerpts that were already provided in order to respond to the motion to dismiss, especially at this stage when there is no protective order in place.  Please articulate the reasons you need more of the agreements to respond to the discrete issues they are used for in the motion, and we will better be able to respond to your request.



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# Exhibit 2

| | |
|---|---|
| **From:** | Buchweitz, Yehudah <Yehudah.Buchweitz@weil.com> |
| **Sent:** | Friday, September 16, 2016 2:23 PM |
| **To:** | Ian Gore |
| **Cc:** | Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron |
| **Subject:** | RE: NFL Sunday Ticket |

So am I correct that you will not provide any reason why you need anything more than the excerpts already provided in order to respond to the arguments made in NFL's motion?  And that you want CBS and Fox to consent to production of our most sensitive agreements without any protective order?



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

**From:** Ian Gore [mailto:IGore@susmangodfrey.com]
**Sent:** Friday, September 16, 2016 1:59 PM
**To:** Buchweitz, Yehudah
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

Yehudah – Thanks for reaching out.  The NFL has relied on excerpts from the contracts with the broadcast networks to support its motion to dismiss.  While we reserve our right to object to the NFL's use of those contracts to support its motion, we believe we are entitled to see the entirety of the contracts.  There can be no legitimate reason for the NFL or the networks to refuse to produce the entirety of the contracts because we have agreed to treat the contracts as confidential, subject to our ability to ask the Court to consider them pursuant to the terms of an appropriate protective order.

Regards,
Ian

Ian M. Gore | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8348 (office) | 719-433-0818 (cell)
igore@susmangodfrey.com

This e-mail may contain privileged and confidential information, which may be subject to the attorney/client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Wednesday, September 14, 2016 3:10 PM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com)
**Subject:** NFL Sunday Ticket

Ian – We represent CBS, and I am ccing John Schmidtlein who represents Fox.  NFL's counsel forwarded us your email that says "We also would like to raise one other issue:  the NFL Defendants' Motion to Dismiss, in which contracts and excerpts of contracts were presented as extraneous evidence and without providing Plaintiffs' counsel with the entire documents.  Without prejudice to either side's rights, we ask that you produce the full contracts to us immediately; we will treat these materials as "Attorneys Eyes Only" until a protective order is in place."

As you know, and as the Court recognized, these television contracts contain sensitive commercial terms, and sensitive third party materials provided in confidence.  Dkt. 178.  Both Fox and CBS submitted declarations attesting to their confidentiality, which the Court accepted.  We have reviewed the motion to dismiss and fail to see why Plaintiffs need more than the excerpts that were already provided in order to respond to the motion to dismiss, especially at this stage when there is no protective order in place.  Please articulate the reasons you need more of the agreements to respond to the discrete issues they are used for in the motion, and we will better be able to respond to your request.



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# **Exhibit 3**

| | |
|---|---|
| **From:** | Ian Gore |
| **Sent:** | Tuesday, September 20, 2016 5:35 PM |
| **To:** | 'Buchweitz, Yehudah' |
| **Cc:** | Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron |
| **Subject:** | RE: NFL Sunday Ticket |

Yehudah,

The reason we have requested that the full contracts be made available to us should be obvious:  In admitted cooperation with the broadcast networks and with their consent, the NFL seeks to rely on excerpts from those contracts to support its motion to dismiss.   We are entitled based on fundamental principles of fairness to see the entirety of those contracts in order to determine whether other provisions of the contracts would undermine the NFL's arguments.  We strenuously object to the use of those contracts in whole or in part to support the NFL's motion to dismiss.  Among other things, our allegations regarding the agreement at issue in this case isn't limited to the four corners of those contracts.  But the unfairness of denying us access to the full contracts compounds the inappropriate use of those contracts to support the motion to dismiss.

As for the protective order issue, that's a red herring.  The broadcast networks had no objection to the NFL using the excerpts to support its motion without a protective order being in place.

Please be advised that we intend to call to the Court's attention the refusal of the NFL to make the entirety of the contracts available to us in our opposition to the motion to dismiss, despite our repeated requests that it do so.  We reserve all of our other rights and remedies.

Regards,
Ian

Ian M. Gore | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8348 (office) | 719-433-0818 (cell)
igore@susmangodfrey.com

This e-mail may contain privileged and confidential information, which may be subject to the attorney/client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Friday, September 16, 2016 5:23 PM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

So am I correct that you will not provide any reason why you need anything more than the excerpts already provided in order to respond to the arguments made in NFL's motion?  And that you want CBS and Fox to consent to production of our most sensitive agreements without any protective order?



**Yehudah L. Buchweitz**
Partner

*Weil, Gotshal & Manges LLP*
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

**From:** Ian Gore [mailto:IGore@susmangodfrey.com]
**Sent:** Friday, September 16, 2016 1:59 PM
**To:** Buchweitz, Yehudah
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

Yehudah – Thanks for reaching out.  The NFL has relied on excerpts from the contracts with the broadcast networks to support its motion to dismiss.  While we reserve our right to object to the NFL's use of those contracts to support its motion, we believe we are entitled to see the entirety of the contracts.  There can be no legitimate reason for the NFL or the networks to refuse to produce the entirety of the contracts because we have agreed to treat the contracts as confidential, subject to our ability to ask the Court to consider them pursuant to the terms of an appropriate protective order.

Regards,
Ian

Ian M. Gore | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8348 (office) | 719-433-0818 (cell)
igore@susmangodfrey.com

This e-mail may contain privileged and confidential information, which may be subject to the attorney/client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Wednesday, September 14, 2016 3:10 PM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz
(seskovitz@wilkinsonwalsh.com)
**Subject:** NFL Sunday Ticket

Ian – We represent CBS, and I am ccing John Schmidtlein who represents Fox.  NFL's counsel forwarded us your email
that says "We also would like to raise one other issue:  the NFL Defendants' Motion to Dismiss, in which contracts and
excerpts of contracts were presented as extraneous evidence and without providing Plaintiffs' counsel with the entire
documents.  Without prejudice to either side's rights, we ask that you produce the full contracts to us immediately; we
will treat these materials as "Attorneys Eyes Only" until a protective order is in place."

As you know, and as the Court recognized, these television contracts contain sensitive commercial terms, and sensitive
third party materials provided in confidence.  Dkt. 178.  Both Fox and CBS submitted declarations attesting to their
confidentiality, which the Court accepted.  We have reviewed the motion to dismiss and fail to see why Plaintiffs need
more than the excerpts that were already provided in order to respond to the motion to dismiss, especially at this stage
when there is no protective order in place.  Please articulate the reasons you need more of the agreements to respond
to the discrete issues they are used for in the motion, and we will better be able to respond to your request.



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the
reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com,
and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the
reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com,
and destroy the original message. Thank you.

# Exhibit 4

| | |
|---|---|
| **From:** | Buchweitz, Yehudah <Yehudah.Buchweitz@weil.com> |
| **Sent:** | Wednesday, September 21, 2016 8:26 AM |
| **To:** | Ian Gore |
| **Cc:** | Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron |
| **Subject:** | RE: NFL Sunday Ticket |

Ian – The NFL submitted three small excerpts from the CBS agreement to support the point that "the NFL alone owns the broadcast rights for each Sunday afternoon game."  NFL Motion at 9-10.  If you have ever watched any NFL football game, you know from watching the end of the game that this is not a controversial point – as a public announcement to this effect is made.  We do not see how production of the balance of our agreements, which contain highly confidential and sensitive business terms, has any bearing on what should be an uncontested factual point.  Nonetheless, if you had come to us and said there was some defined term or referenced provision that you wanted to see to better understand what was submitted, we would have been in a position to address your concern.  But you have now come forward three times and have failed each time to present *any* reason whatsoever why you actually *need* to see the entirety of these agreements.  If you really intend to call the NFL, CBS and Fox out in your opposition to the motion on the NFL ownership point, it will be obvious to the Court that you are just trying to take discovery before entry of a protective order and before the Court has ruled on whether your complaint survives a motion to dismiss.  Your failure to specify anything you actually need speaks volumes.  As to your comment regarding the protective order being a "red herring", nothing could be farther from the truth.  This court has recognized the sensitivity of our agreements, as have other courts in California in connection with our college agreements, which will only be produced in heavily redacted form and pursuant to an enhanced protective order with even greater protection than outside counsel only.  The notion that giving these agreements to a group of lawyers, some of whom sued us, with no court protection whatsoever, is equivalent to allowing our contractual counterparties to file three excerpts under seal is absurd.  If you intend to besmirch us in your response to the Court, be advised that we reserve the right to respond.



**Yehudah L. Buchweitz**
Partner

*Weil, Gotshal & Manges LLP*
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

**From:** Ian Gore [mailto:IGore@susmangodfrey.com]
**Sent:** Tuesday, September 20, 2016 8:35 PM
**To:** Buchweitz, Yehudah
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

Yehudah,

The reason we have requested that the full contracts be made available to us should be obvious:  In admitted cooperation with the broadcast networks and with their consent, the NFL seeks to rely on excerpts from those contracts to support its motion to dismiss.   We are entitled based on fundamental principles of fairness to see the entirety of those contracts in order to determine whether other provisions of the contracts would undermine the NFL's arguments.  We strenuously object to the use of those contracts in whole or in part to support the NFL's motion to dismiss.  Among other things, our allegations regarding the agreement at issue in this case isn't limited to the four corners of those contracts.  But the unfairness of denying us access to the full contracts compounds the inappropriate use of those contracts to support the motion to dismiss.

As for the protective order issue, that's a red herring.  The broadcast networks had no objection to the NFL using the excerpts to support its motion without a protective order being in place.

Please be advised that we intend to call to the Court's attention the refusal of the NFL to make the entirety of the contracts available to us in our opposition to the motion to dismiss, despite our repeated requests that it do so.  We reserve all of our other rights and remedies.

Regards,
Ian

Ian M. Gore | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8348 (office) | 719-433-0818 (cell)
igore@susmangodfrey.com

This e-mail may contain privileged and confidential information, which may be subject to the attorney/client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Friday, September 16, 2016 5:23 PM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

So am I correct that you will not provide any reason why you need anything more than the excerpts already provided in order to respond to the arguments made in NFL's motion?  And that you want CBS and Fox to consent to production of our most sensitive agreements without any protective order?



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

---

**From:** Ian Gore [mailto:IGore@susmangodfrey.com]
**Sent:** Friday, September 16, 2016 1:59 PM
**To:** Buchweitz, Yehudah
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

Yehudah – Thanks for reaching out.  The NFL has relied on excerpts from the contracts with the broadcast networks to support its motion to dismiss.  While we reserve our right to object to the NFL's use of those contracts to support its motion, we believe we are entitled to see the entirety of the contracts.  There can be no legitimate reason for the NFL or the networks to refuse to produce the entirety of the contracts because we have agreed to treat the contracts as confidential, subject to our ability to ask the Court to consider them pursuant to the terms of an appropriate protective order.

Regards,
Ian

Ian M. Gore | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8348 (office) | 719-433-0818 (cell)
igore@susmangodfrey.com

This e-mail may contain privileged and confidential information, which may be subject to the attorney/client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Wednesday, September 14, 2016 3:10 PM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com)
**Subject:** NFL Sunday Ticket

Ian – We represent CBS, and I am ccing John Schmidtlein who represents Fox.  NFL's counsel forwarded us your email that says "We also would like to raise one other issue:  the NFL Defendants' Motion to Dismiss, in which contracts and excerpts of contracts were presented as extraneous evidence and without providing Plaintiffs' counsel with the entire documents.  Without prejudice to either side's rights, we ask that you produce the full contracts to us immediately; we will treat these materials as "Attorneys Eyes Only" until a protective order is in place."

3

As you know, and as the Court recognized, these television contracts contain sensitive commercial terms, and sensitive third party materials provided in confidence.  Dkt. 178.  Both Fox and CBS submitted declarations attesting to their confidentiality, which the Court accepted.  We have reviewed the motion to dismiss and fail to see why Plaintiffs need more than the excerpts that were already provided in order to respond to the motion to dismiss, especially at this stage when there is no protective order in place.  Please articulate the reasons you need more of the agreements to respond to the discrete issues they are used for in the motion, and we will better be able to respond to your request.



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# Exhibit 5

| From: | Ludwin, Derek <dludwin@cov.com> |
|---|---|
| Sent: | Wednesday, September 21, 2016 1:41 PM |
| To: | Buchweitz, Yehudah; Ian Gore |
| Cc: | Schmidtlein, John; Hochstadt, Eric; Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron |
| Subject: | RE: NFL Sunday Ticket |

Ian,

The NFL does not oppose, and has never opposed, the disclosure to plaintiffs of any portions of the broadcast agreements that are reasonably warranted by your opposition to our motion to dismiss. As I advised you on September 8th, the NFL is not the only party to its broadcast agreements with CBS and Fox; the consent and approval of those third parties is required for disclosure of these agreements. Unfortunately, plaintiffs' failure to engage meaningfully with CBS and Fox on these issues, despite their proactive and ongoing communication with you, has precluded any productive discussions on this front.

As you know, the confidential and sensitive nature of these types of broadcast agreements is well established; in the *NCAA* litigation currently pending in a California federal district court, for example, only redacted versions of similar broadcast agreements between the networks and the NCAA are being disclosed. In that context, your self-described "repeated requests" for disclosure of "the entirety of the contracts" has been inappropriate. Plaintiffs have only this uncompromising and unsupported position to blame for the resulting impasse.

Moreover, the NFL filed its motion and the accompanying excerpts from the broadcast agreements on August 8th, and plaintiffs waited almost a full month—until September 6th—before requesting copies of the network agreements. That delay, coupled with your failure to respond meaningfully to the networks' outreach, strongly suggests that plaintiffs are now attempting to manufacture a (spurious) ground on which to oppose our motion, rather than seeking information that they reasonably might need.

The NFL renews its request that plaintiffs engage in cooperative discussions on this issue.

Derek

**Derek Ludwin**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5429 | dludwin@cov.com
www.cov.com

**COVINGTON**

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Wednesday, September 21, 2016 11:26 AM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek; Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney

Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

Ian – The NFL submitted three small excerpts from the CBS agreement to support the point that "the NFL alone owns the broadcast rights for each Sunday afternoon game." NFL Motion at 9-10. If you have ever watched any NFL football game, you know from watching the end of the game that this is not a controversial point – as a public announcement to this effect is made. We do not see how production of the balance of our agreements, which contain highly confidential and sensitive business terms, has any bearing on what should be an uncontested factual point. Nonetheless, if you had come to us and said there was some defined term or referenced provision that you wanted to see to better understand what was submitted, we would have been in a position to address your concern. But you have now come forward three times and have failed each time to present *any* reason whatsoever why you actually *need* to see the entirety of these agreements. If you really intend to call the NFL, CBS and Fox out in your opposition to the motion on the NFL ownership point, it will be obvious to the Court that you are just trying to take discovery before entry of a protective order and before the Court has ruled on whether your complaint survives a motion to dismiss. Your failure to specify anything you actually need speaks volumes. As to your comment regarding the protective order being a "red herring", nothing could be farther from the truth. This court has recognized the sensitivity of our agreements, as have other courts in California in connection with our college agreements, which will only be produced in heavily redacted form and pursuant to an enhanced protective order with even greater protection than outside counsel only. The notion that giving these agreements to a group of lawyers, some of whom sued us, with no court protection whatsoever, is equivalent to allowing our contractual counterparties to file three excerpts under seal is absurd. If you intend to besmirch us in your response to the Court, be advised that we reserve the right to respond.



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

---

**From:** Ian Gore [mailto:IGore@susmangodfrey.com]
**Sent:** Tuesday, September 20, 2016 8:35 PM
**To:** Buchweitz, Yehudah
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

Yehudah,

The reason we have requested that the full contracts be made available to us should be obvious: In admitted cooperation with the broadcast networks and with their consent, the NFL seeks to rely on excerpts from those contracts to support its motion to dismiss. We are entitled based on fundamental principles

of fairness to see the entirety of those contracts in order to determine whether other provisions of the contracts would undermine the NFL's arguments.  We strenuously object to the use of those contracts in whole or in part to support the NFL's motion to dismiss.  Among other things, our allegations regarding the agreement at issue in this case isn't limited to the four corners of those contracts.  But the unfairness of denying us access to the full contracts compounds the inappropriate use of those contracts to support the motion to dismiss.

As for the protective order issue, that's a red herring.  The broadcast networks had no objection to the NFL using the excerpts to support its motion without a protective order being in place.

Please be advised that we intend to call to the Court's attention the refusal of the NFL to make the entirety of the contracts available to us in our opposition to the motion to dismiss, despite our repeated requests that it do so.  We reserve all of our other rights and remedies.

Regards,
Ian

Ian M. Gore | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8348 (office) | 719-433-0818 (cell)
igore@susmangodfrey.com

This e-mail may contain privileged and confidential information, which may be subject to the attorney/client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Friday, September 16, 2016 5:23 PM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

So am I correct that you will not provide any reason why you need anything more than the excerpts already provided in order to respond to the arguments made in NFL's motion?  And that you want CBS and Fox to consent to production of our most sensitive agreements without any protective order?



Yehudah L. Buchweitz
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

---

**From:** Ian Gore [mailto:IGore@susmangodfrey.com]
**Sent:** Friday, September 16, 2016 1:59 PM
**To:** Buchweitz, Yehudah
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com); Marc Seltzer; Scott A. Martin; Arun Subramanian; Seth Ard; Howard Langer; Peter Leckman; Ned Diver; Rodney Polanco; Sara Marron
**Subject:** RE: NFL Sunday Ticket

Yehudah – Thanks for reaching out.  The NFL has relied on excerpts from the contracts with the broadcast networks to support its motion to dismiss.  While we reserve our right to object to the NFL's use of those contracts to support its motion, we believe we are entitled to see the entirety of the contracts.  There can be no legitimate reason for the NFL or the networks to refuse to produce the entirety of the contracts because we have agreed to treat the contracts as confidential, subject to our ability to ask the Court to consider them pursuant to the terms of an appropriate protective order.

Regards,
Ian

Ian M. Gore | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8348 (office) | 719-433-0818 (cell)
igore@susmangodfrey.com

This e-mail may contain privileged and confidential information, which may be subject to the attorney/client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
**Sent:** Wednesday, September 14, 2016 3:10 PM
**To:** Ian Gore
**Cc:** Schmidtlein, John; Hochstadt, Eric; Ludwin, Derek (dludwin@cov.com); Sean Eskovitz (seskovitz@wilkinsonwalsh.com)
**Subject:** NFL Sunday Ticket

Ian – We represent CBS, and I am ccing John Schmidtlein who represents Fox.  NFL's counsel forwarded us your email that says "We also would like to raise one other issue:  the NFL Defendants' Motion to Dismiss, in which contracts and excerpts of contracts were presented as extraneous evidence and without providing Plaintiffs' counsel with the entire documents.  Without prejudice to either side's rights, we ask that you produce the full contracts to us immediately; we will treat these materials as "Attorneys Eyes Only" until a protective order is in place."

As you know, and as the Court recognized, these television contracts contain sensitive commercial terms, and sensitive third party materials provided in confidence.  Dkt. 178.  Both Fox and CBS submitted declarations attesting to their confidentiality, which the Court accepted.  We have reviewed the motion to dismiss and fail to see why Plaintiffs need more than the excerpts that were already provided in order to respond to the motion to

dismiss, especially at this stage when there is no protective order in place.  Please articulate the reasons you need more of the agreements to respond to the discrete issues they are used for in the motion, and we will better be able to respond to your request.



**Yehudah L. Buchweitz**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.