Marc M. Seltzer (54534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Scott Martin
Irving Scher
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com

Howard Langer
Edward Diver
Peter Leckman
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
hlanger@langergrogan.com
ndiver@langergrogan.com
pleckman@langergrogan.com

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Case No. 2:15-ml-02668−BRO (JEMx)

**PLAINTIFFS' OBJECTIONS TO DECLARATIONS SUBMITTED WITH DIRECTV'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

DATE: December 12, 2016
TIME: 1:30 p.m.
PLACE: Courtroom of the Hon. Beverly Reid O'Connell

## I. INTRODUCTION

In support of their Motion to Compel Arbitration, DirecTV, LLC and DirecTV Holdings LLC (collectively "DirecTV") submit three conclusory declarations purporting to show that Plaintiff Ninth Inning Inc. dba The Mucky Duck received notice of the arbitration provision upon which DirecTV's motion depends. These declarations suffer from the same fatal defects—the declarants lack personal knowledge about key aspects of their declarations and, further, testify about the contents of various documents that they do not attach as exhibits. Accordingly, Plaintiffs respectfully object to the introduction of the declarations of Alisa Kellogg, Carine Yahinian, and Steven Mullins into evidence.[1]

## II. LEGAL STANDARD

The Court may strike declarations or portions thereof when they are "unfounded in personal knowledge." *Bright v. Dennis Garberg & Associates, Inc.*, No. CV10-09574 AHM (JCX), 2012 WL 12785034, at *1 (C.D. Cal. Dec. 14, 2012) (striking portions of declaration submitted in support of briefing on arbitration issue). Additionally, Fed. R. Evid. 1002 expressly provides, absent an exception, that "[a]n original writing, recording, or photograph is required in order to prove its content . . . ."

## III. OBJECTIONS TO DECLARATIONS

### A. Declaration of Alisa Kellogg ("Kellogg")

Kellogg began her employment with DirecTV in 2010. With respect to Plaintiff The Mucky Duck, Ms. Kellogg relies on "DIRECTV's business rules" and her "review of The Mucky Duck's records" (which are not attached to her declaration) to conclude that the 2014 Commercial Customer Agreement was included in the envelope with its June 7, 2014 billing statement. *Id.* ¶ 36. She also states that the June 7, 2014 billing statement, as well as other billing statements, referenced the 2014 Commercial Customer Agreement, and she attaches the statements. *Id.* ¶¶ 36, 38. Again, she makes no claim of personal knowledge of receipt of these documents by The Mucky Duck. Paragraphs 36 and 38 are

---

[1] These defects surface in other declarations proffered by DirecTV and these objections apply with equal force to them as well.

therefore objectionable on this basis.

To the extent that she bases her statement on "DIRECTV's business rules" and her "review of The Mucky Duck's records," the failure to include these "business rules" and "records" is objectionable because she is testifying about their contents. *Id.* at ¶ 36; Fed. R. Evid. 1002. She did not identify any applicable exception to Fed. R. Evid. 1002 that would justify her doing so.

Finally, Kellogg claims that The Mucky Duck never contacted DirecTV to dispute any terms or conditions in the 2014 Commercial Customer Agreement. She cannot be said to have *personal knowledge* of the *absence* of any such contact, and she did not provide documentation or any indication as to how she could make such a claim. These paragraphs, too, are objectionable due to the lack of personal knowledge. *Id.* ¶¶ 34, 37.

**B. Declaration of Carine Yahinian ("Yahinian")**

Yahinian discusses an email purportedly sent to The Mucky Duck concerning its relationship with DirecTV. But, like Kellogg, Yahinian has no personal knowledge of the events about which she testifies. Instead, she appears to rely on a "review of records created and maintained by DIRECTV in the ordinary course of its business . . . ." Yahinian Decl. ¶ 11. Yahinian has failed to offer any exception to Fed. R. Evid. 1002.

Yahinian asserts that The Mucky Duck received an August 26, 2015 confirmation email concerning its addition of the Big Ten Network. *Id.* ¶ 18. But, Yahinian has no personal knowledge of The Mucky Duck's actions, nor does she claim that it received, opened, or reviewed the email. Paragraph 18 is objectionable on this basis. Moreover, the email is irrelevant because it was sent *after* The Mucky Duck filed suit in court and had clearly manifested an intent to litigate, rather than arbitrate. Yahnian's failure to produce the "records created and maintained by DirecTV" about which she testifies violates Fed. R. Evid. 1002. She advanced no valid exception to the rule.

**C. Declaration of Steven Mullins ("Mullins")**

Mullins contends that "DirecTV mailed all of its commercial customers a letter in March 2010 to notify them of the updated Commercial Viewing Agreement." Mullins

Decl. ¶ 6. Mullins fails to assert that he has personal knowledge that such a letter was actually sent to The Mucky Duck, or that The Mucky Duck actually received it.

He further states that "[t]he updated June 2014 Commercial Customer Agreement was mailed or emailed to DirecTV's existing commercial customers over a period between May and July 2014." Mullins Decl. ¶ 7. Again, Mullins fails to state that he has personal knowledge that the version of the Commercial Customer Agreement was actually mailed (or emailed) to The Mucky Duck, or that The Mucky Duck actually received it. Accordingly, this statement, too, should be excluded.

Dated: October 3, 2016

Respectfully submitted,

By: */s/ Marc M. Seltzer*
Marc M. Seltzer

Marc M. Seltzer
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian
asubramanian@susmangodfrey.com
William Christopher Carmody
bcarmody@susmangodfrey.com
Seth Ard
sard@susmangodfrey.com
Ian M. Gore
igore@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Michael D. Hausfeld
mhausfeld@hausfeld.com

HAUSFELD LLP
1700 K. Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Scott Martin
smartin@hausfeld.com
Irving Scher
ischer@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Michael P. Lehmann (SBN 77152)
mlehmann@hausfeld.com
Bonny E. Sweeny (SBN 176174)
bsweeney@hausfeld.com
Christopher L. Lebsock (SBN 184546)
clebsock@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980

Howard Langer
hlanger@langergrogan.com
Edward Diver
diver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Interim Class Counsel*