Beth A. Wilkinson (admitted *pro hac vice*)
**WILKINSON WALSH + ESKOVITZ LLP**
1900 M Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonwalsh.com

Sean Eskovitz (State Bar No. 241877)
**WILKINSON WALSH + ESKOVITZ LLP**
11726 San Vicente Boulevard, Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005
seskovitz@wilkinsonwalsh.com

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

[Additional Counsel Listed on Signature
Pages]

Marc M. Seltzer (54534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

*Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-BRO (JEMx) |
| | STIPULATED PROTECTIVE ORDER |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge: Hon. Beverly Reid O'Connell |
| Case No. 2:15-cv-09944-BRO-JEM | |

The parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"):

## 1. INTRODUCTION

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedure that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

Capitalized terms not otherwise defined in this Order shall have the following meanings:

2.1 "Action" means all cases consolidated for pre-trial purposes in *In re: National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-BRO (JEMx), including all cases subsequently transferred to or from Case No. 2:15-ml-02668-BRO (JEMx).

2.2 "Acknowledgment and Agreement to Be Bound" means an acknowledgement and agreement identical in substance to the document attached hereto as Exhibit A.

2.3 "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER

2.4 "CONFIDENTIAL Information or Items" means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5 "Counsel" means Outside Counsel and In-House Counsel.

2.6 "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7 "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, as well as such Expert's support staff.

2.9 "Final Disposition" means the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice or (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.10 "HIGHLY CONFIDENTIAL Information or Items" means information that qualifies as "CONFIDENTIAL" Information or Items and includes information or items that contain competitively sensitive confidential information of the Designating Party, the disclosure of which may result in competitive harm, including, but not limited to, (i) any documents or information relating to or reflective of market strategies,

including business planning, contract negotiations and terms, and research and development activities; (ii) any documents or information relating to or reflective of pricing, including underlying cost data, budgets, and any price-related terms of a party; and (iii) any documents or information relating to or reflective of customer information.

2.11 "In-House Counsel" means attorneys and their support staff who are employees of a Party to this Action.

2.12 "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13 "Outside Counsel" means attorneys and their support staff who are not employees of a Party and who are retained to represent or advise a Party in this Action and/or have appeared in this Action and/or are affiliated with a law firm that has been retained to represent that Party or has appeared on behalf of that Party in this Action.

2.14 "Party" means any party named in this Action, including all of its officers, directors, owners, employees, consultants, Experts, and Outside Counsel.

2.15 "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16 "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; jury consulting; and organizing, storing, or retrieving data in any form or medium); their employees and subcontractors; and, in the case of jury consultants, any participants in any mock trial or jury research.

2.17 "Protected Information" means any "CONFIDENTIAL Information or Items" or "HIGHLY CONFIDENTIAL Information or Items," as defined herein.

STIPULATED PROTECTIVE ORDER

2.18   "<u>Receiving Party</u>" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.19   "<u>Shared Information or Items</u>" means any Protected Information that, based on the content of the information, was shared between or among the National Football League, NFL Enterprises LLC, or the Individual NFL Clubs (together, the "NFL Defendants"), on the one hand, and DIRECTV, LLC or DIRECTV Holdings LLC (collectively, the "DIRECTV Defendants"), on the other hand.

**3.     SCOPE**

The protections conferred by this Order cover (1) Protected Information; (2) any information copied, derived, or extracted from Protected Information; (3) all copies, excerpts, summaries, or compilations of Protected Information; and (4) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Information.

This Order does not govern the use of Protected Information at trial. Any use of Protected Information at trial shall be governed by the orders of the trial judge.

**4.     DURATION**

The confidentiality obligations imposed by this Order shall remain in effect, even after Final Disposition, until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED INFORMATION**

5.1     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as appropriate, to each document that contains Protected Information.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix either the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as appropriate, to each document that contains Protected Information.

(b)     with respect to transcribed testimony, that the Producing Party give notice to opposing counsel designating such portions (and exhibits thereto) as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as appropriate, no later than forty-five (45) calendar days after receipt of the final transcript of the deposition, or by orally designating such testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL on the record at the deposition or other proceeding at which it is given. Until the forty-five (45) calendar day period expires, all deposition transcripts shall be treated as HIGHLY CONFIDENTIAL Information unless otherwise agreed. After the expiration of the 45-day period, the transcript shall be treated only as actually designated.

(c)     if the Designating Party believes that a deposition question calls for HIGHLY CONFIDENTIAL Information of the Designating Party, counsel for that Party may, before the witness answers, so state, and any persons in attendance who are not authorized under this Order to have access to such HIGHLY CONFIDENTIAL Information must then absent themselves for the duration of the

testimony containing HIGHLY CONFIDENTIAL Information. A Party's failure to so advance designate at a deposition shall not constitute a waiver of that Party's right to later designate such testimony as Protected Information pursuant to this Order.

5.2  <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate Protected Information or Items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material as Protected Information. Upon any such inadvertent failure to properly designate any Protected Information, reasonable arrangement will be made for the return to the Producing Party of all copies of the incorrectly designated documents(s) and for the substitution, where appropriate, of properly labeled copies of such documents. The Receiving Party or Parties shall make all reasonable efforts to destroy all previously produced copies of such documents that were incorrectly designated upon receipt of replacement copies of such documents with the proper designation. The Receiving Party shall verify in writing that it has destroyed said incorrectly designated documents or notify the Designating Party in writing when such documents cannot be reasonably destroyed.

5.3  <u>Exercise of Restraint and Care in Designating Material for Production</u>. Each Party or Non-Party that designates information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all parties that it is withdrawing the mistaken designation.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rules 37-1 through 37-4.

6.3    Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED INFORMATION**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order.

7.2    <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel;

(b)    the owners, officers, directors, and employees (including In-House Counsel) of the Receiving Party who are actively engaged in assisting counsel with the prosecution or defense of the Action and to whom disclosure is reasonably necessary for this Action and who have executed the Acknowledgment and Agreement to Be Bound;

(c)     testifying or consulting Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have executed the Acknowledgment and Agreement to Be Bound;

(d)     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have executed the Acknowledgment and Agreement to Be Bound;

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     witnesses who testify at deposition or at trial, provided that such witnesses (i) possess prior knowledge of such CONFIDENTIAL Information or Items and execute a copy of Acknowledgement and Agreement to be Bound or affirm under oath to abide by this Protective Order before being shown or given any Confidential Information or Items or (ii) are directors, officers, or employees of the Designating Party or an owner or parent of the Designating Party. The witness shall be informed that this Order restricts the disclosure of the information, that he or she may consider and/or use the CONFIDENTIAL Information or Items only for purposes of preparing to testify or testifying in this Action and not for any other purpose, and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. No individual who is shown CONFIDENTIAL Information or Items pursuant to this subsection shall be permitted to retain or keep copies of the CONFIDENTIAL Information or Items or to view it outside the presence of counsel, unless permitted by some other provision of this Stipulated Protective Order to do so. To the extent possible, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information shall be separately bound by the court reporter. Testimony that reveals Protected Information may not be disclosed to anyone except as permitted under

this Stipulated Protective Order. Further, if all or part of a videotaped deposition

contains Protected Information, the DVD (or videotape) container shall be so

labeled; and

(i)     any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     <u>Disclosure of HIGHLY CONFIDENTIAL Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating

Party, a Receiving Party may disclose any information or item designated

"HIGHLY CONFIDENTIAL" only to persons described above in subsections

7.2(a), (c), (d), (e), (f), and (g), under the terms and conditions therein specified.

In addition, a Party may disclose information or items designated "HIGHLY

CONFIDENTIAL" (1) to a witness or potential witness who is a director, officer,

or employee of the Designating Party or an owner or parent of the Designating

Party; or (2) to other witnesses and potential witnesses, but only to the extent that

counsel for the examining or preparing party reasonably believes in good faith that

such witness or potential witness authored or previously received or reviewed such

information or material in the course of business. To the extent the information or

material purports to describe the conduct or statements of the person, he or she may

be shown the particular portion of the information or material purporting to

describe his or her conduct or statements, but only that portion and not the

remainder of the information or material. A Party intending to disclose HIGHLY

CONFIDENTIAL Information or Items to such a witness or potential witness who

is not employed by the Designating Party or by an owner or parent of the

Designating Party must provide written notice to the Designating Party identifying

(by Bates number or other individually identifiable information) the HIGHLY

CONFIDENTIAL Information or Items intended to be disclosed. Should the

disclosing and Designating parties, after meeting and conferring, disagree as to

whether the disclosure is reasonably necessary, the HIGHLY CONFIDENTIAL

Information or Items shall not be disclosed to the witness unless and until the Court orders such disclosure.

Notwithstanding the foregoing, any Shared Information or Items marked as "HIGHLY CONFIDENTIAL" shall be treated as CONFIDENTIAL only by the NFL Defendants and DIRECTV Defendants.

## 8. PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," then that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures pursued by the Designating Party whose Protected Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission; *provided, however*, that nothing in this Section authorizes or encourages a Receiving Party to disobey a lawful directive from another court. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

## 9. PROTECTED MATERIAL PRODUCED IN THE ACTION BY A NON-PARTY

(a)     The terms of this Order are applicable to Protected Information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; *provided, however*, that nothing in these provisions prohibits a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request in this Action, to produce a Non-Party's information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested by the Non-Party.

(c)     If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's information responsive to the discovery request, so long as such production would not violate the Receiving Party's legal obligations to the Non-Party. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court; *provided, however,* that nothing in this Section authorizes or encourages a Receiving Party to disobey a lawful directive from another court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Information.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Acknowledgment and Agreement to Be Bound.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED INFORMATION

A Party may obtain the return of any information it claims to be subject to a privilege or protection, including, without limitation, the attorney-client privilege and the work-product protection, by notifying the recipient(s) in writing and requesting its return, sequestration, or destruction. If such a claim of privilege or protection first becomes apparent during the conduct of a deposition, the Party claiming the privilege or protection may assert the claim on the record during the deposition and then promptly provide written notification, as described in the preceding sentence, following the conclusion of the deposition. Within 10 business days, the recipient(s) shall gather and return all copies of the privileged or protected materials to the Producing Party, or alternatively, destroy the privileged or protected materials and certify as such to the Producing Party. After a document is returned, sequestered, or destroyed pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. If a Party requests the return, pursuant to this paragraph, of any information that it claims to be subject to a privilege or protection then in the custody of one or more other Parties, the possessing Parties shall not make further use of the information until such time as the Court has ruled on a motion respecting

the claimed privilege or protection. Pursuant to ABA Model Rule 4.4, any lawyer to a Party who receives any information that the lawyer knows or reasonably should know was inadvertently sent by a Producing Party shall promptly notify the sender.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3    <u>Other Considerations</u>. Nothing in this Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Protected Information; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the Action, whether or not such documents, materials, or information are also obtained through discovery in the Action; (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Protected Information; (d) preclude any Party from filing a motion seeking greater, more limited, or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure; or (e) preclude any Party from filing a motion with respect to the manner in which Protected Information shall be treated at trial.

12.4    <u>No Restricted Advice</u>. Except as provided in Section 11 above, nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying on

examination of Protected Information; *provided, however*, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

12.5   <u>Filing Under Seal</u>. Without written permission from the Designating Party or a Court order, a party may not file in the public record in this action any Protected Information. A party seeking to file under seal any Protected Information must comply with Local Rule 79-5.1. Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the Designating Party may often seek to file Protected Information, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a Receiving Party's request to file Protected Information under seal pursuant to Local Rule 79-5.1 is denied by the Court, then, unless otherwise instructed by the Court, the Receiving Party may file the material in the public record only after (1) the Designating Party has had the opportunity to seek reconsideration within four days of the denial, and (2) the Designating Party has had the opportunity to request to certify any denial of reconsideration for direct interlocutory appeal within 14 days of the denial of reconsideration, and any such request to certify has been denied.

## 13.   FINAL DISPOSITION

After the Final Disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Information to the Producing Party or destroy such material. As used in this Section, "all Protected Information" includes all copies, abstracts, compilations, summaries, reports, and any other format reproducing or capturing any of the

Protected Information. Whether the Protected Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that confirms compliance with this Section 13. Notwithstanding this provision, the Party's Outside Counsel shall be allowed to keep a complete set of all pleadings, court filings, correspondence, and the attorney's work product even if those documents include Protected Information or reference to Protected Information ("Attorney's File"), unless a Party objects within thirty (30) days of the termination of the litigation to the Outside Counsel's retention of any portion of the Attorney's File. The Parties shall agree to confer regarding any such objection and, in the event that it is not resolved by consent, shall bring it to the attention of the Court for resolution. In any event, such Attorney's File shall continue to be subject to the restrictions of this Order.

Notwithstanding anything to the contrary asserted herein, the obligations and requirements of this Section 13 shall apply to any Receiving Party who is dismissed from the Action, at any time during the proceedings, with immediate effect upon such dismissal.

## 14.   CONSEQUENCES OF VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 30, 2016

*s/ Marc M. Seltzer*
Marc M. Seltzer
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com


Howard I. Langer
**LANGER, GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Telephone: (215) 320-5660
Fax: (215) 320-5703
hlanger@langergrogan.com


Scott Martin
**HAUSFELD LLP**
33 Whitehall Street
14th Floor
New York, NY 10004
Telephone: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

*Co-Lead Plaintiffs' Counsel*

**STIPULATED PROTECTIVE ORDER**

DATED: September 30, 2016

*s/ Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)
**WILKINSON WALSH + ESKOVITZ LLP**
1900 M Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonwalsh.com

Sean Eskovitz (Bar No. 241877)
**WILKINSON WALSH + ESKOVITZ LLP**
11726 San Vicente Boulevard, Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005
seskovitz@wilkinsonwalsh.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Starts, Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4782
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**STIPULATED PROTECTIVE ORDER**

1   DATED: September 30, 2016

2          *s/ Tammy A. Tsoumas*
          Michael E. Baumann (Bar No. 145830)
3          Melissa D. Ingalls (Bar No. 174861)
          Robyn E. Bladow (Bar No. 205189)
4          Tammy A. Tsoumas (Bar No. 250487)
5          **KIRKLAND & ELLIS LLP**
          333 South Hope Street
6          Los Angeles, CA 90071
          Telephone: (213) 680-8400
7          Facsimile: (213) 680-8500
8          michael.baumann@kirkland.com
          melissa.ingalls@kirkland.com
9          robyn.bladow@kirkland.com
          tammy.tsoumas@kirkland.com
10
11         *Counsel for Defendants DIRECTV, LLC and DIRECTV Holdings LLC*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 4, 2016

Hon. John E. McDermott
United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____ [print or type full name] of

_____ [print or type full address] declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ [date] in the case of *In re: National Football

League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-BRO

(JEMx). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order only, even if such enforcement proceedings

occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____