Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Attorneys for Defendants*
*DIRECTV, LLC and DIRECTV Holdings LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | CASE NO. 2:15-ml-02668-BRO (JEMx)<br><br>**DIRECTV'S EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTOPHER L. LEBSOCK AND EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DIRECTV'S MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Beverly Reid O'Connell<br><br>Date:        December 12, 2016<br>Time:       1:30 p.m.<br>Courtroom:  7C |

DIRECTV, LLC and DIRECTV Holdings LLC (collectively, "DIRECTV") submit the following evidentiary objections to the Declaration of Christopher L. Lebsock ("Lebsock Declaration") and attached exhibits submitted by Plaintiffs in support of their Opposition to DIRECTV's Motion to Compel Arbitration and Stay Proceedings ("Opp.").

## I.  Plaintiffs' List Of Cases In Which DIRECTV Is A Plaintiff Is Irrelevant.

Exhibit 2 to the Lebsock Declaration is purportedly the result of Plaintiffs' Westlaw search for cases "where DIRECTV [is] the plaintiff," which supposedly yielded "8,286 federal lawsuits initiated by DirecTV." Lebsock Decl. ¶ 5. According to Plaintiffs, this purported "evidence" renders Plaintiffs' arbitration agreements with DIRECTV unenforceable for lack of mutuality. Opp. at 12-14. Exhibit 2 and Mr. Lebsock's statements about it are irrelevant and should be disregarded for the following reasons.

First, Plaintiffs' Westlaw docket search is irrelevant because the Federal Arbitration Act ("FAA") prohibits courts from requiring that arbitration agreements be completely mutual in order to be enforceable. It is well established that "under general principles of contract law, a non-mutual contract is valid and not unconscionable so long as there is some consideration on both sides." *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1110 (C.D. Cal. 2002). Any requirement that arbitration provisions be completely mutual would therefore place a special burden on arbitration in violation of the FAA. See *id*; see also *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341-42 (2011) (holding the FAA preempts state-law rules that have a "disproportionate impact on arbitration agreements"); *Clements et al. v. DIRECTV*, 2014 WL 1266834 at *4 (W.D. Ark. Mar. 26, 2014) (finding that DIRECTV customer agreement's arbitration clause does not itself need to be mutual because state laws requiring "mutuality within the arbitration paragraph itself [are] preempted by FAA because it places the arbitration clause on unequal footing with other contract terms that do not have to be mutual") (citing *Southeastern Stud & Components, Inc. v. Am. Eagle Design Build*

*Studios, LLC,* 588 F.3d 963, 967 (8th Cir. 2009)). The Court should therefore disregard Plaintiffs' Exhibit 2 and all mutuality arguments based thereon.

Second, Plaintiffs' Westlaw search is irrelevant because the factual premise behind Plaintiffs' mutuality argument is wrong. The arbitration agreements in the 2014 Commercial Customer Agreement, and legacy Residential Customer Agreements, in fact require **both** DIRECTV and Plaintiffs to arbitrate "any legal or equitable claim," and allow **both** DIRECTV and Plaintiffs to litigate certain claims related to theft or misuse of DIRECTV's signal. *See* Kellogg Decl., Ex. 16 §§ 9, 9(d) (2014 Commercial Customer Agreement); Mitchell Decl., Ex. 6 §§ 9, 9(d) (2014 Residential Customer Agreement);[1] *see also In re DirecTV Early Cancellation Fee Mktg. & Sales Prac. Litig.*, 810 F. Supp. 2d 1060, 1069 (C.D. Cal. 2011) ("While Plaintiffs contend that the Customer Agreement 'requires one contracting party, but not the other, to arbitrate all claims,' even a quick reading of the Arbitration Clause reveals that this is untrue."), *rev'd in part on unrelated grounds, Lombardi v. DirecTV, Inc.*, 546 Fed. App'x 715 (9th Cir. 2013). Contrary to any contention that this limited carveout from arbitration is not truly reciprocal, DIRECTV customers have in fact sued DIRECTV in court under these exceptions. *See, e.g., Ellebracht v. DirecTV, Inc.*, 2006 WL 1698329, at *1 (E.D. Mo. June 7, 2006); *Ackerman v. DIRECTV, Inc.*, 2006 WL 2090214, at *1 (W.D. Tenn. July 25, 2006).

Finally, Plaintiffs' assertion that their Westlaw search results show DIRECTV suing its actual customers in "*thousands*" of cases (Opp. at 12) is pure speculation and should be disregarded. Mr. Lebsock himself acknowledges his "evidence" is flawed,

---

[1] As explained in DIRECTV's opening brief, Residential Plaintiffs Lippincott and Holinko's claims are governed by the 2016 Customer Agreement, which does not exempt theft-of-service claims from arbitration. *See* Opening Brief, at 14-15; Harris Decl. ¶¶ 5-8, Ex. 2 § 9 (2016 Residential Customer Agreement); *see also, e.g., Dasher v. RBC Bank (USA),* 745 F.3d 1111, 1117-18 (11th Cir.), *cert. denied,* 135 S. Ct. 144 (2014) (finding that an agreement entered into post-filing of litigation that superseded all prior agreements was binding on the parties). Plaintiffs' assertion that the 2014 Residential Customer Agreement lacks mutuality is therefore irrelevant.

2
DIRECTV'S EVIDENTIARY OBJECTIONS TO LEBSOCK DECLARATION

noting that "some portion" (possibly most?) of the cases listed may have been brought against non-customers. Lebsock Decl. ¶ 6.  Indeed, a brief review of Exhibit 2 shows that the listed cases (the vast majority of which are way more than a decade old) even include disputes between DIRECTV and its competitors, equipment dealers and distributors. *See, e.g., id.,* Ex. 2 at No. 39 (DIRECTV LLC v. Dish One Satellite LLC, et al.). The Court should disregard Mr. Lebsock's proffered speculation about the case list altogether.

In any event, the fact that DIRECTV has, over the last two decades, had to sue certain entities and individuals (whether customers or non-customers) who have stolen DIRECTV service does not mean the Plaintiffs' arbitration agreements lack mutuality. Plaintiffs' Exhibit 2, and all arguments and speculation based on it, are irrelevant to this Court's determination regarding the enforceability of the parties' arbitration agreements.

## II.  Exhibit 6 To The Lebsock Declaration Is Irrelevant.

Attached as Exhibit 6 to the Lebsock Declaration is a "copy of a billing statement and inserts [Mr. Lebsock] received from DirecTV" on or around September 6, 2016. Lebsock Decl. ¶ 7. What Mr. Lebsock, one of the Plaintiffs' lawyers, received in the mail from DIRECTV has no relevance to whether Plaintiffs have arbitration agreements with DIRECTV.  Plaintiffs point to Exhibit 6 to speculate that DIRECTV may have included "extraneous materials" in the June 2014 bill that provided Plaintiff Mucky Duck with its updated 2014 Commercial Agreement. *See* Opp. at 19. But the bill Mr. Lebsock—a residential subscriber—received in September 2016 has no bearing on what materials DIRECTV sent to Mucky Duck—a commercial subscriber—in 2014. Rather, a DIRECTV employee has submitted to this Court properly authenticated evidence of what Mucky Duck received from DIRECTV in June 2014. *See* Kellogg Decl., Ex. 16 (2014 Commercial Agreement), Ex. 21 (Mucky

3

DIRECTV'S EVIDENTIARY OBJECTIONS TO LEBSOCK DECLARATION

Duck's June 7, 2014 billing statement). Exhibit 6 is wholly irrelevant and should be disregarded.

### III. Mr. Lebsock's Testimony Regarding DIRECTV's Website Is Irrelevant.

Finally, Mr. Lebsock's assertions that he personally found it difficult to use DIRECTV's website and locate the Commercial Agreement are irrelevant. *See* Lebsock Decl. ¶¶ 2-3, Exs. 1a-1d.[2] Nowhere do Plaintiffs even try to rely on these portions of the Lebsock Declaration in opposing DIRECTV's Motion to Compel Arbitration, so the Court should disregard them as well. Moreover, contrary to Mr. Lebsock's assertions, DIRECTV informs its commercial customers (as well as its residential customers) precisely where they can find their agreements on DIRECTV's website. *See, e.g.*, Kellogg Decl. Exs. 18, 22 (copies of Mucky Duck's and Gael Pub's billing statements, which inform them that the Commercial Agreement is available at directv.com/commagreement); Yahinian Decl. ¶¶ 17-18, Exs. 5, 8 (order confirmation emails to Mucky Duck and Gael Pub, notifying them to review their customer agreements and providing hyperlinks to their Commercial Agreement). Mr. Lebsock's assertions about his personal use of DIRECTV's website are irrelevant to the Court's determination of DIRECTV's Motion to Compel Arbitration and should be disregarded.

\*   \*   \*

For the foregoing reasons, the Court should sustain DIRECTV's objections and disregard Paragraphs 2-5 of, and Exhibits 1a-1d, 2 and 6 attached to, the Lebsock Declaration.

---

[2] The declaration also notes that "[i]t appears" that DIRECTV remodeled portions of its website and asserts this "may have" occurred because of DIRECTV's merger with AT&T. Lebsock Decl. ¶ 4. In addition to being irrelevant, this portion of the declaration is pure speculation and should be disregarded. *See, e.g., Express, LLC v. Fetish Grp., Inc.*, 464 F. Supp. 2d 965, 974 (C.D. Cal. 2006) (noting "declarations that are conclusory, ambiguous, or speculative are insufficient evidence to defeat summary judgment").

| | | |
|---|---|---|
| 1 | Dated:  November 14, 2016 | KIRKLAND & ELLIS LLP |

/s/ *Robyn E. Bladow*

Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Attorney for Defendants DIRECTV, LLC and DIRECTV Holdings LLC*