Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Attorneys for Defendants*
*DIRECTV, LLC and DIRECTV Holdings LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | CASE NO. 2:15-ml-02668-BRO  (JEMx) |
| | **DIRECTV'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DECLARATIONS SUBMITTED WITH DIRECTV'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |
| THIS DOCUMENT RELATES TO:  ALL ACTIONS | Judge: Hon. Beverly Reid O'Connell |
| | Date:              December 12, 2016<br>Time:              1:30 p.m.<br>Courtroom:      7C |

1    DIRECTV, LLC and DIRECTV Holdings LLC (collectively, "DIRECTV")
2    submit the following responses to Plaintiffs' evidentiary objections ("Obj.") to the
3    Declarations of Alisa Kellogg ("Kellogg Decl."), Carine Yahinian ("Yahinian Decl."),
4    and Steven Mullins ("Mullins Decl.") submitted by DIRECTV in support of its Motion
5    to Compel Arbitration and Stay Proceedings. As explained below, DIRECTV's
6    declarants provide admissible, first hand testimony about Mucky Duck's customer
7    records and communications and DIRECTV's routine business practices. It is telling
8    that co-commercial Plaintiff Gael Pub did not object to any of the same evidence
9    submitted by DIRECTV to demonstrate Gael Pub's receipt and acceptance of the
10   updated 2014 Commercial Agreement and its arbitration provision, conceding it has an
11   arbitration agreement with DIRECTV. Mucky Duck's objections to this undisputed
12   evidence should be overruled.

13   **I.      Ms. Kellogg's Testimony Regarding Mucky Duck's Receipt Of Its 2014**
14   **         Commercial Customer Agreement Is Admissible.**

15          Mucky Duck's objections to the testimony of Alisa Kellogg are without merit.
16          First, Mucky Duck contends that Ms. Kellogg lacks personal knowledge
17   regarding its receipt of the updated 2014 Commercial Customer Agreement, which was
18   included with Mucky Duck's June 7, 2014 billing statement. Obj. at 1. Mucky Duck
19   apparently believes that Ms. Kellogg would have had to hand deliver the documents
20   and watch as the recipient opened the envelope and reviewed its contents in order to
21   have "personal knowledge" of DIRECTV's automated processes. *Id.* But that is not the
22   law. Federal Rule of Evidence 406 states that evidence of "an organization's routine
23   practice may be admitted to prove that on a particular occasion the . . . organization
24   acted in accordance with the habit or routine practice." Fed. R. Evid. 406. Moreover,
25   "[p]ersonal knowledge can be inferred from a declarant's position within a company or
26   business." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007). Ms.
27   Kellogg's declaration establishes her familiarity with the "process by which customers
28   receive the DIRECTV Customer Agreement," based on her nearly seven years

managing DIRECTV billing and subscriber data. Kellogg Decl. ¶ 1. Ms. Kellogg's declaration then describes, in detail, DIRECTV's routine practices for sending out the updated 2014 Commercial Agreements. *See id*. ¶¶ 6-11. Ms. Kellogg's statements regarding the automated processes employed to mail Mucky Duck's' June 7, 2014 bill, accompanied by true and correct copies of the properly addressed bill itself, as well as the 2014 Commercial Agreement, (*see id.*, Exs. 21 & 16), are admissible to establish the presumption that Mucky Duck did in fact receive its 2014 Commercial Agreement.

Mucky Duck's assertion that Ms. Kellogg has no "personal knowledge of receipt of these documents by Mucky Duck" is therefore irrelevant. Indeed, under the well-established "mailbox rule," evidence that a document was mailed raises a rebuttable presumption of receipt. *See, e.g.*, *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001). Far from rebutting the presumption created by Ms. Kellogg's declaration, Mucky Duck does not even dispute that it received its bills, as well as the enclosed Commercial Agreement. *See* Decl. of Jason Baker of Mucky Duck in Opp. to DIRECTV's Mot. to Compel Arbitration ("Baker Decl.") ¶ 9 ("DirecTV sends a bill to me on a monthly basis, and has done so for more than twenty years."). Indeed, Mucky Duck's owner admits that DIRECTV frequently includes inserts in his bills, but that he just chooses to ignore them. *Id*. (Mr. Baker of Mucky Duck noting that he "typically would not pay much attention to the additional materials sent with any billing statement."). But just because the recipient chooses to ignore the documents sent to him does not mean DIRECTV does not have admissible knowledge that the documents were in fact sent to him; nor can the subscriber avoid all terms and conditions associated with his DIRECTV service by simply deciding they are not "of interest to me" (*id.*). *See Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1105 (C.D. Cal. 2002) (quoting *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1149 (7th Cir. 1997)) ("[C]ompetent adults are bound by [customer agreements], read or unread."); *Murphy v. DIRECTV, Inc.,* 2011 WL 3319574, at *2 (C.D. Cal. Aug. 2, 2011), *aff'd*, 724 F.3d 1218, 1225 n.4 (9th Cir. 2013) (stating same).

2

Second, Mucky Duck's argument that Ms. Kellogg's "failure to include . . . 'business rules' and 'records'" upon which she bases her knowledge violates Federal Rule of Evidence 1002 is similarly unavailing. The "business rules" which Mucky Duck argues should have been attached to Ms. Kellogg's declarations refer to the regular practices and procedures of the organization—as well as DIRECTV's regularly maintained electronic databases which track customer information and transactions—of which Ms. Kellogg has personal knowledge from her nearly seven years of working with DIRECTV and its billing vendor, DST Output. Ms. Kellogg describes these practices in detail throughout the first half of her declaration. *See* Kellogg Decl. ¶¶ 1-11. Moreover, as noted above, Ms. Kellogg *does* in fact append both a copy of Mucky Duck's 2014 bill—and the 2014 Customer Agreement which accompanied it—to her declaration. *See id.*, Exs. 21 & 16.

Finally, Mucky Duck contends that Ms. Kellogg's statement that Mucky Duck never contacted DIRECTV to dispute the terms and conditions of its 2014 Commercial Agreement is inadmissible. *See* Obj. at 2. Mucky Duck's argument ignores Federal Rule of Evidence 803(7), which provides that an absence of a record kept in the regular course of business is valid evidence that the event did not occur. Ms. Kellogg declared that she reviewed Mucky Duck's regularly-maintained electronic customer records, and found no evidence of calls complaining about the 2014 Commercial Agreement. Kellogg Decl. ¶¶ 1, 32, 37. The absence of any record of a complaint is therefore admissible pursuant to Rule 803(7). Tellingly, Mucky Duck does not suggest or provide any evidence otherwise, and its continued acceptance of DIRECTV service serves as additional proof that Mucky Duck did not dispute the terms of the 2014 Commercial Customer Agreement.

## II.   Ms. Yahinian's Testimony Regarding Mucky Duck's Receipt Of Its August 26, 2015 Order Confirmation Is Both Relevant And Admissible.

Mucky Duck raises similar objections to the declaration of Ms. Yahinian, which are equally without merit. Again, Mucky Duck asserts that Ms. Yahinian's knowledge,

based on her personal review of DIRECTV's regularly-maintained electronic corporate records, is somehow insufficient and that "Yahinian has failed to offer any exception to Fed. R. Evid. 1002." Obj. at 2. As an initial matter, it is entirely proper for a declarant to base her personal knowledge on a review of records kept in the ordinary course of business. *See Lehman Bros. Holdings v. PMC Bancorp*, 612 F. App'x 885, 887 (9th Cir. 2015) (upholding district court's overruling objection to evidence where "declaration was based on personal knowledge gained from [declarant's] 'employment experience as well as from knowledge obtained after reasonable inquiry and review of the records'"); *Mora v. Harley-Davidson Credit Corp.*, 2009 WL 464465, at *4 n.1 (E.D. Cal. Feb. 24, 2009) (declaration "based on his review of records maintained by [defendant] in the ordinary course of business" satisfied the personal knowledge requirement). More importantly, however, Ms. Yahinian attaches the record objected to—Mucky Duck's August 26, 2015 order confirmation—as an exhibit to her declaration. *See* Yahinian Decl., Ex. 8.

Mucky Duck contends that Ms. "Yahinian has no personal knowledge of Mucky Duck's actions, nor does she claim that it received, opened or reviewed the email." Obj. at 2. However, as Ms. Yahinian's declaration explains, order confirmations only appear in the archives of DIRECTV's order confirmation vendor, RR Donnelley, if an email order confirmation was successfully sent. Yahinian Decl. ¶ 10. Thus, because Ms. Yahinian was able to access the archived order confirmation in the electronic databases, Ms. Yahinian can state that Mucky Duck's August 26, 2015 order confirmation was indeed sent. *Id.* As explained above, DIRECTV need not show that Mucky Duck actually "opened or reviewed" the email. *See Bischoff*, 180 F. Supp. 2d at 1105; *Murphy*, 2011 WL 3319574, at *2.

Likely recognizing that this evidence that Mucky Duck received yet another reminder of its arbitration agreement with DIRECTV is admissible, Mucky Duck argues that the email confirmation is irrelevant because it was sent after Mucky Duck filed suit. Obj. at 2. Mucky Duck does not explain why the date of the email affects its

relevance. The fact that Mucky Duck filed suit in court, instead of in arbitration, does nothing to invalidate its agreement to abide by the terms of its contract with DIRECTV. Mucky Duck's continued use of DIRECTV's service to this day manifested its acceptance of the Commercial Agreement, including its arbitration provision. *See Murphy*, 724 F.3d at 1225 n.4 (noting that the district court correctly found that continuing to accept DIRECTV service after receiving agreement "bound Plaintiffs to the terms of the contract").

## III.   Mr. Mullins' Testimony Regarding The 2010 Notice To Commercial Customers Of The Updated Commercial Agreement Is Admissible.

In a final attempt to avoid the substantial proof that Mucky Duck received, and accepted, the terms of the Commercial Agreement, Mucky Duck objects to the declaration of Steven Mullins, arguing that Mr. Mullins "fails to state he has personal knowledge" that DIRECTV sent Mucky Duck notice of the Commercial Agreement update in 2010. Obj. at 3. Once again, Mucky Duck is wrong. As stated above, personal knowledge can be obtained both from an individual's position in the company, and from a review of records kept in the ordinary course of business. *Edwards*, 527 F. Supp. 2d at 1201; *Mora*, 2009 WL 464465, at *4.

Mr. Mullins' declaration states that, as Vice President and Associate General Counsel at DIRECTV, he was one of the employees principally responsible for updating the Commercial Agreement, and that the statements in his declaration are based on his personal knowledge and his review of corporate records. Mullins Decl. ¶ 1. Mr. Mullins further states that in March 2010, DIRECTV mailed all commercial customers a letter notifying them of the updated Commercial Agreement, (*id.* ¶ 6), and appends a copy of the letter Mucky Duck would have received about that update. *Id.*, Ex. 2.

Mucky Duck, of course, admits that it was a DIRECTV customer in March 2010. *See* Baker Decl. ¶ 7 (stating that Mucky Duck has been a DIRECTV customer for the past 20 years). Moreover, to the extent that Mucky Duck now complains that

5

the March 15, 2010 letter appended to Mr. Mullins's declaration is not personalized to Mucky Duck, federal courts have found that exemplar documents are admissible evidence of an arbitration agreement. *See Drozdowski v. Citibank, Inc.*, 2016 WL 4544543, at *4 (W.D. Tenn. Aug. 31, 2016) (stating "Plaintiffs have not pointed to any evidence to show that the agreements and exemplars that have been produced are not the same as those entered between Plaintiffs and [defendant] . . . [defendant] may rely on the agreements and exemplars attached to its motion to compel arbitration"); *Murphy*, 2011 WL 3319574, at *2 (finding that, where DIRECTV submitted a declaration including exemplar customer agreements, "Defendants ha[d] presented sufficient evidence to show that Plaintiffs received the Customer Agreement with the arbitration provision, and were bound by the contract, even if they did not read it").

## IV.   Conclusion

For the foregoing reasons, DIRECTV respectfully requests that the Court overrule Mucky Duck's objections to the declarations establishing that it received notice of the updated Commercial Agreements in 2010 and 2014, as well as additional reminders about the arbitration agreement, submitted in support of DIRECTV's Motion to Compel Arbitration and Stay Proceedings.

1    Dated:  November 14, 2016              KIRKLAND  & ELLIS  LLP

2

3                                          /s/ *Robyn E. Bladow*

4                                          Michael E. Baumann (Bar No. 145830)
                                           Melissa D. Ingalls (Bar No. 174861)
5                                          Robyn E. Bladow (Bar No. 205189)
                                           Tammy A. Tsoumas (Bar No. 250487)
6                                          **KIRKLAND & ELLIS LLP**
                                           333 South Hope Street
7                                          Los Angeles, California 90071
                                           Telephone: (213) 680-8400
8                                          Facsimile: (213) 680-8500
                                           michael.baumann@kirkland.com
9                                          melissa.ingalls@kirkland.com
                                           robyn.bladow@kirkland.com
10                                         tammy.tsoumas@kirkland.com

11                                         *Attorney for Defendants DIRECTV, LLC*
                                           *and DIRECTV Holdings LLC*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DIRECTV'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS**