Beth A. Wilkinson (admitted *pro hac vice*)
**WILKINSON WALSH + ESKOVITZ LLP**
1900 M Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonwalsh.com

Sean Eskovitz (State Bar No. 241877)
**WILKINSON WALSH + ESKOVITZ LLP**
11726 San Vicente Boulevard, Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005
seskovitz@wilkinsonwalsh.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-BRO (JEMx) <br><br> **NFL DEFENDANTS' POSITION STATEMENT ON REDACTIONS** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS <br><br> Case No. 2:15-cv-09944-BRO-JEM | Judge: Hon. Beverly Reid O'Connell |


The NFL Defendants respectfully submit this Statement pursuant to ¶ 2 of the Stipulation Regarding Production of Media Agreements, which the Court entered on November 29, 2016 ("Stipulated Order"), Dkt. 205.

This dispute concerns *redactions made by third parties CBS and Fox* to their broadcast agreements with the NFL. Plaintiffs have not complied with the dispute-resolution protocol set forth in the Stipulated Order, and their demand for unredacted copies of the highly sensitive agreements should be denied.

As part of an agreement regarding discovery during the pendency of the NFL's Motion to Dismiss, Plaintiffs agreed, among other things, (1) that CBS and Fox would prepare redacted versions of their broadcast agreements with the NFL and (2) that any disputes concerning such redactions would be addressed pursuant to protocols specified in the Stipulated Order. In reliance on that agreement, the NFL produced to Plaintiffs copies of the broadcast agreements with the redactions made by CBS and Fox.

Plaintiffs took issue with the CBS and Fox redactions, but they did not follow the protocols, which required them to address specific redactions with which they took issue. Instead, they demanded immediate production of the "full, unredacted contracts" (*e.g.*, Ex. A (Dec. 8, 2016 email from Seth Ard, Susman Godfrey LLP, to Counsel for CBS, FOX, and the NFL Defendants)) and prematurely brought this dispute to the Court for resolution. That position is directly at odds with the Stipulated Order.

Given that the parties expressly *anticipated* redactions to the broadcast agreements, Plaintiffs' "assumption" that the broadcast agreements would be produced "largely" without redactions (Pls.' Stmnt. at 2) has no basis. There was no agreement to limit the scope of the redactions that non-parties CBS and Fox would implement, and Plaintiffs' "assumption" (like Plaintiffs' demand for wholly unredacted agreements) is at odds both with that negotiating history and with the plain text of the Stipulated Order itself. Nothing in the Stipulated Order

circumscribes the scope of the redactions that the networks were permitted to make, and the Stipulated Order sets out a protocol specifically to address any disputes about the networks' redactions. Plaintiffs were also made aware during the negotiations that the Stipulated Order was modeled on a substantively identical protocol that is being used successfully, without the need for Court intervention, in other litigation, pending in California district court, involving similar broadcast agreements.

Having agreed to the Stipulated Order's protocols, Plaintiffs should be required to follow them. Pursuant to the Stipulated Order, Plaintiffs must set forth an itemized list of the redactions at issue and engage in meaningful meet-and-confer discussions with the networks in an attempt to resolve their differences with CBS and FOX.

Until Plaintiffs have complied with their obligations under the Stipulated Order, their request to involve this Court in resolving their dispute with CBS and FOX regarding redactions is both premature and inappropriate. Their unwarranted request for an order requiring the production of unredacted network agreements should be denied.

Dated: December 21, 2016

Respectfully submitted,

By: *s/ Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)
**WILKINSON WALSH + ESKOVITZ LLP**
1900 M Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonwalsh.com

Sean Eskovitz (Bar No. 241877)
**WILKINSON WALSH + ESKOVITZ LLP**
11726 San Vicente Boulevard, Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005
seskovitz@wilkinsonwalsh.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Starts, Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4782
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*