JAMES W. QUINN (admitted *pro hac vice*)
james.quinn@weil.com
YEHUDAH L. BUCHWEITZ (admitted *pro hac vice*)
yehudah.buchweitz@weil.com
ERIC S. HOCHSTADT (admitted *pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Non-Party CBS Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE SUNDAY TICKET ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. ML 15-02668-BRO (JEMx)<br><br>**DECLARATION OF YEHUDAH L. BUCHWEITZ IN SUPPORT OF NON-PARTY CBS CORPORATION'S RESPONSE TO PLAINTIFFS' POSITION STATEMENT** |

I, Yehudah L. Buchweitz, hereby declare as follows:

1.  I am a partner at Weil, Gotshal & Manges LLP, which represents non-party CBS Corporation ("CBS") in the above-captioned litigation. I am a member in good standing of the bar of the State of New York and am deemed admitted *pro hac vice* in this Court (Dkt. 52). I submit this declaration in support of Non-Party CBS Corporation's Response to Plaintiffs' Position Statement.

2.  At the end of October 2016, we were informed that Plaintiffs and defendant the National Football League ("NFL") had been discussing a plan for providing limited discovery, including, *inter alia*, the Sunday AFC Package Television Agreement between CBS and defendant the National Football League ("NFL") (the "CBS Sunday AFC Television Agreement"), in exchange for a stay of discovery pending this Court's resolution of the NFL's pending motion to dismiss.

3.  CBS insisted that any production of the CBS Sunday AFC Television Agreement at this stage was conditioned on a redaction protocol, and proposed that the parties use the same protocol CBS and many other non-party networks, plaintiffs and college conferences and organizations defendants had been using in *In re NCAA Athletic Grant-In Aid Cap Antitrust Litigation*, No. 14-md-02541-CW-NC (N.D. Cal.) ("GIA"). On November 29, 2016, Plaintiffs and NFL agreed to such a stipulation, and submitted it to the Court (the "Redaction Stipulation") (Dkt. 203). The Redaction Stipulation mirrored the redaction protocol used in the GIA case. The redaction protocol in the GIA case has thus far been successfully utilized to resolve disputes regarding the production of commercially sensitive agreements without court intervention. On December 1, 2016, this Court so ordered the Redaction Stipulation (the "Redaction Order") (Dkt. 205).

4.  On December 1, 2016, as soon as the Redaction Stipulation became the Redaction Order, CBS provided a redacted version of the CBS Sunday AFC Television Agreement to counsel for the NFL. CBS did not redact any provision that governs the Sunday Ticket package at the center of this case. CBS also left

unredacted the provisions that the NFL relied on in its motion to dismiss, a provision concerning the term of the agreement, certain portions that are public information, and definitions needed to understand unredacted provisions. CBS also left every heading and subheading unredacted.

5. On December 8, 2016, Plaintiffs' counsel Seth Ard sent an email to me demanding that CBS agree within five hours to provide an unredacted copy of the CBS Sunday AFC Television Agreement by the next day or he would file a motion. Mr. Ard incorrectly referred to CBS' redactions as "wholesale," and "indiscriminate[]." I explained in response that CBS had provided all relevant provisions, and advised that the threat to file without identifying the particular redacted provisions his client took issue with and having a discussion concerning those provisions was a violation of the Redaction Order's requirements. A true and correct copy of this correspondence is attached hereto as <u>Exhibit 1</u>.

6. On December 9, 2016, Plaintiffs' counsel agreed to meet and confer with CBS. *See id*. During a meet and confer held on December 12, 2016, I asked, on multiple occasions, which redacted provisions of the CBS Sunday AFC Television Agreement Plaintiffs thought were relevant. I offered to discuss any particular provision that Plaintiffs thought might be relevant, but Plaintiffs' counsel instead asserted that Plaintiffs needed the entire agreement to support what they described as their broader claims involving the restriction of football broadcast outputs generally, not just provisions concerning Sunday Ticket.

7. In an effort to resolve the parties' disagreement without Court intervention, I offered to re-review the CBS Sunday AFC Television Agreement and consider whether certain additional provisions might be relevant to Plaintiffs' broader non-Sunday Ticket theory of the case, possibly with additional protections outside the governing protective order so that the CBS Sunday AFC Television Agreement would not be disclosed at trial or in the event that this Court denies any future motion to seal the agreement. Plaintiffs' counsel would not agree, and insisted on receiving only a

1  fully unredacted copy of the CBS Sunday AFC Television Agreement, despite having
2  entered into the Redaction Stipulation just over a week earlier.

3     8.     Consistent with the Redaction Order, CBS continues to be willing to
4  continue its good faith efforts to resolve this dispute and to consider allowing
5  additional relevant provisions to be available to Plaintiffs under either the current
6  protective order or an enhanced order.

7     Executed this 21st day of December, 2016 at New York, NY

8              By: /s/ *Yehudah L . Buchweitz*
9                    Yehudah L. Buchweitz