# EXHIBIT 1

# West, Nathaniel

| | |
|---|---|
| **From:** | Buchweitz, Yehudah |
| **Sent:** | Monday, December 12, 2016 6:05 AM |
| **To:** | Seth Ard |
| **Cc:** | dludwin@cov.com; seskovitz@wilkinsonwalsh.com; Hochstadt, Eric; JSchmidtlein@wc.com; Peter Leckman; Ian Gore; Scott A. Martin; Steven M. Nathan; Arun Subramanian; Rodney Polanco; Howard Langer; Ned Diver; Michael P. Lehmann; Christopher L. Lebsock; Swathi Bojedla; Marc Seltzer; Mishkin, Jessie; West, Nathaniel |
| **Subject:** | RE: NFL Network Contracts |

I can do a CBS call at 2:15pm.


Yehudah L. Buchweitz
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Yehudah.Buchweitz@weil.com
+1 212 310 8256 Direct
+1 212 310 8007 Fax


-----Original Message-----
From: Seth Ard [mailto:sard@susmangodfrey.com]
Sent: Friday, December 09, 2016 2:30 PM
To: Buchweitz, Yehudah
Cc: dludwin@cov.com; seskovitz@wilkinsonwalsh.com; Hochstadt, Eric; JSchmidtlein@wc.com; Peter Leckman; Ian Gore; Scott A. Martin; Steven M. Nathan; Arun Subramanian; Rodney Polanco; Howard Langer; Ned Diver; Michael P. Lehmann; Christopher L. Lebsock; Swathi Bojedla; Marc Seltzer; Mishkin, Jessie; West, Nathaniel
Subject: Re: NFL Network Contracts

Thanks Yehuda,
We disagree with most of what you write below: if you want to discuss further and you don't want to get on same call as Fox, please propose a time Monday or over the weekend. Else we will file Monday.
Have a nice weekend,
Seth

On Dec 9, 2016, at 2:19 PM, Buchweitz, Yehudah <Yehudah.Buchweitz@weil.com<mailto:Yehudah.Buchweitz@weil.com>> wrote:

Seth – the order [Dkt. 205] requires that we provide "a reasonable identification of the subject matter of each redaction, if not apparent from the face of the redacted document." By providing all headings and subheadings, in addition to the provisions governing Sunday Ticket and those previously disclosed by the NFL, we have fulfilled the order's obligation.

1

Your position is that "all the redactions are improper." I seriously doubt this is really Plaintiffs' position; otherwise, what proper purpose could the Plaintiffs Lead Co-Counsel group have had to enter into this redaction protocol?

The order requires "If and to the extent that Plaintiffs take exception to redactions to the broadcast agreements with CBS or FOX, Plaintiffs will provide written notice to CBS or FOX, as relevant, and to the NFL Defendants, and simultaneously provide a complete list of the redactions to which they take exception for discussion with CBS or FOX, as relevant, and the NFL Defendants."

We stand willing to discuss any redaction that Plaintiffs believe does not provide "a reasonable identification of the subject matter of each redaction" or is otherwise not appropriate, and should you provide such a list, I will certainly make myself available to discuss it next week.

Finally, I echo John's comment that you should provide any such list only to CBS and not to Fox, and if you provide a list to Fox, do not provide it to CBS.

From: Seth Ard [mailto:sard@susmangodfrey.com]
Sent: Friday, December 09, 2016 12:24 PM
To: Buchweitz, Yehudah
Cc: dludwin@cov.com<mailto:dludwin@cov.com>; seskovitz@wilkinsonwalsh.com<mailto:seskovitz@wilkinsonwalsh.com>; Hochstadt, Eric; JSchmidtlein@wc.com<mailto:JSchmidtlein@wc.com>; Peter Leckman; Ian Gore; Scott A. Martin; Steven M. Nathan; Arun Subramanian; Rodney Polanco; Howard Langer; Ned Diver; Michael P. Lehmann; Christopher L. Lebsock; Swathi Bojedla; Marc Seltzer; Mishkin, Jessie; West, Nathaniel
Subject: RE: NFL Network Contracts

Thanks Yehuda,

We already identified that we believe all the redactions are improper, which is what we were supposed to do under the Stipulation and Order. By contrast, you did not identify the substance of what you were redacting, as required by the Stipulation and Order, other than by leaving in the titles of sections, which are often meaningless.

As we said, we believe the entire contracts are relevant – for example, the entire contracts are relevant to our allegations that the Sunday Ticket is part of a broader agreement to limit the output of professional football broadcast. It is not sufficient to our purposes for you to include only the narrow provisions that you believe bear on the Sunday Ticket. Nor is a redaction for relevance proper in the first place – in part because it is not for the producing party to be the arbiter of what is relevant.

If you would like to get on the phone today, please name a time, and we will make sure that at least one lawyer from our side can be on the call at whatever time you propose. Otherwise, please tell us by email by 4pm ET today whether there is some basis for your redactions other than relevance. I don't believe there are – and so I don't think there is anything further to discuss – but if so, please let us know.

Best,
Seth


Seth Ard, Partner
212-471-8354 (office)
617-899-1140 (cell)

From: Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
Sent: Friday, December 09, 2016 10:03 AM

To: Seth Ard
Cc: dludwin@cov.com<mailto:dludwin@cov.com>; seskovitz@wilkinsonwalsh.com<mailto:seskovitz@wilkinsonwalsh.com>; Hochstadt, Eric; JSchmidtlein@wc.com<mailto:JSchmidtlein@wc.com>; Peter Leckman; Ian Gore; Scott A. Martin; Steven M. Nathan; Arun Subramanian; Rodney Polanco; Howard Langer; Ned Diver; Michael P. Lehmann; Christopher L. Lebsock; Swathi Bojedla; Marc Seltzer; Mishkin, Jessie; West, Nathaniel
Subject: RE: NFL Network Contracts

Since I suggested the stipulation, and have seen it successfully at work with respect to several of our agreements in the GIA case, I am clear on what was intended and what it requires, and everything CBS has done is fully in compliance with that. Your comments in your email appear to be nothing more than an attempt to eviscerate the stipulation shortly after inducing the networks to agree to it. You now have the provisions governing Sunday Ticket in the CBS agreement and have articulated no reason why you need anything else for your case.

To the extent you have legitimate objections to particular redacted provisions of the CBS agreement, the process is clear. You must provide (a) written notice, with a complete list of what you are contesting, and (b) have a discussion with us regarding that before seeking relief from the court. You have not done either of these things. If you want to set forth a list of provisions that you believe are actually relevant to real issues in your case, please identify them and why they are relevant to your claims, and we can have the discussion provided for in the stipulation. This is exactly what has happened in the GIA case: we redact agreements, conferences produce agreements, plaintiffs take issue with certain redactions, explaining why they believe they may be relevant and then we discuss them and resolve or narrow issues; so far, we have avoided court intervention.

If you choose to proceed with your threatened filing, be advised that in our response, we will inform the Court that you refused to engage and violated the stipulation and order.

We reserve all our rights, including to seek costs for responding to a premature and improper filing.


From: Seth Ard [mailto:sard@susmangodfrey.com]
Sent: Thursday, December 08, 2016 5:41 PM
To: Buchweitz, Yehudah
Cc: dludwin@cov.com<mailto:dludwin@cov.com>; seskovitz@wilkinsonwalsh.com<mailto:seskovitz@wilkinsonwalsh.com>; Hochstadt, Eric; JSchmidtlein@wc.com<mailto:JSchmidtlein@wc.com>; Peter Leckman; Ian Gore; Scott A. Martin; Steven M. Nathan; Arun Subramanian; Rodney Polanco; Howard Langer; Ned Diver; Michael P. Lehmann; Christopher L. Lebsock; Swathi Bojedla; Marc Seltzer; Mishkin, Jessie; West, Nathaniel
Subject: RE: NFL Network Contracts

Thanks Yehudah,

The version of the FOX agreement produced to us redacted Section 11.1, but that same provision was not redacted when sent to the Court, and that is what we were referring to. That said, the CBS redactions are also egregious, and violate the purpose of the agreement. Among other sections, you redacted the following sections, which are plainly relevant to the case: "Television Rights Transferred," "Rights Reserved by League," "Game Broadcast and Videotape Obligations," "Production and Feed Delivery Obligations," "Advertising and Sponsorship," "Rights Fees; Adjustments"; "Copyright, Trademarks, Etc.," "Affiliate Rights and Obligations," "Term," "Most Favored Nation," "Indemnification," "Definitions." To be clear, we think the entire agreements should be produced, and these are just examples.

One reason the entire agreements should be produced is that redactions for relevance are improper, and it is not up to CBS or FOX or the NFL to decide what is relevant. There is a protective order in place that will protect your information, and we have already agreed to get the documents for now on an AEO basis. See, e.g., In re Toyota Motor Corp.

Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig., No. 8:10 ML 02151 JVS, 2012 WL 9337626, at *1 (C.D. Cal. Jan. 13, 2012) ("[W]e feel that the better policy is not to allow unilateral redactions based on relevance by the producing party. This is especially true when a protective order is in place, as is the case here.")

Please let us know if and why you disagree with the above, and how a filing tonight would violate Section 2 of the Stipulation – that section says we can file within 5 days, not that we have to wait 5 days.

Best,
Seth



Seth Ard, Partner
212-471-8354 (office)
617-899-1140 (cell)

From: Buchweitz, Yehudah [mailto:Yehudah.Buchweitz@weil.com]
Sent: Thursday, December 08, 2016 3:09 PM
To: Seth Ard
Cc: dludwin@cov.com<mailto:dludwin@cov.com>; seskovitz@wilkinsonwalsh.com<mailto:seskovitz@wilkinsonwalsh.com>; Hochstadt, Eric; JSchmidtlein@wc.com<mailto:JSchmidtlein@wc.com>; Peter Leckman; Ian Gore; Scott A. Martin; Steven M. Nathan; Arun Subramanian; Rodney Polanco; Howard Langer; Ned Diver; Michael P. Lehmann; Christopher L. Lebsock; Swathi Bojedla; Marc Seltzer; Mishkin, Jessie; West, Nathaniel
Subject: Re: NFL Network Contracts

Seth-

CBS did not redact anything that was previously disclosed.

And we never agreed to not redact anything.

And we gave you every provision governing Sunday Ticket.

And if you file something tonight or tomorrow as you threaten, you will be in direct violation of paragraph 2 of the very order you cite.

If you would like to follow the procedure set out in paragraph 2, I am of course ready and willing to do so.


Sent from my iPhone

On Dec 8, 2016, at 2:33 PM, Seth Ard <sard@susmangodfrey.com<mailto:sard@susmangodfrey.com>> wrote:
Counsel,

We were very disappointed that the Network contracts produced by the NFL were almost entirely redacted and unusable, contrary to our agreement.  We object to the wholesale redactions, and ask that you produce to us on an attorneys'-eyes-only basis the full, unredacted contracts with CBS and FOX by tomorrow. Please let us know by 6pm ET today whether you will consent to that.

This email constitutes our objections pursuant to the Stipulation and Order of the Court, filed on November 28, 2016, to the redactions.  We note that the wholesale redactions appear to have been done indiscriminately and include

4

redactions of portions of contracts that have already been filed in this case by the NFL.  We plan to file our papers with the Court as soon as this evening, absent your agreement to produce the contracts to us.

Thank you,
Seth


Seth Ard, Partner
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
212-471-8354 (office)
617-899-1140 (cell)



_____

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com<mailto:postmaster@weil.com>, and destroy the original message. Thank you.


_____

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com<mailto:postmaster@weil.com>, and destroy the original message. Thank you.


_____

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com<mailto:postmaster@weil.com>, and destroy the original message. Thank you.