John E. Schmidtlein (163520)
jschmidtlein@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Non-Party Fox*
*Broadcasting Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-BRO (JEMx) |
| | Hon. Beverly Reid O'Connell |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **NON-PARTY FOX BROADCASTING COMPANY'S RESPONSE TO PLAINTIFFS' POSITION STATEMENT ON REDACTIONS** |

---

**NON-PARTY FOX BROADCASTING COMPANY'S RESPONSE TO PLAINTIFFS' POSITION STATEMENT ON REDACTIONS**

Plaintiffs' request for FOX's NFL Television Contract ("FOX Contract") to be produced in completely unredacted form is contrary to the Order re: Stipulation Regarding Production Of Media Agreements (Docket No. 205) ("Stipulation Order"), and unnecessarily puts at risk FOX's highly sensitive commercial information. Plaintiffs make this request despite the fact that (1) they offer no particularized showing of need for an unredacted version of the FOX Contract for purposes of this litigation, much less for the Court's determination of the pending motion to dismiss; (2) Plaintiffs have not otherwise identified a single FOX Contract provision they need unredacted based on their review of the Contract headings and sub-headings; and (3) there is no dispute that the FOX Contract is among the most sensitive business agreements entered into by FOX Broadcasting. Instead, upon production of the redacted FOX Contract by the NFL, Plaintiffs immediately declared that they needed the entire FOX Contract unredacted because it bears some relevance to their case. If that was the standard, there would have been no purpose in entering into the Stipulation Order in the first place.

FOX consented to the NFL producing, pursuant to the highest protections under the Protective Order, a redacted version of the FOX Contract with unredacted sections confirming: (1) that FOX has the exclusive right to broadcast National Football Conference games on Sunday afternoons on over-the-air FOX networks ("NFC Package"), and (2) the NFL has the right to resell the NFC Package to an entity such as DirecTV for inclusion in a subscription product like the NFL Sunday Ticket. FOX also left unredacted the contract section headings and subheadings for the entire contract so that, pursuant to the Stipulation Order, Plaintiffs could verify that the redacted sections were not related to their claims. Although not raised during their meet and confer teleconference, Plaintiffs now argue that these headings are not sufficient for purposes of evaluating whether or not the redactions

---

**NON-PARTY FOX BROADCASTING COMPANY'S RESPONSE TO PLAINTIFFS' POSITION STATEMENT ON REDACTIONS**

1

1  are appropriate.  As set forth below, FOX respectfully requests that the Court order

2  Plaintiffs to abide by the Stipulation Order, identify any specific sections of the

3  FOX Contract that they believe are potentially relevant to their case and why they

4  believe they are relevant, and have a meaningful meet and confer with FOX.  In the

5  alternative, FOX requests that the Court defer consideration of this issue until the

6  Court rules on the NFL's pending motion to dismiss.  Plaintiffs have offered no

7  reason why this dispute needs to be resolved before that time.

8        **1.  Plaintiffs' have not complied with the Stipulation Order.**

9        The Stipulation Order was entered to resolve a dispute between the parties

10  about whether discovery was appropriate while dispositive motions are pending.

11  *See* Stipulation Order at 1.  The resulting "agreement [was a protocol for providing

12  limited discovery to Plaintiffs . . . that includes the production of certain media

13  agreements between the NFL Defendants and CBS and FOX." *Id.*  The only

14  protocol provided is how to handle "disputes [that] may arise concerning whether

15  redactions to those documents are appropriate." *Id.* ¶ 1.  As such, the Stipulation

16  Order specifically contemplated that redactions would and could be made to the

17  FOX and CBS agreements.  If Plaintiffs "take exception to redactions to the

18  broadcast agreements with . . . FOX," Plaintiffs have to provide FOX "a complete

19  list of the redactions to which they take exception" in order for the parties to

20  attempt to resolve any concerns prior to filing for relief with the Court.  *Id.* ¶ 2.

21        Pursuant to the Stipulation Order, the NFL produced the FOX Contract

22  *without* redacting certain information, including the "NFL Sunday Ticket" and

23  exclusive broadcast rights provisions.  *See, e.g.*, Plfs.' Pos. Statement on Redactions

24  ("Plfs.' State."), Ex. 2 at pp. 8, 9, 13.  The entire table of contents identifying all

25  headings for all parts and subparts of the FOX Contract was also produced.  *See id.*

26  pp. i–v.  Despite having all of this information, and contrary to the Stipulation

27

28
_____
**NON-PARTY FOX BROADCASTING COMPANY'S RESPONSE TO**
**PLAINTIFFS' POSITION STATEMENT ON REDACTIONS**

Order, Plaintiffs did not notify FOX of specific provisions they believe should be unredacted before bringing their dispute to the Court, nor did Plaintiffs ask for additional information about particular FOX contract sections so they could assess whether redactions were appropriate.  Instead, Plaintiffs notified counsel for FOX, CBS and the NFL by email that Plaintiffs objected to the redactions and demanded that counsel (a) respond to the request within several hours of the request, and (b) produce unredacted versions of the agreement by the following day.  *See* Exhibit 1.

Plaintiffs fail to explain why any redacted provision may be even potentially relevant to their case, much less that production of any redacted provisions are necessary pending the Court's decision on the NFL's motion to dismiss.  Plaintiffs' claim that their case relates in some part to the fact that the NFL has licensed to FOX the exclusive right to deliver live telecasts of NFC Package games via free over-the-air broadcasts, and similarly that the NFL has licensed to CBS the exclusive right to deliver live telecasts of AFC Package games via free over-the-air broadcasts (together, "the Network Contracts").  That is the core allegation relating to the Network Contracts that purportedly is relevant to Plaintiffs' claims.  But Plaintiffs did not need production of the Network Contracts to understand these facts; they are alleged in their Consolidated Amended Complaint at Paragraph 84.  Nonetheless, the NFL produced the FOX Contract with this grant of right left unredacted in Section 1.4(a).  Also left unredacted is the section of the FOX Contract that expressly permits the NFL to resell the FOX broadcasts of NFC Package games as part of a subscription television service, including the NFL Sunday Ticket.  *See* FOX Contract § 2.5.  Plaintiffs offer no explanation why they need any other provisions from the FOX Contract to state a claim in this case.[1]

---

[1] Plaintiffs note in a footnote that the NFL had redacted "all or nearly all of the sections regarding topics such as rights fees, the division of rights between the NFL

### 2. Redactions are an appropriate way to protect a third-party's sensitive contract terms.

Contrary to Plaintiffs' suggestion, courts allow redactions of non-relevant, proprietary business information, particularly where, as here, a non-party's proprietary business information is at stake. *See, e.g.*, *Anderson, Greenwood & Co. v. Nibsco Supply, Inc.*, No. 96-MC-15-E, 1996 WL 377205, at *3 (W.D.N.Y. June 27, 1996) ("[Third-party] should not, at this procedural stage, have to risk being unduly prejudiced by revealing any of its proprietary information to a competitor in an action to which it is not a party; therefore, it may redact from its disclosure any confidential or proprietary information.").[2]  And in this case, Plaintiffs agreed to the Stipulation Order that expressly contemplates redactions as a compromise to a dispute regarding discovery pending the Court's decision on the NFL's motion to dismiss.

This is not the first time that plaintiffs have sought FOX sports broadcasting television contracts in complete, unredacted form, and a court has permitted redactions of materials not germane to the case.  In *In re: NCAA Student-Athlete Name & Likeness Licensing Litigation*, the court found that FOX's television contracts with college athletic conferences contained "highly confidential commercial information," and that in the absence of plaintiffs "establish[ing] a

_____

and the Network, indemnification, licensing, and exclusivity."  Plfs.' State. at 2, n.1.  Yet Plaintiffs never explain why they need any redacted provisions related to these topics or why the unredacted sections that do address them are not sufficient.
[2] *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, Plaintiffs' lone citation for the proposition that redactions are wholesale improper, includes no factual background or analysis.  The decision also allowed counsel to "seek further direction and/or request *in camera* review by the Special Masters regarding any particularly sensitive issues that may pertain to particular documents."  2012 WL 9337626, at *1.

_____

**NON-PARTY FOX BROADCASTING COMPANY'S RESPONSE TO PLAINTIFFS' POSITION STATEMENT ON REDACTIONS**

4

substantial need for any material that falls outside of" the unredacted provisions provided, the entirety of the FOX contracts should not be produced. Ex. 2 at 9, Order Denying Mots. to Compel Prod. of Docs. by Nonparties, *In re: NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 4:11-mc-80300, Dkt. No. 64 (N.D. Cal. Feb. 27, 2012) (Mag. J.), *appeal denied*, Order on Antitrust Plfs.' Mot. for Relief From Non-Dispositive Pretrial Order of Mag. J., Dkt. No. 75 (Apr. 9, 2012) (agreeing with FOX's "compromise" to produce responsive "excerpts" of FOX's contracts). And FOX was not compelled to produce its national contracts in the *Laumann* and *Garber* cases before a decision on defendants' motion to dismiss, and the Protective Order was amended to offer more protection than the one here.

### 3. Limited discovery and protection is especially warranted prior to a ruling on dispositive motions.

Federal Rule of Civil Procedure 26(c) grants district courts broad discretion to stay discovery on a showing of "good cause." Although the limited discovery here may not be expensive in production cost terms, the materials sought are among the most-sensitive business agreements entered into by FOX. *See* Decl. of K. Dhaliwal in Supp. of NFL Defs.' Unopposed App. To File Docs. Under Seal (Dkt. No. 169) ("The terms of the [FOX Contract] are among the most closely guarded, strategic business information at Fox."). No credible argument has been made that production of the redacted sections of the FOX Contract are necessary for the Court to resolve the pending motion to dismiss. Especially at this stage of the litigation before dispositive motions have been decided, the Stipulation Order allowing for limited discovery of FOX's Contract with redactions was entirely reasonable. The Court should, at the least, defer this issue until after a ruling on the motion to dismiss. And the Court should require Plaintiffs to follow the process dictated by the Stipulation Order and specifically identify the provisions of the FOX Contract they believe should be unredacted and the basis for any such assertion.

**NON-PARTY FOX BROADCASTING COMPANY'S RESPONSE TO PLAINTIFFS' POSITION STATEMENT ON REDACTIONS**

1

Dated:  December 21, 2016

Respectfully submitted,

2

3

By:  /s/ John E. Schmidtlein

4

John E. Schmidtlein

5

**WILLIAMS & CONNOLLY LLP**

725 Twelfth Street, NW

6

Washington, DC 20005

7

Telephone: (202) 434-5868

Facsimile: (202) 434-5029

8

jschmidtlein@wc.com

9

10

*Counsel for Non-Party Fox*
*Broadcasting Company*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NON-PARTY FOX BROADCASTING COMPANY'S RESPONSE TO**
**PLAINTIFFS' POSITION STATEMENT ON REDACTIONS**

6