Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Attorneys for Defendants*
*DIRECTV, LLC and DIRECTV Holdings LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | CASE NO. 2:15-ml-02668-BRO (JEMx)<br><br>**DIRECTV'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. Beverly Reid O'Connell<br><br>Date: February 13, 2017<br>Time: 2:30 p.m.<br>Courtroom: 7C |

DIRECTV hereby responds to Plaintiffs' February 2, 2017 Notice of Supplemental Authority regarding the Ninth Circuit's recent decision in *Norcia v. Samsung Telecommunications America, LLC*, --- F.3d ---, 2017 WL 218027 (9th Cir. Jan. 19, 2017). In their Notice, Plaintiffs note that DIRECTV cited *Murphy v. DirecTV, Inc.*, 724 F.3d 1218 (9th Cir. 2013), in support of its argument that Plaintiff Mucky Duck accepted the arbitration agreement by continuing to accept DIRECTV service after receiving the agreement, and contend that *Norcia* supposedly "makes clear" that "the assumptions that underpinned [the *Murphy* decision] are questionable." Dkt. No. 225. *Norcia*, however, says no such thing; it merely notes that *Murphy*'s statements about contract formation were *dicta* because the plaintiffs there waived arguments about their assent to the arbitration agreement. *Norcia,* 2017 WL 218027, at *8 n.4. Indeed, far from casting doubt on the existence of assent in *Murphy*, the Ninth Circuit's reasoning in *Norcia* reaffirms that by retaining the benefits of DIRECTV service with knowledge that there are terms on which that service is offered, customers validly assent to those terms under California law.

In *Norcia*, the plaintiff made a one-time purchase of a Samsung phone from a Verizon store. *Id.* at *1-2. A copy of a warranty, which included an arbitration provision, was contained in the phone's box (which the plaintiff left in the store). *Id.* at *2. The arbitration provision stated that purchasers could opt out of the arbitration provision within 30 days, and that if they did so, it would not affect the benefits received under the warranty. *Id.* Samsung argued that because it included the warranty in the box, and because the plaintiff did not opt out of, or otherwise object to, the arbitration agreement, it had a valid contract with the plaintiff to arbitrate all claims. *Id.* at *3.

In explaining applicable California contract law principles, the court noted the general rule that silence does not constitute assent to a contract. *Id.* at *4. It also explained that there were exceptions to that rule, including that "[a]n offeree's silence may . . . be treated as consent to a contract when the party retains the benefit offered."

*Id.* Indeed, as the court noted, that exception is codified in California law. *See id.* (citing Cal. Civ. Code § 1589, which provides that "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting"). The Ninth Circuit held, however, that this exception did not apply under the particular circumstances of that case because the *Norcia* plaintiff would have received the same benefits under the warranty with or without accepting the arbitration agreement and therefore had not "retained any benefit by failing to act." *Id.* at *5. California Civil Code Section 1589 thus had no application.

Here, by contrast, there is no question that, unlike the plaintiff in *Norcia*, Mucky Duck retained—and continues to retain—benefits it would not have received had it refused to accept the terms of the DIRECTV Commercial Agreement. The Commercial Agreement presented Mucky Duck with a clear choice: either accept DIRECTV service, and thereby agree to the terms and conditions of the Commercial Agreement, including the arbitration provision, or refuse to accept service and find another television provider. *See* Dkt. No. 171-24 (2014 Commercial Customer Agreement); Dkt. 171-45 (2009 Commercial Viewing Agreement). Unlike in *Norcia*, where the plaintiff could retain the benefits of the warranty without agreeing to arbitrate, accepting the service DIRECTV offers without also agreeing to the corresponding obligations in the Commercial Agreement was never an option. After being apprised of the agreement, including changes to price, programming and other terms, multiple times and in multiple ways (including receiving a copy of the agreement itself in the mail), Mucky Duck chose to accept DIRECTV service, and has continued to subscribe to DIRECTV service to this day. Under California law, by continuing to voluntarily accept the benefits of DIRECTV programming service, Mucky Duck has consented "to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting" and is bound by the terms

of the Commercial Agreement, including its arbitration provision. Cal. Civ. Code § 1589; *see Norcia*, 2017 WL 218027, at *4-5.

Apparently recognizing that *Norcia* and Cal. Civ. Code § 1589 undercut its argument on the facts of this case, Mucky Duck also notes that the *Norcia* court cited language from *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d, 987, 993 (1972), about how inconspicuous contractual provisions contained in a document whose contractual nature is not obvious do not bind an offeree. Dkt. No. 225. But DIRECTV has never disputed the existence of that general principle of California law. Rather, it disputes that the principle has any application to this case. DIRECTV is not trying to bind Mucky Duck to inconspicuous contractual provisions in a document whose contractual nature is not obvious; it is trying to enforce the arbitration provision in the DIRECTV Commercial Agreement, which contains the terms on which DIRECTV agreed to sell the services that Mucky Duck continues to receive the benefit of. The Commercial Agreement was undisputedly mailed to Mucky Duck and disclosed the existence of an arbitration agreement in the very first paragraph in bold capital letters. *See* Dkt. No. 171-24 (agreement is "**SUBJECT TO ARBITRATION**"); *see also* Dkt. No. 171-46 (March 2010 letter, which informed Mucky Duck that the Commercial Agreement had been updated, reminded it that the agreement "describes the terms and conditions of your receipt and payment for the DIRECTV service," informed it that "[y]our continued receipt of the DIRECTV service constitutes your acceptance of these terms and conditions," and provided it with the website address where it could review the agreement). Mucky Duck admits that it had a contract with DIRECTV and that the contract was modified at various times, and does not dispute that it received notice of updates to that contract. Mucky Duck's argument against arbitration is that it chose not to read the updated terms that were sent. The *Norcia* decision cannot be read to suggest that consent to a contract manifested by accepting the benefits offered can somehow be nullified as to certain obligations because the offeree allegedly did not read them.

| | |
|---|---|
| Dated: February 8, 2017 | Respectfully submitted,<br><br>/s/ *Michael E. Baumann*<br>Michael E. Baumann (Bar No. 145830)<br>Melissa D. Ingalls (Bar No. 174861)<br>Robyn E. Bladow (Bar No. 205189)<br>Tammy A. Tsoumas (Bar No. 250487)<br>**KIRKLAND & ELLIS LLP**<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500<br>michael.baumann@kirkland.com<br>melissa.ingalls@kirkland.com<br>robyn.bladow@kirkland.com<br>tammy.tsoumas@kirkland.com<br><br>*Attorneys for Defendants DIRECTV, LLC and DIRECTV Holdings LLC* |