Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Attorneys for Defendants*
*DIRECTV, LLC and DIRECTV Holdings LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:   ALL ACTIONS | CASE NO. 2:15-ml-02668-BRO (JEMx)<br><br>**DIRECTV'S RESPONSE TO PLAINTIFFS' NOTICE OF RECENT AUTHORITY**<br><br>Judge: Hon. Beverly Reid O'Connell |

On April 14, 2017, Plaintiffs filed a Notice of Recent Authority (Dkt. No. 236), submitting the California Supreme Court's decision in *McGill v. Citibank, N.A.*, Case No. S224086, 2017 WL 1279700 (Cal. Apr. 6, 2017) ("*McGill*"). Plaintiffs assert that *McGill* is "relevant to the arguments made by plaintiff Ninth Inning Inc., dba The Mucky Duck, regarding defendant [DIRECTV's] motion to compel arbitration." Dkt. No. 236 at 2. *McGill*, in fact, has no bearing on the issues presented by DIRECTV's motion.

In *McGill*, the California Supreme Court interpreted certain California statutes (California's Unfair Competition Law and False Advertising Law, Cal. Bus. & Prof. Code §§ 17200, 17500 *et seq*., and Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*.) as allowing for individuals to seek so-called "public injunctive relief" without certifying a class action. *McGill*, 2017 WL 1279700, at *6-7. The arbitration agreement at issue in *McGill* prohibited the plaintiff from seeking that public injunctive relief under those statutes in arbitration, in court, or in any other forum. *Id*. at *4. The California Supreme Court decided that insofar as that arbitration provision waived the plaintiff's ability to seek public injunctive relief under those California statutes in any forum, that waiver was unenforceable as contrary to California public policy. *Id*. at *7.

Putting aside the propriety of the California Supreme Court's further opinion that its public policy-based decision about the enforceability of that arbitration agreement's "public injunctive relief" waiver is not preempted by the Federal Arbitration Act (*id*. at *8-10), the fact is that Plaintiffs here, including Mucky Duck, have no claims under those California statutes. Rather, they have asserted two counts under the Sherman Act (Dkt. No. 163, ¶¶ 155-63), which, as both the U.S. Supreme Court and Ninth Circuit have made clear, allows an individual suing under the antitrust laws to seek relief for itself (including an injunction and treble damages), but does not confer any substantive right to collective relief or so-called "public injunctive relief" — if the individual wishes to seek relief on behalf of others, it must invoke the

procedures of Federal Rule 23.  *See Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (noting that "[t]he Sherman and Clayton Acts make no mention of class actions" and "[i]n fact, they were enacted decades before the advent of Federal Rule of Civil Procedure 23"); *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 988 (9th Cir. 2016) (noting that the Supreme Court has "concluded that the antitrust laws establish no statutory right to pursue concerted claims").  Absent application of Rule 23, the "usual rule" that applies in antitrust cases is that "litigation is conducted by and on behalf of the individual named parties only".  *Italian Colors*, 133 S. Ct. at 2309 (citations omitted).  And as the Supreme Court has further explained, an arbitration provision that waives application of class procedures in arbitration, as Plaintiffs' agreements with DIRECTV do here, is valid and enforceable in antitrust cases.  *See id.* at 2309-12.

*McGill* thus has no relevance to DIRECTV's motion to compel arbitration.  The motion is instead controlled by U.S. Supreme Court precedent, which requires this Court to compel arbitration in accordance with the parties' agreements.

Dated:  April 20, 2017

Respectfully submitted,

/s/ *Robyn E. Bladow*
Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Attorneys for Defendants DIRECTV, LLC and DIRECTV Holdings LLC*