Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer
hlanger@langergrogan.com
Edward Diver
ndiver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Interim Co-Lead Class Counsel*

[Additional Counsel listed in Signature Block]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | CASE NO.: 2:15-ml-02668−PSG (JEMx)<br><br>CLASS ACTION<br><br>**JOINT STATUS REPORT**<br><br>Hon. Philip S. Gutierrez<br><br>DATE: January 12, 2021<br>TIME: 2:00 p.m.<br>LOCATION: Courtroom 6A |

7824065v1/014918

Pursuant to the Court's Order of November 23, 2020 (Doc. 271), the parties in the above-captioned Multidistrict Litigation (the "MDL") respectfully submit this Joint Status Report (the "Report"). This Report is the result of conferences held between counsel for the parties on December 11, 2020, and December 17, 2020.

## I. BRIEF SUMMARY OF THE ACTION

This is a putative class action antitrust case. Plaintiffs are current or former commercial and residential DIRECTV subscribers who also purchased the "NFL Sunday Ticket" sports package. The NFL Sunday Ticket package permits television viewers to watch live broadcasts of certain out-of-market NFL games that are otherwise unavailable in the viewer's local market. Plaintiffs challenge agreements among and between the National Football League (the "NFL"), the 32 member clubs of the NFL (together, the "NFL Defendants"), DIRECTV Holdings LLC, DIRECTV, LLC (together, "DIRECTV"), and various television networks that, Plaintiffs allege, unlawfully restrain competition in violation of the Sherman Act. Plaintiffs further allege that the NFL unlawfully monopolizes the market for live video presentation of professional football games.

Plaintiffs challenge the following agreements: (1) an agreement between the NFL and its 32 member clubs to pool their telecasting rights together and assign negotiating authority for those rights to the NFL on behalf of its clubs; (2) an exclusive licensing agreement between the NFL and DIRECTV for the broadcasting of certain live, out-of-market NFL games through the NFL Sunday Ticket package; and (3) agreements among and between the NFL, CBS, and Fox concerning the broadcasting of Sunday afternoon professional football games. Plaintiffs allege that these agreements operate in an interdependent and interlocking manner.

Plaintiffs allege that, as a result of these agreements, the only way consumers in the United States can watch full game broadcasts of live, regular season, Sunday afternoon NFL games that are not broadcast in their local market is by subscribing to DIRECTV and purchasing the NFL Sunday Ticket sports package. Plaintiffs allege

that these agreements reduce output and have the effect of charging DIRECTV subscribers supracompetitive prices.

Defendants believe that Plaintiffs' allegations lack merit. The agreements that Plaintiffs have challenged increase output of professional football, including by ensuring that every NFL Sunday afternoon game is broadcast on free, over-the-air television, that every consumer has access to multiple free broadcasts every Sunday, and that those broadcasts are all of high quality. Indeed, coordination among the members of integrated joint ventures such as the NFL has undeniable procompetitive effects. Without such cooperation, the joint venture's product could not be created or improved, licensed or distributed, or made more responsive to consumer demand.

In addition, DIRECTV will be renewing its motion to compel arbitration and stay proceedings (previously filed in response to Plaintiffs' complaint).

## II. PROCEDURAL HISTORY

This MDL consolidates several cases originally filed in the U.S. District Courts for the Central District of California, the Northern District of California, and the Southern District of New York. On December 8, 2015, the Judicial Panel on Multidistrict Litigation transferred six related actions to the Central District of California and assigned those cases to the late Hon. Beverly Reid O'Connell for coordinated or consolidated pretrial proceedings. (Doc. 1). The JPML finalized transfer of five additional tag-along actions on December 22, 2015. On February 1, 2016, Judge O'Connell issued an order scheduling briefing for any motions to consolidate; establishing the master case file and docket for the MDL; instructing Plaintiffs' counsel to confer as to the appointment of a Plaintiffs' Steering Committee and Plaintiffs' Administrative/Management Committee; and scheduling a case management conference. (Doc. 27).

On May 23, 2016, Judge O'Connell consolidated all of the actions transferred by the JPML and related actions filed in this district, and ordered plaintiffs to file a consolidated complaint. (Doc. 142). On June 8, 2016, Judge O'Connell appointed the

following as Plaintiffs' Co-Lead Counsel: Marc M. Seltzer and Susman Godfrey L.L.P.; Howard I. Langer and Langer, Grogan, and Diver, P.C.; and Scott Martin and Hausfeld LLP.[1] (Doc. 150). Judge O'Connell further appointed the following to serve as members of the Plaintiffs' Steering Committee (the "PSC"): Richard Koffman and Cohen Milstein L.L.P.; Arthur Murray and the Murray Law Firm; Lee Albert and Glancy, Prongay & Murray LLP; Robert Kitchenoff and Weinstein, Kitchenoff & Asher LLC; and Daniel Mogin and the Mogin Law Firm, P.C. (now Mogin Rubin LLP). (*Id.*)

On June 24, 2016, plaintiffs Ninth Inning Inc. dba The Mucky Duck, 1465 Third Avenue Restaurant Corp. dba Gael Pub, Robert Gary Lippincott, Jr., and Michael Holinko ("Plaintiffs") filed their Consolidated Amended Complaint, which remains the operative pleading in this MDL. (Doc. 163). On August 8, 2016, the NFL Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 170). That same day, DIRECTV moved to stay and compel Plaintiffs to resolve their individual disputes with DIRECTV through arbitration. (Doc. 171). On June 30, 2017, Judge O'Connell granted the NFL Defendants' motion to dismiss and denied DIRECTV's motion to stay and compel arbitration as moot. (Doc. 251).

Plaintiffs appealed the dismissal to the Ninth Circuit (Doc. 255), and on August 13, 2019, the Ninth Circuit issued an opinion reversing that dismissal (Doc. 266). The Ninth Circuit held, *inter alia*, that plaintiffs plausibly alleged claims for relief for violations of Sections 1 and 2 of the Sherman Act, and that *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), is not applicable because Plaintiffs adequately alleged that they suffered antitrust injury due to a conspiracy to limit output between DIRECTV, the NFL teams, and the NFL. *See In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1152, 1158 (9th Cir. 2019). The NFL Defendants and DIRECTV subsequently filed a petition for a writ of certiorari. On November 2, 2020, the Supreme Court denied the petition, with Justice Kavanaugh

---

[1] Hollis Salzman of Robins Kaplan LLP was also appointed as a Plaintiffs' Co-Lead Counsel, but subsequently withdrew from the case.

3

issuing a statement respecting the denial. *See Nat'l Football League v. Ninth Inning, Inc.*, No. 19-1098, 2020 WL 6385695 (Nov. 2, 2020). The Ninth Circuit's mandate then issued.

Upon remand, the MDL was reassigned to this Court. (Doc. 270).

### III. STATUS OF DISCOVERY

#### A. Status of Rule 26(f) Conference

At the time the Court previously dismissed this litigation, discovery had not yet commenced other than the service of initial disclosures, as noted below. After the issuance of the Ninth Circuit's mandate and remand to this Court, the parties conferred pursuant to Rule 26(f) on December 17, 2020.

#### B. Discovery Exchanged to Date

The parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on September 26, 2016. Otherwise, no formal discovery has been exchanged between the parties.[2]

#### C. The Parties' Agreements Regarding Discovery

The parties filed a stipulated protective order on September 30, 2016 (Doc. 194), which was entered by the Court on October 4, 2016 (Doc. 197).

The parties also filed a Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI") and Other Documents on October 10, 2016. (Doc. 198). By the time the Court decided the motion to dismiss, however, it had not approved

---

[2] The parties disagreed about whether discovery should be exchanged prior to resolution of the NFL Defendants' motion to dismiss and DIRECTV's motion to stay and compel arbitration. Plaintiffs and the NFL Defendants resolved their dispute by agreeing to the production of certain agreements between the NFL and DIRECTV, between the NFL and CBS, and between the NFL and Fox in light of the NFL's reference to those agreements in its motion to dismiss. Pursuant to a stipulation entered on December 1, 2016 (Doc. 205), the NFL Defendants produced said agreements with varying degrees of redaction. Plaintiffs and the NFL Defendants disputed the redactions in the NFL-CBS and NFL-Fox agreements (Doc. 206, 215-17), but the issues were not resolved by the Court prior to its decision on the motion to dismiss. Plaintiffs will seek unredacted versions of those agreements in discovery. DIRECTV contends that it never agreed to engage in discovery while its motion to stay the claims against it and compel arbitration was pending, except, as a matter of courtesy, to make initial disclosures while expressly reserving its rights to enforce the applicable arbitration agreements.

7824065v1/014918

the ESI Order. The parties request that the Court enter an order approving the ESI stipulation as soon as convenient to the Court.

Consistent with the parties' commitment in a prior Joint Supplemental Report (Doc. 181), the parties further negotiated a stipulation to govern expert discovery in this case. That stipulation is being filed contemporaneously with this Report and is subject to the Court's approval.

### D. Proposed Schedule

Since the issuance of the Ninth Circuit's mandate in this case, the parties have discussed a potential schedule to propose to the Court. The parties' proposed schedule is below.[3] Areas of disagreement are marked with an asterisk, and the parties' respective positions are outlined following the proposed schedule.

| EVENT | DATE |
| --- | --- |
| NFL's Answer to Consolidated Complaint | December 23, 2020 |
| DIRECTV's Answer to Consolidated Complaint | * |
| Parties' 26(f) Conference | December 17, 2020 |
| Joint Status Report | January 5, 2021 |
| Joint Status Conference | January 12, 2021 |
| Parties to Supplement Rule 26(a)(1) Initial Disclosures | January 22, 2021 |
| Discovery Commences | January 22, 2021 |
| Deadline for DIRECTV to File Renewed Motion to Compel Arbitration | February 5, 2021 |

---

[3] While DIRECTV has participated in discussions among counsel regarding the proposed schedule for this case, DIRECTV contends it did so only as a courtesy, reserving its rights to enforce Plaintiffs' arbitration agreements. DIRECTV responded to Plaintiffs' complaint in August 2016 by moving to stay the claims against it and compel arbitration of each Plaintiff's individual dispute (Dkt. 171). DIRECTV contends that, now that Plaintiffs' action against the NFL Defendants is moving forward in this Court, each Plaintiff's dispute with DIRECTV nonetheless must proceed only in arbitration. DIRECTV contends it should not be subject to this proposed schedule or any discovery other than what would be permitted under the Federal Rules for a non-party.

5

7824065v1/014918

| EVENT | DATE |
|---|---|
| Deadline for plaintiffs' Opposition to Renewed Motion to Compel Arbitration | February 26, 2021 |
| Deadline for DIRECTV's Reply Brief on Renewed Motion to Compel Arbitration | March 19, 2021 |
| Deadline for substantial production of usable transactional data | April 22, 2021 |
| Deadline for substantial completion of document productions in response to document requests served by January 22, 2021 | October 22, 2021 |
| Deadline for completion of fact discovery | March 22, 2022 |
| Deadline for plaintiffs' class certification motion and accompanying expert reports ("Class Certification Motion") | May 20, 2022 |
| Deadline for defendants' response to Class Certification Motion and accompanying class certification expert reports | August 3, 2022 |
| Deadline for replies to response to Class Certification Motion and accompanying rebuttal class certification expert reports | September 19, 2022 |
| Hearing on class certification motion | At Court's convenience, after motion is fully briefed |
| Deadline for plaintiffs to serve opening merits expert reports | * |
| Deadline for defendants to serve responsive merits expert reports | 75 days after service of plaintiffs' opening merits expert reports |
| Deadline for plaintiffs to serve rebuttal merits expert reports | 45 days after service of defendants' responsive merits expert reports |
| Close of expert discovery | 30 days after plaintiffs serve rebuttal merits expert reports |
| Deadline for summary judgment motions to be filed | 45 days after close of expert discovery |
| Deadline for responses to summary judgment motions | 60 days after filing of summary judgment motions |
| Deadline for replies in support of summary judgment motions | 30 days after filing of oppositions |

6

7824065v1/014918

| EVENT | DATE |
|---|---|
| Hearing on summary judgment | At the Court's convenience, after motion is fully briefed |
| Trial | TBD |

The parties have further agreed that expert depositions shall be conducted no later than 45 days after an expert's report is served.

### 1. Timing of DIRECTV's Answer

Although the NFL Defendants filed their Answer to the Consolidated Amended Complaint on December 23, 2020 (Doc. 277), Plaintiffs and DIRECTV have failed to reach an agreement regarding DIRECTV's Answer. In short, Plaintiffs and DIRECTV dispute whether DIRECTV should be required to answer Plaintiffs' complaint prior to the resolution of its renewed motion to stay and compel arbitration.[4] Plaintiffs' and DIRECTV's respective statements regarding this issue follow:

### i. Plaintiffs' Position

The DirecTV Defendants lack a compelling reason to further delay its obligation to answer plaintiffs' complaint. Its co-defendants—the NFL Defendants— have already filed their Answer, and the DirecTV Defendants have not contended that they will suffer any prejudice if they answer plaintiffs' complaint now. Furthermore, given that it has been over four years since plaintiffs filed their Consolidated Amended Complaint and the DirecTV Defendants were actively involved in litigating the sufficiency of the complaint before the United States Supreme Court, the DirecTV defendants are more than familiar with the substance of plaintiffs' allegations and will bear little burden in crafting a response to them. The DirecTV Defendants should follow its co-defendants' lead and answer the Complaint. Plaintiffs will be prejudiced in not having responses to their allegations given that the pleadings serve as the basis for discovery that is about to commence,

---

[4] See more discussion of this anticipated motion at Section IV.A, *infra*.

especially where, as here, plaintiffs' allegations have withstood a motion to dismiss.

### ii. DIRECTV's Position

Plaintiffs contend that, despite DIRECTV asserting since the beginning of this case that Plaintiffs' disputes with DIRECTV do not belong in court and must be resolved in arbitration pursuant to the Federal Arbitration Act (FAA), DIRECTV should nonetheless be required to prepare and file an answer in court to Plaintiffs' consolidated class action complaint. Plaintiffs' insistence that DIRECTV unnecessarily prepare an answer to their 163-paragraph class action complaint (when it should only be addressing Plaintiffs' individual disputes in arbitration) flies in the face of applicable authorities and routine practice. DIRECTV's prior motion to stay and compel arbitration properly served as a response to Plaintiffs' complaint, and its forthcoming renewed motion should continue to serve as that response, as courts routinely treat motions to stay proceedings and compel arbitration as staying any other responsive pleading obligation. Although a motion to stay proceedings and compel arbitration under the FAA is not specifically listed in Rule 12(b) as extending the amount of time necessary to file an answer, "[c]ourts in this Circuit, including this one, commonly treat motions to compel arbitration as preliminary motions under Federal Rule of Civil Procedure 12." *KWB and Associates, Inc. v. Marvin*, 2018 WL 5094927, at *9 (C.D. Cal. Apr. 18, 2018) (*collecting cases*) (finding that a motion to compel arbitration qualifies as a preliminary motion under Rule 12(b), obviating the need for an answer); *De Salles v. Cook*, 2016 WL 9113995, at *4 (C.D. Cal. May 12, 2016) (*collecting cases*) (same); *Cline v. Etsy, Inc.*, 2016 WL 3002369, at *9 (D. Nev. May 23, 2016) (same); *Marchand v. Northrop Grumman Corp.*, 2017 WL 2633132, at *6 (N.D. Cal. June 19, 2017) (same); *Ellison Framing, Inc. v. Zurich American Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) (collecting cases showing that district courts often "permit[] a party to file a motion to stay in lieu of an answer"). Pursuant to the FAA, 9 U.S.C. § 3, DIRECTV's motion should result in the claims against it being stayed while Plaintiffs proceed with their individual

8

7824065v1/014918

disputes in arbitration, which will obviate the need for any response by DIRECTV to Plaintiffs' class action complaint. There is certainly no prejudice to Plaintiffs in simply waiting for the Court to decide whether their arbitration agreements should be enforced here, just as they have been enforced in courts around the country.

### 2. Timing of Merits Expert Submissions

The parties have failed to reach an agreement as to the appropriate timing for the parties' merits expert submissions. Plaintiffs wish to set firm deadlines for said submissions, while Defendants wish to connect the timing of said submissions to the timing of the Court's resolution of plaintiffs' class certification motion. The parties' respective statements follow:

#### i. Plaintiffs' Position

The Court should enter firm deadlines for merits expert reports and summary judgment briefing and decline defendants' invitation to defer the merits portion of this litigation to some indefinite date in the future. Plaintiffs are seeking specific dates for the exchange of merits expert reports and summary judgment briefing in an effort to ensure that there are no delays in the overall case schedule due to any unforeseen delay in the Court's decision on class certification. Moreover, plaintiffs' position is consistent with the parties' prior agreement on specific dates for the merits portion of this litigation, as opposed to tying those dates to whenever the Court decides plaintiffs' motion for class certification.

#### ii. Defendants' Position

The Supreme Court has made clear that a putative class action can reach the merits stage only after plaintiffs "affirmatively demonstrate [their] compliance" with the requirements of Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Certification is proper only "if the trial court is satisfied, after a rigorous analysis," that plaintiffs have met their burden. *Id.* at 350-351 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" *Comcast v. Behrend*,

9

569 U.S. 27, 33–34 (2013) (quoting *Dukes*, 564 U.S. at 351)). In light of these well-established principles, Defendants believe that the better, more efficient course is for the parties not to be required to prepare and submit merits expert reports until after the Court has conducted its "rigorous analysis" of whether Plaintiffs have met the class certification requirements. This approach will ensure that (i) unnecessary class action merits expert discovery will not proceed if a class is not certified; (ii) if any class is certified, that merits expert discovery is addressed appropriately to that particular class; and (iii) if any class is certified, that merits expert discovery can account for this Court's rulings and guidance regarding class certification. Defendants respectfully submit that this approach will not cause undue delay, as even Plaintiffs acknowledge that reports should not be submitted until two months after the hearing on class certification issues.

DIRECTV notes its continuing objection to any discovery or expert deadlines applying to it given its arbitration motion.

## IV. OTHER TOPICS

### A. Anticipated Motions

DIRECTV responded to Plaintiffs' consolidated complaint in August 2016 by moving to stay the claims against it and compel arbitration of each Plaintiff's individual dispute (Dkt. 171). When the Court later granted the NFL Defendants' motion to dismiss Plaintiffs' entire complaint, the Court did not reach the merits of DIRECTV's arbitration motion and decided it was moot. Dkt. 251 at 38. Now that this action is proceeding in this Court, DIRECTV is renewing its motion to compel arbitration.[5] DIRECTV intends to file its renewed motion on February 5, 2021 and the schedule above includes a proposed briefing schedule for that motion.

Plaintiffs and DIRECTV disagree regarding the status of discovery as it relates to DIRECTV. DIRECTV contends that discovery from it should be stayed until its

---

[5] Plaintiffs will oppose DIRECTV's renewed motion on, *inter alia*, the ground that DIRECTV has, through its prior conduct in this litigation, waived its right to compel arbitration. DIRECTV contends that it has, since the outset of this case, maintained its position that Plaintiffs' disputes should be resolved in arbitration.

10

renewed motion to compel arbitration is decided. Plaintiffs argue, however, that discovery should not be stayed. The parties request the Court's guidance regarding the timing and method to address this dispute at the joint status conference.

### i. Plaintiffs' Position

Staying discovery as to DIRECTV would only further impede the progress of this action. Even if the Court were to grant DIRECTV's as-yet-unfiled motion to compel arbitration (which, based on arguments previously made, should be denied here), DIRECTV still would be subject to substantial third-party discovery, as it is a co-conspirator and counterparty to anticompetitive agreements central to the action. DIRECTV's motion would not divest this Court of this action: Plaintiffs' case has already survived a motion to dismiss and will be proceeding against the NFL Defendants regardless of the Court's decision on DIRECTV's intended motion. And given that Plaintiffs have alleged that DIRECTV is jointly and severally liable for the challenged antitrust violations, Plaintiffs will require the same discovery from DIRECTV in order to prove their claims against the NFL Defendants as they would if they were seeking to prove their claims against DIRECTV. Thus, unlike various cases cited by DIRECTV in support of its extraordinary stay request, this is not one in which "requiring … parties to submit to full discovery … may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid,'" *Klepper v. SLI, Inc.*, 45 F. App'x 136, 139 (3d Cir. 2002) (summary order) (quoting *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir.1988) (Tjoflat, J., concurring)), or in which a grant of DIRECTV's motion would simply result in the litigation proceeding "in an arbitral forum, not in [the instant] Court," *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007). Rather, as DIRECTV implicitly acknowledges, it will be subject to third-party subpoenae *duces tecum*, as well as depositions, of equal scope regardless of the outcome of its anticipated motion to compel arbitration. *Cf. Grammer v. Colo. Hosp. Ass'n Shared Servs.*, No. 2:140–

11

cv–1701–RFB–VCF, 2015 WL 3938406, at *2 (D. Nev. June 26, 2015) (denying motion to stay discovery where "discovery [would] proceed regardless of the outcome" of court's remand decision); *see also Martinez v. Las Vegas Police Dep't*, Case No.: 2:20-cv-00618-JCM-NJK, 2020 WL 3166611, at *1 (D. Nev. June 9, 2020) (denying request to stay discovery where pending motion to dismiss was "not potentially dispositive of all of Plaintiff's claims").

By contrast, insofar as a stay of proceedings prevents or delays Plaintiffs from seeking discovery from DIRECTV, such a stay would prejudice Plaintiffs' ability to prosecute their case against the NFL Defendants and have ripple effects throughout the case schedule. DIRECTV has information that will be essential to Plaintiffs' case against the NFL Defendants, and any delay resulting from a stay may prevent Plaintiffs from receiving critical information prior to the conclusion of the agreed-upon fact discovery deadline, risk unnecessarily revisiting issues due to late-coming discovery, and delay resolution of the claims against the NFL Defendants.

Lastly, the party seeking a stay of discovery bears a "heavy burden" in explaining why discovery should be denied. *Skellerup Indus. Ltd. v. Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). DIRECTV should not be permitted to sidestep that burden with brief arguments in a joint status report. Rather, DIRECTV should expressly move for a stay. Thus, if the Court is inclined at all to grant a stay, Plaintiffs request that this issue be decided only after a full round of briefing.

### ii. DIRECTV's Position

Plaintiffs wish to plow forward with taking discovery of DIRECTV before the Court has had a chance to decide the threshold arbitration question. Plaintiffs' demand that DIRECTV face the same breadth (and cost) of discovery required of a litigant in a class action, even though Plaintiffs' disputes against DIRECTV must be resolved in individual arbitrations, frustrates the objective of the Federal Arbitration Act and defeats the purpose of a streamlined arbitration. Indeed, the primary benefit of arbitration lies in permitting the parties to tailor their proceedings, including

12

7824065v1/014918

discovery procedures, to the specific needs of a particular case—promoting efficient and streamlined resolution of disputes. *See Preston v. Ferrer*, 552 U.S. 346, 157-58 (2008). In contrast, "requiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *See Klepper v. SLI, Inc.*, 45 Fed. App'x 136, 139 (3d Cir. 2002).[6] District courts routinely stay discovery pending decisions on motions to stay and to compel arbitration. *See, e.g., Galaxia Electronics Co., LTD v. Luxmax, U.S.A.*, 2017 WL 11566394, *2 (C.D. Cal. Dec. 28, 2017) (citing cases); *see also Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, *1-2 (N.D. Cal. Feb. 14, 2017) (citing cases); *Hill v. Asset Acceptance, LLC*, 2014 WL 1289578, at *2 (S.D. Cal. Mar. 27, 2014) (staying discovery while motion to compel arbitration pending); *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, *1 (N.D. Cal. Nov. 29, 2007) (staying discovery obligations pending resolution of motion to compel arbitration because, if the case proceeds in arbitration, "responsibility for the conduct of discovery lies with the arbitrators"). DIRECTV is prepared to present a Motion for Protective Order on this issue if the Court so requires.

### B. Alternative Dispute Resolution

The parties have agreed to pursue private mediation. The parties are in the process of selecting a mediator.

### C. Trial Estimate

The parties previously deferred addressing this issue until after the resolution of the then-pending motions to dismiss and to compel arbitration. (Doc. 116 at 17).

---

[6] Plaintiffs argued during the parties' meet and confer that DIRECTV will not be prejudiced if discovery proceeds because DIRECTV will be required to respond to the same discovery under Rule 45, regardless of the outcome of its arbitration motion. But Rule 45 does not provide the same discovery mechanisms as party discovery (*e.g.*, interrogatories, requests for admissions), and requires shifting costs to the demanding party when the subpoena imposes significant expense. Fed. R. Civ. P. 45 (d)(2)(B)(ii). *See also Galaxia Electronics*, 2017 WL 11566394, at *2 (where only certain defendants moved to compel arbitration, discovery was stayed as to those defendants, and discovery by subpoena was only permitted if "appropriately tailored to address . . . claims against Defendants who have not moved to compel arbitration").

13

Case 2:15-ml-02668-PSG-JEM   Document 283   Filed 01/05/21   Page 15 of 17   Page ID
#:4312

While DIRECTV contends Plaintiffs' disputes should be resolved in arbitration rather than trial, Plaintiffs and the NFL Defendants currently estimate that trial for this case will take approximately 12 to 15 trial days.


Dated: January 5, 2021                                       Respectfully submitted,


                                                       By:   */s/ Marc M. Seltzer*
                                                             Marc M. Seltzer

| | |
|---|---|
| Marc M. Seltzer | Arun Subramanian |
| SUSMAN GODFREY L.L.P. | William Christopher Carmody |
| 1900 Avenue of the Stars, Suite 1400 | Seth Ard |
| Los Angeles, CA 90067 | Ian M. Gore |
| Tel: (310) 789-3100 | Edward Delman |
| Fax: (310) 789-3150 | SUSMAN GODFREY LLP |
| mseltzer@susmangodfrey.com | 1301 Avenue of the Americas, 32nd FL. |
| | New York, NY 10019 |
| Michael D. Hausfeld | Tel: (212) 336-8330 |
| HAUSFELD LLP | Fax: (212) 336-8340 |
| 1700 K. Street NW, Suite 650 | asubramanian@susmangodfrey.com |
| Washington, DC 20006 | bcarmody@susmangodfrey.com |
| Tel: (202) 540-7200 | sard@susmangodfrey.com |
| Fax: (202) 540-7201 | igore@susmangodfrey.com |
| mhausfeld@hausfeld.com | edelman@susmangodfrey.com |
| | |
| Scott Martin | Michael P. Lehmann (SBN77152) |
| Irving Scher | Bonny E. Sweeny (SBN 176174) |
| HAUSFELD LLP | Christopher L. Lebsock (SBN 184546) |
| 33 Whitehall Street, 14th Floor | HAUSFELD LLP |
| New York, NY 10004 | 600 Montgomery St., Suite 3200 |
| Tel: (646) 357-1100 | San Francisco, CA 94111 |
| Fax: (212) 202-4322 | Tel: (415) 633-1908 |
| smartin@hausfeld.com | Fax: (415) 358-4980 |
| ischer@hausfeld.com | mlehmann@hausfeld.com |
| | bsweeney@hausfeld.com |
| | clebsock@hausfled.com |

14

7824065v1/014918

| | | |
|---|---|---|
| 1 | | Howard Langer |
| 2 | | Edward Diver |
| 3 | | Peter Leckman |
|   | | LANGER GROGAN AND DIVER PC |
| 4 | | 1717 Arch Street, Suite 4130 |
|   | | Philadelphia, PA 19103 |
| 5 | | Tel: (215) 320-5660 |
| 6 | | Fax: (215) 320-5703 |
|   | | hlanger@langergrogan.com |
| 7 | | diver@langergrogan.com |
| 8 | | pleckman@langergrogan.com |
| 9 | | *Interim Class Counsel* |
| 10 | | |
| 11 | DATED: January 5, 2021 | /s/ *Beth A. Wilkinson* |
|   | | Beth A. Wilkinson (admitted *pro hac vice*) |
| 12 | | Brian L. Stekloff (*pro hac vice* pending) |
|   | | Rakesh N. Kilaru (*pro hac vice* pending) |
| 13 | | Jeremy S. Barber (*pro hac vice* pending) |
| 14 | | WILKINSON STEKLOFF LLP |
|   | | 2001 M Street NW, 10th Floor |
| 15 | | Washington, DC 20036 |
|   | | Telephone: (202) 847-4000 |
| 16 | | Facsimile: (202) 847-4005 |
| 17 | | bwilkinson@wilkinsonstekloff.com |
|   | | bstekloff@wilkinsonstekloff.com |
| 18 | | rkilaru@wilkinsonstekloff.com |
|   | | jbarber@wilkinsonstekloff.com |
| 19 | | |
| 20 | | Neema T. Sahni (Bar No. 274240) |
|   | | COVINGTON & BURLING LLP |
| 21 | | 1999 Avenue of the Stars |
|   | | Suite 1500 |
| 22 | | Los Angeles, CA 90067-6045 |
|   | | Telephone: (424) 332-4800 |
| 23 | | Facsimile: (424) 332-4749 |
|   | | nsahni@cov.com |
| 24 | | |
| 25 | | Gregg H. Levy (admitted *pro hac vice*) |
|   | | Derek Ludwin (admitted *pro hac vice*) |
| 26 | | COVINGTON & BURLING LLP |
|   | | One CityCenter |
| 27 | | 850 Tenth Street NW |
| 28 | | Washington, DC 20001 |
|   | | Telephone: (202) 662-6000 |
|   | | Facsimile: (202) 662-6291 |

15

glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

DATED: January 5, 2021

*/s/ Tammy A. Tsoumas*
Tammy A. Tsoumas (Bar No. 250487)
Jonathan J. Faria (Bar No. 274019)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
telephone 310-552-4200
tammy.tsoumas@kirkland.com
jon.faria@kirkland.com

Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com

*Counsel for Defendants DIRECTV, LLC and DIRECTV Holdings LLC*

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

By: */s/ Marc M. Seltzer*
Marc M. Seltzer

16

7824065v1/014918