Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
Email: mseltzer@susmangodfrey.com

Scott Martin
Irving Scher
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322
Email: smartin@hausfeld.com
Email: ischer@hausfeld.com

Howard Langer
Edward Diver
Peter Leckman
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
Email: hlanger@langergrogan.com
Email: ndiver@langergrogan.com
Email: pleckman@langergrogan.com

[Additional Counsel listed in Signature Block]

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | CASE NO.: 2:15-ml-02668-PSG-JEM CLASS ACTION<br><br>**STIPULATED EXPERT PROTOCOL** |

Pursuant to Fed. R. Civ. P. 29, the parties, through their respective counsel of record,[1] stipulate to the following order (the "Stipulation and Order") regarding the scope of expert discovery in the above captioned matter and all other matters subsequently consolidated with them (collectively, the "Action"), subject to approval by the Court:

**I. GENERAL PROVISIONS**

This Stipulation and Order applies to all parties to the Action. This Stipulation and Order provides the protocols applicable to conducting discovery relating to expert witnesses. The parties agree that there shall be no discovery or disclosures with respect to non-testifying experts and/or consultants. Nothing in this Stipulation and Order shall preclude any party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

**II. GOVERNING LAW**

Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action. Unless specifically modified herein, nothing in this Stipulation and Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure.

**III. DISCOVERY RELATING TO EXPERTS**

    **A. <u>Expert-Related Materials To Be Disclosed</u>**

1. Each party shall make all disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified

---

[1] As discussed among the parties, DIRECTV will renew its motion to compel arbitration and stay proceedings, which was previously denied as moot given the Court's decision to dismiss this action with prejudice. Dkt. No. 251. DIRECTV nevertheless agrees to this Stipulated Expert Protocol without waiver of its right to move to compel arbitration.

by this Stipulation and Order, at the times provided by any applicable rules and Court order(s) governing the disclosure of expert testimony in this Action.

2. Within three (3) business days of the service of any expert report or expert declaration pursuant to Federal Rule of Civil Procedure Rule 26(a)(2)(B) or otherwise, the party or parties proffering the expert shall produce, subject to the limitations set forth in paragraphs III.A.4 through III.A.7:

    a. a copy of any document reflecting the facts, data, and other information referred to therein or relied upon by the expert in forming the expert's opinions, including, but not limited to, underlying data, spreadsheets (including formulas therein), computerized regression analysis and/or other underlying reports, programs, computer codes and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for their opinions;[2]

    b. exhibits, information, or data processed or modeled by a computer at the direction of an expert in the course of forming the expert's opinions; and

    c. all data sets exactly as relied upon by the experts, and all spreadsheets in the report or exhibits in native format.

3. The information required by paragraph III.A.2 above shall be produced electronically (via email or FTP site) where feasible, and shall be produced to (i) counsel for each Defendant (one copy per Defendant or group of Defendants represented by the same counsel); and (ii) each of Plaintiffs' Co-Lead Counsel appointed by the Court. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of their opinion(s) in this matter shall be provided in machine-readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it

---

[2] Notwithstanding the obligation to disclose documents, data, or other information "relied on" by the expert witness, documents, data, or other information that is merely "considered by" the expert witness do not need to be disclosed.

may have been provided to the expert. To the extent the disclosures required by this Stipulation and Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a disclosed expert witness and relied upon in forming his or her opinions, machine-readable copies of the input data along with the appropriate computer program(s) and instructions sufficient to replicate such exhibits, information, and data results shall be produced to all parties.

4. No party need produce programs or software that are commercially available at a reasonable cost, as long as the party offering the expert's opinion provides timely and reasonable access for purposes of replication or analysis of disclosed results.

5. Documents that are publicly available at a reasonable cost need not be produced absent specific request if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document.

6. Documents that have previously been produced during discovery in this Action need not be produced if they are identified by Bates number.

7. Transcripts of depositions taken in this Action need not be produced if the party identifies in writing the deponent names and dates for transcripts, and the exhibit numbers of all exhibits from such deposition.

**B.** **Expert Materials Not Requiring Disclosure**

1. Notwithstanding the foregoing, the following types of information shall not be the subject of any form of discovery (including by deposition):

    a. the content of communications, written or otherwise exchanged, recounted, or memorialized among and between: (i) counsel and the expert witness and/or the expert witness's staff and/or supporting firms; (ii) counsel and any non-testifying expert and/or consultant and/or their staff and/or supporting firms; (iii) the expert witness, other experts, and/or non-testifying experts and/or consultants; (iv) expert witnesses and their staff and/or

supporting firms; (v) non-testifying experts and/or consultants and their staff and/or supporting firms; (vi) the respective staffs and/or supporting firms of expert witnesses or non-testifying experts and/or consultants and the staffs and/or supporting firms of other experts or non-testifying experts and/or consultants; and (vii) non-testifying experts and/or consultants and industry contacts; however, to the extent that a testifying expert communicates with another testifying expert and relies on such communications in forming his or her opinions, this provision does not bar discovery of such communications;

b. notes, drafts, written communications, or other records of preliminary or intermediate, work prepared or created by, for, or at the direction of expert witnesses, non-testifying experts, and/or consultants;

c. drafts of: expert reports, affidavits, declarations, or other expert materials, including, without limitation, draft studies, analyses, calculations, modeling, data runs, opinions, or written expert testimony; draft expert work papers prepared in connection with the litigation; or other preliminary expert opinions or any communication between an expert and their staff, assistants, or agents and any other expert retained by the party, including their staff, assistants, or agents; draft materials prepared by, for, or at the direction of an expert witness;

d. any comments, information, or communications, whether oral or written, related to a report, affidavit or declaration or draft report, affidavit, or declaration of an expert witness prepared in connection with the litigation by: (i) counsel for a party retaining the expert witness, (ii) a non-testifying expert and/or consultant, (iii) any person working at the direction of an expert witness, (iv) any other expert witness, (v) any other non-testifying expert and/or consultant, or (vi) any person working at the direction of another expert witness or non-testifying expert and/or consultant unless such

comments were relied upon by the expert in forming the expert witness's opinion; and

   e. budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations.

 2. This Stipulation and Order applies to all prior and future work in this matter of the parties' experts. The parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

 3. This Stipulation and Order does not impose any independent obligation to retain the information covered by paragraph III.B.1 above.

 4. Notwithstanding paragraph III.B.1 above, all information, communications, or documents upon which the expert relies as a basis for their opinion are discoverable.

 5. This Stipulation and Order does not preclude reasonable questions at deposition related to an expert witness's compensation, including but not limited to the number of hours the expert witness expended in preparing his or her expert report and in preparing for his or her deposition.

 6. Nothing herein shall be construed to prevent questions relating to the substance of the expert witness's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the expert witness may not have relied upon in formulating his or her opinions). Thus, notwithstanding anything to the contrary herein, an expert witness may be presented at deposition, hearing, or trial with documents, testimony, or other materials not contained in his or her expert report and questioned about whether the expert witness relied or did not rely on such documents, testimony, or other materials in formulating his or her opinion(s), and whether such documents, testimony, or other materials would cause the expert witness to alter her or his opinion(s) in any respect.

7. Nothing herein shall limit or waive any party's right to object to the admission into evidence of any party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an expert witness.

8. No subpoena for deposition or documents need be served on any expert witness. Instead the party who retained the expert witness shall make the expert witness available for a deposition at a time and place mutually agreeable to the parties and shall produce documents in accordance with the terms of this Stipulation and Order.

9. Attorney communications as to the relevance or significance of facts or data and as to the consideration of alternatives are completely exempt from disclosure.

10. This Stipulation and Order shall be effective upon approval of the Court.

11. This Stipulation and Order may be amended only by subsequent written stipulation among the parties or upon order of the Court.

**IT IS SO STIPULATED.**

Dated: January 5, 2020     Respectfully submitted,

By:  */s/ Marc M. Seltzer*
     Marc M. Seltzer

| | |
|---|---|
| Marc M. Seltzer | Arun Subramanian |
| SUSMAN GODFREY L.L.P. | William Christopher Carmody |
| 1900 Avenue of the Stars, Suite 1400 | Seth Ard |
| Los Angeles, CA 90067 | Ian M. Gore |
| Tel: (310) 789-3100 | SUSMAN GODFREY LLP |
| Fax: (310) 789-3150 | 1301 Avenue of the Americas, 32nd FL. |
| Email: mseltzer@susmangodfrey.com | New York, NY 10019 |
| | Tel: (212) 336-8330 |
| Michael D. Hausfeld | Fax: (212) 336-8340 |
| HAUSFELD LLP | Email: |

| | |
|---|---|
| 1700 K. Street NW, Suite 650<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Fax: (202) 540-7201<br>Email: mhausfeld@hausfeld.com<br><br>Scott Martin<br>Irving Scher<br>HAUSFELD LLP<br>33 Whitehall Street, 14th Floor<br>New York, NY 10004<br>Tel: (646) 357-1100<br>Fax: (212) 202-4322<br>Email: smartin@hausfeld.com<br>Email: ischer@hausfeld.com | asubramanian@susmangodfrey.com<br>Email: bcarmody@susmangodfrey.com<br>Email: sard@susmangodfrey.com<br>Email: igore@susmangodfrey.com<br><br>Michael P. Lehmann (SBN77152)<br>Bonny E. Sweeny (SBN 176174)<br>Christopher L. Lebsock (SBN 184546)<br>HAUSFELD LLP<br>600 Montgomery St., Suite 3200<br>San Francisco, CA 94111<br>Tel: (415) 633-1908<br>Fax: (415) 358-4980<br>Email: mlehmann@hausfeld.com<br>Email: bsweeney@hausfeld.com<br>Email: clebsock@hausfled.com<br><br>Howard Langer<br>Edward Diver<br>Peter Leckman<br>LANGER GROGAN AND DIVER PC<br>1717 Arch Street, Suite 4130<br>Philadelphia, PA 19103<br>Tel: (215) 320-5660<br>Fax: (215) 320-5703<br>Email: hlanger@langergrogan.com<br>Email: diver@langergrogan.com<br>Email: pleckman@langergrogan.com<br><br>*Interim Class Counsel* |
| DATED:   January 5, 2020 | /s/ Beth A. Wilkinson<br>Beth A. Wilkinson (admitted pro hac vice)<br>Brian L. Stekloff (pro hac vice pending)<br>Rakesh N. Kilaru (pro hac vice pending)<br>Jeremy S. Barber (pro hac vice pending)<br>WILKINSON STEKLOFF LLP<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>Facsimile: (202) 847-4005<br>bwilkinson@wilkinsonstekloff.com |

| | |
|---|---|
| 1 | bstekloff@wilkinsonstekloff.com |
| 2 | rkilaru@wilkinsonstekloff.com |
| | jbarber@wilkinsonstekloff.com |
| 3 | |
| 4 | Neema T. Sahni (Bar No. 274240) |
| | COVINGTON & BURLING LLP |
| 5 | 1999 Avenue of the Stars |
| | Suite 1500 |
| 6 | Los Angeles, CA 90067-6045 |
| 7 | Telephone: (424) 332-4800 |
| | Facsimile: (424) 332-4749 |
| 8 | nsahni@cov.com |
| 9 | Gregg H. Levy (admitted pro hac vice) |
| 10 | Derek Ludwin (admitted pro hac vice) |
| | COVINGTON & BURLING LLP |
| 11 | One CityCenter |
| 12 | 850 Tenth Street NW |
| | Washington, DC 20001 |
| 13 | Telephone: (202) 662-6000 |
| 14 | Facsimile: (202) 662-6291 |
| | glevy@cov.com |
| 15 | dludwin@cov.com |
| 16 | |
| 17 | *Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs* |
| 18 | |
| 19 | DATED: January 5, 2021    /s/ Tammy A. Tsoumas |
| 20 | Tammy A. Tsoumas (Bar No. 250487) |
| | Jonathan J. Faria (Bar No. 274019) |
| 21 | KIRKLAND & ELLIS LLP |
| 22 | 2049 Century Park East, Suite 3700 |
| | Los Angeles, CA 90067 |
| 23 | telephone 310-552-4200 |
| | tammy.tsoumas@kirkland.com |
| 24 | jon.faria@kirkland.com |
| 25 | |
| 26 | Michael E. Baumann (Bar No. 145830) |
| | Melissa D. Ingalls (Bar No. 174861) |
| 27 | Robyn E. Bladow (Bar No. 205189) |
| | KIRKLAND & ELLIS LLP |
| 28 | 555 South Flower Street |

Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com

*Counsel for Defendants DIRECTV, LLC and DIRECTV Holdings LLC*

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

By: */s/ Marc M. Seltzer*
Marc M. Seltzer

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: _1/6/2021_____    _____
                                              JOHN E. McDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE