```
 1                    UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3     HONORABLE PHILIP S. GUTIERREZ, U.S. CHIEF DISTRICT JUDGE

 4


 5                                            )
       IN RE:  NATIONAL FOOTBALL              )
 6     LEAGUE'S "SUNDAY TICKET" ANTITRUST     ) CASE NO.
       LITIGATION                             ) 2:15-ml-02668-PSG
 7                                            )
                                              )
 8                                            )
                                              )
 9                                            )
       _____)
10

11

12

13
                    REPORTER'S TRANSCRIPT OF PROCEEDINGS
14
                         TUESDAY, JANUARY 12, 2021
15
                                 2:00 P.M.
16
                          LOS ANGELES, CALIFORNIA
17

18

19

20

21

22    _____

23              MAREA WOOLRICH, CSR 12698, CCRR
                     FEDERAL OFFICIAL COURT REPORTER
24                 350 WEST FIRST STREET, SUITE 4311
                      LOS ANGELES, CALIFORNIA 90012
25                        mareawoolrich@aol.com
```

1  **APPEARANCES OF COUNSEL:**

2

3  **FOR PLAINTIFFS:**

4      SUSMAN GODFREY L.L.P.
    BY:  MARC M. SELTZER
5      1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067-6029
6      Telephone: (310) 789-3100

7

   **FOR THE NFL:**

8

    WILKINSON STEKLOFF LLP
9      BY:  BETH WILKINSON
    2001 M Street NW, 10th Floor
10     Washington, DC 20036
    Telephone:  (202) 847-4010
11

12 **FOR DIRECTV:**

13     KIRKLAND & ELLIS LLP
    BY:  ROBYN BLADOW
14     555 South Flower Street, Suite 3700
    Los Angeles, CA 90071
15     Telephone:  (213) 680-8400

16

17

18

19

20

21

22

23

24

25

```
 1              LOS ANGELES, CALIFORNIA; TUESDAY, JANUARY 12, 2021
 2                              2:00 P.M.
 3                              -oOo-
 4
 5          THE COURTROOM DEPUTY:  Calling MDL 15-2668, National
 6   Football League.
 7          Counsel, please state your appearances.
 8          MR. SELTZER:  Your Honor.  Marc Seltzer on behalf of
 9   the plaintiffs.
10          MS. WILKINSON:  Good afternoon, Your Honor.
11   Beth Wilkinson on behalf of the NFL.
12          MS. BLADOW:  Good afternoon, Your Honor.
13   Robyn Bladow on behalf of DirecTV.
14          THE COURT:  Good afternoon.
15          I've read the joint status report, and I've also
16   read the plaintiff's supplemental submission to the joint
17   status report.  So I wanted to go through the items of
18   disagreement and then sort of talk about the big picture after
19   we've whittled through the items of disagreement.  And I note
20   that there's more agreement than disagreement.  So I'm happy
21   about that.
22          Let me start with DirecTV and whether or not there
23   should be an answer to the consolidated complaint before the
24   ruling on arbitration.  It seems to me a bit ironic that a
25   defendant, after a 12(b)(6), claims that there's too much in a
```

1  complaint to respond to.
2          But go ahead and explain to me why I shouldn't set a
3  date -- twofold.  Why I shouldn't set a date, and if I do set a
4  date, what's a convenient date for you without conceding
5  anything.  I want to be reasonable if I'm going to make you
6  answer the complaint.  I don't want to set an unreasonable
7  date.
8          MS. BLADOW:  Well, you know, Your Honor, obviously
9  DirecTV already responded to the plaintiff's complaint back in
10 August of 2016, and that response was a motion to compel
11 arbitration.  We didn't move to dismiss at that time and join
12 defendants but -- I'm sorry.  The NFL moved to dismiss.
13         But we -- you know, when the DirecTV -- when the
14 District Court at that time granted the NFL defendant's motion
15 to dismiss, it simply denied DirecTV's motion as moot.  So we
16 are going to be renewing that motion.  We've talked to
17 plaintiff's counsel about that.  We've come up with a briefing
18 schedule for that, and it's going to be done in just over
19 two months.
20         So, you know, obviously if DirecTV's motion is
21 granted, which we believe is the appropriate outcome is this
22 arbitration agreement has literally been grant -- you know,
23 enforced dozens of times in courts around the country,
24 including in anti-trust cases, then the plaintiff's disputes
25 against DirecTV about their NFL Sunday Ticket purchases will be

1  resolved in arbitration.  There will be no class action
2  complaint against DirecTV and certainly no need for DirecTV to
3  go through paragraph by paragraph and answer the complaint.
4          This is how it's routine -- I'm sure Your Honor is
5  aware -- routinely done in district courts when motions to
6  compel arbitrations are pending.  And we cited a handful of
7  those cases to you.
8          The motion to compel arbitration and stay
9  proceedings basically takes the place of a responsive pleading,
10 or it stays the responsive pleading until the Court decides one
11 way or another whether or not to grant the motion.
12         You know, regardless of whether or not DirecTV is
13 familiar with the complaint really isn't the issue.  The issue
14 is should we be placed -- you know, should we have the burden
15 of responding to this class action complaint when really there
16 shouldn't even be a class action complaint pending against
17 DirecTV.
18         THE COURT:  Mr. Seltzer?
19         MR. SELTZER:  Yes, Your Honor.  DirecTV has not
20 really identified any legal prejudice it will suffer if the
21 Court sets a time for it to answer the complaint now.
22         In the interest of efficient case management, I
23 think it would be appropriate for DirecTV to be ordered to
24 answer the complaint.  And let me just make that point on a
25 case management.  Suppose that the motion to compel arbitration

1   is denied.  There would just simply be a delay in the
2   proceeding for the time that DirecTV answers the complaint.
3   And if it answers the complaint now or before the motion to
4   compel arbitration is decided, it won't suffer any prejudice.
5            On the contrary, plaintiffs may suffer some
6   prejudice because based upon the answers and what it says in
7   terms of admissions and denials in its answer, that could help
8   in four months with respect to knowing what's in controversy
9   with respect to DirecTV at least and may have some bearing on
10  discovery.  So we think it advances the ball of the case to
11  require an answer to be submitted.
12           And to go back to the main point, there's zero
13  prejudice to DirecTV for answering.
14           THE COURT:  All right.  I think this is going to be
15  a common theme of my discussion throughout the hearing and that
16  is to advance the case.  So I would like to see Direct to
17  answer the complaint.
18           Ms. Bladow, what's a -- what's a -- I don't -- can
19  you answer the -- is it reasonable to say let's answer the
20  complaint by March 1st?  Not conceding anything but just giving
21  you enough time to deal with it.
22           MS. BLADOW:  We can respond to the complaint by
23  March 1st, Your Honor.
24           THE COURT:  All right.  So the answer to the
25  complaint is due on March 1st, 2021.

1  　　　　　The next open date -- and I just wanted to just go
2  ahead and set a hearing date.  The parties have -- on the
3  motion to compel arbitration is a reply date of March 19th.  So
4  I would propose an April 19th hearing date.
5  　　　　　Is that date convenient for the -- for Direct and
6  plaintiffs for a hearing date April 19th at 1:30 on the
7  arbitration motion?
8  　　　　　MR. SELTZER:  I believe it would be, Your Honor.
9  　　　　　MS. BLADOW:  That is currently free with me.  I'll
10 circle back with my group and client, but that should be fine.
11 　　　　　THE COURT:  Okay.  If it's not, just work out a
12 stipulation and order, you know, a week after.  The earliest
13 April 19th.  If it's a week or two after that or whatever it
14 takes, I just wanted to set a hearing date on the various
15 things.
16 　　　　　Okay.  And then the only other thing that wasn't
17 said -- and then we'll go to the items of disagreement.  I'm
18 sure it's convenient, but let's -- how about a hearing -- it
19 was convenient to the Court.  How about a hearing date on the
20 motion for class certification on October 17th, 2022, at 1:30?
21 Is that -- that's just -- the parties were nice enough to leave
22 it to my discretion.  That's about a month after the reply.
23 Does that work for everybody?
24 　　　　　MS. WILKINSON:  That works for the NFL, Your Honor.
25 　　　　　MR. SELTZER:  I think it works for the plaintiffs as

1  well, Your Honor.  If there's any problem, we'll confer with
2  the defendants and advise the Court.
3              MS. BLADOW:  DirecTV is certainly hoping not to be
4  involved in this litigation as a party at that point, but the
5  calendar is clear right now.
6              THE COURT:  Okay.  That's just -- in terms of case
7  management, I just want to set dates.  And, you know, they may
8  go by the wayside based on various arbitration and other things
9  that happen.
10             But in any event, the last thing that it relates to,
11 there was no agreement as to expert reports and close of expert
12 discovery.  And I want to give the parties as much latitude as
13 possible because everybody knows what they are doing.  But it
14 seems to me we should set dates.
15             And given the fact that my case management on this
16 case is looser than usually my case management is, so it seems
17 reasonable that -- someone has to explain to me why this case
18 can't be -- assuming, you know, it goes forward step by step,
19 why this case can't be tried if we have a grant or denial of
20 class certification in October of '22, why it can't go forward
21 in either late 2023 or early 2024.
22             So what I would like to do is go ahead and set dates
23 on experts and then set a trial date.  And given the fact that
24 the parties are going to have three years to litigate this
25 case, those are going to be firm dates.

```
 1              Mr. Seltzer, any thoughts on setting a -- just going
 2   ahead and setting a trial date now and setting dates for
 3   experts?  You proposed some dates, and I'm accepting those
 4   dates, but I haven't heard from the defendants yet about those
 5   dates.  They seem reasonable.  They are pretty -- there's a lot
 6   of time to do things.
 7              So, Mr. Seltzer, any thoughts on setting dates and a
 8   trial date in late 2023 or early 2024?
 9              MR. SELTZER:  I think that would be fine,
10   Your Honor.  We would be very much in favor of it, and I think
11   it's a great case management tool.
12              THE COURT:  Okay.  Let's hear from the defendants.
13   I know you didn't want to set dates, but it seems the dates
14   are -- you know, assuming that we are going to set dates, it
15   seems like the dates are reasonable in terms of sufficient time
16   to get things done.
17              And then after, you know, we'll talk once we set
18   those dates when a good trial date would be.  Let me hear from
19   the NFL first.
20              MS. WILKINSON:  Yes, Your Honor.  We don't have any
21   objection to setting a trial date.  And I agree with
22   Mr. Seltzer.  It's a good case management tool.
23              You know, I've never appeared in front of you, but
24   you have a reputation for being very timely.  So all we wanted
25   to do was get your decision on class cert.  Obviously you could
```

1  guess where we would like the result to be.  But if you were to
2  certify a class, you know, we would want to make sure our
3  discovery focuses on the way you define the class and your
4  ruling.  And so that's why we are holding off on some dates.
5         You know, if you wanted to guesstimate when you
6  would decide and then do dates from there, that would be great.
7  We are not trying to hold it open forever.  We just wanted to
8  be able to interpret your decision.
9         THE COURT:  I think that's -- I think that's -- I'm
10 grateful for that reputation.  But I think that's right.  I
11 think if I have a hearing on the class cert in October of
12 2022 -- right now I would say October 17th, 2022, at 1:30.
13 We'll set that for the hearing date.
14        If I don't have a hearing -- I would be shocked if I
15 didn't have an answer to the parties by the end of October.  So
16 you are going to know, you know, one or two weeks -- you are
17 probably going to know the 18th.
18        But you are going to know in October, you know,
19 whether or not there's a class and how it's defined.  Again, I
20 have no idea where that will go.  I think you are right.  You
21 are going to know if there's a class or no class end of October
22 2022.  And if that's the case, it seems like the dates were
23 reasonable.  And I'm assuming that's what you are saying;
24 correct?
25        MS. WILKINSON:  Yes, Your Honor.  That's fine.  Of

1  course we can't hold you to it, but I'm sure we will know by
2  the end of October.  And we've been getting along so well with
3  plaintiff's counsel.  I don't think we'll have any problem.
4           If there's some issue, obviously we would talk to
5  them and come before the Court.  But so far, I don't see any
6  problem with those dates based on what you are telling us.
7           THE COURT:  But keeping in mind too, you know, one
8  of the things I'm giving the parties, in terms of dates,
9  everything you want.  So I want those dates to be firm.  You
10 know, given the fact we've had pandemics and unrest and
11 disruptions of democracy, I'm done predicting what will cause
12 delay.  But, you know, I understand that.
13          And then let's hear from DirecTV.  What do you
14 think if I promise you -- unless I break my promise and don't
15 have a class certification decision by the end of October 2022,
16 what do you think of the dates?
17          MS. BLADOW:  I agree with Ms. Wilkinson.  We are
18 fine with setting these dates.  It makes sense according to the
19 schedule you proposed assuming that's when you'll decide
20 after -- obviously this is all about prejudice to our
21 arbitration motion because, again, we don't think we are going
22 to be there at that point.  So that's fine.
23          THE COURT:  Okay.  So we'll go ahead and adopt the
24 dates proposed in the plaintiff's submission, and then we'll --
25 I'll just on my own set a hearing date in late September/early

1  October 2023 for the hearings on any summary judgments.  I'll
2  just do that before we go offline.
3         If the summary judgments -- again, who knows where
4  we are going to be.  But if the summary judgments are ruled on
5  and we have class or no class sometime in October of 2023, how
6  many months after the final decisions on summary judgments do
7  you want to have -- do you propose we have a trial date?  Three
8  months?  Six months?  Four months?  You tell me.
9         MS. WILKINSON:  Your Honor --
10        THE COURT:  Go ahead.  Go ahead, Ms. Wilkinson.
11        MS. WILKINSON:  I'm sure we can -- we'll probably
12 agree with plaintiffs by and large.  Obviously after the
13 holidays it's just hard to get ready for trial.  So I would say
14 February/March.
15        THE COURT:  Why don't I do this.  I'll set dates up
16 to summary judgment.  And then go ahead and after we are done
17 submit a stip and order for what you think is reasonable after
18 the summary judgments and the holidays in September of 2023.
19 But not too late.  I think, you know, January/February 2024
20 assuming again the holidays.  So we go 20 -- February but, you
21 know, whatever you folks think reasonable.  Just set a date in
22 2024.
23        And assuming we get that far, those are hard dates
24 because, I mean, we've had three years to prepare for trial
25 which is more than fair.

1  MS. WILKINSON: We've heard that about you too,
2 Your Honor, that you don't move your dates. So Mr. Seltzer and
3 I and Ms. Bladow with our teams, we will work out a date, and
4 we will be there unless we prevail on the motions which I hope
5 we do.
6  THE COURT: It's gone down the tubes in the last few
7 months.
8  MS. WILKINSON: It still lives --
9  MR. SELTZER: I echo what Ms. Wilkinson said. We've
10 been working cooperatively together. The dates in the schedule
11 in the joint report and the dates that we filled in based upon
12 the agreed upon intervals were all the subject of discussion
13 and compromise in terms of what we all had proposed to each
14 other.
15  THE COURT: So I'll set the dates. And then I'll
16 expect a stip and order in a few weeks after I set the dates
17 for a trial date in 2024 that's convenient for the parties
18 given the rulings, the hearing date on the summary judgments,
19 and the holidays when we reconvene, you know, that far out.
20  The last thing I'll talk about unless the parties
21 have questions, what are you all doing -- maybe it's premature
22 because we have the arbitration motion pending. I understand
23 that the parties have begun to talk about mediation and
24 mediators. Again, without disclosing too many details about
25 mediations, but have you thought about selecting somebody, or

1   is that just too early?
2           MS. BLADOW: Your Honor, before we get to mediation,
3   I think we are skipping one other issue that was raised in the
4   joint report, and that is whether or not just in terms of
5   timing that plaintiffs are permitted to proceed with discovery
6   against DirecTV as a party in this litigation.
7           Obviously they want to go ahead and start serving
8   discovery. Again, as I said before with respect to the
9   answers, courts routinely stay discovery pending motions to
10  compel arbitration.
11          But here the plaintiff's only real argument in
12  support of going forward with discovery is that DirecTV is
13  going to have to do discovery -- engage in discovery anyway,
14  which we understand and we haven't argued that we would not
15  participate in any discovery at all, at least not as permitted
16  by the Federal Rules as to a non- -- discovery to a nonparty.
17          But there is a difference between that type of
18  discovery and what is permitted of a party both in terms of the
19  scope permitted, the discovery mechanisms available, and also
20  who might shoulder the burden of the cost if that discovery
21  really becomes substantial which we suspect it may be in this
22  case.
23          So that was another issue we wanted to raise for
24  Your Honor. Obviously we are willing to brief that if
25  Your Honor would prefer. But at this time, you know, we don't

1  see the point in pressing forward with serving interrogatories
2  and party discovery before the motion to compel arbitration is
3  decided.
4          THE COURT:  I think discovery should commence.  I
5  don't think it's overly burdensome.  And if it becomes overly
6  burdensome at this early stage, that, you know, you have those
7  arguments before the magistrate judge.  If something is going
8  to be an extraordinary cost and you are only a couple weeks
9  from arbitration, I think that's a compelling argument.
10         But I don't think given the cooperation that the
11 parties have demonstrated, I just don't see that anything
12 catastrophic is going to happen between now and April.  I don't
13 mean to minimize, but in terms of written discovery starting to
14 take place, we are certainly still early, and there's only a
15 couple months, and we are just talking about propounding and
16 initial responses, maybe even objections.  I don't know.
17         You know, it's still early, and I don't think
18 anything catastrophic is going to happen.  If something
19 catastrophic is going to happen, obviously that might be a
20 motion -- that might be an objection and some -- I don't
21 anticipate discovery motion practice in this case.  You know,
22 unless it's written -- I'm assuming there's going to be some
23 important things.  Right?  But if there's going to be a
24 dispute, it's going to be really important.  That's just what I
25 see in terms of the lawyers in front of me.

1  So if it's really important to you and there's a
2  request that's overly burdensome in terms of cost, I'm sure you
3  are going to bring that to our attention.
4  MS. BLADOW: It honestly just depends how long it --
5  you know, absolutely no disrespect at all. I understand that
6  you are obviously going to move very quickly with this case and
7  seem to have the urgency to do so which is obviously great.
8  But it depends how quickly the motion to compel arbitration is
9  decided. We just don't want --
10  THE COURT: It's going to be decided. It's going to
11  be decided. I don't have anything submitted. I rarely ever
12  do. It's not -- it's not going to be -- if it's submitted,
13  it's going to be submitted because I have some really serious
14  questions I've asked you about at the hearing, and there might
15  be some rebriefing or something like that.
16  But you are going to get a decision fairly close
17  after. You are not going to wait until the summer of 2022 for
18  a decision. You will have a decision -- hopefully I keep my
19  promises -- within a week or two of the hearing. If not, it's
20  because you raised a really great point that I need some help
21  on.
22  MS. BLADOW: Okay. All right. We appreciate -- I
23  understand your position, Your Honor, and obviously we'll do
24  what Your Honor prefers, and we'll proceed how you direct it
25  without waiving any -- obviously any rights with respect to our

1  arbitration.
2          THE COURT: Whatever reputation you are talking
3  about has been blown by setting a trial date three years from
4  now.
5          MS. WILKINSON: We won't tell anyone, Your Honor.
6          THE COURT: Just keep it among ourselves.
7          But I do that out of respect for all of you. As
8  with most MDL cases, we have great counsel. If you have great
9  counsel, life becomes very easy. So I appreciate that.
10         MR. SELTZER: Your Honor, one thing I'd like to
11 mention just for the record and that is that, if the Court were
12 to grant the motion to compel arbitration, that doesn't
13 necessarily mean that discovery can't be taken against DirecTV.
14         There's a distinction to be drawn between compelling
15 arbitration and staying discovery. And there is authority for
16 the proposition that instead of dismissing the case while the
17 motion to compel arbitration is granted, the case is stayed.
18 And in that circumstance, the Court has the authority to allow
19 party discovery to take place as well.
20         THE COURT: We'll see. We'll see.
21         All right. Any questions before we adjourn for the
22 day?
23         MS. WILKINSON: None here, Your Honor.
24         MR. SELTZER: Not here, Your Honor.
25         MS. BLADOW: No, Your Honor.

```
 1              THE COURT:  All right.  I'll set -- we'll issue a
 2   minute order in the next day or two with the dates.  And then
 3   I'll wait for the stipulation and order on the trial date, and
 4   then we'll -- I look forward to your briefs.  All right.  Take
 5   care, everybody.
 6              MS. WILKINSON:  Thank you, Your Honor.
 7              MR. SELTZER:  Thank you, Your Honor.
 8              MS. BLADOW:  Thank you, Your Honor.  Bye.
 9              MR. SELTZER:  Bye bye.
10              (At 2:21 p.m. the proceedings adjourned.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

I, MAREA WOOLRICH, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATION OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS 21ST DAY OF JANUARY, 2021.


/S/ MAREA WOOLRICH

MAREA WOOLRICH, CSR NO. 12698, CCRR
FEDERAL OFFICIAL COURT REPORTER