# EXHIBIT 5



130 West 42nd Street, 24th Floor
New York, New York 10036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

May 12, 2021

*Via E-mail*

Raymond K. Wright
Susman Godfrey LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

**Re:**   ***In re National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)**

Dear Raymond:

Thank you for your correspondence on May 3, 2021 ("Letter"). The NFL Defendants are, however, disappointed at the lack of progress on the outstanding issues. Plaintiffs' recent letter does not evidence any effort to appropriately tailor discovery in this litigation. Instead, Plaintiffs continue to seek to extend the time period of discovery to nearly thirty years, well beyond what was requested in their initial Requests for Production ("RFPs"). Plaintiffs also request more than 160 custodians and have proposed search terms that are, in many cases, completely untethered to any particular RFP. Thus, instead of working with the NFL Defendants to narrow the issues in dispute, Plaintiffs are attempting to further broaden the scope of discovery past what was even requested in Plaintiffs' RFPs. Plaintiffs' demands are not proportional to the needs of the case and would be immensely costly and burdensome.

Nevertheless, the NFL Defendants provide the following answers to Plaintiffs' Letter in good faith and in an attempt to reach agreement, where reasonable.

### Time Period of Production

NFL Defendants reiterate that Plaintiffs' proposed time period is impermissibly broad and would create undue burden. Plaintiffs' "ongoing restraint of trade" assertion does not justify the request for an unending discovery period with a perpetual obligation to produce information throughout the pendency of this action. However, in an effort to resolve this issue, Defendants are willing to extend the end date of production until the date on which the NFL Defendants collect ESI for the agreed-upon custodians.

Regarding the start date, Plaintiffs' position remains untenable, and the NFL Defendants cannot agree to Plaintiffs' purported "compromise" positions because they are not, in fact, a compromise. Instead, these positions far extend the time of production from Plaintiffs' RFPs and would greatly increase the overall burden, time, and cost associated with document collection, review, and production in this matter without justification. The NFL Defendants have already indicated a willingness to meet and confer about appropriately narrowing specific requests targeted

at pre-2011 information. *See* Responses to RFP No. 50 (creation of the Sunday Ticket package) and No. 53 (Clubs' decision to pool their broadcast rights with the League). The NFL Defendants remain open to these conversations, but do not believe it is proper to otherwise expand 80 requests beyond the start date Plaintiffs initially proposed. Properly read, Plaintiffs' RFPs were—with few exceptions where Plaintiffs actually specified a different time period—focused on documents created "since June 17, 2011." *See* NFL Defs. 4/27/21 Ltr. at 1. Plaintiffs' post-hoc justification for extending this time period, Letter at 3, does not hold water. Moreover, Plaintiffs' substantive arguments for extending the time period prior to June 17, 2011 for numerous RFPs and custodians are insufficient to justify the undue burden that doing so would impose.

In an attempt to resolve this dispute, the NFL Defendants are amenable to identifying a small subset of the agreed-upon custodians for whom the start date of production could be extended for specific RFPs based on the custodians' roles and the specific RFPs at issue.

To be clear, the NFL Defendants maintain that the appropriate date range for document collection in this case is from June 17, 2011 (the start of the proposed class period) to June 24, 2016 (the filing date of Plaintiffs' Consolidated Amended Complaint) but make this offer in an effort to resolve the date range negotiations.

**Proposed Custodians**

The NFL Defendants are still in the process of reviewing and evaluating Plaintiffs' lengthy list of more than 160 proposed custodians stretched across two exhibits. As to the proposed League custodians, the NFL Defendants are conducting their due diligence to see if any of the proposed custodians are reasonably likely to have responsive documents and will get back to Plaintiffs on this matter in the near future.

As to the proposed Club custodians, the NFL Defendants note that Plaintiffs have proposed 121 names that are clearly in service of nothing more than a mere fishing expedition. The list includes a head coach, a seemingly random collection of marketing and operations employees, and an individual who left his listed role more than 20 years ago. Plaintiffs' position is unacceptable. Plaintiffs have not identified any factual basis for engaging in such broad Club discovery nor shown why any discovery from the individual Clubs would not be merely duplicative of the documents already being produced by the League.

In recent conversations, Plaintiffs have attempted to analogize to recent litigation involving Major League Baseball ("MLB") and National Hockey League ("NHL") to justify their broad demands. There, as you know, the broadcasting structures for MLB and NHL were quite different than those here, including because MLB and NHL member teams negotiated medial deals themselves, a model far afield from the NFL broadcasting model. As Plaintiffs appreciate, the NFL member Clubs have pooled their rights in order to allow the League to negotiate media deals on their behalf. As a result, there are no documents that would be relevant to the instant litigation that would not flow through the League, which the NFL Defendants have already agreed to produce.

Moreover, there are less burdensome and costly means upon which the Plaintiffs can obtain any necessary discovery from the NFL member Clubs or lead to more appropriately tailored and less burdensome Club discovery. For example, if Plaintiffs identify a factual basis from reviewing

the League discovery or from interrogatories that are appropriately addressed to the member Clubs, the NFL Defendants would be willing to discuss targeted Club discovery. But unless and until such a factual basis is identified, the Club discovery Plaintiffs seek is hugely burdensome, disproportionate to the needs of the case, and otherwise inappropriate. In sum, given the broad discovery we are willing to provide from the League, we will not agree to the burden and costs associated with a fishing expedition aimed at the member Clubs.

### **Proposed Search Terms**

The NFL Defendants are in the process of reviewing Plaintiffs' proposed search terms. Based on our review to date, it is plain that many of the proposed search terms are overbroad and others are wholly untethered to particular RFPs, demonstrating yet another effort by Plaintiffs to expand document production without concern to the burden placed on the NFL Defendants and beyond what was originally requested. The NFL Defendants will continue to review these proposed terms and believe a more productive conversation could occur once the outstanding RFP disputes, including custodians, are resolved. The appropriate burden of Plaintiffs' proposed searches cannot be properly evaluated until that time.

### **Other Issues**

Plaintiffs' Letter raises a few other issues, which the NFL Defendants address in turn below:

*First*, Plaintiffs request historical organizational charts from the NFL. Letter at 2. The software used by the NFL's human resources department does not allow for the creation of historical organizational charts, and that information is not otherwise kept by the human resources department in the ordinary course.

*Second*, Plaintiffs maintain that the NFL Defendants' objections are boilerplate. *Id.* at 4. This is surprising, given Plaintiffs' use of similar objections in their responses to the NFL Defendants' First Set of Requests for Production of Documents. In any event, the NFL Defendants have already addressed this point. *See* NFL Defs. 4/27/21 Ltr. at 4. The NFL Defendants' responses are not boilerplate and they make clear what documents the NFL Defendants have agreed to provide to Plaintiffs.

*Third*, Plaintiffs re-raise concerns regarding the NFL Defendants' responses to RFP Nos. 4–7, 17, 29–30, 67, 101, and 104. Letter at 4. It appears that Plaintiffs do not appreciate the NFL Defendants' position, at least as to RFP Nos. 4–7 and 104. The NFL Defendants have not restricted our production to only "final contracts" as Plaintiffs suggest. Rather, the NFL Defendants have agreed to produce the broadcast contracts at issue, certain communications about those contracts, and documents relating to negotiations of other potential contracts. *See* NFL Defs. Responses to Pls.' First Set of RFPs., Nos. 4–7, 51, 104. It is unclear what additional discovery on these topics Plaintiffs are seeking.

With regard to the remaining requests, the NFL Defendants will review Plaintiffs' proposed search terms for these RFPs to assess the burden and expense associated with broadening discovery as Plaintiffs propose.

*Fourth*, regarding documents related to revenue sharing between the Clubs and the League (RFP No. 22), the NFL Defendants have already agreed to provide all documents over a 50-year period that explain the revenue-sharing process between the NFL and its member Clubs. Plaintiffs now attempt to expand their initial request, which sought only "documents relating to the sharing of revenue *between* Clubs and the League" (emphasis added), to include "[c]ommunications between the Clubs, as well as communications between the Clubs and the League and communications within each Club." Pls. 4/7/21 Ltr. at 10. As the NFL Defendants have discussed previously in this letter, this request for expansive Club discovery is inappropriate and unduly burdensome. However, in the spirit of compromise, the NFL Defendants agree to review Plaintiffs' proposed search terms on this topic to assess whether additional documents responsive to this request should properly be produced from the custodial files of agreed-upon custodians.

*Finally*, the NFL Defendants are aware of Plaintiffs' position that documents created by or related to a committee formed under 2004 Resolution BV-4 concerning revenue and cost-sharing alternatives would be relevant to this litigation. Letter at 5. While the NFL Defendants have already agreed to produce any resolutions stemming from 2004 Resolution BV-4 relating to revenue and cost-sharing alternatives, we will continue to review the relevance and potential burden of Plaintiffs' broader request. We have received Plaintiffs' search term relating to this topic. As we come to an agreement on custodians, we will revisit this request.

### Conclusion

As indicated above, the NFL Defendants remain willing to work cooperatively with Plaintiffs to resolve these issues, and we look forward to our meet and confer call on May 14, 2021 at 2:00PM ET.

Sincerely,

Jeremy Barber

CC: Plaintiffs' Counsel of Record