Beth A. Wilkinson (admitted *pro hac* vice)
Brian L. Stekloff (admitted *pro hac* vice)
Rakesh N. Kilaru (admitted *pro hac* vice)
Jeremy S. Barber (admitted *pro hac* vice)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac* vice)
Derek Ludwin (admitted *pro hac* vice)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the NFL Member Clubs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668-PSG-JEM<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF KARY KLISMET, ESQ., IN SUPPORT OF NFL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Magistrate Judge: Hon. John E. McDermott |

I, Kary Klismet, make this declaration pursuant to 28 U.S.C. § 1746. I hereby state as follows:

1. I am an attorney at law admitted to practice in the State of Colorado, and I am employed as a partner with the law firm of Hilgers Graben PLLC ("HG"). HG serves as attorneys for the National Football League ("NFL" or "NFL Defendants"), focusing, among other litigation practice areas, on the management of electronic discovery ("e-discovery") matters in connection with this lawsuit. I am fully familiar with the facts of this case as well as the facts set forth herein. I respectfully submit this declaration in support of the NFL Defendants' Response in Opposition to Plaintiffs' Motion to Compel Production of Documents by NFL Club Defendants, submitted as part of a Joint Stipulation pursuant to Local Rule 37-1.

2. I make the foregoing statement based on my combined 18 years of experience as a litigator and discovery counsel, my knowledge and familiarity with the Federal Rules of Civil Procedure and this Court's local rules for discovery, as well as the extensive discovery efforts already undertaken in the course of my work representing the NFL in this litigation.

3. The burden of collecting, processing, reviewing, and producing electronic and hard copy documents for the NFL's 32 member Clubs in the manner proposed by Plaintiffs would be extraordinary and disproportionate to the needs of this case. Indeed, it is hard to fathom any case that would warrant the quantity of custodians and the scope of documents that Plaintiffs request in their Motion to Compel.

4. Specifically, Plaintiffs have proposed collecting electronically-stored information ("ESI") from 121 individual custodians among the 32 NFL member Clubs. *See* Ex. A to May 3, 2021 Letter from Raymond Wright to Jeremy Barber, *attached as* Ex. 4 to Raymond Wright's Declaration in Support of Plaintiffs' Motion to Compel.

5. I have conducted an analysis to estimate the size and burden of collecting, processing, reviewing, and producing ESI from the 121 proposed NFL Club custodians based on my knowledge of

industry standards in electronic discovery ("e-discovery") and litigation support, and experience with data collection in this litigation thus far.

6. Based on this experience and common estimates used in the e-discovery business, we believe that the total data to be collected from the 121 NFL Club custodians could reach approximately 11,970 gigabytes ("GB")—nearly 12 terabytes ("TB") of data.

7. The typical procedure to collect, process, review, and produce all of this data would require the following steps:

   a. Interviewing each custodian to identify relevant ESI and hard copy documents in their possession.

   b. Forensically collecting all ESI to preserve accurate metadata.

   c. Physically collecting and electronically scanning all hard copy documents.

   d. Importing all ESI and scanned hard copy documents into an electronic database for analysis and review.

   e. Conducting various levels of document review to identify potentially responsive information for production to Plaintiffs, as well as to identify documents to protect attorney-client privilege, work product, and confidentiality under the Protective Order in this case.

   f. Redacting attorney-client privileged, work product, and other potentially highly sensitive and private personal or financial information from documents before production.

   g. Processing all responsive documents to produce to Plaintiffs in Bates-stamped format to be used as part of the evidentiary record of this case.

      h. Preparing and producing privilege logs to identify and reasonably describe documents withheld as protected by the attorney-client privilege or attorney work product from production to Plaintiffs.

8. Based upon a common estimate used in the e-discovery industry, a single GB of data may be assumed to contain approximately 10,000 documents for review project planning and projection purposes. Accordingly, if the Court were to grant Plaintiffs' Motion to Compel, the NFL Defendants would be required to review tens of millions of documents from the proposed custodians at the Clubs—possibly to exceed more than 100 million documents—even after the processing of data to remove duplicates and omit documents outside of predetermined date filters and search terms.

9. Even if we assume that the removal of duplicates and the application of date filters and search terms were to remove 75% of the nearly 120 million documents initially ingested (a reasonable estimate based on prior collection and production efforts in similar cases), the time required to meaningfully analyze and produce responsive documents could be not just months, but years. Applying a reasonable rate of review (100 documents per hour, which would be an exceptionally fast but manageable pace in the e-discovery industry), it would take 300,000 hours (or 7,500 weeks, based on a forty-hour workweek) just to complete the document review.

10. Put another way, it would take *more than ten years* for a team of fifteen reviewers, working full-time, to complete the projected review of 30 million documents.

11. Simply reviewing these documents and analyzing whether they are responsive to this litigation would require significant effort and incur considerable costs, even if the reviewers ultimately conclude that there are little to no responsive documents that would need to be produced.

12. A document review project of this magnitude, encompassing 121 custodians and as much as 12 TB of data, would be extremely costly to complete, after accounting for the various stages of review, redaction, the creation of privilege logs, as well as the cost of data storage in an industry-

recognized document review and data hosting software platform such as Relativity. And this does not even account for the additional costs associated with the extensive production Plaintiffs seek for NFL League custodians, let alone the impact it would have on the litigation strategy required to prosecute a case with this additional volume of data.

13. I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 28, 2021

*/s/ Kary Klismet*

_____
Name: Kary Klismet
Law Firm: Hilgers Graben PLLC
Address: 600 17th Street, Suite 2800
Denver, CO 80202

Phone: 402-218-2106
Email: kklismet@hilgersgraben.com