MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668−PSG (JEMx) <br><br> **DECLARATION OF IAN M. GORE IN SUPPORT OF STIPULATION REGARDING MODIFICATIONS TO SCHEDULING ORDER** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge: Hon. Philip S. Gutierrez |

I, Ian M. Gore, hereby declare:

1. I am a partner in the law firm Susman Godfrey L.L.P. and am admitted *pro hac vice* to practice before the United States District Court for the Central District of California in this action. I submit this declaration in support of the parties' Stipulation Regarding Modifications to Scheduling Order. I am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this declaration, and each of the facts and statements is true and correct.

2. Since this matter was re-assigned to the present Court after remand from the Ninth Circuit and the Court's issuance of a scheduling order, Plaintiffs have served five sets of document requests and three sets of interrogatories on the NFL Defendants. Plaintiffs have also served two sets of documents requests on the DIRECTV Defendants. Plaintiffs have also served approximately 20 subpoenas on third parties that Plaintiffs believe to have documents relevant to Plaintiffs' claims in this matter.

3. In addition to serving discovery requests on the NFL Defendants, DIRECTV, and various third parties, Plaintiffs have engaged in multiple meet and confers with the NFL Defendants, DIRECTV, and third parties regarding the scope of discovery, search terms, and the timeline for document productions. Plaintiffs have also served multiple letters pursuant to Local Rule 37-1, with those issues largely being resolved afterward.

4. The NFL Defendants have also pursued discovery from Plaintiffs. To date, the NFL Defendants have served two sets of document requests on Plaintiffs. In response, Plaintiffs have produced 630 documents that total just over 1800 pages.

5. To date, the NFL Defendants have produced nearly 65,000 documents that total more than 500,000 pages in response to Plaintiffs' discovery requests. This is a substantial volume of documents that will require significant time by Plaintiffs to review prior to many key depositions that will likely occur in this case. Moreover, Plaintiffs' experts will likely need to analyze substantial amounts of documents prior to Plaintiffs moving for class certification.

6.     Currently, DIRECTV has not produced any documents from its document custodians, though they have produced non-custodial documents. After good faith negotiations over the course of several months, Plaintiffs and DIRECTV reached an agreement on search terms and on a set of twenty-two custodians. During the parties' meet and confers, counsel for DIRECTV stated that—based on its current estimates—it anticipated producing approximately 600,000 documents as responsive to Plaintiffs' document requests. Plaintiffs believe that further time is warranted for fact discovery in order to review such a substantial amount of documents. During those meet and confers, counsel for DIRECTV further stated that its efforts to collect documents from the twenty-two document custodians was hindered in part due to the volume of information and also that several key personnel continued to be working remote due to the SARS-CoV-2 pandemic.

7.     Based on my experience, transactional data is often a key part of antitrust cases such as this. Plaintiffs have requested viewership and transactional data from DIRECTV that the parties generally agree is relevant to the claims and defenses in this action. The Court's original scheduling order required that such data be produced by April 22, 2021. *See* Dkt. No. 294. In assessing the scope of the data to be produced, however, it became apparent that the volume of the requested data would be substantial—totaling more than a petabyte of data, some of which is encrypted and requires significant processing in order to be transferred. As a result, the April 22, 2021 deadline was vacated. *See* Dkt. No. 321. Plaintiffs and DIRECTV have conferred regularly on the production of the requested data. While the viewership data has become available, DIRECTV's production of transactional data has been delayed due, in part, to complications in extracting the data from legacy systems. Given the volume of data and the delay in obtaining this critical information, Plaintiffs believe that an extension of the fact discovery deadline is necessary.

8.     Plaintiffs and the NFL Defendants reached an agreement to extend the fact discovery deadline and adjust the dates for class certification briefing with minimal impact on the Court's calendar. The parties' proposed schedule does not

1 | change the deadline for the reply brief on class certification, nor does it alter the
2 | Court's hearing date for class certification. Moreover, the parties' proposed
3 | modifications to the scheduling order make no changes to any of the deadlines after
4 | the class certification hearing.

5 |     9. Plaintiffs have also further agreed not to serve any Requests for
6 | Production, Interrogatories, or Requests for Admission on the NFL Defendants, or
7 | any subpoenas on third parties, after February 22, 2022.

9 | I declare under penalty of perjury under the laws of the United States that the
10 | foregoing is true and correct.
11 | Executed November 19, 2021 in Seattle, Washington.

*s/ Ian M. Gore*
IAN M. GORE
igore@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883