Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin
smartin@hausfeld.com
Irving Scher
ischer@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer
hlanger@langergrogan.com
Edward Diver
ndiver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel Listed on Signature Page]

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668−PSG (JEMx) |
|---|---|
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | **PLAINTIFFS' UNOPPOSED APPLICATION FOR AN ORDER FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** |

Plaintiffs submit this Application for Issuance of a Letter of Request for International Judicial Assistance (attached hereto as Exhibit A) pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), pursuant to 28 U.S.C. § 1781. Defendants do not oppose this Application.

The proposed Letter of Request seeks the assistance of judicial authorities of the United Kingdom in obtaining documents from DAZN Media Services Ltd. ("DAZN"). DAZN is a UK-based entity that offers live streaming of NFL games in Canada and has submitted a bid for NFL Sunday Ticket. DAZN is in possession of documents related to the subject matter of this litigation.

This is a class action antitrust lawsuit brought by current and former commercial and residential DirectTV subscribers who also purchased the "NFL Sunday Ticket" sports package. Plaintiffs challenge agreements among and between the NFL, the NFL's 32 Clubs, and DirecTV that, Plaintiffs allege, unlawfully restrain competition in violation of the Sherman Act. Plaintiffs also allege that the NFL unlawfully monopolizes the market for live video presentation of professional football games.

The basis for the proposed Letter of Request is set forth in detail in Exhibit A. In summary, the basis is as follows:

Plaintiffs have requested the production of a discrete set of documents, including DAZN's reports, analyses, or studies concerning the distribution of televised broadcasts of NFL football games; DAZN's reports, analyses, or studies of the actual, estimated, or

projected impact on television viewership or revenues caused by NFL Sunday Ticket; DAZN's viewership data for NFL football in Canada; DAZN's reports, analyses, or studies concerning the potential or actual comparative impact of the NFL licensing the rights to telecast out-of-market Sunday afternoon NFL football games on an exclusive or non-exclusive basis; and DAZN's valuation of the NFL Sunday Ticket sports package.

The requested documents are plainly relevant to Plaintiffs' claims, especially where Plaintiffs' allegations specifically reference broadcasts of NFL games in Canada. Plaintiffs are also confident that DAZN is in possession of the requested material. Not only have Plaintiffs received documents from the NFL showing that DAZN submitted a bid for NFL Sunday Ticket, but counsel for a US-based subsidiary of DAZN—in response to a subpoena seeking the requested documents from that subsidiary–has represented to Plaintiffs that substantively all documents relating to NFL football are within the possession, custody, and control of DAZN. Therefore, DAZN's documents are beyond the subpoena power of this Court. Because the information that DAZN possesses is relevant to the parties' claims and defenses, it will further the interests of justice that they are produced.

The Hague Convention "'prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state.'" *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 2018 WL 4696966, at *3 (C.D. Cal. June 25, 2018) (quoting *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987)). As the United States and the United Kingdom

are both signatories to the Hague Convention, letters of request are the means by which this Court can formally request that a court in the United Kingdom lends judicial assistance in obtaining evidence. *See Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1206 (9th Cir. 2003). Pursuant to the Hague Convention, a letter of request must provide the contracting state with certain information regarding the lawsuit and the information sought, including "the evidence to be obtained or other judicial act to be performed." 23 U.S.T. 2555, art. 3(d).

"No higher standard is necessary for the issuance of letters rogatory than that needed for discovery upon a domestic company." *Viasat, Inc. v. Space Sys./loral, Inc.*, 2013 WL 12061801, at *3 (S.D. Cal. Jan. 14, 2013). And courts "routinely issue letters rogatory where the movant makes a reasonable showing that the evidence sought may be material, or may lead to the discovery of material evidence." *Id*. Courts "apply the rule that letters of rogatory shall issue unless good cause is shown otherwise." *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006).

The proposed Letter of Request seeks documents from DAZN in connection with its direct involvement in and knowledge of issues that are relevant to this case. The evidence sought is relevant to the resolution of this action and is narrowly tailored to the involvement of DAZN in negotiations regarding rights to the Sunday Ticket package. Plaintiffs anticipate that the documents sought from DAZN will be material to its claims against the Defendants in this action.

For the foregoing reasons, and those set forth in the attached Letter of Request,

Plaintiffs respectfully request that the Court grant this application and approve and sign the attached Letter of Request. Plaintiffs further respectfully request that, following the Court's approval of the Letter of Request, the Clerk of the Court authenticate the Court's signature under the seal of the Court (where indicated) and then return the Letter of Request to counsel for Plaintiffs, accompanied by an authorization for counsel to transfer the Letter of Request to the appropriate judicial authorities. Counsel will then promptly cause the Letter of Request to be transmitted to the appropriate judicial authorities, in conformity with Article 2 of the Hague Convention.

    We thank the Court for its consideration of our request.

Dated: December 9, 2021                    Respectfully submitted,

                                      By:  */s/ Scott A. Martin*
                                            Scott A. Martin

                                            Michael D. Hausfeld
                                            mhausfeld@hausfeld.com
                                            HAUSFELD LLP
                                            888 16th Street, N.W., Suite 300
                                            Washington, DC 20006
                                            Tel: (202) 540-7200
                                            Fax: (202) 540-7201

                                            Scott Martin
                                            smartin@hausfeld.com
                                            Irving Scher
                                            ischer@hausfeld.com
                                            HAUSFELD LLP
                                            33 Whitehall Street, 14th Floor
                                            New York, NY 10004
                                            Tel: (646) 357-1100

Fax: (212) 202-4322

Marc M. Seltzer
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian
asubramanian@susmangodfrey.com
William Christopher Carmody
bcarmody@susmangodfrey.com
Seth Ard
sard@susmangodfrey.com
Edward Delman
edelman@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206)

Michael P. Lehmann (SBN 77152)
mlehmann@hausfeld.com
Bonny E. Sweeny (SBN 176174)
bsweeney@hausfeld.com
Christopher L. Lebsock (SBN 184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111

Tel: (415) 633-1908
Fax: (415) 358-4980

Howard Langer
hlanger@langergrogan.com
Edward Diver
diver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Interim Class Counsel*

PLAINTIFFS' APPLICATION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE