Exhibit 3

DANIEL M. PETROCELLI (S.B.
#97802)
dpetrocelli@omm.com
M. RANDALL OPPENHEIMER
(S.B. #77649)
roppenheimer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

IAN SIMMONS (*Pro Hac Vice*
Pending)
isimmons@omm.com
KATRINA ROBSON (S.B. #229835)
krobson@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: (212) 326-2128

Attorneys for Defendants DirecTV,
LLC and DirecTV Holdings LLC

ROBYN E. BLADOW (S.B.
#205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400

TAMMY A. TSOUMAS (S.B.
#250487)
tammy.tsoumas@kirkland.com
JONATHAN J. FARIA (S.B.
#274019)
jonathan.faria@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite
3700
Los Angeles, CA 90067
Telephone: (310) 552-4200

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IN RE: NATIONAL FOOTBALL
LEAGUE SUNDAY TICKET
ANTITRUST LITIGATION

Case No. 2:15-ml-02668-PSG-JEMx

**DEFENDANTS DIRECTV, LLC
AND DIRECTV HOLDINGS
LLC'S ANSWER TO
PLAINTIFFS' CONSOLIDATED
AMENDED COMPLAINT FOR
DAMAGES AND
DECLARATORY AND
INJUNCTIVE RELIEF
PURSUANT TO SECTIONS 1
AND 2 OF THE SHERMAN ACT**

Defendants DirecTV, LLC and DirecTV Holdings LLC (collectively, "DirecTV"), by and through their counsel of record, respond as follows to the allegations in the Consolidated Amended Complaint for Damages and Declaratory and Injunctive Relief Pursuant to Sections 1 and 2 of the Sherman Act (the "Complaint"), dated June 24, 2016, insofar as they are made against DirecTV.

Because the Complaint defines DirecTV, LLC and DirecTV Holdings LLC collectively as "DirecTV," this Answer follows that convention in referring to "DirecTV"; however, an admission that "DirecTV" engaged in any particular act is an admission by at least one of (1) DirecTV, LLC, and (2) DirecTV Holdings LLC—but not necessarily both.

DirecTV incorporates into each response below a denial of all allegations in the Complaint (including those outside of the knowledge and information of DirecTV), except with respect to those specific allegations expressly admitted herein, and denies any averments in the headings and subheadings of the Complaint. Unless otherwise noted, footnotes containing citations to sources of information do not purport to state factual allegations, and no response is required. To the extent a response is required, all answers to allegations in a particular paragraph of the Complaint should be construed to apply equally to the allegations contained in the footnote or subpart, if any, accompanying or comprising such paragraph of the Complaint, unless expressly stated otherwise. DirecTV also specifically incorporates into each response a denial of all allegations concerning its purported participation in the alleged conspiracy described in the Complaint and denies any responsibility for any wrongdoing ascribed to other defendants, and avers that no negative inference can properly be drawn against DirecTV based on the alleged conduct of other defendants.

DirecTV therefore intends to respond only as to allegations directed at DirecTV individually, and where DirecTV responds to allegations that concern "Defendants" and not DirecTV individually, DirecTV denies knowledge or

information sufficient to form a belief as to the truth of the allegations as to the other defendants unless DirecTV expressly states otherwise.

DirecTV expressly denies that Plaintiffs have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with their claims. In addition, as explained in DirecTV's Renewed Motion to Compel Arbitration and Stay Proceedings (ECF No. 306), Plaintiffs have agreed to resolve their claims against DirecTV through individual arbitration and have waived their rights to participate in a class action. Pursuant to this Court's order on January 12, 2021 (ECF No. 301), ordering DirecTV to answer the Complaint, DirecTV does so. By answering the Complaint and asserting affirmative defenses, DirecTV does not waive and expressly reserves its position that Plaintiffs' claims against DirecTV are subject to mandatory arbitration.[1]

For the sake of clarity, and unless otherwise expressly stated, DirecTV herein uses the defined terms and phrases set forth in the Complaint. In so doing, however, DirecTV does not concede that any such definitions are proper.

## ANSWER TO SPECIFIC PARAGRAPHS IN THE COMPLAINT

DirecTV admits, denies, and avers as follows to the specific paragraphs of the Complaint:

**INTRODUCTION**

1.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 1 and Footnote 1 except: (a) admits that the United States Supreme

---

[1] "Courts in this Circuit, including this one, commonly treat motions to compel arbitration as preliminary motions under Federal Rule of Civil Procedure 12." *KWB and Associates, Inc. v. Marvin*, 2018 WL 5094927, at *9 (C.D. Cal. Apr. 18, 2018) (collecting cases) (finding that a motion to compel arbitration qualifies as a preliminary motion under Rule 12(b), obviating the need for an answer); *De Salles v. Cook*, 2016 WL 9113995, at *4 (C.D. Cal. May 12, 2016) (same); *see also Murphy v. DIRECTV, Inc.*, 724 F.3d 1218, 1225 (9th Cir. 2013) (enforcing arbitration agreement).

Court issued an opinion in *American Needle, Inc. v. NFL*, 560 U.S. 183 (2010), and respectfully refers the Court to the original document for a full and complete description; (b) admits that NFL Enterprises LLC has licensed DirecTV to offer the NFL Sunday Ticket product ("Sunday Ticket") to residential and commercial subscribers; (c) admits that Sunday Ticket allows residential and commercial subscribers to watch some of the televised broadcasts for Sunday afternoon (Eastern Time) regular season NFL games, including games that would not otherwise be available on television in the subscribers' home markets (hereinafter referred to as "out-of-market games"); and (d) admits that the NFL currently has 32 member teams.

2.     Denies the allegations of Paragraph 2 except: (a) avers that to the extent Paragraph 2 contains legal conclusions, no response is required; (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL,* 116 F. Supp. 319 (E.D. Pa. 1953), and respectfully refers the Court to the original document for a full and complete description.

3.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 3 except: (a) avers that to the extent Paragraph 3 contains legal conclusions, no response is required; (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 196 F. Supp. 445 (E.D. Pa. 1961), and respectfully refers the Court to the original document for a full and complete description; and (c) admits that Congress passed the Sports Broadcasting Act of 1961 ("SBA"), 15 U.S.C. § 1291, and respectfully refers the Court to the original document for a full and complete description.

4.      Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 4.

5.      Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 5 and Footnote 2 except: (a) avers that to the extent Paragraph 3 contains legal conclusions, no response is required; (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *Laumann v. NHL*, 56 F. Supp. 3d 280 (S.D.N.Y. 2014), and respectfully refers the Court to the original document for a full and complete description; and (c) upon information and belief, admits that other sports leagues offer packages of out-of-market broadcast rights.

6.      Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 6 except: avers that to the extent Paragraph 6 contains legal conclusions, no response is required.

7.      Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 7, except: (a) admits that NFL Enterprises LLC has licensed DirecTV to offer Sunday Ticket to residential and commercial subscribers; and (b) admits that Sunday Ticket allows residential and commercial subscribers to watch some out-of-market Sunday afternoon (Eastern Time) regular season NFL games.

8.      Denies the allegations of Paragraph 8 except: (a) admits that Sunday Ticket allows residential and commercial subscribers to watch some out-of-market Sunday afternoon (Eastern Time) regular season NFL games; (b) admits that DirecTV receives the broadcast "feeds" from the regular season Sunday afternoon (Eastern Time) games currently produced by CBS and FOX to offer Sunday Ticket to its residential and commercial subscribers; and (c) admits that DirecTV markets

Sunday Ticket through advertising and has used advertising containing the language quoted in Paragraph 8, and respectfully refers the Court to the original document for a full and complete description. DirecTV avers it is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in Paragraph 8 pertaining to commercial subscribers for Sunday Ticket.

9.     DirecTV denies the allegations in Paragraph 9 except: avers that to the extent Paragraph 9 contains legal conclusions, no response is required.

10.     Denies the allegations in Paragraph 10 except: (a) avers that to the extent Paragraph 9 contains legal conclusions, no response is required; (b) admits that contractual arrangements exist between the NFL Defendants and DirecTV providing for the license of rights to broadcast NFL games; (b) admits that authorized television broadcasts of some regular season out-of-market Sunday afternoon (Eastern Time) NFL games are unavailable to consumers in their home markets unless they subscribe to Sunday Ticket; (c) upon information and belief, admits that contractual arrangements appear to exist between the NFL Defendants and FOX, CBS, ESPN, and NBC providing for the license of rights to broadcast NFL games; (d) admits that DirecTV advertises Sunday Ticket on its website; and (e) admits that the price for Sunday Ticket exceeds $120,000 per year for the largest of its commercial subscribers.

11.     Denies the allegations in Paragraph 11 except: (a) avers that to the extent Paragraph 11 contains legal conclusions, no response is required; and (b) avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 11 concerning the actions and rights of the NFL teams.

12.     Denies the allegations in Paragraph 12 except: avers that to the extent Paragraph 12 contains legal conclusions, no response is required.

13.    Denies the allegations in Paragraph 13 except: (a) avers that to the extent Paragraph 13 contains legal conclusions, no response is required; and (b) admits that NFL Enterprises LLC has licensed with DirecTV to offer Sunday Ticket to residential and commercial subscribers.

14.    Denies the allegations in Paragraph 14 except: admits that there are differences between its out-of-market broadcasting arrangement with the NFL, in comparison to broadcasting arrangements made with Major League Baseball ("MLB"), the National Basketball Association ("NBA"), and the National Hockey League ("NHL"), and respectfully refers the Court to the original documents for a full and complete description.

15.    Denies the allegations in Paragraph 15 except: upon information and belief, admits that the NFL licenses the distribution of Sunday Ticket on a non-exclusive basis in certain countries outside of the United States.

16.    Denies the allegations in Paragraph 16 except: (a) admits that an establishment's Fire Code Occupancy is a factor in the prices for Sunday Ticket that DirecTV sets for some of its commercial customers; (b) admits that, in 2015, DirecTV's price for Sunday Ticket exceeded $120,000 per year for the largest of its commercial subscribers; and (c) admits that DirecTV has in the past advertised NFL Sunday Ticket and MLB Extra Innings to commercial customers at some of the prices described in the chart contained in Paragraph 16.

17.    Denies the allegations in Paragraph 17 and Footnote 3 except: (a) avers that to the extent Paragraph 17 and Footnote 3 contain legal conclusions, no response is required; (b) admits that NFL Enterprises LLC has licensed DirecTV to offer Sunday Ticket to residential and commercial subscribers; (c) admits that for certain periods of 2015, certain of DirecTV's advertising in the United States advertised Sunday Ticket for approximately $251.94 for the regular full-season package and $353.94 for "NFL Sunday Ticket Max"; (d) avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the

-7-

allegations and therefore denies the allegations in in Paragraph 17 concerning Canadian MVPDs.

18.    Denies the allegations in Paragraph 18 except: (a) avers that to the extent Paragraph 18 contains legal conclusions, no response is required; (b) admits that a merger between DirecTV and AT&T was finalized in July 2015 following conditional approval by the Federal Communications Commission ("FCC"), and respectfully refers the Court to the original document for a full and complete description; (c) admits that DirecTV filed a Prospectus Supplement pursuant to Rule 424(b)(2) with the Securities and Exchange Commission on December 3, 2014, which contained the quote in Paragraph 18, and respectfully refers the Court to the original document for a full and complete description.

19.    Denies the allegations in Paragraph 19 except: avers that to the extent Paragraph contains legal conclusions, no response is required.

20.    Denies the allegations in Paragraph 20 and denies that Plaintiffs are entitled to relief in this case except: avers that to the extent Paragraph 20 contains legal conclusions, no response is required.

**JURISDICTION AND VENUE**

21.    Avers that Paragraph 21 contains legal conclusions and therefore no response is required except: admits that Plaintiffs purport to bring this action pursuant to Section 16 of the Clayton Act (15 U.S.C. § 26), for a violation of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1-2).

22.    Avers that Paragraph 22 contains legal conclusions and therefore no response is required.

23.    Denies the allegations in Paragraph 23 and denies that any purported class member was injured as a result of any conduct by DirecTV except: admits that DirecTV is headquartered in El Segundo, California.

**PARTIES**

    **A.    Plaintiffs**

24.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 24 except: admits that Mucky Duck is located in San Francisco, California, and has purchased Sunday Ticket from DirecTV.

25.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 25 except: admits that Gael Pub is located in New York, New York, and has purchased Sunday Ticket from DirecTV.

26.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 26 except: admits that Lippincott at one point had an address in Healdsburg, California, and has purchased Sunday Ticket from DirecTV.

27.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 27 except: admits that Holinko at one point had an address in Belle Mead, New Jersey, and has purchased the Sunday Ticket from DirecTV.

    **B.    Defendants**

28.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 28.

29.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 29.

30.    Denies the allegations in Paragraph 30 except: (a) upon information and belief, admits that the NFL and Defendant NFL Enterprises LLC are headquartered in offices located at 345 Park Avenue, New York, New York; and

(b) upon information and belief, admits that NFL Enterprises LLC has licensed broadcast rights relating to the NFL.

31.  Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 31 except: upon information and belief, admits that the NFL and its 32 member clubs produce and distribute NFL football.

32.  Denies the allegations in Paragraph 32 except: (a) avers that to the extent Paragraph 32 contains legal conclusions, no response is required; (b) admits that the United States Supreme Court issued an opinion in *American Needle, Inc. v. NFL*, 560 U.S. 183 (2010) and in *NCAA v. Board of Regents*, 468 U.S. 85 (1984), and respectfully refers the Court to the original documents for a full and complete description.

33.  Avers that Paragraph 33 contains no allegations and therefore no response is required.

34.  Denies the allegations in Paragraph 34 except: (a) admits that DirecTV Holdings LLC is a Delaware Limited Liability Company; and (b) admits that DirecTV Holdings LLC has stated that it is "a leading provider of digital television entertainment in the United States."

35.  Denies the allegations in Paragraph 35 except: (a) admits that DirecTV, LLC is a California Limited Liability Company; and (b) admits that DirecTV, LLC has in the past issued bills to subscribers.

36.  Avers that Paragraph 36 contains no allegations and therefore no response is required.

**TRADE AND COMMERCE**

37.  Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 37 except: upon information and belief, admits that the NFL is the largest provider of professional American football in the United States.

-10-

38.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 38 except: admits the Complaint purports to refer to *Bloomberg* and the *Wall Street Journal* reports, and respectfully refers the Court to the original documents for a full and complete description.

39.     Denies the allegations in Paragraph 39 except: (a) avers that to the extent Paragraph 39 contains legal conclusions, no response is required; (b) admits that in October 2014 the NFL announced that it had reached an agreement with DirecTV for the rights to distribute Sunday Ticket, and respectfully refers the Court to the original announcement for a full and complete description; and (c) admits that the 2014 agreement extended over four additional years and had a higher contract price than the previous agreement with the NFL, and respectfully refers the Court to the original document for a full and complete description.

**CLASS ACTION ALLEGATIONS**

40.     Denies that class treatment is appropriate and avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 except: admits that Plaintiffs purport to bring this action as a class action under Federal Rule of Civil Procedure 23.

41.     Denies that class treatment is appropriate and avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.     Denies that class treatment is appropriate and avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42.

43.     Denies that members of Plaintiffs' purported Classes have been charged supracompetitive prices for Sunday Ticket and avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the

-11-

remaining allegations in Paragraph 43 except: admits that DirecTV has sold Sunday Ticket to residential and commercial subscribers during the relevant time period.

44.    Denies the allegations in Paragraph 44, and specifically denies that class treatment is appropriate except: avers that DirecTV is investigating the extent to which the number and identity of Sunday Ticket subscribers is known to DirecTV.

45.    Denies the allegations in Paragraph 45 and denies that class treatment is appropriate except: to the extent Paragraph 45 contains legal conclusions, no response is required.

46.    Denies the allegations in Paragraph 46 and its subparts and denies that class treatment is appropriate except: to the extent Paragraph 46 and its subparts contain legal conclusions, no response is required.

47.    Denies the allegations in Paragraph 47 and denies that class treatment is appropriate except: to the extent Paragraph 47 contains legal conclusions, no response is required.

48.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies the allegations on that basis.

49.    Denies the allegations in Paragraph 49 and denies that class treatment is appropriate except: avers that to the extent Paragraph 49 contains legal conclusions, no response is required.

50.    Denies the allegations in Paragraph 50 and denies that class treatment is appropriate except: avers that to the extent Paragraph 50 contains legal conclusions, no response is required.

51.    Denies the allegations in Paragraph 51 and denies that class treatment is appropriate except: avers that to the extent Paragraph 51 contains legal conclusions, no response is required.

52.     Denies the allegations in Paragraph 52 and denies that class treatment is appropriate except: avers that to the extent Paragraph 52 contains legal conclusions, no response is required.

**FACTUAL ALLEGATIONS**

    **A.    Relevant Market**

53.     Denies the allegations in Paragraph 53, and specifically denies that a "market" for "live video presentation of regular season NFL games that includes a distinct submarket for 'out- of-market' games" exists or constitutes a cognizable relevant market for antitrust purposes, except: (a) avers that to the extent Paragraph 53 contains legal conclusions, no response is required; (b) upon information and belief, admits that the NFL appears to have negotiated with CBS, NBC, ESPN, and FOX for the rights to produce and broadcast certain NFL games.

54.     Denies the allegations in Paragraph 54 except: avers that to the extent Paragraph 54 contains legal conclusions, no response is required.

55.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 55.

56.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 56 except: upon information and belief, admits that the United States Football League filed a lawsuit against the NFL and that the United States Court of Appeals for the Second Circuit issued an opinion in *USFL v. NFL*, 842 F.2d 1335 (2d Cir. 1988), and respectfully refers the Court to the original document for a full and complete description.

57.     Denies the allegations in Paragraph 57 except: upon information and belief, admits that the NFL is currently comprised of 32 NFL member clubs, that the NFL offers a product that is popular with consumers, and that NFL clubs reside in geographic locations throughout the United States.

58.    Denies the allegations in Paragraph 58 except: avers that to the extent Paragraph 58 contains legal conclusions, no response is required.

59.    Denies the allegations in Paragraph 59 except: (a) admits that a merger between DirecTV and AT&T was finalized in July 2015 following conditional approval by the FCC, and respectfully refers the Court to the merger agreement for a full and complete description; and (b) admits that the Complaint purports to quote a *Forbes* article, and respectfully refers the Court to the original document for a full and complete description.

### B.    Relevant History of NFL Broadcasting Agreements

60.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 60.

61.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 61 and Footnote 4  except: (a) avers that to the extent Paragraph 61 and Footnote 4 contain legal conclusions, no response is required; and (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953), and respectfully refers the Court to the original document for a full and complete description.

62.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 62 except: avers that to the extent Paragraph 62 contains legal conclusions, no response is required.

63.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 63 except: (a) avers that to the extent Paragraph 63 contains legal conclusions, no response is required; and (b) admits that the United States District

-14-

Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953), and respectfully refers the Court to the original document for a full and complete description.

64. Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 64 except: (a) avers that to the extent Paragraph 64 contains legal conclusions, no response is required; and (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953), and respectfully refers the Court to the original document for a full and complete description.

65. Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 65 except: avers that to the extent Paragraph 65 contains legal conclusions, no response is required.

66. Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 66 except: (a) avers that to the extent Paragraph 66 contains legal conclusions, no response is required; and (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 196 F. Supp. 445 (E.D. Pa. 1961), and respectfully refers the Court to the original document for a full and complete description.

67. Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 67 except: (a) avers that to the extent Paragraph 67 contains legal conclusions, no response is required; and (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 196 F. Supp. 445 (E.D. Pa. 1961), and respectfully refers the Court to the original document for a full and complete description.

Case No. 2:15-ml-02668-PSG-JEMx

68.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 68 except: (a) avers that to the extent Paragraph 68 contains legal conclusions, no response is required; and (b) admits that Congress enacted the SBA, and contains the language cited in Paragraph 68, and respectfully refers the Court to the original document for a full and complete description.

69.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 69.

70.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 70.

71.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 71 except: avers that to the extent Paragraph 71 contains legal conclusions, no response is required.

72.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 72 except: avers that to the extent Paragraph 72 contains legal conclusions, no response is required.

73.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 73.

74.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 74.

75.     Denies the allegations in Paragraph 75 except: (a) avers that to the extent Paragraph 75 contains legal conclusions, no response is required; and (b)

upon information and belief, admits that the NFL first offered a package of games that could be sold nationwide during the 1994 NFL season.

76.   Denies the allegations in Paragraph 76 except: (a) avers that, in 1994, DirecTV, Inc., reached an agreement with NFL Enterprises L.P. for the right to offer Sunday Ticket in the United States to residential and commercial subscribers, and respectfully refers the Court to the original document for a full and complete description; (b) admits that NFL Enterprises LLC currently has an agreement with DirecTV for the right to offer Sunday Ticket in the United States to residential and commercial subscribers, and respectfully refers the Court to the original document for a full and complete description; and (c) admits that DirecTV launched in 1994.

77.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 77 and Footnote 5 except: (a) upon information and belief, admits that CBS did not broadcast NFL games from 1994 to 1997; (b) admits that in 2003, News Corporation acquired 34% of Hughes Electronics Corporation, DirecTV's parent company, and transferred those holdings to Fox Entertainment Group, Inc.; and (c) admits the Complaint purports to refer to an *ESPN* article by Gregg Easterbrook, and respectfully refers the Court to the original document for a full and complete description.

78.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 78 except: avers that the NFL documents speak for themselves.

79.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 79 except: avers that the NFL documents speak for themselves.

80.   Denies the allegations in Paragraph 80 except: (a) avers that to the extent Paragraph 80 contains legal conclusions, no response is required; and (b) admits that, pursuant to its agreement with the NFL, DirecTV uses the "feeds" of

-17-

Sunday games broadcast by CBS and FOX to offer Sunday Ticket to residential and commercial subscribers.

**C.    The NFL's Current Broadcasting Rights Agreements**

81.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 81.

82.    Denies the allegations in Paragraph 82 except: avers that Paragraph 82 appears to contain incomplete allegations and therefore no response is required.

i.    **Over-the-Air Cable Broadcasts**

83.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 83.

84.    Denies the allegations in Paragraph 84 except: (a) upon information and belief, admits that most regular-season Sunday NFL games start at approximately 1 P.M., 4:05 P.M., or 4:25 P.M. Eastern Time; (b) upon information and belief, admits that during the regular season, the NFL generally schedules between 10 and 13 games on Sunday afternoons (Eastern Time), and one game on each of Sunday, Monday, and Thursday nights; (c) upon information and belief, admits that, generally, television viewers have access to two NFL game broadcasts by one network (CBS or FOX) and one NFL game broadcast by the other network on any given Sunday afternoon (Eastern Time) during the regular season.

85.    Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and denies the remaining allegations on that basis except: (a) upon information and belief, admits that generally there are up to two full regular-season games broadcast on television on Sunday afternoons (Eastern Time) at any given time in any given location in the United States; and (b) upon information and belief, admits that

-18-

Case No. 2:15-ml-02668-PSG-JEMx

1 | generally three full regular-season games will be broadcast on television on Sunday

2 | afternoons (Eastern Time) in any given location in the United States.

3 | 86.     Denies the allegations in Paragraph 86.

4 | 87.     Denies the allegations in Paragraph 87.

5 | 88.     Avers that DirecTV is without knowledge or information sufficient to

6 | form a belief as to the truth of the remaining allegations in Paragraph 88 and denies

7 | the remaining allegations on that basis except: respectfully refers the Court to the

8 | *Wall Street Journal* article for a full and complete description.

9 | ii.     **DirecTV and NFL Sunday Ticket**

10 | 89.     Denies the allegations in Paragraph 89 except: (a) avers that, in 1994,

11 | DirecTV, Inc., reached an agreement with NFL Enterprises L.P. for the right to

12 | offer Sunday Ticket in the United States to residential and commercial subscribers,

13 | and respectfully refers the Court to the original document for a full and complete

14 | description; and (b) admits that Sunday Ticket allows residential and commercial

15 | subscribers to watch out-of-market Sunday afternoon (Eastern Time) regular season

16 | NFL games broadcast on FOX and CBS.

17 | 90.     Denies the allegations in Paragraph 90 except: (a) avers that to the

18 | extent Paragraph 90 contains legal conclusions, no response is required; (b) admits

19 | that DirecTV has agreements with the NFL, and respectfully refers the Court to the

20 | original document for a full and complete description; and (c) admits that DirecTV

21 | receives the broadcast "feeds" from the Sunday afternoon (Eastern Time) games

22 | currently produced by CBS and FOX to offer Sunday Ticket to its residential and

23 | commercial subscribers.

24 | 91.     Denies the allegations in Paragraph 91 except: (a) avers that to the

25 | extent Paragraph 91 contains legal conclusions, no response is required; and (b)

26 | admits that the NFL has exclusively licensed to DirecTV the right to offer Sunday

27 | Ticket in the United States to residential and commercial subscribers.

28 |

Case No. 2:15-ml-02668-PSG-JEMx

92.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 92 except: (a) avers that to the extent Paragraph 92 contains legal conclusions, no response is required; (b) admits that the NFL has negotiated agreements with DirecTV for the rights to Sunday Ticket, and respectfully refers the Court to the original document for a full and complete description.

93.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 93 except: (a) avers that to the extent Paragraph 93 contains legal conclusions, no response is required; and (b) avers that the NFL documents speak for themselves.

94.     Denies the allegations in Paragraph 94 except: avers that to the extent Paragraph 94 contains legal conclusions, no response is required.

95.     Denies the allegations in Paragraph 95, and specifically denies that the NFL's first license to DirecTV for Sunday Ticket expired on December 11, 2002, except: (a) upon information and belief, admits that it has been publicly reported that a letter proposal was made by InDemand to former NFL Commissioner Paul Tagliabue on or around December 11, 2002, and respectfully refers the Court to the original document for a full and complete description; (b) admits that, on December 11, 2002, the NFL announced a five-year exclusive license to DirecTV.

96.     Denies the allegations in Paragraph 96 except: admits that, in October 2014, it was announced the NFL had granted an exclusive multi-year license to DirecTV for the right to distribute Sunday Ticket, and respectfully refers the Court to the original document for a full and complete description.

97.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 97 and denies them on that basis except: upon information and belief, admits that the NFL maintains a website that references Sunday Ticket, and

respectfully refers the Court to the original document for a full and complete description.

98.     Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 98 and denies them on that basis except: upon information and belief, admits that the NFL maintains a website that references Sunday Ticket, and respectfully refers the Court to the original document for a full and complete description.

### D.     The Challenged Agreements Harm Competition

99.     Denies the allegations in Paragraph 99 except: avers that to the extent Paragraph 99 contains legal conclusions, no response is required.

100.    Denies the allegations in Paragraph 100 except: (a) avers that to the extent Paragraph 100 contains legal conclusions, no response is required; and (b) avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in pertaining to the NCAA.

101.    Denies the allegations in Paragraph 101 and Footnote 6 except: (a) avers that to the extent Paragraph 101 and Footnote 6 contain legal conclusions, no response is required; and (b) avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 101 and Footnote 6 pertaining to other major sports leagues.

102.    Denies the allegations in Paragraph 102 except: (a) admits that advertised Sunday Ticket retail prices for some commercial and residential subscribers increased from 2014 to 2015, but denies such prices increased by "roughly 11.5%"; and (b) admits that the price for Sunday Ticket exceeds $120,000 per year for the largest of its commercial subscribers.

Case No. 2:15-ml-02668-PSG-JEMx

103.   Denies the allegations in Paragraph 103 except: avers that to the extent Paragraph 103 contains legal conclusions, no response is required.

104.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 104.

105.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 105 except: avers that to the extent Paragraph 105 contains legal conclusions, no response is required.

106.   Denies the allegations in Paragraph 106 except: avers that to the extent Paragraph 106 contains legal conclusions, no response is required.

107.   Denies the allegations in Paragraph 107 except: avers that to the extent Paragraph 107 contains legal conclusions, no response is required.

108.   Denies the allegations in Paragraph 108 except: (a) admits that Robert Stecklow was for a time employed in product marketing for DirecTV; and (b) admits that a newspaper article has purported to quote Rob Stecklow as making the statement in Paragraph 108.

109.   Denies the allegations in Paragraph 109 except: (a) admits that, in March of 2007, MLB was negotiating with DirecTV for a contract, and respectfully refers the Court to the original document for a full and complete description; (b) admits that exclusive carriage was one of the terms under negotiation; and (c) admits it was reported that InDemand made an offer to MLB, and respectfully refers the Court to the original document for a full and complete description.

110.   Denies the allegations in Paragraph 110 except: admits that the Complaint purports to quote a *Washington Post* article, and respectfully refers the Court to the original document for a full and complete description.

Case No. 2:15-ml-02668-PSG-JEMx

111.   Denies the allegations in Paragraph 111 except: admits that the Complaint purports to quote an *Atlantic Monthly* article, and respectfully refers the Court to the original document for a full and complete description.

112.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 112 except: admits that DirecTV sent a letter to Marlene H. Dortch at the FCC, and respectfully refers the Court to the original document for a full and complete description.

113.   Denies the allegations in Paragraph 113 except: (a) avers that to the extent Paragraph 113 contains legal conclusions, no response is required; and (b) avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations about "DirecTV's own data" contained in Paragraph 113 as it is unclear what "data" is being referenced.

**E.     DirecTV Has Participated in and Facilitates This Anticompetitive Scheme**

114.   Denies the allegations in Paragraph 114 except: avers that to the extent Paragraph 114 contains legal conclusions, no response is required.

115.   Denies the allegations in Paragraph 115 except: (a) avers that to the extent Paragraph 115 contains legal conclusions, no response is required; (b) upon information and belief, admits that NFL licenses the distribution of Sunday Ticket on a non-exclusive basis in certain countries outside of the United States; and (c) admits that DirecTV offers Sunday Ticket through an online subscription for certain United States, including customers who are unable to install DirecTV in their households and certain students enrolled in qualified educational programs.

116.   Upon information and belief, admits that the NFL issued a press release in 2014, which contains the language cited in Paragraph 116, and

respectfully refers the Court to the original document for a full and complete description.

117.   Upon information and belief, DirecTV: (a) admits that the NFL maintains a website that references Sunday Ticket, and respectfully refers the Court to the original document for a full and complete description; and (b) admits that the NFL issued a press release in 2009 announcing contract extensions for Sunday Ticket, and respectfully refers the Court to the original document for a full and complete description.

118.   Denies the allegations in Paragraph 118 except: avers that to the extent Paragraph 118 contains legal conclusions, no response is required.

### F.   There Are No Procompetitive Benefits, and Any That Might Exist Could Be Achieved through Less Restrictive Means

119.   Denies the allegations in Paragraph 119 except: avers that to the extent Paragraph 119 contains legal conclusions, no response is required.

120.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 120 and Footnote 7 except: (a) admits that NFL broadcast rights have value; and (b) admits that the Nielsen Company provided publicly available estimates of television viewership of certain programming, including NFL games, during the time period covered by the 2014 NFL regular season, and respectfully refers the Court to the original document for a full and complete description.

121.   Denies the allegations in Paragraph 121 except: avers that to the extent Paragraph 121 contains legal conclusions, no response is required.

122.   Denies the allegations in Paragraph 122 except: (a) avers that to the extent Paragraph 122 contains legal conclusions, no response is required; (b) upon information and belief, admits that it has been reported that, since 2015, the NFL has not barred local broadcasts of NFL games for which fewer than 85% of the available stadium seats had been sold by the local team in that market; and (c) avers

-24-

that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 122 pertaining to the broadcasts of Arena Football League games.

123.   Denies the allegations in Paragraph 123 except: (a) avers that to the extent Paragraph 123 contains legal conclusions, no response is required; (b) admits that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953), and respectfully refers the Court to the original document for a full and complete description; (c) admits that the Complaint purports to refer to a *Forbes* article, and respectfully refers the Court to the original document for a full and complete description.

124.   Denies the allegations in Paragraph 124 except: avers that to the extent Paragraph 124 contains legal conclusions, no response is required.

125.   Denies the allegations in Paragraph 125 except: (a) avers that to the extent Paragraph 125 contains legal conclusions, no response is required; (b) upon information and belief, admits that NFL licenses the distribution of Sunday Ticket on a non-exclusive basis in certain countries outside of the United States; (c) upon information and belief, admits that NFL offers the NFL RedZone service on a non-exclusive basis.

126.   Denies the allegations in Paragraph 126 except: avers that to the extent Paragraph 126 contains legal conclusions, no response is required.

127.   Denies the allegations in Paragraph 126 except: avers that to the extent Paragraph 126 contains legal conclusions, no response is required.

128.   Denies the allegations in Paragraph 128 except: (a) avers that to the extent Paragraph 128 contains legal conclusions, no response is required; and (b) admits that Roger Noll made statements before the United States Judiciary Committee on November 14, 2006, and respectfully refers the Court to the original document for a full and complete description.

### G. Examples from Other Leagues Confirm That Comparable Agreements Harm Competition

129.   Denies the allegations in Paragraph 129 except: avers that to the extent Paragraph 129 contains legal conclusions, no response is required.

130.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 130.

131.   Avers that to the extent Paragraph 131 contains legal conclusions, no response is required, and admits that the United States Supreme Court issued an opinion in *NCAA v. Board of Regents of Univ. of Okla.*, 468 U.S. 85 (1984) and the United States District Court for the Western District of Oklahoma issued an opinion in *Board of Regents of Univ. of Okla. v. NCAA*, 546 F. Supp. 1276 (W.D. Okla. 1982), and respectfully refers the Court to the original document for a full and complete description.

132.   Avers that to the extent Paragraph 132 and Footnote 8 contain legal conclusions, no response is required, and admits that the United States Supreme Court issued an opinion in *NCAA v. Board of Regents of Univ. of Okla.*, 468 U.S. 85 (1984), and respectfully refers the Court to the original document for a full and complete description.

133.   Denies the allegations in in Paragraph 133 except: (a) avers that to the extent Paragraph 133 contains legal conclusions, no response is required; and (b) admits that college football games have been televised on major broadcast networks, cable networks, and regional sports networks.

134.   Denies the allegations in Paragraph 134 except: avers that to the extent Paragraph 134 contains legal conclusions, no response is required.

135.   Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 135.

136.   Avers that to the extent Paragraph 136 contains legal conclusions, no response is required, and admits that the United States District Court for the Southern District of New York issued an opinion in *Madison Square Garden, L.P. v. NHL*, No. 07-8455, 2008 WL 4547518 (S.D.N.Y. Oct. 10, 2008), and respectfully refers the Court to the original document for a full and complete description.

137.   Avers that to the extent Paragraph 136 contains legal conclusions, no response is required, and admits that the United States Bankruptcy Court for the District of Arizona issued an opinion in *Coyotes Hockey LLC v. NHL*, Av. No. 09-494 (Bankr. D. Ariz. June 5, 2009), and respectfully refers the Court to the original document for a full and complete description.

138.   Avers that to the extent Paragraph 138 and Footnote 9 contain legal conclusions, no response is required, and admits that the United States District Court for the Eastern District of Illinois issued an opinion in *Chicago Prof'l Sports L.P. v. NBA*, 754 F. Supp. 1336 (E.D. Ill. 1991), which was affirmed by the United States Court of Appeals for the Seventh Circuit in an opinion at 961 F.2d 667 (7th Cir. 1992), and respectfully refers the Court to the original document for a full and complete description.

139.   Denies the allegations in Paragraph 139 except: avers that to the extent Paragraph 139 contains legal conclusions, no response is required.

### H.    Plaintiffs and The Classes Have Suffered Antitrust Injury

140.   Denies the allegations in Paragraph 140 except: avers that to the extent Paragraph 140 contains legal conclusions, no response is required.

141.   Denies the allegations in Paragraph 141 except: avers that to the extent Paragraph 141 contains legal conclusions, no response is required.

142.   Denies the allegations in Paragraph 142 except: avers that to the extent Paragraph 142 contains legal conclusions, no response is required.

143. Denies the allegations in Paragraph 143 except: avers that to the extent Paragraph 143 contains legal conclusions, no response is required.

144. Denies the allegations in Paragraph 144 except: avers that to the extent Paragraph 144 contains legal conclusions, no response is required.

145. Avers that to the extent Paragraph 145 contains legal conclusions, no response is required, and admits that the United States District Court for the Southern District of New York issued an opinion in *Laumann v. NHL*, 56 F. Supp. 3d 280 (S.D.N.Y. 2014), and respectfully refers the Court to the original document for a full and complete description.

146. Avers that to the extent Paragraph 146 contains legal conclusions, no response is required, and admits that Roger Noll filed a declaration in *Laumann v. NHL*, Nos. 12-cv-1817 (SAS), 12-cv-3704 (SAS) (S.D.N.Y.), and respectfully refers the Court to the original document for a full and complete description.

**I.      The Sports Broadcasting Act Does Not Shield Defendants' Anticompetitive Acts**

147. Avers that to the extent Paragraph 147 contains legal conclusions, no response is required, and admits that Congress enacted the Sports Broadcasting Act of 1961 ("SBA"), and respectfully refers the Court to the original document for a full and complete description.

148. Avers that to the extent Paragraph 148 contains legal conclusions, no response is required, and admits that Congress enacted the SBA, and respectfully refers the Court to the original document for a full and complete description.

149. Avers that DirecTV is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in in Paragraph 149 except: (a) avers that to the extent Paragraph 149 contains legal conclusions, no response is required; and (b) admits that Congress enacted the SBA, and respectfully refers the Court to the original document for a full and complete description.

1    150.   Denies the allegations in Paragraph 150 except: avers that to the extent

2    Paragraph 150 contains legal conclusions, no response is required.

3    151.   Avers that to the extent Paragraph 151 contains legal conclusions, no

4    response is required, and admits that the Eastern District of Pennsylvania issued an

5    opinion in *Shaw v. Dallas Cowboys Football Club, Ltd.*, No. Civ. A. 97-5184, 1998

6    WL 419765 (E.D. Pa. June 23, 1998), which was affirmed by the United States

7    Court of Appeals for the Third Circuit in 172 F.3d 299 (3d Cir. 1999), and

8    respectfully refers the Court to the original document for a full and complete

9    description.

10    152.   Avers that DirecTV is without knowledge or information sufficient to

11    form a belief as to the truth of the allegations and therefore denies the allegations in

12    in Paragraph 152 except: avers that to the extent Paragraph 152 contains legal

13    conclusions, no response is required.

14    153.   Avers that to the extent Paragraph 153 contains legal conclusions, no

15    response is required, and admits that the Eastern District of Pennsylvania issued an

16    opinion in *Shaw v. Dallas Cowboys Football Club, Ltd.*, No. Civ. A. 97-5184, 1998

17    WL 419765 (E.D. Pa. June 23, 1998), and respectfully refers the Court to the

18    original document for a full and complete description.

19    154.   Avers that to the extent Paragraph 154 contains legal conclusions, no

20    response is required, and admits that the United States District Court for the

21    Southern District of New York issued an opinion in *Laumann v. NHL*, 907 F. Supp.

22    2d 465 (S.D.N.Y. 2012), and respectfully refers the Court to the original document

23    for a full and complete description.

## CLAIMS FOR RELIEF

## COUNT ONE

### Violation of Section 1 of the Sherman Act

27    155.   DirecTV incorporates and restates the responses in the preceding

28    paragraphs of their Answer to the Complaint.

-29-

156.  Denies the allegations in Paragraph 156 except: avers that to the extent Paragraph 156 contains legal conclusions, no response is required.

157.  Denies the allegations in Paragraph 157 except: avers that to the extent Paragraph 157 contains legal conclusions, no response is required.

158.  Denies the allegations in Paragraph 158 except: avers that to the extent Paragraph 158 contains legal conclusions, no response is required.

## COUNT TWO

## Violation of Section 2 of the Sherman Act

159.  DirecTV incorporates and restates the responses in the preceding paragraphs of their Answer to the Complaint.

160.  Denies the allegations in Paragraph 160 except: avers that to the extent Paragraph 160 contains legal conclusions, no response is required.

161.  Denies the allegations in Paragraph 161 except: avers that to the extent Paragraph 161 contains legal conclusions, no response is required.

162.  Denies the allegations in Paragraph 162 except: avers that to the extent Paragraph 162 contains legal conclusions, no response is required.

163.  Denies the allegations in Paragraph 163 except: avers that to the extent Paragraph 163 contains legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs have agreed to resolve their claims against DirecTV through individual arbitration and have waived their rights to participate in a class action. By answering the Complaint and asserting affirmative defenses, DirecTV does not waive and expressly reserves its position that Plaintiffs' claims against DirecTV are subject to mandatory arbitration.

## SECOND DEFENSE

The Complaint and the relief sought therein are barred or may be subject to other determinations to the extent that any aspect of the case is directed to

-30-

1  arbitration.

2  **THIRD DEFENSE**

3  The Complaint does not state a claim for relief against DirecTV.

4  **FOURTH DEFENSE**

5  The Complaint and the relief sought therein are barred, in whole or in part,

6  because Plaintiffs have failed to mitigate damages, if any, allegedly suffered as a

7  result of the alleged conduct.

8  **FIFTH DEFENSE**

9  The Complaint and the relief sought therein are barred, in whole or in part, to

10  the extent that Plaintiffs were not injured by, or have been enriched by, the alleged

11  conduct.

12  **SIXTH DEFENSE**

13  The Complaint and the relief sought therein are barred, in whole or in part,

14  by the applicable statute of limitations.

15  **SEVENTH DEFENSE**

16  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged

17  damages, if any, are too speculative or remote, and because of the impossibility of

18  the proof and allocation of these alleged damages.

19  **EIGHTH DEFENSE**

20  Plaintiffs are not entitled to any equitable relief because: (a) class-wide

21  injunctive relief is barred by the arbitration agreements that govern plaintiffs'

22  claims; (2) plaintiffs have failed to adequately allege class-wide injunctive relief;

23  and (3) even assuming that Plaintiffs were able to prove one or more of their

24  alleged claims for relief, Plaintiffs have an adequate remedy at law.

25  **NINTH DEFENSE**

26  The Complaint and the relief sought therein are barred, in whole or in part,

27  because the practices challenged in the Complaint are reasonable and lawful

28  because they are ancillary to the legitimate structure and purpose of the National

1 | Football League.

2 | ### TENTH DEFENSE

3 | The Complaint and the relief sought therein are barred, in whole or in part,

4 | because NFL Defendants acted lawfully and reasonably to advance, enhance, and

5 | increase the production and distribution of National Football League game

6 | broadcasts and to ensure the ability to compete effectively with other sports and

7 | entertainment alternatives.

8 | ### ELEVENTH DEFENSE

9 | The Complaint fails to state a claim for relief under the doctrine established

10 | by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S.

11 | 1 (2006). Specifically, the conduct alleged constitutes decisions made regarding the

12 | core activities of a legitimate joint venture that are not unlawful restraints of trade

13 | under the antitrust laws. As Justice Kavanaugh stated, the "NFL and its member

14 | teams operate as a joint venture," and "antitrust law likely does not require that the

15 | NFL and its member teams compete against each other with respect to television

16 | rights." *Nat'l Football League v. Ninth Inning, Inc.*, 141 S. Ct. 56, 57 (2020).

17 | ### TWELFTH DEFENSE

18 | The Complaint and the relief sought therein are barred to the extent that any

19 | of the claims or relief sought violates or conflicts with the provisions of the Sports

20 | Broadcasting Act, 15 U.S.C. § 1291, the Cable Communications Policy Act of

21 | 1984, the Cable Television Consumer Protection and Competition Act of 1992, the

22 | Telecommunications Act of 1996, and/or any regulations promulgated pursuant to

23 | any of the foregoing.

24 | ### THIRTEENTH DEFENSE

25 | The Complaint and the relief sought therein are barred, in whole or in part,

26 | because Plaintiffs lack standing to bring these claims.

27 | ### FOURTEENTH DEFENSE

28 | The Complaint and the relief sought therein are barred, in whole or in part, to

-32-

Case No. 2:15-ml-02668-PSG-JEMx

the extent that any of the agreements, practices, or conduct at issue is required or has been approved by any order, award, directive or similar action of any court, arbitral body, or government agency.

### FIFTEENTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, to the extent that any of the relief sought conflicts or is inconsistent with the contractual or other rights of any non-parties.

### SIXTEENTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, because any and all injuries and damages alleged in the Complaint—the existence and extent of which DirecTV expressly denies—were caused by the independent conduct of one or more persons or entities over whom the DirecTV had and has no control and for whose actions or omissions DirecTV is not responsible, through forces in the marketplace over which DirecTV has no control, or through acts or omissions on the part of one or more of the Plaintiffs.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitation.

### TWENTY-FIRST DEFENSE

To the extent that Plaintiffs are seeking damages for both direct and indirect

purchases or effects, these claims should be barred as seeking duplicative recovery.

**TWENTY-SECOND DEFENSE**

The Complaint and the relief sought therein are barred, in whole or in part, to the extent that Plaintiffs are seeking to recover claims for indirect injuries.

**TWENTY-THIRD DEFENSE**

Plaintiffs lack antitrust standing because they have suffered no antitrust injury.

**TWENTY-FOURTH DEFENSE**

Plaintiff have not adequately alleged and cannot establish a relevant market limited to the activities described in the Complaint, and DirecTV's conduct did not, and is not likely to, injure competition in any relevant market.

**TWENTY-FIFTH DEFENSE**

The conduct alleged by DirecTV is pro-competitive and lawful.

**TWENTY-SIXTH DEFENSE**

The Complaint and the relief sought therein are barred because Plaintiffs cannot satisfy the prerequisites of Federal Rule of Civil Procedure 23 to maintain this action as a class action.

**TWENTY-SEVENTH DEFENSE**

Any recovery under the Complaint must be offset by any amounts Plaintiffs owe to DirecTV or by which they were unjustly enriched.

**TWENTY-EIGHTH DEFENSE**

DirecTV specifically reserves all separate or affirmative defenses that it may have against each putative class member. It is not necessary at this time for DirecTV to delineate such defenses against the putative class members because no class has been certified and putative class members are not parties to the litigation.

**JURY TRIAL DEMANDED**

DirecTV hereby demands a trial by jury on all issues so triable

-34-

1

2    Dated: March 1, 2021                        Respectfully Submitted
                                                 By: s/ Daniel M. Petrocelli
3                                                        Daniel M. Petrocelli

4

5                                                Counsel for Defendants DirecTV, LLC
                                                 and DirecTV Holdings LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-35-