# EXHIBIT 3 TO DECLARATION OF EDWARD DELMAN

SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

EDWARD DELMAN
DIRECT DIAL (212) 729-2052

E-MAIL EDelman@susmangodfrey.com

November 8, 2021

VIA E-MAIL

Jeremy Barber
Wilkinson Stekloff LLP
130 W 42nd Street, 24th Floor
New York, NY 10036

Re:   *In re National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Jeremy:

Plaintiffs write regarding the NFL Defendants' improper partial redaction of contracts with CBS, ESPN, FOX, and NBC. Plaintiffs provide this letter pursuant to Local Rule 37-1 and request a meet and confer to discuss these redactions. Plaintiffs propose conducting the meet and confer at 3:00pm ET on November 11, 2021. If that date and time does not work, please propose an alternative within the timeframe provided in Local Rule 37-1.

**NFL Defendants Have Improperly Redacted Portions of Network Contracts**

In response to Plaintiffs' discovery requests, the NFL Defendants have produced copies of its various contracts with CBS, ESPN, FOX, and NBC for the licensing and telecasting of live NFL football games (the "Network Contracts"). A non-exhaustive list of the documents at issue includes NFL_0000001; NFL_0000133; NFL_0377291; NFL_0419932; NFL_0458529; NFL_0458574; NFL_ 0458617; and NFL_0458699. Each of these contracts includes significant redactions. As an illustrative example, the NFL-CBS contract found at NFL_458529 contains redactions regarding, *inter alia*, alternate telecasts, mobile phones and tablets, and NFL streaming. Moreover, there are entire pages that are fully redacted.

November 8, 2021
Page 2

The NFL Defendants have no legal basis for redacting any portion of these critical documents, and the NFL Defendants should produce unredacted copies of these contracts immediately.[1] As an initial matter, insofar as the NFL Defendants have redacted the Network Contracts in reliance on a stipulation dating from 2016, *see* Dkt. 205, that stipulation offers no support for the NFL Defendants' redactions. The stipulation that the parties, CBS, and FOX agreed to in November 2016 was specifically designed "for providing limited discovery to Plaintiffs during the pendency of the NFL Defendants' Motion to Dismiss and DIRECTV's Motion to Compel Arbitration and Stay Proceedings." *See id*. As the NFL Defendants are aware, that motion to dismiss ultimately failed, and there is nothing limited about the discovery process in which the parties are currently engaged. The parties' 2016 stipulation simply has no continuing relevance at this stage of the litigation.

Concerns about confidentiality and relevance are likewise an inadequate excuse for the NFL Defendants' conduct. As to confidentiality, the parties have stipulated to, and the Court has entered, a protective order that will ensure that any sensitive information contained in the Network Contracts is appropriately safeguarded. *See MetroPCS v. A2Z Connection, LLC*, 2020 WL 127550, at *2 (D. Nev. Jan. 10, 2020) (ordering that unredacted documents be produced because, "[t]o the extent the concern is privacy or confidentiality, a protective order will alleviate that concern"); *Reynolds v. Liberty Mut. Ins. Co.*, 2017 WL 6415360, at *2 n.2 (D. Ariz. May 23, 2017) (finding that "in light of the Protective Order issued in this case, Defendant may not redact discoverable material on the basis of confidentiality"); *Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *4 (S.D. Cal. July 3, 2014) (ordering Defendant to remove all non-privilege-related redactions in part because "there is a protective order in this case governing the exchange of confidential information").

Appeals to the alleged irrelevancy of the redacted information also fall flat. Redactions for non-responsiveness are not permitted. *See, e.g., Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) ("[The defendant] may not redact otherwise responsive documents because those documents contain irrelevant material."); *Perez v. Wells Fargo Bank, N.A.*, 2019 WL 289831, at *1 (N.D. Cal. Jan. 8, 2019) ("The delay and distrust caused by Defendant's decision to redact this recent batch of documents are the precise reasons why relevancy redactions are ill advised."); *Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010) ("[A] party should not take it upon him, her or itself to decide unilaterally what context is necessary

---

[1] Notably, while the NFL Defendants made significant redactions to the Network Contracts, they made no such redactions to the NFL's contract with Amazon for Thursday Night Football. This inconsistency makes clear that the NFL Defendants' redactions are based not on any legal grounds, but instead are merely favors done by the NFL Defendants for their broadcast partners.

November 8, 2021
Page 3

for the non-redacted part disclosed, and what might be useless to the case. It should not come as a shock to those involved in litigation, that parties may see the outcome differently.").

      Moreover, even if redactions for irrelevancy were permissible, there is no part of the Network Contracts that is irrelevant. As alleged in Plaintiffs' consolidated amended complaint, the Network Contracts are a key component of the interlocking agreements that make up the restraints at issue in this action. *See, e.g.*, Dkt. 163 at ¶ 10 (citing the Network Contracts as one of the reasons for the "blackout or unavailability of out-of-market games"). Even seemingly unimportant portions of the Network Contracts may provide evidence relevant to Plaintiffs' antitrust claims, including evidence rebutting alleged procompetitive justifications or showing less restrictive alternatives. Therefore, the NFL Defendants should produce the Network Contracts in their entirety. If the NFL Defendants fail to so produce, Plaintiffs will move to compel.

Sincerely,

*/s/ Edward Delman*

Edward Delman

Cc: All NFL Defendants' counsel