# EXHIBIT 12

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

**DECLARATION OF ROBERT BURKE MAGNUS III**

I, Robert Burke Magnus III, declare as follows:

1. I am the President of Programming and Original Content at ESPN, Inc. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

2. I understand that the Plaintiffs in the above-captioned matter are seeking to compel the NFL Defendants to produce in discovery an unredacted copy of the March 18, 2021 license agreement between ESPN, Inc. and American Broadcasting Companies, Inc. (collectively "ESPN/ABC") on the one hand, and the NFL Defendants on the other hand, identified as NFL_0458617. I have reviewed this document and the minimal redactions therein, and hereby provide this declaration to confirm that the challenged redactions conceal highly confidential and competitively sensitive business information belonging to ESPN/ABC.

3. In general, the terms of these license agreements with major league sports organizations are heavily negotiated and strictly confidential. These agreements contain non-public terms—both financial and non-financial—the secrecy of which is important to ESPN/ABC's business. ESPN/ABC's ability to negotiate favorable terms with their current and potential business partners depends, at least in part, on ESPN/ABC's ability to maintain the secrecy of key terms of its agreements. The disclosure of such information would undermine ESPN/ABC's bargaining position in future negotiations with other current and potential business partners, which could use knowledge of ESPN/ABC's terms as leverage to extract less favorable terms from ESPN/ABC than ESPN/ABC would otherwise be able to negotiate.

4. These general principles apply fully to the specific redactions at issue in Plaintiffs' motion, which are minimal in comparison to what courts have previously protected in other cases with similar media agreements. Here, the redactions pertain to ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

|   |   |
|---|---|
| 1 | ▮▮▮▮▮▮ These are precisely the kinds of non-financial terms that ESPN/ABC insists on |
| 2 | keeping confidential, for all the reasons outlined above. |
| 3 | 5. Indeed, to ensure the secrecy of these kinds of license agreements, ESPN/ABC |
| 4 | stores executed copies in a locked storage library in the legal department, and stores digital files |
| 5 | on a website accessible only to legal personnel with valid usernames and passwords. |
| 6 | 6. Keeping these terms redacted is consistent with how courts have previously |
| 7 | handled similar redactions of ESPN's confidential network licensing agreements, including on |
| 8 | numerous occasions in *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 4:14-md- |
| 9 | 02541-CW (N.D. Cal.). In fact, in one prior case, *O'Bannon v. NCAA*, No. 09-CV-3329-CW |
| 10 | (N.D. Cal.), my understanding is that trial attorneys attempted to introduce unredacted versions of |
| 11 | confidential network agreements, illustrating why a protective order alone does not shield a third- |
| 12 | party—including specifically networks—from the risks of disclosure. In light of the foregoing, |
| 13 | ESPN/ABC respectfully requests that the Court protect the information redacted in NFL_0458617, |
| 14 | and deny the Plaintiffs' motion to compel as to those redactions. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of December, 2021, at Bristol, Connecticut.

_____
Robert Burke Magnus III