Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin
smartin@hausfeld.com
Irving Scher
ischer@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer
hlanger@langergrogan.com
Edward Diver
ndiver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
**LANGER GROGAN &
DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel Listed on Signature Page]

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

In conformity with Articles 1 and 3 of the Hague Convention of 18 March 1970 on the taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), the United States District Court for the Central District of California has the honor to submit the following request to Senior Master, Foreign Process Section, Royal Courts of Justice, for international judicial assistance in obtaining evidence from DAZN Media Services Ltd. ("DAZN") to be used in civil proceedings now before this Court in the above-captioned matter ("U.S. Action" or "Action"). The evidence is sought by the Plaintiffs in the Action. This Court has determined that it would further the interests of justice if DAZN produced the requested documents and other information which are relevant to the issues in this proceeding.

## 1.   **SENDER**

Honorable John E. McDermott
United States Magistrate Judge
United States District Court for the Central District of California
Roybal Federal Building and United States Courthouse
255 E. Temple Street
Los Angeles, California 90012
United States of America

## 2.   **CENTRAL AUTHORITY OF THE REQUESTED STATE**

The Senior Master
For the attention of the Foreign Process Section
Room E16
Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom

PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED

Scott Martin
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

**3.      NAMES AND ADDRESSES OF THE PARTIES**

**AND THEIR REPRESENTATIVES (ARTICLE 3(b))**

Plaintiffs are current or former commercial and residential DIRECTV subscribers who also purchased the "NFL Sunday Ticket" sports package.  The law firms of Susman Godfrey LLP, Hausfeld LLP, and Langer Grogan and Diver PC serve as Interim Class Counsel to Plaintiffs:

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Arun Subramanian
William Christopher Carmody
Seth Ard
Edward Delman
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd FL.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
asubramanian@susmangodfrey.com
bcarmody@susmangodfrey.com
sard@susmangodfrey.com

Michael D. Hausfeld
HAUSFELD LLP
1700 K. Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeld.com

Scott Martin
Irving Scher
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1195
Fax: (212) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com

Michael P. Lehmann (SBN77152)
Bonny E. Sweeny (SBN 176174)

| | |
|---|---|
| edelman@susmangodfrey.com | Christopher L. Lebsock (SBN 184546) |
| | HAUSFELD LLP |
| Howard Langer | 600 Montgomery St., Suite 3200 |
| Edward Diver | San Francisco, CA 94111 |
| Peter Leckman | Tel: (415) 633-1908 |
| Kevin Trainer | Fax: (415) 358-4980 |
| LANGER GROGAN AND DIVER PC | mlehmann@hausfeld.com |
| 1717 Arch Street, Suite 4130 | bsweeney@hausfeld.com |
| Philadelphia, PA 19103 | clebsock@hausfled.com |
| Tel: (215) 320-5660 | |
| Fax: (215) 320-5703 | |
| hlanger@langergrogan.com | |
| diver@langergrogan.com | |
| pleckman@langergrogan.com | |
| ktrainer@langergrogan.com | |

Ian M. Gore
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
igore@susmangodfrey.com

Defendants in this class action are: the National Football League (the "NFL"), the 32 member clubs of the NFL (together, the "NFL Defendants"), DIRECTV Holdings LLC, DIRECTV, LLC (together, "DIRECTV") (collectively, "Defendants"). Defendants are represented by:

| | |
|---|---|
| Beth A. Wilkinson | Daniel M. Petrocelli |
| Brian L. Stekloff | M. Randall Oppenheimer |
| Rakesh N. Kilaru | O'MELVENY & MYERS LLP |
| Jeremy S. Barber | 1999 Avenue of the Stars, 8th Floor |
| WILKINSON STEKLOFF LLP | Los Angeles, CA 90067 |
| 2001 M Street NW, 10th Floor | Telephone (310) 553-6700 |
| Washington, DC 20036 | Facsimile: (310) 246-6779 |
| Telephone: (202) 847-4000 | dpetrocelli@omm.com |
| Facsimile: (202) 847-4005 | roppenheimer@omm.com |
| bwilkinson@wilkinsonstekloff.com | |
| bstekloff@wilkinsonstekloff.com | Ian Simmons |

4

rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy
Derek Ludwin
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National
Football League, NFL Enterprises LLC
and the Individual NFL Clubs*

Katrina Robson
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 326-2128
Facsimile: (202) 383-5414
isimmons@omm.com
krobson@omm.com

*Counsel for Defendants DIRECTV, LLC
and DIRECTV Holdings LLC*

4. <u>**NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (ARTICLE 3(c))**</u>

The U.S. Action is a class action antitrust lawsuit. Plaintiffs are current or former commercial and residential DirecTV subscribers who also purchased the "NFL Sunday Ticket" sports package. The NFL Sunday Ticket sports package permits television viewers to watch live broadcasts of certain out-of-market NFL games that are otherwise unavailable in the viewer's local market. Plaintiffs challenge agreements among and between the NFL,

its Clubs, and DirecTV that, Plaintiffs allege, unlawfully restrain competition in violation of the Sherman Act. Plaintiffs further allege that the NFL unlawfully monopolizes the market for live video presentation of professional football games.

Plaintiffs challenge the following agreements: (1) an agreement between the NFL and its 32 member clubs to pool their telecasting rights together and assign negotiating authority for those rights to the NFL on behalf of its clubs; and (2) an exclusive licensing agreement between the NFL and DirecTV for the broadcasting of certain live, out-of-market NFL games through the NFL Sunday Ticket sports package. Plaintiffs allege that these agreements operate in an interdependent and interlocking manner.

Plaintiffs allege that, as a result of these agreements, the only way consumers in the United States can watch full game broadcasts of live, regular season, Sunday afternoon NFL games that are not broadcast in their local market is by subscribing to DirecTV and purchasing the NFL Sunday Ticket sports package. Plaintiffs allege that these agreements reduce output and have the effect of charging DirecTV subscribers supracompetitive prices.

Defendants assert that Plaintiffs' allegations lack merit. The Defendants allege that the agreements that Plaintiffs have challenged increase output of professional football, including by ensuring that every NFL Sunday afternoon game is broadcast on free, over-the-air television, that every consumer has access to multiple free broadcasts every Sunday, and that those broadcasts are all high quality. Defendants also assert that coordination among the members of integrated joint ventures such as the NFL has undeniable

procompetitive effects and that without such cooperation, the joint venture's product could not be created or improved, licensed or distributed, or made more responsive to consumer demand.

The litigation is ongoing. The parties are currently engaged in the fact discovery phase of the proceedings.

### 5.   EVIDENCE TO BE OBTAINED AND PURPOSE (ARTICLE 3(d))

a.   Evidence to be Obtained

This Court requests that the High Court compel production of documents from the following corporate entity:

> **DAZN Media Services**
> Hanover House, Plane Tree Crescent
> FELTHAM
> TW13 7BZ
> The United Kingdom

Specifically, the Court requests that DAZN produce the documents and things set out in Schedule A to this request. The evidence is intended for use at trial. The Court understands that the powers of the High Court to assist this Court's efforts to obtain evidence in the United Kingdom are listed in Part 34 of The Civil Procedure Rules. It is also familiar with the United Kingdom's Declarations and Reservations regarding the Hague Convention.

b.   Purpose of the Evidence Sought

Plaintiffs have requested the production of a discrete set of documents, including

1   DAZN's reports, analyses, or studies concerning the distribution of televised broadcasts

2   of NFL football games; DAZN's reports, analyses, or studies of the actual, estimated, or

3   projected impact on television viewership or revenues caused by NFL Sunday Ticket;

4   DAZN's viewership data for NFL football in Canada; DAZN's reports, analyses, or

5   studies concerning the potential or actual comparative impact of the NFL licensing the

6   rights to telecast out-of-market Sunday afternoon NFL football games on an exclusive or

7   non-exclusive basis; and DAZN's valuation of the NFL Sunday Ticket sports package.

8          The requested documents are relevant to the claims and defenses in this action,

9   especially because Plaintiffs' allegations specifically reference broadcasts of NFL games

10  in Canada. Discovery produced in the case shows that DAZN submitted a bid for NFL

11  Sunday Ticket, but counsel for a US-based subsidiary of DAZN has represented to

12  Plaintiffs that substantively all documents relating to NFL football are within the

13  possession, custody, and control of DAZN in the United Kingdom. Therefore, DAZN's

14  documents are beyond the subpoena power of this Court. Because the information that

15  DAZN possesses is relevant to the parties' claims and defenses, it will further the

16  interests of justice that they are produced.

17       **6.    SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO
                  GIVE EVIDENCE UNDER THE LAW OF THE UNITED**
18                **STATES (ARTICLE 11(B))**

19         Under the laws of the United States, a party has a privilege to refuse to give evidence

20  if the evidence discloses a confidential communication between that party and an attorney

21  for that party that was made for the purpose of obtaining legal advice.  Parties also enjoy

22                                              8

limited privileges on other grounds presumably not relevant here, such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.  United States law also recognizes a privilege against self-incrimination. Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation.

## 7.   **FEES AND COSTS (ARTICLES 14 AND 26)**

The reasonable fees and costs incurred by DAZN which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Plaintiffs.  Plaintiffs' payment of any such fees and costs is without prejudice to them making a subsequent request to be reimbursed for these costs by other parties in the litigation.

## 8.   **SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:**

The Court's January 12, 2021, Scheduling Order requires all fact discovery to be completed by March 22, 2022, including the non-party subpoena that is the subject of this Letter of Request. The Requesting Authority requests that the requested documents be produced at least forty-five (45) days prior to the Court's deadline to complete fact discovery.

## 9.   **DOCUMENTS**

The following documents are attached to this letter of request:

1.   Plaintiffs' Consolidated Amended Complaint, with exhibits, filed June 24, 2016 [Exhibit 1].

2.   NFL Defendants' Answer and Affirmative Defenses, filed December 23, 2020 [Exhibit 2].

3.   DirecTV's Answer and Affirmative Defenses, filed March 1, 2021 [Exhibit 3].

4.   October 4, 2016 Stipulated Protective Order [Exhibit 4].

5.   October 10, 2016 ESI Order [Exhibit 5].

6.   January 12, 2021 Scheduling Order [Exhibit 6].

Dated:   December 14  , 2021
Los Angeles, California, USA

John E. McDermott
United States Magistrate Judge

**Kiry K. Gray, Clerk of Court**

by:

Sha'Ron Lorenzo, Deputy Clerk

SEAL OF THE COURT

1    **SCHEDULE A**

2    **DEFINITIONS**

3       The words and phrases used in these requests shall have the meaning ascribed to

4    them under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. In

5    addition, the following terms shall have the meanings set forth below whenever used in

6    any Request for Production of Documents.

7       1.    The terms "and" and "or" shall be construed either conjunctively or

8    disjunctively to bring within the scope of the requests documents which might otherwise

9    be construed to be outside the scope so as to give the broadest possible meaning and scope

10   to a particular request in which either or both is used. The singular includes the plural

11   number and vice versa. The masculine includes the feminine and neuter genders. The past

12   tense includes the present tense where the clear meaning is not distorted by change of tense.

13      2.    "Club" means any football club or team that is a member of the National

14   Football League, and includes the following NFL member clubs:

15      Arizona Cardinals, Inc., Atlanta Falcons Football Club LLC, Baltimore Ravens

16   Limited Partnership, Buffalo Bills, Inc., Panthers Football LLC, Chicago Bears Football

17   Club, Inc., Cincinnati Bengals, Inc., Cleveland Browns LLC, Dallas Cowboys Football

18   Club, Ltd., Denver Broncos Football Club, Detroit Lions, Inc., Green Bay Packers, Inc.,

19   Houston NFL Holdings LP, Indianapolis Colts, Inc., Jacksonville Jaguars Ltd., Kansas

20   City Chiefs Football Club, Inc., Miami Dolphins, Ltd., Minnesota Vikings Football Club

21   LLC, New England Patriots, LP, New Orleans Louisiana Saints LLC, New York Football

22                                            1

Giants, Inc., New York Jets Football Club, Inc., Oakland Raiders LP, Philadelphia Eagles

Football Club, Inc., Pittsburgh Steelers Sports, Inc., Chargers Football Co., San Francisco

Forty Niners Ltd., Football Northwest LLC, The Los Angeles Rams LLC, Buccaneers

Limited Partnership, Tennessee Football, Inc., and Washington Football Inc.

3.    "Communication" means, without limitation, the imparting or exchange of

information, thoughts, or opinions by any means including orally, in writing, by signs,

signals, or code, including oral, written or electronic communications, including electronic

communications, emails, facsimiles, telephone communications, correspondence, or other

exchange of written or recorded information. The phrase "communication between" is

defined to include instances where one party addresses the other party, but the other party

does not respond.

4.    "Concerning" means, without limitation, the following concepts: constituting,

discussing, describing, reflecting, dealing with, pertaining to, relating, referring to,

regarding, with respect to, or otherwise involving, in whole or in part, directly or indirectly.

Documents are considered relating to the subject matter whether they are viewed alone or

in combination with other documents.

5.    "Demographics" means, without limitation, the age, education level,

ethnicity, income level, nationality, and sex of the persons or persons in question.

6.    "Document" means any writing or other thing as described in Rule 34 of the

Federal Rules of Civil Procedure and any writing as defined in Rule 1001 of the Federal

Rules of Evidence and includes the original, any duplicates, all non-identical copies of all

2

written, printed, recorded, or electronically stored information, including, but not limited to, letters, correspondence, memoranda, drafts, legal pleadings, calendars, diaries, day planners, journals, travel records, lists, outlines, summaries, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, databases, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, telephone call records, voicemail, telegrams, facsimiles, photographs, videotapes, audiotapes, digital audio, or other recordings, presentations, slideshows, PowerPoints, emails, email attachments, text messages, instant messages, internal or external web sites, social networking data and messages, compact discs, computer files and disks, sales, agreements, minutes or other records of meetings, transcripts, and all written or graphic records of any kind.

7.    "Including" means "including, but not limited to," or "including without limitation."

8.    "NFL" or "League" means the National Football League, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, any organization or entity that the NFL manages or controls, including those merged with or acquired by the NFL, and the member Clubs of the NFL, together with all present and former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on their behalf.

3

9.    "NFL Sunday Ticket" means the subscription package of NFL games, that allows residential and commercial subscribers to watch televised broadcast of Sunday afternoon regular season NFL games.

10.    "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state, or any foreign country.

11.    "Television," "televised" or "telecasts" includes any form or means of making broadcasts available to be viewed via television or other video platforms, including sponsored broadcasts, through cable, satellite or a multichannel video programming distributor, and through online platforms, and includes over-the-air broadcasts and streaming over the internet.

12.    "You," "your" or "your company," unless otherwise noted, means DAZN Media Services Ltd. ("DAZN"), its predecessors, wholly-owned or controlled subsidiaries or affiliates (including Twitch), successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity that it manages or controls, including those merged with or acquired by DAZN, together with all present and former directors, officers, employees, agents, attorneys, representative, or any persons acting or purporting to act on its behalf.

## INSTRUCTIONS

1.     In the event you are able to produce only some of the documents called for in a particular request, produce all the documents you are able to produce and state the reasons for your inability to produce the remainder.

2.     If you object to a portion of a request, produce all documents called for by that portion of the request to which you do not object.

3.     These requests call for the production of documents within your possession, custody, or control, including, without limitation, any document available to you upon request from your parents, affiliates, subsidiaries, employees, directors, officers, or agents.

4.     Documents should be produced electronically or in paper format as they are kept in the usual course of business. Alternatively, you may produce documents organized and labeled to correspond to the enumerated requests below.

5.     Electronically-stored documents or information should be produced in such a manner as to maintain the integrity of any metadata associated with the documents.

6.     If any part of a document is responsive to any request, produce the entire document, including any attachments or exhibits.

7.     If you object to only a part of a request in your response to that request, identify with particularity any document and the portion of the request to which you object and set forth clearly the extent of and the specific ground for the objection.

8.     Each request shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

9.     A protective order has been entered in this case that covers the production of documents by third parties. A copy of the protective order is attached as Schedule B.

10.     All electronically-stored information should be produced in accordance with Stipulated Order Regarding Discovery of Electronically Stored Information and Other Documents ("ESI Order"). A copy of the ESI Order is attached as Exhibit 5.

## **DOCUMENTS TO BE PRODUCED**

1.     Valuations of NFL Sunday Ticket, including valuations of NFL Sunday Ticket in Canada and NFL Sunday Ticket in the United States.

2.     Documents, reports, and studies prepared in the process of bidding for NFL Sunday Ticket in the United States and Canada, and communications exchanged about the value of NFL Sunday Ticket.

3.     Documents sufficient to show the number of NFL fans/viewers in Canada, the locations (broken down by city) of those fans/viewers, and the preferred Clubs of those fans/viewers.

4.     Valuations of licensing rights for NFL football in Japan, Germany, Austria, and Switzerland.

5.     Valuations of any other NFL football product (i.e., Thursday Night Football, Sunday Night Football, etc.).

6.     Documents sufficient to show the revenue and cost of distributing live NFL football games via DAZN.

6

1       7.      Documents, including communications exchanged and complaints received,

2   regarding NFL Sunday Ticket in Canada.

3       8.      Documents, including communications, sufficient to show the profitability

4   of NFL Sunday Ticket in Canada when it was offered on an exclusive basis and when it

5   was offered on a non-exclusive basis.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22                                      7