# EXHIBIT 4

Walter Brown – State Bar No. 130248
wbrown@paulweiss.com
PAUL WEISS RIFKIND
    WHARTON & GARRISON LLP
943 Steiner St.
San Francisco, California  94117
Tel.:  (628) 432-5111
Fax: (202) 204-7379

*Attorneys for Non-Party*
*Charter Communications, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE "SUNDAY TICKET" ANTITRUST LITIGATION | 2:15-ml-02668-PSG-JEMx<br><br>**NON-PARTY CHARTER COMMUNICATIONS, INC. RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), non-party Charter Communications, Inc. ("Charter"), by and through its undersigned counsel, hereby sets forth its objections and responses to the Subpoena *Duces Tecum* (the "Subpoena") propounded by Raymond K. Wright on behalf of Plaintiffs in the above captioned matter on Charter as follows:

## <u>GENERAL OBJECTIONS</u>

The following General Objections are incorporated into each Specific Objection as if fully set forth therein:

1.      Charter objects to the Subpoena, including the "Definitions" and "Instructions" therein, to the extent that they are contrary to, or purport to impose obligations on and to require procedures of it beyond those required by, the FRCP, including FRCP 45, the local rules of this Court, or any other applicable rules or orders.

2.      Charter objects to the Subpoena to the extent that it is overly broad, unduly burdensome, oppressive, and does not reflect reasonable steps to avoid imposing undue burden or expense on a non-party.  The Subpoena includes 28 independent and broad requests that are not limited to a specific time period. Moreover, Plaintiffs have indicated that they require production of electronically stored information, which would require Charter to incur the significant expense of collecting and reviewing electronic data.  To the extent Charter agrees to conduct any such search, Charter requests reimbursement of its expected costs, including attorney's fees (or agreement from Plaintiffs that it will reimburse all such expenses) prior to incurring any such expenses.  Charter further reserves the right to apply for costs for itself and its counsel in responding to and/or complying with the Subpoena.

3.      Charter objects to the Subpoena to the extent that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.

4.      Charter objects to the Subpoena to the extent that it is vague, ambiguous, and/or does not specify the information sought with sufficient particularity, thereby requiring speculation to determine its meaning.  Charter shall construe the words used in the Subpoena according to their plain and ordinary meaning and consistent with normal English usage.

5.      Charter objects to the Subpoena to the extent that it calls for documents to be produced in a manner, in a format, or at a time that is unduly burdensome.

6.      Charter objects to the Subpoena to the extent that it calls for the production of documents that contain privileged attorney-client communications, or are otherwise protected from disclosure by applicable privileges, laws, doctrines, or rules, including but not limited to the work product doctrine, and any applicable foreign law.  The inadvertent production by Charter of documents that it believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery does not constitute a waiver of any such privilege or immunity.  Charter reserves the right to obtain the return of any such inadvertently produced privileged information and reserves the right to object to the disclosure

- 3 -

or use of such privileged information at any stage of these or any other proceedings.

7. Charter objects to the Subpoena to the extent that it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

8. Charter objects to the Subpoena to the extent that it requires Charter to disclose trade secrets or other confidential research, development, or commercial information.

9. Charter objects to the Subpoena to the extent that it seeks the production of documents that are not within its possession, custody or control.

10. Charter objects to the Subpoena to the extent that it seeks the production of documents that are otherwise obtainable from other sources that are more convenient, less burdensome, or less expensive, including documents that are in the possession of or discoverable from parties to the above-captioned action or from public sources without subjecting Charter, a non-party, to unnecessary burden or expense.

11. Charter objects to the Subpoena to the extent that it seeks documents that have already been produced to Plaintiffs from other sources, such that the Subpoena is unnecessarily duplicative.

12. Charter objects to the Subpoena to the extent that it seeks the production of original documents and all copies of a document, including the

- 4 -

repeated production of identical versions of the same document and/or documents that differ from the original only cosmetically or by reason of the source in which they are located.

13. Charter objects to the Subpoena to the extent that it purports to require anything beyond a reasonable search for documents. In addition, Charter objects to the Subpoena to the extent that it purports to require Charter to search archived electronic data or otherwise require Charter to restore any electronic matter because such requirements are unduly burdensome, not proportional to the needs of this matter, and not supported by good cause.

14. Charter objects to the Definitions in the Subpoena to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning. Charter further objects to the Definitions to the extent that they are overly expansive and purport to impose obligations or burdens upon Charter that are inconsistent with, in addition to, or greater than, those imposed by the FRCP or any other applicable rules or orders.

    a. Charter specifically objects to the definitions in the Subpoena of the terms "NFL Sunday Ticket" and "television" as vague and ambiguous, overly broad, and not reasonably likely to yield relevant information.

    b. Charter specifically objects to the definitions of the terms "Communication(s)," "Documents," "Person" and "concerning" insofar as they purport to define those terms other than by their ordinary meaning and/or the

- 5 -

meaning set forth in the laws or rules applicable to the proceedings in this Court, and insofar as they define them in a fashion to cause the Subpoena to impose unduly burdensome obligations on Charter.

c.       Charter specifically objects to the lack of any time limitations in the Subpoena as overly broad, not reasonably likely to yield relevant information, unduly burdensome, not proportional to the needs of this matter, and not supported by good cause.

d.       Charter specifically objects to the definition of the terms "You and "Your" as it is defined in the Subpoena to the extent that it includes Charter's predecessors, affiliates, parents, subsidiaries, successors, parents, other subsidiaries, departments, divisions, joint ventures, organizations or entities that Charter manages or controls, present and former directors, officers, employees, agents, attorneys, representatives on the grounds such definition is vague and ambiguous, overbroad and unduly burdensome, encompasses persons and entities not relevant to this action, and includes unknown persons and entities.

e.       Charter objects to the definition of "NFL" and "League" to the extent it purports to include persons other than the National Football League and its officers, directors and employees, on the grounds that such definition is overly broad, unduly burdensome, and encompasses persons and entities not relevant to the litigation.

- 6 -

NON-PARTY CHARTER COMMUNICATIONS, INC.'S
RESPONSES AND OBJECTIONS TO THRID-PARTY SUBPOENA
Case No. 2:15-ml-02668-PSG-JEMx

15.     Charter objects to the Subpoena to the extent that it seeks the production of "all" documents or communications concerning a particular issue under circumstances in which a subset of all such documents would be sufficient to show the pertinent information or where the Subpoena would require more than a reasonable, good faith search of the places where responsive documents are likely to be found, on the grounds that the Subpoena is overly broad and not proportional to the needs of this matter.

16.     Charter provides these Objections and Responses without in any way waiving or intending to waive: (a) any objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Subpoena; (b) the right to object on any ground to the documents produced in response to the Subpoena at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Subpoena.

17.     Charter makes these Objections and Responses based solely on its current knowledge, understanding, and belief based on the facts and information known as of the date on which these Objections and Responses are made.  Charter reserves its right at any time to revise, correct, add to, or clarify the Objections and Responses set forth herein and any production made pursuant thereto.  Charter also reserves the right to use or rely on, at any time, subsequently discovered

- 7 -

information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

18.    The foregoing general objections are incorporated into each specific response and objection below as if fully set forth in such response and objection.

## SPECIFIC OBJECTIONS

**1:**
Documents sufficient to identify the names, titles, and job descriptions of each of your current or former officers, directors, or employees with responsibilities relating to the licensing and distribution of NFL football game programming.

**1:**

Charter objects to this request on the ground that it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**2:**
All documents constituting, memorializing, or concerning any agreements between Charter and the League concerning NFL Network and NFL RedZone.

**2:**

- 8 -

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" concerning NFL Network and NFL RedZone is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.  Moreover, the request is vague, ambiguous, and overbroad, to the extent it purports to seek other documents that might otherwise "concern" an agreement between Charter and the League.

Charter also objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Charter further objects because the request is unduly burdensome in that it seeks documents that (to the extent relevant) can be obtained from parties to this litigation who are in a position to produce documents in this matter already without subjecting Charter to unnecessary burden and expense.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified

- 9 -

custodians that are responsive to this request which Plaintiffs are unable to

otherwise obtain from Defendants.

**3:**
All documents constituting, memorializing, or concerning any agreements between Charter and individual Clubs, such as the Carolina Panthers.

**3:**

Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" concerning agreements between Charter and

individual Clubs is patently overbroad and it would impose an undue burden on

Charter to require Charter to collect, review, and produce such an expansive search

result.

Charter also objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

Moreover, the request is vague, ambiguous, and overbroad, to the extent it

purports to seek documents that might otherwise "concern" any agreement

between Charter and the Clubs.

Charter further objects because the request is unduly burdensome in that it

seeks documents that (to the extent relevant) can be obtained from parties to this

- 10 -

litigation who are in a position to produce documents in this matter already without

subjecting Charter to unnecessary burden and expense.

Without waiving this objection or any of Charter's general objections,

Charter is prepared to meet and confer with Plaintiffs to attempt to work out an

agreement on a production of documents responsive to this request that is not

unduly burdensome for Charter as a non-party, and consists of relevant, non-

privileged documents for a limited time period from the files of specified

custodians that are responsive to this request which Plaintiffs are unable to

otherwise obtain from Defendants.

**4:**
All documents concerning competitive conditions in the market for the licensing,
sale or distribution of televised broadcasts of professional football games,
including any reports, studies, or analyses concerning forecasted, projected,
estimated, planned, or actual: (i) market shares; (ii) market consolidation; (iii)
fixed or variable costs; (iv) pricing; (v) market entry or exit conditions; (vi)
demand or demand trends; or (vii) substitute products or offerings.

**4:**

Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" regarding competitive conditions in the

market for the licensing, sale, or distribution of televised broadcasts of professional

football games is patently overbroad and it would impose an undue burden on

Charter to require Charter to collect, review, and produce such an expansive search

result.  Moreover, the request is vague, ambiguous, and overbroad, to the extent it

- 11 -

purports to seek other documents that are related to professional football games

other than the NFL, which are not related to the subject matter of this litigation.

Charter objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

**5:**
All documents reflecting or concerning analyses of the actual, estimated, or projected impact on television viewership or revenues due to or associated with the NFL Sunday Ticket package.

**5:**

Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" reflecting or concerning analyses of actual,

estimated, or projected impact on television viewership or revenues due to or

associated with the NFL Sunday Ticket package is patently overbroad and it would

impose an undue burden on Charter to require Charter to collect, review, and

produce such an expansive search result.

Charter objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

**6:**
All documents sufficient to show, on an annual basis, the number of subscribers who pay for access to either or both NFL Network and NFL RedZone.

- 12 -

**6:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.

Charter also objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**7:**
All documents sufficient to show, on a weekly basis beginning from the start of the 2010 NFL regular season, the following information:
a. The number of subscribers watching either or both NFL Network and NFL RedZone;
b. The locations of those subscribers, identified by zip code; and
c. The demographic characteristics of those subscribers.

**7:**

- 13 -

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Charter further objects to this request because the time period (dating back to 2010) is patently overbroad and seeks documents that are wholly irrelevant to this matter.

Charter further objects to the definition of demographic characteristics to the extent it seeks information that is irrelevant to this matter, not proportional to the needs of this case, and overbroad.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

- 14 -

NON-PARTY CHARTER COMMUNICATIONS, INC.'S
RESPONSES AND OBJECTIONS TO THRID-PARTY SUBPOENA
Case No. 2:15-ml-02668-PSG-JEMx

**8:**

All documents constituting, reflecting, or concerning reports and studies prepared by or for you, or received by you, regarding the following subject matters:

a. The creation of the NFL Sunday Ticket package, and the proposed creation of any similar package for televising out-of-market NFL games;

b. Any and all renewals of DirecTV's right to distribute the NFL Sunday Ticket package;

c. The estimated or actual economic value of the NFL Sunday Ticket package;

d. The cost of licensing and distributing NFL Network and NFL RedZone;

e. The benefit of licensing and distributing NFL Network and NFL RedZone;

f. Consumer demand to view NFL Network and NFL RedZone;

g. The impact of not offering either or both NFL Network and NFL RedZone;

h. Any effort to bid for the right to distribute NFL Sunday Ticket; and

i. Your decision to carry NFL Network and NFL RedZone in 2011.

**Response to 8:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" reflecting or concerning reports or studies regarding each of the above categories is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

Charter further objects to this request because the time period (dating back to 2011) is patently overbroad and seeks documents that are wholly irrelevant to this matter.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

- 15 -

Without waiving this objection or any of Charter's general objections,
Charter is prepared to meet and confer with Plaintiffs to attempt to work out an
agreement on a production of documents responsive to this request that is not
unduly burdensome for Charter as a non-party, and consists of relevant, non-
privileged documents for a limited time period from the files of specified
custodians that are responsive to this request which Plaintiffs are unable to
otherwise obtain from Defendants.

**9:**
All documents constituting, reflecting, or concerning all reports and studies
prepared by or for you, or received by you, concerning the potential or actual
comparative impact of the NFL licensing the rights to telecast out-of-market
Sunday afternoon NFL football games on an exclusive or non-exclusive basis.

**Response to  9:**

Charter objects to this request because it is vague and ambiguous;
oppressive, overbroad and unduly burdensome; and calls for documents irrelevant
to any claim or defense in this litigation, and not proportional to the needs of the
case. A request for "all documents" reflecting, constituting, or concerning studies
concerning the impact of the NFL licensing the rights to telecast out-of-market
Sunday afternoon football games is patently overbroad and it would impose an
undue burden on Charter to require Charter to collect, review, and produce such an
expansive search result.

- 16 -

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**10:**
All documents constituting, reflecting, or concerning all reports and studies prepared by or for you, or received by you, concerning the possibility of separately or jointly negotiating with individual Clubs for television broadcast rights.

**Response to  10:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" constituting, reflecting, or concerning reports or studies concerning the possibility of separately or jointly negotiating with individual Clubs for television broadcast rights is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

- 17 -

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**11:**
All documents constituting, reflecting, or concerning all reports and studies prepared by or for you, or received by you, concerning the distribution of NFL television programming over the internet or via mobile devices.

**Response to  11:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" constituting, reflecting, or concerning reports and studies concerning the distribution of NFL television programming over the internet or via mobile devices is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.  Moreover, the request is vague, ambiguous, and

- 18 -

overbroad, to the extent it purports to seek documents that are related to viewership

of professional football over the internet or via mobile devices, which are not

related to the subject matter of this litigation. Such documents are also outside the

scope of the discovery that Plaintiffs described as "central to the prosecution of this

case" in their Rule 26(f) preliminary report. *See* ECF No. 116 at 5.

Charter objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

**12:**
All documents constituting, reflecting, or concerning all reports and studies
prepared by or for you, or received by you, comparing the market conditions,
television broadcasting rights, and revenues associated with producing and
distributing telecasts of NFL football games with the market conditions,
broadcasting rights, and revenues associated with producing and distributing
telecasts of:
a. NCAA football games; and
b. Any other professional sports.

**Response to 12:**

Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case. A request for "all documents" constituting, reflecting, or concerning reports

and studies comparing market conditions, television broadcast rights, and revenues

associated with NFL football games with NCAA football games and other

professional sports is patently overbroad and it would impose an undue burden on

Charter to require Charter to collect, review, and produce such an expansive search

- 19 -

result.  Moreover, the request is vague, ambiguous, and overbroad, to the extent it

purports to seek documents that are related to NCAA football games and other

professional sports (and not the NFL), which are not related to the subject matter of

this litigation.  Such documents are also outside the scope of the discovery that

Plaintiffs described as "central to the prosecution of this case" in their Rule 26(f)

preliminary report.  *See* ECF No. 116 at 5.

Charter further objects to this request because the time period (dating back

to 2011) is patently overbroad and seeks documents that are wholly irrelevant to

this matter.

Charter objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

**13:**
All documents reflecting or concerning agreements between:
a. The individual NFL Clubs and the League;
b. The League and DirecTV; and
c. The League and any other broadcaster of NFL football games.

**Response to  13:**
Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" constituting, reflecting, or concerning

agreements between the NFL Clubs, the League, DirecTV, and other broadcasters,

is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

Charter further objects because the request is unduly burdensome in that it seeks documents that (to the extent relevant) can be obtained from parties to this litigation who are in a position to produce documents in this matter already without subjecting Charter to unnecessary burden and expense.

Charter also objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**14:**
All documents reflecting or concerning any communications concerning competition for television viewership between NFL games and other television programming.

**Response to  14:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

- 21 -

to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" reflecting or concerning communications concerning competition for television viewership is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.  Moreover, the request is vague, ambiguous, and overbroad, to the extent it purports to seek documents that are related to "other television viewership" and not Sunday Ticket Package, which are not related to the subject matter of this litigation.  Such documents are also outside the scope of the discovery that Plaintiffs described as "central to the prosecution of this case" in their Rule 26(f) preliminary report.  *See* ECF No. 116 at 5.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

**15:**
All documents reflecting or concerning any lobbying or advocacy work concerning the Sports Broadcasting Act or any proposed amendment to that Act.

**15:**
Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" reflecting or concerning lobbying or advocacy work concerning the Sports Broadcasting Act or any proposed amendment to that

- 22 -

Act is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result. Such documents are also outside the scope of the discovery that Plaintiffs described as "central to the prosecution of this case" in their Rule 26(f) preliminary report. *See* ECF No. 116 at 5.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Charter objects to this request to the extent that it calls for the production of documents that contain privileged attorney-client communications, or are otherwise protected from disclosure by applicable privileges, laws, doctrines, or rules, including but not limited to the work product doctrine, and any applicable foreign law.

**16:**
All documents reflecting or concerning any inquiry or communication from any governmental agency or regulator regarding the distribution of NFL football television programming.

**16:**
Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case. A request for "all documents" reflecting or concerning communications from any governmental agency or regulator regarding the distribution of NFL football

- 23 -

television programming is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

Charter objects to this request to the extent that it calls for the production of documents that contain privileged attorney-client communications, or are otherwise protected from disclosure by applicable privileges, laws, doctrines, or rules, including but not limited to the work product doctrine, and any applicable foreign law.

Charter also objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**17:**
All documents constituting or reflecting any communications, reports, or analyses concerning the NFL's and DirecTV's compliance with the antitrust or competition laws of any State, the United States, and any foreign country, including any analysis of whether the NFL Sunday Ticket package's exclusivity terms may violate the Sherman Act.

- 24 -

**Response to  17:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" constituting, reflecting, or concerning any communication, reports, or analyses concerning the NFL's and DirecTV's compliance with antitrust or competition laws is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Charter objects to this request to the extent that it calls for the production of documents that contain privileged attorney-client communications, or are otherwise protected from disclosure by applicable privileges, laws, doctrines, or rules, including but not limited to the work product doctrine, and any applicable foreign law.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-

- 25 -

privileged documents for a limited time period from the files of specified

custodians that are responsive to this request which Plaintiffs are unable to

otherwise obtain from Defendants.

**18:**
All documents constituting or reflecting any agreements to indemnify you for any
claims brought under the antitrust or competition laws of any State, the United
States, and any foreign country, arising out of or concerning the NFL Sunday
Ticket package and its exclusivity
terms.

**18:**

Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" constituting or reflecting any indemnification

agreement arising out of or concerning the NFL Sunday Ticket package is patently

overbroad and it would impose an undue burden on Charter to require Charter to

collect, review, and produce such an expansive search result.

Charter further objects because the request is unduly burdensome in that it

seeks documents that (to the extent relevant) can be obtained from parties to this

litigation who are in a position to produce documents already without subjecting

Charter, a non-party, to unnecessary burden and expense.

Charter also objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

- 26 -

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**19:**
All documents sufficient to show all complaints from consumers concerning blackouts on television of NFL football games.

**19:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case. A request for "all documents" related to any and all complaints is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

**20:**
All documents constituting, memorializing, or concerning the League's 2021 media rights agreements.

**20:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

- 27 -

to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" constituting, memorializing, or concerning the League's 2021 media rights agreements is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Charter further objects because the request is unduly burdensome in that it seeks documents that (to the extent relevant) can be obtained from parties to this litigation who are in a position to produce documents without subjecting Charter, a non-party, to unnecessary burden and expense.

Charter objects to this request to the extent that it calls for the production of documents that contain privileged attorney-client communications, or are otherwise protected from disclosure by applicable privileges, laws, doctrines, or rules, including but not limited to the work product doctrine, and any applicable foreign law.

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-

- 28 -

privileged documents for a limited time period from the files of specified

custodians that are responsive to this request which Plaintiffs are unable to

otherwise obtain from Defendants.

**21:**
All documents constituting or reflecting any communications concerning the
League's 2021 media rights agreements.

**21:**

Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" constituting or reflecting any communication

concerning the League's 2021 media rights agreement is patently overbroad and it

would impose an undue burden on Charter to require Charter to collect, review,

and produce such an expansive search result.

Charter objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

Charter objects to this request to the extent that it calls for the production of

documents that contain privileged attorney-client communications, or are

otherwise protected from disclosure by applicable privileges, laws, doctrines, or

rules, including but not limited to the work product doctrine, and any applicable

foreign law.

- 29 -

Without waiving this objection or any of Charter's general objections, Charter is prepared to meet and confer with Plaintiffs to attempt to work out an agreement on a production of documents responsive to this request that is not unduly burdensome for Charter as a non-party, and consists of relevant, non-privileged documents for a limited time period from the files of specified custodians that are responsive to this request which Plaintiffs are unable to otherwise obtain from Defendants.

**22:**
All documents, communications, studies, or reports regarding the broadcasting of collegiate football, including but not limited to analyses of the effect of non-exclusive licensing arrangements on viewership, pricing, quality of broadcast, and any other relevant metrics.

**22:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case. A request for "all documents, communications, studies or reports" regarding the broadcasting of collegiate football is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result. Moreover, the request is vague, ambiguous, and overbroad, to the extent it purports to seek documents that are related to collegiate football (and not professional football), which are not related to the subject matter of this litigation. Such documents are also outside the scope of the discovery that

- 30 -

Plaintiffs described as "central to the prosecution of this case" in their Rule 26(f) preliminary report.  *See* ECF No. 116 at 5.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

**23:**
All documents sufficient to show the cost of producing an individual collegiate football game broadcast.

**23:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  Moreover, the request is vague, ambiguous, and overbroad, to the extent it purports to seek documents that are related to collegiate football (and not professional football), which are not related to the subject matter of this litigation. Such documents are also outside the scope of the discovery that Plaintiffs described as "central to the prosecution of this case" in their Rule 26(f) preliminary report.  *See* ECF No. 116 at 5.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

**24:**
All documents constituting, memorializing, or concerning any agreements between Charter and ABC, CBS, ESPN, Fox, and NBC, or any other person, regarding the broadcasting or distribution of televised broadcasts of live collegiate football games.

**24:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" constituting, memorializing, or concerning agreements between Charter and other third parties regarding the broadcasting of live collegiate football games is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.  Moreover, the request is vague, ambiguous, and overbroad, to the extent it purports to seek other documents that are related to collegiate football (and not professional football), which are not related to the subject matter of this litigation.  Such documents are also outside the scope of the discovery that Plaintiffs described as "central to the prosecution of this case" in their Rule 26(f) preliminary report.  *See* ECF No. 116 at 5.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

- 32 -

Charter further objects because the request is unduly burdensome in that it

seeks documents that (to the extent relevant) can be obtained from parties to this

litigation who are in a position to produce documents without subjecting Charter, a

non-party, to unnecessary burden and expense.

Charter objects to this request to the extent that it calls for the production of

documents that contain privileged attorney-client communications, or are

otherwise protected from disclosure by applicable privileges, laws, doctrines, or

rules, including but not limited to the work product doctrine, and any applicable

foreign law.

**25:**
All documents related to advertising availability, pricing, and buy-in rates for live
collegiate football programming.

**25:**

Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" relating to advertising availability, pricing,

and buy-in rates for live collegiate football programming is patently overbroad and

it would impose an undue burden on Charter to require Charter to collect, review,

and produce such an expansive search result.  Moreover, the request is vague,

ambiguous, and overbroad, to the extent it purports to seek documents that are

related to collegiate football (and not professional football), which are not related

- 33 -

to the subject matter of this litigation.  Such documents are also outside the scope

of the discovery that Plaintiffs described as "central to the prosecution of this case"

in their Rule 26(f) preliminary report.  *See* ECF No. 116 at 5.

Charter objects to this request because it calls for the production of

confidential business, financial, or trade documents or data or other sensitive non-

public documents and information.

**26:**
All documents describing the benefits or relative merits of advertising and
sponsorship opportunities with or concerning collegiate football television
programming.

**26:**
Charter objects to this request because it is vague and ambiguous;

oppressive, overbroad and unduly burdensome; and calls for documents irrelevant

to any claim or defense in this litigation, and not proportional to the needs of the

case.  A request for "all documents" describing the benefits of collegiate football

television is patently overbroad and it would impose an undue burden on Charter to

require Charter to collect, review, and produce such an expansive search result.

Moreover, the request is vague, ambiguous, and overbroad, to the extent it purports

to seek documents that are related to collegiate football (and not professional

football), which are not related to the subject matter of this litigation.  Such

documents are also outside the scope of the discovery that Plaintiffs described as

"central to the prosecution of this case" in their Rule 26(f) preliminary report.  *See*

ECF No. 116 at 5.

- 34 -

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

**27:**
All documents concerning, reflecting, or constituting the Nielsen ratings for live professional football programming.

**27:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" concerning, reflecting, or constituting the Nielsen ratings for live professional football programming is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Charter further objects because the request is unduly burdensome in that it seeks documents that (to the extent relevant) can be obtained from parties to this litigation who are in a position to produce documents without subjecting Charter, a non-party, to unnecessary burden and expense.

**28:**

All documents concerning, reflecting, or constituting the Nielsen ratings for live collegiate football programming.

**28:**

Charter objects to this request because it is vague and ambiguous; oppressive, overbroad and unduly burdensome; and calls for documents irrelevant to any claim or defense in this litigation, and not proportional to the needs of the case.  A request for "all documents" concerning, reflecting, or constituting the Nielsen ratings for live professional football programming is patently overbroad and it would impose an undue burden on Charter to require Charter to collect, review, and produce such an expansive search result.

Charter objects to this request because it calls for the production of confidential business, financial, or trade documents or data or other sensitive non-public documents and information.

Charter further objects because the request is unduly burdensome in that it seeks documents that (to the extent relevant) can be obtained from parties to this litigation who are in a position to produce documents without subjecting Charter, a non-party, to unnecessary burden and expense.

Dated:  July 2, 2021

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By:  /s/ Walter F. Brown
Walter F. Brown Jr. (CA Bar. No.
130248)
943 Steiner St.
San Francisco, CA 94117
Telephone: (628) 432-5111
Facsimile: (202)-204-7379
wbrown@paulweiss.com

Jay Cohen
Carter E. Greenbaum
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 492-0163
jaycohen@paulweiss.com
cgreenbaum@paulweiss.com


*Attorneys for Non-Party Charter
Communications,, Inc.*

- 37 -

NON-PARTY CHARTER COMMUNICATIONS, INC.'S
RESPONSES AND OBJECTIONS TO THRID-PARTY SUBPOENA
Case No. 2:15-ml-02668-PSG-JEMx