PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3955

WRITER'S DIRECT FACSIMILE

(212) 492-0955

WRITER'S DIRECT E-MAIL ADDRESS

cgreenbaum@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
ROBERT A. BRITTON
DAVID W. BROWN
WALTER F. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN J. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS P. GROOMBRIDGE
BRUCE A. GUTENPLAN
NITIN HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
JOSHUA HILL, JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG

ALAN W. KORNBERG
DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. McCOLM
JEAN M. McLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHANNING H. PESANTI
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES P. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELÁZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

December 3, 2021

**VIA E-MAIL**

Edward Delman
Tyler Finn
Susman Godfrey LLP
1301 Avenue of the Americas
32nd Floor
New York, New York 10019

Re: *In re National Football League's "Sunday Ticket" Antitrust Litigation,*
Case No. 2:15-ml-02668-PSG (JEMx) C.D. Cal

Dear Edward & Tyler:

I write in response to Tyler's Wednesday, November 24, 2021 letter, which requests a meet and confer to discuss non-party Charter's response to Plaintiffs' subpoena in the above-captioned matter.   As discussed over email, I am available to meet and confer on Monday at 2 PM.

Your letter mischaracterizes both the substantial production Charter made in response to the subpoena – despite the patently overbroad requests – and Charter's good faith efforts to search for responsive documents.  As we can discuss further during our meet and confer, Charter interviewed relevant custodians, gathered and reviewed potentially responsive documents, and produced over 700 pages of highly confidential

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Edward Delman                                                                                              2

material in response to plaintiffs' requests.  Charter also timely objected to the subpoena, and further spelled out its objections during meet and confer calls and attempted to resolve them with you on August 5, September 13, October 25, and November 5, and in writing in emails on October 25 and in my November 19 letter.  Charter has acted in good faith in every sense of that term.

In our myriad meet and confers, Ed made clear that Plaintiffs only sought custodial ESI discovery for Plaintiffs' request for communications about Charter's contractual arrangements with individual NFL Clubs.  As I mentioned in my October 25 email, my November 19 letter, and during our meet-and-confers on September 13, October 25, and November 5, Charter objects to producing any such communications because Plaintiffs could obtain those communications from the parties in this case, because the request is unduly burdensome, especially when directed to a non-party, and because those contracts – which have nothing to do with airing of regular season professional football games – are not relevant to the parties' claims and defenses in this case.  Your November 24 letter marks the first time plaintiffs raised the prospect of Charter using search terms to identify "[i]nternal studies" or "reports" about Charter's contractual arrangements with NFL Clubs.

Nevertheless, Charter will be prepared to discuss search terms during our meet and confer.  In advance of that meet and confer, please identify which search terms the Panthers, the Packers, and the Chargers have agreed to run for documents related to their contractual arrangements with Charter.  As Charter previewed in its responses and objections to Plaintiffs' subpoena, Rule 45 of the Federal Rules of Civil Procedure provides for reimbursement of a nonparty's significant expenses, including its attorneys' fees, associated with any efforts to comply with Plaintiffs' subpoena.  *See Legal Voice* v. *Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) ("[W]e have no trouble concluding that $20,000 is 'significant'" and mandating reimbursement of fees).  At our meet and confer, we look forward to hearing Plaintiffs' views as to whether they intend to compensate Charter for its expenses and fees in that regard.

Charter also conducted a reasonable search for viewership information about viewers of NFL football and viewers of college football.  Your letter takes issue with the documents that Charter ultimately produced based on that search because they were "hardly responsive to Plaintiffs' request," but Charter's production of those documents merely underscores the lengths to which Charter has gone to search for potentially responsive documents to Plaintiffs' vague, ambiguous and overbroad request.  Nevertheless, during our meet and confer, I will be prepared to discuss the nature of Charter's search, including for "marketing materials that Charter prepared for advertisers."

Finally, your letter takes issue with certain redactions Charter applied to protect proprietary and sensitive data.  We can discuss the proprietary and commercially sensitive information Charter redacted during our meet and confer, but note that under Rule 45 of the Federal Rules of Civil Procedure, "[o]nce the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a 'substantial need for the testimony or

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Edward Delman                                                                                3

material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.'" *Gonzales* v. *Google, Inc*., 234 F.R.D. 674, 684 (N.D. Cal. 2006) (*quoting* Fed. R. Civ. P. R. 45(c)(3)(B)); *see also AmSurg Holdings Inc. v. Anireddy,* 2020 WL 1703617, at *3 (D. Ariz. Apr. 8, 2020) (holding that nonparty may properly redact non-relevant material in responding to a nonparty subpoena).[1]

       I am prepared to discuss these issues in greater detail on December 6 with the goal of reaching mutual agreement on the scope of discovery.  I trust you will approach our discussion with the same goal.

       Very truly yours,

       /s/ Carter E. Greenbaum

       Carter E. Greenbaum

---

[1]    Each of the cases cited in your November 24 letter for the proposition that "Charter has no legal basis for redacting" its discovery material involved productions of documents from a party to the underlying litigation, which is subject to a different standard.