MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

SCOTT MARTIN
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

HOWARD LANGER
hlanger@langergrogan.com
EDWARD DIVER
ndiver@langergrogan.com
PETER LECKMAN
pleckman@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel listed on Signature Page]

*Plaintiffs' Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NFL DEFENDANTS**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: January 11, 2022 at 10:00 a.m.<br>Discovery Cutoff Date: 5/15/2022<br>Pretrial-Conference Date: TBD<br>Trial Date: TBD |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

The NFL Defendants have failed to carry their burden of showing that hiding portions of the Network Contracts from Plaintiffs is appropriate. Instead, the NFL Defendants merely air generalized anxieties about the contents of the Network Contracts leaking into the public sphere and accuse Plaintiffs of procedural improprieties. These arguments distract from the fact that, with rare exception, all portions of the Network Contracts are relevant to this action and must be disclosed without redaction.

**I.   The Redacted Portions of the Network Contracts Fall within the Broad Scope of Relevance**

While the NFL Defendants may point to a few instances where courts have permitted a party to redact truly immaterial information, the law is clear that "relevance-based redactions are heavily disfavored at any juncture." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2019 WL 5787747, at *3 (N.D. Fla. Nov. 6, 2019); *see also Wellin v. Wellin*, 2015 WL 5781383, at *5 (D.S.C. Sept. 30, 2015) ("Courts have recognized that relevance-based redactions are disfavored, because they 'breed suspicions, and they may deprive the reader of context.'") (collecting cases)).

In any event, the sweeping redactions to the Network Contracts obscure plainly relevant information. The NFL Defendants prop up their relevancy redactions by supplying declarations from representatives for CBS, ESPN, FOX, and NBC that seek to identify the supposed irrelevancy of the redacted portions of their respective contracts. *See generally* Ex. 9-12. But these declarations do not satisfy the NFL Defendants' burden for hiding discoverable material produced by a party to the litigation. *See Lute v. Beers*, 2011 WL 891199, at *2 (E.D. Cal. Mar. 11, 2011) ("Given that the report is discoverable and is not shielded from production by any identifiable privilege, Defendants bear the burden of making a *compelling argument* for redaction." (emphasis added)); *All Plastic, Inc. v. SamDan LLC*, 2021 WL 2979005, at *8 (D. Colo. Feb. 15, 2021) (explaining, with approval, that some courts "have held that a party redacting information on otherwise discoverable documents

bear the burden to show why redactions are proper and necessary, particularly in light of an entered protective order").

For example, CBS's corporate representative has stated that CBS has requested redaction for provisions relating to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 9, ¶ 7.[1] But CBS is incorrect that provisions relating to games outside the Sunday Ticket package, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "are … totally irrelevant to th[is] litigation." *Id*. ¶ 8. While the putative class's injury stems most directly from supracompetitive pricing for NFL Sunday Ticket, this litigation is more broadly about the ecosystem of restraints surrounding the distribution of live professional football. *See In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1148 (9th Cir. 2019) (describing the interconnectedness of the NFL-Clubs pooling agreement, the NFL-DirecTV exclusive licensing agreement for Sunday Ticket, and the NFL-Networks agreement). And Plaintiffs allege that were some of these restraints to be extinguished, consumers would see a flourishing of innovation and new content in the telecasting of live NFL games. *See, e.g.*, Compl. ¶ 11.

Thus, provisions relating to rights for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—may offer insight not just into the overall value of NFL football, but also into alternative distribution models that could be applied to Sunday afternoon games in the absence of the challenged restraints. Specifically, such provisions may reveal means of delivering telecasts of games to fans via digital-only packages, which is not currently an option for all but a handful of NFL Sunday Ticket subscribers. And given that the Clubs retain the right to distribute ▓▓▓

---

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that redacted provisions relating to ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are irrelevant. Instead, CBS merely ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ated to these topics can be obtained through other means from the Defendant, the NFL." Ex. 9, ¶ 10. The presence of similar information elsewhere is not a basis for redaction, and the NFL Defendants do not argue such.

2

1 ▉ by themselves, provisions relating to ▉ may offer insight into
2 how NFL football would be distributed absent the NFL-Clubs pooling agreement.
3      Similarly, CBS's redaction of provisions regarding "▉
4 ▉
5 ▉," Ex. 9, ¶ 9, obscures valuable information.
6 As the Ninth Circuit has noted, one product of the challenged restraints is that, for
7 most NFL games—and certainly for Sunday afternoon games—only ▉ exists
8 for any individual game. *See In re Nat'l Football League's Sunday Ticket Antitrust*
9 *Litig.*, 933 F.3d at 1148. This restriction on output means that there is no opportunity
10 for telecasts that focus on a specific Club, with ▉
11 ▉. But in the absence of the pooling agreement, ▉
12 ▉ could coexist. CBS's redactions preclude Plaintiffs from better
13 understanding what ▉ are currently in place, and how they could be
14 different in a but-for world.
15      The declarations from the other Networks likewise underscore the relevance
16 of the redacted information. NBC seeks redaction of provisions relating to ▉
17 ▉ *See*
18 Ex. 11, ¶ 6. Given that this litigation centers in part on the unavailability of different
19 distribution options for Sunday afternoon NFL games—including ▉
20 ▉ for nearly all "out-of-market" consumers—a provision
21 detailing the circumstances for the ▉ is
22 plainly relevant to Plaintiffs' claims. *See, e.g.*, Compl. ¶ 6. The ▉
23 provision is relevant for reasons already discussed above. ESPN seeks redactions for
24 ▉
25 ▉
26 ▉ Ex. 12, ¶ 4.[2] The former redacted

---

[2] ESPN also seeks redaction for ▉. *See* Ex. 12, ¶ 4. These redactions are minimal a▉ no objection to them.

1  provision could offer insight into whether the NFL has already established a structure
2  and scope for the ████████████████████, as well as the possible
3  consequences for the parties if any of the challenged restraints were to disappear,
4  while the latter could detail the extent to which the NFL can further tighten its grip
5  over output of televised live football games ████████████████████
6  ████. FOX, for its part, makes no effort to defend the redactions or assert that their
7  subject matter is irrelevant to this litigation. *See* Ex. 10, ¶ 3.

8      In sum, the NFL Defendants cannot show that the redacted content falls outside
9  the broad scope of relevance. *See Bennett v. 38604 10th Street East, LLC*, 2021 WL
10 5038757, at *3 (C.D. Cal. July 30, 2021) ("The relevance standard is … necessarily
11 broad in scope in order 'to encompass any matter that bears on, or that reasonably
12 could lead to other matter than could bear on, any issue that is or may be in the case.").
13 That is especially so given that this is an antitrust case, where "courts have generally
14 allowed liberal discovery." *Cyntegra, Inc. v. IDEXX Labs., Inc.*, 2007 WL 9701999,
15 at *4 (C.D. Cal. June 29, 2007). The Court should compel the NFL Defendants to
16 produce unredacted copies of the Network Contracts so that Plaintiffs have access to
17 all relevant information. If the NFL Defendants or the Networks have concerns about
18 the possibility of any part of the Network Contracts being publicly disclosed at trial,
19 Plaintiffs are open to discussing accommodations for those concerns.

20 **II.    Plaintiffs Have Complied with All Procedural Requirements**

21     The NFL Defendants claim that Plaintiffs have brought this motion
22 improperly, but their arguments miss the mark. *First*, the procedures laid out in the
23 2016 Stipulation—by its own terms—do not apply to documents produced during
24 formal discovery and in response to requests for production served pursuant to
25 Federal Rule of Civil Procedure 34. And the NFL Defendants' supposed silver
26 bullet—*Glenn-Colusa Irrigation Dist. v. U.S. Army Corps of Eng'rs*, 2019 WL
27 3231748 (E.D. Cal July 18, 2019)— does not support the NFL Defendants' theory of
28 the 2016 Stipulation controlling the present circumstance. While *Glenn-Colusa*

provides that recitals "are merely explanations of the circumstances surrounding the execution of the contract," it also notes that they "giv[e] meaning to certain parts of a contract that may otherwise be ambiguous." *Id.* at *4. And given that the 2016 Stipulation does not set forth any express sunset provision—and therefore the expiration date for its protocols is ambiguous—the recitals and contemporaneous position statements are the best evidence of what the parties reasonably believed the 2016 Stipulation to control. *See Tautges v. Global Datacenter Mgmt., Inc.*, 2010 WL 3384980, at *3 (S.D. Cal. Aug. 26, 2010) ("The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties.")

*Second*, Plaintiffs have fully complied with the Federal Rules of Civil Procedure and this Court's local rules. Plaintiffs' motion is being brought pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-1, which require "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Plaintiffs fulfilled all meet-and-confer obligations by meeting and conferring with the NFL Defendants—the party resisting discovery—on November 18, 2021. And despite the NFL Defendants' claim that "Plaintiffs have continually failed to identify with any specificity why they object to the redacted provisions," Dkt. 368-1 at 22, Plaintiffs stated during the November 18 meet-and-confer their consistent position that the Network Contracts are integral to this action, and therefore any redactions risk obscuring relevant information.

As for meeting and conferring with the Networks, they were invited to Plaintiffs' meet-and-confer with the NFL Defendants, and FOX in fact attended. But Plaintiffs are not seeking the Network Contracts from the Networks. Thus, Plaintiffs had no obligation to meet and confer with these non-parties regarding a discovery dispute with a party-defendant. *See* Fed. R. Civ. P. 37(a)(1) (providing that the meet-and-confer obligation applies to the "party failing to make disclosure of discovery").

5

| | |
|---|---|
| Dated:  December 28, 2021 | Respectfully submitted, |
| | MARC M. SELTZER<br>SUSMAN GODFREY L.L.P. |
| | SCOTT MARTIN<br>IRVING SCHER<br>HAUSFELD LLP |
| | HOWARD LANGER<br>EDWARD DIVER<br>PETER LECKMAN<br>LANGER GROGAN AND DIVER PC |
| | ARUN SUBRAMANIAN<br>asubramanian@susmangodfrey.com<br>WILLIAM CHRISTOPHER CARMODY<br>bcarmody@susmangodfrey.com<br>SETH ARD<br>sard@susmangodfrey.com<br>EDWARD DELMAN<br>edelman@susmangodfrey.com<br>TYLER FINN<br>tfinn@susmangodfrey.com<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd FL.<br>New York, NY 10019<br>Tel: (212) 336-8330/ Fax: (212) 336-8340 |
| | IAN M. GORE<br>igore@susmangodfrey.com<br>SUSMAN GODFREY LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br>Tel: (206) 505-3841/Fax: (206) 516-3883 |
| | MICHAEL D. HAUSFELD<br>mhausfeld@hausfeld.com<br>HAUSFELD LLP<br>1700 K. Street NW, Suite 650<br>Washington, DC 20006<br>Tel: (202) 540-7200/Fax: (202) 540-7201 |
| | MICHAEL P. LEHMANN<br>mlehmann@hausfeld.com<br>BONNY E. SWEENY<br>bsweeney@hausfeld.com<br>CHRISTOPHER L. LEBSOCK<br>lebsock@hausfled.com<br>HAUSFELD LLP<br>600 Montgomery St., Suite 3200<br>San Francisco, CA 94111<br>Tel: (415) 633-1908/Fax: (415) 358-4980 |

By: */s/ Marc M. Seltzer*
Marc M. Seltzer

*Attorneys for Plaintiffs' Interim Co-Lead Class Counsel*