**FILED**
CLERK, U.S. DISTRICT COURT

**1/5/2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ slo _____ DEPUTY



NEOPOST                    FIRST-CLASS MAIL
12/15/2021  US POSTAGE $001.96º
                           ZIP 90012
                           041M11461109

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**OFFICE OF THE CLERK**
**255 EAST TEMPLE STREET, ROOM 180**
**LOS ANGELES, CALIFORNIA 90012**

**OFFICIAL BUSINESS**

NIXIE        061  7E 1        0212/31/21
            RETURN TO SENDER
        ATTEMPTED - NOT KNOWN
            UNABLE TO FORWARD
BC: 90012333299    0060N36S172-01735

Roger A Sachar                                    Jr
Morgan and Morgan PC
28 West 44th Street  Suite 2001
New York, NY 10036

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov
Message-Id:<33112818@cacd.uscourts.gov>Subject:Activity in Case 2:15-ml-02668-PSG-JEM In re
National Football Leagues Sunday Ticket Antitrust Litigation Letters Rogatory Issued Content-Type:
text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 12/15/2021 at 8:39 AM PST and filed on 12/14/2021

| | |
|---|---|
| **Case Name:** | In re National Football Leagues Sunday Ticket Antitrust Litigation |
| **Case Number:** | 2:15-ml-02668-PSG-JEM |
| **Filer:** | |
| **Document Number:** | 373 |

**Docket Text:**
**LETTERS ROGATORY ISSUED: Letters Rogatory and Commission/Order signed by
Magistrate Judge John E. McDermott. Apostille prepared. (et)**

**2:15-ml-02668-PSG-JEM Notice has been electronically mailed to:**
Alexander M Schack    alexschack@amslawoffice.com
Alfredo Torrijos    alfredo@aswtlawyers.com
Amanda M Steiner    asteiner@terrellmarshall.com, docketrequests@terrellmarshall.com,
filing@terrellmarshall.com, hbrown@terrellmarshall.com, hrota@terrellmarshall.com,
jnuss@terrellmarshall.com
Amid T Bahadori    atb@bahadorilaw.com
Arnold C Wang    arnold@asstlawyers.com, jessica@asstlawyers.com, ladonna@asstlawyers.com,
maricela@asstlawyers.com
Arthur M Murray    amurray@murray-lawfirm.com, aonstott@murray-lawfirm.com,
bfisse@murray-lawfirm.com, cdimaggio@murray-lawfirm.com, cfitzgerald@murray-lawfirm.com,
thorne@murray-lawfirm.com
Arun Subramanian    asubramanian@susmangodfrey.com, ecf-329b86a28024@ecf.pacerpro.com,
ecf-aa83a63bc6d9@ecf.pacerpro.com, ehenke@susmangodfrey.com
Beth A. Wilkinson    bwilkinson@wilkinsonstekloff.com, bstekloff@wilkinsonstekloff.com,
jbarber@wilkinsonstekloff.com, rkilaru@wilkinsonstekloff.com,
sundayticket-associates@wilkinsonstekloff.com, sundayticket-paras@wilkinsonstekloff.com
Betsy C Manifold    manifold@whafh.com, donovan@whafh.com, fileclerk@whafh.com

Brian C Gudmundson    brian.gudmundson@zimmreed.com
Brian D Penny    penny@lawgsp.com
Brian L. Stekloff    bstekloff@wilkinsonstekloff.com
Brittany DeJong    dejong@whafh.com, fileclerk@whafh.com
Bryan L Bleichner    bbleichner@chestnutcambronne.com, dproulx@chestnutcambronne.com
Bryan Matthew Thomas    bthomas@macdonaldcody.com
Caleb Marker    Caleb.Marker@zimmreed.com, 5920479420@filings.docketbird.com,
josephine.lu@zimmreed.com
Carl Malmstrom    malmstrom@whafh.com
Charles T Spagnola    cspagnola@sullivankrieger.com
Christina H Connolly Sharp    dsharp@girardsharp.com, 8388361420@filings.docketbird.com,
avongoetz@girardsharp.com, ssandeen@girardsharp.com
Christopher L Lebsock    clebsock@hausfeldllp.com, ischer@hausfeld.com
Christopher P Ridout    Christopher.Ridout@zimmreed.com, 5920479420@filings.docketbird.com,
docketca@zimmreed.com, josephine.lu@zimmreed.com, sabine.king@zimmreed.com
Craig W Hillwig    chillwig@kohnswift.com
Daniel Brett Rehns    drehns@cohenmilstein.com, drehns@hrsclaw.com
Daniel G Swanson    dswanson@gibsondunn.com
Daniel J. Mogin    dmogin@moginrubin.com, jchatfield@moginrubin.com,
jwilliams@moginrubin.com, ngeraci@moginrubin.com, sbuack@moginrubin.com,
sejercito@moginrubin.com, steven-ejercito-the-mogin-law-firm-pc-9884@ecf.pacerpro.com
Daniel M. Petrocelli    dpetrocelli@omm.com, daniel-m-petrocelli-4368@ecf.pacerpro.com
Daniel R Karon    dkaron@karonllc.com, bhollowell@karonllc.com, cgood@karonllc.com
David H Weinstein    weinstein@wka-law.com
Derek Ludwin    dludwin@cov.com
Edward Diver    ndiver@langergrogan.com
Edward J. Delman    edelman@susmangodfrey.com, abarbosa@susmangodfrey.com,
rbien-aime@susmangodfrey.com
Eliot F Krieger    ekrieger@skt.law
Eric S Hochstadt    eric.hochstadt@weil.com, eric-hochstadt-1174@ecf.pacerpro.com,
mco.ecf@weil.com, nymao@ecf.pacerpro.com
Eugene A Spector    espector@srkattorneys.com
Fred Taylor Isquith    ftisquith@zsz.com
Garrett D Blanchfield , Jr    g.blanchfield@rwblawfirm.com, k.schulte@rwblawfirm.com,
r.yard@rwblawfirm.com
Gary F Lynch    Gary@lcllp.com, dan@lcllp.com, ecf@lcllp.com, jamisen@lcllp.com
Gordon M Fauth , Jr    gmf@classlitigation.com
Gregg H Levy    glevy@cov.com
Gregory E Woodard    gwoodard@lwwllp.com, gw@woodardlegal.com
Hart L. Robinovitch    hart.robinovitch@zimmreed.com, kelly.bourette@zimmreed.com
Heidi M Silton    hmsilton@locklaw.com, dmstanek@locklaw.com, jpgramlich@locklaw.com,
lgn-hmsilton@ecf.courtdrive.com, lgn-sljuell@ecf.courtdrive.com, sljuell@locklaw.com
Howard Langer    courtnotices@langergrogan.com, hlanger@langergrogan.com
Ian Simmons    isimmons@omm.com, ian-simmons-4931@ecf.pacerpro.com
Ian M Gore    igore@susmangodfrey.com, ecf-62cbb7ccef36@ecf.pacerpro.com,
ecf-67c2cc05d65a@ecf.pacerpro.com, paris-jimenez-2434@ecf.pacerpro.com,
pjimenez@susmangodfrey.com
James B Zouras    jzouras@stephanzouras.com, esantana@stephanzouras.com,
hhudson@stephanzouras.com, kbowers@stephanzouras.com, malmeida@stephanzouras.com,
mortega@stephanzouras.com

James D Ludwig   jdl@mlg-lpa.com

Jayne A Goldstein   jagoldstein@millershah.com, pleadings@millershah.com

Jeffrey B Gittleman   jgittleman@barrack.com

Jeffrey L Spector   jspector@srkattorneys.com

Jeffrey S. Goldenberg   jgoldenberg@gs-legal.com, cpence@gs-legal.com, svaaler@gs-legal.com

Jeremy S. Barber   jbarber@wilkinsonstekloff.com

Jodie Williams   jwilliams@moginrubin.com

John D Radice   jradice@radicelawfirm.com

John E Schmidtlein   jschmidtlein@wc.com

John E Sindoni   jsindoni@bonizack.com

Jonathan M Jagher   jjagher@fklmlaw.com

Joshua Brandon Swigart   josh@swigartlawgroup.com, 9620439420@filings.docketbird.com

Joshua D Snyder   jsnyder@bonizack.com

Karen H Riebel   Khriebel@locklaw.com, amraak@locklaw.com, crjohnson@locklaw.com, dmstanek@locklaw.com, lgn-khriebel@ecf.courtdrive.com

Katrina M Robson   krobson@omm.com, katrina-robson-6207@ecf.pacerpro.com

Kenneth B Pickle   KPickle@radicelawfirm.com

Kevin P. Trainer   ktrainer@langergrogan.com

Lee Albert   lalbert@glancylaw.com

Lesley E Weaver   lweaver@bfalaw.com, lesley-weaver-4669@ecf.pacerpro.com

Lionel Zevi Glancy   lglancy@glancylaw.com, lionel-glancy-2522@ecf.pacerpro.com

M. Randall Oppenheimer   roppenheimer@omm.com, m-randall-oppenheimer-5053@ecf.pacerpro.com

Marc H Edelson   medelson@edelson-law.com

Marc I Gross   migross@pomlaw.com

Marc M Seltzer   mseltzer@susmangodfrey.com, ecf-4d2b1f772250@ecf.pacerpro.com, ecf-67366a65900c@ecf.pacerpro.com, hdanielson@susmangodfrey.com

Marisa C Livesay   livesay@whafh.com, fileclerk@whafh.com

Mark A Wendorf   m.wendorf@rwblawfirm.com

Mark S Goldman   goldman@lawgsp.com

Matthew C De Re   matt@attorneyzim.com, firm@attorneyzim.com, tom@attorneyzim.com

Melinda A Nicholson   melinda.nicholson@ksfcounsel.com, Bronwyn.Gibson@ksfcounsel.com

Michael J Boni   mboni@bonizack.com

Mike M. Arias   mike@asstlawyers.com, jessica@aswtlawyers.com, ladonna@aswtlawyers.com, maricela@aswtlawyers.com, mayra@aswtlawyers.com

Natasha Naraghi Serino   natashaserino@amslawoffice.com, joanbennett@amslawoffice.com

Neema Trivedi Sahni   nsahni@cov.com, achristian@cov.com, ccamp@cov.com, dlistengourt@cov.com, docketing@cov.com, jplayforth@cov.com, SLahrPastor@cov.com

Peter Leckman   pleckman@langergrogan.com

Rachele R Byrd   byrd@whafh.com, fileclerk@whafh.com

Rakesh N. Kilaru   rkilaru@wilkinsonstekloff.com

Ramzi Abadou   ramzi.abadou@ksfcounsel.com

Richard A Koffman   rkoffman@cohenmilstein.com

Richard A Lockridge   ralockridge@locklaw.com, bmemmons@locklaw.com

Robert J Larocca   rlarocca@kohnswift.com

Robert S Kitchenoff   kitchenoff@wka-law.com

Rosemary M Rivas   rmr@classlawgroup.com, 2746730420@filings.docketbird.com

Roxana Catalina Guidero   rguidero@wilkinsonstekloff.com

Ryan F Stephan   rstephan@stephanzouras.com, esantana@stephanzouras.com, hhudson@stephanzouras.com, kbowers@stephanzouras.com, malmeida@stephanzouras.com,

mortega@stephanzouras.com
Samuel M Ward    sward@barrack.com, cfessia@barrack.com, sbasser@barrack.com
Sara F Khosroabadi    sara@kandhlawgroup.com, daniella@kandhlawgroup.com
Scott A Edelman    sedelman@gibsondunn.com
Scott Allan Martin    smartin@hausfeld.com
Scott M Grzenczyk    scottg@girardsharp.com, 7488696420@filings.docketbird.com,
avongoetz@girardsharp.com
Seth Ard    sard@susmangodfrey.com, ecf-7bb0ee8b6051@ecf.pacerpro.com,
ecf-cb051334f073@ecf.pacerpro.com, laura-parrella-0577@ecf.pacerpro.com,
mritter@susmangodfrey.com, rbien-aime@susmangodfrey.com
Seyed Abbas Kazerounian    ak@kazlg.com, mona@kazlg.com
Shawn M Larsen    slarsen@lwwllp.com
Stephen R Basser    sbasser@barrack.com, cfessia@barrack.com, sward@barrack.com
Thomas A Zimmerman , Jr    tom@attorneyzim.com, firm@attorneyzim.com
Thomas H Burt    burt@whafh.com
Tracy D Rezvani    tracy@rezvanilaw.com
Tyler M. Finn    tfinn@susmangodfrey.com
Whitney E Street    wstreet@blockesq.com, whitney-street-0082@ecf.pacerpro.com
William C Carmody    bcarmody@susmangodfrey.com, esullivan-vasquez@susmangodfrey.com
William G Caldes    Bcaldes@srkattorneys.com
Yehudah L Buchweitz    yehudah.buchweitz@weil.com, jessie.mishkin@weil.com,
mco.ecf@weil.com, nymao@ecf.pacerpro.com, yehuda-buchweitz-8298@ecf.pacerpro.com
**2:15-ml-02668-PSG-JEM Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
James W Anderson
Heins Mills and Olson PLC
310 Clifton Avenue
Minneapolis, MN 55403
Melissa Phan
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Roger A Sachar , Jr
Morgan and Morgan PC
28 West 44th Street Suite 2001
New York, NY 10036


The following document(s) are associated with this transaction:


**Document description:**Main Document
**Original filename:**C:\fakepath\LA15ML2668-ISSUE LTR ROGS-JEM.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/15/2021] [FileNumber=33112816-
0] [790dcc2141ce86e2f733fb4419fbee7f5a49ac156b0434a2ee8172277caaa49336
714c7d1f84f82bc6dbcf061e15b8ba2766e1eac9e5cc7cdc5a7c1b710da7c2]]

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin
smartin@hausfeld.com
Irving Scher
ischer@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer
hlanger@langergrogan.com
Edward Diver
ndiver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
**LANGER GROGAN &
DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel Listed on Signature Page]

*Interim Class Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668−PSG (JEMx) |
| | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT** |
| THIS DOCUMENT RELATES TO: | **TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD** |
| ALL ACTIONS | **IN CIVIL OR COMMERCIAL MATTERS** |

In conformity with Articles 1 and 3 of the Hague Convention of 18 March 1970 on the taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), the United States District Court for the Central District of California has the honor to submit the following request to Senior Master, Foreign Process Section, Royal Courts of Justice, for international judicial assistance in obtaining evidence from DAZN Media Services Ltd. ("DAZN") to be used in civil proceedings now before this Court in the above-captioned matter ("U.S. Action" or "Action"). The evidence is sought by the Plaintiffs in the Action. This Court has determined that it would further the interests of justice if DAZN produced the requested documents and other information which are relevant to the issues in this proceeding.

## 1.   **SENDER**

Honorable John E. McDermott
United States Magistrate Judge
United States District Court for the Central District of California
Roybal Federal Building and United States Courthouse
255 E. Temple Street
Los Angeles, California 90012
United States of America

## 2.   **CENTRAL AUTHORITY OF THE REQUESTED STATE**

The Senior Master
For the attention of the Foreign Process Section
Room E16
Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom

PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED

Scott Martin
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

### 3. NAMES AND ADDRESSES OF THE PARTIES

### AND THEIR REPRESENTATIVES (ARTICLE 3(b))

Plaintiffs are current or former commercial and residential DIRECTV subscribers who also purchased the "NFL Sunday Ticket" sports package. The law firms of Susman Godfrey LLP, Hausfeld LLP, and Langer Grogan and Diver PC serve as Interim Class Counsel to Plaintiffs:

| | |
|---|---|
| Marc M. Seltzer<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>mseltzer@susmangodfrey.com | Michael D. Hausfeld<br>HAUSFELD LLP<br>1700 K. Street NW, Suite 650<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Fax: (202) 540-7201<br>mhausfeld@hausfeld.com |
| Arun Subramanian<br>William Christopher Carmody<br>Seth Ard<br>Edward Delman<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd FL.<br>New York, NY 10019<br>Tel: (212) 336-8330<br>Fax: (212) 336-8340<br>asubramanian@susmangodfrey.com<br>bcarmody@susmangodfrey.com<br>sard@susmangodfrey.com | Scott Martin<br>Irving Scher<br>HAUSFELD LLP<br>33 Whitehall Street, 14th Floor<br>New York, NY 10004<br>Tel: (646) 357-1195<br>Fax: (212) 202-4322<br>smartin@hausfeld.com<br>ischer@hausfeld.com<br><br>Michael P. Lehmann (SBN77152)<br>Bonny E. Sweeny (SBN 176174) |

3

1   edelman@susmangodfrey.com                Christopher L. Lebsock (SBN 184546)
                                             HAUSFELD LLP
2   Howard Langer                            600 Montgomery St., Suite 3200
    Edward Diver                             San Francisco, CA 94111
3   Peter Leckman                            Tel: (415) 633-1908
    Kevin Trainer                            Fax: (415) 358-4980
4   LANGER GROGAN AND DIVER PC               mlehmann@hausfeld.com
    1717 Arch Street, Suite 4130             bsweeney@hausfeld.com
5   Philadelphia, PA 19103                   clebsock@hausfled.com
    Tel: (215) 320-5660
6   Fax: (215) 320-5703
    hlanger@langergrogan.com
7   diver@langergrogan.com
    pleckman@langergrogan.com
8   ktrainer@langergrogan.com

9   Ian M. Gore
    SUSMAN GODFREY LLP
10  1201 Third Avenue, Suite 3800
    Seattle, WA 98101
11  Tel: (206) 505-3841
    igore@susmangodfrey.com

12
         Defendants in this class action are: the National Football League (the "NFL"), the
13
    32 member clubs of the NFL (together, the "NFL Defendants"), DIRECTV Holdings LLC,
14
    DIRECTV, LLC (together, "DIRECTV") (collectively, "Defendants"). Defendants are
15
    represented by:
16
    Beth A. Wilkinson                        Daniel M. Petrocelli
17  Brian L. Stekloff                        M. Randall Oppenheimer
    Rakesh N. Kilaru                         O'MELVENY & MYERS LLP
18  Jeremy S. Barber                         1999 Avenue of the Stars, 8th Floor
    WILKINSON STEKLOFF LLP                   Los Angeles, CA 90067
19  2001 M Street NW, 10th Floor             Telephone (310) 553-6700
    Washington, DC 20036                     Facsimile: (310) 246-6779
20  Telephone: (202) 847-4000                dpetrocelli@omm.com
    Facsimile: (202) 847-4005                roppenheimer@omm.com
21  bwilkinson@wilkinsonstekloff.com
    bstekloff@wilkinsonstekloff.com          Ian Simmons
22                                           4

rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy
Derek Ludwin
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National
Football League, NFL Enterprises LLC
and the Individual NFL Clubs*

Katrina Robson
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 326-2128
Facsimile: (202) 383-5414
isimmons@omm.com
krobson@omm.com

*Counsel for Defendants DIRECTV, LLC
and DIRECTV Holdings LLC*

### 4. <u>NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (ARTICLE 3(c))</u>

The U.S. Action is a class action antitrust lawsuit. Plaintiffs are current or former commercial and residential DirecTV subscribers who also purchased the "NFL Sunday Ticket" sports package. The NFL Sunday Ticket sports package permits television viewers to watch live broadcasts of certain out-of-market NFL games that are otherwise unavailable in the viewer's local market. Plaintiffs challenge agreements among and between the NFL,

1   its Clubs, and DirecTV that, Plaintiffs allege, unlawfully restrain competition in violation

2   of the Sherman Act. Plaintiffs further allege that the NFL unlawfully monopolizes the

3   market for live video presentation of professional football games.

4        Plaintiffs challenge the following agreements: (1) an agreement between the NFL

5   and its 32 member clubs to pool their telecasting rights together and assign negotiating

6   authority for those rights to the NFL on behalf of its clubs; and (2) an exclusive licensing

7   agreement between the NFL and DirecTV for the broadcasting of certain live, out-of-

8   market NFL games through the NFL Sunday Ticket sports package. Plaintiffs allege that

9   these agreements operate in an interdependent and interlocking manner.

10       Plaintiffs allege that, as a result of these agreements, the only way consumers in the

11  United States can watch full game broadcasts of live, regular season, Sunday afternoon

12  NFL games that are not broadcast in their local market is by subscribing to DirecTV and

13  purchasing the NFL Sunday Ticket sports package. Plaintiffs allege that these agreements

14  reduce output and have the effect of charging DirecTV subscribers supracompetitive

15  prices.

16       Defendants assert that Plaintiffs' allegations lack merit. The Defendants allege that

17  the agreements that Plaintiffs have challenged increase output of professional football,

18  including by ensuring that every NFL Sunday afternoon game is broadcast on free, over-

19  the-air television, that every consumer has access to multiple free broadcasts every Sunday,

20  and that those broadcasts are all high quality. Defendants also assert that coordination

21  among the members of integrated joint ventures such as the NFL has undeniable

22

procompetitive effects and that without such cooperation, the joint venture's product could not be created or improved, licensed or distributed, or made more responsive to consumer demand.

The litigation is ongoing.  The parties are currently engaged in the fact discovery phase of the proceedings.

## 5.   **EVIDENCE TO BE OBTAINED AND PURPOSE (ARTICLE 3(d))**

### a.   Evidence to be Obtained

This Court requests that the High Court compel production of documents from the following corporate entity:

> **DAZN Media Services**
> Hanover House, Plane Tree Crescent
> FELTHAM
> TW13 7BZ
> The United Kingdom

Specifically, the Court requests that DAZN produce the documents and things set out in Schedule A to this request. The evidence is intended for use at trial. The Court understands that the powers of the High Court to assist this Court's efforts to obtain evidence in the United Kingdom are listed in Part 34 of The Civil Procedure Rules. It is also familiar with the United Kingdom's Declarations and Reservations regarding the Hague Convention.

### b.   Purpose of the Evidence Sought

Plaintiffs have requested the production of a discrete set of documents, including

DAZN's reports, analyses, or studies concerning the distribution of televised broadcasts of NFL football games; DAZN's reports, analyses, or studies of the actual, estimated, or projected impact on television viewership or revenues caused by NFL Sunday Ticket; DAZN's viewership data for NFL football in Canada; DAZN's reports, analyses, or studies concerning the potential or actual comparative impact of the NFL licensing the rights to telecast out-of-market Sunday afternoon NFL football games on an exclusive or non-exclusive basis; and DAZN's valuation of the NFL Sunday Ticket sports package.

The requested documents are relevant to the claims and defenses in this action, especially because Plaintiffs' allegations specifically reference broadcasts of NFL games in Canada. Discovery produced in the case shows that DAZN submitted a bid for NFL Sunday Ticket, but counsel for a US-based subsidiary of DAZN has represented to Plaintiffs that substantively all documents relating to NFL football are within the possession, custody, and control of DAZN in the United Kingdom. Therefore, DAZN's documents are beyond the subpoena power of this Court. Because the information that DAZN possesses is relevant to the parties' claims and defenses, it will further the interests of justice that they are produced.

6. **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE UNITED STATES (ARTICLE 11(B))**

Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice. Parties also enjoy

1   limited privileges on other grounds presumably not relevant here, such as communications

2   between physician and patient, psychotherapist and patient, husband and wife, or clergy

3   and penitent.   United States law also recognizes a privilege against self-incrimination.

4   Outside the strict area of privilege, certain limited immunities are available that may place

5   restrictions on the giving of evidence, such as the limited protection of documents created

6   as the work product of attorneys during or in anticipation of litigation.

7            **7.     FEES AND COSTS (ARTICLES 14 AND 26)**

8            The reasonable fees and costs incurred by DAZN which are reimbursable under the

9   second paragraph of Article 14 or under Article 26 of the Convention will be borne by

10  Plaintiffs.   Plaintiffs' payment of any such fees and costs is without prejudice to them

11  making a subsequent request to be reimbursed for these costs by other parties in the

12  litigation.

13           **8.     SPECIFICATION OF THE DATE BY WHICH THE
              REQUESTING AUTHORITY REQUIRES RECEIPT OF THE**
14           **RESPONSE TO THE LETTER OF REQUEST:**

15           The Court's January 12, 2021, Scheduling Order requires all fact discovery to be

16  completed by March 22, 2022, including the non-party subpoena that is the subject of this

17  Letter of Request. The Requesting Authority requests that the requested documents be

18  produced at least forty-five (45) days prior to the Court's deadline to complete fact

19  discovery.

20           **9.     DOCUMENTS**

21           The following documents are attached to this letter of request:

22                                             9

1. Plaintiffs' Consolidated Amended Complaint, with exhibits, filed June 24, 2016 [Exhibit 1].

2. NFL Defendants' Answer and Affirmative Defenses, filed December 23, 2020 [Exhibit 2].

3. DirecTV's Answer and Affirmative Defenses, filed March 1, 2021 [Exhibit 3].

4. October 4, 2016 Stipulated Protective Order [Exhibit 4].

5. October 10, 2016 ESI Order [Exhibit 5].

6. January 12, 2021 Scheduling Order [Exhibit 6].

Dated:  December 14          , 2021
Los Angeles, California, USA

John E. McDermott
United States Magistrate Judge

**Kiry K. Gray, Clerk of Court**

by: 

Sha'Ron Lorenzo, Deputy Clerk

SEAL OF THE COURT

1

## **SCHEDULE A**

2

## **DEFINITIONS**

3   The words and phrases used in these requests shall have the meaning ascribed to

4   them under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. In

5   addition, the following terms shall have the meanings set forth below whenever used in

6   any Request for Production of Documents.

7   1.    The terms "and" and "or" shall be construed either conjunctively or

8   disjunctively to bring within the scope of the requests documents which might otherwise

9   be construed to be outside the scope so as to give the broadest possible meaning and scope

10   to a particular request in which either or both is used. The singular includes the plural

11   number and vice versa. The masculine includes the feminine and neuter genders. The past

12   tense includes the present tense where the clear meaning is not distorted by change of tense.

13   2.    "Club" means any football club or team that is a member of the National

14   Football League, and includes the following NFL member clubs:

15   Arizona Cardinals, Inc., Atlanta Falcons Football Club LLC, Baltimore Ravens

16   Limited Partnership, Buffalo Bills, Inc., Panthers Football LLC, Chicago Bears Football

17   Club, Inc., Cincinnati Bengals, Inc., Cleveland Browns LLC, Dallas Cowboys Football

18   Club, Ltd., Denver Broncos Football Club, Detroit Lions, Inc., Green Bay Packers, Inc.,

19   Houston NFL Holdings LP, Indianapolis Colts, Inc., Jacksonville Jaguars Ltd., Kansas

20   City Chiefs Football Club, Inc., Miami Dolphins, Ltd., Minnesota Vikings Football Club

21   LLC, New England Patriots, LP, New Orleans Louisiana Saints LLC, New York Football

22                                             1

Giants, Inc., New York Jets Football Club, Inc., Oakland Raiders LP, Philadelphia Eagles Football Club, Inc., Pittsburgh Steelers Sports, Inc., Chargers Football Co., San Francisco Forty Niners Ltd., Football Northwest LLC, The Los Angeles Rams LLC, Buccaneers Limited Partnership, Tennessee Football, Inc., and Washington Football Inc.

3.     "Communication" means, without limitation, the imparting or exchange of information, thoughts, or opinions by any means including orally, in writing, by signs, signals, or code, including oral, written or electronic communications, including electronic communications, emails, facsimiles, telephone communications, correspondence, or other exchange of written or recorded information. The phrase "communication between" is defined to include instances where one party addresses the other party, but the other party does not respond.

4.     "Concerning" means, without limitation, the following concepts: constituting, discussing, describing, reflecting, dealing with, pertaining to, relating, referring to, regarding, with respect to, or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other documents.

5.     "Demographics" means, without limitation, the age, education level, ethnicity, income level, nationality, and sex of the persons or persons in question.

6.     "Document" means any writing or other thing as described in Rule 34 of the Federal Rules of Civil Procedure and any writing as defined in Rule 1001 of the Federal Rules of Evidence and includes the original, any duplicates, all non-identical copies of all

2

written, printed, recorded, or electronically stored information, including, but not limited to, letters, correspondence, memoranda, drafts, legal pleadings, calendars, diaries, day planners, journals, travel records, lists, outlines, summaries, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, databases, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, telephone call records, voicemail, telegrams, facsimiles, photographs, videotapes, audiotapes, digital audio, or other recordings, presentations, slideshows, PowerPoints, emails, email attachments, text messages, instant messages, internal or external web sites, social networking data and messages, compact discs, computer files and disks, sales, agreements, minutes or other records of meetings, transcripts, and all written or graphic records of any kind.

7.  "Including" means "including, but not limited to," or "including without limitation."

8.  "NFL" or "League" means the National Football League, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, any organization or entity that the NFL manages or controls, including those merged with or acquired by the NFL, and the member Clubs of the NFL, together with all present and former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on their behalf.

9.      "NFL Sunday Ticket" means the subscription package of NFL games, that allows residential and commercial subscribers to watch televised broadcast of Sunday afternoon regular season NFL games.

10.     "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state, or any foreign country.

11.     "Television," "televised" or "telecasts" includes any form or means of making broadcasts available to be viewed via television or other video platforms, including sponsored broadcasts, through cable, satellite or a multichannel video programming distributor, and through online platforms, and includes over-the-air broadcasts and streaming over the internet.

12.     "You," "your" or "your company," unless otherwise noted, means DAZN Media Services Ltd. ("DAZN"), its predecessors, wholly-owned or controlled subsidiaries or affiliates (including Twitch), successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity that it manages or controls, including those merged with or acquired by DAZN, together with all present and former directors, officers, employees, agents, attorneys, representative, or any persons acting or purporting to act on its behalf.

## **INSTRUCTIONS**

1. In the event you are able to produce only some of the documents called for in a particular request, produce all the documents you are able to produce and state the reasons for your inability to produce the remainder.

2. If you object to a portion of a request, produce all documents called for by that portion of the request to which you do not object.

3. These requests call for the production of documents within your possession, custody, or control, including, without limitation, any document available to you upon request from your parents, affiliates, subsidiaries, employees, directors, officers, or agents.

4. Documents should be produced electronically or in paper format as they are kept in the usual course of business. Alternatively, you may produce documents organized and labeled to correspond to the enumerated requests below.

5. Electronically-stored documents or information should be produced in such a manner as to maintain the integrity of any metadata associated with the documents.

6. If any part of a document is responsive to any request, produce the entire document, including any attachments or exhibits.

7. If you object to only a part of a request in your response to that request, identify with particularity any document and the portion of the request to which you object and set forth clearly the extent of and the specific ground for the objection.

8. Each request shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

5

9.     A protective order has been entered in this case that covers the production of documents by third parties. A copy of the protective order is attached as Schedule B.

10.    All electronically-stored information should be produced in accordance with Stipulated Order Regarding Discovery of Electronically Stored Information and Other Documents ("ESI Order"). A copy of the ESI Order is attached as Exhibit 5.

## DOCUMENTS TO BE PRODUCED

1.     Valuations of NFL Sunday Ticket, including valuations of NFL Sunday Ticket in Canada and NFL Sunday Ticket in the United States.

2.     Documents, reports, and studies prepared in the process of bidding for NFL Sunday Ticket in the United States and Canada, and communications exchanged about the value of NFL Sunday Ticket.

3.     Documents sufficient to show the number of NFL fans/viewers in Canada, the locations (broken down by city) of those fans/viewers, and the preferred Clubs of those fans/viewers.

4.     Valuations of licensing rights for NFL football in Japan, Germany, Austria, and Switzerland.

5.     Valuations of any other NFL football product (i.e., Thursday Night Football, Sunday Night Football, etc.).

6.     Documents sufficient to show the revenue and cost of distributing live NFL football games via DAZN.

7.     Documents, including communications exchanged and complaints received, regarding NFL Sunday Ticket in Canada.

8.     Documents, including communications, sufficient to show the profitability of NFL Sunday Ticket in Canada when it was offered on an exclusive basis and when it was offered on a non-exclusive basis.