UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE |
|---|---|
| S. Lorenzo | |
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NFL CLUB DEFENDANTS (Dkt. 367)**

Before the Court in this long-running antitrust case is Plaintiffs' Motion To Compel Production Of Document By NFL Club Defendants ("Motion") filed on December 14, 2021. (Dkt. 367, 369.) Specifically, Plaintiffs challenge redactions in broadcast agreements between the National Football League Defendants ("NFL") and four networks, CBS, ESPN, FOX and NBC (Dkt. 369-1 at 1.) They seek an order compelling the NFL to produce unredacted versions of the licensing and distribution agreements with those four networks. (Dkt. 367-5.) For the reasons stated below, the Court GRANTS the Motion and approves Plaintiffs' Proposed Order (Dkt. 405-1, 406-1) with modifications.

Plaintiffs filed a Supplemental Memorandum on December 28, 2021. (Dkt. 378, 379.) NFL did not file a supplemental memorandum. The Court conducted a hearing on January 11, 2022. (Dkt. 393, 399.) The Court continued the Motion and ordered the parties to meet and confer on methods to provide Plaintiffs with sufficient information to make informed judgments about whether redacted material is relevant and responsive to Plaintiffs' claims. (Dkt. 393.) The Court ordered the parties to file a Joint Status Report on or before January 25, 2022. (Dkt. 393.) The parties did so, indicating that they were unable to reach agreement on a process for resolving the disputed redactions in the network contracts with the NFL. (Dkt. 405, 406-1.)

Citing the two protective orders already in place in this case (Dkt. 197, 360), Plaintiffs contend that all of the redactions are improper. (Dkt. 369-1 at 1.) The NFL Defendants assert that they redacted only irrelevant, non-responsive information that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

highly sensitive commercial information, and that nothing relevant and responsive was redacted. (Dkt. 399 at 22:10-20.) The NFL Defendants presented declarations from the networks attesting to the critical nature of the redacted material and the prejudice that would occur if the information were to become public or known to their competitors. (Dkt. 369-7, Ex. 9; -8, Ex. 10; -9, Ex. 11, -10, Ex. 12.)

    There is no applicable determinative Ninth Circuit case governing the instant dispute. The relevant district court decisions are conflicting. For example, Plaintiffs cite cases holding that redactions are inappropriate where a protective order is in place. See MetroPCS v. A2Z Connection, LLC, 2020 WL 127550*2 (D. Nev.) (ordering redacted documents produced because "[t]o the extent the concern is privacy or confidentiality, a protective order will alleviate that concern"); Hill v. Asset Acceptance, LLC, 2014 WL 3014945*4 (S.D. Cal.) (ordering defendant to remove all non-privileged-related redactions in part because "there is a protective order in this case governing the exchange of confidential information"). The NFL Defendants counter with other cases holding that redactions are permitted where a protective order is in place. See, Sleep Number Corp. v. Sizewise Rentals, LLC, 2019 WL 12536127*4 (C.D. Cal.) (upholding redactions of sensitive third-party privacy interests in confidential source code where there was a protective order in place); Epic Games, Inc. v. Apple, Inc., 2021 WL 1326298*3 (N.D. Cal.) (upholding redactions for third party confidentiality concerns despite existence of protective order); Hansen-Poulsen v. Dep't of Defense, 2020 WL 2043999*4 (C.D. Cal.) (allowing defendants to designate documents as confidential under a protective order and also redact highly sensitive information).

    Plaintiffs also assert that redaction of irrelevant and non-responsive information is disfavored. See Wellin v. Wellin, 2015 WL 5781383*5 (D.S.C.) ("courts have recognized that relevance-based redactions are disfavored, because they 'breed suspicions, and they may deprive the reader of context'"); Doe v. Trump, 329 F.R.D. 262, 275-76 (W.D. Wash.) ("redaction is generally an inappropriate tool for excluding information that a party considers to be irrelevant or non-responsive from documents that are otherwise responsive to a discovery request"). Yet, in a case cited by Plaintiffs, District Judge David Carter stated that "the Court will tolerate unilateral redactions, to the extent that the redactions are made to protect important and legitimate interests (e.g. privilege, work product . . . but not to keep non-responsive information out of an adversary's hands"). U.S. v. McGraw-Hill Companies, Inc., 2014 WL 8662657*4 (C.D. Cal.). Defendants cite other cases approving redaction of irrelevant and non-responsive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

material that is commercially sensitive.  See, e.g., In Re Takata Airbag Prods. Liab. Litig., 2016 WL 1460143*2-*3 (S.D. Fla.) (allowing redactions of commercially sensitive information because "a party is [ ] not entitled to receive every piece of irrelevant information in responsive documents if the producing party has a persuasive reason for why such information should be withheld").

The Court discerns from the above cases the legal principle that redaction of irrelevant and non-responsive material that is highly sensitive and would result in substantial irrevocable prejudice if revealed publicly or to a party's competitors is disfavored but can be appropriate in some circumstances even with a protective order.  Here, Defendants have demonstrated through the network declarations that the redacted information is commercially sensitive information and that there would be substantial prejudice if released.

Unfortunately, there is a formidable threshold barrier to applying the above legal principle to this Motion.  It is apparent to the Court that there are fundamental disagreements between the parties as to the scope of the claims and what is relevant and responsive and what is not.  Plaintiffs view the network agreements with the NFL as a critical element of the alleged antitrust conspiracy.  (Dkt. 369-1 at 1:6-16 and 5:13-22.)  The NFL argues that the agreement that matters is the one between DirecTV and the NFL, which has been produced unredacted.  (Dkt. 369-1 at 1:25-27.)  CBS argues that provisions relating to games outside the Sunday Ticket package such as pre-season and post-season games are "totally irrelevant" to this litigation.  (Dkt. 369-7, Ex. 9, ¶ 7.)  Plaintiffs respond that, because Clubs retain the right to distribute pre-season games, provisions relating to those games would demonstrate what a world look like absent the challenged restraints.  (Dkt. 379-1 at 2:18-3:2.)  Plaintiffs raise other relevance issues, including a single feed for Sunday afternoon games resulting in the unavailability of possible multiple feeds, the unavailability of a different distribution for Sunday afternoon games and lack of a mobile streaming option for out-of-market consumers.  (Dkt. 379-1 at 3:31-4:7.)  If provisions relating to these issues are deemed relevant and responsive, they will have to be produced in unredacted form.  Defendants apparently agree that this must be so.

At the hearing, the Court noted that Plaintiffs were disadvantaged in determining what is relevant and responsive because they have not seen the actual redacted provisions.  (Dkt. 399 at 24:4-22.)  The Court also noted its concern about Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

unilaterally deciding what is relevant or not. (Dkt. 399 at 25:10-12.) Thus, the Court asked the parties and non-parties to meet and confer on a process to provide Plaintiffs "with sufficient information to make informed judgments about whether redacted material is relevant and responsive." (Dkt. 393.) (Emphasis added.) Specifically, the Court asked the parties at the hearing to consider a redaction log or a single person review by one Plaintiffs' counsel. (Dkt. 399 at 26:19-27:2.) The NFL Defendants favor the redaction log approach, providing information about "the topic of each redacted provision." (Dkt. 406-1 at 6:2-5; see Proposed Order at pp. 25-26.) Plaintiffs propose that the NFL Defendants produce the network contracts unredacted to three Co-Lead Counsels on an attorneys' eyes-only basis. (Dkt. 406-1 at 2:12-24; see Proposed Order at 23-24.)

The Court rejects the redaction log option. Not only is a redaction log approach more complicated and time-consuming, it does not achieve the Court's goal of enabling Plaintiffs to make "informed" judgments about whether redacted material is relevant and responsive. Topic, header and subject matter designations are insufficient to permit Plaintiffs to make relevance/responsiveness determinations, including whether the redacted provisions operate as an antitrust restraint. Plaintiffs are still disadvantaged and Defendants would still be unilaterally determining whether provisions are relevant/responsive.

The Court concludes that production of the agreements unredacted to a single attorney on an attorney's eyes-only basis is the most appropriate and efficient way to proceed. The redacted information in dispute is not attorney-client privileged. Although Defendants cite one example where documents subject to a protective order almost were disclosed (Dkt. 369-1 at 21:1-6), there must be thousands of cases that have required production of trade secrets, patent information and commercially sensitive business information on an attorneys' eyes-only basis pursuant to a protective order. Defendants have not produced any data, study or other evidence that there have been numerous unauthorized disclosures of such information. There are two protective orders in place in this case. (Dkt. 197, 360.) There is no factual basis to suggest that production of the network agreements unredacted to one counsel on attorneys' eyes-only basis subject to the protective orders would be inadequate to protect the redacted material. See Gradillas Ct. Reps., Inc. v. Cherry Bekaert, LLP, 2018 WL 2197544*6 ("rejec[ting] proposition that a protective order can never be sufficient to protect trade secrets"); AFMS LLC v. UPS, 2012 WL 3112000*7 (S.D. Cal.) (as to inadvertent disclosure, "any concerns

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | February 1, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

regarding inadvertent disclosure of confidential and sensitive material may be addressed by the entry of a protective order. The relatively remote potential for inadvertent disclosure of confidential documents does not justify the withholding of discovery altogether").

As noted, the Court will require that disclosure of the unredacted network agreements be limited to one counsel with full authority to determine which currently redacted provisions should be produced. This requirement limits the prospect for unauthorized disclosure and will provide consistency across the agreements. Plaintiffs do not offer any reason for rejecting the single counsel requirement or justification for producing the unredacted agreements to three counsels.

Plaintiffs are instructed to modify their Proposed Order to limit it to a single counsel with full authority and submit it to the Court **within 3 days of this Order**.

Finally, the Court reminds the parties of their mandatory duty under Local Rule 37-1 to confer in good faith to eliminate or reduce the number of issues in dispute. The networks should re-examine their redactions to determine if redaction is necessary, in light of this Order. Plaintiffs should focus their redaction challenges on the most important provisions, such as those that tend to demonstrate antitrust restraints.

|  | : |
|---|---|
| Initials of Preparer | slo |