Marc M. Seltzer (54534)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Scott Martin
smartin@hausfeld.com
Irving Scher
ischer@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer
hlanger@langergrogan.com
Edward Diver
ndiver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DECLARATION OF PETER E. LECKMAN IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER** |

I, Peter Leckman, declare as follows:

1.      I am a partner at the law firm of Langer, Grogan & Diver P.C., and attorney of record for Plaintiffs in this action. I am admitted to practice in California and the United States District Court for the Central District of California in this action. I submit this declaration in support of the Plaintiffs' Motion to Amend the Scheduling Order. I am competent to testify to the matters stated herein and have personal knowledge of the facts and statements in this declaration.

2.      On January 22, 2021, following this Court's scheduling order, Plaintiffs served the NFL Defendants with its first requests for production of documents. Plaintiffs requested 104 categories of documents in their initial requests. Plaintiffs sought documents such as: "All documents relating to analysis of actual or potential consumer usage/viewership of NFL Sunday Ticket, or any package offering less games than NFL Sunday Ticket (e.g., packages of individual games or games of individual Clubs), in the United States or elsewhere)" (RFP No. 15); "All non-transaction specific documents relating to the price of subscribers of the NFL Sunday Ticket package" (RFP No. 21); "All documents reflecting Your revenue and earnings derived, directly or indirectly from the NFL Sunday Ticket package" (RFP No. 25); "All documents related to NFL Game Pass" (RFP No. 103); and several other requests relevant to Plaintiffs' claims in this action.

3.      In addition to the requests served on NFL Defendants, Plaintiffs also served requests for production of documents on DIRECTV and more than 15

subpoenas on third parties seeking documents relevant to the antitrust claims in this case.

4.     In connection with gathering documents from the above-referenced parties, Plaintiffs have conducted dozens of meet and confers and sent multiple letters pursuant to Local Rule 37-1 regarding the scope of discovery, search terms, and the timeline to produce documents. Plaintiffs met and conferred with the NFL Defendants on a nearly weekly basis.

5.     As set forth by this Court's January 12, 2021 Scheduling Order (ECF No. 294), the NFL Defendants were to substantially complete their production of documents in response to Plaintiffs' first set of requests by October 22, 2021. That deadline remained unchanged in subsequent modifications to the Scheduling Order.

6.     The NFL Defendants have made a total of 12 productions to Plaintiffs since Plaintiffs' first requests for the production of documents was served. Eight of those volumes from NFL Defendants were made before the October 22, 2021 substantial completion deadline. Those eight volumes totaled 513,398 pages.

7.     Upon receiving these productions, Plaintiffs continued to meet and confer and send letters to NFL Defendants to ensure that all categories of documents that NFL Defendants agreed to produce had been produced. At no point did the NFL Defendants inform Plaintiffs that they would be unable to comply with their October 22 deadline. The NFL Defendants subsequently affirmed that their productions were

substantially complete in the Joint Stipulation Regarding Modifications to the Scheduling Order, filed on November 19, 2021 (ECF No. 362).

8.      Following the NFL Defendants' certification to Plaintiffs and this Court that their document productions were substantially complete, the NFL Defendants continued to make substantial document productions. On November 29, 2021, NFL Defendants produced their ninth volume of documents, totaling 28,825 pages. On December 31, 2021, NFL Defendants produced a tenth volume of documents totaling 311,187 pages. And, finally, on January 31, 2022, NFL Defendants produced a twelfth volume of documents totaling 252,148 pages. In total, NFL Defendants produced 592,161 pages of materials for Plaintiffs to review after the October 22 deadline and their November 19 representation to Plaintiffs and the Court.

9.      While Plaintiffs have not yet conducted an exhaustive review of the documents produced in December and January, the vast majority of those materials (if not all of them) appear to be responsive to Plaintiffs' first set of requests for production served over a year ago, in January 2021. These documents include discussions of proposals for selling the NFL's Digital Packaging and Pricing Strategies (NFL_0593057), documents concerning GamePass pricing (NFL_0595673), and the NFL's research concerning fan behavior and consumption habits (NFL_0596234). Indeed, it has been represented to me that keyword searches across the set of productions made after the substantial completion deadline show a large volume of documents responsive to our first requests: the search term "fan

research" yielded 22,741 pages of material; the search term "gamepass" yielded 50,249 pages of material; and the search term "pric* strat*" yielded 8,230 pages of material.

10.     The NFL Defendants' document productions were in addition to documents produced by DIRECTV. In the Joint Stipulation Regarding Modifications to the Scheduling Order (ECF No. 362), both parties informed the Court of the issues involved in DIRECTV's productions and anticipated that DIRECTV would complete their document productions in mid-January 2022. DIRECTV completed their productions by the end of January 2022 and I am told that the entire production consists of 300,592 documents since December. DIRECTV also recently produced their transactional and viewership databases.

11.     On January 25, 2021, Plaintiffs served the NFL Defendants with their first interrogatory, which asked those defendants to describe:

all categories of information in your possession, custody, or control that reflects or is or can be associated with individual consumers or viewers of live NFL football telecasts, including, but not limited to (a) the personal identification of consumers and viewers; (b) the number of such viewers and consumers of NFL telecasts and their demographics; (c) purchases of any product; (d) preferred NFL football teams of consumers or viewers of NFL telecasts; and (e) viewership of other sports programming by con-sumers or viewers of NFL telecasts.

*See* Exhibit A.

12.    The NFL Defendants responded on March 10, 2021. They stated that they maintained a "Fan Centric Marketing database," but that this database "does not track personal identifying or other demo-graphic information relating to individual viewers of live NFL football telecasts." The NFL then stated that it maintains "a separate database that includes non-transactional analytical data associated with live NFL telecasts," but again the NFL Defendants stated that the database "does not include personal identification or demographic information for such viewers, nor does it include information related to product purchases, preferred NFL football team, or viewership of other sports programming." *See* Exhibit B.

13.    The NFL has recently produced documents that reveal that the NFL's interrogatory response was incorrect. These materials describe a database that associates subscribers of NFL Sunday Ticket with the categories of individualized information that the NFL Defendants claimed that they did not track in their interrogatory response.

14.    On January 18, 2022, immediately after discovering that the NFL's interrogatory response was incorrect, Plaintiffs served a letter pursuant to Local Rule 37-1 demanding that the NFL supplement their interrogatory response. On January 21, 2022, the parties met and conferred regarding Plaintiffs' letter. The NFL Defendants maintained that their interrogatory response was accurate because there was no way to tell whether a Sunday Ticket subscriber was a viewer of live NFL

football telecasts. Plaintiffs explained that this explanation was nothing sort of absurd because NFL Sunday Ticket is nothing but a package that enables subscribers to watch live NFL football telecasts not otherwise available. Plaintiffs also pointed out that their interrogatory asked for information about "*consumers* or viewers" and that if an individual bought NFL Sunday Ticket that individual was, by definition, a consumer of live NFL Football telecasts.  The NFL Defendants had no response to this point.

15.    On January 20, 2022, Plaintiffs served a document request demanding the production of the relevant portions of the NFL Defendants' fan database. Had the NFL Defendants' interrogatory response included the information Plaintiffs discovered through the NFL Defendants recently produced (and untimely) document productions, they would have served this request in the Spring of 2021 – nearly a year ago.

16.    The NFL Defendants responded to Plaintiffs 37-1 letter on February 9, 2022. That letter stated that the NFL Defendants "strongly disagreed" with Plaintiffs' claim that their interrogatory response was wrong but never explained how a database that tracks whether someone purchased NFL Sunday Ticket does not include information about "viewers or consumers" of live NFL football telecasts. The NFL Defendants then offered to produce the requested data within weeks. *Id*. To date, Plaintiffs have not received the data. Even if they receive it today, it will still be many

months after they would have received it had the NFL Defendants' interrogatory response been accurate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Signed on this 18th day of February 2022 in Philadelphia, Pennsylvania.

*/s/ Peter Leckman*
Peter Leckman