# EXHIBIT B

Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx) <br><br> **NFL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** <br><br> Judge: Hon. Philip S. Gutierrez |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants National Football League ("League"), NFL Enterprises, LLC, and its member Clubs (collectively "NFL Defendants") respond to Plaintiffs' First Set of Interrogatories ("Interrogatories") as follows.

The NFL Defendants provides the following objections and responses based on facts and information presently known to it. Because discovery in this matter is ongoing, the NFL Defendants provides these responses reserving its right, and without prejudice to its right, to amend or further supplement based on subsequently discovered information.

**GENERAL CONDITIONS AND OBJECTIONS**

1. The following general conditions and objections are incorporated into each of the NFL Defendants' responses as if fully set forth in each individual response. The NFL Defendants' responses to these Interrogatories shall not be deemed a waiver of any General Objection.

2. The NFL Defendants object to the Interrogatories, including its Definitions and Instructions, to the extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules. The specific responses set forth below are based upon the NFL Defendants' interpretation of the language used in the Interrogatories, and the NFL Defendants reserve their right to amend or supplement further its response if Plaintiffs assert an interpretation that differs from the NFL Defendants' interpretation.

3. The NFL Defendants object to Plaintiffs' definition of "Demographics" because it is vague and ambiguous, particularly where it defined solely by reference to a non-exhaustive list of undefined attributes.

4. The NFL Defendants object to Plaintiffs' definition of "NFL" because it is exceedingly broad and unduly burdensome. The NFL Defendants answer each interrogatory on behalf of the specific corporate entities named as defendants in this

action, and not on behalf of any subsidiaries, affiliates, or other corporations or separate legal entities, or any other individuals.

5. The NFL Defendants object to Plaintiffs' definition of "Personal identification" because it is vague, ambiguous, overbroad, and unduly burdensome.

6. The NFL Defendants object to Plaintiffs' Instructions to the extent they impose obligations on the NFL Defendants in addition to, or different from, those imposed by the Federal Rules of Civil Procedure, the rules of this Court, and any applicable other applicable rules. The NFL Defendants answers each Interrogatory based on its good-faith reasonable investigation to date.

7. The NFL Defendants object to Plaintiffs' definition of "you," "your," or "your company" because it is exceedingly broad and unduly burdensome. The NFL Defendants answer each interrogatory on behalf of the specific corporate entities named as defendants in this action, and not on behalf of any subsidiaries, affiliates, or other corporations or separate legal entities, or any other individuals.

8. The NFL Defendants object to Plaintiffs' Interrogatories to the extent they seek information and/or documents that are protected from discovery by any privilege or protection, including First Amendment privilege, attorney-client privilege, or the work product doctrine. The NFL Defendants construe the Interrogatories as not seeking such information, and such information shall not be produced in response to the Interrogatories. Any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or immunity with respect to such information or of any work-product protection which may attach thereto.

9. The NFL Defendants object to Plaintiffs' Interrogatories to the extent they seek information and/or documents containing confidential business or other proprietary information or confidential information submitted to the NFL under contractual promise of non-disclosure.

10. The NFL Defendants neither waive nor intend to waive, but expressly reserve, any and all objections they may have to the relevance, competence,

materiality, admissibility, or use at trial of any information, documents, or writings produced, identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by any response. All such objections may be made at any time up to and including the time of trial.

11. The NFL Defendants reserve the right to object on any ground to such other or supplemental requests for production involving or relating to the subject matter of these Interrogatories.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe all categories of information in your possession, custody, or control that reflects or is or can be associated with individual consumers or viewers of live NFL football telecasts, including, but not limited to (a) the personal identification of consumers and viewers; (b) the number of such viewers and consumers of NFL telecasts and their demographics; (c) purchases of any product; (d) preferred NFL football teams of consumers or viewers of NFL telecasts; and (e) viewership of other sports programming by consumers or viewers of NFL telecasts.

### RESPONSE TO REQUEST NO. 1:

In addition to its previously stated General Objections, incorporated herein, the NFL Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks comprehensive information—including, e.g., identification of "all categories of information"—that "reflects or is or can be associated with individual consumers or viewers of live NFL football telecasts." The NFL Defendants answer this Interrogatory based on their good-faith reasonable investigation to date. The NFL Defendants further object to the phrase "individual consumers or viewers of live NFL football telecasts" as vague and ambiguous.

The NFL Defendants further object to this Interrogatory as seeking irrelevant information where it seeks categories of information unrelated to this case, such as

categories of information regarding the "purchases of any product" by consumers and viewers of live NFL telecasts.

Subject to and without waiver of the foregoing General and Specific Objections, the NFL Defendants state that the League collects data associated with viewers of live NFL football telecasts who are logged into an NFL domain while viewing a live NFL football telecast, including but not limited to, NFL.com, an NFL mobile application, or other NFL-related television applications. The data collected for such viewers do not include personal identification or other demographic information, information about preferred NFL football teams or information relating to viewership of other sports programming, but may include information relating to certain product purchases. The data collected for such viewers are fed into, and stored in, the Fan Centric Marketing database ("FCM database"), a database that contains certain information relating to fans of NFL football. The FCM database does not track personal identification or other demographic information relating to individual viewers of live NFL football telecasts.

The League also maintains a separate database that includes non-transactional analytical data associated with live NFL telecasts viewed through a multichannel video programming distributor or MVPD. That database does not include personal identification or demographic information for such viewers, nor does it include information related to product purchases, preferred NFL football team, or viewership of other sports programming.

Additionally, the NFL Defendants have access to ratings data from the Nielsen Company, LLC and from various broadcast providers. The ratings data include aggregate-level estimates of viewership in the United States, including aggregate viewership demographics. The NFL Defendants do not possess any individual-level data for viewers of live NFL football telecasts from these sources.

Finally, the League at times conducts market research relating to viewers of live NFL football telecasts. The League does not possess personal identification

information for the participants of such market research.  The League may possess information related to some participants' demographics, product purchases, viewership of other sports programming, and preferred NFL football team.

Dated:  March 10, 2021           Respectfully submitted,

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

## VERIFICATION

I, Dolores DiBella, declare as follows:

I am the Vice President of Legal Affairs at the National Football League and am authorized to sign this verification for and on behalf of the NFL Defendants. I have read the NFL Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories and know the contents thereof. I am informed and believe that the matters stated in the Responses are true.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: March 10, 2021

_____
Dolores DiBella

# CERTIFICATE OF SERVICE

I, Jeremy S. Barber, attorney at Wilkinson Stekloff LLP, hereby certify that, on March 10, 2021, I caused the foregoing NFL Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to be served via email delivery on the following counsel:

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Howard I. Langer
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
hlanger@langergrogan.com

Scott Martin
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

*Co-Lead Plaintiffs' Counsel*

Daniel M. Petrocelli (Bar No. 97802)
M. Randall Oppenheimer (Bar No. 77649)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
dpetrocelli@omm.com
roppenheimer@omm.com

Ian Simmons (*Pro Hac Vice*)
Katrina Robson (Bar No. 229835)
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: (212) 326-2128
isimmons@omm.com
krobson@omm.com

Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Counsel for Defendants DIRECTV, LLC and DIRECTV Holdings LLC*

Executed on March 10, 2021.

By: */s/ Jeremy S. Barber*
      Jeremy S. Barber