Marc M. Seltzer (54534)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Scott A. Martin (*Pro Hac Vice*)
smartin@hausfeld.com
Irving Scher (*Pro Hac Vice*)
ischer@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DECLARATION OF SCOTT A. MARTIN IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR AN ORDER ADVANCING THE HEARING DATE ON PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**<br><br>Judge: Hon. Philip S. Gutierrez |


# DECLARATION OF SCOTT A. MARTIN

I, Scott A. Martin, declare as follows:

1. I am a partner at the law firm of Hausfeld LLP and Court-appointed Co-Lead Counsel for Plaintiffs in this litigation. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto. I am admitted *pro hac vice* to practice before the United States the Court in this litigation.

2. I make this declaration in support of plaintiffs' *ex parte* application for an order to advance the hearing date on plaintiffs' motion to amend the Court's scheduling order.

3. Pursuant to Local Rule 7-19.1, I spoke by telephone with Jeremy Barber, counsel for the NFL Defendants, on Friday morning, February 18, 2022, concerning plaintiffs' intention to file a motion to amend the Court's scheduling order and plaintiffs' *ex parte* application to advance the hearing date on plaintiffs' motion to amend the scheduling order. I had previously raised the likelihood of the application in an earlier conversation concerning the underlying motion. The requested hearing date, as I told Mr. Barber, would be March 18, 2022, allowing for the motion to be briefed on a schedule consistent with the Local Rules.

4. Mr. Barber indicated that the NFL Defendants would take no position concerning the hearing date, and would "defer to the Court's preference," but would not consent to plaintiffs' *ex parte* application.

5. Later on Friday, February 18, I informed Mr. Barber that, in order to avoid he or his colleagues having to prepare a response to an *ex parte* application over the upcoming Presidents' Day holiday weekend, Plaintiffs would file the *ex parte* application on February 22, 2022, the first business day after the holiday.

6. Pursuant to this Court's Standing Order regarding *ex parte* applications, plaintiffs' counsel will cause the *ex parte* application to be served via facsimile on February 22, 2022, and be notified that opposition papers must be filed no later than 3:00 p.m. on Wednesday, February 23, 2022, and that if the NFL Defendants did not oppose plaintiffs' *ex parte* application, that they should so inform the Court's Courtroom Deputy Clerk at (213) 894-8899.

7. Plaintiffs make this ex parte application in order to address circumstances, not the fault of plaintiffs, that pose a risk of severe prejudice to plaintiffs' prosecution of their case if the current fact discovery cut-off of May 15, 2022 is not extended. This prejudice will result from the late production of tens of thousands of pages of documents by the NFL Defendants in the past eight weeks, including the production of five megabits of football fan data just this past Saturday, as well as significant misstatements in the NFL Defendants' responses to plaintiffs' interrogatories that were recently discovered by plaintiffs.

8. Plaintiffs will be irreparably harmed if the hearing date on plaintiffs' motion is not advanced because fact discovery is currently set to close on May 15, 2022, only one month after the Court's first available hearing date on April 15, 2022. Proceeding on the basis of an April 15, 2022 hearing date would place the parties under four additional weeks of uncertainty concerning the Court's consideration of plaintiffs' request for a continuance of the fact discovery cut-off. This would further compel plaintiffs to triage the NFL Defendants' substantial late-coming discovery in a fashion that will not allow plaintiffs a reasonable period of time to review and analyze those late-produced documents in advance of preparing for and conducting depositions.

9. Accordingly, I certify that this *ex parte* application is made in good faith and for good cause in order to provide needed certainty to the parties concerning the Court's case schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 22nd day of February 2022 in New York, New York.

                                              */s/ Scott A. Martin*
                                              Scott A. Martin