Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | ) Case No. 2:15-ml-02668−PSG (JEMx)<br>)<br>) |
| ———————————————— | ) **THE NFL DEFENDANTS'**<br>) **OPPOSITION TO PLAINTIFFS'**<br>) **EX PARTE APPLICATION FOR** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) **ORDER TO ADVANCE THE**<br>) **HEARING DATE ON**<br>) **PLAINTIFFS' MOTION TO**<br>) **AMEND SCHEDULING ORDER**<br>)<br>) Judge:  Hon. Philip S. Gutierrez<br>) |

Last Friday, Plaintiffs filed a Motion to Amend the Scheduling Order (ECF No. 423) ("Motion"), seeking to rework the operative scheduling order in this case for a second time by, among other things, pushing the end of fact discovery back by nearly three months. Notably, both of the alleged discovery issues that Plaintiffs raise in that Motion to justify such an extension have been fully addressed with nearly three months left before the *current* deadline for the end of fact discovery. Because no further extensions are necessary, the NFL Defendants will oppose that Motion in due course and explain why Plaintiffs' complaints are groundless.

Plaintiffs' present ex parte application seeks the extraordinary relief of having the hearing date for the Motion moved up by nearly a month, from April 15 to March 18. While the NFL Defendants defer to the Court as to appropriate scheduling of the Motion, Plaintiffs' application falls short of meriting ex parte relief. There is no emergency here, as the regularly scheduled hearing date would be a month before the date fact discovery closes.

As this Court has held in its Standing Order, "[e]x parte applications are solely for extraordinary relief and should be used with discretion." Hon. Philip S. Gutierrez Standing Order at 10. Noticed motions "provide a framework for the fair, orderly, and efficient resolution of disputes" and "should be the rule and not the exception." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Ex parte relief is only appropriate in the face of "real urgency" and "should not be used as a way to 'cut in line' ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *Id.* at 193–94. To justify ex parte relief, Plaintiffs are required to show both: (1) that their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) that they are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiffs fail on both fronts.

1

Case No. 2:15-ml-02668-PSG (JEMx)                    The NFL Defendants' Opposition to Plaintiffs' Ex Parte
                                                     Application for Order to Advance the Hearing Date

*First,* Plaintiffs have failed to demonstrate irreparable prejudice.  To be clear, Plaintiffs are not claiming that they are currently owed *any* discovery from the NFL Defendants.  Indeed, the NFL Defendants have produced over 500,000 documents to date in this litigation, the majority of which were produced months ago.  Instead, Plaintiffs claim they need more time to review the documents and data that has *already* been produced, despite having nearly three months left before the end of fact discovery.  The regularly scheduled hearing date (April 15) would give Plaintiffs a decision on the Motion a month before the close of fact discovery, and nothing is stopping Plaintiffs from proceeding with fact discovery in the meantime.  There is accordingly no basis for finding prejudice, let alone irreparable prejudice, from the orderly consideration of the Motion.

*Second*, any "crisis" here is of Plaintiffs' own making.  For ex parte relief to be proper, Plaintiffs must show that they "used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* at 493.  As Defendants will explain further in responding to the Motion, that is not the case here.  For example, the NFL Defendants informed Plaintiffs of the existence of the fan database nearly a year ago, in March 2021, but Plaintiffs waited nearly eleven months to further discuss the issue with the NFL Defendants.  Plaintiffs now use that delay to justify their request for an extension.  Despite their delay, when Plaintiffs did request data from that database late last month, the NFL Defendants moved quickly to address the issue and produced data on an expedited basis.  This instance is not isolated—Plaintiffs have failed to diligently pursue discovery on several instances.

Accordingly, Plaintiffs have not shown sufficient urgency to justify their ex parte application.  But ultimately, the NFL Defendants defer to the Court on the scheduling for this matter.  If the Court does believe the Motion should be heard on an expedited basis, the NFL Defendants request that the Court allow the NFL

2

1  Defendants at least two weeks to prepare a response to the Motion to aid the Court

2  in its decision.

3

4  Dated:  February 23, 2022                    Respectfully submitted,

5                                              /s/ *Beth A. Wilkinson*

6                                              Beth A. Wilkinson (admitted *pro hac vice*)
                                               Brian L. Stekloff (admitted *pro hac vice*)
7                                              Rakesh N. Kilaru (admitted *pro hac vice*)
                                               Jeremy S. Barber (admitted *pro hac vice*)
8                                              **WILKINSON STEKLOFF LLP**
9                                              2001 M Street NW, 10th Floor
                                               Washington, DC 20036
10                                             Telephone: (202) 847-4000
                                               Facsimile: (202) 847-4005
11                                             bwilkinson@wilkinsonstekloff.com
                                               bstekloff@wilkinsonstekloff.com
12                                             rkilaru@wilkinsonstekloff.com
                                               jbarber@wilkinsonstekloff.com
13

14                                             Neema T. Sahni (Bar No. 274240)
                                               **COVINGTON & BURLING LLP**
15                                             1999 Avenue of the Stars
                                               Suite 1500
16                                             Los Angeles, CA 90067-6045
                                               Telephone: (424) 332-4800
17                                             Facsimile: (424) 332-4749
                                               nsahni@cov.com
18

19                                             Gregg H. Levy (admitted *pro hac vice*)
                                               Derek Ludwin (admitted *pro hac vice*)
20                                             **COVINGTON & BURLING LLP**
21                                             One CityCenter
                                               850 Tenth Street NW
22                                             Washington, DC 20001
                                               Telephone: (202) 662-6000
23                                             Facsimile: (202) 662-6291
                                               glevy@cov.com
24                                             dludwin@cov.com
25

26                                             *Counsel for Defendants National Football*
                                               *League, NFL Enterprises LLC, and the*
27                                             *Individual NFL Clubs*

28

3

**<u>CERTIFICATE OF SERVICE</u>**

I, Jeremy S. Barber, attorney at Wilkinson Stekloff LLP, hereby certify that, on February 23, 2022, I caused the foregoing NFL Defendant's Opposition to Plaintiffs' Ex Parte Application for Order Shortening Time to Hear Motion to Amend Scheduling Order to be served via fax and e-mail delivery on the following counsel:

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Howard I. Langer
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
hlanger@langergrogan.com

Scott Martin
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

*Co-Lead Plaintiffs' Counsel*

Executed on February 23, 2022.

By: */s/ Jeremy S. Barber*
Jeremy S. Barber

4