Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**DECLARATION OF RAKESH KILARU IN SUPPORT OF NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER [ECF No. 423]**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: April 15, 2022<br>TIME: 1:30 P.M. |

I, Rakesh Kilaru, declare as follows:

1. I am a partner at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants in this litigation. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto. I am admitted pro hac vice to practice before the United States Central District of California in this litigation.

2. I make this declaration in support of NFL Defendants' Opposition To Plaintiffs' Motion To Amend Scheduling Order.

3. Following a hearing on January 12, 2021, ECF 301, the Court issued a scheduling order whereby the "deadline for substantial completion of document productions in response to document requests served by January 22, 2021" was October 22, 2021, and the deadline for completion of fact discovery was five months later, on March 22, 2021. ECF No. 294 at 1.

4. On January 22, 2021, the Plaintiffs provided the NFL Defendants with an initial set of 104 RFPs. These RFPs covered, among many other things, "All documents concerning or relating to the effect or potential effect of additional Bye weeks on the scheduling or broadcasting of all NFL games (e.g., each team playing 16 games over an 18 week regular season, 17 games over a 19 week regular season)" (RFP No. 47); and "Documents sufficient to show ticket pricing for each Club." (RFP No. 68). Many of these documents also included data from Nielsen that was subject to confidentiality agreements with several of the NFL's broadcast partners. Plaintiffs were intimately involved in these negotiations with third parties and anticipated that several documents impacted by these ongoing negotiations would be produced after the October 22, 2021 deadline—in addition to documents responsive to Plaintiffs' other RFPs.

5. Since that date, Plaintiffs have served five additional sets of RFPs containing 160 separate requests. These sets were dated: April 8, 2021; August 23,

1

Case No. 2:15-ml-02668-PSG (JEMx)   Declaration of Rakesh Kilaru in Support of NFL Defendants' Opposition to Plaintiffs' Motion to Amend Scheduling Oder [ECF No. 423]

2021; October 18, 2021; January 20, 2022; and February 22, 2022. Many of these requests implicated confidentiality concerns requiring negotiations with third parties.

6. Following negotiations on search terms and custodians, the NFL Defendants' first production in response to the January 22, 2021 set of RFPs was on August 13, 2021, and consisted of 1,997 documents, totaling 12,980 pages.

7. Following this production, and before the substantial completion deadline of October 22, 2021, the NFL Defendants made five more productions.

8. The NFL Defendants complied with the substantial completion deadline by making six productions including 65,685 documents by October 22, 2021, totaling 513,398 pages.

9. These documents included documents from the custodial files of many senior NFL executives who have been central to the negotiations of the Sunday Ticket agreements with DirecTV throughout the class period. For example, by January 2022, the NFL Defendants had produced 12,873 documents or 96 percent of Hans Schroeder's custodial files (the NFL's Executive Vice President and Chief Operating Officer) and 10,822 documents or 96 percent of Brian Rolapp's custodial files (the NFL's Chief Media and Business Officer).

10. By January 15, 2022, Plaintiffs were in receipt of 74 percent of documents produced to date. And by January 31, 2022, Plaintiffs were in receipt of all documents produced to date.

11. To date, the NFL Defendants have made twelve total productions, totaling 128,149 documents. These productions have come from the custodial files of 21 witnesses, as well as documents from the NFL's Media Department shared drive.

12. To date, DirecTV has produced an additional 291,202 documents and third parties have produced 4,633 documents. In that time, Plaintiffs have made two productions, totaling 630 documents.

13. On November 19, 2021, Plaintiffs requested to extend the fact discovery period to May 15, 2022, and the NFL Defendants did not oppose the motion.

2

Case No. 2:15-ml-02668-PSG (JEMx)    Declaration of Rakesh Kilaru in Support of NFL Defendants' Opposition
to Plaintiffs' Motion to Amend Scheduling Oder [ECF No. 423]

14. In making this request, Plaintiffs acknowledged that the NFL Defendants had complied with their discovery obligations and outlined the following rationale for a continuance: "Plaintiffs believe that an extension to the fact discovery deadline is necessary due to the volume of discovery produced to date, the volume of discovery that remains to be produced by DirecTV (including the substantial volume of transactional data yet to be produced), and the need to review and analyze that information before conducting key depositions in this matter or for the parties' experts to analyze." ECF No. 362, at 3.

15. Plaintiffs also represented that a May 15 deadline would allow them sufficient time to review "approximately 600,000 documents" they anticipated would be produced by DirecTV. *Id*. However, DirecTV has only produced 291,202 documents, less than half of that expected number.

16. The Court granted Plaintiffs' unopposed request for a continuance on November 29, 2021. ECF No. 363. The fact discovery period was extended nearly two months from March 22, 2022 to May 15, 2022, although Class Certification briefing was still scheduled to conclude on September 19, 2022, thereby allowing the parties to receive a decision on Class Certification prior to serving merits expert reports.

17. Although the Plaintiffs sought the first continuance on November 19, 2021, they have not noticed a single deposition or raised the subject of depositions with the NFL Defendants.

18. On January 25, 2021, Plaintiffs issued their first interrogatory to the NFL Defendants. The interrogatory asked the NFL Defendants to "[d]escribe all categories of information in your possession, custody, or control that reflects or is or can be associated with individual consumers or viewers of live NFL football telecasts, including, but not limited to (a) the personal identification of consumers and viewers; (b) the number of such viewers and consumers of NFL telecasts and their demographics; (c) purchases of any product; (d) preferred NFL football teams of consumers or viewers

3

Case No. 2:15-ml-02668-PSG (JEMx)   Declaration of Rakesh Kilaru in Support of NFL Defendants' Opposition
to Plaintiffs' Motion to Amend Scheduling Oder [ECF No. 423]

of NFL telecasts; and (e) viewership of other sports programming by consumers or viewers of NFL telecasts."

19. On March 10, 2021, the NFL Defendants responded to this interrogatory. ECF No. 423-5, Ex. B at 3. Among other objections, the NFL Defendants "object[ed] to the phrase 'individual consumers or viewers of live NFL football telecasts'"—a phrase Plaintiffs had not defined in their interrogatory—"as vague and ambiguous." *Id*. The NFL Defendants understood this request to be asking for categories of viewership data they possessed and proceeded to answer the interrogatory in a three-page response. For example, the NFL Defendants explained that they possessed aggregate-level Nielsen ratings data, data from market research, and data related to viewers who watch live games on a multichannel video programming distributor or MVPD. The NFL Defendants also explained that "the League collects data associated with viewers of live NFL football telecasts who are logged into an NFL domain while viewing a live NFL football telecast," but made clear that such data does "not include personal identification or other demographic information, information about preferred NFL football teams or information relating to viewership of other sports programming, but may include information relating to certain product purchases." NFL Defendants also clarified that such data is "fed into, and stored in, the Fan Centric Marketing Database ('FCM database'), a database that contains certain information relating to fans of NFL football." *Id*. at 4.

20. Plaintiffs did not offer any clarification of the term "individual consumers and viewers of live NFL football telecasts," notwithstanding the NFL Defendants' objection to the term. They did not ask for clarifications about any of the information the NFL Defendants provided. And they did not ask any further questions about the Fan Centric Marketing database for more than ten months. In January 2022, Plaintiffs objected for the first time to the NFL Defendants' interrogatory response and served a request for data from the fan database. Plaintiffs claimed for the first time that they were not just seeking viewership information, but information relating to NFL fans more

4

Case No. 2:15-ml-02668-PSG (JEMx)    Declaration of Rakesh Kilaru in Support of NFL Defendants' Opposition
to Plaintiffs' Motion to Amend Scheduling Oder [ECF No. 423]

generally, including whether they subscribe to Sunday Ticket. which they received less than a month later.  The NFL Defendants produced the requested data weeks later.

21.  In April 2021, a month after receiving the NFL Defendants' response to Interrogatory No. 1, Plaintiffs issued an RFP seeking documents and data related to some of the information provided in that response—but did not seek any further information from or clarification of the FCM database.  On May 10, 2021, the NFL Defendants offered to produce data relating to "viewers of live NFL football telecasts," after meeting and conferring "to discuss and clarify the scope of this Request." Plaintiffs never followed up in any way.

22.  On January 17, 2022, the NFL Defendants began receiving a limited subset of data from NBC on total minutes watched on various platforms affiliated with NBC for individuals who have both viewed a minimum amount of NFL content on their platforms and have agreed that certain identifying information may be shared with the NFL.  The NFL Defendants notified Plaintiffs of this additional limited data less than a month after the NFL began receiving it, and this data has already been produced to Plaintiffs. The NFL does not possess any other information about the actual viewership habits of individual fans outside of the limited data received from NBC.

23.  Through their own diligence, the NFL Defendants learned of named plaintiff Mr. Holinko's passing on January 18, 2022.  Plaintiffs did not inform the NFL Defendants of this fact until January 24, 2022 and indicated that they would propose a new class representative within a week.  As of the date of this filing, Plaintiffs have not yet proposed a new class representative.

5

Case No. 2:15-ml-02668-PSG (JEMx)   Declaration of Rakesh Kilaru in Support of NFL Defendants' Opposition to Plaintiffs' Motion to Amend Scheduling Oder [ECF No. 423]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 25th day of February 2022 in Washington, D.C.

Dated: February 25, 2022

Respectfully submitted,

*/s/ Rakesh N. Kilaru*

Rakesh N. Kilaru (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

6

Case No. 2:15-ml-02668-PSG (JEMx)    Declaration of Rakesh Kilaru in Support of NFL Defendants' Opposition to Plaintiffs' Motion to Amend Scheduling Oder [ECF No. 423]

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

7

Case No. 2:15-ml-02668-PSG (JEMx)   Declaration of Rakesh Kilaru in Support of NFL Defendants' Opposition to Plaintiffs' Motion to Amend Scheduling Oder [ECF No. 423]