Marc M. Seltzer (54534)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Scott Martin (Pro Hac Vice)
smartin@hausfeld.com
Irving Scher (Pro Hac Vice)
ischer@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer (Pro Hac Vice)
hlanger@langergrogan.com
Edward Diver (Pro Hac Vice)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**REPLY DECLARATION OF PETER E. LECKMAN IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: March 18, 2022<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

I, Peter Leckman, declare as follows:

1. I am a partner at the law firm of Langer, Grogan & Diver P.C., and attorney of record for Plaintiffs in this action. I am admitted to practice in California and the United States District Court for the Central District of California in this action. I submit this reply declaration in support of the Plaintiffs' Motion to Amend the Scheduling Order. I am competent to testify to the matters stated herein and have personal knowledge of the facts and statements in this reply declaration.

2. On January 22, 2021, Plaintiffs served their first set of requests for the production of documents ("RFPs") on the NFL Defendants, attached hereto as Exhibit A. The first set of RFPs contained 104 requests, including, among others:

- RFP No. 4: All documents, including all contracts and documents reflecting communications, relating to the licensing and distribution of NFL football games over television since January 1, 1987.
- RFP No. 5: All documents, including all contracts and documents reflecting communications, between Clubs and the League regarding the video distribution of NFL football game programming, including by online streaming and over television
- RFP No. 9: All minutes of the NFL Executive Committee or meetings of Club owners concerning or relating to any media policies.
- RFP No. 11: All documents relating to League-wide Media rules and policies.
- RFP No. 12: All documents relating to the negotiation of television contracts, including documents relating to pricing guidelines, pricing methods, pricing formulas, pricing procedures, or authorization procedures.
- RFP No. 13: All documents relating to any Club's interest, analysis, or consideration of its rights to separately license the broadcast of its games

1

on television.

- RFP No. 14: All documents relating to financial or economic analysis of Media and Media policies by or for you.

- RFP No. 15: All documents relating to analysis of actual or potential consumer usage/viewership of NFL Sunday Ticket, or any package offering less games than NFL Sunday Ticket (e.g., packages of individual games or games of individual Clubs), in the United States or elsewhere, and any other satellite or direct-to-consumer packages sold under any branding, including, but not limited to, fan, market, consumer, or surveys or analysis, business reviews or reports, or competition reviews.

- RFP No. 17: All documents related to analysis of actual or potential consumer or customer usage of NFL games broadcast via the internet, mobile phones, or any other electronic means.

- RFP No. 21: All non-transaction specific documents relating to the price of subscribers of the NFL Sunday Ticket package and comparable packages in Canada, Mexico and other foreign countries (including price analyses, announcements, price changes, explanations of the reasons for price changes, price lists, pricing policies, pricing guidelines, pricing methods, and pricing formulas).

- RFP No. 31: All documents relating to forecasted, projected, estimated, planned, or actual demand for live presentation of professional football games in the United States.

- RFP No. 100: All documents created by or related to the NFL's Long Range Planning Committee concerning media rights or revenue-sharing.

- RFP No. 101: All documents created by or related to the NFL's finance committee concerning media rights or revenue-sharing.

- RFP No. 103: All documents related to NFL Game Pass.

3. Also on January 22, 2021, the NFL Defendants produced their amended Rule 26 Initial Disclosures, identifying at least 20 individuals by name (excluding the Plaintiffs) with potentially relevant knowledge or discoverable information. NFL Defendants also identified categories of individuals, including certain "Executives from CBS Sports" or "Executives from FOX Sports" that may have discoverable information.

4. Upon the exchange of the amended Rule 26 Initial Disclosures and Plaintiffs' first set of RFPs, the parties began to meet and confer about the proper scope of discovery, and they negotiated a search methodology for gathering discoverable information.

5. On April 8, 2021, Plaintiffs served a second set of requests for five additional categories of documents, including, among others:

- RFP No. 107: All documents reflecting ratings data from the Nielsen Company, LLC and from television broadcast providers, including aggregate-level estimates of viewership of live NFL football telecasts in the United States and viewership demographics
- RFP No. 109: All documents produced by any party and transcripts of any depositions taken in National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd., No. 1:95-cv-07951-SAS-THK (S.D.N.Y)
- RFP No. 110: All expert reports, settlement agreements, and non-privileged communications relating to National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd., No. 1:95-cv-07951-SAS-THK (S.D.N.Y.)
  See Exhibit B.

6. The NFL Defendants made their first production of documents in response to the RFPs on August 13, 2021. Ten days later, on August 23, 2021, Plaintiffs served a third set of RFPs "solely due to the NFL Defendants' objection to producing documents prior to 2011." Exhibit C (Letter from E. Delman to J. Barber). The third set of RFPs consisted of 36 requests that were "largely duplicative" of RFPs that had already been served. These included:

- RFP No. 112: All documents, including all contracts and documents reflecting communications, between Clubs and the League regarding the video distribution of NFL football game programming, including by online streaming and over television.
- RFP No. 114: All documents relating to any Club's interest, analysis, or consideration of its rights to separate license the broadcast of its games on television.
- RFP No. 115: All documents relating to financial or economic analysis of Media and Media policies by or for you. *See* Exhibit D.

7. Plaintiffs served a fourth set of RFPs on October 18, 2021, the last one before the substantial completion deadline, seeking one category of documents:

8. All contracts, and documents reflecting communications about those contracts, between the League and any distributor or licensee of telecasts of live regular season NFL football games, whether such telecast is transmitted by over-the-air broadcast, via an MVPD, or via broadband or other internet connection to a streaming platform.

9. These later served document requests were more narrowly tailored to seek discrete categories of documents that were not necessarily subject to search term and custodian negotiations—including documents from prior litigation, Nielsen ratings data, contracts between the NFL and any distributor of live NFL football games.

10. By October 22, 2021, NFL Defendants had produced 513,398 pages of materials for Plaintiffs' review. NFL Defendants did not certify substantial completion, but Plaintiffs assumed the production to be complete given the October 22 deadline imposed by this Court, as well as the fact that NFL Defendants represented that their productions were substantially complete in the joint stipulation filed on November 19, 2021. ECF No. 362.

11. Following the joint stipulation, Plaintiffs continued to review and analyze the NFL Defendants' productions and meet and confer with DirectTV about their planned productions.

12. The NFL Defendants made subsequent productions, including one on November 29, 2021, totaling 28,825 pages; another on December 31, 2121, totaling 311,187 pages; and yet another on January 31, totaling 252,148 pages. In total, NFL Defendants' productions from October 22, 2021 until January 31, 2022 amounted to an additional 592,161 pages of materials for Plaintiffs to review.

13. As discussed in my prior declaration in connection with this motion, huge numbers of these later-produced documents appear on their face to be responsive to one or more RFPs contained in the initial set served by Plaintiffs on January 22, 2021. Additionally, certain keyword searches that have been used over the set of documents produced over the set of productions made after October 22, 2021 indicate that they are materials related to the first requests. For example, Plaintiffs sought "documents related to NFL Game Pass" in the first set of RFPs (RFP No. 103) and I am informed that the search term "gamepass" yields 50,249 pages of materials in the documents produced after October 22, 2021. RFP No. 60 sought "All documents concerning the characteristics (including preferences or proclivities) of NFL games or fans of professional football in comparison to the games, events, or fans of other sporting or entertainment activities" and the search term "fan research" yields at least 22,741 pages of material.

14. Random sampling also confirms that the documents produced after October 22 were overwhelmingly in response to the first set of RFPs. The NFL Defendants produced, for example, a presentation (NFL_0569094) which breaks down revenue among the various NFL properties and revenue streams, like sponsorships, Sunday Ticket, broadcasting, etc., as well as viewership numbers. This is directly responsive to requests in the first set of RFPs, including RFP No. 25 (All documents reflecting Your revenue and earnings derived, directly or indirectly from the NFL Sunday Ticket package), RFP No. 66 (All documents or analyses concerning any impact on television viewership or revenues as a result of the NFL Sunday Ticket package), and RFP No. 61 (All documents reflecting any discussion of the benefits or relative merits of advertising and sponsorship opportunities with the League or any member Club). Indeed, I am informed that a search of the term "business planning" over a set of documents produced after October 22, 2021 yields 48,934 pages of materials.

15. Similarly, using the metadata from the documents produced, I am informed that a substantial number of the documents produced after October 22, 2021 contain "mediastorageimage" in their filepath. From a sampling of documents with "mediastorageimage" in the filepath, I am informed there are documents such as presentations related to the NFL's media committee, digital media efforts, and proposals about NFL Sunday Ticket (e.g., NFL_0780641, NFL_1086851, NFL_1085643, and NFL_1081144); and several excel spreadsheets that contain detailed information about the NFL's broadcasting packages, ratings information, and revenues and expenses of various distribution channels for NFL games (NFL_0536900, NFL_0537080, NFL_0537087, NFL_0537151, NFL_0536903). These documents would all be responsive to requests served in Plaintiffs' first set of RFPs to NFL Defendants, including, but not limited to, RFP No. 4 (All documents, including all contracts and documents reflecting communications, relating to the

licensing and distribution of NFL football games over television since January 1, 1987); RFP No. 14 (All documents relating to financial or economic analysis of Media and Media policies by or for you.); RFP No. 54 (All documents relating to any consideration of, or decision related to, the availability of live NFL game broadcasts over the internet or on mobile devices); RFP No. 66 (All documents or analyses concerning any impact on television viewership or revenues as a result of the NFL Sunday Ticket package); RFP No. 102 (All documents related to NFL RedZone or DirecTV's Red Zone channel (hereafter, "either product"), including documents relating to . . . Any analysis, report, study, or communication regarding the distribution of either product or similar products on different platforms, including mobile or the internet)

16. I am informed that there are at least 133,826 pages of materials with "mediastorageimage" in the filepath name of documents produced after October 22, 2021.

17. On January 25, 2021, Plaintiffs served their first interrogatory on NFL Defendants seeking:

> all categories of information in your possession, custody, or control that reflects or is or can be associated with individual consumers or viewers of live NFL football telecasts, including, but not limited to (a) the personal dentification of consumers and viewers; (b) the number of such viewers and consumers of NFL telecasts and their demographics; (c) purchases of any product; (d) preferred NFL football teams of consumers or viewers of NFL telecasts; and (e) viewership of other sports programming by consumers or viewers of NFL telecasts.
> See Dkt. No. 423-4.

18. The NFL Defendants asserted in their response, dated March 10, 2021, that they maintained a Fan Centric Marketing database, but that nothing in that database could be associated in any way with individuals who watch live NFL football telecasts.

19. During the course of Plaintiffs' review of materials, it was discovered that the NFL maintained a database that contains extensive information about NFL

fans, including demographic data, merchandise purchases, and subscriptions to various products related to NFL football – including NFL Sunday Ticket – the product at the heart of this litigation and a product that contains *nothing* other than live professional football telecasts. (e.g., NFL_0236766). Plaintiffs discovered that this Fan Centric Marketing Database contains precisely the type of information Plaintiffs sought in the January 25, 2021 interrogatory discussed above, including the names and addresses of fans, favorite teams, and other demographic information. *See, e.g.,* NFL_0724337.

20. Upon discovery of the true nature of the Fan Centric Marketing Database, Plaintiffs promptly sent a Rule 37-1 Letter to NFL Defendants on January 18, 2022, requesting supplementation of their response to the interrogatory discussed above. The parties met and conferred and on Saturday, February 19, 2022, one day after the filing of Plaintiffs' Motion to Amend the Scheduling Order, NFL Defendants produced the data related to the Fan Centric Marketing Database.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Signed on this 4th day of March 2022 in Philadelphia, Pennsylvania.

                                */s/ Peter Leckman*
                                Peter Leckman