# EXHIBIT D

|    |                                                                                     |                                              |
|----|-------------------------------------------------------------------------------------|----------------------------------------------|
| 1  | MARC M. SELTZER (54534)                                                             |                                              |
| 2  | mseltzer@susmangodfrey.com<br>RAYMOND K. WRIGHT (331950)                            |                                              |
| 3  | rwright@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.                                  |                                              |
| 4  | 1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029                  |                                              |
| 5  | Tel: (310) 789-3100/Fax: (310) 789-3150                                             |                                              |
| 6  | SCOTT MARTIN<br>smartin@hausfeld.com                                                |                                              |
| 7  | IRVING SCHER<br>ischer@hausfeld.com                                                 |                                              |
| 8  | HAUSFELD LLP<br>33 Whitehall Street, 14th Floor                                     |                                              |
| 9  | New York, NY 10004<br>Tel: (646) 357-1100/ Fax: (2121) 202-4322                     |                                              |
| 10 | HOWARD LANGER                                                                       |                                              |
| 11 | hlanger@langergrogan.com<br>EDWARD DIVER                                            |                                              |
| 12 | ndiver@langergrogan.com<br>PETER LECKMAN                                            |                                              |
| 13 | pleckman@langergrogan.com<br>LANGER GROGAN AND DIVER PC                             |                                              |
| 14 | 1717 Arch Street, Suite 4130<br>Philadelphia, PA 19103                              |                                              |
| 15 | Tel: (215) 320-5660/ Fax: (215) 320-5703                                            |                                              |
| 16 | [Additional Counsel listed on Signature Page]                                       |                                              |
| 17 | *Plaintiffs' Interim Co-Lead Class Counsel*                                         |                                              |
| 18 |                                                                                     |                                              |
| 19 | **UNITED STATES DISTRICT COURT**                                                    |                                              |
| 20 | **CENTRAL DISTRICT OF CALIFORNIA**                                                  |                                              |
| 21 |                                                                                     |                                              |
| 22 | IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION              | CASE NO.: 2:15-ml-02668−PSG (JEMx)           |
| 23 |                                                                                     | CLASS ACTION                                 |
| 24 |                                                                                     |                                              |
| 25 | THIS DOCUMENT RELATES TO ALL ACTIONS                                                | **PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO NFL DEFENDANTS** |
| 26 |                                                                                     |                                              |
| 27 |                                                                                     |                                              |
| 28 |                                                                                     |                                              |

8056075v1/014918

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs Ninth Inning Inc., dba The Mucky Duck, 1465 Third Avenue Restaurant Corp., dba Gael Pub, Robert Gary Lippincott, Jr., and Michael Holinko |
| RESPONDING PARTY: | NFL Defendants (as defined below) |
| SET NUMBER: | FOUR |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that each of the NFL Defendants (as defined below) produce the documents and things herein requested within 30 days of the date of service at the offices of Susman Godfrey L.L.P, 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067, or such other time and place as may be agreed upon by counsel. Pursuant to Federal Rule of Civil Procedure 34(b), unless otherwise specified, all documents must be organized and labeled to correspond to the categories in the associated document request. Corrections and supplemental responses and production of documents are required to be made as provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions and instructions shall apply to these document requests:

1. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of the requests documents which might otherwise be construed to be outside the scope so as to give the broadest possible meaning to a particular request in which either or both is used. The singular includes the plural number and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

2.  "Club" means any football club or team that is a member of the National Football League.

3.  "Communication" means, without limitation, the imparting or exchange of information, thoughts, or opinions by any means including orally, in writing, by signs, signals, or code, including oral, written or electronic communications, such as face-to-face meetings, electronic communications, emails, facsimiles, telephone communications, correspondence, or other exchange of written or recorded information. The phrase "communication between" is defined to include instances where one party addresses the other party, but the other party does not necessarily respond.

4.  "Document" means any writing or other thing as described in Rule 34 of the Federal Rules of Civil Procedure and includes the original and all non-identical copies of all written, printed, recorded, or electronically stored information, including, but not limited to, letters, correspondence, memoranda, drafts, legal pleadings, calendars, diaries, day planners, journals, travel records, lists, outlines, summaries, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, databases, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, telephone records, voicemail, telegrams, facsimiles, photographs, videotapes, audiotapes, digital audio or video recordings, other film and sound reproductions, presentations, slideshows, emails, email attachments, text messages, instant messages, internal or external web sites, social networking data and messages, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, transcripts, all written or graphic records or representations of any kind, and all electronic data, records or representations of any kind, including all file folders, directories, and metadata.

5.  "Electronically stored information" ("ESI") includes, without limitation, the following:

      a.      Activity listings of electronic mail receipts or transmittals;

      b.      Output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, mobile instant messengers, web browser-based messengers or social network messengers) or bulletin board programs, operating and backup systems, source code, PRF files, PRY files, batch files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a backup file or system, a deleted file or system, or file fragment; and

      c.      Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, cloud data centers or in any other vehicle for digital data storage or transmittal, such as, but not limited to, desktop computers, servers, and other network computers, backup tapes or systems, laptop computers, tablets, iPhones, cellular telephones, or similar device, external storage devices (such as "keychain" drives) and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

6.     "MVPD" means any multichannel video programming distributor, including, but not limited to, DirecTV, Comcast, Spectrum, or Cox.

7.     "NFL" or "League" means the National Football League, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity that the NFL manages or controls, including those merged with or acquired by the NFL, together with all present and former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on their behalf.

8.     "NFL Defendants" means the NFL and NFL Enterprises, LLC.

3

9. "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state, or any foreign country.

10. "Relating to," "referring to," "regarding," "with respect to" or "concerning" mean, without limitation, the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluation, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other documents.

11. "You," "your" or "your company," unless otherwise noted, means each Defendant to whom these requests are directed, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity that it manages or controls, including those merged with or acquired by a Defendant, together with all present and former directors, officers, employees, agents, attorneys, representative, or any persons acting or purporting to act on their behalf.

## INSTRUCTIONS

1. Request for Production Number 111 calls for documents, data, and other information prepared, created, sent, altered, or received since January 1, 1994.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document covered by these requests, you shall make any such document available to Plaintiffs.

3. These document requests are directed to each of the NFL Defendants and it is the responsibility of each NFL Defendant to respond separately to the document requests independently of any response by another NFL Defendant.

4. In producing documents and other materials, you are to furnish all documents in your possession, custody, or control regardless of whether such documents or materials are physically or otherwise possessed, in the custody of or controlled directly or indirectly by you or your current or former employees, agents or former agents, parents, subsidiaries, affiliates, investigators, or by your attorneys or their employees, agents or investigators. Archived documents, ESI, or other information maintained by third-party vendors, cloud data centers, or off-site shall be considered within your possession, custody or control.

5. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks that may be present on the container.

6. Documents attached to one another should not be separated. If any portion of any document is responsive to any portion of the document requests below, then the entire document must be produced.

7. Documents shall be produced in such fashion as to identify the department branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

8. All documents produced should be numbered sequentially, with a unique production number on each page (i.e., a Bates number), and with a prefix identifying the party producing the document. An electronic document produced in its native format shall include the document's production number and associated metadata.

9. If a document once existed and subsequently has been lost, destroyed, or is otherwise missing or cannot be located, you should provide sufficient

information to identify the document or state, in writing, the details, including whether the document:

    a.    is lost or missing;

    b.    has been destroyed and, if so, by whom at whose request;

    c.    has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose direction or request; or

    d.    has been otherwise disposed of.

10.    In each instance in which a document once existed but now is lost or missing or has been destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

    a.    the identity of the person or entity who last possessed the document;

    b.    the date or approximate date of the document's disposition; and

    c.    the identity of all persons who have or had knowledge of the documents' contents.

11.    If any document responsive to any of these requests is claimed to be privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim of privilege, as required by Federal Rules of Civil Procedure, including the following information:

    a.    the reason for withholding the document;

    b.    the date of the document;

    c.    the nature of the document;

    d.    the general subject matter of the document;

    e.    the present location of the document; and

    f.    the number or numbers of these document requests to which such document is responsive.

12. Each document requested herein should be produced in its entirety and without deletion, redaction or excision, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document on the ground of privilege, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.

13. All documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

14. All ESI shall be produced in such fashion as to identify the location, i.e., the network file folder, hard drive, back-up tape, or other location, where the documents are stored and, where applicable, the natural person in whose possession they were found and the name and business address of each document's custodian. All ESI must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

15. ESI shall be produced, in its native format without deletion or alteration of metadata, or in a reasonably usable format agreed upon by the parties and shall include information or instructions sufficient to enable the propounding party to access the ESI in such format.

16. If a producing party produces electronic documents without some or all of the metadata that was contained in the electronic documents, the producing party shall inform all other parties of this fact, in writing, at or before the time of production.

**DOCUMENT REQUEST**

**REQUEST FOR PRODUCTION NO. 111:**

All contracts, and documents reflecting communications about those contracts, between the League and any distributor or licensee of telecasts of live regular season NFL football games, whether such telecast is transmitted by over-the-air broadcast, via an MVPD, or via broadband or other internet connection to a streaming platform.

Dated: October 18, 2021

Respectfully submitted,

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

SCOTT MARTIN
IRVING SCHER
HAUSFELD LLP

HOWARD LANGER
EDWARD DIVER
PETER LECKMAN
LANGER GROGAN AND DIVER PC

ARUN SUBRAMANIAN
asubramanian@susmangodfrey.com
WILLIAM CHRISTOPHER CARMODY
bcarmody@susmangodfrey.com
SETH ARD
sard@susmangodfrey.com
EDWARD DELMAN
edelman@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd FL.
New York, NY 10019
Tel: (212) 336-8330/ Fax: (212) 336-8340

IAN M. GORE
igore@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841/Fax: (206) 516-3883

MICHAEL D. HAUSFELD
mhausfeld@hausfeld.com
HAUSFELD LLP
1700 K. Street NW, Suite 650

Washington, DC 20006
Tel: (202) 540-7200/Fax: (202) 540-7201

MICHAEL P. LEHMANN
mlehmann@hausfeld.com
BONNY E. SWEENY
bsweeney@hausfeld.com
CHRISTOPHER L. LEBSOCK
lebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908/Fax: (415) 358-4980

By:   /s/ *Ian M. Gore*
     Ian M. Gore

*Attorneys for Plaintiffs' Interim Co-Lead Class Counsel*

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action; my business address is 1301 Avenue of the Americas, 32nd Fl., New York, New York 10019.

On October 18, 2021, I served the foregoing document(s) described as follows:

**PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO NFL DEFENDANTS**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

**See Attached Service List**

_____  BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____  BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____  BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____  BY FAX
I served by facsimile as indicated on the attached service list.

__XX__  BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on October 18, 2021, at New York, NY.

_____  (State) I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

__XX__  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Renee Bien-Aime                                    _____
(Type or Print Name)                                       (Signature)

10

# **SERVICE LIST**

Gregg H. Levy
glevy@cov.com
Derek Ludwin
dludwin@cov.com
**COVINGTON & BURLING LLP**
850 Tenth Street NW One City Center
Washington, DC 20001-4956
Telephone: (202) 622-5292
Facsimile: (202) 662-6804

Neema T. Sahni
nsahni@cov.com
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 1500
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4782

Beth A. Wilkinson
bwilkinwon@wilkinsonstekloff.com
Rakesh Kilaru
rkilaru@wilkinsonstekloff.com
Brian L. Stekloff
bstekloff@wilkinsonstekloff.com
Jeremy S. Barber
jbarber@wilkinsonstekloff.com
**WILKINSON STEKLOFF LLP**
2001 M Street NW, Suite 10th Floor
Washington, DC 20036
Telephone: (424) 291-9661

*Counsel for Defendants National Football League, Inc. and NFL Enterprises LLC and the Individual NFL Clubs*