Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the NFL Member Clubs*

[Additional Counsel Listed on Signature Pages]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS<br><br>Case No. 2:15-cv-02668-PSG-JEM | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**NFL DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO SECTIONS 1 AND 2 OF THE SHERMAN ACT**<br><br>Judge:  Hon. Philip S. Gutierrez |

Defendants National Football League (the "NFL"), NFL Enterprises LLC, and the 32 NFL member clubs[1] (collectively "NFL Defendants"), by and through their counsel of record, hereby state as follows for their Answer to the Second Consolidated Amended Complaint for Damages and Declaratory and Injunctive Relief Pursuant to Sections 1 and 2 of the Sherman Act (the "Complaint"):

## RESPONSE TO "INTRODUCTION"

1.      Paragraph 1 and footnote 1 contain legal argument and, as such, no response is required.  To the extent a response is required, NFL Defendants admit that the United States Supreme Court issued an opinion in *American Needle, Inc. v. NFL*, 560 U.S. 183 (2010) and deny any characterization.  NFL Defendants also admit that the 32 NFL member clubs compete on the football field to generate an integrated entertainment product.  NFL Defendants further admit that NFL Enterprises LLC has licensed DIRECTV[2] to offer the NFL Sunday Ticket product ("Sunday Ticket") to residential and commercial subscribers since 1994.  NFL Defendants further admit that Sunday Ticket allows residential and commercial subscribers to watch some or all of the televised broadcasts for Sunday afternoon regular season NFL games,

---

[1] The 32 NFL member clubs that have been named as Defendants in this action include the Arizona Cardinals, Inc., Atlanta Falcons Football Club LLC, Baltimore Ravens Limited Partnership, Buffalo Bills, Inc., Panthers Football LLC, Chicago Bears Football Club, Inc., Cincinnati Bengals, Inc., Cleveland Browns LLC, Dallas Cowboys Football Club, Ltd., Denver Broncos Football Club, Detroit Lions, Inc., Green Bay Packers, Inc., Houston NFL Holdings LP, Indianapolis Colts, Inc., Jacksonville Jaguars Ltd., Kansas City Chiefs Football Club, Inc., Miami Dolphins, Ltd., Minnesota Vikings Football Club LLC, New England Patriots, LP, New Orleans Saints LLC, New York Football Giants, Inc., New York Jets Football Club, Inc., Oakland Raiders LP, Philadelphia Eagles Football Club, Inc., Pittsburgh Steelers Sports, Inc., Chargers Football Co., LLC, San Francisco Forty Niners Ltd., Football Northwest LLC, The Los Angeles Rams, LLC, Buccaneers Limited Partnership, Tennessee Football, Inc., and Washington Football Inc. (collectively the "NFL member clubs").  Second Consolidated Am. Compl. ¶¶ 29–33.

[2] As used herein, "DIRECTV" collectively refers to Defendants DIRECTV Holdings LLC and DIRECTV, LLC.

including games that would not otherwise be available on free, over-the-air television in the subscribers' home markets (hereinafter referred to as "out-of-market games").   NFL Defendants deny the remaining allegations in Paragraph 1 and footnote 1.

2.      Paragraph 2 contains legal argument and, as such, no response is required.   To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953) and deny any characterization.   NFL Defendants deny the remaining allegations in Paragraph 2.

3.      Paragraph 3 contains legal argument and, as such, no response is required.   To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 196 F. Supp. 445 (E.D. Pa. 1961) and deny any characterization.   NFL Defendants also admit that the NFL supported the enactment of the Sports Broadcasting Act of 1961 ("SBA"), which allows the NFL member clubs to jointly sell or transfer the rights to sponsored telecasts.   NFL Defendants further admit that Congress passed the SBA, 15 U.S.C. § 1291, and deny any characterization.   NFL Defendants deny the remaining allegations in Paragraph 3.

4.      NFL Defendants deny the allegations in Paragraph 4.

5.      Paragraph 5 and footnote 2 contain legal argument and, as such, no response is required.   To the extent a response is required, NFL Defendants admit that the United States District Court for the Southern District of New York issued an opinion in *Laumann v. NHL*, 56 F. Supp. 3d 280 (S.D.N.Y. 2014) and deny any characterization.   NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 pertaining to other major sports leagues in America, Major League Baseball ("MLB"), the National Hockey League ("NHL"), or the National Basketball Association ("NBA").   NFL Defendants deny the remaining allegations in Paragraph 5 and footnote 2.

6.      Paragraph 6 contains legal argument and, as such, no response is required.  To the extent a response is required, NFL Defendants deny the allegations in Paragraph 6.

7.      NFL Defendants admit that NFL Enterprises LLC has licensed DIRECTV to offer Sunday Ticket to residential and commercial subscribers.  NFL Defendants further admit that Sunday Ticket allows residential and commercial subscribers to watch out-of-market Sunday afternoon regular season NFL games.  NFL Defendants deny the remaining allegations in Paragraph 7.

8.      NFL Defendants admit that Sunday Ticket allows residential and commercial subscribers to watch out-of-market Sunday afternoon regular season NFL games.  NFL Defendants further admit that DIRECTV receives and packages the broadcast "feeds" from the regular season Sunday afternoon games currently produced by CBS and FOX to offer Sunday Ticket to its residential and commercial subscribers.  Upon information and belief, NFL Defendants further admit that DIRECTV markets Sunday Ticket through advertising but deny any characterization.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 pertaining to commercial subscribers for Sunday Ticket.  NFL Defendants deny the remaining allegations in Paragraph 8.

9.      Paragraph 9 contains legal argument and, as such, no response is required.  To the extent a response is required, NFL Defendants deny the allegations in Paragraph 9.

10.      Paragraph 10 contains legal argument and, as such, no response is required.  To the extent a response is required, NFL Defendants admit that contractual arrangements exist between the NFL Defendants and each of DIRECTV, FOX, CBS, ESPN, and NBC providing for the license of rights to broadcast NFL games.  NFL Defendants also admit that authorized television broadcasts of some regular season Sunday afternoon NFL games are unavailable to consumers in their home markets unless they subscribe to Sunday Ticket.  Upon information and belief, NFL

Defendants further admit that DIRECTV advertises Sunday Ticket on its website, and that DIRECTV's price for Sunday Ticket exceeds $120,000 per year for the largest of its commercial subscribers.   NFL Defendants deny the remaining allegations in Paragraph 10.

11.   Paragraph 11 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 11.

12.   Paragraph 12 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 12.

13.   NFL Defendants admit that NFL Enterprises LLC has licensed with DIRECTV to offer Sunday Ticket to residential and commercial subscribers since 1994.  Paragraph 13 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the remaining allegations in Paragraph 13.

14.   NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 pertaining to the distribution of out-of-market games by MLB, the NHL, or the NBA, or the prices charged by DIRECTV for packages it offers of out-of-market MLB, NHL, or NBA games.   NFL Defendants deny the remaining allegations in Paragraph 14.

15.   NFL Defendants admit that Sunday Ticket is distributed on a non-exclusive basis in certain countries outside of the United States.  NFL Defendants deny the remaining allegations in Paragraph 15.

16.   Upon information and belief, NFL Defendants admit that an establishment's Fire Code Occupancy can be a factor in the prices for Sunday Ticket that DIRECTV sets for some of its commercial customers.  NFL Defendants further admit that, in 2015, DIRECTV's price for Sunday Ticket exceeded $120,000 per year for the largest of its commercial subscribers.   NFL Defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 16 pertaining to the prices charged by DIRECTV for the MLB Extra Innings package.  NFL Defendants deny the remaining allegations in Paragraph 16.

17.     Paragraph 17 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that NFL Enterprises LLC has licensed DIRECTV to offer Sunday Ticket to residential and commercial subscribers.  Upon information and belief, NFL Defendants further admit that Sunday Ticket pricing in Canada is approximately $199.00 Canadian dollars.  NFL Defendants deny the remaining allegations in Paragraph 17.

18.     Paragraph 18 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit, upon information and belief, that a merger between DIRECTV and AT&T was finalized in July 2015 following conditional approval by the Federal Communications Commission ("FCC") and deny any characterization.  Upon information and belief, NFL Defendants further admit that DIRECTV filed a Prospectus Supplement pursuant to Rule 424(b)(2) with the Securities and Exchange Commission on December 3, 2014, which contained the quote in Paragraph 18, but deny any characterization.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 pertaining to DIRECTV's operations.

19.     Paragraph 19 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 19.

20.     Paragraph 20 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 20 and deny that Plaintiffs are entitled to relief in this case.

### RESPONSE TO "JURISDICTION AND VENUE"

21.     Paragraph 21 contains legal argument and, as such, no response is required.

22.     Paragraph 22 contains legal argument and, as such, no response is required.

23.     NFL Defendants deny that any purported class member was injured as a result of any conduct by NFL Defendants.  Upon information and belief, NFL Defendants admit that DIRECTV is headquartered in El Segundo, California.

## RESPONSE TO "PARTIES"

24.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     NFL Defendants admit that, until 2015, the NFL was an unincorporated association comprised of the NFL member clubs.  NFL Defendants also admit that the NFL member clubs are separately owned and headquartered in various cities across the United States.  NFL Defendants further admit that the NFL member clubs compete against each other on the field to generate an integrated entertainment product.  NFL Defendants deny the remaining allegations in Paragraph 28.

29.     NFL Defendants deny the allegations with respect to "Arizona Cardinals, Inc.," "Buffalo Bills, Inc.," "Cleveland Browns LLC," "Denver Broncos Football Club," "Jacksonville Jaguars Ltd.," "Minnesota Vikings Football Club LLC," "New England Patriots, LP," "New York Jets Football Club, Inc.," "Oakland Raiders LP," "Philadelphia Eagles Football Club, Inc.," "Pittsburgh Steelers Sports, Inc.," "The Rams Football Company LLC," "San Diego Chargers Football Co.," "San Francisco Forty Niners Ltd.," "Buccaneers Limited Partnership," and "Washington Football Inc."  NFL Defendants admit the remaining allegations in Paragraph 29.

30.     NFL Defendants admit that the NFL and Defendant NFL Enterprises LLC are headquartered in offices located at 345 Park Avenue, New York, New York.  NFL

Defendants further admit that NFL Enterprises LLC owns or has the commercial right to license intellectual property rights relating to the NFL.  NFL Defendants deny the remaining allegations in Paragraph 30.

31.    NFL Defendants admit that the NFL and its 32 member clubs operate as an integrated joint venture that produces and distributes NFL football.  NFL Defendants further admit that, pursuant to this joint venture, the NFL member clubs cooperate according to the terms of the National Football League Constitution and Bylaws, which the NFL member clubs have each agreed to be bound by in order to promote the best interests of NFL football.  NFL Defendants deny the remaining allegations in Paragraph 31.

32.    Paragraph 32 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States Supreme Court issued an opinion in *American Needle, Inc. v. NFL*, 560 U.S. 183 (2010) and in *NCAA v. Board of Regents*, 468 U.S. 85 (1984) and deny any characterization.  NFL Defendants deny the remaining allegations in Paragraph 32.

33.    No response is required to Paragraph 33 as it does not contain any allegations.

34.    Upon information and belief, NFL Defendants admit that DIRECTV Holdings LLC is a Delaware Limited Liability Company and has its principal place of business at 2230 East Imperial Highway, El Segundo, California.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34.

35.    Upon information and belief, NFL Defendants admit that DIRECTV, LLC is a California Limited Liability Company and has its principal place of business at 2230 East Imperial Highway, El Segundo, California.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.    No response is required to Paragraph 36 as it does not contain any allegations.

### RESPONSE TO "TRADE AND COMMERCE"

37.     NFL Defendants admit that the NFL is the largest provider of professional football in the United States.  Upon information and belief, NFL Defendants further admit that the 2015 Super Bowl was the most-watched program in the United States, with 114.4 million viewers.  NFL Defendants deny the remaining allegations in Paragraph 37.

38.     NFL Defendants admit that, in 2011, the NFL negotiated nine-year extensions of existing broadcast agreements with FOX, CBS, and NBC that remain in effect through the 2022 NFL season.  With respect to the remaining allegations in Paragraph 38, NFL Defendants further state that the referenced *Bloomberg* reports and the *Wall Street Journal* article speak for themselves and deny any characterization of these articles.

39.     Paragraph 39 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that in October 2014 the NFL announced that it had reached an eight-year agreement with DIRECTV for the rights to distribute Sunday Ticket.  Defendants further admit that the 2014 agreement extended over four additional years and yielded a higher contract price than the previous agreement with DIRECTV.  NFL Defendants deny the remaining allegations in Paragraph 39.

### RESPONSE TO "CLASS ACTION ALLEGATIONS"

40.     NFL Defendants admit that Plaintiffs purport to bring this action as a class action under Federal Rule of Civil Procedure 23.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and deny that class treatment is appropriate.

41.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     Paragraph 43 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny that members of Plaintiffs' purported Classes have been charged supracompetitive prices for Sunday Ticket.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43.

44.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and deny that class treatment is appropriate.

45.     Paragraph 45 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 45 and deny that class treatment is appropriate.

46.     Paragraph 46 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 46 and its subparts and deny that class treatment is appropriate.

47.     Paragraph 47 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny those allegations and deny that class treatment is appropriate.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47.

48.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     Paragraph 49 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 49 and deny that class treatment is appropriate.

50.     Paragraph 50 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 50 and deny that class treatment is appropriate.

51.     Paragraph 51 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 51 and deny that class treatment is appropriate.

52.     Paragraph 52 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 52 and deny that class treatment is appropriate.

## RESPONSE TO "FACTUAL ALLEGATIONS"

53.     Paragraph 53 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the NFL has negotiated with CBS, NBC, ESPN, and FOX for the rights to produce and broadcast certain NFL games.   NFL Defendants deny that a "market" for "live video presentations of regular season NFL games that includes a distinct submarket for 'out-of-market' games" exists or constitutes a cognizable relevant market for antitrust purposes.  NFL Defendants deny the remaining allegations in Paragraph 53.

54.     Paragraph 54 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny those allegations.  NFL Defendants deny the remaining allegations in Paragraph 54.

55.     NFL Defendants admit that in 1927, 1936, and 1940, an entity called the American Football League was formed that was subsequently disbanded.  NFL Defendants further admit that another entity named the American Football League was formed in 1959, had its first league season in 1960, and merged with the NFL in 1970 following nine league seasons of play.  NFL Defendants deny the remaining allegations in Paragraph 55.

56.     NFL Defendants admit that the United States Football League filed a lawsuit against the NFL and that the United States Court of Appeals for the Second Circuit issued an opinion in *USFL v. NFL*, 842 F.2d 1335 (2d Cir. 1988) and deny any characterization.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 pertaining to the formation

and operations of the United States Football League, Arena Football League, a women's football league, or any minor leagues or talent development leagues.  NFL Defendants deny the remaining allegations in Paragraph 56.

57.     NFL Defendants admit that the NFL is comprised of 32 NFL member clubs, and that the NFL offers a product that is popular with consumers.  NFL Defendants also admit that NFL clubs reside in geographic locations throughout the United States and within 18 of the 25 most populous metropolitan areas.  NFL Defendants deny the remaining allegations in Paragraph 57.

58.     Paragraph 58 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 58.

59.     Upon information and belief, NFL Defendants admit that a merger between DIRECTV and AT&T was finalized in July 2015 following conditional approval by the FCC and deny any characterization.  NFL Defendants further state that the referenced *Forbes* article speaks for itself and deny any characterization of this article in Paragraph 59.  NFL Defendants deny the remaining allegations in Paragraph 59.

60.     NFL Defendants admit the allegations in Paragraph 60.

61.     Paragraph 61 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953) and deny any characterization.  NFL Defendants further state that Article X of the 1953 National Football League Constitution and Bylaws speaks for itself and deny any characterization.  NFL Defendants deny any remaining allegation in Paragraph 61.

62.     Paragraph 62 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the referenced lawsuit was filed and deny any characterization.

63.     Paragraph 63 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953) and deny any characterization.

64.     Paragraph 64 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953) and deny any characterization.

65.     Paragraph 65 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that, by 1960, most NFL teams were licensing games for broadcast on national television networks.  NFL Defendants deny the remaining allegations in Paragraph 65.

66.     Paragraph 66 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the NFL and its 32 member clubs operate as an integrated joint venture that produces and distributes NFL football.  NFL Defendants deny the remaining allegations in Paragraph 66.

67.     Paragraph 67 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 195 F. Supp. 445 (E.D. Pa. 1961) and deny any characterization.

68.     Paragraph 68 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Congress enacted the SBA, which contains the language cited in Paragraph 68, and deny any characterization.   NFL Defendants further admit that the NFL supported the enactment of the SBA.   NFL Defendants deny the remaining allegations in Paragraph 68.

69.     NFL Defendants deny the allegations in Paragraph 69.

70.     Paragraph 70 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that, in 1987, the NFL reached an agreement with ESPN to telecast NFL games for the first time on cable television.  NFL Defendants deny the remaining allegations in Paragraph 70.

71.     Paragraph 71 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 71.

72.     Paragraph 72 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 72.

73.     NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     NFL Defendants admit that, in December 1993, the NFL reached an agreement with FOX for the broadcast rights to a package of NFL games on Sunday afternoons and deny the remaining allegations in the first sentence of Paragraph 74. NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74.

75.     Paragraph 75 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the NFL first offered a package of games that could be sold nationwide during the 1994 NFL season.  NFL Defendants deny the remaining allegations in Paragraph 75.

76.     NFL Defendants admit that, in 1994, the NFL reached an agreement with DIRECTV for the right to offer Sunday Ticket in the United States to residential and commercial subscribers.   NFL Defendants admit that NFL Enterprises LLC continues to have an agreement with DIRECTV for the right to offer Sunday Ticket in the United States to residential and commercial subscribers.  NFL Defendants deny the remaining allegations in Paragraph 76.

77.     NFL Defendants admit that CBS did not broadcast NFL games from 1994 to 1998.  NFL Defendants further admit, upon information and belief, that in 2003, News Corporation acquired 34% of Hughes Electronics Corporation, DIRECTV's parent company, and transferred those holdings to Fox Entertainment Group, Inc.  NFL Defendants further admit that at least one network previously requested a limit on the number of Sunday Ticket subscribers.  NFL Defendants state that the referenced *ESPN* article by Gregg Easterbrook speaks for itself and deny any characterization.  NFL Defendants deny the remaining allegations in Paragraph 77.

78.     NFL Defendants admit that the 2006 NFL Constitution and Bylaws contain NFL 2003 Resolution BC-1, which includes the cited language in Paragraph 78, and deny any characterization.  NFL Defendants deny any remaining allegations in Paragraph 78.

79.     NFL Defendants admit that the 2006 NFL Constitution and Bylaws contain NFL 2004 Resolution BC-3, which includes the cited language in Paragraph 79, and deny any characterization.

80.     Paragraph 80 contains legal argument and, as such, no response is required.  To the extent a response is required, NFL Defendants admit that, pursuant to its agreement with the NFL, DIRECTV uses the feeds of Sunday afternoon games broadcast by CBS and FOX to offer Sunday Ticket to residential and commercial subscribers.  NFL Defendants deny any remaining allegations in Paragraph 80.

81.     NFL Defendants admit that the NFL and its 32 member clubs operate as an integrated joint venture that produces and distributes NFL football.  NFL Defendants also admit that the NFL is authorized to negotiate on behalf of the NFL member clubs for the collective licensing and distribution of rights to broadcast NFL games.  NFL Defendants further admit that, pursuant to the National Football League Constitution and Bylaws, revenues from televised broadcasts of regular season and network preseason games are divided equally among the NFL member clubs.  Defendants deny the remaining allegations in Paragraph 81.

82.    Paragraph 82 contains materially incomplete allegations to which no response is required.   To the extent a response is required, NFL Defendants deny the allegations in Paragraph 82.

83.    NFL Defendants admit that, since 1987, broadcast rights to NFL games have been licensed to over-the-air network and cable broadcasters.   NFL Defendants further admit that the over-the-air network and cable broadcasters to whom the NFL currently licenses broadcast rights for NFL games are NBC, FOX, CBS, ESPN, and NFL Network.   NFL Defendants further admit that, in 2011, the NFL and DIRECTV entered into an eight-year agreement through the 2022 NFL season.    NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 83 pertaining to unidentified reports about the NFL's current broadcasting agreements.   NFL Defendants deny the remaining allegations in Paragraph 83.

84.    NFL Defendants admit that most regular-season Sunday afternoon NFL games start at approximately 1 P.M., 4:05 P.M., or 4:25 P.M. Eastern time.   NFL Defendants further admit that during the regular season, the NFL generally schedules between 10 and 13 games on Sunday afternoons, and one game on each of Sunday, Monday, and Thursday nights.   NFL Defendants further admit that CBS and Fox determine which games will be broadcast in which locations on Sunday afternoons and, at times, discuss that determination with the NFL.   NFL Defendants further admit that, generally, television viewers have free, over-the-air access to two NFL game broadcasts by one network (CBS or FOX) and one NFL game broadcast by the other network on any given Sunday afternoon during the regular season.   NFL Defendants deny the remaining allegations in Paragraph 84.

85.    NFL Defendants admit that generally there are up to two full regular-season games broadcast on free, over-the-air television on Sunday afternoons at any given time in any given location in the United States.   NFL Defendants also admit that generally three full regular-season games will be broadcast on free, over-the-air

television on Sunday afternoons in any given location in the United States.  NFL Defendants deny the remaining allegations in Paragraph 85.

86.     NFL Defendants deny the allegations in Paragraph 86.

87.     NFL Defendants deny the allegations in Paragraph 87.

88.     NFL Defendants state that the *Wall Street Journal* article speaks for itself and deny any characterization.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 pertaining to subscription fees charged by ESPN or TNT.  NFL Defendants deny the remaining allegations in Paragraph 88.

89.     NFL Defendants admit that, in 1994, the NFL reached an agreement with DIRECTV for the right to offer Sunday Ticket in the United States to residential and commercial subscribers.  NFL Defendants further admit that Sunday Ticket allows residential and commercial subscribers to watch out-of-market Sunday afternoon regular season NFL games broadcast on FOX and CBS.  NFL Defendants deny the remaining allegations in Paragraph 89.

90.     Paragraph 90 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that DIRECTV receives and packages the broadcast "feeds" from the Sunday afternoon games currently produced by CBS and FOX to offer Sunday Ticket to its residential and commercial subscribers.  NFL Defendants deny the remaining allegations in Paragraph 90.

91.     Paragraph 91 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that they have licensed to DIRECTV the exclusive right to offer Sunday Ticket in the United States to residential and commercial subscribers.   NFL Defendants deny the remaining allegations in Paragraph 91.

92.     Paragraph 92 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the NFL has negotiated agreements with DIRECTV for the rights to Sunday Ticket, and that the

NFL member clubs have voted to ratify those agreements. NFL Defendants further admit that the 2006 NFL Constitution and Bylaws contain NFL 2003 Resolution BC-1 and 2004 Resolution BC-3 and deny any characterization.

93.    Paragraph 93 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Article X of the National Football League Constitution and Bylaws includes provision 10.2(a), which includes the language cited in Paragraph 93, and deny any characterization. NFL Defendants deny the remaining allegations in Paragraph 93.

94.    Paragraph 94 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 94.

95.    NFL Defendants admit that a letter proposal was made by InDemand to former NFL Commissioner Paul Tagliabue on or around December 11, 2002.   NFL Defendants also state that the InDemand letter proposal speaks for itself and deny any characterization.  NFL Defendants further admit that, on December 11, 2002, the NFL announced a five-year exclusive agreement with DIRECTV.   NFL Defendants deny that the NFL's first agreement with DIRECTV for Sunday Ticket expired on December 11, 2002.  NFL Defendants deny any remaining allegations in Paragraph 95.

96.    NFL Defendants admit that, in October 2014, it was announced the NFL had reached an eight-year agreement with DIRECTV for the exclusive right to distribute Sunday Ticket.  NFL Defendants deny the remaining allegations in Paragraph 96.

97.    NFL Defendants admit that the NFL maintains a website that references Sunday Ticket and deny any characterization.  NFL Defendants deny the remaining allegations in Paragraph 97.

98.    NFL Defendants admit that the NFL maintains a website that references Sunday Ticket and deny any characterization.  NFL Defendants deny the remaining allegations in Paragraph 98.

99.    Paragraph 99 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny those allegations.  NFL Defendants deny the remaining allegations in Paragraph 99.

100.    Paragraph 100 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the NCAA.  NFL Defendants deny the remaining allegations in Paragraph 100.

101.    Paragraph 101 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and footnote 6 pertaining to other major American sports leagues, including the NHL, NBA, and MLB.  NFL Defendants deny the remaining allegations in Paragraph 101.

102.    Upon information and belief, NFL Defendants admit that, for the 2015 season, DIRECTV's price for Sunday Ticket exceeded $120,000 for the largest of its commercial subscribers.  NFL Defendants deny the remaining allegations in Paragraph 102.

103.    Paragraph 103 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 103.

104.    Paragraph 104 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that each of the 32 NFL member clubs or their radio partners license radio broadcasts to radio stations and that these broadcasts may be available for free over the Internet.  NFL Defendants further admit that there are generally twice as many radio broadcasts as there are television broadcasts.  NFL Defendants deny any remaining allegations in Paragraph 104.

105.   Paragraph 105 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 105.

106.   Paragraph 106 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 106.

107.   Paragraph 107 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 107.

108.   NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the statement by Rob Stecklow.  NFL Defendants deny the remaining allegations in Paragraph 108.

109.   NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110.   NFL Defendants state that the *Washington Post* article speaks for itself and deny any characterization of the article in Paragraph 110.  NFL Defendants deny the remaining allegations in Paragraph 110.

111.   NFL Defendants state that the *Atlantic Monthly* article speaks for itself and deny any characterization of the article in Paragraph 111.  NFL Defendants deny the remaining allegations in Paragraph 111.

112.   NFL Defendants state that the letter sent to Marlene H. Dortch at the FCC speaks for itself and deny any characterization of this letter in Paragraph 112.  NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112.

113.   Paragraph 113 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.   Paragraph 114 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 114.

115.   Paragraph 115 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Sunday Ticket is distributed on a non-exclusive basis in certain countries outside of the United States. NFL Defendants further admit that DIRECTV offers Sunday Ticket through an online subscription for United States customers who are unable to install DIRECTV in their households.   NFL Defendants deny the remaining allegations in Paragraph 115.

116.   NFL Defendants admit that the NFL issued a press release in 2014, which contains the language cited in Paragraph 116, and deny any characterization.

117.   NFL Defendants admit that the NFL maintains a website that references Sunday Ticket and deny any characterization.  NFL Defendants admit that the NFL issued press releases in 2009 and 2012 announcing contract extensions for Sunday Ticket and deny any characterization.

118.   Paragraph 118 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 118.

119.   Paragraph 119 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 119.

120.   NFL Defendants admit that NFL broadcast rights have value, and that their effective production and distribution of their integrated football product has fostered consumer demand.  NFL Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and footnote 7.

121.   Paragraph 121 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 121.

122.   Paragraph 122 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that, since 2015, the NFL has not barred local broadcasts of NFL games for which fewer than 85% of the available stadium seats had been sold by the local team in that market.   NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 pertaining to the broadcasts of Arena Football League games.   NFL Defendants deny the remaining allegations in Paragraph 122.

123.   Paragraph 123 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *United States v. NFL*, 116 F. Supp. 319 (E.D. Pa. 1953) and deny any characterization.   NFL Defendants further state that the *Forbes* article speaks for itself and deny any characterization of this article in Paragraph 123.   NFL Defendants deny the remaining allegations in Paragraph 123.

124.   Paragraph 124 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 124.

125.   Paragraph 125 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Sunday Ticket is distributed on a non-exclusive basis in certain countries outside of the United States. NFL Defendants further admit that the NFL RedZone service is offered to MVPDs and digital multichannel services on a non-exclusive basis.   NFL Defendants deny the remaining allegations in Paragraph 125.

126.    Paragraph 126 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 126.

127.    Paragraph 127 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 127.

128.    Paragraph 128 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants state that Roger Noll's statements before the United States Judiciary Committee on November 14, 2006 speak for themselves and deny any characterization.

129.    Paragraph 129 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 129.

130.    NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    Paragraph 131 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States Supreme Court issued an opinion in *NCAA v. Board of Regents of Univ. of Okla.*, 468 U.S. 85 (1984) and the United States District Court for the Western District of Oklahoma issued an opinion in *Board of Regents of Univ. of Okla. v. NCAA*, 546 F. Supp. 1276 (W.D. Okla. 1982) and deny any characterization.

132.    Paragraph 132 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States Supreme Court issued an opinion in *NCAA v. Board of Regents of Univ. of Okla.*, 468 U.S. 85 (1984) and deny any characterization.

133.    Paragraph 133 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 133.

134.   Paragraph 134 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 134.

135.   NFL Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.

136.   Paragraph 136 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Southern District of New York issued an opinion in *Madison Square Garden, L.P. v. NHL*, No. 07-8455, 2008 WL 4547518 (S.D.N.Y. Oct. 10, 2008) and deny any characterization.

137.   Paragraph 137 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States Bankruptcy Court for the District of Arizona issued an opinion in *Coyotes Hockey LLC v. NHL*, Av. No. 09-494 (Bankr. D. Ariz. June 5, 2009) and deny any characterization.

138.   Paragraph 138 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Illinois issued an opinion in *Chicago Prof'l Sports L.P. v. NBA*, 754 F. Supp. 1336 (N.D. Ill. 1991), which was affirmed by the United States Court of Appeals for the Seventh Circuit in an opinion at 961 F.2d 667 (7th Cir. 1992), and deny any characterization.

139.   Paragraph 139 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 139.

140.   Paragraph 140 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 140.

141.   Paragraph 141 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 141.

142.   Paragraph 142 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 142.

143.   Paragraph 143 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 143.

144.   Paragraph 144 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 144.

145.   Paragraph 145 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Southern District of New York issued an opinion in *Laumann v. NHL*, 56 F. Supp. 3d 280 (S.D.N.Y. 2014) and deny any characterization.

146.   Paragraph 146 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Roger Noll filed a declaration in *Laumann v. NHL*, Nos. 12–cv–1817 (SAS), 12–cv–3704 (SAS) (S.D.N.Y.) and deny any characterization.

147.   Paragraph 147 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Congress enacted the Sports Broadcasting Act of 1961 (15 U.S.C. § 1291) and deny any characterization.

148.   Paragraph 148 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Congress enacted the Sports Broadcasting Act of 1961 (15 U.S.C. § 1291) and deny any characterization.

149.   Paragraph 149 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that Congress enacted the Sports Broadcasting Act of 1961 (15 U.S.C. § 1291) and deny any characterization.  NFL Defendants also admit that former NFL Commissioner Pete Rozelle testified before the House of Representatives and deny any characterization. NFL Defendants further admit that former NFL Commissioner Paul Tagliabue testified before a Senate Committee and deny any characterization.

150.   Paragraph 150 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 150.

151.   Paragraph 151 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *Shaw v. Dallas Cowboys Football Club, Ltd.*, No. Civ. A. 97-5184, 1998 WL 419765 (E.D. Pa. June 23, 1998), which was affirmed by the United States Court of Appeals for the Third Circuit in 172 F.3d 299 (3d Cir. 1999), and deny any characterization.

152.   Paragraph 152 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the NFL moved to dismiss the referenced lawsuit and refer to the record in the referenced case for a statement of what transpired in that proceeding.

153.   Paragraph 153 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Eastern District of Pennsylvania issued an opinion in *Shaw v.*

*Dallas Cowboys Football Club, Ltd.*, No. Civ. A. 97-5184, 1998 WL 419765 (E.D. Pa. June 23, 1998) and deny any characterization.

154.   Paragraph 154 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants admit that the United States District Court for the Southern District of New York issued an opinion in *Laumann v. NHL*, 907 F. Supp. 2d 465 (S.D.N.Y. 2012) and deny any characterization.

## RESPONSE TO "COUNT ONE"

155.   NFL Defendants incorporate and restate the responses in the preceding paragraphs of their Answer to the Complaint.

156.   Paragraph 156 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 156.

157.   Paragraph 157 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 157.

158.   Paragraph 158 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 158.

## RESPONSE TO "COUNT TWO"

159.   NFL Defendants incorporate and restate the responses in the preceding paragraphs of their Answer to the Complaint.

160.   Paragraph 160 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 160.

161.   Paragraph 161 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 161.

162.   Paragraph 162 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 162.

163.   Paragraph 163 contains legal argument and, as such, no response is required. To the extent a response is required, NFL Defendants deny the allegations in Paragraph 163.

## RESPONSE TO "PRAYER FOR RELIEF"

1.   NFL Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraph 1 of Plaintiffs' Prayer for Relief.

2.   NFL Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraph 2 of Plaintiffs' Prayer for Relief.

3.   NFL Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraph 3 of Plaintiffs' Prayer for Relief.

4.   NFL Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraph 4 of Plaintiffs' Prayer for Relief.

5.   NFL Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraph 5 of Plaintiffs' Prayer for Relief.

6.   NFL Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraph 6 of Plaintiffs' Prayer for Relief.

7.   NFL Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraph 7 of Plaintiffs' Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

The NFL Defendants state the following defenses to Plaintiffs' claims. By identifying these defenses, the NFL Defendants do not concede that they bear the burden of proof with respect to any such defense or portion thereof.  The NFL Defendants reserve the right to amend, withdraw, supplement or modify these defenses as discovery in this case proceeds.

### FIRST DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, to the extent that Plaintiffs are seeking to recover claims for indirect injuries.

### SECOND DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, because Plaintiffs lack standing to bring these claims.

### THIRD DEFENSE

To the extent that Plaintiffs are seeking damages for both direct and indirect purchases or effects, these claims should be barred as seeking duplicative recovery.

### FOURTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, because Plaintiffs have failed to mitigate damages, if any, allegedly suffered as a result of the alleged conduct.

### FIFTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, to the extent that Plaintiffs were not injured by, or have been enriched by, the alleged conduct.

### SIXTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these alleged damages.

### EIGHTH DEFENSE

Plaintiffs are not entitled to any equitable relief because, assuming that Plaintiffs were able to prove one or more of their alleged claims for relief, Plaintiffs have an adequate remedy at law.

## NINTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, because the practices challenged in the Complaint are reasonable and lawful because they are ancillary to the legitimate structure and purpose of the National Football League.

## TENTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, because NFL Defendants acted lawfully and reasonably to advance, enhance, and increase the production and distribution of National Football League game broadcasts and to ensure the ability to compete effectively with other sports and entertainment alternatives.

## ELEVENTH DEFENSE

The Complaint fails to state a claim for relief under the doctrine established by the United States Supreme Court's decision in *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006). Specifically, the conduct alleged constitutes decisions made regarding the core activities of a legitimate venture that are not unlawful restraints of trade under the antitrust laws.

## TWELFTH DEFENSE

The Complaint and the relief sought therein are barred to the extent that any of the claims or relief sought violates or conflicts with the provisions of the Sports Broadcasting Act, 15 U.S.C. § 1291, the Cable Communications Policy Act of 1984, the Cable Television Consumer Protection and Competition Act of 1992, the Telecommunications Act of 1996, and/or any regulations promulgated pursuant to any of the foregoing.

## THIRTEENTH DEFENSE

The Complaint and the relief sought therein are barred or may be subject to other determinations to the extent that any aspect of the case is directed to arbitration.

## FOURTEENTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, to the extent that any of the agreements, practices, or conduct at issue is required or has been approved by any order, award, directive or similar action of any court, arbitral body, or government agency.

## FIFTEENTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, to the extent that any of the relief sought conflicts or is inconsistent with the contractual or other rights of any non-parties.

## SIXTEENTH DEFENSE

The Complaint and the relief sought therein are barred, in whole or in part, because any and all injuries and damages alleged in the Complaint—the existence and extent of which NFL Defendants expressly deny—were caused by the independent conduct of one or more persons or entities over whom the NFL Defendants had and have no control and for whose actions or omissions NFL Defendants are not responsible, through forces in the marketplace over which NFL Defendants have no control, or through acts or omissions on the part of one or more of the Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

## TWENTIETH DEFENSE

NFL Defendants specifically reserve all separate or affirmative defenses that they may have against each putative class member. It is not necessary at this time for the NFL Defendants to delineate such defenses against the putative class members

because no class has been certified and putative class members are not parties to the litigation.

## JURY TRIAL DEMANDED

NFL Defendants hereby demand a trial by jury on all issues so triable.

NFL DEFENDANTS' ANSWER TO THE SECOND CONSOLIDATED AMENDED COMPLAINT

Dated:  April 6, 2022                          Respectfully submitted,


By:  */s/ Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4782
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the NFL
Member Clubs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the email addresses registered.

By: */s/ Beth A. Wilkinson*
Beth A. Wilkinson

NFL DEFENDANTS' ANSWER TO THE SECOND CONSOLIDATED AMENDED COMPLAINT