REDACTED VERSION OF
"Joint Stipulation Regarding Plaintiffs' Motion to Compel
Responses to Plaintiffs' Third Set of Interrogatories by the NFL,
or Alternatively, to Expand Interrogatory Limited"
PROPOSED TO BE FILED UNDER SEAL

1   MARC M. SELTZER (54534)
    mseltzer@susmangodfrey.com
2   SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, Suite 1400
3   Los Angeles, CA 90067-6029
    Phone: (310) 789-3100/Fax: (310) 789-3150
4
    SCOTT MARTIN (*Pro Hac Vice*)
5   smartin@hausfeld.com
    HAUSFELD LLP
6   33 Whitehall Street, 14th Floor
    New York, NY 10004
7   Tel: (646) 357-1100/ Fax: (212) 202-4322
8   HOWARD LANGER (*Pro Hac Vice*)
    hlanger@langergrogan.com
9   LANGER GROGAN AND DIVER PC
    1717 Arch Street, Suite 4130
10  Philadelphia, PA 19103
    Tel: (215) 320-5660/ Fax: (215) 320-5703
11
    [Additional Counsel listed in Signature Page]
12
    *Plaintiffs' Interim Co-Lead Class Counsel*
13
14              **UNITED STATES DISTRICT COURT**
15              **CENTRAL DISTRICT OF CALIFORNIA**
16
17  IN RE: NATIONAL FOOTBALL          Case No. 2:15-ml-02668-PSG (JEMx)
    LEAGUE'S "SUNDAY TICKET"
    ANTITRUST LITIGATION             **DISCOVERY MATTER**
18
19  THIS DOCUMENT RELATES TO         **JOINT STIPULATION**
    ALL ACTIONS                      **REGARDING PLAINTIFFS'**
                                     **MOTION TO COMPEL**
20                                   **RESPONSES TO PLAINTIFFS'**
                                     **THIRD SET OF**
21                                   **INTERROGATORIES BY THE**
                                     **NFL, OR ALTERNATIVELY, TO**
22                                   **EXPAND INTERROGATORY**
                                     **LIMITS**
23
                                     Magistrate Judge: Hon. John E.
24                                   McDermott
                                     Date/Time: 5/17/2022, 10:00 a.m.
25                                   Discovery Cutoff Date: 8/5/2022
                                     Pretrial-Conference Date: 2/9/2024
26                                   Trial Date: 2/22/2024
27
28

# TABLE OF CONTENTS

Page No.

I.   PRELIMINARY STATEMENTS.................................................................1

    A.   PLAINTIFFS' PRELIMINARY STATEMENT.............................1

    B.   THE NFL'S PRELIMINARY STATEMENT ...............................3

II.  DISCOVERY REQUESTS AND RESPONSES IN DISPUTE ....................5

    INTERROGATORY NO. 2:...............................................................5

    NFL'S RESPONSE TO INTERROGATORY NO. 2: .........................6

    NFL'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 2:.........................7

        Interrogatory No. 2(a)...................................................8

        Interrogatory No. 2(b)...................................................9

        Interrogatory No. 2(c)...................................................9

        Interrogatory No. 2(d)...................................................9

        Interrogatory No. 2(e).................................................10

        Interrogatory No. 2(f) .................................................10

        Interrogatory No. 2(g).................................................10

        Interrogatory No. 2(h).................................................11

        Interrogatory No. 2(i) .................................................11

    INTERROGATORY NO. 8:.............................................................12

    NFL'S RESPONSE TO INTERROGATORY NO. 8: .......................12

    INTERROGATORY NO. 11:...........................................................14

    NFL'S RESPONSE TO INTERROGATORY NO. 11: .....................14

    INTERROGATORY NO. 15:...........................................................14

    NFL'S RESPONSE TO INTERROGATORY NO. 15: .....................15

    INTERROGATORY NO. 16:...........................................................16

    NFL'S RESPONSE TO INTERROGATORY NO. 16: .....................16

    INTERROGATORY NO. 17:...........................................................17

    NFL'S RESPONSE TO INTERROGATORY NO. 17: .....................17

INTERROGATORY NO. 18:................................................................18

NFL'S RESPONSE TO INTERROGATORY NO. 18:.....................18

INTERROGATORY NO. 19:................................................................19

NFL'S RESPONSE TO INTERROGATORY NO. 19:.....................19

INTERROGATORY NO. 20:................................................................20

NFL'S RESPONSE TO INTERROGATORY NO. 20:.....................20

INTERROGATORY NO. 21:................................................................21

NFL'S RESPONSE TO INTERROGATORY NO. 21:.....................22

INTERROGATORY NO. 22:................................................................23

NFL'S RESPONSE TO INTERROGATORY NO. 22:.....................23

III.   PARTIES' CONTENTIONS .........................................................24

    A.   PLAINTIFFS' STATEMENT ...............................................24

        1.   Factual and Procedural Background ...................24

           a.   Plaintiffs' Interrogatories............................25

        2.   Legal Standard ..................................................27

        3.   The NFL uses self-help and refuses to provide answers...................................................28

        4.   Ample authority supports Plaintiffs' Interrogatories being counted singularly. ...........30

        5.   The NFL uses its numerosity objection to obstruct Plaintiffs from obtaining relevant discovery. ..........................................................32

        6.   Alternatively, the complexity of this case and the NFL's prior attempts to frustrate discovery justify expanding interrogatory limits.................................................................33

        7.   Conclusion .........................................................34

    B.   THE NFL'S STATEMENT ...................................................34

        1.   Factual Background ............................................34

        2.   Legal Standard ..................................................37

        3.   The NFL Properly Counted the Discrete Subparts in Plaintiffs' Interrogatories.................38

        4.   The Court Should Deny Plaintiffs'

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Request to Expand Their Interrogatory
Limit.................................................................. 43

    a.    Plaintiffs' Request is Barred by
Their Failure to Meet and Confer
with the NFL on This Issue ...................... 44

    b.    Plaintiffs' Request is Barred by the
Deadline to Serve Discovery
Requests, Which Passed Nearly
Two Months Ago....................................... 45

    c.    Plaintiffs Fail to Demonstrate the
Requisite Particularized Need for
the Information Requested in Their
Proposed Additional Interrogatories.......... 45

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Plaintiffs and Defendants National Football League, Inc. and NFL Enterprises LLC ("the NFL") submit the following joint stipulation regarding Plaintiffs' Motion to Compel Responses to Plaintiffs' Third Set of Interrogatories (Interrogatory Nos. 4-22).[1]

## I.      PRELIMINARY STATEMENTS

### A.      PLAINTIFFS' PRELIMINARY STATEMENT

Plaintiffs bring this motion after the NFL's unilateral refusal to answer valid interrogatories. The NFL bases this refusal on its own self-serving counting of Plaintiffs' interrogatories, resulting in the NFL failing to answer any of Plaintiffs' interrogatories beyond Interrogatory No. 14. The NFL claims that Plaintiffs' Interrogatory Nos. 2, 8, 11, 15, 16, 18, and 21 are compound since the interrogatories contain subparts that should be counted separately. By counting in this manner, the NFL (wrongly) concludes that Plaintiffs exceeded the 25-interrogatory limit after Interrogatory No. 14. The NFL's position is meritless for at least three reasons.

First, the NFL uses self-help so it can refuse to respond to Plaintiffs' interrogatories. Since Plaintiffs' interrogatories contain subparts that fit within the common theme of the primary question of the interrogatory propounded, the NFL is wrong to conclude that it has counted correctly. *See Olen Properties Corp. v. ACE Am. Ins. Co.*, No. SACV1502116AGKESX, 2017 WL 11635014, at *3 (C.D. Cal. Jan. 30, 2017) ("interrogatories asking for different bits of information about the same topic generally are considered one interrogatory"). The fact the NFL refuses to provide any response after Interrogatory No. 14 shows that it is placing the entire weight of its decision not to respond on its numerosity objection. If the NFL relied on its other objections, it would still have a duty to respond. Fed. R. Civ. P 33, 1993 Advisory Committee Notes (stating that there is a "duty of the responding party to provide full answers to the extent not objectionable"). The NFL should not be

---

[1] The Court's current amended scheduling order for this case is attached as Exhibit 1. The Court's other prior scheduling orders are also attached as Exhibit 5 and Exhibit 6.

permitted to use its self-serving counting of Plaintiffs' interrogatories as a basis to withhold answers to validly served interrogatories.

Second, the NFL's tactics have resulted in the Plaintiffs being unable to obtain highly relevant discovery. The NFL's refusal has resulted in Plaintiffs having no answers to Interrogatory Nos. 15-22 regarding ███████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████

Third, ample case authority concludes the NFL is wrong. Just because an interrogatory contains subparts does not result in the interrogatory being counted separately. It is black letter law that an interrogatory containing subparts is to be counted as one interrogatory if the subparts "are logically or factually subsumed within and necessarily related to the primary question." *Dang v. Cross*, No. CV 00 13001 GAF(RZX), 2002 WL 432197, at *3 (C.D. Cal. Mar. 18, 2002) (quoting *Safeco Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Each of the interrogatories that the NFL objects to as having impermissible subparts are logically or factually subsumed within the interrogatory's primary question. *See also Olen*, 2017 WL 11635014, at *3. Interrogatory Nos. 2 and 8 respectively seek for the NFL to ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████.

The other interrogatories are similarly subsumed by the primary question of the interrogatory. *See* § 2168.1 Number of Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2168.1 (Wright & Miller) (3d ed.) ("[I]t would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question . . . ."); 7 Moore's Federal Practice - Civil § 33.30 (2022) ("The better view is that subparts may be counted as part of one interrogatory if they are logically and necessarily related to the primary question.").

Plaintiffs respectfully request that the Court compel the NFL to respond to Plaintiffs' Interrogatory Nos. 15-22.

Alternatively, Plaintiffs request that the Court expand the number of interrogatories that Plaintiffs can serve on the NFL beyond the default limit of 25. "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." *Brady v. Grendene USA, Inc.*, No. 12CV604-GPC KSC, 2014 WL 4925578, at *7 (S.D. Cal. Sept. 26, 2014) ("Rule 33(a) gives this Court discretion to increase the number of permitted interrogatories for either party."). Plaintiffs should be entitled to such relief considering the NFL's prior attempts to frustrate the discovery process and the complexity of this antitrust case. *Smith v. Premiere Valet Services, Inc.*, No. 219CV09888CJCMAA, 2020 WL 7034346, at *10 (C.D. Cal. Aug. 4, 2020) (permitting 50 additional interrogatories); *Brown v. Chothia*, No. 119CV00352EPGPC, 2020 WL 6060682, at *2 (E.D. Cal. Oct. 14, 2020) ("There is no indication that Plaintiff has benefitted from a 'wealth of discovery' in this case nor can the discovery that has apparently been propounded by Plaintiff be reasonably characterized as voluminous. Defendants' desire to avoid further engagement in discovery is not a burden that outweighs the benefit to Plaintiff of obtaining this discovery.").

## B.  THE NFL'S PRELIMINARY STATEMENT

The instant motion is based on Plaintiffs' erroneous understanding of rules relating to interrogatories, and must be denied.  Throughout the course of this litigation, the NFL has timely and properly responded to Plaintiffs' written interrogatories.  Where appropriate, the NFL has made good-faith attempts to resolve disputes with Plaintiffs by supplementing its responses following meet and confers between the parties.  And where appropriate, the NFL has also lodged objections to Plaintiffs' interrogatories if they exceed the scope permitted under the Federal Rules of Civil Procedure.  Such an objection is at the heart of this dispute—for almost five months, the NFL has appropriately objected to certain of Plaintiffs' interrogatories

as being compound, with discrete subparts that should properly be considered separate interrogatories.

Rule 33(a)(1) of the Federal Rules of Civil Procedure ("Rule 33(a)(1)") provides that a party may propound no more than 25 written interrogatories, "including all discrete subparts," absent "leave of court or written stipulation" between the parties. Fed. R. Civ. P. 33(a)(1).  It is well-established that parties cannot circumvent this presumptive 25-interrogatory limit by designating discrete questions as part of the same interrogatory.  *See* Fed. R. Civ. P. 33 Advisory Committee Notes, 1993 Amendment ("Parties cannot evade this presumptive [25-interrogatory] limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").  Yet that is precisely what Plaintiffs have done.

And where a party propounds more than 25 interrogatories under the proper count, *i.e.*, by considering discrete subparts therein as separate interrogatories, the responding party has no obligation to answer beyond the first 25.  *See Anderson v. Hansen*, 2012 WL 4049979, at *8 (E.D. Cal. Sept. 13, 2012).  Because the numerous subparts in Plaintiffs' compound interrogatories mean that Plaintiffs reached their 25-interrogatory limit well before their singularly styled interrogatories would suggest, the NFL appropriately objected to answering interrogatories propounded after the limit had been reached.

Plaintiffs now move to compel additional responses based on an erroneous counting of their compound interrogatories, or, in the alternative, to expand their 25-interrogatory limit.  Both requests should be denied.

First, Plaintiffs argue that the subparts in their interrogatories should properly be considered as part of the same interrogatory, claiming that those subparts are logically or factually subsumed within the same primary question.  To the contrary, because each subtopic "can be answered fully and completely without answering the second question," each question must be considered a separate interrogatory.  *See Olen Properties Corp.*, 2017 WL 11635014, at *3 (quoting *Estate of Manship v. U.S.*,

232 F.R.D. 552, 555 (M.D. La. 2005)).  It was thus proper for the NFL to decline to answer interrogatories past the 25-interrogatory limit.

In the alternative, Plaintiffs request to expand their presumptive 25-interrogatory limit.  They have not made such a request in any prior letter to or meet and confer with the NFL, as required by the Local Rules.  Instead, they request such relief for the first time in the instant Joint Stipulation, almost two months after the deadline for requesting additional discovery.  Moreover, in making this request, they fail to make the requisite particularized showing of why the additional interrogatories they seek are necessary.

Plaintiffs' requests should be denied.

## II.    DISCOVERY REQUESTS AND RESPONSES IN DISPUTE

Pursuant to Local Rule 37-2.1, the interrogatories at issue (Interrogatory Nos. 15-22) and the NFL's responses to those requests that Plaintiffs contends are insufficient are copied verbatim below. Ex. 2. Plaintiffs have further included the NFL's responses and supplemental responses to Interrogatory No. 2 from Plaintiffs' Second Set of Interrogatories and Interrogatory Nos. 8, 11 from the Plaintiffs' Third Set of Interrogatories the NFL uses as a basis for asserting that Plaintiffs exceed the 25-interrogatory limit.









1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III. PARTIES' CONTENTIONS

### A. PLAINTIFFS' STATEMENT

#### 1. Factual and Procedural Background

This antitrust case—brought pursuant to Sections 1 and 2 of the Sherman Act—revolves around a series of interlocking agreements among and between the NFL, its 32 member Clubs, and DIRECTV. *See* Second Consolidated Amended Complaint ("Compl."), Dkt. No. 441 ¶¶ 1-13. These agreements work two different, but symbiotic, restraints: they prohibit all distributors other than DIRECTV from offering telecasts of out-of-market Sunday afternoon NFL games, and they bar the Clubs from separately licensing their own broadcast rights. *Id*. ¶ 11. Together these restraints ensure that consumers who wish to watch the majority of regular season NFL games, or any out-of-market NFL game, have only one option available to them—subscribing to DIRECTV's "NFL Sunday Ticket" package. *Id*. ¶ 8. This purposeful restraint on competition results in supracompetitive prices for NFL Sunday Ticket, drastically fewer games available to all consumers, and reduced innovation in broadcasting of live NFL games. *Id*. ¶¶ 10-12, 19.

### a.  Plaintiffs' Interrogatories

To date, Plaintiffs have served four sets of Interrogatories on the NFL, totaling twenty-three interrogatories. Starting in January 2021, Plaintiffs propounded Interrogatory No. 1 on the NFL Defendants. Plaintiffs Interrogatory No. 1 asked for the NFL to describe certain categories of information in its possession such as (a) ████ ████████████████████████████████████████ ; (b) ███████████████ ███████████████████████████████████ ;  (c) ███████████████ ██████ (d) ███████████████████████████████████████████████ ; and (e) ████████████████████████████████████████████ ████████  The NFL subsequently provided a response with no complaint of the interrogatory being compound.

In October 2021, Plaintiffs propounded its Second Set of Interrogatories on the NFL (Interrogatory Nos. 2-3). For Interrogatory No. 2, Plaintiffs requested ████ ████████████████████████████████████████████████████ ████████████████████████████████████ . Ex. 2. The NFL ████████ ████████████████████████████████████████████████████ ████████████████████████████████ Ex. 2 at 5. ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ Ex. 2 at 5. ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ Ex. 2.

Nearly two months after providing its initial responses to Interrogatory No. 2, and after Plaintiffs raised the issue through the meet-and-confer process, the NFL provided a supplemental response in January 2022. In its supplemental response, the

1    NFL took the position that ███████████████████████████████████

2    ████████████████████████████████████████████████████████

3         More recently, in February 2022, Plaintiffs served its Third Set of

4    Interrogatories (Interrogatory Nos. 4-22) on the NFL. In response to Plaintiffs' Third

5    Set of Interrogatories which contained most of the interrogatories propounded to the

6    NFL, the NFL continued its position from the supplemental responses to

7    Interrogatory No. 2 ███████████████████████████████████████████

8    ████████████████ *See* Ex. 2 at 9-11, 13-14, 16-25.

9         Particularly, for Interrogatory No. 8, the NFL stated in its response that ████

10   █████████████████████████████████████████████. Ex. 2 at 9-

11   11. For Interrogatory No. 11, which had no designated subparts, the NFL took the

12   position that ███████████████████████████████████████████████

13   ████████████████████████████████████. Ex. 1 at 9-11.

14   Subsequently, during the parties' meet and confers on these topics, the NFL changed

15   its position—much like it did earlier with Interrogatory No. 2 discussed above—to

16   claim that Interrogatory No. 11 ███████████████████████████. *See* Ex. 3

17   at 6.

18        When the NFL reached Interrogatory No. 15, it asserted that ████████

19   ████████████████████████████████████████████████████████

20   ███████████████████████████████. Ex. 2 at 17. Accordingly,██

21   ████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████

23   ███████████

24        The parties met and conferred about these issues in accordance with Rule 37-

25   1. The NFL stated ████████████████████████████████████████

26   ███████████████████████████. The NFL's objection was untimely

27   because ██████████████████████████████████████████████████

28   █████████ Exs. 3, 4. For Interrogatory No. 8, the NFL ████████████████



. For Interrogatory
No. 11, despite the NFL

. *Compare* Ex. 3 at 6,

, to Ex.
2,

The NFL further
clarified that it believed that it considered

. The NFL further stated

*See* Ex. 3 at 7.

## 2.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 37(a), a party may move for an order compelling disclosure or discovery, so long as it certifies that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37 specifically permits a motion to compel where "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii).

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully." Fed. R. Civ. P. 33(b)(3). "[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons

present, and contents be stated separately for each such communication." Fed. R. Civ.
P. 33, 1993 Notes of Advisory Committee.

Further, "interrogatory subparts are to be counted as one interrogatory . . . if
they are logically or factually subsumed within and necessarily related to the primary
question." *Safeco Am.*, 181 F.R.D. at 445; *see also Olen*, 2017 WL 11635014, at *3
("[I]nterrogatories asking for different bits of information about the same topic
generally are considered one interrogatory."). And courts have stated "[t]his
approach is most consistent with the intent of the discovery rules to provide
information, not hide information, within reasonable limits." *Bond v. Arrowhead
Reg'l Med. Ctr.*, No. EDCV112049DDPPLA, 2014 WL 12853147, at *2 (C.D. Cal.
Feb. 11, 2014). ("However, the better view is that subparts may be counted as part of
one interrogatory if they are logically and necessarily related to the primary
question.") (alterations and quotation marks omitted). "What constitutes a separate
interrogatory is often a case specific inquiry . . .  and determining whether an
interrogatory counts as a separate question requires a pragmatic approach." *LMNO
Cable Group, Inc. v. Discovery Communications, LLC*, No. 216CV04543JAKSKX,
2017 WL 5479612, at *1 (C.D. Cal. May 23, 2017) (quotation marks and citations
omitted).

### 3.     The NFL uses self-help and refuses to provide answers.

The NFL operates under the false assumption that it has correctly counted its
interrogatories. While the NFL makes other boilerplate objections before it objected
to Interrogatory Nos. 15-22 on numerosity grounds, the fact that the NFL believes
that Plaintiffs have exceeded their 25-interrogatory limit can be the only reason the
NFL relies on to justify not answering Plaintiffs' interrogatories. *See* Ex. 2. If the
NFL relied on its other objections regarding the questions being vague, ambiguous,
or overbroad then the NFL would still be required to answer the question to the extent
the question is not objectionable. *See* Fed. R. Civ. P. 33, 1993 Notes of Advisory
Committee (the rules set forth "a duty of the responding party to provide full answers

1    to the extent not objectionable").

2         But this position taken by the NFL contradicts the law regarding interrogatory

3    responses. In addition to having to respond to interrogatories to the extent they are

4    not objectionable, the Advisory Committee has clarified that when an interrogatory

5    seeks "time, place, persons present, and contents be stated separately" that it does not

6    automatically result in being counted multiple times. Fed. R. Civ. P. 33, 1993 Notes

7    of Advisory Committee.

8         Plaintiffs' interrogatories containing subparts that the NFL relies on to inflate

9    its counting should be counted singularly. At least, this logic applies to Interrogatory

10   No. 2 (███████████████████████████████████████████████████

11   ████████████████████████████████████ Interrogatory No. 8 ████████

12   ████████████████████████████████████████████████████████████████

13   ██████ and Interrogatory No. 11 █████████████████████████████████

14   ████████████████████████████████████

15        In each of the above examples, the primary question of the interrogatory

16   subsumes the related information sought in the subparts. *See Olen*, 2017 WL

17   11635014, at *4. The primary question of Interrogatory No. 2 is ████████████████

18   ████████████████████████████████████████████████████████. The

19   subparts merely ask ███████████████████████████████████████████████

20   ███████████████████████████████████████████████. *Dang*, 2002 WL

21   432197, at *2-3 (the word "identify" did not impermissibly divide the disputed

22   interrogatories). Similarly, Interrogatory No. 8 has subparts that run with the

23   common theme of the primary question of the interrogatory asking ████████████

24   ████████████████████████████████ For Interrogatory No. 11, this question

25   only seeks ███████████████████████████████████ that have the same

26   common theme and should be counted as one interrogatory. Nevertheless, the NFL

27

28

counts these interrogatories separately to justify not providing answers after Interrogatory No. 14.[3]

Plaintiffs should not be penalized for providing greater specificity in its interrogatories propounded to the NFL. § 2168.1 Number of Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2168.1 (Wright & Miller) (3d ed.) ("[I]t would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question . . . .").

### 4. Ample authority supports Plaintiffs' Interrogatories being counted singularly.

The NFL's theory that the subparts of interrogatories for Interrogatory Nos. 2, 8, 11, 15, 16, 18, and 21 should be counted separately has been rejected by nearly every court in this district. Other courts have addressed this issue of interrogatory counting and have adopted a different view than the NFL. When presented with the argument the NFL asserts that subparts of an interrogatory should stand alone and be counted separately, courts have stated "the better view is that subparts may be counted as part of one interrogatory if they are logically and necessarily related to the primary question. This approach is most consistent with the intent of the discovery rules to provide information, not hide information, within reasonable limits." *Bond*, 2014 WL 12853147, at *2 (alterations omitted). And courts have followed this reasoning when determining that interrogatories seeking identities of individuals and descriptions of related categories of information should count as one interrogatory. *See Advanced Visual Image Design, LLC v. Exist, Inc.*, No. EDCV142525JGBKKX, 2015 WL 4652762, at *4 (C.D. Cal. Aug. 5, 2015) ("The Court rejects [the defendant's] argument that the interrogatory is impermissibly

---

[3] As further indication the NFL is only raising this counting issue to avoid answering discovery, the NFL recently took the position that Interrogatory No. 11 counts as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ sponses and objections ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3 at 6, 3/28/2022 J. Barber Ltr. ("Each of these *three topics* should properly be counted as separate interrogatories.").

complex. Each subpart merely clarifies the level of detail requested in the [interrogatory]"); *Dang*, 2002 WL 432197, at *2-3 (the word "identify" did not impermissibly divide the disputed interrogatories).

Each of the subparts used by the Plaintiffs' interrogatories are logically and factually subsumed by the main question of the interrogatory. The NFL's view that the Plaintiffs have exceeded their 25-interrogatory limit should be rejected. *See also Olen*, 2017 WL 11635014, at *4 ("[I]nterrogatories asking for different bits of information about the same topic generally are considered one interrogatory.").

Moreover, the NFL cites a case from this district as the basis for its numerosity objection, *Mailhoit v. Home Depot U.S.A.*, Inc., No. CV1103892DOCSSX, 2012 WL 12883970 (C.D. Cal. Sept. 5, 2012), but that case offers little support.

Notably, in *Mailhoit*, whenever the court addressed an interrogatory that asked the defendant to identify certain individuals knowledgeable about the topic at issue, the court found "each participants full name and gender are reasonably related" and did not count the interrogatories separately on this basis. *See* 2012 WL 12883970, at *4. *Mailhot* only counted interrogatories separately when the interrogatory sought additional information about the individuals the interrogatory identified such as dates that the individuals participated in certain activities, performance ratings, and locations of store locations that the individuals identified worked at. *See id*.

The basis *Mailhot* used to count interrogatories separately is especially non-existent when applied to Plaintiffs' Interrogatory No. 2—an interrogatory the NFL counts as *nine* separate interrogatories. *See* Exs. 2, 3. Interrogatory No. 2 requested only that the NFL identify certain individuals and did not request additional follow up details about those individuals like the plaintiffs did in *Mailhot*. *See id.* at 4.

The other reasoning from *Mailhot* the NFL uses to conclude that it correctly counted Plaintiffs' other interrogatories (Interrogatory Nos. 8, 11, 15, 16, 18, 21) containing subparts as separate interrogatories has rarely been followed. Indeed, in the lone case citing *Mailhot*, the court overruled the numerosity objection because

the details of the interrogatory "concern the common theme and subject matter of each propounded interrogatory." *See LMNO Cable*, 2017 WL 5479612, at *2 (alterations omitted).

### 5. The NFL uses its numerosity objection to obstruct Plaintiffs from obtaining relevant discovery.

The NFL further uses its counting of Plaintiffs' interrogatories to avoid answering questions regarding highly relevant topics. Plaintiffs propounded 19 of its 23 interrogatories with its Third Set of Interrogatories. Accordingly, with its baseless numerosity objection, the NFL has refused to respond to nearly half of Plaintiffs' interrogatories. These questions are necessary for Plaintiffs to develop this antitrust case on the merits while the discovery cut-off date approaches:



- Interrogatory No. 15 – ███████████████████████
████████████████████,

- Interrogatory No. 16 – ████████████████████████
█████████████████████████████.

- Interrogatory No. 17 – ███████████████████████
█████████████.

- Interrogatory No. 18 – █████████████████████
████████████████.

- Interrogatory No. 19 – █████████████████████
████████████.

- Interrogatory No. 20 – ████████████████████
████████████.

- Interrogatory No. 21 – █████████████████████
████████████████████████████
██████s.

- Interrogatory No. 22 – ███████████████████████████ █████████████████████████████.

This Court should not let the NFL use its numerosity objection to evade providing highly relevant information to this case.

**6. Alternatively, the complexity of this case and the NFL's prior attempts to frustrate discovery justify expanding interrogatory limits.**

Alternatively, Plaintiffs seek leave to expand the 25-interrogatory limit set forth under Fed. R. Civ. P. 33. That numerical limit is merely a default limitation, as indicated by the language of Rule 33(a) which expressly permits courts to grant leave for additional interrogatories when the scope of discovery requires. Such relief has been justified in prior cases that involve complex topics. *See Smith*, 2020 WL 7034346, at *10 (rejecting the defendant's argument that "this case is non-complex" and permitting 50 additional interrogatories); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2015 WL 1221924, at *4 (N.D. Cal. Mar. 17, 2015) (increasing the number of interrogatories the parties could serve); Fed. R. Civ. P. 33, 1993 Notes of Advisory Committee ("[L]eave to serve additional interrogatories is to be allowed when consistent with Rule 26(b)(2). The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device. In many cases it will be appropriate for the court to permit a larger number of interrogatories in the scheduling order entered under Rule 16(b).").

And the NFL's actions taken during the discovery process to date further justify Plaintiffs being permitted to serve additional interrogatories beyond the 25-interrogatory limit. As explained in Plaintiffs' recently submitted motion to extend the scheduling order that this Court granted (*see* Ex. 1), the NFL failed to comply with prior Court deadlines to complete document production and late-produced substantial amounts of documents just this last December 2021 and January 2022.

Dkt. 423-1 at 1-2. The NFL has also had to amend long-standing interrogatory responses that were incomplete because of failure to include key information in interrogatory responses relating to a fan database the NFL maintains. Dkt. 423-1 at 8.

The NFL's reasoning on why it does not need to respond to validly propounded interrogatories is just the latest tactic to delay discovery in this case. Accordingly, the interrogatory limits should be expanded to eliminate these issues that have only been raised to obstruct discovery. *See Brown*, 2020 WL 6060682, at *2 (granting motion for leave: "There is no indication that Plaintiff has benefitted from a 'wealth of discovery' in this case nor can the discovery that has apparently been propounded by Plaintiff be reasonably characterized as voluminous. Defendants' desire to avoid further engagement in discovery is not a burden that outweighs the benefit to Plaintiff of obtaining this discovery."); *E. & J. Gallo*, 2006 WL 8458562, at *3 (granting leave to serve additional interrogatories); *Brady*, 2014 WL 4925578, at *7 (expanding number of interrogatories to accommodate interrogatory subparts).

With its request to expand the interrogatory limits, the Plaintiffs are not attempting to serve additional interrogatories but are only seeking to make sure that Plaintiffs' interrogatories served to date are fully responded to. Plaintiffs stipulated to serving all document requests and interrogatories by February 22, 2022 and are not attempting to change that deadline. *See* Dkt. 362 at 3.

### 7.   Conclusion

Plaintiffs respectfully request that the Court compel the NFL Defendants to provide full responses to Interrogatory Nos. 15-22. Alternatively, Plaintiffs seek for the Court to permit Plaintiffs to expand the 25-interrogatory limit.

### B.   THE NFL'S STATEMENT

#### 1.  Factual Background

On October 15, 2021, Plaintiffs served their Second Set of Interrogatories to the NFL, which included Interrogatory No. 2.  Declaration of Jeremy S. Barber in

1    Support of the NFL's Opposition to Plaintiffs' Motion to Compel ("Barber Decl."),

2    ¶ 3.    Interrogatory No. 2 asked the NFL to █████████████████████████

3    ████████████████████████████████████████████████████████████

4    ████ a list of nine topics ranging from █████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████

9    ██████████████████. Ex. A.   The NFL served its Objections and Responses to

10   Plaintiffs' Second Set of Interrogatories on November 29, 2021.  Barber Decl., ¶ 3.

11   In its response to Interrogatory No. 2, the NFL ██████████████████████

12   ████████████████████████████████████. Ex. A, at 4–5.   The NFL also

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   Ex. A, at 5.

17   On December 8, 2021, Plaintiffs requested a meet and confer to discuss the

18   NFL's objections to Interrogatory No. 2, arguing that ████████████████████

19   ████████████████████████████████████████████████████████████

20   ██████████████. Ex. B.  At the meet and confer on December 16, 2021, the NFL

21   ████████████████████████████████████████████████████████████

22   █████████████████████████  Barber Decl., ¶ 4.

23   On January 25, 2022, the NFL served its Supplemental Objections and

24   Responses to Plaintiffs' Interrogatory No. 2.  Ex. C.  In its supplemental response,

25   the NFL ██████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████

27   ██████████████████████████. The NFL made clear that, in its view, █████

28   ████████████████████████████████████████████████████████████

1   █████████████████████████████████████████████████████████

2   ████████████████████████████████████████████ Ex. C, at 3

3   n.1 ████████████████████████████████████████████████████

4   ██████████████████

5        On February 1, 2022, Plaintiffs served their Third Set of Interrogatories to the

6   NFL, consisting of Interrogatories Nos. 4 to 22.  Barber Decl., ¶ 6.  The NFL served

7   its Objections and Responses to Plaintiffs' Third Set of Interrogatories on March 3,

8   2022.  Ex. 2.  In its responses, the NFL made clear that ████████████████████

9   █████████████████████████████████████████████████████████

10  █████████████████████████████████████████████████████████

11  █████████ Ex. 2, at 9, 13. ████████████████████████████████

12  █████████████████████████████████████████████████████████

13  █████████████████████████████████████████████████████████

14  ████████████████████. Ex. 2.[4]

15       On March 11, 2022, Plaintiffs requested a meet and confer to discuss the

16  NFL's Objections and Responses to Plaintiffs' Third Set of Interrogatories.  Barber

17  Decl., ¶ 7; Ex. 4.  In their letter, Plaintiffs took issue with t████████████████

18  █████████████████████████████████████████████████████████

19  █████████████████████████████ Ex. 4.  The parties held a meet

20  and confer on March 22, 2022, and the NFL followed up with a written response on

21  March 28, 2022.  Barber Decl., ¶ 7; Ex. 3.  In its letter, the NFL██████████████

22  █████████████████████████████████████████████████████████

23  ████████████████████████████████████████████ Ex. 3.

24  █████████████████████████████████████████████████████████

25

26  ─────────────────────
    [4] In its responses, the NFL further explained that ████████████████████

27  █████████████████████████████████████████████████████████

28  █████████████████████

1    ███████████████████████. Ex. 3, at 10. █████████████

2    ████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████

4    █████████████████████████████. Ex. 3, at 3–7. Having resolved their other

5 disputes, Plaintiffs now challenge only the NFL's numerosity objection to answering

6 Plaintiffs' Interrogatories Nos. 15 to 22.

### 2. Legal Standard

8       Rule 33(a)(1) makes clear that "a party may serve on any other party no more

9 than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). This numerical limitation

10 was established for the first time in the Federal Rules in 1993, through an amendment

11 aimed at "reduc[ing] the frequency and increas[ing] the efficiency of interrogatory

12 practice." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998) (quoting

13 Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 33 (1993)). The

14 Advisory Committee had recognized that, "although interrogatories may be a

15 valuable discovery tool, the device can be costly." *Id.* (citation omitted).

16       In service of this goal to limit excessive interrogatory practice, Rule 33(a)(1)

17 makes clear that its 25-interrogatory limit applies to "all discrete subparts" within

18 each purportedly singular interrogatory. *See* Fed. R. Civ. P. 33(a)(1); *see also*

19 Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 33 (1993) ("Parties

20 cannot evade this presumptive [25-interrogatory] limitation through the device of

21 joining as 'subparts' questions that seek information about discrete separate

22 subjects."). Rule 33(a)(1) does not define "discrete subparts," but the "prevailing

23 view" is that an interrogatory with subparts should be counted as one interrogatory

24 only if its subparts "are logically or factually subsumed within *and necessarily*

25 *related to* the primary question." *Solaria Corp. v. GCL Sys. Integration Tech. Co.*,

26 2021 WL 2022246, at *2 (N.D. Cal. May 21, 2021) (emphasis added) (quoting

27 *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 294 (N.D. Cal. 2016)).

28

Put differently, if a subpart in an interrogatory is "secondary to the primary question," then "the interrogatory should be treated as a single interrogatory." *Kim Laube & Co., Inc. v. Wahl Clipper Corp.*, 2012 WL 12877945, at *4 (C.D. Cal. Aug. 28, 2012). In contrast, if "the subsequent question can stand alone and is independent of the first question," then "the interrogatory should be treated as multiple interrogatories." *Id.* Because Plaintiffs' Interrogatories Nos. 1 to 14 contain subparts that can stand alone, are independent of, and are not necessarily related to the first topic, each discrete subpart must be considered a separate interrogatory under Rule 33(a)(1).

### 3. The NFL Properly Counted the Discrete Subparts in Plaintiffs' Interrogatories

In its responses to Plaintiffs' interrogatories, the NFL answered up to and including Interrogatory No. 14. The NFL objected to subsequent interrogatories on the grounds that the discrete subparts contained in Interrogatories Nos. 1 to 14 added up to more than 25 separate interrogatories. Thus, the NFL fulfilled its discovery obligations by answering up to Interrogatory No. 14.

The following interrogatories propounded before Interrogatory No. 14 contain discrete subparts that should properly be considered separate interrogatories:

- **Interrogatory No. 2** asked the NFL to identify person(s) with knowledge about a broad range of unrelated subjects. Requests as to each of these distinct topics stand alone, and are independent of each other. That is, a question about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Interrogatory No. 2(b)) can be asked completely separate from, and independent of, a question about ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Interrogatory No. 2(a)). Each of these nine topics should thus properly be counted as separate interrogatories. *Cf. Gamevice, Inc. v. Nintendo Co.*, 2019 WL 2763008, at *4

(N.D. Cal. July 2, 2019) (noting that an interrogatory asking for facts, including persons with certain knowledge, relevant to 35 patent claims "could easily [count as] [] 35" interrogatories); *Pangborn v. Los Angeles Cty. Deputy Sheriffs Lieutenant Baudino*, 2018 WL 6265055, at *8 (C.D. Cal. Sept. 27, 2018) (concluding that an interrogatory asking about the defendant's conduct as to five co-defendants should properly be considered five separate interrogatories).  Plaintiffs' argument that the subparts in Interrogatory No. 2 request the type of information—*i.e.*, ███████████████████████ ██████████—and should thus be counted as part of the same interrogatory defies logic.  Applying this reasoning would permit parties to request information about an infinite number of unrelated topics, so long as they are requesting the same *type* of information about those topics.  Such a construction of interrogatory structure would "defeat the purposes of the numerical limit contained in Rule 33(a) by rendering it meaningless."  *See Safeco of Am.*, 181 F.R.D. at 443.  It is unsurprising, therefore, that courts consider "[a]n interrogatory that seeks information (even a single piece of information) about 300 separate [topics] [a]s asking 300 separate questions."  *See Rambus Inc. v. NVIDIA Corp.*, 2011 WL 11746749, at *14 (N.D. Cal. Aug. 24, 2011).

- **Interrogatory No. 8** asked about ██████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████.  Questions about ██████████████████████ ████████████may stand alone and be asked independent of each other. They must thus be counted as separate interrogatories.  *Cf.* Plaintiffs' Interrogatories Nos. 9 and 10 to the NFL (separately asking ████████████████

1  ███████████████████████████████████████████████████

2  ██████████████████████████████████████████).

3  •  **Interrogatory No. 11** asked about (1)████████████████

4  ████████████████; (2)███████████████████████  and (3)█████

5  █████████████████████.  Each of these three topics may stand alone

6  and be asked independent of each other, and should thus properly be counted

7  as separate interrogatories.[5]  *Cf. Johnson v. Cate*, 2014 WL 6978324, at *5

8  (E.D. Cal. Dec. 9, 2014) (finding an interrogatory to contain "at least 48

9  discrete subparts" where it sought, for each of 12 factual allegations, "facts,

10 persons, documents, and the 'manner and method' by which Defendant came

11 by such information").

12  The subparts in these interrogatories at issue do not, as Plaintiffs suggest,

13 provide greater specificity as to the primary question in the interrogatory; they

14 provide requests for *additional* information unrelated to the first topic in each

15 interrogatory.

16  The following table summarizes the discrete subparts contained in each of

17 Plaintiffs' interrogatories up to Interrogatory No. 14:

| Interrogatory No. | Number of Discrete Subparts as Originally Objected | Running Total of Number of Separate Interrogatories Propounded |
|---|---|---|
| Interrogatory No. 1 | 1 | 1 |
| Interrogatory No. 2 | 9 | 10 |
| Interrogatory No. 3 | 1 | 11 |
| Interrogatory No. 4 | 1 | 12 |
| Interrogatory No. 5 | 1 | 13 |

---

[5] Plaintiffs point out that the NFL ████████████████████████████

████████████████████████.  *See supra* at 26, 27, 30 n.3.  But even if

████████████████████████████████, Plaintiffs still exceed

their permitted 25 interrogatories by Interrogatory No. 14.

| Interrogatory No. | Number of Discrete Subparts as Originally Objected | Running Total of Number of Separate Interrogatories Propounded |
|---|---|---|
| Interrogatory No. 6 | 1 | 14 |
| Interrogatory No. 7 | 1 | 15 |
| Interrogatory No. 8 | 3 | 18 |
| Interrogatory No. 9 | 1 | 19 |
| Interrogatory No. 10 | 1 | 20 |
| Interrogatory No. 11 | 2 | 22 |
| Interrogatory No. 12 | 1 | 23 |
| Interrogatory No. 13 | 1 | 24 |
| Interrogatory No. 14 | 1 | 25 |

Moreover, Plaintiffs' argument that a party must, despite its objections, answer interrogatories in excess of the propounding party's 25-interrogatory limit, is incorrect. Such a requirement would make an end run around Rule 33's numerical limit. As such, the responding party has no obligation to answer interrogatories that exceed the propounding party's numerical limit. *See, e.g., Anderson v. Hansen*, 2012 WL 4049979, at *8 (E.D. Cal. Sept. 13, 2012) (sustaining objections to interrogatories on numerosity grounds and denying motion to compel further responses thereto); *Williams v. Bd. of Cnty. Comm'rs of the Unified Gov't of Wyandotte Cnty. & Kansas Cty.*, 192 F.R.D. 698, 702 (D. Kan. 2000) (concluding that the responding party need not answer the interrogatories exceeding the maximum permitted by each party).

And though the NFL did not originally object to these interrogatories in an effort to provide Plaintiffs with information relevant to this litigation, Interrogatories Nos. 3 and 4 also contain discrete subparts that, when properly counted, further bring Interrogatories Nos. 1 to 14 above Plaintiffs' 25-interrogatory limit:

- **Interrogatory No. 3** asked about ███████████████████████
███████████████████████████████████████████, in each of

41

eleven different years.  Questions seeking separate answers for eleven different years may be asked independent from each other, and this interrogatory is properly counted as eleven separate requests.  *See Waterbury v. Scribner*, 2008 WL 2018432, at *3 (E.D. Cal. May 8, 2008) ("Plaintiff's requests for [information pertaining to] the separate years from 2004 through to the present are separate and distinct.").

- **Interrogatory No. 4** asked about legal and factual bases to each of the NFL's affirmative defenses, of which there were six.  Requests for information about the factual or legal basis for "each affirmative defense[] should be treated as a separate interrogatory, since each defense may be both factually and logically different." *White v. Cinemark USA, Inc.*, 2005 WL 3881658, at *3 (E.D. Cal. Mar. 28, 2005); *see also Avila v. Mohave County*, 2015 WL 6660187, at *7, (D. Ariz. Oct. 30, 2015) (treating an interrogatory asking about the factual bases for 36 affirmative defenses as 36 separate interrogatories); *Kellgren v. Petco Animal Supplies, Inc.*, 2016 WL 4097522, at *4 (S.D. Cal. July 7, 2016) ("Because Interrogatory No. 5 seeks the factual bases along with at least two distinct subparts for each of the defendants' defenses, the plaintiffs' Interrogatory is a compound question with at least 75 subparts." (citing cases)); *Solaria Corp.*, 2021 WL 2022246, at *2 ("[F]or each distinct defense [the defendant] intends to assert, Interrogatory No. 2 will count as a separate interrogatory").[6]

---

[6] Similarly, many of Plaintiffs' interrogatories propounded after Interrogatory No. 14 contained discrete subparts that should be counted as separate interrogatories. For instance:

**Interrogatory No. 15** asked about (1) t███████████████████; (2) ████████████████; (3) █████████████████████████; (4) ████████ and (5) ████████████. Each of these five topics should properly be counted as separate interrogatories. **Interrogatory No. 16** asked about (1) ██████████████████; (2) ███████████

When properly counted, the discrete subparts contained in Plaintiffs' Interrogatories Nos. 1 to 14 exceed the 25 interrogatories that Plaintiffs are permitted to propound.   It was thus proper for the NFL to answer up to and including Interrogatory No. 14, and object to answering the subsequent interrogatories.

### 4. The Court Should Deny Plaintiffs' Request to Expand Their Interrogatory Limit

The NFL first lodged its objections to Plaintiffs' interrogatories as being compound on November 29, 2021 in its response to Plaintiffs' Interrogatory No. 2. *See* Ex. A, at 5.  Plaintiffs have thus known for almost five months that they were approaching the presumptive 25-interrogatory limit sooner than their numbering of the interrogatories would suggest.  At any point prior to serving their Third Set of Interrogatories, therefore, Plaintiffs could have requested a meet and confer with the NFL to discuss stipulating to an expansion of Plaintiffs' 25-interrogatory limit pursuant to Rule 33(a)(1).  *See* Fed. R. Civ. P. 33(a)(1) (providing that parties may stipulate to service of more than 25 interrogatories).

Plaintiffs did not do so.  In fact, Plaintiffs expressed no interest in expanding their presumptive 25-interrogatory limit until *more than four months later*, when they served their portion of the instant Joint Stipulation on April 8, 2022.  Barber Decl.,

_____

█████████████████; (3) █████
████ and (4) ███████████████████.  Each of these four topics should properly be counted as separate interrogatories.

**Interrogatory No. 18** asked about ███████████████████ if ███████ (1) ███
████████████; (2) ████████████████ or (3) ███
██████████████.  Questions about each of these ██████ may be asked independent from each other, and should properly be counted as separate interrogatories.

**Interrogatory No. 21** asked the NFL to identify ████████████
████████████████ pertaining to eight different topics.  Requests as to each of these eight topics may be asked independent from each other, and should properly be counted as separate interrogatories.

¶ 8.  Plaintiffs are barred from requesting an expansion of their 25-interrogatory limit by their failure to meet-and-confer on this issue, and regardless, should not be permitted to make additional discovery requests almost two months after the deadline to serve such requests.  In any case, the complexity of a case does not alone justify deviation from the presumptive interrogatory limit.

### a.  Plaintiffs' Request is Barred by Their Failure to Meet and Confer with the NFL on This Issue

Pursuant to Local Rule 37-1, parties must meet and confer prior to filing discovery requests in order to encourage resolution of disputes without requiring judicial intervention.  *See Bonner v. City of Los Angeles*, 2017 WL 10509044, at *2 (C.D. Cal. May 19, 2017); C.D. Cal. L.R. 37-1.  In its letter requesting a meet and confer, the moving party "must identify each issue and/or discovery request in dispute, . . . and specify the terms of the discovery order to be sought."  C.D. Cal. L.R. 37-1.

Since the NFL first lodged its objections to Plaintiffs' interrogatories as compound almost five months ago, the parties have exchanged several letters and held several meet-and-confers regarding the NFL's responses to Plaintiffs' interrogatories.  Barber Decl., ¶¶ 4, 7; Exs. 3, 4, B.  Despite ample opportunity to do so, Plaintiffs have never raised in any such letter or during any such meet-and-confer that they seek a stipulation to expand the 25-interrogatory limit pursuant to Rule 33(a)(1), or that they intend to seek such an expansion from this Court.[7]  Barber Decl., ¶ 8.  They have thus failed to satisfy the meet-and-confer requirements of the Local Rules, and are barred from making this request before the Court.  *See, e.g.*, *Bonner*,

---

[7] The effectiveness of the meet-and-confer requirement in resolving issues without judicial intervention is highlighted in this case, where Plaintiffs' initial 37-1 letter regarding the NFL's Objections and Responses to Plaintiffs' Third Set of Interrogatories contained three challenges, including the challenge to the NFL's numerosity objection.  Ex. 4.  Two of those three challenges were resolved during the parties' meet-and-confer, *see* Ex. 3, obviating the need to bring those issues before the Court.

2017 WL 10509044, at *3 (denying motion to compel in part because the moving party's 37-1 "letter does not specify the terms of the discovery order to be sought" (quotation marks omitted)); *Zucchella v. Olympusat, Inc.*, 2021 WL 4706541, at *3 (C.D. Cal. Mar. 30, 2021) (striking motion to compel due to the moving party's failure to request a meet and confer on the issue).

### b. Plaintiffs' Request is Barred by the Deadline to Serve Discovery Requests, Which Passed Nearly Two Months Ago

Even if Plaintiffs had properly sought to meet and confer on their request to propound additional interrogatories, such a request should be denied. Consistent with the Court's original scheduling order entered on January 12, 2021, *see* Ex. 5 (establishing a deadline of March 22, 2022 for the completion of fact discovery), Plaintiffs have twice since agreed to a deadline of February 22, 2022 for serving on the NFL Defendants any written discovery requests, including interrogatories, Barber Decl., ¶ 9; Ex. D, Ex. E, at 7 n.3. Plaintiffs argue that, by requesting to expand the interrogatory limits, they "are not attempting to serve additional interrogatories but are only seeking to make sure that Plaintiffs' interrogatories served to date are fully responded to." *See supra*, at 34. This argument defies logic; requesting responses to improperly propounded interrogatories *is* a request for additional discovery. Such a request should not be permitted almost two months after the deadline to do so.

### c. Plaintiffs Fail to Demonstrate the Requisite Particularized Need for the Information Requested in Their Proposed Additional Interrogatories

In support of their request to expand the 25-interrogatory limit, Plaintiffs argue that "[s]uch relief has been justified in prior cases that involve complex topics," and that the NFL's objection to answering interrogatories beyond the number permitted by Rule 33(a)(1) constitutes "the latest tactic to delay discovery in this case." *See supra* at 33–34. Putting aside the fact the NFL's objections were proper and made

1  in good faith, Plaintiffs fail to explain why expanding the interrogatory limit is

2  justified here.

3       First, "a party seeking leave to serve more Interrogatories than are

4  contemplated by the Federal Rules must make a particularized showing of [why] the

5  discovery is necessary." *Castaneda v. Burger King Corp.*, 2009 WL 4282596, at *1

6  (N.D. Cal. Nov. 25, 2009) (ellipses and citation omitted); *see also Eichler v. Tilton*,

7  2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010) ("Plaintiff is required to make some

8  showing as to the reasons for his request to propound extra interrogatories, so that

9  the court may make a determination as to the necessity therefor." (citing Fed. R. Civ.

10  P. 33)).  Only by making such a showing may the Court "provide judicial scrutiny

11  before parties make potentially excessive use of this discovery device." *O. L. v. City*

12  *of El Monte*, 2021 WL 922078, at *2 (C.D. Cal. Jan. 27, 2021), *reconsideration*

13  *denied*, 2021 WL 4776057 (C.D. Cal. Mar. 8, 2021).

14       Simply asserting that this case is complex does not demonstrate why the

15  additional interrogatories are necessary.  Nor is it sufficient to simply argue that the

16  topics contained Interrogatories Nos. 15 to 22 are relevant; indeed, countless topics

17  of inquiry may be relevant to *any* litigation, and yet Rule 33(a)(1)'s numerical limit

18  provides no exception for relevance.  Instead, the interrogatory limit aims to

19  encourage propounding parties to prioritize the relevant topics *most important* to their

20  case. *See Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218–19 (C.D. Cal.

21  2009) (concluding that the plaintiff had exceeded its 25-interrogatory limit, and

22  should "prioritize its inquiries and determine which interrogatories to again submit").

23       Interrogatories Nos. 15 to 22 do not seek information for which Plaintiffs have

24  a particularized need.  Instead, those interrogatories seek information Plaintiffs

25  *already possess* through prior discovery, or seek information more appropriately

26  requested through other discovery devices. For instance, Interrogatories Nos. 15, 16,

27  17, 21, and 22 seek information about ████████████████████████

28  ████████████████████████████      ████████████████      ████████

1  ██████████████████████████████████████████████████████████████████

2  ████████████████████████████████████████, respectively.  Documents

3  relating to all of these requests were produced in response to Plaintiffs' requests for

4  productions.   That is, Plaintiffs *already possess* copies of ████████████████

5  ██████████████████████████████████████████████████████████████

6  ██████████████████████████████████████████████████████████████

7  ██████████████████████████████████████████████████████████.   And

8  importantly, these interrogatories do not request the NFL to contextualize these

9  documents or provide additional information not contained therein—they simply

10  request that the NFL *identify* those documents.  Requesting the NFL to sort through

11  documents that Plaintiffs already possess—which Plaintiffs are equally capable of

12  doing—is not sufficient justification for overcoming Rule 33(a)(1)'s presumptive

13  limit on interrogatories.

14       Furthermore, Interrogatories Nos. 18, 19, and 20 request the NFL ████████

15  ████████████████████████████████████████.  Far from being

16  necessary to ask these questions through interrogatories, this information is more

17  appropriately obtained through expert discovery.  *See Qualcomm Inc. v. Apple Inc.*,

18  2018 WL 5829940, at *2 (S.D. Cal. Nov. 7, 2018) (finding interrogatory improper

19  where it asks about "a hypothetical negotiation[, which] is considered to be a matter

20  of expert opinion"); *see also Silva v. San Pablo Police Dep't*, 2018 WL 358789, at

21  *3 (N.D. Cal. Jan. 11, 2018) ("[O]nly individuals designated as experts could be

22  asked to opine on expert matters in an abstract or hypothetical sense." (citation

23  omitted)).

24       In sum, denying Plaintiffs' request to expand their interrogatory limit would

25  not prevent discovery of relevant information; it simply redirects Plaintiffs to obtain

26  that information through the appropriate channels, and protects the NFL from the

27  unwieldy burdens of overreaching interrogatory practice.  *See Stanley v. Trinchard*,

28  2004 WL 1713885, at *2 (E.D. La. 2004) (denying request to expand interrogatory

1   limit where additional information sought could be obtained from Rule 30(b)(6)

2   depositions); *Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128–29 (S.D. Ind. 2001)

3   (denying request to expand interrogatory limit where additional information sought

4   could be obtained from other discovery devices).  And protecting parties from these

5   costs is precisely why the Federal Rules limit the number of interrogatories permitted.

6   *See Safeco of Am.*, 181 F.R.D. at 443.

7        The cases that Plaintiffs cite do not establish otherwise.  In *Smith v. Premiere*

8   *Valet Servs., Inc.*, the court granted leave for each party to propound 50

9   interrogatories in large part because the party opposing the request for additional

10  interrogatories had previously made the same request.  *See* 2020 WL 7034346, at *10

11  (C.D. Cal. Aug. 4, 2020).  And in *In re Lithium Ion Batteries Antitrust Litig.*, *both*

12  *parties* requested that the court increase the presumptive interrogatory limit, the

13  smaller requested increase of which the court granted.  2015 WL 1221924, at *1, 4

14  (N.D. Cal. Mar. 17, 2015).  Neither case is relevant here.

15       In failing to establish any particularized need for expanding the presumptive

16  interrogatory limit with their additional topics, Plaintiffs' request must be denied.

17                           *       *       *

18       In responding to Plaintiffs' interrogatories, the NFL has undergone a careful

19  analysis of which subparts stand alone and are independent from each other, and thus

20  should properly be considered separate interrogatories.  Based on this understanding,

21  the NFL has appropriately responded to the 25 interrogatories permitted under the

22  Federal Rules of Civil Procedure.  Plaintiffs fail to establish their entitlement to

23  additional interrogatories without the requisite meet-and-confer regarding this

24  request, and almost two months after the deadline to serve discovery requests.

25  Plaintiffs' motions should be denied.

26

27  Dated: April 19, 2022              */s/ Marc M. Seltzer*
                                        Marc M. Seltzer (54534)
28                                      mseltzer@susmangodfrey.com

SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William Christopher Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Ave. of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Michael D. Hausfeld (*Pro Hac Vice*)
mhausfeld@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
1700 K. Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
Irving Scher (*Pro Hac Vice*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

49

Michael P. Lehmann (77152)
mlehmann@hausfeld.com
Bonny E. Sweeny (176174)
bsweeney@hausfeld.com
Christopher L. Lebsock (184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogran.com
Peter Leckman (*Pro Hac Vice*)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN & DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Interim Co-Lead Class Counsel*


*/s/ Beth Wilkinson*
Beth A. Wilkinson (*Pro Hac Vice*)
Brian L. Stekloff (*Pro Hac Vice*)
Rakesh N. Kilaru (*Pro Hac Vice*)
Jeremy S. Barber (*Pro Hac Vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com


Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gregg H. Levy (*Pro Hac Vice*)
Derek Ludwin (*Pro Hac Vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

51