# EXHIBIT A

Beth Wilkinson (admitted *pro hac vice*)
Brian Stekloff (admitted *pro hac vice*)
Rakesh Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION,<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS. | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**NFL DEFENDANTS' FIRST SET OF INTERROGATORIES TO COMMERCIAL PLAINTIFFS**<br><br>Judge:   Hon. Philip S. Gutierrez |

PROPOUNDING PARTY: NFL Defendants (as defined below)

RESPONDING PARTY: Commercial Plaintiffs (as defined below)

SET NUMBER: One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 33.1-33.3, Defendant National Football League ("NFL"), NFL Enterprises, LLC, and its member clubs (collectively, the "NFL Defendants") request that Plaintiffs Ninth Inning Inc., dba The Mucky Duck, and 1465 Third Avenue Restaurant Corp., dba Gael Pub (collectively, the "Commercial Plaintiffs") respond to the following interrogatories separately and fully in writing and under oath, not later than thirty (30) days from the date of service thereof.

## DEFINITIONS

The following definitions apply to all Interrogatories, unless otherwise specifically stated:

1. "You" and "Your" means you, the Commercial Plaintiffs, and all of your agents, including attorneys, investigators, contractors, consultants, experts, and other representatives.

2. "DirecTV" refers to DirecTV Holdings, LLC and DirecTV, LLC, and any parent companies with an interest in DirecTV, including AT&T Inc. and TPG Capital.

3. "Sunday Ticket" refers to the package provided by DirecTV that broadcasts live regular season NFL games unavailable on local television affiliates.

4. "Full Price" refers to the retail price of Sunday Ticket absent any promotional offerings or applicable discounts.

5. "Alleged Class Period" refers to the period from June 17, 2011 to present.

6. "Commercial Plaintiffs" refers to Plaintiffs Ninth Inning Inc., dba The Mucky Duck, and 1465 Third Avenue Restaurant Corp., dba Gael Pub.

7. "Customer" refers to any individual person who entered the premises of a Commercial Plaintiff's establishment, including but not limited to those individuals who spent money at the establishment.

8. "Subscription Programming Services" refers to any package of entertainment, sports, or television programming, including but not limited to ESPN+, Netflix, Hulu, Disney+, HBO, CBS All Access, Amazon Prime Video, Apple TV, MLB.TV, NBA League Pass, DirecTV, and any other similarly situated subscription services.

9. "Out-of-Market Sports Packages" refers to video programming packages that allow for a consumer to view games of any sport played by teams based/located outside of the viewing market in which the consumer resides, purchased through either the internet directly from a professional sports league such as Major League Baseball or the National Basketball Association, or the consumer's Subscription Programming Service, such as, for example, MLB Extra Innings, NHL Center Ice and NBA League Pass packages.

10. As used herein, the singular and masculine form of any noun or pronoun shall embrace and be read and applied as the plural or the feminine or neutral, as circumstances may make appropriate.

11. The words "and" and "or" should be construed either disjunctively or conjunctively, wherever necessary, to bring within the scope of the request any material that might otherwise by construed to be outside its scope.

12. The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

13. The word "each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

14. The word "including" is not limiting.

## INSTRUCTIONS

1. These Interrogatories shall be deemed continuing in nature so as to require timely supplemental responses when necessary to reflect events occurring and information becoming available subsequent to the serving of Your initial

responses. This paragraph shall not be construed to alter any obligations to comply with all other instructions herein.

2. Answers to these Interrogatories are to be based upon all knowledge or information available to You, including, but not limited to, all information or knowledge derivable from business or other records, and all knowledge or information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative, or other advisor subject to the instruction, direction, or control of You.

3. Each Interrogatory is to be answered separately and in order, and shall be construed independently and not by reference to any other Interrogatory.

4. You should answer each Interrogatory fully, and where necessary, indicate any changes that apply to Your response during the relevant time period for the Interrogatory. If you object to the Interrogatory, please state separately and specifically the reasons for your objection, and identify the portion of the Interrogatory You are objecting to. To the extent an objection only covers a portion of the Interrogatory, you should answer the remaining unobjectionable portion of the Interrogatory fully.

5. If you answer any of the Interrogatories by reference to documents from which the answer may be derived or ascertained, You are requested to: (i) Identify with particularity the production numbers of the documents from which the answer may be derived or ascertained; and (ii) produce to NFL Defendants any such document that has not been produced to date. When referring to documents, "Identify" means state the type of document, its title, author, recipients, date, and Bates-stamp numbers (if any), the location of the document, and the custodian of the document.

6. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a detailed statement should be provided explaining why only a partial answer was given. To the extent it

is known, You should Identify any documents or sources from which more complete information is obtainable.

7. In identifying a natural person, state the full legal name of the person, the present or last known employer of such person, and the present or last known home and business address of the person.

8. In identifying an entity or organization, state the full legal name of the entity, the present or last known address of the entity, and the telephone number of the entity.

9. With respect to any Interrogatory that You may allege that You are unable to answer due to insufficient knowledge, specify the nature of the inquiries made in an attempt to enable You to answer the Interrogatory, including the identity of any person communicated with in an attempt to enable You to respond fully to the Interrogatory.

10. If, in answering these Interrogatories, You claim any ambiguity in interpreting either a particular Interrogatory or a definition or instruction, such claim shall not be utilized as a basis for refusing to answer. Instead, You shall set forth as part of the answer the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

11. If You withhold any answer to the following Interrogatories, in whole or in part, for any reason, including a claim of privilege or other protection from disclosure such as attorney-client privilege, the work-product doctrine, or business confidentiality or trade-secret protection, set forth separately with respect to each such Interrogatory: (a) the nature of the privilege or ground of confidentiality claimed; (b) each and every basis upon which such privilege is claimed or under which the response is withheld; (c) the general subject matter of the withheld information; (d) such other information as is sufficient to identify the withheld information and the sufficiency of the grounds for withholding the information on

1  the basis of privilege, including the names of every person or entity who has been
2  privy to such information.

## INTERROGATORIES

**INTERROGATORY NO. 1**

For each month that you subscribed to Sunday Ticket, identify what package of Sunday Ticket you were subscribed to and how much you specifically paid for that package. In responding to this Interrogatory, indicate those months that you were:

    (a)    a Full Price paying subscriber of Sunday Ticket;

    (b)    a paying subscriber of Sunday Ticket, but not paying Full Price for the package; and

    (c)    a non-paying subscriber of Sunday Ticket.

**INTERROGATORY NO. 2**

Describe with specificity the factor(s) You considered in deciding to subscribe to Sunday Ticket. To the extent Your response includes multiple factors, list them in order of importance.

**INTERROGATORY NO. 3**

Describe with specificity the factor(s) You considered in deciding to cancel your subscription to Sunday Ticket. To the extent Your response includes multiple factors, list them in order of importance.

**INTERROGATORY NO. 4**

Identify the number of televisions in Your establishment, the number of televisions in Your establishment that show NFL games, including how many televisions would show NFL games at the same time when multiple games were on, and identify how You would decide which games to show?

**INTERROGATORY NO. 5**

During the Alleged Class Period, identify how Your establishment marketed the NFL games it displayed, including but not limited to whether Your marketing materials specified a particular football club or club(s) and whether your marketing efforts included paid advertisements (for example through television, print, or the Internet) and social media posts.

**INTERROGATORY NO. 6**

During the Alleged Class Period, identify whether Your establishment displayed multiple football games simultaneously through the Sunday Ticket package, and if so, include in Your response:

(a) the frequency with which you did so, for example, every Sunday of the month or otherwise; and

(b) the approximate number of games You would show on the Sundays that you did display multiple games through Sunday Ticket, for example, all games available on Sunday Ticket on any given Sunday, or approximately three games on any given Sunday available on Sunday Ticket.

**INTERROGATORY NO. 7**

During the Alleged Class Period, identify what other entertainment, sports, or television programming Your establishment would display and include the duration of those displays and on how many televisions that programming would be displayed. Include in Your response whether any of the programming described above was displayed at the same time as any NFL football games.

**INTERROGATORY NO. 8**

Identify all sporting content that is displayed in Your establishment, including the Subscription Programing Service or any other medium used to acquire that

content (for example, DirecTV, Hulu Sports, etc.). In responding to this Interrogatory, specify whether You subscribe to other Out-of-Market Sports Packages other than Sunday Ticket.

**INTERROGATORY NO. 9**

During the Alleged Class Period, identify, on average, how many customers you had on each day of the week, the day of the week in which Your establishment had the most Customers, Your Customers' television preferences, and Your Customers' NFL preferences and club loyalties, if any.

**INTERROGATORY NO. 10**

Identify the approximate amount of revenue generated on each day of the week and identify the day of the week that Your establishment generated the most revenue.

**INTERROGATORY NO. 11**

Identify how many years Your establishment has been in operation, and, if it is no longer in operation, identify the date operations ceased and identify the person who currently represents the interests of Your establishment.

**INTERROGATORY NO. 12**

Identify and describe how You were selected to be a class representative in this case.

**INTERROGATORY NO. 13**

State the amount of damages, if any, that You seek and describe with specificity how these amounts were calculated.

Dated: November 29, 2021

By: /s/ Beth A. Wilkinson
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# CERTIFICATE OF SERVICE

I, Jeremy S. Barber, attorney at Wilkinson Stekloff LLP, hereby certify that, on November 29, 2021, I caused the foregoing NFL Defendants' First Set of Interrogatories to Commercial Plaintiffs to be served via email delivery on the following counsel:

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Howard I. Langer
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
hlanger@langergrogan.com

Scott Martin
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

*Co-Lead Plaintiffs' Counsel*

Executed on November 29, 2021.

By: */s/ Jeremy S. Barber*
　　　Jeremy S. Barber