Beth Wilkinson (admitted *pro hac vice*)
Brian Stekloff (admitted *pro hac vice*)
Rakesh Kilaru (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Jeremy Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
130 West 42nd Street, 24th Floor
New York, New York 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National
Football League, NFL Enterprises LLC,
and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION, | Case No. 2:15-ml-02668-PSG (JEMx) |
| _____ | **DISCOVERY MATTER** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | **NFL DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL COMMERCIAL PLAINTIFFS TO RESPOND TO INTERROGATORY NO. 10** |
| | Judge: Hon. John E. McDermott Date/Time: 5/17/2022, 10:00 a.m. |
| | Discovery Cutoff Date: 8/5/2022 Pretrial Conference Date: 2/9/2024 Trial Date: 2/22/2024 |

## I.      INTRODUCTION

Commercial Plaintiffs' arguments in defense of their refusal to answer the NFL Defendants' Interrogatory No. 10 are unavailing.  In addition to simply ignoring many of the cases that the NFL Defendants cite in support of the fact that downstream discovery is discoverable where relevant, Commercial Plaintiffs misapply the case they do address.  At bottom, the requested discovery is relevant to both class certification and market definition, and Commercial Plaintiffs' suggestions to the contrary should be rejected.

Commercial Plaintiffs also argue they should be excused from responding on burden grounds.  However, Commercial Plaintiffs have raised only boilerplate burden objections that lack the specificity required by the Federal Rules of Civil Procedure and as such are tantamount to not raising any objection at all.  In addition, Commercial Plaintiffs' burden arguments fail on the merits.

The NFL Defendants respectfully request that this Court compel Commercial Plaintiffs to respond to Interrogatory No. 10.

## II.     COMMERCIAL PLAINIFFS' DOWNSTREAM DISCOVERY ARGUMENT IS UNAVAILING

Commercial Plaintiffs have failed to credibly defend their objection to providing the information sought by the NFL Defendants' Interrogatory No. 10. Rather than engage with the substance of the multiple cases cited by the NFL Defendants, Commercial Plaintiffs instead try to recharacterize those cases as "outlier (or inapplicable) cases," *see* Dkt. No. 462-1 at 2, offering no support for such a claim.

Indeed, Commercial Plaintiffs completely ignore the many on-point cases cited by the NFL Defendants that support its position.  *See, e.g.*, *In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 463 (D. Kan. 2006) (holding that downstream data is discoverable when it is relevant to issues in the case and production does not cause an undue burden); *In re Fresh and Process Potatoes Antitrust Litig.*, 2014 WL

1

12616658, at *2 (D. Idaho June 24, 2014) (permitting downstream discovery into customer purchasing decisions in order to determine if the class members were driven to purchase the potatoes for divergent reasons, potentially revealing misaligned interests).

Further, the cases that Commercial Plaintiffs do cite are unsupportive of their position. For example, *In re Air Cargo Shipping Services Antitrust Litigation* clearly acknowledges that downstream data is discoverable when relevant. No. 06–MD–1775, 2010 WL 4916723, at *2–3 (E.D.N.Y. Nov. 24, 2010). Commercial Plaintiffs' reliance on a seemingly helpful sound bite from *In re Pool Products Distribution Market Antitrust Litigation* is also unavailing. *See* Dkt. No. 462-1 at 3 (citing No. 12-md-02328, Dkt. No. 174 at 14 (Vance, J)). A closer look at that case reveals that the court was largely concerned with prohibiting downstream discovery where a "pass-on" defense was being asserted. *See, e.g.*, *id.* at 19 ("If it is irrelevant to the plaintiffs' recovery that they may have passed on the overcharge, then this inquiry is not relevant to the adequacy of representation question."). Here, the NFL Defendants are asserting no such defense.

Commercial Plaintiffs further misstate the NFL Defendants' position in attempting to grapple with *Valley Drug v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181 (11th Cir. 2003). Commercial Plaintiffs argue that *Valley Drug* is inapplicable because all class members here "are alleged to have suffered an overcharge on Sunday Ticket; there were no windfalls or 'winners' from the challenged conduct, only losers." *See* Dkt. No. 462-1 at 13. This argument is inapposite, because the challenged conduct of delaying the entry of generic drugs into the market in *Valley Drug* allegedly subjected all purchasers there to higher prices as well. 350 F.3d at 1186–87, 1993. Whether all class members are alleged to have suffered an overcharge is not the relevant inquiry in *Valley Drug*. Rather, the pertinent question from *Valley Drug* is whether the requested discovery might demonstrate that a proposed class representative was differently impacted (to their benefit) than other

2

1   class members by the alleged anticompetitive conduct.  *Id.* at 1193–94.  That is

2   precisely the question that the NFL Defendants are seeking to answer by

3   propounding Interrogatory No. 10.  For example, these differences may be due to

4   factors such as their size, number of televisions, client base, many of which the NFL

5   Defendants inquired into in their First Set of Interrogatories.  *See generally* Dkt. No.

6   462-1, Ex. A.

7        The requested discovery is also relevant to a second topic—market definition.

8   Commercial Plaintiffs do not meaningfully contest that this discovery potentially

9   relevant in defining the market.  Instead, their challenges go to the weight of the

10  evidence.   For example, they suggest that factors other than the types of

11  entertainment shown to customers might have impacted their revenues.  *See* Dkt.

12  No. 462-1 at 13–14.  Commercial Plaintiffs are of course free to argue that at the

13  appropriate time, but that does not provide a basis for refusing to respond to the

14  requested Interrogatory now.  *Paulson v. Case Corp.*, 168 F.R.D. 285, 288–89 (C.D.

15  Cal. 1999) (finding that relevance for discovery purposes is distinct from the weight

16  of that evidence and its relevance at trial).[1]

17       At the end of the day, Commercial Plaintiffs' claims that the requested

18  discovery is not relevant does not absolve them of their obligation to respond.  As

19  this Court made clear in a recent ruling, "neither party can prove or disprove

20  [relevance] at this point," and, as such, disputes of these types "cannot be resolved

21  on a discovery motion by this Court but only by the District Court on summary

22  judgment or at trial."  *See* Minutes Order re Plfs.' Motion to Compel Production of

23  Documents by Non-Party Charter Communications, Inc. (Dkt. No. 403 at 6.)

24  [1] It is of no moment that the Ninth Circuit noted—in an appeal from a decision

25  granting a motion to dismiss, where the Court was required to accept all factual allegations as true—that "fans do not consider NFL games to be comparable to other sports or forms of entertainment."  *See* Dkt. No. 462-1 at 14 (citing *In re Nat'l*

26  *Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1155 (9th Cir. 2019) (citation omitted)).   Market definition is a jury question that encompasses

27  many factors, *see Syufy Ents. v. Am. Multicinema, Inc.*, 793 F.2d 990, 994 (9th Cir. 1986) ("Relevant market is a factual issue which is decided by the jury"), and is not

28  limited solely to the views of fans.

3

NFL DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL
COMMERCIAL PLAINTIFFS TO RESPOND TO INTERROGATORY NO. 10
CASE NO.  2:15-ML-02668-PSG (JEMX)

### III.   COMMERCIAL PLAINTIFFS' HAVE FAILED TO ESTABLISH THAT RESPONDING TO THE NFL DEFENDANTS' INTERRGOTORY WOULD BE UNDULY BURDENSOME.

In their portion of the Joint Stipulation, Commercial Plaintiffs pivot to claim—for the first time with any particularity—that responding to Interrogatory No. 10 is unduly burdensome.  This burden argument was only raised in the most perfunctory way in Commercial Plaintiffs' responses to the at-issue Interrogatory— with a mere "unduly burdensome" objection absent explanation—and was never raised in either of the two meet and confers addressing this topic.[2]  As this Court well knows, "boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."  *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 586 (C.D. Cal. 1999); s*ee also Duran v. Cisco Sys. Inc.*, 258 F.R.D. 375, 379-80 (C.D. Cal. 2009) (holding that a party who puts forth only boilerplate objections without explanation waived those objections).

Further, Commercial Plaintiffs make no attempt to explain why they failed to raise the issue of burden with any specificity previously.  And, fatally, they attach no affidavit or declaration to corroborate their burden claim.  *Cf. Chatman v. Felker*, No. CIV S–06–2912 LKK EFB P., 2012 WL 929675, at *2 (E.D. Cal. Mar. 19, 2012) (noting that establishing good cause under Rule 33(b)(4) requires an accompanying declaration).  This Court should disregard such uncorroborated claims.

Moreover, Commercial Plaintiffs' burden arguments are unavailing on the merits.  Commercial Plaintiffs attempt to recast the scope of the NFL Defendants' request to make it sound more burdensome than it is.  *See* Dkt. No. 462-1 at 11 (contending that "Commercial Plaintiffs have no business reason to have maintained their accounting in this way (comparing revenue, by day of the week, for 11 years),

---

[2] Commercial Plaintiffs inappropriately attempt to blame the NFL Defendants for not having sought to discuss burden at any of the meet and confers, *see* Dkt. No. 462-1 at 11 n.7, even though the party that wants to raise an objection has the burden of supporting it. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) ("[T]he party opposing discovery bears the burden of showing that discovery should not be allowed . . . .").

nor would it be a small task to amass all of their accounting records and attempt these types of calculations.")  But contrary to Commercial Plaintiffs' claims, detailed granular records are not required to respond to this Interrogatory.  Instead, the Interrogatory seeks only an "approximate amount of revenue" generated on each day of the week, and the NFL Defendants have made clear to the Commercial Plaintiffs that representative revenue averages would be sufficient.  To the extent Commercial Plaintiffs are legitimately concerned about burden, they could have addressed this issue with the NFL Defendants and the parties could have worked toward a solution.[3] Given that Commercial Plaintiffs never addressed this issue previously, this Court should not permit Commercial Plaintiffs to rely on this rationale now, especially in light of the minimal discovery Commercial Plaintiffs have provided in this litigation to date.[4]

## IV.   CONCLUSION

The NFL Defendants respectfully request that the Court compel Commercial Plaintiffs to respond to Interrogatory No. 10.

---

[3] Commercial Plaintiffs suggest, without support, that they do not maintain their records in a way that would *readily* enable them to respond to Interrogatory No. 10. Notably, this argument does not go so far as to say the records do not exist.  But to the extent that is the case, the Federal Rules of Civil Procedure nonetheless require that Commercial Plaintiffs respond to the extent records *do* exist.  *See* Fed. R. Civ. P. 33(b)(3).

[4] For context, Commercial Plaintiffs have, to date, produced only 177 documents (consisting of 332 pages) in this litigation, whereas the NFL Defendants have produced 133,507 documents consisting of 1,199,169 pages.

5

NFL DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL
COMMERCIAL PLAINTIFFS TO RESPOND TO INTERROGATORY NO. 10
CASE NO.  2:15-ML-02668-PSG (JEMX)

1

2    Dated:  May 3, 2022                    WILKINSON STEKLOFF LLP

3

4                                     By:  */s/ Beth A. Wilkinson*
                                           Beth A. Wilkinson (admitted *pro hac vice*)
5                                          Brian L. Stekloff (admitted *pro hac vice*)
                                           Rakesh N. Kilaru (admitted *pro hac vice*)
6                                          Jeremy S. Barber (admitted *pro hac vice*)
                                           **WILKINSON STEKLOFF LLP**
7                                          2001 M Street NW, 10th Floor
                                           Washington, DC 20036
8                                          Telephone: (202) 847-4000
                                           Facsimile: (202) 847-4005
9                                          rkilaru@wilkinsonstekloff.com
                                           bwilkinson@wilkinsonstekloff.com
10                                         bstekloff@wilkinsonstekloff.com
                                           jbarber@wilkinsonstekloff.com
11

12                                         Neema T. Sahni (Bar No. 274240)
                                           **COVINGTON & BURLING LLP**
13                                         1999 Avenue of the Stars
                                           Suite 1500
14                                         Los Angeles, CA 90067-6045
                                           Telephone: (424) 332-4800
15                                         Facsimile: (424) 332-4749
                                           nsahni@cov.com
16

17                                         Gregg H. Levy (admitted *pro hac vice*)
                                           Derek Ludwin (admitted *pro hac vice*)
18                                         **COVINGTON & BURLING LLP**
                                           One CityCenter
19                                         850 Tenth Street NW
                                           Washington, DC 20001
20                                         Telephone: (202) 662-6000
                                           Facsimile: (202) 662-6291
21                                         glevy@cov.com
                                           dludwin@cov.com
22
                                           *Counsel for Defendants National Football*
23                                         *League, NFL Enterprises LLC, and the*
                                           *Individual NFL Clubs*
24

25

26

27

28