MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES BY THE NFL, OR ALTERNATIVELY, TO EXPAND INTERROGATORY LIMITS**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 5/17/2022, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

The NFL's justifications for refusing to answer undisputedly relevant interrogatories are meritless. None of the interrogatories that the NFL characterizes as compound "threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate." *Olen Properties Corp. v. ACE Am. Ins. Co.*, 2017 WL 11635014, at *3 (C.D. Cal. Jan. 30, 2017). As a result, the NFL must answer them.

The Court should compel responses to Plaintiffs' interrogatories even if it determines that they exceed 25 when counting discrete subparts. Plaintiffs' alternative request for relief would not constitute additional discovery after the stipulated deadline, nor violate Rule 37's meet-and-confer requirements. Plaintiffs simply want the NFL to respond to interrogatories that were served months ago, and which have been the subject of numerous meet-and-confers ever since. Regardless of how the interrogatories are tallied, Interrogatories 15-22 are relevant and proportional to this complex antitrust case. Nothing in the NFL's opposition establishes otherwise.

## I. The NFL Fails to Find Support From Its Own Authority

The principal in-district authority cited by the NFL—*Olen Properties*, 2017 WL 11635014—contradicts the League's arguments and supports Plaintiffs. *See* Joint Stip. at 4-5. Summarizing the caselaw on defining "discrete subparts," and recognizing that "many of these formulations are difficult to apply perhaps even conflicting," the *Olen* court called for "a pragmatic approach" based on whether allegedly compound interrogatories are consistent with Rule 33. 2017 WL 11635014, at *3 (internal quotation marks omitted). **Overruling** a numerosity objection, the *Olen* court held that "interrogatories asking for different bits of information about the same topic generally are considered one interrogatory." *Id.* at *4. The court provided several examples of interrogatories with subparts that courts within the Ninth Circuit have held to constitute a single interrogatory. *Id.* Generally, if an interrogatory's subparts seek further detail about that interrogatory's primary question, it should be considered a single interrogatory. *See id.* The court went on to hold that an

interrogatory seeking details such as (a) how a design at issue in the case was created, (b) the identity of each person who contributed to the design, and (c) the steps taken in the design process should count as **one** interrogatory. *See id*.

The *Olen* court explained its counting methodology on the basis that "the subparts are not discrete, because they ask for details about this same topic." *See id*. at *5. Applying this standard, Interrogatories 8 and 11 should each be treated as a single interrogatory. The same is true for Interrogatory 2, which also seeks different bits of information about a single topic: the identity of persons most knowledgeable within the NFL. *See In re Ameranth Cases,* 2018 WL 1744497, at *2-3 (S.D. Cal. Apr. 11, 2018) (holding that interrogatory subpart seeking "all persons with knowledge" of multiple relevant facts constituted a single interrogatory); *Dang v. Cross*, 2002 WL 432197, at *2-3 (C.D. Cal. Mar. 18, 2002). The NFL's responses to Interrogatory 2 further indicate that the subparts are logically related *in this particular case*—of the twelve total individuals that the NFL identified, five are designated as most knowledgeable about more than one of the supposedly discrete subtopics.

## II.     Plaintiffs Do Not Seek to Serve Additional Discovery

The NFL's opposition misleadingly attempts to create the perception that Plaintiffs' request for alternative relief seeks service of additional discovery after the agreed-upon deadline. *See* Joint Stip. at 5, 45. Not so. This motion seeks long-awaited answers to interrogatories that were served well before the February 22 deadline. Plaintiffs make the request to expand the 25-interrogatory limit as an alternative mechanism by which this Court can compel the NFL to answer Interrogatories 15-22. Pursuant to the agreement between the parties, neither Plaintiffs nor Defendants are permitted to serve *any **additional*** discovery. The interrogatories at issue in this motion are the last that either party will serve in this action.

The Court should reject both the NFL's feigned surprise at this reasonable request, and its contention that the parties have not sufficiently met-and-conferred on this issue. The parties exchanged Rule 37-1 letters and met-and-conferred by phone

on the subject of the NFL's objection to the numerosity of Plaintiffs' interrogatories. The NFL cites to no authority that would suggest that Local Rule 37 requires more. Nor does it argue that further meet-and-conferring would be fruitful in this context.

Moreover, it is well-established that a district court possesses the discretion to grant leave for one party to serve additional interrogatories, and to do so after the interrogatories have been served. *See, e.g., Brady v. Grendene USA, Inc.*, 2014 WL 4925578, at *7 (S.D. Cal. Sept. 26, 2014) (granting leave to propound additional interrogatories despite sustaining numerosity objection). The *Brady* court justified its decision because "the scope of discovery is broad, and the information that the plaintiffs seek… is relevant." *Id.* The same principles apply here.

Plaintiff's request for alternative relief is reasonable in light of the NFL's obstruction. As further proof of the NFL's continued attempts to escape discovery obligations, the NFL tries to move the goal posts when counting interrogatories. In addition to claiming that Interrogatory Nos. 2, 8, and 11 justify its refusal to provide answers to any interrogatory after No. 14, the NFL half-heartedly claims that other interrogatories (Interrogatory Nos. 3 and 4) *could* also contain discrete subparts which *could* be relied on for purposes of counting additional interrogatories. *See* Joint Stip. at 41-42. Yet the NFL did not raise these objections before this motion. In fact, the NFL does not dispute that it belatedly inflated its count for Interrogatory No. 11 to three interrogatories for purposes **of this motion**, after asserting that it only counted as two in its initial written responses. *See* Joint Stip. at 30 n.3, 40 n.5. The Court could quickly put an end to this gamesmanship by expanding the interrogatory limits so as to require the NFL to respond to Plaintiffs' already-served interrogatories.

### III. Plaintiffs Have Sufficiently Explained Why More Than 25 Interrogatories Are Needed

The NFL incorrectly asserts that Plaintiffs have not articulated a "particularized need" for additional discovery. That argument is wrong as a matter of fact. It also overstates Plaintiffs' burden under Rule 33. "Leave to serve additional

3

interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). In other words, additional interrogatories are proper when they are relevant and proportional to the needs of the case—as is made clear by the principal case cited by the NFL. In *Castaneda v. Burger King Corp.,* the court *granted* plaintiffs' request for additional interrogatories based on a finding that "the burden imposed on Defendant by the additional interrogatories does not outweigh the relevance of importance of the information requested," considering "the complexity of the case, and the resources available to the parties." 2009 WL 4282596, at *3 (N.D. Cal. Nov. 25, 2009). The other cases that the NFL cites are irrelevant—each involved a *pro se* plaintiff who provided *no explanation* for the request to serve additional interrogatories. *See Eichler v. Tilton*, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010); *O. L. v. City of El Monte*, 2021 WL 922078, at *2 (C.D. Cal. Jan. 27, 2021).

The NFL's opposition does not dispute their relevance of each of the (supposedly) additional interrogatories to Plaintiffs' antitrust claims. Nor could it. Interrogatories 15 and 16 seek information about the NFL's distribution of telecast rights for live football games in the United States and other countries. The nature of the NFL's distribution of live football in this country is plainly material to litigation challenging collusive restrictions on broadcasting, while a comparison with the less-restrictive distribution practices that the NFL employs in other countries is relevant to rebut any pro-competitive justifications for the challenged arrangement. Interrogatory 17, which seeks information about revenue sources and revenue sharing of individual NFL clubs, pertains directly to one of the agreements that Plaintiffs challenge—between the NFL and its member clubs. Interrogatories 18-20 seek evidence to rebut the NFL's pro-competitive justifications by asking the costs that the League would bear if the Clubs were permitted to license their own content (No. 18), or if Sunday Ticket were non-exclusive (No. 19) or offered in a conference or club-specific manner (No. 20). Interrogatory 21 requests the specific contractual provisions by which the NFL requires its Clubs to license their rights to the League.

Lastly, Interrogatory 22—which asks for the identification of surveys about pricing and viewership of NFL telecasts—seeks information as to the competitive harm cause by the conduct alleged in this litigation. In sum, each interrogatory falls well within the bounds of Rule 26(b)(1).

Unable to dispute the relevance of these interrogatories to this case, the NFL instead claims (1) that it has *already* provided the information to Plaintiffs through written document production or (2) that answers to these interrogatories are "more appropriately obtained through expert discovery." Neither argument holds water. As to the first, the NFL may answer an interrogatory by producing business records only if it specifies the records "in sufficient detail to enable to interrogating party to locate them as readily as the responding party could." Fed R. Civ. P. 33(d)(1); *see GCIU-Employer Ret. Fund v. Quad/Graphics, Inc.*, 2017 WL 10399497, at *2 (C.D. Cal. Feb. 9, 2017) (proper Rule 33(d) response must provide indices that specify how to use the documents to obtain information requested by interrogatories). It has not done so. As to the second, the NFL waived this objection by failing to raise it in its responses to Interrogatories 18-20. *See, e.g., Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (declining to consider objections that responding party did not assert in original discovery responses but raised for first time in joint stipulation). Nor has the NFL sufficiently explained why an expert witness is necessary to describe the costs that would be borne if the NFL adopted a less restrictive approach to the distribution of live football. These interrogatories seek the *NFL's explanation* as to why it considers less restrictive arrangements to be economically infeasible. No specialized expertise is required.

**IV. Conclusion**

Plaintiffs respectfully request that the Court compel the NFL Defendants to provide full responses to Interrogatory Nos. 15-22, either by overruling the NFL's numerosity objection or granting Plaintiffs to leave to serve interrogatories beyond the 25-interrogatory limit.

| | |
|---|---|
| Dated: May 3, 2022 | Respectfully submitted,<br><br>By:  /s/ Marc M. Seltzer<br>    Marc M. Seltzer<br><br>Marc M. Seltzer (54534)<br>mseltzer@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br><br>Arun Subramanian (*Pro Hac Vice*)<br>asubramanian@susmangodfrey.com<br>William C. Carmody (*Pro Hac Vice*)<br>bcarmody@susmangodfrey.com<br>Seth Ard (*Pro Hac Vice*)<br>sard@susmangodfrey.com<br>Tyler Finn (*Pro Hac Vice*)<br>tfinn@susmangodfrey.com<br>SUSMAN GODFREY L.L.P<br>1301 Avenue of the Americas, 32nd Fl.<br>New York, NY 10019<br>Tel: (212) 336-8330<br>Fax: (212) 336-8340<br><br>Ian M. Gore (*Pro Hac Vice*)<br>igore@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br>Tel: (206) 505-3841<br>Fax: (206) 516-3883<br><br>Armstead Lewis (*Pro Hac Vice*)<br>alewis@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Tel: (713) 651-9366<br>Fax: (713) 654-6666<br><br>Scott Martin (*Pro Hac Vice*)<br>smartin@hausfeld.com<br>HAUSFELD LLP<br>33 Whitehall Street, 14th Floor<br>New York, NY 10004<br>Tel: (646) 357-1100<br>Fax: (212) 202-4322<br><br>Christopher L. Lebsock (184546) |

clebsock@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*