UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|
| S. Lorenzo | |
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE NFL DEFENDANTS' MOTION TO COMPEL COMMERCIAL PLAINTIFFS TO RESPOND TO INTERROGATORY NO. 10 (Dkt. 462)**

Before the Court is NFL Defendants' Motion To Compel Commercial Plaintiffs To Respond To Interrogatory No. 10 ("Motion") filed on April 26, 2022. (Dkt. 462, 462-1.) Both parties filed a Supplemental Memorandum on May 3, 2022. The Court ORDERS the parties to meet and confer on burden and, if they do not resolve the dispute, to submit a Joint Status Report by **May 17, 2022** on what revenue records exist in Commercial Plaintiffs' custody, control or possession and on whether Commercial Plaintiffs can feasibly produce those revenue records.[1]

## Background

Interrogatory No. 10 asks Commercial Plaintiffs Gael Pub and Mucky Duck to "[i]dentify the approximate amount of revenue generated on each day of the week and identify the day of the week that your establishment generated the most revenue." (Dkt. 462-3, p. 8.) Plaintiffs objected to Interrogatory No. 10 "as 'downstream', overly broad, and not seeking any information relevant to any party's claims or defense in this litigation." (Dkt. 462-4 at p. 9; 462-5 at 9.) Both Commercial Plaintiffs indicated they would not provide information concerning "downstream" discovery in response to the Interrogatories. (Id.) Plaintiffs cite out of Circuit district court cases in support of their position. There is no Ninth Circuit case on the extent of discoverability of downstream

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the May 17, 2022 hearing date on the Motion. See F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

data.

NFL Defendants cite district court cases that have allowed downstream discovery data in antitrust cases where it is not being sought in order to assert a pass-on defense. See, e.g., In Re Vitamin Antitrust Litigation, 198 F.R.D. 296, 299-301 (D.D.C. 2000); In Re Urethane Antitrust Litigation, 237 F.R.D. 454, 463 (D. Kan. 2006) (downstream data is discoverable when it is relevant to issues in the case and production does not cause an undue burden). The NFL Defendants are not asserting a pass-through defense. They contend that the data is relevant to class certification and market definition.

### a. Market Definition

Because this is an antitrust overcharge case that affects all class members, the Court is highly skeptical of NFL Defendants' desire to obtain the data for class certification purposes. The Court, however, cannot say that the requested data is irrelevant to market definition in determining whether other television programming is substitutable. See Epic Games, Inc. v. Apple, Inc., 2021 WL 4128925*81 (N.D. Cal.) (product market for antitrust purposes "must encompass the product at issue as well as all economic substitutes for the product"). Plaintiffs argue that the Ninth Circuit held that "fans do not consider NFL games to be comparable to other sports or forms of entertainment"). 933 F.3d 1136, 1155 (9th Cir. 2019), citing L.A. Mem. Colis. Comm'n v. Nat'l Football League, 726 F.2d 1381, 1393 (9th Cir. 1984). This statement, however, occurred in the context of an appeal from a decision granting a motion to dismiss where the Court was required to accept all factual allegations as true. Market definition is a jury decision. Syufy Ents v. Am. Multicinema, Inc., 793 F.2d 990, 994 (9th Cir. 1986). Plaintiffs also argue that factors other than the types of entertainment shown to customers might have impacted their revenues, but such challenges go to the weight of the evidence. Paulson v. Case Corp., 168 F.R.D. 285, 288-89 (C.D. Cal. 1999). The relevance of the data, moreover, goes to the merits of the case, which this Court is not authorized to resolve but rather must be resolved on summary judgment or trial. The Court will consider discoverability of the downstream data sought by Interrogatory No. 10 if the burden is not undue.

### b. Burden

In the Joint Stipulation, Commercial Plaintiffs contend that answering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

Interrogatory No. 10 would be overly burdensome, if not impossible. They are small local sports bars which have but piecemeal accounting records and do not maintain revenue records in the manner requested that would readily enable a response to Interrogatory No. 10. (JS 10-11.) One is no longer even an ongoing concern. (JS 11.) The problem with these generalized factual assertions is that they are unsupported by any declaration.

Nor does it appear that the parties met and conferred regarding Plaintiffs' burden argument in response to Interrogatory No. 10. The parties bicker over who is at fault for the lack of conferral on burden.

In their Supplemental Memorandum, Plaintiffs finally supply declarations on burden from the partner/proprietor of the Commercial Plaintiffs. (Dkt. 468, Exs. A and B.) Both Eugene Lennon of Gael Pub and Jason Baker of Mucky Duck claim they do not have information about the amount of revenue generated on a given day and on which day they generate the most revenue. (Dkt. 468-1, ¶ 5; 468-2, ¶¶ 5-6.) They also state that they do not have any way of approximating daily revenues for 11 years and that there is no single source of information that could yield the information sought. (Dkt. 468-1, ¶¶ 6-7; 468-2, ¶¶ 7-8.) These declarations, however, are unauthorized. Local Rule 37-2.2 authorizes the submission of declarations and exhibits with the Joint Stipulation. Local Rule 37-2.3, however, does not contemplate or authorize reply declarations or submission of new facts with supplemental memoranda as the other party would have no opportunity to respond. Nor did Plaintiffs seek leave to submit this late information.

The Court can disregard the two declarations or provide the NFL Defendants with an opportunity to respond. The Court, however, will ORDER the parties to do what they failed to do, i.e., meet and confer on what, if any, revenue data exists and whether it can be feasibly produced, and submit a Joint Status Report on same on or before **May 17, 2022**. The parties may file declarations with the Joint Status Report. See Fed. R. Civ. P. Rule 33(b)(3).

The Lennon Declaration states under oath that Gael Pub is not in "possession" of any documents or information responsive to Interrogatory No. 10 regarding daily revenue and which day of the week generated the most revenue. (Dkt. 468-1, ¶¶ 3-5.) The Court is skeptical of the assertion that Gael Pub has no revenue documents or information. The Declaration does not address "control," only possession. Gael Pub will have to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

further explanation to support its assertion, why it was not presented sooner, what search was undertaken and why there are no revenue documents or information.

The Baker Declaration only says that Mucky Duck has "never calculated" the amount of revenue generated daily or which day generated the most revenue. (Dkt. 468-2, ¶¶ 5-6.) The Court takes this assertion to mean that there are revenue records from which calculations could be made. Mucky Duck will need to explain why it cannot produce whatever revenue data is in its custody, control or possession. See Fed. R. Civ. P. Rule 33(b)(3).

The NFL Defendants do not mention whether they sought revenue documents through document requests nor does it appear that the parties discussed production of documents in lieu of interrogatory answers pursuant to Rule 33(d). Rule 33(d) would not require Plaintiffs to make any calculations or assemble revenue records in some particular manner desired by the NFL Defendants. Plaintiffs can produce their revenue records "as is" for the relevant time period, supported by declarations from the partner/proprietor that they have produced all revenue records in their control, custody or possession.

The parties must meet and confer and, if they resolve the dispute, present the Court with a stipulated order requiring production and/or dismissing the Motion. If they do not resolve the dispute, they must file a Joint Status Report with declarations by **May 17, 2022** as indicated above.

|  | : |
|---|---|
| Initials of Preparer | slo |