UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 15ML02668 PSG (JEMx) | Date | May 11, 2022 |
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

Present: The Honorable **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE**

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Proceedings: **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES BY NFL DEFENDANTS, OR ALTERNATIVELY, TO EXPAND INTERROGATORY LIMITS (Dkt. 453)**

Before the Court is Plaintiffs' Motion To Compel Responses To Plaintiffs' Third Set Of Interrogatories By NFL Defendants, Or Alternatively, To Expand Interrogatory Limits ("Motion"). (Dkt. 453.) The parties filed a Joint Stipulation on April 19, 2022. (Dkt. 453.) Plaintiffs filed a Supplemental Memorandum on May 3, 2022. (Dkt. 467.) The NFL Defendants did not file a Supplemental Memorandum. The Court DENIES Plaintiffs' Motion to Compel Responses but GRANTS Plaintiffs' Motion to Expand Interrogatory Limits.[1]

The NFL Defendants have responded to Interrogatory Nos. 1-14 but have declined to respond to Interrogatory Nos. 15-22. (Dkt. 453 at 1-2.) They claim that Interrogatory Nos. 2, 8, 11, 15, 16, 18 and 21are compound and contain numerous subparts that if counted as separate interrogatories would exceed the 25 interrogatory limit of Fed. R. Civ. P. Rule 33(a). (Dkt. 453 at 3-4, 38.) Plaintiffs dispute that the subparts in question are discrete and in any event also seek to expand the 25 interrogatory limit as provided in Rule 33(a) to accommodate Int. Nos. 15-22. (Dkt. 453 at 3.) The NFL Defendants oppose any expansion of the interrogatory limit.

Rule 33(a)(1) provides as follows:

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the May 17, 2022 hearing date on the Motion. See F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02668 PSG (JEMx) | Date | May 11, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, <u>including all discrete subparts</u>.  <u>Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)</u>.

(Emphasis added.)

Courts in this District have construed "discrete subparts" to mean that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." <u>Olen Properties Corp. v. ACE American Ins. Co.</u>, 2017 WL 11635014*3 (C.D. Cal.), citing <u>Safeco Ins. Co. v. Rawstrom</u>, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  If the first question can be answered fully and completely without answering the second question, the questions are distinct.  <u>Olen</u> *3.  Interrogatories "asking for different bits of information about the same topic are considered one interrogatory." <u>Olen</u> *4.  If a subpart is "secondary to the primary question," then the interrogatory should be treated as a single interrogatory.  <u>Kim Laube & Co. v. Wahl Clipper Corp.</u>, 2012 WL 12877945*4 (C.D. Cal.).

The Court has reviewed the subparts at issue in Interrogatory Nos. 2, 8, 11, 15, 16, 18 and 21.  They are all independent and discrete questions, not subsumed within any primary question.  They all can be answered fully and completely without answering other questions.  There are no primary and secondary questions.  The Court DENIES Plaintiffs' Motion to Compel Defendants to Answer Responses on the basis that the subparts are discrete.

Plaintiffs, however, also request the Court to expand the number of interrogatories Plaintiffs can serve beyond the 25 interrogatory limit in Rule 33(a)(1).  Rule 33(a)(1) provides that leave to exceed the limit "may be granted to the extent consistent with Rule 26(b)(1) and (2)."  In other words, the additional interrogatories must be relevant and proportional, and not unduly burdensome.  Here, there is no meaningful dispute that the interrogatories are relevant, and in any event Plaintiffs have adequately explained their relevance. (Dkt. 453 at 32-33; Dkt. 467 at 4-5.)  See <u>Brady v. Grendene USA, Inc.</u>, 2014 WL 4925578*7 (S.D. Cal.) (because "the scope of discovery is broad" and the information sought is relevant, good cause exists to expand the number of interrogatories to include all subparts).  Also, this is a major complex antitrust case, which is its own

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02668 PSG (JEMx) | Date | May 11, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

justification for additional interrogatories.  See, e.g., Smith v. Premiere Valet Services, Inc., 2020 WL 7034346*10 (C.D. Cal.) (rejecting argument case not complex and permitting 50 additional interrogatories).  The best argument for expansion due to complexity of the case is the nine subparts in Int. No. 2, which is what it took just to obtain persons most knowledgeable about the most important issues in the case.  Additional interrogatories are warranted.

      The NFL Defendants argue that the Plaintiffs failed to meet and confer on the expansion issue.  The NFL Defendants, however, provided a full response to the expansion issue in their portion of the Joint Stipulation and have suffered no prejudice.  Barring the request to expand the interrogatory limit would result in considerable substantive prejudice to Plaintiffs.

      The NFL Defendants argue they already have provided the information sought to Plaintiffs in their written document production.  A party may answer an interrogatory in producing business records under Rule 33(d) only if it specifies the records in sufficient detail to locate and identify them.  The NFL Defendants have not done so.

      The NFL Defendants also argue that the answers to these interrogatories are more appropriately obtained through expert discovery.  The NFL Defendants, however, cannot restrict the discovery methods available to Plaintiffs, and provide no authority to support their position.

      The Court finds that the additional interrogatories seek information that is relevant and proportional and outweighs any burden or prejudice to the NFL Defendants.  The Court ORDERS the NFL Defendants to respond to Interrogatory Nos. 15-22 **within 21 days of this Order**.

|  | : |  |
|---|---|---|
| Initials of Preparer | | slo |