Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No.: 2:15-ml-02668−PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTOCOL REGARDING REMOTE DEPOSITIONS** |

WHEREAS, the parties in the above-captioned action are engaged in discovery and desire to depose fact witnesses as part of the discovery process;

WHEREAS, pursuant to Federal Rule of Civil Procedure 30(b)(4), "[t]he parties may stipulate . . . that a deposition be taken by telephone or other remote means";

WHEREAS, the parties recognize there may be a variety of valid reasons for taking a fact deposition in this action by remote means; and

WHEREAS, the parties seek to establish a protocol for the conduct of remote fact depositions to the extent that any fact depositions in this action are taken remotely;

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel that this Stipulated Protocol Regarding Remote Depositions governs the procedures for conducting remote fact depositions in this action:

## I.  General Guidelines

1. This Protocol will govern the taking of fact depositions via remote means in the above-captioned matter. The parties agree not to oppose the use of this protocol in depositions of nonparties under Federal Rule of Civil Procedure 45, and shall meet and confer in good faith regarding any modifications requested by such nonparties. This Protocol is no way constitutes an agreement by the parties to take all depositions via remote means.

2. All depositions taken remotely in this action shall be conducted using videoconference technology, and all deponents shall be recorded by both stenographic means and video recording. The court reporter may be given a copy of the video recording of the deposition and may review such video recording to improve the accuracy of the written transcript. The parties waive any objection to the deposition based on the fact that the court reporter is not physically present with the deponent.

3. Testimony provided in remote depositions may be used in this action with the same force and effect as an in-person deposition. The parties agree not to object to the use of the deposition testimony or video recording on the basis that the deposition was taken and recorded remotely. The parties reserve the right to raise all other available objections to the use of the deposition testimony in this action.

**II.     Notice**

4. The decision to take a deposition remotely shall, subject to the terms of this Protocol, belong to the party noticing the deposition. A party may elect to conduct a deposition remotely for any reason, but must provide notice of this decision to the defending party at least seven days in advance of the deposition, unless the defending party agrees to waive this requirement for that deposition.

5. If a party notices a deposition to occur in person, but another party believes circumstances warrant taking the deposition remotely, or vice versa, the parties shall confer in good faith to resolve the issue.

6. If a party intends to cross-notice a deposition of a nonparty and disagrees with the noticing party's election to proceed remotely or in person, the parties shall confer in good faith to resolve the issue. Not all parties need be present in person if either of the parties elects to proceed with a cross-noticed deposition of a nonparty in person. To the extent any party elects to proceed remotely for a deposition of a nonparty, that party must comply with the applicable technological provisions set out in Part IV.

7. All notices of deposition and nonparty deposition subpoenas served in this matter shall describe the remote means of taking the deposition, including (a) that the deposition will be taken by remote means; (b) the court reporting service being used to record the deposition (the "Designated Court Reporting Service"); (c) the videoconference platform that will be used for the deposition (e.g., Zoom); and (d) that the deposition will be recorded by stenographic means and video recording. The deposition notices and nonparty deposition subpoenas must also otherwise

comply with the notice requirements of Federal Rules of Civil Procedure 30(b) and 45 (when applicable).

8. The noticing party shall provide a copy of this Protocol with the notice of deposition or subpoena for any deposition being taken by remote means.

### III. Court Reporter and Administration of the Oath

9. No later than 24 hours prior to the noticed start time of the deposition, the party taking the deposition will ensure that information regarding how to access the video conference platform (e.g., hyperlink to Zoom conference room) is provided to all parties participating in the deposition.

10. The Designated Court Reporting Service will be the host of the videoconference for each remote deposition.

11. It will be the responsibility of the party noticing the deposition to ensure that the Designated Court Reporting Service is aware of, capable of complying with, and agrees to comply with this Protocol.

12. The court reporter shall be permitted to administer the oath and record the deposition, and the parties waive any objection to the qualifications of the court reporter before whom the deposition is taken, so long as the court reporter is qualified to administer the oath and record depositions in federal court within the district in which the court reporter is physically located at the time of the deposition.

13. The party noticing the deposition bears the costs of the Designated Court Reporting Service, with the exception of copies of transcripts or video recordings.

### IV. Technology and Setting

14. Any remote deposition shall use a platform and system(s) that comply with all requirements of this Protocol, including the ability to provide high-quality and reliable video and audio streaming to all participants.

15. To host a remote deposition, a remote deposition vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition. These security measures include using tools such as a "virtual waiting

room" that allows the court reporter to admit only individuals authorized to attend the deposition.

16. If another party raises concerns with the platform and system(s) selected by the noticing party for any remote deposition, the parties agree to meet and confer in good faith to resolve those concerns. The noticing party shall bear the costs of the remote deposition vendor.

17. If requested, the Designated Court Reporting Service shall provide a demonstration of the technology being used for the deposition to the deponent and their counsel. To the extent a cost is incurred for such demonstration, the party requesting the demonstration shall bear the cost. If such a demonstration is not requested and a deponent or the deponent's counsel encounters issues that reasonably could have been covered in such a demonstration, any time spent resolving the issue shall not count as time on the record for purposes of any time limitations on the deposition.

18. At the beginning of any remote deposition, the court reporter must confirm: (a) that they can hear all participants; (b) that all participants can hear each other and the court reporter; and (c) that the platform being used to share exhibits is functioning and all participants can see any documents shown. The time spent on such confirmations will not be on the record.

19. The parties will work cooperatively to address and troubleshoot technological (including audio or video) issues that arise during the deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any party to proceed with a deposition where the participants are unable to hear or understand each other. Time spent dealing with technical difficulties will not be counted against any applicable time limits for the deposition. If technical difficulties arise during the taking of a remote deposition, and there is no technical specialist available during the deposition, counsel for the parties must meet and confer as soon as is practicable, by telephone or other means, to determine whether the remote deposition can proceed or should be

continued to a future date. If technical difficulties arise that make the completion of a remote deposition impracticable, counsel for parties and the deponent shall resume the remote deposition at a mutually convenient opportunity within a reasonable period of time.

20. The deponent is responsible for locating a private, quiet space in which to participate in the deposition without interruption. All of the deponent's communication devices, including mobile phones, other than the device hosting the video conferencing platform used by the Designated Court Reporting Service for that deposition, must be turned off or removed from the location of the deposition.

21. It shall be the responsibility of the deponent and their counsel to ensure that the deponent has adequate equipment (e.g., computer, webcam, microphone), Internet access, and bandwidth necessary to participate in a video deposition without interruption. Other than the applications required to conduct the deposition and view exhibits, the deponent shall not have any other applications open or running on the electronic device being used for the deposition.

22. Any public chat function available on the video conference platform will be enabled, but not any private chat functions.

## V. Attendance and Communications with Counsel

23. The deponent, court reporter, videographer, counsel for the parties, and counsel representing the deponent may attend remote depositions.

24. At the start of a remote deposition, all individuals in the same room as the deponent shall identify themselves on the record. If another person enters the room where the deponent is located, the deponent shall immediately notify the deposing counsel of the additional persons in the room.

25. The deponent, court reporter, counsel examining the deponent, and counsel representing the deponent shall be visible to all other participants and their statements shall be audible to all participants at all times while on the record. If the video or audio feed of these persons is lost, the deposition will be suspended and go off the record until resolved. All other remote participants shall make their presence

known to all other participants, but they shall keep their microphones on mute and video turned off unless and until they wish to speak and, after having spoken, they shall go back on mute with video turned off.

26. No individual shall engage in a private communication, including through text message, electronic mail, handwritten notes, hand gestures, or the chat feature in the videoconferencing system, with the deponent while the deposition is on the record. In the event counsel intends to initiate a private communication with any deponent for the purpose of determining whether a privilege should be asserted, counsel shall state their intention on the record before initiating such communication and then the deposition shall go off the record while the private communication regarding privilege is undertaken. Nothing in this paragraph is intended to alter any local or federal rules governing communications with witnesses during a deposition.

27. The official video record of the deposition will be of the deponent's video feed <u>only</u>. The video feeds of any other participant will not be part of the official record, nor used for any purpose at trial. However, a video record of any attorney questioning the deponent and any attorney representing the deponent in person at the same location as the deponent shall be maintained by the Designated Court Reporting Service for not less than 12 months and may be requested and used in any proceeding concerning alleged interference or impropriety in the deposition. No video recordings of any other participant shall be made.

28. During breaks in the deposition, the parties may use virtual breakout rooms provided by the Designated Court Reporting Service if such a feature is available. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Designated Court Reporting Service prior to the deposition and shall be controlled by the Designated Court Reporting Service. If, due to a technological issue, mistake, or any other reason, a participant has been placed in the breakout room of an opposing party, that participant shall immediately identify themself and leave the breakout room.

29. The employees of the Designated Reporting Service may attend the deposition for which they are designated to prepare a transcript of the deposition, video record the deposition, troubleshoot any technological issues that may arise, administer virtual breakout rooms, assist in displaying or providing exhibits, or any other reason reasonably related to the conduct of the deposition.

## VI. Exhibits

30. In advance of the deposition, deposing counsel shall send physical copies of the documents that may be used as exhibits during the deposition in sealed packages to (i) defending counsel; (ii) the court reporter; and (iii) counsel for any other parties attending the deposition. The deposing counsel shall make all efforts to have the documents arrive to the recipients at least 24 hours prior to the start of the deposition. However, if the defending counsel informs the noticing party that the defending counsel will <u>not</u> be present in the same location as the deponent, then deposing counsel shall send two sealed copies of the documents to defending counsel at least 48 hours in advance of the remote deposition to ensure adequate time to ship the documents to the deponent. All counsel receiving the documents shall confirm receipt of the package by electronic mail to the deposing counsel. If the deponent is not represented by counsel, deposing counsel may send the documents directly to the unrepresented deponent. The recipients shall not open the package of documents before the deposition begins. Once the deposition begins, the recipients shall open the package on video and on the record.

   a. The parties understand that various circumstances may result in physical copies not having been provided in advance. In such circumstances, deposing counsel shall send, as soon as is practicable, an electronic mail message to (i) defending counsel; (ii) the court reporter; and (iii) counsel for any other parties attending the deposition with a password-protected .zip file(s) containing the documents that may be used as exhibits during the deposition. Alternatively, deposing counsel may send such documents through an exhibit sharing platform provided by

the Designated Court Reporting Service or via the public chat feature of the deposition videoconferencing platform. The parties must then be provided with an opportunity to print those documents before they are used in the deposition, if they elect to do so. It is understood, however, that providing documents in the manner described in this subparagraph (a) is intended to be the exception rather than the rule. To the extent a party believes another party is abusing the right to provide documents in this manner, the parties agree to confer in good faith to resolve the issue.

b. Defending counsel shall share documents it may use during any examination of the deponent via electronic mail message with a password-protected .zip file(s) or by use of an exhibit sharing platform.

31. All documents marked as exhibits shall be attached to the original transcript and retained with the original transcript. Copies of exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

32. If a deponent desires to take notes during the deposition, it will be handwritten on paper provided by the deponent. If the deposing counsel desires to have those notes made an exhibit to the deposition record, they will be shown via video on the record and then electronically scanned and emailed to (i) defending counsel; (ii) the court reporter; and (iii) counsel for any other parties attending the deposition before the conclusion of the deposition. The time spent scanning and emailing the notes will not be on the record.

33. If defending counsel is not counsel for a party in this action, they shall return all hard copies of documents that originated from deposing counsel for purposes of the deposition to deposing counsel within five (5) business days after receipt of the documents from the deponent. Deposing counsel shall include a pre-paid return shipping label in the package of documents sent to defending counsel of any nonparty prior to the deposition to facilitate the return of the documents.

34. Deposing counsel may elect to provide documents to each recipient in multiple sealed envelopes, organized in a manner as they see fit. If so, the recipients shall not open any sealed envelope until instructed to do so during the deposition. Such envelopes shall be marked in some manner to facilitate recognizing which envelope to open (e.g., numbers, letters, descriptive terms). Any sealed envelopes that were not opened during the deposition shall be returned, including by defending counsel for a party in this action, to deposing counsel within five (5) business days after the conclusion of the deposition in their unopened and sealed state.

35. To the extent possible, counsel for the parties agree to number deposition exhibits based on the specific deposition therein, using the last name of the deponent to signify that the exhibits apply to the deposition of said deponent.

36. All depositions, including remote depositions, are subject to the terms of the Stipulated Protective Order (ECF 197) in this case.

## VI. Other Matters

37. An objection by one NFL Defendant is sufficient to preserve the objection for all NFL Defendants.

38. Each party is responsible for ordering from the court reporter any desired transcripts or video recordings of depositions. All parties shall bear their own costs for such transcripts or video recordings.

39. The Federal Rules of Civil Procedure, the Local Civil Rules of the Central District of California, and any other governing laws control all matters not expressly addressed herein.

40. The parties may agree on ad hoc modifications to this Protocol to accommodate the needs of a particular deponent or to resolve any issues that arise regarding a particular deposition. Such modifications may be agreed in writing or memorialized on the record at the deposition.

Dated: May 16, 2022                Respectfully submitted,

By:   */s/ Marc M. Seltzer*
      Marc M. Seltzer

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200

San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*


*/s/ Jeremy S. Barber*
Jeremy S. Barber (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045

Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*