# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     423(03/18)

| Case No. | ML 15-2668 PSG (JEMx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**    Order GRANTING Plaintiffs' motion to modify the scheduling order.

Before the Court is Plaintiffs' motion to modify the scheduling order. *See generally* Dkt. # 423 ("*Mot.*"). Defendants National Football League, Inc.; NFL Enterprises LLC; and 32 individual NFL clubs (collectively, "NFL Defendants") opposed. *See generally* Dkt. # 429 ("*Opp.*"). Plaintiff replied. *See generally* Dkt. # 431 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** Plaintiffs' motion.

I.    Background

Plaintiffs bring this consolidated putative class action against NFL Defendants and DirecTV, alleging that they violated the Sherman Act by working together "to eliminate all competition in the broadcasting and sale of live video presentations of professional football games." *See Consolidated Amended Complaint*, Dkt. # 163, ¶¶ 1, 155–63.

The Court entered a scheduling order in January 2021, requiring "substantial completion" of all document production by October 2021 for document requests served by January 2021. *See generally* Dkt. # 294. Shortly after the substantial completion deadline, the parties stipulated to modify the scheduling order, representing that they "ha[d] substantially completed their document productions" as the scheduling order required. *November 2021 Stipulation to Modify the Scheduling Order*, Dkt. # 362 ("*November 2021 Stip.*"), at 2:19–21. But the parties indicated that they needed more time in discovery because Plaintiffs had received approximately 500,000 pages of documents from NFL Defendants and because they anticipated that DirecTV would produce millions of pages of documents by mid-January 2022. *See id.* 2:25–3:11. The Court granted the extension and pushed back fact discovery cut-off from March 2022 to May 2022.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-2668 PSG (JEMx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

*See Modified Scheduling Order*, Dkt. # 363, at 1. Most other pretrial deadlines remained in place. *See id.* at 1–2.

In February 2022, Plaintiffs filed the instant motion to modify the scheduling order. *See generally Mot.* Plaintiffs maintain that, over the last three months, NFL Defendants have produced about 600,000 pages of additional documents—all after the substantial completion deadline. *Declaration of Peter E. Leckman*, Dkt. # 423-3 ("*Leckman Decl.*"), ¶ 8. Plaintiffs also accuse NFL Defendants of making material misrepresentations in their interrogatory responses that have led to further delays and the recent production of a very large database. *Id.* ¶ 12. In light of these recent events, Plaintiffs propose various modifications to fact discovery cut-off, the class certification briefing schedule, and expert discovery deadlines. *See Mot.* 5:6–22.

II. Legal Standard

Under Federal Rule of Civil Procedure 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The party seeking to continue or extend the deadlines bears the burden of proving good cause." *Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-2953-BAS(BGS), 2014 WL 3014720, at *2 (S.D. Cal. July 3, 2014) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* Although prejudice to the non-moving party might supply additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

III. Discussion

NFL Defendants maintain that Plaintiffs have not been diligent and that the "good cause" inquiry should thus end there. *See Opp.* 7:12–13:9. The Court disagrees.

The parties dispute the significance of voluminous document productions made after the Court's substantial completion deadline. The Court's substantial completion deadline was October 2021 for document requests made by January 2021. *See* Dkt. # 294. When the parties stipulated to modify the scheduling order in November 2021, both sides represented that they had substantially completed their document production. *November 2021 Stip.* 2:19–21. And Plaintiffs say they relied on NFL Defendants' representation that document production was substantially complete. *Mot.* 9:25–28. But several months after the substantial completion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-2668 PSG (JEMx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

deadline, NFL Defendants produced almost 600,000 additional pages of documents, more than doubling the amount of information produced prior to the substantial completion deadline. *See Leckman Decl.* ¶ 6. As expected, DirecTV also produced approximately 3.3 million pages of documents around the same time. *See Mot.* 10:25–11:1; *Reply* 2:12 n.1.

NFL Defendants argue that Plaintiffs' need for more time to review these documents highlights Plaintiffs' lack of diligence for two reasons. First, they claim that Plaintiffs knew that many of the documents produced after the substantial completion deadline were "due to matters outside the NFL Defendants' control"—i.e., due to various confidentiality concerns and ongoing negotiations with third party broadcast partners to redact portions of the documents. *Opp.* 8:14–22. And some of the documents were also produced in response to requests Plaintiffs made after January 2021 that therefore did not need to be produced by the substantial completion deadline. *See Declaration of Rakesh Kilaru*, Dkt. # 429-1 ("*Kilaru Decl.*"), ¶ 5. But even if NFL Defendants were not at fault for the delay, that does not change the fact that Plaintiffs now have 600,000 additional pages of documents to review that they did not anticipate given NFL Defendants' representation to Plaintiffs and the Court that document production was "substantially complete" as of October 2021.

Second, NFL Defendants claim Plaintiffs have not been diligent because "Plaintiffs have not noticed a single deposition or even raised the topic of depositions with defense counsel" despite asking for more time previously to conduct depositions. *Opp.* 6:12–18, 12:12–13:2. But this argument is somewhat circular because the substantial completion deadline "was established in part to allow parties to take depositions at a defined time with the assurance that substantially all document discovery has been completed." *See Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. CV 17-1118-BEN (BLM), 2018 WL 2979575, at *4 (S.D. Cal. June 8, 2018) (internal quotation marks and alteration omitted). Because Plaintiffs lack those assurances given the sheer volume of documents they received after the substantial completion deadline, it is reasonable for them to have delayed taking depositions for the time being.

The parties also dispute another issue—whether NFL Defendants made material misrepresentations in their interrogatory responses that led to further discovery delays. In January 2021, Plaintiffs served NFL Defendants with an interrogatory requesting "all categories of information . . . associated with individual consumers or viewers of live NFL football telecasts." Dkt. # 423-5, Ex. B, at 3:10–16. This specifically called for personal identification and demographic information of "consumers and viewers," among other categories of information. *Id.* In March 2021, NFL Defendants responded that they had a "Fan Centric Marketing Database" but that the database did not "track personal identification or other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-2668 PSG (JEMx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

demographic information relating to individual viewers of live NFL football telecasts." *See id.* 4:3–15.

　　According to Plaintiffs, after further discovery, they learned that NFL Defendants' response was inaccurate because the database does track the personal identification information Plaintiffs sought. *Leckman Decl.* ¶ 13. NFL Defendants disagree that their response was inaccurate because Plaintiffs specifically asked for *viewer* data but the database tracks only those who have subscribed to NFL Sunday Ticket—i.e., drawing a somewhat hollow distinction between viewers of NFL telecasts and subscribers to NFL Sunday Ticket. *See id.* In any event, Plaintiffs requested access to the fan database in January 2022. *Id.* ¶¶ 14–15. And NFL Defendants obliged, producing 14 gigabytes of fan data, possibly with more to come. *See Reply* 10:1 n.6.

　　NFL Defendants assert that Plaintiffs were not diligent because they knew about the fan database since March 2021 but failed to follow up on NFL Defendants' interrogatory response or request more information about the fan database. *Kilaru Decl.* ¶¶ 19–20. Evidently there was a misunderstanding regarding the meaning of either Plaintiffs' interrogatory or NFL Defendants' response. But setting aside accusations of misrepresentation and fault, it is clear that Plaintiffs now have an immense database to review. Given the complexity of this case and the voluminous document productions to date, the Court cannot say that Plaintiffs failed to act diligently by not following up on—or scrutinizing the phrasing of—a single interrogatory response.

　　Accordingly, the Court finds that Plaintiffs have worked diligently throughout the discovery process, and in light of the events described above, there is good cause to modify the scheduling order.[1] *See Johnson*, 975 F.2d at 609.

---

[1] NFL Defendants also maintain that they would be prejudiced by Plaintiffs' proposed modification because it requires opening merits expert reports in advance of the class certification hearing and truncates their time to prepare a motion for summary judgment. *Opp.* 13:13–20. Although prejudice to the non-moving party is relevant, it is not, standing alone, sufficient to justify denying the motion. *See Johnson*, 975 F.2d at 609. However, the Court will take NFL Defendants' concerns into consideration when modifying the scheduling order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-2668 PSG (JEMx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

IV.     Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion and modifies the scheduling order as follows:

| Event | Current Date | New Date |
|---|---|---|
| Fact Discovery Deadline | May 15, 2022 | August 5, 2022 |
| Class Certification Motion (and accompanying expert reports) | June 5, 2022 | August 19, 2022 |
| Opposition to Class Certification (and accompanying expert reports) | August 19, 2022 | November 4, 2022 |
| Reply Brief on Class Certification (and accompanying expert reports) | September 19, 2022 | December 2, 2022 |
| Class Certification Hearing | October 17, 2022 | December 16, 2022 at 1:30 p.m. |
| Opening Merits Expert Reports | November 4, 2022 | January 6, 2023 |
| Responsive Merits Expert Reports | January 18, 2023 | March 17, 2023 |
| Rebuttal Merits Expert Reports | March 6, 2023 | May 5, 2023 |
| Expert Discovery Deadline | April 5, 2023 | June 2, 2023 |
| Summary Judgment Motions | May 22, 2023 | July 21, 2023 |
| Summary Judgment Oppositions | July 21, 2023 | August 21, 2023 |
| Summary Judgment Reply Briefs | August 21, 2023 | September 22, 2023 |
| Summary Judgment Hearing Date | October 9, 2023 | October 27, 2023 at 1:30 p.m. |
| Final Pretrial Conference | February 5, 2024 | February 9, 2024 at 2:30 p.m. |
| Trial | February 20, 2024 | February 22, 2024 at 9:00 a.m. |

**IT IS SO ORDERED.**