# EXHIBIT 5



130 West 42nd Street, 24th Floor
New York, New York 10036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

February 8, 2022

**VIA EMAIL**

Ian Gore
Susman Godfrey L.L.P.
Suite 3800
1201 Third Avenue
Seattle, Washington 98101-3000
IGore@susmangodfrey.com

**Re:**   *In re National Football League's Sunday Ticket Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Ian:

The NFL Defendants write to respond to Plaintiffs' January 20, 2022 letter. In your letter, you claim that the NFL Defendants somehow failed to meet their discovery obligations with regard to four Requests for Production—RFP Nos. 87, 88, 109, and 110—that seek various documents from three different decades-old litigations. That is not correct. The NFL Defendants have conducted a reasonable search, following all the parameters and search terms agreed upon by both parties, and have produced any relevant, non-privileged documents found during that search.

More specifically, three of the four RFPs mentioned in your letter sought *all* documents produced and *all* deposition transcripts from three prior litigations. The fourth request additionally sought *all* non-privileged communications, expert reports, and settlement agreements from one of those three cases. These requests, as drafted, were overly burdensome and clearly disproportionate to the needs of the case, particularly given that the most recent such prior case from which Plaintiffs requested documents is more than two decades old. Another of the cases is more than 60 years old.

Despite these concerns, and in an effort to reach compromise, the NFL Defendants agreed at Plaintiffs' suggestion to "conduct a reasonable search, using the agreed-upon search terms on only the agreed-upon league custodian's files, for documents produced and transcripts of depositions taken" in the three prior

Page 2
*In re: Sunday Ticket Antitrust Litig.*

litigations, as well as for final expert reports and non-privileged communications referencing *National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd*. *See* 8/25/21 Ltr. from Max Warren, at 2–3. Indeed, in a subsequent meet and confer, Plaintiffs never challenged this process, instead asking that "if the NFL Defendants locate the settlement agreement from *NFL v. Dallas Cowboys through a custodial search*, they will produce said agreement." 9/2/2021 Email from Edward Delman (emphasis added). In response, the NFL Defendants reiterated the agreed-upon protocol—that we would search the files "of the agreed-upon League custodians' files using the agreed-upon search terms and the agreed-upon date ranges for documents from *NFL v. Dallas Cowboys*"—and made clear that we would produce the settlement agreement if it were found. *See* 10/6/2021 Email from Max Warren. Plaintiffs raised no further questions about that agreed-upon process for more than three months.

The NFL Defendants have followed that agreed-upon process, have searched the collected League custodial files using the agreed-upon search terms, and have produced all responsive documents. In our recent meet-and-confer call on January 28, Plaintiffs did not dispute that the NFL Defendants had indeed met its end of the agreement with regard to these requests.

Yet, now Plaintiffs seem to want more, and are asking the NFL Defendants to take new, and burdensome, steps to obtain the documents sought by the at-issue RFPs. First, Plaintiffs have asked the NFL Defendants to try to collect them from the League in a non-custodial manner. But after inquiring into this matter, it has been confirmed that these documents are not maintained in any centralized matter with the League's Legal Department.

Plaintiffs have also requested that the NFL Defendants reach out to outside counsel for the NFL from these prior litigations to determine whether they might possess these files. The burden associated with Plaintiffs' request is disproportionate to the needs of the case, particularly given Plaintiffs' failure to explain their relevance to this litigation. Even if the law firms that handled these other litigations maintained legal records from as long as 60 years ago, it is far from clear that they would all be digitized given the age of the cases. Asking them to delve through their old records looking for documents, including those that Plaintiffs claim to be most interested in—deposition transcripts and expert reports—is not a modest task. Additionally, these cases likely have protective orders in place that may severely limit the NFL Defendants' ability to produce the requested documents, even if they

Page 3
*In re: Sunday Ticket Antitrust Litig.*

were to be found.[1]   The NFL Defendants would have to shoulder the burden of locating those protective orders and determining whether any of the requested documents, assuming they were found, were covered by those orders.   If so, production would be precluded absent a petition to the court that issued the respective protective order.   The burden of going down this path far outweighs the limited benefit these documents might have in this action.

At bottom, the NFL Defendants met their discovery obligations with regard to the requests mentioned in Plaintiffs' recent letter by conducting a reasonable search agreed to by Plaintiffs, and Plaintiffs have failed to establish that the added burden required to conduct additional searches for the requested documents is merited.

Sincerely,

_____
Jeremy Barber

cc:    Plaintiffs' Counsel (by email)

---

[1] While the age of these cases precludes ready access to their dockets, the NFL Defendants understand that a protective order was executed in *Shaw v. National Football League* and there is no reason not to expect that protective orders were similarly executed in the other at-issue litigations.