# EXHIBIT 6

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

SUITE 5100                         SUITE 1400                         SUITE 3800
1000 LOUISIANA STREET              1900 AVENUE OF THE STARS           1201 THIRD AVENUE
HOUSTON, TEXAS 77002-5096          LOS ANGELES, CALIFORNIA 90067-6029 SEATTLE, WASHINGTON 98101-3000
(713) 651-9366                     (310) 789-3100                     (206) 516-3880
_____                      _____                      _____

TYLER FINN
DIRECT DIAL (212) 729-2016                                            E-MAIL TFINN@SUSMANGODFREY.COM

March 7, 2022

VIA E-MAIL

Jeremy Barber
Wilkinson Stekloff LLP
130 W 42nd Street, Floor 24
New York, NY 10036

Re: *In re National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Jeremy:

Plaintiffs write regarding the NFL's Objections and Responses to Plaintiffs' Fifth Set of Requests for Production of Documents, served on February 22, 2022. Pursuant to Local Rule 37-1 of the U.S. District Court for the Central District of California, we request a meet and confer to discuss the deficiencies in the NFL's responses. Plaintiffs propose conducting the meet and confer on March 14, 2022 at 3:00 p.m. ET. If that date and time does not work for you, please propose an alternative within the timeframe provided in Rule 37-1. The NFL's responses are improper principally because they impose unreasonable restrictions on the document collection that the NFL proposes to undertake.

The NFL's response to Request 112 exemplifies this conduct. That request concerns the current negotiations for the rights to Sunday Ticket. Because those negotiations are ongoing, restricting the search to "previously collected files of the agreed-upon League custodians" will necessarily exclude numerous relevant documents that post-date that collection, which is improper. The objection that the request seeks the "production of documents post-dating the previously agreed-upon end date of production" is also misplaced. Plaintiffs agreed that they would not serve new interrogatories or document *requests* after February 22 and have complied with that agreement. That is not at issue here. Plaintiffs never agreed to a cut-off date for documents that are responsive to further document requests served on or before February 22. In particular, Plaintiffs never agreed to such a cut-off

March 7, 2022
Page 2

with respect to documents about the negotiations for the rights to Sunday Ticket, which are directly relevant to the litigation. Rule 26(e) imposes upon the NFL a continuing obligation to timely supplement its disclosures.

The NFL imposes similarly unreasonable limitations on the searches it will conduct on Requests 113 through 116, each of which seeks documents from prior litigation to which the NFL was a party. Conducting a search using only terms that were agreed upon in the context of earlier, different requests—and which therefore do not include terms related to the litigations about which documents are sought—will effectively exclude nearly all documents that are responsive to these requests. Moreover, conducting an electronic search of League custodians is not an efficient method of locating litigation documents. The NFL can easily locate these documents independent of search terms by, among other ways, contacting the law firms that represented the League in each of those litigations or its in-house legal department. It should do so.

The NFL's responses to Requests 119 and 120 are also manifestly inadequate. In both cases, the NFL proposes to conduct a search with terms that were never designed to capture communications concerning a "Club-Dedicated Network" (Request 119) or the 2002 offer from InDemand to license Sunday Ticket (Request 120). That is not a reasonable search. The NFL should expand its search parameters in a manner that will reasonably capture responsive documents.

Lastly, with respect to Request 117, Plaintiffs request written confirmation that the NFL's production of documents related to its fan database is complete. Similarly, the NFL must confirm in writing that the "NFL's Constitution and Bylaws (NFL_0012383–NFL_0012830)" memorialize *all* agreements between the Clubs and the NFL to license intellectual property. If that is not the case, the NFL's response to Request 118 is also inadequate.

The NFL must comply with its obligations under Rule 34 to conduct a reasonable search of relevant documents within its possession, custody, or control. If the NFL fails to do so, Plaintiffs will seek appropriate relief from the Court. The NFL cannot use inadequate search terms as a method of avoiding its obligation to find and produce responsive documents. For example, when the NFL has a direct method of locating responsive documents, such as those in response to the Requests discussed above, it must do so. Further, Rule 34 requires a responding party to expressly state whether any responsive materials are being withheld on the basis of an objection. Fed. R. Civ. P. 34(b)(2)(C). The NFL cannot skirt its obligations to do so by conducting searches in a manner that directly excludes responsive documents, without revealing what is being withheld and why under Rule 34(b)(2)(C).

March 7, 2022
Page 3

Sincerely,

Tyler Finn