Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**DECLARATION OF JEREMY S. BARBER IN SUPPORT OF THE NFL'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 6/7/2022, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

I, Jeremy S. Barber, declare as follows:

1. I am a partner at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants in this litigation. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto. I am admitted *pro hac vice* to practice before the United States Central District of California in this litigation.

2. I make this declaration in support of the NFL's Opposition to Plaintiffs' Motion to Compel Production of Documents By NFL Defendants.

3. On January 22, 2021, Plaintiffs served their First Set of Requests for Production on the NFL and its member clubs, which included RFPs No. 87 and 88, requesting litigation materials from *United States v. Nat'l Football League*, Civil No. 12808 (E.D. Pa.) and *Shaw v. Dallas Cowboys Football Club*, Civ. No. 97-5184 (E.D. Pa.). Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' First Set of RFPs.

4. In RFP No. 87, Plaintiffs requested: "All documents produced and transcripts of any depositions taken in *U.S. v. Nat'l Football League*, Civil No. 12808 (E.D. Pa.)." The NFL served its initial responses and objections on March 10, 2021, stating as following:

> "In addition to their previously stated General Objections, incorporated herein, the NFL Defendants specifically object to this request as (a) overbroad and unduly burdensome in its request for "all documents" produced in an entirely separate litigation; (b) seeking production of information that is not relevant to any party's claim or defense, as the Sports Broadcasting Act of 1961 overruled that decision by permitting specified joint broadcasting agreements; and (c) exceeding the relevant time period by requesting documentation from dates before 1961, which far predates the class period and even the creation of the NFL Sunday Ticket package. Because this case predates electronic storage, the burden with compiling

1

and producing documentation is vastly disproportionate to the needs of the case. Based on the foregoing General and Specific Objections, the NFL Defendants are unable to search for, collect, or produce documents responsive to this request at this time. The NFL Defendants are willing to meet and confer to determine if the request can be appropriately narrowed to allow the NFL Defendants to respond without undue burden."

5. In RFP No. 88, Plaintiffs requested: "All documents produced and transcripts of any depositions taken in *Shaw v. Dallas Cowboys Football Club*, Civil No. 97-5184 (E.D. Pa.)." The NFL served its initial responses and objections on March 10, 2021, stating as following:

"In addition to their previously stated General Objections, incorporated herein, the NFL Defendants specifically object to this request as (a) overbroad and unduly burdensome in its request for "all documents" produced in an entirely separate litigation; (b) seeking production of information that is not relevant to any party's claim or defense, as the Sports Broadcasting Act of 1961 overruled that decision by permitting specified joint broadcasting agreements; and (c) exceeding the relevant time period by requesting documentation from dates before 1961, which far predates the class period and even the creation of the NFL Sunday Ticket package. Because this case predates electronic storage, the burden with compiling and producing documentation is vastly disproportionate to the needs of the case. Based on the foregoing General and Specific Objections, the NFL Defendants are unable to search for, collect, or produce documents responsive to this request at this time. The NFL Defendants are willing to meet and confer to determine if the request can be appropriately narrowed to allow the NFL Defendants to respond without undue burden."

6. On April 8, 2021, Plaintiffs served their Second Set of Requests for Production on the NFL (but not its member clubs), which included RFPs No. 109 and

2

Case No. 2:15-ml-02668-PSG (JEMx)    Declaration of Jeremy S. Barber in Support of the NFL's Opposition to Plaintiffs' Motion to Compel

1. 110, requesting litigation materials from *Nat'l Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd.*, No. 1:95-cv-07951-SAS-THK (S.D.N.Y.). Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Second Set of RFPs.

7. During meet and confers on these topics in August 2021 (before RFP Nos. 113-116 were served), Plaintiffs proposed that the NFL search the custodial files that had been collected in this case, using search terms proposed by Plaintiffs and agreed upon by the parties, for documents responsive to RFP Nos. 87, 88, 109 and 110.

8. In an effort to reach compromise, the NFL agreed to Plaintiffs' proposal to produce documents discovered pursuant to Plaintiffs' terms. Attached hereto as Exhibit C is a true and correct copy of a letter sent by Max Warren to Peter Leckman, dated August 25, 2021 on the subject.

9. On January 20, 2022, Plaintiffs served their Fifth Set of Requests for Production on the NFL (and again, not its member clubs), which included RFPs No. 113, 114, 115, and 116, requesting further litigation materials from *Shaw v. Dallas Cowboys Football Club*, Civ. No. 97-5184 (E.D. Pa.) and litigation materials from *U.S. Football League v. Nat'l Football League*, Case No. 84 Civ. 7484 (S.D.N.Y.). Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' Fifth Set of RFPs. The NFL served its responses and objections on February 22, 2022, agreeing to employ the same process that the parties had agreed to for the other similar RFPs; that is, to search the collected custodial files, using the agreed-upon search terms, for responsive documents and to produce non-privileged responsive documents assuming disclosure was not precluded by any operative protective order.

10. On January 20, 2022, Plaintiffs' counsel sent a Rule 37-1 letter to me regarding Plaintiffs' production of documents in response to RFP Nos. 87, 88, 109, and 110. *See* Finn Decl., Ex. 4.

11. In response to Plaintiffs' January 20, 2022 letter, the NFL agreed (i) to review the entirety of the collected custodial files, regardless as to whether the documents hit on any of the agreed-upon search terms; and (ii) to review the centralized

3

files of the NFL's legal department, to see if any responsive documents could be located. Attached hereto as Exhibit E is a true and correct copy of a letter sent by me to Ian Gore on February 8, 2022 agreeing to review custodial files. No additional documents were located.

12. Plaintiffs then insisted that the NFL contact prior counsel for the NFL to see if any possessed deposition transcripts or expert reports from the four prior litigations at issue. *See* Finn Decl., Ex. 6.

13. The NFL agreed by telephone on March 23, 2022 to contact counsel, without conceding the relevance of the requested material, to avoid burdening the Court with another discovery dispute.

14. The NFL later determined that its outside counsel in *United States v. Nat'l Football League*, a case from more than 60 years ago, was no longer in operation. As such, no documents could be collected related to that case.

15. The NFL was able to collect prior deposition transcripts from Covington & Burling LLP, its outside counsel in *Shaw*. After further meet and confers with Plaintiffs about the scope of the production, the NFL produced responsive documents on May 7, 2022.

16. The NFL determined that its outside counsel in *National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd.*, Wachtell Lipton LLP, no longer has possession of documents from that 27-year-old matter. A review of the court's docket in this matter reveals a Protective Order prohibiting the disclosure of confidential documents and transcripts from the litigation, absent court order. The Protective Order, states that "Documents or information designated as 'Confidential/Counsel Only'" may only be disclosed to an enumerated list of individuals, including the Court, court reporter, party representatives, and witnesses. Attached hereto as Exhibit F is a true and correct copy of the Protective Order from *National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd.*

17. The NFL also learned that prior counsel in *United States Football League v. National Football League*, Skadden Arps LLP, possesses hardcopy documents in off-site storage that include prior deposition transcripts from that case. A review of the court's docket in *United States Football League v. National Football League* reveals the existence of a Protective Order in that case. Attached hereto as Exhibit G is a true and correct copy of the docket from *U.S. Football League v. Nat'l Football League*.

18. Given a backlog of pending requests, the Clerk's Office in the Southern District of New York informed a paralegal at my law firm on April 14, 2022 that it would take months to obtain the Protective Order from the court's offsite storage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 13th day of May 2022 in New York, N.Y.

Dated: May 13, 2022                                Respectfully submitted,

/s/ Jeremy S. Barber
Jeremy S. Barber (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

5

Case No. 2:15-ml-02668-PSG (JEMx)        Declaration of Jeremy S. Barber in Support of the NFL's Opposition to Plaintiffs' Motion to Compel

nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

6

Case No. 2:15-ml-02668-PSG (JEMx)     Declaration of Jeremy S. Barber in Support of the NFL's Opposition to Plaintiffs' Motion to Compel