# EXHIBIT B

1    MARC M. SELTZER (54534)
     mseltzer@susmangodfrey.com
2    RAYMOND K. WRIGHT (331950)
     rwright@susmangodfrey.com
3    SUSMAN GODFREY L.L.P.
     1900 Avenue of the Stars, Suite 1400
4    Los Angeles, CA 90067-6029
     Phone: (310) 789-3100/Fax: (310) 789-3150
5
     SCOTT MARTIN
6    smartin@hausfeld.com
     IRVING SCHER
7    ischer@hausfeld.com
     HAUSFELD LLP
8    33 Whitehall Street, 14th Floor
     New York, NY 10004
9    Tel: (646) 357-1100/ Fax: (2121) 202-4322

10   HOWARD LANGER
     hlanger@langergrogan.com
11   EDWARD DIVER
     ndiver@langergrogan.com
12   PETER LECKMAN
     pleckman@langergrogan.com
13   LANGER GROGAN AND DIVER PC
     1717 Arch Street, Suite 4130
14   Philadelphia, PA 19103
     Tel: (215) 320-5660/ Fax: (215) 320-5703
15
     [Additional Counsel listed on Signature
16   Page]

17   *Plaintiffs' Interim Co-Lead Class Counsel*

18

19                    **UNITED STATES DISTRICT COURT**

20                    **CENTRAL DISTRICT OF CALIFORNIA**

21

| | |
|---|---|
| 22  IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | CASE NO.: 2:15-ml-02668−PSG (JEMx) |
| 23 | CLASS ACTION |
| 24 | |
| 25  THIS DOCUMENT RELATES TO ALL ACTIONS | **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO NFL DEFENDANTS** |
| 26 | |
| 27 | |

28

PROPOUNDING PARTY:     Plaintiffs Ninth Inning Inc., dba The Mucky Duck,
1465 Third Avenue Restaurant Corp., dba Gael
Pub, Robert Gary Lippincott, Jr., and Michael
Holinko

RESPONDING PARTY:     NFL Defendants (as defined below)

SET NUMBER:     TWO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,
Plaintiffs hereby request that each of the NFL Defendants (as defined below)
produce the documents and things herein requested within 30 days of the date of
service at the offices of Susman Godfrey L.L.P, 1900 Avenue of the Stars, Suite
1400, Los Angeles, CA 90067, or such other time and place as may be agreed upon
by counsel.  Pursuant to Federal Rule of Civil Procedure 34(b), unless otherwise
specified, all documents must be organized and labeled to correspond to the
categories in the associated document request. Corrections and supplemental
responses and production of documents are required to be made as provided for in
Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions and instructions shall apply to these document
requests:

1.     The terms "and" and "or" shall be construed either conjunctively or
disjunctively to bring within the scope of the requests documents which might
otherwise be construed to be outside the scope so as to give the broadest possible
meaning to a particular request in which either or both is used. The singular
includes the plural number and vice versa. The masculine includes the feminine and
neuter genders. The past tense includes the present tense where the clear meaning is
not distorted by change of tense.

1

8056075v1/014918

2.      "Club" means any football club or team that is a member of the National Football League.

3.      "Communication" means, without limitation, the imparting or exchange of information, thoughts, or opinions by any means including orally, in writing, by signs, signals, or code, including oral, written or electronic communications, such as face-to-face meetings, electronic communications, emails, facsimiles, telephone communications, correspondence, or other exchange of written or recorded information.  The phrase "communication between" is defined to include instances where one party addresses the other party, but the other party does not necessarily respond.

4.      "Document" means any writing or other thing as described in Rule 34 of the Federal Rules of Civil Procedure and includes the original and all non-identical copies of all written, printed, recorded, or electronically stored information, including, but not limited to, letters, correspondence, memoranda, drafts, legal pleadings, calendars, diaries, day planners, journals, travel records, lists, outlines, summaries, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, databases, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, telephone records, voicemail, telegrams, facsimiles, photographs, videotapes, audiotapes, digital audio or video recordings, other film and sound reproductions, presentations, slideshows, emails, email attachments, text messages, instant messages, internal or external web sites, social networking data and messages, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, transcripts, all written or graphic records or representations of any kind, and all electronic data, records or representations of any kind, including all file folders, directories, and metadata.

5.      "Electronically stored information" ("ESI") includes, without limitation, the following:

2

1          a.      Activity listings of electronic mail receipts or transmittals;

2          b.      Output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, mobile instant messengers, web browser-based messengers or social network messengers) or bulletin board programs, operating and backup systems, source code, PRF files, PRY files, batch files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a backup file or system, a deleted file or system, or file fragment; and

      c.      Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, cloud data centers or in any other vehicle for digital data storage or transmittal, such as, but not limited to, desktop computers, servers, and other network computers, backup tapes or systems, laptop computers, tablets, iPhones, cellular telephones, or similar device, external storage devices (such as "keychain" drives) and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

6.      "Media" means any means of mass communication such as television, newspapers, radio, magazine, websites, social media, and internet streaming and distribution.

7.      "Media policy" means any policy relating to the use, lack of use, or interactions with the media, including, but not limited to, rights, duties, obligations, permissions, abilities, and cooperation with respect to the distribution of audio and video presentations of football game footage by over-the-air broadcast, cable, satellite, fiber-optic, or hybrid television distribution systems, or by radio or internet streaming.

3

8056075v1/014918

8.      "Multichannel video package" means any package of video programming channels offered for sale by an MVPD.

9.      "MVPD" means any multichannel video programming distributor, including, but not limited to, DirecTV.

10.      "NFL" or "League" means the National Football League, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity that the NFL manages or controls, including those merged with or acquired by the NFL, together with all present and former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on their behalf.

11.      "NFL Defendants" means the NFL, NFL Enterprises, LLC and the following NFL member Clubs:

Arizona Cardinals, Inc., Atlanta Falcons Football Club LLC, Baltimore Ravens Limited Partnership, Buffalo Bills, Inc., Panthers Football LLC, Chicago Bears Football Club, Inc., Cincinnati Bengals, Inc., Cleveland Browns LLC, Dallas Cowboys Football Club, Ltd., Denver Broncos Football Club, Detroit Lions, Inc., Green Bay Packers, Inc., Houston NFL Holdings LP, Indianapolis Colts, Inc., Jacksonville Jaguars Ltd., Kansas City Chiefs Football Club, Inc., Miami Dolphins, Ltd., Minnesota Vikings Football Club LLC, New England Patriots, LP, New Orleans Louisiana Saints LLC, New York Football Giants, Inc., New York Jets Football Club, Inc., Oakland Raiders LP, Philadelphia Eagles Football Club, Inc., Pittsburgh Steelers Sports, Inc., Chargers Football Co., San Francisco Forty Niners Ltd., Football Northwest LLC, The Los Angeles Rams LLC, Buccaneers Limited Partnership, Tennessee Football, Inc., and Washington Football Inc.

12.      "NFL Sunday Ticket" means the subscription package of NFL games, that allows residential and commercial subscribers to watch televised broadcast of Sunday afternoon regular season NFL games.

4

13.     "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state, or any foreign country.

14.     "Policy" or "procedure" means any rule, practice, course of conduct, guidelines, business methods, or traditions, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly, by you.

15.     "Relating to," "referring to," "regarding," "with respect to" or "concerning" mean, without limitation, the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluation, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part, directly or indirectly.  Documents are considered relating to the subject matter whether they are viewed alone or in combination with other documents.

16.     "Television" includes any form of making televised broadcasts of NFL football games available to be viewed via television or other video platforms, including sponsored broadcasts and through a MVPD, and includes making NFL football games available by over-the-air broadcasts or distributed or otherwise available through NBC, CBS, FOX, ESPN, the NFL Network, or DirecTV.

17.     "You," "your" or "your company," unless otherwise noted, means each Defendant to whom these requests are directed, including its predecessors, wholly-owned or controlled  subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity that it manages or controls, including those merged with or acquired by a Defendant, together with all present and former directors, officers,

5

8056075v1/014918

employees, agents, attorneys, representative, or any persons acting or purporting to act on their behalf.

**INSTRUCTIONS**

1.      Unless otherwise specified, these requests for documents call for documents, data, and other information prepared, created, sent, altered, or received since June 17, 2011.

2.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document covered by these requests, you shall make any such document available to Plaintiffs.

3.      These document requests are directed to each of the NFL Defendants and it is the responsibility of each NFL Defendant to respond separately to the document requests independently of any response by another NFL Defendant.

4.      In producing documents and other materials, you are to furnish all documents in your possession, custody, or control regardless of whether such documents or materials are physically or otherwise possessed, in the custody of or controlled directly or indirectly by you or your current or former employees, agents or former agents, parents, subsidiaries, affiliates, investigators, or by your attorneys or their employees, agents or investigators.  Archived documents, ESI, or other information maintained by third-party vendors, cloud data centers, or off-site shall be considered within your possession, custody or control.

5.      All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks that may be present on the container.

6.      Documents attached to one another should not be separated.  If any portion of any document is responsive to any portion of the document requests below, then the entire document must be produced.

6

7.     Documents shall be produced in such fashion as to identify the department branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

8.     All documents produced should be numbered sequentially, with a unique production number on each page (i.e., a Bates number), and with a prefix identifying the party producing the document.  An electronic document produced in its native format shall include the document's production number and associated metadata.

9.     If a document once existed and subsequently has been lost, destroyed, or is otherwise missing or cannot be located, you should provide sufficient information to identify the document or state, in writing, the details, including whether the document:

a.     is lost or missing;

b.     has been destroyed and, if so, by whom at whose request;

c.     has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose direction or request; or

d.     has been otherwise disposed of.

10.     In each instance in which a document once existed but now is lost or missing or has been destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

a.     the identity of the person or entity who last possessed the document;

b.     the date or approximate date of the document's disposition; and

c.     the identity of all persons who have or had knowledge of the documents' contents.

11.     If any document responsive to any of these requests is claimed to be privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil

7

Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim of privilege, as required by Federal Rules of Civil Procedure, including the following information:

      a.     the reason for withholding the document;

      b.     the date of the document;

      c.     the nature of the document;

      d.     the general subject matter of the document;

      e.     the present location of the document; and

      f.     the number or numbers of these document requests to which such document is responsive.

12.     Each document requested herein should be produced in its entirety and without deletion, redaction or excision, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document on the ground of privilege, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.

13.     All documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

14.     All ESI shall be produced in such fashion as to identify the location, i.e., the network file folder, hard drive, back-up tape, or other location, where the documents are stored and, where applicable, the natural person in whose possession they were found and the name and business address of each document's custodian. All ESI must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

15.     ESI shall be produced, in its native format without deletion or alteration of metadata, or in a reasonably usable format agreed upon by the parties

8056075v1/014918

1   and shall include information or instructions sufficient to enable the propounding

2   party to access the ESI in such format.

3       16.    If a producing party produces electronic documents without some or all

4   of the metadata that was contained in the electronic documents, the producing party

5   shall inform all other parties of this fact, in writing, at or before the time of

6   production.

7   **DOCUMENT REQUESTS**

8   **REQUEST FOR PRODUCTION NO. 105:**

9       All documents reflecting data describing the numbers, location and

10  demographic characterization of viewers of live NFL football telecasts who are

11  logged into an NFL domain while viewing a live NFL football telecast, including,

12  but not limited to, NFL.com, an NFL mobile application, or other NFL-related

13  television applications.

14  **REQUEST FOR PRODUCTION NO. 106:**

15      All documents reflecting any analysis, study or report of data relating to live

16  NFL telecasts viewed through a MVPD.

17  **REQUEST FOR PRODUCTION NO. 107:**

18      All documents reflecting ratings data from the Nielsen Company, LLC and

19  from television broadcast providers, including aggregate-level estimates of

20  viewership of live NFL football telecasts in the United States and viewership

21  demographics.

22  **REQUEST FOR PRODUCTION NO. 108:**

23      All documents reflecting market research relating to viewers of live NFL

24  football telecasts, including documents reflecting information related to viewer's

25  demographics, product purchases, viewership of other sports programming, and

26  preferred Clubs.

27

28

8056075v1/014918

**REQUEST FOR PRODUCTION NO. 109:**

All documents produced by any party and transcripts of any depositions taken in *National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd.*, No. 1:95-cv-07951-SAS-THK (S.D.N.Y.).

**REQUEST FOR PRODUCTION NO. 110**

All expert reports, settlement agreements, and non-privileged communications relating to *National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd.*, No. 1:95-cv-07951-SAS-THK (S.D.N.Y.).

Dated: April 8, 2021                    Respectfully submitted,

MARC M. SELTZER
RAYMOND KEITH WRIGHT
SUSMAN GODFREY L.L.P.

SCOTT MARTIN
IRVING SCHER
HAUSFELD LLP

HOWARD LANGER
EDWARD DIVER
PETER LECKMAN
LANGER GROGAN AND DIVER PC

ARUN SUBRAMANIAN
asubramanian@susmangodfrey.com
WILLIAM CHRISTOPHER CARMODY
bcarmody@susmangodfrey.com
SETH ARD
sard@susmangodfrey.com
EDWARD DELMAN
edelman@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd FL.
New York, NY 10019
Tel: (212) 336-8330/ Fax: (212) 336-8340

IAN M. GORE
igore@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841/Fax: (206) 516-3883

10

8056075v1/014918

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL D. HAUSFELD
mhausfeld@hausfeld.com
HAUSFELD LLP
1700 K. Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200/Fax: (202) 540-7201

MICHAEL P. LEHMANN
mlehmann@hausfeld.com
BONNY E. SWEENY
bsweeney@hausfeld.com
CHRISTOPHER L. LEBSOCK
lebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908/Fax: (415) 358-4980

By:   /s/ *Marc M. Seltzer*
      Marc M. Seltzer

*Attorneys for Plaintiffs' Interim Co-Lead Class Counsel*

11

8056075v1/014918

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, California 90067-6029.

On April 8, 2021, I served the foregoing document(s) described as follows:

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO NFL DEFENDANTS**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

**See Attached Service List**

_____ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY FAX
I served by facsimile as indicated on the attached service list.

__XX__ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on April 8, 2021, at Los Angeles, California.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__XX__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Eloisa Ball
_____
(Type or Print Name)

_____
(Signature)

12

8056075v1/014918

## SERVICE LIST

| | |
|---|---|
| Michael E. Baumann<br>michael.baumann@kirkland.com<br>Robyn E. Bladow<br>robyn.bladow@kirkland.com<br>Melissa D. Ingalls<br>melissa.ingalls@kirkland.com<br>**KIRKLAND & ELLIS LLP**<br>555 South Flower Street<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 | Gregg H. Levy<br>glevy@cov.com<br>Derek Ludwin<br>dludwin@cov.com<br>John Playforth<br>jplayforth@cov.com<br>**COVINGTON & BURLING LLP**<br>850 Tenth Street NW One City Center<br>Washington, DC 20001-4956<br>Telephone: (202) 622-5292<br>Facsimile: (202) 662-6804 |
| Tammy A. Tsoumas<br>tammy.tsoumas@kirkland.com<br>Jonathan J. Faria<br>jonathan.faria@kirkland.com<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067<br>Telephone: (310) 552-4200 | Neema Trivedi Sahni<br>nsahni@cov.com<br>**COVINGTON & BURLING LLP**<br>2029 Century Park East Suite 3100<br>Los Angeles, CA 90067<br>Telephone: (424) 332-4800<br>Facsimile: (424) 332-4782 |
| Erin E. Murphy (phv forthcoming)<br>erin.murphy@kirkland.com<br>**KIRKLAND & ELLIS LLP**<br>1301 Pennsylvania Avenue NW<br>Washington, DC 20004<br>Telephone: (202) 879-5000 | Roxana C. Guidero<br>rguidero@wildinsonstekloff.com<br>Beth A. Wilkinson<br>bwilkinwon@wilkinsonstekloff.com<br>Rakesh Kilaru<br>rkilaru@wilkinsonstekloff.com<br>Brian L. Stekloff<br>bstekloff@wilkinsonstekloff.com<br>Jeremy S. Barber<br>jbarber@wilkinsonstekloff.com<br>**WILKINSON STEKLOFF LLP**<br>2001 M Street NW, Suite 10th Floor<br>Washington, DC 20036<br>Telephone: (424) 291-9661 |
| Daniel M. Petrocelli<br>dpetrocelli@omm.com<br>M. Randall Oppenheimer<br>roppenheimer@omm.com<br>Patrick S. McNally<br>pmcnally@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700<br>Facsimile: (213) 430-6407 | |
| Anton Metlitsky<br>ametliksky@omm.com<br>Jeffrey A. N. Kopczynski<br>jkopczynski@omm.com<br>Scott Schaeffer<br>sschaeffer@omm.com<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000 | *Counsel for Defendants National Football League, Inc. and NFL Enterprises LLC and the Individual NFL Clubs* |

13

8056075v1/014918

1  Katrina M. Robson
   krobson@omm.com
   Ian Simmons
2  isimmons@omm.com
   **O'MELVENY & MYERS LLP**
3  1625 Eye St. NW
   Washington, DC 20006-4001
4  Telephone: (202) 383-5300
   Facsimile: (202_ 383-5414
5
   *Counsel for Defendants DirecTV LLC*
6  *and DirecTV Holdings LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

8056075v1/014918