# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NATIONAL FOOTBALL LEAGUE            :
PROPERTIES, INC.,
                                    :
                 Plaintiff,            95 Civ. 7951 (SAS)
                                    :
        - against -
                                    :
DALLAS COWBOYS FOOTBALL CLUB,
LTD., et al.,                       :
                 Defendants.
                                    :
------------------------------------x
                                    :
DALLAS COWBOYS FOOTBALL CLUB,
LTD., et al.,                       :
                                       95 Civ. 9426 (SAS)
                 Plaintiffs,        :

        - against -                 :
                                       STIPULATION AND ORDER
NATIONAL FOOTBALL LEAGUE TRUST,     :  FOR THE PROTECTION
et al.,                                AND EXCHANGE OF
                                    :  CONFIDENTIAL INFORMATION
                 Defendants.        :
------------------------------------x

WHEREAS, the parties to National Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd., et al., 95 Civ. 7951 (S.D.N.Y.) (the "NFL Properties action") are presently engaged in discovery;

WHEREAS, in the NFL Properties action, plaintiff seeks discovery from defendants, defendants seek discovery from

plaintiff, and each party seeks discovery from certain nonparties to that action;

WHEREAS, the parties to the NFL Properties action along with some nonparties to that action are parties to the action captioned Dallas Cowboys Football Club, Ltd., et al. v. National Football League Trust, et al., 95 Civ. 9426 (S.D.N.Y.) (the "Dallas Cowboys action");

WHEREAS, the parties to the NFL Properties action and the parties to the Dallas Cowboys action (collectively, the "Parties")* wish to minimize duplication in discovery in the two actions and to permit discovery in each action to be usable in the other;

WHEREAS, the Parties acknowledge that the term "document" as used herein has the meaning assigned to it in Federal Rule of Civil Procedure 34(a);

WHEREAS, the Parties acknowledge that documents and information requested during discovery might concern or contain matters that, if disclosed to certain persons, would adversely affect the business dealings or competitive position of the producing Party or nonparty (nonparties to both the NFL Properties action and the Dallas Cowboys action are referred to herein as "Nonparties");

---

\* For the purposes of this Stipulation and Order, "Parties" does not include the New England Patriots, L.P.

WHEREAS, the Parties wish to agree on a means to prevent harmful disclosure of such documents or information produced by Parties or Nonparties;

IT IS HEREBY STIPULATED AND AGREED by the undersigned Parties, by and through their respective counsel, as follows:

1. A document or item of information may be classified as "Confidential" if the document or information contains or constitutes information that (a) has not been intentionally released to the public by the producing Party or Nonparty to the best of its knowledge; (b) cannot readily be obtained from public sources; and (c) disclosure of the document or information poses a reasonable risk of appreciable competitive or other harm to the producing Party or Nonparty (or to a third party that supplied the document or information).

2. If disclosure of a Confidential document or Confidential information to employees or officers of the Party requesting the document or information poses a reasonable risk of appreciable competitive or other harm to the producing Party or Nonparty (or to a third party that supplied the document or information), even under the terms of this Stipulation and Order, the documents or information may be classified as "Confidential/Counsel Only."

3. A Party or Nonparty may designate as "Confidential" or "Confidential/Counsel Only" only those documents or information (or parts thereof) that originated with it or that it received pursuant to an understanding that the documents or information would be kept confidential, and that it believes in good faith satisfy the criteria described in Paragraphs 1-2 above. A Party or Nonparty may designate such documents or information as confidential whether the documents or information are produced by the designating Party or Nonparty or by a different Party or Nonparty.

4. A Party or Nonparty may designate documents or information as "Confidential" or "Confidential/Counsel Only" in any of the following ways:

(a) By stamping with or affixing to each page of the documents or information the legend "CONFIDENTIAL" or "CONFIDENTIAL/COUNSEL ONLY" prior to their production. If the document is not in paper form, the producing Party or Nonparty shall use reasonable means to identify the document or information as confidential.

(b) If information disclosed during the course of a deposition is deemed Confidential or Confidential/Counsel Only by a Party or Nonparty, the designation thereof as "Confidential" or "Confidential/Counsel Only" shall be made

either by statement on the record at the deposition or within seven (7) business days of receipt by counsel of a copy of the deposition transcript. Such designation as "Confidential" or "Confidential/Counsel Only" shall apply only to a specific question or series of questions that contain(s) Confidential or Confidential/Counsel Only information. All deposition transcripts shall be treated as Confidential/Counsel Only in their entirety prior to the end of such seven-day period.

5. If any Party wishes to use or inquire at any deposition concerning documents or information designated as "Confidential" or "Confidential/Counsel Only," the portion of the deposition transcript that relates to such documents or information shall be designated and treated as Confidential or Confidential/Counsel Only and subject to the provisions hereof. The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as confidential), with a legend on the cover that the transcript contains Confidential or Confidential/Counsel Only material.

6. The production of any Confidential or Confidential/Counsel Only document or information during discovery in this action without a "Confidential" or "Confidential/Counsel Only" designation, or the inadvertent production of any document or information, shall be without

prejudice to any claim that such document or information is
Confidential or Confidential/Counsel Only or is privileged in any
respect or protected from discovery as work product within the
meaning of Rule 26 of the Federal Rules of Civil Procedure, and
no Party or Nonparty shall be held to have waived any rights by
such inadvertent production. If, after producing a document or
information, a Party or Nonparty determines that the document or
information should have been designated as "Confidential" or
"Confidential/Counsel Only," the producing Party or Nonparty
shall promptly provide written notice to the receiving party and
shall provide the receiving party with a replacement copy of the
document or information bearing the appropriate designation as
"Confidential" or "Confidential/Counsel Only" within fifteen (15)
business days of such written notice. The receiving party shall
promptly return the undesignated document or information to the
producing Party or Nonparty after receiving the appropriately
designated replacement document or information. During the
fifteen (15) business day period following written notification
that a document or information should have been designated as
"Confidential" or Confidential/Counsel Only," the receiving Party
shall treat the undesignated document or information as though it
had been so designated. If the producing Party or Nonparty
provides written notice that a document or information previously
produced by that Party or Nonparty is privileged or protected
work product, the receiving Party shall make no use of the

document or information and shall return the document or information to the producing Party or Nonparty, without prejudice to any subsequent motion to compel.

7. If counsel for a Party receiving documents or information designated as "Confidential" or "Confidential/Counsel Only" objects to such designation of any or all of such items, such counsel shall serve on the producing Party or Nonparty an objection in writing to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the producing Party or Nonparty shall respond in writing to such objection within ten (10) business days of receipt of the objection, and shall state with particularity the grounds for asserting that the document or information is Confidential or Confidential/Counsel Only. If no written response is made to the objection, the disputed designation will be deemed to be void. If the producing Party or Nonparty makes a timely response to such objection confirming the disputed designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(a) If a dispute about a claim that a document or item of information is "Confidential" or "Confidential/Counsel Only" cannot be resolved by agreement, the Party objecting to the designation may submit an affidavit and letter pursuant to Rule 4(b) of the Individual Rules of the Hon. Shira A. Scheindlin

seeking an order removing the challenged designation. The document or information that is the subject of the filing shall be treated in accordance with its designation pending resolution of the dispute.

(b) The Party or Nonparty supporting Confidential or Confidential/Counsel Only treatment shall bear the burden of proof respecting the propriety of such confidential treatment.

8. Documents or information designated as "Confidential/Counsel Only" may be disclosed or made available by a Party receiving such items only to the following:

    (a) the Court (through filing under seal, or at any trial or oral hearing in the manner provided by Paragraph 14 hereof);

    (b) outside counsel to the Parties to this action and staff employed or engaged by such counsel, and other designated counsel as specified below;

    (c) court reporters;

    (d) any deposition witness who has had access to such documents or information in the normal course of business, or is an officer, director or employee of an entity that has had access to the documents or information in the normal course of business;

    (e) any deposition witness who is a Party to, or an officer, director, or employee of a Party to, this Stipulation and Order, in the following circumstances:

        (i) any officer, employee, or trustee of the National Football League ("NFL"), National Football League Properties, Inc. ("NFL Properties"), or the National Football League Trust ("NFL Trust"), and any member of the Executive Committee of NFL Properties, may be shown at his or her deposition any document or information produced by or

relating to any Member Club, stadium owner, or person or entity affiliated with any Member Club or stadium.

    (ii) any officer, director, or employee of any Member Club may be shown at his or her deposition any document or information created by any director, officer, employee, or trustee of the NFL, NFL Properties, Inc., or the NFL Trust, or by any member of the Executive Committee of NFL Properties, if such document or information was created by such person in his or her capacity as an officer, director, employee, trustee, or member of the Executive Committee of such entity, and if such document or information does not contain either (A) a provision expressly prohibiting disclosure of its terms to any officer, director, or employee of a Member Club or (B) "Confidential/Counsel only" information about another Member Club. Notwithstanding the foregoing, counsel for a Member Club is not authorized by this subparagraph 8(e)(ii) to show any document or information covered by this subparagraph to any officer, director, or employee of that Member Club at his or her deposition, unless the officer, director, or employee has previously been shown the document or information on direct examination.

   (f) outside experts, consultants, advisors and/or translators consulted by the Parties or their counsel in connection with this litigation, whether or not retained to testify at trial; and

   (g) any other person that the producing Party or Nonparty may specify in writing.

Prior to the disclosure of material designated "Confidential/Counsel Only" to any person to whom such disclosure is made pursuant to subsections (c), (f) or (g) of this Paragraph, counsel for the Party making the disclosure shall deliver a copy of this Stipulation and Order to such person, explain its terms to such person, and secure the signature of such person on a letter in the form attached hereto as Exhibit A. Each Party shall maintain a file of all such signed copies of Exhibit A. It shall

be the obligation of counsel, on learning of any breach or threatened breach of this Stipulation and Order promptly to notify counsel for the producing Party or Nonparty and, if different, opposing counsel, of such breach or threatened breach. For purpose of Paragraph 8(b) above, "other designated counsel" shall refer to Gary Gertzog, Esq., Vice President Legal/Business Affairs and General Counsel of National Football League Properties, Inc.

9. If the receiving Party desires to disclose documents or information designated as "Confidential/Counsel Only" to any officer, director or employee of the receiving Party, it shall first identify to the producing Party or Nonparty, in writing, the documents or information that it desires to disclose and the name, title and job responsibilities of each such officer, director or employee, and shall state the grounds for wishing to so disclose the documents or information. Counsel for the producing Party or Nonparty shall respond in writing to such request within ten (10) business days of the receipt of such request; if no written response is made to the request, consent will be deemed to have been given to the request. If the producing Party or Nonparty makes a timely response to such request denying the request, counsel for the relevant Parties or Nonparties shall confer in good faith to resolve any dispute about the matter. If the matter cannot be

resolved by agreement, the dispute shall be resolved in accordance with procedures set forth in Paragraph 7 above, and in light of the need of the receiving Party to disclose such documents or information to the particular officer, director or employee proposed.

10. Subject to the provisions of this Stipulation and Order, including in particular Paragraph 17, documents or material (including portions of deposition transcripts) designated as "Confidential," or information derived therefrom, may be disclosed or made available by the Party receiving such information only to the following:

> (a) the persons listed in Paragraph 8 above, under the conditions and circumstances there described;
>
> (b) those officers, directors, and employees of the Parties to this action deemed necessary to aid counsel in the prosecution and defense of this action provided that prior to the disclosure to such officer, director, or employee of any information or material designated as "Confidential", counsel for the Party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a letter in the form attached hereto as Exhibit A;
>
> (c) in-house counsel to the Parties to this action and those employed or engaged by such counsel; and
>
> (d) any deposition witnesses in this action.

11. Documents or information designated as "Confidential" or "Confidential/Counsel Only" shall be used by the persons receiving them only for the purposes of preparing

for and conducting the NFL Properties action and the Dallas Cowboys action and for no other action or proceeding, and persons receiving such documents or information shall not use such for any business or other purpose, and shall not disclose such to any person not expressly permitted by the terms of this Stipulation to have such access. All documents or information designated as "Confidential" or "Confidential/ Counsel Only" shall be carefully maintained so as to preclude access by unauthorized persons. Each Party receiving documents covered by this Order shall maintain a log of persons who have received copies of such documents. Confidential documents or information provided to expert witnesses shall be kept at the expert's offices in a manner designed to ensure against disclosures not authorized by this Stipulation and Order.

12. Documents or information designated as "Confidential" or "Confidential/Counsel Only" shall not be copied or otherwise reproduced by a receiving Party, except to make working copies, abstracts, digests or analyses for use only in connection with the prosecution or defense of the above-captioned action. Such working copies, abstracts, digests and analyses shall be designated "Confidential" or "Confidential/Counsel Only" under the terms of this Stipulation and shall be marked accordingly. Notwithstanding

the foregoing, Parties may electronically reproduce or store documents or information designated as "Confidential" or "Confidential/Counsel Only," but only if the Parties take extensive precautions designed to prevent access to the documents or information by unauthorized persons. Any Party shall be entitled, on request, to a description of the procedures used by any other Party to protect the confidentiality of electronically stored documents or information subject to this Agreement.

13. Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of its own documents or information, or of documents or information obtained by such Party or witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained through discovery proceedings in this action.

14. If documents or information (including portions of deposition transcripts) designated as "Confidential" or "Confidential/Counsel Only" are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and shall be filed under seal and kept under seal until further Order of this Court. When possible, only confidential portions of filings with the Court shall be filed under seal.

15. Notwithstanding any other provision of this Order, a Party shall be free to disclose the following:

(a) the nature of any activity planned to take place in public (for example, the fact that a particular stadium has agreed to post signage for a particular sponsor at a particular location in the stadium), unless the producing Party or Nonparty has in writing informed the Party seeking to make disclosure that such activity has not yet taken place and has not been publicly disclosed;

(b) the nonfinancial terms of any agreement between a Member Club, stadium, player, coach, owner, or similar person or entity, on the one hand, and a third party, on the other, so long as the name of, and other information tending to identify, any such Member Club, stadium, player, coach, owner, or similar person or entity is not disclosed (a "no name" basis); provided that if the identity of the third party would tend to identify such Member Club, stadium, player, coach, owner, or similar person or entity (e.g., a sponsorship by a local business), the identity of the third party shall not be subject to disclosure under this Paragraph 15(b);

(c) the nature of the response by NFL Properties, the NFL, or the NFL Trust (e.g., approval,

disapproval, acquiescence, filing of litigation) to the promotional or other commercial activities of a Club, stadium, player, coach, owner, or third party if such promotional or commercial activities include the use of a Club or NFL Mark, the mark or logo of any stadium, or other marks or images related to professional football;

(d) aggregated financial information, so long as such aggregated information does not disclose otherwise confidential financial information about a Member Club, stadium, player, coach, owner, or similar person or entity, or about any specific transaction in which the NFL, NFL Properties, the NFL Trust, or a Member Club has entered, or disclose aggregated financial information about any individual Member Club (except on a no name basis); and

(e) such other categories of information as the Parties may agree to or as the Court may order on its own initiative or by motion.

16. If a Party intends to offer into evidence or otherwise disclose in open court any document or information designated as "Confidential" or "Confidential/Counsel Only," counsel for such Party shall confer with opposing counsel, and with the Court, concerning appropriate procedures for doing so.

17. Each person given access to documents or information designated "Confidential" or "Confidential/Counsel Only" pursuant to the terms hereof shall be advised that the documents or information are being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

18. If Confidential/Counsel Only documents or information are discussed during a deposition, no persons other than those set forth in Paragraph 8(a)-(g) above may be present at the portion of the deposition during which such documents or information are discussed.

19. Nothing in this Stipulation and Order shall operate as an admission by any Party or Nonparty that any particular documents or information contain or reflect currently valuable trade secrets or confidential commercial information.

20. On termination of both the <u>NFL Properties</u> action and the <u>Dallas Cowboys</u> action, including all appeals, the Parties shall return to counsel for the producing Party or Nonparty all documents or information designated by that Party or Nonparty as "Confidential" or "Confidential/Counsel Only" and all copies of such documents or information and shall destroy all abstracts, digests and analyses thereof, however

stored or reproduced. Alternatively, the Parties and Nonparties may agree upon appropriate methods of destruction of documents or information designated as "Confidential" or "Confidential/Counsel Only." On termination of these actions, counsel for each Party may maintain in its files one copy of each pleading filed with the Court. Except as otherwise specified in this paragraph, the obligations herein undertaken by the Parties shall survive the <u>NFL Properties</u> action and the <u>Dallas Cowboys</u> action, and the Court shall retain jurisdiction to enforce the performance of said obligations.

21. Any Party or Nonparty may ask the Court on notice to modify or grant relief from any provision of this Stipulation and Order.

22. This Agreement may be signed by the parties thereto in counterparts.

23. The Parties hereto consent to the entry of a Stipulation and Order governing the exchange of confidential information substantially identical to this Stipulation in any United States jurisdiction in which process is issued to require the production of documents or testimony from a Nonparty in the event that such Nonparty requests that a Stipulation and Order concerning confidentiality be entered.

Dated: New York, New York
       Aug. 23, 1996

WACHTELL, LIPTON, ROSEN & KATZ

By: *George T. Conway III*
    Herbert M. Wachtell (HW7347)
    George T. Conway III (GC3181)

51 West 52nd Street
New York, New York 10019
(212) 403-1000

Attorneys for plaintiff
in 95 Civ. 7951 (SAS),
and for all defendants
in 95 Civ. 9426 (SAS),
except for (with respect to
this Stipulation and
Order) the New England
Patriots, L.P.

HERTZOG, CALAMARI & GLEASON

By: *Peter E. Calamari*
    Peter E. Calamari (PC3964)

100 Park Avenue
New York, New York 10017
(212) 481-9500

WILMER CUTLER & PICKERING

By: *Michael R. Klein*
    Michael R. Klein (MK3474)

2445 M Street, N.W.
Washington, D.C. 20037
(202) 663-6000

Attorneys for Dallas Cowboys
Football Club, Ltd., Texas
Stadium Corporation, and Jerral
W. Jones, defendants in 95 Civ.
7951 (SAS) and plaintiffs in 95
Civ. 9426 (SAS), and for Pro
Silver Star, Ltd. and JWJ
Corporation, plaintiffs in 95
Civ. 9426 (SAS)

SO ORDERED:

New York, New York

_____ __, 1996

_____

- 18 -

EXHIBIT A

1. I, _____, have read the foregoing Stipulation and Order for the Protection and Exchange of Confidential Information dated April __, 1996 (the "Order") and agree to be bound by its terms with respect to any documents or information marked "Confidential" or "Confidential/Counsel Only" that are furnished to me as set forth in the Order.

2. I further agree (i) not to disclose to anyone any documents or information marked "Confidential" or "Confidential/Counsel Only" other than as set forth in the Order, and (ii) not to make any copies of any documents or information marked "Confidential" or "Confidential/Counsel Only" furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any proceedings to enforce the terms of the Order.

4. I hereby agree that any documents, material, or information marked "Confidential" or "Confidential/Counsel Only" furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

_____
Signature

DATE: _____ __, 199_