# **EXHIBIT 1**

# HAUSFELD®

October 21, 2021

33 Whitehall Street
14th Floor
New York, NY 10004

**VIA ELECTRONIC MAIL**

**SCOTT A. MARTIN
PARTNER**

Roxana Guidero
Wilkinson Stekloff LPP
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90045

**E** smartin@hausfeld.com
**T** +1 646 357 1100
**DD** +1 646 357 1195

Re:     **In re NFL Sunday Ticket Litigation**

Dear Roxana:

I write on behalf of the Commercial Plaintiffs and Residential Plaintiffs (collectively, "Plaintiffs") in response to your letter dated October 15, 2021, regarding Plaintiffs' document productions. Plaintiffs do hope to resolve any differences through the meet-and-confer process, and in that vein, we respond briefly below in turn to the items identified in your letter, in advance of our discussion tomorrow.

*First*, with respect to the NFL Defendants' RFP No. 1, you have noted certain gaps in the invoices reflecting purchases of the Sunday Ticket package by Plaintiffs. We have been re-checking those points in the production as well as with Plaintiffs. With regard to Gael Pub, which your letter states produced only one invoice for each of 2018 and 2019, Plaintiffs' production in fact contains a full set of the invoices dated between January 2018 and July 2019. (*See, e.g.,* GAEL_SUNDTIC_ 00000143, 00000147, 00000149, 00000152, 00000160, 00000172-173.) In any event, if we identify any existing responsive documents in this regard that should have been produced but were not, we will ensure that they are produced immediately. We note that the electronic documents in Michael Holinko's possession were limited to some degree due to a damaged computer.

*Second*, you are correct that there are numerous RFPs for which responsive, non-privileged documents were not located for production despite diligent searches by the Plaintiffs and follow-up by counsel. In this regard, it bears mention that Plaintiffs are two individual consumers and two pubs, which are not document-intensive entities. However, in response to your letter, we are specifically re-verifying that Plaintiffs have produced any materials such as public commentary and documents concerning the subject matter of this litigation, as well as any non-privileged communications concerning their roles as class representatives and involvement with counsel.

With respect to the requests you have identified concerning financial documents of the Commercial Plaintiffs, we are confused by your letter. Both my colleague Leland Shelton and I have a clear recollection (and Leland has checked his notes as well) from the parties' July 8, 2021 teleconference that the resolution of specific objections concerning burden, relevance and proportionality of material such as register receipt summaries and sensitivity of tax forms was that we would provide "documents sufficient to show profit and loss" – which was a

hausfeld.com

**AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC**

**HAUSFELD**®

compromise and accommodation on our part.  That already has been provided for Gael Pub, as you note.  If the NFL Defendants' position now is that all documents sought by those requests should be produced, then we should meet and confer with respect to that tomorrow.

*Third*, you correctly note that we offered to provide the best practicable listing of employees for the Commercial Plaintiffs, though it was not the subject of an RFP.  The Commercial Plaintiffs will do so by no later than next week.

*Finally*, Robert Lippincott's production was delayed but should be substantially complete today, as requested.

Very truly yours,

/s/

Scott A. Martin

cc: Counsel of Record

hausfeld.com

AMSTERDAM  |  BERLIN  |  BOSTON  |  BRUSSELS  |  DÜSSELDORF  |  LONDON  |  NEW YORK  |  PARIS  |  PHILADELPHIA  |  SAN FRANCISCO  |  STOCKHOLM  |  WASHINGTON, DC