| | |
|---|---|
| Marc M. Seltzer (54534)<br>mseltzer@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Phone: (310) 789-3100<br>Fax: (310) 789-3150 | Howard Langer (*Pro Hac Vice*)<br>hlanger@langergrogan.com<br>LANGER GROGAN AND DIVER PC<br>1717 Arch Street, Suite 4020<br>Philadelphia, PA 19103<br>Tel: (215) 320-5660<br>Fax: (215) 320-5703 |

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

*Plaintiffs' Co-Lead Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**SUPPLEMENTAL DECLARATION OF JASON BAKER OF MUCKY DUCK IN OPPOSITION TO NFL DEFENDANTS' MOTION TO COMPEL**<br><br>Magistrate Judge: Hon. John E. McDermott<br><br>Discovery Cutoff Date: 8/5/2022<br>Pretrial Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

I, Jason Baker, declare and state as follows:

1. I am the proprietor of Ninth Inning, Inc., dba The Mucky Duck ("Mucky Duck").

2. I am over age 18 and am authorized to make this declaration on behalf of Mucky Duck. I have personal knowledge of the following facts, and I could and would testify competently thereto if called as a witness.

3. I understand that the NFL Defendants have requested via Interrogatory No. 10 that Mucky Duck identify the approximate amount of revenue generated on each day of the week and identify the day of the week that Mucky Duck generated the most revenue.

4. I also understand that the Court has requested additional information, including whether Mucky Duck has any revenue documents, data, or information within its possession, custody, or control.

5. Mucky Duck does not have within its possession, custody, or control revenue documents, data, or information responsive to Interrogatory No. 10 or that would otherwise permit the calculations of daily revenues the NFL seeks (*e.g.*, from any raw data).

6. The sum total of revenue records within Mucky Duck's possession, custody, or control are federal and state tax returns from years 2011-2021, which reflect only Mucky Duck's annual revenues, and monthly revenue aggregate tallies from years 2010 to the present, which do not reflect or enable calculations of daily revenues.

7. I had previously understood that the NFL's Interrogatory No. 10 asks only for "the approximate amount of revenue generated on each day of the week and . . . the day of the week that your establishment generated the most revenue"; because Mucky Duck's federal and state tax returns and monthly revenue aggregate tallies do

not enable this analysis, those records do not bear on the question presented to this Court.

8. All told, I have spent approximately 1.5 hours considering and evaluating Mucky Duck's possession, custody, or control of revenue documents or information potentially responsive to Interrogatory No. 10.

9. Mucky Duck has never, in the course of its business, maintained revenue data at the daily level. To be sure, Mucky Duck is capable of calculating daily revenue at the close of each day (pending credit card approvals and the like), but it did not do so, has had no reason to do so, and had no interest in doing so. The norm has instead been to keep monthly tallies for accounting purposes. Mucky Duck does not typically hold on to individual transaction receipts in the ordinary course of business,

10. For all of these reasons, and as previously submitted to the Court, Mucky Duck "did not maintain revenue matrices and ha[s] not tracked daily revenues" generated throughout the eleven-year period in a way that would enable it to readily determine the approximate amount of revenue generated on each day of the week. As a result, The Mucky Duck did not "calculate[] or maintain[]" records in a way that would allow a response to the NFL Defendants' interrogatory.

11. I understand too that the NFL Defendants are principally inquiring which day of the week *during the NFL season* has yielded the highest revenues for Mucky Duck. I cannot answer that question with precision, and certainly not for every day/week of the class period, given that the Mucky Duck's revenue on a given day were subject to a variety of factors, including: what events were occurring around the neighborhood, what the weather was like on a particular day, what sporting events were taking place, and much more; as a result "[t]he Mucky Duck has no way of approximating the amount of revenue generated on

each day of the week." Still, I can offer the following: To the best of my recollection, from 2010 to the present, and during the NFL regular season, Sundays have typically (but not always) been the highest-grossing revenue day of the week for Mucky Duck. Outside of the NFL regular season, during this same time period and to the best of my recollection, there has been no particular day of the week that typically yielded the highest revenues. If helpful to the Court and the NFL Defendants, I am prepared to amend the response to Interrogatory No. 10 to reflect this information.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: May 16, 2022

_____
Jason Baker