# EXHIBIT A

Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | ) Case No. 2:15-ml-02668−PSG (JEMx) |
| | ) |
| | ) **NFL DEFENDANTS' FIRST SET** |
| | ) **OF REQUESTS FOR** |
| | ) **PRODUCTION OF DOCUMENTS** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) **TO COMMERCIAL PLAINTIFFS** |
| | ) |
| | ) Judge:  Hon. Philip S. Gutierrez |
| | ) |
| | ) |
| | ) |
| | ) |

PROPOUNDING PARTY:    NFL Defendants (as defined below)

RESPONDING PARTY:    Commercial Plaintiffs (as defined below)

SET NUMBER:    ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants National Football League ("the League"), NFL Enterprises, LLC, and its member Clubs (collectively "the NFL Defendants") request that Plaintiffs Ninth Inning Inc., dba The Mucky Duck, and 1465 Third Avenue Restaurant Corp., dba Gael Pub (collectively "the Commercial Plaintiffs") produce, not later than thirty (30) days from the date of service thereof, the documents and things described in the following Rule 34 requests at the offices of Wilkinson Stekloff LLP, 2001 M Street NW, 10th Floor, Washington, D.C. 20036, or at such other place and time as may be agreed by counsel for the parties.  Pursuant to Federal Rule of Civil Procedure 34(b), unless otherwise specified, all documents must be organized and labeled to correspond to the categories in the associated document request.  Corrections and supplemental responses and production of documents are required to be made as provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following definitions and instructions shall apply to these document requests:

1.     "Document(s)" means all written, recorded, or graphic matter, however produced or reproduced, including without limitation, all originals, copies, and drafts of all correspondence, office memoranda, memoranda of telephone conversations, telegrams, messages, contracts, studies, cancelled checks, graphs, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings and phonograph records, personal notes, diary entries, or journal entries, whether originals, copies, and all non-identical copies, or drafts, however produced or reproduced. The term "document(s)" also includes electronically stored information, including e-mail, text messages, instant messages, as well as all information stored on any computers, hard drives, disk drives, websites, and other digital storage, including "cloud" storage.  The term "document(s)" is intended to have the broadest possible meaning under the applicable

-1-

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

rules of civil procedure.

2.     "Communication" means the transmittal of information (in any form).

3.     "You" means you, the Commercial Class Members, and all of your agents, including attorneys, investigators, contractors, consultants, experts, and other representatives.

4.     "Relate to" and "relating to" shall mean, without limitation, to refer, relate, evidence, regard, concern, discuss, reflect, summarize, constitute, contain, study, assess, analyze, explain, mention, show, embody, discuss, describe, or comment upon—directly or indirectly—the subject matter identified.

5.     "DirecTV" refers to DirecTV Holdings, LLC and DirecTV, LLC, and any parent companies with an interest in DirecTV, including AT&T Inc. and TPG Capital.

6.     "Sunday Ticket" refers to the package provided by DirecTV that broadcasts live regular season NFL games unavailable on local television affiliates.

7.     "Complaint," unless otherwise modified, means any complaint filed in this action, either prior to or subsequent to the service of these Requests.

8.     "Potential Class Member" means all members of all classes with respect to which any Plaintiffs sought to be class representatives under any Complaint that has been filed in this action, any amendments thereto, or any Complaint subsequently filed in this action.

9.     "Commercial Class Members" refers to Plaintiffs Ninth Inning Inc., dba The Mucky Duck, and 1465 Third Avenue Restaurant Corp., dba Gael Pub.

10.    "Customer" refers to any individual person who entered the premises of a Commercial Class Member's establishment, including but not limited to those individuals who spent money at the establishment.

11.    "Subscription Programming Services" refers to any package of entertainment, sports, or television programming, including but not limited to ESPN+, Netflix, Hulu, Disney+, HBO, CBS All Access, Amazon Prime Video,

Apple TV, MLB.TV, NBA League Pass, DirecTV, and any other similarly situated subscription services.

12.  As used herein, the singular and masculine form of any noun or pronoun shall embrace and be read and applied as the plural or the feminine or neutral, as circumstances may make appropriate.

13.  The words "and" and "or" should be construed either disjunctively or conjunctively, wherever necessary, to bring within the scope of the request any material that might otherwise by construed to be outside its scope.

14.  The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

15.  The word "each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

16.  The word "including" is not limiting.

17.  Unless otherwise specified herein, the discovery requests cover the time period from June 17, 2011 to the present.

18.  To the extent the Commercial Plaintiffs assert any privilege to any information requested and refuse to provide such information based on that privilege, please produce an itemized privilege log of all information withheld at the time the response to the request is served.  The log should include (1) the privilege(s) asserted, (2) a description of the information withheld on the grounds of the privilege, (3) all authors, (4) all recipients, and (5) the date the information was created.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to every purchase of the Sunday Ticket package at any time through the present, including, but not limited to, receipts or bills reflecting each and every such purchase(s), contracts, and correspondence with DirecTV regarding these purchase(s).  Documents and communications produced in response to this request should not be limited to any time period and

-3-

should include any purchase(s) made by you or anyone acting on your behalf, and also include purchase(s) made for both personal and commercial use.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications, including, but not limited to, copies of websites, blogs, message boards, social network posts, and product reviews relating to any sports league, including professional or collegiate leagues, and including, but not limited to, the NFL and any of the individual NFL member clubs, DirecTV, the Sunday Ticket package, viewership of NFL games, or the subject matter of this litigation, that you authored or contributed to in any way before or after filing your Complaint, with documents sufficient to show when such authorship or contribution occurred. Documents and communications produced in response to this request should not be limited to any time period.

**REQUEST FOR PRODUCTION NO. 3**:

All documents and communications relating to any damages or injuries allegedly sustained by you for which recovery (in an individual or representative capacity) is sought pursuant to the above-captioned action.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any communications between you or anyone acting your behalf, on the one hand, and DirecTV (or its agents, retailers, distributors, or call centers) or the NFL, on the other, relating to the subject matter of this litigation.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting or relating to communications between you or your agents, on the one hand, and any other Potential Class Members, on the other, relating to the subject matter of this litigation.

**REQUEST FOR PRODUCTION NO. 6:**

All non-privileged documents and communications, including but not limited to documents that you received or saw before filing your initial Complaint, that either

-4-

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

(i) describe your role as a proposed class representative, the role of your legal counsel, or the financial terms of the relationship between you and your counsel in regard to this action or related litigation, or (ii) constitute copies of any legal advertisement, solicitation for participation in this action or related litigation, or written offer of legal representation.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications reflecting or relating to all lawsuits or bankruptcy petitions filed in any court in which you have been or are currently involved in any capacity (including, but not limited to, as a party, class member, or witness).   This Request includes, but is not limited to, any transcripts of your testimony, affidavits signed by or referencing you, documents about you (including motions, pleadings, and orders discussing you), and discovery produced by you. Documents and communications produced in response to this request should not be limited to any time period.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting or relating to communications between you and any lawyers other than the ones who currently represent you concerning any actual or potential claims against the NFL Defendants.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to the subject matter of this action obtained by you or your counsel pursuant to any subpoena issued in connection with this action.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to the subject matter of this litigation, including, but not limited to, the NFL, any of the individual NFL member clubs, the Sunday Ticket package, DirectTV, or viewership of NFL games. Documents and communications produced in response to this request should not be

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

limited to any time period.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to any video programming or subscription services, including, but not limited to, sports subscriptions or Subscription Programming Services used by you or anyone acting on your behalf, and including, but not limited to, receipts or bills reflecting each and every such purchase(s), contracts, and correspondence regarding these purchases.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to the television or video entertainment option(s) you offer customers, including, but not limited to, any television or subscription-based programming.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to any marketing materials that relate to DirecTV or the Sunday Ticket package viewed by you.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications relating to advertising or marketing materials that relate to the NFL, any of the individual NFL member clubs, DirecTV, the Sunday Ticket package, or viewership of NFL games.  Documents and communications produced in response to this request should not be limited to any time period.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications relating to menus, flyers, posters, other printed materials handed out to customers or posted within your establishment(s), or any digital marketing relating to the NFL, any of the individual NFL member clubs, DirecTV, the Sunday Ticket package, or viewership of NFL games.  Documents and communications produced in response to this request should not be limited to any time period.

-6-

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications relating to advertising or marketing of any entertainment, sports or television programming options presented to customers at your establishment(s).

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications relating to decisions about what game(s) or other entertainment, sports or television programming options to display on television(s) in your establishment(s), including but not limited to which or how many television(s) to display it on.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications relating to any internal financial analyses or forecasts relating to any sports, entertainment or television programming packages offered by you and their impact on your business, including, but not limited to, analyses of the impact of the Sunday Ticket package.   Documents and communications produced in response to this request should not be limited to any time period.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, data, and communications containing your financial information, including, but not limited to, balance sheets, income statements, tax records and cash flow statements, showing revenues, costs, and profits, and including but not limited to documents showing daily profits.  Documents produced in response to this request shall include documents, data, and communications spanning the entirety of the requested time period and should not be limited to the duration of the NFL season.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, data, and communications relating to your transactions and sales, including, but not limited to, time-stamped receipts of all restaurant and bar

sales.  Documents produced in response to this request shall include documents, data, and communications spanning the entirety of the requested time period and should not be limited to the duration of the NFL season.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, data, and communications relating to your customers, including, but not limited to, the number of customers you had on a daily basis, customers' entertainment preferences, customers' sports preferences, and customers' NFL preferences and team loyalties.  Documents produced in response to this request shall include documents, data, and communications spanning the entirety of the requested time period and should not be limited to the duration of the NFL season.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications referred to or relied upon in drafting any Complaint that has been filed in this action, and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications reflecting or relating to the facts that support or relate to the following class allegations, with respect to each putative class defined in any Complaint that has been filed in this action or any amendments thereto:

(a) "DirecTV has sold its Sunday Ticket service to members of the Classes across the nation during the relevant period. Defendants have charged supracompetitive prices for that service." Consolidated Amended Complaint (CAC) ¶ 43.

(b) "Due to the nature of the trade and commerce involved, the Classes consist of many thousands of members. The exact number and their identities are known to DirecTV." CAC ¶ 44.

(c) "The Classes are so numerous that joinder of all members is impracticable." CAC ¶ 45.

-8-

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

(d) All claims made in paragraph 46 of the Consolidated Amended Complaint, including sections a. to k.  CAC ¶ 46.

(e) "Plaintiffs and the Classes were, during the Class period, commercial or residential subscribers to DirecTV who also purchased the Sunday Ticket package. Their respective claims are typical of the particular Class that they seek to represent, and the named Plaintiffs will fairly and adequately protect the interests of the particular Class that they seek to represent." CAC ¶ 47.

(f) "Plaintiffs are represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation." CAC ¶ 48.

(g) "Given the high cost of establishing that Defendants' agreements violated the antitrust laws (including, but not limited to, substantial expert witness costs and attorneys' fees), a class action is the only economically feasible means for any Plaintiff to enforce their statutory rights." CAC ¶ 49.

(h) "The prosecution of separate actions by individual members of the Classes would also create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants." CAC ¶ 50.

(i) "The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages." CAC ¶ 51.

(j) "A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Classes are readily ascertainable and are ones for which records exist. Prosecution as a class action will eliminate the possibility of duplicative litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

individual actions would engender. This class action presents no difficulties in management that would preclude maintenance as a class action." CAC ¶ 52.

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

1

Dated:   March 31, 2021

2

/s/ *Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)

3

Brian L. Stekloff (admitted *pro hac vice*)

Rakesh N. Kilaru (admitted *pro hac vice*)

4

Jeremy S. Barber (admitted *pro hac vice*)

**WILKINSON STEKLOFF LLP**

5

2001 M Street NW, 10th Floor

Washington, DC 20036

6

Telephone: (202) 847-4000

Facsimile: (202) 847-4005

7

bwilkinson@wilkinsonstekloff.com

bstekloff@wilkinsonstekloff.com

8

rkilaru@wilkinsonstekloff.com

jbarber@wilkinsonstekloff.com

9

10

Neema T. Sahni (Bar No. 274240)

**COVINGTON & BURLING LLP**

11

1999 Avenue of the Stars

Suite 1500

12

Los Angeles, CA 90067-6045

Telephone: (424) 332-4800

13

Facsimile: (424) 332-4749

nsahni@cov.com

14

15

Gregg H. Levy (admitted *pro hac vice*)

Derek Ludwin (admitted *pro hac vice*)

16

**COVINGTON & BURLING LLP**

One CityCenter

17

850 Tenth Street NW

Washington, DC 20001

18

Telephone: (202) 662-6000

Facsimile: (202) 662-6291

19

glevy@cov.com

dludwin@cov.com

20

21

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

22

23

24

25

26

27

28

-11-

**NFL Defendants' First Set of Requests for Production of Documents to Commercial Plaintiffs**

1

## CERTIFICATE OF SERVICE

2

I, Jeremy S. Barber, attorney at Wilkinson Stekloff LLP, hereby certify that,

3

on March 31 2021, I caused the foregoing NFL Defendants' First Set of Requests

4

for Production of Documents to Commercial Plaintiffs to be served via email

5

delivery on the following counsel:

6

7

Marc M. Seltzer
SUSMAN GODFREY L.L.P.

8

1900 Avenue of the Stars, Suite 1400

9

Los Angeles, CA 90067
Tel: (310) 789-3100

10

Fax: (310) 789-3150

11

mseltzer@susmangodfrey.com

12

Howard I. Langer

13

LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130

14

Philadelphia, PA 19103

15

hlanger@langergrogan.com

16

Scott Martin

17

HAUSFELD LLP
33 Whitehall Street, 14th Floor

18

New York, NY 10004

19

Tel: (646) 357-1100
Fax: (212) 202-4322

20

smartin@hausfeld.com

21

*Co-Lead Plaintiffs' Counsel*

22

23

Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)

24

Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)

25

KIRKLAND & ELLIS LLP

26

333 South Hope Street

27

Los Angeles, CA 90071
Telephone: (213) 680-8400

28

Facsimile: (213) 680-8500

-12-

**NFL Defendants' First Set of Requests for
Production of Documents to Commercial Plaintiffs**

1    michael.baumann@kirkland.com
2    melissa.ingalls@kirkland.com
     robyn.bladow@kirkland.com
3    tammy.tsoumas@kirkland.com

4
     Daniel M. Petrocelli
5    M. Randall Oppenheimer
6    O'MELVENY AND MYERS LLP
     1999 Avenue of the Stars, Suite 700
7    Los Angeles, CA 90067
     Telephone: (310) 553-6700
8    Facsimile: (213) 430-6407
     dpetrocelli@omm.com
9    roppenheimer@omm.com

10

11   Katrina M. Robson
12   Ian Simmons
     O'MELVENY AND MYERS LLP
13   1625 Eye Street NW
14   Washington, D.C. 20006
     Telephone: (202) 383-5300
15   Facsimile: (202) 383-5414
16   krobson@omm.com
     isimmons@omm.com
17

18   *Counsel for Defendants DIRECTV, LLC*
     *and DIRECTV Holdings LLC*
19

20

21   Executed on March 31, 2021.

22
                              By:  */s/ Jeremy S. Barber*
23   _____
                                   Jeremy S. Barber
24

25

26

27

28
                              -13-

**NFL Defendants' First Set of Requests for**
**Production of Documents to Commercial Plaintiffs**