# EXHIBIT B

1

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com

2

Raymond K. Wright (331950)
rwright@susmangodfrey.com

3

**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400

4

Los Angeles, CA 90067-6029
Phone: (310) 789-3100

5

Fax: (310) 789-3150

6

7

Scott Martin
smartin@hausfeld.com

8

Irving Scher
ischer@hausfeld.com

9

**HAUSFELD LLP**
33 Whitehall Street, 14th Floor

10

New York, NY 10004
Tel: (646) 357-1100

11

Fax: (2121) 202-4322

Howard Langer
hlanger@langergrogan.com
Edward Diver
ndiver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
**LANGER GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

12

13

*Interim Class Counsel*

14

**UNITED STATE DISTRICT COURT**

15

**CENTRAL DISTRICT OF CALIFORNIA**

16

17

IN RE: NATIONAL FOOTBALL LEAGUE'S
"SUNDAY TICKET" ANTITRUST LITIGATION

18

19

THIS DOCUMENT RELATES TO:

20

ALL ACTIONS

21

22

Case No. 2:15-ml-02668−PSG (JEMx)

**COMMERCIAL PLAINTIFFS'
RESPONSES TO NFL DEFENDANTS'
FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS**

DATE:          April 30, 2021

23

24

25

26

27

28

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiffs

Ninth Inning Inc., dba The Mucky Duck, and 1465 Third Avenue Restaurant Corp., dba Gael Pub

("Commercial Plaintiffs"), otherwise preserving all of their rights, hereby object and respond as follows

to the First Set of Requests for Production of Documents ("Requests") propounded by Defendants

National Football League, NFL Enterprises, LLC, and the member Clubs (collectively, the "NFL Defendants):

## **GENERAL OBJECTIONS**

1.     By responding to a particular Request, Commercial Plaintiffs do not accept, adopt or concede the truth or validity of any characterization made in that Request. Commercial Plaintiffs' response that they will produce documents to a particular Request does not constitute an admission that they actually possess the documents requested, that they will agree to produce any documents on or before the date requested, or that any such documents exist.

2.     These Responses and Objections are based upon Commercial Plaintiffs' present knowledge, information, and belief. Irrespective of whether Commercial Plaintiffs produce documents or provide information in response to the Requests, Commercial Plaintiffs reserve their rights (but do not assume any obligation): (i) to revise, correct, supplement or clarify the content of these responses in accordance with the applicable rules; (ii) to provide additional responsive information and documents in the future; and (iii) to object to further discovery in this matter.

3.     Commercial Plaintiffs object to the Requests to the extent that they purport to require Commercial Plaintiffs to make any attempt to locate potentially responsive documents that extends beyond conducting a reasonable and diligent search for readily accessible files from readily accessible sources where responsive documents reasonably would be expected to be found. Commercial Plaintiffs object to the production of documents that are not reasonably accessible because of undue burden or cost.

4.     Commercial Plaintiffs object to the requests to the extent that they purport to require Commercial Plaintiffs to draw legal conclusions or are predicated upon legal conclusions or arguments. Subject to and without waiving any of the objections, the responses are not intended, and may not be construed, as an admission or legal conclusion.

5. Given the nature of the claims and defenses at issue in this action, Commercial Plaintiffs state that thirty (30) days is not a reasonable amount of time to produce all non-privileged responsive documents. The non-privileged responsive documents identified in these responses will be produced on a reasonable rolling basis consistent with the parties' mutually agreed upon discovery schedule entered by the Court.

6. The foregoing General Objections and the Objections to Definitions below are incorporated into the Specific Responses and Objections below as if fully set forth in such Responses and Objections, and the Specific Responses and Objections are expressly subject to them. The failure to incorporate specifically a general response or objection, and the specific reiteration of a general response or objection in response to a Request, does not waive the response or objection with respect to other requests.

## **OBJECTIONS TO DEFINITIONS**

1. Commercial Plaintiffs object to Definition No. 2 ("Communications") as overbroad, ambiguous, and vague, "because the transmittal of information (in any form)" includes oral and other non-written forms of communication.

2. Commercial Plaintiffs object to Definition No. 3 ("You") as vague and ambiguous, overly broad and unduly burdensome, and because it calls for information and documents that are not relevant to any of the claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs further object to this definition to the extent it purports to require any attorneys, agents, representatives, contractors, experts, or any other persons acting or purporting to act on behalf of Commercial Plaintiffs to act separately or require Plaintiffs to produce privileged or otherwise protected information or documents within the possession, custody, or control of Plaintiffs outside the scope of the Federal Rules of Civil Procedure.

3. Commercial Plaintiffs object to Definition No. 11 ("Subscription Programming Services") as vague and ambiguous as to the phrase "other similarly situated subscription services."

4.      In response to Definition No. 17, Commercial Plaintiffs state that by responding to these requests with documents dated as to the specified time period as defined by Defendants, Commercial Plaintiffs are not expressing any agreement that Defendants have correctly identified the relevant time period.

5.      Commercial Plaintiffs object to Definition No. 18 insofar as it purports to require Commercial Plaintiffs to generate work product for Defendants. Commercial Plaintiffs further object to Definition No. 18 insofar as it seeks to impose obligations on Commercial Plaintiffs that are inconsistent with and/or greater than those obligations imposed by the Federal Rules of Civil Procedure, Local Rules and/or any other applicable rule or court order, including the Protective Order in this case. Subject to and without waiver of the foregoing General Objections, Objections to Definitions, or the Specific Responses and Objections below, counsel for Commercial Plaintiffs will work with counsel for the Defendants to agree upon the mutual exchange of appropriate privilege logs, in accordance with the requirements imposed by the Federal Rules and Local Rules, at a mutually agreed-upon time.

## **SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to every purchase of the Sunday Ticket package at any time through the present, including, but not limited to, receipts or bills reflecting each and every such purchase(s), contracts, and correspondence with DirecTV regarding these purchase(s). Documents and communications produced in response to this request should not be limited to any time period and should include any purchase(s) made by you or anyone acting on your behalf, and also include purchase(s) made for both personal and commercial use.

### **RESPONSE:**

Commercial Plaintiffs further object to this Request as it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine,

or other applicable privilege, immunity, duty of confidentiality, or similar exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this request as overbroad in time and scope as it is not limited to "any time period" and seeks purchases of the Sunday Ticket package by the Commercial Plaintiffs for "personal use."

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications, including, but not limited to, copies of websites, blogs, message boards, social network posts, and product reviews relating to any sports league, including professional or collegiate leagues, and including, but not limited to, the NFL and any of the individual NFL member clubs, DirecTV, the Sunday Ticket package, viewership of NFL games, or the subject matter of this litigation, that you authored or contributed to in any way before or after filing your Complaint, with documents sufficient to show when such authorship or contribution occurred. Documents and communications produced in response to this request should not be limited to any time period.

**RESPONSE:**

Commercial Plaintiffs object to this Request as it purports to require Commercial Plaintiffs to create documents. Defendants are entitled to "Communications" only to the extent they are contained in existing documents discoverable under Rule 34 of the Federal Rules of Civil Procedure. Commercial Plaintiffs object to this Request because the phrase "copies of websites, blogs, message boards, social network posts, and product reviews relating to any sports league" is vague, ambiguous, overly broad and

unduly burdensome, and because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications relating to any damages or injuries allegedly sustained by you for which recovery (in an individual or representative capacity) is sought pursuant to the above-captioned action.

**RESPONSE**:

Commercial Plaintiffs object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this Request as exceeding the scope of permissible expert discovery under Federal Rule of Civil Procedure 26 and the Stipulated Expert Protocol (Dkt. No. 289). Commerical Plaintiffs further object to this Request as seeking expert discovery before the deadlines established by the Court in this action.

Subject to and without waiving the foregoing general and specific objections, Commercial Plaintiffs will produce documents responsive to this Request as and when required by Federal Rule of

Civil Procedure 26, any stipulation between the parties regarding the scope of expert discovery, and any order by the Court. Commercial Plaintiffs further state that, at an appropriate time, they will produce documents responsive to this Request and not already in Defendants' possession on which Commercial Plaintiffs intend to rely at any class certification hearing or trial.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any communications between you or anyone acting your behalf, on the one hand, and DirecTV (or its agents, retailers, distributors, or call centers) or the NFL, on the other, relating to the subject matter of this litigation.

**RESPONSE**:

Commercial Plaintiffs further object to this Request as it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions.

Subject to and without waiving the foregoing general and specific objections, Commercial Plaintiffs will produce documents responsive to this Request to the extent that they exist, have not previously been produced, and are located during a reasonable search for documents. Counsel for Commercial Plaintiffs are prepared to meet and confer with counsel for Defendants regarding reasonable search terms and custodians, to the extent an electronic search is warranted. Because Defendants have not identified a reasonable time period for this Request, Commercial Plaintiffs will limit their production to

documents dated during the time period, as defined by Defendants in Definition No. 17. However, counsel for Commercial Plaintiffs are prepared to meet and confer with counsel for Defendants to reach agreement on a time period that is relevant to discovery in this case, including documents to be produced pursuant to this Request.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting or relating to communications between you or your agents, on the one hand, and any other Potential Class Members, on the other, relating to the subject matter of this litigation.

**RESPONSE**:

Commercial Plaintiffs object to this Request as it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 6:**

All non-privileged documents and communications, including but not limited to documents that you received or saw before filing your initial Complaint, that either (i) describe your role as a proposed class representative, the role of your legal counsel, or the financial terms of the relationship between you and your counsel in regard to this action or related litigation, or (ii) constitute copies of any legal advertisement, solicitation for participation in this action or related litigation, or written offer of legal representation.

**RESPONSE**:

Commercial Plaintiffs object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications reflecting or relating to all lawsuits or bankruptcy petitions filed in any court in which you have been or are currently involved in any capacity (including, but not limited to, as a party, class member, or witness). This Request includes, but is not limited to, any transcripts of your testimony, affidavits signed by or referencing you, documents about you (including motions, pleadings, and orders discussing you), and discovery produced by you. Documents and communications produced in response to this request should not be limited to any time period.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs further object to this Request as it would require production of documents that are not in Commercial Plaintiffs' actual possession, custody, or control. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting or relating to communications between you and any lawyers other than the ones who currently represent you concerning any actual or potential claims against the NFL Defendants.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action. Commercial Plaintiffs further object to this request to the extent it seeks production of documents subject to any confidentiality agreement with or obligation to third parties. Commercial Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work

product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to the subject matter of this action obtained by you or your counsel pursuant to any subpoena issued in connection with this action.

**RESPONSE**:

Commercial Plaintiffs will produce any non-privileged documents responsive to this Request to the extent the documents are produced in this Action and have not previously been produced to Defendants, and to the extent the parties arrive at a mutually acceptable arrangement for sharing any costs incurred in obtaining such documents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to the subject matter of this litigation, including, but not limited to, the NFL, any of the individual NFL member clubs, the Sunday Ticket package, DirectTV, or viewership of NFL games. Documents and communications produced in response to this request should not be limited to any time period.

**RESPONSE**:

Commercial Plaintiffs object to this Request as vague, ambiguous, overly broad and unduly burdensome, and because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs further object to this Request to the extent that it purports to require Commercial Plaintiffs to create documents. Defendants are entitled to "communications" only to the extent they are contained in existing documents discoverable under Rule 34 of the Federal Rules of Civil Procedure. Commercial Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to any video programming or subscription services, including, but not limited to, sports subscriptions or Subscription Programming Services used by you or anyone acting on your behalf, and including, but not limited to, receipts or bills reflecting each and every such purchase(s), contracts, and correspondence regarding these purchases.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it is vague and ambiguous, and overly broad and unduly burdensome, as to the phrase "any video programming or subscription services." Commercial

Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to the television or video entertainment option(s) you offer customers, including, but not limited to, any television or subscription-based programming.

**RESPONSE**:

Commercial Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs further object to this Request insofar it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections

contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to any marketing materials that relate to DirecTV or the Sunday Ticket package viewed by you.

**RESPONSE**:

Commercial Plaintiffs further object to this Request insofar as it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications relating to advertising or marketing materials that relate to the NFL, any of the individual NFL member clubs, DirecTV, the Sunday Ticket package, or viewership of NFL games. Documents and communications produced in response to this request should not be limited to any time period.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it is overly broad and unduly burdensome, as to the phrase "all advertising or marketing material that relate to the NFL, any of the individual NFL

member clubs, DirecTV, the Sunday Ticket package, or viewership of NFL games." Commercial Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications relating to menus, flyers, posters, other printed materials handed out to customers or posted within your establishment(s), or any digital marketing relating to the NFL, any of the individual NFL member clubs, DirecTV, the Sunday Ticket package, or viewership of NFL games. Documents and communications produced in response to this request should not be limited to any time period.

**RESPONSE**:

Commercial Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs object to this Request to the extent it requires production of documents that are not in Commercial Plaintiffs' actual possession, custody, or control. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications relating to advertising or marketing of any entertainment, sports or television programming options presented to customers at your establishment(s).

**RESPONSE**:

Commercial Plaintiffs object to this Request to the extent it requires production of documents that are not in Commercial Plaintiffs' actual possession, custody, or control. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications relating to decisions about what game(s) or other entertainment, sports or television programming options to display on television(s) in your establishment(s), including but not limited to which or how many television(s) to display it on.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it is vague and ambiguous, and overly broad and unduly burdensome, as to the phrase "game(s) or other entertainment, sports or television

programming options." Commercial Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case. Commercial Plaintiffs object to this Request to the extent that it purports to require Commercial Plaintiffs to create documents. Defendants are entitled to "communications" only to the extent they are contained in existing documents discoverable under Rule 34 of the Federal Rules of Civil Procedure. Commercial Plaintiffs object to this Request to the extent it requires production of documents that are not in Commercial Plaintiffs' actual possession, custody, or control. Commercial Plaintiffs further object to this Request to the extent it does not impose a reasonable time limit on discovery.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications relating to any internal financial analyses or forecasts relating to any sports, entertainment or television programming packages offered by you and their impact on your business, including, but not limited to, analyses of the impact of the Sunday Ticket package. Documents and communications produced in response to this request should not be limited to any time period.

**RESPONSE**:

Commercial Plaintiffs further object to this Request insofar as it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, data, and communications containing your financial information, including, but not limited to, balance sheets, income statements, tax records and cash flow statements, showing revenues, costs, and profits, and including but not limited to documents showing daily profits. Documents produced in response to this request shall include documents, data, and communications spanning the entirety of the requested time period and should not be limited to the duration of the NFL season.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it is overly broad and unduly burdensome, as to the phrase "[a]ll documents, data, and communications containing your financial information." Commercial Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case.

Subject to the foregoing general and specific objections, Commercial Plaintiffs will produce documents responsive to this Request to the extent that they exist, have not previously been produced, and are located during a reasonable search for documents. Counsel for Commercial Plaintiffs are prepared to meet and confer with counsel for Defendants regarding reasonable search terms and custodians, to the extent an electronic search is warranted, as well as regarding the production of appropriate structured data concerning Commercial Plaintiffs' financial information.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, data, and communications relating to your transactions and sales, including, but not limited to, time-stamped receipts of all restaurant and bar sales. Documents produced in response to this request shall include documents, data, and communications spanning the entirety of the requested time period and should not be limited to the duration of the NFL season.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it is vague and ambiguous, and overly broad and unduly burdensome, as to the phrase "[a]ll documents, data, and communications relating to your transactions and sales." Commercial Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case.

Subject to the foregoing general and specific objections, Commercial Plaintiffs will produce documents responsive to this Request to the extent that they exist, have not previously been produced, and are located during a reasonable search for documents. Counsel for Commercial Plaintiffs are prepared to meet and confer with counsel for Defendants regarding reasonable search terms and custodians, to the extent an electronic search is warranted, as well as regarding the production of appropriate structured data concerning Commercial Plaintiffs' financial information.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, data, and communications relating to your customers, including, but not limited to, the number of customers you had on a daily basis, customers' entertainment preferences, customers' sports preferences, and customers' NFL preferences and team loyalties. Documents produced in response to this request shall include documents, data, and communications spanning the entirety of the requested time period and should not be limited to the duration of the NFL season.

**RESPONSE**:

Commercial Plaintiffs object to this Request because it is vague and ambiguous, and overly broad and unduly burdensome, as to the phrase "[a]ll documents, data, and communications relating to your customers." Commercial Plaintiffs further object to this Request because it calls for information and documents that are not relevant to claims or defenses in this action and calls for information and documents that are not proportional to the needs of the case.

Subject to the foregoing general and specific objections, Commercial Plaintiffs will produce documents responsive to this Request to the extent that they exist, have not previously been produced, and are located during a reasonable search for documents. Counsel for Commercial Plaintiffs are prepared to meet and confer with counsel for Defendants regarding reasonable search terms and custodians, to the extent an electronic search is warranted, as well as regarding the production of appropriate structured data concerning Commercial Plaintiffs' financial information.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications referred to or relied upon in drafting any Complaint that has been filed in this action, and any amendments thereto.

**RESPONSE**:

Commercial Plaintiffs object to this Request as it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions.

Subject to the foregoing general and specific objections, Commercial Plaintiffs will produce nonprivileged documents referenced in Plaintiffs' Consolidated Amended Complaint, to the extent that they exist and have not previously been produced.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do

not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications reflecting or relating to the facts that support or relate to the following class allegations, with respect to each putative class defined in any Complaint that has been filed in this action or any amendments thereto:

(a) "DirecTV has sold its Sunday Ticket service to members of the Classes across the nation during the relevant period. Defendants have charged supracompetitive prices for that service." Consolidated Amended Complaint (CAC) ¶ 43.

(b) "Due to the nature of the trade and commerce involved, the Classes consist of many thousands of members. The exact number and their identities are known to DirecTV." CAC ¶ 44.

(c) "The Classes are so numerous that joinder of all members is impracticable." CAC ¶ 45.

(d) All claims made in paragraph 46 of the Consolidated Amended Complaint, including sections a. to k. CAC ¶ 46.

(e) "Plaintiffs and the Classes were, during the Class period, commercial or residential subscribers to DirecTV who also purchased the Sunday Ticket package. Their respective claims are typical of the particular Class that they seek to represent, and the named Plaintiffs will fairly and adequately protect the interests of the particular Class that they seek to represent." CAC ¶ 47.

(f) "Plaintiffs are represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation." CAC ¶ 48.

(g) "Given the high cost of establishing that Defendants' agreements violated the antitrust laws (including, but not limited to, substantial expert witness costs and attorneys' fees), a class action

is the only economically feasible means for any Commercial Plaintiffs to enforce their statutory rights." CAC ¶ 49.

(h) "The prosecution of separate actions by individual members of the Classes would also create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants." CAC ¶ 50.

(i) "The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages." CAC ¶ 51.

(j) "A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Classes are readily ascertainable and are ones for which records exist. Prosecution as a class action will eliminate the possibility of duplicative litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. This class action presents no difficulties in management that would preclude maintenance as a class action." CAC ¶ 52.

**RESPONSE**:

Commercial Plaintiffs object to this Request insofar as it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Commercial Plaintiffs will not produce any documents that are protected by those exemptions. Commercial Plaintiffs further object to this Request as exceeding the scope of permissible expert discovery under Federal Rule of Civil Procedure 26 and the Stipulated Expert Protocol (Dkt. No. 289). Commercial Plaintiffs further object to this Request as seeking expert discovery before the deadlines established by the Court in this action.

Subject to the foregoing general and specific objections, Commercial Plaintiffs will produce responsive documents referring to, relating to, or describing any class allegation made in the Consolidated Amended Complaint to the extent that they exist and have not previously been produced.

In accordance with Rule 34(b)(2)(C), Commercial Plaintiffs state that they have not completed their review and analysis of available or relevant documents responsive to this Request and, therefore, do not yet know whether documents responsive to this Request will be withheld on the basis of the objections contained herein. Commercial Plaintiffs will update this information when it is available and as part of the meet and confer process with Defendants.

Dated: April 30, 2021

By:  */s/ Marc M. Seltzer*

Marc M. Seltzer
mseltzer@susmangodfrey.com
Raymond K. Wright
rwright@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian
asubramanian@susmangodfrey.com
William Christopher Carmody
bcarmody@susmangodfrey.com
Seth Ard
sard@susmangodfrey.com
Edward Delman
edelman@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ian M. Gore
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin
smartin@hausfeld.com
Irving Scher
ischer@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Michael P. Lehmann (SBN 77152)
mlehmann@hausfeld.com
Bonny E. Sweeny (SBN 176174)
bsweeney@hausfeld.com
Christopher L. Lebsock (SBN 184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980

Howard Langer
hlanger@langergrogan.com
Edward Diver
diver@langergrogan.com
Peter Leckman
pleckman@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Co-Lead Plaintiffs Counsel*

24

## CERTIFICATE OF SERVICE

I, Raymond K. Wright, attorney at Susman Godfrey LLP, hereby certify that, on April 30, 2021, I caused the foregoing Commercial Plaintiffs' Responses to NFL Defendants' First Set of Requests for the Production of Documents to be served via email delivery on the following counsel:

Beth A. Wilkinson
Brian L. Stekloff
Rakesh N. Kilaru
Jeremy S. Barber
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy
Derek Ludwin
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants*
*National Football League,*
*NFL Enterprises LLC,*
*and the Individual NFL Clubs*

Michael E. Baumann (Bar No. 145830)

Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

Daniel M. Petrocelli
M. Randall Oppenheimer
O'MELVENY AND MYERS LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (213) 430-6407
dpetrocelli@omm.com
roppenheimer@omm.com

Katrina M. Robson
Ian Simmons
O'MELVENY AND MYERS LLP
1625 Eye Street NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
krobson@omm.com
isimmons@omm.com

*Counsel for Defendants DIRECTV, LLC
and DIRECTV Holdings LLC*

Dated: April 30, 2021

By: */s/Raymond K. Wright*
    Raymond K. Wright

26