UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | May 31, 2022 |
|---|---|---|---|

| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation |
|---|---|

| Present: The Honorable | JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NFL DEFENDANTS (Dkt. 476)**

Before the Court is Plaintiffs' Motion To Compel Production Of Documents By NFL Defendants ("Motion"), filed on May 17, 2022. (Dkt. 476.) The parties filed a Joint Stipulation on that same date. (Dkt. 476-1.) Neither party filed a supplemental memorandum. The Court GRANTS Plaintiffs' Motion in part and DENIES it in part.[1]

Plaintiffs seek production of documents from two prior NFL litigations that they claim are relevant to this case. Specifically, Plaintiffs seek production of: (1) trial transcripts, deposition transcripts of NFL employees and expert reports from <u>United States Football League v. Nat'l Football League</u> ("USFL"), Case No. 84 Civ. 7484 (S.D.N.Y.) and (2) deposition transcripts of NFL employees, expert reports and the settlement agreement from <u>National Football League Properties, Inc. v. Dallas Cowboys football Club, Ltd.</u>, No. 1:95-cv-07951 (S.D.N.Y.). (Dkt. 476-18.) The NFL Defendants contend that the documents sought by Plaintiffs are irrelevant, disproportionate and would result in undue burden. (JS 6-9.)

The USFL case dates back 35 years. The NFL Defendants contend it has nothing to do with the NFL Sunday Ticket package which did not exist at the time of the suit.

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacated the June 7, 2022 hearing date on the Motion. (Dkt. 484.) <u>See</u> F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

Nonetheless, it was an antitrust case against the NFL asserting a monopoly and restraint of trade and thus arguably is of some relevance to market definition in this case under Fed. R. Civ. P. Rule 26(b)(1).  See Epic Games, Inc. v. Apple, 559 F. Supp. 3d 898, 1014-15 (N.D. Cal. 2021).  Its former counsel, Skadden Arps, LLP has located 20 boxes of hard copy documents, including a box labeled "depositions."  (Dkt. 476-10, Barber Decl., ¶ 17.)  The NFL Defendants have not produced these documents because the docket in the case reveals the existence of a Protective Order limiting use of discovery material solely to that litigation.  (Id., Ex. G.)  It apparently would take months to obtain the Protective Order from offsite storage.  (Id., , ¶ 18.)  Even if located, the parties likely would have to seek modification of the Order from the issuing court.  See Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1131-32 (9th Cir. 2003).  The Court considers it highly likely that at least some of the documents and deposition testimony are subject to the Protective Order.

The Court, however, requires more information before ruling on the Motion as to the USFL case.  Typically, sealed documents contain a legend that the documents, deposition transcripts or expert reports are subject to a protective order.  The documents here already have been assembled.  The Court does not believe that it would be unduly burdensome to review 20 boxes of documents for the limited purpose of ascertaining whether the documents indicate they are subject to the Protective Order.  The Court ORDERS the NFL Defendants to provide a declaration indicating whether and how many, if any, of the documents have been marked subject to the Protective Order, **within 15 days of this Order**.  The parties also are ORDERED to meet and confer on the propriety of producing those documents without a legend and submit a Joint Status Report **within 15 days of this Order**.

The Dallas Cowboys case, filed in 1995, is a 25 year old trademark case that did not involve antitrust claims, broadcasting or Sunday Ticket.  NFL Properties, Inc. v. Dallas Cowboys Football Club, 922 F. Supp. 849 (S.D.N.Y. 1996).  Again, the records sought are of some relevance as to similar restraints.  The NFL's counsel in this litigation, however, no longer has hard copy records.  (Dkt. 476-10, , ¶ 16.)  Plaintiffs asked the NFL Defendants to obtain the documents from the opposing counsel Wilmer firm which represented the Cowboys.  Wilmer refused because the applicable request was directed only to the NFL Defendants, not the Clubs.  Plaintiffs argue that, because the Cowboys are a member organization of the NFL, the NFL has custody, control and possession of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

the documents and possession under Rule 34. Plaintiffs' authority to order the NFL to obtain documents from an opposing counsel is not compelling.

    It is undisputed that the NFL Defendants do not have custody or possession of the relevant documents. To have control a party must have "the legal right to obtain certain documents." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev.) Plaintiffs have not presented any contractual provision or other document that would give the NFL Defendants the legal right to require the Cowboys to give up the requested documents. The very fact that the NFL Defendants were in litigation with the Cowboys demonstrates that they are independent actors except where contractually bound otherwise. The problem here is that Plaintiffs failed to make their request for production of prior litigation documents to the Cowboys which is a defendant in the case. It is now too late to do so. As the NFL Defendants do not have custody or possession of the relevant documents and do not have any legal right to compel the Cowboys to give up the documents or control them, Plaintiffs' Motion is DENIED as to the documents from the NFL Properties case.

|  | : |
|---|---|
| Initials of Preparer | slo |