Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY APPLE INC.**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 6/21/2022, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENTS...........................................................1

   A.   PLAINTIFFS' PRELIMINARY STATEMENT..............................1

   B.   APPLE'S PRELIMINARY STATEMENT....................................2

II.  DISCOVERY REQUESTS AND RESPONSES IN DISPUTE....................5

III. PARTIES' CONTENTIONS ...........................................................13

   A. PLAINTIFFS' STATEMENT........................................................13

     1.   Factual and Procedural Background..................................13

     2.   Legal Standard ...............................................................15

     3.   The Documents Are Relevant and Proportional to the Needs of the Litigation ................................................16

     4.   This Court has Jurisdiction to Enforce the Subpoena .............19

     5.   The Protective Order Protects Against Disclosure of Sensitive Information ...................................................20

     6.   Conclusion ....................................................................21

   B.   APPLE INC.'S STATEMENT ...................................................21

     1.   Factual Background...........................................................21

     2.   Legal Standard ...............................................................25

     3.   Plaintiffs Have Not Met Their Significant Burden to Compel Production ████████████████████ ████████████ .................................................26

     4.   Plaintiffs Make No Argument With Respect to Requests Nos. 11, 16, 17, 18, or 19 ...........................................31

     6.   Plaintiffs' Motion Violates Fed. R. Civ. P. 45(f) ....................32

     7.   Conclusion ....................................................................33

i

TABLE OF AUTHORITIES

**Cases**                                                                          **Pages(s)**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  300 F.R.D. 406 (C.D. Cal. 2014) ..........................................................25

*AngioScore, Inc. v. TriReme Med., Inc.*,
  2014 WL 6706873 (N.D. Cal. Nov. 25, 2014)......................................28

*Arista Records LLC v. Lime Group LLC*,
  2011 WL 781198 (S.D.N.Y. Mar. 4, 2011) ...........................................29

*Audio MPEG, Inc. v. HP Inc.*,
  2017 WL 950847 (N.D. Cal. Mar. 10, 2017).........................................28

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992).................................................................17

*City of Rialto v. U.S. Dep't of Defense*,
  492 F. Supp. 2d 1193 (C.D. Cal. 2007). ...............................................16

*Duong v. Groundhog Enterprises, Inc.*,
  2020 WL 2041939 (C.D. Cal. Feb. 28, 2020)...................................27, 29

*Epic Games, Inc. v. Apple Inc.*,
  559 F. Supp. 3d 898 (N.D. Cal. 2021) ..................................................19

*Folz v. Union Pacific R.R. Co.*,
  2015 WL 12660413 (S.D. Cal. July 22, 2015) ......................................17

*Gonzales v. Google, Inc.*,
  234 F.R.D. 674 (N.D. Cal. 2006) ...........................................15, 26, 30

*HMD Glob. Oy v. Acacia Rsch. Corp.*,
  2021 WL 2949471 (C.D. Cal. Jan. 26, 2021) ........................................32

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*,
  209 F.R.D. 208 (D. Kan. 2002)..............................................................27

*In re Clients and Former Clients of Baron & Budd, P.C.*,
  478 F.3d 670 (5th Cir. 2007)..................................................................20

*In re Packaged Seafood Products Antitrust Litig.*,
  2018 WL 454440 (S.D. Cal. Jan. 17, 2018)………...............................32

*In re Pioneer Corp.*,
  2019 WL 5401015 (C.D. Cal. Jan. 9, 2019) ..........................................16

*Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*,
  123 F. Supp. 3d 1215 (N.D. Cal. 2015)………….................................26

*Lemberg Law LLC v. Hussin*,
  2016 WL 3231300 (N.D. Cal. June 13, 2016) .......................................28

*Mannington Mills, Inc. v. Armstrong World Indus., Inc.*,
  206 F.R.D. 525 (D. Del. 2002)..............................................................................31

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005). ...........................................................16, 25, 27

*Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*,
  2016 WL 8542561 (N.D. Cal. Aug. 3, 2016).........................................................32

*Pizana v. SanMedica Int'l, LLC*,
  2021 WL 325718 (E.D. Cal. Feb. 1, 2021)............................................................20

*Rankine v. Roller Bearing Co. of Am., Inc.*,
  2013 WL 3992963 (S.D. Cal. Aug. 5, 2013) ...................................................20, 27

*Realtek Semiconductor Corp. v. LSI Corp.*,
  2014 WL 4365114, (N.D. Cal. Sept. 3, 2014) .......................................................20

*Realtime Data, LLC v. MetroPCS Texas, LLC*,
  2012 WL 1905080, (S.D. Cal. May 25, 2012)........................................................31

*Roe v. Puig*,
  2021 WL 6102509, (C.D. Cal. Sept. 24, 2021).....................................................16

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
  2019 WL 13108018 (C.D. Cal. June 24, 2019) .....................................................30

*Tater v. City of Huntington Beach*,
  2021 WL 4735015 (C.D. Cal. June 7, 2021) .........................................................17

*United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*,
  444 F.3d 462 (6th Cir. 2006)..................................................................................20

*VISX, Inc. v. Nidek Co.*,
  208 F.R.D. 615 (N.D. Cal. 2002) ...........................................................................33

*Woods ex del. U.S. v. SouthernCare, Inc.*,
  303 F.R.D. 405 (N.D. Ala 2014).............................................................................32

**Rules**

Fed. R. Civ. P. 26...............................................................................16, 25, 26

Fed. R. Civ. P. 45.................................................................2, 24, 25, 26, 32

iii

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Plaintiffs and Apple Inc. ("Apple") submit the following joint stipulation regarding Plaintiffs' Motion to Compel Production of Documents.

## I.   PRELIMINARY STATEMENTS

### A.   PLAINTIFFS' PRELIMINARY STATEMENT

Over the last year, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as DirecTV's contract with the NFL reaches its conclusion. Given the relevance of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Plaintiffs' antitrust claims, Plaintiffs served Apple with a subpoena under Rule 45 in September 2021 to obtain documents reflecting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 4.[1]

Nearly eight months later, Apple has produced one document set in response to Plaintiffs' subpoena.[2] In an effort to avoid motion practice and resolve the issues between the parties without Court intervention, Plaintiffs have met and conferred with Apple on numerous occasions during this span in an attempt to reach a compromise and discover the degree to which Apple possesses responsive documents. At every turn, Apple has delayed and led Plaintiffs along by representing that, *e.g.*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] All exhibits cited by Plaintiffs are attached to the Declaration of Farhad Mirzadeh ("Mirzadeh Decl.") filed contemporaneously with this joint stipulation.
[2] A mere hours before Plaintiffs sent their portion of this joint stipulation, which Plaintiffs advised Apple that it would do, Apple made a production of documents (several of which appear inappropriately redacted) to stave off a motion to compel. Plaintiffs will proceed to seek relevant documents as set forth in the proposed order so as to avoid delay and will advise the Court of any agreement the parties make regarding compliance with the subpoena.

1   Thus, after nearly eight months and no meaningful effort by Apple to comply

2   with the subpoena, Plaintiffs seek this Court's assistance to compel Apple to produce

3   the set of relevant documents outlined in the proposed order.[3]

### B.     APPLE'S PRELIMINARY STATEMENT

5   Apple is not a party to this litigation, and the parties' underlying claims and

6   defenses have nothing to do with Apple or its business practices. This case was filed

7   in 2015 and concerns DirecTV's NFL Sunday Ticket offering, apparently stemming

8   from a 2014 deal between DirecTV and the NFL. Approximately seven years after

9   the challenged NFL agreement, Plaintiffs —

10  

11  —  issued a vast subpoena to Apple that includes

12  twenty boundless document requests, some with up to seven subparts, related to non-

13  party Apple's

14                                                          Unlike

15  other non-parties from whom Plaintiffs have sought discovery in this case, it is

16  undisputed that

17  

18  In serving this subpoena, in subsequent negotiations with Apple, and even in

19  bringing the instant motion, Plaintiffs have ignored their obligations under Federal

20  Rule of Civil Procedure 45 to avoid imposing an undue burden on a non-party. As a

21  threshold matter, Plaintiffs' filing of this motion defies Rule 45(f), which provides

22  that a subpoena-related motion should be addressed by the court where compliance

23  with the subpoena is required pursuant to Rule 45(c) — in this case, the Northern

24  District of California — unless such court transfers the motion to the court where the

25  action is pending either with the consent of the subpoenaed party or based upon a

26  finding of "exceptional circumstances." Fed. R. Civ. P. 45(f). Here, Plaintiffs,

27  

---

28  [3] Plaintiffs reserve the right to seek or request additional documents responsive to Plaintiffs' subpoena based on what it continues to learn from Apple's document production.

without citing any relevant authority, proceed as if Rule 45 does not apply to them: they did not seek or obtain Apple's consent to transfer or seek permissive transfer of the motion by a court in the Northern District of California. For this reason alone, the Court should deny Plaintiffs' motion or, at a minimum, decline to consider it unless a Northern District of California court finds that Plaintiffs have made the requisite showing that "exceptional circumstances" exist and outweigh the interests of Apple in having the subpoena resolved locally.[4]

Plaintiffs have further failed to take reasonable steps to avoid imposing an undue burden on a non-party by demanding ██████████████████████ ████████████████████████████████████ For its part, Apple has worked diligently to try to reach agreement with Plaintiffs on a narrowed scope of the subpoena and to ████████████████████████████████████ ████████████████████████████████████ Contrary to Plaintiffs' representations, as of this writing, Apple has either produced, offered to produce, ████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████[5] In contrast to non-party Apple's continuing efforts, Plaintiffs do not appear to have even reviewed

---

[4] Plaintiffs have a ready opportunity to proffer this showing. As of the filing of this Joint Stipulation, Apple either will have filed, or will soon file, a Motion to Quash Plaintiffs' subpoena in the Northern District of California.

[5] Apple also undertook investigations to confirm the absence of several other categories of documents sought by the subpoena and erroneously included in Plaintiffs' motion.

1   ██████████████████████████████████████ when Plaintiffs sent

2   their portion of this Joint Stipulation to Apple.

3        Indeed, the only documents Apple has declined to produce are ████

4   ████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████ Plaintiffs

9   bemoan Apple's supposed "delay tactics," while wholly disregarding that Apple has

10  steadfastly maintained its objections to the production of such documents since its

11  initial letter objections to Plaintiffs. Any delay in Plaintiffs' moving to compel such

12  ████████████ documents is one of their own making.

13       Plaintiffs' motion to compel additional ████████ documents should fail,

14  in the first instance, because such documents have scant, if any, relevance to the

15  underlying case, especially in view of the documents that Apple and the NFL have

16  already produced. ██████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████ (*see* Section III.1.A,

23  *infra*), Plaintiffs have already received such information — primarily via party

24  discovery from the NFL (as is appropriate), but also from Apple or informed by

25  Apple's collection and review. ████████████████████████████████████

26  ████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████

28  ████████████████████████████████. Plaintiffs have not shown and cannot

1  show that (i) the additional documents they demand —

2  ███████████████████████████████████████████

3  ██████████ are relevant to their case and/or (ii) any such relevance exceeds the

4  indisputable burden to non-party Apple of producing ████████████████████

5  ███████████████████████████████████████████████

6  ███████████████████████████████████████████████

7  ████████████████████████████████████████ Plaintiffs'

8  motion should be denied.

## II.   DISCOVERY REQUESTS AND RESPONSES IN DISPUTE

Pursuant to Local Rule 37-2.1, the discovery requests at issue and Apple's responses to those requests are copied verbatim below. Apple did not individually respond to the subpoena's document requests; rather, Apple's responses were in the form of a letter which has been reproduced, in relevant part, in this joint stipulation. As a result, the list of requests and responses below does not list each request and response individually.

**Plaintiffs' Requests:**

1.   Not in Dispute

2.   Not in Dispute.

3.   Not in Dispute.

4.   All documents constituting or reflecting any communications concerning ████████████████████████████████

5.   All documents reflecting any budgets, projections, estimates, or related studies or reports prepared by or for you, or received by you, ████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ █████████████████████████████████████

6.   All documents concerning competitive conditions in the market ████████ ███████████████████████████████████████████████

1

2

3

4

5          7.      All  documents  reflecting  or  concerning  analyses  of  the

6

7

8          8.      All documents reflecting or concerning analyses

9

10         9.      All documents constituting, reflecting, or concerning reports and studies

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26         10.     All documents constituting, reflecting, or concerning all reports and

27  studies

28

1

2

3    11.    All documents constituting, reflecting, or concerning all reports and

4    studies

5

6    12.    All documents constituting, reflecting, or concerning all reports and

7    studies

8

9

10    13.    All documents constituting, reflecting, or concerning all reports and

11    studies

12

13

14

15            a.                                    and

16            b.

17    14.    All documents reflecting or concerning agreements between:

18            a.

19            b.                                    and

20            c.

21    15.    All documents reflecting or concerning any communications

22

23

24    16.    All documents reflecting any proposed or actual agreements or

25    communications

26

27    17.    All documents reflecting or concerning

28

18.   All documents reflecting or concerning ███████████████████████████████████████████████████████████████████████████████████████████████████

19.   All documents constituting or reflecting any communications, reports or analyses ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

20.   Not in Dispute.

**Apple's Responses:**

First, Apple's corporate headquarters is located in territory covered by the U.S. District Court for the Northern District of California, not the Central District of California where the underlying litigation is pending and where plaintiffs served the Subpoena. Pursuant to Federal Rule of Civil Procedure 45, the U.S. District Court for the Northern District of California is the governing district for purposes of the Subpoena and any related motions. Nothing in these objections and responses should be interpreted either as a waiver of the jurisdiction of the Northern District of California or a concession that the U.S. District Court for the Central District of California has jurisdiction over Apple here.

Second, Apple objects to the Subpoena as failing to take reasonable steps to avoid imposing undue burden and expense on non-party Apple. The Subpoena, including all Requests for Production (each a "Request"), is oppressive and improper to the extent that it seeks information that is available from the parties to the litigation. Indeed, the Subpoena has twenty Requests, some with up to seven subparts. At least Request Nos. 2, 3, 4, 6, 7, 14(a)-(c), 15, 16, 17, 19, and 20 appear to encompass communications with the defendants, while virtually all of the Requests seek information about the defendants or that is otherwise obtainable from the defendants. The law of the Ninth Circuit is clear—a party should not burden a non-party for

information available through party discovery. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citations omitted) ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts"); *Free Stream Media Corp. v. Alphonso Inc.*, Case No. 8:17-mc-00011-CJC (KESx), 2017 WL 11632962 at *2 (C.D. Cal. May 4, 2017) (same).

Accordingly, the U.S. District Court for the Northern District of California regularly quashes subpoenas that ask a non-party to search for and produce documents that are available from a party to the litigation. *See, e.g. Chevron Corp. v. Donziger*, Case No. 13-MC-80038 CRB (NC), 2013 WL 1402727, at *6 (N.D. Cal. Apr. 5, 2013) (granting a motion to quash where the subpoenaing party had not shown that the information sought was unavailable from the parties to the underlying action). Burdening non-party Apple with the collection and production of documents available and more efficiently obtained from the defendants is oppressive, unwarranted, and improper, and the Subpoena's requests for documents available through party discovery should be quashed. *See, e.g. Nidec Corp.*, 249 F.R.D. at 577 ("The burden on the third party … outweighs the likely benefit of the subpoena at least in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party."). Apple will not endeavor to search for and produce documents related to the parties to the litigation (assuming such documents exist) unless or until plaintiffs can provide information as to why such documents cannot be obtained via party discovery.

Third, Apple objects to each Request, Definition, and Instruction to the extent it requires disclosure of Apple confidential commercial information and/or disclosure of an unretained expert's opinion or information. Indeed, Request Nos. 5, 6, 7, 8, 9(a)-(g), 10, 11, 12, 13(a)-(b), 14, 16, and 19 all appear to demand highly confidential

1   ████████████ analyses that are properly shielded from disclosure by Federal Rule of

2   Civil Procedure 45(d)(3)(B) (assuming such analyses exist). Moreover, the definition

3   of "You," "your," or "your company" is overly broad so as to potentially include

4   Apple employees as unretained experts. Apple further objects to the Subpoena

5   because it improperly seeks confidential information of Apple and of other third

6   parties. For example, Request No. 13(b) requests information about ████████████

7   ████████████████████████████████████████████████████████████████████

8   ██████████████████████████████████████████████████ To the extent Apple

9   produces any documents or information in response to the Subpoena, such production

10  would be subject to Apple's obligations to impacted parties or third-parties under any

11  applicable confidentiality agreements. Such production would require the entry of,

12  and would be subject to, an appropriate protective order limiting the use and

13  disclosure of such information.

14       Fourth, Apple objects to the Definitions and Instructions to the extent that they

15  attempt to enlarge, broaden, modify, or otherwise change Apple's obligations under

16  the Federal Rules. For example, Instruction No. 1 purports to change Apple's

17  obligations through its demand that Apple "produce all the documents you are able

18  to produce and state the reasons for your inability to produce the remainder." Apple

19  will make its production, if any, in compliance with the Federal Rules of Civil

20  Procedure. Further, Instruction No. 9 states that the Protective Order governs the

21  production of documents by third parties, and Instruction No. 10 purports to require

22  that all electronically stored information "should be produced in accordance with the

23  Stipulated Order Regarding Discovery of Electronically Stored Information and

24  Other Documents ('ESI Order')." But Apple did not negotiate or enter into the

25  Protective Order or the ESI Order. Apple therefore objects to being subject to these

26  orders. Moreover, Apple objects to the definition of "You," "your," or "your

27  company" as overly broad, vague, ambiguous, and incorrect. For example, that

28  definition purports to define Twitch as an affiliate of Apple, which is incorrect. Apple

1    will respond to the Subpoena only on behalf of Apple Inc.

2    Fifth, Apple objects to each Request, Definition, and Instruction as oppressive,

3    improper, and not relevant to the current litigation or any party's claims or defenses.

4    For example, Apple objects to the definition of "Demographics" as oppressive and

5    improper, and not relevant to the claims and defenses. In addition, ██████████████

6    ████████████████████████ are not relevant to the central allegations of the

7    Complaint, that the "32 professional football teams that compete in the National

8    Football League have agreed among themselves, and with DirecTV, and in concert

9    with others, to eliminate all competition in the broadcasting and sale of live video

10   presentations of professional football games, including specifically for purposes of

11   this complaint, the broadcasting and sale of DirecTV's NFL Sunday Ticket service

12   to residential and commercial subscribers." (Complaint at ¶ 1.). Rather, these

13   Requests appear to be improper fishing expeditions for general information regarding

14   Apple and its business practices that is not related to or necessary for the current

15   litigation. Absent plaintiffs showing the Subpoena's direct relevance to the parties'

16   claims and/or defenses in this lawsuit, Apple will not produce ████████████

17   ████████████████████████ assuming such documents exist).

18   Sixth, Apple objects to each Request, Definition, and Instruction as overly

19   broad, vague and ambiguous. As a preliminary matter, the Definitions, including but

20   not limited to the definition of "Television," "televised," or "telecasts" and "NFL" or

21   "League," are overly broad, vague, unclear, and would call for the subjective

22   judgment of Apple and its attorneys. Moreover, Apple objects to the Subpoena to the

23   extent it seeks "all documents" (Request Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14,

24   15, 16, 17, 18, 19, 20), ██████████████████████████████ (Request

25   No. 1), "any other person concerning the NFL" (Request No, 2), "any

26   communications concerning" (Request No. 4), ██████████████████████

27   ████████████████████████ (Request No. 5), █████████████████████

28   (Request No. 6), "any and all renewals of DirecTV's right," (Request No. 9(b)), "all

1   reports and studies prepared by or for you, or received by you" (Request Nos. 10, 11,

2   12, 13), "any other professional sports" (Request No. 13(b)),

3   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Request No. 15),

4   ▮▮▮▮▮▮▮▮▮▮▮ (Request  No.  16),

5   ▮▮▮ (Request No. 17)

6   ▮▮▮ (Request No. 18),

7

8   ▮▮▮ (Request No. 19), and

9   (Request No. 20) as overly broad. Further, such undefined words and phrases, as well

10  as references to an undefined ▮▮▮▮▮▮▮▮▮▮" are

11  vague and ambiguous and call for the subjective judgment of Apple and/or its

12  attorneys. "The subpoena should be tailored to request only information reasonably

13  necessary to address specific issues in the case." *Rankine v. Roller Bearing Co. of

14  Am., Inc.*, Case No. 12-cv-2065-IEG (BLM), 2013 WL 3992963, at *3 (S.D. Cal.

15  Aug. 5, 2013) (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813

16  (9th Cir. 2003)). Here, the Subpoena fails to identify narrowly tailored information

17  that is available to Apple, solely in the possession of Apple, understood by Apple,

18  and relevant to the underlying litigation.

19          And finally, Apple further objects to the Subpoena to the extent that it seeks

20  information protected by the attorney-client privilege or work product doctrine. For

21  example, Request No. 19 appears to seek information that it is either (i) in the

22  possession of the parties to the litigation (to the extent such documents were

23  exchanged with the NFL) or (ii) privileged information (▮▮▮▮▮▮▮

24  ▮▮▮▮▮▮▮▮▮▮▮. Apple will

25  not produce privileged information. Production of any such information would be

26  inadvertent and does not constitute a waiver of the attorney-client privilege, work-

27  product doctrine, or any other applicable privilege or immunity.

28          Apple submits these responses and objections on the basis of information now

1  known to Apple and without waiving any additional objections Apple may have to
2  the Subpoena, all of which are expressly reserved. Apple reserves the right to modify
3  or amend these responses and objections at any time. Apple further reserves all
4  objections or other questions as to the competency, relevance, materiality, privilege,
5  or admissibility as evidence in any subsequent proceeding in or at trial of this or any
6  other action, for any purpose whatsoever, of any information identified herein or
7  provided in response to the Subpoena.

8      Apple remains hopeful that your client will be able to obtain the information
9  it seeks through party discovery, without the need to burden Apple further. Please
10  reach out to me to discuss.

11  **III.    PARTIES' CONTENTIONS**

12      **A. PLAINTIFFS' STATEMENT**

13          **1.    Factual and Procedural Background**

14      This antitrust case—brought pursuant to Sections 1 and 2 of the Sherman
15  Act—revolves around a series of interlocking agreements among and between the
16  NFL, its 32 member Clubs, and DIRECTV. *See* Second Consolidated Amended
17  Complaint ("Compl."), Dkt. No. 441 ¶¶ 1-13. These agreements form two different,
18  but symbiotic, restraints: they prohibit all distributors other than DIRECTV from
19  offering telecasts of out-of-market Sunday afternoon NFL games, and they bar the
20  Clubs from separately licensing their own broadcast rights. *Id*. ¶ 11. Together these
21  restraints ensure that consumers who wish to watch the majority of regular season
22  NFL games, or any out-of-market NFL game, have only one option available to
23  them—subscribing to DIRECTV's "NFL Sunday Ticket" package. *Id*. ¶ 8. This
24  purposeful restraint on competition results in supracompetitive prices for NFL
25  Sunday Ticket, drastically fewer games available to all consumers, and reduced
26  innovation in broadcasting of live NFL games. *Id*. ¶¶ 10-12, 19.

27      DirecTV's contract with the NFL for the exclusive right to the Sunday Ticket
28  Package runs through the 2022-2023 season.

1

2

3

4

5

6 [REDACTED] *See* Nick Selbe, "Report: Apple Likely to Acquire

7 NFL Sunday Ticket After 2022 Season," Sᴘᴏʀᴛꜱ Iʟʟᴜꜱᴛʀᴀᴛᴇᴅ (Apr. 18, 2022),

8 https://www.si.com/nfl/2022/04/18/apple-to-acquire-nfl-sunday-ticket-directv-after-

9 2022-season. [REDACTED]

10

11 Plaintiffs served Apple with a subpoena on September 17, 2021. Ex. 4. After

12 serving the subpoena, Apple requested (and Plaintiffs agreed), additional time to

13 respond to the subpoena as it investigated whether it had responsive documents. On

14 November 2, 2021, Apple served generalized objections and responses to Plaintiffs'

15 subpoena. *See* Ex. 5.

16 Since that time, the parties have engaged in numerous meet and confers to

17 clarify and, where applicable, narrow the scope of the document requests. For

18 example, Plaintiffs learned what categories of documents Apple did not have, such

19 as [REDACTED] Plaintiffs

20 considered Apple's representations and agreed to considerably narrow the scope of

21 their requests, for example, by forgoing a complete custodial search using keyword

22 searches and accepting certain documents that are "go-gets." Apple responded to

23 these reasonable compromise offers with delay tactics. During the course of the

24 discussions between the partie [REDACTED]

25

26

27

28

All the while, news articles abound about the scope and intensity of negotiations between the two parties to date.

*See, e.g.*, Ex. 6; Ex. 7; Ex. 8.

While Apple identified responsive documents, it produced *nothing* in the nearly eight months, prompting Plaintiffs to send Apple a Local Rule 37-1 letter on March 30, 2022. *See* Ex. 9. On a meet and confer on May 3, 2022, Apple suggested that                                              would be in touch with Plaintiffs in a few days once it has an answer. After not receiving an answer, counsel for Plaintiffs followed up on May 11, 2022 and met and conferred on May 17, 2022 to discuss that

*See* Mirzadeh Decl., ¶ 13.  As Plaintiffs are now beginning to depose party and non-party witnesses, they can no longer wait for Apple to voluntarily comply with the subpoena.

*See* Mirzadeh Decl., ¶ 14.

## 2. Legal Standard

Federal Rule of Civil Procedure 45, which governs non-party discovery, incorporates the discovery standards outlined in Rule 26. *See*, *e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). Rule 26 authorizes a broad range of discovery that encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering … whether the burden or expense of the proposed discovery outweighs its likely

1   benefit." Fed. R. Civ. P. 26(b)(1). The burden of showing why discovery should not

2   be granted falls on the party resisting discovery, even if it is not party to the

3   underlying litigation. *See In re Pioneer Corp.*, 2019 WL 5401015, at *5 (C.D. Cal.

4   Jan. 9, 2019). Likewise, the party who moves to modify a subpoena bears the "burden

5   of persuasion" under Rule 45. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D.

6   Cal. 2005). In determining whether a subpoena poses an undue burden, courts "weigh

7   the burden to the subpoenaed party against the value of the information to the serving

8   party." *Id.* (internal quotation marks omitted).

9           **3.      The Documents Are Relevant and Proportional to the Needs**

10                  **of the Litigation**

11          This litigation involves restraints on the distribution of NFL football

12   programming resulting in supracompetitive prices for NFL Sunday Ticket. ███████

13   ████████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████ Plaintiffs

15   have a substantial need for these documents ███████████████████████████████

16   ████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████████████

20          "The relevant / proportionality rubric under Rule 26(b)(1) applies to a Rule 45

21   subpoena." *See Roe v. Puig*, 2021 WL 6102509, at *2 n.1 (C.D. Cal. Sept. 24, 2021).

22   Further, [r]elevance is broadly construed," and therefore "a request for discovery

23   should be considered relevant if there is any possibility that the information sought

24   may be relevant to the claim or defense of any party." *City of Rialto v. U.S. Dep't of*

25   *Defense*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007).

26          All proportionality factors tilt to Plaintiffs. The Plaintiffs are challenging

27   decades-old anticompetitive agreements between content distributors and one of the

28   largest professional sports organization, the NFL. The potential damages are in the

billions of dollars. Apple, as one of the largest and most valuable companies in the world, ██████████████████████████████████████████████████████ , has ample resources to produce the responsive documents in its possession ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ Apple's broad and boilerplate objections to the subpoena do not provide any justification to limit the requested discovery. *See Tater v. City of Huntington Beach*, 2021 WL 4735015, at \*2 (C.D. Cal. June 7, 2021) ("General or boilerplate objections such as 'overly burdensome and harassing' are improper— especially when a party fails to submit any evidentiary declarations supporting such objections." (brackets and internal quotation marks omitted)). It is well-established that such "[b]road allegations of harm" that are "unsubstantiated by specific examples or articulated reasoning" do not suffice as justifications to limit discovery. *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Further, ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ (*see, e.g.*, Ex. 7). *See Folz v. Union Pacific R.R. Co.*, Case No. 13-cv-579-GPC-(PCL), 2015 WL 12660413, at \*1 (S.D. Cal. July 22, 2015) ("Because the requested documents are relevant to this action, they must be produced unless they are privileged." (citing Fed. R. Civ. P. 26(b)(1))). The categories of responsive documents are detailed more below:

Documents concerning ████████████████████████████████

Request no. 4 concerns documents and communications ████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████

1

2

3

4

5

6

7

8

9

10      Apple has already identified documents

11

12

13

14

15

16

17   Documents concerning projections, analyses, and reports of

18

19      Request nos. 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15 concern

20

21

22

23

24

25      These documents concern the subject matter of this litigation, namely

26

27

28

Such documents may help Plaintiffs further elaborate the relevant market, which is a required element for an antitrust claim under the Sherman Act given that "[i]t is the plaintiff's burden to establish the relevant product and geographic markets," and to "produce specific evidence supporting the proposed market definition that is relevant to the particular legal issue being litigated." *Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898 (N.D. Cal. 2021) (internal quotation marks omitted).

### 4.    This Court has Jurisdiction to Enforce the Subpoena

Further, there is no question that this Court can enforce a subpoena on a party that resides outside the district in this multi-district litigation. *See, e.g.*, *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 444 F.3d 462, 468-69 (6th

Cir. 2006) ("A judge presiding over an MDL case . . . can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt."); *In re Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671-72 (5th Cir. 2007) (explaining that "the overwhelming weight of authority" supports the proposition that the MDL statute authorizes the MDL judge to "hear and decide motions to compel or motions to quash or modify subpoenas directed to nonparties in any district," including subpoenas for document production).  Indeed, this Court has already granted a motion to compel non-party Charter Communications, Inc., which is based in Stamford, Connecticut, to produce documents pursuant to a subpoena served in the Central District of California.  *See* Dkt. No. 404.

### 5.    The Protective Order Protects Against Disclosure of Sensitive Information

Lastly, Apple's confidentiality objections lack merit. The protective orders entered in this matter provide ample protection against the disclosure of confidential commercial information. *See Pizana v. SanMedica Int'l, LLC*, 2021 WL 325718, at *5 (E.D. Cal. Feb. 1, 2021) (denying in part motion to quash because defendant "fail[ed] to address why the Protective Order in this case is insufficient to protect its confidentiality interests"); *Realtek Semiconductor Corp. v. LSI Corp.*, 2014 WL 4365114, at *3 (N.D. Cal. Sept. 3, 2014) ("LSI's confidentiality concerns do not warrant any modification of the subpoena. The protective order in place . . . provides sufficient protection for whatever confidential information is included in the materials at issue."); *Rankine v. Roller Bearing Co. of Am., Inc.*, 2013 WL 3992963, at *4 (S.D. Cal. Aug. 5, 2013) (denying motion to quash because "RBC fails to demonstrate how or why the parties' stipulated protective order will not adequately address RBC's privacy interests").  The Amended Supplemental Protective Order, which was entered on February 11, specifically addresses "sensitive material implicated in the negotiation and execution of licensing agreements with the NFL,

1   the NCAA, any NCAA athletic conference, or any Non-Party who received a

2   subpoena in this Action prior to December 31, 2021." *See* Dkt. 422 at 2.

3      Apple has not provided any reason why the protective orders would not secure

4   Apple's interests in this matter. Indeed, the most recent protective order entered in

5   this litigation prevents the very scenario that could plausibly concern Appl

6   

7   *See* Ex. 10 (Am. Stipulated Supp. Protective Order (Dkt. No. 422)) ("the parties may

8   not   disclose   any   information   or   items   designated   "HIGHLY

9   CONFIDENTIAL/COMMERCIALLY SENSITIVE" by a non-party to any outside

10  counsel in this litigation who has any responsibility for advising any person regarding

11  the negotiation or execution of affiliation agreements or licensing agreements with

12  the NFL, the NCAA, any NCAA athletic conference, or any Non-Party who received

13  a subpoena in this Action prior to December 31, 2021, or to such outside counsel's

14  staff and supporting personnel of such attorneys, such as paralegals, secretaries,

15  stenographic and clerical employees and contractors, who are working on this

16  litigation under the direction of such attorneys.")

17      **6.   Conclusion**

18     Plaintiffs have worked dutifully with Apple, in good faith and for many

19  months, to seek the requested documents. Given that the close of discovery is less

20  than eleven weeks away, Plaintiffs have no choice but to seek this Court's assistance

21  to produce the requested relevant documents.

22  **B.   APPLE INC.'S STATEMENT**

23     **1.   Factual Background**

24     Plaintiffs' characterization of the factual background completely ignores the

25  work that Apple has undertaken in response to Plaintiffs' subpoena. While an

26  exhaustive recitation of the negotiations with Plaintiffs and Apple's efforts to avoid

27  motion practice over the past eight months is not productive, Apple highlights the

28  following.

Apple received the subpoena on or around September 21, 2021, and timely objected thereto on November 2, 2021. (*See* Declaration of Bethany M. Stevens in Opposition to Plaintiffs' Motion to Compel Production of Documents by Apple Inc. ("Stevens Decl.") at ¶ 2.) Since its initial letter objections to Plaintiffs, Apple has steadfastly (i) insisted on the jurisdiction of the Northern District of California with respect to any subpoena-related motion practice and (ii) ███████████████ ███████████████████████████ (*Id.*; *see also* Section II, above, at pp. 9-10.)

Plaintiffs first threatened to move to compel in December 2021, prior to any meaningful effort to work with Apple or address its concerns regarding the improper and overbroad scope of the subpoena. (*Id.* at ¶ 3, Exs. 1, 2.) In connection with correspondence regarding Plaintiffs' December 2021 threatened motion to compel, and again in later meet and confers, Apple did not consent to the transfer of any subpoena-related motion out of the district where compliance was required (the Northern District of California). (*Id.* at ¶ 4, Ex. 2.)

In subsequent meet and confers, Apple worked diligently with a rotating cast of counsel for Plaintiffs to narrow the scope of the subpoena and investigate what documents Apple could produce, or work with the NFL to produce in party discovery, that would provide Plaintiffs with the information they sought without compromising ███████████████████████████████████████ [6] For example, to date, ███████████████████████████████████████████████ and search for potentially responsive, non-privileged information. (*Id.* at ¶ 7.) Apple's counsel has also cooperated with the NFL's counsel to quickly review and consent to the production in party discovery of multiple NFL document productions containing or

---

[6] In meet and confers, including a telephonic meet and confer on January 10, 2022, Plaintiffs' counsel represented they are not seeking from Apple documents or communications in the possession of the NFL and available via party discovery. (*Id.* at ¶ 5.)

(*Id*. at ¶ 8.) Further, in connection with the review of its documents,

that had not been produced to Plaintiffs, and worked with Plaintiffs and the NFL (*Id*. at ¶ 9.) As a result, Plaintiffs have already received information sufficient to show

. (*Id*. at ¶ 8-10.) Apple also reviewed, redacted, and on May 20, 2022, produced (*Id*. at ¶ 11.) Consistent with its objection to producing [7] (*Id*.) Finally, Apple also undertook an investigation and confirmed prior to the filing of this Joint Stipulation that it has been unable to locate, after a reasonable search, any non-privileged documents responsive to Request Nos. 11, 16, 17, 18, and 19. (*Id*. at ¶ 12.)

During the most recent meet and confers with Plaintiffs' counsel, it became clear that, before serving their portion of this Joint Stipulation on Apple, Plaintiffs failed to review not only the documents produced by Apple, but those most recently produced by the NFL (*Id*. at ¶ 13.) Further, in a final attempt to avoid motion practice, Apple offered to produce —

(*Id*. at ¶ 14.) Plaintiffs refused

---

[7] Apple understands that Plaintiffs also object to the redactions

1    and confirmed they would move to compel ███████████████ (*Id.* at

2    ¶ 14, Ex. 3.)

3         In connection with this motion, Apple again reiterated it did not consent to the

4    transfer of any subpoena-related motions out of the Northern District of California

5    and urged Plaintiffs to file their motion there per Fed. R. Civ. P. 45(f). (*Id.* at ¶ 15,

6    Ex. 3.) Apple agreed it would not oppose a motion to expedite briefing in connection

7    with such a filing, in consideration of Plaintiffs' discovery deadlines. (*Id.*) Plaintiffs

8    refused (again). (*Id.* at ¶ 15.) Accordingly, and with notice to Plaintiffs, Apple has

9    filed or will file near-concurrently with this Joint Stipulation a Motion to Quash

10   Plaintiffs' subpoena in the Northern District of California. (*Id.*)

11        In connection with its investigation, Apple has confirmed, and conveyed to

12   Plaintiffs' counsel, that there is no "████████████████████████████"

13   ███████████████████████████████████████████

14   ██████████ (*Id.* at ¶ 16.)

15   ███████████████████████████████████████████

16   ████████████████████████ (Declaration of Apple Employee,

17   ███████ in Opposition to Plaintiff's Motion to Compel Production of Documents by

18   Apple (███████ Decl.") at ¶ 2.) ██████████████████████

19   ███████████████████████████████████████████

20   ██████████████████████████████ (*Id.*) ███

21   ███████████████████████████████████████████

22   ███████████████████████████████ (*Id.* at ¶ 3.)

23   ███████████████████████████████████████████

24   ███████████. (*Id.* at ¶ 4.) ███████████████████

25   ██████████████████████████████████

26   (*Id.* at ¶ 5.) ███████████████████████████████

27   ███████████████████████████████████████████

28   ███████████████████████████████████████████



(*Id.* at ¶ 6.)

(*Id.*

(*Id.*)

(*Id.* at ¶ 7.)

(*Id.* at ¶ 8.)

*Id.*)

### 2.   Legal Standard

Federal Rules of Civil Procedure 26 and 45 work in tandem to protect non-parties from unduly burdensome discovery requests. Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In turn, Rule 45 requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

The test for undue burden balances "the burden to the subpoenaed party against the value of the information to the serving party . . . ." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and

1    citations omitted); *see also Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*,

2    123 F. Supp. 3d 1215, 1218-19 (N.D. Cal. 2015) ("the Ninth Circuit has long held

3    that nonparties subject to discovery requests deserve extra protection from the

4    courts") (citations omitted). "Once the nonparty shows that the requested information

5    is a trade secret or confidential commercial information, the burden shifts to the

6    requesting party to show a 'substantial need for the testimony or material that cannot

7    be otherwise met without undue hardship and assures that the person to whom the

8    subpoena is addressed will be reasonably compensated.'" *Gonzales* v. *Google, Inc.*,

9    234 F.R.D. 674, 684 (N.D. Cal. 2006) (*quoting* Fed. R. Civ. P. R. 45(d)(3)(C)).

10

11              **3.    Plaintiffs Have Not Met Their Significant Burden to Compel**
                         **Production**

12

13       Plaintiffs seek to compel non-party Apple's production of documents

14   responsive to Request No. 4 (

15   )

16   and Request Nos. 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15

17

18   ). (*See* pp. 16-18, above.) As a preliminary matter, and as

19   recognized by Plaintiffs throughout its Section III.A, above,

20

21   (Stevens Decl. at ¶ 16.) It is unclear whether Plaintiffs

22   are seeking to compel documents in response to Request No. 4 that would be non-

23   duplicative of those documents responsive to Requests Nos. 5, 6, 7, 8, 9, 10, 12, 13,

24   14 and 15. To the extent Plaintiffs are attempting to broaden its Request No. 4 via

25   this motion — for example, to encompass any communications, with anyone, from

26   any time frame,

27                                            — that belated and improper attempt should

28   be rejected outright.

Regarding Request Nos. 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15, Plaintiffs' motion to compel ████████████████████ responsive to any or all of these categories should be denied for at least the following reasons.[8]

           1.     Plaintiffs' Motion to Compel Production of ████████ ████████████████████ Se████████████t

Non-party Apple's ████████████████████████████████ ████████ have scant, if any, relevance to ████████████████████████████████ ████████████████████████████████████ ████ Plaintiffs assert such documents are "plainly relevant" but cite no support for that conclusion. Plaintiffs do not explain, for example, why ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████ (*see, e.g.,* Section III.1.A, *infra* (████████████████████████████████████████ ████████████████████████████████████████ ████████")). Plaintiffs' conclusory assertions of relevance are insufficient. *See e.g., Lemberg Law LLC v. Hussin*, Case No. 16-mc-80066-JCS,

---

[8] Apple maintains and reserves it rights with respect to all of the objections timely asserted against Plaintiffs' overbroad subpoena. For example, Apple maintains that Plaintiffs have ignored their obligation under Federal Rule of Civil Procedure 45 to avoid imposing an undue burden on a non-party Apple with respect to all sixteen of the Requests listed in Section II, above, including because each is facially overbroad. *See e.g., Rankine v. Roller Bearing Co. of Am., Inc.,* Case No. 12-cv-2065-IEG (BLM), 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013) ("The subpoena should be tailored to request only information reasonably necessary to address specific issues in the case."); *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 215 (D. Kan. 2002) (finding that requests to non-parties that seek "any and all documents" are overly broad, vague, and ambiguous on their face). Apple also objects to each Request as overly broad and unduly burdensome to the extent it seeks documents available via party discovery. *See Duong,* 2020 WL 2041939, at * 3 (quashing subpoena as unduly burdensome where it sought documents available from a party to the litigation ); *Moon,* 232 F.R.D. at 638 (subpoena imposed undue burden where propounding party could "more easily and inexpensively obtain the documents" from a party).

2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("the party issuing the subpoena must demonstrate that the discovery sought is relevant"); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC), 2014 WL 6706873, at *3 (N.D. Cal. Nov. 25, 2014) ("Defendants' conclusory statements regarding the relevance of the documents sought fail to satisfy their burden to demonstrate relevance.").

Moreover, this dispute is not about "██████████████████████████ ██████████████████████████████████████ as framed by Plaintiffs in its Section III.A.3, above. The motion seeks ████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████. Plaintiffs' motion ████████████ should be denied. *See, e.g. Audio MPEG, Inc. v. HP Inc.*, Case No.16-mc-80271-HRL, 2017 WL 950847, at *5 (N.D. Cal. Mar. 10, 2017) (finding non-party's internal communications regarding agreements and relationship with defendants irrelevant to plaintiff's antitrust claims).

2.   Any Minimal Relevance of ██████████████ Is Disproportionate To and V██████████he Burden to Apple

Even if Plaintiffs could demonstrate the relevance of ██████████████ ██████████ such a showing would not be sufficient to compel production. Rather, Plaintiffs must show that the relevance of and its need for the demanded documents exceeds the burden of production to Apple. *See Audio MPEG,* 2017 WL 950847, at *5 (quashing subpoena because the burden of producing the requested information is not outweighed by the benefit to the subpoenaing party of obtaining such

information). Courts have nearly universally acknowledged that, "[w]hen balancing

the relevance of a particular discovery request against the burden of production,

'special weight [should be given] to the burden on non-parties of producing

documents to parties involved in the litigation.'" *Arista Records LLC v. Lime Group*

*LLC,* 2011 WL 781198, at *2 (S.D.N.Y. Mar. 4, 2011) (citations omitted) (denying

motion to compel non-party licensees to produce internal communications regarding

plaintiff licensor).

Decl. at ¶ 4.)

*See Duong v. Groundhog Enterprises, Inc.*, Case No. 2:19-cv-01333-

DMG-MAA, 2020 WL 2041939, at * 3 (C.D. Cal. Feb. 28, 2020) (subpoena requests

were unduly burdensome where collection and review of documents would require

participation of multiple employees across more than one business group).

Further,

Decl. at ¶ 5.)

1    (*Id.* at ¶ 6.)

2

3                                                          (*Id.*)

4

5         (*Id.*)

6

7                   (*Id.* at ¶¶ 7, 8.)

8

9

10

11

12

13          3.    Plaintiffs Do Not Satisfy Their Burden of Establishing a "Substantial Need" for

14

15    As described in detail above, and which is not (and cannot be) disputed by

16    Plaintiffs,

17                                                          Plaintiffs thus have the

18    burden of demonstrating not only relevance but a "substantial need" for these

19    documents when moving for production in litigation. *See, e.g., Gonzales*, 234 F.R.D.

20    at 684. Here, Plaintiffs offer only conclusory and insufficient statements as to their

21    substantial need (*see* Section III.A.3. above, at p. 16), which is inadequate to compel

22                                                 *SPS Techs., LLC v. Briles Aerospace,*

23    *Inc.*, No. CV 18-9536 MWF (ASx), 2019 WL 13108018, at *1-2 (C.D. Cal.

24    June 24, 2019) (quashing subpoena where movant did not meet its burden to

25    demonstrate a substantial need for commercially sensitive information).

26          4.    The Risk of Competitive Harm to Apple Is Not and Cannot Be Adequately Addressed by a Litigation Protective Order

27    Plaintiffs dismiss Apple's confidentiality concerns by pointing to the

28    protective order entered in the litigation. While the existence of a protective order

may mitigate concerns regarding disclosure of commercially sensitive information, it does not and cannot eliminate them. *See Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel, noting a non-party's "concerns regarding the security of its [produced information], despite the protective order, cannot be ignored"). This risk increases once such materials are disclosed to experts or reflected in expert reports or dispositive motions, and non-parties have virtually no insight into these disclosures nor any protection if either or both of the parties seek to de-designate the materials for use at a hearing or trial. *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 530 (D. Del. 2002) (quashing subpoena, recognizing potential harm to non-party of producing commercially sensitive information notwithstanding outside counsel only provision of protective order). Here, at a minimum,

In view of the foregoing, Apple respectfully requests that the Court deny Plaintiffs' demand

### 4. Plaintiffs Make No Argument With Respect to Requests Nos. 11, 16, 17, 18, or 19

Plaintiffs include Requests Nos. 11, 16, 17, 18, and 19 in their list of issues in dispute in Section II, above, but makes no argument concerning or supporting their motion to compel production of documents responsive to these Requests. Moreover, Apple confirmed prior to the filing of this Joint Stipulation that it has been unable to locate, after a reasonable search, any non-privileged documents

responsive to Request Nos. 11, 16, 17, 18, and 19. (*See* Stevens Decl. at ¶ 12.) As such, to the extent Plaintiffs move to compel production of documents in response to these Requests, the motion should be denied.

### 6.      Plaintiffs' Motion Violates Fed. R. Civ. P. 45(f)

Under Rule 45, a subpoena-related motion must be addressed by the court where compliance with the subpoena is required pursuant to Rule 45(c) — in this case, the Northern District of California — unless such court transfers the motion to the court where the action is pending either with the consent of the subpoenaed party or based upon a finding of "exceptional circumstances." Fed. R. Civ. P. 45(f); *see also HMD Glob. Oy v. Acacia Rsch. Corp.*, No. 820MC00127JLSJDEX, 2021 WL 2949471, at *3 (C.D. Cal. Jan. 26, 2021) ("the plain text of Rule 45(f) imbues the discretion to transfer subpoena-related motions with the district court where compliance is required"). The "prime concern" of this Rule is that "local nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden." *Woods ex del. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407-408 (N.D. Ala 2014).

Here, Plaintiffs have not obtained Apple's consent to transfer (*see* Stevens Decl. at ¶¶ 4, 15), sought permissive transfer of the motion by a Northern District of California court, or established that exceptional circumstances exist and outweigh the interests of Apple in having the subpoena resolved locally. *See Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co*., No. 16-MC-80122-SK, 2016 WL 8542561, at *1 (N.D. Cal. Aug. 3, 2016). The cases cited by Plaintiffs in their Section III.A.4, above, each of which pre-dates the 2013 addition of subsection (f) to Rule 45 regarding the transfer of subpoena-related motions, do not excuse these failures. Conversely, California district courts have found that MDL courts do not have jurisdiction to enforce document subpoenas on third parties where compliance is required in another district. *See In re Packaged Seafood Products Antitrust Litig.*, Case No. 15-MD-2670-JLS-MDD, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018)

1   (United States District Court for the Southern District of California, as the court

2   overseeing the MDL, refused to enforce a document subpoena where compliance was

3   required in the Central District of California); *VISX, Inc. v. Nidek Co.*, 208 F.R.D.

4   615, 616 (N.D. Cal. 2002) ("Had Congress wanted to expand these [enforcement]

5   powers to document subpoenas, it would have said so."). For this reason alone, the

6   Court should deny Plaintiffs' motion or, at a minimum, decline to consider it unless

7   the Northern District of California court assigned to Apple's near-concurrently filed

8   Motion to Quash finds that Plaintiffs have made the requisite showing that

9   "exceptional circumstances" exist and outweigh the interests of Apple in having the

10  subpoena resolved locally.

### 7.    Conclusion

12      In view of the grave burden to Apple ██████████████████████████

13  ██████████████████████████████████████   Apple respectfully requests that the

15  Court deny Plaintiffs' motion to compel and quash the subpoena in its entirety.

16      Dated: May 31, 2022                 Respectfully submitted,

18                                  By:   */s/ Farhad Mirzadeh*
                                          Farhad Mirzadeh

19                                  Marc M. Seltzer (54534)
20                                  mseltzer@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
21                                  1900 Avenue of the Stars, Suite 1400
                                    Los Angeles, CA 90067
22                                  Tel: (310) 789-3100
                                    Fax: (310) 789-3150

23                                  Arun Subramanian (*Pro Hac Vice*)
24                                  asubramanian@susmangodfrey.com
                                    William C. Carmody (*Pro Hac Vice*)
25                                  bcarmody@susmangodfrey.com
                                    Seth Ard (*Pro Hac Vice*)
26                                  sard@susmangodfrey.com
                                    Tyler Finn (*Pro Hac Vice*)
27                                  tfinn@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P
28                                  1301 Avenue of the Americas, 32nd Fl.
                                    New York, NY 10019

Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103

Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

WALKER STEVENS CANNOM LLP

By:   */s/ Hannah L. Cannom*
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone: (213) 337-9972
Facsimile: (213) 403-4906

*Counsel for Apple, Inc.*

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

35