# EXHIBIT A

**HAUSFELD**

888 16th Street NW
Suite 300
Washington DC 20006

June 3, 2022

**VIA ELECTRONIC MAIL**

Bethany Stevens
Walker Stevens Cannom LLP
500 Molino Street, Suite 118
Los Angeles, California 900013

Re:   *In re National Football League's Sunday Ticket Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Bethany,

    Plaintiffs in the above-entitled action write, pursuant to Local Rule 37-1 of the United States District Court for the Central District of California, in order to meet and confer concerning the Rule 45 subpoena served upon Apple Inc. ("Apple") on September 17, 2021 (the "Subpoena").[1] Plaintiffs propose to hold this meet and confer by videoconference on June 7, 2022, at 4 p.m. EST. If that date and time does not work, please provide an alternative within the timeframe provided by Local Rule 37-1.

    Plaintiffs' review has revealed redactions in many of the documents in Apple's production without any valid explanation. These seemingly improper redactions are located at APL-NFL_00000001; APL-NFL_00000019; APL-NFL_00000022; APL-NFL_00000025; APL-NFL_00000027; APL-NFL_00000028; APL-NFL_00000067; APL-NFL_00000084.

    Because Apple has provided no explanation for any of its unilateral redactions, Plaintiffs can only speculate as to their purposes.[2] Neither of Apple's likely motivations—the protection of information that Apple considers commercially sensitive and irrelevancy—provide adequate justification for redactions.

    First, the protection of commercially sensitive information does not justify redactions in this context. As Apple is aware, the parties have stipulated to, and the Court has entered, protective orders that will ensure that any sensitive information produced by third parties in this litigation is appropriately

---

[1] Because this case is proceeding as a multi-district litigation ("MDL") in the Central District of California, disputes and motion practice regarding subpoenas fall within that Court's jurisdiction. *See, e.g.*, *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006) ("A judge presiding over an MDL case … can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt*."); In re Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671-72 (5th Cir. 2007) (explaining that "the overwhelming weight of authority" supports the proposition that the MDL statute authorizes the MDL judge to "hear and decide motions to compel or motions to quash or modify subpoenas directed to nonparties in any district," including subpoenas for document production).

[2] Plaintiffs can ascertain, however, that Apple has not marked any document as "Redacted" to protect attorney-client privilege.

hausfeld.com

**AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC**

**HAUSFELD**

safeguarded. Those protective orders eliminate any justification for the redaction of confidential information. *See, e.g.*, *MetroPCS v. A2Z Connection, LLC*, 2020 WL 127550, at *2 (D. Nev. Jan. 10, 2020) (ordering that unredacted documents be produced because, "[t]o the extent the concern is privacy or confidentiality, a protective order will alleviate that concern"); *Gradillas Ct. Reps., Inc. v. Cherry Bekaert, LLP*, 2018 WL 2197544, at *3 (N.D. Cal. May 14, 2018) (compelling non-party to produce trade secrets subject to issuance of a protective order).

Second, any appeal to the alleged irrelevancy of the redacted information would not justify redactions. Redactions for non-responsiveness are not permitted, by parties or third-party subpoena recipients like Apple. *See, e.g.*, *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (holding that producing party "may not redact otherwise responsive documents because those documents contain irrelevant material"); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (stating that "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege" in context of production by nonparty); *Melchior v. Hilite Int'l, Inc.*, 2013 WL 2238754 at *3 (E.D. Mich. May 21, 2013) (a subpoenaed non-party cannot unilaterally redact portions of documents based on relevancy grounds).

We look forward to a productive discussion.

Sincerely,

*/s/ Farhad Mirzadeh*

Farhad Mirzadeh