MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY APPLE INC.**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 6/21/2022, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |



For nearly eight months since Plaintiffs served their subpoena, Apple has engaged in countless meet and confers claiming that it was searching for responsive documents and that its efforts were slow-going. Apple paired these dragged-out discussions with representations ███████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████ █████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████, illustrate that Apple's efforts were nothing more than delay tactics consistent with "Apple's history of avoiding discovery obligations." *Scramoge Technology Ltd. v. Apple Inc.*, Case No. 6:21-cv-00579-ADA, Dkt. No. 82 (W.D. Tex. May 25, 2022).

To date—including in meet and confers *after* Plaintiffs served their portion of the joint stipulation to Apple—██████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████, Apple requested that Plaintiffs negotiate in the dark and substantially reduce the scope of their discovery requests without the benefit of ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████ do not adequately respond to or satisfy Plaintiffs' documents requests.

### I.  This Court Can and Should Decide the Motion

Apple has provided no reason why this Court cannot and should not resolve



1

this motion. The MDL statute exists to promote the "'just and efficient' resolution of pretrial proceedings" and authorizes this Court to entertain all discovery motions in this multi-district litigation. *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468-69 n.4 (6th Cir. 2006) (the MDL statute "requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas"); *see also In re EpiPen Mktg., Sales Practices and Antitrust Litig.*, No. 17-md-2785, 2018 WL 2926581, at *3 (D. Kan. June 11, 2018) (the MDL "statute's remedial purpose of eliminating the potential for conflicting contemporaneous pretrial rulings would be frustrated if the MDL court could not entertain motions to compel [compliance with subpoenas in other districts]").

Apple's interpretation is counter to the "overwhelming majority of courts that have considered the issue of whether Section 1407(b) authorizes a transferee judge the power to act as any judge of any district for pretrial depositions as well as subpoenas *duces tecum* [and] have found that it does." *In re Intel Corp. Microprocessor Antitrust Litig.*, C.A. No. 05-485, 2007 WL 9612142, at *3 (D. Del. May 18, 2007); *see also In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 12-cv-09084, 2017 WL 1090029, at *1 (S.D. W. Va. Mar. 21, 2017) (collecting cases) ("AMS originated its motion to compel in this court—the issuing court—rather than in the court where compliance with the subpoena is required. While such a deviation from the Rule would generally result in a denial of the motion, it does not in this circumstance, because the [] case is part of a multidistrict litigation.")

Indeed, This Court has already entered orders compelling compliance with subpoenas directed at out-of-district third parties. *See* Dkt. No. 403 (granting motion to compel against non-party Charter Communications).

II. **Plaintiffs Have a Substantial Need for the Documents Requested**

Given the "complexity of this case," (*see* Dkt. No. 434 at p. 4), Plaintiffs are

1 entitled to ████████████████████████████████████
2 ████████████████████████████████████████████████
3 ████████████████████████████████████████████████
4 ████████████████████████████████████████████████
5 ███████████████████████████████████████ *Gonzales*
6 *v. Google, Inc.* 234 F.R.D. 674, 680 (N.D. Cal. 2006).
7     Plaintiffs have a "substantial need" for this material within the meaning of
8 Rule 45(d)(3)(C). To make that showing, Plaintiffs need only "demonstrate that the
9 requested discovery is relevant and essential to a judicial determination of its case."
10 *Gonzales*, 234 F.R.D. at 685. It is well-established that the "information [sought]
11 need not be dispositive of the entire issue disputed in the litigation in order to be
12 discoverable by subpoena." *Id.* at 686; *Gradillas Ct. Reps., Inc. v. Cherry Bekaert,*
13 *LLP*, No. 18-mc-80064, 2018 WL 2197544, at *3 (N.D. Cal. May 14, 2018).
14 ████████████████████████████████████████████████
15 ████████████████████████████████████████████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████████████
19 ████████████████████████████████████████████████
20 (Request Nos. 5, 7, 9, 13); ████████████████████
21 ████████████████████████████ (Request Nos. 9, 10); ██
22 ████████████████████████████████████████████████
23 ███████ (Request Nos. 5, 6, 7, 8, 9, 12, 13, 14, 15); ████
24 ███████████████████████████████████ Request Nos. 7, 8, 9,
25 12, 13, 15). ████████████████████████████████████
26 ███████████████████ Request No. 4).[2]
27   [2] ████████████████████████████████████████████
28 ████████████████████████████████████████████████

3

1 ████
2 ████
3 ████
4 ████
5 ████
6 ████
7 ████
8 ████
9 ████
10 ████
11 ████
12 ████
13 ████
14 ████
15 ████ *See, e.g., In re Live Concert Antitrust Litig.*, 247 F.R.D.
16 98, 145 (C.D. Cal. 2007) (the before-and-after methodology for calculating damages
17 "has been accepted by numerous courts."); *In re Dynamic Random Access Memory*
18 *(DRAM) Antitrust Litig.*, No. M 02-1486, 2006 WL 1530166, at *10 (N.D. Cal. June
19 5, 2006) (a before/after comparison is a "valid means for proving damages on a class-
20 wide basis[.]"). ████
21 ████
22 ████

### III. The Protective Order Protects Apple's Commercial Interests

Apple has not explained why the protective orders in this matter are

████

1  insufficient, arguing instead that ████████████████████████████
2  ████████████████████████████████████████████. Courts throughout this
3  Circuit have rejected such arguments, just as this Court has done. *See* Dkt. No. 403
4  at 6-7; *see also Gradillas*, 2018 WL 2197544, at *6 ("rejec[ting] proposition that a
5  protective order can never be sufficient to protect trade secrets"); *AFMS LLC v. UPS*,
6  No. 12-cv-1503, 2012 WL 3112000, at *7 (S.D. Cal. July 30, 2012) ("The relatively
7  remote potential for inadvertent disclosure of confidential documents does not justify
8  the withholding of discovery altogether"). ████████████████████
9  ████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████
11 ████████████████████████████████████████. As always, Plaintiffs
12 are ready to accommodate any specific concern that Apple has with the the protective
13 order, particularly as Apple stated that it would produce documents "subject to [] an
14 appropriate protective order limiting the use and disclosure of such information."
15 Mirzadeh Decl. ¶ 7, Ex. 5 at p. 2.
16     Apple's argument should be further rejected for the simple fact that this entire
17 litigation contains ████████████████████████████████ and
18 applies equally to the numerous parties and non-parties who have produced similar
19 information, including by parties that include the NFL, DirecTV, and non-parties
20 such as Charter (Dkt. No. 377), various networks (*e.g.*, Dkt. No. 432) ████
21 ████████████████████████ (Mirzadeh Decl. ¶ 14).[3]

Dated: June 7, 2022

---

[3] ████████████████████████████████████████████████████
████████████████████████████████████████ *See, e.g., Apple MLB Streaming
Deals, the Battles for Two Big NFL Media Properties Come Into Focus*, CNBC (Mar.
16, 2022), https://www.cnbc.com/2022/03/16/nfl-media-sunday-ticket-up-for-grabs-
in-streaming-fight.html.

5

Respectfully submitted,

By: */s/ Farhad Mirzadeh*
    Farhad Mirzadeh

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
HAUSFELD LLP

600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*