**REDACTED VERSION OF DOCUMENT PROPOSED TO
BE FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | June 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY APPLE INC.  (Dkt. 486)**

Before the Court is Plaintiffs' Motion To Compel Production Of Documents By Apple, Inc. ("Motion"), filed on May 31, 2022.  (Dkt. 486.)  The parties filed a Joint Stipulation on that same date.  (Dkt. 487, 488.)  Both parties filed a Supplemental Memorandum on June 7, 2022.  (Dkt. 493, 494.)  The Motion is now ready for decision.[1] The Court DENIES the Motion because it has no authority to rule on it, at least for now.

Plaintiffs served a Rule 45 subpoena duces tecum on non-party Apple, Inc. to obtain documents concerning Apple's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Dkt 488-1, JS 1; Dkt. 488-3 at 3-5.)  The subpoena commands compliance in San Francisco near Apple's corporate headquarters, in the Northern District of California.  (Dkt. 488-1 at 8; 488-3 at 3.)  Apple has objected to production of purely internal documents.  (Dkt. 488-1 at JS 22.)  Apple also maintains that Plaintiffs' Motion seeking production of those documents is required to be filed in the Northern District of California where compliance is required.  (Dkt. 488-3 at 3.)

Rule 45(a)(2) provides that a subpoena must issue from the court where the action is pending, in this case the Central District of California.  Rule 45(d)(1) admonishes that a party issuing a subpoena must take reasonable steps to avoid imposing "undue burden or expense" on the party subject to subpoena.  Rule 45(d)(1) further provides, "The Court

---

[1]  The Court finds this matter appropriate for resolution without oral argument and thus vacates the June 21, 2022 hearing date on the Motion.  See F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | June 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

for the district <u>where</u> <u>compliance</u> <u>is</u> <u>required</u> must enforce this duty." (Emphasis added.) Rule 45(d)(2), addressing document production subpoenas, provides that "the serving party may move the court for the district <u>where</u> <u>compliance</u> <u>is</u> <u>required</u> for an order compelling production." Rule 45(d)(2)(i). (Emphasis added.)[2]

In 2013, Rule 45(f) was added providing that a court "<u>where</u> <u>compliance</u> <u>is</u> <u>required</u>" may transfer a motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." (Emphasis added.) It is clear that the court where compliance is required makes the determination of exceptional circumstances, not the issuing court.

The Advisory Committee Notes indicate that the proponent of transfer bears the burden of showing exceptional circumstances. Additionally, "[t]he prime concern should be avoiding burdens on local non-parties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." <u>See</u> <u>Woods</u> <u>ex</u> <u>rel</u> <u>U.S.</u> <u>v.</u> <u>SouthernCare,</u> <u>Inc.</u>, 303 F.R.D. 405, 407-08 (N.D. Ala., 2014) ("[L]ocal non-parties should be burdened as little as practicable by litigation in which they are not involved").

Apple has not consented to transfer and Plaintiffs have not sought transfer in the Northern District. Plaintiffs seek to avoid the requirements of Rules 45(d)(2)(i) and 45(f) by invoking the multi-district litigation ("MDL") statute authorizing an MDL judge to enforce subpoenas in any district "for the purpose of conducting pretrial depositions." 28 U.S.C. § 1407(b). Plaintiffs rely on <u>In</u> <u>re</u> <u>Am.</u> <u>Med.</u> <u>Sys.</u> <u>Inc.</u>, 2017 WL 1090029*1 (S.D.W. Va.) which ruled that a deposition subpoena issued to a non-party in another district could be enforced in the issuing MDL district.

The Southern District of California, however, distinguished <u>Am.</u> <u>Med.</u>, ruling that 28 U.S.C. § 1407(b) does not apply to document-only subpoenas. <u>In</u> <u>re</u> <u>Packaged</u> <u>Seafood</u> <u>Products</u> <u>Antitrust</u> <u>Litigation</u>, 2018 WL 454440*2 (S.D. Cal.) ("The extension of jurisdiction in MDL cases to the conduct of pretrial depositions, however, is not tantamount to extending jurisdiction to enforce document subpoenas on third parties"); <u>see</u> <u>also</u> <u>VISX</u> <u>v.</u> <u>Nidek</u> <u>Co.</u>, 207 F.R.D. 616, 616 (N.D. Cal. 2002) ("Had Congress

---

[2] The Court notes that motions to quash also are brought in the court for the district where compliance is required. Rule 45(d)(3)(A) and (B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | June 9, 2022 |
|----------|------------------------|------|--------------|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

wanted to expand these powers [under § 1407(b)] to document subpoenas, it should have said so").

The Court in <u>Packaged Seafood</u> also noted that the cases relied on by <u>Am. Med.</u> pre-date the addition of Rule 45(f) in 2013. 2018 WL 454440*2. The Court also observed, "That the underlying action is an MDL case does not automatically confer exceptional circumstances." <u>Id.</u> The Court found that the district where compliance is required may or may not consider the dispute as presenting exceptional circumstances, "especially considering that Rule 45 is designed, in large part, to minimize the burden placed upon a non-party" under 45(d)(1). <u>Id.</u> The Court concluded it lacked jurisdiction to enforce the subpoena. <u>Id.</u>

There is no definitive 9th Circuit case governing the applicability of Rule 45(f) in MDL cases. California cases in this Circuit establish that Rule 45(f) applies to document only subpoenas in MDL cases. There are some cases in other Circuits that follow another rule. This Court will follow <u>Packaged Seafood</u>. As the law is unsettled and § 1407(b) is not explicit, the Court will not abrogate the compliance court's authority so plainly and unequivocally conferred by Rule 45(d)(1), Rule 45 (d)(2)(i) and Rule 45(f). Nor will it disregard new Rule 45(f)'s exceptional circumstances test for transfer, intended to avoid undue burdens on local non-parties.[3]

Plaintiffs will have to enforce their subpoena in the Northern District or demonstrate exceptional circumstances to that Court to obtain transfer back to this Court. This Court lacks the discretion, authority or jurisdiction to enforce the subpoena at this time.

cc: Parties

|                      |     | : |            |
|----------------------|-----|---|------------|
| Initials of Preparer |     |   | slo        |

---

[3] Plaintiffs note that this Court enforced a subpoena issued in this case against out-of-district non-party Charter Communications, Inc. (Dkt. 403.) Charter Communications, however, never objected to having Plaintiffs' motion to compel heard in this District.