CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CALIFORNIA 90012

OFFICIAL BUSINESS

NEOPOST
05/10/2022
US POSTAGE $001.56⁰

MORG028   100365065-1N        05/18/22

RECEIVED
CLERK, U.S. DISTRICT COURT

JUN 17 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JUN 17 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

ML 15-2668 #472
Atty Sachar

BC: 9901235529   0000161683-00662
NIXIE       061   7E   1
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
0206/12/22



Case: 2:15ml2668  Doc: 472

Roger A Sachar                                    Jr
Morgan and Morgan PC
28 West 44th Street  Suite 2001
New York, NY 10036

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov
Message-Id:<33886282@cacd.uscourts.gov>Subject:Activity in Case 2:15-ml-02668-PSG-JEM In re
National Football Leagues Sunday Ticket Antitrust Litigation Minutes of In Chambers Order/Directive
- no proceeding held Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 5/9/2022 at 3:02 PM PDT and filed on 5/9/2022

| | |
|---|---|
| **Case Name:** | In re National Football Leagues Sunday Ticket Antitrust Litigation |
| **Case Number:** | 2:15-ml-02668-PSG-JEM |
| **Filer:** | |
| **Document Number:** | 472 |

**Docket Text:**
**MINUTE ORDER (IN CHAMBERS) ORDER RE NFL DEFENDANTS' MOTION TO
COMPEL COMMERCIAL PLAINTIFFS TO RESPOND TO INTERROGATORY NO. 10
(Dkt. 462) by Magistrate Judge John E. McDermott: The Court ORDERS the parties to meet
and confer on burden and, if they do not resolve the dispute, to submit a Joint Status Report by
May 17, 2022 on what revenue records exist in Commercial Plaintiffs' custody, control or
possession and on whether Commercial Plaintiffs can feasibly produce those revenue records.
re: MOTION to Compel Commercial Plaintiffs to Respond to Interrogatory No. 10 [462]. [See
Order for further details.] (es)**

**2:15-ml-02668-PSG-JEM Notice has been electronically mailed to:**
Robert S Kitchenoff    kitchenoff@wka-law.com
Daniel G Swanson    dswanson@gibsondunn.com
Amanda M Steiner    hbrown@terrellmarshall.com, docketrequests@terrellmarshall.com,
hrota@terrellmarshall.com, asteiner@terrellmarshall.com, filing@terrellmarshall.com,
jnuss@terrellmarshall.com
Brian D Penny    penny@lawgsp.com
Ian Simmons    ian-simmons-4931@ecf.pacerpro.com, isimmons@omm.com
Craig W Hillwig    chillwig@kohnswift.com
Scott M Grzenczyk    avongoetz@girardsharp.com, scottg@girardsharp.com,
7488696420@filings.docketbird.com
Gregory E Woodard    gwoodard@lwwllp.com, gw@woodardlegal.com

Tyler M. Finn     tfinn@susmangodfrey.com
Peter Leckman     pleckman@langergrogan.com
Jeffrey B Gittleman     jgittleman@barrack.com
Brian C Gudmundson     brian.gudmundson@zimmreed.com
Jonathan M. Jagher     jjagher@fklmlaw.com
Scott Allan Martin     smartin@hausfeld.com
Natasha Naraghi Serino     natashaserino@amslawoffice.com, joanbennett@amslawoffice.com
Marc H Edelson     medelson@edelson-law.com
Max J. Warren     mwarren@wilkinsonstekloff.com
Neema Trivedi Sahni     jplayforth@cov.com, nsahni@cov.com, dlistengourt@cov.com,
slahrpastor@cov.com, docketing@cov.com, achristian@cov.com
Mickel M. Arias     mayra@aswtlawyers.com, ladonna@aswtlawyers.com, jessica@aswtlawyers.com,
mike@aswtlawyers.com, maricela@aswtlawyers.com
Daniel M. Petrocelli     dpetrocelli@omm.com, daniel-m-petrocelli-4368@ecf.pacerpro.com
Edward Diver     ndiver@langergrogan.com
Carl Malmstrom     malmstrom@whafh.com
Christina H Connolly Sharp     8388361420@filings.docketbird.com, ssandeen@girardsharp.com,
avongoetz@girardsharp.com, dsharp@girardsharp.com
Jeffrey L Spector     jspector@srkattorneys.com
Caleb Marker     josephine.lu@zimmreed.com, caleb.marker@zimmreed.com,
kelly.bourette@zimmreed.com, 5920479420@filings.docketbird.com
Mark S Goldman     goldman@lawgsp.com
Armstead C. Lewis     alewis@susmangodfrey.com
Hart L. Robinovitch     hart.robinovitch@zimmreed.com, kelly.bourette@zimmreed.com
Carter E. Greenbaum     cgreenbaum@paulweiss.com
John D Radice     jradice@radicelawfirm.com
Alexander M Schack     alexschack@amslawoffice.com
Scott A Edelman     sedelman@gibsondunn.com
Katrina M Robson     krobson@omm.com, katrina-robson-6207@ecf.pacerpro.com
Rachele R Byrd     fileclerk@whafh.com, byrd@whafh.com
Marc I Gross     migross@pomlaw.com
Arun Subramanian     asubramanian@susmangodfrey.com, ehenke@susmangodfrey.com,
ecf-329b86a28024@ecf.pacerpro.com, ecf-aa83a63bc6d9@ecf.pacerpro.com
Stephen R Basser     sbasser@barrack.com, cfessia@barrack.com, sward@barrack.com
Fred Taylor Isquith     ftisquith@zsz.com
Garrett D Blanchfield     g.blanchfield@rwblawfirm.com, r.yard@rwblawfirm.com,
k.schulte@rwblawfirm.com
Richard A Lockridge     ralockridge@locklaw.com, bmemmons@locklaw.com
William C Carmody     esullivan-vasquez@susmangodfrey.com, bcarmody@susmangodfrey.com
James B. Zouras     mortega@stephanzouras.com, kbowers@stephanzouras.com,
malmeida@stephanzouras.com, jzouras@stephanzouras.com, hhudson@stephanzouras.com,
esantana@stephanzouras.com
David H Weinstein     weinstein@wka-law.com
Eugene A Spector     espector@srkattorneys.com
Gregg H Levy     glevy@cov.com
Thomas H Burt     burt@whafh.com
Sara F Khosroabadi     daniella@kandhlawgroup.com, sara@kandhlawgroup.com
Ian M Gore     ecf-67c2cc05d65a@ecf.pacerpro.com, igore@susmangodfrey.com,
jgrounds@susmangodfrey.com, ecf-62cbb7ccef36@ecf.pacerpro.com
Yehudah L Buchweitz     mco.ecf@weil.com, jessie.mishkin@weil.com,

yehuda-buchwitz-8298@ecf.pacerpro.com, yehudah.buchweitz@weil.com
Beth A. Wilkinson    bwilkinson@wilkinsonstekloff.com,
sundayticket-associates@wilkinsonstekloff.com, bstekloff@wilkinsonstekloff.com,
rkilaru@wilkinsonstekloff.com, sundayticket-paras@wilkinsonstekloff.com,
jbarber@wilkinsonstekloff.com
Daniel R Karon    bhollowell@karonllc.com, dkaron@karonllc.com, cgood@karonllc.com
Derek Ludwin    dludwin@cov.com
Brian L. Stekloff    bstekloff@wilkinsonstekloff.com
Brittany DeJong    fileclerk@whafh.com, dejong@whafh.com
Jeffrey S. Goldenberg    svaaler@gs-legal.com, cpence@gs-legal.com, jgoldenberg@gs-legal.com
Ramzi Abadou    ramzi.abadou@ksfcounsel.com
Arthur J Burke    arthur.burke@davispolk.com
Gary F Lynch    jamisen@lcllp.com, ecf@lcllp.com, gary@lcllp.com, dan@lcllp.com
Lee Albert    lalbert@glancylaw.com
John E Schmidtlein    jschmidtlein@wc.com
William G Caldes    bcaldes@srkattorneys.com
Robert J Larocca    rlarocca@kohnswift.com
Arnold C Wang    jessica@asstlawyers.com, maricela@asstlawyers.com, ladonna@asstlawyers.com,
arnold@asstlawyers.com
Marisa C Livesay    fileclerk@whafh.com, livesay@whafh.com
Michael J Boni    mboni@bonizack.com
James D Ludwig    jdl@mlg-lpa.com
Charles T Spagnola    cspagnola@sullivankrieger.com
Amid T Bahadori    atb@bahadorilaw.com
Kevin P. Trainer    ktrainer@langergrogan.com
Jay Cohen    jaycohen@paulweiss.com
Justin Mungai    jmungai@wilkinsonstekloff.com
Ryan F. Stephan    mortega@stephanzouras.com, malmeida@stephanzouras.com,
kbowers@stephanzouras.com, hhudson@stephanzouras.com, esantana@stephanzouras.com,
rstephan@stephanzouras.com
Arthur M Murray    aonstott@murray-lawfirm.com, amurray@murray-lawfirm.com,
thorne@murray-lawfirm.com, cfitzgerald@murray-lawfirm.com, bfisse@murray-lawfirm.com,
cdimaggio@murray-lawfirm.com
Mark A Wendorf    m.wendorf@rwblawfirm.com
Christopher P. Ridout    christopher.p.ridout@gmail.com, josephine.lu@zimmreed.com,
5920479420@filings.docketbird.com, sabine.king@zimmreed.com, docketca@zimmreed.com
Rakesh N. Kilaru    rkilaru@wilkinsonstekloff.com
Sathya S Gosselin    sgosselin@hausfeld.com
Rosemary M Rivas    2746730420@filings.docketbird.com, rmr@classlawgroup.com
Farhad Mirzadeh    fmirzadeh@hausfeld.com
Daniel J. Mogin    jwilliams@moginrubin.com, dmogin@moginrubin.com, sbuack@moginrubin.com,
ngeraci@moginrubin.com, jchatfield@moginrubin.com,
steven-ejercito-the-mogin-law-firm-pc-9884@ecf.pacerpro.com, sejercito@moginrubin.com
Karen H Riebel    amraak@locklaw.com, jpgramlich@locklaw.com,
lgn-khriebel@ecf.courtdrive.com, crjohnson@locklaw.com, khriebel@locklaw.com
Jodie Williams    jwilliams@moginrubin.com
Matthew C De Re    tom@attorneyzim.com, matt@attorneyzim.com, firm@attorneyzim.com
Lesley E Weaver    lesley-weaver-4669@ecf.pacerpro.com, lweaver@bfalaw.com
Seth Ard    laura-parrella-0577@ecf.pacerpro.com, ecf-cb051334f073@ecf.pacerpro.com,
ecf-7bb0ee8b6051@ecf.pacerpro.com, mritter@susmangodfrey.com, sard@susmangodfrey.com,

rbien-aime@susmangodfrey.com
Samuel M Ward     sbasser@barrack.com, cfessia@barrack.com, sward@barrack.com
Jayne A Goldstein     pleadings@millershah.com, jagoldstein@millershah.com
Whitney E Street     whitney-street-0082@ecf.pacerpro.com, whitneyst@hbsslaw.com
Emily C. Curran-Huberty     aileen.beltran@mto.com, emily.curran-huberty@mto.com
Eric S Hochstadt     mco.ecf@weil.com, nymao@ecf.pacerpro.com,
eric-hochstadt-1174@ecf.pacerpro.com, eric.hochstadt@weil.com
Alfredo Torrijos     alfredo@aswtlawyers.com
Shawn M Larsen     slarsen@lwwllp.com
Jeremy S. Barber     jbarber@wilkinsonstekloff.com
Joshua Brandon Swigart     josh@swigartlawgroup.com, 9620439420@filings.docketbird.com
Kenneth B Pickle     kpickle@radicelawfirm.com
Gordon M Fauth     gmf@classlitigation.com
Patrick J Somers     tvaldezco@kbkfirm.com, crossi@kbkfirm.com, psomers@kbkfirm.com
Daniel Brett Rehns     drehns@cohenmilstein.com, drehns@hrsclaw.com
Betsy C Manifold     fileclerk@whafh.com, manifold@whafh.com, donovan@whafh.com
Rahul Raghav Athrey Hari     rhari@wilkinsonstekloff.com
Melinda A Nicholson     bronwyn.gibson@ksfcounsel.com, melinda.nicholson@ksfcounsel.com
Marc M Seltzer     mseltzer@susmangodfrey.com, ecf-4d2b1f772250@ecf.pacerpro.com,
ecf-67366a65900c@ecf.pacerpro.com, hdanielson@susmangodfrey.com
Bryan Matthew Thomas     bthomas@macdonaldcody.com
Lionel Zevi Glancy     lglancy@glancylaw.com, lionel-glancy-2522@ecf.pacerpro.com
Howard Langer     hlanger@langergrogan.com, courtnotices@langergrogan.com
Bryan L Bleichner     bbleichner@chestnutcambronne.com, dproulx@chestnutcambronne.com
Christopher L Lebsock     clebsock@hausfeldllp.com, ischer@hausfeld.com
Joshua D Snyder     jsnyder@bonizack.com
Thomas A Zimmerman     tom@attorneyzim.com, firm@attorneyzim.com
Tracy D Rezvani     tracy@rezvanilaw.com
Eliot F Krieger     ekrieger@skt.law
M. Randall Oppenheimer     m-randall-oppenheimer-5053@ecf.pacerpro.com,
roppenheimer@omm.com
Richard A Koffman     rkoffman@cohenmilstein.com
John E Sindoni     jsindoni@bonizack.com
Heidi M Silton     tmharkness@locklaw.com, hmsilton@locklaw.com, ctevans@locklaw.com,
hnpotteiger@locklaw.com, lgn-hmsilton@ecf.courtdrive.com
Seyed Abbas Kazerounian     ak@kazlg.com, mona@kazlg.com
**2:15-ml-02668-PSG-JEM Notice has been delivered by First Class U. S. Mail or by other means**
**BY THE FILER to :**
Melissa Phan
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles CA 90071-3197
Roger A Sachar
Morgan and Morgan PC
28 West 44th Street Suite 2001
New York NY 10036
James W Anderson
Heins Mills and Olson PLC
310 Clifton Avenue
Minneapolis MN 55403

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Proceedings:    **(IN CHAMBERS) ORDER RE NFL DEFENDANTS'
MOTION TO COMPEL COMMERCIAL PLAINTIFFS TO
RESPOND TO INTERROGATORY NO. 10 (Dkt. 462)**

Before the Court is NFL Defendants' Motion To Compel Commercial Plaintiffs To Respond To Interrogatory No. 10 ("Motion") filed on April 26, 2022. (Dkt. 462, 462-1.) Both parties filed a Supplemental Memorandum on May 3, 2022. The Court ORDERS the parties to meet and confer on burden and, if they do not resolve the dispute, to submit a Joint Status Report by **May 17, 2022** on what revenue records exist in Commercial Plaintiffs' custody, control or possession and on whether Commercial Plaintiffs can feasibly produce those revenue records.[1]

### Background

Interrogatory No. 10 asks Commercial Plaintiffs Gael Pub and Mucky Duck to "[i]dentify the approximate amount of revenue generated on each day of the week and identify the day of the week that your establishment generated the most revenue." (Dkt. 462-3, p. 8.) Plaintiffs objected to Interrogatory No. 10 "as 'downstream', overly broad, and not seeking any information relevant to any party's claims or defense in this litigation." (Dkt. 462-4 at p. 9; 462-5 at 9.) Both Commercial Plaintiffs indicated they would not provide information concerning "downstream" discovery in response to the Interrogatories. (Id.) Plaintiffs cite out of Circuit district court cases in support of their position. There is no Ninth Circuit case on the extent of discoverability of downstream

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the May 17, 2022 hearing date on the Motion. See F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

data.

NFL Defendants cite district court cases that have allowed downstream discovery data in antitrust cases where it is not being sought in order to assert a pass-on defense. See, e.g., In Re Vitamin Antitrust Litigation, 198 F.R.D. 296, 299-301 (D.D.C. 2000); In Re Urethane Antitrust Litigation, 237 F.R.D. 454, 463 (D. Kan. 2006) (downstream data is discoverable when it is relevant to issues in the case and production does not cause an undue burden). The NFL Defendants are not asserting a pass-through defense. They contend that the data is relevant to class certification and market definition.

**a.      Market Definition**

Because this is an antitrust overcharge case that affects all class members, the Court is highly skeptical of NFL Defendants' desire to obtain the data for class certification purposes. The Court, however, cannot say that the requested data is irrelevant to market definition in determining whether other television programming is substitutable. See Epic Games, Inc. v. Apple, Inc., 2021 WL 4128925*81 (N.D. Cal.) (product market for antitrust purposes "must encompass the product at issue as well as all economic substitutes for the product"). Plaintiffs argue that the Ninth Circuit held that "fans do not consider NFL games to be comparable to other sports or forms of entertainment"). 933 F.3d 1136, 1155 (9th Cir. 2019), citing L.A. Mem. Colis. Comm'n v. Nat'l Football League, 726 F.2d 1381, 1393 (9th Cir. 1984). This statement, however, occurred in the context of an appeal from a decision granting a motion to dismiss where the Court was required to accept all factual allegations as true. Market definition is a jury decision. Syufy Ents v. Am. Multicinema, Inc., 793 F.2d 990, 994 (9th Cir. 1986). Plaintiffs also argue that factors other than the types of entertainment shown to customers might have impacted their revenues, but such challenges go to the weight of the evidence. Paulson v. Case Corp., 168 F.R.D. 285, 288-89 (C.D. Cal. 1999). The relevance of the data, moreover, goes to the merits of the case, which this Court is not authorized to resolve but rather must be resolved on summary judgment or trial. The Court will consider discoverability of the downstream data sought by Interrogatory No. 10 if the burden is not undue.

**b. Burden**

In the Joint Stipulation, Commercial Plaintiffs contend that answering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|----------|------------------------|------|-------------|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

Interrogatory No. 10 would be overly burdensome, if not impossible. They are small local sports bars which have but piecemeal accounting records and do not maintain revenue records in the manner requested that would readily enable a response to Interrogatory No. 10. (JS 10-11.) One is no longer even an ongoing concern. (JS 11.) The problem with these generalized factual assertions is that they are unsupported by any declaration.

Nor does it appear that the parties met and conferred regarding Plaintiffs' burden argument in response to Interrogatory No. 10. The parties bicker over who is at fault for the lack of conferral on burden.

In their Supplemental Memorandum, Plaintiffs finally supply declarations on burden from the partner/proprietor of the Commercial Plaintiffs. (Dkt. 468, Exs. A and B.) Both Eugene Lennon of Gael Pub and Jason Baker of Mucky Duck claim they do not have information about the amount of revenue generated on a given day and on which day they generate the most revenue. (Dkt. 468-1, ¶ 5; 468-2, ¶¶ 5-6.) They also state that they do not have any way of approximating daily revenues for 11 years and that there is no single source of information that could yield the information sought. (Dkt. 468-1, ¶¶ 6-7; 468-2, ¶¶ 7-8.) These declarations, however, are unauthorized. Local Rule 37-2.2 authorizes the submission of declarations and exhibits with the Joint Stipulation. Local Rule 37-2.3, however, does not contemplate or authorize reply declarations or submission of new facts with supplemental memoranda as the other party would have no opportunity to respond. Nor did Plaintiffs seek leave to submit this late information.

The Court can disregard the two declarations or provide the NFL Defendants with an opportunity to respond. The Court, however, will ORDER the parties to do what they failed to do, i.e., meet and confer on what, if any, revenue data exists and whether it can be feasibly produced, and submit a Joint Status Report on same on or before **May 17, 2022**. The parties may file declarations with the Joint Status Report. See Fed. R. Civ. P. Rule 33(b)(3).

The Lennon Declaration states under oath that Gael Pub is not in "possession" of any documents or information responsive to Interrogatory No. 10 regarding daily revenue and which day of the week generated the most revenue. (Dkt. 468-1, ¶¶ 3-5.) The Court is skeptical of the assertion that Gael Pub has no revenue documents or information. The Declaration does not address "control," only possession. Gael Pub will have to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 15-ML-02668 PSG (JEMx) | Date | May 9, 2022 |
|----------|------------------------|------|-------------|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

further explanation to support its assertion, why it was not presented sooner, what search was undertaken and why there are no revenue documents or information.

The Baker Declaration only says that Mucky Duck has "never calculated" the amount of revenue generated daily or which day generated the most revenue. (Dkt. 468-2, ¶¶ 5-6.) The Court takes this assertion to mean that there are revenue records from which calculations could be made. Mucky Duck will need to explain why it cannot produce whatever revenue data is in its custody, control or possession. See Fed. R. Civ. P. Rule 33(b)(3).

The NFL Defendants do not mention whether they sought revenue documents through document requests nor does it appear that the parties discussed production of documents in lieu of interrogatory answers pursuant to Rule 33(d). Rule 33(d) would not require Plaintiffs to make any calculations or assemble revenue records in some particular manner desired by the NFL Defendants. Plaintiffs can produce their revenue records "as is" for the relevant time period, supported by declarations from the partner/proprietor that they have produced all revenue records in their control, custody or possession.

The parties must meet and confer and, if they resolve the dispute, present the Court with a stipulated order requiring production and/or dismissing the Motion. If they do not resolve the dispute, they must file a Joint Status Report with declarations by **May 17, 2022** as indicated above.

|  | : |  |
|---|---|---|
| Initials of Preparer | | slo |