Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**DECLARATION OF JEREMY S. BARBER REGARDING THE COURT'S MAY 31 ORDER ON PLATINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY THE NFL**<br><br>Magistrate Judge: Hon. John E. McDermott<br><br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

I, Jeremy S. Barber, declare as follows:

1. I am a partner at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants in this litigation. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2. On May 17, 2022, the parties filed a joint stipulation regarding Plaintiffs' motion to compel the production of documents from prior litigations involving the NFL, including documents from *United States Football League v. Nat'l Football League*, Case No. 84 Civ. 7484 (S.D.N.Y.). Dkt. 476-1. On May 31, 2022, the Court granted in part and denied in part Plaintiffs' motion, and it ordered the NFL to review the boxes of hard copy documents in the possession of the NFL's former counsel. Dkt. 485. The Court also ordered that the NFL provide a declaration indicating what trial transcripts, deposition transcripts of NFL employees, and expert reports from *USFL* were marked subject to the Protective Order in that case.

3. I make this declaration pursuant to the Court's May 31 Order. *See* Dkt. 485.

4. Upon receiving the Court's May 31 Order, the NFL's current counsel contacted its former counsel requesting all documents in the former counsel's possession that were potentially responsive to the Court's May 31 Order. In total, the NFL's former counsel possessed approximately 35 boxes of hard copy documents with potentially responsive documents, all of which had to be pulled from off-site storage. The NFL's current counsel received the documents from its former counsel on a rolling basis, obtaining the last of the documents on June 13, 2022. The NFL has worked diligently to organize and review the collected materials. A meet and confer between the parties was held on Monday, June 13, 2022, during which the NFL explained the circumstances surrounding its ongoing review. On June 15, 2022, the parties requested an additional week to comply with the Court's May 31 Order. *See* Dkt. 508.

1

Case No. 2:15-ml-02668-PSG (JEMx)                Declaration of Jeremy S. Barber Regarding the Court's May 31 Order on
                                                 Plaintiffs' Motion to Compel Production of Documents by the NFL.

5. The NFL has now completed its review of the collected documents. The documents collected from the NFL's prior counsel consist of internal files of the NFL's law firm from the *USFL* litigation that proceeded to trial nearly 35 years ago. Based on the NFL's review, the NFL determined that only a minority of the collected documents were trial transcripts, deposition transcripts of NFL employees, or experts reports from *USFL*, and thus even potentially responsive to Plaintiffs' request. The remainder included an assortment of non-responsive documents, privileged documents, and/or documents containing attorney work product. A summary of the potentially responsive documents is as follows:

   a. *Trial transcripts*. The collected materials include approximately 15 transcripts from the trial in *USFL*. None of those transcripts include confidentiality markings. However, at least six of the transcripts contain redactions made by hand with black marker that appear to redact side bar conversations. The NFL has not been able to ascertain whether those redactions were implemented because of the operative Protective Order in the case or were otherwise Court-ordered.

   b. *Expert reports*. The collected materials include a few documents that appear to be expert reports of the NFL's experts, all of which were explicitly marked confidential and/or are drafts.

   c. *Deposition transcripts of NFL employees*.

      i. The collected materials include transcripts and excerpts of transcripts of 12 NFL employees and 2 witnesses who appear to be experts retained by NFL for purposes of the *USFL* litigation. The collected materials include full transcripts for 9 of these witnesses. For 4 of the witnesses, the collected materials only include short excerpts of the deposition testimony, often fewer than 10 pages in length. The NFL's understanding, based on other documents found in the collected materials, is that these deposition excerpts were prepared by the NFL's prior counsel for deposition designations or as exhibits to pleadings, and constitute attorney work product. For one witness, the collected materials included a full transcript of one day of deposition

2

testimony for that witness, but only short excerpts of a second day of that witness's deposition testimony.

        ii.    At least one of the deposition transcripts include an attorney colloquy that makes clear that the *USFL* Protective Order permitted the parties, after receiving transcripts of those depositions, to mark certain testimony as confidential. Indeed, more than 10 of the deposition transcripts, including those of non-NFL employees, include a sticker on the first page of the transcript that states "CERTAIN PAGES OF THIS TRANSCRIPT ARE MARKED CONFIDENTIAL." Subsequent pages in those transcripts include confidentiality markings on the headers or footers of certain pages. However, it is also clear that the NFL's former counsel possessed versions of certain deposition transcripts *before* confidentiality markings were applied. The collected materials included both marked and unmarked versions of both NFL and non-NFL transcripts. In particular, the collected materials included deposition transcripts with multiple versions of otherwise identical transcripts, one of which includes the sticker and confidentiality markings discussed above and another that does not.

        iii.    One of the deposition transcripts of an NFL employee includes the sticker and express confidentiality markings discussed above. The collected materials also included unmarked excerpts of this same deposition. However, language from other NFL-witness deposition transcripts suggests that certain pages would have been marked confidential. For example, in one transcript, counsel for the NFL makes explicit on the record that he later intended to designate certain pages of testimony as confidential. Yet, those pages in the version of the deposition transcript contained in the collected materials did not have any confidentiality markings. There is also substantive testimony in some deposition transcripts about exhibits that the transcript makes clear were marked as confidential.

        d.    *Deposition exhibits*. Most of the deposition transcripts located in the collected materials do not have as attachments the exhibits from those depositions. However, the collected materials do include a number of freestanding documents

3

containing deposition exhibit stickers, some of which include confidentiality markings and some of which do not. Approximately 12 of these freestanding exhibits do not contain confidentiality markings.

6. On June 17, 2022, the parties met and conferred to discuss the propriety of producing responsive documents that did not contain confidentiality markings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 22nd day of June 2022 in New York, New York.

Dated:  June 22, 2022                    Respectfully submitted,


                                         /s/ Jeremy S. Barber
                                         Jeremy S. Barber

                                         Beth A. Wilkinson (admitted *pro hac vice*)
                                         Brian L. Stekloff (admitted *pro hac vice*)
                                         Rakesh N. Kilaru (admitted *pro hac vice*)
                                         Jeremy S. Barber (admitted pro hac vice)
                                         **WILKINSON STEKLOFF LLP**
                                         2001 M Street NW, 10th Floor
                                         Washington, DC 20036
                                         Telephone: (202) 847-4000
                                         Facsimile: (202) 847-4005

                                         bwilkinson@wilkinsonstekloff.com
                                         bstekloff@wilkinsonstekloff.com
                                         rkilaru@wilkinsonstekloff.com
                                         jbarber@wilkinsonstekloff.com

                                         Neema T. Sahni (Bar No. 274240)
                                         **COVINGTON & BURLING LLP**
                                         1999 Avenue of the Stars
                                         Suite 1500
                                         Los Angeles, CA 90067-6045
                                         Telephone: (424) 332-4800
                                         Facsimile: (424) 332-4749

4

nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

5

**Case No. 2:15-ml-02668-PSG (JEMx)**  **Declaration of Jeremy S. Barber Regarding the Court's May 31 Order on Plaintiffs' Motion to Compel Production of Documents by the NFL.**