

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CALIFORNIA 90012

OFFICIAL BUSINESS

NEOPOST
06/10/2022
US POSTAGE $001.56⁵
ZIP 90012

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 90012333255      0000N16B155-00542

NIXIE      061  7E 1      0200/17/22

**FILED**
CLERK, U.S. DISTRICT COURT

06/22/2022

CENTRAL DISTRICT OF CALIFORNIA
BY:      jm      DEPUTY



Case: 2:15ml2668  Doc: 499

Roger A Sachar                                   Jr
Morgan and Morgan PC
28 West 44th Street  Suite 2001
New York, NY 10036

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov
Message-Id:<34055675@cacd.uscourts.gov>Subject:Activity in Case 2:15-ml-02668-PSG-JEM In re
National Football Leagues Sunday Ticket Antitrust Litigation Order on Motion to Compel
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 6/9/2022 at 11:43 AM PDT and filed on 6/9/2022

| | |
|---|---|
| **Case Name:** | In re National Football Leagues Sunday Ticket Antitrust Litigation |
| **Case Number:** | 2:15-ml-02668-PSG-JEM |
| **Filer:** | |
| **Document Number:** | 499 |

**Docket Text:**
**MINUTES (IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY APPLE INC. (Dkt. 486) by Magistrate Judge John E.
McDermott: The Court DENIES the Motion because it has no authority to rule on it, at least for
now. Denying [486] Motion to Compel. [See Order for details.] (es)**

**2:15-ml-02668-PSG-JEM Notice has been electronically mailed to:**
Robert S Kitchenoff     kitchenoff@wka-law.com
Daniel G Swanson     dswanson@gibsondunn.com
Amanda M Steiner     hbrown@terrellmarshall.com, docketrequests@terrellmarshall.com,
hrota@terrellmarshall.com, asteiner@terrellmarshall.com, filing@terrellmarshall.com,
jnuss@terrellmarshall.com
Brian D Penny     penny@lawgsp.com
Ian Simmons     ian-simmons-4931@ecf.pacerpro.com, isimmons@omm.com
Craig W Hillwig     chillwig@kohnswift.com
Scott M Grzenczyk     avongoetz@girardsharp.com, scottg@girardsharp.com,
7488696420@filings.docketbird.com
Gregory E Woodard     gwoodard@lwwllp.com, gw@woodardlegal.com
Tyler M. Finn     tfinn@susmangodfrey.com
Peter Leckman     pleckman@langergrogan.com
Jeffrey B Gittleman     jgittleman@barrack.com
Brian C Gudmundson     brian.gudmundson@zimmreed.com

Jonathan M. Jagher    jjagher@fklmlaw.com
Scott Allan Martin    smartin@hausfeld.com
Natasha Naraghi Serino    natashaserino@amslawoffice.com, joanbennett@amslawoffice.com
Marc H Edelson    medelson@edelson-law.com
Max J. Warren    mwarren@wilkinsonsteklo.com
Neema Trivedi Sahni    jplayforth@cov.com, nsahni@cov.com, dlistengourt@cov.com,
slahrpastor@cov.com, docketing@cov.com, achristian@cov.com
Mickel M. Arias    mayra@aswtlawyers.com, ladonna@aswtlawyers.com, jessica@aswtlawyers.com,
mike@aswtlawyers.com, maricela@aswtlawyers.com
Daniel M. Petrocelli    dpetrocelli@omm.com, daniel-m-petrocelli-4368@ecf.pacerpro.com
Edward Diver    ndiver@langergrogan.com
Carl Malmstrom    malmstrom@whafh.com
Christina H Connolly Sharp    8388361420@filings.docketbird.com, ssandeen@girardsharp.com,
avongoetz@girardsharp.com, dsharp@girardsharp.com
Jeffrey L Spector    jspector@srkattorneys.com
Caleb Marker    josephine.lu@zimmreed.com, caleb.marker@zimmreed.com,
kelly.bourette@zimmreed.com, 5920479420@filings.docketbird.com
Mark S Goldman    goldman@lawgsp.com
Armstead C. Lewis    alewis@susmangodfrey.com
Hart L. Robinovitch    hart.robinovitch@zimmreed.com, kelly.bourette@zimmreed.com
Carter E. Greenbaum    cgreenbaum@paulweiss.com
John D Radice    jradice@radicelawfirm.com
Alexander M Schack    alexschack@amslawoffice.com
Scott A Edelman    sedelman@gibsondunn.com
Katrina M Robson    krobson@omm.com, katrina-robson-6207@ecf.pacerpro.com
Marc I Gross    migross@pomlaw.com
Arun Subramanian    asubramanian@susmangodfrey.com, ehenke@susmangodfrey.com,
ecf-329b86a28024@ecf.pacerpro.com, ecf-aa83a63bc6d9@ecf.pacerpro.com
Stephen R Basser    sbasser@barrack.com, cfessia@barrack.com, sward@barrack.com
Fred Taylor Isquith    ftisquith@zsz.com
Garrett D Blanchfield    g.blanchfield@rwblawfirm.com, r.yard@rwblawfirm.com,
k.schulte@rwblawfirm.com
Richard A Lockridge    ralockridge@locklaw.com, bmemmons@locklaw.com
William C Carmody    esullivan-vasquez@susmangodfrey.com, bcarmody@susmangodfrey.com
James B. Zouras    mortega@stephanzouras.com, kbowers@stephanzouras.com,
malmeida@stephanzouras.com, jzouras@stephanzouras.com, hhudson@stephanzouras.com,
esantana@stephanzouras.com
David H Weinstein    weinstein@wka-law.com
Eugene A Spector    espector@srkattorneys.com
Gregg H Levy    glevy@cov.com
Thomas H Burt    burt@whafh.com
Sara F Khosroabadi    daniella@kandhlawgroup.com, sara@kandhlawgroup.com
Ian M Gore    ecf-67c2cc05d65a@ecf.pacerpro.com, igore@susmangodfrey.com,
jgrounds@susmangodfrey.com, ecf-62cbb7ccef36@ecf.pacerpro.com
Yehudah L Buchweitz    mco.ecf@weil.com, jessie.mishkin@weil.com,
yehuda-buchweitz-8298@ecf.pacerpro.com, yehudah.buchweitz@weil.com
Beth A. Wilkinson    bwilkinson@wilkinsonsteklo.com,
sundayticket-associates@wilkinsonsteklo.com, bsteklo@wilkinsonsteklo.com,
rkilaru@wilkinsonsteklo.com, sundayticket-paras@wilkinsonsteklo.com,
jbarber@wilkinsonsteklo.com

Daniel R Karon    bhollowell@karonllc.com, dkaron@karonllc.com, cgood@karonllc.com
Derek Ludwin    dludwin@cov.com
Brian L. Stekloff    bstekloff@wilkinsonstekloff.com
Brittany DeJong    fileclerk@whafh.com, dejong@whafh.com
Jeffrey S. Goldenberg    svaaler@gs-legal.com, cpence@gs-legal.com, jgoldenberg@gs-legal.com
Ramzi Abadou    ramzi.abadou@ksfcounsel.com
Arthur J Burke    arthur.burke@davispolk.com
Gary F Lynch    jamisen@lcllp.com, ecf@lcllp.com, gary@lcllp.com, dan@lcllp.com
Lee Albert    lalbert@glancylaw.com
John E Schmidtlein    jschmidtlein@wc.com
William G Caldes    bcaldes@srkattorneys.com
Robert J Larocca    rlarocca@kohnswift.com
Arnold C Wang    jessica@asstlawyers.com, maricela@asstlawyers.com, ladonna@asstlawyers.com, arnold@asstlawyers.com
Marisa C Livesay    fileclerk@whafh.com, livesay@whafh.com
Michael J Boni    mboni@bonizack.com
James D Ludwig    jdl@mlg-lpa.com
Charles T Spagnola    cspagnola@sullivankrieger.com
Amid T Bahadori    atb@bahadorilaw.com
Kevin P. Trainer    ktrainer@langergrogan.com
Jay Cohen    jaycohen@paulweiss.com
Justin Mungai    jmungai@wilkinsonstekloff.com
Ryan F. Stephan    mortega@stephanzouras.com, malmeida@stephanzouras.com, kbowers@stephanzouras.com, hhudson@stephanzouras.com, esantana@stephanzouras.com, rstephan@stephanzouras.com
Arthur M Murray    aonstott@murray-lawfirm.com, amurray@murray-lawfirm.com, thorne@murray-lawfirm.com, cfitzgerald@murray-lawfirm.com, bfisse@murray-lawfirm.com, cdimaggio@murray-lawfirm.com
Rachele R. Byrd    fileclerk@whafh.com, byrd@whafh.com
Mark A Wendorf    m.wendorf@rwblawfirm.com
Christopher P. Ridout    christopher.p.ridout@gmail.com, josephine.lu@zimmreed.com, 5920479420@filings.docketbird.com, sabine.king@zimmreed.com, docketca@zimmreed.com
Rakesh N. Kilaru    rkilaru@wilkinsonstekloff.com
Sathya S Gosselin    sgosselin@hausfeld.com
Rosemary M Rivas    2746730420@filings.docketbird.com, rmr@classlawgroup.com
Farhad Mirzadeh    fmirzadeh@hausfeld.com
Daniel J. Mogin    jwilliams@moginrubin.com, dmogin@moginrubin.com, sbuack@moginrubin.com, ngeraci@moginrubin.com, jchatfield@moginrubin.com, steven-ejercito-the-mogin-law-firm-pc-9884@ecf.pacerpro.com, sejercito@moginrubin.com
Karen H Riebel    amraak@locklaw.com, jpgramlich@locklaw.com, lgn-khriebel@ecf.courtdrive.com, crjohnson@locklaw.com, khriebel@locklaw.com
Jodie Williams    jwilliams@moginrubin.com
Matthew C De Re    tom@attorneyzim.com, matt@attorneyzim.com, firm@attorneyzim.com
Lesley E Weaver    lesley-weaver-4669@ecf.pacerpro.com, lweaver@bfalaw.com
Seth Ard    laura-parrella-0577@ecf.pacerpro.com, ecf-cb051334f073@ecf.pacerpro.com, ecf-7bb0ee8b6051@ecf.pacerpro.com, mritter@susmangodfrey.com, sard@susmangodfrey.com, rbien-aime@susmangodfrey.com
Samuel M Ward    sbasser@barrack.com, cfessia@barrack.com, sward@barrack.com
Jayne A Goldstein    pleadings@millershah.com, jagoldstein@millershah.com
Whitney E Street    whitney-street-0082@ecf.pacerpro.com, whitneyst@hbsslaw.com

Emily C. Curran-Huberty    aileen.beltran@mto.com, emily.curran-huberty@mto.com
Eric S Hochstadt    mco.ecf@weil.com, nymao@ecf.pacerpro.com,
eric-hochstadt-1174@ecf.pacerpro.com, eric.hochstadt@weil.com
Alfredo Torrijos    alfredo@aswtlawyers.com
Shawn M Larsen    slarsen@lwwllp.com
Jeremy S. Barber    jbarber@wilkinsonstekloff.com
Joshua Brandon Swigart    josh@swigartlawgroup.com, 9620439420@filings.docketbird.com
Kenneth B Pickle    kpickle@radicelawfirm.com
Gordon M Fauth    gmf@classlitigation.com
Patrick J Somers    tvaldezco@kbkfirm.com, crossi@kbkfirm.com, psomers@kbkfirm.com
Daniel Brett Rehns    drehns@hrsclaw.com
Betsy C Manifold    fileclerk@whafh.com, manifold@whafh.com, donovan@whafh.com
Rahul Raghav Athrey Hari    rhari@wilkinsonstekloff.com
Melinda A Nicholson    bronwyn.gibson@ksfcounsel.com, melinda.nicholson@ksfcounsel.com
Marc M Seltzer    mseltzer@susmangodfrey.com, ecf-4d2b1f772250@ecf.pacerpro.com,
ecf-67366a65900c@ecf.pacerpro.com, hdanielson@susmangodfrey.com
Bryan Matthew Thomas    bthomas@macdonaldcody.com
Lionel Zevi Glancy    lglancy@glancylaw.com, lionel-glancy-2522@ecf.pacerpro.com
Howard Langer    hlanger@langergrogan.com, courtnotices@langergrogan.com
Bryan L Bleichner    bbleichner@chestnutcambronne.com
Christopher L Lebsock    clebsock@hausfeldllp.com, ischer@hausfeld.com
Joshua D Snyder    jsnyder@bonizack.com
Thomas A Zimmerman    tom@attorneyzim.com, firm@attorneyzim.com
Tracy D Rezvani    tracy@rezvanilaw.com
Eliot F Krieger    rrobitaille@skt.law, ekrieger@skt.law
M. Randall Oppenheimer    m-randall-oppenheimer-5053@ecf.pacerpro.com,
roppenheimer@omm.com
Richard A Koffman    rkoffman@cohenmilstein.com
John E Sindoni    jsindoni@bonizack.com
Bethany M Stevens    bstevens@wscllp.com
Heidi M Silton    hmsilton@locklaw.com, ctevans@locklaw.com, hnpotteiger@locklaw.com,
lgn-hmsilton@ecf.courtdrive.com
Seyed Abbas Kazerounian    ak@kazlg.com, mona@kazlg.com
**2:15-ml-02668-PSG-JEM Notice has been delivered by First Class U. S. Mail or by other means**
**BY THE FILER** to :
Melissa Phan
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles CA 90071-3197
Roger A Sachar
Morgan and Morgan PC
28 West 44th Street Suite 2001
New York NY 10036
James W Anderson
Heins Mills and Olson PLC
310 Clifton Avenue
Minneapolis MN 55403

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | June 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Proceedings:    **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY APPLE INC. (Dkt. 486)**

Before the Court is Plaintiffs' Motion To Compel Production Of Documents By Apple, Inc. ("Motion"), filed on May 31, 2022. (Dkt. 486.) The parties filed a Joint Stipulation on that same date. (Dkt. 487, 488.) Both parties filed a Supplemental Memorandum on June 7, 2022. (Dkt. 493, 494.) The Motion is now ready for decision.[1] The Court DENIES the Motion because it has no authority to rule on it, at least for now.

Plaintiffs served a Rule 45 subpoena duces tecum on non-party Apple, Inc. to obtain documents concerning Apple's discussions with the NFL over media rights, and reports and analyses of how Apple evaluated a potential agreement to distribute football programming on an exclusive and non-exclusive basis. (Dkt 488-1, JS 1; Dkt. 488-3 at 3-5.) The subpoena commands compliance in San Francisco near Apple's corporate headquarters, in the Northern District of California. (Dkt. 488-1 at 8; 488-3 at 3.) Apple has objected to production of purely internal documents. (Dkt. 488-1 at JS 22.) Apple also maintains that Plaintiffs' Motion seeking production of those documents is required to be filed in the Northern District of California where compliance is required. (Dkt. 488-3 at 3.)

Rule 45(a)(2) provides that a subpoena must issue from the court where the action is pending, in this case the Central District of California. Rule 45(d)(1) admonishes that a party issuing a subpoena must take reasonable steps to avoid imposing "undue burden or expense" on the party subject to subpoena. Rule 45(d)(1) further provides, "The Court

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the June 21, 2022 hearing date on the Motion. See F. R. Civ. P. 78(b); Local Rule 5-15.

**CIVIL MINUTES - GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | June 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

for the district <u>where</u> <u>compliance</u> <u>is</u> <u>required</u> must enforce this duty." (Emphasis added.)
Rule 45(d)(2), addressing document production subpoenas, provides that "the serving
party may move the court for the district <u>where</u> <u>compliance</u> <u>is</u> <u>required</u> for an order
compelling production." Rule 45(d)(2)(i). (Emphasis added.)[2]

In 2013, Rule 45(f) was added providing that a court "<u>where</u> <u>compliance</u> <u>is</u>
<u>required</u>" may transfer a motion to the issuing court "if the person subject to the
subpoena consents or if the court finds exceptional circumstances." (Emphasis added.) It
is clear that the court where compliance is required makes the determination of
exceptional circumstances, not the issuing court.

The Advisory Committee Notes indicate that the proponent of transfer bears the
burden of showing exceptional circumstances. Additionally, "[t]he prime concern should
be avoiding burdens on local non-parties subject to subpoenas, and it should not be
assumed that the issuing court is in a superior position to resolve subpoena-related
motions." See <u>Woods</u> ex rel <u>U.S.</u> v. <u>SouthernCare, Inc.</u>, 303 F.R.D. 405, 407-08 (N.D.
Ala., 2014) ("[L]ocal non-parties should be burdened as little as practicable by litigation
in which they are not involved").

Apple has not consented to transfer and Plaintiffs have not sought transfer in the
Northern District. Plaintiffs seek to avoid the requirements of Rules 45(d)(2)(i) and 45(f)
by invoking the multi-district litigation ("MDL") statute authorizing an MDL judge to
enforce subpoenas in any district "for the purpose of conducting pretrial depositions." 28
U.S.C. § 1407(b). Plaintiffs rely on <u>In re Am. Med. Sys. Inc.</u>, 2017 WL 1090029*1
(S.D.W. Va.) which ruled that a deposition subpoena issued to a non-party in another
district could be enforced in the issuing MDL district.

The Southern District of California, however, distinguished <u>Am. Med.</u>, ruling that
28 U.S.C. § 1407(b) does not apply to document-only subpoenas. <u>In re Packaged</u>
<u>Seafood Products Antitrust Litigation</u>, 2018 WL 454440*2 (S.D. Cal.) ("The extension of
jurisdiction in MDL cases to the conduct of pretrial depositions, however, is not
tantamount to extending jurisdiction to enforce document subpoenas on third parties");
<u>see also</u> <u>VISX v. Nidek Co.</u>, 207 F.R.D. 616, 616 (N.D. Cal. 2002) ("Had Congress

---

[2] The Court notes that motions to quash also are brought in the court for the district where
compliance is required. Rule 45(d)(3)(A) and (B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | June 9, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

wanted to expand these powers [under § 1407(b)] to document subpoenas, it should have said so").

The Court in <u>Packaged Seafood</u> also noted that the cases relied on by <u>Am. Med.</u> pre-date the addition of Rule 45(f) in 2013. 2018 WL 454440*2. The Court also observed, "That the underlying action is an MDL case does not automatically confer exceptional circumstances." <u>Id.</u> The Court found that the district where compliance is required may or may not consider the dispute as presenting exceptional circumstances, "especially considering that Rule 45 is designed, in large part, to minimize the burden placed upon a non-party" under 45(d)(1). <u>Id.</u> The Court concluded it lacked jurisdiction to enforce the subpoena. <u>Id.</u>

There is no definitive 9th Circuit case governing the applicability of Rule 45(f) in MDL cases. California cases in this Circuit establish that Rule 45(f) applies to document only subpoenas in MDL cases. There are some cases in other Circuits that follow another rule. This Court will follow <u>Packaged Seafood</u>. As the law is unsettled and § 1407(b) is not explicit, the Court will not abrogate the compliance court's authority so plainly and unequivocally conferred by Rule 45(d)(1), Rule 45 (d)(2)(i) and Rule 45(f). Nor will it disregard new Rule 45(f)'s exceptional circumstances test for transfer, intended to avoid undue burdens on local non-parties.[3]

Plaintiffs will have to enforce their subpoena in the Northern District or demonstrate exceptional circumstances to that Court to obtain transfer back to this Court. This Court lacks the discretion, authority or jurisdiction to enforce the subpoena at this time.

cc: Parties

Initials of Preparer          :          slo

---

[3] Plaintiffs note that this Court enforced a subpoena issued in this case against out-of-district non-party Charter Communications, Inc. (Dkt. 403.) Charter Communications, however, never objected to having Plaintiffs' motion to compel heard in this District.