MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO ALL ACTIONS

Case No.: 2:15-ml-02668−PSG (JEMx)

**DISCOVERY MATTER**

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NBCUNIVERSAL MEDIA, LLC**

Magistrate Judge: Hon. John E. McDermott
Date/Time: 7/26/2022, 10:00 a.m.
Discovery Cutoff Date: 8/5/2022
Pretrial-Conference Date: 2/9/2024
Trial Date: 2/22/2024

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, and further following the procedure established by the Court in its February 3, 2022, Order Granting Plaintiffs' Proposal for the Review of Broadcast Agreements, Dkt. 419, Plaintiffs and NBCUniversal Media, LLC ("NBCUniversal") respectfully submit the following joint stipulation regarding Plaintiffs' Motion to Compel Production of Documents.

## I. Joint Preliminary Statement

On April 24, 2022, at Plaintiffs' request, NBCUniversal agreed to produce a copy of its rights agreement with Notre Dame for the distribution of Notre Dame football. NBCUniversal agreed to produce a redacted copy, as well as an unredacted copy, subject to the procedures outlined in the Court's February 3 Order. On April 26, 2022, NBCUniversal produced a copy of its rights agreement with Notre Dame for the distribution of Notre Dame football. In the copy it produced, NBCUniversal redacted provisions in sections titled "[REDACTED]," "[REDACTED]", and "[REDACTED]."

This Court's February 3 Order outlined a process by which Plaintiffs and the NFL's network broadcast partners (including NBCUniversal) could resolve disputes concerning redactions in their licensing and distribution agreements for professional football. The process established by that Order balanced two competing interests—the interest of Plaintiffs in assessing the propriety of redactions in the networks' licensing and distribution agreements, and the interest of the networks in protecting their confidential business information.

The structure of this Court's February 3 Order, as applied here, required as follows:

- (1) NBCUniversal would produce an unredacted version of its rights agreement with Notre Dame to Edward Diver, counsel for Plaintiffs, on an attorneys'-eyes-only basis, and that NBCUniversal highlight all material they wish to redact.

- (2) after one week, Mr. Diver would identify the clauses or portions of clauses that he agrees may remain redacted, should any exist; and that Mr. Diver offer reasons why each other clause or portion of clause should be unredacted.
- (3) and, over the following week, Mr. Diver and NBCUniversal would meet and confer and work in good faith to resolve any dispute over redactions.

On Friday, April 29, NBCUniversal produced an unredacted version of its rights agreement with Notre Dame to Mr. Diver "[p]ursuant to the procedure outlined in the Court's Order of February 3, 2022." The unredacted version provided highlighted sections, outlining the redactions in the version of the agreement produced to Plaintiffs at-large, including [REDACTED].

On May 5 and May 6, Mr. Diver responded to NBCUniversal, accepting NBCUniversal's proposed redaction of most of [REDACTED], and all of [REDACTED]. Mr. Diver requested the unredaction of [REDACTED] and one sentence in [REDACTED]. Mr. Diver also requested the "remov[al] [of] the redactions on the subject headings," while agreeing to "[leave the redactions] on the substantive text." Mr. Diver noted to NBCUniversal that certain of the provisions he agreed to leave redacted—including the redactions NBCUniversal proposed for Section 9.4—"are relevant, broadly understood, but I have tried to take a pragmatic approach." *See* Exhibit 4 (Declaration of Edward Diver Regarding Plaintiffs' Motion to Compel Production of Documents By NBCUniversal Media, LLC), at ¶ 6.

During their only meet and confer regarding the Notre Dame agreement on May 31, 2022, Mr. Diver and counsel for NBCUniversal discussed the propriety of the redactions in light of NBCUniversal's interest in protecting its confidential

business information and the Court's previous orders and memoranda concerning redactions in the networks' licensing and distribution agreements for professional football. At the conclusion of the meet and confer, Mr. Diver stated clearly that Plaintiffs were willing to seek relief from the Court unless NBCUniversal agreed to the unredaction of the last sentence of Section 4.2(E) and Section 4.3. On June 15, counsel for NBCUniversal wrote to Mr. Diver to say that it "does not agree to the un-redaction of the last sentence of Section 4.2E or the un-redaction of Section 4.3." *Id.* ¶ 12.

On June 17, 2022, Plaintiffs' counsel wrote NBCUniversal providing notice that they were moving to compel, noting that although they, "remain[ed] committed to resolving our present dispute without the Court's intervention . . . [they saw] no path forward but to move to compel production." *See* Exhibit 5, at 1-2. NBCUniversal replied, offering to further meet and confer, stating that it, "look[ed] forward to receiving further details from [Plaintiffs] regarding the contours of a 'compromise solution.'" *Id.* at 1-2. Mr. Diver clarified that "[t]he 'compromise solution' to which I referred is my offer to accept each of NBCU's proposed redactions except for the last sentence of 4.2E and provision 4.3." *Id.* at 1. Mr. Diver made clear, however, that having reviewed again NBCUniversal's proposed redactions in section 4, he "[did] not see a way to compromise further." *Id.* Thus, the parties are unable to agree as to the appropriate redactions to be applied to 4.2(E) and 4.3 after meeting and conferring and corresponding regarding their respective positions as to those provisions.

**II. Discovery Requests and Responses in Dispute**

NBCUniversal's initial production of its rights agreement with Notre Dame redacted the following provisions: [REDACTED] [REDACTED]. If needed, the parties have attached to this filing a proposed Order providing for this Court's *in*

*camera* review of an unredacted copy of the operative agreement. The status of the parties' dispute is as follows:

[redacted]

Therefore, NBCUniversal has agreed to unredact the headings of each provision, and Plaintiffs have agreed to the redaction of [redacted]. Disputes remain as to NBCUniversal's redaction of [redacted].

**III. Parties' Contentions**

**A. Plaintiffs' Position**

Four reasons, each independently sufficient, support Plaintiffs' compromise position to unredact [redacted].

*First*, the select provisions requested by Mr. Diver to be unredacted are directly relevant to Plaintiffs' case. Without disclosing the specific contract language at issue, NBCUniversal's redaction of [redacted] conceals information central to the analysis being conducted by Plaintiffs' economic experts. The sentence Mr. Diver requested unredacted in [redacted], for instance, discloses [redacted]. Relatedly, [redacted]

[REDACTED], which, as pertains this case, is perhaps the *most* important component of the contract. Simply put, NBCUniversal's redaction of the "[REDACTED]" provision distorts the reader's understanding of [REDACTED], because the relevant unredacted provisions provide an incomplete picture.

*Second*, the provisions requested by Mr. Diver to be unredacted are protected from disclosure by two protective orders. *See* Dkt. 416 (this Court noting, in a parallel context, that "[NFL] Defendants have not produced any data, study or other evidence that there have been numerous unauthorized disclosures of such information," and that "[t]here are two protective orders in place in this case" to protect such information) (citing Dkt. 197, 360). Those protective orders provide ample protection against the disclosure of confidential commercial information. NBCUniversal has not provided any reason why the protective orders would not secure NBCUniversal's interests in this matter here.

*Third*, NBCUniversal failed to adhere to the structure established by this Court's February 3 Order. As detailed in the attached Declaration of Edward Diver, *see* Exhibit 4, NBCUniversal on several occasions ignored Mr. Diver's attempts to reach a compromise solution. In fact, NBCUniversal did not provide Mr. Diver its final position until *five weeks* after Mr. Diver shared his initial proposal, even though NBCUniversal agreed (and the structures established by this Court's February 3 Order dictated) that it would respond within one week.

*Fourth*, unlike Plaintiffs, NBCUniversal has not offered a workable compromise. Of NBCUniversal's original slate of redactions, NBCUniversal has agreed only to unredact the headings of each provision. But that is no compromise at all—it has become standard practice in this litigation for the broadcast networks to produce their licensing and distribution agreements with all headings unredacted. By contrast, Mr. Diver agreed to leave redacted many relevant provisions in an effort to

achieve a global agreement. *See* Exhibit 4 (Diver Declaration), ¶ 6; *see also* Exhibit 5 (noting that all redactions NBCUniversal proposed for [redacted] "are relevant, broadly understood, but I have tried to take a pragmatic approach"). Indeed, provisions that Mr. Diver agreed could remain redacted are of a type that were ordered to be unredacted in the networks' NFL contracts after Mr. Diver objected to their redaction there.

Plaintiffs have worked dutifully with NBCUniversal for many weeks to seek a compromise and avoid needless litigation. Given that the close of fact discovery is one month away, Plaintiffs have no choice but to seek this Court's assistance to produce the requested relevant provisions. In line with the attached Proposed Order, Plaintiffs respectfully request that the Court recognize that the requested provisions of the NBCUniversal-Notre Dame agreement, along with any substantially similar provisions in other network college contracts, should be unredacted consistent with this Court's conclusion in previous Memoranda and Orders.

**B. NBCUniversal's Position**

The provisions that Plaintiffs seek to unredact should remain redacted. They are (1) not of core relevance to the Plaintiffs' case, (2) represent some of the most sensitive provisions throughout NBCUniversal's sports rights agreements, and (3) are insufficiently safeguarded by the Protective Orders in the matter.

As context, it should be emphasized that NBCUniversal and Notre Dame are both non-parties in this litigation, and that NBCUniversal has fully met its obligations under the Federal Rules throughout the course of the litigation. For example, when Plaintiffs requested NBCUniversal's licensing agreement with the NFL, NBCUniversal was at the forefront of cooperation among the third-party broadcasters, requesting exceedingly minimal redactions, as Plaintiffs themselves have acknowledged. NBCUniversal took the same approach here, producing a highly-competitively sensitive Rights Agreement, making only a small number of

redactions that it viewed as crucial. Those redactions should remain for the following reasons.

*First*, contrary to Plaintiffs contentions, the provisions NBCUniversal seeks to redact are of no or little relevancy to the litigation at hand, much less of "core relevancy." [REDACTED]. The Notre Dame Rights Agreement represents the broadcast rights for a single sport, at a single school, and is therefore quite differentiated from the broadcast rights for college football conferences, much less professional sports leagues like the NFL. Plaintiffs' counsel contends that these provisions go "straight to the overall value of the contract," but in truth, NBCUniversal does not even account for the value of these provisions in its yearly financial planning. *See* Exhibit 8 (Declaration of Brett Goodman Regarding Plaintiffs' Motion to Compel Production of Documents By NBCUniversal Media, LLC), at ¶ 7.

*Second*, while NBCUniversal appreciates the presence of the multiple protective orders in this matter, they are nonetheless insufficient to protect fully against inadvertent disclosure of the redacted information. Disclosure of the redacted information, even if inadvertent, would significantly prejudice and harm NBCUniversal in future negotiations if other potential licensors and competitors were to learn of their contents. As it stands, NBCUniversal is currently engaged in the process of negotiating agreements to acquire sport programming across multiple sports and leagues, and among its contractual counterparties are two parties to this case, DIRECTV and the NFL. Disclosure of these provisions "would provide valuable insight into key terms, particularly those developed over the long-standing

relationship between NBCUniversal and Notre Dame," and would fundamentally alter the bargaining dynamic between NBCUniversal and its counterparties. *See* Exhibit 8 (Goodman Declaration), at ¶ 8.

*Third*, Plaintiffs contend that NBCUniversal has failed to offer any workable compromises. This is incorrect. NBCUniversal started this process by only making the most minimal redactions necessary. NBCUniversal did not "over-redact" so as to be able to offer strategic compromises. Nevertheless, after meeting and conferring with Plaintiffs, NBCUniversal did agree at Plaintiffs' request to unredact the section headings of multiple provisions. *See* Exhibit 5, at 3. With regards to the remaining disputed provisions of the agreement, Plaintiffs have been unwilling to accept alternative solutions other than wholesale unredaction that would have met their needs. Prior to and during the only meet and confer between Plaintiffs and NBCUniversal regarding the disputed provisions, Plaintiffs made clear that NBCUniversal's only options were to accept the wholesale unredaction of these provisions or face a motion to compel. Contrary to Plaintiffs' contentions, NBCUniversal has directly communicated to Plaintiffs its willingness to further meet and confer regarding the dispute provisions on June 21, 2021, to identify a path forward that is agreeable for both parties that would be short of unredaction. *See* Exhibit 6, at 1-2.

Even during the past week, NBCUniversal has discussed potential compromise positions that would provide Plaintiffs with any remotely relevant information, but Plaintiffs have not accepted those compromises and have continued to insist upon unredaction of highly sensitive information. On July 1, 2022, NBCUniversal offered a viable alternative solution in lieu of unredaction, wherein it would provide a record of what it actually paid Notre Dame for a set number of years, including any bonus payments. This agreement would have more than provided Plaintiffs the information they require. However, Plaintiffs rejected that offer, and instead requested

NBCUniversal provide payments, "for every year of the contract to date," and the unredaction of not only the last sentence of section 4.2E, but the introductory sentence of Section 4.3 as well. *See* Exhibit 7 at 4-5. Following further correspondence, NBCUniversal agreed also to unredact the introductory sentence of Section 4.3 as well. Plaintiffs rejected this proposal. *See* Exhibit 7, at 1.

NBCUniversal respectfully asks that the Court recognize that the requested provisions of the NBCUniversal-Notre Dame agreement should remain redacted to prevent the risk of significant commercial prejudice that NBCUniversal would face if the contents of these provisions were disclosed, even inadvertently. To the extent the Court disagrees, NBCUniversal believes the proper path forward is additional meet and confers between Plaintiffs and NBCUniversal to discuss whether any solution short of unredaction would satisfy the litigation needs of Plaintiffs in this matter. NBCUniversal respectfully encloses the attached NBCUniversal Proposed Order to this effect.

Dated: July 5, 2022

Respectfully submitted,

By: *\/s/ Ned Diver*
Ned Diver

Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400

Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP

888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

*Plaintiffs' Co-Lead Counsel*

/s/

Arthur J. Burke
**DAVIS POLK & WARDWELL**
1600 El Camino Real
Menlo Park, CA, 94025
(650) 752-2000
arthur.burke@davispolk.com

*Counsel for Non-Party Comcast*