Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*re*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO ALL ACTIONS

Case No. 2:15-ml-02668-PSG (JEMx)

**DISCOVERY MATTER**

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NFL DEFENDANTS**

Magistrate Judge: Hon. John E. McDermott
Date/Time: 8/9/2022, 10:00 a.m.
Discovery Cutoff Date: 8/5/2022
Pretrial-Conference Date: 2/9/2024
Trial Date: 2/22/2024

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENTS...................................................................1

    A.    PLAINTIFFS' PRELIMINARY STATEMENT..................................1

    B.    THE NFL DEFENDANTS' PRELIMINARY STATEMENT ............3

II.   DISCOVERY REQUESTS AND RESPONSES IN DISPUTE....................5

III.  PARTIES' CONTENTIONS .......................................................................6

    A.    PLAINTIFFS' STATEMENT ..........................................................6

        1.    Factual and Procedural Background.........................................6

        2.    Legal Standard ........................................................................9

        3.    The Court Should Compel ████████████████ ▆▆
            ning the ████████████████████
           ████████████...........................................10

        4.    Conclusion ............................................................................12

    B.    THE NFL DEFENDANTS' STATEMENT.......................................12

        1.    Factual and Procedural Background.......................................12

        2.    Legal Standard ......................................................................15

        3.    Plaintiffs' Motion to Compel Further Custodial Productions After the Deadline For Fact Discovery Should Be Denied...................................................................17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975) .......... 10

*Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305 (S.D. Cal. Feb. 20, 2020) .......... 16

*Cheng v. Aim Sports, Inc.*, 2011 WL 13201907 (C.D. Cal. 2011) .......... 15

*City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003) .......... 10

*Colonies Partners LP v. Cty. of San Bernardino*, 2019 WL 2895187 (C.D. Cal. May 1, 2019) .......... 11

*United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896 (S.D. Ind. 2018) .......... 18

*DIRECTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002) .......... 10

*Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671 (N.D. Cal. Oct. 29, 2008) .......... 16, 18

*Epstein v. MCA, Inc.*, 54 F.3d 1422 (9th Cir. 1995) .......... 15

*Gradillas Ct. Reps., Inc. v. Cherry Bekaert, LLP*, 2018 WL 2197544 (N.D. Cal. May 14, 2018) .......... 11

*Hartley Pen Co. v. U.S. Dist. Court for the S. Dist. of Calif., Cent. Div.*, 287 F.2d 324 (9th Cir. 1961) .......... 16, 21

*Hickman v. Taylor*, 329 U.S. 495 (1947) .......... 15

*L.A. Terminals, Inc. v. United Nat. Ins. Co.*, 340 F.R.D. 390 (C.D. Cal. 2022) .......... 5, 16, 19

*Moriarty v. Am. Gen. Life Ins. Co.*,
2021 WL 6197289 (S.D. Cal. Dec. 31, 2021) .......... 4, 5, 16, 19

*Our Children's Earth v. Leland Stanford Junior Univ.*,
2015 WL 12964638 (N.D. Cal. Oct. 29, 2015) .......... 15, 18

*Pimentel v. City of Stockton*,
2018 WL 4488548 (E.D. Cal. Sept. 19, 2018) .......... 15

*Ramirez v. County of Los Angeles*,
231 F.R.D. 407 (C.D. Cal. 2005) .......... 11

*Ramos v. Banner Health*,
2018 WL 4700707 (D. Colo. Aug. 8, 2018) .......... 18

*Sender v. Mann*,
225 F.R.D. 645 (D. Colo. 2004) .......... 5, 16

*U.S. Interloc Matting, Inc. v. Macro Plastics, Inc.*,
2017 WL 9565569 (E.D. Cal. Nov. 14, 2017) .......... 17, 21

*United Artists Corp. v. United Artist Studios*,
2019 WL 9049050 (C.D. Cal. Oct. 7, 2019) .......... 11

**Rules**

Fed. R. Civ. P. 1 .......... 15

Fed. R. Civ. P. 26 .......... *passim*

Fed. R. Civ. P. 30 .......... 2

Fed. R. Civ. P. 34 .......... 10

Fed. R. Civ. P. 37 .......... *passim*

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Plaintiffs and the NFL Defendants submit the following joint stipulation regarding Plaintiffs' Motion to Compel Production of Documents.

# I. PRELIMINARY STATEMENTS

## A. PLAINTIFFS' PRELIMINARY STATEMENT

Plaintiffs bring this motion because the NFL Defendants refuse to abide by their continuing obligation to produce documents about [REDACTED]

[REDACTED] are more than material to Plaintiffs' case. They are fundamental.

[REDACTED] Each of these factors bears on multiple issues germane to this case, including the veracity of the NFL's asserted pro-competitive justifications and Plaintiffs' modeling of the market for out-of-market NFL games that would exist but for the restrictive agreements challenged in this litigation.

[REDACTED] Meanwhile, discovery in this action closes on August 5. In the next few weeks, Plaintiffs will be deposing numerous NFL executives, [REDACTED] who would

be able to shed light on [REDACTED] Opening class certification motions are due August 19. Opening merits expert reports are due January 6, 2023. Plaintiffs are entitled to discovery before each of these deadlines.

Yet the NFL Defendants refuse to produce [REDACTED] on the subject in a timely manner. To date, the NFL has produced two sets of documents relating to [REDACTED] The NFL produced the first set at the outset of this litigation, and the second on May 7, 2022. That production included documents through April 4, 2022. More than three months have passed since that date.

Consequently, Plaintiffs asked the NFL to produce two more sets of documents [REDACTED] one on or before July 21, 2022, and the second on or before September 3, 2022. Plaintiffs' proposal was designed to alleviate the burden on the NFL because the parties had previously agreed to a circumscribed document collection, restricted to three custodians and limited search terms. Yet the NFL still refused, on the dubious basis that it would be burdensome to produce documents in the midst of depositions.

Plaintiffs responded with yet another compromise proposal in which the NFL would produce documents sufficient to show [REDACTED] Plaintiffs reasonably requested that these documents be produced 14 days before the Rule 30(b)(6) deposition of the NFL representative, on July 28. Pursuant to the proposal, the NFL would make an additional production by December 1, 2022, [REDACTED] and present a witness for deposition to answer questions about those documents. This proposal directly addressed the NFL's concerns of the burdens associated with a document production. Yet the NFL again refused.

Rule 26 requires the NFL to abide by Plaintiffs' reasonable proposal. Plaintiffs thus request that the Court order the NFL to produce, on a continuing basis, non-

privileged documents [redacted]

### B. THE NFL DEFENDANTS' PRELIMINARY STATEMENT

Plaintiffs' motion asks this Court to treat the close of fact discovery as a non-event and to impose burdensome, continuing discovery obligations on the NFL. Nothing in Rule 26 or Plaintiffs' submission justifies that outcome.

When Plaintiffs issued their first request for documents relating to [redacted] the NFL agreed to conduct a reasonable search for non-privileged, responsive documents. The NFL took that step solely in the interest of compromise: Documents about [redacted]

In the following months, the NFL produced tens of thousands of documents, including numerous documents relating to [redacted] Plaintiffs later reissued a request for documents relating to [redacted] notwithstanding the parties' prior agreement that ESI would be collected only through the summer of 2021. In the interest of avoiding burdening the Court, the NFL agreed to make a supplemental production. That production, made on May 7, 2022, totaled nearly 1,000 documents, and should have been the end of the matter.

With the close of discovery upon us, Plaintiffs now demand (i) another custodial document collection and production within 15 days of the resolution of the present motion; (ii) yet another custodial production within 15 days of the date [redacted] and (iii) an additional deposition of an NFL witness after that. Solely in the interest of compromise, the NFL Defendants offered to supplement their productions with a small number of identified documents now, and to do a limited non-custodial production [redacted] Plaintiffs rejected that offer, which goes above and beyond what the Federal Rules require.

There is no basis for Plaintiffs' parade of more burdensome discovery requests. These documents are no more relevant now than they were before, notwithstanding Plaintiffs' vague and superficial claims to the contrary. The time for new document requests has passed: While the Court extended the discovery cutoff from May 15, 2022, to August 5, 2022, it did so not to permit Plaintiffs to obtain new documents, but simply to allow them to complete depositions and to review those documents already within their possession. [redacted]

Finality requires rejecting Plaintiffs' request. Judge Gutierrez has made very clear that the fact discovery deadline is "**not the date by which discovery requests must be served; it is the date by which all discovery is to be completed**." Dkt. 435, at 2 (emphasis in original); Decl. of Jeremy S. Barber ("Barber Decl.") ¶ 11, Ex. C. Plaintiffs' request for ongoing discovery contravenes that order and flies in the face of established caselaw. *See Moriarty v. Am. Gen. Life Ins. Co.*, 2021 WL 6197289, at *4 (S.D. Cal. Dec. 31, 2021) ("Plaintiff[s] [are] not entitled to play-by-plays of ever-changing data and that is what is sought here."). The hearing date for the present motion is August 9, 2022, four days *after* the close of fact discovery. Under the Court's standing order, all motions challenging the adequacy of discovery

responses must be "**calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted**." Dkt. 435, at 2 (emphasis in original); Barber Decl. ¶ 11, Ex. C.

Contrary to Plaintiffs' suggestion, Rule 26 does not justify a different outcome. Rule 26(e) requires supplementation only where a "party learns that in some material respect the disclosure or response is incomplete or incorrect," Fed. R. Civ. P. 26(e), and there is "an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *L.A. Terminals, Inc. v. United Nat. Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) (quoting *Sender v. Mann*, 225 F.R.D. 645, 654 (D. Colo. 2004)).

Plaintiffs have not come close to meeting that standard here. As witnesses have confirmed, there have been [redacted] Because Plaintiffs have not met their burden of showing that supplementation is warranted, *Moriarty*, 2021 WL 6197289, at *4, their motion should be denied.

## II. DISCOVERY REQUESTS AND RESPONSES IN DISPUTE

Pursuant to Local Rule 37-2.1, the discovery request at issue and the NFL Defendants' response to that request are copied verbatim below.

**REQUEST FOR PRODUCTION NO. 112:**

[redacted]

**RESPONSE TO REQUEST NO. 112:**

## III. PARTIES' CONTENTIONS

### A. PLAINTIFFS' STATEMENT

#### 1. Factual and Procedural Background

This antitrust case—brought pursuant to Sections 1 and 2 of the Sherman Act—revolves around a series of interlocking agreements among and between the NFL, its 32 member Clubs, and DirecTV. *See* Consolidated Amended Complaint ("Compl."), Dkt. No. 163 ¶¶ 1-13. These agreements work two different, but symbiotic, restraints: they prohibit all distributors other than DirecTV from offering telecasts of out-of-market Sunday afternoon NFL games, and they bar the Clubs from separately licensing their own broadcast rights. *Id*. ¶ 11. Together these restraints ensure that consumers who wish to watch the majority of regular season NFL games, or any out-of-market NFL game, have only one option available to them—

subscribing to DirectTV's "NFL Sunday Ticket" package. *Id.* ¶ 8. This purposeful restraint on competition results in supracompetitive prices for NFL Sunday Ticket, drastically fewer games available to all consumers, and reduced innovation in broadcasting of live NFL games. *Id.* ¶¶ 10-12, 19.

Discovery in this action has revealed the NFL's purported justifications for this restrictive conduct. [redacted][1] The NFL argues that [redacted] According to the League, [redacted]

Recognizing this fact, Plaintiffs requested in January specific categories of documents [redacted] The NFL Defendants' responses and objections, served on February 22, contained no relevance objection to this request. Although the NFL Defendants responded with boilerplate objections about overbreadth, attorney-client privilege, and commercial sensitivity, they made no representation that they would affirmatively withhold

[1] All exhibits cited by Plaintiffs are attached to the Declaration of Tyler Finn ("Finn Decl.") filed alongside this joint stipulation.

documents based on their objections. Instead, they again agreed to conduct a highly restricted search—limited to "the previously collected files of the agreed-upon League Custodians." The NFL Defendants appeared to justify that limitation on the basis that the request seeks documents that post-date what the NFL Defendants characterize as the previously agreed-upon end date of production. Their response effectively excluded any documents that post-date the moment of their prior collection, which took place months ago.

Plaintiffs raised this objection in a March 7 letter, stating stated that they had never agreed to a cut-off date for documents that are responsive to further document requests served on or before February 22—the agreed-upon end date for *service* of new written discovery. Ex. 4. Plaintiffs never agreed, and would never agree, to such a cut-off date for documents about [REDACTED] At no point did Plaintiffs agree to limit future requests for production to subset of previously collected documents. During the March 14 meet-and-confer, the NFL Defendants restated their position about the supposed discovery cut-off date and categorically refused to produce any further documents [REDACTED]

On March 17, Plaintiffs served the NFL with a joint stipulation to compel production of such documents. Instead of opposing the motion, the NFL agreed to make an additional production of documents. On April 4, 2022, the parties reached an agreement in which the NFL would collect documents through that date from three custodians using a limited set of agreed upon search terms. The NFL produced those documents on May 7, 2022. The parties agreed to table discussions about further productions responsive to Request 112.

On June 15, as previewed, Plaintiffs requested that the NFL produce an additional set of documents that could be used to elicit testimony in the numerous depositions of NFL witnesses that are scheduled between now and the August 5 discovery cutoff. Ex. 6. The parties met-and-conferred on June 17. Finn Decl. ¶ 9.

The NFL agreed to consider Plaintiffs' proposal that the NFL complete three additional productions responsive to RFP 112: 1) on July 21 including all responsive non-privileged documents that pre-date June 17; 2) on September 3 including all responsive non-privileged documents that pre-date August 5; and 3) a final production would include the remainder of responsive documents and would be completed [REDACTED] *Id.*

On June 24, the parties met-and-conferred again. Finn Decl. ¶ 10. The NFL rejected Plaintiffs' proposal, primarily citing the burden associated with completing a document production in the midst of scheduled depositions. Plaintiffs responded with yet another compromise: the NFL would produce documents *sufficient to show* [REDACTED] and would produce them 14 days before the 30(b)(6) deposition of the NFL's corporate representative; it would then complete remaining productions after the discovery deadline. Ex. 7.

The parties met-and-conferred again on June 29, and the NFL agreed to produce documents as requested by Plaintiffs before the 30(b)(6) deposition. The NFL would not agree, however, to producing any additional custodial discovery [REDACTED] Finn Decl. ¶ 13. Plaintiffs accepted the NFL"s counterproposal subject to three assurances: 1) that the production would be completed by December 1 at the latest (to ensure incorporation of these inputs into expert reports); 2) the production would [REDACTED] and 3) the NFL would make a witness available for deposition to give testimony about these documents. Ex. 7. The NFL has not agreed to that proposal. Plaintiffs are left with no choice but to once again seek relief from the Court.

**2. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 37(a), a party may move for an order compelling disclosure or discovery, so long as it certifies that it "has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." Rule 37 specifically permits a motion to compel where "a party fails to produce documents… as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Rule 26(e) imposes on parties a continuing obligation to supplement their responses to requests for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). In effect, Rule 26 operates as the "functional equivalent of a Standing Request for Production under Rule 34." *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003) (internal quotation marks omitted).

**3. The Court Should Compel Ongoing Production of the Documents Concerning [REDACTED]**

The Court should compel the NFL Defendants to comply with Plaintiffs' requests for presentations, analyses, strategic planning documents, and communications regarding the [REDACTED] impose upon the NFL a continuing obligation to supplement its productions in response to RFP 112. The [REDACTED] render the NFL's prior productions "incomplete" within the meaning of Rule 26(e). And the NFL, the party resisting discovery, cannot meet *its* burden to show that such discovery is not allowed. *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

As an initial matter, the relevance of these documents cannot seriously be questioned. Indeed, the NFL Defendants did not raise any relevance arguments in their responses and objections to Plaintiffs' requests for production. They have thus

waived any such objection, and it would be improper to raise one in this Joint Stipulation. *See, e.g.*, *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (declining to consider objections that were not asserted in responding party's original discovery responses and raised for the first time in a joint stipulation); *Colonies Partners LP v. Cty. of San Bernardino*, 2019 WL 2895187, at *5 (C.D. Cal. May 1, 2019) (finding that defendants had waived any relevancy argument based on failure to include relevance objection in their discovery responses). Any relevance argument brought now would also contradict the NFL Defendants' production of documents from past negotiations.

The Court can likewise reject the NFL Defendants' two other objections to this request: attorney-client privilege and commercial sensitivity. As to the first, Plaintiffs of course seek only non-privileged documents responsive to their request. As to the second, commercial sensitivity is not a cognizable objection by a party to a properly served document request. The two protective orders in this case, *see* Dkt. 197, 422, surely assuage any concerns about improper disclosure. *See, e.g., Gradillas Ct. Reps., Inc. v. Cherry Bekaert, LLP*, 2018 WL 2197544, at *3 (N.D. Cal. May 14, 2018) (compelling *non-party* to produce trade secrets subject to issuance of a protective order); *United Artists Corp. v. United Artist Studios,* 2019 WL 9049050, at *5 (C.D. Cal. Oct. 7, 2019) ("confidentiality is not a basis for withholding information in the ordinary course of discovery, especially with a protective order in place to restrict its access and use.").

Nor would production of documents be unduly burdensome. The parties agreed, in the context of the May 7 production, to limit the scope of document collection to three custodians within the NFL [REDACTED] The parties also negotiated a limited number of targeted search terms. In short, the parties have *already* agreed to a non-burdensome method

of collecting these very documents. And Plaintiffs have proposed an even more limited and less burdensome methodology in this instance.[2]

The NFL's burden objection appears to be based on the *timing* of Plaintiffs' request, namely its potential interference with the NFL's defense of previously scheduled depositions. Yet fact discovery does not close until August 5. And the NFL has provided no authority for the claim that the pendency of depositions absolves a party of its Rule 26(e) obligations to supplement its document productions. Such a restriction would make no sense because depositions and document production frequently happen simultaneously during the fact discovery period. Indeed, one of the principal reasons that Plaintiffs sought an additional production in June was so that they could ask questions about those documents during deposition. Nor is it burdensome for the NFL to produce documents [REDACTED] They already did so in May of this year.

**4. Conclusion**

Plaintiffs respectfully request that the Court compel the NFL Defendants: to produce, on a continuing basis, documents concerning the [REDACTED]

**B. THE NFL DEFENDANTS' STATEMENT**

**1. Factual and Procedural Background**

Plaintiffs' never-ending discovery expedition has brought the parties before this Court yet again. Plaintiffs served their First Set of Requests for Production of Documents ("RFPs") to the NFL Defendants on January 22, 2021. *See* Barber Decl. ¶ 4. Since then, Plaintiffs have served five additional sets of RFPs on the NFL Defendants, totaling over 160 individual document requests. *Id.* ¶ 3. Since the NFL Defendants' first production in this case on December 8, 2016, which predated

[2] The NFL's duty to supplement under Rule 26(e) continues past the discovery cutoff. Plaintiffs reserve their rights, consistent with their agreement on the scope of the requests (custodians and search terms), to seek further discovery pursuant to Rule 26(e) or otherwise.

Plaintiffs' First Set of RFPs, the NFL Defendants have produced over 136,000 documents, spanning over 1,250,000 pages. *Id.* ¶ 8.

In Plaintiffs' First Set of RFPs, which contained 104 document requests, Plaintiffs requested that the NFL Defendants produce "[a]ll documents relating to [REDACTED] *Id.* ¶ 4. Following negotiations regarding the scope of ESI collection that would apply to this and other requests, the parties reached an agreement on May 14, 2021, that the appropriate end date for the collection "of documents requested in Plaintiffs' First Set of Requests for Production is the date on which the NFL Defendants collect ESI for agreed-upon custodians." *Id.* ¶ 5. ESI was collected for the agreed-upon custodians in Summer 2021. *Id.* The NFL Defendants thereafter produced responsive documents, including documents relating to [REDACTED] on a rolling basis.

On January 20, 2022, Plaintiffs served their Fifth Set of RFPs. *Id.* ¶ 6. In so doing, they seemingly reissued a request already addressed in their First Set of RFPs for [REDACTED] *Id.* ¶ 7; Ex. A, RFP No. 112. Given that the parties had long agreed on an end date for custodial collections and given that all responsive documents from those previous custodial collections had already been produced, the NFL Defendants initially objected to further productions responsive to this RFP. *Id.*

Plaintiffs sent a Rule 37-1 letter to the NFL Defendants on March 7, 2022, seeking to compel further discovery [REDACTED] and the parties thereafter met and conferred on numerous occasions. *See id.* ¶ 9. During those meet-and-confer discussions, the NFL

Defendants highlighted the substantial burden imposed by Plaintiffs' broad and untailored discovery request, but ultimately agreed, without waiving any of their previous objections, to conduct a collection of additional documents from three custodians and produce responsive documents that hit on agreed-upon search terms. *Id.* ¶ 12; Ex. D. The NFL Defendants agreed to this approach solely to avoid burdening the Court with yet another discovery dispute. Consistent with the parties' agreement, the NFL Defendants produced additional documents on May 7, 2022. *See Id.* ¶ 13.

During this same time period, Plaintiffs sought, and were ultimately granted, a short extension to the scheduling order in this case. As a result of the extension, the deadline for fact discovery was moved from May 15, 2022, to August 5, 2022. *See* Dkt. No. 434, Finn Decl. Ex. 3. This extension was not granted for the purpose of justifying additional document requests. Indeed, Plaintiffs never claimed to need additional documents, and sought the extension to "complete all fact discovery, including the review and analysis of the documents that have now been belatedly produced, identify witnesses for deposition, complete those depositions, and permit Plaintiffs' experts sufficient time to review and analyze the results of that discovery to prepare their class certification and merits expert reports under the current schedule." Barber Decl. ¶ 10 & Ex. B (Dkt. No. 423-1), Plfs' Memorandum in Support of Motion to Amend Scheduling Order at 4.

Little more than a month after the NFL's supplemental production on May 7, 2022, Plaintiffs were back again with another letter demanding yet another additional custodial production. *Id.* ¶ 15. Following a meet and confer on June 17, 2022, Plaintiffs confirmed in writing that, at the time, they were seeking three additional custodial productions, in July 2022, September 2022, and after [REDACTED] [REDACTED] *Id.* ¶ 15. Plaintiffs also indicated they were seeking an additional deposition after the end of fact discovery, in violation of a prior agreement regarding the number of deponents.

The parties further met and conferred on multiple occasions, with the NFL proposing multiple compromises to avoid burdening the Court with litigation. *Id.* ¶ 16. Most recently, the NFL Defendants offered to supplement their productions with a small production of identified documents now. *Id.* They also expressed their willingness to negotiate the production of limited non-custodial discovery [redacted] going above their duties under the Federal Rules of Civil Procedure. *Id.* But Plaintiffs rejected the NFL's good-faith offers, and the parties were unable to resolve this dispute without the need for court intervention. *Id.*

Ultimately, Plaintiffs' demands for multiple custodial collections and an additional deposition ignores the August 5 cutoff for fact discovery and would impose excessive burdens on the NFL disproportionate to the needs of the case.

**2. Legal Standard**

The right to obtain discovery under Rule 26 "is not unlimited." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995). It must have "ultimate and necessary boundaries." *Pimentel v. City of Stockton*, 2018 WL 4488548, at *3 (E.D. Cal. Sept. 19, 2018) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

One such boundary is that Rule 26 requires requests to be both relevant and proportional to the case, meaning that discovery "must be narrowly tailored and must not be a fishing expedition." *Cheng v. Aim Sports, Inc.*, 2011 WL 13201907, at *2 (C.D. Cal. 2011). Another necessary boundary to discovery under Rule 26 is the fact discovery deadline imposed by the Court. Indeed, rolling custodial production along the line that Plaintiffs propose "would undermine the mandate of Federal Rule of Civil Procedure 1 to apply the rules 'to secure the just, speedy, and inexpensive determination of every action,' and Rule 26(b)(2)(C)(iii) to ensure that discovery is proportionate to the needs of the case." *Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015).

Further, any "duty to supplement under Rule 26(e) does not automatically supersede the fact discovery cutoff as to developments thereafter that relate to prior requests for discovery made before the cutoff." *Id.* Rather, "[t]he duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008) (explaining that Rule 26(e)(1) does not impose "a never ending obligation to produce documents continuously as they are created").[3]

Recognizing these legal principles, Judge Gutierrez has ordered that "[a]ll discovery shall be complete by the discovery cut-off date specified in the Scheduling Order" and that all motions challenging discovery responses be "**served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date**." Dkt. 435, at 2 (emphasis in original); Barber Decl. ¶ 11, Ex. C.

"At all times, the burden rests with the party seeking to compel additional discovery to bring forth evidence that warrants supplementation." *Moriarty*, 2021 WL 6197289, at *4 (citing *Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305, at *5 (S.D. Cal. Feb. 20, 2020)). The burden is greater still for the disclosure of commercially sensitive information for which Plaintiffs now demand supplemental production. *See Hartley Pen Co. v. U.S. Dist. Court for the S. Dist. of Calif., Cent. Div.*, 287 F.2d 324, 330–31 (9th Cir. 1961) (holding that "the burden rests upon the

---

[3] A party who makes a disclosure under Rule 26 has a duty to supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "[I]nformation is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *L.A. Terminals, Inc. v. United Nat. Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) (quoting *Sender v. Mann*, 225 F.R.D. 645, 654 (D. Colo. 2004)).

party seeking disclosure to establish that the trade secret [or 'secret process[]'] sought is relevant and *necessary to the prosecution* or defense of the case before a court is justified in ordering disclosure" (emphasis added)); *U.S. Interloc Matting, Inc. v. Macro Plastics, Inc.*, 2017 WL 9565569, at *2 (E.D. Cal. Nov. 14, 2017) (explaining that a party must "show both the relevance of the requested information and *the need for the material* in developing its case" to justify production of commercially sensitive information (emphasis added) (quoting *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991))).

**3. Plaintiffs' Motion to Compel Further Custodial Productions After the Deadline For Fact Discovery Should Be Denied**

Plaintiffs' request for additional burdensome custodial discovery fails on both substance and procedure.

To start, Plaintiffs are just wrong that [redacted]

Despite the fact that documents about [redacted] But Plaintiffs seek even more, including multiple additional custodial productions extending into the foreseeable future.

Productions cannot go on in perpetuity throughout the lifespan of the case. *See Our Children's Earth,* 2015 WL 12964638, at *3 ("[T]he duty to supplement under Rule 26(e) does not automatically supersede the fact discovery cutoff as to developments thereafter that relate to prior requests for discovery made before the cutoff. . . . Indeed, endless rolling production would undermine the mandate of [the] Federal Rule[s] of Civil Procedure."); *Ramos v. Banner Health*, 2018 WL 4700707, at *6 (D. Colo. Aug. 8, 2018) (limiting discovery to a fixed end date because the court was "cognizant of creating an ongoing burden of production on Defendants, who will likely continue to create such information in the course of business"). Simply put, an "end date must be established; otherwise, discovery would never end." *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896, 906 (S.D. Ind. 2018).

Judge Gutierrez's Standing Order reflects this principle. The order makes clear that the fact discovery deadline is "**not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.**" Dkt. 435, at 2 (emphasis in original); Barber Decl. ¶ 11, Ex. C. "**Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut−off date to permit the responses to be obtained before that date, if the motion is granted**." *Id.* (emphasis in original). Plaintiffs do not so much as mention this Order, but it poses a straightforward bar against the relief they now seek.

Rule 26(e) does not require a different result, as Plaintiffs suggest. The law is clear that Rule 26 does *not* impose "a never ending obligation to produce documents continuously as they are created." *Dong Ah Tire & Rubber Co.*, 2008 WL 4786671, at *2. Instead, Rule 26(e) is directed to "documents generated during the relevant time frame previously not produced but subsequently discovered." *Id.* Rule 26(e) is not a tool to mandate production of any future documents outside of the discovery

period that may simply be of interest to Plaintiffs, particularly where, as here, they are definitionally unrelated to the agreements challenged in Plaintiffs' complaint.

Plaintiffs have failed to meet their burden "to bring forth evidence that warrants supplementation" under Rule 26(e). *Moriarty*, 2021 WL 6197289, at *4. Plaintiffs must show: (1) that the information previously provided was incomplete or incorrect in some material respect, (2) that additional information has not "been made known to the other part[y] during the discovery process or in writing," and (3) that the relevance of the information outweighs the burden involved. *See* Fed. R. Civ. P. 26(e)(1)(A); *L.A. Terminals, Inc.*, 340 F.R.D. at 396 ("[I]nformation is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation."). Plaintiffs' abstract and vague claims that [REDACTED] are "more than material" and "fundamental" (*see* Joint Stipulation at 1) do not come close to meeting this burden. *See Moriarty*, 2021 WL 6197289, at *4 ("Simply because certain discovery is volatile and in flux does not create evidence of inaccurate information that beckons supplementation. . . . Plaintiff[s are] not entitled to play-by-plays of ever-changing data and that is what is sought here.").

*First*, despite the limited relevance of documents relating to [REDACTED] the NFL Defendants produced numerous documents on this topic just two months ago. Those productions gave Plaintiffs information about [REDACTED] Plaintiffs have identified nothing incomplete or incorrect about those documents, nor any material change since those productions that requires additional production at this time. Nor do Plaintiffs claim that anything has occurred since the May 7, 2022 production that would "substantially affect or alter [their] discovery plan or trial preparation." *See L.A. Terminals, Inc.*, 340 F.R.D. at 396 (finding no duty to supplement unless there is an "objectively reasonable

likelihood" that the new information "could substantially affect or alter the opposing party's discovery plan").

*Second*, Plaintiffs have alternative methods for obtaining relevant information regarding [REDACTED] Plaintiffs recently deposed numerous senior NFL officials involved in [REDACTED] During these depositions, NFL witnesses have testified as to [REDACTED] There has been no indication of any material change since the last document production to Plaintiffs. Plaintiffs are also scheduled to depose [REDACTED] and to conduct a 30(b)(6) deposition, which includes this very topic.

*Third*, Plaintiffs' contention that production would not be burdensome because the parties previously "negotiated a limited number of targeted search terms," *see supra*, at 11, dramatically undersells what Plaintiffs are seeking this Court to order. Specifically, Plaintiffs' Proposed Order makes clear that they are seeking far more burdensome discovery then what they previously asked during the parties' meet-and-confer discussions. Plaintiffs ask this Court to order the NFL to produce [REDACTED] from April 4, 2022 to present within 15 days of the Court's ruling on the instant motion. Plaintiffs' Proposed Order at 1. They also seek a similar expansive and burdensome custodial production within 15 days of the date on which [REDACTED] *Id.* And then, on top of all of that, they demand a witness must be made

available by the NFL to Plaintiffs for deposition testimony, despite the fact that this request violates the parties' prior agreements as to the number of depositions of NFL witnesses permitted in this case. *See* Barber Decl. ¶ 16. This is unreasonably burdensome for myriad reasons.

All documents in the files of some unknown number of senior executives at the NFL would need to be collected. Search terms must then be run against those documents. Following that, those documents would need to be hand-reviewed for responsiveness and privilege. Only then can they be made ready for production. That process cannot happen in fifteen days. The burden of this request is even more pronounced in light of the fact that the NFL's counsel is simultaneously involved in preparing for, defending, or conducting at least seventeen depositions over the coming weeks. And the subsequent custodial production and deposition that Plaintiffs seek [REDACTED] perhaps an even greater burden, as the NFL Defendants would be forced to collect, review, and produce myriad documents in an incredibly short window while simultaneously preparing for class certification arguments and merits expert reports.

Additionally, the information contained in these negotiation documents is extremely commercially sensitive. [REDACTED] Because of the sensitivity of these documents, Plaintiffs carry a higher burden than in requests for ordinary supplemental productions. Instead, Plaintiffs must show not only relevance (which they have failed to do), but also that documents regarding [REDACTED] are "necessary to the prosecution" of their case before this Court may order disclosure. *Hartley Pen Co*, 287 F.2d at 330–31 (holding that "the burden rests upon the party seeking disclosure to establish that the trade secret [or "secret process[]"] sought is relevant and *necessary to the prosecution* or defense of the case before a court is justified in ordering disclosure" (emphasis added)); *U.S. Interloc. Matting, Inc.*, 2017 WL 9565569, at *2 (explaining that a party must "show

both the relevance of the requested information and *the need for the material* in developing its case" to justify production of commercially sensitive information (emphasis added)). They have not attempted to do so.

Because Plaintiffs seek burdensome custodial productions after the Court-imposed deadline for fact discovery and have failed to meet the standard imposed on them by Rule 26, the Court should not compel any further production.

**4. Conclusion**

The NFL Defendants respectfully request that the Court deny Plaintiffs' motion.

Dated: July 12, 2022

Respectfully submitted,

By: *<u>/s/ Marc M. Seltzer</u>*
Marc M. Seltzer

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

By:   */s/ Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*