Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668−PSG (JEMx) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: August 19, 2022<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................. 1

II.  BACKGROUND ................................................................................. 3

    A.  ███████████████████████████████████ 3

    B.  Subpoena of Apple Inc. ............................................................ 5

    C.  Privilege Logs .......................................................................... 7

        1.  The NFL's Privilege Log ................................................ 7

        2.  DIRECTV'S Privilege Log ............................................. 8

III.  ARGUMENT ...................................................................................... 9

    A.  ████████████████████████ very of ........................ 10

    B.  Plaintiffs Have Been Diligently Pursuing Discovery from Apple Since September 2021 ........................... 14

    C.  Privilege Log Challenges ........................................................ 15

IV.  CONCLUSION ................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gamevice, Inc. v. Nintendo Co.*,
  2019 WL 5565942 (N.D. Cal. Oct. 29, 2019) ...................................................... 13

*Hunt v. Cty. of Orange*,
  672 F.3d 606 (9th Cir. 2012) ................................................................................. 10

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................................. 10

*L.A. Terminals, Inc. v. United Nat'l Ins. Co.*,
  340 F.R.D. 390 (C.D. Cal. 2022) .......................................................................... 13

*Scramoge Technology Ltd v. Apple Inc.*,
  2022 WL 1667561 (W.D. Tex. May 25, 2022) ..................................................... 14

*Thompson v. BMW of N. Am., LLC*,
  334 F.R.D. 230 (C.D. Cal. 2020) .......................................................................... 10

*Woods v. Google, Inc.*,
  2014 WL 1321007 (N.D. Cal. Mar. 28, 2014) ..................................................... 13

**Rules**

Fed. R. Civ. P. 16 ............................................................................................... 9, 10

Fed. R. Civ. P. 26 ............................................................................................ *passim*

Fed. R. Civ. P. 30 .................................................................................................. 12

Fed. R. Civ. P. 37 ............................................................................................ *passim*

Fed. R. Civ. P. 45 ................................................................................................ 6, 7

**Treatises**

6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1
  (2d ed. 1990) ......................................................................................................... 10

## I.   INTRODUCTION

Plaintiffs respectfully move this Court for permission to complete limited discovery after the August 5 deadline. Plaintiffs request additional time for three discrete purposes: 1) to continue taking discovery of ███████████ ███████████████████████ 2) to adjudicate a pending motion to enforce a subpoena to third-party Apple, Inc; and 3) to adjudicate Plaintiffs' forthcoming motions challenging the withholding of documents based on improper assertions of privilege, as reflected in logs that the DIRECTV and the NFL served on June 6 and June 21. For months, Plaintiffs have diligently pursued discovery in each of these three areas. In each case, circumstances beyond Plaintiffs' control have prevented Plaintiffs from meeting the August 5 deadline. In addition, as regards the first area described above, Plaintiffs wish to take discovery regarding ████████████ ████████████████████████████████████ which will necessarily take place after the discovery cutoff. Good cause therefore exists to grant the modest relief requested by this motion.

First, Plaintiffs require additional time for discovery respecting ██████ ████████████████████████████████████████████ which are of fundamental importance to Plaintiffs' antitrust claims and bear on the appropriate equitable and legal relief in this case—████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████████ Plaintiffs have diligently pursued discovery ████████████████████ serving two separate requests for production. The NFL produced two initial tranches of documents about ████████████ and indicated that additional discovery would be forthcoming. In late June, however, the NFL changed its position; it now refuses to produce any more discovery on the subject. Plaintiffs moved this Court to compel the NFL to produce those documents pursuant to, among other things, the continuing discovery obligations imposed by Rule 26(e). The hearing date for that motion is August 9.

1  Plaintiffs thus request that this Court permit that motion to be heard and determined

2  after the discovery cutoff.

3         Relatedly, Plaintiffs will require the ability to conduct discovery from the

4  NFL Defendants ███████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████

9  ████████████████████████████████. Plaintiffs request permission to take

10 limited document and deposition discovery ███████████████████ after August

11 5.

12        Second, this Court should permit adjudication and enforcement of Plaintiffs'

13 pending motion to compel Apple, ████████████████████████████████████

14 ████████████████████████████ In September 2021, Plaintiffs served Apple

15 with a subpoena for documents ██████████████████████████████████████

16 ████ For more than nine months, Plaintiffs' counsel met-and-conferred with

17 Apple's counsel in an attempt to reach an agreement over that subpoena. On May

18 31, Plaintiffs moved to compel in this Court and Apple moved to quash in the

19 Northern District of California. The motion to quash is now, by order of the

20 Northern District, scheduled to be heard on August 25.

21        Third, the Court should permit Plaintiffs' forthcoming motions to compel the

22 NFL and DIRECTV to produce documents improperly withheld on grounds of

23 privilege. Pursuant to this Court's order, privilege logs were not due until 45 days

24

25 ████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████████



before the end of fact discovery. Plaintiffs nonetheless insisted that both parties serve *initial* privilege logs month earlier, and subsequently engaged in negotiations over manifest inadequacies in those logs—such as the failure to identify and describe individuals' employment positions and affiliations and the listing of documents without any indication that they included communications with attorneys. Yet the final logs served by the NFL and DIRECTV in June were still deficient. At this stage, there is insufficient time to bring a motion to compel improperly withheld documents before the discovery cutoff.

Plaintiffs' diligence justifies the limited-purpose extension requested here. The relief requested by this motion, if granted, will not affect any other dates set by the Court's scheduling order.

## II.    BACKGROUND

### A.    Discovery Regarding ████████████████████ ████████

Plaintiffs' first set of requests for production, served on January 22, 2021, included a request for all documents ████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████

The NFL Defendants produced some documents responsive to Plaintiffs' Request No. 51, based largely on documents that the NFL collected in January 2021. As a result, none of the documents ████████████████████ post-dated January 2021. ███████████████████████ ██████████████████████████████████████████ Yet the NFL failed to supplement its production as required by Rule 26(e).

3

On January 20, 2022, in order to obtain the currently available documents ██████████████ Plaintiffs served the NFL with additional requests tailored to ████████████████ Specifically, Plaintiffs served Request for Production 112: ██ ████████ ██████ █████ ██████ ████████ █ ████████████████████████████████████ ██████████████████████████████████████ ██████ Finn Decl., Ex. 2 at 9 (Request 112).

On February 22, the NFL responded to Plaintiffs' Request No. 112 with boilerplate objections of overbreadth, attorney-client privilege, and "commercial sensitivity." Finn Decl., Ex. 3. The NFL, however, made no disclosure that it would withhold documents based on its objections. Instead, the NFL misleadingly agreed to conduct a highly restricted search—limited to "the previously collected files of the agreed-upon League Custodians." That response effectively excluded any documents that post-dated their prior collection from a year earlier.

Plaintiffs objected to this approach in a March 7 letter sent pursuant to Rule 37-1, in which they asserted their rights to additional productions of documents on this key topic. Finn Decl., Ex. 4. The NFL refused to produce any further documents ███████████████████. The NFL did, however, indicate its willingness to make an additional production ████████████████.

On March 17, Plaintiffs served the NFL with a joint stipulation for a motion to compel production of such documents. *Id.* ¶ 7. Rather than oppose the motion, the NFL agreed to make an additional production. On April 4, the NFL agreed that it would collect documents through that date from three custodians using a limited set of agreed-upon search terms. *Id.,* Ex. 5. The NFL produced those documents on May 7. Plaintiffs made clear that they intended to seek additional documents responsive to Request 112 during the discovery period, but the parties agreed to table discussions about the scope of those future productions. *See id.* The NFL again indicated that it would produce additional documents ██████████████ ██████ *Id.* ¶ 7.

4

On June 15, Plaintiffs requested that the NFL produce an additional set of documents that could be used to elicit testimony in the numerous depositions of NFL witnesses scheduled before the August 5 discovery cutoff. *Id.*, Ex. 6. Specifically, Plaintiffs proposed that the NFL complete three additional productions ██████████████████████ 1) on July 21, of responsive documents collected by June 17; 2) on September 3, of responsive documents created during the fact discovery period; and 3) a further production, which would be completed after the ████████████████████████████████. *Id.,* Ex. 7.

The NFL rejected Plaintiffs' proposal, primarily citing the burden associated with producing documents in the midst of scheduled depositions. *Id.* ¶ 11. Plaintiffs responded with yet another proposed compromise: the NFL would produce documents ████████████████████████ ██████████████ and would produce them 14 days before the 30(b)(6) deposition of the NFL's corporate representative; it would then complete remaining productions after the August 5 discovery deadline. *Id.*, Ex. 7.

████████████████████████████
████████████████████████████
████████████████████████ *Id.* ¶ 15. Contradicting months of earlier representations, the NFL now takes the position that it need not produce any additional documents ███████████████ *Id.* On July 12—nearly four months after they served their initial joint stipulation on this issue—Plaintiffs moved this Court to compel production of these documents. Dkt. 536. Hearing on that motion is scheduled for August 9.

**B.     Subpoena of Apple Inc.**

Since the entry of the initial scheduling order, Plaintiffs have served more than 15 subpoenas on third parties seeking documents relevant to Plaintiffs' antitrust claims. On September 17, 2021, Plaintiffs served Apple Inc. ("Apple") with a Rule 45 subpoena ████████████████████████
████████████████████████████████

1   ████████████████████████ Declaration of Farhad Mirzadeh ("Mirzadeh

2   Decl."), Ex. A. ████████████████████████████████

3   ████████████████████████████████████████████

4   ████████████████████████████████████████████

5   ██████████

6        Apple sought an extension to respond to that subpoena, to which Plaintiffs

7   agreed. On November 2, 2021, Apple sent its responses and objections, and

8   Plaintiffs then endeavored to reach a compromise through the meet-and-confer

9   process. *Id.,* Ex. B. Over a span of more than eight months, Plaintiffs and Apple

10  engaged in numerous discussions, during which Plaintiffs agreed to narrow the

11  scope of the document requests. *Id.* ¶ 5. ████████████████████

12  ████████████████████████████████████████████

13  ████████████████████████████████████████████

14  ████████████████████ *Id.* ¶¶ 6-7.

15       Frustrated with months of delay, Plaintiffs served Apple with a Local Rule

16  37-1 letter on March 30. *Id.* Ex. C. During the subsequent meet and confers,

17  counsel for Apple suggested that it had identified responsive documents to

18  Plaintiffs' subpoena but that it still had to seek permission to produce those

19  documents. *Id.* ¶ 9. Apple strung Plaintiffs along for another two months. On May

20  31, 2022—more than two months prior the fact discovery cutoff—Plaintiffs filed a

21  motion to compel production of documents by Apple. *See* Dkt. 486. Magistrate

22  Judge McDermott denied that motion without prejudice, ruling that "Plaintiffs will

23  have to enforce their subpoena in the Northern District or demonstrate exceptional

24  circumstances to that Court to obtain transfer back to this Court." Dkt. 499. On the

25  _____

26  2 ██████████████████████████████████████████████

27  ████████████████████████████████████████████

28  ████████████████████████████████████████████

6

same day that Plaintiffs filed their motion in this Court, Apple separately filed a motion to quash the subpoena in the Northern District of California. *Id.* ¶ 12. In opposition, Plaintiffs have requested that the Northern District of California transfer the motion to quash to this Court pursuant to Rule 45(f). The hearing is currently scheduled for August 25, despite the parties' joint request that the hearing date be moved up to July 28. *Id.*

## C.    Privilege Logs

The Court's stipulated order regarding discovery of electronically stored information and other documents required each party to produce "its final privilege log within 45 days prior to the close of fact discovery." Dkt. 198 at 12. At Plaintiffs' insistence, the NFL and DIRECTV agreed to produce initial privilege logs months earlier.

### 1.    The NFL's Privilege Log

In accordance with that agreement, the NFL produced its initial privilege log on March 2, 2022, which contained approximately 5000 entries. Finn Decl. ¶ 16. Plaintiffs promptly reviewed the log and noted several deficiencies that hampered their ability to assess the validity of the NFL's assertions of privilege, and to challenge those assertions in a motion before the Court. Plaintiffs detailed these deficiencies in an April 5 letter sent pursuant to Local Rule 37-1. In that letter, Plaintiffs noted that: 1) the NFL failed to provide job titles of the individuals who purportedly provided legal advice; 2) the NFL improperly asserted privilege over documents that were "created or revised by or at the direction of attorney(s)"; and 3) numerous entries failed to include the senders and recipients of the withheld documents. *Id.,* Ex. 8. The NFL subsequently agreed to remove some documents from the privilege log and include them it its next production. The NFL also agreed to provide Plaintiffs with a list of individuals who served as legal counsel, as well as a supplemental document that cross-referenced documents lacking "to" and "from" entries with produced documents that contained such information. The

NFL, however, refused to engage with any Plaintiffs' substantive challenges to its assertions of privilege. *See id.* Ex. 9.

The NFL served its final privilege log on Plaintiffs on June 21—45 days before the August 5 fact-discovery cutoff. *Id.* ¶ 20. The log is 54 pages and contains 1882 unique entries. *Id.* Upon Plaintiffs' review of the log, it was apparent that many of the previously identified deficiencies remained in the "final" version. On July 8, 2022, Plaintiffs served the NFL with a Local Rule 37-1 letter challenging approximately 600 assertions of privilege which were apparently invalid on their face over the following categories of documents: 1) written communications not with any attorneys but purportedly "requesting" or "reflecting" legal advice; 2) documents "created or revised by or at the direction of" unspecified attorneys;" 3) communications "providing information necessary to render legal advice" which were not between any attorneys; 4) communications and documents between non-attorneys that were merely circulated to attorneys; and 5) documents which were evidently produced to third parties, thus waiving privilege. *Id.*, Ex. 10. Nonetheless, Plaintiffs continue seeking to obtain the NFL Defendants' agreement to produce documents that have been withheld on insufficient grounds. *Id.* ¶ 22. If that process does not succeed, a motion to compel will be required.

### 2.    DIRECTV'S Privilege Log

DIRECTV produced its initial privilege log on February 18, 2022. That log contained over 25,000 entries. Mirzadeh Decl. ¶ 13. On March 22, 2022, following an expeditious review, Plaintiffs served DIRECTV with a Rule 37-1 letter that detailed the numerous entries in which DIRECTV failed to provide information sufficient to carry its burden of establishing privilege. *Id.*, Ex. E. Among the many issues identified by Plaintiffs was DIRECTV's misidentification of several employees as attorneys and erroneous assertions of privilege over communications from those non-attorney employees. *See id.*

The parties met and conferred on several occasions regarding the deficiencies in DIRECTV's privilege log. Plaintiffs' efforts were met with delay. DIRECTV

finally served an amended privilege log on May 16, along with a letter identifying documents that DIRECTV would produce to Plaintiffs which had been improperly withheld for privilege. *Id.* ¶ 16. Plaintiffs subsequently raised additional concerns, prompting DIRECTV to serve a presumptively final log on June 6. *Id.* ¶¶ 17-18.

Once again, Plaintiffs' review of the most recent log revealed numerous deficiencies, including many that were identified in previous correspondence. In an effort to advance discussions and narrow the range of the dispute, Plaintiffs outlined a subset of those deficiencies in a July 8 letter that focused on the following categories: 1) entries where the communication was not with any attorney, or where the inclusion of a third party waived any privilege; 2) entries where DIRECTV improperly withheld non-privileged attachments; and 3) entries where DIRECTV has not provided sufficient information, such as the author of a document, document title, or adequate description, to establish its assertion privilege. *Id.,* Ex. F. The parties are currently engaged in the meet-and-confer process over the privilege log.

## III.   ARGUMENT

Once a scheduling order has been issued, Rule 16 allows "[a] schedule [to] be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (cleaned up). "When a party moves to amend the scheduling order pursuant to Rule 16(b), courts primarily consider the diligence of that party." *Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 233 (C.D. Cal. 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Although prejudice to the non-moving party might supply additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson,* 975 F.2d at 609.

Under this standard, Plaintiffs have shown good cause for the Court to grant the modest extension to the discovery schedule requested here. Plaintiffs have been diligent with respect to each of the three areas of discovery that require additional time for completion beyond August 5. In all three instances, Plaintiffs initiated discussions with their counterparties *months ago*, proposing compromise solutions to avoid the need for court intervention. In all three instances, circumstances outside of Plaintiffs' control—including the impossibility of conducting discovery regarding the new contract for Sunday Ticket which is apparently still being negotiated—created the need for the extension. In other words, adjudication of these matters will extend past the discovery period *in spite of* Plaintiffs' diligent pursuit of timely resolution.

The limited modification to the schedule avoids prejudice by allowing Plaintiffs the opportunity for a final adjudication and determination of these discovery matters. Adjudicating these discovery matters after August 5 will not prejudice Defendants, nor will it affect any other deadlines in this case.

**A.    Plaintiffs Have Diligently Pursued Discovery of** ███████
████████████████████████

There can be no serious dispute that the discovery ████████
██████████████████████████ is highly relevant to his lawsuit.
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████

There likewise can be no dispute that Plaintiffs have been diligent in their pursuit of this discovery. Plaintiffs first requested those documents in their initial requests for production, which were served ten days after this Court's initial scheduling order, more than 18 months ago. That initial request sufficed to alert the NFL Defendants of their continuing discovery obligation under Rule 26(e). Rule 26(e) requires a producing party to supplement its discovery responses upon learning that they are incomplete "in some material respect." Fed. R. Civ. P. 26(e).

████████████████████████████████████████████████

████████████████ the NFL refused to produce any document that post-dated its initial document collection *in 2021*.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████

To ensure they obtained these important documents, Plaintiffs served the NFL with an *additional* request for production ████████████████████████, which specifically reminded the NFL of its obligations pursuant to Rule 26(e). Plaintiffs did so in January 2022, even though the request was substantively duplicative of the initial request made in January 2021. Following service of those requests, Plaintiffs diligently pursued this discovery, culminating in the service of a joint stipulation on a motion to compel on March 18. The hearing date for that motion was scheduled for April 19, well ahead of the fact-discovery deadline. Instead of opposing the motion, however, the NFL agreed to produce additional

---

[3] ████████████████████████████████████████████████
████████████████████████████████████████

[4] *Id.*

documents responsive to Plaintiffs' Request 112, spanning from the date of the NFL's initial production until April 4, 2022, the date on which the parties reached an agreement as to that interim production.

Plaintiffs agreed to that compromise with the express reservation of their rights to pursue additional discovery required by the NFL's continuing discovery obligations. Plaintiffs understood that the NFL would, *at the very least*, make an additional production of documents ███████████████████████ ███████████████████████ although the scope of such future productions would be negotiated at a later date. Indeed, the parties have long contemplated a deposition ███████████████████████ as part of their agreement to exceed Rule 30's presumptive limit on the number of depositions. At this stage, Plaintiffs believed, ███████████████████████ ████████████████████████████████████████████ ███████████████████████

Plaintiffs wrote to the NFL on June 15 to request the next production of responsive documents, with the aim of completing that production ahead of the fact-discovery cutoff. Plaintiffs reasonably believed that the seven weeks between that letter and August 5 would provide the NFL Defendants with sufficient time to make an additional production with minimal burden. In the two weeks that followed, Plaintiffs endeavored to reach a compromise through the meet-and-confer process. The NFL, however, refused to produce any custodial discovery, even though Plaintiffs' request for production 112 specifically calls for such discovery. The NFL told Plaintiffs for the first time on July 5 that it also would not produce any documents ███████████████████████ Plaintiffs timely served the NFL with a joint stipulation, which they filed on July 12. Pursuant to Local Rule 37-3, the motion was slated to be heard on August 2— and therefore prior to the end of fact discovery. Because that date was unavailable on Magistrate Judge McDermott's calendar, however, the motion was noticed for August 9, the first available date.

In sum, Plaintiffs have spent the past six months diligently pursuing production of the documents ████████████████████████. The documents that Plaintiffs seek are responsive to a discovery request that Plaintiffs served *in January 2021*. And Plaintiffs would have brought this issue before the Court months ago, but for the NFL advising Plaintiffs that it would produce additional documents without a court order.

The circumstances of this particular request provide additional good cause to extend document production beyond the August 5 deadline.████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████ Rule 26(e) provides a recognized exception to a fact-discovery cutoff. It is well-established that the Rule 26(e) duty to supplement "extends beyond the discovery cutoff date." *Woods v. Google, Inc.*, 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014). Consistent with this obligation, a motion to enforce Rule 26(e)'s supplementation requirement may also be brought after the close of discovery. *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) (citing *Gamevice, Inc. v. Nintendo Co.*, 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019). In short, Rule 26(e) provides another reason to permit Plaintiffs the opportunity to enforce discovery obligations outside of the fact discovery cutoff.

Moreover, Plaintiffs' request for supplementary document productions in this area is modest and bounded. As reflected in the pending motion to compel, Plaintiffs seek two additional productions of documents: one within 15 days of the Magistrate Judge's order and one within 15 days of the date on which the NFL ████████████████████████████████████████ They also seek a 30(b)(6) deposition of an NFL witness ████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

good cause exists for those depositions to occur after the fact discovery cutoff. This Court should expressly permit such discovery to occur after August 5. To the extent there are disputes over the proper scope of such discovery, the parties can raise those issues with the Court at the appropriate time.

### B. Plaintiffs Have Been Diligently Pursuing Discovery from Apple Since September 2021

Plaintiffs have likewise been diligent in pursuing discovery from Apple. Plaintiffs served Apple with the subpoena that underlies their current dispute in September of 2021. In the nine months since Plaintiffs served that subpoena, they have made every effort to reach a mutually agreeable compromise within the fact discovery period. As soon as it became clear that a compromise would not be possible, Plaintiffs brought the issue before this Court—months prior to the fact discovery cutoff.

Plaintiffs have spent much of the past year attempting unsuccessfully to reach an agreement through the meet-and-confer process. In 2022 alone, Plaintiffs conferred with Apple on at least *13* occasions. *See* Mirzadeh Decl. ¶ 5. During these meetings, Plaintiffs agreed to narrow the subpoena requests, alleviate the burden on Apple, and to receive updates about Apple's supposed efforts to collect and produce responsive documents. Unfortunately, counsel for Apple responded with shifting positions. Counsel represented that Apple was searching for

---

[5]

responsive documents and that its efforts were slow-going. ███████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████ Apple did not produce a single document in that time. Unfortunately, these tactics were consistent with "Apple's history of avoiding discovery obligations." *Scramoge Technology Ltd v. Apple Inc.,* 2022 WL 1667561, at *4 n.3 (W.D. Tex. May 25, 2022).

On May 11, Plaintiffs informed Apple's counsel that they would move to compel absent any meaningful effort by Apple to comply with the subpoena. On May 20, on the same day that Plaintiffs served their portion of a joint stipulation in connection with that motion, Apple made its first—and only—production of documents. The production consisted of only thirteen documents, many of which contained redactions. In no way did that meagre production satisfy the subpoena.

On May 31, Plaintiffs filed their motion to compel in this Court. The motion was noticed for a June 21 hearing date, well-ahead of the August 5 discovery cut off. Plaintiffs' efforts to seek a timely resolution of this issue were stymied when Apple moved to quash the subpoena in the Northern District of California that very day. Apple filed that motion *nine months* after service of the subpoena and after voluntarily producing documents pursuant to that subpoena. On July 14, the Northern District set the hearing for Apple's motion on August 25, 2022, denying Plaintiffs' request to expedite the hearing of the motion. If the Northern District of California transfers the motion to this Court, as Plaintiffs have requested, a decision to enforce the subpoena will necessarily take place after the August 5 cutoff. In addition, any follow-on issues arising from the ruling by the Northern District or this Court will need to occur after the current cutoff.

**C.    Privilege Log Challenges**

Lastly, Plaintiffs have exercised all reasonable diligence in seeking to resolve Defendants' objections to production based upon assertions of privilege, but those

efforts were hampered by the deficiencies in the privilege logs submitted by the NFL Defendants and by DIRECTV. Pursuant to the ESI Order entered by this Court, those privilege logs were due 45 days prior to the end of fact discovery. Dkt. 198 at 12.

Plaintiffs have made every effort to ensure timely receipt of privilege logs that comply with the Federal Rules of Civil Procedure. Notably, Plaintiffs insisted that both parties submit *initial* privilege logs months ahead of the discovery deadline. Upon service of these initial logs, Plaintiffs promptly advised the NFL Defendants and DIRECTV that their privilege logs were deficient, and engaged in a meet-and-confer process whereby Plaintiffs endeavored to resolve the objections that had been raised on privilege grounds. In March, Plaintiffs asked DIRECTV to provide additional information about the titles of the individuals who DIRECTV claimed provided legal advice. Plaintiffs similarly pressed the NFL to produce documents that were created at the direction of attorneys but did not appear to contain attorney-client communications that would justify any assertion of privilege.

Upon receipt of what the NFL Defendants and DIRECTV asserted were the "final" privilege logs, Plaintiffs promptly reviewed them and advised the parties of the apparent deficient in those logs. On July 8, they sent Rule 37-1 letters to each party containing detailed challenges to hundreds of entries contained in each log. *See* Finn Decl., Ex. 10, Mirzadeh Decl., Ex. F. Plaintiffs are still endeavoring to resolve these objections, and absent resolution will be constrained to file motions to compel. Any such motions to compel would necessarily be heard after the August 5 discovery cutoff.

## IV.   CONCLUSION

Based upon the foregoing, it is respectfully submitted that the Court allow Plaintiffs to conduct the discovery described above after the August 5 discovery cutoff.

1

2

Dated: July 15, 2022                    Respectfully submitted,

3       By:   */s/ Marc M. Seltzer*
              Marc M. Seltzer

4

5       Marc M. Seltzer (54534)
        mseltzer@susmangodfrey.com
        SUSMAN GODFREY L.L.P.
6       1900 Avenue of the Stars, Suite 1400
        Los Angeles, CA 90067
7       Tel: (310) 789-3100
        Fax: (310) 789-3150

8

9       Arun Subramanian (*Pro Hac Vice*)
        asubramanian@susmangodfrey.com
        William C. Carmody (*Pro Hac Vice*)
10      bcarmody@susmangodfrey.com
        Seth Ard (*Pro Hac Vice*)
11      sard@susmangodfrey.com
        Tyler Finn (*Pro Hac Vice*)
12      tfinn@susmangodfrey.com
        SUSMAN GODFREY L.L.P
13      1301 Avenue of the Americas, 32nd Fl.
        New York, NY 10019
14      Tel: (212) 336-8330
        Fax: (212) 336-8340

15

16      Ian M. Gore (*Pro Hac Vice*)
        igore@susmangodfrey.com
        SUSMAN GODFREY L.L.P.
17      401 Union Street, Suite 3000
        Seattle, WA 98101
18      Tel: (206) 505-3841
        Fax: (206) 516-3883

19

20      Armstead Lewis (*Pro Hac Vice*)
        alewis@susmangodfrey.com
        SUSMAN GODFREY L.L.P.
21      1000 Louisiana, Suite 5100
        Houston, TX 77002
22      Tel: (713) 651-9366
        Fax: (713) 654-6666

23

24      Scott Martin (*Pro Hac Vice*)
        smartin@hausfeld.com
        HAUSFELD LLP
25      33 Whitehall Street, 14th Floor
        New York, NY 10004
26      Tel: (646) 357-1100
        Fax: (212) 202-4322

27

28      Christopher L. Lebsock (184546)
        clebsock@hausfled.com
        HAUSFELD LLP
        600 Montgomery St., Suite 3200

17

San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*