| | |
|---|---|
| Marc M. Seltzer (54534)<br>mseltzer@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Phone: (310) 789-3100<br>Fax: (310) 789-3150 | Howard Langer (*Pro Hac Vice*)<br>hlanger@langergrogan.com<br>LANGER GROGAN AND DIVER PC<br>1717 Arch Street, Suite 4020<br>Philadelphia, PA 19103<br>Tel: (215) 320-5660<br>Fax: (215) 320-5703 |

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DECLARATION OF TYLER FINN IN SUPPORT OF MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: August 19, 2022<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

I, Tyler Finn, declare under penalty of perjury that the following is true and correct:

1. I am over the age of twenty-one (21) years and am an associate at Susman Godfrey LLP. I am counsel of record for Plaintiffs Ninth Inning, Inc., 1465 Third Avenue Restaurant Corp., Robert Gary Lippincott, Jr., and Jonathan Frantz in the above-captioned litigation. I submit this declaration in support of Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery.

2. I am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this declaration, and each of the facts and statements is true and correct.

**The Dispute**

3. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents to NFL Defendants, served on January 22, 2021.

4. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' Fifth Set of Requests for Production of Documents to NFL Defendants, served on January 20, 2022.

5. Attached hereto as Exhibit 3 is a true and correct copy of the NFL's Objections and Responses to Plaintiffs' Fifth Set of Requests for Production of Documents.

6. Attached hereto as Exhibit 4 is a true and correct copy of the Rule 37-1 letter that I sent to Jeremy Barber, counsel for the NFL defendants, on March 7, 2022.

7. On March 17, I served the NFL Defendants with Plaintiffs' portion of a joint stipulation for a motion to compel production of documents. Plaintiffs ultimately decided not to file that motion because the NFL Defendants had agreed to additional productions [REDACTED]. Although no agreement was reached as to the scope of those additional productions, I understood that the

1  NFL had agreed to make an additional production of documents ▮▮▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3   8.  Attached hereto as Exhibit 5 is a true and correct copy of email correspondence between myself and Jeremy Barber spanning from March 31 to April 5, 2022.

6   9.  Attached hereto as Exhibit 6 is a true and correct copy of the Rule 37-1 letter that I sent to Mr. Barber on June 15, 2022.

8   10.  On June 17, 2022, I participated in a meet-and-confer with counsel for the NFL Defendants during which the NFL agreed to consider Plaintiffs' proposal that the NFL complete three additional productions responsive to RFP 112.

11   11.  On June 24, 2022, I participated in another meet-and-confer with NFL's counsel, during which Mr. Barber represented to me that the NFL Defendants would not be producing any further documents in response to RFP 112, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15   12.  On June 27, 2022, I wrote to the NFL's counsel to propose a compromise whereby the NFL would produce, at least 14 days before the 30(b)(6) deposition of the NFL, documents sufficient to show ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20   13.  Attached hereto as Exhibit 7 is a true and correct copy of an email chain between myself and Jeremy Barber, spanning from June 15 to June 29, 2022.

22   14.  On June 29, 2022, I spoke with counsel with the NFL about Plaintiffs' compromise proposal. During that call, the NFL agreed to produce documents as requested by Plaintiffs before the 30(b)(6) deposition. The NFL would not agree, however, to producing any additional custodial discovery prior to ▮▮▮▮▮ ▮▮▮▮▮ I subsequently sent a follow-up email outlining Plaintiffs' reaction to that counterproposal, seeking assurances that the production would be made in a timely fashion, that it would encompass documents ▮▮▮▮▮

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that an NFL witness would be made available for deposition. That email is part of the email chain on Exhibit 7.

15. On July 5, 2022, I spoke by phone with counsel for the NFL. On that call, counsel for the NFL indicated that the NFL would not agree to produce any additional custodial discovery, even after an agreement is reached.

**The Dispute Over the NFL's Privilege Log**

16. The NFL produced its initial privilege log on March 2, 2022.

17. Attached hereto as Exhibit 8 is a true and correct copy of the Rule 37-1 letter that Plaintiffs' counsel sent to Jeremy Barber on April 5, 2022.

18. Plaintiffs' counsel and the counsel for the NFL Defendants met and conferred on April 14, 2022.

19. Attached hereto as Exhibit 9 is a true and correct copy of email correspondence between Plaintiffs' counsel and the counsel for the NFL Defendants spanning from April 5, 2022 to April 21, 2022.

20. The NFL produced its final privilege log on June 21, 2022. The log is 54 pages and contains 1882 unique entries.

21. Attached hereto as Exhibit 10 is a true and correct copy of the Rule 37-1 letter that I sent to Max Warren, counsel for the NFL Defendants, on July 8, 2022.

22. The parties plan to meet-and-confer on this issue on July 18, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 15th day of July, in New York, NY.

*/s/ Tyler Finn*
Tyler Finn