UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|
| S. Lorenzo | |
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NBCUNIVERSAL MEDIA, LLC (Dkt. 517)**

Before the Court is Plaintiffs' Motion To Compel Production Of Documents By NBCUniversal Media, LLC ("NBC").  (Dkt. 517, 519.)  The Court previously entered an Order that established a process for review of redacted broadcast agreements.  (Dkt. 416, 419.)  The Order provided that unredacted copies of agreements would be reviewed by one person on an attorneys' eyes-only basis.  (Id.)  The parties conferred on the propriety of unredacting provisions of NBC's rights agreement with Notre Dame.  The parties agreed on most redactions but could not agree on whether Section 4.3 and one sentence of Section 4.2(E) of that agreement should be redacted.  NBC contends that these two provisions are confidential highly sensitive information that would result in severe competitive harm if revealed and that existing protective orders (Dkt. 197, 360) are insufficient to prevent inadvertent disclosure.  Plaintiffs do not contest that the two provisions are highly sensitive but do contend that the existing protective orders are sufficient.

In entering its prior Order (Dkt. 419), the Court saw no meaningful risk of inadvertent disclosure because all that was to occur is that <u>one</u> Plaintiffs' attorney would review unredacted versions of confidential agreements for the purpose of determining whether they are relevant and should be produced in unredacted form.  The Joint Stipulation here and accompanying declarations, however, do not address how the information encompassed in Sections 4.3 and 4.2(E) will be used going forward if unredaction were ordered.

Thus, the Court orders the parties to submit a Joint Status Report on or before **July**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

**26, 2022** regarding how these two provisions of the Notre Dame agreement will be utilized if unredacted and specifically how they will be protected from inadvertent disclosure. By "utilization," the Court is not asking for a demonstration of relevance or an explanation of how these provisions help prove Plaintiffs' case. The Court wants to know how the provisions will be used, *i.e.*, how the provisions will be stored and used in motions and at trial if at all, and who will have access to the provisions under what conditions and subject to what safeguards to protect against inadvertent disclosure. This information will enable the Court to better gauge the risk of inadvertent disclosure.

The Court also agrees with NBC's recommendation that the parties should meet and confer to discuss whether any solution short of unredaction would satisfy the litigation needs of Plaintiffs.

The currently scheduled hearing date of July 26, 2022 is hereby vacated.

|  | : |
|---|---|
| Initials of Preparer | slo |