Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**THE NFL'S *EX PARTE* APPLICATION FOR STAY OF COURT ORDER PENDING RESOLUTION OF FORTHCOMING OBJECTIONS**<br><br>Magistrate Judge: Hon. John E. McDermott<br><br>Discovery Cutoff Date: 8/5/2022<br>Pre-trial Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

# ***EX PARTE*** **APPLICATION**

Pursuant to Local Rule 7-19, Defendants National Football League and NFL Enterprises LLC ("the NFL") respectfully make this *ex parte* application to stay the Court's July 22, 2022 Order pending resolution of the NFL's forthcoming Objections to that Order pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72-2.1.

On July 22, 2022, prior to argument on the issue, this Court granted Plaintiffs' motion to compel additional discovery relating to the [REDACTED] [REDACTED], requiring the NFL to conduct multiple burdensome custodial productions on incredibly short timelines, and to present an additional witness for deposition, all after the Court-ordered deadline for fact discovery in this case. The first such custodial production was ordered to be made within 15 days of the Order, *i.e.*, by August 8, 2022, in the midst of [REDACTED] [REDACTED]. The documents at issue are highly commercially sensitive, and collection, review, and production thereof in the timeframe set forth in the Court's Order would be unduly burdensome, particularly given that (i) the parties are scheduled to depose eight witnesses during the same time frame and (ii) any production would be made *after* all current NFL employees have been deposed, obviating any time sensitivity associated with the ordered production. *See* Declaration of Jeremy S. Barber in Support of the NFL's *Ex Parte* Application to Stay Court Order ("Barber Declaration"), ¶¶ 5–10.

Within fourteen days of the Court's Order, and as soon as practicable, the NFL intends to file objections to the Order pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72-2.1. *See* Barber Declaration, ¶ 11. Because compliance with the Order within the timeframe set forth therein would effectively moot any request for review of the Order by Judge Gutierrez, the NFL respectfully requests the Court to stay its July 22, 2022 Order pending resolution of the NFL's forthcoming objections. *See Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (staying order because compliance "by the existing deadline . . . might preclude the district

judge's ability to review Respondents' anticipated Rule 72 objection, which would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether").

Pursuant to Local Rule 7-19.1, counsel for the NFL gave notice of the instant *ex parte* application by way of a telephone call with counsel for Plaintiffs on July 25, 2022. Barber Declaration, ¶ 12. Counsel for Plaintiffs later indicated their opposition to the instant motion. *Id.*

**PROCEDURAL HISTORY**

Fact discovery in this case closes on August 5, 2022. *See* Order Granting Plaintiffs' Motion to Modify the Scheduling Order, Dkt. 434, at 5. On July 12, 2022, Plaintiffs filed a motion to compel production by the NFL of [REDACTED] [REDACTED]. Dkt. 536. On July 22, 2022, the Court granted Plaintiffs' motion to compel, ordering the NFL to produce [REDACTED] [REDACTED] within 15 days of the Order, Dkt. 553, *i.e.*, by August 8, 2022, *see* Fed. R. Civ. P. 6(a)(1)(C).

On July 15, 2022, Plaintiffs filed a motion before Judge Gutierrez for permission to take limited discovery after the August 5, 2022 deadline, including discovery related to [REDACTED] [REDACTED]. Dkt. 545; Dkt. 547-1. The NFL Defendants' response is due, and will be filed, by July 29, 2022. *See* Barber Declaration ¶ 7.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Courts deciding whether to stay the effects of a magistrate judge's order pending resolution of objections thereto generally apply "the same four-factor test that applies to the stay of a district court order pending appellate review: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4)

whether the granting of the stay would serve the public interest." *See Alvarez*, 2020 WL 5632659, at *2 (collecting cases). All four factors weigh in favor of granting a stay here.

*First*, the NFL has a likelihood of succeeding on the merits of its objections. Judge Gutierrez has ordered that August 5, 2022 is the cut-off date for all fact discovery in this action. As such, the Court's July 22, 2022 Order requiring the production of documents and an additional fact deposition after August 5, 2022 would require the NFL to violate Judge Gutierrez's admonition that this cut-off date "**is the date by which all discovery is to be completed**." Order for a Jury Trial, Dkt. 435, at 2 (emphasis in original); *see also* July 8, 2022 Order Regarding Depositions After Fact Discovery Cutoff, Dkt. 532, at 1 (ordering that, other than the depositions of certain specified fact witnesses "after the August 5, 2022 fact discovery cutoff, all remaining deadlines in this case shall remain unchanged"). Moreover, Plaintiffs are not entitled to additional, continuous supplementation of information with such limited relevance to this case. [REDACTED]. And given the high commercial sensitivity of the documents and the extensive review process required to produce these documents, any additional production—particularly in this compressed timeframe—would be exceedingly burdensome on the NFL. *See* Barber Declaration, ¶¶ 5, 10. Because any duty to supplement discovery with ongoing, burdensome productions, as Plaintiffs request, does not "supersede the fact discovery cutoff as to developments thereafter," the NFL has demonstrated the requisite likelihood of success on the merits of its objections. *See Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015).

*Second*, the NFL will be irreparably injured if a stay is not granted because enforcing compliance by the deadline set forth in the Court's Order would moot the

NFL's forthcoming objections thereto and preclude review by the district court. The Court should grant the stay to preserve the NFL's right to obtain review. *See Alvarez*, 2020 WL 5632659, at *2; *Zargarian v. BMW of N. Am., LLC*, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019) (staying "compliance with the Discovery Order until such time as the District Judge has ruled on defendant's Motion for Review" because "to do otherwise would deny defendant of its right to have Local Rule 72 District Judge review of the Discovery Order").

Furthermore, compliance with the Court's order would require multiple rounds of new custodial collections and review. Due to the extreme commercial sensitivity of [REDACTED], all potentially responsive documents must go through multiple levels of attorney review during preparation for production. Barber Declaration, ¶ 5. [REDACTED]. *Id.* For these reasons, though the NFL diligently prepared for production of the last set of documents [REDACTED] it collected on or around April 4, 2022, the documents were not ready for production until May 7, 2022. *See id.* ¶ 4. Particularly given the compressed deposition schedule in the forthcoming weeks—during which the parties are conducting depositions of eight witnesses—collecting, reviewing, and producing a new set of documents would be extremely burdensome by the deadline set forth in the Court's Order. *Id.* ¶¶ 9–10. This level of burden would further injure the NFL if a stay were not granted.

*Third*, Plaintiffs would experience no prejudice from such a stay. The deadline in the Court's Order requires production by August 8, 2022, *after* the completion of all depositions of current NFL employees. As such, the production would not assist Plaintiffs' preparation for these upcoming depositions. Furthermore, these documents have no relevance to the upcoming class certification briefing. And to

the extent Plaintiffs wish to use the documents during the merits stage, they would also experience no prejudice from a stay of the Court's Order because opening merits expert reports are not due until January 6, 2023, *see* Dkt. 434, at 5, by which time Judge Gutierrez would have certainly resolved Plaintiffs' pending motion extend the fact discovery deadline and the NFL's forthcoming objections to the Court's July 22 Order. As such, a stay of the Order would impose no prejudice.

*Finally*, staying the Order would serve the public interest by preserving the district court's ability to review the Order, as contemplated by Federal Rule of Civil Procedure 72 and Local Rule 72-2.1.

For the foregoing reasons, the NFL respectfully requests that its *ex parte* application be granted.

Dated: July 25, 2022

Respectfully submitted,

/s/ *Jeremy S. Barber*

Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
130 W 42nd St, 24th Floor
New York, NY 10036
Telephone: (212) 294-8929
Facsimile: (202) 847-4005
jbarber@wilkinsonstekloff.com

Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500

Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**CONTACT INFORMATION FOR PLAINTIFFS' COUNSEL**

Pursuant to Local Rule 7-19, the NFL provides the names, addresses, telephone numbers, and e-mail addresses of Plaintiffs' counsel as follows:

- Marc M. Seltzer, mseltzer@susmangodfrey.com, 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067, Tel: (310) 789-3100
- Arun Subramanian, asubramanian@susmangodfrey.com, 1301 Avenue of the Americas, 32nd Fl., New York, NY 10019, Tel: (212) 336-8330
- William C. Carmody, bcarmody@susmangodfrey.com, 1301 Avenue of the Americas, 32nd Fl., New York, NY 10019, Tel: (212) 336-8330
- Seth Ard, sard@susmangodfrey.com, 1301 Avenue of the Americas, 32nd Fl., New York, NY 10019, Tel: (212) 336-8330
- Tyler Finn, tfinn@susmangodfrey.com, 1301 Avenue of the Americas, 32nd Fl., New York, NY 10019, Tel: (212) 336-8330
- Ian M. Gore, igore@susmangodfrey.com, 401 Union Street, Suite 3000, Seattle, WA 98101, Tel: (206) 505-3841
- Armstead Lewis, alewis@susmangodfrey.com, 1000 Louisiana, Suite 5100 Houston, TX 77002, Tel: (713) 651-9366
- Scott Martin, smartin@hausfeld.com, 33 Whitehall Street, 14th Floor, New York, NY 10004, Tel: (646) 357-1100
- Christopher L. Lebsock, clebsock@hausfeld.com, 600 Montgomery St., Suite 3200, San Francisco, CA 94111, Tel: (415) 633-1908
- Sathya S. Gosselin, sgosselin@hausfeld.com, 888 16th Street, N.W., Suite 300, Washington, DC 20006, Tel: (202) 540-7200
- Farhad Mirzadeh, fmirzadeh@hausfeld.com, 888 16th Street, N.W., Suite 300, Washington, DC 20006, Tel: (202) 540-7200
- Howard Langer, hlanger@langergrogan.com, 1717 Arch Street, Suite 4020 Philadelphia, PA 19103, Tel: (215) 320-5660

- Edward Diver, ndiver@langergrogan.com, 1717 Arch Street, Suite 4020 Philadelphia, PA 19103, Tel: (215) 320-5660
- Peter Leckman, pleckman@langergrogan.com, 1717 Arch Street, Suite 4020 Philadelphia, PA 19103, Tel: (215) 320-5660
- Kevin Trainer, ktrainer@langergrogan.com, 1717 Arch Street, Suite 4020 Philadelphia, PA 19103, Tel: (215) 320-5660