Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668−PSG (JEMx) |
|---|---|
| THIS DOCUMENT RELATES TO ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO THE NFL'S EX PARTE APPLICATION FOR STAY OF COURT ORDER PENDING RESOLUTION OF FORTHCOMING OBJECTIONS**<br><br>Magistrate Judge: Hon. John E. McDermott<br><br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

The NFL's *ex parte* application should be denied because the NFL fails to meet *its burden* of showing why the Court's July 22 order should be stayed.[1] Nor has the NFL demonstrated that the extraordinary relief of an *ex parte* motion is appropriate in this case. Instead, the application rehashes arguments about relevance and burden that the NFL previously made in opposition to Plaintiff's motion to compel and that this Court rejected. The NFL does not argue that any part of the order is clearly erroneous or contrary to law, such that it would satisfy the stringent standard for reconsideration. Nor has the NFL shown that any irreparable harm would result from compliance with the *one aspect* of the Court's order that requires action before the forthcoming motion for reconsideration is heard. The NFL's failure to satisfy these two most critical stay factors requires denial of the motion.

I.  **Legal Standard**

"An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." *Glob. Master Int'l Grp., Inc. v. Esmond Nat., Inc.*, 2021 WL 5992295, at *1 (C.D. Cal. June 14, 2021). This Court's standing order reiterates the extraordinary nature of *ex parte* applications: "Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications." *See Standing Order* ¶ 10.

A stay of a Magistrate Judge's order pending reconsideration by the District Judge, like any stay pending appeal, is not a matter of right. *See, e.g.*, *In re Republic of Ecuador*, 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012). Instead, the party

---

[1] Plaintiffs note that the Court today withdrew its order granting the underlying motion to compel. *See* Dkt. 561. Plaintiffs nonetheless file this opposition in an abundance of caution and to set forth their position. The pending motion to allow limited discovery after the discovery cutoff was also filed out of an abundance of caution. *See* Dkt. 545. The discovery sought in that motion relates in the first instance to discovery sought before the cutoff, which Defendants refused to provide, and which Plaintiffs timely moved to compel.

requesting the stay "bears the burden of showing that the circumstances justify an exercise of the court's discretion." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). As the NFL recognizes, in such a situation, courts typically apply a four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* The first two factors are the most critical. *Id.* The NFL's application for extraordinary relief from the ordinary order here falls short as to *each* factor.

**II.     The Stay Factors Weigh Against a Stay of the July 22 Order**

*First*, the NFL has not made the required "strong showing that [it] is likely to succeed on the merits" of its reconsideration motion. *See Nken*, 556 U.S. at 434. The NFL does not demonstrate any probability that the July 22 order will be reversed under the demanding standard of review that applies to that motion. Pursuant to Rule 72(a), a magistrate judge's ruling on a non-dispositive matter like this one is subject to reversal only where the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). And the NFL cannot establish that the Court's decision to compel production was clearly erroneous or contrary to law, nor does it attempt to do so. The decision was a straightforward application of the Rule 26(b) balancing factors and implicates no novel or even close questions of law. The Court concluded that the benefit to Plaintiffs of the proposed discovery outweighs any burden to the NFL in producing that discovery. That discretionary decision is unlikely to be reversed under Rule 72's demanding standard.

Nor would compliance with the order violate the fact discovery cut-off in this action, as the NFL suggests. Mot. at 3. Plaintiffs' motion to compel was based, in part, on the *incompleteness* of the NFL's discovery responses within the meaning of Rule 26(e). *See* Dkt. 551-1 at 9-10. That is especially true here because Plaintiffs

2

are seeking production of documents related to *ongoing* negotiations surrounding Sunday Ticket as opposed to documents Plaintiffs should have realized some time ago needed to be produced. And it is well-established that the Rule 26(e) duty to supplement "extends beyond the discovery cutoff date." *Woods v. Google, Inc.*, 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014). Compliance with the order would therefore not violate Judge Gutierrez's "admonition" about discovery motions. Mot. at 3 (citing Dkt. 435). That order requires only that discovery motions be timely *filed* so as to *permit* discovery to be obtained before August 5. Dkt. 435 at 2. Plaintiffs complied with this rule by filing the motion to compel on July 12, fully 24 days before the fact discovery cutoff. Moreover, Plaintiffs have also moved Judge Gutierrez for a limited-purpose extension of the discovery deadline—for the very purpose of obtaining the documents referenced in the Court's July 22 order. *See* Dkt. 555-1. In short, the NFL has not demonstrated that reversal of that order is likely.

*Second*, the NFL has not carried its burden of showing that it will be irreparably injured absent a stay. The NFL must do more than show "some possibility of irreparable injury," *Nken,* 556 U.S. at 434, from compliance with the order pending the motion for reconsideration. And it has failed to do so. The NFL claims that "enforcing compliance by the deadline set forth in the Court's Order would moot the NFL's forthcoming objections thereto and preclude review by the district court." Mot. at 3-4. Not so. While the July 22 order requires the NFL to produce an initial set of documents on August 8, it also requires the NFL to produce more documents and to make a witness available for deposition *after* "the NFL reaches an agreement for the future rights to NFL Sunday Ticket." Dkt. 553. It is undisputed that the district court will have the opportunity to determine whether the Order is clearly erroneous before that date. The NFL's motion for reconsideration will therefore not be rendered moot before that motion is heard, unlike the cases cited in the stay application. *Cf. Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D.

3

Cal. Sept. 21, 2020); *Zargarian v. BMW of N. Am., LLC*, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019). Moreover, the NFL's *two prior* productions of documents concerning the negotiations for the future rights to Sunday Ticket belies any argument that an *additional* production of the very same documents will injure the NFL irreparably.

For similar reasons, this Court should reject the NFL's claim that the burden of readying documents for production will cause them irreparable injury. Mot. at 3. The NFL, which is represented by numerous attorneys across two (principal) law firms, provides no authority for the proposition that preparing discovery constitutes "irreparable injury" in the context of a stay. The NFL will have to review documents for privilege whether the July 22 order is enforced now or after an order for reconsideration—a "burden" that is not undue, as it applies to all document productions. Nor does the NFL explain why the implication of "trade secrets and commercial sensitive information" burdens the production process. Two protective orders operate to protect the interests of parties and third parties to this litigation. *See* Dkt. 197, 422. Indeed, the NFL made these exact same arguments about burden in opposition to the motion to compel, and the Court rejected them. The Court should likewise reject the attempt to repackage those same arguments as a showing of irreparable injury.

As the NFL has failed to meet its burden on the two "most critical" factors of the stay standard, this Court should reject the application. *Nken*, 556 U.S. at 435 (suggesting that the Court need assess the harm to the opposing party and weigh the public interest only if "an applicant satisfies the first two factors").  Regardless, consideration of additional factors further weighs against granting a stay here.

Plaintiffs would be prejudiced by further delay in production. As indicated in the motion to compel, Plaintiffs have diligently pursued the requested discovery for months. Although the NFL's unwillingness to produce those documents timely and voluntarily will prevent them from being used in deposition, Plaintiffs *do* intend to

4

use this discovery in their opening class-certification briefing, to which it is plainly germane and which is due August 19, 2022. *See* Dkt. 434. The NFL has no basis to argue otherwise. Mot. at 4. Insight about the future terms of the Sunday Ticket package bears on the appropriate scope of equitable relief sought in this case, whether the putative class representatives are representative of the typical subscriber to Sunday Ticket, the merits of any procompetitive benefits asserted by the NFL (and their classwide application), as well as potentially less restrictive alternatives that were available to the NFL during the damages period.

Lastly, the public interest "does not particularly cut for or against either party." *See In re: Republic of Ecuador,* 2012 WL 13187177, at *3. The July 22 order is a garden variety application of Rule 26 that implicates no novel legal issues. *Cf. id.* (finding that "public interest is best served by granting the stay" because the matter "raises issues that are new to this district"). Contrary to the NFL's assertions, a stay would not preserve the district court's ability to review the Order. Because the Order requires only partial compliance before decision on the motion for reconsideration, the district court will be able to meaningfully review the Order without the imposition of a stay.

For the foregoing reasons, the NFL's request for extraordinary *ex parte* relief should be denied.

Dated: July 26, 2022                     Respectfully submitted,

                                         By: *Tyler Finn*
                                              Tyler Finn

                                         Marc M. Seltzer (54534)
                                         mseltzer@susmangodfrey.com
                                         SUSMAN GODFREY L.L.P.
                                         1900 Avenue of the Stars, Suite 1400
                                         Los Angeles, CA 90067
                                         Tel: (310) 789-3100
                                         Fax: (310) 789-3150

5

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)

6

hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*