MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-PSG (JEMx) |
| | **DISCOVERY MATTER** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NFL DEFENDANTS** |
| | Magistrate Judge: Hon. John E. McDermott
Date/Time: 5/17/2022, 10:00 a.m.
Discovery Cutoff Date: 8/5/2022
Pretrial-Conference Date: 2/9/2024
Trial Date: 2/22/2024 |

The limited discovery sought in this motion is demonstrably relevant to Plaintiffs' claims that the agreements for the distribution of out-of-market NFL games violate the antitrust laws. ███████████████████████

████ bear directly on the veracity of the NFL's primary justification for its anti-competitive behavior—that restricting the output of out-of-market games████████

████████████████████████████████████████ to the benefit of consumers. The NFL's ████████████████████ are relevant for that same reason.

There is no serious dispute that this discovery is relevant and proportional to the needs of this case. And the relief sought—two document productions and a limited-scope deposition tied to the execution of the agreement—preserves the finality of the discovery process while minimizing the burden on the NFL. None of the NFL's objections withstands scrutiny. The Court should grant the motion to compel.

**I.      Discovery of the Future ███████████ Is Material to Plaintiffs' Case**

The NFL's primary argument is that the future ███████████ is irrelevant to the underlying litigation because the terms of any future deal do not bear on what could have been offered to NFL fans in the past. That objection, raised for the first time in a joint stipulation, is waived. Joint Stip. at 10-11. It is also meritless.

The NFL is correct that the right to obtain discovery under Rule 26 "is not unlimited." Joint Stip. at 15. "A discovery request must be relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence." *Epstein v. MCA, Inc.,* 54 F.3d 1422, 1423 (9th Cir. 1995) (cleaned up); *see Pimentel v. City of Stockton*, 2018 WL 4488548, at *3 (E.D. Cal. Sept. 19, 2018) (motion to compel denied on basis of relevance).

The terms of ████████████████████████████████████ ██████████████ plainly meet this standard. For example, Plaintiffs seek equitable relief in this litigation. *See* Dkt. 441 at 58. The terms of ██████████████

1

1 ███████████████████████████████████████████████████████

2 will bear directly on the appropriate scope of that relief. It remains to be seen whether

3 ███████████████████████████████████████████████████████

4 ████████████████████████████████. The decisions that the NFL makes

5 with regards to output and price are relevant to the viability on its primary defense—

6 ███████████████████████████████████████████████████████

7 ███████████████████ The final terms of the agreement will test the

8 veracity of that defense. Plaintiffs dispute the notion that unspecified "changes in

9 available technology and consumer preferences" sever any relation between the

10 current agreement and ████████████████████. Joint Stip. at 3.

11      Discovery of the underlying ██████ is relevant for the same reasons. As

12 indicated in the joint stipulation, the NFL's ████████████████

13 ███████████████████████████████████████████████████████

14 ████████████████████████████. The extent to which the NFL is willing

15 to deviate from its current broadcasting model bears directly on its primary defense.

16 Discovery has revealed that the NFL will justify its behavior—which ultimately

17 results in higher consumer prices of out-of-market games—on the basis ███

18 ████████████████████████████████ Plaintiffs are entitled to

19 determine whether the NFL's primary litigation defense is consistent with its actual

20 conduct in negotiations. The negotiations are also germane for numerous other

21 reasons, including the existence of less restrictive alternatives that were available to

22 the NFL during the damages period.

23 ## II.    Plaintiffs' Requests Are Consistent with Rule 26

24      Rule 26(b) entitles Plaintiffs to the requested discovery, which is not only

25 relevant but directly responds to a request that was timely served in January 2022.

26 Nothing in Rule 26 permitted the NFL to impose an arbitrary deadline of April

27 2022—months before the discovery cutoff—after which it refused to produce

28 relevant and responsive documents. ██████████████████████

1    ████████████████████████████████████████████ Those circumstances

2    made it impossible for Plaintiffs to complete discovery regarding the new ██████,

3    the ████████████████████████████, and the manner and terms under which

4    ████████████████████████████████ before the fact-discovery cutoff.

5    As a result, the parties long contemplated that ████████████████████████

6    would prompt additional discovery. Only as the fact discovery cutoff approached did

7    the NFL change its position. The Court should not deny discovery on the basis of that

8    about-face.

9         Rule 26(e) provides *additional* justification to compel the discovery that

10   Plaintiffs request in this motion. As the NFL recognizes in its opposition, Rule 26(e)

11   requires a party to timely supplement its discovery responses when "the party learns

12   that in some material respect the disclosure or response is incomplete or incorrect."

13   Joint Stip. at 5. There can be no serious dispute that ██████████████████████

14   concerning the centerpiece of Plaintiffs' antitrust challenge will render the NFL's

15   prior responses incomplete. The NFL recognized as much until June. None of the

16   authorities cited by the NFL suggest otherwise. Unlike the discovery sought in *L.A.*

17   *Terminals, Inc. v. United Nat. Ins. Co.*, the documents requested here "would have

18   been responsive to a discovery request in the first instance." 340 F.R.D. 390, 396

19   (C.D. Cal. 2022). Given the relevance of ██████████████████████████

20   ██████, it is likewise probable that this new information will "substantially affect or

21   alter [Plaintiffs'] trial strategy." *Id.* As indicated above, the terms of the new deal will

22   govern the scope of the equitable relief that Plaintiffs will seek at trial. The

23   circumstances demand supplementation in this instance.

24   **III.    Plaintiffs' Bounded Requests Do Not Interfere with the Finality of Discovery**

25        The NFL erroneously claims that granting this motion will jeopardize the just

26   and speedy determination of this action. Joint Stip. at 15.  That argument ignores the

27   limited nature of the relief that Plaintiffs seek in this motion. Plaintiffs request just

28

two additional production of documents and a deposition concerning those documents. Each must be completed within a limited timeframe. That timeframe is governed by ███████████████████████████, ███████████████ ████████████████████████.

In contrast to the cases cited by the NFL, Plaintiffs do not seek to impose "a never ending obligation to produce documents continuously as they are created." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). Nor do Plaintiffs seek "endless rolling production" that would "indefinitely postpone trial." *Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015). Unlike the insurance data sought in *Moriarty v. Am. Gen. Life Ins,* 2021 WL 6197289, at *4 (S.D. Cal. Dec. 31, 2021), which was "incapable of ever reaching a point of permanence," Plaintiffs' proposed relief contemplates a definitive endpoint—███████████████████. To be clear, this motion does not seek any *new* discovery.  Plaintiffs bring this motion for the limited purpose of enforcing their rights to discovery requests served long ago.

The circumstances of this case dictate a bounded extension of the discovery cut-off for the limited purpose of seeking material information that will not be available before that cut-off. Plaintiffs have addressed the timeliness issue in a pending motion to Judge Gutierrez. *See* Dkt. 545.

## IV. The Benefit of Plaintiffs' Proposed Discovery Outweighs Any Burden on the NFL

Lastly, the Court should reject the NFL's objections on the basis of burden and commercial sensitivity.

The thrust of the NFL's burden objection—that the requested discovery would require collecting documents from NFL employees, reviewing for responsiveness and privilege, and doing so in the midst of other litigation deadlines—is nothing but a description of standard litigation practice. The Court need not credit that objection.

Throughout the meet-and-confer process that led to this motion, Plaintiffs proposed compromise solutions that would minimize the burden associated with producing the requested documents, such as limiting the number of custodians from whom documents were collecting and suggesting reasonably bounded search terms. Indeed, the NFL *twice* produced ████████████████████████ pursuant to this protocol. There is no reason why an additional production would be unduly burdensome.

Nor there is there any reason to deny this motion on the basis that the documents are "extremely commercially sensitive." Joint Stip. at 21. The NFL ignores the two operative protective orders in this case. *See* Dkt. 197, 422. The NFL also fails to mention that it has *twice* produced these "commercially sensitive" custodial documents pursuant to those protective orders with no apparent adverse effects on the privacy of those negotiations. Those protective orders moot any objection on the basis of commercial sensitivity. *See U.S. Interloc Matting, Inc. v. Macro Plastics, Inc.*, 2017 WL 9565569, at *3 (E.D. Cal. Nov. 14, 2017) (granting motion to compel documents containing trade secrets subject to confidentiality designation); Fed. R. Civ. P. 26(c).[1]

## V.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to compel.

---

[1] The other case on which the NFL relies, *Hartley Pen Co. v. U.S. Dist. Ct.,* 287 F.2d 324, 330 (9th Cir. 1961), is inapposite because its holding rested on an interpretation of a version of Rule 30 that was superseded by amendments to the Federal Rules of Civil Procedure which added an explicit reference to trade secrets. *See Wagner Aeronautical, Inc. v. Dotzenroth*, 2022 WL 198805, at *1 n.2 (S.D. Cal. Jan. 20, 2022) (declining to rely on *Hartley Pen Co.* in favor of the "current discovery standards established by the Federal Rules" in light of "intervening revisions" to those rules).

Dated: July 26, 2022

Respectfully submitted,

By: _/s/ Tyler Finn_
    Tyler Finn

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)

clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*