MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Co-Lead Class Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668−PSG (JEMx) |
| | **DISCOVERY MATTER** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **JOINT STATUS REPORT PURSUANT TO COURT'S JULY 6 AND JULY 18 ORDERS REGARDING PRODUCTION OF DOCUMENTS BY NBCUNIVERSAL MEDIA, LLC** |
| | Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 7/26/2022, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

Pursuant to this Court's July 18, 2022, Order concerning the production of documents from NBCUniversal Media, LLC (Dkt. No. 518), Plaintiffs and NBCUniversal Media, LLC ("NBCUniversal") respectfully submit the following Joint Status Report regarding Plaintiffs' Motion to Compel Production of Documents.

## I.      Joint Preliminary Statement

On April 26, 2022, NBCUniversal produced a redacted copy of its rights agreement with Notre Dame for the distribution of Notre Dame football. On April 29, 2022, NBCUniversal produced an unredacted version of its rights agreement with Notre Dame to Ned Diver, attorney for Plaintiffs, "[p]ursuant to the procedure outlined in the Court's Order of February 3, 2022." This Court's February 3 Order outlined a process by which Plaintiffs and the NFL's network broadcast partners (including NBCUniversal) could resolve disputes concerning redactions in their licensing and distribution agreements for football. The process established by that Order balanced two competing interests—the interest of Plaintiffs in assessing the propriety of redactions in the networks' licensing and distribution agreements, and the interest of the networks in protecting their confidential business information.

Using the framework established by this Court's February 3 Order, Mr. Diver agreed to accept all redactions proposed by NBCUniversal except for the redaction of Section 4.3 and one sentence of Section 4.2(E). Accordingly, on July 5, Plaintiffs and NBCUniversal filed a Joint Stipulation Regarding Plaintiffs' Motion to Compel Production of Documents by NBCUniversal Media, LLC. Dkt No. 519 (unredacted version proposed to be filed under seal); Dkt. 525 (filed under seal). In that Joint Stipulation, the parties set forth their positions concerning the propriety of the redactions on the contested provisions. *See, e.g.*, Dkt. No. 525 at 4-6 (Plaintiffs' position); *id.* at 6-9 (NBCUniversal's position).

1

After the parties filed their Joint Stipulation concerning Plaintiffs' motion to compel, on July 6, this Court ordered NBCUniversal to "produce to Plaintiffs their licensing and distribution agreement(s) with Notre Dame in the unredacted form as proposed by Mr. Diver." Dkt. No. 522. On July 7, pursuant to that Order, NBCUniversal produced to Plaintiffs a copy of its licensing and distribution agreement with Notre Dame with Section 4.3 and the one sentence of 4.2(E) unredacted, but with redactions on each other provision that the parties had agreed would remain redacted.

On July 18, this Court issued a second order concerning NBCUniversal's Notre Dame agreements. *See* Dkt. No. 549. In that Order, the Court sought detail on "how the information encompassed in Sections 4.3 and 4.2(E) will be used going forward if unredaction were ordered." *Id.* at 1. Thus, the Court ordered Plaintiffs and NBCUniversal to submit a Joint Status Report by July 26 detailing "how the provisions will be used, *i.e.*, how the provisions will be stored and used in motions and at trial if at all, and who will have access to the provisions under what conditions and subject to what safeguards to protect against inadvertent disclosure." *Id.*

As Plaintiffs and NBCUniversal discuss below, this Court's second Order concerning the Notre Dame agreements (Dkt. No. 549) appears in tension with the Court's first Order concerning those same agreements (Dkt. No. 522). The Court's first Order ordered NBCUniversal to "produce to Plaintiffs their licensing and distribution agreement(s) with Notre Dame in the unredacted form as proposed by Mr. Diver." Dkt. No. 522. But this Court's second Order "orders the parties to submit a Joint Status Report on or before July 26, 2022 regarding how these two [disputed] provisions of the Notre Dame agreement will be utilized if unredacted," but does not mention its previous July 6 Order. Dkt. No. 549.

Nevertheless, on July 26, pursuant to the Court's suggestion, *see* Dkt. No. 549 at 2, Plaintiffs and NBCUniversal met and conferred to discuss what additional

protections Plaintiffs could offer to NBCUniversal to ensure that all provisions of the Notre Dame contract, including Section 4.3 and the one sentence of Section 4.2(E), would be protected during the instant litigation.

Pending the outcome of this Joint Status Report, out of an abundance of caution, Plaintiffs have removed NBCUniversal's licensing and distribution agreement with Notre Dame from their document-discovery platform.

## II.   Parties' Contentions

### A.   Plaintiffs' Position

Plaintiffs have protected and will protect Section 4.3 and Section 4.2(E) from inadvertent disclosure in two ways.

*First*, NBCUniversal's production of its licensing and distribution agreement with Notre Dame is protected from disclosure by two protective orders. Those protective orders provide ample protection against the disclosure of confidential commercial information. NBCUniversal has not provided any reason why the protective orders would not secure NBCUniversal's interests in this matter here.

Indeed, pursuant to the terms of the Amended and Stipulated Supplemental Protective Order entered February 11, 2022, *see* Dkt. No. 422 (the "Protective Order"), NBCUniversal's licensing and distribution agreement with Notre Dame is protected in crucial ways. NBCUniversal's production of its licensing and distribution agreement with Notre Dame was designated as HIGHLY CONFIDENTIAL / COMMERCIALLY SENSITIVE pursuant to the terms of the Protective Order. *See* Dkt. No. 422. As set forth in that Protective Order, HIGHLY CONFIDENTIAL / COMMERCIALLY SENSITIVE information includes "sensitive material implicated in the negotiation and execution of affiliation agreements, and sensitive material implicated in the negotiation and execution of licensing agreements" including with "any NCAA athletic conference." Protective Order ¶ 1.

The Protective Order then prohibits disclosure of HIGHLY CONFIDENTIAL / COMMERCIALLY SENSITIVE information to "any outside counsel in this litigation who has any responsibility for advising any person regarding the negotiation or execution of affiliation agreements or licensing agreements with . . . any NCAA athletic conference." Protective Order ¶ 3.a.

This restriction also applies to experts. Under the Protective Order's terms, "[a]ny outside consultant or expert who receives" the Notre Dame contract "will not negotiate or advise any person with respect to the negotiation of affiliation agreements or licensing agreements with . . . any NCAA athletic conference . . . for a period of two years following the initial conclusion of this action in the district court. Protective Order ¶ 3.b. Plaintiffs negotiated this additional clause just for this purpose, and other third parties that contract for college football have found it sufficiently protective. Moreover, Plaintiffs will be disclosing the identity of their experts on August 19, 2022, pursuant to the Court's deadline for expert reports accompanying class certification motions, information to which NBCUniversal will have access.

*Second*, Plaintiffs have offered NBCUniversal three additional protections to ensure that Section 4.3 and the one sentence of Section 4.2(E) are protected from inadvertent disclosure during the litigation.

1. Plaintiffs will submit to NBCUniversal a letter confirming that the provisions of the Protective Order specifically includes telecast rights agreements and amendments, such as those contained in the NBCUniversal's production of the Notre Dame agreement. Thus, Plaintiffs will expressly agree that the provisions of the Protective Order apply to NBCUniversal's production of the Notre Dame agreement, which was designated as HIGHLY CONFIDENTIAL / COMMERCIALLY SENSITIVE and will treat it accordingly under the Protective Order.

2. Plaintiffs will provide three (3) days' notice prior to filing or citing the relevant provisions in documents that would be filed on the docket or used in depositions other than the deposition of Comcast Corporation or NBCUniversal.

3. Plaintiffs will file any document referencing the unredacted provisions, including the contract itself, under seal.

In all, the protective orders that the parties have negotiated and this Court has entered, and the additional protections Plaintiffs offer here, are more than sufficient—and have been found to be more than sufficient for multiple third parties in this action—to ensure that Section 4.3 and the one sentence of Section 4.2(E) remain fully protected from inadvertent disclosure.

**B.    NBCUniversal's Position**

NBCUniversal believes that there is tension between the Court's July 6 (Dkt. No. 522) and July 18 Orders (Dkt. No. 549).  For the reasons stated by NBCUniversal in the Joint Stipulation submitted by the parties on July 5 (Dkt. No. 519), the Court should deny the Plaintiffs' Motion to Compel and enter the attached NBCUniversal proposed order. Alternatively, NBCUniversal and Plaintiffs have agreed to the list of additional protections for the provisions in question, as set forth by Plaintiffs' on pages 4-5 above.

The July 6 Order apparently required NBCUniversal to "produce to Plaintiffs their licensing and distribution agreement(s) with Notre Dame in the unredacted form," as proposed by Mr. Diver, within three days of its order, while the July 18 Order requires the Parties to provide this Joint Status Report outlining how the two provisions that NBCUniversal seeks to keep redacted would be utilized, "if unredacted."  The Court "agree[d] with NBC's recommendation that the parties should meet and confer to discuss" whether solutions short of unredaction would satisfy Plaintiffs' litigation needs.  The July 18 Order does not mention the July 6

Order.

For the reasons stated by NBCUniversal in the Parties' Joint Status Report of July 5 (Dkt. No. 519), NBCUniversal believes that the provisions at issue, i.e., the last sentence of Section 4.2(E) and the entirety of Section 4.3, should remain redacted.[1]

Alternatively, if the Court orders in connection with this Joint Status Report the unredaction of the two disputed provisions, NBCUniversal and Plaintiffs have agreed to the list of additional protections as offered by Plaintiffs on pages 4-5 of this Joint Status Report and hereby accepted by NBCUniversal.[2]

NBCUniversal respectfully asks that the Court hold that the disputed provisions remain redacted to prevent the risk of significant commercial prejudice that NBCUniversal would face if the contents of these provisions were disclosed, even inadvertently.  NBCUniversal respectfully encloses the attached NBCUniversal Proposed Order to this effect.

---

[1] As explained in the Parties' Joint Status Report (Dkt. No. 519), although NBCUniversal appreciates the presence of the multiple protective orders in this matter, they are nonetheless insufficient to protect fully against inadvertent disclosure of the redacted information.

[2] NBCUniversal and Plaintiffs agreed to these protections during their meet and confer on July 26, 2022. *See* Joint Status Report, July 26, 2022 at 2-3.

Dated: July 26, 2022                Respectfully submitted,

                                    By:   */s/ Ned Diver*
                                          Ned Diver

                                    Edward Diver (*Pro Hac Vice*)
                                    ndiver@langergrogan.com
                                    Howard Langer (*Pro Hac Vice*)
                                    hlanger@langergrogan.com
                                    Peter Leckman (235721)
                                    pleckman@langergrogan.com
                                    Kevin Trainer (*Pro Hac Vice*)
                                    ktrainer@langergrogan.com
                                    LANGER GROGAN AND DIVER PC
                                    1717 Arch Street, Suite 4020
                                    Philadelphia, PA 19103
                                    Tel: (215) 320-5660
                                    Fax: (215) 320-5703

                                    Marc M. Seltzer (54534)
                                    mseltzer@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
                                    1900 Avenue of the Stars, Suite 1400
                                    Los Angeles, CA 90067
                                    Tel: (310) 789-3100
                                    Fax: (310) 789-3150

                                    Arun Subramanian (*Pro Hac Vice*)
                                    asubramanian@susmangodfrey.com
                                    William C. Carmody (*Pro Hac Vice*)
                                    bcarmody@susmangodfrey.com
                                    Seth Ard (*Pro Hac Vice*)
                                    sard@susmangodfrey.com
                                    Tyler Finn (*Pro Hac Vice*)
                                    tfinn@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P
                                    1301 Avenue of the Americas, 32nd Fl.
                                    New York, NY 10019
                                    Tel: (212) 336-8330
                                    Fax: (212) 336-8340

                                    Ian M. Gore (*Pro Hac Vice*)
                                    igore@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
                                    1201 Third Avenue, Suite 3800
                                    Seattle, WA 98101
                                    Tel: (206) 505-3841
                                    Fax: (206) 516-3883

                                    Armstead Lewis (*Pro Hac Vice*)
                                    alewis@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
                                    1000 Louisiana, Suite 5100

Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

*Plaintiffs' Co-Lead Counsel*

_____/s/_____

Arthur J. Burke

**DAVIS POLK & WARDWELL**

1600 El Camino Real

Menlo Park, CA, 94025

(650) 752-2000

arthur.burke@davispolk.com


*Counsel for Non-Party Comcast*