WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone: (213) 337-9972
Facsimile: (213) 403-4906

*Attorneys for Non-Party Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**NON-PARTY APPLE INC.'S APPLICATION UNDER LOCAL RULE 79-5 TO SEAL PORTIONS OF ITS STATEMENT REGARDING PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>Judge: Hon. Philip S. Gutierrez<br><br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

TO THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 79-5.2.2(a), non-party Apple Inc., by and through its undersigned counsel, respectfully submits this application requesting the Court seal the following documents lodged concurrently herewith:

1. The unredacted version of Non-Party Apple Inc.'s Statement Regarding Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery;
2. The unredacted Declaration of Bethany Stevens in Support of Non-Party Apple Inc.'s Statement Regarding Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery ("Stevens Declaration");
3. Exhibit A to the Stevens Declaration; and
4. Exhibit B to the Stevens Declaration.

While courts historically have recognized a general right of the public to access court records, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records ... [that is] expressly limited to judicial records filed under seal when attached to a non-dispositive motion." *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013). Accordingly, a party seeking to seal materials related to non-dispositive motions must show cause rather than the more restrictive "compelling need" standard that applies in connection with dispositive motions. *See Linex Techs., Inc. v. Hewlett–Packard Co.*, No. C 13–159 CW, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014).

Here, good cause exists to grant Apple's request to seal because the subject information is non-public, commercially sensitive information, the disclosure of which could harm Apple. As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business

information that might harm a litigant's competitive standing." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and stating that "it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.").

The sensitivity of the information Apple requests to be sealed via this Application is detailed in the sealed Declaration of Steve Smith, submitted in opposition to Plaintiffs' Motion to Compel. (*See* Dkt. No. 491-12.) Apple's instant request is thus consistent with the Court's prior orders sealing similar portions of the briefing on Plaintiffs' Motion to Compel. (*See* Dkt. Nos. 490, 498, 505, 554.)

For the foregoing reasons, Apple requests that the Court seal and redact the documents as indicated in the Proposed Order submitted herewith.

Dated: July 29, 2022                    Respectfully submitted,

WALKER STEVENS CANNOM LLP

　　　*/s/ Bethany Stevens*　　　
Bethany Stevens

*Attorneys for Non-Party Apple Inc.*