WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone: (213) 337-9972
Facsimile: (213) 403-4906

*Attorneys for Non-Party Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**NON-PARTY APPLE INC.'S STATEMENT REGARDING PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date/Time: 8/19/22, 1:30 p.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

Non-party Apple Inc. ("Apple") respectfully submits the following Statement regarding Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery filed on July 15, 2022 (Dkt. No. 545, the "Motion").

In the Motion, Plaintiffs seek additional time after the close of fact discovery to adjudicate discovery disputes, including a dispute concerning Plaintiffs' subpoena to Apple that is currently the subject of a motion to quash in the United States District Court for the Northern District of California. (*See In re Nat'l Football League's "Sunday Ticket" Litig.*, Case No. 3:22-mc-80140-DMR (N.D. Cal.) (the "ND Cal Dkt.")). Plaintiffs state that, "[i]f [Apple's] motion is transferred to this Court, as Plaintiffs have requested, or further action is required to carry out the Northern District's ruling, it will necessarily occur after the August 5 deadline." (Mot. at 3.) Apple takes no position on Plaintiffs' Motion or whether the relief sought therein is ripe or appropriate. However, Plaintiffs' Motion mischaracterizes their dispute with Apple, Apple's efforts to comply with the subpoena, and Plaintiffs' own actions that have created the timing predicament of which they now complain. Therefore, Apple submits this Statement to supplement and correct the facts set forth in the Motion regarding the Apple-related dispute.

A complete factual background regarding this subpoena-related dispute is set forth in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Production of Documents By Apple Inc., submitted to Magistrate Judge McDermott on May 31, 2022. (*See* Dkt. No. 487-4 (redacted version); Dkt. No. 491 (sealed version).) At least the following two aspects of this background are germane to the Motion.

*First*, Plaintiffs state in the Motion that their subpoena to Apple seeks "[REDACTED]." (Mot. at 6.) The actual dispute, however, is meaningfully narrower, as Apple has already produced or consented to the NFL's production via party discovery of documents comprising or reflecting [REDACTED]

1

| | |
|---|---|
| 1 | ███████████████████████. (Stevens Decl. at ¶ 4.) The current dispute thus |
| 2 | concerns only Plaintiffs' demands for ████████████████████████████ |
| 3 | ████████████████████████████████████████████████████████████████ |
| 4 | ████████████████████████████████████████████████████████████████ |
| 5 | ████████████████████████████████████████████████████████████████ |
| 6 | ████████████████████████████████████████████████████████████████ |
| 7 | ██████████████████████████████. With respect to this limited universe of |
| 8 | ██████████████████████████, Apple has steadfastly maintained its objection to |
| 9 | the production of such documents since its initial letter objections in November 2021. |
| 10 | (*Id.* at ¶ 2, Ex. A.) Thereafter, Apple spent months negotiating with Plaintiffs' |
| 11 | counsel regarding what documents Apple could produce (or work with the NFL to |
| 12 | produce in party discovery) that would provide Plaintiffs with the information they |
| 13 | sought without compromising Apple's standing objection to the production of █████ |
| 14 | ███████████. (*Id.* at ¶ 3.) Plaintiffs' delay until May 31, 2022 to move to |
| 15 | compel Apple ████████████ was their choice. |
| 16 |     *Second*, that the adjudication of Plaintiffs' subpoena-related dispute may |
| 17 | continue past the August 5 discovery cutoff is entirely attributable to Plaintiffs' |
| 18 | willful disregard for the procedures of Federal Rule of Civil Procedure 45. Rule |
| 19 | 45(f) provides that a subpoena-related motion should be addressed by the court |
| 20 | where compliance with the subpoena is required pursuant to Rule 45(c) — in this |
| 21 | case, the Northern District of California — unless such court transfers the motion to |
| 22 | the court where the action is pending either with the consent of the subpoenaed |
| 23 | party or based upon a finding of "exceptional circumstances." Fed. R. Civ. P. 45(f). |
| 24 | Here, Apple did not consent to transfer and maintained — again, since its initial |
| 25 | letter objections in November 2021 — that the Northern District was the proper |
| 26 | venue for any subpoena-related motion. (Stevens Decl. at ¶ 2, Ex. A.) Apple urged |
| 27 | Plaintiffs to file their motion to compel in the Northern District and affirmatively |
| 28 | offered to not oppose a motion to expedite briefing in connection with such a filing |

in consideration of Plaintiffs' discovery deadlines, but Plaintiffs refused. (*Id*. at ¶ 5, Ex. B.) Instead, Plaintiffs filed their motion to compel in this district on May 31, 2022, as if Rule 45 did not apply to them. (Dkt. No. 486.)

That same day, Apple filed a motion to quash Plaintiffs' subpoena in the Northern District to avoid waiver of its jurisdictional objection. (*See* N.D. Cal. Dkt. No. 1.) On June 7, 2022, Apple met and conferred with Plaintiffs regarding Apple's request to expedite and seal any hearing on the motion to quash in the Northern District, but Plaintiffs were unwilling to stipulate to an expedited or sealed hearing. (Stevens Decl. at ¶ 6.) On June 9, 2022, Judge McDermott denied Plaintiffs' motion to compel in this district, citing the authority conferred to the Northern District "plainly and unequivocally" by Rule 45(d)(1), Rule 45 (d)(2)(i) and Rule 45(f) and stating: "Plaintiffs will have to enforce their subpoena in the Northern District or demonstrate exceptional circumstances to that Court to obtain transfer back to this Court." (Dkt. No. 499.) The hearing on Apple's motion to quash is set for August 25, 2022. (*See* N.D. Cal. Dkt. No. 24.)

Dated: July 29, 2022                    Respectfully submitted,

                                                    WALKER STEVENS CANNOM LLP

                                                    */s/ Bethany Stevens*
                                                    Bethany Stevens

                                                  *Attorneys for Non-Party Apple Inc.*