DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
M. RANDALL OPPENHEIMER (S.B. #77649)
  roppenheimer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

*Attorneys for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**NON-PARTY DIRECTV, LLC AND DIRECTV HOLDINGS LLC'S STATEMENT REGARDING PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>**(DECLARATION OF JEFFREY A. N. KOPCZYNSKI)**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: August 19, 2022<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

Non-Party DIRECTV, LLC and DIRECTV Holdings LLC (collectively, "DIRECTV") submit this statement in response to Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery, Dkt. No. 545 ("Plaintiffs' Motion"). While DIRECTV takes no position on Plaintiffs' Motion, Plaintiffs' recitation of events as it relates to DIRECTV's discovery efforts contains material omissions and mischaracterizations.[1] DIRECTV believes it important that the Court receive a full record before deciding Plaintiffs' motion.

Notably, Plaintiffs have not attached to their motion DIRECTV's multiple responses to Plaintiffs' letters regarding DIRECTV's privilege log. The letters show DIRECTV's cooperative discovery efforts to-date and Plaintiffs' lack of diligence, including their repeated refusal to engage in a document-by-document discussion of DIRECTV's privilege log, as the law requires. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 245 (N.D. Cal. 2015) (the challenging party must "specifically explain why it should have access to each document"). In this statement, we provide the Court additional color on the course of events to-date, so that the Court can make a decision based on a more complete record.

1. After extensively negotiating the scope of Plaintiffs' over 100 requests for production seeking documents from a nearly thirty-year time period and from almost two dozen custodians, DIRECTV produced almost half a million documents—drawing from a time period including multiple mergers, a corporate divestment, and this litigation—and hundreds of terabytes of structured data to Plaintiffs.

2. The Plaintiffs agreed that DIRECTV would produce its privilege log on February 18, 2022. Dkt. No. 376. DIRECTV timely produced its log on that date—nearly ***six months ago***. Of the half million documents, DIRECTV asserted privilege over only 6 percent of them, totaling approximately 30,000 documents. Kopczynski

---

[1] Plaintiffs' represent that their Motion is made following conferences with counsel on July 7 and 8, but DIRECTV did not conference with Plaintiffs on those dates, and did not receive notice of this Motion prior to its filing. *See* Notice of Mot. at 1.

Decl. ¶ 7. Of those 30,000 documents, DIRECTV produced in redacted form over 8,000 of them. *Id.*

3. On March 22, 2022, Plaintiffs sent a purported deficiency letter challenging every single entry on DIRECTV's privilege log and demanding a new, significantly restructured privilege log within a mere two weeks their letter. Mirzadeh Decl., Ex. E.

4. On April 8, 2022, DIRECTV sent a detailed response to Plaintiffs' March 22 letter, correcting Plaintiffs' mis-reading of DIRECTV's privilege log, offering to correct certain typos Plaintiffs identified in the log, and agreeing to reevaluate its privilege designation over certain entries. Kopczynski Decl., Ex. 1.

5. After spending multiple hours engaging with Plaintiffs, including across three separate meet-and-confer calls, and repeatedly urging Plaintiffs to identify with more specificity their privilege challenges, on April 29, 2022, DIRECTV produced at significant expense, an affiliation list, which contained the names and affiliations of each individual on DIRECTV's privilege log. *Id.* ¶ 8. That document contained nearly 3500 individual entries. *Id.* ¶ 8. & Ex. 2. On May 16, 2022, DIRECTV also served an updated privilege log correcting certain scrivener-type mistakes and reflecting DIRECTV's updated privilege designation of certain documents. *Id.* at Ex. 3.

6. On June 6, 2022, DIRECTV further produced to Plaintiffs an updated privilege log which, at Plaintiffs' request, added email subject fields for fully withheld emails and filenames for attachments and loose files—fields Plaintiffs seemingly have not actually used in their further challenges to DIRECTV's log. *Id.* ¶ 9 & Ex. 4.

7. On July 15, 2022, Plaintiffs sent a new purported privilege log deficiency letter, lodging objections to more than 7,000 entries—almost a quarter of DIRECTV's privilege log, just a day after filing a stipulation to extend discovery of third-party DIRECTV witnesses and just weeks before the close of fact discovery in this case. Mirzadeh Decl., Ex. F. That letter was deficient under Rule 37-1 because it contained widespread data issues making it impossible for DIRECTV to understand which entries

Plaintiffs were challenging and therefore failed to properly "identify each issue and/or discovery request in dispute." *See* Local Rule 37-1. Kopczynski Decl. ¶ 10. Plaintiffs committed to providing an updated spreadsheet of their challenges to DIRECTV's privilege log by July 25, and sent DIRECTV that spreadsheet on July 26. *Id.*

8. During this same time, DIRECTV has spent hundreds of hours interviewing DIRECTV's data engineers and consultants in order to respond to the parties' structured data questions, which now total over 300 (many of which include dozens of subparts and alternative options making one question in fact dozens of questions). *Id.* ¶ 11.

9. In addition, DIRECTV has engaged in extensive efforts to schedule depositions of DIRECTV's witnesses. Over the course of the past few months, DIRECTV has spent several dozen hours tracking down a dozen witnesses Plaintiffs' intend to depose in their 30(b)(1) and 30(b)(6) capacities, six of whom are former employees and some of whom have not been at DIRECTV for more than a decade. *Id.* ¶ 11. DIRECTV spent countless more hours scheduling depositions for DIRECTV witnesses on dates that Plaintiffs' originally told us they were available, only to have Plaintiffs request DIRECTV go back to each witness to find new dates because Plaintiffs' (at least) three law firms were unable to accommodate any of their originally proposed dates. *Id.* Indeed, DIRECTV spent hours preparing a witness in his 30(b)(6) capacity, only to have Plaintiffs cancel his 30(b)(6) deposition on the week of his deposition due to Plaintiffs' admitted unpreparedness. *Id.*

In short, any suggestion by Plaintiffs that non-party DIRECTV has been anything but cooperative over the course of discovery in this case is demonstrably false.

| | | |
|---|---|---|
| Dated: July 29, 2022 | | By: */s/ Katrina Robson*
KATRINA ROBSON
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 326-2128
Facsimile: (202) 383-5414

*Attorneys for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC* |