# EXHIBIT 5



O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:
35586-21

July 15, 2022

**Jeffrey A. N. Kopczynski**
D: +1 212 728 5675
jkopczynski@omm.com

**CONFIDENTIAL**
**VIA E-MAIL**

Sathya S. Gosselin
Farhad Mirzadeh
Hausfeld LLP
888 16th Street, N.W.
Suite 300
Washington, DC 20006
sgosselin@hausfeld.com
fmirzadeh@hausfeld.com

*Re:*   *In re National Football League's Sunday Ticket Antitrust Litigation,*
         *Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)*

Counsel,

We write on behalf of third-party DIRECTV, LLC and DIRECTV Holdings, LLC (collectively, "DIRECTV") regarding Plaintiffs' July 8 letter about DIRECTV's privilege log. Plaintiffs have marked more than ***7,000*** entries[1] – almost a quarter of DIRECTV's privilege log just weeks before the close of fact discovery in this case – without providing the specificity necessary for DIRECTV to understand or respond to Plaintiffs' challenge.  *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 245 (N.D. Cal. 2015) (the challenging party must "specifically explain why it should have access to *each* document").  Challenging thousands of entries categorically, as Plaintiffs have done, is counterproductive and unworkable, particularly given that the log data Plaintiffs have provided is erroneous and does not align with DIRECTV's controlling privilege log.

Far from "narrow[ing] the scope" of a potential privilege dispute, as Plaintiffs have represented, Plaintiffs' letter introduces ambiguity and confusion into the discovery negotiations. And it does so only ***after*** Plaintiffs obtained an agreement to extend discovery of third-party DIRECTV witnesses, a blatant, inappropriate, and ultimately ineffectual attempt to use the extension as an opportunity to manufacture additional privilege challenges against DIRECTV.

---

[1] DIRECTV has tabulated the number of entries challenged using the data Plaintiffs provided but, as discussed more below, that data is seemingly erroneous and unreliable to the point that DIRECTV is unable to identify precisely which entries Plaintiffs intended to select.

Austin • Century City • Dallas • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

O'Melveny

---

Plaintiffs demand an immediate response to this scattershot, hastily compiled, immensely broad and flawed list of privilege challenges without an acknowledgement or appreciation for the good-faith efforts that DIRECTV has taken in the last two months to respond to Plaintiffs' last-minute, often burdensome demands.  In just the last 60 days, DIRECTV has:

- prepared, redacted, and produced to Plaintiffs an updated privilege log, which at Plaintiffs' request includes email subject fields for fully withheld emails and filenames for attachments and loose files;

- prepared a data-reference table to allow Plaintiffs to identify their own transactional data because Plaintiffs failed to preserve their DIRECTV invoicing and other records;

- spent weeks interviewing DIRECTV's viewership and transactional data engineers in order to respond to the parties' structured data questions, which now total over 300 (many of which include dozens of subparts and alternative options making one question in fact dozens of questions);

- prepared for and participated on multiple meet-and-confers with Plaintiffs regarding their extraordinarily overbroad eighteen 30(b)(6) Topics, some of which contained nine or more individual subparts;

- spent several dozen hours interviewing witnesses to determine the appropriate 30(b)(6) witness for Plaintiffs' multi-part overbroad Topics;

- spent several dozen hours tracking down the nine DIRECTV witnesses Plaintiffs' intended to depose in their 30(b)(1) capacity, six of whom are former employees and some of whom have not been at DIRECTV for more than a decade;

- spent countless more hours scheduling depositions for DIRECTV witnesses on dates that Plaintiffs' originally told us they were available, only to have Plaintiffs request DIRECTV go back to each witness to find new dates because Plaintiffs' (at least) three law firms were unable to accommodate any of their originally proposed dates; and

- spent several dozen hours preparing witnesses for deposition, including ███████████ in his 30(b)(6) capacity, only to have Plaintiffs cancel his 30(b)(6) deposition on the week of his deposition due to Plaintiffs' own unpreparedness.

In addition, on May 27, Plaintiffs demanded that DIRECTV send the titles of 24 individuals, a list that included individuals that have not worked at the company for years and that spanned multiple affiliates, mergers, and divestments—in short, a demand that necessitated substantial historical research to little purpose.[2]  While we've had multiple meet and confers between May 27 and Plaintiffs' July 8 letter (and heard from Plaintiffs via email numerous more times), *not once* have you followed up on this request nor asked us to prioritize

---

[2] The precise title of an individual has no bearing on whether a document is privileged or not – if the individual was a DIRECTV attorney, it simply does not matter whether their title was, e.g., Senior Legal Counsel or Associate General Counsel.

2

O'Melveny

it over the other dozens of individual requests we've received from you and responded to.  In any event, we have appended to this letter, the complete list of titles that you requested.  We also note that, as with the privilege log, your requested list of names shows a lack of diligence on *your* part.  Certain of these names appear, ***with their titles***, in the documents available to you through our document production.  *See, e.g.*, DIRECTV-ST-01982217 (containing ███ ████ title); DIRECTV-ST-02929872 (containing ██████████████ title); DIRECTV-ST-02404357 (containing ████████████████ title); DIRECTV-ST-02174240 (containing ████████ ████ title).

       With this latest letter, Plaintiffs are again attempting to inappropriately shift the burden and responsibility for their own work onto DIRECTV.  Plaintiffs confusingly lump distinct types of privilege challenges together making it difficult, if not impossible, to assess what exactly they seek to challenge for each entry.  For Category A, which challenges over 1,600 entries, Plaintiffs purport to challenge entries where: (1) "the communication contains no attorney"; (2) "where the inclusion of a third party waives the privileges"; or (3) "where there are so many individuals involved in the communication that the communication was not intended to be kept privileged or confidential."  These are three different types of challenges, but Plaintiffs expect DIRECTV to figure out which of these objections Plaintiffs seek to invoke for each entry.  The same is true for Category C, where for over 1500 entries, Plaintiffs expect DIRECTV to determine if they seek to challenge insufficient information about: (1) "the author of a document"; (2) "document title"; or (3) "description."

       More problematically, the edited version of the privilege log you sent contains widespread data issues that make it impossible to identify the documents Plaintiffs are challenging.  DIRECTV-PRIV-0011037, DIRECTV-PRIV-0001866, DIRECTV-PRIV-0001897, DIRECTV-PRIV-0001998 are just a few examples of control numbers that do not match the entries we have in our June 6 privilege log.  It appears possible that Plaintiffs either did not use the latest version of DIRECTV's privilege log or created isolated data by sorting some columns out of sync with other columns.  Regardless, the data does not make sense and DIRECTV is unable to ascertain which entries are being challenged.

       For there to be a meaningful meet-and-confer, Plaintiffs must correct the deficiencies in their letter and attachments and provide a document-by-document basis for their purported privilege challenge, as the law requires.  *Samsung Elecs. Co.*, 306 F.R.D. 234 at 245 (N.D. Cal. 2015).  DIRECTV is willing to discuss with you the contours of the information necessary for Plaintiffs to remediate their notice and then on a reasonable number of documents Plaintiffs identify with data DIRECTV can use.

Very truly yours,

/s/ Jeffrey A. N. Kopczynski

Jeffrey A. N. Kopczynski
*for* O'Melveny & Myers

3

**Kopczynski Exhibit 5**
**103**

O'Melveny

## Exhibit A

| Name | Position | Affiliation |
|------|----------|-------------|
| Jay ███ | ████████████ | ██████ |
| ████ | ████████ | ████ |
| ██████ | ████ | ████ |
| ████ | ██████████ | ████ |
| ████ | ████████ | ████ |
| ████ | ████ | ████ |
| ████████ | ████ | ████ |
| ████ | ████ | ████ |
| ██████ | ██████ | ████ |
| ██████ | ██████ | ████ |
| ████ | ████████ | ████ |
| ████ | ████████ | ████ |
| ████ | ████████ | ████ |
| ████ | ██████ | ████ |
| ████ | ██████ | ████ |
| ███ | ██████ | ████ |
| ████ | ████ | ████ |
| ████ | ████████ | ██████ |
| ██████ | ████████ | ████ |
| ████ | ████████ | ████ |

4



5