Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date/Time: 8/19/2022, 1:30pm<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

## I. INTRODUCTION

Plaintiffs return to this Court seeking to extend the fact discovery deadline yet again. Though Plaintiffs couch their request as a motion for limited discovery, very little about it is "limited" in nature. Plaintiffs seek three broad exemptions from the fact discovery deadline, and each request is premature for consideration by this Court. Moreover, Plaintiffs seek nothing substantive; rather, they seek to have this Court rule, in a vacuum, that they should be given unlimited time[1] to pursue three additional types of fact discovery after the Court-imposed fact discovery deadline.

As a preliminary matter, Plaintiffs' motion is untimely and should be denied on that basis alone. The Court's March 15, 2022 Order mandates that motions challenging the adequacy of discovery must be "**calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted**." Dkt. 435 at 2 (emphasis in original). However, Plaintiffs waited until July 15, 2022—21 days before the close of fact discovery—to file this motion for an extension. *See* Dkt. 545. As a result, the hearing date for the present motion is calendared for August 19, 2022, two weeks *after* the fact discovery deadline. Plaintiffs were well aware of the Court's pre-established deadlines in this case and should not be rewarded for their unnecessary delay.

At a minimum, the Court should deny Plaintiffs' motion without prejudice to re-raising the issue as part of any substantive request for discovery, if and when the merits must be resolved. Plaintiffs' motion essentially seeks an advisory ruling that they have diligently pursued discovery and that any future timeliness objections to three future discovery motions, two of which may never come to fruition, should be overruled in advance and without the benefit of full briefing on the merits of the

---

[1] Plaintiffs' Proposed Order does not include *any* deadline on the additional fact discovery they seek.

1

NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY
AFTER THE DEADLINE FOR FACT DISCOVERY
CASE NO. 2:15-ML-02668-PSG (JEMX)

discovery issues themselves. The Court should decline Plaintiffs' request to disaggregate the timeliness issues from the merits of those three disputes.

First, Plaintiffs seek to extend the deadline to take additional discovery regarding the ███████████████████████████████████████████████. This precise issue is already pending before Magistrate Judge McDermott, and it is premature for Plaintiffs to ask this Court for an extension to complete this discovery before Magistrate Judge McDermott has even determined that the discovery is proper. Second, Plaintiffs seek to extend the fact discovery deadline to seek further discovery from a third-party subpoena recipient, despite this Court's lack of jurisdiction to enforce Plaintiffs' subpoena and despite the fact that a motion to quash the subpoena is currently pending in the Northern District of California, with a hearing date set for August 25, 2022. *See* Dkt. 24, *In re Nat'l Football League's "Sunday Ticket" Litigation*, No. 22-MC-80140 (N.D. Cal. July 14, 2022). Third, Plaintiffs seek to extend the fact discovery deadline to litigate potential future disputes that may arise over the privilege logs served by the NFL Defendants and DIRECTV. Yet Plaintiffs first raised their challenges to DIRECTV's privilege log on March 22, 2022; their failure to pursue that issue with DIRECTV in the intervening four months undermines their request for an extension. *See* Non-Party DIRECTV, LLC and DIRECTV HOLDINGS LLC's Statement Regarding Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery ("DIRECTV Statement"), Dkt. 586, at 2. And Plaintiffs' present concerns with the NFL Defendants' supplemental privilege log were only raised for the first time 7 days before filing the present motion and, as was the case with the NFL Defendants' initial privilege log, may well be resolved without the need for court intervention. Resolution of the instant request is inappropriate absent confirmation that any of these issues will reach this Court.

2

NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY
AFTER THE DEADLINE FOR FACT DISCOVERY
CASE NO. 2:15-ML-02668-PSG (JEMX)

## II. PLAINTIFFS' MOTION IS UNTIMELY

The Court's March 15, 2022 Order mandates that motions challenging the adequacy of discovery must be "**calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted**." Dkt. 435 at 2 (emphasis in original). That same Order clarified that the discovery cut-off deadline "**is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed**". *Id.* (emphasis in original). And just over a week prior to the filing of Plaintiffs' motion, this Court endorsed a stipulation entered into *by Plaintiffs* making clear that, other than the depositions of certain specified fact witnesses, "*all* remaining deadlines in this case," including the August 5, 2022 fact discovery cutoff, "shall remain unchanged." Dkt. 532 (emphasis added).

Nonetheless, a week later, and 21 days before the close of fact discovery, Plaintiffs filed the present request for yet another extension of the fact discovery deadline. The hearing date for the present motion is August 19, 2022, which is more than two weeks *after* the close of fact discovery. On these grounds alone, the Court should deny this motion. *See, e.g.*, *Germaine-McIver v. County of Orange*, 2018 WL 6017022, at *2 (C.D. Cal. Oct. 10, 2018) ("The District Judge's scheduling order in this case requires all discovery disputes to be fully briefed and heard before the discovery cutoff. Under the Local Rules of this District, Plaintiff was already out of time. Had she immediately filed a motion to compel and set it for the first available court date…, *she would have had to set the hearing to take place after the discovery cutoff*. The motion was already untimely." (emphasis in original))

## III. PLAINTIFFS' MOTION IS PREMATURE.

Plaintiffs seek an unlimited extension to pursue three premature discovery issues. This Court should decline to rule on Plaintiffs' procedural motion in a vacuum; any timeliness issues related to the three lines of discovery sought by

3

NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY
AFTER THE DEADLINE FOR FACT DISCOVERY
CASE NO. 2:15-ML-02668-PSG (JEMX)

1  Plaintiffs should be considered as part of the merits of those disputes. At the very
2  least, any request for an extension to complete certain discovery is premature before
3  a determination that Plaintiffs are entitled to such discovery.

### A. Plaintiffs Are Not Currently Entitled to Discovery Relating to ▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

On July 12, 2022, Plaintiffs filed a motion to compel, seeking multiple productions by the NFL of documents relating to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ after the fact discovery cutoff and a deposition of an NFL witness to testify about those ▉▉▉▉▉▉▉▉. Dkt. 536; *see* Dkt. 551-1. Plaintiffs filed this motion despite the fact that the NFL had already produced a significant number of documents on the topic, had agreed to make available a corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure to discuss this topic within the fact discovery period, and had offered, as a compromise, to produce limited documents regarding the ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Declaration of Jeremy S. Barber in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Take Limited Discovery After The Deadline For Fact Discovery, ¶¶ 5–6. But Plaintiffs insist on more, and seek to require the NFL to undergo two additional burdensome custodial productions on incredibly short timelines and to present yet *another* corporate witness on the topic ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, all after the Court-imposed fact discovery cutoff date. *See* Dkt. 536; Dkt. 551-1.

Plaintiffs' discovery motion is currently pending before Magistrate Judge McDermott, with a hearing date of August 9, 2022.[2] In the briefing for that motion, the parties heavily disputed the timeliness of Plaintiffs' request given the forthcoming

---

[2] On July 22, 2022, Magistrate Judge McDermott signed Plaintiffs' Proposed Order. Dkt. 553. Four days later, Magistrate Judge McDermott explained that the motion to compel had been inadvertently granted, and withdrew his July 22, 2022 Order. Dkts. 561, 564.

August 5, 2022 fact discovery cutoff.  This Court should decline to resolve this timeliness issue before Magistrate Judge McDermott has determined whether Plaintiffs' request has merit.

Plaintiffs' appeal to this Court—filed while their motion implicating the same issues is pending before Magistrate Judge McDermott—essentially seeks to circumvent Magistrate Judge McDermott before he has considered their request in the first instance. In effect, Plaintiffs seek to resolve the substantive issue through their procedural request, and to bifurcate the same motion before two different judges.  Nothing in the federal or local rules, controlling case law, or the scheduling order in this case allows for this legal run-around.  Properly, Judge McDermott should rule on Plaintiffs' pending motion in the first instance—either he will permit the burdensome discovery sought by Plaintiffs after the Court-ordered fact discovery cutoff, or he will not.  The non-prevailing party may then choose to file objections to that order pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72-2.1. Before Judge McDermott has determined whether Plaintiffs are entitled to this discovery, and before any party has opted to file objections to such determination, the Court need not address whether an extension to complete that discovery is warranted.

**B. Plaintiffs Are Not Currently Entitled to Enforce Their Third-Party Subpoena.**

Plaintiffs served a third-party subpoena on Apple Inc. ("Apple") nearly a year ago, on September 17, 2021. *See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Take Limited Discovery After the Deadline for Fact Discovery, Dkt. 555-1, at 5.  Although Plaintiffs attest that they engaged in eight months of "discussions" with Apple, *id.* at 6, Plaintiffs misconstrue the facts and fail to account for how their own lack of diligence extended the time for these discussions.

|    |                                                                                                                                                 |
|----|-------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | As Apple notes in its non-party statement regarding Plaintiffs' motion, the                                                                     |
| 2  | remaining dispute as to Plaintiffs' motion to compel production by Apple has                                                                    |
| 3  | narrowed to the request for Apple's ███████████████████████████                                                                                 |
| 4  | ████. Non-Party Apple Inc.'s Statement Regarding Plaintiffs' Motion to Take                                                                     |
| 5  | Limited Discovery After the Deadline for Fact Discovery ("Apple Statement"), Dkt.                                                               |
| 6  | 584-1, at 2. On November 2, 2021, Apple served its objections to Plaintiffs'                                                                    |
| 7  | subpoena, making clear that it opposed production of ██████████████                                                                             |
| 8  | ████████████████████████████████. *See* Declaration of Bethany Stevens in                                                                       |
| 9  | Support of Apple Statement Ex. A, Dkt. 584-3. The subsequent eight months of                                                                    |
| 10 | discussions centered around production of █████████████████████████████,                                                                        |
| 11 | and Apple continuously reaffirmed during those discussions that it would not agree                                                              |
| 12 | to production of any ████████████████████████████. Apple Statement, Dkt.                                                                        |
| 13 | 584-1, at 2.                                                                                                                                    |
| 14 | Rather than diligently pursuing their request for documents reflecting Apple's                                                                  |
| 15 | ████████████, Plaintiffs waited almost seven months before moving to compel                                                                     |
| 16 | production thereof. Because Federal Rule of Civil Procedure 45(f) provides that                                                                 |
| 17 | subpoena-related motions should be addressed in the jurisdiction where compliance                                                               |
| 18 | will be required, Apple requested that Plaintiffs file their motion to compel in the                                                            |
| 19 | Northern District, and noted that it would not oppose any motion to expedite briefing                                                           |
| 20 | on the issue. *Id.* at 2–3. Plaintiffs refused, and instead filed their motion to compel                                                        |
| 21 | in this Court, on May 31, 2022, just over two months before the close of fact                                                                   |
| 22 | discovery in this case, without any accompanying request to expedite. *See* Dkt. 486.                                                           |
| 23 | Apple opposed the motion in part on the grounds that the dispute was inappropriately                                                            |
| 24 | brought before this Court under Rule 45(f). *See* Dkt. 491, at 32–33. On the same                                                               |
| 25 | day that Plaintiffs filed their motion to compel, Apple filed a motion to quash                                                                 |
| 26 | Plaintiffs' subpoena in the Northern District of California. *See* Dkt. 1, *In re Nat'l*                                                        |
| 27 | *Football League's "Sunday Ticket" Litigation*, No. 22-MC-80140 (N.D. Cal. May                                                                  |
| 28 |                                                                                                                                                 |

6

NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY
AFTER THE DEADLINE FOR FACT DISCOVERY
CASE NO. 2:15-ML-02668-PSG (JEMX)

31, 2022). Again, Apple suggested expedited briefing on the issue, but Plaintiffs again refused. Apple Statement, Dkt. 584-1, at 4.

On June 9, 2022, Magistrate Judge McDermott denied Plaintiffs' motion to compel, agreeing with Apple that Plaintiffs must "enforce their subpoena in the Northern District or demonstrate exceptional circumstances to that Court to obtain transfer back to this Court." Dkt. 499, at 3. He added: "[t]his Court lacks the discretion, authority or jurisdiction to enforce the subpoena at this time." *Id*. Plaintiffs made no attempt to demonstrate such exceptional circumstances to Magistrate Judge McDermott or file objections to his Order. In fact, Plaintiffs took no further action on the issue in this district until filing the instant motion over a month later.

The hearing on the motion to quash in the Northern District of California is scheduled for August 25, 2022. *See* Dkt. 24, *In re Nat'l Football League's "Sunday Ticket" Litigation*, No. 22-MC-80140 (N.D. Cal. July 14, 2022). Had Plaintiffs not delayed in bringing a motion after being informed by Apple in November 2021 that it opposed the requested production, or agreed to Apple's request to expedite the briefing schedule, the Northern District may have resolved the issue much earlier. Plaintiffs' demonstrated lack of urgency to comply with Court-imposed deadlines should not be rewarded; where the party requesting a modification to a scheduling order "was not diligent, the inquiry should end." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

And notwithstanding Magistrate Judge McDermott's determination that this Court currently lacks jurisdiction to enforce Plaintiffs' third-party subpoena served on Apple, Plaintiffs now seek to bypass Magistrate Judge McDermott by asking this Court to intervene. In addition to being untimely and unmerited, Plaintiffs' request for an extension is premature. If Apple's motion to quash is granted in the Northern District of California, then the instant motion as to Apple is moot since there will be

7

NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY
AFTER THE DEADLINE FOR FACT DISCOVERY
CASE NO. 2:15-ML-02668-PSG (JEMX)

no subpoena to enforce. And even if the motion to quash is denied, this Court will have jurisdiction over a potential motion to compel only if the Northern District determines that Plaintiffs have demonstrated exceptional circumstances to transfer the matter to this Court. Unless and until that hypothetical comes to fruition, this Court need not resolve any timeliness dispute.

### C. Privilege Log Challenges Should Be Resolved Before the Fact Discovery Cut-Off.

Lastly, Plaintiffs seek an extension of the fact discovery deadline so they may potentially file future motions to compel against the NFL Defendants and/or DIRECTV related to their privilege logs. As with Plaintiffs' other requests, this request is untimely. Moreover, a proper view of the procedural history demonstrates that Plaintiffs have not, despite their claims to the contrary, diligently pursued this issue to justify an extension of time to further litigate the issue.

Consistent with the ESI Protocol instruction that privilege logs be served within "a reasonable period after each production of documents," Stipulated Order Regarding Discovery of Electronically Stored Information and Other Documents, Dkt. 198, at 12, DIRECTV served its privilege log on February 18, 2022, and the NFL Defendants served their initial privilege log soon thereafter, on March 2, 2022. *See* DIRECTV Statement, Dkt. 586, at 1; Declaration of Max Warren in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery ("Warren Declaration"), ¶ 4. Both logs were served more than five months before the fact discovery deadline.

Plaintiffs incorrectly assert that the NFL Defendants "refused to engage with any [sic] Plaintiffs' substantive challenges" to the NFL Defendants' initial privilege log. *See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Take Limited Discovery After the Deadline for Fact Discovery, Dkt. 547-1, at 8. The parties met and conferred in April to resolve Plaintiffs' purported issues. Warren Declaration, ¶ 5. Ultimately, on April 20, 2022, the NFL Defendants wrote to

Plaintiffs to provide additional context as to the privilege log and to document its agreement to remove a limited set of documents from the log and produce them. *Id.* ¶ 6. Over the past three months, Plaintiffs have not raised *any* further complaints with the NFL Defendants' initial privilege log. *Id.* ¶ 7. Given this lack of diligence, it would be inappropriate to grant to Plaintiffs additional time to challenge the NFL Defendants' initial privilege log.

On June 21, 2022, the NFL Defendants served their supplemental privilege log 45 days before the close of fact discovery, in compliance with the ESI Order. *Id.* ¶ 8. This supplemental privilege log contained only 1,882 entries—a fraction of the size of the initial privilege log—and asserted privilege along the same grounds and with descriptions comporting with the resolution the parties had previously reached on Plaintiffs' challenge to the NFL Defendants' initial privilege log. *Id.*

Despite the small size of the NFL Defendants' supplemental privilege log and the impending close of fact discovery, Plaintiffs waited nearly three weeks to raise any concerns.[3] *See id.* ¶ 9. On July 8, 2022, Plaintiffs sent the NFL Defendants a Rule 37-1 Letter asserting five highly generalized complaints to some of the documents on the supplemental log, two of which had been raised in Plaintiffs' initial challenge to the NFL Defendants' first privilege log and seemingly resolved by the follow-up explanation provided in the NFL Defendants' April 20, 2022 letter. *Id.* ¶ 9. Plaintiffs' July 8, 2022 challenge, by its own language, did not concern the NFL Defendants' initial privilege log and instead focused solely on the supplemental log served on June 21, 2022. *Id.*

---

[3] Plaintiffs have known since the ESI Order was entered by this Court in 2016 that the final privilege logs were due 45 days prior to the close of fact discovery. *See* Dkt. 198, at 12; Dkt. 547-1, at 16. It is unclear why Plaintiffs waited this long to seek an extension or raise their perceived issues with the NFL Defendants' and DIRECTV's logs if they considered that time period insufficient to resolve any lingering disputes over the entries on those logs.

1 | Given the timing of Plaintiffs' letter, the parties have to date only had one meet and confer, on July 18, 2022, regarding Plaintiffs' complaints about the NFL Defendants' supplemental privilege log. *Id.* ¶ 10. Following discussion during the meet and confer as to the context of certain entries on the log, the NFL Defendants have sent written confirmation to Plaintiffs reflecting their understanding that two of the five generalized complaints have already been resolved. *Id.* And earlier today, the NFL Defendants produced additional documents to address Plaintiffs' three remaining concerns. *Id.* ¶ 11. As with Plaintiffs' concerns over the NFL Defendants' initial privilege log, the NFL Defendants similarly believe that the parties will reach agreement here without need for court intervention, and will fully resolve the issue prior to the fact discovery cutoff. As such, it would be premature to grant Plaintiffs the unlimited extension they now seek to file a motion to compel with respect to the NFL Defendants' supplemental privilege log. To the extent that parties are not able to bridge their differences, any timeliness concerns can and should be considered at the same time as the merits of any potential motion to compel.

Plaintiffs' actions with regard to DIRECTV were similarly dilatory. As explained in DIRECTV's statement in connection with the instant motion, Plaintiffs first raised concerns with DIRECTV's privilege log on March 22, 2022, objecting to every entry on the log and demanding a significantly restructured log within two weeks. DIRECTV Statement, Dkt. 586, at 2. After numerous meet and confers, DIRECTV provided additional information to Plaintiffs on April 29, 2022, and served an updated version of their privilege log with additional information about the withheld documents on June 6, 2022. *Id.* Nearly six weeks later, on July 15, 2022, Plaintiffs sent another letter to DIRECTV, challenging more than 7,000 entries on DIRECTV's updated privilege log, but did so in a way that made it "impossible for DIRECTV to understand which entries Plaintiffs were challenging." *Id.* at 2–3. It was not until *three days ago*—over five months after DIRECTV served its initial log,

over seven weeks after DIRECTV served its most recently updated log, and well after Plaintiffs brought the instant motion—that Plaintiffs correctly identified the entries they now challenge. *Id.* at 3. Had Plaintiffs taken a less maximalist approach at the outset, or acted with more diligence with respect to subsequent negotiations, the 5½ months between service of DIRECTV's privilege log and the fact discovery cut-off would have been more than sufficient time to complete discovery related to DIRECTV's privilege log. Plaintiffs' request for yet additional time to pursue this issue should be denied.

## IV. CONCLUSION

For these reasons, the NFL Defendants respectfully request that the Court deny Plaintiffs' motion.

Dated: July 29, 2022

Respectfully submitted,

*/s/ Jeremy S. Barber*
Jeremy S. Barber (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800

Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*