Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**DECLARATION OF MAX J. WARREN IN SUPPORT OF THE NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date/Time: 8/19/2022, 1:30pm<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

I, Max J. Warren, declare as follows:

1. I am counsel at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants in this litigation. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto. I am admitted *pro hac vice* to practice before the United States Central District of California in this litigation.

2. I make this declaration in support of the NFL Defendants' Opposition to Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery.

3. Pursuant to the ESI Protocol, producing parties "shall serve opposing counsel with a privilege log relevant to that party's previous production of documents" within a reasonable period after each production, and "[e]ach producing party shall produce its final privilege log within 45 days prior to the close of fact discovery, absent good cause shown or mutual agreement of the parties." Stipulated Order Regarding Discovery of Electronically Stored Information and Other Documents, Dkt. 198, at 12. In this case, with fact discovery closing on August 5, 2022, producing parties' privilege logs were due on June 21, 2022.

4. On March 2, 2022, the NFL Defendants served their initial privilege log, consisting of 5,640 entries, and made clear that they would be supplementing that log in accordance with the ESI Protocol.

5. On April 5, 2022, Plaintiffs sent the NFL Defendants a letter pursuant to Local Rule 37-1, requesting a meet-and-confer to discuss their concerns as to four aspects of the NFL Defendants' initial privilege log. Notice of Motion and Motion to Take Limited Discovery After the Deadline for Fact Discovery, Ex. 9, Dkt. 545-3, at 4; *see* Declaration of Tyler Finn in Support of Motion to Take Limited Discovery After the Deadline for Fact Discovery ("Finn Decl."), Dkt. 555. I attended a meet-and-confer with Plaintiffs' counsel on April 14, 2022, during which the parties discussed a number of issues, including the NFL Defendants' privilege log. At that meet-and-confer, I

2

Case No. 2:15-ml-02668-PSG (JEMx)    Declaration of Max J. Warren in Support of the NFL
                                      Defendants' Opposition to Plaintiffs' Motion to Take Limited
                                      Discovery After the Deadline for Fact Discovery

1   explained that the NFL Defendants agreed to provide supplemental information to
2   address two of Plaintiffs' concerns, but believed their log was appropriate and that
3   Plaintiffs' two challenges regarding the sufficiency of the privilege descriptions were
4   inaccurate. I also confirmed that the NFL Defendants would be producing a
5   supplemental privilege log in the future.

6.  On April 20, 2022, I e-mailed Plaintiffs' counsel with follow-up information to address two of their concerns regarding the NFL Defendants' privilege log. In that same email, I re-emphasized the NFL Defendants' stance that the privilege log descriptions were appropriate.

7.  Since my April 20, 2022 e-mail, Plaintiffs have not raised further issues with the NFL Defendants' initial privilege log.

8.  On June 21, 2022, consistent with the ESI Protocol, the NFL Defendants served their supplemental privilege log, which contained 1,882 entries, asserted privilege on largely the same grounds as the initial privilege log, and contained descriptions consistent with the parties' prior resolution of Plaintiffs' concerns regarding the NFL Defendants' initial privilege log.

9.  On July 8, 2022, Plaintiffs sent the NFL Defendants a letter pursuant to Local Rule 37-1, requesting a meet-and-confer to discuss their concerns as to five aspects of the NFL Defendants' supplemental privilege log. Finn Decl., Ex. 10, Dkt. 555-11. Two of these categories were also directly raised in Plaintiffs' challenge to the NFL Defendants' initial privilege log.

10. On July 18, 2022, I attended a meet and confer with Plaintiffs' counsel to discuss Plaintiffs' concerns with the NFL Defendants' supplemental privilege log, and gave further context about the entries included. On July 27, 2022, I sent Plaintiffs a letter reflecting my understanding from that discussion that two of their five concerns had been resolved and confirming that the NFL Defendants would be producing a limited number of documents from their supplemental privilege log to resolve Plaintiffs'

3

Case No. 2:15-ml-02668-PSG (JEMx)   Declaration of Max J. Warren in Support of the NFL
Defendants' Opposition to Plaintiffs' Motion to Take Limited
Discovery After the Deadline for Fact Discovery

remaining three concerns. Attached hereto as Exhibit 1 is a true and correct copy of my July 27, 2022 letter to Plaintiffs.

11. The NFL Defendants produced these additional documents earlier today.

12. As with the NFL Defendants' initial privilege log, I believe the parties will resolve Plaintiffs' challenges to the NFL Defendants' supplemental privilege log without Court intervention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 29th day of July 2022 in Washington, D.C.

Dated: July 29, 2022                    Respectfully submitted,

/s/ Max Warren
Max J. Warren (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800

Case No. 2:15-ml-02668-PSG (JEMx)          Declaration of Max J. Warren in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery

Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

5

Case No. 2:15-ml-02668-PSG (JEMx)       Declaration of Max J. Warren in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery