# EXHIBIT 1



2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
___
A LIMITED LIABILITY PARTNERSHIP

July 27, 2022

**VIA EMAIL**

Tyler Finn
tfinn@susmangodfrey.com
Susman Godfrey LLP
32nd Floor
1301 Avenue of the Americas
New York, NY 10019-6023

**Re:** *In re National Football League's Sunday Ticket Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Tyler:

The NFL Defendants write in response to your letter regarding the NFL's supplemental privilege log, which was served on June 21, 2022. The NFL Defendants have carefully considered the five categories of challenges you raised along with our further discussion during the meet and confer on July 18, 2022. As part of this process, the NFL Defendants have conducted another careful review of each of the documents challenged in this letter.

As we stated during the meet and confer, most of the issues you now raise were also raised—and resolved—as part of Plaintiffs' challenge to the NFL Defendants' initial privilege log, served on March 2, 2022. More specifically, your first two challenged categories are the exact same as challenges you lodged in your letter dated April 5, 2022. As part of that initial challenge, the parties held a meet and confer on April 14, 2022, in which the NFL Defendants made clear, with supporting case law, that the NFL Defendants' initial privilege log was more than sufficient. The NFL Defendants followed that meeting with an email on April 20, 2022, confirming that its "privilege descriptions are complete and well within the bounds of the Federal Rules and the applicable case law." *See* Email from Max Warren to Armstead Lewis, et. al. (4/20/2022). Plaintiffs have never disputed those assertions in the months that have followed. *See* Email from Armstead Lewis to Max Warren, et. al. (4/21/2022).



2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

Based on the discussions during our July 18, 2022 meet and confer, during which the NFL Defendants reiterated that privilege covers legal advice that is also communicated internally from one non-attorney to another as well as communications directly discussing legal advice and how to implement that advice, Plaintiffs agreed that their challenges to **Category 1** (Written Communications Not Involving Any Attorneys) and **Category 3** (Documents Providing Information Necessary to Render Legal Advice) have been resolved.

In **Category 2**, Plaintiffs challenge the NFL Defendants' assertion of privilege over documents that "reflect" legal advice.  Plaintiffs are incorrect that such documents are not communications and therefore cannot be privileged.  The documents within this category contain legal advice and, if disclosed, would reveal confidential client communications.  Furthermore, the privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice" and therefore "includes communications involving corporate officers and agents who possess the information requested by the attorney or who will act on the legal advice." *Calendar Rsch. LLC v. StubHub, Inc.*, No. CV 17-4062 SVW (SSX), 2019 WL 11276365, at *3 (C.D. Cal. May 6, 2019) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981)).  Nonetheless, the NFL Defendants have reviewed the documents you have listed in this category and will produce a subset based on the concerns you raised.

In **Category 4**, Plaintiffs challenge the NFL Defendants' designation of 35 communications that were subsequently circulated to attorneys, arguing those communications do not become privileged simply because they were shared with an attorney.  The NFL Defendants have never claimed that a communication is privileged simply because it was shared with an attorney and indeed have produced many communications that include attorneys.  However, where the communication was to obtain or provide legal advice, it is properly designated as privileged.  *See Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D. Ill. 2007) (citing *Upjohn*, 449 U.S. at 395-96, in finding that "even though one e-mail is not privileged, a second e-mail which forwards that prior e-mail to counsel might be privileged in its entirety").  That said, the NFL Defendants have re-reviewed each of the 35 documents in this category identified in your letter and will be producing approximately 10 documents that further review has concluded were not sent to an attorney for purpose of obtaining or receiving legal advice.



2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
___
A LIMITED LIABILITY PARTNERSHIP

In **Category 5**, Plaintiffs challenge the NFL Defendants' assertion of privilege over two documents shared with third parties. The NFL Defendants have reviewed both documents and will produce them documents shortly.

The NFL Defendants believe that, upon completion of our production, this issue has now been resolved.

Sincerely,

Max Warren

cc:   Plaintiffs' Counsel (by email)