Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668−PSG (JEMx) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: DATE<br>TIME: TIME<br>COURTROOM: First Street Courthouse<br>   350 West 1st Street<br>   Courtroom 6A<br>   Los Angeles, CA 90012 |

## I. INTRODUCTION

The NFL's opposition incorrectly characterizes the scope and purpose of Plaintiffs' motion. Plaintiffs' request, which is made out of an abundance of caution, is limited—a modification of this Court's schedule to permit three discrete tasks to be completed after the deadline for fact discovery. Plaintiffs' motion makes clear their diligence throughout this case, both as to discovery generally and the specific issues raised here. Moreover, the NFL does not claim any prejudice, and Plaintiffs' request would have no effect on the Court's remaining deadlines. The Court should grant the motion on those bases.

The NFL's contradictory objections—arguing that Plaintiffs' motion is simultaneously too late *and* too early—do not justify a contrary ruling. *First*, this motion does not violate the Court's March 14, 2022 Order. That Order applies to discovery requests and to motions challenging the adequacy of responses to those requests. Dkt. 435 at 1-2. Nothing in it bars this motion. Indeed, Plaintiffs filed this motion with the intent of complying with that Order. *Second*, Plaintiffs' motion to modify the schedule is neither premature nor advisory. The NFL argues that the Court must evaluate the timeliness of any motion to compel in tandem with the substance of that motion. That argument conflates the merits of discovery motions with this procedural request to modify the schedule. The NFL provides no authority for its position and nothing in Rule 16 supports it.

The NFL's other argument—a supposed lack of diligence by Plaintiffs—is contradicted by the facts. The NFL tries to raise questions about Plaintiffs' diligence by listing alternative approaches to obtaining the discovery at issue. And it does so by adopting self-serving arguments made in the statements submitted by Apple and DIRECTV. Those statements do not negate the evidence of Plaintiffs' dogged pursuit of the relevant discovery. With respect to the Apple subpoena, Plaintiffs engaged in a months-long, good-faith negotiation before resorting to a motion to compel on May 31—still more than two months before the close of fact discovery. Similarly, Plaintiffs have negotiated with Defendants in a good-faith

attempt to resolve inadequacies in their privilege logs throughout the discovery period.[1] Those efforts demonstrate good cause for this modest and limited extension request.

## II. PLAINTIFFS' MOTION IS TIMELY

The NFL argues that this motion is too late yet also premature. Each objection misconstrues the simple purpose of this motion. Plaintiffs seek the Court's permission to continue pursuing three discrete discovery matters. Plaintiffs diligently pursued these matters during the discovery period. In each case, circumstances external to Plaintiffs prevented them from obtaining the discovery by the cut-off date. As soon as it became likely that these issues would carry past the August 5 deadline, Plaintiffs moved for this extension. Rule 16 demands no more. *See Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999) (stating that Rule 16 requires movant to seek amendment of scheduling order once it becomes apparent that she cannot comply with the order). This motion is timely.

This Court's March 15, 2022 Order does not establish otherwise. That Order applies only to motions "challenging the adequacy of responses to discovery" and to discovery requests themselves. Dkt. 435 at 2-3. It has no bearing on the timeliness of this request to modify the schedule. On the contrary, Plaintiffs filed this motion out of an abundance of caution to head off any argument that the discovery they seek would be out of time. The relief that Plaintiffs seek is a limited exception to that Order's requirement that all discovery "be completed" by the discovery cutoff. *Id.* at 2. Nothing in that Order required Plaintiffs to file this

---

[1] The NFL does not argue that Plaintiffs lacked diligence in pursuing discovery relating to the ████████████████████████████████████ ████████████ That argument is thus waived. *See, e.g., Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (citing cases supporting proposition that failure to respond in an opposition brief to argument put forward in an opening brief constitutes waiver with regard to the uncontested issue).

3

motion before July 15. And nothing in the Federal Rules prevents this Court from granting the discrete extension after August 5.

The one case cited by the NFL is inapposite. The decision in *Germaine-McIver v. Cty. of Orange*, 2018 WL 6017022 (C.D. Cal. Oct. 10, 2018) did not involve Rule 16 or a request to modify a court schedule. The plaintiff there sought reconsideration of a magistrate judge's ruling that her motion to compel was untimely in light of a scheduling order similar to this Court's March 15 Order. *Id.* at *1-*2. The question before the *Germaine-McIver* court was whether the "interests of justice" required discovery to be reopened. *Id.* The court said no, in part because the plaintiff had not been diligent in discovery. *See id.* at *4 ("Plaintiff delayed taking discovery seriously for nearly a year after this case was filed."). Here, by contrast, Plaintiffs are not seeking to reopen discovery on a wholesale basis, nor is there any indication that Plaintiffs engaged in *any* delay of discovery. To the contrary, Plaintiffs base this motion on a showing that they have been diligent in pursuing discovery since it commenced.

Furthermore, nothing about Plaintiffs' request is premature. A modification to the Court's schedule is, by definition, prospective. The Court should reject the NFL's attempt to recast this straightforward Rule 16 motion as seeking "an advisory ruling." Opp. at 1. There is nothing advisory about modifying the Court's schedule. Nor would the requested relief—clarifying that the schedule does not preclude Plaintiffs from obtaining discovery after August 5—implicate "any future timeliness objections." *Id.* The pending motions regarding the discovery about the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the subpoena of Apple are fully briefed. With respect to privilege, a ruling on this motion will determine the extent to which those issues can be pursued after August 5. A ruling permitting that discovery would moot any timeliness objection to a future motion.

This request is timely because the Court can adjudicate—and grant—Plaintiffs' extension request without engaging in the merits of the underlying discovery disputes. Plaintiffs seek clarification from the Court that they may

4

complete their ongoing discovery efforts without running afoul of the Court's schedule.

Each aspect of the requested relief is limited. With respect to discovery regarding ███████████████████████████████████, Plaintiffs seek to clarify that the Court's schedule does not preclude Judge McDermott from ordering the relief requested in that motion. That clarification is separate from the question of whether Plaintiffs' motion was timely filed in the first instance. The NFL is thus wrong to suggest this motion implicates the same issues pending before Judge McDermott. Opp. at 5. With respect to Apple, Plaintiffs seek to clarify that this Court's schedule does not preclude adjudication of the objections to the subpoena—whether by the Northern District of California or this Court (if Plaintiffs' request for transfer is granted). With respect to privilege, Plaintiffs seek permission to keep meeting-and-conferring over the withholding of responsive documents and, if need be, file a motion to compel the production of documents withheld on privilege grounds. Now that Defendants have served what they say are their final privilege logs, this Court can set a deadline for the filing of any motion to compel if it wishes.

**III. PLAINTIFFS WERE DILIGENT IN PURSUING DISCOVERY**

The record belies any claim that Plaintiffs lacked diligence in enforcing their subpoena to Apple or in resolving disputes over documents withheld for privilege. In both instances, the NFL argues that Plaintiffs' failure to move to compel *earlier* precludes a finding of diligence. The NFL provides no support for that restrictive definition. *Cf. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (contrasting diligence with "carelessness" and finding that failure "to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence"). Instead, the opposition lists steps that Plaintiffs *did not* take to expedite that discovery process, adopting arguments made by Apple and DIRECTV in their statements submitted to the Court. That list does

not in any way detract from Plaintiffs' documented due diligence in seeking to obtain the relevant discovery without court intervention. *See* Mot. at 14-16.

### A. Plaintiffs Have Diligently Enforced Their Subpoena to Apple

The NFL has no basis to argue that Plaintiffs' "failure" to move to compel Apple prior to May 31 demonstrates a lack of diligence. Opp. at 6-7 (citing Apple Statement, Dkt. 584-1). The opposition provides no legal support for the proposition that diligence requires motion practice over good-faith negotiation. And its argument rests on a misstatement of the facts.

As explained in Plaintiffs' motion, Plaintiffs met-and-conferred with Apple on 13 occasions between January and May 2022. Dkt. 555-12 (Mirzadeh Decl.) ¶ 5. In the initial discussions, Plaintiffs attempted to learn what responsive materials Apple possessed. Mirzadeh Reply Decl. ¶ 3. Subsequent calls focused on the status of Apple's search. *Id.* ¶ 5. Apple's counsel repeatedly informed Plaintiffs that the search for responsive documents was slow-going ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. In those meetings, the parties discussed the production of documents that were both internal and external to Apple. *Id.* ¶¶ 5-7. The NFL's suggestion that the parties' negotiations concerned only *external* documents is contradicted by the evidence. *See* Opp. at 6. To provide an example, as of May 11, 2022, Apple had still not provided a definitive answer as to whether it would produce its internal documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 555-16 (Mirzadeh Decl., Ex. D) (emphasis added). Nine days later, Plaintiffs served their portion of a joint stipulation for a motion to compel. Mirzadeh Decl. ¶ 10. It was only at that point—when the threat of motion practice was looming—that Apple deigned to produce any documents. The 13 documents that Apple did produce were the requested ▮▮▮▮▮▮▮▮. *See* Dkt. 491 at 17 (Unredacted Joint Stipulation for Motion to Compel Apple).

The above conduct does not demonstrate "a lack of diligence," as the NFL argues. Opp. at 5. Nor does it accord with Apple's statement that Plaintiffs somehow "created the timing predicament of which they now complain." Dkt. 584-

6

1 (Apple Statement) at 1. Rather, Plaintiffs' conduct is consistent with "a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." Local Rule 37-1.

Plaintiffs nevertheless moved to compel Apple as soon as it became clear that Apple would not voluntarily comply with the subpoena. Plaintiffs filed that motion on May 31, 2022. Dkt. 486.[2] The hearing date was set for June 21, well ahead of the fact discovery cutoff. *See id*. Plaintiffs' decision to file the motion to compel in this Court did not reflect a "willful disregard" for Rule 45. Apple Statement, Dkt. 584-1 at 2. Plaintiffs had a good-faith basis to argue that the multi-district litigation statute confers jurisdiction on an MDL judge to enforce subpoenas. This Court has granted motions to compel production of documents from two third parties, even though compliance was required outside of this district. *See* Dkt. 403 (Charter Communications), Dkt. 575 (NBCUniversal). Despite Plaintiffs' apparent failure to file an "accompanying request to expedite," Opp. at 6, the Court reached a decision on that issue by June 9. Dkt. 499. Recognizing that the law was "unsettled," the Court determined that it lacked jurisdiction to enforce the subpoena. *Id.* at 3. It would have been futile for Plaintiffs to demonstrate "exceptional circumstances to Judge McDermott or file objections to his Order," Opp. at 7. Instead, Plaintiffs reasonably sought to enforce the subpoena in the Northern District of California in conjunction with Apple's motion to quash.

The NFL mischaracterizes Plaintiffs' conduct in that proceeding as demonstrating a "lack of urgency." Opp. at 7. Not so. It is not true that Plaintiffs opposed stipulating to an expedited hearing in the Northern District of California regarding Apple's motion to quash. Mirzadeh Reply Decl. ¶ 8. On June 7, Apple

---

[2] Apple's opposition to Plaintiffs' motion to compel explains Apple's obstruction of Plaintiffs' discovery efforts. The declaration of Steve Smith confirms that Apple's internal documents ███████████████████████████████████████

██████████████████████████████████████████████ Dkt. 491-12 ¶ 6.

7

informed Plaintiffs about its plans to file an administrative motion to expedite and seal that hearing. *Id.* Apple filed the motion later that day *before* Plaintiffs provided *any* position on expediting or sealing. Apple withdrew its request to expedite after this Court denied Plaintiffs' motion to compel. *Id.*

Both Apple and the NFL disregard Plaintiffs' other efforts to resolve the Apple subpoena before August 5. After the Northern District scheduled the hearing for August 11, Plaintiffs and Apple filed a joint stipulation to move the hearing date up to July 28. Mirzadeh Decl. ¶ 12. The court nonetheless continued the date to August 25. *Id.* This Court should not fault Plaintiffs for another court's scheduling decisions.

**B.      Plaintiffs Have Been Diligent in the Resolution of Privilege Issues**

Plaintiffs have demonstrated diligence in negotiating the privilege objections made by the NFL and DIRECTV. The NFL does not dispute that the final privilege logs were served on June 6 and June 21, respectively. Both logs contain thousands of entries, many of which were inadequate to demonstrate the privileged status of the listed documents. Plaintiffs served letters to each party with detailed objections.[3] They did so while also taking numerous depositions and briefing other discovery disputes.

That Plaintiffs did not raise *additional* complaints to the NFL's *initial* privilege log after April 2022 does not evince a "lack of diligence." Opp. at 9. At that time, Plaintiffs understood, based on what the NFL had advised Plaintiffs, that the NFL would be serving a final *corrected* log on June 21. Filing a motion that concerned only a subset of improperly withheld documents would have been premature. It did not become clear that motion practice was likely until the NFL

---

[3] The NFL incorrectly describes Plaintiffs' objections as "highly generalized." Opp. at 9. In fact, Plaintiffs' 7-page letter identified by Bates number over 600 documents in the log that appeared to be improperly withheld. *See* Dkt. 555-11 (Finn Decl., Ex. 10). The NFL Defendants fail to explain what details were lacking from this letter and how those details would have helped the NFL Defendants' understanding of Plaintiffs' objections.

served a supplemental log that replicated, rather than corrected, the issues that Plaintiffs had identified in April. The meet-and-confer process over the supplemental log is ongoing. Plaintiffs share the NFL's hope that the parties will reach agreement without court intervention. *See* Opp. at 10. But Plaintiffs cannot rule out the possibility that motion practice will be necessary. Accordingly, they seek a modest extension to resolve those issues if agreement cannot be reached.

Plaintiffs were similarly diligent with respect to DIRECTV's improper assertions of privilege. The record belies the contention that Plaintiffs were "dilatory" on this issue. *See* Opp. at 10. On February 18, 2022, DIRECTV served an initial privilege log containing more than **27,000 entries**. Mirzadeh Reply Decl. ¶ 9. Plaintiffs completed review of the log by March 22. Dkt. 545-1 (Mirzadeh Decl., Ex. E) at 1. That review revealed numerous deficiencies in the log, including a failure to specify the titles and affiliations of attorneys involved in withheld communications. *Id.* at 2. In the month that followed, the parties met-and-conferred several times. Mirzadeh Decl. ¶ 15. DIRECTV told Plaintiffs to expect by the week of May 6 a corrected privilege log and proposal about additional fields that would allow Plaintiffs to assess the assertions of privilege. Mirzadeh Reply Decl. Ex. 1. But DIRECTV did not serve a corrected log until May 16 because "updating the log took longer than anticipated." *Id.* And DIRECTV did not provide Plaintiffs with a proposal for an amended privilege log until May 19. *See id.* It was not until June 6 that DIRECTV served an amended, and presumptively final, privilege log. Mirzadeh Reply Decl. ¶ 14. That log contains nearly 27,000 entries. *Id.* On July 8, Plaintiffs served a 37-1 letter that attempted to narrow the scope of the dispute to three categories of entries. Dkt. 545-2 (Mirzadeh Decl., Ex. F). Plaintiffs promptly responded to DIRECTV's request for more information about entries challenged in that letter. Mirzadeh Reply Decl. Ex. 2. The above conduct reflects Plaintiffs' diligence. Plaintiffs should not be faulted for their attempts to reduce the scope of the dispute before bringing it the Court.

Nor should the Court pay heed to DIRECTV's attempts to downplay Plaintiffs' diligence. DIRECTV Statement, Dkt. 586 at 1. The central focus of DIRECTV's statement is establishing its alleged cooperativeness in discovery. *See id.* at 3. That characterization is belied by DIRECTV's pattern of delay. More importantly, it has no bearing on this motion because the primary consideration in a Rule 16 motion is the diligence of the moving party. *Johnson,* 975 F.2d at 609. And DIRECTV's only support for its claim that Plaintiffs lacked diligence is their supposed refusal "to engage in a document-by-document discussion of DIRECTV's privilege log." DIRECTV Statement, Dkt. 586 at 1.[4] That argument ignores the essence of the parties' dispute—that DIRECTV's privilege log does not provide sufficient detail to enable Plaintiffs to assess its claims of privilege. *See* Dkt. 545-1, 545-2 (Plaintiffs' 37-1 letters to DIRECTV identifying deficiencies in privilege log). Even the one case cited by DIRECTV recognizes this threshold requirement. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) (stating that the party asserting privilege bears the burden of describing the nature of withheld documents in a manner that will enable other parties to assess the claim). Plaintiffs are entitled to a privilege log that conforms with the requirements of the Federal Rules. Their insistence on obtaining such a log cannot be used to rebut diligence.

---

[4] DIRECTV's statement also contains the misleading assertion that Plaintiffs "cancel[ed]" a previously scheduled Rule 30(b)(6) deposition due to "unpreparedness." Dkt. 586 at 4. Not so. The week before two Rule 30(b)(1) depositions of DIRECTV witnesses, counsel for DIRECTV proposed *for the first time* that those deponents also testify as to 18 subtopics in Plaintiffs' Rule 30(b)(6) notice *in addition* to their personal testimony. As a courtesy, Plaintiffs agreed as to one of the two witnesses. But Plaintiffs opposed deposing the other witness as a corporate representative at the same time as his personal deposition because that deposition had been scheduled for over a month and the parties had yet to reach agreement over the scope of the Rule 30(b)(6) topics. Moreover, the NFL Defendants also expressed opposition to adding Rule 30(b)(6) topics to that deposition given the late notice by DIRECTV. Going forward, Plaintiffs requested that DIRECTV provide at least 15-days' notice before designating a previously scheduled witness as a corporate representative.

Plaintiffs' conduct with respect to these specific issues is consistent with its general diligence during the discovery period. A review of this Court's docket makes that clear. Since June of 2021, Plaintiffs have filed ten motions to compel—seven against the NFL and three against third parties.[5] The Court granted eight of those motions (some in part).[6] Only the motion to compel Apple was denied and that was on jurisdictional grounds only.[7] And the last is pending.[8] Moreover, the record demonstrates that Plaintiffs have diligently pursued discovery and undertaken good-faith efforts to resolve any disputes without burdening the Court.

## IV. CONCLUSION

Rule 16 permits a Court to modify a schedule upon a showing of good cause. Plaintiffs have carried their burden of demonstrating diligence in discovery. The NFL's opposition does not contradict that showing. And the NFL makes no argument that it would be prejudiced by an extension. This extension will not affect any of the Court's other deadlines. For those reasons, it is respectfully submitted that the motion should be granted.

Dated: August 5, 2022

Respectfully submitted,

By: /s/ Tyler Finn
Tyler Finn

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)

---

[5] *See* Dkt. 330, 367, 377, 417, 443, 453, 476, 486, 517, 536.
[6] *See* Dkt. 346, 416, 403, 419, 459, 473, 485, 575.
[7] Dkt. 499.
[8] The motion to compel ▮▮▮▮▮▮▮▮▮▮ remains pending. *See* Dkt. 536.

11

|    |    |
|----|----|
| 1  | bcarmody@susmangodfrey.com<br>Seth Ard (*Pro Hac Vice*)<br>sard@susmangodfrey.com |
| 2  | Tyler Finn (*Pro Hac Vice*)<br>tfinn@susmangodfrey.com |
| 3  | SUSMAN GODFREY L.L.P<br>1301 Avenue of the Americas, 32nd Fl. |
| 4  | New York, NY 10019<br>Tel: (212) 336-8330 |
| 5  | Fax: (212) 336-8340 |
| 6  | Ian M. Gore (*Pro Hac Vice*)<br>igore@susmangodfrey.com |
| 7  | SUSMAN GODFREY L.L.P.<br>401 Union Street, Suite 3000 |
| 8  | Seattle, WA 98101<br>Tel: (206) 505-3841 |
| 9  | Fax: (206) 516-3883 |
| 10 | Armstead Lewis (*Pro Hac Vice*)<br>alewis@susmangodfrey.com |
| 11 | SUSMAN GODFREY L.L.P.<br>1000 Louisiana, Suite 5100 |
| 12 | Houston, TX 77002<br>Tel: (713) 651-9366 |
| 13 | Fax: (713) 654-6666 |
| 14 | Scott Martin (*Pro Hac Vice*)<br>smartin@hausfeld.com |
| 15 | HAUSFELD LLP<br>33 Whitehall Street, 14th Floor |
| 16 | New York, NY 10004<br>Tel: (646) 357-1100 |
| 17 | Fax: (212) 202-4322 |
| 18 | Christopher L. Lebsock (184546)<br>clebsock@hausfled.com |
| 19 | HAUSFELD LLP<br>600 Montgomery St., Suite 3200 |
| 20 | San Francisco, CA 94111<br>Tel: (415) 633-1908 |
| 21 | Fax: (415) 633-4980 |
| 22 | Sathya S. Gosselin (269171)<br>sgosselin@hausfeld.com |
| 23 | Farhad Mirzadeh (*Pro Hac Vice*)<br>fmirzadeh@hausfeld.com |
| 24 | HAUSFELD LLP<br>888 16th Street, N.W., Suite 300 |
| 25 | Washington, DC 20006<br>Tel: (202) 540-7200 |
| 26 | Fax: (202) 540-7201 |
| 27 | Howard Langer (*Pro Hac Vice*)<br>hlanger@langergrogan.com |
| 28 | Edward Diver (*Pro Hac Vice*)<br>ndiver@langergrogan.com |

Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*