Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**REPLY DECLARATION OF FARHAD MIRZADEH IN SUPPORT OF MOTION TO TAKE LIMITED DISCOVERY AFTER THE DEADLINE FOR FACT DISCOVERY**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: August 19, 2022<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>    350 West 1st Street<br>    Courtroom 6A<br>    Los Angeles, CA 90012 |

I, Farhad Mirzadeh, declare under penalty of perjury that the following is true and correct:

1. I am over the age of twenty-one (21) years and am an associate at Hausfeld LLP. I am counsel of record for Plaintiffs Ninth Inning, Inc., 1465 Third Avenue Restaurant Corp., Robert Gary Lippincott, Jr., and Jonathan Frantz in the above-captioned litigation. I submit this declaration in support of the Reply Brief to Plaintiffs' Motion to Take Limited Discovery After the Deadline for Fact Discovery.

***The Negotiations With Apple***

2. Plaintiffs have corresponded and negotiated with Apple regarding the production of documents since serving their subpoena on Apple in September 2021.

3. During the initial discussions, Plaintiffs attempted to learn from Apple what responsive materials it had in its possession. Our goal was to reach a negotiated solution without engaging in motion practice.

4. During calls with Apple's counsel in February 2022, Plaintiffs discussed the requests in the subpoena to clarify the types of documents sought. Those conversations contemplated the production of Apple's documents—some of which were necessarily internal to Apple. Plaintiffs also requested that Apple provide information on what documents exist responsive to the subpoena.

5. Plaintiffs held phone calls in the ensuing weeks with Apple to get status updates as to the general progress of Apple's search for responsive documents but were repeatedly informed that the efforts were slow-going and that discussions ██████████████████████████████████████.

6. Plaintiffs sent Apple a 37-1 letter on March 30 as it became clear that Apple was making little to no progress on its search and production efforts.

7. As late as May 11, Plaintiffs were still seeking Apple's internal documents ████████████████████████████████████████████████.

8. On June 7, I met and conferred with Apple about Apple's request for an administrative motion to expedite and seal the motion to quash hearing. Apple requested Plaintiffs' positions Apple's requests to expedite and seal the motion to

quash hearing. Later that day, before Plaintiffs provided any response, Apple filed that motion. Apple later withdrew its Motion to Expedite the Hearing after Judge McDermott denied Plaintiffs' motion to compel.

***The Dispute Over DIRECTV'S Privilege Log***

9. DIRECTV produced its initial privilege log on February 18, 2022. That log contained over 27,000 entries.

10. After Plaintiffs pointed out the many deficiencies in DIRECTV's privilege log, the parties met and conferred on three occasions in April. Counsel for DIRECTV informed Plaintiffs that it would supply a corrected privilege log, fixing many of the errors of the original privilege log, by the week of May 6. Counsel for DIRECTV also informed plaintiffs that it would provide a proposal about what additional fields it would supply in its privilege log so that Plaintiffs may be more able to assess DIRECTV's assertions of privilege.

11. Having not received a corrected log by May 6, I wrote to DIRECTV's counsel to request it. DIRECTV did not send a corrected privilege log until May 16, 10 days after the agreed upon deadline. Counsel for DIRECTV explained the delay occurred because updating the log took DIRECTV longer than anticipated.

12. On May 18, I followed up with DIRECTV's counsel to request further information in the privilege log that would allow Plaintiffs to meaningfully assess the assertions of privilege contained in that log.

13. Attached hereto as Exhibit 1 is a true and correct copy of email correspondence between myself and DIRECTV's counsel.

14. DIRECTV did not serve its amended log until June 6. That log contains over 26,800 entries.

15. Attached hereto as Exhibit 2 is a true and correct copy of email correspondence between myself and DIRECTV's counsel concerning that log.

16. The parties met and conferred again on July 18 and August 3 to discuss Plaintiffs' challenges to DIRECTV's privilege log and to continue to narrow their dispute.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 5th day of August in Washington, District of Columbia.

*/s/ Farhad Mirzadeh*
Farhad Mirzadeh