UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  #545/555-1 (8/19)

| Case No. | ML 15-2668 PSG (JEMx) | Date | August 11, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order GRANTING Plaintiffs' motion to take limited discovery after the deadline for fact discovery.**

Before the Court is Plaintiffs' motion to take limited discovery after the deadline for fact discovery. *See generally* Dkt. # 555-1 ("*Mot.*").[1] Defendants National Football League, Inc.; NFL Enterprises LLC; and numerous individual NFL clubs (collectively, "NFL Defendants") opposed. *See generally* Dkt. # 589-1 ("*Opp.*"). Plaintiffs replied. *See generally* Dkt. # 596-1 ("*Reply*"). Non-party Apple Inc. ("Apple") also filed a statement regarding Plaintiffs' motion, *see generally* Dkt. # 584-1 ("*Apple Statement*"), as did DirecTV, LLC and DirecTV Holdings LLC (collectively, "DirecTV"), *see generally* Dkt. # 586 ("*DirecTV Statement*").[2] The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Plaintiffs' motion.

Plaintiffs bring this consolidated putative class action alleging that NFL Defendants and DirecTV violated the Sherman Act by working together "to eliminate all competition in the broadcasting and sale of live video presentations of professional football games," including the "NFL Sunday Ticket" service. *See Consolidated Amended Complaint*, Dkt. # 163, ¶¶ 1,

---

[1] The Court cites the unredacted versions of the parties' briefs. Plaintiffs' motion itself is at Docket Entry Number 545.

[2] Both Apple and DirecTV state that they take no position on the instant motion but that they provide statements to correct perceived factual inaccuracies contained in Plaintiffs' moving papers. *See Apple Statement* 1:12–17; *DirecTV Statement* 1:4–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-2668 PSG (JEMx) | Date | August 11, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

155–63.[3]

      In March 2022, the Court modified the scheduling order in this case, continuing, as relevant here, the fact discovery deadline to August 5, 2022. *See generally* Dkt. # 434. On July 15, Plaintiffs filed the instant motion seeking to amend the modified scheduling order to allow Plaintiffs to take discovery involving three specific matters after the fact discovery deadline. *See generally Mot.* First, Plaintiffs seek additional time to continue taking discovery related to NFL Defendants' ongoing negotiations for the sale of the future rights to NFL Sunday Ticket after their current contract with DirecTV expires in 2023, as well as limited document and deposition discovery about the new agreement once a deal is executed, which Plaintiffs say is expected sometime this fall. *Id.* 1:16–2:11, 10:16, 14:9; *see also Reply* 3 n.1.[4] Second, Plaintiffs ask for more time to allow for the adjudication of Apple's motion to quash a subpoena for documents involving Apple's negotiations with NFL Defendants and internal evaluations of any potential NFL Sunday Ticket deal, which is set for hearing before a court in the Northern District of California on August 25, and to enforce Plaintiffs' subpoena against Apple if necessary. *Mot.* 2:12–20, 14:10–15:26; *Reply* 6:3–8:10.[5] Third, in case the parties cannot resolve their disputes over privilege logs, Plaintiffs request additional time to file, adjudicate, and enforce potential motions to compel documents they contend NFL Defendants and DirecTV improperly withheld as privileged. *Mot.* 2:21–3:8, 15:27–16:24; *Reply* 8:11–11:8.

---

[3] In April 2021, the Court granted DirecTV's motion to compel arbitration of Plaintiffs' claims against DirecTV and stayed further proceedings against DirecTV pending arbitration. *See generally* Dkt. # 320.

[4] Plaintiffs filed a motion to compel NFL Defendants to produce additional documents about these ongoing negotiations. *See generally* Dkt. # 536. Magistrate Judge McDermott held a hearing on the motion on August 9 and ordered the parties to meet and confer and file a joint status report by September 9, 2022. *See generally* Dkt. # 599.

[5] Shortly before Apple filed its motion to quash Plaintiffs' subpoena in the Northern District of California, Plaintiffs filed a motion to compel Apple's production of documents in this Court. *See generally* Dkt. # 486. Judge McDermott denied Plaintiffs' motion without prejudice because, pursuant to Federal Rule of Civil Procedure 45, "Plaintiffs will have to enforce their subpoena in the Northern District or demonstrate exceptional circumstances to that Court to obtain transfer back to this Court." *See generally* Dkt. # 499. Plaintiffs state that they have asked the Northern District of California to transfer Apple's motion to this Court. *Mot.* 15:22–23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-2668 PSG (JEMx) | Date | August 11, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

Under Federal Rule of Civil Procedure 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The party seeking to continue or extend the deadlines bears the burden of proving good cause." *Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-2953-BAS(BGS), 2014 WL 3014720, at *2 (S.D. Cal. July 3, 2014) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id*. Although prejudice to the non-moving party might supply additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Here, having considered the parties' briefs, as well as the statements by Apple and DirecTV, the Court finds that Plaintiffs have shown good cause to modify the scheduling order to enable to them to pursue the additional discovery they seek. The Court is satisfied that Plaintiffs have diligently sought the categories of discovery at issue here throughout the discovery period, where possible,[6] and attempted to timely resolve these discovery matters without the need for Court intervention. Additionally, NFL Defendants do not contend that they will be prejudiced if Plaintiffs' motion is granted. *See generally Opp*. As such, the Court **GRANTS** Plaintiffs' motion to take limited discovery after the fact discovery deadline. In granting Plaintiffs' motion, the Court does not express any opinion as to the merits of Plaintiffs' pending motion to compel related to the NFL Sunday Ticket negotiations and deal, Apple's pending motion to quash, or any potential motions to compel related to NFL Defendants' or DirecTV's privilege logs. The Court merely extends the time in which Plaintiffs may seek additional discovery related to these matters and, if relevant, enforce compliance with orders on such motions.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion and modifies the scheduling order to allow Plaintiffs to pursue additional fact discovery relating to the following matters after the current August 5, 2022 fact discovery cut-off:

---

[6] As Plaintiffs assert, they will not be able to conduct discovery involving the new NFL Sunday Ticket agreement until that deal is finalized, which they expect to occur sometime this fall. *See Mot.* 2:3–9, 10:6–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-2668 PSG (JEMx) | Date | August 11, 2022 |
|---|---|---|---|
| Title | In re National Football League's Sunday Ticket Antitrust Litigation | | |

- Document production related to NFL Defendants' ongoing negotiations with third parties for the sale of the future rights to NFL Sunday Ticket, as well as document and deposition discovery about the new NFL Sunday Ticket agreement once such a deal is finalized;

- Plaintiffs' subpoena for documents involving Apple's negotiations with NFL Defendants and Apple's internal evaluations of any potential NFL Sunday Ticket agreement, depending on the resolution of Apple's motion to quash the subpoena; and

- If necessary, the filing, adjudication, and potential enforcement of motions for NFL Defendants and/or DirecTV to compel documents that Plaintiffs contend were improperly withheld on privilege grounds.

**IT IS SO ORDERED.**