# EXHIBIT 7

**HAUSFELD**

888 16th Street NW
Suite 300
Washington DC 20006

March 22, 2022

**VIA EMAIL**

Elena M. Zarabozo
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
ezarabozo@omm.com

Counsel:

Plaintiffs write regarding DIRECTV's privilege log produced on February 18, 2022. This letter is made pursuant to Local Rule 37-1 of the United States District Court for the Central District of California. Plaintiffs propose a meet and confer on March 28, 2022, at 2:30 p.m. EST to discuss the issues outlined in this letter. If that date and time does not work, please provide an alternative within the timeframe provided by Local Rule 37-1.

Plaintiffs' review of your privilege log of nearly 30,000 entries has been hampered by significant facial deficiencies and inconsistencies that we request be corrected as expeditiously as possible. Please provide an amended privilege log by no later than April 5, 2022 so that Plaintiffs can avoid further prejudice and commence with a thorough review of the entries contained in the privilege log.

I.      **Key of Individuals Contained in Privilege Log**

As an initial matter, Plaintiffs request that DIRECTV promptly provide a key of each author and recipient of a document found throughout privilege log. For the individuals that you include in such a key, please include their name, their position(s), and the dates they held the positions you identify. For any outside counsel, please identify which firm the attorney is associated with.[1] *See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 195 n.5 (C.D. Cal. 2006) (finding that the "Model Form 11:A, set forth in The

---

[1] DIRECTV's privilege log includes, for some entries, the law firms of the named outside counsel (*see, e.g.* DIRECTV-PRIV-0020084), but not for most (*see, e.g.* DIRECTV-PRIV-0004743; DIRECTV-PRIV-0018909). Identifying which firms are associated with certain outside counsel helps eliminate any confusion about the source of privilege; for example, you reference Sam Sadighi as outside counsel in DIRECTV-PRIV-0001856, but in the entry immediately before you refer to him as in-house counsel (DIRECTV-PRIV-0001855). The same is true for Clayton Friedman, who you identify as in-house counsel in DIRECTV-PRIV-0026818, and then in the very next entry refer to him as outside counsel (DIRECTV-PRIV-0026819). It also appears you misidentify Paul Glist as in-house counsel (DIRECTV-PRIV-0017141) when our research reflects that he was only associated with the law firm Davis, Wright & Tremaine (*see, e.g.*, DIRECTV-ST-02176320).

hausfeld.com

**AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC**

**HAUSFELD**

Rutter Group Practice Guide, *Federal Civil Procedure Before Trial*, correctly and adequately lists all the information that should be set forth on the privilege log, including the title or position of the author and recipient of the document.").

There appear to be over 200 unique names identified as attorneys in your privilege log entries and no reference as to what specific role or function these individuals had. Simply providing names of these individuals requires Plaintiffs to guess who the referenced individual is and whether that individual is, in fact, an attorney and had a legal role within DIRECTV. In other words, Plaintiffs are unable to assess your claims of privilege without understanding *who* the individuals are that you claim are attorneys.

Plaintiffs request for such a key is further warranted because, based on our review, several individuals that you identify as attorneys are individuals we could not find information about or are simply not attorneys, including but not limited to the following individuals:

| | | |
|---|---|---|
| Shoshana Riss | Gloria Panduro | Raymond Riedy |
| John A. Ward | Ryan A. William | Vanessa Rodriguez |
| Teri Galloway | Lizet Castro | Kamilah Jackson |
| Kevin Smith | Jim Thomas | Nicole Martin |
| John A. White | William Paley | Melissa Maalouf |
| Victoria Chenault | William A. Fischer | Candace Leung |
| Carol Payne | Charles Miller | Christie M. Villareal |
| Christopher Jackson | Evan Turner | James Thomas |
| Jennifer Kay | Kevin Smith | Lydia Ancilla |
| Megan McNulty | Paul Swanson | Rebecca Huntsman |
| Ronald Coslick | Sophia Yen | Stacey Fowler |
| Stephanie Schmidt | Stephanie Schultz | Stephen Miller |
| Suzanne C. Leslie | April L. Ammeter Esq. | Christina Morris |
| J. Culver Lee | Josh Zarrow | Kip Edenfield Jr. |
| Daretia Austin-Bonesso | David Britton | David J. Cho |
| David Smutny | David Tamera | Heather Randall |
| Larry Hunter | Mike D. White | Paul Weisbecker |
| Ramiz Rafeedie | Rebecca Hunsman | |

Additionally, through a combination of internet searches and review of the documents,[2] Plaintiffs believe that several of the individuals you represent in your privilege log as being attorneys or in-house counsel are not, in fact, attorneys. These individuals include, but are not limited to:

---
[2] Plaintiffs should not need to consult internet searches to test the veracity of the claims in your privilege log or to assess your assertions of privilege. The burden is on DIRECTV to demonstrate the privileged status for each document it intends to withhold.

HAUSFELD

- Kamilah Jackson: Represented as Kamilah Jackson, Esq. (*see, e.g.,* DIRECTV-PRIV-0005680), but appears to be a Director of Video Strategy (https://www.linkedin.com/in/kamilah-jackson-5467513).
- Ashley Rogers: Represented as Ashley Rogers, Esq. (DIRECTV-PRIV-0016873), but appears to be a Senior Marketing Database Manager (*see, e.g.*, DIRECTV-ST-01496716).
- Raymond Riedy: Represented as Raymond Riedy, Esq. (*see, e.g.*, DIRECTV-PRIV-0001509), but does not appear to be an attorney or provide any legal advice (*see, e.g.*, https://www.linkedin.com/in/rayriedy).
- Amy Cruz: Represented as Amy Cruz, Esq., but appears to be a "senior sourcing specialist" with no legal role (*see, e.g.*, DIRECTV-ST-02390834[3]).

In addition, there are several seemingly misspelled names which cause Plaintiffs to question whether an individual's name is unintentionally misspelled or whether the alternate spelling represents a separate person. These instances include, but are not limited to:

| Name | Alternate Spelling | Second Alternate Spelling |
| --- | --- | --- |
| Brooke E. Mallette | Brooke M. Mallette | Mallette E. Brooke |
| Gloria Franke Shaw | Gloria Frankie Shaw | Gloria Frankel Shaw |
| Luis Montes Morales | Luis Morales Montes | Luis Montez |
| Viviana A. Betancourt | Viviana M. Betancourt | Vivian Betancourt |
| Shoshana Riss | Shoshona Rises | Rises Shoshana |
| Gloria Panduro | Gloria Pandura | |
| James Meza | James Mezza | |
| Jaime Mata | Jamie Mata | |
| Katherine Nelson | Kathleen Nelson | |
| Lusha Weston | Lysha Weston | |

---

[3] Furthermore, it is unclear what privilege is being asserted in the document DIRECTV-ST-02390834, which is an email and attachment that is being sent to a third-party marketing firm.

3

HAUSFELD

| | | |
|---|---|---|
| Stevie Pyon | Steve Pyon | |
| Randi Mauer | Randi Maurer | |
| Ryan A William | William A. Ryan | |
| Andrew Hale | Hale Andrew | |
| Christina Roig | Christina Roig Morris | |
| Evan Hunter | Evan Turner | |
| Joshua A. Zarrow | Joshua D. Zarrow | |
| Mert Simons | Mert Simons Jr. | |
| Mike A. White | Mike D. White | |

Given that DIRECTV is a large company with operations worldwide, and that documents have been produced spanning many years, it is possible that DIRECTV/AT&T would have employed people with very similar names. While the close spelling of some of these names may suggest that your privilege log is referencing the same person, it should not be the Plaintiffs that have to make those assumptions.

Given the foregoing, Plaintiffs' request for a key of individuals contained within the privilege log is reasonable. Please produce one as requested.

II.     **Additional Information Regarding Emails**
   A.     **Inclusion of Email Addresses in the From, To, CC, and BCC Fields**

To further assess your claims of privilege, Plaintiffs will need a privilege log that includes the email addresses of every individual listed in the From, To, CC, and BCC fields where the document withheld or redacted is an email. This will help Plaintiffs evaluate your assertion of privilege and determine if the presence of a third-party in the email transmission constitutes a waiver of privilege. Indeed, from a review of only certain redacted documents, it appears that your privilege log contains emails in which third parties were present on the email chain, thus extinguishing any claim of privilege. *See, e.g.* DIRECTV-ST-02340509 (DIRECTV redacted an email and asserted attorney-client privilege despite the fact that third parties, such as margibrown@thekernorg.com, were present on the email chain); *see also In re Domestic Airline Travel Antitrust Litig.*, No. MC 15-1404 (CKK), 2020 WL 3496748, at *9 (D.D.C. Feb. 25, 2020) (noting as "problematic" the situation where the privilege log "failed to identify the presence of third parties").

HAUSFELD

Moreover, there are currently **8,976** entries where there is nothing input in the "from" field. Of those entries, there are **8,894** with nothing in the "to" field. In other words, DIRECTV is claiming privilege over documents that do not appear to be transmitted to anyone, so it is not clear how DIRECTV can assert attorney-client privilege over a substantial portion of these documents. It is not clear whether all of these documents are emails or whether they are loose documents that existed in a folder, or documents that were attachments to those emails. Please produce these documents or amend your privilege log to input the proper information in the "from" and "to" fields. In the case that such documents are loose documents or email attachments, Plaintiffs request further information as outlined in Section III.

### B. Email Subject Lines

DIRECTV's vague descriptions for their privilege log entries do not contain enough information to allow Plaintiffs to consider the privilege claim. Plaintiffs request DIRECTV supply the email subject line for each email entry contained within the privilege log. Most of the emails contained within DIRECTV's privilege log only include an attorney in the "cc" line, after a host of other recipients are included throughout the email, calling into question whether the email is privileged at all. Providing the email subject line will allow Plaintiffs to understand the context of the withheld email and determine whether DIRECTV properly withheld *entire* email.

### C. Improperly Logged Email Strings

DIRECTV's privilege log references hundreds of emails that are a part of email strings. *See, e.g.*, DIRECTV-PRIV-0000080. But DIRECTV appears to have logged information about the most recent email in each string where there are no redactions, but did not appear to log information related to the underlying email where the redactions exist. *See, e.g.*, DIRECTV-PRIV-0000080 (logging details about the most recent email sent on August 2, 2014 which contained no redactions, but redacting an earlier email in the thread from August 1, 2014); DIRECTV-PRIV-0006739 (logging details about the most recent email sent on September 22, 2016 which contained no redactions, but redacting the earlier email in the thread sent on September 14, 2016).

Please explain how DIRECTV logged email threads and produce an amended log that properly logs each separate email that is redacted or withheld.

### III. Additional Fields in Privilege Log for Attachments and Loose Documents

Plaintiffs request that DIRECTV distinguish where a document is an email, attachment, or loose document and provide corresponding information about the attachments and loose documents, such as the document title, author information, recipient information, the date that an attachment or loose

5

**HAUSFELD**

document was created,[4] and the basis for withholding the document, so that Plaintiffs may properly evaluate DIRECTV's privilege claim. *See United States v. City of Hesperia*, 2021 WL 5034381, at *6 (C.D. Cal. June 17, 2021) ("attachments to privileged emails are not themselves privileged simply by association") (citing *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999)). The lack of such information suggests that an attorney was not directly involved in some or all of the withheld documents, making DIRECTV's assertion of privilege over these documents impossible to evaluate.

**IV.     Entries That Contain Third Parties or Zero Attorneys in the "To" or "From"**

There appear to be several communications improperly withheld as attorney-client privileged despite the fact that the entries include known third parties, such as Hans Schroeder (Executive Vice President and Chief Operating Officer, NFL Media), Brian Rolapp (Chief Media and Business Officer, NFL), Brent Lawton (Vice President, Media Strategy and Business Development, NFL), Paul Tagliabue (Former Commissioner, NFL), Kevin LaForce (Senior Vice President, Media Strategy and Business Development, NFL), and perhaps many others. *See, e.g.*, DIRECTV-PRIV-0000004; DIRECTV-PRIV-0000005; DIRECTV-PRIV-0000108; DIRECTV-PRIV-0000124; DIRECTV-PRIV-0026212; *see also Regents of University of California v. Affymetrix, Inc.*, 326 F.R.D. 275, 282 (S.D.Cal. 2018) ("Attorney-client communications 'made in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality.'") (quoting *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (citation omitted)).

More egregiously, Plaintiffs' review determined that there **are over 20,000 entries** in which no attorney[5] was present in either the "from" or "to" fields.  Not only are DIRECTV's general descriptions deficient, as discussed in Section V, but DIRECTV's assertion of privilege over this category of documents are questionable and subject to greater scrutiny. *See*, *Willis v. Vasquez*, 2012 WL 12882386, at *2 (C.D. Cal. June 19, 2012) (overruling objections based on attorney-client privilege where "[n]o attorney made or received any of the communications [in the documents]."); *see also NXIVM Corp. v. O'Hara*, 241 F.R.D. 109 (S.D.N.Y. 2007) ("[T]he extension of the privilege to non-lawyer's communication is to be narrowly construed.").

---

[4] Furthermore, the date field in DIRECTV's privilege log does not distinguish between date sent, in terms of email transmission, and date a document was created. That is a crucial difference Plaintiffs need to understand to properly assess DIRECTV's assertion of privilege. For example, a document may have been sent as an attachment in 2020, but if the document was created in 2009, it may call in to question the purpose of that document and the broader implications for DIRECTV's privilege claim. *See, e.g.*, *Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149, 157 (N.D. Ill. 2020) ("Plaintiffs are supposed to be able to 'assess the claim' of privilege based on the defendants' privilege log, but without any dates for when documents were created, that's virtually impossible.") (citing Fed. R. Civ. P. 26(b)(5)(A)(ii)).

[5] As referenced in Section I, Plaintiffs have serious concerns that DIRECTV misrepresented who the attorneys were throughout the privilege log.

**HAUSFELD**

Furthermore, there appear to be **1,074** entries an attorney is merely "cc'd" on an email, but where there is no attorney in the "to" and "from" columns. It is unlikely that these documents are privileged considering that the dominant purpose of those communications do not appear to be for the provision of legal advice. *See Federal Industries Inc. v. Cameron Technologies US Inc.,* 2009 WL 10670395, at *3 (C.D. Cal. Jan. 30, 2009).

Please produce documents that contain third parties, that do not contain attorneys in the "from" or "to" column, and those that only contain attorneys in the "cc" column, or otherwise provide an amended privilege log so Plaintiffs may adequately assess the basis for withholding such documents.

**V.     Vague and Insufficient Descriptions**
   **A.     Descriptions in the "Privilege Basis" Field are Inadequate**

The descriptions offered by DIRECTV are presumably intended to describe the facts establishing the asserted privilege(s). Indeed, parties asserting privilege are required to "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, . . . **will enable other parties to assess the claim**." Fed. R. Civ. P. 26(b)(5).

Plaintiffs, however, have yet to identify even a single description in the "privilege basis" that is facially sufficient. The vast majority of the withheld documents assert privilege over the provision of advice on matters within DIRECTV's ordinary course of business, such as advice "regarding agreement terms," "regarding video game," "regarding pricing strategy," "regarding negotiation of agreement or terms," "regarding draft agreement," and "regarding business operations under agreements." Such vague descriptions of ordinary business matters are insufficient to establish the privilege. *See Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 233 (S.D.W. Va. 2015). Indeed, courts have found more descriptive privilege justifications for business matters to be insufficient." *See, e.g.*, *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (finding insufficient the following description: "Document containing non-responsive and privileged analysis re loan facilities including NBB based in part on and reflecting advice of counsel").

Please amend your privilege log to adequately describe the facts establishing your privilege claims.

   **B.     Insufficient Descriptions for Documents Not Containing an Attorney in the Description**

Furthermore, there are over **11,000** entries that do not include an attorney's name in the "privilege basis" field. Instead, a vast majority of these entries contain descriptions such as "legal advice from AT&T Legal Department," "legal advice from outside counsel HBO Legal Department," "DIRECTV Legal Department," or "in-house counsel Sony Legal Department." Based on these descriptions, it is difficult to understand the basis for attorney-client privilege since Plaintiffs cannot discern the attorney involved

7

**HAUSFELD**

in the document you are withholding and because "in-house attorneys can serve multiple functions within the corporation." *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Furthermore, your descriptions create confusion because it is not clear how the HBO Legal Department functions as outside counsel to DIRECTV (*see, e.g.*, DIRECTV-PRIV-0012082), or how the Sony Legal Department functions as in-house counsel (*see, e.g.*, DIRECTV-PRIV-0017082).

Please produce these documents or amend your privilege log to specify the attorney giving rise to the attorney-client privilege.

### C. Common Interest

There are **772** entries for which you claim "common interest" privilege as a basis for withholding or redacting documents. Indeed, common interest privilege is a narrow "'exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other.'" *Harris v. Lang Pharma Nutrition, Inc.*, 2015 WL 12832093, at *1 (C.D. Cal. May 22, 2015) (quoting *Pacific Pictures Corp. v. United States District Court*, 679 F.3d 1121, 1129 (9th Cir. 2012)). The parties "must share a common interest in litigation[,]" *Thunder Studios, Inc. v. Kazal*, 2018 WL 11346848, at *5 (C.D. Cal., Oct. 23, 2018), and must have an agreement "founded on a common legal, as opposed to commercial, interest." *Id.* (internal quotations omitted).

Your current descriptions in the privilege basis field do not provide Plaintiffs with adequate information to properly evaluate your assertions of common interest privilege. Please amend your privilege log for any entry where you assert "common interest" privilege to clarify: a) the parties involved in the joint legal effort, and b) the common legal interest involved.

### VI. Other

Finally, we have identified the following documents that you claim are redacted but for which there are no corresponding bates numbers:

| | |
|---|---|
| DIRECTV-PRIV-0000453 | DIRECTV-PRIV-0010667 |
| DIRECTV-PRIV-0003556 | DIRECTV-PRIV-0010781 |
| DIRECTV-PRIV-0005383 | DIRECTV-PRIV-0010795 |
| DIRECTV-PRIV-0006166 | DIRECTV-PRIV-0011751 |
| DIRECTV-PRIV-0006492 | DIRECTV-PRIV-0012948 |
| DIRECTV-PRIV-0006494 | DIRECTV-PRIV-0012949 |
| DIRECTV-PRIV-0006495 | DIRECTV-PRIV-0016296 |
| DIRECTV-PRIV-0006496 | DIRECTV-PRIV-0016723 |

8

# HAUSFELD

| | |
|---|---|
| DIRECTV-PRIV-0006497 | DIRECTV-PRIV-0016874 |
| DIRECTV-PRIV-0006502 | DIRECTV-PRIV-0022335 |
| DIRECTV-PRIV-0006503 | DIRECTV-PRIV-0024769 |
| DIRECTV-PRIV-0006504 | DIRECTV-PRIV-0025682 |
| DIRECTV-PRIV-0006505 | DIRECTV-PRIV-0026648 |
| DIRECTV-PRIV-0010349 | DIRECTV-PRIV-0026934 |
| DIRECTV-PRIV-0026935 | |

Please confirm if these documents have been produced to Plaintiffs in redacted form and provide the corresponding bates numbers.

For the avoidance of doubt, the issues raised in this letter should not be construed to waive Plaintiffs' rights to challenge any entry, on any ground, found in DIRECTV's privilege log. We look forward to solving these issues with you; if necessary, however, Plaintiffs will seek the Court's assistance to resolve these concerns.

Sincerely,
*/s/ Farhad Mirzadeh*
Farhad Mirzadeh

cc: Counsel of Record

9