# EXHIBIT 10

**HAUSFELD**

888 16th Street NW
Suite 300
Washington DC 20006

July 8, 2022

**VIA EMAIL**

Jeffrey Kopczynski
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
jkopczynski@omm.com

Counsel:

Plaintiffs write regarding DIRECTV's privilege log produced on June 6, 2022. This letter is made pursuant to Local Rule 37-1 of the United States District Court for the Central District of California. Plaintiffs propose a meet and confer on July 12, 2022, at 2:30 p.m. EST to discuss the issues outlined in this letter. If that date and time does not work, please provide an alternative within the timeframe provided by Local Rule 37-1.

As discussed in our correspondence and meet and confers, including in Plaintiffs' March 22 letter to DIRECTV, Plaintiffs maintain that DIRECTV does not provide sufficient information to carry its burden of establishing privilege over a vast number of entries contained in its privilege log. Rather than burden the Court with a challenge to every entry on DIRECTV's privilege log, and to resolve our issues as expeditiously as possible in light of DIRECTV's numerous delays, Plaintiffs have attempted to narrow the scope of their dispute to three categories of entries, including:

   A. Entries where the communication contains no attorney, or where the inclusion of a third party waives the privileges, or where there are so many individuals involved in the communication that the communication was not intended to be kept privileged or confidential;[1]
   B. Entries where DIRECTV improperly withheld non-privileged attachments;[2] and
   C. Entries where DIRECTV has not provided sufficient information, such as the author of a document, document title, or adequate description, to establish its assertion privilege.[3]

---

[1] *See, e.g.*, *Federal Industries Inc. v. Cameron Technologies US Inc.*, 2009 WL 10670395, at *3 (C.D. Cal. Jan. 30, 2009); *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 645 (C.D. Cal. 2005); *Acosta v. Target Corp.*, 281 F.R.D. 314, 321 (N.D. Ill. March 9, 2012) (attorney-client privilege "does not apply to an e-mail 'blast' to a group of employees that may include an attorney, but where no request for legal advice is made and the input from the attorney is business-related and not primarily legal in nature.").

[2] *See United States v. City of Hesperia*, 2021 WL 5034381, at *6 (C.D. Cal. June 17, 2021) ("attachments to privileged emails are not themselves privileged simply by association.") (citing *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999).

[3] *See, e.g.,* Fed. R. Civ. P. 26(b)(5) (parties much "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, . . . **will enable other parties to assess the**

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

**HAUSFELD**

Enclosed is an excel document containing examples of the entries Plaintiffs will challenge.

Furthermore, Plaintiffs intend to challenge documents containing the following individuals:

| | | |
|---|---|---|
| Daniel Fawcett | Thomas Giltner | Margaret Girard |
| Thomas Grace | John Gray, Jr. | John Green |
| Parkey Haggman | Jae-Min Han | Christopher Heimann |
| Cynthia Hennessy | Monty Hill | Milouska Hoppenbrouwer |
| Alejandro Jimenez | Sharon Karno | Kurt Kridner |
| Keith Krom | A.P. Marcucci | Charles Nalbone |
| Patricia Nunez Velez | Thomas Payne III | Carol Payne |
| Tom Rawls | Aaron Z. Schwartz | Pamela St. John |

As discussed in our correspondence and meet and confers, DIRECTV made numerous errors in its initial privilege log and misidentified several individuals as attorneys. DIRECTV refused to provide a satisfactory affiliation list that included the titles of the individuals contained in its privilege log; nor would DIRECTV provide an affiliation list containing the titles of the supposed attorneys DIRECTV purport give rise to their claims of privilege. Setting aside the obvious fact that DIRECTV should have this information readily available, DIRECTV offered instead to answer Plaintiffs' questions about specific job titles of individuals on an ad hoc basis. Plaintiffs reached out on May 27 to inquire about the titles of the above-referenced individuals and never received a response from DIRECTV. Plaintiffs presume that the above individuals are not attorneys and will lodge its challenges accordingly.

For the avoidance of doubt, the issues raised in this letter should not be construed to waive Plaintiffs' rights to challenge any entry, on any ground, found in DIRECTV's privilege log. Plaintiffs also reserve the right to argue that DIRECTV has waived attorney-client privilege because of its inadequate responses and the numerous deficiencies contained throughout its privilege log.

Sincerely,
*/s/ Farhad Mirzadeh*
Farhad Mirzadeh

---

**claim**.") (emphasis added); *see also Perez v. DirecTV Group Holdings, LLC*, 2020 WL 10818049, at *2 (C.D. Cal. July 23, 2020).