# EXHIBIT 19

| | |
|---|---|
| **From:** | Kopczynski, Jeffrey A. N. |
| **To:** | Farhad Mirzadeh; Sirajee, Monsura A. |
| **Cc:** | Scott A. Martin; Sathya S. Gosselin; Samuel Maida; Robson, Katrina |
| **Subject:** | RE: Sunday Ticket - Rule 37-1 Letter re Privilege Log |
| **Date:** | Friday, September 9, 2022 5:11:03 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>external.png |

⊙ External email >

Hi Farhad,

I'm following up on our email earlier this week. Below are responses to the questions you raised. Based on your response to our earlier email, it appears you are out of the office until September 13. To the extent you would like to discuss any of the below, we can identify dates when you're back.

Downgrades

As discussed during our calls, upon a further review, there are some documents on our privilege log that we plan to produce to Plaintiffs. We are running them by our client, and we are aiming to produce these documents to Plaintiffs next week.

Hardcopy files

We appreciate the efforts to narrow Plaintiffs' list of challenges in category C. You sent a list of privilege log entries that you continue to have questions about – that list of documents represents approximately 700 entries. We can confirm that most of these documents are hardcopies from DIRECTV in-house attorney William Ryan's files. A handful are also from the hardcopy files of DIRECTV in-house attorney Sam Sadighi. Just like all of the hard copy documents we discussed on our call a few weeks ago, these documents also contain Mr. Ryan's or Mr. Sadighi's handwritten notes, or otherwise contain attorney advice on draft documents. Two of the hardcopy documents are draft marketing materials from Jeff Ton's custodial files. Upon further review of these two documents, we have decided to produce them.

Image files

You asked us to clarify why image files are withheld, citing three examples. These three documents contain draft disclosure and privacy verbiage for marketing materials that was either drafted by Legal or sent to Legal for review and comment and approval. Other files are snapshots of individual slides to presentations and provide substantive legal feedback on those slides. In many instances the reason the image is separated is simply because Plaintiffs requested we produce embedded images as standalone family members, and so at our logging stage we had to log them separately even though they are in their original form integrated into the parent document.

Covington

Covington represented the NFL during certain contract negotiations with DIRECTV. As

explained during our call, we did not withhold documents as privileged because they were sent from Covington.  So that we resolve any ambiguity, we flag that we did withhold one privileged email chain, which appears as two privilege entries—i.e., DIRECTV-PRIV-0020000, DIRECTV-PRIV-0020001—despite it being sent to Covington.  We withheld that chain because the communication was inadvertently sent by DIRECTV to Covington counsel, Douglas Gibson.  Counsel for Covington recognized that he was inadvertently added to a privileged email chain, and he confirmed in his response email that he would delete the communication without reading.  These communications are therefore still privileged.  *See Ground Zero Ctr. for Non-Violent Action v. United States Dep't of the Navy*, 860 F.3d 1244, 1259 (9th Cir. 2017) (privilege is not waived where communication sent in error); *see also Patagonia, Inc. v. Anheuser Busch, LLC*, No. CV 19-02702 VAP (JEMx), 2020 U.S. Dist. LEXIS 259714, at *4 (C.D. Cal. Sep. 29, 2020) (privilege not waived where disclosure was inadvertent and parties took "reasonable steps" to rectify error).

Please let us know if you'd like to discuss further.

Best regards,
Jeff

---

**From:** Kopczynski, Jeffrey A. N.
**Sent:** Tuesday, September 6, 2022 10:39 PM
**To:** 'Farhad Mirzadeh' <fmirzadeh@hausfeld.com>; Sirajee, Monsura A. <msirajee@omm.com>
**Cc:** Scott A. Martin <smartin@hausfeld.com>; Sathya S. Gosselin <sgosselin@hausfeld.com>; Samuel Maida <smaida@hausfeld.com>
**Subject:** RE: Sunday Ticket - Rule 37-1 Letter re Privilege Log

Hi Farhad – we're putting together a written response based on our further analysis of the documents and topics you raise below.  We're targeting to get that over to you this week, at which point we can set a call to discuss any follow-up you might have.

**From:** Farhad Mirzadeh <fmirzadeh@hausfeld.com>
**Sent:** Friday, September 2, 2022 3:52 PM
**To:** Kopczynski, Jeffrey A. N. <jkopczynski@omm.com>; Sirajee, Monsura A. <msirajee@omm.com>
**Cc:** Scott A. Martin <smartin@hausfeld.com>; Sathya S. Gosselin <sgosselin@hausfeld.com>; Samuel Maida <smaida@hausfeld.com>
**Subject:** RE: Sunday Ticket - Rule 37-1 Letter re Privilege Log

[EXTERNAL MESSAGE]

Jeff,

Following up on the below. Please let me know if you have answers to the below questions.

Best,
Farhad