DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
M. RANDALL OPPENHEIMER (S.B. #77649)
  roppenheimer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

IAN SIMMONS (*Pro Hac Vice*)
  isimmons@omm.com
KATRINA ROBSON (S.B. #229835)
  krobson@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone:   (202) 326-2128
Facsimile:     (202) 383-5414

*Attorneys for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC*

[*Additional counsel listed on signature page*]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE SUNDAY TICKET ANTITRUST LITIGATION | Case No. 2:15-ml-02668-PSG (JEMx) <br><br> **DECLARATION OF JEFFREY A. N. KOPCZYNSKI IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NON-PARTY DIRECTV** <br><br> Magistrate Judge: Hon. John E. McDermott <br> Date/Time: 11/15/2022, 10:00 a.m. |

## DECLARATION OF JEFFREY A. N. KOPCZYNSKI

I, Jeffrey A. N. Kopczynski, declare and state as follows:

1. I am over the age of twenty-one (21) years and an attorney with the law firm of O'Melveny & Myers LLP, counsel for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC (collectively, "DIRECTV").

2. I submit this declaration in support of DIRECTV's Opposition to Plaintiffs' Motion To Compel Production Of Documents On DIRECTV's Privilege Log.

3. I am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this declaration, and each of the facts and statements is true and correct to the best of my knowledge.

4. Attached as **Exhibit 1** a true and correct copy of an excerpt of James Dyckes' June 30, 2022 Deposition Transcript.

5. Attached as **Exhibit 2** a true and correct copy of an October 17 email from Farhad Mirzadeh re-sending the Joint Stipulation re Motion to Compel DTV Privilege Log. Also included in this email chain is DIRECTV's response to Farhad Mirzadeh's original October 14, 2022 email regarding the Joint Stipulation re Motion to Compel DTV Privilege Log, which did not include the correct password to enable DIRECTV to analyze the exhibits.

6. Attached as **Exhibit 3** a true and correct copy of an August 26, 2022 email from Farhad Mirzadeh regarding DIRECTV's Privilege Log.

7. Since February 18, 2022, DIRECTV has produced hundreds of terabytes of material, including nearly half a million documents, and provided a privilege log for produced documents less than 20 days after the final rolling production. During the meet and confer process, DIRECTV warned Plaintiffs that their overly and unreasonably broad requests and search term proposals were likely to result in the return of a substantial number of irrelevant document and that many of those documents would be privileged because Plaintiffs' parameters called for

the production of any document that had anything other than an incidental mention of "Sunday Ticket" or its abbreviations. Of the nearly half million documents identified as responsive to Plaintiffs' document requests, DIRECTV asserted privilege over approximately 6 percent of them, totaling approximately 30,000 documents. Of those 30,000 documents, DIRECTV produced in redacted form over 8,000 of them.

8. Over the course of DIRECTV's and Plaintiffs' multi-month privilege log negotiations, DIRECTV has served a revised privilege log, downgraded and produced in full or in redacted form dozens of documents, participated in 8 meet-and-confer calls, and responded to dozens of emails regarding its log.

9. At a recent August 19 meet-and-confer, Plaintiffs stated that they would continue to narrow their challenges and would set up a call to wrap up any remaining disputes.

10. Plaintiffs served their portion of a motion to compel just ahead of three DIRECTV 30(b)(6) depositions.

11. DIRECTV and Plaintiffs met and conferred on July 28, August 3, August 10, and August 19. During these meet and confers, DIRECTV and Plaintiffs went through dozens of entries, where DIRECTV provided explanations for why DIRECTV's privilege log descriptions were sufficient, or otherwise responded to questions Plaintiffs had about particular entries. During these calls, Plaintiffs conceded that many of the documents they were challenging are irrelevant to issues in this case.

12. DIRECTV-PRIV-0021536 is a further forward of the email chain contained in DIRECTV-PRIV-0002646.

13. DIRECTV-PRIV-0000352 is an email collecting information at the request of DIRECTV's general counsel, Larry Hunter.

14. DIRECTV-PRIV-0002137 is an email where Tomiko Abe was seeking legal advice from the AT&T Legal Department, including in-house counsel

Michael Alidio, about legal disclaimers.

15. DIRECTV-PRIV-0010920 is an email forwarding legal advice from in-house counsel Sam L. Sadighi regarding the interpretation of a legal statute.

16. In DIRECTV-PRIV-0001683, Mr. Schulemson emails in-house counsel Sam Sadighi informing him that he has made changes based on Mr. Sadighi's legal advice.

17. In DIRECTV-PRIV-0025358, in-house counsel Viviana Betancourt provides her legal advice about drafts of the agreements in the body of the email.

18. In DIRECTV-PRIV-0026382, DIRECTV in-house attorney Ciara Stephens forwards legal advice from several other attorneys in DIRECTV's legal department, including Evan Hunter, and seeks further input from Mr. Thun.

19. DIRECTV-PRIV-0000988 is a presentation that James Dyckes edited in light of legal advice received directly from DIRECTV in-house counsel Ted Suzuki; Mr. Dyckes then sends that edited presentation to Mr. Suzuki for his further review and verification that Mr. Dyckes understood the legal advice correctly.

20. DIRECTV-PRIV-0009143 is a hardcopy document from the custodial files of in-house counsel William Ryan and contains marginalia. More specifically, it is a legal memo from outside counsel Hale and Dorr, who represented DIRECTV in 2003 during negotiations involving the NFL Sunday Ticket Agreement.

21. DIRECTV-PRIV-0027091 is a hardcopy document from the custodial files of in-house counsel William Ryan and contains his handwritten notes related to certain pricing decisions.

22. During meet-and-confers, Plaintiffs could not identify additional information they believe is necessary for DIRECTV to provide for entries they say do not provide sufficient information to establish privilege.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this day of October 24, 2022 in Hoboken, New Jersey.

_____
Jeffrey Kopczynski

(*pro hac vice*)
jkopczynski@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorney for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC*