Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON DIRECTV'S PRIVILEGE LOG**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 11/15/2022, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

**REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

| | | | | Page |
|---|---|---|---|---|
| I. | PRELIMINARY STATEMENTS | | | 1 |
| | A. | PLAINTIFFS' PRELIMINARY STATEMENT | | 1 |
| | B. | DIRECTV's PRELIMINARY STATEMENT | | 2 |
| II. | DISCOVERY REQUESTS AND RESPONSES IN DISPUTE | | | 3 |
| III. | PARTIES' CONTENTIONS | | | 3 |
| | A. | PLAINTIFFS' STATEMENT | | 3 |
| | | 1. | Factual and Procedural Background | 3 |
| | | 2. | Legal Standard | 6 |
| | | 3. | Inappropriate or Incorrect Assertions of Privilege | 6 |
| | | | a. No Attorneys Listed in the Allegedly Privileged Communication. | 7 |
| | | | b. Documents Withheld from Production by Mere Addition of Attorney. | 8 |
| | | | c. Improper Assertions of Privilege Where Third Parties are on a Communication. | 9 |
| | | | d. Attachments That Are Improperly Withheld by DIRECTV. | 11 |
| | | | e. Entries Where DIRECTV Does Not Provide Sufficient Information to Establish Privilege. | 12 |
| IV. | CONCLUSION | | | 13 |
| | A. | DIRECTV's STATEMENT | | 13 |
| | | 1. | Factual and Procedural Background | 13 |
| | | 2. | Legal Standard | 17 |
| | | 3. | Valid Assertions of Privilege | 19 |
| | | | a. DIRECTV Properly Listed Attorneys or a Legal Department In Every Single Privilege Entry. | 19 |
| | | | b. DIRECTV Properly Withheld Documents Which Included Attorneys. | 22 |
| | | | c. DIRECTV Properly Asserted Privilege Over Communications Which Include Third Parties, And Many Entries Plaintiffs Cite Do Not Even Include Third Parties. | 23 |
| | | | d. DIRECTV Properly Withheld Privileged Attachments. | 25 |
| | | | e. Plaintiffs' Blanket Objection to 1172 Entries Does Not Rebut DIRECTV's Prima Facie Showing of Privilege. | 27 |
| V. | CONCLUSION | | | 29 |

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA*,
  Case No. EDCV-09-23, 2013 WL 12136380 (C.D. Cal. Aug. 9, 2013) .............................. 9, 10

*Applied Med. Resources Corp.*,
  Case No. 03-1329, 2005 WL 6567355 (C.D. Cal. May 23, 2005) .............................................. 8

*AT&T Corp. v. Microsoft Corp.*,
  No. 02-0164 MHP (JL), 2003 U.S. Dist. LEXIS 8710 (N.D. Cal. Apr. 18, 2003) ................... 25

*AT&T Corp. v. Microsoft Corp.*,
  No. 02-0164 MHP (JL), 2003 WL 21212614 (N.D. Cal. Apr. 18, 2003) ........................... 19, 25

*Barba v. Shire US, Inc.*,
  No. 13-21158-CIV, 2015 WL 2412257 (S.D. Fla. May 20, 2015) ........................................... 19

*Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*,
  Case No. No. 07–1359, 2008 WL 5214330 (N.D. Cal. Dec. 12, 2008) ................................... 12

*Burlington N & Santa Fe Ry. Co. v. US. Dist. Court for Dist. of Mont.*,
  408 F.3d 1142 (9th Cir. 2005) ................................................................................................ 18

*Calendar Rsch. LLC v. StubHub, Inc.*,
  No. CV 17-4062 SVW (SSX), 2019 WL 11276365 (C.D. Cal. May 6, 2019) ......................... 20

*Eastman v. Thompson*,
  Case No. 8:22-cv-00099, 2022 WL 894256, (C.D. Cal. Mar. 28, 2022) ............................. 6, 12

*Franco-Gonzalez v. Holder*,
  Case. No., 10–2211, 2013 WL 8116823 (C.D. Cal May 3, 2013) ........................................... 6

*Friends of Hope Valley v. Frederick Co.*,
  268 F.R.D. 643 (E.D. Cal. 2010) ............................................................................................ 13

*Harris v. Lang Pharma Nutrition, Inc.*,
  Case No. 14–1154, 2015 WL 12832093 (C.D. Cal. May 22, 2015) ........................................ 10

*Hellmann-Blumberg v. Univ. of the Pac.*,
  No. 2:12-CV-0286 TLN DAD, 2013 WL 4407267 (E.D. Cal. Aug. 15, 2013) ....................... 27

*In re 3dfx Interactive, Inc.*,
  347 B.R. 394 (Bankr. N.D. Cal. 2006) ................................................................................... 29

*In re Grand Jury Investigation*,
  974 F.2d 1068 (9th Cir. Aug. 31, 1992) .................................................................................. 17

*In re Grand Jury*,
  23 F.4th 1088 (9th Cir. 2022) ................................................................................................ 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

*In re Polygon Glob. Partners LLP*,
   No. 21-mc-007 WES, 2022 U.S. Dist. LEXIS 6439 (D.R.I. Jan. 12, 2022) ............................ 25

*Mattel, Inc. v. MGA Ent., Inc.*,
   Case No. 04-9049 RNBX, 2010 WL 3705868 (C.D. Cal. Sept. 17, 2010) ...................... 11

*MGA Ent., Inc. v. Nat'l Prods. Ltd.*,
   No. CV 10-07083 JAK SSX, 2012 WL 3150532 (C.D. Cal. Aug. 2, 2012) ........... 19, 20, 21, 22

*Morvil Tech., LLC v. Ablation Frontiers*, Inc.,
   No. 10-CV-2088, 2012 WL 760603 (S.D. Cal. Mar. 8, 2012) ...................... 24

*Nidec Corp. v. Victor Co. of Japan*,
   249 F.R.D. 575 (N.D. Cal. 2007) ...................................................... 9

*NXIVM Corp. v. O'Hara*,
   241 F.R.D. 109 (S.D.N.Y. 2007) ........................................................ 7

*O'Connor v. Boeing N. Am., Inc.*,
   185 F.R.D. 272 (C.D. Cal. 1999) ............................................. 11, 25

*Pacific Pictures Corp. v. United States District Court*,
   679 F.3d 1121 (9th Cir. 2012) ............................................................. 10

*RBS Citizens, N.A. v. Husain*,
   291 F.R.D. 209 (N.D. Ill. 2013) ........................................................ 11

*Regents of University of California v. Affymetrix, Inc.*,
   326 F.R.D. 275 (S.D. Cal. 2018) ............................................. 9, 24

*Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*,
   No. 5:13-CV-05658-LHK, 2015 WL 4347711 (N.D. Cal. July 15, 2015) ...................... 17, 18

*Synopsys, Inc. v. Ricoh Co.*,
   No. C03-2289 MJJEMC, 2006 WL 2458721 (N.D. Cal. Aug. 22, 2006) ................ 19

*Thunder Studios, Inc. v. Kazal*,
   Case No. 17-0871, 2018 WL 11346848 (C.D. Cal., Oct. 23, 2018) ......................... 10

*U.S. v. Ruehle*,
   583 F.3d 600 (9th Cir. 2009) ....................................................... 6

*United States v. ChevronTexaco Corp.*,
   241 F. Supp. 2d 1065 (N.D. Cal. 2002) ................................... 8, 11, 12, 22

*United States v. City of Hesperia*,
   2021 WL 5034381 (C.D. Cal. June 17, 2021) ......................................... 11

*Willis v. Vasquez*,
   Case No.10-7390, 2012 WL 12882386 (C.D. Cal. June 19, 2012) ....................... 7

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

*Zucchella v. Olympusat, Inc.*,
   No. CV197335DSFPLAX, 2021 WL 8317026 (C.D. Cal. Oct. 5, 2021)................................. 27

**Statutes**

8 Fed. Prac. & Proc. Civ. § 2017 (3d ed.) ...................................................................... 24

**Other Authorities**

*AT&T to Acquire DIRECTV*,
   AT&T (May 18, 2014), *available at* https://about.att.com/story/att_to_acquire_directv.html. 20

**Rules**

Fed. R. Civ Proc. 26(b)(5)........................................................................................... 18

Fed. R. Civ. Proc. 26(b)(5)(A)(ii) ............................................................................... 18

       Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Plaintiffs and Non-Party DirecTV Holdings LLC and DirecTV, LLC ("DIRECTV") submit the following joint stipulation regarding Plaintiffs' Motion to Compel Production of Documents that DIRECTV has improperly withheld.[1]

## I.    PRELIMINARY STATEMENTS

### A.    PLAINTIFFS' PRELIMINARY STATEMENT

       DIRECTV's initial privilege log, served on February 18, 2022, contained nearly ***30,000*** entries and numerous deficiencies. Plaintiffs promptly reviewed the log and raised their concerns to DIRECTV regarding those deficiencies, such as DIRECTV's failure to specify the titles and affiliations of attorneys involved in withheld communications. In the months that followed, the parties met-and-conferred on multiple occasions to correct those deficiencies—including the assertion of privilege over individuals who were incorrectly labeled as attorneys on DIRECTV's privilege log—without resorting to court intervention. DIRECTV was often slow to respond, suggesting that certain information would be forthcoming only to require Plaintiffs to wait weeks before hearing back.

       Most recently, and despite DIRECTV's refusal to fix the plainly deficiencies on its privilege log, Plaintiffs sought in good faith to reduce the scope of the dispute that would be presented before this Court. Plaintiffs identify five distinct categories of documents from DIRECTV's privilege log that were improperly withheld:

- Entries where no attorneys are present in a communication withheld on the basis of attorney-client privilege;
- Entries where several recipients appear to waive privilege;
- Entries where third parties are present;
- Entries that appear to contain non-privileged attachments; and

---

[1] The Court's current scheduling orders are attached as Exhibits 1-5. While the fact discovery cutoff has passed, the Court permitted challenges to DIRECTV's privilege log to be filed after the cutoff. *See* Ex. 4, Dkt. No. 607.

- Entries that do not contain sufficient information to establish the privileged nature of the document.

An itemized list of the specific entries being challenged in DIRECTV's privilege log, and the above categories they fall within, is attached at Exhibit 6.[2] As outlined below, Plaintiffs respectfully request that the documents be ordered for production.

## B.   DIRECTV'S PRELIMINARY STATEMENT

Since February 18, 2022, DIRECTV has produced hundreds of terabytes of material, including nearly half a million documents, and provided a privilege log for produced documents less than 20 days after the final rolling production. Kopczynski Decl. ¶ 7.   During the meet-and-confer process, DIRECTV warned Plaintiffs that their overly and unreasonably broad requests and search term proposals were likely to result in the return of a substantial number of irrelevant documents and that many of those documents would be privileged because Plaintiffs' parameters called for the production of any document that had any discussion of the term "Sunday Ticket" or its abbreviations in any context. Kopczynski Decl. ¶ 7.

DIRECTV nevertheless approached the task with rigor and ultimately listed only 6 percent of documents on its privilege log—an overrepresentation of the proportion of privileged documents because, unlike the production, the log lists every email in a chain separately. Kopczynski Decl. ¶ 7. Plaintiffs initially challenged *every single entry* on DIRECTV's log—a facially unreasonable position. Mirzadeh Decl. Ex. 7. DIRECTV again acted in good faith and engaged in extensive, multi-month privilege log negotiations, participating in 8 meet-and-confer calls, responding to dozens of emails regarding its log, and downgrading and producing in full or in redacted form the few dozen documents that were erroneously listed. Kopczynski Decl. ¶ 8. Throughout the process, DIRECTV offered to talk through the basis for privilege of any entry that Plaintiffs specifically identified and, although Plaintiffs

---

[2] All exhibits cited by Plaintiffs are attached to the Declaration of Farhad Mirzadeh ("Mirzadeh Decl.") filed contemporaneously with this joint stipulation.

generally were not prepared to identify more than a handful of documents specifically, DIRECTV's efforts have been productive.  Plaintiffs have dropped **95 percent** of their challenges.  Acknowledging that their remaining privilege challenges were still overbroad, at a recent August 19 meet-and-confer, Plaintiffs stated that they would continue to narrow their challenges and would set up a call to wrap up any remaining disputes.  Kopczynski Decl. ¶ 9.  Plaintiffs reiterated this point about a week later, on August 26, when they sent an email assuring DIRECTV that they would "further cull down [their] list of challenges."  Kopczynski Decl., Ex. 3 at 1. Instead of scheduling a call or sending an email to further narrow their challenges as promised, *seven weeks later* Plaintiffs served their portion of a motion to compel at 11 p.m. ET on Friday, October 14, just ahead of three significant DIRECTV 30(b)(6) depositions.  Kopczynski Decl. ¶ 10, Ex. 2 at 1.

While Plaintiffs are ever-eager to engage in motion practice, their motion to compel the production of privileged documents is unsupported and premature and undermines the progress DIRECTV and Plaintiffs have made thus far on Plaintiffs' privilege log challenges.  Plaintiffs are in effect asking the Court to do the work they are unwilling to do.

## II.   DISCOVERY REQUESTS AND RESPONSES IN DISPUTE

The present dispute is not related to the scope of any particular discovery request. Rather, this dispute relates to privilege logs regarding documents responsive to any of Plaintiffs' discovery requests, served on January 22, 2021 and May 21, 2021, that have been improperly withheld on the basis of privilege or attorney work-product protection.

## III.   PARTIES' CONTENTIONS

### A.   PLAINTIFFS' STATEMENT

#### 1.   Factual and Procedural Background

On February 18, 2022, DIRECTV issued its privilege log containing nearly 30,000 entries. Mirzadeh Declaration ¶ 9; Ex. 7.  Following review of that log, on

March 22, 2022, Plaintiffs served DIRECTV with a Rule 37-1 letter that detailed the numerous entries in which DIRECTV failed to provide information sufficient to carry its burden of establishing privilege. Ex. 7.

Plaintiffs' letter raised numerous concerns about DIRECTV's assertions of privilege. Among the many issues identified by Plaintiffs were: a lack of affiliation list, DIRECTV's misidentification of several employees as attorneys and erroneous assertions of privilege over communications from those non-attorney employees. *Id.* DIRECTV confirmed that at least 16 individuals were mis-identified as attorneys in their original privilege log. Ex. 8 at p. 4.

After meeting and conferring, DIRECTV offered to investigate fixing some of the issues with their privilege log. Regarding the affiliation list, DIRECTV produced a 75-page affiliation list on April 29, 2022; however, the affiliation list only contained the name of every individual in their privilege log and the company they were associated with. It did not include the titles or roles or dates of employment for any of the DIRECTV employees found throughout the privilege log. Ex. 9. DIRECTV refused to provide the titles of employees or of the attorneys giving rise to privilege and offered that Plaintiffs could consult an "internet search" to figure out whether the individual is an attorney or not. Ex. 8 at 2. Moreover, the affiliation list contained errors, such as indicating that DIRECTV employee Jeff Ton, who is prevalent throughout the privilege log, was affiliated with the NFL. Ex. 9. DIRECTV stated that if Plaintiffs had specific questions they could reach out to DIRECTV.[3]

DIRECTV also stated that it would supply a corrected privilege log the week of May 2, 2022 to correct its many mistakes, as well as offering to make a production of documents that were incorrectly withheld. Ex. 12.  DIRECTV also stated that it would supply a proposal for an amended privilege log that would enable Plaintiffs to evaluate DIRECTV's assertions of privilege. *Id.*

---

[3] Plaintiffs took DIRECTV up on their offer on May 27 and reached out with questions about certain employees and their positions at DIRECTV. Ex. 10 at p. 2. DIRECTV did not respond until July 15—seven weeks later. Ex. 11.

On May 6, Plaintiffs reached out asking for a status update. Nearly two weeks later, on May 16, DIRECTV produced a corrected privilege log and an attendant production of documents, removing approximately 450 entries from its privilege log. Ex. 13.[4] On May 19, DIRECTV provided Plaintiffs with its proposal on what additional fields it would produce, offering to supply the "email subject" and "filename" fields in an amended privilege log. Ex. 14 (email dated May 19, 2022).

On June 6, DIRECTV produced its presumptively final privilege log. Ex. 15. The amended privilege log added basic information like the email subject lines and file name; however, it only supplied these fields for fully withheld entries. DIRECTV did not supply such information for the over 8,000 entries that were redacted, requiring Plaintiffs to manually review each redacted entry to fill the gaps of information that DIRECTV would not otherwise provide.

Plaintiffs wrote a 37-1 letter to DIRECTV on July 8, 2022, raising specific issues with their amended privilege log and, with painstaking effort, itemized each entry that Plaintiffs sought to challenge. Ex. 10. In particular, Plaintiffs challenged certain entries in three categories:

A) Entries where the communication contains no attorney, or where the inclusion of a third party waives the privileges, or where there are so many individuals involved in the communication that the communication was not intended to be kept privileged or confidential;

B) Entries where DIRECTV improperly withheld non-privileged attachments; and,

C) Entries where DIRECTV has not provided sufficient information, such as the author of a document, document title, or adequate description, to establish its assertion of privilege.

At DIRECTV's further request, Plaintiffs sent a revised spreadsheet that

---

[4] But DIRECTV, in the same production cover letter, determined that over 180 documents were inadvertently produced as privileged and clawed those back. Ex. 13.

1  further broke out the categories of entries Plaintiffs were challenging, specifying, for

2  example, entries where there were no attorneys; entries that appeared to improperly

3  assert the common interest privilege; entries where the presence of several recipients

4  called into question whether the document or communication was intended to be kept

5  confidential; and entries containing third parties. Ex. 16. After conferring and

6  corresponding since July, and being admonished by DIRECTV for challenging

7  entries "not related to the litigation," on September 22 DIRECTV produced roughly

8  20 documents previously withheld for privilege. Exs. 17 & 18.

9      Plaintiffs now bring this motion for the Court to compel the production of

10  documents identified on DIRECTV's privilege log that DIRECTV has improperly

11  withheld on the basis of privilege. Plaintiffs have marked an "x" to the entries that

12  are in dispute, as discussed in more detail below.

13                **2.      Legal Standard**

14      Federal Rule of Civil Procedure 26(b)(5) requires a party asserting a privilege

15  to "describe the nature of the documents, communications, or tangible things not

16  produced or disclosed—and do so in a manner that . . . will enable other parties to

17  assess the claim."  The "'party asserting the attorney-client privilege has the burden

18  of establishing the relationship and the privileged nature of the communication.'"

19  *Eastman v. Thompson*, Case No. 8:22-cv-00099, 2022 WL 894256, at *8 (C.D. Cal.

20  Mar. 28, 2022) (quoting *U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)).

21  Furthermore, "[p]rivilege logs should contain the following information: (1) the

22  general nature of the document, (2) the identity and position of its author, (3) the date

23  it was written, (4) identity and position of recipients, (5) location of the document,

24  and (6) reason document was withheld." *Franco-Gonzalez v. Holder*, Case. No., 10–

25  2211, 2013 WL 8116823, at *6 (C.D. Cal May 3, 2013).

26           **3.      Inappropriate or Incorrect Assertions of Privilege**

27      The Court should compel production of the following categories of documents.

28

a.    <u>No Attorneys Listed in the Allegedly Privileged Communication.</u>

Column P of Exhibit 6 includes entries where communications appear to be improperly withheld as attorney-client privileged despite the fact that the entries have no attorneys in the "to" or "from" line. *See, Willis v. Vasquez*, Case No.10-7390, 2012 WL 12882386, at *2 (C.D. Cal. June 19, 2012) (overruling objections based on attorney-client privilege where "[n]o attorney made or received any of the communications [in the documents]."); *see also NXIVM Corp. v. O'Hara*, 241 F.R.D. 109 (S.D.N.Y. 2007) ("[T]he extension of the privilege to non-lawyer's communication is to be narrowly construed.").

As an example, DIRECTV-PRIV-0002646 claims to be an attorney-client privileged communication but is an email from Melissa Seipp, a non-attorney, to Tomiko Abe, a non-attorney. The description states that it is a "█████████ █████████████████████████████████████████████████ ████████████" but Mr. Alidio is not located anywhere as a sender or recipient of the email.

In another example, DIRECTV claims attorney-client privilege over DIRECTV-PRIV-0021536, an email from James Dyckes to Tomiko Abe. There is no attorney on the communication, nor does the entry provide any insight into which attorney gives rise to the privilege, instead providing that the document is a ████████████████████████████████████████████████████ ███████████████████████

DIRECTV has provided no further information as to why these documents merit the protection of the attorney-client privilege. In total, Plaintiffs are challenging 115 entries in column P. Plaintiffs request that the Court order the production of these documents.

1        b.     <u>Documents Withheld from Production by Mere Addition</u>

2                <u>of Attorney.</u>

3       Column Q of Exhibit 6 contains entries which appear aimed at cloaking as

4 privileged several documents which are otherwise obtained or produced in the regular

5 course of business simply because they were ultimately passed on to attorneys. The

6 mere fact that "an attorney" is "one of several recipients" is not sufficient to

7 distinguish the documents withheld from "ordinary business communication[s], to

8 which privilege does not apply." *Applied Med. Resources Corp.*, Case No. 03-1329,

9 2005 WL 6567355, at 2 (C.D. Cal. May 23, 2005); *United States v. ChevronTexaco*

10 *Corp.*, 241 F. Supp. 2d 1065, 1075 (N.D. Cal. 2002) ("[t]he mere fact that outside

11 counsel was copied with the e-mail will not shield communications not made for the

12 purpose of securing legal advice").

13       For instance, DIRECTV claims privilege over entry DIRECTV-PRIV-

14 0001542, which is an email titled ███████████████████████ from Manasi

15 Mathur to seven other individuals, and includes only one attorney who is in the "cc"

16 line. The log's description states that the document is a ████████████████

17 ████████████████████████████████████████████████

18 ███████████████████████████████████████ It appears the

19 primary purpose of this is business related, and therefore not privileged.

20       Furthermore, it appears that DIRECTV's protocol was to separate out

21 privileged communications between employees from ordinary business

22 communications. Several email entries which Plaintiffs do not challenge include, in

23 the subject line, a notation that the communication is "privileged." *See, e.g.*

24 DIRECTV-PRIV-0021591 (Email titled ████████████████████████

25 DIRECTV-PRIV-0001956 (Email titled ██████████████████████

26 ███████. This contrasts with the ones that Plaintiffs include in their challenged

27 entries. *See, e.g.*, DIRECTV-PRIV-0001542 (described above); DIRECTV-PRIV-

28 0023505 (email from James Dyckes to Jason Britton and cc'ing several individuals,

including one attorney, with an email titled ███████████████████ ).

In total, Plaintiffs are challenging 25 entries in column Q. Plaintiffs request that the Court order the production of these documents.

### c. Improper Assertions of Privilege Where Third Parties are on a Communication.

Column R of Exhibit 6 contains entries that Plaintiffs have identified as containing third parties in the allegedly privileged communication. "Generally, disclosure of otherwise privileged communication to a third party waives the attorney client privilege and/or the attorney work product privilege." *Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA*, Case No. EDCV-09-23, 2013 WL 12136380 (C.D. Cal. Aug. 9, 2013); *see also Regents of University of California v. Affymetrix, Inc.*, 326 F.R.D. 275, 282 (S.D. Cal. 2018) ("Attorney-client communications 'made in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality.'") (quoting *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007)).

Plaintiffs have informed DIRECTV about third parties listed on their privilege log since at least July 26. In one example, Plaintiffs highlighted a correspondence between Brady Kellogg, an employee for the NFL team Denver Broncos, and Robert Stecklow of DIRECTV. Upon review, DIRECTV confirmed that the communication was not privileged and produced the document. Yet, DIRECTV continues to maintain on its privilege log several emails in the same chain between Kellogg and Stecklow despite conceding that the communications were not privileged. *See, e.g.,* DIRECTV-PRIV-004660; DIRECTV-PRIV-0004665; DIRECTV-PRIV-0004667; DIRECTV-PRIV-0004498. Plaintiffs challenge other entries with third-parties, including individuals affiliated with the NFL. *See, e.g.*, DIRECTV-PRIV-0014869; DIRECTV-PRIV-0000195; DIRECTV-PRIV-0000003.

1    DIRECTV may argue that the common interest privilege shields these

2    documents from discovery. The common interest privilege is a narrow "'exception

3    to ordinary waiver rules designed to allow attorneys for different clients pursuing a

4    common legal strategy to communicate with each other.'" *Harris v. Lang Pharma*

5    *Nutrition, Inc.*, Case No. 14–1154, 2015 WL 12832093, at *1 (C.D. Cal. May 22,

6    2015) (quoting *Pacific Pictures Corp. v. United States District Court*, 679 F.3d 1121,

7    1129 (9th Cir. 2012)). It applies where a "joint defense effort or strategy has been

8    decided upon and undertaken by the parties and their respective counsel[.]"

9    *Amphastar Pharmaceuticals, Inc.* 2013 WL 12136380, at *4-5 (internal quotations

10   omitted).  Further, the parties "must share a common interest in litigation[,]"and

11   "must clearly identify the common legal interest furthered by the communication."

12   *Thunder Studios, Inc. v. Kazal*, Case No. 17-0871, 2018 WL 11346848, at *5, 7 (C.D.

13   Cal., Oct. 23, 2018).

14   While DIRECTV and the NFL may have had commercial interests in

15   cooperation with respect to NFL Sunday Ticket, they did not coordinate legal strategy

16   to shield these documents from production. Nor can DIRECTV credibly argue that

17   routine business conversations between DIRECTV and NFL involved a "common

18   interest in litigation." *Thunder Studios*, 2018 WL 11346848, at *8.

19   In fact, the aforementioned documents that DIRECTV withheld concerning

20   communications between Brady Kellogg and Robert Stecklow all asserted common

21   interest privilege, and later determined to be not privileged.  Plaintiffs suspect, but

22   have no way of confirming, that many more entries are withheld on similarly dubious

23   grounds, and request that this Court compel the production of such documents. Even

24   if the entries properly relate to a joint "common interest" between the NFL and

25   DIRECTV, DIRECTV's entries are too bare to meet the burden of establishing the

26   common interest privilege because DIRECTV does not "clearly identify the common

27   legal interest." *See, e.g.*, *Thunder Studios*, 2013 WL 12136380, at *8.

28

In total, Plaintiffs are challenging 110 entries in column R. Plaintiffs request
that the Court order the production of these documents.

> d.      Attachments That Are Improperly Withheld by
>         DIRECTV.

Column S of Exhibit 6 contains documents that appear to be improperly
withheld because they are attachments to privileged emails. Documents are not
privileged simply because they are attached to a privileged communication. *See, e.g.*,
*United States v. City of Hesperia*, 2021 WL 5034381, at *6 (C.D. Cal. June 17, 2021)
("Attachments to privileged emails are not themselves privileged by association.")
(citing *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999)).

For example, DIRECTV-PRIV-0000790 is an attachment titled ███████
███████████. The description states that the document is a ██████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████ The document appears to be an attachment to DIRECTV-PRIV-0000789,
which is an email from Dan York to Alex Kaplan and William Ryan, DIRECTV's
counsel. While the email containing legal advice from the counsel might be arguably
privileged, the information in the attached email is not. *See, e.g.*, *ChevronTexaco
Corp.*, 241 F. Supp. 2d at 1075; *Mattel, Inc. v. MGA Ent., Inc.*, Case No. 04-9049
RNBX, 2010 WL 3705868, at *2 (C.D. Cal. Sept. 17, 2010); *RBS Citizens, N.A. v.
Husain*, 291 F.R.D. 209, 221 (N.D. Ill. 2013).

In the case of DIRECTV-PRIV-0000669, DIRECTV withholds as attorney-
client privileged a document titled ████████████████████████████
████████████. The document has no other information besides the description which
states that it is a ████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████ Again, because an attachment may
be included in a privileged communication is not sufficient reason to withhold the

document. *See, e.g., ChevronTexaco Corp.*, 241 F. Supp. 2d at 1075.

In total, Plaintiffs are challenging 425 entries in column S. Plaintiffs request that the Court order the production of these documents.

e.    Entries Where DIRECTV Does Not Provide Sufficient Information to Establish Privilege.

Column T of Exhibit 6 contains entries where DIRECTV does not provide sufficient information to satisfy their burden of establishing privilege. *See, e.g., Eastman*, 2022 WL 894256, at *8. The entries marked in this column contain missing authorship information, recipient information, information about the document, or information about the attorney giving rise to the assertion of privilege. As such, DIRECTV fails to satisfy its burden of establishing privilege over these documents. *Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, Case No. No. 07–1359, 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) ("Failure to provide sufficient identification waives the privilege.").

For example, DIRECTV-PRIV-0009143 is a document titled "0001.PDF" and the description states it is a ███████████████████████████████████████████████████████████████████████████████████ There is no information about the attorney giving rise to the privilege or who created the document.

In another example, DIRECTV-PRIV-0027091 is a document titled "HCREL0000001478-79_RE-UN-001" and the description merely states that it is a ███████████████████████████████████████████████████████████████████████████████████ Again, DIRECTV does not provide any information about the author of the document or the attorney giving rise to the privilege.

It is not clear how Plaintiffs are to evaluate the assertions of privilege for the documents in this category. During a meet-and-confer where Plaintiffs raised the issue about these type of entries, it was suggested that these documents come from

the custodial files of DIRECTV's in-house counsel, and often are scanned documents containing hand-written notes from the attorney and that the hand-written notes are so pervasive no redacted version of the document could be produced. Plaintiffs asked for confirmation that each of the roughly 700 entries that are similarly situated are also unable to be produced because the hand-written notes are so pervasive so as to prevent any portion of the document from being produced. DIRECTV represented that "most of these documents" are from the files "from DIRECTV in-house attorney William Ryan's files" and a "handful are also from the hardcopy files of DIRECTV in-house attorney Sam Sadighi" and that the documents "contain Mr. Ryan's or Mr. Sadighi's handwritten notes, or otherwise contain attorney advice on draft documents." Ex. 19 DIRECTV did not provide information about the authors of the documents, and also refused to confirm that the documents could be produced in redacted form. Nor did DIRECTV provide an amended privilege log for more information regarding these entries. Without more information, Plaintiffs "should not be obligated to take [DIRECTV's] blanket assertion at face value as to all the documents withheld." *See Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650 (E.D. Cal. 2010).

In total, Plaintiffs are challenging 1172 entries in column T. Plaintiffs seek the production of these documents.

## IV.    CONCLUSION

Plaintiffs have worked dutifully with DIRECTV, in good faith and for many months, to seek the requested documents. Plaintiffs respectfully request this Court to compel the production of non-privileged documents that DIRECTV has improperly withheld.

### A.    DIRECTV'S STATEMENT

#### 1.    Factual and Procedural Background

Plaintiffs' challenge is best understood in the context of DIRECTV's entire production effort.  After extensively negotiating the scope of Plaintiffs' over 100

requests for production seeking documents from a nearly thirty-year time period and from almost two dozen custodians, DIRECTV produced almost half a million documents—drawing from a time period including multiple mergers, a corporate divestment, and this litigation—and hundreds of terabytes of structured data to Plaintiffs.  Despite DIRECTV's attempts to the contrary, Plaintiffs' everything-but-the-kitchen-sink discovery requests resulted in DIRECTV producing essentially any document related to NFL Sunday Ticket.  This meant DIRECTV produced and/or withheld for privilege documents wholly unrelated to Plaintiffs' claims, including documents relating to, e.g., negotiations over use of the Sunday Ticket logo with third parties.  Plaintiffs concede those types of documents are irrelevant, and only at issue because of the wildly overbroad scope Plaintiffs insisted on.

Plaintiffs agreed that DIRECTV would produce its privilege log on February 18, 2022, which was less than 20 days after DIRECTV finished its rolling productions.  Dkt. No. 376.  DIRECTV timely produced its log on that date—over *eight months ago*.  Of the nearly half-million documents identified as responsive to Plaintiffs' requests, DIRECTV asserted privilege over only 6 percent of them, totaling approximately 30,000 documents.  Kopczynski Decl. ¶ 7.  Of those 30,000 documents, DIRECTV produced in redacted form over 8,000 of them.  Kopczynski Decl. ¶ 7.

On March 22, 2022,  Plaintiffs sent a purported deficiency letter challenging *every single entry* on DIRECTV's privilege log and demanding a new, significantly restructured privilege log within a mere two weeks their letter.  Mirzadeh Decl., Ex. 7.

On April 8, 2022, DIRECTV sent a detailed response to Plaintiffs' March 22 letter, correcting Plaintiffs' misreading of DIRECTV's privilege log, offering to correct certain typos Plaintiffs identified in the log, and agreeing to reevaluate its privilege designation over certain entries.  Mirzadeh Decl., Ex. 10.

After spending multiple hours engaging with Plaintiffs, including across three

separate meet-and-confer calls, and repeatedly urging Plaintiffs to identify with more specificity their privilege challenges, on April 29, 2022, DIRECTV produced at significant expense, an affiliation list, which contained the names and affiliations of each individual on DIRECTV's privilege log.  Mirzadeh Decl., Ex. 9.  That document contained nearly 3,500 individual entries.  *Id.*  Importantly and contrary to Plaintiffs' claim, it built on the explanations already contained on DIRECTV's log: DIRECTV's log identified from day-one each attorney, law firm, or legal department connected to a privileged document.  On May 16, 2022, DIRECTV also served an updated privilege log correcting certain scrivener-type mistakes and reflecting DIRECTV's updated privilege designation of certain documents.  Mirzadeh Decl., Ex. 13.

On June 6, 2022, DIRECTV produced to Plaintiffs a further updated privilege log which, at Plaintiffs' request, now included email subject fields for fully withheld emails and filenames for attachments and loose files.  Mirzadeh Decl., Ex. 15.  This data supplemented the description field DIRECTV had already provided in its very first log, which describes the content of each document and basis for privilege, including the connection to an attorney, law firm, or legal department, as appropriate. *Id*.

Nearly five weeks later, on Friday, July 8, 2022, Plaintiffs sent a new purported privilege log deficiency letter, lodging objections to more than ***7,000*** entries—almost a quarter of DIRECTV's privilege log, just a day after filing a stipulation to extend discovery of third-party DIRECTV witnesses and just weeks before the close of fact discovery in this case.  Mirzadeh Decl., Exs. 10, 11; *see also* Kopczynski Decl. Ex. 3.  That letter was deficient under Rule 37-1 because it contained widespread data issues making it impossible for DIRECTV to understand which entries Plaintiffs were challenging and therefore failed to properly "identify each issue and/or discovery request in dispute."  *See* Local Rule 37-1; Mirzadeh Decl., Ex. 16. Plaintiffs committed to providing an updated spreadsheet of their challenges to

DIRECTV's privilege log, and sent DIRECTV that spreadsheet on July 26. *Id*. In their cover email, Plaintiffs admitted that they had made "a substantial reduction in the number of documents that [they] challenge" following a meet-and-confer call with DIRECTV, which brought the number of challenges down to approximately 2,500 entries. *Id*.

What followed were four separate meet-and-confer calls with Plaintiffs on July 28, August 3, August 10, and August 19. Kopczynski Decl. ¶ 11. During these meet and confers, DIRECTV and Plaintiffs went through dozens of entries, where DIRECTV provided explanations for why DIRECTV's privilege log descriptions were sufficient, or otherwise responded to questions Plaintiffs had about particular entries. *Id*. DIRECTV did the same via email correspondence on August 17. Kopczynski Decl., Ex. 3 at 2. During these calls, Plaintiffs conceded that many of the documents they were challenging are irrelevant to issues in this case, after DIRECTV pointed out that they included entries that, for example, reflected ███████████████████████████████████████████████████████ ████████████████████ Kopczynski Decl. ¶ 7; Kopczynski Decl., Ex. 3 at 3. On another, ████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████. *Id*. Plaintiffs' claims in this litigation have nothing to do with those topics. Others were plainly privileged, such as ████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████, as made clear by the date and description on DIRECTV's privilege log. *Id*. During the August 19 meet-and-confer call, Plaintiffs conceded that their challenge was still too overbroad and stated that they would continue to narrow their challenges and would set up another call to wrap up any remaining disputes. Kopczynski Decl. ¶ 9.

About a week later, on August 26, Plaintiffs sent an email thanking DIRECTV again for a productive call and assuring DIRECTV that they would "further cull down

[their] list of challenges" once DIRECTV provided responses to questions about certain hardcopy documents, image files, and clarification about Covington's role in negotiating the NFL Sunday Ticket Agreement.  Kopczynski Decl., Ex. 3 at 1–2. DIRECTV researched answers to their questions and promptly provided a response just after the Labor Day holiday, on September 9.  Mirzadeh Decl., Ex. 19.  As part of that further review, DIRECTV produced a set of downgraded documents. Mirzadeh Decl., Ex. 18.  Plaintiffs never contacted DIRECTV to schedule a call or sent any communication further narrowing their challenges as twice promised: at the August 19 meet-and-confer and in their August 26 email.  Kopczynski Decl., Ex. 3. Instead, late on Friday, October 14, Plaintiffs served their portion of a motion to compel, along with a zip file containing attachments.  Kopczynski Decl., Ex. 2. DIRECTV could not open the zip file because Plaintiffs seemingly sent the wrong password.  Kopczynski Decl., Ex. 2.  After DIRECTV raised this problem with Plaintiffs, on October 17, Plaintiffs again served their papers on DIRECTV. Kopczynski Decl., Ex. 2.  Those papers demand that the Court order the production of more than 1,500 privileged documents.  Mirzadeh Decl., Ex. 6.

### 2.    Legal Standard

Plaintiffs' statement of the legal standard ignores several important issues, including the allocation of respective burdens in this dispute.  While the burden to establish that documents were properly withheld based on privilege lies with the party asserting the privilege, that burden is not onerous and DIRECTV has met it here.  The party asserting privilege over documents need only make a "*prima facie* showing that the privilege protects the information the party intends to withhold."  *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. Aug. 31, 1992); *see also Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 5:13-CV-05658-LHK, 2015 WL 4347711, at *4 n. 45 (N.D. Cal. July 15, 2015).  One way in which a party may make such a prima facie showing is through the "privilege log

approach," involving submitting identifying information about the document through a privilege log, which can be supplemented by affidavits. *Id.*

Federal Rule of Civil Procedure 26(b)(5) requires that a party withholding documents describe them "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the [claim]." *Burlington N & Santa Fe Ry. Co. v. US. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005) (*citing* Fed. R. Civ Proc. 26(b)(5)). While the description must be more than "a generalized, boilerplate objection," it need not be overly detailed. *Id.*

In evaluating the sufficiency of the description, the Court should perform a "holistic reasonableness analysis" by examining the following factors: the degree to which it allows the court to evaluate whether the document is privileged, timeliness of the objection, the magnitude of the document production, and any circumstances that make discovery particularly easy or difficult. *Id.* at 1149.

Here, DIRECTV was timely in providing its privilege log, provided a detailed description for each document, and re-reviewed and revised their log to provide further detail for hundreds of entries. Despite the large number of documents in this case, DIRECTV provided ample descriptions of the documents withheld on privilege grounds in a timely manner, all of which weighs in favor of upholding the sufficiency of DIRECTV's privilege log.

Plaintiffs seemingly will not be satisfied unless DIRECTV reveals the contents of the privileged communications. Of course this is not required and, in fact, is contrary to the directive of Rule 26 and may constitute waiver of any privilege that otherwise would exist with respect to the documents. Fed. R. Civ. Proc. 26(b)(5)(A)(ii) (instructing withholding party to describe the document being withheld on privilege grounds "without revealing information itself privileged or protected"). In these circumstances, and for the reasons listed below, Plaintiffs' motion should be denied.

### 3.     Valid Assertions of Privilege

DIRECTV has properly asserted privilege over the following "categories" of documents that Plaintiffs seek to challenge.

> a.     DIRECTV Properly Listed Attorneys or a Legal Department In Every Single Privilege Entry.

Plaintiffs suggest that a document cannot be privileged if no attorneys appear in the "to" and "from" line, but that is not the law.  Numerous scenarios arise in which, absent an attorney on the face of the document, privilege and work product protections are properly asserted, including over, *inter alia*: "[c]ommunications containing information compiled by corporate employees for the purpose of seeking legal advice," *AT&T Corp. v. Microsoft Corp.*, No. 02-0164 MHP (JL), 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003), intra-corporate distributions of legal advice, *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, No. CV 10-07083 JAK SSX, 2012 WL 3150532, at *4 (C.D. Cal. Aug. 2, 2012), non-attorney board meeting notes featuring legal advice from outside counsel, *Barba v. Shire US, Inc.*, No. 13-21158-CIV, 2015 WL 2412257, at *2 (S.D. Fla. May 20, 2015), and, for work product protection, even disclosure of attorney work product to third parties, *Synopsys, Inc. v. Ricoh Co.*, No. C03-2289 MJJEMC, 2006 WL 2458721, at *1 (N.D. Cal. Aug. 22, 2006) (holding that waiver of the work product doctrine will be found only where the disclosure is such that it becomes readily accessible to an adversary).

Here, DIRECTV provided attorney names or the relevant legal department for ***every single privilege log entry***.  Mirzadeh Decl., Ex. 6.  Indeed, as Plaintiffs must admit, the two examples they cite in their motion ***do*** contain attorney names or a legal department in the privilege basis field.  Plaintiffs' characterization otherwise verges on deceptive.  As DIRECTV makes clear in its privilege log, DIRECTV-PRIV-0002646 contains legal advice from in-house counsel Michael S. Alidio.  Mirzadeh Decl., Ex. 6.  That advice was then discussed between two DIRECTV employees who sought the legal advice—Tomiko Abe and Melissa Seipp—who appear in the

"to" and "from" fields.  *Id.*  Similarly, DIRECTV-PRIV-0021536, is a further
forward of that same email chain, where Tomiko Abe forwards Melissa Seipp's email
containing legal advice from Michael S. Alidio to her supervisor, James Dyckes
(whom Plaintiffs have already deposed), who then provides further input related to
that legal advice.  *Id.*; *see also* Kopczynski Decl. ¶ 12.  These are both classic
examples of intra-corporate distributions of legal advice, *MGA Ent., Inc.*, 2012 WL
3150532, at *4.  Requiring a corporation's attorney to communicate legal advice
directly to every single employee is a nonsensical and at minimum, impractical
position.  That is why it is not a requirement for the attorney-client privilege to apply.
*Id.*  Corporate employees working together can share what legal advice they receive
from the corporation's attorneys without fear of waiving privilege.  *Id.*

Although not raised by Plaintiffs in their motion, other documents Plaintiffs
challenge are along the same vein.  For example:

- DIRECTV-PRIV-0000352 ██████████████████████
  ████████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████████  Mirzadeh Decl., Ex. 6; *see also* Kopczynski
  Decl. ¶ 13; *see also AT&T to Acquire DIRECTV*, AT&T (May 18,
  2014), *available at*
  https://about.att.com/story/att_to_acquire_directv.html.  Employees
  collecting information at the request of a company's general counsel in
  connection with providing legal advice to the company are
  unquestionably privileged.  *Calendar Rsch. LLC v. StubHub, Inc.*, No.
  CV 17-4062 SVW (SSX), 2019 WL 11276365, at *3 (C.D. Cal. May
  6, 2019) ("communications between non-attorneys within a
  corporation for the purpose of obtaining or relaying legal advice are
  protected by the attorney client privilege.").

- DIRECTV-PRIV-0001305 is an email ████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ (whom Plaintiffs know well given their depositions of DIRECTV employees).[5]

- DIRECTV-PRIV-0002137 is an email where ████████████████████ ████████████████████████████████ ████████████████████████████████ ███████████████████████████ Mirzadeh Decl. Ex. 6 *see also* Kopczynski Decl. ¶ 14.

- DIRECTV-PRIV-0010920 is an email ███████████████████████ ████████████████████████████████ ████████████████████████████████ ██████████████████████████ Mirzadeh Decl. Ex. 6; *see also* Kopczynski Decl. ¶ 15.  Again, passing along legal advice to employees requiring the advice in no way waives or defeats the attorney-client privilege protection.  *MGA Ent., Inc.*, 2012 WL 3150532, at *4 (intra-corporate distributions of legal advice privileged).

DIRECTV has more than satisfied its *prima facie* burden of demonstrating the protected status of these documents; accordingly, the Court should deny Plaintiffs' requested relief as to the 115 documents under this category.

---

[5] Indeed, at his June 30, 2022 deposition, ████████████████████████████████ ████████████████████ Kopczynski Decl. ¶, Ex. 1 (Dyckes June 30, 2022 Tr.) at 25:17-26:4.

b.     DIRECTV Properly Withheld Documents Which Included Attorneys.

Plaintiffs also claim that DIRECTV is "cloaking as privileged" ordinary course business documents which were passed onto attorneys.  While DIRECTV certainly agrees with the general proposition that merely including an attorney on an otherwise non-privileged document does not create privilege without more, DIRECTV has not designated a document privileged merely because an attorney was included.  Instead, as with any other document in which an attorney was in the "To" or "From" lines, or perhaps not included in the communication at all, DIRECTV asserted privilege over documents where the elements of attorney-client privilege or work product protection are satisfied.  *See In re Grand Jury*, 23 F.4th 1088, at 1094 (9th Cir. 2022) (holding the "primary purpose" test applies to determine whether dual-purpose communications are privileged).

The example Plaintiffs cite in their argument illustrates that DIRECTV properly claimed privilege.  First, Plaintiffs' conclusory statement that "the primary purpose" of DIRECTV-PRIV-0001542 "is business related, and therefore not privileged" ignores that the privilege entry itself makes clear that DIRECTV employees were gathering information about █████████████████████████ ████████████████████████████████████████████ *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (cited at Pls. Mot., *supra* Part III.3.b.) ("It would undermine the purpose of the attorney-client privilege not to extend protection to" . . . "[m]aterials, transmitted between nonlawyers, that reflect matters about which the client intends to seek legal advice."); *MGA Ent., Inc.*, 2012 WL 3150532, at *4 ("It is well accepted that . . . 'privileged communications may be shared by non-attorney employees in order to relay information requested by attorneys' . . . [and] 'documents subject to the privilege may be transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately.").  Indeed, as made plain in

DIRECTV's privilege log entry, in-house counsel Sam Sadighi is even included in this email exchange.[6]

While Plaintiffs fail to point to more than two examples in their motion, other documents are similarly properly withheld for privilege.  For example:



- DIRECTV-PRIV-0001683 is an email

*See* Mirzadeh Decl. Ex. 6; *see also* Kopczynski Decl. ¶ 16.

- DIRECTV-PRIV-0025358 is an email

*See* Mirzadeh Decl. Ex. 6; *see also* Kopczynski Decl. ¶ 17.

Accordingly, the Court should deny Plaintiffs' requested relief as to the 24 documents under this category.

    c.    <u>DIRECTV Properly Asserted Privilege Over Communications Which Include Third Parties, And Many Entries Plaintiffs Cite Do Not Even Include Third Parties.</u>

Plaintiffs claim that certain communications with third parties have been improperly withheld.  ***First***, a number of the entries that Plaintiffs challenge in this category were never sent to third parties.  For example, DIRECTV-PRIV-0026382 is a privileged email between DIRECTV in-house attorney Ciara Stephens and

---

[6] Plaintiffs also point to DIRECTV-PRIV-0023505.  Upon further review, DIRECTV agrees to produce this document.  Had Plaintiffs discussed this document with us earlier—before attempting to burden the Court—we would have produced it.

23

1   DIRECTV employee Rob Thun, where she ███████████████████████████

2   █████████████████████████████████████████████████████████████████

3   ██████████████████████   *See* Mirzadeh Decl. Ex. 6; *see also* Kopczynski Decl. ¶ 18.

4   No third parties are included in this chain as made plain by the privilege log entry

5   itself.  *See* Mirzadeh Decl. Ex. 6.  The same is true for DIRECTV-PRIV-0017496;

6   DIRECTV-PRIV-0017497; DIRECTV-PRIV-0017498; DIRECTV-PRIV-0017499;

7   DIRECTV-PRIV-0017500;   DIRECTV-PRIV-0017501;   and   DIRECTV-PRIV-

8   0017504.  We are unclear why Plaintiffs have raised these documents as the facts

9   simply do not align with their argument.

10         ***Second***, disclosures to third parties of materials that relate to legal advice or

11   are protected work product will not waive the protection if done to facilitate the

12   "rendition of professional legal services to the client."  Attorney–Client Privilege, 8

13   Fed. Prac. & Proc. Civ. § 2017 (3d ed.).  And as identified on our log, at least some

14   have been withheld based on the common interest privilege, which protects

15   privileged communications and work product shared with third parties having

16   common legal interests.  *See Regents of the Univ. of Cal. v. Affymetrix, Inc.*, 326

17   F.R.D. 275, 279 (S.D. Cal. 2018) (cited at Pls. Mot., *supra* Part III.3.c.) ("Parties may

18   have both common commercial and legal interests, such as when the parties are

19   discussing a merger or negotiating for a [] license."); *Morvil Tech., LLC v. Ablation*

20   *Frontiers*, Inc., No. 10-CV-2088, 2012 WL 760603, at *3 (S.D. Cal. Mar. 8, 2012)

21   (holding that potential merging parties had common legal and commercial interests,

22   and such overlap did not "negate the effect of the legal interest in establishing a

23   community of interest").

24         Here, DIRECTV-PRIV-0000195 is an email where ████████████████████

25   ██████████████████████████████████████████████████████████████████

26   ██████████████████████████████████████████████████████████████████

27   ██████████████████████████████████████████████████████████████████

28   ████████████████████████████████████████   *In re Polygon Glob. Partners*

*LLP*, No. 21-mc-007 WES, 2022 U.S. Dist. LEXIS 6439, at *12 (D.R.I. Jan. 12, 2022) (finding the common-interest privilege applied to a consortium's communications in pursuit of "regulatory and anti-trust compliance"). [7]

The Court should deny Plaintiffs' request to order the production of these 110 entries.

### d.   DIRECTV Properly Withheld Privileged Attachments.

Plaintiffs are also wrong to suggest that attachments to privileged emails are categorically not privileged.   Like any document, attachments to privileged communications are privileged where they independently satisfy the criteria for attorney-client privilege or work product protection.  *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999); *see AT&T Corp. v. Microsoft Corp.*, No. 02-0164 MHP (JL), 2003 U.S. Dist. LEXIS 8710, at *11 (N.D. Cal. Apr. 18, 2003).

For example, DIRECTV-PRIV-0000790 is a confidential presentation that includes edits from in-house counsel William Ryan.  The attachment is independently privileged because it contains his legal advice.  Similarly, DIRECTV-PRIV-0000669 is a confidential spreadsheet that was attached to an email sent for the purpose of obtaining legal advice from in-house counsel William Ryan.  The attachment is independently privileged because it was collected for the purpose of obtaining legal advice from counsel.  *AT & T Corp.*, 2003 WL 21212614, at *3 ("[c]ommunications containing information compiled by corporate employees for the purpose of seeking legal advice" are privileged).

Putting aside that Plaintiffs cite only two examples of privilege entries in their motion, and expect the Court on that basis to order the production of 425 documents, Plaintiffs' challenges to other entries within this category are similarly deficient. Here are some additional examples for the Court to rely on:

---

[7] Plaintiffs also refer to DIRECTV-PRIV-004660, but that is not an entry in DIRECTV's privilege log.  Upon further review, DIRECTV agrees to produce DIRECTV-PRIV-0004665, DIRECTV-PRIV-0004667, and DIRECTV-PRIV-0004498, as well as DIRECTV-PRIV-0014869 and DIRECTV-PRIV-0000003.

- DIRECTV-PRIV-0000691 and DIRECTV-PRIV-0000692 ███████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████   At the time that team included Dan York, Rob Thun, and Alex Kaplan.  *See* Mirzadeh Decl. Ex. 6.  Plaintiffs have, or are intending to depose all three of those individuals so they are not unfamiliar to them.  There can be no dispute that a lawyer's legal advice on a draft legal agreement are privileged.

- DIRECTV-PRIV-0000988 is ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████.  *See* Mirzadeh Decl. Ex. 6; *see also* Kopczynski Decl. ¶ 19.  This is a storybook description of the attorney-client relationship working correctly in a corporate setting.

- DIRECTV-PRIV-0006148 is ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████   *See* Mirzadeh Decl. Ex. 6.

The documents Plaintiffs are challenging are not close calls—these are bright line privilege assertions.  DIRECTV properly asserted privilege over these documents; accordingly, the Court should deny Plaintiffs' requested relief as to the 425 documents under this category.

e.      Plaintiffs' Blanket Objection to 1172 Entries Does Not
        Rebut DIRECTV's Prima Facie Showing of Privilege.

Plaintiffs broadly claim that 1,172 entries lack sufficient information to establish privilege, yet notably cite only two examples in their motion.  *See Hellmann-Blumberg v. Univ. of the Pac.*, No. 2:12-CV-0286 TLN DAD, 2013 WL 4407267, at *5 (E.D. Cal. Aug. 15, 2013) (denying motion to compel where plaintiffs had a "broad" and "unfocused challenge" to a privilege log); *Zucchella v. Olympusat, Inc.*, No. CV197335DSFPLAX, 2021 WL 8317026, at *4 (C.D. Cal. Oct. 5, 2021) (denying motion for reconsideration challenging privilege log where party "ha[d] not provided any additional arguments that explain with any specificity why [] particular entries on the log are deficient…" ).  These two entries (and all of the challenged entries) make clear that the withheld or redacted document contains legal advice or work product regarding a specific subject matter; each entry explains why the document satisfies the required elements of the relevant protection.

As explained during previous meet-and-confers with Plaintiffs, DIRECTV-PRIV-0009143 is a hardcopy document from the custodial files of in-house counsel William Ryan and contains marginalia.  Mirzadeh Decl. Ex. 19.  More importantly,

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Kopczynski Decl. ¶ 20.  Similarly, as previously explained to Plaintiffs, DIRECTV-PRIV-0027091 is ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████      Mirzadeh Decl. Ex. 19; Kopczynski Decl. ¶ 21.

Other documents, though not mentioned in Plaintiffs' motion, are similarly properly withheld, and we provided Plaintiffs with context for many of these:

- For DIRECTV-PRIV-0000079, Plaintiffs claim this entry is missing recipient information, information about the document, or information about the attorney giving rise to the assertion of privilege, but as the

privilege entry itself makes clear, this ████████████████

████████████████████████████████████████

████████████████████████████████████████.

Mirzadeh Decl. Ex. 19.   Plaintiffs need only look at the privilege entry listed prior to this entry (i.e., DIRECTV-PRIV-0000078) to determine who this presentation was sent to and the date.   *Id*.   Importantly, we explained to Plaintiffs multiple times how to read this context using metadata provided on the face of the log itself (including the Family Bates numbers and descriptions).   The bibliographic data DIRECTV provides on its log provides a wealth of information about each document.

- DIRECTV-PRIV-0000988 is ████████████████████

████████████████████████████████████.   Again, Plaintiffs need only look at the privilege entry prior to this entry (i.e., DIRECTV-PRIV-0000987) to determine who this presentation was sent to.   *See* Mirzadeh Decl. Ex. 6.   This information is plainly indicated on the face of the log.   DIRECTV struggles to understand why Plaintiffs are making these objectively false assertions.

- DIRECTV-PRIV-0001574  and  DIRECTV-PRIV-0001575  ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

During  meet-and-confers,  Plaintiffs  could  not  identify  *any*  additional information they believe is necessary for DIRECTV to provide for this category of

challenges.  Kopczynski Decl. ¶ 22.   And even in this motion, Plaintiffs still have not provided an explanation.  At bottom, it appears that Plaintiffs simply do not believe DIRECTV's representation that the withheld documents are privileged based on their own *speculation*—or they are challenging in hopes something will shake out—which is not sufficient to meet their burden on this motion.  *In re 3dfx Interactive, Inc.*, 347 B.R. 394, 403 (Bankr. N.D. Cal. 2006) (relying on withholding party's representations that only documents concerning legal advice were withheld because "the court has no basis to assume that [the withholding party] is acting inconsistent with its representations.").

The Court should deny Plaintiffs' request to order the wholesale production of the 1,172 entries under this category.

## V.   CONCLUSION

Non-party DIRECTV has been more than cooperative during the course of its multi-month-long negotiations with Plaintiffs regarding its privilege log.  DIRECTV has asserted privilege over a very small fraction of documents identified as responsive—notably, in a case where the discovery period involves multiple mergers, a divestment, and this very litigation.  And DIRECTV has made multiple productions of inadvertently withheld or redacted documents based on the parties' discussions— illustrating DIRECTV's good-faith efforts.   Plaintiffs have decided to burden the Court with this motion rather than continue discussions with DIRECTV (notably, wasting nearly seven weeks since our last discussion and since affirmed twice further calls would be productive).  This hail-Mary shotgun approach is inappropriate given the sufficiency of DIRECTV's log, the numerous obvious deficiencies in Plaintiffs' motion, and the parties cooperative negotiation efforts thus far; Plaintiffs' motion should be denied.  At best, this motion is premature and half-baked.  To the extent the Court wishes to afford Plaintiffs some additional opportunity here, Plaintiffs should be ordered to continue discussions in good faith with DIRECTV.  Wholesale

challenge of thousands of documents on superficial grounds is a waste of DIRECTV's and the Court's resources.

Dated: October 25, 2022                   Respectfully submitted,

                                          By:    /s/ *Farhad Mirzadeh*
                                                 Farhad Mirzadeh

                                          Marc M. Seltzer (54534)
                                          mseltzer@susmangodfrey.com
                                          SUSMAN GODFREY L.L.P.
                                          1900 Avenue of the Stars, Suite 1400
                                          Los Angeles, CA 90067
                                          Tel: (310) 789-3100
                                          Fax: (310) 789-3150

                                          Arun Subramanian (*Pro Hac Vice*)
                                          asubramanian@susmangodfrey.com
                                          William C. Carmody (*Pro Hac Vice*)
                                          bcarmody@susmangodfrey.com
                                          Seth Ard (*Pro Hac Vice*)
                                          sard@susmangodfrey.com
                                          Tyler Finn (*Pro Hac Vice*)
                                          tfinn@susmangodfrey.com
                                          SUSMAN GODFREY L.L.P
                                          1301 Avenue of the Americas, 32nd Fl.
                                          New York, NY 10019
                                          Tel: (212) 336-8330
                                          Fax: (212) 336-8340

                                          Ian M. Gore (*Pro Hac Vice*)
                                          igore@susmangodfrey.com
                                          SUSMAN GODFREY L.L.P.
                                          1201 Third Avenue, Suite 3800
                                          Seattle, WA 98101
                                          Tel: (206) 505-3841
                                          Fax: (206) 516-3883

                                          Armstead Lewis (*Pro Hac Vice*)
                                          alewis@susmangodfrey.com
                                          SUSMAN GODFREY L.L.P.
                                          1000 Louisiana, Suite 5100
                                          Houston, TX 77002
                                          Tel: (713) 651-9366
                                          Fax: (713) 654-6666

                                          Scott Martin (*Pro Hac Vice*)
                                          smartin@hausfeld.com
                                          HAUSFELD LLP
                                          33 Whitehall Street, 14th Floor
                                          New York, NY 10004

30

Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

By:  */s/ Jeffrey A. N. Kopczynski*
O'MELVENY & MYERS LLP

Daniel M. Petrocelli (97802)
dpetrocelli@omm.com
M. Randall Oppenheimer (77649)
roppenheimer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Tel: 310-553-6700

31

Fax: 310-246-6779

Katrina Robson (229835)
krobson@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Tel: 202-326-2128
Fax: 202-383-5141

Jeffrey A. N. Kopczynski (*Pro Hac Vice*)
jkopczynski@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
New York, New York  10036
Tel:  212-326-2000
Fax:  212-326-2061

*Counsel for Non-Party DIRECTV, LLC
And DIRECTV Holdings LLC*

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*