Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON DIRECTV'S PRIVILEGE LOG**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 11/29/2022, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

**REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL**

DIRECTV's plainly deficient privilege log and questionable assertions of privilege should not be condoned by this Court. Plaintiffs have met and conferred with DIRECTV for months, beginning in March of this year, about these issues. Over the course of those discussions, Plaintiffs suggested multiple ways in which DIRECTV could correct their privilege log, including basic information about which attorney gives rise to the allegedly privileged document.[1]

After a series of meet and confers, an amended privilege log, and an incomplete affiliation list, Plaintiffs offered DIRECTV a date of August 22 by which to receive any additional information DIRECTV wished to provide for the entries that contained deficiencies. Mirzadeh Decl., Ex. 17. During the parties' last meet and confer, DIRECTV conceded that many of the exemplar entries the parties discussed on the call were not actually privileged and would be produced. *See, e.g.*, Mirzadeh Decl., Ex. 19.

DIRECTV's strategy of broadly asserting privilege and waiting for Plaintiffs to take issue with particularized entries is a "win-upside-no-downside scenario, if the only thing that happens when [they] then get challenged on it is [they] actually have to go back and do what [they] . . . should have done in the first place." *Klig v. Deloitte LLP*, 2010 WL 3489735, at *4 (Del. Ch. Sept. 7, 2010) (internal quotations omitted).

In its portion of the Joint Stipulation, DIRECTV cherry-picks certain entries to demonstrate that privilege was appropriately asserted but seeks to minimize, in multiple footnotes, admission that a number of documents were inappropriately withheld. On November 2, DIRECTV made a production of roughly 60 documents

---

[1] *See generally* Mirzadeh Decl., Ex. 7. DIRECTV's statement, contained in a signed declaration by its counsel, that Plaintiffs "could not identify additional information they believe is necessary for DIRECTV to provide for entries they say do not provide sufficient information to establish privilege" is misleading. As demonstrated in the exhibits provided by Plaintiffs, Plaintiffs made repeated suggestions to fix DIRECTV's log. In any event, it is not Plaintiffs' burden to identify and fix every mistake in the log when DIRECTV is the party asserting privilege.

1 | which included documents that were either deemed not privileged or that could be
2 | produced with redactions. This game should not be allowed to continue. Accordingly,
3 | DIRECTV's improperly asserted claim of privilege should be deemed no claim at
4 | all.

## I. Entries Lacking Sufficient Information to Assess DIRECTV's Claims of Privilege

The bulk of Plaintiffs' challenges concern entries where DIRECTV has not provided sufficient information to assess their assertion of privilege (Column T). Many of the entries that Plaintiffs challenge in this category stem from the fact that the entry has no information about the document, its author, or even the attorney giving rise to the privilege. *See, e.g., Safety Syringes, Inc. v. Plastef Investissements*, 2009 WL 10672569, at *2 (C.D. Cal. July 2, 2009) (the "privilege log appears to be insufficient" where it has not properly identified the authors of a document, among other items); *ActiveRain Corp. v. Move, Inc.*, 2008 WL 11337643, at *2 (C.D. Cal. Dec. 16, 2008) ("a privilege log should contain at least the following": "the identity and position of its author;" "the identity and position of the recipient(s);" "the date it was prepared or written;" "the title and description of the document . . .").

Even DIRECTV concedes that it has more information it should have supplied. For example, DIRECTV takes issue with Plaintiffs' challenge of entry DIRECTV-PRIV-0009143 because, as DIRECTV clarified, it is a legal memorandum ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. JS at 27. For Plaintiffs, however, the following is the only information that DIRECTV supplied in its privilege log:

| DIRECTV-PRIV-0009143 | | ▮ | | ▮ | ▮ | ▮ | 0001.PDF |
|---|---|---|---|---|---|---|---|

*See* Mirzadeh Decl., Ex. 6. Nowhere does DIRECTV clarify that this document is a

1  legal memorandum, or that it is from outside counsel (in fact, the entry states the
2  opposite: that is a document "from the DIRECTV Legal Department"), who the
3  author of the document is, or what the title of the memorandum is (beyond the fact
4  that the entry is titled "0001.pdf").
5  　　　As yet another example, DIRECTV also concedes that DIRECTV-PRIV-
6  0014869 is not privileged and that they would produce the document. That entry is a
7  communication between ██████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████
10 ████████████████████████████████████████████████
11 ██████████  While DIRECTV now acknowledges that the aforementioned entry is
12 not privileged, it continues to maintain nearly indistinguishable entries with *even less*
13 information on its privilege log, including, for example DIRECTV-PRIV-0018980,
14 which appears to be an ████████████████████████████████████
15 ████████████████████████████████████████████████
16 ████████████████████████████████████████████████
17 ██████████████████████████████████ *See also, e.g.*, DIRECTV-PRIV-
18 0014872; DIRECTV-PRIV-0014873; DIRECTV-PRIV-0014874. How are Plaintiffs
19 to discern how the latter entry is privileged without any information about the
20 document, the subject of the document, the attorney involved in the document, or the
21 recipient of the document? They can't, especially when DIRECTV has been forced
22 to concede—multiple times—that similar entries are, in fact, not privileged.
23 　　　**II.　Entries Where the Attachment is Not Privileged**
24 　　　Plaintiffs further challenge entries where DIRECTV has not carried its burden
25 of establishing an independent basis for privilege over the email attachment (Column
26 S). As one example, DIRECTV withheld DIRECTV-PRIV-0006124, a document
27 titled "████████████████████████████████" and states that it is a
28 ████████████████████████████████████████████████

3

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." The emails are sent from a non-
attorney to multiple non-attorneys, and attorneys are in the "cc" line. *See* Mirzadeh
Decl., Ex. 6 at DIRECTV-PRIV-0006123. There is nothing to suggest that the
attachment was created by an attorney or for legal purposes, nor does the description
in the attachment suggest that the information contained *within* the spreadsheet is
privileged—only that the information is "confidential." Such information in the entry
is insufficient to establish that the document is privileged.

DIRECTV takes issue with Plaintiffs' challenge to DIRECTV-PRIV-0000790
by stating that the attachment is a document that "includes edits from in-house
counsel William Ryan." JS at 25. DIRECTV's representation in the joint stipulation
contrasts with the description in its privilege log, which states that the document is a
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Mirzadeh Decl., Ex. 6. Nothing in DIRECTV's privilege
log indicates that the document contains edits from counsel.

### III. Entries Where the Recipient Information Signals Lack of Privilege

Plaintiffs have also marked entries where the recipient information signals that
the entry are likely not privileged. These include entries where there are no attorneys
in the sender or recipient column (Column P), entries with several recipients (Column
Q), and entries containing third parties (Column R).

As an example of the type of entries in Column P that Plaintiffs challenge,
DIRECTV-PRIV-0008086 is one where the description states that the withheld email
is a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Plaintiffs' challenges in Column Q are composed of entries where the inclusion of an attorney as one of many recipients signals that the information being transmitted is not for legal purposes. DIRECTV has confirmed Plaintiffs' suspicions that emails containing attorneys as part of a broad distribution are not necessarily privileged. On November 2, for example, DIRECTV produced a series of emails which were previously withheld where executives were intermixed with attorneys. In one, ▮▮▮▮ but DIRECTV determined, upon review, that the document was not privileged.

DIRECTV takes issue with the fact that Plaintiffs have challenged entries as containing third parties (Column R) when the entry does not contain third party and instead contains DIRECTV in-house attorneys like Ciara Stephens. JS at 23-24. Plaintiffs marked those entries because ▮▮▮▮ *See* Mirzadeh Decl., Ex. 9 at p. 64. As such, Plaintiffs relied on DIRECTV's representation in reviewing their privilege log.[2] Further, DIRECTV has not provided sufficient information to establish a common interest for the entries that contain third parties and, in fact, has conceded that it has inappropriately asserted common interest privilege for at least some entries. *See, e.g.*, DIRECTV-PRIV-0014869.

For all of the foregoing reasons and those provided in Plaintiffs' portion of the Joint Stipulation, this Court should grant Plaintiffs' motion to compel.

Dated: November 15, 2022         Respectfully submitted,

By: */s/ Farhad Mirzadeh*
Farhad Mirzadeh

---

[2] After reviewing DIRECTV's statements and clarifications in the joint stipulation, Plaintiffs will withdraw their challenges to the following: DIRECTV-PRIV-0026382 DIRECTV-PRIV-0017496 DIRECTV-PRIV-0017497; DIRECTV-PRIV-0017498; DIRECTV-PRIV-0017499; DIRECTV-PRIV-0017500; DIRECTV-PRIV-0017501; and DIRECTV-PRIV-0017504.

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*