DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
M. RANDALL OPPENHEIMER (S.B. #77649)
  roppenheimer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile:   (310) 246-6779

*Attorneys for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**NON-PARTY DIRECTV, LLC AND DIRECTV HOLDINGS LLC'S [PROPOSED] REPLY TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON DIRECTV'S PRIVILEGE LOG**<br><br>**(SUPP. DECLARATION OF JEFFREY A. N. KOPCZYNSKI)**<br><br>MAGISTRATE JUDGE: Hon. John E. McDermott<br>DATE/TIME: 11/29/2022, 10:00 am<br>COURTROOM: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

**UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED**

**UNDER SEAL**

Plaintiffs' Supplemental Memorandum Regarding Plaintiffs' Motion To Compel Production of Documents On DIRECTV's Privilege Log, Dkt. No. 694, ("Supplemental Memo") further exemplifies Plaintiffs' failure to adequately meet-and-confer with DIRECTV regarding its privilege log, particularly, Plaintiffs' overbroad, categorical challenges—which initially included every document on the log—and their repeated refusal to engage in a document-by-document discussion of the challenged documents, as the law requires. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 245 (N.D. Cal. 2015) (the challenging party must "specifically explain why it should have access to each document"). In their Supplemental Memorandum, Plaintiffs *for the first time* raise six privilege log entries that they: (a) never previously discussed with DIRECTV with any specificity and (b) did not raise in their portion of the Joint Stipulation Regarding Plaintiffs' Motion to Compel Production of Documents on DIRECTV's Privilege Log ("Joint Stipulation"), Dkt. No. 666, filed on October 28, 2022. *Fed. Deposit Ins. Corp. v. Appleton*, No. CV 11-476-JAK (PLAX), 2012 WL 12887400, at *5 n. 3 (C.D. Cal. Aug. 27, 2012) ("[Local Rule 37-2.3] does not contemplate the submission of new evidence after the filing of the Joint Stipulation."); *Garcia v. LQ Mgmt., LLC*, No. 2:20-CV-06306-FLA-JC, 2022 WL 1115207, at *12 (C.D. Cal. Mar. 29, 2022) (denying motion to compel as to certain deposition topics that were not "specifically identified by Plaintiff in the Joint Stipulation.").

Plaintiffs' arguments with respect to these six documents are just as deficient as those in the initial Joint Stipulation, which Plaintiffs would have been aware of had they simply met and conferred with DIRECTV about these specific documents:[1]

1. DIRECTV-PRIV-0018980 

---

[1] Plaintiffs dropped challenges to eight documents raised in the Joint Stipulation. Not one of those had been identified by Plaintiffs and discussed with specificity in a meet-and-confer despite our offer to be available to discuss any document on the privilege log.

1 ████████████████████ *See* Mirzadeh Decl. Ex. 6, *see also* Supp. Kopczynski
2 Decl. ¶ 4.  Plaintiffs complain that the entry is missing recipient information, but
3 the privilege log entry itself makes clear that the email was sent to DIRECTV's
4 lawyers.  Mirzadeh Decl. Ex. 6.

5     2. For DIRECTV-PRIV-0014874, Plaintiffs complain that they aren't able to
6 discern the subject of the document, the attorney involved in the document, or
7 the recipient of the document, but all of that information is contained in the entry.
8 DIRECTV-PRIV-0014874 is an email ████████████████████
9 ████████████████████████████████████████
10 ████████████████████████████████████████
11 ████████████████████████. Mirzadeh Decl. Ex. 6. ███
12 ████████████████████████████████████████
13 ██████████████ Supp. Kopczynski Decl. ¶ 5.

14     3. As its privilege log entry makes clear, DIRECTV-PRIV-0006124 is ████
15 ████████████████████████████████████████
16 ██████████████████████ Plaintiffs' suggestion that this attachment
17 cannot be privileged unless it was created by an attorney is simply wrong.  *AT&T*
18 *Corp. v. Microsoft Corp.*, No. 02-0164 MHP (JL), 2003 WL 21212614, at *3 (N.D.
19 Cal. Apr. 18, 2003) ("[c]ommunications containing information compiled by
20 corporate employees for the purpose of seeking legal advice" is privileged).

21     4. For DIRECTV-PRIV-0008086, Plaintiffs seem confused as to how non-
22 attorneys could be "seeking legal advice from DIRECTV Legal Department." To
23 be clear, early in this e-mail chain, ████████████████████
24 ████████████████████████████████████████
25 ██████. Supp. Kopczynski Decl. ¶ 6. ██████████████████
26 ██████████████████████████. *Id.*  This document was properly
27 withheld.  *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, No. CV 10-07083 JAK SSX, 2012
28 WL 3150532, at *4 (C.D. Cal. Aug. 2, 2012) ("It is well accepted that . . . 'privileged

communications may be shared by non-attorney employees in order to relay information requested by attorneys' . . . [and] 'documents subject to the privilege may be transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately.'").

5. Plaintiffs also raise two documents that are a part of the same email chain -- DIRECTV-PRIV-0014872 and DIRECTV-PRIV-0014873, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Upon further review, DIRECTV agrees to produce these documents.

Had Plaintiffs discussed the above six entries with us earlier—before attempting to burden the Court—we would have provided them with the above details.[2] Instead, they have been deploying an overbroad privilege log attack, going from challenging more than 30,000 entries on DIRECTV's log to 7000 entries to now calling for the wholesale production of more than 1800 documents on superficial grounds. This abuse of process should not be allowed to continue. Accordingly, Plaintiffs' motion should be denied or Plaintiffs should be ordered to continue discussions in good faith with DIRECTV.

---

[2] Notably, and contrary to the theme Plaintiffs attempt to develop in their memorandum, for the few dozen specific documents Plaintiffs were willing to discuss with particularity during the meet-and-confers, Plaintiffs stopped challenging nearly 82% of those documents discussed. In some limited circumstances, we have discovered documents that were unintentionally included on the privilege log and produced them, but that has only been .14% of produced documents.

4

| | | |
|---|---|---|
| Dated: November 21, 2022 | By: | */s/ Jeffrey A.N. Kopczynski* |

Jeffrey A. N. Kopczynski (*pro hac vice*)
jkopczynski@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Katrina Robson (S.B. #229835)
krobson@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 326-2128
Facsimile: (202) 383-5414

Daniel M. Petrocelli (S.B. #97802)
dpetrocelli@omm.com
M. Randall Oppenheimer
(S.B. #77649)
roppenheimer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC*