Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No.: 2:15-ml-02668−PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' OBJECTIONS TO NON-PARTY DIRECTV, LLC AND DIRECTV HOLDINGS LLC'S APPLICATION FOR LEAVE TO FILE A SUPPLEMENTAL REPLY OUT OF TIME**<br><br>JUDGE: Hon. John E. McDermott<br>DATE: 11/29/2022<br>TIME: 10:00 a.m.<br>COURTROOM:<br>Roybal Federal Building and U.S. Courthouse<br>Courtroom 640, 6th Floor<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**REDACTED VERSION OF DOCUMENT TO BE**

**FILED UNDER SEAL**

DIRECTV's "application" openly disregards a number of this Court's rules and fails to justify the need for additional briefing. The application does not expressly identify itself as either a noticed motion or an *ex parte* application, as it should, and it's apparent why that's the case: the application fails to satisfy the requirements for either. DIRECTV never provided notice to Plaintiffs, never conferred with Plaintiffs before filing its application, and has failed to explain the necessity for its belated filing. The Court should not permit DIRECTV to circumvent normal procedures for seeking judicial assistance.

Even disregarding the procedural infirmities, DIRECTV's filing only underscores the inadequacy and unfairness, to Plaintiffs and the Court, of its privilege log.

## I. DIRECTV's Application Flouts the Court's Requirements for *Ex Parte* Applications.

Given that DIRECTV's application is not styled as a noticed motion, it should be regarded as an *ex parte* application. But the "opportunities for legitimate *ex parte* applications are extremely limited" and DIRECTV makes no attempt to demonstrate the necessity of *ex parte* relief or its compliance with this Court's Local Rules governing such applications. *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013). Local Rule 7-19 requires a party seeking *ex parte* relief to:

(a) accompany such a request with a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an *ex parte* order, and points and authorities in support thereof; and

(b) make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed *ex parte* application and advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

*See* L.R. 7-19. DIRECTV has done neither of these things. DIRECTV never provided notice to Plaintiffs of its intent to seek *ex parte* relief, nor did it advise the Court in writing of its attempts to do so.

Moreover, DIRECTV's application does not come close to satisfying the exacting standard set forth in *Mission Power Eng'g Co. v. Cont'l Cas. No.*, 883 F. supp. 488, 492 (C.D. Cal. 1995) for *ex parte* applications. DIRECTV generically refers to "new" arguments made by Plaintiffs in their timely-filed supplemental memorandum, but never explains what is so "new" about them. At most, DIRECTV points to the fact that Plaintiffs refer to additional flawed privilege log entries in DIRECTV's already flawed privilege log. But DIRECTV ignores that those entries came from (a) the same privilege log that was attached to the parties' joint stipulation when it was filed weeks ago and (b) are used only to provide additional examples of errors in the privilege log that Plaintiffs previously argued. Plaintiffs did not create additional categories of problematic entries or otherwise come up with additional issues to pose to the Court. As a result, these are not "new" arguments that require *ex parte* relief.

Courts routinely refuse to entertain similar requests to file what amounts to a sur-reply when they fail to comply with local rules. *See, e.g.*, *Zendel v. Circle Location Servs., Inc.*, 2012 WL 12876540, at *3 (C.D. Cal. Feb. 2, 2012) (rejecting sur-reply where plaintiff failed to comply with local rules); *Johnson v. Lockheed Martin Corp.*, 2012 WL 2917944, at *4 (N.D. Cal. July 17, 2012) ("Failure to comply with these Civil Local Rules is reason enough to deny Plaintiff's objections and grant Defendant's motion to strike Plaintiff's objections."); *Infinity Air, Inc. v. Echo Global Logistics, Inc.*, 2013 WL 3199657, at *5 (D. Ore. June 20, 2013) (striking sur-reply for failure to comply with Local Rules). This situation is no different.

## II. DIRECTV Did Not Meet and Confer Pursuant to Local Rule 7-3.

To the extent DIRECTV's application is considered a motion under Local Rule 7, it also fails to comply with the Court's rules. Local Rule 7-3 requires the

2

moving party to confer with the opposing party and to include a statement confirming compliance with that rule. Courts within this district require "strict compliance" with this rule. *Crosstex Int'l, Inc. v. SNS Biosystems, Inc.*, 2014 WL 12607666, at *1 (C.D. Cal. Apr. 4, 2014) (denying a motion for failure to comply with Local Rule 7-3); *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) (same). DIRECTV never held the required meet and confer with Plaintiffs, or even requested one. That is apparent from the face of the application, which fails to include the certification required by Local Rule 7-3. On that basis alone, the application should be denied.

### III. DIRECTV's Supplemental Memorandum Further Demonstrates the Problems In Its Privilege Log.

DIRECTV's application concedes that at least two of the six "new" entries in Plaintiffs' supplemental memorandum were wrongfully withheld. For some of the other entries, DIRECTV is now offering *more* information than what is on their privilege log, or otherwise confirming that certain entries are privileged despite being indistinguishable from entries that DIRECTV has previously confirmed as not privileged.

DIRECTV clarifies in its application that DIRECTV-PRIV-0014872 is ***not*** privileged. The following is the information DIRECTV supplied in its privilege log for DIRECTV-PRIV-0014872:



3

DIRECTV also clarifies that DIRECTV-PRIV-0014874 *is* privileged, and that "Plaintiffs complain" for raising the issue. The following is the information DIRECTV supplied in its privilege log for DIRECTV-PRIV-0014874:

[redacted table]

The two entries are *nearly identical*, yet Plaintiffs are somehow expected to discern that one is privileged and one is not?

In effect, DIRECTV is imposing the burden on Plaintiffs—and this Court—to evaluate the sufficiency of *thousands* of its privilege claims for which it offers little to no detail. As such, DIRECTV's application only further supports Plaintiffs' position that DIRECTV has inadequately and improperly asserted privilege over those thousands of documents, and on that basis DIRECTV has waived privilege over those entries. *See, e.g., Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). As Plaintiffs pointed out in their supplemental memorandum, DIRECTV's gamesmanship would be a "win-upside-no-downside scenario, if the only thing that happens when [they] get challenged on it is [they] actually have to go back and do what [they] . . . should have done in the first place." *Klig v. Deloitte LLP*, 2010 WL 3489735, at *4 (Del. Ch. Sept. 7, 2010) (internal quotations omitted).

Dated: November 22, 2022              Respectfully submitted,

By: /s/ Farhad Mirzadeh
    Farhad Mirzadeh

4

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | Marc M. Seltzer (54534)                                         |
|    | mseltzer@susmangodfrey.com                                      |
| 2  | SUSMAN GODFREY L.L.P.                                           |
|    | 1900 Avenue of the Stars, Suite 1400                            |
| 3  | Los Angeles, CA 90067                                           |
|    | Tel: (310) 789-3100                                             |
| 4  | Fax: (310) 789-3150                                             |
|    |                                                                 |
| 5  | Arun Subramanian (*Pro Hac Vice*)                               |
|    | asubramanian@susmangodfrey.com                                  |
| 6  | William C. Carmody (*Pro Hac Vice*)                             |
|    | bcarmody@susmangodfrey.com                                      |
| 7  | Seth Ard (*Pro Hac Vice*)                                       |
|    | sard@susmangodfrey.com                                          |
| 8  | Tyler Finn (*Pro Hac Vice*)                                     |
|    | tfinn@susmangodfrey.com                                         |
| 9  | SUSMAN GODFREY L.L.P                                            |
|    | 1301 Avenue of the Americas, 32nd Fl.                           |
| 10 | New York, NY 10019                                              |
|    | Tel: (212) 336-8330                                             |
| 11 | Fax: (212) 336-8340                                             |
|    |                                                                 |
| 12 | Ian M. Gore (*Pro Hac Vice*)                                    |
|    | igore@susmangodfrey.com                                         |
| 13 | SUSMAN GODFREY L.L.P.                                           |
|    | 1201 Third Avenue, Suite 3800                                   |
| 14 | Seattle, WA 98101                                               |
|    | Tel: (206) 505-3841                                             |
| 15 | Fax: (206) 516-3883                                             |
|    |                                                                 |
| 16 | Armstead Lewis (*Pro Hac Vice*)                                 |
|    | alewis@susmangodfrey.com                                        |
| 17 | SUSMAN GODFREY L.L.P.                                           |
|    | 1000 Louisiana, Suite 5100                                      |
| 18 | Houston, TX 77002                                               |
|    | Tel: (713) 651-9366                                             |
| 19 | Fax: (713) 654-6666                                             |
|    |                                                                 |
| 20 | Scott Martin (*Pro Hac Vice*)                                   |
|    | smartin@hausfeld.com                                            |
| 21 | HAUSFELD LLP                                                    |
|    | 33 Whitehall Street, 14th Floor                                 |
| 22 | New York, NY 10004                                              |
|    | Tel: (646) 357-1100                                             |
| 23 | Fax: (212) 202-4322                                             |
|    |                                                                 |
| 24 | Christopher L. Lebsock (184546)                                 |
|    | clebsock@hausfeld.com                                           |
| 25 | HAUSFELD LLP                                                    |
|    | 600 Montgomery St., Suite 3200                                  |
| 26 | San Francisco, CA 94111                                         |
|    | Tel: (415) 633-1908                                             |
| 27 | Fax: (415) 633-4980                                             |
|    |                                                                 |
| 28 | Sathya S. Gosselin (269171)                                     |
|    | sgosselin@hausfeld.com                                          |
|    | Farhad Mirzadeh (*Pro Hac Vice*)                                |

fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*