# EXHIBIT 2

To the Declaration of

Jeremy S. Barber

# UNREDACTED DOCUMENT FILED PUBLICLY

## Susman Godfrey l.l.p.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2668
(206) 516-3880
FAX (206) 516-3883
WWW.SUSMANGODFREY.COM

———

| Suite 5100 | Suite 1400 | 32nd Floor |
|---|---|---|
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1301 Avenue of the Americas |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | New York, New York 10019-6023 |
| (713) 651-9366 | (310) 789-3100 | (212) 336-8330 |

Ian M. Gore
Direct Dial (206) 505-3841

E-Mail IGore@susmangodfrey.com

October 6, 2022

VIA E-MAIL

Jeremy Barber
Wilkinson Stekloff LLP
130 W. 42nd St.
New York, NY 10036

Re:   *In re National Football League's Sunday Ticket Antitrust Litigation*
      Case No. 2:-15-ml-02668-PSG-JEMx (C.D. Cal.)

Dear Jeremy:

We disagree with the assertions in your October 3, 2022 e-mail. Plaintiffs provided substantial amounts of data, programs, code files, literature, and other backup materials on August 24, 2022, as required by the expert discovery order. On top of that, Plaintiffs have provided all information the NFL has requested since then, even when outside the strict confines of the order. Moreover, Plaintiffs have: (a) responded promptly whenever the NFL has raised an issue with the materials; (b) undertaken repeated attempts to re-verify the code at significant cost and processing time; and (c) identified, resolved, and disclosed issues that the NFL never raised.

While you claim the NFL has been prejudiced by the issues you raise, the NFL has taken no steps to resolve any perceived "prejudice," including by asking to delay depositions or more time to prepare its opposition to Plaintiffs' class certification motion. That is particularly the case where the NFL and Plaintiffs negotiated for weeks over a *Daubert* and class certification briefing schedule all while the NFL was aware of the supposed issues identified in your October 3, 2022 e-mail.

Again, it is apparent that the NFL is attempting to manufacture a crisis. To clarify the record, Plaintiffs discuss the issues that have been raised to date below.

October 6, 2022
Page 2

### Sarah Butler

The NFL first raised any potential issue regarding Ms. Butler's materials on September 7, two weeks after Plaintiffs served those materials. *All* of the information requested by the NFL, however, was either already provided or unnecessary to reconstruct Ms. Butler's work.

For example, the NFL asked for an executable version of the survey despite Plaintiffs providing a screenshot of each portion of the survey to the NFL and Ms. Butler's report describing the process that respondents went through in answering the survey. The NFL also asked for a copy of the file named "conjoint_design.r" despite the fact that the design was described in the report and the full range of choice set options in the design were already provided as part of the backup materials.[1] Similarly, the responses to the pre-test were provided on August 19 as Exhibit E to Ms. Butler's report.

As to the "All Starts" data that the NFL requested, it included the responses from all qualified participants (which Plaintiffs had provided on August 24, 2022) and the respondents who did not qualify. Since Ms. Butler's analysis never relied on the results from non-qualified respondents—and, therefore, did not inform her conclusions—it was not required under the terms of the expert discovery order.

Other backup materials provided on August 24, 2022 had information on the design of the survey that were sufficient to reconstruct Ms. Butler's work. For example, the extensive data provided in the "Exhibit I – Final Data.xlsx" contained the information on the choices shown to respondents. The NFL has always had that information.

The NFL's other informational requests were not required to reconstruct her analysis and more appropriately addressed in a deposition—a point that Plaintiffs raised and which the NFL never pushed back on. Nevertheless, the Plaintiffs answered those questions as a courtesy to the NFL.

Despite the NFL requesting information already provided or not required by the expert discovery order, Plaintiffs promptly responded with the information that the NFL requested. Absent the audio recordings of the pre-tests, which were not required under the expert discovery order and where the verbatim responses were already provided to the NFL—which Plaintiffs nevertheless still produced at the

---

[1] Moreover, in the backup files that were provided on August 24, 2022 for Ms. Butler, a copy of "conjoint_design.r" was provided at Tables > Conjoint Design.

October 6, 2022
Page 3

NFL's request—the NFL has not raised any other issue regarding Ms. Butler's backup materials for weeks.

### Doug Zona

Regarding Dr. Zona's backup materials, the NFL has raised issues *only* with the backup materials related to the extraction of the viewership data. This process is one step in the analysis Dr. Zona presents in section 4.1 of his report (in Exhibits 10 and 11). The NFL has raised no issues with the production of any of the several other programs and intermediate files relating to the analysis in section 4.1, such as processing map data or processing transactional data to determine revenue and subscriber counts. Nor has the NFL raised any issues with the production of any code or other backup materials for the analyses and exhibits Dr. Zona presents in sections 3.1, 3.2, 4.2, 4.3, and 4.4, none of which rely on the extraction of the viewership data. As to the viewership data, it also bears mentioning the complexity and size of the data that was utilized (and which the NFL has had for a year or more). The viewership data alone contained over 3.3 *million* files produced by DIRECTV and the NFL, taking up nearly 1.3 *peta*bytes when uncompressed.

As I pointed out in my letter on September 23, 2022, Dr. Zona and his team undertook significant efforts to compile the code they used to process that data in a way that the NFL could run and reconstruct his analysis. To date, the NFL has *never* claimed that Plaintiffs tried to circumvent the expert discovery order by omitting key portions of code underlying Dr. Zona's analysis. Nor could it. Plaintiffs served several code files with thousands of lines of code and supporting data (such as the 506Sports data) with the goal of being able to reconstruct Dr. Zona's work. To claim otherwise is simply false.

As I alluded to in my September 23, 2022 letter, Plaintiffs' experts also undertook significant efforts—in the few days between finalizing Dr. Zona's (and Dr. Rascher's) report and the deadline to produce the backup materials—to prepare the data and code for production to the NFL. Those preparations included consolidating pieces of code, identifying where file paths needed to be changed by the NFL's experts, and adding comments into the code to facilitate review by the NFL and its experts. To date, the NFL has not denied these efforts were made, nor denied the necessity of undertaking them to comply with the expert discovery order.

Nevertheless, given the complexity and magnitude of the data and the code used to process that data, some errors were introduced to the code. Notably, given the time necessary to run the code because of the amount of data involved, it was impossible to test and re-confirm it all in the short timeframe allotted by the expert discovery order—which was written well before the size of the data involved was known to either party—to produce Dr. Zona's backup materials. As you are aware from your

October 6, 2022
Page 4

own correspondence to Plaintiffs, some of the code takes days—if not weeks—to run. In any event, Plaintiffs made every attempt to confirm the code before it was produced on August 24, 2022 to the extent possible.

To the extent issues have come up with Dr. Zona's code since then, Plaintiffs have responded promptly to resolve those issues. For example, Plaintiffs have undertaken—at significant cost and burden—to review the code when the NFL has identified a specific issue and re-produce the code as necessary. At the NFL's request, Plaintiffs have also produced the intermediate output files you requested. Notably, those files were unnecessary in the first instance because the code that was provided should have been capable of producing them for the NFL and its experts (and which, presumably, the NFL and its experts would want to do to confirm Dr. Zona's analysis anyway).

In addition, as Plaintiffs have continued to re-confirm and test the code that was provided, they have identified a few occasions where there were errors that the NFL never raised. Rather than hide the issue, Plaintiffs have disclosed each of those instances to the NFL and fixed the issue without the NFL's prompting.

**Dan Rascher**

The NFL identified only two issues with Dr. Rascher's backup materials—related to information in a footnote and one exhibit—four weeks after his backup materials were initially provided to the NFL. In both instances, the underlying data and information were provided to the NFL on August 24, 2022, but some of the underlying calculations were omitted. In less than 48 hours after they were identified, Plaintiffs resolved those issues. Beyond that, Plaintiffs identified a couple of other issues on their own and promptly disclosed them to the NFL. That includes the recent DMA file that was provided on October 3 and which did not materially change any of Dr. Rascher's analysis. Indeed, nothing in your e-mail indicates that the materials provided on October 3, 2022 for Dr. Zona or Dr. Rascher were significantly different from what was previously provided to the NFL weeks ago.

*** 

Plaintiffs have: made every attempt to comply with the expert discovery order; promptly addressed any issues that the NFL has raised; undertaken significant cost and burden to re-verify the materials provided to the NFL; and disclosed issues to the NFL that it never raised. The assertion that Plaintiffs have "flagrantly" violated the expert discovery order is, quite frankly, bogus.

October 6, 2022
Page 5

Your claim that the NFL has been severely prejudiced also lacks support. Despite being aware of the issues you raised for weeks, the NFL has never requested to re-schedule a deposition. And while the parties have been negotiating a briefing schedule on class certification and *Daubert* issues for just as long, the NFL never raised the need for additional time to file its opposition papers. To the extent additional issues arise, Plaintiffs are, as always, willing to discuss them and attempt in good faith to resolve them.

Sincerely,

*/s/ Ian M. Gore*

Ian M. Gore