# EXHIBIT 3

## To the Declaration of Edward Diver

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

```
 1            IN THE UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3   - - - - - - - - - - - - - - -+
                                   |
 4   IN RE: NATIONAL FOOTBALL      |
                                   |
 5   LEAGUE SUNDAY TICKET           |   Case Number:
                                   |
 6   ANTITRUST LITIGATION          |   ML 15-02668-PSG
                                   |     (JEMx)
 7                                 |
                                   |
 8                                 |
     - - - - - - - - - - - - - - -+
 9

10

11

12              ████████████████████████████

13                   Video Deposition of

14                    Ali Yurukoglu, Ph.D.

15                 Friday, November 18, 2022

16                          9:03 a.m.

17

18

19

20

21

22

23   Job No. 871716

24   Reported by:  Laurie Donovan, RPR, CRR, CLR

25
```

```
                                                           2
 1
 2
 3
 4
 5
 6                        November 18, 2022
 7                          9:03 a.m.
 8
 9     █████████████████  video Deposition of
10     Ali Yurukoglu, Ph.D., held in person, with
11     the witness and all parties participating in
12     person, pursuant to the Rules of the United
13     States District Court in the Central District
14     of California, subject to such stipulations
15     as may be recited herein or attached hereto,
16     before Laurie Donovan, a Registered
17     Professional Reporter and notary public of
18     the District of Columbia, who officiated in
19     administering the oath to the witness.
20
21
22
23
24
25
```

```
 1              A P P E A R A N C E S
 2   ON BEHALF OF THE PLAINTIFF:
 3           Langer, Grogan & Diver, P.C.
 4           1717 Arch Street
 5           Suite 4020
 6           Philadelphia, Pennsylvania 19103
 7           (215)320-5660
 8           By:  Edward (Ned) Diver, Esq.
 9                ndiver@langergrogan.com
10                Kevin Trainer, Esq.
11                ktrainer@langergrogan.com
12   ON BEHALF OF THE DEFENDANT:
13           Wilkinson Stekloff D.C.
14           2001 M Street, NW
15           10th Floor
16           Washington, D.C.  20036
17           (202)847-4000
18           By:  Rakesh Kilaru, Esq.
19                rkilaru@wilkinsonstekloff.com
20                Caroline Li, Esq.
21                cli@wilkinsonstekloff.com
22   ALSO PRESENT:
23           Jason Levin, videographer
24
25
```

```
                                                                    4
 1                         EXAMINATION INDEX

 2                                                            PAGE

 3     EXAMINATION BY MR. DIVER  . . . . . . . . . . .          7

 4

 5

 6

 7

 8

 9

10

11                          E X H I B I T S

12     EXHIBIT      DESCRIPTION                               PAGE

13     Exhibit 1    Expert Report of Ali Yurukoglu,

14                  Ph.D., November 4, 2022 . . . . .          11

15     Exhibit 2    Article entitled "Price

16                  Discrimination and Vertical

17                  Relationships in Multichannel

18                  Television," dissertation for

19                  Doctor of Philosophy for Ali

20                  Yurukoglu, May 2009 . . . . . . .          29

21     Exhibit 3    Article entitled "The Welfare

22                  Effects of Bundling in

23                  Multichannel Television Markets"

24                  by Crawford and Yurukoglu . . . .          66

25
```

5

1   (Exhibits continued)

2   EXHIBIT        DESCRIPTION                                    PAGE

3   Exhibit 4    Article entitled "The Welfare
4                Effects of Vertical Integration
5                in Multichannel Television
6                Markets" by Crawford, Lee,
7                Whinston and Yurukoglu . . . . .   90
8   Exhibit 5    Competitive Impact Statement in
9                the case of USA, et al, vs.
10               Comcast, et al  . . . . . . . .  111

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

6

```
1    -------------------------------------------------
2                   P R O C E E D I N G S
3                        9:03 a.m.
4    -------------------------------------------------
5               THE VIDEOGRAPHER:  We are now on
6       the record.  My name is Jason Levin.  I'm the
7       videographer retained by Lexitas.  Today's
8       date is November 18, 2022, and the time is
9       approximately 9:03 a.m.
10              This deposition is being held at
11      the offices of Wilkinson Stekloff in
12      Washington, D.C. in the matter of NFL Sunday
13      Ticket Antitrust Litigation.
14              The deponent is Dr. Ali Yurukoglu.
15              Would all counsel please introduce
16      themselves for the record, and then the court
17      reporter, Laurie Donovan, will swear in the
18      witness.
19              MR. DIVER:  Edward Diver, Langer
20      Grogan & Diver, for the plaintiffs.
21              MR. TRAINER:  Kevin Trainer, Langer
22      Grogan & Diver, for plaintiffs.
23              MR. KILARU:  Rakesh Kilaru and
24      Caroline Li from Wilkinson Stekloff for the
25      defense.
```

```
                                                                  7
 1                         * * * * *
 2    Whereupon,
 3              ALI YURUKOGLU, Ph.D.,
 4       having been first duly sworn, testified
 5       upon his oath as follows:
 6          EXAMINATION BY COUNSEL FOR PLAINTIFFS
 7    BY MR. DIVER:
 8       Q    Good morning, Dr. Yurukoglu.
 9       A    Good morning.
10       Q    My first question is:  Have you been
11    deposed before?
12       A    No.
13       Q    No?  This is your first time.  Okay, so
14    you'll get the full spiel.
15            A couple things.  One is that it's
16    important that we make a nice clean record, so
17    your responses should be spoken and clear, as
18    should mine.
19            It's important that we not speak at the
20    same time as much as possible.  It's somewhat
21    inevitable, but we should try to keep in mind that
22    that's an important part of what we're doing
23    today.
24            I am known to speak quietly sometimes,
25    so if you don't hear something clearly that I've
```

1    MR. KILARU:  Object to the form.
2    THE WITNESS:  You know, I actually
3    don't -- like I said, I don't remember the
4    list.  I remember it being the larger MVPD,
5    so DirecTV being one of the larger ones, it
6    would be a good bet.
7  BY MR. DIVER:
8    Q    Do you remember that the class in that
9  case included DirecTV subscribers?
10   MR. KILARU:  Object to the form.
11   THE WITNESS:  Again, I mean I
12   wouldn't have -- I wouldn't be able to say.
13   I wouldn't have bet my, my life on it, but it
14   seems like a pretty good bet, based on the
15   case.
16 BY MR. DIVER:
17   Q    And you understand that this case
18 involves DirecTV subscribers as plaintiffs?
19   A    Yes.
20   Q    Now, did you sign a protective order in
21 that case?
22   A    I, I don't remember.  I believe so.
23   Q    Did you receive confidential information
24 in that case?
25   A    Yes.

1   Q   Did you have confidential communications
2   with counsel for plaintiffs?
3   A   Yes.
4   Q   Did you reach out at any time to counsel
5   in that case for permission to assist defendants
6   in a case that's similar to this case?
7   A   No.
8   Q   Did you discuss your prior engagement
9   with defendants' counsel in this case?
10   A   Yes.
11   Q   Did you discuss that you had
12   confidential communications with the lawyers in
13   that case?
14           MR. KILARU:  Object to the extent
15       this is asking for questions about
16       communications with counsel.  Those are
17       shielded by the protective order.
18           You don't have to answer the
19       question.
20   BY MR. DIVER:
21   Q   Did you discuss that you had
22   confidential communications with other economists
23   in that case?
24           MR. KILARU:  Same objection.  You
25       don't have to answer.

24

1   BY MR. DIVER:
2        Q    How much money did you bill in that
3   case; do you recall?
4        A    I'd have to check my records.  Do you
5   want me to estimate or not?
6        Q    Yes, please.
7        A    I would estimate between $30,000 and
8   $40,000.
9        Q    Okay.  Did you discuss --
10       A    Over, over a few -- two years or so.
11       Q    Did you discuss with counsel the, the
12  likelihood that many of the same class members in
13  that case are class members, potential class
14  members in this case?
15            MR. KILARU:  Object on the grounds
16       of protective order and to the form
17       generally.
18            You don't have to answer that.
19  BY MR. DIVER:
20       Q    Did you discuss obtaining any legal
21  opinion concerning whether you might have a
22  conflict in this case?
23            MR. KILARU:  Are you asking him if
24       he discussed with counsel?
25            MR. DIVER:  Yes.

25

1          MR. KILARU:  Same objection.  You
2      don't have to answer.
3  BY MR. DIVER:
4      Q    Did you obtain any legal opinion
5  concerning whether you might have a conflict?
6      A    Obtain legal opinion, does that mean --
7  I just want to make sure I've got all the terms
8  properly -- you mean did I hire a lawyer to --
9      Q    Did you or someone on your behalf hire a
10 lawyer to?
11     A    No.
12     Q    Is it your understanding that the
13 defendants hired you because of your role in the
14 prior case?
15              MR. KILARU:  Object to the form.
16     Calls for speculation.
17 BY MR. DIVER:
18     Q    You can answer.
19     A    That's not my understanding.
20     Q    Is it your understanding that it played
21 any role at all?
22              MR. KILARU:  Object to the form.
23              THE WITNESS:  Is it my
24     understanding?  I mean I haven't -- the -- I
25     wouldn't be surprised if it had some role

168

CERTIFICATE OF SHORTHAND REPORTER -- NOTARY PUBLIC

        I, Laurie Donovan, Registered Professional Reporter, Certified Realtime Reporter, and notary public for the District of Columbia, the officer before whom the foregoing deposition was taken, do hereby certify that the foregoing transcript is a true and correct record of the testimony given; that said testimony was taken by me stenographically and thereafter reduced to typewriting under my supervision; and that I am neither counsel for, related to, nor employed by any of the parties to this case and have no interest, financial or otherwise, in its outcome.

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal this 20th day of November, 2022.

My commission expires: July 14, 2025

*Laurie Donovan*

_____

LAURIE DONOVAN
NOTARY PUBLIC IN AND FOR
THE DISTRICT OF COLUMBIA