Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (*pro hac vice* pending)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF THE NFL DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: January 27, 2023<br>Time: 1:30 p.m.<br>Courtroom: First Street Courthouse<br>            350 West 1st Street<br>            Courtroom 6A<br>            Los Angeles, CA 90012 |

# INTRODUCTION

Under this Court's Order, Plaintiffs were required to provide backup materials "sufficient to reconstruct the [expert's] work" and comprising "data processed or modeled by a computer at the direction of an expert" within three business days of serving that expert's report.  Stipulated Expert Protocol, Dkt. 289, at 2 ("Expert Order").  They admit they did not do so for Dr. Zona—instead, they produced an error-ridden computer code that did not permit the NFL Defendants to reconstruct Dr. Zona's work, and the final steps of Dr. Zona's analysis.  That is a straightforward violation of the Court's Order.

Plaintiffs' arguments to the contrary misrepresent the record.  Plaintiffs initially fault the NFL Defendants for spending weeks attempting to make Dr. Zona's flawed code work, but they themselves admitted, before this motion was filed, that the code would take that long to run.  And their assertions that they attempted to resolve the errors in good faith are simply incorrect.  Plaintiffs (1) did not run Dr. Zona's code before producing it, (2) failed to provide working code until more than five weeks after the initial deadline, and (3) refused to provide any of Dr. Zona's intermediate files in the interim, despite the NFL Defendants' repeated requests ████

████████████████████████

████████████████████  Zona Tr. 251:16–20, Dkt. 835-2.

The prejudice to the NFL Defendants is also clear.  Plaintiffs' contention that the NFL Defendants should have stopped trying to make the code work earlier is untenable, because that would have impeded our ability to prepare for Dr. Zona's deposition.  The fact of the matter is that the NFL Defendants did "explain[] the issue to Plaintiffs in a timely manner," Opp. at 3, and Plaintiffs did nothing.  The NFL Defendants' decision not to seek any extensions likewise changes nothing—the proper response to one party's failure to comply with its obligations should not be for the *other* party to burden the Court by altering a long-established schedule.

Plaintiffs' repeated failures to follow the Court's order are sanctionable

1  pursuant to the Court's "inherent power to impose sanctions to manage their cases
2  and courtrooms effectively." *Smith v. Premiere Valet Servs.*, 2021 WL 6425552, at
3  *1 (C.D. Cal. Sept. 16, 2021). Plaintiffs should compensate the NFL Defendants for
4  the conservative estimate of $537,300 in costs incurred as a result of their conduct.

## ARGUMENT

### I. Plaintiffs Concede Their Initial Production Was Not "Sufficient To Reconstruct" Dr. Zona's Work.

Plaintiffs concede that they violated the Court's Order at least as to Dr. Zona's code. The order required Plaintiffs to produce "*all* data sets exactly as relied upon by the experts," and "data . . . sufficient to reconstruct" Dr. Zona's work. Expert Order at 2. As Plaintiffs acknowledge, the code contained errors that made it impossible for the NFL Defendants' experts to recreate Dr. Zona's analysis. For that reason, Plaintiffs' claim that the errors were "non-substantive," Opp. at 10, misses the mark.

Nor can Plaintiffs shift their burden by claiming it was the *NFL Defendants'* responsibility to identify and inform Plaintiffs of errors in code that *Plaintiffs* produced but did not test. *See id.* at 1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Zona Tr. 251:24–252:7, Dkt. 835-2. Plaintiffs cite no authority suggesting that the right way for a party to comply with a protective order is to force the *opposing party* to sift through every line of an expert's code to figure out why it did not work.

### II. Plaintiffs' Refusal To Remedy These Errors Was Sanctionable.

Plaintiffs' primary argument against sanctions—that their errors were "inadvertent" and their efforts to remedy it in "good faith," Opp. at 2—misrepresents the procedural history leading to this dispute.

The relevant factual history is as follows: As Plaintiffs and Dr. Zona have acknowledged, his model is the product of a series of intermediate steps, each of

1  which was generated through complex computer coding. Of Dr. Zona's total backup
2  of 68.7 *gigabytes* of data, Plaintiffs initially produced only 773 *megabytes* of data, as
3  well as a version of Dr. Zona's code made for production that they admit they did not
4  test prior to turning over.

5      Earlier in the case, Plaintiffs admitted that applying Dr. Zona's code to the data
6  could "take[] days—if not weeks—to run." Barber Decl. Ex. 2, Dkt. 833-03, (Letter
7  from Ian Gore to Jeremy Barber, October 6, 2022, at 2). On September 7, two weeks
8  after receiving Plaintiffs' backup, the NFL Defendants requested the results of
9  intermediate steps in Dr. Zona's analysis to evaluate the final outputs of his models
10 and his conclusions. Given that Dr. Zona produced these intermediate steps in order
11 to reach his final conclusions, it is apparent that they constitute "data sets exactly as
12 relied upon by the experts." Expert Order at 2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Zona
14 Tr. 251:16–20, Dkt. 835-2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17 Plaintiffs refused on the grounds that these materials were "output files from the
18 programs [that is to say, code] that [Plaintiffs] already provided in Dr. Zona's backup
19 materials," and that Dr. Zona *had not maintained those files*. *See* Barber Decl. Ex.
20 3, Dkt. 833-04, at 22 (9/9/2022 I. Gore Email to J. Barber). ▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Zona Tr. 233:8–
22 234:14, Dkt. 835-2. Their absence made it "impossible to verify any step of their
23 computer backup process *unless the entire computer backup was run without error*,"
24 which was impossible to do in this case. Sabor Decl. ¶ 4(c), Dkt. 833-06 (emphasis
25 added).

26     Over the next two weeks, the NFL Defendants repeatedly explained that the
27 code was not workable. The NFL Defendants informed Plaintiffs of code errors on
28 September 14, 2022—just three weeks after receiving it. On September 21, the NFL

1  Defendants further explained that "Dr. Zona's code is incapable of completing
2  without error in a single pass start-to-finish." Barber Decl. Ex. 3, Dkt. 833-04, at 17.
3  Yet on September 23, Plaintiffs again refused to produce the complete set of Dr.
4  Zona's intermediate data files, arguing that they had "provided everything necessary
5  to reconstruct Dr. Zona's analysis" via the code that Dr. Zona used. *See* Barber Decl.
6  Ex. 4, Dkt. 833-05 (Letter from Ian Gore to Jeremy Barber, September 23, 2022, at
7  2).

8  It was only after these repeated oppositions that Plaintiffs finally reached out
9  to see if further assistance was necessary. *See* Opp. at 8 (quoting Sept. 28, 2022,
10 email). Even so, Plaintiffs did not make their final correction of the produced backup
11 code until October 3, during the deposition of Dr. Daniel Rascher.

12 In short, Plaintiffs had the obligation to produce workable code and backup
13 three days after Dr. Zona's report was filed. For a month, they refused to take
14 material steps to correct the errors in those productions and recreate admittedly
15 helpful files that they inexplicably did not maintain. Those are the types of clear
16 violations of a court order that warrant sanctions. *See Yeti by Molly, Ltd. v. Deckers*
17 *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (sanctioning party who produced
18 belated expert report "even absent a showing in the record of bad faith"); *Keithley v.*
19 *Home Store.com, Inc.*, 2008 WL 3833384, at *18–19 (N.D. Cal. Aug. 12, 2008)
20 (awarding expert fees incurred in analyzing late-produced evidence and noting that
21 party's production of partial information forced plaintiffs to waste time).

22 **III.  Plaintiffs' Failure To Follow The Court's Order Prejudiced The NFL**
23 **Defendants.**

24 Plaintiffs' failure to follow the Court's order and failure to provide the
25 requested intermediate files prejudiced the NFL Defendants by forcing them to
26 expend significant resources trying to recreate Dr. Zona's work to prepare for expert
27 depositions. Plaintiffs offer no convincing argument to the contrary.

28 Plaintiffs' suggestion that the NFL Defendants should have gone pens down

when they first discovered a coding error is simply untenable. Plaintiffs are claiming ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ based on Dr. Zona's models. With that in mind, the NFL Defendants were obligated to take every effort to try to reconstruct his analysis to identify the flaws in it.  The invoices the NFL Defendants have submitted reflect the magnitude of the problems with Dr. Zona's work, but importantly do *not* include additional time spent identifying the many other errors in Dr. Zona's report and analysis.  As the Declaration submitted in support of the motion makes clear, Plaintiffs' claim that "[t]he NFL wants to charge Plaintiffs for every hour billed by its experts between August 29 and September 29 with respect to DIRECTV's viewership data," Opp. at 19, is just wrong.

Plaintiffs' claim that there was no prejudice because the NFL Defendants were still able to meet all of their deadlines likewise misses the point.  Recognizing the importance of this Court's deadlines and the need to advance the case, the NFL Defendants did everything possible to meet those deadlines, including incurring the expenses at issue here.  One party's failure to comply with its discovery obligations should not require the other party to burden the Court and complicate the remaining schedule by seeking extensions of established deadlines.

## CONCLUSION

For the foregoing reasons, along with those set forth in the NFL Defendants' motion for sanctions (Dkt. 833-1) the Court should sanction Plaintiffs and award the NFL Defendants $537,300 to compensate them for the expenses related to Plaintiffs' violation of the Court's Expert Order.

Dated: January 13, 2023

Respectfully submitted.

/s/ *Rakesh N. Kilaru*

Rakesh N. Kilaru (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*