| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. #97802) |
| | dpetrocelli@omm.com |
| 2 | M. RANDALL OPPENHEIMER (S.B. #77649) |
| 3 | roppenheimer@omm.com |
| | O'MELVENY & MYERS LLP |
| 4 | 1999 Avenue of the Stars, 8th Floor |
| | Los Angeles, CA 90067 |
| 5 | Telephone: (310) 553-6700 |
| 6 | Facsimile: (310) 246-6779 |
| 7 | JEFFREY A. N. KOPCZYNSKI (*Pro Hac Vice*) |
| | jkopczynski@omm.com |
| 8 | Times Square Tower |
| | 7 Times Square |
| 9 | New York, New York 10036 |
| 10 | Telephone: (212) 326-2000 |
| | Facsimile: (212) 326-2061 |
| 11 | |
| 12 | *Attorneys for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE SUNDAY TICKET ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**STIPULATED ORDER REGARDING THE PRODUCTION OF PRIVILEGED DOCUMENTS FROM DIRECTV'S PRIVILEGE LOG UNDER <u>F.R.E. 502(d)</u>**<br><br>[FILED CONCURRENTLY WITH JOINT STIPULATION FOR ENTRY OF ORDER REGARDING DISCLOSURE OF PRIVILEGED DOCUMENTS FROM DIRECTV'S PRIVILEGE LOG]<br><br>JUDGE: Hon. John E. McDermott<br>DATE:<br>TIME:<br>COURTROOM: First Street Courthouse 350 West 1st Street Courtroom 6A<br>Los Angeles, CA 90012 |

This matter came before the Court on a Stipulation and Joint Motion Regarding the Disclosure of Disclosure Of Designated Privileged Documents From DIRECTV's Privilege Log Pursuant To Federal Rule of Evidence 502(d), submitted by Non-Party DIRECTV, LLC and DIRECTV Holdings LLC (collectively, "DIRECTV") and Plaintiffs (collectively, the "Parties"). Having reviewed the motion, the Court finds that it should be and is hereby GRANTED.

Accordingly, it is hereby ORDERED:

1. This Order shall apply to and govern all designated documents, communications, and information produced pursuant to this Order (collectively, "Designated Information"). Designated Information shall include documents and communications as to which DIRECTV claims the attorney-client privilege and/or work product protection, but as to which DIRECTV agrees to produce to Plaintiffs to promote efficiency in the litigation of this matter,

2. DIRECTV shall label each page of the Designated Information produced pursuant to this Order with the following legend:

**PRIVILEGED — PRODUCED PURSUANT TO STIPULATED ORDER UNDER F.R.E. 502(d)**

3. DIRECTV's disclosure or production of any Designated Information in this proceeding shall not, for the purposes of this proceeding or any other proceeding, constitute a waiver by DIRECTV of any privilege or protection, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law, applicable to: (a) the Designated Information; (b) any other documents, communications, or information relating to the subject matter of the Designated Information; or (c) any other documents, communications, or information relating to the parties who sent or received or are named in the Designated Information.

4. Nothing herein shall constitute or be construed as a waiver of any

objection(s) to discovery or disclosure pursuant to, inter alia and without limitation, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other court rule or other federal or state statute, rule, or regulation. Moreover, nothing herein shall prevent DIRECTV from invoking any privilege or protection over any document, information, or communication.

5. Designated Information that DIRECTV agrees produce to Plaintiffs shall continue to be treated as "Highly Confidential" under the Stipulated Protective Order [Dkt. #197] entered in this case on October 04, 2016.

6. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

7. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information under this Order.

**IT IS SO ORDERED.**

DATED: 2/21/2023

Honorable John E. McDermott
United States Magistrate Judge