Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF TYLER FINN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY ON THE NEW SUNDAY TICKET AGREEMENT**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 5/2/2023, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

I, Tyler Finn, declare under penalty of perjury that the following is true and correct:

1. I am over the age of twenty-one (21) years and am an associate at Susman Godfrey LLP. I am counsel of record for Plaintiffs Ninth Inning, Inc., 1465 Third Avenue Restaurant Corp., Robert Gary Lippincott, Jr., and Jonathan Frantz in the above-captioned litigation. I submit this declaration in support of Plaintiffs' Motion to Compel Discovery on the New Sunday Ticket Agreement.

2. I am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this declaration, and each of the facts and statements is true and correct.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Court's scheduling order in this case pursuant to Local Civil Rule 37-2. Exhibit 1 is a true and correct copy of the Court's Order filed on January 12, 2021. *See* Dkt. No. 294.

4. Attached hereto as Exhibit 2 is a true and correct Copy of the now-operative scheduling order in this case, filed on January 30, 2023. *See* Dkt. No. 886.

5. On January 20, 2022, as part of Plaintiffs' Fifth Set of Requests for Production, Plaintiffs served on the NFL Request for Production No. 112: "All presentations, analyses, strategic planning documents, and communications regarding the current negotiations for the rights to Sunday Ticket from January 1, 2021 to the present day (and continuing in nature pursuant to Rule 26(e))."

6. During a March 30, 2022, meet-and-confer with the NFL about RFP 112, I proposed that the NFL collect documents from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ Counsel for the NFL represented to me that either ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would be copied on all pertinent emails. Based on that representation, Plaintiffs agreed to limit the custodial search related to RFP 112 to the files of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7. The parties also agreed to a limited set of search terms that Plaintiffs proposed based on their limited knowledge of the negotiations at the time, which

1 | did not include reference to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or any other
2 | potential purchasers of Sunday Ticket.
3 |     8.    On May 7, 2022, the NFL produced ▓▓▓▓▓▓▓▓▓, including the
4 | documents responsive to RFP 112 collected according to the agreed-upon search
5 | protocol.
6 |     9.    On November 4, 2022, I sent a Rule 37-1 letter to Jeremy Barber,
7 | counsel for the NFL Defendants, expressing concern about the custodians from
8 | whom the NFL Defendants collected files for the May 7 production. Attached
9 | hereto as Exhibit 3 is a true and correct copy of that letter
10 |     10.    On November 14, 2022, I participated in a meet-and-confer with
11 | counsel for the NFL Defendants during which counsel for the NFL again
12 | represented that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would be
13 | copied on, or receive via forward, all communications with third-party bidders.
14 | Plaintiffs agreed to revisit the issue of custodians when they discussed the scope of
15 | the next production.
16 |     11.    On December 22, 2022, Plaintiffs learned through public reporting that
17 | the NFL had executed a deal with Google that granted YouTube the rights to
18 | distribute Sunday Ticket beginning in the 2023 season.
19 |     12.    On December 27, 2022, I sent a letter to Jeremy Barber, counsel for
20 | the NFL Defendants, to request immediate production of the new Sunday Ticket
21 | agreement and to meet-and-confer over the search protocol to be applied to the
22 | forthcoming production of negotiation documents. Attached hereto as Exhibit 4 is a
23 | true and correct copy of that letter.
24 |     13.    The parties did not meet-and-confer until January 3, 2023. During that
25 | conversation, counsel for the NFL Defendants represented that the NFL Defendants
26 | would not produce the YouTube-NFL agreement until it completed its court
27 | ordered production, which it intended to complete by January 13, 2023.
28 |     14.    During that conversation, Plaintiffs requested that the NFL search the
relevant custodians for the names of the bidders that reportedly had been vying for

1 | Sunday Ticket rights: ▮
2 | Counsel for the NFL refused.
3 |   15. On January 13, 2023, the NFL produced ▮ in accordance
4 | with the Court's order of September 12, 2022. When duplicates are excluded, the
5 | number drops to ▮
6 |   16. Documents in that production indicate that ▮
7 | ▮
8 |   17. The NFL Defendants never informed Plaintiffs of ▮
9 | nor did they update their initial disclosures to reflect his role and leadership on a
10 | key issue.
11 |   18. Attached hereto as Exhibit 5 is a true and correct copy of the letter that
12 | that I sent to Mr. Barber on January 18, 2023, outlining deficiencies in its January
13 | 13, 2023 production.
14 |   19. On January 25, 2023, I participated in a meet-and-confer with counsel
15 | for the NFL Defendants, during which counsel represented that the NFL
16 | Defendants had not withheld any responsive documents, and that counsel
17 | understood, based on a high-level understanding of the negotiation process, that the
18 | production included all relevant communications.
19 |   20. On January 31, 2023, I again wrote to Mr. Barber to express Plaintiffs'
20 | concerns about the documents omitted from the production. Attached hereto as
21 | Exhibit 6 is a true and correct copy of that letter.
22 |   21. On February 15, 2023, I participated in a meet-and-confer with
23 | counsel for the NFL Defendants, during which counsel declined to provide a
24 | response to Plaintiffs' proposal until it had more specific information about the
25 | types of documents omitted.
26 |   22. On February 21, 2023, I provided the requested information to the
27 | NFL, summarizing the omissions that I had raised in prior letters and meet-and-
28 | confers. Attached hereto as Exhibit 7 is a true and correct copy of email
  correspondence reflecting that exchange.

23. On March 3, 2023, I participated in a meet-and-confer with counsel for the NFL Defendants, during which counsel offered to run some additional search terms on the documents it had already collected. The proposed search terms were reference to NFLST or Sunday Ticket combined with the email domain name of third-party bidders other than Google. The NFL refused to collect any new documents.

24. On October 25, 2022, ████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████

25. My review of the documents ████████████████████ indicates that ████████████████████████████████████████████████
████████████████████████

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 27th day of March, 2023 in New York, NY.

*/s/ Tyler Finn*
Tyler Finn