Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (*pro hac vice* pending)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>———————————————————<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**DECLARATION OF JEREMY BARBER IN SUPPORT OF THE NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Magistrate Judge:  Hon. John E. McDermott<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>        Trial Date: 2/22/2024 |

I, Jeremy Barber, declare as follows:

1.    I am a partner at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants in this litigation. I submit this declaration in support of the NFL Defendants' Opposition to Plaintiffs' Motion to Compel Discovery on the New Sunday Ticket Agreement. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto. I am admitted *pro hac vice* to practice before the United States Central District of California in this litigation.

2.    Attached hereto as Exhibit 1 is a true and correct copy of Chief Judge Gutierrez's standing Order for a Civil Jury Trial (revised August 2019), available at https://www.cacd.uscourts.gov/honorable-philip-s-gutierrez (last accessed April 3, 2023).

3.    Attached hereto as Exhibit 2 is a true and correct copy of Chief Judge Gutierrez's Order for Jury Trial, filed in this case on March 15, 2022. *See* Dkt. 435.

4.    After Plaintiffs served their first set of discovery requests on the NFL Defendants in January 2021, the parties spent months negotiating the proper scope of discovery. In May 2021, the parties eventually agreed that the NFL Defendants would collect custodial files from 21 current and former NFL employees ███████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████    The parties agreed that the NFL Defendants would produce responsive documents reviewed from the subset of collected documents hitting on 75 negotiated search terms. During these negotiations, the parties also agreed the NFL Defendants would make a single collection of documents for requests pending at the time, and would not have to make any subsequent collections for those requests.

5.    Fact discovery in this case was originally scheduled to end on March 22, 2022. *See* Finn Ex. 1. In November 2021, Plaintiffs requested that the NFL

Case No. 2:15-ml-02668-PSG (JEMx)          **Declaration of Jeremy Barber in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Compel**

1   Defendants agree to an extension of fact discovery so Plaintiffs may spend more time

2   reviewing documents and data produced by DIRECTV.  Plaintiffs agreed that the

3   requested extension would not be used as additional time to serve additional Requests

4   for Production, Interrogatories or Admissions on the NFL Defendants, or subpoenas

5   on third parties.  This agreement was reflected in the parties' filed stipulation

6   regarding the scheduling modification, which indicates that the deadline to serve such

7   discovery requests was February 22, 2022.  Attached hereto as Exhibit 3 is a true and

8   correct copy of the parties' Stipulation Regarding Modifications to the Scheduling

9   Order, filed on November 19, 2021.  *See* Dkt. 362.

10      6.      In February 2022, Plaintiffs moved to modify the scheduling order and

11   extend fact discovery again.  As part of the briefing in support of their motion,

12   Plaintiffs clarified that they did not seek an extension to the February 22, 2022

13   deadline by which to propound discovery requests.  *See* Dkt. 423-1, at 7 n.3.

14   Attached hereto as Exhibit 4 is a true and correct copy of Plaintiffs' Memorandum of

15   Points and Authorities in Support of their Motion to Amend the Scheduling Order,

16   filed on February 18, 2022.  *See id.*

17      7.      The Court granted Plaintiffs' motion, and extended the fact discovery

18   deadline to August 5, 2022.  Attached hereto as Exhibit 5 is a true and correct copy

19   of the Court's Order Granting Plaintiffs' Motion to Modify the Scheduling Order,

20   filed on March 15, 2022.  *See* Dkt. 434.

21      8.      In total, Plaintiffs have served six sets of Requests for Production ("RFPs")

22   on the NFL Defendants comprising 161 separate requests.  In response to those

23   requests, the NFL Defendants produced ███████████████████████████

24   ████████████   prior to the close of fact discovery.

25      9.      As part of Plaintiffs' First Set of RFPs to the NFL Defendants, Plaintiffs

26   propounded RFP No. 51, which sought production of "[a]ll documents relating to any

27   negotiation or agreement, whether consummated or not, concerning (a) the licensing

28   or carriage of any out-of-market games in the United States, or (b) the licensing or

2

1  carriage of the NFL Sunday Ticket package on an exclusive or non-exclusive basis."

2  In response to this request, the NFL Defendants produced many documents related

3  to Sunday Ticket negotiations, including both negotiations for past agreements as

4  well as the then-ongoing negotiations for the future rights to Sunday Ticket

5  agreement, ███████████████████. Documents reflecting these negotiations

6  made clear that numerous employees at the NFL were involved in both internal

7  discussions and discussions with third parties.

8      10.   Plaintiffs served RFP No. 112 on January 20, 2022, which sought

9  production of "[a]ll presentations, analyses, strategic planning documents, and

10  communications regarding the current negotiations for the rights to Sunday Ticket

11  from January 1, 2021 to the present day (and continuing in nature pursuant to Rule

12  26(e))."

13      11.   The parties met and conferred several times regarding the scope of the NFL

14  Defendants' discovery obligations as to RFP No. 112, and eventually agreed in April

15  2022 that the NFL Defendants would collect additional documents from the custodial

16  ████████████████████████████████████████████

17  ████████████████████████████████████████████

18  ████████████████████████████████████████████

19  ███████—and produce responsive documents reviewed from the subset of

20  collected documents that hit on the search term proposed by Plaintiffs.

21      12.   On May 7, 2022, the NFL Defendants produced to Plaintiffs ████

22  documents, which included documents responsive to RFP No. 112.  To date,

23  Plaintiffs have raised no concerns regarding the scope or volume of the May 7, 2022

24  production.

25      13.   Between May and August 2022, Plaintiffs conducted 15 fact depositions of

26  former and current NFL employees.  During several of those depositions, Plaintiffs

27  asked multiple witnesses about the status of the then-ongoing negotiations for the

28  rights to Sunday Ticket, and learned about several third parties who had expressed

1   interest in those rights, including ███████████████████████████

2   ███████████

3   14.   In August 2022, after the close of fact discovery, ███████████

4   ████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   15.   On June 15, 2022, Plaintiffs sent the NFL Defendants a letter requesting

9   additional productions of documents responsive to RFP No. 112, including after the

10   fact discovery deadline. Plaintiffs did not, at this point, request other custodians in

11   addition to the three on which the parties already agreed.  During several ensuing

12   meet-and-confers, the NFL Defendants proposed a number of compromise solutions,

13   including producing a limited set of non-custodial responsive documents following

14   the announcement of the new Sunday Ticket agreement.  Plaintiffs rejected these

15   offers and ultimately moved to compel production of custodial documents related to

16   the new Sunday Ticket agreement.

17   16.   On July 15, 2022, Plaintiffs moved before Chief Judge Gutierrez for limited

18   discovery after the August 5, 2022 deadline for fact discovery.  Attached hereto as

19   Exhibit 6 is a true and correct copy of Plaintiffs' Memorandum of Points and

20   Authorities in Support of their Motion to Take Limited Discovery After the Deadline

21   for Fact Discovery, filed on July 25, 2022.  *See* Dkt. 555-1.

22   17.   Attached hereto as Exhibit 7 is a true and correct copy of the Court's Order

23   Granting Plaintiffs' motion to take limited discovery after the deadline for fact

24   discovery, filed on August 11, 2022.  *See* Dkt. 607.

25   18.   On August 9, 2022, this Court held a hearing regarding Plaintiffs' motion

26   to compel production of documents regarding the new Sunday Ticket agreement.

27   Attached hereto as Exhibit 8 is a true and correct copy of the August 9, 2022 Hearing

28   Regarding Plaintiffs' Motion to Compel Production of Documents.  *See* Dkt. 613.

4

1        19.     The Court ordered the parties to meet and confer regarding the scope of the

2    NFL Defendants' discovery obligations with respect to RFP No. 112, and submit a

3    joint status report by September 9, 2022.  Attached hereto as Exhibit 9 is a true and

4    correct copy of the Court's Minutes Regarding Plaintiffs' Motion to Compel

5    Production of Documents, filed on August 9, 2022.  *See* Dkt. 599.

6        20.     On August 18, 2022, the parties met and conferred regarding the scope of

7    the NFL Defendants' discovery obligations with respect to RFP No. 112, as ordered

8    by the Court's August 9, 2022 Order.  Ultimately, the parties agreed that the NFL

9    Defendants would make a production, within 45 days of the execution of any new

10    Sunday Ticket agreement, of documents responsive to RFP No. 112 by collecting

11    documents from the same three agreed-upon custodians, using the same agreed-upon

12    search terms, as the May 7, 2022 production.  The parties also agreed that the NFL

13    would produce a witness for deposition on that topic pursuant to Federal Rule of

14    30(b)(6).  These agreements were memorialized in the parties' Joint Status Report

15    filed on September 9, 2022, a true and correct copy of which is attached hereto as

16    Exhibit 10.  *See* Dkt. 643.

17        21.     On September 12, 2022, the Court issued an order endorsing the parties'

18    agreement as reflected in their joint status report.  Attached hereto as Exhibit 11 is a

19    true and correct copy of the Court's Order Granting Plaintiffs' Motion to Compel

20    Production of Documents by the NFL Defendants, filed on September 12, 2022.  *See*

21    Dkt. 645.

22        22.     On November 4, 2022, Plaintiffs sent the NFL Defendants a letter

23    identifying what they believed to be deficiencies in the NFL's prior production of

24    documents in connection with RFP No. 112.  *See* Finn Ex. 3.  ████████████

25    ████████████████████████████████████████████████████

26    ████████████████████████████████████████████████████

27    ████████████████████████████████████████████████Counsel

28    for the NFL Defendants investigated the issue and discovered that they had in fact

Case No. 2:15-ml-02668-PSG (JEMx)           **Declaration of Jeremy Barber in Support of the NFL Defendants'**
                                      **Opposition to Plaintiffs' Motion to Compel**

1   produced approximately ███████████████████████████████████

2   █████████████████████████████████████████████████████████

3   █████████████████████████████████████████████████████████

4   ████████     On November 14, 2022, I met and conferred with Plaintiffs' counsel,

5   and explained these findings. ███████████████████████████████

6   ███████████████████████████████     Based on the explanation

7   during the meet-and-confer and lack of follow-up thereafter, the NFL Defendants

8   understood Plaintiffs to have dropped the issue.

9       23.     Attached hereto as Exhibit 12 is a true and correct copy of the parties'

10   Stipulation Regarding Modifications to the Scheduling Order, filed on November 30,

11   2022. *See* Dkt. 735.

12       24.     On December 22, 2022, the NFL and Google announced their agreement

13   granting YouTube TV the rights to the residential Sunday Ticket package beginning

14   the 2023 NFL season.   The NFL Defendants collected documents from the three

15   agreed-upon custodians, reviewed those that hit on the parties' agreed-upon search

16   terms, and produced ████ responsive documents on January 13, 2023.   This

17   production was made 23 days before the agreed-upon deadline, and 35 days before

18   Plaintiffs' February 17, 2023 deadline for service of their opening merits expert

19   reports.

20       25.     To date, the NFL Defendants have produced documents in connection with

21   the recent Sunday Ticket agreement including:

22       • The agreement itself between the NFL and Google regarding the rights

23         to the NFL Sunday Ticket package;

24       • Proposals from third parties ███████████████████████████

25         regarding the rights for the NFL Sunday Ticket package and various

26         distribution options;

27

28

Case No. 2:15-ml-02668-PSG (JEMx)          **Declaration of Jeremy Barber in Support of the NFL Defendants'**
                                           **Opposition to Plaintiffs' Motion to Compel**

- Discussions both within the NFL and with third parties about the potential of the NFL distributing the Sunday Ticket package itself, or as part of a joint venture;

- Communications between NFL employees and ████████████ ████████████████████ regarding the rights for the NFL Sunday Ticket package;

- Internal discussions within the NFL regarding those proposals for the NFL Sunday Ticket package; and

- Analyses conducted by the NFL and third parties regarding the future rights to the NFL Sunday Ticket package.

26.     Although ████████████████████████████████████████ ████████████████████████████████████████ ██████████, these produced documents demonstrate that the three custodians were the key decision-makers at the NFL regarding the agreement and were frequently updated by other NFL employees regarding key components of their conversations with third parties.    Many of the produced documents also consisted of communications between the NFL and third parties to schedule phone calls, video calls, or in-person meetings to discuss the rights to Sunday Ticket.    Numerous produced documents include internal updates between NFL employees regarding offline conversations they had with third parties, including updates and forwards of ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████

27.     On January 18, 2023, Plaintiffs sent the NFL Defendants a letter identifying alleged deficiencies in the January 13, 2023 production.  Finn Ex. 5.  On January 31,

7

1     2023, Plaintiffs sent another letter demanding, for the first time, ███████████

2     ████████████████████████████████████████████████████████████████

3     ████████████████████████████████████████████████████████████████

4     ██████████████████████ *See* Finn Ex. 6.  These search terms were exceptionally

5     broad and would yield *all* communications between the custodians and third parties

6     ████████████████████████████████████████████████████████████████

7     ████████████████████████████████████████████████████████████████

8     ████████████████████████████████████████████████████████████████

9     ████████████████████  Applying search terms as broad as "Google," as Plaintiffs

10     demand, would also yield every calendar invitation or Google alert that each

11     custodian received during the relevant time period.

12         28.    On February 14, 2023, the NFL Defendants sent Plaintiffs a letter

13     explaining why they have fully complied with the parties' prior agreement and the

14     Court's September 2022 order, why their productions were not incomplete or

15     incorrect in any material sense, and that they did not believe additional burdensome

16     custodial searches were appropriate.  Attached hereto as Exhibit 13 is a true and

17     correct copy of the NFL Defendants' February 14, 2023 letter to Plaintiffs' counsel.

18         29.    In the ensuing weeks, the parties met and conferred several more times in

19     an attempt to reach negotiated compromise.  Over the course of the parties' meet-

20     and-confers following the January 13, 2023 production, Plaintiffs, at numerous

21     points, agreed orally that the NFL Defendants had complied with the parties' prior

22     agreement and Court's order regarding the scope of discovery obligations as to RFP

23     112.  The NFL Defendants suggested less burdensome alternatives to Plaintiffs'

24     demands in an attempt to reach compromise, such as running additional search terms

25     across custodial files the parties already collected from the three agreed-upon

26     custodians.  On March 8, 2023, Plaintiffs' counsel rejected that proposal.

27         30.    On February 17, 2023, Plaintiffs served their three opening merits expert

28     reports.  None of the reports referenced any of the documents the NFL Defendants

1  produced in connection with recent Sunday Ticket negotiations apart from the

2  agreement itself.

3       31.    On March 28, 2023, the NFL announced that it had reached an agreement

4  for future rights to the commercial Sunday Ticket package.

5

6

7       I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

8

9       EXECUTED on this 3rd day of April 2023 in New York, NY.

10

11 Dated:  April 3, 2023                    Respectfully submitted,

12

13

14                                          /s/ Jeremy S. Barber
                                            Jeremy S. Barber (admitted *pro hac vice*)

15

16

17

18

19

20

21

22

23

24

25

26

27

28