MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL DISCOVERY ON THE NEW SUNDAY TICKET AGREEMENT**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 5/2/2023, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

1    As this Court knows, the agreement between the NFL and DirecTV for the
2    distribution of Sunday Ticket violates the antitrust laws. When Plaintiffs stipulated
3    to a protocol for the production of documents that relate to the negotiation of a new
4    contract for Sunday Ticket, no new agreements had yet been reached. Those
5    negotiations were ongoing and concluded only recently. As those negotiations
6    continued past the cutoff for fact discovery, Plaintiffs sought leave to take discovery
7    regarding those negotiations after that date, which Judge Gutierrez granted, Dkt. 607.

8    By this motion, Plaintiffs seek the production of documents relating to those
9    negotiations. The NFL does not deny the existence of these documents, that it has
10   failed to produce them, or that they are responsive to a validly served request for
11   production, RFP 112. The NFL does not contend that Plaintiffs somehow waived
12   their rights to seek discovery of the documents by agreeing to a search protocol in
13   September 2022. The NFL argues instead that its production of a narrow set of
14   documents from three custodians complied with the terms of the protocol and that
15   that protocol sets the upper bounds of its discovery obligations. When Plaintiffs
16   agreed to that protocol, they did so in reliance on the NFL's repeated representations
17   that those three custodians would possess all relevant documents concerning the
18   negotiations. That representation turned out to be inaccurate, as Plaintiffs have since
19   learned that other individuals possess relevant documents that have not been
20   produced. The NFL does not deny this. These documents should be produced
21   pursuant to RFP 112 and Rule 26, even the caselaw cited by the NFL makes clear.

22   There is no question that these documents are highly relevant to Plaintiffs'
23   claims. For example, one of the issues in this case is whether the NFL conspired with
24   DirecTV to set the consumer price for Sunday Ticket at a supracompetitive level.
25   Media reports indicate that one of the principal bidders in the recent negotiations
26   proposed purchasing the rights to Sunday Ticket on condition that it be permitted to
27   charge much lower prices to consumers. Yet the NFL has not produced a single
28   document that reflects such a proposal. Other examples of relevant omitted

documents abound. The NFL has produced no documents that reflect the substance of the negotiations with the other bidders. This is no fishing expedition. Plaintiffs move to compel production of relevant documents that the NFL does not deny exist.

## I.     The NFL Does Not Deny That Its Productions Are Incomplete.

The NFL does not dispute the core premise of Plaintiffs' motion—that its productions responsive to RFP 112 are incomplete. The NFL lists various documents it has produced but does not claim to have produced all responsive documents in its possession. The NFL does not deny that it continued negotiation with the five named bidders until recently or that it has failed to produce substantive documents about those recent negotiations. Unable to deny that it possesses such written communications, the NFL claims that most of the discussions took place orally. Even if true, that does not justify the failure to produce the documents memorializing such discussions that *do* exist. Lastly, the NFL does not dispute that each of the three additional custodians raised in this motion possesses relevant responsive documents.

Instead, the NFL raises irrelevant arguments. First, the NFL says that Plaintiffs make this motion because the NFL produced so few documents. Not true. Plaintiffs are moving for production of documents that undisputedly exist and have repeatedly provided the NFL with examples of the types of documents that were omitted. *See, e.g.*, Finn Decl. Exs. 5, 6, 7. Second, Plaintiffs agreed to limit searches to three custodians based on representations that they would be copied on ***all*** relevant documents, not because they were the "key decision-makers." Lastly, the NFL mischaracterizes the positions it took during the meet-and-confer process, *see* Joint Stip. at 25. In reality, the NFL refused to collect any new documents and agreed only to run new searches on documents that were previously collected pursuant to the deficient search protocol. Finn Decl. ¶ 23. That refusal prompted this motion.

The NFL does not deny it has many more relevant documents. And Plaintiffs' identification of exemplar documents missing from the NFL's production, combined with record evidence indicating that those documents are in the NFL's possession,

belie any argument that this motion is based on "speculation," *see* Joint Stip. at 24. That showing entitles Plaintiffs to a supplemental production under Rule 26(e), as indicated by the cases that the NFL itself cites. To be clear, Plaintiffs provide specific *examples* of the omitted documents in order to demonstrate incompleteness. The list does not purport to be exclusive, as Plaintiffs have no way of knowing exactly which responsive documents the NFL has withheld.

Plaintiffs have cited documents from the NFL's January 13, 2023 production to demonstrate that negotiations between the NFL and the five bidders continued through the Fall of 2022. *Id.* at 11-12; Finn Decl. Ex. 6. Contrast that specificity with the speculation by the movants in *Hubbard v. Potter* that defendants had more documents. 247 F.R.D. 27, 29 (D.D.C. 2008) ("Instead of chasing the theoretical possibility that additional documents exist, courts have insisted that the documents that have been produced permit a reasonable deduction that other documents may exist…."). In *Kendle v. Whig Enters., LLC*, 2016 WL 898569, at *4 (S.D. Ohio Mar. 9, 2016), the movant failed to specify a particular deficiency in the discovery responses or to show that the producing party possessed additional relevant information. Here, by contrast, Plaintiffs make that showing with record evidence *and* media reports. That reporting does not, as the NFL insists, contradict any evidence from the record. It instead addresses an issue on which the current record sheds no light—the breakdown in negotiations with the four losing bidders. In that respect, *Finalrod IP, LLC v. John Crane, Inc.*, 2019 WL 2563840 (W.D. Tex. Mar. 22, 2019), is on point. *See id.* at *3 (compelling production based on references in deposition to various documents that were not produced).

The omission of these documents demonstrates that the search protocol was deficient and justifies a supplemental production. None of the NFL's authority suggests otherwise. The plaintiff in *Terpin v. AT&T Inc.*, 2022 WL 3013153 (C.D. Cal. June 13, 2022), sought production of the defendants' search terms but did not, as here, propose additional searches based on new terms nor identify any documents

that were allegedly withheld. *Id.* at *2-*3. The NFL's other case is similarly inapposite as the movant requested that "each Defendant run document searches containing abbreviations and acronyms for agreed-upon search terms," without identifying documents that the original protocol may have failed to capture. *See In re Nat'l Ass'n of Music Merchants, Musical Instruments & Equip. Antitrust Litig.*, 2011 WL 6372826, at *2 (S.D. Cal. Dec. 19, 2011). That court declined to compel new searches because: 1) Plaintiffs never raised the search terms before the disputed production; and 2) the new terms would require defendants "to review tens of thousands of additional documents that would likely yield only a very small number of additional responsive documents." *Id.* at *3. Here, by contrast, Plaintiffs raised the issue of custodians and search terms well ahead of the court-ordered production. *See* Finn Decl. Ex. 3 (custodians), Ex. 4 (search terms). And the proposed protocol is narrowly tailored to capture the documents that Plaintiffs know were omitted—the files of six custodians relating to a limited time period with search terms targeted at the communications with the five proposed acquirers of the Sunday Ticket rights.

## II.    The Requested Documents Are Material to Plaintiffs' Claims.

Those documents are undoubtedly relevant, as shown by the Court's granting of Plaintiffs' prior motion to compel. *See* Barber Decl. Ex. 11. That Plaintiffs' experts do not rely on the negotiations in their opening reports does not bely their relevance, as the NFL argues. *See* Joint Stip. at 31. Plaintiffs' experts cannot cite to evidence that is not before them—because the NFL has refused to produce it. Moreover, the NFL bears the burden of showing the procompetitive justifications of the challenged restraints and the NFL's deadline to serve expert reports has not yet passed. Independent of the expert reports, the requested discovery is material to Plaintiffs' "discovery plan [and] trial preparation," *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022). With respect to discovery, these documents are important to Plaintiffs' forthcoming deposition of the NFL's 30(b)(6) witness on the latest negotiations, which the NFL acknowledges it must provide. For that very

1   reason, the parties have agreed to postpone scheduling of that deposition until this
2   dispute is resolved. This discovery is also likely to lead to the production of
3   documents that will be directly relevant to summary judgment and trial.

4   **III.   The NFL Overstates the Potential Burden.**

5          Lastly, the NFL exaggerates the burden of producing the requested documents.
6   Plaintiffs seek documents from a limited number of custodians from a limited time
7   period about a single subject. The number of custodians proposed by Plaintiffs
8   constitutes a fraction of the 21 from whom the NFL has already collected documents
9   over the course of this litigation. *See* Joint Stip. at 19. It is also consistent with the
10  caselaw cited by the NFL. In *Briggs v. County of Maricopa*, the court compelled
11  searches of "the six case managers Plaintiffs believe are most likely to have
12  responsive information," rejecting arguments that "searching the emails of non-
13  managerial employees is irrelevant and unnecessary" or would impose an undue
14  burden. 2021 WL 1725553, at *2 (D. Ariz. Apr. 30, 2021). The relief requested here
15  is similarly limited to a 24-month timeframe and to the six custodians most likely to
16  have relevant documents—those that the NFL claims were the "key decision-
17  makers" and those most directly involved in the Sunday Ticket negotiations. There
18  is no reason to believe that applying targeted search terms to those files will produce
19  large amounts of irrelevant documents.

20         Nor does the timing of the request impose any burden on the NFL or the
21  Court's schedule. Summary judgment motions are not due until July 28, trial is nearly
22  a year away, and the Court has already permitted discovery on this topic after the fact
23  discovery cutoff. Moreover, the slight burden on the NFL to produce these
24  documents pales in comparison to the billions of dollars at issue in this case where
25  the Court has certified the class for purposes of litigation of the merits.

26                                  **CONCLUSION**

27         For the foregoing reasons, this Court should grant Plaintiffs' motion to compel.

28

1    Dated: April 18, 2023

2                        Respectfully submitted,

3                    By:   */s/ Tyler Finn*

4                         Tyler Finn

5                       Marc M. Seltzer (54534)
                        mseltzer@susmangodfrey.com

6                       SUSMAN GODFREY L.L.P.
                        1900 Avenue of the Stars, Suite 1400

7                       Los Angeles, CA 90067
                        Tel: (310) 789-3100

8                       Fax: (310) 789-3150

9                       William C. Carmody (*Pro Hac Vice*)
                        bcarmody@susmangodfrey.com

10                      Seth Ard (*Pro Hac Vice*)
                        sard@susmangodfrey.com

11                      Tyler Finn (*Pro Hac Vice*)
                        tfinn@susmangodfrey.com

12                      SUSMAN GODFREY L.L.P
                        1301 Avenue of the Americas, 32nd Fl.

13                      New York, NY 10019
                        Tel: (212) 336-8330

14                      Fax: (212) 336-8340

15                      Ian M. Gore (*Pro Hac Vice*)
                        igore@susmangodfrey.com

16                      SUSMAN GODFREY L.L.P.
                        1201 Third Avenue, Suite 3800

17                      Seattle, WA 98101
                        Tel: (206) 505-3841

18                      Fax: (206) 516-3883

19                      Armstead Lewis (*Pro Hac Vice*)
                        alewis@susmangodfrey.com

20                      SUSMAN GODFREY L.L.P.
                        1000 Louisiana, Suite 5100

21                      Houston, TX 77002
                        Tel: (713) 651-9366

22                      Fax: (713) 654-6666

23                      Scott Martin (*Pro Hac Vice*)
                        smartin@hausfeld.com

24                      HAUSFELD LLP
                        33 Whitehall Street, 14th Floor

25                      New York, NY 10004
                        Tel: (646) 357-1100

26                      Fax: (212) 202-4322

27                      Christopher L. Lebsock (184546)
                        clebsock@hausfeld.com

28                      Samuel Maida (333835)

smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

7