UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|
| S. Lorenzo | |
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL DISCOVERY ON THE NEW SUNDAY TICKET AGREEMENT (Dkt. 912)**

Before the Court is Plaintiffs' Motion To Compel Discovery On The New Sunday Ticket Agreement ("Motion") filed on April 4, 2023. (Dkt. 912.) Both parties filed a Joint Stipulation on that same date. (Dkt. 913-1, 914-1.) Plaintiffs filed a Supplemental Memorandum on April 18, 2023. (Dkt. 922.) The NFL did not file a supplemental memorandum. The Court GRANTS the Motion in part and DENIES it in part.[1]

On January 20, 2022, Plaintiffs served RFP No. 112 which requested:

> All presentations, analyses, strategic planning documents and communications regarding the current negotiations for the rights to Sunday Ticket from January 1, 2021 to the present day (and continuing in nature pursuant to Rule 26(e)).

(JS at 5.) The parties met and conferred, and agreed that the NFL would collect additional documents from the custodial files of Commissioner Goodell, Mr. Rolapp and Mr. Schroeder who were expected to be the key decisionmakers and who would be involved in all key discussions and negotiations concerning the upcoming Sunday Ticket agreements and produce responsive documents that hit on the search term proposed by Plaintiffs. (Dkt. 918-7, ¶ 11.) On May 7, 2022, the NFL produced documents responsive to Request No. 112. (Id., ¶ 12.) Plaintiffs did not make any challenge in Court to the adequacy of the search term at that time.

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacates the May 2, 2023 hearing date on the Motion. See Fed. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

The relevant fact discovery cut-off deadline is August 5, 2022. (Dkt. 434.) On July 15, 2022, Plaintiffs moved for limited discovery after the August 5, 2022 fact discovery deadline. (Id., ¶ 16.) On August 9, 2022, the District Judge held a hearing on Plaintiffs' motion. (Dkt. 613.) Plaintiffs' counsel represented as follows:

> In the past Plaintiffs and the NFL have agreed to search the custodians of -- three NFL custodians under agreed upon search terms and <u>Plaintiffs would agree to having that protocol govern the scope of any future productions as well</u>.

(Dkt. 613, Ex. 8, at 10:7-10.) (Emphasis added.) The Court directed the parties to meet and confer, and present the Court with a Status Report. (Id. at 16-20.) On August 11, 2022, the Court granted Plaintiffs' motion to take limited discovery after the deadline for fact discovery. (Dkt. 607.) The Court modified the Scheduling Order to allow Plaintiffs to pursue discovery related to:

> Document production related to NFL Defendants' ongoing negotiations with third parties for the sale of the future rights to NFL Sunday Ticket, as well as document and deposition discovery about the new NFL Sunday Ticket agreement once such a deal is finalized.

(Id. at 3-4.)

On September 9, 2022, the parties filed a Status Report which indicated that the parties reached an agreement that the NFL would produce documents responsive to Request No. 112 within 45 days of the execution of an agreement for the future rights to Sunday Ticket. (Dkt. 643, ¶ 2.) More specifically, the Status Report provides, "The NFL will collect documents from the same custodians using the same agreed-upon search terms to which the parties agreed for the NFL's May 7, 2022 production." (Id.) The parties also agreed to a Rule 30(b)(6) deposition. (Id., ¶ 4.) A Proposed Order was attached to the Status Report. (Dkt. 643-1.) On September 12, 2022, the Court signed that Order which provides:

> IT IS ORDERED that, within forty-five (45) days of the date on which the NFL reaches an agreement for the future rights to NFL Sunday Ticket, the NFL shall produce documents responsive to Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

> Request for Production 112.  This production shall comprise documents dating from April 4, 2022 to the date on which an agreement is reached collected from the custodians agreed-upon by the parties using the electronic search terms agreed-upon by the parties.  The NFL shall also make a witness available for deposition to provide testimony, on behalf of the NFL pursuant to Federal Rule of Civil Procedure 30(b)(6), on a topic to be agreed upon by the parties.

(Dkt. 645.)  The Order does not authorize additional document requests.

On December 22, 2022 the NFL and Google announced their agreement granting YouTube TV the rights to the residential Sunday Ticket package beginning the 2023 NFL season.  (Dkt. 918-7, ¶ 24.)  The NFL Defendants collected documents from the three agreed-upon custodians, reviewed those that hit on the parties' agreed-upon search terms, and produced 667 responsive documents on January 13, 2023.  (Id.)  The NFL Defendants have produced the following documents regarding the new Sunday Ticket package:

1. The agreement itself between the NFL and Google.
2. Proposals from third parties Google, Apple, Amazon, Roku and ESPN regarding the rights to Sunday Ticket package.
3. Discussions both within the NFL and with third parties about the potential of NFL distributing the Sunday Ticket package itself.
4. Communications between NFL employees and Google, Amazon, Roku and ESPN regarding the rights to the NFL Sunday Ticket package.
5. Internal discussions with the NFL regarding the above proposals.
6. Analyses conducted by the NFL and third parties regarding the future rights to the NFL Sunday Ticket package.

(Id., ¶ 25.)

There does not appear to be any dispute that the NFL Defendants complied with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

the discovery protocol set forth in the September 12, 2022 Order. (Dkt. 645.)[2] Plaintiffs, however, argue that the NFL's production is deficient as it does not provide documents Plaintiffs believe exist, especially regarding the breakdown in negotiations with Apple. (JS at 9-11.) Plaintiffs also claim there are documents regarding communications with the five potential purchasers, the NFL's internal discussions about the negotiations and its related communications with CBS and Fox that have not been produced. (JS at 3:1-3.) Their Proposed Order would require the NFL to collect documents on these matters "from all NFL employees who were party to such communications." (Dkt. 194-10.) Plaintiffs also assert that at the time the discovery protocol was agreed, they were unaware that Dhruv Prasad purportedly had been hired to lead the negotiations and thus should be added as a custodian. In fact, Plaintiffs seek to add three new custodians and 16 additional search terms. (Dkt. 918-7, ¶ 27.)

Plaintiffs assert that the NFL is required to supplement its production as to the matters above. Fed. R. Civ. P. Rule 26(e))(1)(A) provides that supplementation is required if a party "learns that in some material respect the disclosure is incomplete or incorrect, and if the additional information has not otherwise been made known to the other parties during the discovery process or in writing." Information is "incomplete or incorrect" in some material respect if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation. L.A. Terminals, Inc. V. United Nat. Ins. Co., 340 F.R.D. 390, 396 (C.D. Cal. 2022). The burden rests with the party seeking to compel additional discovery to bring forth evidence that warrants supplementation. Moriarity v. Am. Gen. Life Ins. Co., 2021 WL 6197289 (S.D. Cal.).

To begin, there is no deficiency in the NFL production. It is undisputed that the NFL has complied with the discovery requirements of the September 12, 2022 Order, an Order to which Plaintiffs agreed. That Order set the parameters of the NFL's Rule 26(e) supplementation obligation in regard to its document production responsive to Request No. 112. Plaintiffs in effect agreed that compliance with the September 12, 2022 Order would not be "incomplete" or "incorrect." Unhappy with the results of the NFL's production, however, Plaintiffs now seek to jettison the September 12, 2022 Order in favor of an expansive new protocol that requires production of all documents responsive

---

[2] On March 28, 2023, the NFL announced that it had reached an agreement for the future rights to the commercial Sunday Ticket package. (Dkt. 918-7, ¶ 31.) The NFL expects to make a further production of documents in accordance with the same discovery protocol.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

to Req. No. 112 "collected from all NFL employees who were party to such communications." (Dkt. 914-10.)

The NFL, however, contends that Plaintiffs have not brought sufficient evidence to warrant such a drastic departure from the September 12, 2022 Order. For example, Plaintiffs believed that the NFL had not produced the communications between NFL employees Brent Lawton and William Deng and employees at Apple, which Apple had produced in response to subpoena. (Dkt. 918-7, ¶ 22.) NFL's counsel, however, investigated and found that the NFL had produced half of the email threads that Apple had produced involving Lawton and Deng and the remaining communications were largely not substantive and did not hit on the parties' agreed-upon search term. (Id.) Plaintiffs did not respond to these facts in either their Joint Stipulation or their Supplemental portion of the Memorandum.

Plaintiffs also are concerned that there are few documents regarding the breakdown of negotiations between Apple and the NFL. (JS 9-11.) Public reporting suggests the negotiations broke down because the NFL refused to let Apple distribute local games or offer Sunday Ticket at significantly lower prices. (Id.) The NFL, however, argues that documents it has produced suggest numerous reasons why the negotiations failed. (JS at 29-30.) None of the reasons cited by NFL and Apple contained any reference to Sunday Ticket package pricing. (Dkt. 918-7, ¶ 26.) Also, the document Plaintiffs cite "discussing a breakdown in negotiations" indicates the communication with Apple consisted of "[j]ust the verbal message." (Dkt. 914-2, ¶ 20, Ex. 6; 918-7, ¶ 26.) Indeed, the NFL contends that much of the negotiations were handled in person or telephonically. (JS at 4, 8.)

Plaintiffs assert that documents indicate that Dhruv Prasal was hired by the NFL to lead the Sunday Ticket negotiations. (Dkt. 914-2, ¶¶ 16-17.) They say they did not know this fact and if they had known they would have insisted Prasad be named a custodian. (JS at 16:24-28.) Yet the NFL states under oath that Mr. Prasad "had no involvement in the negotiation or implementation of any of the Sunday Ticket agreements that were operative during the class period." Plaintiffs did not address this declaration testimony in their Supplemental Memorandum.

Plaintiffs repeatedly assert that they were promised they would be copied on "all relevant documents" concerning Sunday Ticket negotiations (Dkt. 922 at 1, 2) but this is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

an exaggeration. The September 12, 2022 Order makes no such promise. It requires production of documents from collected files according to the agreed-upon search term, <u>a term Plaintiffs proposed</u>. (Dkt. 914-1 at 7:20-21) ("The parties also agreed to a narrow set of search terms that Plaintiffs proposed based on their limited knowledge of the negotiations at that time"); (Dkt. 914-1 at 21:11-13); (Dkt. 918-7, ¶ 11).

Plaintiffs also repeatedly assert that the NFL omitted, withheld or failed to produce responsive documents. Yet the NFL did what it was required to do under the September 12, 2022 Order. It applied the agreed-upon search term to the custodial documents. It did not omit or withhold anything that it was required to produce by the September 12, 2022 Order. In their Supplemental Memorandum Plaintiffs argue that the fact that responsive documents they believe exist were omitted demonstrates that the search protocol was deficient. (Dkt. 922 at 3:24-26.) Yet, again, it was Plaintiffs who proposed the search term. (Dkt. 918-7, ¶ 11.)

Essentially, what the Plaintiffs want is a "do-over." To the extent relevant documents exist that were not captured by the agreed-upon search protocol, the Court rejects the plainly overbroad and unreasonable proposal to collect documents from, not just the three custodians, but from "all NFL employees who were party to such communications" with Apple, Amazon, Google/YouTube, Disney/ESPN and Roku. (Dkt. 914-10.) Plaintiffs' proposed 16 additional search terms, moreover, contain phrases as general as "YT" or "Google" that would yield thousands of irrelevant documents that the NFL would have to review for responsiveness. (JS 32; Dkt. 918-7, ¶ 27.) Plaintiffs' Proposed Order would reopen expansive general discovery. (Dkt. 914-10.)

The NFL, however, does not deny that documents responsive to Request No. 112 were not captured by the search protocol. This is best demonstrated by the fact that Apple has produced communications with the NFL that were not included in any of the NFL's prior productions. These documents are in the NFL's possession. Plaintiffs have made a sufficient showing that there are or likely to be additional relevant responsive documents not captured by the existing search protocol. (Dkt. 914-2, ¶¶ 18, 20, 22; Exs. 4, 5, 6.) They also have demonstrated the potential importance of these documents to their case against the NFL. Thus, the Court finds that the NFL's production is "incomplete" in "material" respects.

The Court is persuaded that Plaintiffs' search term was deficient through no fault

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 15-ml-02668 PSG (JEMx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | In Re National Football Leagues Sunday Ticket Antitrust Litigation | | |

of their own. Plaintiffs' proposed search term was "based on their limited knowledge of the negotiations at the time, which did not include reference to Amazon, Apple, ESPN, Google, or Roku, or any potential purchasers of Sunday Ticket." (Dkt. 914-2, ¶ 7.) Plaintiffs say that, now that they have sufficient information to identify the major potential purchasers of Sunday Ticket, they can suggest specific search terms (the names of the bidders) to supplement the previously agreed-upon term. (914-1 at 17:15-18.) The Court finds that there is an objectively reasonable likelihood that the additional or corrective information sought by Plaintiffs could substantially affect or alter the opposing party's discovery plan or trial preparation. L.A. Terminals, 340 F.R.D. at 396. Plaintiffs are entitled to supplementation under Rule 26(e).

The Court does not believe it is necessary or appropriate to add custodians. The problem is the search term that was plainly inadequate to capture all or most communications regarding Sunday Ticket negotiations. The remedy is fixing the search term without altering anything else in the September 12, 2022 Order. The Court therefore ORDERS the parties to meet and confer on a new search protocol that will be applied to both collected as well as uncollected documents in the possession of the three custodians. The Court Orders the parties to file a Joint Status Report **within 7 days of this Order**, containing either an agreed-upon search protocol or presentation of competing versions.

The Court does not find any compelling evidence of an undue burden on the NFL in conducting a search pursuant to a revised protocol. The Court's Order is consistent with the District Court's ruling to continue discovery on the new Sunday Ticket negotiations which were not concluded until after the discovery cut-off date. Summary judgment motions are not due until July 28, 2023.

|  | : |  |
|---|---|---|
| Initials of Preparer | | slo |