Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No.: 2:15-ml-02668−PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STATUS REPORT REGARDING THE COURT'S APRIL 25 ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY THE NFL**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

Pursuant to the Court's April 25, 2023 Order, Dkt. 924, the NFL Defendants and Plaintiffs submit the following Joint Status Report regarding an order for the production of documents relating to the new Sunday Ticket agreements and the preceding negotiations.

1. On April 27, 2023, Plaintiffs sent to the NFL Defendants a proposed search protocol regarding a supplemental production of documents in response to Request for Production No. 112.

2. On May 1, 2023, Plaintiffs and the NFL Defendants met and conferred to discuss that proposal. Later that day, the NFL Defendants submitted a counterproposal to Plaintiffs.

3. The parties agree that they would benefit from additional time to seek to reach a compromise on the search protocol.

4. Plaintiffs and the NFL Defendants respectfully request that they be permitted to provide the Court with a further joint status report on this issue no later than May 9, 2023.

5. <u>Plaintiffs' Additional Request</u>: Plaintiffs also requested that the NFL provide information from its document vendor specifying the number of documents that Plaintiffs' search-term proposals would hit upon. Provision of such a "hit report" would alleviate asymmetries in information and facilitate the negotiation process between the parties by allowing them to work collaboratively to refine search terms. On May 2, 2023, the NFL Defendants refused Plaintiffs' request, noting that they have not done so in the past. The failure to take this step in the past demonstrates why it is necessary now. Had Plaintiffs known that the first suggested search term would yield so few results, they would have suggested additional terms and avoided burdening the Court with this issue. Moreover, it is commonplace for parties to exchange such hit reports in the process of agreeing upon search terms. *See, e.g., Markson v. CRST Int'l, Inc*, 2019 WL 7905896, at *4 (C.D. Cal. Dec. 16, 2019) (discussing ESI order requiring "hit reports" for disputed terms); *Procaps S.A. v. Patheon Inc.*, 2014 WL 800468, at *4 (S.D. Fla. Feb. 28, 2014) (ordering production

2

of hit report where, as here, there was dispute over search terms); *Sweeney v. Nationwide Mut. Ins. Co.*, 2023 WL 2549549, at *1 (S.D. Ohio Mar. 17, 2023) (affirming order to compel parties to "engage in the iterative process of generating hit reports, discussing the results, and proposing refinements as appropriate" to plaintiffs' proposed searches); *RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, 2019 WL 3291570, at *2 (W.D. Mo. July 22, 2019) (ordering defendants to provide hit report of the 17 search terms suggested by plaintiffs). A hit report would also allow for an assessment of the burden on the NFL Defendants of producing documents pursuant to the proposed protocol.

6. <u>NFL Defendants' Response</u>: Yesterday, Plaintiffs requested, for the first time, that the NFL Defendants provide a hit report for the parties' various search term proposals. Such a practice is not required by the Stipulated Order Regarding Discovery of Electronically Stored Information (Dkt. 198) that governs this case (unlike the *Markson* case cited by Plaintiffs above). Nor has it been previously adopted by the parties. And for good reason. Hit reports, standing alone, provide limited value. They do not indicate whether a document that contain a suggested search term will ultimately be deemed to be relevant or responsive. And they threaten to create false expectations regarding the size of future productions, which Plaintiffs will surely attempt to weaponize later in this case. Despite Plaintiffs' unsupported suggestions to the contrary, the NFL Defendants have no reason to expect a significant number of additional non-privileged documents related to the recently negotiated Sunday Ticket agreement to be uncovered. Because the number of hits for any proposed search term provides no indication of that term's ultimate efficiency, provision of that information to Plaintiffs will not assist the negotiation process and indeed threatens to slow the process down.

For this reason, and others, Courts have rejected requests for hit reports, particularly in the absence of a finding of discovery misconduct. *See Freedman v. Weatherford Int'l Ltd.*, No. 12 Civ. 2121, 2014 WL 4547039, *1 (S.D.N.Y. Feb. 12, 2014) (denying a renewed request for production of a search-term hit report because

the "proposed exercise [was] unlikely to remedy the alleged discovery defects."); *Ameriwood Indus., Inc. v. Liberman*, No. 4:06-CV-524, 2007 WL 685623, *1 (E.D. Mo. Feb. 23, 2007) (denying request that information regarding the "hits" generated by certain searches be produced); *Procaps,* 2014 WL 800468 at *2 (ordering production of search-term report only after finding discovery violations by the plaintiffs, including the failure to implement a litigation hold and allowing executives to utilize a single search term to collect their own emails); *see also, e.g.*, *Jensen v. BMW of North Amer., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (noting that requests for "discovery on discovery" or "meta-discovery" should be "closely scrutinized in light of the danger of extending the already costly and time-consuming discovery.").

7. Plaintiffs further request that the Court provide guidance on whether the NFL Defendants should be ordered to provide a hit report on Plaintiffs' proposed search terms.

Dated: May 2, 2023

Respectfully submitted,

By: */s/ Tyler Finn*
Tyler Finn

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330

Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103

Case 2:15-ml-02668-PSG-JEM   Document 927   Filed 05/02/23   Page 6 of 6   Page ID #:29506

```
Tel: (215) 320-5660
Fax: (215) 320-5703
```

*Plaintiffs' Co-Lead Counsel*

By: */s/ Jeremy S. Barber*
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

6