Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO APPOINT NOTICE ADMINISTRATOR, AUTHORIZE DISTRIBUTION OF NOTICE TO RESIDENTIAL AND COMMERCIAL CLASSES OF DIRECTV SUNDAY TICKET SUBSCRIBERS, AND COMPEL PRODUCTION OF CUSTOMER CONTACT INFORMATION**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date/Time: 7/21/2023, 1:30 p.m.<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

## I. INTRODUCTION

Plaintiffs respectfully request that the Court enter an order under Federal Rule of Civil Procedure 23(c) approving and authorizing Plaintiffs' proposed plan for distributing notice to the recently certified residential classes and commercial classes (collectively, class members) and appointing a notice administrator. Plaintiffs further request that this Court approve the order directing DIRECTV Holdings LLC and DIRECTV, LLC ("DIRECTV") to provide class member contact information to effect notice.[1]

The proposed forms of notice comply with the requirements of Rule 23(c). First, the Summary Notice and Detailed Notice state in plain and concise language the nature of the action, recite the definition of the residential and commercial classes, and provide clear notice of the deadline to opt out of the class action. *See* Declaration of Gina Intrepido-Bowden ("Intrepido-Bowden Declaration") ¶ 14; Exs. B, C & F.

The proposed manner of notice—which includes a combination of direct notice by email or postcard (delivered using class member contact data from DIRECTV), a dedicated litigation website, and supplemental media notice responsive to the class demographics—is comprehensive. *See id.* ¶¶ 13-15. The proposed notice plan is intended to reach at least 70 percent of class members and potentially as much as 90 percent (or more) of class members. *Id.* ¶ 37.

---

[1] Should DIRECTV be unable to provide class member contact information for customers who enrolled in NFL Sunday Ticket during the 2021 and 2022 NFL football seasons within the timelines required by any Court order, the NFL has agreed to provide, within 7 days of the deadline for DIRECTV's production, class member contact information in its possession that it received from DIRECTV during the 2021 and 2022 NFL football seasons. The NFL does not possess contact information for all class members who purchased Sunday Ticket during the 2021 and 2022 NFL football seasons and instead only possesses contact information for those class members with whom it has an independent relationship separate and apart from their interactions with DIRECTV. Any production by the NFL should not relieve DIRECTV of its obligation to produce contact information for all class members in its possession.

Plaintiffs reserve the right to seek earlier class member contact information from the NFL should it become necessary. The NFL reserves the right to object to producing earlier class member contact information.

Plaintiffs also propose that JND Legal Administration ("JND" or "Notice Administrator") serve as the notice administrator for the class members. JND has been appointed as the class notice or claims administrator in hundreds of cases, including cases in this district and numerous major antitrust class actions, and is well qualified to serve as notice administrator in this action. Intrepido-Bowden Decl. ¶¶ 1-10.

## II.  THE NOTICE PLAN SHOULD BE APPROVED

### A. The proposed Form of Notice Complies with Rule 23.

For any class certified under Rule 23(b)(3), "[t]he notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

Fed. R. Civ. P. 23(c)(2)(B).

JND will send Summary Notice to class members by email using the class member contact information provided by DIRECTV pursuant to the proposed order, with postcard notice to follow for those class members whose last known email address is no longer valid or whose last known email address is missing from the class member contact information provided by DIRECTV and cannot otherwise be obtained.[2] Intrepido-Bowden Decl. ¶¶ 17-27. The Summary Notice (formatted as an

---

[2] Plaintiffs understand from DIRECTV that nearly all of the class member contact

Email Notice and a Postcard Notice) will contain information about the class action and the class definitions and advise the recipient that he or she may be a class member. *Id.* ¶¶ 17-27; Exs. B & C. The Summary Notice will also provide information about a class member's right to opt out and note that class members are bound by the outcome of the litigation. *Id.*, Exs. B & C.

The Summary Notice will also include information about accessing the litigation website, which will contain the Detailed Notice, information about the litigation, and other important case documents. *Id.* ¶¶ 31-32.

The Detailed Notice provides information about the following in a clear and concise manner:

- a description of this antitrust litigation and the parties' claims and defenses;
- definitions of the classes certified under Rule 23(b)(2) and 23(b)(3);
- a summary of the legal rights and options of class members to remain in the litigation or opt out, and the deadline for submitting an opt-out request;
- information about entering an appearance through an attorney of the class member's own choosing; and
- the binding effect of a class-wide judgment on class members under Rule 23(c)(3).

Intrepido-Bowden Decl. ¶¶ 14, 31, Ex. F. In addition, and beyond that which is expressly required, the Detailed Notice contains other information about the case, including:

- contact information for Plaintiffs' Co-Lead Counsel and the Notice Administrator to request more information; and
- the potential for Plaintiffs' Co-Lead Counsel to request attorneys' fees and expense reimbursement.

The Detailed Notice is available on the litigation website in both English and

---

information to be supplied includes last known email addresses, minimizing the need for postcard notice as a result.

Spanish and accessible by class members and all members of the general public.[3] Intrepido-Bowden Decl. ¶¶ 31. The existence of the litigation website serves to enhance the ability of class members to access information about the class action. *See, e.g.*, MANUAL FOR COMPLEX LIGITATION (FOURTH) § 21.311, at 288 ("Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice.").

In addition to direct notice to class members, the Notice Administrator will also employ media notice spanning a mix of digital and radio advertisements. As explained in more detail below, those advertisements seek to maximize the reach of notice. The combination of radio and digital advertisements will be targeted to ensure that they reach potential class members and will include details on how to get more information about the class action. Intrepido-Bowden Decl. ¶¶ 28-30.

### B. The Proposed Form of Notice Complies with 47 U.S.C. § 338, the Satellite Television Extension and Localism Act of 2010.

In addition to information about the class action, the proposed forms of notice will also include information about DIRECTV's anticipated disclosure of customer data to Plaintiffs. The Satellite Television Extension and Localism Act of 2010 ("STELA"), 47 U.S.C. § 338(i), limits the circumstances under which a satellite company, such as DIRECTV, can disclose "personally identifiable information" of its customers.

STELA has a "court order" exception to the limitation on disclosures—47 U.S.C. § 338(i)(4)(B)(2) provides that a "satellite carrier may disclose such [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." DIRECTV is required to provide notice to its

---

[3] A Spanish-language version of the Detailed Notice will be available on the litigation website.

4

customers that it intends to disclose certain "personally identifiable information" if a court orders it to provide such information, but there is no requirement for customers to consent in this exception. Thus, the Court must authorize DIRECTV to produce such data to the Notice Administrator, JND, under the applicable laws in the form of an order. Because Plaintiffs anticipate that such information will be necessary later in this case, Plaintiffs and DIRECTV anticipate using the notice proposed here to accomplish both the STELA notice and class notice, with the class contact information insulated from Plaintiffs and Plaintiffs' counsel until notice has been effectuated. As a result, the Summary Notice (formatted as an Email Notice and a Postcard Notice) and the Detailed Notice contain information about the disclosure of certain customer contact information in connection with this litigation pursuant to STELA.[4] Intrepido-Bowden Decl. ¶¶ 34-35; Exs. B, C, & F.

### C. The Proposed Methods of Notice Should Be Approved.

Rule 23(c)(2)(B) requires that notice of a class action certified under Rule 23(b)(3) be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). For classes certified under Rule 23(b)(2), the court may direct appropriate notice to the class. Fed. R. Civ. P. 23(c)(2)(A). "[N]either Rule 23 nor the Due Process Clause requires actual notice to each individual class member." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017).

Furthermore, Rule 23 explicitly permits notice by "electronic means." Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P. 23(c)(2)(B) advisory committee's note (2018) ("[T]he amended rule relies on courts and counsel to focus on the means or

---

[4] While the NFL is not a satellite television provider, the information it may produce, *see supra* Footnote 1, is derived from data shared by DIRECTV. Out of an abundance of caution pursuant to STELA, that information would not be shared with Plaintiffs. Rather, to the extent the NFL provides any such information, it will, like DIRECTV, provide it to the notice administrator with the information insulated from Plaintiffs and Plaintiffs' counsel until notice has been effectuated.

combination of means most likely to be effective in the case before the court."); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (settlement notice plan that consisted of email and mail was "sufficient under the Constitution and Rule 23(e)"); *Chester v. The TJX Cos.*, No. 5:15-cv-01437, 2017 WL 6205788, at *3 (C.D. Cal. Dec. 5, 2017) (approving settlement notice plan to class members that included email and postcard notice); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 586 (N.D. Cal. 2015) (approving email notice plan); *Palma v. Metropcs Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014) ("A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class.").

Plaintiffs respectfully submit that the proposed notice plan constitutes the best notice that is practicable under the circumstances and should be approved.

### 1. Direct Notice Will be Sent to Potential Class Members Pointing Them to Further Information Contained in the Detailed Notice.

Each customer that subscribed to NFL Sunday Ticket provided to DIRECTV personally identifying information, including an email address and physical address. Following this Court's Order, DIRECTV intends to provide JND with customer contact information for customers of NFL Sunday Ticket for the period from 2011-2022, including over 7 million emails of customers that subscribed to NFL Sunday Ticket. JND will use this customer contact data to reasonably identify recipients of direct notice.

JND will first email Summary Notice to the most up-to-date email address for each class member. Intrepido-Bowden Decl. ¶¶ 17-23. For any email bouncebacks, JND will perform an email append process (using information shared by leading credit bureaus) to identify any better email addresses. *Id.* ¶¶ 24-25. JND's email will be carefully worded to convey information about the class action while avoiding spam language that would hinder deliverability. *Id.* ¶¶ 19-22. Furthermore, JND's email will be run through spam testing software and checked against the 25 most common blacklists to ensure that the email is received by its intended recipient. *Id.* ¶

1  19. JND will also optimize the email content for readability on all email platforms to ensure the email opens as expected. *Id.* ¶ 22. JND will re-email the notice up to an additional three times if an email is bounced back for temporary reasons, such as the recipient's email inbox being full. *Id.* ¶¶ 24-25.

In situations where Summary Notice cannot be emailed to a class member, JND will send a postcard with Summary Notice. *Id.* ¶ 26. JND will conduct a review of records and certify that the mailing addresses are accurate via the Coding Accuracy Support System and will further verify the mailing addresses through the United States Postal Service National Change of Address database to ensure that postcards are mailed to the most up-to-date addresses for class members. *Id.* A copy of the proposed postcard that will be mailed to class members is attached as Exhibit C to the Intrepido-Bowden Declaration.[5]

The Summary Notice sent by email or postcard will direct class members to the Detailed Notice and provide further information about the litigation website. Courts in this district have approved notice plans that direct class members to websites containing a Detailed Notice plan and other case information. *See, e.g.*, *Brown v. DIRECTV, LLC*, No. 13-1170-DMG, 2020 WL 4810994, at *1-2 (C.D. Cal., July 23, 2020). Plaintiffs expect that direct notice will reach at least 70 percent of class members and potentially as much as 90 percent (or more) of class members.

**2. Supplemental Media Notice Will Ensure Maximum Reach.**

JND will supplement direct notice with media outreach, including digital and radio advertisements. Intrepido-Bowden Decl. ¶¶ 28-30. JND will place digital advertisements on Google Display Network, a leading digital network, and Facebook, a top social media platform. *Id.* JND will also place radio advertisements on Sirius XM, a popular satellite radio service with a special emphasis on sports content. *Id.*

---

[5] Again, Plaintiffs anticipate postcard notice to be a small portion of the direct-notice campaign based on representations from DIRECTV that nearly all of the class member contact information to be supplied includes last known email addresses.

7

Those digital and radio advertisements will seek out potential class members by targeting those with an affinity for American football. *Id.* ¶ 28. JND will also advertise on popular sports radio channels to reach potential class members, such as ESPN radio, NFL radio, CBS Sports, Fox Sports, and NBC Sports Audio. *Id.* JND will also target social media users that identify as owners and managers of restaurants and bars to reach potential commercial class members. *Id.*

All of these advertisements will contain information about the litigation website. Digital advertisements will even contain links to the litigation website where class members may access more information. *Id.* ¶ 30.

While JND expects that it can achieve over 19 million impressions with its supplemental media efforts, it will continually monitor its efforts to optimize the number of unique impressions delivered across each platform. *Id.* ¶¶ 28-29.

### D. JND Is Well Qualified to Serve as Notice Administrator.

JND is well positioned to oversee class notice administration in this case. JND has earned a reputation for capably managing complex class action notice programs and has successfully managed administration in hundreds of class action cases, including many in this circuit. *See* Intrepido-Bowden Decl. ¶¶ 1-10.

In seeking a notice administrator following this Court's class certification order, Plaintiffs' Co-Lead Counsel sent requests for proposals ("RFPs") to four leading notice-administration firms, handpicked based on positive experiences with each in other cases, each of which submitted a detailed proposal. Declaration of Sathya S. Gosselin ¶¶ 2-3. JND was selected among the multiple RFPs because its proposal was cost competitive, it has substantial experience administering notice in complex class actions in this district, and its proposal reflected considerable thought and sensitivity to the demographics of the commercial and residential class members here. Plaintiffs' Co-lead Counsel have used JND for various claims-administration services but have no financial or other ties with JND. *Id.* ¶ 4.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the [Proposed] Order appointing JND as Notice Administrator, Authorizing Distribution of Notice to Residential and Commercial Classes of DIRECTV Sunday Ticket Subscribers, and Compelling Production of Customer Contact Information.

Dated: June 20, 2023  Respectfully submitted,

By:  */s/ Sathya S. Gosselin*
     Sathya S. Gosselin

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Armstead Lewis (*Pro Hac Vice*)
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.

1000 Louisiana, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*