# EXHIBIT 52

## To the Declaration of Rakesh N. Kilaru

## REDACTED VERSION OF DOCUMENT FILED PUBLICLY

1

```
 1                    UNITED STATES DISTRICT COURT

 2                    CENTRAL DISTRICT OF CALIFORNIA

 3               Civil Action No. 2:15-ml-02668-PSG(JEMx)

 4      ----------------------------------------x

 5    IN RE:  NATIONAL FOOTBALL

 6    LEAGUE'S "SUNDAY TICKET"

 7    ANTITRUST LITIGATION

 8      ----------------------------------------x

 9

10

11

12

13              VIDEOTAPED STENOGRAPHIC DEPOSITION OF:
                      BRENT DOUGLAS LAWTON
14                  Wednesday, June 22, 2022
                       New York, New York
15                   8:57 a.m. - 3:32 p.m.

16

17

18

19

20

21

22                 Reported stenographically by:
               Richard Germosen, CA CSR No. 14391
23         RDR, CRR, CCR, CRCR, CSR-CA, NYACR, NYRCR
               NCRA/NJ/NY/CA Certified Realtime Reporter
24             NCRA Realtime Systems Administrator
                       Job No. 2022-845603
25
```

2

1          VIDEOTAPED STENOGRAPHIC DEPOSITION of

2   BRENT DOUGLAS LAWTON, taken in the above-entitled matter

3   before RICHARD GERMOSEN, Certified Court Reporter,

4   (License No. 30XI00184700), Certified Realtime Court

5   Reporter-NJ, (License No. 30XR00016800), California

6   Certified Shorthand Reporter, (License No. 14391),

7   NCRA/NY/CA Certified Realtime Reporter, NCRA Registered

8   Diplomate Reporter, New York Association Certified

9   Reporter, NCRA Realtime Systems Administrator, taken at

10  the offices of COVINGTON & BURLING LLP, 620 Eighth

11  Avenue, New York, New York 10018, on Wednesday, June 22,

12  2022, commencing at 8:57 a.m.

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1   A P P E A R A N C E S:

2

3

4   SUSMAN GODFREY LLP

5   BY:  TYLER M. FINN, ESQ.

6   1301 Avenue of the Americas

7   32nd Floor

8   New York, New York 10019

9   (212) 336.8330 / (212) 336.8340 (FAX)

10   tfinn@susmangodfrey.com

11   Attorneys for the Plaintiffs

12

13   WILKINSON STEKLOFF LLP

14   BY:  JEREMY S. BARBER, ESQ.

15   130 West 42nd Street

16   24th Floor

17   New York, New York 10036

18   (212) 294.8929

19   jbarber@wilkinsonstekloff.com

20   Attorneys for the NFL Defendants

21

22

23

24

25

4

```
 1   A P P E A R A N C E S:  (CONT'D.)

 2

 3

 4   WILKINSON STEKLOFF LLP

 5   BY:  ELIZABETH KEYS, ESQ.

 6        -and-

 7   BY:  MAX WARREN, ESQ., (streaming via BridgeMobile)

 8   2001 M Street, N.W.

 9   10th Floor

10   Washington, D.C. 20036

11   (202) 847.4034

12   ekeys@wilkinsonstekloff.com

13   mwarren@wilkinsonstekloff.com

14   Attorneys for the NFL Defendants

15

16   ALSO PRESENT:

17   MARCELO RIVERA, Legal Video Specialist

18

19

20

21

22

23

24

25
```

36

1   providing for free, there is -- you know, for the

2   vast majority of the country, there is sort of a way

3   to do that.

4         Q.     But is it fair to say that the

5   package is not designed to give the average fan a

6   choice of whether they want to watch their local

7   team or some other game?

8                MR. BARBER:  Objection to form.

9         A.     I think sort of the whole model is

10  designed to like provide a lot of games, a large

11  volume of games, including ensuring that your local

12  team is always available for free, which is, you

13  know, primarily where when we look at, you know,

14  sort of our fan base, most people have an affinity

15  for their local team.  So ensuring that those games

16  are always available, and then there is a -- you

17  know, a large complement of other games outside of

18  the local team that are available, and then if you

19  sort of want more than that, then there is a way

20  that you can access that.

21        Q.     So is it fair to say that the NFL

22  treats Sunday Ticket as kind of as a supplement to

23  the games that are already broadcast over the air on

24  Sunday afternoon?

25               MR. BARBER:  Objection to form.

37

```
 1        A.      I maybe wouldn't use the word

 2   "supplement" because we think we provide a lot of

 3   games in market already, but we do think about it I

 4   guess if you want sort of extra maybe I guess I

 5   would say.

 6        Q.      Okay.  That's fair.

 7                But now as a consumer, if you want to

 8   have a choice of watching every NFL game on Sunday

 9   afternoon, it has to be through DirecTV; is that

10   right?

11        A.      Yes, you have to purchase Sunday

12   Ticket if you want every game, yes.

13        Q.      And you have to pay a premium price

14   for that right to watch those out-of-market games?

15                MR. BARBER:  Objection to form.

16        A.      Yeah, there is a price.  Premium is

17   probably subjective, but there is a price for that

18   subscription, yes.

19        Q.      No, I say premium because I've just

20   seen that word used to describe the Sunday Ticket

21   package, and I'm wondering if in this case, you

22   know, premium applies to the price that's being sold

23   for the package?

24        A.      Yeah, premium applies I'd say more

25   broadly to sort of how the product is positioned.
```

38

```
 1   It's sort of -- we like to maintain sort of premium

 2   nature of our brand and we'd like to think of

 3   ourselves as sort of a premium brand in a premiere

 4   sport.  So the sort of premium nature applies

 5   broadly to sort of how the product is provided.

 6         Q.      And would you say price is one aspect

 7   of the premium nature of the product?

 8         A.      I'd say it's one of other things,

 9   like marketing materials, quality of the telecast,

10   quality of other things that are being produced,

11   like Red Zone or Fantasy Zone.  So I think there is

12   sort of a lot of things that go into it, but yeah.

13         Q.      Is it fair to say that it's the NFL's

14   view that if there was wider distribution of

15   out-of-market games, that that might threaten the

16   ability of CBS and Fox to distribute their games on

17   network television?

18               MR. BARBER:  Objection to form.

19         A.      I guess I'd say factoring in sort of

20   CBS and Fox is part of the overall model, they're

21   important partners and they distribute a large

22   amount of games.  I think Sunday Ticket is one of

23   the sort of core things for us of making sure that

24   it is widely available.  So today when you combine,

25   you know, being able to access your satellite, plus
```

39

1   the digital version, which covers a large portion of

2   the country as well, 22 different cities, every

3   college student, every apartment building, there is

4   a lot of people that can access Sunday Ticket.  So

5   maybe that's not what you're referring to, but I

6   think making sure that there is sort of a wide

7   ability or a sort of opportunity for people to buy

8   Sunday Ticket is part of how we think about that

9   model.

10          Q.      But is it not a concern within the

11  NFL that if Sunday Ticket was broadly available at a

12  much lower price, for example, that that might

13  threaten the ratings of CBS and Fox?

14                  MR. BARBER:  Objection to form.

15          A.      Yeah, I guess having the model work,

16  again, where Sunday Ticket is sort of the extra

17  piece and, you know, CBS and Fox is sort of how we

18  think about that.

19          Q.      So let me ask the question another

20  way:  Sunday Ticket is not currently designed to

21  compete with CBS and Fox for the rights -- for

22  viewership of Sunday afternoon games?

23                  MR. BARBER:  Objection to the form.

24          A.      Yeah, they're offering -- they're

25  offering different games, right, than would

47



48



49

1                    MR. BARBER:  Objection to form.



50



51

1 ████████████████████████

2    Q.      Okay.

3            MR. BARBER:  We've been going about

4 an hour.  Do you think it's a good time --

5            MR. FINN:  Now is a great time for

6 the break.

7            MR. BARBER:  Great.

8            THE VIDEOGRAPHER:  The time is 9:52

9 a.m., and we're going off the record.

10           (Whereupon, a recess is taken.)

11           THE VIDEOGRAPHER:  Stand by, please.

12           The time is 10:05 a.m., and we're

13 back on the record.

14 BY MR. FINN:

15    Q.      Mr. Lawton, you were involved in the

16 launch of the digital offering for NFL Sunday

17 Ticket; is that right?

18    A.      Correct.  That launched in 2014.  So

19 I started right before, but I was part of the team

20 when it launched.

21    Q.      And when was it first offered, when

22 was Sunday Ticket first offered on the platform

23 other than satellite?

24           MR. BARBER:  Objection to form.

25    A.      I believe there was a digital version

114

1                    MR. BARBER:  Objection to form.



115

1 | gone through a formal approval process.



116



```
 8          Q.      We can go to a different document.

 9                  MR. FINN:  Mark this as exhibit

10     seven.

11                  (Whereupon, document NFL 0050139

12     through 0050157, is received and marked as Exhibit 7

13     for Identification.)

14     BY MR. FINN:
```

117



118



223

```
 1              C E R T I F I C A T E

 2              I, RICHARD GERMOSEN, Fellow of the

 3    Academy of Professional Reporters, stenographic New

 4    Jersey Certified Court Reporter, New Jersey Certified

 5    Realtime Court Reporter, California Certified

 6    Shorthand Reporter, California Certified Realtime

 7    Reporter, NCRA Registered Diplomate Reporter, and

 8    NCRA Certified Realtime Reporter, do hereby certify:

 9              That BRENT DOUGLAS LAWTON, the witness

10    whose deposition is hereinbefore set forth, having

11    been duly sworn, and that such deposition is a true

12    record of the testimony of said witness.

13              I further certify that I am not related

14    to any of the parties to this action by blood or

15    marriage, and that I am in no way interested in the

16    outcome of this matter.

17              IN WITNESS WHEREOF, I have hereunto set

18    my hand this 27th day of June 2022.

19    _____

20    _____
      RICHARD GERMOSEN,
21    FAPR, RDR, CRR, CCR-NJ, CRCR, CSR-CA, CCRR-CA,
      NYACR, NYRCR
22    LICENSE NO. 30XI00184700
      LICENSE NO. 30XR00016800
23    California CSR No. 14391
      California CRR No. 198

24

25
```

1  Beth A. Wilkinson (admitted *pro hac vice*)
2  Brian L. Stekloff (admitted *pro hac vice*)
   Rakesh N. Kilaru (admitted *pro hac vice*)
   Jeremy S. Barber (admitted *pro hac vice*)
3  **WILKINSON STEKLOFF LLP**
   2001 M Street NW, 10th Floor
4  Washington, DC 20036
   Telephone: (202) 847-4000
5  Facsimile: (202) 847-4005
   bwilkinson@wilkinsonstekloff.com
6  bstekloff@wilkinsonstekloff.com
   rkilaru@wilkinsonstekloff.com
7  jbarber@wilkinsonstekloff.com

8  *Counsel for Defendants National Football*
   *League, NFL Enterprises LLC, and the*
9  *Individual NFL Clubs*

10 [Additional Counsel Listed on Signature
   Pages]
11

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14 | IN RE: NATIONAL FOOTBALL | ) Case No. 2:15-ml-02668–PSG (JEMx) |
15 | LEAGUE'S "SUNDAY TICKET" | ) |
16 | ANTITRUST LITIGATION | ) **CORRECTIONS TO THE** |
   |  | ) **DEPOSITION TRANSCRIPT OF** |
17 |  | ) **BRENT LAWTON** |
18 | THIS DOCUMENT RELATES TO: | ) |
   | ALL ACTIONS | ) Judge: Hon. Philip S. Gutierrez |
19 |  | ) |
20 |  | ) Deposition Date: June 22, 2022 |
   |  | ) Final Transcript Received: June 27, |
21 |  | ) 2022 |
22 |  | ) |

23
24
25
26
27
28

1

2          Defendants National Football League, NFL Enterprises, LLC, and its member

3     Clubs, by and through their attorneys, hereby provide corrections to the deposition

4     transcript of Brent Lawton, along with a brief description of the reason for each

5     correction, attached hereto as "Exhibit A."   The Defendants received notice of the

6     availability of this transcript on June 27, 2022, and are noticing these corrections

7     prior to September 6, pursuant to an agreement reached with Plaintiffs.

8

9

10    Dated:   September 6, 2022                  */s/ Beth A. Wilkinson*
                                                 Beth A. Wilkinson (admitted *pro hac vice*)
11                                               Brian L. Stekloff (admitted *pro hac vice*)
                                                 Rakesh N. Kilaru (admitted *pro hac vice*)
12                                               Jeremy S. Barber (admitted *pro hac vice*)
13                                               **WILKINSON STEKLOFF LLP**
                                                 2001 M Street NW, 10th Floor
14                                               Washington, DC 20036
                                                 Telephone: (202) 847-4000
15                                               Facsimile: (202) 847-4005
                                                 bwilkinson@wilkinsonstekloff.com
16                                               bstekloff@wilkinsonstekloff.com
                                                 rkilaru@wilkinsonstekloff.com
17                                               jbarber@wilkinsonstekloff.com
18
19                                               Neema T. Sahni (Bar No. 274240)
                                                 **COVINGTON & BURLING LLP**
20                                               1999 Avenue of the Stars
                                                 Suite 1500
21                                               Los Angeles, CA 90067-6045
                                                 Telephone: (424) 332-4800
22                                               Facsimile: (424) 332-4749
23                                               nsahni@cov.com
24                                               Gregg H. Levy (admitted *pro hac vice*)
25                                               Derek Ludwin (admitted *pro hac vice*)
                                                 **COVINGTON & BURLING LLP**
26                                               One CityCenter
                                                 850 Tenth Street NW
27                                               Washington, DC 20001
                                                 Telephone: (202) 662-6000
28                                               Facsimile: (202) 662-6291

1

glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

## Exhibit A

### Corrections to the Deposition Transcript of Brent Lawton – June 22, 2022

| Page: Line | Original Text | Change | Reason |
|---|---|---|---|
| 24:21 | might be broadcast | might be "nationally" broadcast | Transcription error |
| 30:11-12 | for many avid fans | for avid fans | Transcription error |
| 40:2 | sit on top of that market model | sit on top of that "in-market" model. | Transcription error |
| 42:16-17 | Sunday Ticket is sort of as broad as it . . . | Sunday Ticket is as broad as it . . . | Transcription error |
| 44:5 | It's a good one | Exhibit one | Transcription error |
| ███ | █████████ | ██████████ | █████ |
| 54:6 | To get | "could" get | Transcription error |
| 59:13 | on how distribution | on distribution | Transcription error |
| 60:14 | I'm not sure | To be honest, I'm not sure | Transcription error |
| 71:17 | outline for a dec. | outline for a "deck." | Transcription error |
| 73:13 | Yes, yes. | Yes. | Transcription error |
| 82:6 | When DirecTV launched… | When DirecTV NOW launched… (second time) | Transcription error |
| 83:1 | NFLST MDTV Now | NFLST on DTV NOW | Transcription error |
| 86:5 | Mr. Barber: | Mr. Finn: | Transcription error |
| 94:3 | price | pricing | Transcription error |
| 98:6 | dec | deck | Transcription error |
| 98:11 | dec | deck | Transcription error |

| Page: Line | Original Text | Change | Reason |
|---|---|---|---|
| 98:19 | Sunday Ticket in 2014 | Sunday Ticket "from" 2014 | Transcription error |
| 101:14 | sent the price | "set" the price | Transcription error |
| 106:6 | meeting the need | meeting "fan" need | Transcription error |
| 106:24-25 | why it's popular in the eligibility | why it's part of the eligibility | Transcription error |
| ▮ | ▮ | ▮ | ▮ |
| 131:24 | could be scripted, either packaging . . . | could be "distributed," either "packaged" . . . | Transcription error |
| 132:7 | input in the market | input "from" the market | Transcription error |
| 133:3 | one to confirm | "wanted" to confirm | Transcription error |
| 143:1 | want to purchase it | want "it," purchase it | Transcription error |
| 144:16 | availability and penetrating an | availability and actually penetrating an | Transcription error |
| 146:23 | surveying | serving | Transcription error |
| 149:10-11 | fans who want to purchase it again | fans who want to purchase it "can." | Transcription error |
| 150:19-20 | making sure that people want access to it | making sure that people "that want Sunday Ticket" | Transcription error |
| 151:23 | launching new platforms | launching "on" new platforms | Transcription error |
| 157:2 | MBA | NBA | Transcription error |
| 164:11 | between eight and 12 | between eight "to" 12 | Transcription error |
| 166:22 | content for fans | content "to" fans | Transcription error |
| 169:4 | vast majority of. | vast majority. | Transcription error |

4

| Page:<br>Line | Original Text | Change | Reason |
|---|---|---|---|
| 217:24 | a lot of digital offerings | a lot of the digital offerings | Transcription error |
| 217:25 | persuasiveness | pervasiveness | Transcription error |

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _September 1_, 2022          By: _____
                                         Brent Lawton

1

## CERTIFICATE OF SERVICE

2

I, Jeremy S. Barber, attorney at Wilkinson Stekloff LLP, hereby certify that,

3

on September 6, 2022, I caused the foregoing Corrections to the Deposition

4

Transcript of Brent Lawton to be served via email delivery on the following

5

counsel:

6

7

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**

8

1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067

9

Tel: (310) 789-3100
Fax: (310) 789-3150

10

11

SCOTT MARTIN
smartin@hausfeld.com
IRVING SCHER

12

ischer@hausfeld.com
**HAUSFELD LLP**

13

33 Whitehall Street, 14th Floor
New York, NY 10004

14

Tel: (646) 357-1100
Fax: (212) 202-4322

15

16

HOWARD LANGER
hlanger@langergrogan.com
EDWARD DIVER

17

ndiver@langergrogan.com
PETER LECKMAN

18

pleckman@langergrogan.com
**LANGER GROGAN AND DIVER PC**

19

1717 Arch Street, Suite 4130
Philadelphia, PA 19103

20

Tel: (215) 320-5660
Fax: (215) 320-5703

21

22

ARUN SUBRAMANIAN
asubramanian@susmangodfrey.com
WILLIAM CHRISTOPHER CARMODY

23

bcarmody@susmangodfrey.com
SETH ARD

24

sard@susmangodfrey.com
TYLER FINN

25

tfinn@susmangodfrey.com
**SUSMAN GODFREY LLP**

26

1301 Avenue of the Americas, 32nd FL.
New York, NY 10019

27

Tel: (212) 336-8330/ Fax: (212) 336-
8340

28

7

1  IAN M. GORE
   igore@susmangodfrey.com
2  **SUSMAN GODFREY LLP**
   1201 Third Avenue, Suite 3800
3  Seattle, WA 98101
   Tel: (206) 505-3841/Fax: (206) 516-3883
4
   MICHAEL D. HAUSFELD
5  mhausfeld@hausfeld.com
   Farhad Mirzadeh
6  fmirzadeh@hausfeld.com
   **HAUSFELD LLP**
7  1700 K. Street NW, Suite 650
   Washington, DC 20006
8  Tel: (202) 540-7200/Fax: (202) 540-7201

9  MICHAEL P. LEHMANN
   mlehmann@hausfeld.com
10 BONNY E. SWEENY
   bsweeney@hausfeld.com
11 CHRISTOPHER L. LEBSOCK
   clebsock@hausfeld.com
12 **HAUSFELD LLP**
   600 Montgomery St., Suite 3200
13 San Francisco, CA 94111
   Tel: (415) 633-1908/Fax: (415) 358-4980
14
15 *Co-Lead Plaintiffs' Counsel*

16

17 Executed on September 6, 2022.

18
                                    By: */s/ Jeremy S. Barber*
19                                  _____
                                       Jeremy S. Barber
20

21

22

23

24

25

26

27

28