Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION

_____

THIS DOCUMENT RELATES TO:
ALL ACTIONS

Case No. 2:15-ml-02668−PSG (JEMx)

**RESPONSE TO STATEMENT OF GENUINE ISSUES AND ADDITIONAL GENUINE ISSUES IN SUPPORT OF THE NFL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Judge: Hon. Philip S. Gutierrez
Date: October 27, 2023
Time: 1:30p.m.
Courtroom: First Street Courthouse
350 West 1st Street
Courtroom 6A
Los Angeles, CA 90012

1

## <u>TABLE OF CONTENTS</u>

I.    The NFL Defendants' Response to Plaintiffs' Statement of Genuine
      Disputes ...................................................................................................1

      A.    The NFL ...........................................................................................1

      B.    The NFL's Sunday Afternoon Broadcast Agreements.......................18

      C.    Sunday Ticket Agreement...............................................................41

      D.    Sports Broadcasting .......................................................................77

      E.    Dr. Rascher's But-For Worlds .......................................................98

            1.    ████████████████ ..........................................100

            2.    ████████████ .................................................128

            3.    ██████████████████ ..................................131

      F.    The NFL's Network Partners...........................................................135

II.   The NFL Defendants' Statement of Genuine Issues in Response to
      Plaintiffs' Proposed Statement of Additional Undisputed Facts ...............138

      A.    The Operation of the NFL Clubs and the NFL..................................138

      B.    The Clubs' Pooled Their Telecast Rights .........................................141

      C.    The NFL-Networks Sunday Afternoon Agreements.......................163

      D.    The NFL-DIRECTV Sunday Ticket Agreement..............................173

      E.    The NFL's Role in Limiting the Output of NFL Sunday Ticket......181

      F.    The NFL's Role in Setting the Price of NFL Sunday Ticket ..........197

      G.    Plaintiffs' Theory of the Case Remains Consistent........................210

I.      **The NFL Defendants' Response to Plaintiffs' Statement of Genuine Disputes**

A.      **The NFL**

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 56.    The National Football League ("NFL") is a membership association of 32 NFL member clubs.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) § 3.1(A). | 1.      Admit that Section 3.1(A) of the NFL Constitution limits membership in the National Football League to 32 member clubs.<br><br>Dispute the characterization of the NFL as a "membership association" as undefined, vague and ambiguous, and otherwise inaccurate. The NFL is a taxable for-profit entity. See Leckman Decl. Ex. 1 (NFL Const.), 2015 Resolution FC-3. |
| 1.      *NFL Defendants' Response:*  It is undisputed that the NFL is comprised of 32 member clubs.<br><br>Plaintiffs' evidence does not create a genuine dispute as to the NFL being a "membership association of 32 NFL member clubs."  Under the NFL Constitution, the NFL is an "association," Kilaru Decl. Ex. 1 (NFL Const.) § 1.1, and Plaintiffs admit that the NFL is comprised of 32 member clubs.<br><br>Plaintiffs identify no inconsistency between the NFL's status as a for-profit entity and its status as a membership association. ||
| 2.      The NFL member clubs are separately owned.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) § 2.1(A). | 2.      Admit. |
| 3.      The 32 NFL member clubs compete against each other in football games organized by the NFL.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) art. XIX. | 3.      Admit. |
| 4.      The National Football League Constitution and Bylaws ("NFL | 4.      Admit that the NFL Constitution sets forth provisions governing the |

1

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| Constitution") set forth contractual provisions governing the relationship between the NFL and its member clubs.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) arts. I–XXV. | relationship between the NFL and its member clubs. |
| 5.      An NFL game requires the participation of two clubs and the NFL.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) arts. 13.2, 19.2–19.11; Kilaru Decl. Ex. 2 (Elhauge Dep. Tr.) 231:16–21. | 5.      Admit that an NFL game requires the participation of two clubs.<br><br>Dispute that a game requires the participation of the League, a proposition that is neither reflected in the cited provisions of the NFL constitution ████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████ |

5.      *NFL Defendants' Response*:  It is undisputed that an NFL game requires the participation of two clubs.

Plaintiffs' evidence does not create a genuine dispute as to the required participation of the NFL.  A game undertaken without the participation of the NFL—including through the hiring process established by the NFL for its players, the game officials and support staff hired by the NFL itself, and pursuant to the NFL rules, and organized by and under a schedule established by the NFL—would not constitute an NFL game.  SUF ¶¶ 3, 8, 9, 12.  Plaintiffs cite no evidence to the contrary.

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████ | ███████████████████████ |
| 6. The NFL Constitution provides that "member clubs participating in any game are authorized to telecast and broadcast such game anywhere," except that (i) no club can permit the telecast of a game into the home territory of another club playing at home, (ii) no game can be telecast within the home territory of a club playing at home except by agreement of the participating clubs, and (iii) each club playing at home grants the visiting club the exclusive right to telecast that game within the visiting club's home territory.<br><br>*Evidence:* Kilaru Decl. Ex. 1 (NFL Const.) § 10.2. | 6. Admit. |
| 7. The NFL Constitution further provides that "[a]ny contract entered into by any club for telecasting or broadcasting its games . . . must be approved in writing by the Commissioner in advance of such telecast or broadcast."<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) § 10.1. | 7. Admit. |

3

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 8.     The NFL hires game officials and support staff necessary to produce an NFL game.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) arts. VIII, XXI; *see also* ██████████ | 8.     Admit that Article VIII of the NFL Constitution provides that "The Commissioner shall select … all game officials for all preseason, regular season, and postseason games" that "[a]ll fees and traveling expenses of game officials shall be paid by the League after approval by the Commissioner," and that Article XXI states that "the Commissioner shall select all persons to officiate at the Conference Championship games."<br><br>Dispute that the NFL's hiring of officials and support staff is "necessary" to produce an NFL game, a proposition for which the NFL proffers no support. The cited paragraphs of Dr. Rascher's report states only ██████████ |

8.     *NFL Defendants' Response*: It is undisputed that the NFL Constitution provides that the NFL hires all game officials and support staff to produce an NFL game.

Plaintiffs offer no explanation and cite no evidence to support their suggestion that game officials and support staff are not "necessary" for the production of NFL games. Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed." Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc. v. Zhao*, 2018 WL 5099513, at *2 n.4 (C.D. Cal. Feb. 9, 2018); *Wilco Fin. Servs. Corp. v. Halberd Corp*., 2014 WL 12968225, at *1 (C.D. Cal. Feb. 4, 2014) (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that "[i]t is within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient

4

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| specificity" (quoting *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 (9th Cir. 2002)).<br><br>Moreover, ██████████████████████████████████████████<br><br>██████████████████████████████████████████ | |
| 9.    The NFL engages in multi-employer bargaining to establish processes for hiring players who comprise the member clubs that compete in the games.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) arts. VIII, XII, XIV, XV; see also ██████████ | 9.    Admit that the NFL Constitution establishes certain processes for the hiring of players.<br><br>Dispute the NFL's characterization of those processes as "multi-employer bargaining" as undefined, vague and ambiguous, and not supported by the NFL Defendants' proffered evidence. |
| 9.    *NFL Defendants' Response*:  It is undisputed that the NFL Constitution establishes processes for the hiring of players.<br><br>Plaintiffs' evidence does not create a genuine dispute as to whether NFL players are subject to a collective bargaining agreement with the NFL that governs player salaries and benefits across all 32 NFL teams. ██████████████████ ██████████████████████████████ The collective bargaining agreement between the League and the National Football League Players Association further provides that the "National Football League Management Council . . . is recognized as the sole and exclusive bargaining representative of present and future employer member Clubs of the National Football League."  Kilaru Reply Decl. Ex. 45 (NFL-NFLPA Collective Bargaining Agreement), at xvi. | |
| 10.    The rules of NFL football games are established by the League.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) art. XI; *see also* ██████████ | 10.    Admit. |
| 11.    The NFL provides officiating personnel for NFL football games.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL | 11.    Admit. |

5

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| Const.) art. 8.7. | |
| 12.    The NFL sets the game schedule for the 272 games in the regular NFL season.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) arts. XIII, XIX; ▮▮▮ | 12.    Dispute that the NFL determines the schedule in a unilateral fashion. The NFL coordinates with its broadcast partners in the formulation of the game schedule. The 2006 Resolution BC-1 requires each club, with proper notice, to switch Sunday regular season games between 1:00 and 4:15 pm (Eastern Time) and to approximately 8:15 P.M. (Eastern Time) to accommodate television broadcasting patterns. Leckman Decl. Ex. 1 (NFL Const.), at 2006 Resolution BC-1. Both CBS and Fox have the contractual right ▮▮▮ |

12.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether the NFL sets the game schedule for the games in the regular NFL season.

▮▮▮

Plaintiffs' asserted fact is vague, undefined, and ambiguous. Moreover, Plaintiffs identify no inconsistency between their asserted fact and the stated fact.  The NFL Defendants concede only that the League communicates with its broadcast partners when setting the game schedule.

**Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment**



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 13.    The NFL considers fan engagement and overall interest in the League when setting its game schedule.<br><br>*Evidence*: | 13.    Admit that the fan's engagement and overall interest in the League are aspects that the NFL considers when setting its game schedule in coordination with its broadcast partners.<br><br>Dispute that fan engagement and overall interest in the League are the predominant considerations the NFL considers when setting its game schedule. The NFL's schedule is dictated in large part by the NFL's contracts with its broadcast partners, and by those broadcast partners themselves. |

7

Case No. 2:15-ml-02668-PSG (JEMx)                    Response to Statement of Genuine Issues and Additional Genuine Issues
                                                      in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 13.    *NFL Defendants' Response*:  It is undisputed that the NFL considers fan engagement and overall interest in the League when setting its game schedule. Plaintiffs' evidence does not create any genuine dispute of material fact.<br><br>The NFL Defendants do not dispute that the NFL works with its broadcast partners to decide which games to show in which markets, and that those scheduling decisions consider factors including anticipated viewership and the popularity of the teams playing in a particular game. | |
| 14.    The NFL regular season culminates in postseason playoff games and the Super Bowl title game.<br><br>*Evidence*: Kilaru Decl. Ex. 1 (NFL Const.) arts. XX, XXI, XXII; | 14.    Admit. |

8

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 15.     The average Super Bowl viewership during the class period has exceeded 100 million viewers per year.<br><br>*Evidence*: Kilaru Decl. Ex. 43 (*Super Bowl Ratings History (1967-present)*, Sports Media Watch (2022)). | 15.     Admit. |
| 16.     Telecasts of NFL games display the trademarks and intellectual property of both participating clubs.<br><br>*Evidence*: ■■■■■■■■■ | 16.     Admit. |
| 17.     Telecasts of NFL games also display the trademarks and intellectual property of the League, such as the NFL shield and game highlights.<br><br>*Evidence*: ■■■■■■■■■ | 17.     Admit that the telecasts of NFL games by CBS and Fox display the NFL game shield and game highlights.<br><br>Dispute that "game highlights" constitute the intellectual property of the League, rather than the participating clubs, a proposition for which the Defendants offer no support. Dr. Rascher testified only that the ability to show highlights and the NFL shield would benefit NFL clubs if they were permitted to market their own telecast rights. ■■■■■■■■■ either cited provision of the CBS and Fox contracts establishes that game highlights are the intellectual property of the League. |
| 17.     *NFL Defendants' Response*:  It is undisputed that the telecasts of NFL games by CBS and FOX display the NFL game shield and game highlights. | |

9

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| Plaintiffs' evidence does not create a genuine dispute of material fact as to whether "game highlights" constitute the intellectual property of the League. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | |
| 18.    Radio broadcasting does not implicate visual trademarks the way telecasting does.<br><br>*Evidence*: ████████████ | 18.    Admit only to the extent that and with the clarification that Dr. Elhauge testified at the cited location only that a consumer of a radio broadcast of an NFL game would not see any logos. |
| 18.    *NFL Defendants' Response*:  Plaintiffs identify no genuine dispute with the stated fact.  Plaintiffs' response admits that radio broadcasts do not visually display the logos of the NFL or its member clubs. | |
| 19.    "[J]oint conduct [is] involved in creating [the] value of an NFL football game."<br><br>*Evidence*: ████████████ | 19.    Dispute to the extent that his fact implies that joint conduct among all thirty-two NFL teams or a substantial number of NFL teams is necessary to create value for an NFL football game, or that all thirty-two NFL teams or a substantial number of NFL teams are "involved in creating the value of an NFL football game." It is also disputed on the basis that "value" is undefined, vague and ambiguous. |
| 19.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute of material fact.  The stated fact is quoted directly from Plaintiffs' own expert.<br><br>Rather than respond to the stated fact, Plaintiffs first purport to identify a dispute with what the fact may "impl[y]."  That fails to generate a genuine dispute as to the stated fact.  In any event, ████████████████████████████ | |

10

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████████████████████████████████████████████ | |
| Plaintiffs also contend that the word "value" (which was the term used by Dr. Rascher in his report) is "undefined, vague[,] and ambiguous." The NFL Defendants use the term "value" as the term was used in ████████████████████████████████████████████████████████████████████ | |
| 20.   NFL games are made more valuable by the fact that each game is part of an NFL season and part of a process that determines which teams are going to make the playoffs.<br><br>*Evidence*: ████████████████████████████████ | 20.   Dispute on the basis that "valuable" is undefined, vague and ambiguous. |
| 20.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute of material fact.<br><br>Plaintiffs assert only that the term "valuable" is undefined, vague and ambiguous. ████████████████████████████████████████████████████████████████████ | |
| 21.   No individual club or pair of clubs can create a season of NFL games.<br><br>*Evidence*: ██████████████████████ | 21.   Disputed. In the cited testimony, Dr. Elhauge opined that two teams could create a season of games. |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████ | |

21.     *NFL Defendants' Response*: Plaintiffs' evidence does not create a genuine dispute of material fact.

The undisputed stated fact states that no individual club or pair of clubs can create a season of *NFL* games. ████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████

To the contrary, ██████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████

| | |
|---|---|
| 22.     No individual club holds the rights necessary to create an NFL telecast. <br><br> *Evidence*: ████████████ ████████████████████ ████████████████████ █ | 22.     Disputed. Dr. Rascher testified only that both the home and visiting teams would have to give "consent" to telecast a game between those two teams, which would be understood if one team was to play another that was telecasting the game. |

22.     *NFL Defendants' Response*: Plaintiffs' evidence does not create a genuine dispute of material fact.

To the contrary, Plaintiffs' statement confirms that the stated fact is true: Plaintiffs admit that "both the home *and* visiting teams would have to give 'consent' to telecast a game," which necessarily means that "no *individual* club" holds the rights necessary to create an NFL telecast (emphases added).  Consent of both clubs would not be necessary if either individual club unilaterally held all of the rights necessary to create an NFL telecast.

12

Case No. 2:15-ml-02668-PSG (JEMx)                     Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

Plaintiffs' purported dispute also cannot be reconciled with their admission that the telecasts of NFL games display the trademarks and intellectual property of *both* participating clubs and the NFL.  SUF ¶¶ 16, 17.

Plaintiffs offer no evidentiary response to Mr. Pilson's report, which states that

███████████████████████████████████████████████████████████

█████████████████████████████████ nder Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed."  Because Plaintiffs have failed to dispute this point by offering supporting evidence, the Court should treat the NFL Defendants' stated fact as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

| 23.    No NFL game broadcast can be licensed without the consent of the NFL and participating teams.<br><br>*Evidence*: ████████████████<br>████████████████████<br>███████████ | 23.    Disputed. The League is permitted to license broadcasts of regular-season and postseason NFL games only because each of the 32 NFL Clubs has ceded all its telecast broadcast rights to the League. ████ |

13

Case No. 2:15-ml-02668-PSG (JEMx)                    Response to Statement of Genuine Issues and Additional Genuine Issues
                                                     in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| |  While each of the 32 NFL Clubs has ceded all its telecast broadcast rights to the League, and only the League is permitted to license broadcasts of regular-season and postseason games, each of the 32 NFL Clubs nevertheless originally owns the telecast rights to their games. |

14

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ███████████████████ |

23.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine
dispute of material fact.

Plaintiffs have separately admitted two points that confirm the undisputed fact.

15

Case No. 2:15-ml-02668-PSG (JEMx)                    Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *First*, the creation of an NFL game requires the participation of both teams and of the NFL. Plaintiffs admit in response to SUF ¶ 5 that it is "[u]ndisputed that an NFL game requires the participation of two clubs." *See SUF* ¶ 5. ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ | |
| *Second*, any broadcast of an NFL game requires the permission of both participating clubs and the NFL to use their intellectual property, including trademarks. Plaintiffs admit that "the telecasts of NFL games by CBS and [FOX] display the NFL game shield and game highlights." SUF ¶ 17. ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ Rather than respond to the stated fact, Plaintiffs engage in a lengthy discussion of ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ The first paragraph of Plaintiffs' response discusses the mechanics of NFL licensing. The NFL responds to Plaintiffs' mischaracterizations of those mechanics at SUF ¶¶ 26–28. The second and third paragraphs of Plaintiffs' response discuss the fact, detailed at SUF ¶¶ 72–73 and AUF ¶¶ 150, 160–176, that the NFL Constitution assigns certain rights to license telecasts to the individual clubs, subject to league approval. This fact of this assignment does not dispute the need for the NFL's consent to license NFL game broadcasts, as the same document assigning certain telecasting rights to the clubs—the NFL Constitution—requires that "[a]ny contract entered into by any club for telecasting or broadcasting its games . . . must be approved in writing by the [NFL] Commissioner in advance of such telecast or broadcast." Kilaru Decl. Ex. 1 (NFL Const.) art. X. | |
| 24. The bulk of the NFL's revenues come from its media rights. | 24. Dispute the NFL's characterization of their media rights making up the "bulk" of their revenues |

16

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: ███████████████<br>████████████ | as vague, ambiguous, and unsupported by the evidence. Mr. Rolapp testified only that television rights are a "very important component" of the "NFL's business model." |

24.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether the bulk of the NFL's revenues comes from its media rights.

Consistent with ██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

| 25.    The NFL's national revenues, including that from "media and television and sponsorship," is equally shared between the 32 member clubs. | 25.    Admitted that the NFL's national media, television and sponsorship revenues are shared equally across all 32 teams. |
|---|---|
| *Evidence*: ████████████████<br>████████████████████ | Dispute that any other "national revenues" are distributed in the same manner, as neither of the documents cited by the NFL references the sharing of revenues other than those deriving from media, television, and sponsorship. |

25.    *NFL Defendants' Response*:  It is undisputed that the NFL's national media, television, and sponsorship revenues are shared equally across all 32 teams.

Plaintiffs' evidence does not create a genuine dispute as to NFL's other national revenues being shared equally across all 32 teams. ██████████████████

████████████████████████████████████████████████

███████████████████████████

### B. The NFL's Sunday Afternoon Broadcast Agreements



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 26.    There is no written agreement between the NFL and the 32 member clubs that grants the NFL the exclusive right to license NFL telecasting rights.<br><br>*Evidence*: | 26.    Disputed. The agreement to pool the clubs' rights to license telecasts of their games is enshrined in various provisions of the NFL Constitution and bylaws. |

18

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |

26.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute of material fact.

Plaintiffs' cited evidence confirms the facts that:

Plaintiffs identify no other

19

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████ | |

Plaintiffs contend that ██████████████████████████████
████████  But that does not dispute the stated fact.  Regardless Plaintiffs
proffer no evidence of ████████████████.  Under Local Rule 56-2, a non-
moving party "must provide pinpoint citations . . . to evidence in the record that
supports the claim that the fact is disputed."  Because Plaintiffs have failed to
dispute this fact and others by offering supporting evidence, the Court should
treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513,
at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a
failure to cite evidence "alone warrants exclusion of the evidence" and that it is
"within the court's discretion to refuse to consider evidence that the offering
party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

Moreover, Plaintiffs also are incorrect to the extent that they dispute that the
NFL acts as agent for member clubs in negotiating and executing agreements to
license telecast rights.  *See* SUF ¶¶ 27–28; ██████████████████████
████████████████████████████████████████
████████████████████████████

| 27.    The NFL acts as agent for member clubs in negotiating and executing agreements to license telecast rights, and member clubs vote on resolutions ratifying those agreements.<br><br>*Evidence*: *E.g.*, Kilaru Decl. Ex. 1 (NFL Const.) NFL 1998 Resolution BC-1; NFL 1998 Resolution BC-2; NFL 2004 Resolution BC-4; NFL 2009 Resolution BC-1A; NFL 2011 Resolution BC-2; NFL 2014 Resolution BC-1; NFL 2015 Resolution BC-1. | 27.    Admit that certain broadcasting agreements between the NFL and the Networks operative during the class period state that the NFL "acts as agent" for the NFL Clubs in negotiating and executing agreements to license telecast rights.<br>Whether the NFL "acts as agent" for the NFL Clubs, or whether the NFL and the NFL Clubs have established an agency relationship with respect to the licensing of telecast rights is an improper and unsubstantiated legal conclusion. *See, e.g., Ironwood Country Club v. Liberty Ins. Underwriters, Inc.*, 2014 WL 12558790, at *8 n.25 (C.D. Cal. Mar. 24, 2014) (excluding legal conclusions |

20

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | from undisputed statement of facts); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 317 (C.D. Cal. 2004) (same). |

27.     *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute of material fact.  Plaintiffs admit that broadcasting agreements between the NFL and its broadcast partners that were operative during the class period state that the NFL "acts as agent" for the NFL clubs in negotiating and executing agreements to license telecast rights.

Plaintiffs contend that whether the NFL "acts as an agent" for the clubs is a legal conclusion.  But "[t]he existence of an agency relationship is a question of fact." *Grant v. Nat'l Football League Players Ass'n*, 566 F. App'x 569, 570 (9th Cir. 2014) ("The existence of an agency relationship is a question of fact, and may only be resolved on summary judgment when 'the essential facts are not in conflict and the evidence is susceptible to a single inference.'" (citation omitted)).

| | |
|---|---|
| 28.     During the class period, the NFL, ███████████████████████ | 28. ███████████████████████ |
| *Evidence*: ███████████████████████ | |
| 28.     *NFL Defendants' Response*: ███████████████████████ | |

21

Case No. 2:15-ml-02668-PSG (JEMx)          Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ | ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ |
| 29.    The FOX Agreements provide for the production of telecasts for the NFC teams' regular season Sunday afternoon games.  *Evidence*: ████████████████ ████████████████ ████████████ | 29.    Disputed. The Fox Agreements effective during the class period provide ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ |
| 29.    *NFL Defendants' Response*:  It is undisputed that the FOX Agreements ████████████████████████████████████ Plaintiffs cite no evidence to support their assertion that the ████████ ███████████████████████████████████ ███████████████████████████████████ ecause Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)). ||

22

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 30.    The 2006 FOX Agreement initially covered the 2006 through 2011 NFL seasons and was extended to include the 2012 and 2013 NFL seasons.<br><br>*Evidence*: ███████████ | 30.    Admit. |
| 31.    The long-form 2015 FOX Agreement covered the 2014 through 2022 NFL seasons.<br><br>*Evidence*: ███████████ | 31.    Admit. |
| 32.    The CBS Agreements provide for the production of telecasts for the AFC teams' regular season Sunday afternoon games.<br><br>*Evidence*: ███████████ | 32.    Disputed. The CBS Agreements effective during the class period provide ██████████████ |
| 32.    *NFL Defendants' Response*: It is undisputed that the ██████████████ Plaintiffs cite no evidence to support their assertion that ██████████████ Under Local Rule 56-2, a non-moving party "must | |

23

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed." Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)). | |
| 33. The 2006 CBS Agreement initially covered the 2006 through 2011 NFL seasons and was extended to include the 2012 and 2013 NFL seasons.<br><br>*Evidence*: | 33. Admit. |
| 34. The 2014 CBS Agreement covered the 2014 through 2022 NFL seasons.<br><br>*Evidence*: | 34. Admit. |
| 35.<br><br>*Evidence*: | 35. |



24

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | It is further disputed that the agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings and agreements. |
| 35.   *NFL Defendants' Response*: | |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████████████████ | |
| Further, Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion.  Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed."  Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)). | |
| 36. ████████████████████ ████████████ ████ *Evidence*: ████ ███████████ ████████████████████ | 36.   Admit. |
| 37. ████ ████████████████████████████████████ ██████████████████████████████████ | 37. ████ ██████████████████████████ ██████████████████████ ██████████████████████████ ████████████████████████████ ████████████████████████████ ██████████████████████████ ██████████████████████ |

26



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████ | ██████████████████████ |
| *Evidence*: ████████████ | It is disputed generally that the agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings and agreements. |

37.   *NFL Defendants' Response*: ███████████████████████████

████████████████████████████████████

Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion.  Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed."  Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

| 38. | 38. |
|---|---|
| ████████████████████ | ████████████████████ |

27

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ *Evidence*: ████████████████ ███████████████████████████████ | ███████████████████████████████ ███████████████████████████████ It is further disputed that the agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings and agreements. |
| 38.   *NFL Defendants' Response*:  It is undisputed that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion.  Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed."  Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)). ||
| 39.   ███████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ | 39.    Disputed. ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ |

28



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |
| *Evidence*: | It is further disputed that the agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings and agreements. |

39.    *NFL Defendants' Response*:

Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion.  Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed."  Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

| 40. | 40. |
|---|---|



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: | It is further disputed that the agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings and agreements. |

40. *NFL Defendants' Response*:

Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion. Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed." Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

| 41. Once the telecasting rights from the NFL have been transferred to CBS and FOX, the respective broadcast networks produce live game broadcast feeds for Sunday afternoon games.<br><br>*Evidence*: Kilaru Decl. Ex. 15 (Rolapp Dep. Tr.) 100:10–13; | 41. Admit that CBS and Fox have obtained the rights to telecast live NFL Games and use those rights to produce live broadcast feeds for Sunday afternoon games.<br><br>Dispute that the telecasting rights originate "from the NFL." The |

30

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | telecasting rights originate with the NFL teams. |
| | That the telecasting rights originate with the NFL teams is further confirmed by other documentary and testimonial evidence. |

31

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ███████████████████████████████ |
| 41. *NFL Defendants' Response*: It is undisputed that CBS and FOX have obtained the rights to telecast live NFL Games and use those rights to produce live broadcast feeds for Sunday afternoon games. ███████████████████████████████ | |
| 42. CBS and FOX broadcast their Sunday afternoon game feeds over free, over-the-air television in local markets through affiliated stations. *Evidence*: Kilaru Decl. Ex. 15 (Rolapp Dep. Tr.) 100:14–101:15; ███████████████████ | 42. Disputed. In a typical NFL week, most CBS and Fox feeds are not "broadcast … in local markets." Of the 12 or 13 Sunday-afternoon games for which CBS and Fox produce feeds, generally only two to four games are "broadcast" in any local market. It is further disputed that access to such stations is free to all consumers. Cable and satellite providers pay retransmission fees to Fox and CBS (and/or their affiliates) for the rights to carry those stations in particular markets, and consumers who obtain their games through a cable and satellite provider pay their provider for the ability to watch the content broadcast by Fox and CBS (and/or their affiliates). *See, e.g.,* Leckman Decl. Ex. 16 (York Dep. Tr.) 56:20–57:17. |

32

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 42.   *NFL Defendants' Response*:  It is undisputed that CBS and FOX broadcast their Sunday afternoon game feeds over free, over-the-air television in local markets through their affiliated stations.  Plaintiffs' evidence does not create a genuine dispute of material fact.<br><br>Plaintiffs state that CBS and FOX show only a select number of over-the-air telecasts in *any given* local market, but do not dispute the fact that CBS and FOX broadcast their game feeds over free, over-the-air television in the local markets of each of the teams playing in each game.  The NFL Defendants dispute that CBS and FOX "generally" only show two to four games in a given local market; CBS and Fox show three to four games in a given market on Sunday afternoons during the NFL regular season. ████████████████████<br>████████████████████████<br><br>Some viewers choose to access over-the-air telecasts through their cable or satellite subscriber.  However, they do not need to have a subscription to a paid television service in order to access these games; they can receive those games for free through the use of an antenna. ████████████████<br>██████████████ | |
| 43. ████████████████ | 43.   Admit. |
| *Evidence*: ████████ | |



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 44. | 44.    Admit. |
| *Evidence*: | |
| 45. | 45.    Admit. |

34

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |
| *Evidence*: | |
| 46. | 46.     Admit that these agreements so provide. |
| | Dispute to the extent it implies that the copyrights are necessarily owned by the NFL and could not be owned by a telecasting club. *See, e.g., In re National Football League Antitrust Litig.*, 933 F.3d 1136, 1154 (9th Cir. 2019). |
| *Evidence*: | It is further disputed that the agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings and agreements. |
| 46.    *NFL Defendants' Response*:  It is undisputed that, | |

35

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| Rather than respond to the stated fact, Plaintiffs purport to identify a dispute with what the fact may "impl[y]." That fails to generate a genuine dispute as to the stated fact.<br><br>Moreover, citations to legal opinions do not constitute admissible evidence. *See, e.g., Carrillo v. County of Los Angeles*, 2012 WL 12850128, at *4 n.4 (C.D. Cal. Nov. 14, 2012) ("[A prior court's] findings are inadmissible evidence in this case."); *United States v. Perry*, 857 F.2d 1346, 1351 n.8 (9th Cir. 1988) ("[A] judicial opinion should be admitted as substantive evidence . . . 'only in the rarest of cases when no other form of evidence is available.'" (citation omitted)).<br><br>Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion. Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed." Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)). | |
| 47. | 47.   Admit that the contracts so provide. |



| Evidence: | It is further disputed that the |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings and agreements. |

47.   *NFL Defendants' Response*:

Rather than respond to the stated fact, Plaintiffs purport to identify a dispute with what the stated fact may 'impl[y].'  That fails to generate a genuine dispute of as to the stated fact.

Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion.  Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed."  Because Plaintiffs have failed to dispute this fact and

37

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)). | |
| 48.  | 48.    Admit. |
| 49. | 49.    Admit. |

38

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*:  | |
| 50. | 50.    Admit with the clarification |
| *Evidence*: | It is further disputed that the agreements proffered by the NFL Defendants set forth the complete terms of the parties' understandings |

39

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | and agreements. |
| 50.   *NFL Defendants' Response*: ███████████████ | |

Rather than respond to the stated fact, Plaintiffs purport to identify a dispute with what the fact may "impl[y]."  That fails to generate a genuine dispute as to the stated fact.

Plaintiffs cite no evidence to support their assertion that the "agreements proffered by the NFL Defendants [do not] set forth the complete terms of the parties' understandings and agreements," and there is no evidentiary support in the record for this assertion.  Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed."  Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

| | |
|---|---|
| 51.  ████████████ | 51.    Admit that the agreement so provides. |
| *Evidence*: ████████ | |
| 52.  ████ | 52.    Admit that the agreement so provides. |

40

Case No. 2:15-ml-02668-PSG (JEMx)     Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | |
| *Evidence*: ███ | |
| 53. ███ | 53.    Admit that the agreement so provides. |
| *Evidence*: ███ | |

### C.    Sunday Ticket Agreement

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 54.    Prior to 1994, the NFL did not license the rights to telecast out-of-market games.<br><br>*Evidence*: ███ | 54.    Dispute that prior to 1994 the NFL Clubs did not license the rights to telecast out-of-market games. Prior to the NFL Clubs' collectivization of their independent telecast rights in 1961, the right to telecast football games was owned and controlled by the individual NFL Clubs; and individual NFL Clubs independently licensed the telecasts of their games to television networks. *See, e.g.*, *NFLST*, 933 F.3d at 1144; *USFL*, 842 F.2d at 1346.<br><br>It is further disputed that any licensing (or refusal to license) occurred at the League level. The telecasting rights originate with the NFL teams. ███ |

41

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ██████████████████████████ |

54.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether, prior to 1994, the NFL did not license Sunday afternoon NFL games beyond those broadcast in-market by CBS and FOX. ████████████ ████████████████

Moreover, citations to legal opinions do not constitute admissible evidence. *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)).

The extraneous and incorrect assertions regarding NFL telecasting rights in the second paragraph of Plaintiffs' response do not create a genuine dispute as to the NFL Defendants' stated fact and are addressed at SUF Reply ¶¶ 22–23, 26–28, 72–73 and AUF Responses ¶¶ 150, 160–176.

| 55.   Starting in 1994, the NFL obtained from its broadcast partners the right to resell the networks' broadcasts of NFL games where those games were not being broadcast in-market by the networks.<br><br>*Evidence*: ████████████ ████████████████ | 55.   Dispute that the NFL "obtained" the "right" to resell the networks' broadcasts from the networks. ████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ |

55.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether the NFL "obtained" the right to resell the networks' broadcasts of NFL games from the networks.  Plaintiffs do not cite any relevant

42

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| facts regarding those resale rights, and elsewhere concede that the relevant contracts so provide. *See, e.g.,* SUF Response ¶ 46.<br><br>Instead of disputing the stated fact, Plaintiffs assert a separate fact about "telecast rights,"—*i.e.*, the rights to license the creation and distribution of telecasts, which are not the resale rights discussed in the NFL Defendants' stated fact. Plaintiffs' extraneous and incorrect assertions regarding those telecast rights do not create a genuine dispute as to the NFL Defendants' stated fact and are addressed at SUF Reply ¶¶ 22–23, 26–28, 72–73 and AUF Responses ¶¶ 150, 160–176. | |
| 56.    After obtaining these Resale rights, the NFL entered into an exclusive agreement with DirecTV to distribute out-of-market NFL games through Sunday Ticket.<br><br>*Evidence*: ▮ | 56.    Admit that in 1994 the NFL entered into an agreement with DirecTV to distribute out-of-market NFL games through Sunday Ticket.<br><br>Dispute that it was exclusive or that the NFL did so "after" obtaining Resale rights. The NFL did not "obtain" the "right" to resell the networks' broadcasts from the networks. ▮ |

43

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ███████████████████████ |

**56.** *NFL Defendants' Response*: It is undisputed that in 1994 the NFL entered into an agreement with DirecTV to distribute out-of-market NFL games through Sunday Ticket.

███████████████████████████████████████████████████

Plaintiffs' evidence does not create a genuine dispute as to whether the NFL "obtained" the right to resell the networks' broadcasts of NFL games from the networks. Plaintiffs do not cite any relevant facts regarding those resale rights, and elsewhere concede that the relevant contracts so provide. SUF Reply ¶ 46.

Instead of disputing the stated fact, Plaintiffs assert a separate fact about "telecast rights"—*i.e.*, the rights to license the creation and distribution of telecasts, which are not the resale rights discussed in the NFL Defendants stated fact. Plaintiffs' extraneous and incorrect assertions regarding those telecast rights do not create a genuine dispute as to the NFL Defendants' stated fact, and are addressed, and disputed, at SUF Reply ¶¶ 22–23, 26–28, 72–73 and AUF Responses ¶¶ 150, 160–176.

| **57.** The NFL and DirecTV entered into agreements to license the rights to telecast out-of-market NFL games during the class period.<br><br>*Evidence*: ████████████████<br>████████████████<br>████████████████<br>████████████████ | **57.** Admit that the NFL and DirecTV entered into such agreements. Dispute to the extent that the NFL Defendants' proffered fact implies that the NFL Clubs did not also agree to enter into such agreements with DirecTV as the Clubs ratified those agreements and their out-of-market telecast rights were in fact distributed by DirecTV. *See, e.g.*, Leckman Decl. Ex. 1 (NFL Const.), 2003 Resolution BC-1. |

**57.** *NFL Defendants' Response*: It is undisputed that the NFL and DirecTV entered into agreements to license the rights to telecast out-of-market NFL games during the class period.

44

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| Rather than respond to the stated fact, Plaintiffs purport to identify a dispute with what the fact may "impl[y]." That fails to generate a genuine dispute as to the stated fact.<br><br>In any event, the evidence shows that (a) the NFL (not the teams) owns the copyrights to CBS- and FOX- produced broadcasts of Sunday afternoon games, (b) the NFL (not the teams) entered into the DirecTV agreement, and (c) the owners ratified the DirecTV agreement on behalf of the league as a whole and not on behalf of any individual club.  *See* SUF ¶¶ 44-46; Leckman Decl. Ex 1 (NFL Const.), 2003 Resolution BC-1, NFL_0012622 ("the League concurs in the Broadcasting Committee's approval of the DirecTV Agreement")). ||
| 58.    The first Sunday Ticket agreement operative during the class period was executed on March 13, 2009, and encompassed the 2011 to 2014 NFL seasons.<br><br>*Evidence*: ██████████ | 58.    Admit. |
| 59.    The second Sunday Ticket agreement operative during the class period was executed on September 18, 2014, and encompassed the 2015 to 2022 NFL seasons.<br><br>*Evidence*: ██████████ | 59.    Admit. |
| 60. ██████████ | 60. ██████████ |





| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ████████████████████ |

60.    *NFL Defendants' Response:*





| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

49

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment





Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |

**61.** *NFL Defendants' Response*:

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████████████████ ███████████████ | ████████████████████████ |
| ████████████████████████████████████████████ ████████████████████████████ | |
| ████████████████████████████████████████████ ████████████████████████████████████████████ | |
| ████████████████████████████████████████████ ████████████████████████████████████████████ | |

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | |
| 62.    The requirement that Sunday Ticket be offered as a weekly package resulted from the settlement agreement in *Shaw v. Dallas Cowboys Football Club, Ltd.*<br><br>*Evidence*: | 62.    Admit. |
| 63. | 63.    Admit. |
| *Evidence*: | |
| 64.    Plaintiffs are commercial and residential DirecTV subscribers who purchased Sunday Ticket from DirecTV during the class period. | 64.    The Court's Order granting Plaintiffs' motion for class certification is an Order that speaks for itself, and Plaintiffs' dispute and characterization |

56

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: Kilaru Decl. Ex. 26 (Order on Class Certification, Dkt. 894) at 2, 27. | thereof by the NFL Defendants. *See* Dkt. 894. |

64.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to the stated fact, which follows directly from the Court order defining the classes.  *See* Kilaru Decl. Ex. 26 (Order on Class Certification, Dkt. 894) at 2.

| 65.    Plaintiffs did not directly purchase Sunday Ticket from the NFL.<br><br>*Evidence*: *See* Kilaru Decl. Ex. 26 (Order on Class Certification, Dkt. 894) at 2, 27. | 65.    The Court's Order granting Plaintiffs' motion for class certification is an Order that speaks for itself, and Plaintiffs' dispute and characterization thereof by the NFL Defendants. *See* Dkt. 894. |

65.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether Plaintiffs directly purchased Sunday Ticket from the NFL. The NFL Defendants' stated fact follows directly from the Court order defining the classes.

If Plaintiffs are suggesting that they did purchase Sunday Ticket from the NFL, they have cited no evidence to support that suggestion. Every class representative purchased their Sunday Ticket subscription through DirecTV.

Under Local Rule 56-2, a non-moving party "must provide pinpoint citations . . . to evidence in the record that supports the claim that the fact is disputed." Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)). | |



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ████████████████████████ |
| | ███████████████████ |
| | ██████████████ |
| | ████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ███████████████████ |
| | ███████████████ |
| | ██████████████████████ |
| 66.   *NFL Defendants' Response*: ████████████████ | |
| ████████████████████████████████████████ | |
| ████████████████████████████████████████ | |
| ████████████████████████████████████████ | |
| ████████████████████████████████████████ | |
| ████████████████████████████████████████ | |



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████ | ██████████████████████ |
| 67. ████████ | 67.   Disputed. |
| *Evidence*: ████████ | ████████ |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ████████████████████████████ |
| | ████████████████████████████ |
| | ████████████████████████████ |
| | ████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ███████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | ██████████████████████████ |
| | █████████████████████ |
| 67.  *NFL Defendants' Response*: ████████████ | |



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 68. | 68.    Disputed. |
| *Evidence*: | |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |

68.   *NFL Defendants' Response*:

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |

69. *NFL Defendants' Response*:



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████████████████ | ██████████████████████ |
| | |
| 70.   Starting in the 2023 season, the residential Sunday Ticket package will | 70.   Disputed. Google also has the right ████████████████████ |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| be distributed on an exclusive basis through YouTube TV.<br><br>*Evidence*: Kilaru Decl. Ex. 29 (NFL-Google 2022 Agreement). |  |
| 70.   *NFL Defendants' Response*:  It is undisputed that, starting in the 2023 season, the residential Sunday Ticket package will be distributed on an exclusive basis through YouTube. | |
| 71. <br><br>*Evidence*: | 71.    Disputed. |

74



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

71.    *NFL Defendants' Response*:

75



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
| --- | --- |

ecause Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

76

**D.    Sports Broadcasting**

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 72.    Prior to 1956, the NFL and member clubs agreed to assign broadcast licensing rights to the clubs, though agreements were subject to League approval.<br><br>*Evidence*: ▮▮▮▮▮▮▮▮▮ *see also US v. NFL*, 116 F. Supp. 319, 327 (E.D. Pa. 1953) (citing Kilaru Decl. Ex. 1 (NFL Const.) art. X). | 72.    Disputed. ▮▮▮▮▮▮▮▮▮▮▮▮ CBS had to obtain agreements with the NFL *and* had to "negotiate contracts with each team independently[.]"<br><br>It is further disputed because Article X of the NFL's Constitution does not support the NFL's proposed fact. While Article X states that "[a]ny contract entered into by any club for telecasting or broadcasting its games … must be approved in writing by the Commissioner in advance of such telecast or broadcast," NFL Clubs independently broadcast their football games prior to the adoption of Article X, during which time the NFL Defendants have offered no evidence to support their claim that telecasting of NFL Clubs' games required the consent of the NFL or the NFL's Commissioner.<br><br>It is further disputed that those broadcasting licensing rights were "assign[ed] … to the clubs." Game broadcast licensing rights belonged to the home teams, and were not "assign[ed]" by "the NFL and member clubs" "to the clubs." ▮▮▮▮▮▮▮▮▮▮▮▮ |
| 72.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to the stated fact. | |



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

It is undisputed that, prior to 1956, Article X of the NFL Constitution assigned broadcast licensing rights to the clubs.

It is also undisputed that Article X provides that broadcast agreements were subject to League approval prior to 1956.

Plaintiffs' response provides no evidence regarding NFL telecasting prior to the adoption of Article X in 1951. Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed. *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

| 73. | 73.   Disputed. |
|---|---|

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: ███████████████ | |
| 73.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to the stated fact. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | |
| 74.   The MLB and its member teams agree to a division of telecasting rights under which some regular season games are licensed by MLB—so called "national" telecasts.<br><br>*Evidence*: ███████████████████████████████████ | 74.   Disputed to the extent that this proposed fact implies that the rights to telecast games originates in a source other than the game's participating teams. ███████████████████████████████████████████████████████████████████████████ |

79

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | |

74. *NFL Defendants' Response*: It is undisputed that the MLB and its member teams agreed to a division of telecasting rights under which some regular season games are licensed by MLB. Plaintiffs' evidence does not create a genuine dispute of as to this fact.

80

Case No. 2:15-ml-02668-PSG (JEMx)
Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| The Ninth Circuit's opinion is not admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("'[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). | |
| 75.     The MLB and its member teams agree to a division of telecasting rights under which regular season games not telecast nationally are assigned to the participants of that game in their respective home territories.<br><br>*Evidence*: ██████████████ ████████████████████ | 75.     Disputed that "telecasting rights … are assigned to the participants of that game in their respective home territories."<br>████████████████████ ████████████████████ ████████████████████ |

| 75.     *NFL Defendants' Response*: Plaintiffs' evidence does not create a genuine dispute as to the stated fact.<br><br>██████████████████████████████████████ |
|---|

81

Case No. 2:15-ml-02668-PSG (JEMx)          Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████████ ███████████████████████████ ███████████████████████ | ███████████████████████████ ███████████████████████████ ███████████████████ |

Plaintiffs further ignore footnote 44 to Dr. Rascher's reply report, which adopts the "details" regarding MLB's division of telecasting rights presented in Dr. Bernheim's report. Kilaru Decl. Ex. 4 (Rascher Reply Rpt.) ¶ 42 n.44 (citing Bernheim Rpt. ¶ 95). Plaintiffs do not address paragraph 95 of Dr. Bernheim's report, which is both cited here and cited by Dr. Rascher.

The Ninth Circuit's opinion is not admissible evidence. *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available."' (citation omitted)).

| | |
|---|---|
| 76.     The NBA and its member teams agree to a division of telecasting rights under which some regular season games are licensed by the NBA—so called "national" telecasts.<br><br>*Evidence*:  ███████████ ████████████████████████ | 76.     Disputed to the extent that this proposed fact implies that the rights to telecast games originates in a source other than the game's participating teams.<br><br>████████████████████████ |

82

Case No. 2:15-ml-02668-PSG (JEMx)     Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ███████████████████ |

76.   *NFL Defendants' Response*:  It is undisputed that the NBA and its member teams agreed to a division of telecasting rights under which some regular season games are licensed by NBA. Plaintiffs' evidence does not create a genuine dispute as to this fact.

██████████████████████████████████

██████████████████████████████████

The Ninth Circuit's opinion is not admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)).

| 77.   The NBA and its member teams agree to a division of telecasting rights | 77.   Disputed that "telecasting rights … are assigned to the |
|---|---|

83

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| under which regular season games not telecast nationally are assigned to the participants of that game.<br><br>*Evidence*: ███████████████ | participants of that game." |

77.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to the stated fact.

The Ninth Circuit's opinion is not admissible evidence. *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)).

84

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 78.      The NHL and its member teams agree to a division of telecasting rights under which some regular season games are licensed by the NHL—so called "national" telecasts.<br><br>*Evidence*: ██████████████ ████████████████████████ ████████████████████ | 78.      Disputed to the extent that this proposed fact implies that the rights to telecast games originates in a source other than the game's participating teams. ██████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ |

78.      *NFL Defendants' Response*:  It is undisputed that the NHL and its member teams agreed to a division of telecasting rights under which some regular season games are licensed by NHL.  Plaintiffs' evidence does not create a genuine dispute as to that fact.

85

Case No. 2:15-ml-02668-PSG (JEMx)                Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | |
| The Ninth Circuit's opinion is not admissible evidence. *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). | |
| 79.    The NHL and its member teams agree to a division of telecasting rights under which regular season games not telecast nationally are assigned to the participants of that game within their respective home territories and to the NHL otherwise.

*Evidence*: | 79.    Disputed that "telecasting rights … are assigned to the participants of that game in their respective home territories." |

86

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 79.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to the stated fact. <br><br> ███████████████████████████████████ <br><br> The Ninth Circuit's opinion is not admissible evidence.  *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). | |
| 80.    In college football, conferences produce college football games for which networks pay telecast licensing fees. <br><br> *Evidence*: ████████████ | 80.    Admitted only that ████████████████████████ <br><br> Disputed to the extent that the NFL's proposed fact implies that the conferences are (or are not), as a matter of economics, the "producers" of college football telecasts. ████████ |

87

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ████████████████████████ ████████████████████████ ████████████████████ ████████████████████████ ████████████████████████ ████████████████ ████████████████████ ███████████████ |
| | It is further disputed to the extent that "conferences" are not the only entity that "produce" college football games. For example, many college football games that recur year-over-year include teams that are from different conferences or, as in the case of Notre Dame versus USC, include one team that is a member of a college football conference (USC) and one team that is not (Notre Dame). ████████ |

80.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether, in college football, conferences produce college football games for which networks pay telecast licensing fees.

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

Plaintiffs cannot manufacture a dispute as to whether conferences are "the only entity" that produce college football games, as the NFL Defendants did not make that assertion in the stated fact.  It is, however, undisputed that conferences produce the vast majority of college football telecasts. ████████████
████████████████████████████████████████

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 81.    In college football, schools license to their conferences most of their individual team rights to their home games and the conferences compete with each other.<br><br>*Evidence*: ▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮ | 81.    Admitted to the extent that the fact confirms the case that, in college football, individual schools own the telecasting rights to their games.<br><br>Disputed to the extent that this fact implies that, in college football, all schools license to their conferences most of their individual team rights to their home games and the conferences compete with each other. In college football, not all "schools license to their conferences most of their individual team rights to their home games and the conferences compete with each other." For example, neither Notre Dame nor BYU is a member of a college football conference, and both license the rights to their games directly to broadcast networks (like NBC). ▮▮▮▮▮▮▮▮▮▮▮▮▮ Indeed, Notre Dame sells its telecast rights independently and has reached agreements with the NCAA and the teams its plays with respect to the exhibition of their respective trademarks. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Further, some games between schools that are members of college football conferences are licensed directly to a broadcast network (e.g., bowl games or Army versus Navy). ▮▮ |

81.    *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether, in college football, schools regularly license their broadcasting rights to conferences.

Of the approximately 130 FBS (Football Bowl Subdivision) college football teams, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████████████████████ | ███████████████████████████████████████ |

The NFL Defendants dispute that some games between schools that are members of college football conferences, like bowl games, are licensed directly to a broadcast network. The rights to college bowl game telecasts are not negotiated between schools and a broadcast network; they are pooled. *See, e.g.*, Kilaru Reply Decl. Ex. 64 (*Broadcast Rights, Expansion Game Schedule on Tap at CFP Meetings*, Sports Illustrated (2023)) (explaining that the broadcast rights to the college football playoffs were negotiated by the Commissioners of all 10 major conferences and the athletic director of Notre Dame).

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 82.     Colleges control their telecast rights with coordinated assignment of rights at the level of college conferences.<br><br>*Evidence*: ███████████████ ███████████████ | 82.     Disputed to the extent that the NFL Defendants misrepresent what Dr. Rascher has said. In Paragraph 43 of his report, Dr. Rascher says "colleges control *some* of their telecast rights and coordinated assignment of rights only at the level of competing conferences, while still achieving broad telecast coverage." Here, Dr. Rascher makes clear that, to the extent there is any coordination in the assignment of rights for college football telecasts, that coordination occurs at the conference level or not at all (for regular season telecasts). Disputed to the extent that the NFL Defendants' proposed fact suggests that Dr. Rascher states that all colleges coordinate their telecast rights at the conference level for all telecast rights. As one example, neither Notre Dame nor BYU is a member of a college football conference, and both |

90

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | license the rights to their games directly to broadcast networks (like NBC). ███████████ ███████████ Further, some games between schools that are members of college football conferences are licensed directly to a broadcast network (e.g., bowl games or Army versus Navy). ███████████ |
| 82.   *NFL Defendants' Response*:  It is undisputed that, with limited exceptions, colleges coordinate assignment of their telecast rights for regular season games at the conference level. ███████████████████████████████████████████████████████ | |
| 83.     Plaintiffs' experts have not identified a single example of a sport where teams produce different, nationally competing telecasts of their games.<br><br>*Evidence*: ███████████ ███████████ ███████████ | 83.     Disputed to the extent that this fact implies that Plaintiffs' experts were tasked with "identif[ying] … example[s] of a sport where teams produce different, nationally competing telecasts of their games" or sought out to do so. It is further disputed to the extent that the NFL Defendants' experts have failed to show that no teams have ever "produce[d] different, nationally competing telecasts of their games."<br><br>Disputed further to the extent that the term "produce" is undefined, and vague and ambiguous. In any case, Plaintiffs' experts have discussed instances in which the same game is broadcast or telecast on different networks or platforms. ███████████ |

91

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | 10 (Bernheim Rpt.) ¶¶ 443–52. |

83.    *NFL Defendants' Response*:  It is undisputed that Plaintiffs' experts have not identified a single example of a sport where teams produce different, nationally competing telecasts of their games.

████████████████████████████████████████████████

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 84.    Plaintiffs' experts have not offered a single example where a telecast of a sporting event was produced over the objection of one of the participating teams.<br><br>*Evidence*: ████████████████████████████ | 84.    Dispute to the extent that this fact implies that Plaintiffs' experts were tasked with "offer[ing] … example[s] where a telecast of a sporting event was produced over the objection of one of the participating teams."<br><br>It is further disputed to the extent that the NFL Defendants' experts have failed to show that the "objection of one of the participating teams" is sufficient to block the production of a telecast of a sporting event. Plaintiffs finally dispute the term "objection" as undefined, vague and ambiguous, and not supported by the proffered evidence. |

84.    *NFL Defendants' Response*:  It is undisputed that Plaintiffs' experts have not offered a single example where a telecast of a sporting event was produced over the objection of one of the participating teams.

| 85. | 85. |
|---|---|
| ███████████████████ | ████████████████████████ |

92

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████████████<br>██████████████████████████<br>██████████████████████████████<br>██████████<br><br>*Evidence*: ██████████████████<br>███████ | █████████████████████<br>██████████████████████<br>██████████████████████████<br>█████████████████████████████<br>███████████████ |
| 85.  *NFL Defendants' Response*:<br>████████████████████████████████<br>█████████████<br>███████████████████████████████<br>███████████████████████████████<br>████████████████████████████<br>███████████████████████████<br>███████████████████████████████ | |
| 86.   All regular-season NFL game telecasts are available for free over-the-air in local markets.<br><br>*Evidence*: ██████████████<br>██████████████████████ | 86.   Disputed. In a typical NFL week, most games played are not "available for free over-the-air in local markets." Of the 12 to 14 Sunday-afternoon games for which CBS and Fox produce feeds, only 2 to 4 games are "available" in any local market. ████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████ |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| |  |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

86.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether all regular-season NFL game telecasts are available for free over-the-air in local markets.

Plaintiffs state that CBS and FOX only show a select number of over-the-air telecasts in *any given* local market, but that does not dispute that all regular-season NFL game telecasts are available for free over-the-air in some local market.

lthough not every regular-season game is available over-the-air in every local market, every regular-season game is available for free over-the-air in the local market of each of the teams playing in each game.

Plaintiffs do not dispute that the local markets of the teams playing on Thursday and Monday nights receive the game on free over-the-air television.

The NFL Defendants dispute that CBS and FOX "generally" only show two to four games in a given local market; CBS and FOX show three to four games in a given market.

Some viewers choose to access over-the-air telecasts through their cable or satellite subscriber.  However, they do not need to have a subscription to a paid television service in order to access these games; they can receive those games for free through the use of an antenna.

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 87.   Other than the NFL, no professional American sports league offers all of their regular-season game telecasts for free over-the-air in local markets.<br><br>*Evidence*: | 87.   Disputed. The NFL does not "offer[] all of their regular-season game telecasts for free over-the-air in local markets." In a typical NFL week, the majority of games played are not available "for free over-the-air in local markets." In a typical NFL week, |

95

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | through the NFL's agreements with CBS, Fox, and NBC, most consumers have access to 3 or 4 games on over-the-air channels, even though most weeks there are 15 or 16 games played. |

96

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
|  | ███████████████████ |

87.   *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether, other than the NFL, no professional American sports league offers all of their regular-season game telecasts for free over-the-air in local markets.

All NFL regular-season games are available for free over-the-air in at least one local market.  Although not every regular-season game is available over-the-air in every local market, every regular-season game is available for free over-the-air in the local market of each of the teams playing in each game.  *See* SUF ¶ 86. Plaintiffs offer no evidence that disputes the fact that the NFL is the only professional American sports league to offer all of its regular-season game telecasts for free over-the-air in local markets. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Because Plaintiffs have failed to dispute this fact and others by offering supporting evidence, the Court should treat the NFL Defendants' facts as undisputed.  *RePET, Inc.*, 2018 WL 5099513, at *2 n.4; *Wilco Fin. Servs. Corp.*, 2014 WL 12968225, at *1 (explaining that a failure to cite evidence "alone warrants exclusion of the evidence" and that it is "within the court's discretion to refuse to consider evidence that the offering party fails to cite with sufficient specificity." (quoting *Orr*, 285 F.3d at 775)).

Some viewers choose to access over-the-air telecasts through their cable or satellite subscriber.  However, they do not need to have a subscription to a paid television service in order to access these games; they can receive those games for free through the use of an antenna. ███████████████████████████████████████████████████████████████

**Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment**

### E.   Dr. Rascher's But-For Worlds

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 88. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br><br> *Evidence*: ▮▮▮▮▮▮ | 88. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 88.   *NFL Defendants' Response*: ▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| 89. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮ <br><br> *Evidence*: ▮▮▮▮▮▮ | 89.   Admit. |
| 90. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br><br> *Evidence*: ▮▮▮▮▮▮ | 90. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br><br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 90.   *NFL Defendants' Response*: ▮▮▮ | ▮▮▮▮▮▮ |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████ | |
| **91.** ███ | **91.** ███ |
| *Evidence*: ████████████ | |
| **91.** *NFL Defendants' Response*: ████ | |

99

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



### 1. College Football BFW



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: ████████████ ███████ | █████████████████████ ███████████ ██ ████████████████████████████ █████████████████████ |
| | ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ██████████████████████████ |
| 95.   *NFL Defendants' Response*: ████████████████████████████ ████████████████████████████ ██████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ███████████████ | |
| 96.   ██████████████████████ ████████████████████████████ ████████████████████████████ | 96.   ████████████ |

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: ███████ | |
| 97. ████ | 97. ███ |
| *Evidence*: ████ | |
| 98. ███ | 98. ███ |
| *Evidence*: ██████ | |
| 99. ███ | 99. ███ |
| *Evidence*: █████ | |
| 100. ███ | 100. ███ |
| *Evidence*: ████ | |
| 101. ████ | 101. ██████████ |
| *Evidence*: ████ | |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ████████████████ | ████████████████ |
| 101.  *NFL Defendants' Response*: ████████████ | |
| 102. ████████████ | 102. ████████████ |
| *Evidence*: ████████████ | |
| 102.  *NFL Defendants' Response*: ████████████ | |
| ████████████████ | |
| ████████████████ | |
| 103. ████████████ | 103. ████████████ |
| *Evidence*: ████████████ | |

103

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | █████████████████████ |

103.   *NFL Defendants' Response*:

█████████████████████████████████

██████████████████████████████████

███████████████████████████████████

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| **104.** ████████ | **104.** ████████ |
| *Evidence*: ████████ | |
| **104.** *NFL Defendants' Response*: ████ | |
| **105.** ████████ | **105.** ████ |
| *Evidence*: ████████ | |
| **106.** ████████ | **106.** ████ |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |

107.   *NFL Defendants' Response*:

███████████████████████████████████

███████████████████████████████████

108.

*Evidence*:

108.

a) █████████████████████████████████
███████████████

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 109. ███████████████<br>███████████████<br>███████████████<br>███████<br><br>*Evidence*: ███████████<br>███████████████<br>███████████ | 109. ███████████<br>███████████████<br>███████████████<br>███████████████<br>███████ |

109

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ████████ |

**109.** *NFL Defendants' Response*:

110

Case No. 2:15-ml-02668-PSG (JEMx)     Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████ | ████████████████ |
| 110. ██████████████ | 110. ██████████ |
| ██████████████████ | ████████████ |
| ████████████████ | ██████████████ |
| ███████████████ | █████████████ |
| ██████████████ | ████████████ |
| ████████████████ | █████████████ |
| █████████████ | ██████████ |
| **Evidence:** █████████ | ████████ |
| 110. *NFL Defendants' Response:* ██████████████ | |
| ███████████████ | |
| ████████████████████████ | |
| ██████████████████████ | |
| ████████████████████████ | |
| ████████████████████████ | |
| ████████████████████████ | |
| ████████████████████████ | |
| 111. ████████ | 111. ████████ |
| ██████████████ | ████████████ |
| ████████████ | ███████████ |
| ██████████████ | █████████████ |
| ███████████ | █████████████ |
| **Evidence:** ████████ | ████████████ |
| █████ | ███████████ |
| | █████████ |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 111.  *NFL Defendants' Response*: ███████████████ | |

112. ███████

*Evidence*: █████████████

112.  *NFL Defendants' Response*: ███████████████

112

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████████████ | ████████████████████████████ |

b) ████████████████████████████████

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 113. ████████████████ | 113. ████████████████████ |
| *Evidence*: ████████████ | ████████████████████████ |
| 113.   *NFL Defendants' Response*: ████████████████████████ | |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ████████████████████████████ | ████████████████████████ |
| **114.** ████████████████████ | **114.** ████████████████ |
| ██████████████████████████ | ████████████████████████ |
| *Evidence*: █████████████████ | ████████████████████████ |
| ██████████ | |
| **114.** *NFL Defendants' Response*: ████████████████ | |
| **115.** ████████ | **115.** ████████ |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████<br>██████████████<br>██████████████<br>██████████████<br>██████████████<br>*Evidence*:<br>████████ | ██████<br>███████<br>██████<br>████████<br>███████<br>██████<br>███████<br>████████<br>████████ |
| 115.   *NFL Defendants' Response*:<br>███████████████████████<br>███████████████████████<br>██████████████████████<br><br>████████████████████████████████<br>████████████████████████████████<br>████████████████████████████████<br>████████████████████████████████<br>████████████████████████████████<br>████████████████████████████████<br>████████████████████████████████<br>██████████ | |
| 116.<br>███████████<br>███████<br>████████<br>████████<br>█████████<br>███████ | 116.<br>███████<br>███████<br>████████<br>█████████<br>█████████<br>████████<br>███████ |

115

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: ███████████████ ███████ | ████████████████████ |
| | |
| 116.  *NFL Defendants' Response*: | |
| ██████████████████████████████ ██████████████ | |
| ██████████████████████████████ | |
| ██████████████████████████████ | |
| ██████████████████████████████ | |
| 117.  ██████ | 117.  ████████████ |
| | |

116

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence*: ███████████████ ████████████████ | █████████████████ ██████████ |

**117.** *NFL Defendants' Response*:

███████████████████████████████████
███████████████████████████████████
██████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

| 118. ███████████████████ ███████████████ ████████████████████ ████████████████████ *Evidence*: ████████████ ████ | 118. ███████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ |

**118.** *NFL Defendants' Response*:
████████████████████████████████████
████████████████████████████████████

117

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ████████████████████ | ███████████████████ |
| ████████████████████████████████ | ███████████████████ |
| **119.** ██████████████ | **119.** ███████████████ |
| *Evidence*: ████████████ | |
| **119.   *NFL Defendants' Response*:** ████████████████████████ | |



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ████████████████████████ | ████████████████████ |

120.

120.

*Evidence*:

120.   *NFL Defendants' Response*:

119

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 121. | 121. |
| *Evidence*: | |
| 121.  *NFL Defendants' Response*: | |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ███████████████████████ |
| *122.   NFL Defendants' Response*: ███████████████████████████████████ | |
| 123. ██████████████████ | 123. ████████████████████ |
| *Evidence*: ████████ | |

**Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment**

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|



123.   *NFL Defendants' Response*:

124.

124.

*Evidence*:

123

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | ████████████████████ |
| | ████████████████████ |
| | ████████████████████ |
| | ████████████████████ |
| | ████████████████████ |
| | ████████████████████ |
| | █████████████████ |

124.   *NFL Defendants' Response*:

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

125.

| 125. | 125. |
|---|---|
| ████████████ | ████████████ |

*Evidence*: ██████████████

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ████████████████████████ | |
| **125.** *NFL Defendants' Response*: ████████████████████ | |
| ██████████████████████████ | |
| ██████████████████████████ | |
| ██████████████████████████ | |
| **126.** ████████████ | **126.** ████████████ |
| ████████████████████████ | ████████████████████ |

Case No. 2:15-ml-02668-PSG (JEMx)
Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ██████████████████ ████████ ███ *Evidence*: ███████████ █ | ███████████████████ ██████████ |
| 126.  *NFL Defendants' Response*: ████████████████████████ ████████████ ██████████████████████ ████████████████████ ██████████████████████████ ████████████ ██████████████████████████████ | |
| 127. ████████████ ███████ █████████ ██████████ ████████████ ██████████ *Evidence*: ██████████████ ███████████ █████████ | 127. ███████████████ ██████████████ ████████████████ ██████████████████ ██████████████████ ████████████████ ██████████████████ █████████████████ ████████████████ ████████████████ |
| 127.  *NFL Defendants' Response*: ████████████████████████ | |

126



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

128.

128.

*Evidence*:

127



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 128.  *NFL Defendants' Response*: | |

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 129. | 129. |

128

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| *Evidence* ███████████ | |
| 130. ████ | 130. ████ |
| ████████████████ | |
| *Evidence*: ████████ | |
| 131. ███ | 131. ██████████ |
| ███████████ | |
| *Evidence*: ████████ | |
| 131. *NFL Defendants' Response*: ███████████ | |

129

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| | |

132.

132.

*Evidence*:

132.   *NFL Defendants' Response*:

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████ | ███████████ |

3. ██████████████

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 133. ███████████ | 133. ███████████ |
| *Evidence*: ██████████ | |

133.   *NFL Defendants' Response*:

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 134. ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ *Evidence*: ████████████████ ████████████ | 134. ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ |
| 134.   *NFL Defendants' Response*: ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ | |
| 135. ████████████ | 135. ████████████ ████████████████████ ████████████████████ |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████ ████████████████████████ *Evidence*: ██████████████████████████ ████████████ | ██████████████████████████████ ██████████████████████████ ████████████████████████████ ██████████████████ |
| 135.   *NFL Defendants' Response*: ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ██████████████ | ██████████████████████████████ ████████████████████████████ ██████████████████████████████ |
| ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ | ████████████████████████████████ ██████████████████████████ ██████████████████████████ ████████████████████████████ |
| ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ | ██████████████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████ |
| 136.  ██████ ████████████████████████████████ ████████████████████ *Evidence*: ██████████████████████████ ████████████ | 136.  █████████████████████ ████████████████████ ████████████████████████ ████████████████████████ ████████████████████████████ ██████████████████████████ ████████████████ |
| 136.   *NFL Defendants' Response*: ████████████████████████████████ | ██████████████████████████████ |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████ | |
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████████████████████████ | ██████████████████████████████ |
| ███████████████████████████████ | ██████████████████████████████ |
| 137. ██████████████████ | 137. ██████████████████████████ |
| ██████████████████ | ██████████████████████████ |
| ██████████████████ | ██████████████████████████ |
| *Evidence*: ████████ | ██████████████████████████ |
| ████████ | ██████████████████████████ |
| ████████ | ██████████████████████████ |
| ████████ | ██████████████████████████ |
| ████████ | ██████████████████████████ |
| ████████ | ██████████████████████████ |
| 137.  *NFL Defendants' Response*: | ██████████████████████████ |

134

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



**F.     The NFL's Network Partners**

| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| 139.   Advertising and retransmission fees are two major sources of revenue for networks.<br><br>*Evidence*: ███████████ | 139.   Admit. |
| 140. ████████████ | 140. ████████████ |



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|

140.  *NFL Defendants' Response*:  Plaintiffs' evidence does not create a genuine dispute as to whether



137

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| NFL Defendants' Undisputed Fact | Plaintiffs' Genuine Issues |
|---|---|
| ███████████████████████████ | |
| The NFL Defendants also dispute Plaintiffs' suggestion, for which they cite no supporting evidence, that ████████ ███████████████████████████████████████████ | |

## II.   The NFL Defendants' Statement of Genuine Issues in Response to Plaintiffs' Proposed Statement of Additional Undisputed Facts

### A.   The Operation of the NFL Clubs and the NFL

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 141.   The National Football League ("NFL") is a for-profit entity.<br><br>*Evidence*: ███████████ ████████ Leckman Decl. Ex. 1 (NFL Const.). 2015 Resolution FC-3. | 141.   Undisputed. |
| 142.   Each NFL club, except for the Green Bay Packers, is a for-profit entity.<br><br>*Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 3.2. Leckman Decl. Ex. 1 (NFL Const.), 1983 Resolution (Finance). ██████████████████ ██████████████████ ██ | 142.   Undisputed. |

**Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 143.   "Any person, association, partnership, corporation, or other entity of good repute organized for the purpose of operating a professional football club shall be eligible for membership, except: (A) No corporation, association, partnership, or other entity not operated for profit … shall be eligible for membership."<br><br>*Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 3.2(A). | 143.   It is undisputed that the NFL Constitution contains the quoted language. |
| 144.   Each NFL club is an "independently owned, and independently managed business."<br><br>*Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 2.1(A). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 144.   It is undisputed that each NFL club is independently owned and independently managed, subject to the provisions of the NFL Constitution. *See* Kilaru Decl. Ex. 1 (NFL Const.) art. 3.<br><br>The NFL Defendants dispute that either the NFL Constitution or Dr. Bernheim's report use the phrase "independently owned, and independently managed business." That quote is not contained in either source. |
| 145.   The NFL clubs meet at least once per year for an Annual Meeting, which "shall be held not earlier than the second Monday in February of each year and not later than April 1 in such year."<br><br>*Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 5.1. | 145.   It is undisputed that the NFL Constitution provides for an annual meeting of the League "not earlier than the second Monday in February of each year and not later than April 1 in such year."<br><br>The NFL Defendants dispute that the NFL Constitution provides for an Annual Meeting of "[t]he NFL Clubs." Section 5.1 provides for "[t]he Annual Meeting of the League." Kilaru Decl. Ex. 1 (NFL Const.) § 5.1. |
| 146.   The NFL Clubs may also meet for "special meetings," which "may be | 146.   It is undisputed that the NFL Constitution provides for special meetings of the League at any place |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| held at any place upon call by the Commissioner." <br><br> *Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 5.2. | upon call by the Commissioner. <br><br> The NFL Defendants dispute that the NFL Constitution provides for meetings of "[t]he NFL Clubs." Section 5.2 provides for "[s]pecial meetings of the League." Kilaru Decl. Ex. 1 (NFL Const.) § 5.2. |
| 147.   At all meetings of the NFL Clubs, "whether Annual or Special, three-fourth or 20, whichever is greater, of the members of the League in good standing, present in person or by authorized representatives, shall constitute a quorum for the transaction of business." <br><br> *Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 5.4. | 147.   It is undisputed that the NFL Constitution contains the quoted language in reference to Annual Meetings and Special Meetings of the League held pursuant to Section 5.1 or Section 5.2 of the NFL Constitution. <br><br> The NFL Defendants dispute that the quorum provision applies to meetings other than Annual Meetings and Special Meetings of the League held pursuant to Section 5.1 or Section 5.2 of the NFL Constitution. Section 5.4 applies "[a]t all meetings of the League, whether Annual or Special." Kilaru Decl. Ex. 1 (NFL Const.) § 5.4. <br><br> The NFL Defendants further dispute that the NFL Constitution provides for Annual Meetings or Special Meetings of "[t]he NFL Clubs." Sections 5.1 and 5.2 provide for "[t]he Annual Meeting of the League" and "[s]pecial meetings of the League." Kilaru Decl. Ex. 1 (NFL Const.) §§ 5.1, 5.2. |
| 148.   At all meetings of the NFL Clubs, in general, "the affirmative vote of not less than three-fourths or 20, whichever is greater, of the members of the League at any Annual Meeting of the League shall be required for action." | 148.   It is undisputed that the NFL Constitution contains the quoted language in reference to Annual Meetings of the League held pursuant to Section 5.1 of the NFL Constitution. <br><br> The NFL Defendants dispute that the |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 5.6. | specified vote threshold applies to Special Meetings of the League held pursuant to Section 5.2 of the NFL Constitution or other meetings between NFL clubs. The cited provision on its face applies only "at any Annual Meeting of the League." <br><br> The NFL Defendants further dispute that the NFL Constitution provides for Annual Meetings or Special Meetings of "[t]he NFL Clubs." Sections 5.1 and 5.2 provide for "[t]he Annual Meeting of the League" and "[s]pecial meetings of the League." Kilaru Decl. Ex. 1 (NFL Const.) §§ 5.1, 5.2. |
| 149.   "The Commissioner shall have authority to arrange for and negotiate contracts on behalf of the League with other persons, firms, leagues, or associations; provided, however, that except in instances where the Commissioner is otherwise specifically authorized herein, any contract involving a substantial commitment by the League or its members shall not be binding unless first approved by the affirmative vote of not less than three-fourths or 20, whichever is greater, of the members of the League." <br><br> *Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 8.10. | 149.   It is undisputed that the NFL Constitution contains the quoted language. |

**B.     The Clubs' Pooled Their Telecast Rights**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 150.   Each of the thirty-two NFL Clubs independently owns the rights to broadcast its football games on | 150.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' |

141

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| television, which they have ceded collectively to the NFL.<br><br>*Evidence*:<br><br> Leckman Decl. Ex. 1 (NFL Const.) §§ 4.3, 10.1. Leckman Decl. Ex. 1 (NFL Const.), 2002 Resolution G-7; 2005 Resolution BC-1. NFL Defendants' Answer to Plaintiffs' Second Amended Complaint, Dkt. 442, ¶ 81 ("NFL Defendants also admit that the NFL is authorized to negotiate on behalf of the NFL member clubs for the collective licensing and distribution of rights to broadcast NFL games."). | statement.<br><br>Plaintiffs identify no inconsistency. The evidence confirms that the NFL Constitution assigns to individual clubs certain rights to license telecasts subject to League approval. (NFL Constitution) §§ 10.2 (assigning certain rights to telecast games to member clubs) and 10.1 (requiring League approval for any telecasting or broadcasting contract); |

142

Case No. 2:15-ml-02668-PSG (JEMx)                    Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  |  |
| | The evidence confirms that "the NFL is authorized to negotiate *on behalf of the NFL member clubs* for the collective licensing and distribution of rights to broadcast NFL games." NFL Defendants' Answer to Plaintiffs' Second Amended Complaint, Dkt. 442, ¶ 81 (emphasis added). |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 151.   Prior to 1961, the right to telecast football games was owned and controlled by the individual NFL Clubs. | 151.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement. |



144

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 152.   Prior to 1961, individual NFL Clubs independently licensed the telecasts of their games to television networks.<br><br>*Evidence*: | 152.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement. |

145

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |
| 153. Prior to 1961, the NFL and the NFL Clubs discussed how the antitrust laws limited their ability to restrain the NFL Clubs from selling the broadcast rights to their games. | 153. The NFL Defendants dispute this proposed fact, and the cited evidence does not support the existence of "discuss[ions]" between "the NFL and NFL Clubs" regarding "their ability to restrain the NFL Clubs." |

146

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| ███████████████████████ ███████████████████████ ███████████████████ | ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ |
| 154.   The Minutes of the 1951 Annual Meeting of the NFL Clubs state ████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ | 154.   It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the cited document is minutes from the "1951 Annual Meeting of the *NFL Clubs*" (emphasis added).  The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, ██████ |
| 155.   The Minutes of the 1951 Annual Meeting of the NFL Clubs state ████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ | 155.   It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the cited document is minutes from the "1951 Annual Meeting of the *NFL Clubs*" (emphasis added).  The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1 ████ |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | ████████████ |
| 156.   The Minutes of the 1951 Annual Meeting of the NFL Clubs state ████ ████████████████ | 156.   It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the cited document is minutes from the "1951 Annual Meeting of the *NFL Clubs*" (emphasis added).  The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5. ████ |
| 157.   The Minutes of the 1951 Annual Meeting of the NFL Clubs state ████ ████████████████ | 157.   It is undisputed that the cited document ████<br><br>The NFL Defendants dispute that the cited document is minutes from the "1951 Annual Meeting *of the NFL Clubs*" (emphasis added).  The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5. ████ |
| 158.   The Minutes of a 1951 special meeting of the NFL Clubs, held on March 27, 1951, state ████ | 158.   It is undisputed that the cited document ████ |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| ██████████████████████<br>██████████████████████<br>██████████████████████<br>██████████████████████<br>██████████████████████<br>██████████████ | The NFL Defendants dispute that the cited document is minutes from a "1951 special meeting *of the NFL Clubs*" (emphasis added).  The NFL Constitution provides for "[s]pecial meetings of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.2, ████████████████████████<br>████████████████████████ |
| 159.   In 1951, the NFL Clubs amended their Constitution and bylaws to adopt Article X.<br><br>*Evidence*: ██████████████████<br>████████████████ *See also In re NFL Sunday Ticket*, 933 F.3d at 1144 | 159.   The NFL Defendants dispute this proposed fact. ████████████████<br>████████████████████████<br>████████████████████████ |
| 160.   The Ninth Circuit stated that, in Article X, "the NFL required each NFL team to agree to minimize competition by refraining from telecasting its games into another team's local market whenever that local team was either playing at home or broadcasting its away game in its local territory."<br><br>*Evidence*: *In re NFL Sunday Ticket*, 933 F.3d at 1144. | 160.   It is undisputed that the cited court decision contains the quoted language.<br><br>The NFL Defendants dispute the accuracy of the quoted statement. The cited court decision accepted Plaintiffs' allegations as true, 933 F.3d at 1149, did not make factual findings, and is not admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). |
| 161.   The Department of Justice ("DOJ") sued the NFL to enjoin the limitations on television-broadcasting | 161.   It is undisputed that the Department of Justice ("DOJ") filed a lawsuit against the NFL approximately |

149

Case No. 2:15-ml-02668-PSG (JEMx)                    Response to Statement of Genuine Issues and Additional Genuine Issues
                                                     in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| competition among the NFL Clubs imposed by Article X.<br><br>*Evidence*: *United States v. Nat'l Football League*, 116 F. Supp. 319, 326–27 (E.D. Pa. 1953) ("*NFL I*") | 70 years ago.<br><br>The NFL Defendants dispute the characterization of the DOJ's case, which is not supported by admissible evidence. *See, e.g.*, *Carrillo*, 2012 WL 12850128, at \*4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). |
| 162.   The United States District Court for the Eastern District of Pennsylvania enjoined in 1953 the NFL Clubs and the NFL from executing broadcast agreements that restrict "the sale of rights for the telecasting of out-side games in club's home territory on a day when the home club is permitting the telecast of its away game in its home territory."<br><br>*Evidence*: *NFL I*, 116 F. Supp. at 326–30. | 162.   The NFL Defendants dispute this proposed fact. The stated fact misstates the injunction, which did not categorically limit the broadcast agreements into which clubs or the NFL could enter, but rather enjoined Article X to the extent it included "[t]he restriction of the sale of rights for the telecasting of outside games in club's home territory on a day when the home club is permitting the telecast of its away game in its home territory." *NFL I*, 116 F. Supp. at 330. |
| 163.   The NFL did not appeal that 1953 injunction ("NFL I injunction").<br><br>*Evidence*: *NFL I*, 116 F. Supp. at 326–30. | 163.  Plaintiffs' proffered evidence does not support the proposed fact. |
| 164.   In 1973, findings of Congress state that, "[b]y the late 1950s, eleven individual teams had signed contracts with [CBS]; two teams—Baltimore and Pittsburgh—had signed contracts with [NBC]; and one team—Cleveland— had organized its own network." | 164.  It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the cited document represents "findings of Congress."  It is a House Report published by the House Committee on |

150

Case No. 2:15-ml-02668-PSG (JEMx)                    Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Evidence*: H.R. Rep. No. 93-483 at 4 (1973). | Interstate and Foreign Commerce. H.R. Rep. No. 93-483, at *2032 (1973). |
| 165. The Minutes of the 1954 Annual Meeting of the NFL Clubs state ████████████████████████████████████████████████████████████████████████████████ ████████████████ | 165. The NFL Defendants dispute this proposed fact. Plaintiffs selectively quote the cited evidence, which states in relevant part, ████████████████████████████████████████████████████ The NFL Defendants further dispute that the cited document are minutes from the "1954 Annual Meeting *of the NFL Clubs*" (emphasis added). The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, ████████████████████████████████████████████████ |
| 166. In 1973, findings of Congress state that, "For a number of years after the 1953 [NFL I injunction], the broadcasting practices of the member clubs of the National Football League stabilized." *Evidence*: H.R. Rep. No. 93-483 at 4 (1973). | 166. It is undisputed that the cited document contains the quoted language. The NFL Defendants dispute that the cited document represents "findings of Congress." It is a House Report published by the House Committee on Interstate and Foreign Commerce. H.R. Rep. No. 93-483, at *2032 (1973). |
| 167. The Minutes of a January 1960 special meeting of the NFL Executive Committee, made up of representatives from NFL Clubs, state ████████████████████████████████████████████ | 167. It is undisputed that the cited document contains the quoted language. The cited document further states ████████████████████████████████████████████ The NFL Defendants dispute that the |

151

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | minutes pertain to a meeting of the NFL Executive Committee. |
| 168.   The Minutes of the 1960 Annual Meeting of the NFL Clubs state | 168.   It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the minutes refer<br><br>The NFL Defendants further dispute that the cited document is minutes from the "1960 Annual Meeting *of the NFL Clubs*" (emphasis added). The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, |
| 169.   The Minutes of the 1960 Annual Meeting of the NFL Clubs state | 169.   It is undisputed that the cited document contains the quoted language. |

152

…

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | The NFL Defendants dispute that the cited document is minutes from the "1960 Annual Meeting *of the NFL Clubs*" (emphasis added). The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, |
| 170.   The Minutes of the 1960 Annual Meeting of the NFL Clubs state | 170.   It is undisputed that the cited document contains the quoted language,  The NFL Defendants dispute that the cited document is minutes from the "1960 Annual Meeting of *the NFL Clubs*" (emphasis added). The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1. |
| 171.   The Minutes of a subsequent special meeting of the NFL Clubs state | 171.   It is undisputed that the cited document contains the quoted language.  The NFL Defendants dispute that the cited portion of the document pertains to a "*subsequent* special meeting *of the NFL Clubs*" (emphasis added). |

153

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | ████████████████████ ████████████████████ ████████████████████ ████████████ Further, the NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, ████████ ████████ |
| 172.   The Minutes of a subsequent special meeting of the NFL Clubs state ██████████████ ██████████ ██████████████████ ██████. | 172.   It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the cited portion of the document pertains to a "*subsequent* special meeting *of the NFL Clubs*" (emphasis added). ████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ Further, the NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, ████████ |
| 173.   The Minutes of the 1960 Annual Meeting of the NFL Clubs state ███ ███████████████████ | 173.   It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the |

154

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | cited document is minutes from the "1960 Annual Meeting *of the NFL Clubs*" (emphasis added). The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, |
| 174.  As of 1960, the NFL Clubs and the NFL did not | 174.   The NFL Defendants dispute this proposed fact. |
| | The NFL Defendants further dispute that the cited document are minutes from the "1960 Annual Meeting *of the NFL Clubs*" (emphasis added). The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, |

155

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| |  |
| 175.   The Minutes of the 1960 Annual Meeting of the NFL Clubs state | 175.   It is undisputed that the cited document contains the quoted language.<br><br>The NFL Defendants dispute that the cited document are minutes from the "1960 Annual Meeting of the NFL Clubs." The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, |
| 176.   The Minutes of the 1961 Annual Meeting of the NFL Clubs state | 176.   The NFL Defendants dispute this proposed fact. |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | The NFL Defendants further dispute that the cited document is minutes from the "1961 Annual Meeting *of the NFL Clubs*." The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, |
| 177.   The Minutes of the 1961 Annual Meeting of the NFL Clubs state | 177.   The NFL Defendants dispute this proposed fact. |
| | The NFL Defendants further dispute that the cited document is minutes from the "1961 Annual Meeting *of the NFL Clubs*" (emphasis added). The NFL Constitution provides for "[t]he Annual Meeting of the League," Kilaru Decl. Ex. 1 (NFL Const.) § 5.1, |

157

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 178.   In 1961, the NFL filed a petition with the United States District Court for the Eastern District of Pennsylvania that requested it approve a television contract between the NFL and CBS for the broadcast of the NFL Clubs' games.<br><br>*Evidence*: *United States v. Nat'l Football League*, 196 F. Supp. 445 (E.D. Pa. 1961) (*NFL II*). | 178.   Plaintiffs do not identify admissible evidence supporting the proposed fact.  The district court's opinion is not admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)).<br><br>Moreover, the cited opinion refers to "all League games" not "the NFL Clubs' games." *NFL II*, 196 F. Supp. at 446. |
| 179. | 179. |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 180.   The United States District Court for the Eastern District of Pennsylvania stated: "[NFL] Defendants concede that the 1961 NFL-CBS contract marks a basic change in National Football League television policy. Prior to this contract each member club individually negotiated and sold the television rights to its games to sponsors or telecasters with whom it could make satisfactory contracts. The NFL-CBS contract sharply departs from this practice. It is implicit in the 1961 contract that the member clubs have agreed among themselves and with the League that each club will not sell its television rights separate and apart from those of the other clubs, but that each club will pool its television rights with those of all of the other clubs, and that only the resulting package of pooled television rights will be sold to a purchaser. The | 180.   It is undisputed that the cited court decision contains the quoted language.<br><br>The NFL Defendants dispute the accuracy of the quoted statement. See SUF ¶¶ 22, 23, 152.  Plaintiffs do not identify admissible evidence supporting the accuracy of the statement. The district court's opinion is not admissible evidence.  *See, e.g., Carrillo*, 2012 WL 12850128, at \*4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)); *see also* SUF ¶¶ 72-73; AUF ¶¶ 151-152. |

159

Case No. 2:15-ml-02668-PSG (JEMx)          Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| clubs authorized the Commissioner of the League to sell this package of pooled television rights, and under the provisions of the 1961 contract with CBS he sold it. Thus, by agreement, the member clubs of the League have eliminated competition among themselves in the sale of television rights to their games."<br><br>*Evidence*: *NFL II*, 196 F. Supp. 445, 447. | |
| 181.   The United States District Court for the Eastern District of Pennsylvania stated that, "As [NFL] defendants state in their petition for construction: 'Said contract provides that the network (CBS) shall have the right to determine, entirely within its own discretion without consulting the Commissioner or any club of the League which games shall be telecast and where such games be televised."<br><br>*Evidence*: *NFL II*, 196 F. Supp. 445, 447. | 181.   It is undisputed that the cited court decision contains the quoted language.<br><br>Plaintiffs do not identify admissible evidence supporting the accuracy of the statement.  The district court's opinion is not admissible evidence.  *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). |
| 182.   The United States District Court for the Eastern District of Pennsylvania held "[c]learly this provision restricts the individual clubs from determining 'the areas within which … telecasts of games … may be made,' since [NFL] defendants have by their contract given to CBS the power to determine which games shall be telecast and where the games shall be televised." | 182.   It is undisputed that the cited court decision contains the quoted language.<br><br>Plaintiffs do not identify admissible evidence supporting the accuracy of the statement.  The district court's opinion is not admissible evidence.  *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); |

**Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Evidence*: *NFL II*, 196 F. Supp. 445, 447. | *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). |
| 183.   The United States District Court for the Eastern District of Pennsylvania issued a second injunction (the 1961 NFL II injunction), enjoining the implementation of the pooled rights contract between NFL and CBS.

*Evidence*: *NFL II*, 196 F. Supp. at 447. | 183.   It is undisputed that the court entered an injunction.

The NFL Defendants dispute Plaintiffs' characterization of the injunction, which speaks for itself.  Moreover, the district court's opinion is not admissible evidence.  *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). |
| 184.   The NFL did not appeal the 1961 NFL II injunction; rather, it lobbied Congress to exempt the pooling of the NFL Clubs' broadcast rights from the antitrust laws.

*Evidence*: *In re NFL Sunday Ticket*, 933 F.3d at 1146. | 184.   Plaintiffs do not identify admissible evidence supporting the accuracy of the statement.

The cited court decision accepted Plaintiffs' allegations as true, *see* 933 F.3d at 1149, did not make factual findings, and is not admissible evidence.  *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4 ("[A prior court's] findings are inadmissible evidence in this case."); *Perry*, 857 F.2d at 1351 n.8 ("[A] court decision should be admitted as substantive evidence only in the rarest of cases when no other form of evidence is available.'" (citation omitted)). |

161

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 185. ██████████████████████ ██████████████████████ ██████████████████████ <br><br> ██████████████████████ ██████████████████████ ██████████████████████ | 185. ██████████████████████ ██████████████████████ <br><br> ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ |
| 186.   The NFL is now "authorized to negotiate on behalf of the NFL member clubs for the collective licensing and distribution of rights to broadcast NFL games." <br><br> *Evidence*: Answer to Amended Complaint, Dkt. 442, ¶ 81. ███████ ██████████████████████ ██████████████████████ | 186.   It is undisputed that the NFL Defendants' Answer includes the quoted language. It is also undisputed that the NFL acts as an agent for each club in negotiating and executing SBA-protected agreements, which provide for the sale of the NFL's and teams' rights to game broadcasts. ██████ ██████████████████████ ██████████████████████ |
| 187.   The NFL Constitution states that "[a]ll regular season (and preseason network) television income will be divided equally among all member clubs of the League regardless of the source of such income." <br><br> *Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 10.3. | 187.   It is undisputed that the NFL Constitution contains the quoted language. |
| 188.   With respect to revenues from ticket sales, the NFL Constitution states that "[t]he home club shall deliver to | 188.   It is undisputed that the NFL Constitution contains the quoted language. |

**Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| the League office the greater of $30,000 for each regular season and preseason game, or 40% of gross receipts," after certain deductions.<br><br>*Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 19.1. | |
| 189.   Teams can deduct 15% of the gross receipts from ticket sales to a "stadium rental allowance."<br><br>*Evidence*: Leckman Decl. Ex. 1 (NFL Const.) § 19.1 (A)(2). | 189.   It is undisputed that the NFL Constitution contains the quoted language. |

**C.     The NFL-Networks Sunday Afternoon Agreements**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 190.   During the class period, on behalf on the NFL Clubs, the NFL contracted with CBS and Fox for the production and broadcast of all Sunday-afternoon games.<br><br>*Evidence*: ██████████████ | 190.   It is undisputed that during the class period, NFL-Network Agreements with CBS and FOX were entered into by the NFL |
| 191.   The NFL has entered into those agreements on behalf of the NFL member clubs.<br><br>*Evidence*: ██████████ | 191.   It is undisputed that during the class period, NFL-Network Agreements with CBS and FOX were entered into by the NFL |

163

Case No. 2:15-ml-02668-PSG (JEMx)                    Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |
| 192.   The NFL-Network agreements provide that there are only two windows during the day each Sunday during which CBS or Fox may broadcast professional football games.<br><br>*Evidence*: | 192.   Undisputed. |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████ | |
| 193.   The NFL-Network agreements provide that CBS and Fox may make only one NFL telecast available over-the-air during each Sunday daytime window. | 193.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement. |
| *Evidence*: ████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ | ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ |
| 194.   The NFL-Network agreements provide that no more than two NFL | 194.   The NFL Defendants dispute this proposed fact, and the proffered |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| telecasts can be broadcast over-the-air at the same time.<br><br>*Evidence*: | evidence does not support Plaintiffs' statement. |



166

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |
| 195.   The most recent agreements between the NFL and CBS require ██ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ <br><br> ████████████████████ ████████████ ████████████████ ████████████ | 195.   It is undisputed that the cited documents contain the quoted language. |
| 196.   Each week during the NFL regular season period, there are 13 to 16 games played. <br><br> *Evidence*: *See, e.g.*, NFL 2022 Week 1 Schedule, available at nfl.com/schedules/2022/reg1.██ ████████████████████ ████████ | 196.   It is undisputed that, currently, 13 to 16 games are played each week during an NFL regular season. |
| 197.   During the NFL regular season, 10 to 13 games are played in one of the two Sunday daytime windows. <br><br> *Evidence*: ████████████ | 197.   It is undisputed that, currently, 10 to 13 games are played in one of the two Sunday daytime windows during an NFL regular season. |

167

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 198.   No game broadcast by Fox or CBS on Sunday afternoon is a national broadcast; instead, games occurring in the two Sunday daytime windows are broadcast regionally.<br><br>*Evidence*: | 198.   The NFL Defendants dispute Plaintiffs' assertion that no game broadcast by Fox or CBS on Sunday afternoon is a national broadcast, and the proffered evidence does not support Plaintiffs' proposed fact.<br><br>CBS and FOX regularly distribute national broadcasts during the regular season at 4:25 p.m. *See, e.g.*, Kilaru Reply Decl. Ex. 72 (506 Sports Map Week 6, 2022) (showing that CBS broadcast the Buffalo Bills-Kansas City Chiefs game nationally on Sunday, October 16, 2022, at 4:25 p.m. ET). |
| 199.   In a typical week during the NFL regular season, of the 10 to 13 games that are played in the two Sunday-afternoon windows, most consumers will be able to watch just 3 of them over the air.<br><br>*Evidence*: | 199.   Undisputed. |

168

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |
| 200.   In a typical week during the NFL regular season, 10 Sunday daytime games are not broadcast over-the-air in most television markets.<br><br>*Evidence*: | 200.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement.<br><br>Plaintiffs' assertion that |

169

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |
| 201.   The NFL-Network agreements place limitations | 201.   Undisputed. |
| *Evidence*: | |



| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 202.   The CBS and Fox agreements state that | 202.   It is undisputed that |
| Evidence: | The NFL Defendants dispute that all "CBS and Fox agreements," without limitation, contain |
| 203.   The current NFL-CBS Sunday broadcast agreement provides | 203.   It is undisputed that |

171

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 204. The current NFL-Fox Sunday broadcast agreement provides | 204. The NFL Defendants dispute this proposed fact. |
| *Evidence*: | |
| 205. Brian Rolapp testified that | 205. It is undisputed that Mr. Rolapp's deposition testimony |
| *Evidence*: | |



172

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |
| 206.   During the class period, the NFL and the NFL Clubs have received approximately ▮▮▮▮ from CBS and Fox for the rights to the Sunday-afternoon broadcast packages.<br><br>*Evidence*: ▮▮▮▮ | 206.   Plaintiffs' proffered evidence does not support the proposed fact.<br><br>▮▮▮▮ |

**D.     The NFL-DIRECTV Sunday Ticket Agreement**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 207.   During the class period, on behalf of the NFL Clubs, the NFL contracted with DirecTV to sell out-of-market telecasts.<br><br>*Evidence*: ▮▮▮▮ | 207.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement.<br><br>▮▮▮▮ |



| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 208.   The NFL-DIRECTV agreements operative during the class period provide ▇▇ | 208.   Undisputed only that ▇▇ |
| *Evidence*: ▇▇ | |
| 209.   The NFL-DIRECTV agreements operative during the class period provide ▇▇ | 209.   It is undisputed that the cited document contains the quoted language. |
| | The NFL Defendants dispute that ▇▇ |
| *Evidence*: ▇▇ | |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| |  |
| 210.   The NFL-DIRECTV agreements operative during the class period provide that ▮▮▮▮ | 210.   It is undisputed that the cited document contains the quoted language.

The NFL Defendants dispute that ▮▮▮ |
| *Evidence*: ▮▮▮ | |

175

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |
| 211.   The NFL-DIRECTV agreements operative during the class period require █████████ | 211.   It is undisputed that the cited document |
| *Evidence*: ████████ | |
| 212.   In 1994, the NFL entered into an exclusive agreement with DirecTV to distribute the out-of-market NFL games.  *Evidence*: ████████ | 212. |

176

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 213.   That product was and is called NFL Sunday Ticket.<br><br>*Evidence*: ▮▮▮▮▮▮▮▮▮ | 213.   Undisputed that the subscription package of out-of-market NFL games was and is called NFL Sunday Ticket.<br><br>The NFL Defendants dispute the use of the phrase "that product" as undefined, vague, and ambiguous. |
| 214.   The NFL exclusively distributed those out-of-market games through DirecTV from 1994 through the end of the 2022–23 football season.<br><br>*Evidence*: ▮▮▮▮▮▮▮▮▮ | 214.   Undisputed, ▮▮▮▮▮ |
| 215.   To subscribe to NFL Sunday Ticket on DirecTV, most consumers must first subscribe to DirecTV's satellite service.<br><br>*Evidence*: ▮▮▮▮▮▮▮ | 215.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement. ▮▮▮▮ |

177

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| **216.** ▮▮▮▮▮▮▮▮▮▮ | **216.** ▮▮▮▮▮▮▮ |
| *Evidence*: ▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮ |
| **217.**  During the class period, the list price for NFL Sunday Ticket on DirecTV for residential customers ranged from $199 to $396. | **217.** ▮▮▮▮▮ |



178

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Evidence*:  | |
| 218. Beginning in the 2023 season, the residential Sunday Ticket package will only be available via YouTube.<br><br>*Evidence*: | 218. Undisputed. |
| 219. The price of NFL Sunday Ticket on YouTube has been advertised as $349 to $389 for YouTube TV subscribers and between $449 and $489 for non-YouTube TV subscribers.<br><br>*Evidence*: Pricing for Sunday Ticket on YouTube TV for the upcoming season is available, e.g., at https://tv.youtube.com/learn/nflsundayticket/. | 219. It is undisputed that NFL Sunday Ticket on YouTube has been advertised at those price points. |

179

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 220. During the class period, the NFL and the NFL Clubs have received approximately ▮▮▮▮ from DirecTV for the rights to the Sunday Ticket package.<br><br>*Evidence*: | 220. Plaintiffs' proffered evidence does |



**E.    The NFL's Role in Limiting the Output of NFL Sunday Ticket**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 221. During the class period, DirecTV averaged around 2 million subscribers to NFL Sunday Ticket.<br><br>*Evidence*: | 221. The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement. |



180

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 222.   Robert Kraft testified <br><br> *Evidence*: | 222.   The NFL Defendants dispute this proposed fact. |



181

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | ███████████████ |
| 225. ████████████ | 225. ████████ |
| ████████████ | ████████████████ |
| *Evidence*: ███████████ | |
| ████████████ | |
| 226. ███████████ | 226. ████████ |
| ███████████████ | ████████████████ |
| ███████████████ | |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Evidence*: ███████ | ███████ |
| 227. ███████ | 227. ███ |
| *See* ███ | |
| 228. ███████ | 228. ███████ |
| *Evidence*: ███████ | ███████ |

184

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |
| 229. Brian Rolapp testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>*Evidence*: ▮▮▮▮▮ | 229. The NFL Defendants dispute this proposed fact ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 230. Robert Kraft, the owner of the New England Patriots and a chair of the NFL's Media Committee, testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>*Evidence*: ▮▮▮▮▮▮▮ | 230. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |



185

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| |  |
| 231.   In late 1996 or early 1997, the NFL considered broadening | 231. |

187

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|



distribution of Sunday Ticket, but it elected not to.

*Evidence*:

232.

*Evidence*:

233.

232.

233.

188

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



189

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



190



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed | █████ |
|---|---|
| | ████ |

240.

**240.**

*Evidence*:

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 241. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Evidence*: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 241. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 242. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Evidence*: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 242. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 243. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 243. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

194

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Evidence*: ███████ | ████████████ |
| 244. ████████ | 244. ████████ |



**F.      The NFL's Role in Setting the Price of NFL Sunday Ticket**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 245.   The NFL exerts influence over the retail price and package composition of NFL Sunday Ticket.<br><br>*Evidence*: | 245.   The NFL Defendants dispute this proposed fact, and the proffered evidence does not support Plaintiffs' statement. |



197

**Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment**



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |

199



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| |  |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 246. | 246. |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment



| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | |

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 247.   Apple produced a document ██████████ | 247.   It is undisputed that Apple produced a document ██████ |
| *Evidence*: ██████ | 248. ██████ |
| 248. ██████ | |
| *Evidence*: ██████ | |
| 249. ██████ | 249. ██████ |
| *Evidence*: ██████ | |
| 250.   Apple produced a document ██████ | 250.   It is undisputed that Apple produced a document ██████ |

205

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|



206

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment



| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 253. | 253. |
| *Evidence*: | |
| 254. | 254. |
| *Evidence*: | |
| 255.   The NFL produced an email | 255. |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Evidence*: ▓▓▓▓▓▓▓▓▓▓ | |
| 256. ▓▓▓▓▓▓ | 256.   It is undisputed that the cited docum▓▓▓▓ |
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ |
| *Evidence*: ▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ |



Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | |

### G.   Plaintiffs' Theory of the Case Remains Consistent

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| 257.   Plaintiffs' Consolidated Amended Complaint states: "This exclusive deal [between the NFL and DirecTV], along with other contractual arrangements between the NFL, its member teams, and DirecTV, as well as Fox, ESPN, CBS, and NBC (collectively, the "Networks"), results in the blackout or unavailability of out-of-market games, except through the bundled NFL/DirecTV Sunday Ticket. | 257.   It is undisputed that the cited document contains the quoted language.

The Ninth Circuit interpreted the cited legal filing, in conjunction with Plaintiffs' other filings and arguments before the Ninth Circuit, to not challenge the agreements between the NFL and the "Networks." Rather, the Ninth Circuit indicated that Plaintiffs |

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| These arrangements result in substantial injury to competition[.]"<br><br>*Evidence*: Dkt. 163 ¶ 10 (filed June 24, 2016). | challenged the alleged agreements (1) between the NFL Clubs and NFL and (2) between the NFL and DirecTV, not the agreements between the NFL and Networks. *See Sunday Ticket*, 933 F.3d at 1149 & n.4. The Ninth Circuit also noted that "[t]he defendants argue, and the plaintiffs do not dispute, that the NFL-Network Agreement is covered by the SBA." *Id.*, at n.4.<br><br>In any event, neither the Consolidated Amended Complaint nor the Ninth Circuit's opinion are admissible evidence. *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4; *Perry*, 857 F.2d at 1351 n.8.<br><br>The NFL Defendants dispute the veracity of the quoted language, and Plaintiffs proffer no other evidence to supporting its veracity. |
| 258.   Plaintiffs' memorandum in opposition to the NFL Defendants' motion to dismiss states:<br><br>"They are challenging agreements that restrain competition with Sunday Ticket and the telecasts it includes."<br><br>"If Sunday Ticket were available more broadly, more consumers would be able to choose to watch games other than those shown on local networks, which would make the OTA broadcasts less valuable. That is why networks have insisted on limiting the availability of Sunday Ticket." | 258.   It is undisputed that the cited document contains the quoted language.<br><br>The Ninth Circuit interpreted the cited legal filing, in conjunction with Plaintiffs' other filings and arguments before the Ninth Circuit, to not challenge the agreements between the NFL and the "Networks." Rather, the Ninth Circuit indicated that Plaintiffs challenged the alleged agreements (1) between the NFL Clubs and NFL and (2) between the NFL and DirecTV, not the agreements between the NFL and Networks. *See Sunday Ticket*, 933 F.3d at 1149 & n.4. The Ninth Circuit also noted that "[t]he defendants argue, and |

**Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| "Ultimately, the core agreements at issue are not to manipulate the market in rights, but to limit the availability of telecasts at the consumer level. The NFL Defendants have secured agreements from Fox and CBS to distribute only one of the games they produce at a given time on local television, and that only three such games will be available OTA." | the plaintiffs do not dispute, that the NFL-Network Agreement is covered by the SBA." *Id.*, at n. 4.<br><br>In any event, neither Plaintiffs' opposition to the motion to dismiss nor the Ninth Circuit's opinion are admissible evidence. *See, e.g.*, *Carrillo*, 2012 WL 12850128, at *4 n.4; *Perry*, 857 F.2d at 1351 n.8. |
| "Plaintiffs have alleged a conspiracy between a horizontal combination (the NFL teams) and other market levels, which restrains competition between Sunday Ticket and other NFL programing in a way that raises Sunday Ticket prices, restrains viewership of out-of-market games, and increases the profits of the teams, the networks that carry OTA games, and, of course, DirecTV."<br><br>*Evidence*: *See, e.g.*, Dkt. 184, at 1, 6, 8, 21 n.21 (filed September 22, 2016). | The NFL Defendants dispute the veracity of the quoted language, and Plaintiffs proffer no other evidence supporting its veracity. |
| 259.   Plaintiffs opening brief to the ninth circuit states: "Plaintiffs' Consolidated Amended Complaint ('CAC') alleges that the National Football League ('NFL'), its member teams, and DirecTV, along with various television networks, have entered into a set of agreements that, working together, suppress competition for the sale of professional football game telecasts in violation of Sections 1 and 2 of the Sherman Act[.]" Leckman Decl. Ex. 42 (Plaintiffs' opening Ninth Circuit brief), at 1, *Ninth* | 259.   It is undisputed that the cited document contains the quoted language.<br><br>The Ninth Circuit interpreted the cited legal filing, in conjunction with Plaintiffs' other filings and arguments before the Ninth Circuit, to not challenge the agreements between the NFL and the "Networks."  Rather, the Ninth Circuit indicated that Plaintiffs challenged the alleged agreements (1) between the NFL Clubs and NFL and (2) between the NFL and DirecTV, not the agreements between the NFL and |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| *Inning, Inc., et al., v. DirecTV, LLC, et al.*, No. 17-56119 (9th Cir. 2018). | Networks. *See Sunday Ticket*, 933 F.3d at 1149 & n.4. The Ninth Circuit also noted that "[t]he defendants argue, and the plaintiffs do not dispute, that the NFL-Network Agreement is covered by the SBA." *Id.*, at n. 4.<br><br>In any event, neither Plaintiffs' brief to the Ninth Circuit nor the Ninth Circuit's opinion are admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4; *Perry*, 857 F.2d at 1351 n.8.<br><br>The NFL Defendants dispute the veracity of the quoted language, and Plaintiffs proffer no other evidence supporting its veracity. |
| 260.   Plaintiffs' Opening Brief to the Ninth Circuit states: "Agreements Between the NFL, Television Networks, and DirecTV Artificially Limit the Availability of Professional Football Telecasts."<br><br>*Evidence*: Leckman Decl. Ex. 42 (Plaintiffs' opening Ninth Circuit brief), at 3, *Ninth Inning, Inc., et al., v. DirecTV, LLC, et al.*, No. 17-56119 (9th Cir. 2018). | 260.   It is undisputed that the cited document contains the quoted language.<br><br>The Ninth Circuit interpreted the cited legal filing, in conjunction with Plaintiffs' other filings and arguments before the Ninth Circuit, to not challenge the agreements between the NFL and the "Networks." Rather, the Ninth Circuit indicated that Plaintiffs challenged the alleged agreements (1) between the NFL Clubs and NFL and (2) between the NFL and DirecTV, not the agreements between the NFL and Networks. *See Sunday Ticket*, 933 F.3d at 1149 & n.4. The Ninth Circuit also noted that "[t]he defendants argue, and the plaintiffs do not dispute, that the NFL-Network Agreement is covered by the SBA." *Id.*, at n. 4. |

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| | In any event, neither Plaintiffs' brief to the Ninth Circuit nor the Ninth Circuit's opinion are admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4; *Perry*, 857 F.2d at 1351 n.8.<br><br>The NFL Defendants dispute the veracity of the quoted language, and Plaintiffs proffer no other evidence supporting its veracity. |
| 261.   Plaintiffs' Opening Brief to the Ninth Circuit states: "To protect these local telecasts from the other NFL telecasts, the NFL and networks agreed that all other Sunday-afternoon games will be available nationally only through a limited, non-basic, subscription service."<br><br>*Evidence*: Leckman Decl. Ex. 42 (Plaintiffs' opening Ninth Circuit brief), at 5, *Ninth Inning, Inc., et al., v. DirecTV, LLC, et al.*, No. 17-56119 (9th Cir. 2018). | 261.   It is undisputed that the cited document contains the quoted language.<br><br>The Ninth Circuit interpreted the cited legal filing, in conjunction with Plaintiffs' other filings and arguments before the Ninth Circuit, to not challenge the agreements between the NFL and the "Networks." Rather, the Ninth Circuit indicated that Plaintiffs challenged the alleged agreements (1) between the NFL Clubs and NFL and (2) between the NFL and DirecTV, not the agreements between the NFL and Networks. *See Sunday Ticket*, 933 F.3d at 1149 & n.4. The Ninth Circuit also noted that "[t]he defendants argue, and the plaintiffs do not dispute, that the NFL-Network Agreement is covered by the SBA." *Id.*, at n. 4.<br><br>In any event, neither Plaintiffs' brief to the Ninth Circuit nor the Ninth Circuit's opinion are admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4; *Perry*, 857 F.2d at 1351 n.8. |

**Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment**

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
|  | The NFL Defendants dispute the veracity of the quoted language, and Plaintiffs proffer no other evidence supporting its veracity. |
| 262.   Plaintiffs' Opening Brief to the Ninth Circuit states: "The agreements are designed to work together to benefit DirecTV, the networks, and the NFL—at consumers' expense. They benefit the NFL and its teams because distributors will pay more for exclusive rights. They benefit the two networks because DirecTV's exclusivity and high pricing limit the universe of potential subscribers to Sunday Ticket. The networks (and their local affiliates) are thus protected from competition from other potential providers of Sunday telecasts, enabling them to raise the prices they charge advertisers and distributors. II-ER-53-54 (CAC ¶¶11, 12). And just as DirecTV's suppression of output protects the networks, the limitation on over-the-air telecasts to just two or three games protects DirecTV, allowing it to charge supracompetitive prices for both Sunday Ticket and its standard programming." *Evidence*: Leckman Decl. Ex. 42 (Plaintiffs' opening Ninth Circuit brief), at 6–7, Ninth Inning, Inc., et al., v. DirecTV, LLC, et al., No. 17-56119 (9th Cir. 2018). | 262.   It is undisputed that the cited document contains the quoted language. The Ninth Circuit interpreted the cited legal filing, in conjunction with Plaintiffs' other filings and arguments before the Ninth Circuit, to not challenge the agreements between the NFL and the "Networks." Rather, the Ninth Circuit indicated that Plaintiffs challenged the alleged agreements (1) between the NFL Clubs and NFL and (2) between the NFL and DirecTV, not the agreements between the NFL and Networks. *See Sunday Ticket*, 933 F.3d at 1149 & n.4. The Ninth Circuit also noted that "[t]he defendants argue, and the plaintiffs do not dispute, that the NFL-Network Agreement is covered by the SBA." *Id.*, at n. 4. In any event, neither Plaintiffs' brief to the Ninth Circuit nor the Ninth Circuit's opinion are admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4; *Perry*, 857 F.2d at 1351 n.8. The NFL Defendants dispute the veracity of the quoted language, and Plaintiffs proffer no other evidence supporting its veracity. |
| 263.   Plaintiffs' Second Consolidated Amended Complaint states: "This exclusive deal [between the NFL and | 263.   It is undisputed that the cited document contains the quoted language. |

214

Response to Statement of Genuine Issues and Additional Genuine Issues in Support of the NFL Defendants' Motion for Summary Judgment

| Plaintiffs' Proposed Undisputed Fact | NFL Defendants' Genuine Issues |
|---|---|
| DirecTV], along with other contractual arrangements between the NFL, its member teams, and DirecTV, as well as Fox, ESPN, CBS, and NBC (collectively, the "Networks"), results in the blackout or unavailability of out-of-market games, except through the bundled NFL/DirecTV Sunday Ticket. These arrangements result in substantial injury to competition[.]" <br><br> *Evidence*: Dkt. 441 ¶ 8 (filed March 23, 2022). | The Ninth Circuit interpreted the cited legal filing, in conjunction with Plaintiffs' other filings and arguments before the Ninth Circuit, to not challenge the agreements between the NFL and the "Networks."  Rather, the Ninth Circuit indicated that Plaintiffs challenged the alleged agreements (1) between the NFL Clubs and NFL and (2) between the NFL and DirecTV, not the agreements between the NFL and Networks. *See Sunday Ticket*, 933 F.3d at 1149 & n.4. The Ninth Circuit also noted that "[t]he defendants argue, and the plaintiffs do not dispute, that the NFL-Network Agreement is covered by the SBA."  *Id.*, at n. 4. <br><br> In any event, neither Plaintiffs' brief to the Ninth Circuit nor the Ninth Circuit's opinion are admissible evidence. *See, e.g., Carrillo*, 2012 WL 12850128, at *4 n.4; *Perry*, 857 F.2d at 1351 n.8. <br><br> The NFL Defendants dispute the veracity of the quoted language, and Plaintiffs proffer no other evidence supporting its veracity. |

Date: September 29, 2023

Respectfully submitted,

/s/ *Rakesh N. Kilaru*

Rakesh N. Kilaru (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036

215

Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

Case No. 2:15-ml-02668-PSG (JEMx)

Response to Statement of Genuine Issues and Additional Genuine Issues
in Support of the NFL Defendants' Motion for Summary Judgment