Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | ) Case No. 2:15-ml-02668−PSG<br>)<br>) **DECLARATION OF JEREMY S. BARBER IN SUPPORT OF THE NFL DEFENDANTS' POSITION IN THE JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON NFL'S SUPPLEMENTAL PRIVILEGE LOG**<br>)<br>) Discovery Cutoff Date: 8/5/2022<br>) Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

Case No. 2:15-ml-02668-PSG

Declaration of Jeremy S. Barber in Support of the NFL Defendants' Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Production on NFL's Supplemental Privilege Log.

I, Jeremy S. Barber, declare as follows:

1.     I am a partner at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants in this litigation. I have been admitted to practice in the Central District of California *pro hac vice*. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.     I make this declaration in support of the NFL Defendants' Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Production of Documents on the NFL's Privilege Log.

3.     After Plaintiffs served their first set of discovery requests on the NFL Defendants in January 2021, the parties spent months negotiating the proper scope of discovery.

4.     In total, Plaintiffs have served 161 separate Requests for Production ("RFPs"). In response to those requests, the NFL Defendants produced over 139,000 documents spanning more than 1,285,000 pages prior to the close of fact discovery on August 5, 2022. The NFL Defendants also produced two privilege logs with approximately 1,800 entries related to those productions. Plaintiffs raised discrete concerns about those privilege logs, but the parties were able to resolve those issues after meeting and conferring. Plaintiffs did not file any motion with the Court claiming that those previous privilege logs were deficient.

5.     Plaintiffs served RFP No. 112 on January 20, 2022, which sought production of "[a]ll presentations, analyses, strategic planning documents, and communications regarding the current negotiations for the rights to Sunday Ticket from January 1, 2021 to the present day (and continuing in nature pursuant to Rule 26(e))."

6.     The parties met and conferred several times regarding the scope of the NFL Defendants' discovery obligations as to RFP No. 112, and eventually agreed in April 2022 that the NFL Defendants would collect additional documents from the custodial

Case No. 2:15-ml-02668-PSG

**Declaration of Jeremy S. Barber in Support of the NFL Defendants' Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Production on NFL's Supplemental Privilege Log.**

files of Commissioner Goodell, Mr. Rolapp, and Mr. Schroeder and produce responsive documents that hit on a search term proposed by Plaintiffs.

7.     On May 7, 2022, the NFL Defendants produced to Plaintiffs 2,237 documents, which included documents responsive to RFP No. 112.  To date, Plaintiffs have raised no concerns regarding the scope or volume of the May 7, 2022 production.

8.     On June 15, 2022, Plaintiffs sent the NFL Defendants a letter requesting additional productions of documents responsive to RFP No. 112, including productions after the fact discovery deadline.  During several ensuing meet-and-confers, the NFL Defendants proposed a number of compromise solutions to attempt to address Plaintiffs' stated concerns, including agreeing to producing non-custodial responsive documents following the announcement of any new Sunday Ticket agreement.  Plaintiffs rejected these offers.

9.     On July 12, 2022, Plaintiffs moved to compel, among other things, numerous productions of documents from multiple custodial files related to the new Sunday Ticket agreement, including some in the midst of on-going negotiations.  *See* Dkt. 536.

10.     Three days later, on July 15, Plaintiffs filed a separate motion with Chief Judge Gutierrez for permission to seek limited discovery after the August 5, 2022 deadline for fact discovery. *See* Dkt. 555-1.  This included limited discovery related to then ongoing negotiations for the future rights to Sunday Ticket.  *See id*.  On August 11, 2022, the Court granted Plaintiffs' second motion, permitting limited additional discovery after the fact discovery deadline.  *See* Dkt. 607.

11.     On August 9, 2022, two days prior to Judge Gutierrez's order on Plaintiffs' motion to extend the deadline for fact discovery, Magistrate Judge McDermott held a hearing regarding Plaintiffs' motion to compel production of documents from the NFL regarding the new Sunday Ticket agreement.  After the hearing, Judge McDermott ordered the parties to further meet and confer regarding the scope of the NFL

1  Defendants' discovery obligations with respect to RFP No. 112, and to submit a Joint

2  Status Report by September 9, 2022.  *See* Dkt. 599.

3        12.    After meeting and conferring regarding the scope of the NFL Defendants'

4  discovery obligations with respect to RFP No. 112, the parties ultimately agreed that the

5  NFL Defendants would make a production, within 45 days of the execution of any new

6  Sunday Ticket agreement, of documents responsive to RFP No. 112 from the custodial

7  files of the same three agreed-upon custodians, using the same agreed-upon search

8  terms, as the May 7, 2022 production.  The parties also agreed that the NFL would

9  produce a witness for deposition on the topic of the current negotiations and future

10  agreement for the rights to NFL Sunday Ticket pursuant to Federal Rule of Civil

11  Procedure 30(b)(6).  *See* Dkt. 643.

12        13.    On September 12, 2022, the Court issued an order endorsing the parties'

13  agreement as reflected in their Joint Status Report.  *See* Dkt. 645.

14        14.    On December 22, 2022, the NFL and Google announced their agreement

15  granting YouTube TV the rights to the residential Sunday Ticket package beginning the

16  2023 NFL season.  Pursuant to the parties' September 9, 2022 agreement and the Court's

17  September 12, 2022 Order, the NFL Defendants collected documents from the three

18  agreed-upon custodians, reviewed those that hit on the parties' agreed-upon search

19  terms, and produced responsive documents on January 13, 2023.  This production was

20  made 23 days before the agreed-upon deadline.  On March 28, 2023, the NFL announced

21  that it had reached an agreement for future rights to the commercial Sunday Ticket

22  package.  The NFL Defendants again collected documents from the three agreed-upon

23  custodians, reviewed those that hit on the parties' agreed-upon search terms, and

24  produced responsive documents related to the commercial Sunday Ticket agreement on

25  April 20, 2023.

26        15.    On January 31, 2023, Plaintiffs demanded, for the first time, that the NFL

27  Defendants collect additional custodial files, beyond those previously agreed to by the

28

---

3

Case No. 2:15-ml-02668-PSG

Declaration of Jeremy S. Barber in Support of the NFL Defendants'
Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel
Production on NFL's Supplemental Privilege Log.

parties and so-ordered by the Court, and review the documents from those additional
files that hit on a list of 16 overbroad additional search terms.  Plaintiffs further
demanded that the NFL re-review previously collected documents—dating back to
January 1, 2021—using the same set of expanded search terms.

16.     After multiple meet and confers between the parties, during which the NFL
Defendants attempted to reach a negotiated compromise, Plaintiffs filed a motion to
compel on April 4, 2023.  *See* Dkt. 912.  On April 25, 2023, without oral argument, the
Court denied Plaintiffs' request to add additional custodians, to use the overly broad
search terms that Plaintiffs had suggested, and to expand the applicable date range for
the production.  The Court ruled that "there is no deficiency in the NFL production" and
that it was "undisputed that the NFL has complied with the discovery requirements of
the September 12, 2022 Order, and Order to which Plaintiffs agreed." *See* Dkt. 924, at
6.  The Court ordered the parties to meet and confer on a new set of search terms that
would be applied to the three custodial files for the previously agreed upon NFL
witnesses.  *Id*., at 7.  Attached hereto as Exhibit 1 is a true and correct copy of the Court's
Order re Plaintiffs' Motion to Compel Discovery on the New Sunday Ticket Agreement,
filed on April 25, 2023.  *See* Dkt. 924.

17.     Following the Court's April 25, 2023 order, the parties negotiated a final
set of search terms and the NFL Defendants applied those terms and timely produced all
responsive documents on June 16, 2023.  The NFL Defendants also served a privilege
log on July 12, 2023 that detailed the documents that the NFL withheld from recent
productions in light of attorney-client privilege and attorney work product concerns.  *See*
Mirzadeh Decl. Ex. 5.

18.     On July 27, 2023, Plaintiffs raised concerns about entries from the NFL's
July 12, 2023 privilege log, including that certain communications between non-
attorneys did not fall within the scope of attorney-client privilege; that four specific
documents were improperly redacted; and that certain entries in the log did not list the

**Declaration of Jeremy S. Barber in Support of the NFL Defendants'
Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel
Production on NFL's Supplemental Privilege Log.**

file names of withheld attachments. *See* Mirzadeh Decl. Ex. 7. The parties promptly engaged in a meet and confer to attempt to address those concerns. Following the meet and confer, the NFL conducted an additional review of the documents identified by Plaintiffs, which led the NFL to downgrade approximately 15 documents and to correct the privilege log for 75 entries where attachment filenames were inadvertently omitted.

19.    On August 16, 2023, NFL's counsel communicated to Plaintiffs' counsel that the "NFL Defendants intend[ed] to produce the referenced additional documents along with a supplemental privilege log by the end of this week." *See* Mirzadeh Decl. Ex. 7, at 3. In light of that plan, NFL's counsel further stated: "It is not clear to me that an additional meet and confer is necessary. If Plaintiffs would like to discuss this further, however, we would be available Wednesday (8/23) after 2p et." *Id*. Plaintiffs' counsel responded: "Given your position, we will review the supplemental privilege log you provide later today and reach out should we have questions." *Id.* at 2. The NFL then served its amended privilege log on August 18, 2023. *Id.* at 1.

20.    When Plaintiffs received the NFL Defendants' amended privilege log, they did not raise further concerns about the log, nor did they seek to meet and confer about any specific document withheld on the basis of privilege. Instead, on August 25, 2023, Plaintiffs sent the NFL Defendants a draft Joint Stipulation, which raised new challenges to 96 entries in the NFL Defendants' amended privilege log. The NFL Defendants immediately sought to meet and confer on the contested entries, in lieu of burdening the Court with another discovery dispute, and the parties thereafter met for several hours over several weeks, discussing each of Plaintiffs' concerns.

21.    Throughout the meet-and-confer process, the NFL conducted a careful re-review of its prior privilege determinations, ultimately narrowing its privilege calls on 75 of the 96 contested entries. On September 13, 2023, the NFL produced an amended privilege log and a production of over 100 documents reflecting the NFL's narrowed privilege determinations. *See* Mirzadeh Decl. Ex. 10 (Sept. 13, 2023 Production).

Case No. 2:15-ml-02668-PSG

Declaration of Jeremy S. Barber in Support of the NFL Defendants' Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Production on NFL's Supplemental Privilege Log.

22.     The following week, the NFL produced a second amended privilege log and another small set of documents, to account for documents which had been inadvertently omitted from the September 13, 2023 production due to a miscommunication with a document vendor.  *See* Mirzadeh Decl. Exs. 11 & 12.

23.     The NFL Defendants produced Reference Nos. 16 and 212 from the second amended privilege log on October 2, 2023.  The NFL Defendants notified Plaintiffs on September 29, 2023 of their intention to produce both documents, and given that resolution, requested that Plaintiffs remove their discussion of the two entries from the Joint Stipulation.  Plaintiffs refused to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 3rd day of October, 2023 in New York, New York.

Dated:  October 3, 2023                    Respectfully submitted,

 */s/ Jeremy S. Barber*
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**

6

Declaration of Jeremy S. Barber in Support of the NFL Defendants' Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Production on NFL's Supplemental Privilege Log.

1
2
3
4

1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

5
6
7
8
9
10

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

11
12
13

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

Case No. 2:15-ml-02668-PSG

Declaration of Jeremy S. Barber in Support of the NFL Defendants'
Position in the Joint Stipulation Regarding Plaintiffs' Motion to Compel
Production on NFL's Supplemental Privilege Log.