Gregory E. Woodard (State Bar No. 203019)
Woodard Legal PC
7700 Irvine Center Dr., Suite 800 #156
Irvine, CA 92618
Telephone: (949) 769-6602
gw@woodardlegal.com

Attorneys for Plaintiff Pizza Pie & Wing, Co. LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | CASE NO.: 2:15-ML-02668-PSG-JEM <br><br> HON. PHILIP S. GUTIERREZ <br><br> **DECLARATION OF GREGORY WOODARD IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL OF RECORD FOR PLAINTIFF PIZZA PIE & WING CO. LLC** <br><br><br> Date: November 3, 2023 <br> Time: 1:30 p.m. <br> Dept.: 6A |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 3, 2023, at 1:30 p.m. in Courtroom 6A of the above Court, Plaintiff Pizza Pie & Wing Co. LLC's counsel Gregory E. Woodard of Woodard Legal PC, will and hereby does move for leave of the Court to withdraw from representation of Plaintiff.  The Motion is based on the following Memorandum of Points and Authorities and the supporting Declaration of Gregory E. Woodard.  The Motion is based on Local Rule 83-2.3.2 and California Rule of Professional Conduct, Rule 3-700(C)(6) based on the fact that moving party believes in good faith that this Court will find the existence of good cause for withdrawal.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 27, 2023.

Dated:  October 5, 2023

WOODARD LEGAL PC

By: /s/ Gregory Woodard
    Gregory E. Woodard
    Attorneys for Plaintiff Pizza Pie and Wings, Co.

# MEMORANDUM OF POINTS AND AUTHORITIES

Gregory E. Woodard of Woodard Legal PC (collectively, "Counsel"), one counsel of record for Plaintiff Pizza Pie & Wing Co. LLC hereby brings this motion for an order from the Court relieving Counsel as attorney of record for Plaintiff.

## I.    FACTS

In or about September 2015, Counsel agreed to serve as local counsel for Plaintiff to assist with filings and offer other advice regarding local rules and practices. (Declaration of Gregory E. Woodard ("Woodard Decl."), ¶ 2.)  Counsel provided these services until the case was dismissed and subsequently appealed to the Ninth Circuit in or about July 2017.  (*Id.*)  Counsel has done no work on the case in more than six years, since the appeal was initially filed.  (*Id.*)  Moreover, Counsel has accepted a position in house and is shutting his practice down, necessitating withdrawal from this action.  (*Id.*, at ¶ 3.)

On or about September 27, 2023, Counsel notified all counsel of record of his intent to withdraw from this case.  (Woodard Decl., ¶ 4.)  None of the counsel of record has opposed Counsel's intent to withdraw.  (*Id.*)  On or about September 28, 2023, Plaintiff consented to Counsel's request to withdraw as counsel for it.  (*Id.*)  Plaintiff will continue to be represented by other counsel if the Court grants this Motion.  (*Id.*, ¶ 5.)

## II.   ETHICAL CONSIDERATIONS SUPPORT GRANTING THIS MOTION

Under the Local Rules, an attorney "may not withdraw as counsel except by leave of court.  A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." (Civ. L.R. 83-2.3.2.)

Courts consider four factors in determining whether to grant withdrawal requests: (1) the reasons for withdrawal; (2) the prejudice withdrawal may cause to other parties; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.  (*Quezada v. City of Los Angeles*, 2017 WL 2562099 (C.D. 2017).)  Under California Rule of Professional Conduct, Rule 3-

700(C)(6) an attorney may make a motion to withdraw based on the fact that the attorney believes in good faith that a court will find the existence of good cause for withdrawal (Cal. Rules Prof. Conduct 3–700(C)(6).)

Each of the factors warrant granting the Motion here.  Counsel has not done work on the case in more than six years.  Moreover, the client has consented to the withdrawal.  Also, no counsel of record has opposed Counsel's Motion.  Finally, Plaintiff will continue to be represented by other counsel if the Court grants the Motions.  Accordingly, there is no prejudice to any party, there is no harm to the administration of justice, and there will be no delay to this action should the Court grant Counsel's Motion.

## III.   CONCLUSION

For the foregoing reasons, Counsel respectfully requests that this Court allow him and his firm to withdraw from representation of Plaintiff in this matter.

Dated:  October 5, 2023                                         WOODARD LEGAL PC

                                                                By: /s/ Gregory Woodard
                                                                    Gregory E. Woodard
                                                                    Attorneys for Plaintiff