Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON NFL'S SUPPLEMENTAL PRIVILEGE LOG**<br><br>Magistrate Judge: Hon. John E. McDermott<br>Date/Time: 10/24/2023, 10:00 a.m.<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

## REDACTED VERSION DOCUMENT PROPOSED TO BE FILED UNDER SEAL

The NFL offers nothing more than conclusory statements and justifications to continue withholding select entries on its privilege log. After a constant stream of productions from the privilege log, the NFL now argues that it has provided sufficient information for each withheld document to make a *prima facie* case that the attorney-client privilege applies.  The NFL claims that it included sufficient information such as "the names of in-house attorneys to receive the document (as well as other recipients), the nature of the document ('attachment includes request for legal advice regarding the subject matter conveyed in the email subject line'), the file name, and the date of the document." *See, e.g.*, Joint Stipulation at 23. The NFL concludes its portion of the joint stipulation by arguing that it should be given another opportunity to "amend the privilege log" to provide further information. *See, e.g.*, *id.* at 35.

But Plaintiffs do not base their motion on the insufficiency of the details or descriptions that the NFL has provided in its privilege log. Rather, Plaintiffs' challenges go to whether the NFL has properly asserted privileged based on: the information on the privilege log, several hours-long meetings discussing that log, and a review of the documents produced by the NFL that were previously withheld as privileged.

To be clear: Plaintiffs do not challenge any documents involving outside counsel. Plaintiffs challenge communications that either do not involve *any* attorneys or that include only the NFL's in-house attorneys. The NFL has a higher burden of establishing that these types of documents are properly withheld as privileged.  *See, e.g.*, Joint Stipulation at 6-7 (citing several cases about the heightened showing that the NFL must make to withhold documents that may involve in-house counsel).[1] The

---

[1] Plaintiffs, for example, cite *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021) for its holding that the "primary purpose" test applies to dual-purpose communications. In other words, courts "look at whether the primary purpose of the communication is to give or receive legal advice." *Id.* at 1091. The NFL's reliance on *In re CV Therapeutics, Inc. Securities Litigation*, 2006 WL 1699536, (N.D. Cal. June 16, 2006) is misplaced considering that the court in that case applied the "because of" standard rejected by the Ninth Circuit in *In re Grand Jury*. *See In re CV Therapeutics, Inc. Securities Litigation*, 2006 WL 1699536, at *3-4.

NFL's conclusory statements ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████ do not satisfy the NFL's heavy burden.

To put in context Plaintiffs' concerns regarding the NFL's privilege log, a brief recap is in order. Plaintiffs sent the NFL a Rule 37-1 Letter detailing the numerous deficiencies in the NFL's privilege log. Declaration of Farhad Mirzadeh ("Mirzadeh Declaration"), Ex. 6 (Dkt. No. 991-4). Plaintiffs also raised concern with several entries that were clearly not privileged. *Id.* The NFL responded by issuing a corrected privilege log and updating roughly 75 entries to *add* information about certain withheld documents. Mirzadeh Decl., Ex. 7 (Dkt. No. 991-5). The NFL also represented that it had done a "careful additional review" of the privilege log entries in question and would produce 15 documents. *Id.*

After additional meet and confers, spanning multiple days and multiple hours, the NFL told Plaintiffs that it would remove or downgrade another 75 documents from their privilege log—the majority of the 96 documents that had been the subject of the hours-long meet and confers. Mirzadeh Decl., Ex 9 (Dkt. No. 989-9).

The NFL's overbroad assertion of privilege and constant stream of additional productions cast significant doubt over its privilege determinations. For example, after Plaintiffs served their portion of the Joint Stipulation, the NFL decided to remove two additional entries from their privilege log: Reference Nos. 16 and 212. Of course, some privilege calls can be hard to make. But a review of these two documents begs the question of how the NFL (or anyone) could reasonably conclude these documents are privileged. *See* Reply Declaration of Farhad Mirzadeh ("Mirzadeh Reply Declaration"), Exs. 1 & 2.

These two, recently produced documents exemplify why this Court should treat the NFL's privilege claims with suspicion. ███████████████████████

███████████████████████████████████████████████████████

1



*See* Mirzadeh Decl., Ex. 12 (Dkt No. 991-8) at Ref. No. 16. But the NFL's produced version makes it clear that it was never a close privilege call.

Mirzadeh Reply Decl., Ex. 1.

Similarly, Reference No. 212 (attached as Reply Decl. Ex. 2)

*See* Mirzadeh Decl., Ex. 12 (Dkt No. 991-8) at Ref. No. 212.

. *See* Mirzadeh Reply Decl., Ex. 2.

How the NFL decided to withhold this in the first instance, let alone after the NFL's "careful additional review," is baffling.

At the very least, the NFL's questionable privilege claims invite an *in camera* examination of the documents at issue in the Joint Stipulation. *In camera* review is at the discretion of this Court after Plaintiffs make the "minimal" showing that there is a "factual basis adequate to support a good faith belief by a reasonable person that the communications are not privileged." *Applied Med. Resources. Corp. v. Ethicon, Inc.*, 2005 WL 6567355, at *2 (C.D. Cal. May 23, 2005) (internal quotations omitted). Once that minimal threshold is met, the "court has discretion to conduct an *in camera* review, considering the amount of material, the material's relevance, and the likelihood that review will reveal whether the documents are privileged." *Id.* (citing *In re Grand Jury Investigation (United States v. The Corporation)*, 974 F.2d at 1068, 1075 (9th Cir. 1992)).

Plaintiffs have plainly met this minimal threshold. Plaintiffs have a reasonable and good-faith belief that many of the documents that copy in-house counsel in addition to many other recipients bear on business rather than legal matters. *See id.* ("It is just as reasonable to believe that a document sent to an attorney as one of several recipients is an ordinary business communication, to which the privilege does not apply, as it is a part of a request for legal advice, which would be protected. Those documents in which an attorney was one of many recipients bear closer scrutiny."). Plaintiffs' contentions are based on, among other things, meeting and conferring that resulted in the NFL removing or downgrading over 75 documents from its log, including many documents where in-house attorneys were on an email chain. *See, e.g.*, Mirzadeh Reply Decl., Ex. 1 (unredacted email chain containing NFL in-house counsel Janet Nova and Lee Goldsmith). Plaintiffs also looked at, for example, the title of an email or document to make the reasonable conclusion that a challenged entry contains business advice and not legal advice.

With regard to the factors described in *Applied Medical*, Plaintiffs seek a review of no more than 11 unique documents,[2] unlike the situation in the NFL's cited case where there was a request to review roughly 200 documents *in camera*. *Rock River Communications, Inc. v. Universal Music Grp, Inc.*, 745 F.3d 343, 353 (9th Cir. 2014).

Second, the documents bear on issues that are material to this litigation.

[black redaction bars]

_____

[2] As described in the Joint Stipulation, there are a few entries where the same document is withheld (Ref Nos. 32, 33, and 34 contain the same attachment, for example). There are also entries where seemingly similar documents are withheld, but Plaintiffs request an *in camera* review of only one of those documents so that the parties may have guidance on how to proceed with the other similar ones (these include Ref. Nos. 133 and 204).

1

2

3

4

5

6        Finally, a review would determine whether the documents are, in fact,

7   privileged or not. The NFL did not submit a sworn declaration or statement from any

8   of its attorneys, let alone the attorneys whose presence on the communication

9   purportedly give rise to privilege. And, based on the substantial number of documents

10  that have been produced from the privilege log already, and the context surrounding

11  these entries which Plaintiffs detail in the Joint Stipulation, there is good reason to

12  suspect that the NFL continues to withhold documents inappropriately.

13       The NFL's offer to further revise its privilege log and provide additional

14  details is also meaningless. The NFL has had several opportunities since Plaintiffs

15  served their Local Rule 37-1 letter to add information in support of their privilege

16  claims, including after several hours of meeting and conferring and the NFL's own

17  additional review. Moreover, Plaintiffs' challenges are based on the purported

18  substance of the documents rather than the privilege log itself. The NFL's request to

19  further amend its privilege log should be seen exactly for what it is: a further attempt

20  to delay resolution of these issues, especially as the parties are currently negotiating

21  potential deposition dates.

22

23

24

25  Dated: October 10, 2023                    Respectfully submitted,

26

27                                      By:    /s/ Farhad Mirzadeh
                                               Farhad Mirzadeh
28

5

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*