Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668–PSG (JEMx) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THE COURT'S AUGUST 11, 2022 ORDER AND TO PERMIT PLAINTIFFS TO TAKE DEPOSITIONS REGARDING THE NEW SUNDAY TICKET AGREEMENTS**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: November 10, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>  350 West 1st Street<br>  Courtroom 6A<br>  Los Angeles, CA 90012 |

# **<u>TABLE OF CONTENTS</u>**

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................ 2

    A.    The New Agreements for Sunday Ticket ..................................................... 2

    B.    Depositions Taken Before the Fact Cut-off ................................................. 3

    C.    Order Permitting Limited Discovery After the Deadline for Fact
    Discovery ................................................................................................... 3

    D.    The Order Compelling the NFL Defendants to Produce
    Documents About the Negotiations ............................................................ 4

    E.    Plaintiffs' Efforts to Obtain Discovery About the New
    Agreement ................................................................................................. 6

III.  ARGUMENT ................................................................................................. 7

    A.    The Noticed Depositions Are Authorized by Court Order. ....................... 8

    B.    The Noticed Depositions Are Relevant and Proportional........................... 9

    C.    Plaintiffs Did Not Waive Any Rights to the Noticed
    Depositions.............................................................................................. 13

IV.   CONCLUSION ............................................................................................ 16

i

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*C & C Jewelry Mfg., Inc. v. West*,
5
    2011 WL 767839 (N.D. Cal. Feb. 28, 2011) ...................................................... 15

6

*Cedars-Sinai Med. Ctr. v. Quest Diagnostics Inc.*,
    2019 WL 12520126 (C.D. Cal. Apr. 1, 2019) .................................................... 15
7

8

*Century Aluminum Co. v. AGCS Marine Ins. Co.*,
    2012 WL 2357446 (N.D. Cal. June 14, 2012) ................................................... 15
9

10

*Multiple Energy Techs., LLC v. Casden*,
    2022 WL 16972482 (C.D. Cal. Nov. 16, 2022) .................................................. 13

11

12

*In re: NFL's "Sunday Ticket" Antitrust Litigation*,
    No. 5:23-mc-80213-NC (N.D. Cal. Sept. 13, 2023), Dkt. 15 ............................... 6

13

**Other Authorities**

14

Fed. R. Civ. P. 23(b)(2) ........................................................................................ 9
15

Fed. R. Civ. P. 26 .......................................................................................... *passim*
16

Fed. R. Civ. P. 30(a) ........................................................................................... 15
17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

In this antitrust case, Plaintiffs seek damages and injunctive relief based on the NFL Defendants' alleged interlocking web of anticompetitive agreements to limit access to out-of-market telecasts of NFL games, which had the purpose and effect of driving up the price of access to those games. To see those games, NFL fans have been required to subscribe to and pay dearly for the NFL Sunday Ticket package. Because Plaintiffs knew that the exclusive contract with DIRECTV to sell access to Sunday Ticket was coming to an end before the 2023 season began, and that no new contract for Sunday Ticket had been made by the time of the Court's August 5, 2022 discovery cut-off, Plaintiffs brought two motions to permit discovery after the cut-off. One motion was to compel document discovery regarding the new deal once it had been made and a Rule 30(b)(6) deposition of the NFL about those documents and the new deal. That motion was heard and determined by Magistrate Judge McDermott, who granted Plaintiffs' motion. The second was a motion to this Court to allow post-cut-off discovery more generally about the new deal, including depositions regarding the discussions and negotiations leading up the new deal.

In fact, two new deals were made for Sunday Ticket, one for residential subscribers with Google, and one for commercial subscribers with a new NFL joint venture. In the lead up to those new deals, ███████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████

Of course, the new deals are highly relevant to Plaintiffs' case. The terms of the new deals, what was proposed and rejected by the NFL, what less restrictive terms of access could have been made available, what was expected regarding pricing to subscribers, and other related topics, relate directly to the "but for" world that would have been possible without the agreed upon restraints on telecast. The

new agreements are also of obvious relevance to Plaintiffs' request for injunctive relief against the continued enforcement of these anti-competitive contracts and exclusive dealing arrangements.

But the NFL Defendants have refused to make any of their four key officials who were deeply involved in the negotiations over the new deals available for deposition, arguing that plaintiffs are somehow limited to taking the single Rule 30(b)(6) deposition ordered by Magistrate Judge McDermott. This Court, however, quite appropriately ordered that post-cut-off discovery could be taken regarding the new Sunday Ticket arrangements which had not yet been made by the cut-off date and were not made until months afterwards. Even if Plaintiffs had not moved to take that discovery after the cut-off, it would be appropriate to allow that discovery to be taken now.

By this motion, Plaintiffs simply seek an order from this Court compelling the NFL to comply with what was previously ordered, namely, the right to conduct depositions of fact witnesses regarding the new deals and what led up to them. Plaintiffs seek the depositions of only four fact witnesses at this time. Their roles are described in detail below. Their testimony will bear directly on issues which lie at the core of plaintiffs' case and could not have been elicited before the discovery cut-off.

## II.   BACKGROUND

### A.    The New Agreements for Sunday Ticket

The NFL has now reached two separate agreements for the distribution of Sunday Ticket beginning in the 2023 season: one with Google for residential-subscriber distribution and one with EverPass Media (a joint venture between an NFL affiliate and a private investment firm) for commercial-subscriber distribution. On December 21, 2022, the NFL executed an agreement with Google to make YouTube the exclusive distributor of the package to residential subscribers. On March 28, 2023, the NFL announced that EverPass will hold the exclusive rights to

distribute Sunday Ticket to sports bars and other similar commercial venues. These agreements concluded more than two years of negotiations between the NFL and numerous suitors. The most significant parts of those negotiations occurred months after the August 5, 2022 discovery cut-off, necessitating additional discovery beyond what was possible before the fact-discovery cut-off.

### B.     Depositions Taken Before the Fact Cut-off

Back in May 2022, the parties reached an agreement to allow Plaintiffs to take additional depositions beyond the presumptive limits of Federal Rule of Civil Procedure 30(a)(2). Finn Decl. ¶ 4. The parties agreed to a list of 20 specific NFL, NFL Club, and non-DIRECTV third-party deponents whom Plaintiffs had identified at that time. *Id.* That list included a placeholder for the 30(b)(6) deposition of the then-unknown new Sunday Ticket rightsholder. Plaintiffs separately negotiated with DIRECTV to take depositions of their employees and former employees. *Id.* In total, Plaintiffs took 29 fact depositions between May 18 and November 2, 2022. *Id.* ¶ 5. Each of these depositions took place months before the NFL reached agreement with Google and EverPass, and before the NFL produced more than a thousand documents about the negotiations that preceded those agreements. As a result, Plaintiffs were unable to obtain any testimony, in this action which seeks injunctive relief as well as damages, about the terms of the new agreements that will govern the distribution of Sunday Ticket for the current season and the next several years.

### C.     Order Permitting Limited Discovery After the Deadline for Fact Discovery

By the summer of 2022, it became clear that the NFL would not reach a new agreement for Sunday Ticket by August 5, 2022. Plaintiffs therefore requested the Court's permission to complete limited discovery on this subject after the cut-off for fact discovery. *See* Dkt. 545. As relevant here, Plaintiffs sought additional time "to continue taking discovery of ongoing negotiations for the sale of the rights to

Sunday Ticket" and to "take limited document and deposition discovery about the new agreement after August 5." Dkt. 546-2 at 1, 2, 12. In that motion, Plaintiffs referenced several depositions that they contemplated taking after the discovery cut-off: a 30(b)(6) deposition of an NFL witness, a deposition of the new rightsholder, and depositions of other bidders for those rights. *Id.* at 13. But they did not limit their request to these cited depositions. Instead, they represented that any disputes about the proper scope of such discovery would be raised with the Court at the appropriate time. *Id.* at 14. Plaintiffs' proposed order thus sought additional time for "document and deposition discovery concerning the agreement for the future rights to Sunday Ticket," without further specification or limitation. Dkt. 546-5.

The Court granted that motion on August 11, 2022. Consistent with Plaintiffs' request, the Order granted Plaintiffs additional time for "document *and deposition discovery* about the new NFL Sunday Ticket agreement once such a deal is finalized." Dkt. 607 at 4 (emphasis added). The Court made clear that it was not expressing any opinion as to any pending discovery dispute between the parties, and that it was merely "extend[ing] the time in which Plaintiffs may seek additional discovery related to these matters and, if relevant, enforce compliance with orders on such motions." *Id.* at 3.

### D.     The Order Compelling the NFL Defendants to Produce Documents About the Negotiations

On September 9, 2022, Magistrate Judge McDermott granted Plaintiffs' motion to compel production of documents from the NFL about the negotiations. Plaintiffs brought that motion because the NFL had refused to produce any contemporaneous documents about the negotiations that took place *prior* to the discovery cut-off. Dkt. 538-1 at 2 (Sealed Joint Stipulation for Motion to Compel). Plaintiffs' Request for Production No. 112, served more than a year before the close of fact discovery, sought: "All presentations, analyses, strategic planning

documents, and communications regarding the current negotiations for the rights to Sunday Ticket from January 1, 2021 to the present day (and continuing in nature pursuant to Rule 26(e))." *Id.* at 6. Before filing that motion, Plaintiffs offered as a compromise that the NFL would 1) produce documents sufficient to show the status of the most recent proposals 14 days before the Rule 30(b)(6) deposition of the NFL representative, which was scheduled for July 28, 2022; 2) produce additional documents in December 2022; and 3) present an additional witness for deposition about those documents. *Id.* at 2. The NFL rejected that proposal.

The NFL also refused to agree that it would present any 30(b)(6) witness to testify about the new agreement. In response to that refusal, Plaintiffs included in their proposed order the relief that "NFL shall make a witness available for deposition to provide testimony on behalf of the NFL regarding the negotiations for the rights to Sunday Ticket." Dkt. 538-10 (Sealed Proposed Order). Plaintiffs sought this relief as part of their motion to compel documents to ensure that the NFL itself would provide testimony about the documents at issue in that motion. Plaintiffs did not in any way concede that the relief sought in that motion to compel document discovery and a 30(b)(6) deposition about the documents and negotiations would govern the scope of permissible post-discovery-cut-off depositions. As Plaintiffs made clear in their supplemental memorandum to that motion, "the parties [had] long contemplated that the execution of a new agreement would prompt additional discovery." Dkt. 571-1 at 3 (Sealed Supplemental Memorandum).

On September 12, 2022, the Court entered the proposed order—which was jointly drafted by the parties after the Court indicated that it would grant the motion to compel. That order compelled the NFL to produce documents responsive to RFP 112 "dating from April 4, 2022 to the date on which an agreement is reached collected from the custodians agreed-upon by the parties using the electronic search terms agreed-upon by the parties," and required the NFL to make a corporate

1  representative available to provide testimony on those same negotiations. Dkt. 645

2  at 2.

3         **E.**    **Plaintiffs' Efforts to Obtain Discovery About the New Agreement**

4        On December 22, 2022, more than four months after the discovery cut-off,

5  the NFL publicly announced that it had reached an agreement with Google that

6  granted YouTube the rights to distribute Sunday Ticket to residential subscribers

7  from the 2023 season onward. As required by the Court's order on the motion to

8  compel, the NFL produced that agreement and a limited number of related

9  documents on January 13, 2023. Finn Decl. ¶ 7. The NFL produced additional

10 documents concerning the negotiations on March 9, 2023 and April 20, 2023. *Id.*

11 ¶¶ 8, 10. The latter production included documents concerning the agreement

12 between the NFL and Red Bird Capital Partners to create EverPass Media, the

13 entity that now holds the exclusive rights to distribute Sunday Ticket to commercial

14 subscribers. *Id.* ¶ 11.

15       On March 30, 2023, following their review of the NFL's productions,

16 Plaintiffs served subpoenas for documents concerning the negotiations on Apple,

17 EverPass, Google, Goldman Sachs, and Red Bird. After months of negotiations

18 over much resistance, Plaintiffs finally obtained documents from each of these

19 parties. *Id.* ¶ 16. On August 17, 2023, Plaintiffs moved to compel additional

20 discovery from Google in the Northern District of California. The Court granted

21 that motion on September 13, 2023. *In re: NFL's "Sunday Ticket" Antitrust*

22 *Litigation*, No. 5:23-mc-80213-NC (N.D. Cal. Sept. 13, 2023), Dkt. 15.

23       Meanwhile, Plaintiffs and the NFL continued to confer about the proper

24 scope of document production. Finn Decl. ¶ 18. On April 25, 2023, the Court

25 granted in part Plaintiffs' motion to compel the NFL to collect additional

26 documents using a broader set of search terms. The NFL made a supplemental

27 production pursuant to that order on June 16, 2023. *Id.* ¶ 17. Following numerous

28 meet-and-confer sessions between the parties about documents that Plaintiffs

contended that the NFL unjustifiably withheld for privilege, the NFL produced additional documents about the negotiations on August 21, 2023; September 14, 2023; September 20, 2023; September 21, 2023; and October 2, 2023. *Id.* ¶ 19.

On September 22, 2023, once the disputes over the proper scope of document production were largely resolved, Plaintiffs served notices of deposition on the following NFL witnesses: Brian Rolapp, Dhruv Prasad, Brent Lawton, and William Deng.[1] *Id.* ¶ 20. ██████████████████████████

████████████████████████████████████████

████████████████████████

The parties met-and-conferred on these depositions on October 2, 2023. *Id.* ¶ 21. During that conference, the NFL represented that it would not be presenting any witnesses for deposition other than the one corporate representative specifically ordered by Magistrate Judge McDermott. *Id.* The NFL's justification for this refusal is based on their narrow and crabbed reading of Judge McDermott's order. Plaintiffs informed the NFL that they would be filing a motion to compel compliance with the Court's Order of August 11, 2022. *Id.* Plaintiffs requested that the NFL permit Plaintiffs to file this motion on October 6, 2023—four days after the parties met-and-conferred—to expedite resolution of this dispute. *Id.* ¶ 22. The NFL refused. *Id.* ¶ 23.

## III.    ARGUMENT

The four depositions noticed by Plaintiffs are authorized by this Court's Order. They are also well within the bounds of Rule 26 because each deposition seeks discovery that is plainly relevant to Plaintiffs' antitrust case.

The NFL's decision to continue to impose the challenged output restraints in the new Sunday Ticket agreements make discovery about those agreements, as well as alternative agreements that were proposed and rejected, of obvious importance to

---

[1] Plaintiffs have separately served deposition subpoenas on Goldman Sachs, Apple, Google, and EverPass.

this case. The terms of the new agreement with Google themselves cry out for additional discovery, not the least of which ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████. Plaintiffs are entitled to discovery on these subjects from the NFL, which will allow them to gather evidence about these important aspects in advance of trial.

The discussions that preceded the new agreements also bear directly on issues that are material to the NFL's liability, including the agreed-upon anticompetitive restrictions on output, the supracompetitive prices of Sunday Ticket, the NFL's role in setting those prices, and the prices that would exist but for the challenged restraints. Each witness played a leading role in these discussions.

Yet the NFL refuses to present *any* of the noticed witnesses for deposition testimony. The NFL premises its refusal on the erroneous position that its *only* remaining discovery obligation is to produce a 30(b)(6) witness that was ordered by Magistrate Judge McDermott last year. But that deposition was ordered pursuant to a separate motion to compel production of documents. *See* Dkt. 645 at 2. That order does not govern the scope of all permissible discovery on the new agreement. By contrast, the Court's August 11, 2022 Order expressly permitted deposition testimony on this subject. And it does not limit Plaintiffs to a single deposition.

**A.    The Noticed Depositions Are Authorized by Court Order.**

The NFL's refusal to present any percipient witnesses to provide deposition testimony on the new Sunday Ticket agreement contravenes this Court's authorizing "deposition discovery about the new NFL Sunday Ticket agreement once such a deal is finalized." Dkt. 607 at 4. That is precisely the discovery that

Plaintiffs seek from the deposition notices at issue.[2] Each of the four NFL employees—Brian Rolapp, Dhruv Prasad, Brent Lawton, and William Deng—

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████ From these percipient witnesses, Plaintiffs intend to elicit testimony regarding how the terms of the new agreement were reached, the underlying negotiations, and the proposals and counterproposals exchanged between the NFL and other various bidders. They therefore fall within the scope of the Court's Order.

That Order permitted deposition testimony on the new Sunday Ticket agreement without limitation. *See generally id.* The NFL has no legitimate basis to refuse to comply with Plaintiffs' reasonable notices of deposition.

### B.   The Noticed Depositions Are Relevant and Proportional.

The noticed depositions are also well within the scope of permissible discovery under Rule 26. Indeed, the same principles that justified modifying the schedule to permit discovery about these negotiations—and compelling the NFL to produce documents and a corporate witness on the subject—apply with equal force to the deposition testimony at issue here.

Discovery about the recently executed agreement between the NFL and Google is plainly relevant. That agreement will be featured significantly at trial. Plaintiffs seek equitable relief in this litigation regarding the NFL's ongoing anticompetitive conduct and the Court has certified an injunctive relief class pursuant to Fed. R. Civ. P. 23(b)(2). Dkt. 894. The terms of the new agreement bear on the appropriate scope of that relief, as the Court acknowledged in its class certification order. *Id.* at 22 ("the Court finds that because Defendants' conduct is

---

[2] Plaintiffs reserve the right to notice and conduct additional depositions for good cause shown, such as if any of the four noticed witnesses disclaim knowledge about the various proposals and negotiations regarding the Sunday Ticket package.

likely to continue, albeit with a new home for Sunday Ticket, the entire class is likely to continue to be subjected to Defendants' anticompetitive restraints on telecasts"). The Court also recognized the relevance of the new agreement to Plaintiffs' broader case, noting "the challenged conduct driving this antitrust case remains ongoing, without a commitment from Defendants that it will end." *Id.* at 21 ("Indeed, at the hearing, the parties acknowledged that, at the end of the 2022–2023 football season, Sunday Ticket will be moving to Google-owned YouTube, behind a subscription paywall."). The depositions will shed light on the negotiations leading up to the restraints that the NFL has imposed pursuant to the new agreement and why.

Discovery of the negotiations with other parties is relevant for the same reasons. The NFL's discussions and negotiations regarding proposals made about the appropriate retail price, output, and method of distribution of out-of-market football games bear directly on the claims at issue in this case. As a specific example, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. All of the above evidence is germane to Plaintiffs' contentions that the NFL has conspired, and continues to conspire, to restrict the output of out-of-market telecasts and raises the prices charged to access those telecasts.

Each of the noticed deponents can provide relevant information on these issues. Brian Rolapp is the NFL's Chief Media and Business Officer, who reports directly to Commissioner Roger Goodell. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



The other noticed deponents—Dhruv Prasad, Brent Lawton, and William Deng—also have personal knowledge of material issues.

1 ██████████████████████████████████████████████████████

2 ████████

3      These four individuals were the key players in an effort that involved

4 numerous other executives and employees from the NFL and NFL clubs.

5 ██████████████████████████████████████████████████████

6 ██████████████████████████████████████████████████████

7 ██████████████████████████████████████████████████████

8 ██████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████

10 ████████████████████████████████████████████ Yet Plaintiffs

11 have sought to keep the discovery narrow by focusing on those individuals whom

12 the documents indicate are the most important.

13      Because each of these witnesses will provide unique, relevant testimony,

14 their depositions are permissible under Rule 26(b)(2). Rule 26 provides that

15 relevant discovery should be allowed unless the Court determines that: (1) the

16 discovery sought is unreasonably cumulative or duplicative, or is obtainable from

17 some other source that is more convenient, less burdensome, or less expensive; (2)

18 the moving party has had ample opportunity to obtain the information by discovery

19 in the action; or (3) the burden or expense of the proposed discovery outweighs its

20 likely benefit, in light of the factors listed in the Rule. Fed. R. Civ. P.

21 26(b)(2)(C)(i)-(iii). None of these exceptions apply here.

22      First, these depositions are neither cumulative nor duplicative. Plaintiffs were

23 unable to question witnesses about the new agreements before those agreements

24 were executed. Nor could they be expected to depose witnesses about the

25 negotiations until the relevant documents were produced. Both of these

26 developments took place after August 5, 2022, and well after the initial round of

27 depositions were completed. Neither Deng nor Prasad was previously deposed. To

28 the extent that Rolapp and Lawton addressed these subjects in their depositions,

███████████████████████████████████████████████████████████████

████████  For those reasons, Plaintiffs have not had any opportunity to obtain this information until now. Again, that is the very reason that this Court permitted discovery on the subject to extend beyond the fact-discovery cut-off.

Second, the benefits of the requested depositions outweigh any potential burdens. As described above, the "needs of the case," the "importance of the issues at stake in the action," and "the importance of the discovery in resolving the issues" all counsel in favor of these four depositions. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). In contrast, the burden of allowing a reasonable number of additional depositions in a complex antitrust case like this one is not high. The "parties' resources" are clearly adequate to handle the requested discovery. *Id.* And no prejudice would result here because continuing fact discovery in the manner requested will neither force the NFL to make "major alterations in trial tactics and strategy" nor delay the trial date. *Multiple Energy Techs., LLC v. Casden*, 2022 WL 16972482, at *4 (C.D. Cal. Nov. 16, 2022) (finding that these factors minimized the risk of prejudice to defendant and granting motion to reopen discovery). The NFL produced more than a thousand documents on the negotiations after the discovery cut-off. Finn Decl. ¶¶ 7-8, 10, 17, 19.

There is no reason why allowing Plaintiffs to pursue some additional discovery would harm any legitimate interest of the NFL. Nor will it affect any other aspect of the Court's schedule. The four noticed depositions can be completed well before the end of the year, and well ahead of trial and any other pre-trial deadlines.

### C.    Plaintiffs Did Not Waive Any Rights to the Noticed Depositions.

The NFL's *only* justification for refusing to present witnesses is that Plaintiffs somehow waived their right to these depositions by not specifically raising them in prior motion practice. The NFL insists that it need only present the 30(b)(6) witness that was expressly ordered by the Court because Plaintiffs did not

seek specific leave for these depositions. This argument is meritless for at least two reasons.

First, the NFL conflates two separate orders issued by this Court. The Court's order of September 12, 2022 granted Plaintiffs' motion to compel production *of documents* pursuant to a request that was served during fact discovery. In the course of pre-motion negotiations over that discovery request, the NFL represented that it would also refuse to present a corporate representative to give testimony on the new agreement. That refusal prompted Plaintiffs to include the 30(b)(6) deposition as part of the requested relief in their motion. The issue of other deposition testimony from percipient witnesses was not raised during the parties' negotiations and Plaintiffs did not address it in their motion. They sought only the relief over which the parties had reached an impasse—additional production of documents and a 30(b)(6) deposition. That relief sets the floor for permissible discovery on the new agreement, not the limit. A request for additional depositions would have been premature at that stage, as Plaintiffs had not yet obtained the underlying documents. For that reason, Plaintiffs made no representations that the relief sought would govern the scope of permissible discovery on the new agreement once it was reached.

Instead, Plaintiffs brought a separate motion to amend the schedule for limited document and deposition discovery about the new deal. In that motion, Plaintiffs cited several specific depositions that they were contemplating at that juncture as examples of the nature of the discovery sought. Again, that motion was made well before Plaintiffs had the benefit of reviewing the documents that show the direct involvement of the four NFL employees at issue here. But Plaintiffs never represented that they would limit themselves to the exemplar depositions referenced in the motion. The proposed order made that clear: Plaintiffs sought the generalized relief of "document and deposition discovery concerning the agreement for the future rights to Sunday Ticket." Dkt. 555-17 (Sealed Proposed Order). Consistent

1    with that request, the Court's Order does not limit the relief to any specific
2    depositions.

3        Second, Plaintiffs are not required to seek *additional* leave from this Court
4    before noticing these particular depositions. This is true even though Plaintiffs have
5    already exceeded Rule 30(a)(2)'s presumptive limit of 10 depositions. The Court
6    already granted leave to exceed those limits when it authorized "deposition
7    discovery about the new NFL Sunday Ticket agreement once such a deal is
8    finalized." Dkt. 607 at 4. When the Court did so, it was well aware that the parties
9    would have completed "25 or more depositions prior to the fact discovery cut-off."
10   Dkt. 581 at 2. The parties informed the Court of this fact on July 29, 2022 in a joint
11   stipulation, which the Court approved on August 1, 2022—ten days before granting
12   Plaintiffs' motion to take discovery *after* the cut-off. *See* Dkt. 592. The Court's
13   August 11 Order expressly permits Plaintiffs to take additional depositions.
14   Accepting the NFL's contention—that Plaintiffs are required to seek leave again to
15   take these specific depositions—would effectively nullify that Order.

16       Even if Plaintiffs were required to obtain leave to take these four depositions,
17   the Court should do so here. The Court "must grant leave" to take more than ten
18   depositions when it is "consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P.
19   30(a)(2). These depositions are demonstrably relevant and proportional to the needs
20   of this multi-billion-dollar antitrust case. Courts routinely expand deposition limits
21   when the concerns underlying Rule 26(b)(2)(C) are not implicated. *C & C Jewelry*
22   *Mfg., Inc. v. West*, 2011 WL 767839, at *1 (N.D. Cal. Feb. 28, 2011); *Century*
23   *Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 2357446, at *3 (N.D. Cal. June
24   14, 2012). That is especially true where, as here, the party seeking discovery has
25   already exhausted Rule 30(a)'s presumptive limit. *See id.* Courts similarly permit
26   the deposition of a previously deposed deponent when that second deposition is
27   consistent with Rule 26. *Cedars-Sinai Med. Ctr. v. Quest Diagnostics Inc.*, 2019
28   WL 12520126, at *2 (C.D. Cal. Apr. 1, 2019). Because the four noticed depositions

are highly relevant to Plaintiffs' antitrust claims, and not duplicative of discovery that was taken during the fact-discovery period, they are permissible.

## IV.   CONCLUSION

For the foregoing reasons, the Court should compel the NFL to present Brian Rolapp, Dhruv Prasad, Brent Lawton, and William Deng for deposition testimony about the new Sunday Ticket agreements and the discussions and negotiations leading up to and about those agreements.

Dated: October 13, 2023          Respectfully submitted,

By:  */s/ Marc M. Seltzer*
      Marc M. Seltzer

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor

New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*