| | |
|---|---|
| Marc M. Seltzer (54534)<br>mseltzer@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Phone: (310) 789-3100<br>Fax: (310) 789-3150 | Howard Langer (*Pro Hac Vice*)<br>hlanger@langergrogan.com<br>LANGER GROGAN AND DIVER PC<br>1717 Arch Street, Suite 4020<br>Philadelphia, PA 19103<br>Tel: (215) 320-5660<br>Fax: (215) 320-5703 |

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DECLARATION OF TYLER FINN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THE COURT'S AUGUST 11, 2022 ORDER AND TO PERMIT PLAINTIFFS TO TAKE DEPOSITIONS REGARDING THE NEW SUNDAY TICKET AGREEMENTS**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: November 10, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>    350 West 1st Street<br>    Courtroom 6A<br>    Los Angeles, CA 90012 |

I, Tyler Finn, declare under penalty of perjury that the following is true and correct:

1. I am over the age of twenty-one (21) years and am an attorney at Susman Godfrey LLP. I am counsel of record for Plaintiffs Ninth Inning, Inc., 1465 Third Avenue Restaurant Corp., Robert Gary Lippincott, Jr., and Jonathan Frantz in the above-captioned litigation. I submit this declaration in support of Plaintiffs' Motion to Compel Compliance with the Court's August 11, 2022 Order and to Permit Plaintiffs to Take Depositions Regarding the New Sunday Ticket Agreements.

2. I am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this declaration, and each of the facts and statements is true and correct.

3. On January 20, 2022, as part of Plaintiffs' Fifth Set of Requests for Production, Plaintiffs served on the NFL Request for Production No. 112: "All presentations, analyses, strategic planning documents, and communications regarding the current negotiations for the rights to Sunday Ticket from January 1, 2021 to the present day (and continuing in nature pursuant to Rule 26(e))."

4. On or around May 9, 2022, Plaintiffs and the NFL Defendants reached an agreement to allow Plaintiffs to take additional depositions beyond the presumptive limits of Federal Rule of Civil Procedure 30(a)(2). The parties agreed to a list of 20 specific NFL, NFL Club, and non-DIRECTV third-party deponents who Plaintiffs had identified at that time. That list included a placeholder for the 30(b)(6) deposition of the new rightsholder, which was as yet unknown. Plaintiffs separately negotiated with DIRECTV to take depositions of their employees and former employees.

5. Plaintiffs took 29 fact depositions between May 18 and November 2, 2022.

6. On December 22, 2022, Plaintiffs learned through public reporting that the NFL had executed a deal with Google that granted YouTube the rights to distribute Sunday Ticket beginning in the 2023 season.

7. On January 13, 2023, the NFL produced 667 documents in accordance with the Court's order of September 12, 2022.

8. The NFL produced 10 additional documents concerning the negotiations on March 9, 2023.

9. On March 28, 2023, Plaintiffs learned through public reporting that EverPass Media, a joint venture between RedBird Capital Partners and NFL investment arm 32 Equity, will hold the exclusive rights to distribute Sunday Ticket to commercial venues.

10. The NFL produced 339 additional documents concerning the negotiations on April 20, 2023.

11. The April 20, 2023 production included documents concerning the agreement between the NFL and Red Bird Capital Partners to create EverPass Media.

12. Documents in those productions indicate that ████████ ████████████████████████████████████████████ The documents further indicate that ████████████████████████ ████████████████████████████████████████████ ████████████████████████ ██

13. Documents in those productions indicate that ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████

14. Documents in those productions indicate that ████ ████ ████████████████████████████████████████████ ████████████████████████████████████████████

15. Documents in those productions indicate ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████

16. On March 30, 2023, Plaintiffs served subpoenas for documents concerning the negotiations on Apple, EverPass, Google, Goldman Sachs, and Red Bird. After months of meet-and-confers, Plaintiffs obtained documents from each of these parties. Plaintiffs have also served deposition subpoenas on Goldman Sachs, Apple, Google, and EverPass.

17. On June 16, 2023, the NFL made a supplemental production of 585 documents about the NFL Sunday Ticket negotiations, pursuant to the Court's order of April 25, 2023. On July 12, 2023, the NFL Defendants served on Plaintiffs their supplemental privilege log.

18. Between August 3, 2023 and September 8, 2023, Plaintiffs and the NFL conferred on multiple occasions with respect to the NFL's supplemental privilege log.

19. The NFL produced an additional 143 documents about the negotiations on August 21, 2023, September 14, 2023, September 20, 2023, September 21, 2023, and October 2, 2023.

20. On September 22, 2023, Plaintiffs served notices of deposition on the following NFL witnesses: Brian Rolapp, Dhruv Prasad, Brent Lawton, and William Deng.

21. On October 2, 2023, I participated in a meet-and-confer with counsel for the NFL Defendants about the deposition subpoenas. During that conference, counsel for the NFL Defendants represented that the NFL would not be presenting any witnesses for deposition other than the corporate representative specifically ordered by the Court. I informed counsel for the NFL that Plaintiffs would be filing a motion to compel compliance with the Court's Order of August 11, 2022.

22. On October 3, 2023, I wrote to counsel for the NFL Defendants to request their permission to waive the 7-day meet-and-confer requirement under the local rules so as to allow Plaintiffs to file this motion on October 6, 2023,

23. On October 4, 2023, counsel for the NFL Defendants responded that the NFL Defendants would not agree to waive any requirements under the local rules.

24. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of the transcript of the May 18, 2022 deposition of Brian Rolapp.

25. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the transcript of the June 22, 2022 deposition of Brent Lawton.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 13th day of October, 2023 in New York, NY.

*/s/ Tyler Finn*
Tyler Finn