Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-PSG (SKx) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **NFL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ADDITIONAL DEPOSITIONS**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date/Time: 11/10/2023, 1:30pm<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

1

# TABLE OF CONTENTS

2

I.      INTRODUCTION ........................................................................... 1

3

II.     BACKGROUND ............................................................................ 2

4

     A.    The Deadline For Fact Discovery Was August 5, 2022. ....................... 2

5

6

     B.    The Parties Initially Agreed On The Number Of Fact Depositions
In This Case. .............................................................................. 3

7

8

     C.    Plaintiffs Received Extensive Discovery Regarding Sunday Ticket
Negotiations Before The Fact Discovery Deadline. ............................ 3

9

10

     D.    Plaintiffs' Request For Limited Additional Discovery Regarding
Recent Sunday Ticket Negotiations. ............................................... 4

11

12

     E.    Plaintiffs' Failed Second Attempt To Obtain More Expansive
Discovery Regarding Sunday Ticket Negotiations. ............................. 7

13

     F.    Plaintiffs' Third And Latest Request For Yet More Discovery. .......... 9

14

III.    ARGUMENT .............................................................................. 10

15

16

     A.    This Court Did Not Previously Authorize Plaintiffs' Requested
Depositions. ............................................................................. 10

17

18

     B.    Judge McDermott Already Rejected Plaintiffs' Efforts To Expand
Discovery. .............................................................................. 11

19

20

     C.    Plaintiffs' Request For Additional Discovery Violates The Federal
Rules. ..................................................................................... 13

21

       i.    Plaintiffs Have Not Shown Good Cause. ................................. 13

22

23

       ii.  Plaintiffs' Four Requested Depositions Are Not Relevant Or
Proportional. ........................................................................ 15

24

IV.   CONCLUSION .......................................................................... 18

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*,
2018 WL 5993585 (E.D. Cal. Nov. 6, 2018) ........................................................ 16

*Authentec, Inc. v. Atrua Techs., Inc.*,
2008 WL 5120767 (N.D. Cal. Dec. 4, 2008) ................................................... 15, 18

*C & C Jewelry Mfg., Inc. v. West*,
2011 WL 767839 (N.D. Cal. Feb. 28, 2011) ........................................................ 17

*Cedars-Sinai Med. Ctr. v. Quest Diagnostics Inc.*,
2019 WL 12520126 (C.D. Cal. Apr. 1, 2019) ...................................................... 17

*Century Aluminum Co. v. AGCS Marine Ins. Co.*,
2012 WL 2357446 (N.D. Cal. June 14, 2012) ...................................................... 17

*Finalrod IP, LLC v. John Crane, Inc.*,
2019 WL 2563840 (W.D. Tex. Mar. 22, 2019) .................................................... 18

*In re Google RTB Consumer Priv. Litig.*,
2023 WL 5836816 (N.D. Cal. Sept. 8, 2023) ...................................................... 16

*O'Connell v. Celonis, Inc.*,
2023 WL 5022273 (N.D. Cal. July 21, 2023) ...................................................... 13

*Olivo v. Fresh Harvest Inc.*,
2018 WL 4927995 (S.D. Cal. Oct. 10, 2018) ...................................................... 14

*Oracle Am., Inc. v. Google Inc.*,
2011 WL 12675492 (N.D. Cal. July 21, 2011) .................................................... 15

*Roddy v. Front Range Biosciences, Inc.*,
2023 WL 2374707 (N.D. Cal. Mar. 6, 2023) ...................................................... 15

*Wright v. Gringo*,
2021 WL 689924 (S.D. Cal. Feb. 22, 2021) ........................................................ 14

## Rules

Fed. R. Civ. P. 26(b) .......................................................................................... 15

Fed. R. Civ. P. 30(a)(2) .............................................................................. 3, 9, 15

Fed. R. Civ. P. 30(b)(6) ................................................................................................ 7

iii

## I.      INTRODUCTION

Plaintiffs' latest request for yet more discovery after the Court-ordered discovery deadline is their most audacious.  Fourteen months after the close of fact discovery—and just four months before trial—Plaintiffs seek four additional 30(b)(1) depositions of NFL employees, including one of the NFL's Chief Media Officer. They make this request even though they:

- Previously represented to this Court and Judge McDermott that they wanted only *one 30(b)(6) deposition* regarding the new Sunday Ticket agreements;
- Are in fact receiving that 30(b)(6) deposition, which will address all of the subjects that would be covered in the additional depositions they now seek;
- Already lost, just months ago, in front of Judge McDermott in seeking additional discovery on these topics from these individuals.

In rejecting Plaintiffs' previous attempt to obtain more expansive discovery, Judge McDermott chastised them for seeking a "do-over" from prior rulings in the case. This Court should not give Plaintiffs a "do-over" of that failed "do-over."

As an initial matter, Plaintiffs' motion is premised on blatant mischaracterizations of prior orders.  Contrary to their suggestion, this Court's August 2022 Order did not give them carte-blanche authorization for indefinite and limitless discovery regarding the new Sunday Ticket agreements.  Rather, this Court merely granted an exception to the fact discovery deadline so that Judge McDermott could resolve the then-pending dispute regarding the proper scope of discovery concerning the new Sunday Ticket agreements.

Notably, Plaintiffs described that request as "bounded in both scope and time," and Judge McDermott relied on those representations in ruling that the appropriate scope of discovery comprised the production of additional documents and one 30(b)(6) deposition of the NFL.

Moreover, Judge McDermott already largely rejected Plaintiffs' effort to expand discovery beyond what he previously ordered.  In April 2023, Plaintiffs

1

sought to significantly expand the scope of document discovery regarding the new deals by insisting, among other things, on broader and more burdensome custodial collections from three additional NFL employees.  Judge McDermott rejected that effort, denying discovery from three of the witnesses whom Plaintiffs now seek to depose, and ordering a limited additional search of documents already collected from the fourth because doing so would not be unduly burdensome.

These prior rulings do not permit the new discovery Plaintiffs seek—they preclude it.  But even apart from that prior history, Plaintiffs fail to establish good cause for their latest request.  They do not demonstrate why they need additional 30(b)(1) depositions on top of a 30(b)(6) deposition that should address all of the issues they purport to need to examine.  Nor do they provide any justification for failing to raise this request until the eleventh hour.  There is simply no basis for imposing the burden of four additional fact depositions while trial looms in less than four months.

Plaintiffs' motion should be denied.

## II.    BACKGROUND

### A.    The Deadline For Fact Discovery Was August 5, 2022.

In January 2021, this Court established a March 22, 2022 deadline for the parties to complete fact discovery.  Dkt. 294.  That discovery deadline has twice been postponed, on both occasions because Plaintiffs claimed to need more time to review produced documents prior to conducting fact depositions.  *See* Dkt. 362, at 3; Dkt. 423-1, at 7.  Both times, Plaintiffs expressly agreed that February 22, 2022, 30 days before the original fact discovery cutoff, would remain the deadline for serving discovery requests.  Declaration of Jeremy S. Barber in Support of the NFL's Opposition to Plaintiffs' Motion to Compel Additional Depositions ("Barber Decl.") ¶¶ 3–4 (citing Dkt. 362, at 3; Dkt. 423-1, at 7 n.3).  Ultimately, the final deadline for completing fact discovery was set for August 5, 2022.  Dkt. 434, at 5.

**B.     The Parties Initially Agreed On The Number Of Fact Depositions In This Case.**

The Federal Rules presumptively limit each side to 10 depositions, absent stipulation.  *See* Fed. R. Civ. P. 30(a)(2).  In March 2022, the parties began negotiating potential alterations to this default limit.  Barber Decl. ¶ 7.  After months of negotiations, the parties agreed that Plaintiffs would be entitled to depose 15 specified witnesses from the NFL and the NFL clubs (including a 30(b)(6) deposition of the NFL), in addition to depositions of DirecTV witnesses and 5 third-party witnesses from CBS, FOX, Comcast/NBCUniversal, and ESPN (*i.e.*, the rightsholders to the NFL's AFC, NFC, Sunday Night, and Monday Night packages, respectively).  *Id.*  Given the NFL's then-ongoing discussions with potential bidders regarding the future rights to Sunday Ticket, the parties also agreed that Plaintiffs could later seek a deposition of whichever entity ultimately became the new rightsholder to the Sunday Ticket package.  *Id.* ¶ 8.   As part of these negotiations, Plaintiffs agreed to drop their separate request for ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1]  *Id.*

**C.     Plaintiffs Received Extensive Discovery Regarding Sunday Ticket Negotiations Before The Fact Discovery Deadline.**

Between May and August 2022, Plaintiffs conducted 15 depositions of current and former NFL employees, including those involved in negotiations of past and current Sunday Ticket agreements.  Barber Decl. ¶¶ 10–11.  As relevant to their current requests, Plaintiffs deposed Mr. Rolapp on May 18, 2022; Brent Lawton on June 22, 2022; and the NFL 30(b)(6) witnesses on July 28, 2022.  *Id.* ¶ 10.  During those depositions and others, Plaintiffs were able to—and did—inquire about the

---

[1] Over the next 15 months of discovery, Plaintiffs never indicated any intent to repudiate the parties' agreement that the only additional third-party deposition would be of the entity that ultimately acquired the rights to the new Sunday Ticket package. Barber Decl. ¶ 9.

NFL Defendants' Memorandum in Opposition to Plaintiffs'
                                                              Motion to Compel Additional Depositions

negotiations over the Sunday Ticket package, including which third parties had expressed interest in those rights.  *See id.*

Meanwhile, the NFL continued to produce thousands of documents in compliance to its discovery obligations.  *See id.* ¶ 12.  The bulk of document discovery focused on the DirecTV Sunday Ticket agreements operative during the class period, the last of which was executed in 2014.  *Id.*  In light of a prior agreement that custodial collection would be required only through May 2021 for most discovery requests, the parties re-negotiated in April 2022 and agreed to supplemental collections related to the then-ongoing negotiations to the future NFL Sunday Ticket rights.  *Id.* ¶ 6.  Specifically, the NFL agreed to collect custodial files from three high-level individuals at the NFL and search for documents related to the ongoing Sunday Ticket negotiations using a search term proposed by Plaintiffs.  *Id.*  During these discussions, Plaintiffs knew from already-produced documents that others at the NFL were involved in negotiations, including Mr. Lawton and William Deng.  *Id.* ¶¶ 6, 12.  Nonetheless, Plaintiffs agreed to limit the additional custodial discovery to Roger Goodell (the NFL Commissioner); Mr. Rolapp (Chief Media Officer of the NFL); and Hans Schroeder (Executive Vice President and Chief Operating Officer of NFL Media), as they were the key NFL decision-makers in those negotiations and would be involved in all critical discussions and decisions.  *Id.* ¶ 6.  The NFL ultimately produced over 139,000 documents before the deadline for fact discovery, including those relating to both past and then-ongoing negotiations over rights to Sunday Ticket.  *Id.* ¶ 12.

**D.    Plaintiffs' Request For Limited Additional Discovery Regarding Recent Sunday Ticket Negotiations.**

On July 12, 2022, three weeks before the close of fact discovery, Plaintiffs filed a motion to compel additional discovery regarding the future Sunday Ticket agreements.  *See* Dkt. 536.  Specifically, Plaintiffs requested that the NFL (i) make additional productions of documents regarding then-ongoing Sunday Ticket

4

negotiations and (ii) thereafter, "make **a witness** available for deposition to provide testimony on behalf of the NFL regarding the negotiations for the rights to Sunday Ticket." *See* Dkt. 551-10 (proposed order) (emphasis added).  Plaintiffs specifically requested a single 30(b)(6) deposition of the NFL, and made no mention in this motion, or any of the preceding negotiations with the NFL, of any request for additional depositions of anyone at the NFL.  Barber Decl. ¶ 13.

Plaintiffs' motion, brought before Magistrate Judge McDermott, was noticed for a hearing on August 9, 2022—*i.e.*, after the August 5, 2022 deadline for fact discovery set by this Court's scheduling order.  *See* Dkts. 536, 434.  At the same time, Plaintiffs had a separate ongoing discovery dispute pending in the Northern District of California regarding its third-party subpoena to Apple, and also contemplated filing another motion to compel regarding the NFL's and DirecTV's privilege logs. Dkt. 555-1, at 2–3.  Those were the sum total of discovery issues pending at the time.

Given the rapidly approaching discovery deadline, on July 15, 2022, Plaintiffs moved before this Court for "permission to complete *limited* discovery after the August 5 deadline" on those three matters due to "circumstances beyond Plaintiffs' control [that] have prevented [them] from meeting the August 5 deadline."  *Id.* at 1 (emphasis added).  In making that request, Plaintiffs did not ask the Court to adjudicate the merits of the discovery disputes.  Nor could they.  *See* Standing Order Regarding Newly Assigned Cases (Gutierrez, C.J.), at 3 ("All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes."). Instead, they sought a "*limited* modification to the schedule . . . [to] allow[] Plaintiffs the opportunity for a final adjudication and determination of these discovery matters."  Dkt. 555-1, at 10 (emphasis added).  Nor did Plaintiffs suggest that they would seek any discovery beyond enforcing compliance with orders resulting from those pending disputes after the fact discovery deadline.

To the contrary, in requesting permission for their July 12, 2022 motion for discovery from the NFL "to be heard and determined after the discovery cutoff,"

Plaintiffs framed their requested relief to this Court as "**modest and bounded**." Specifically, they explained that their motion to compel sought only "two additional productions of documents" and "**a** 30(b)(6) deposition of **an** NFL witness regarding the terms and negotiations of the new agreement." *Id.* at 13 (emphases added). Once again, Plaintiffs nowhere indicated even the possibility of additional requests for depositions of NFL witnesses. *See id.*

On August 9, 2022, Judge McDermott held a hearing regarding Plaintiffs' motion to compel, at which Plaintiffs' counsel again represented that their "**request [wa]s bounded** in both scope and time," as they sought only "two productions and **one deposition**." Dkt. 613, at 9:9–16 (emphases added). Judge McDermott accordingly understood Plaintiffs to be requesting "**a deposition**," *id.* 17:8, and, after providing informal guidance on the topic, ultimately ordered the parties to meet and confer to attempt to reach agreement on the scope of permissible discovery related to the recent Sunday Ticket negotiations, *id.* 19:12–15.

On August 11, 2022, this Court granted Plaintiffs' motion to take limited discovery after the fact discovery deadline, but made clear that "[i]n granting Plaintiffs' motion, the **Court does not express any opinion as to the merits of Plaintiffs' pending motion to compel** related to the NFL Sunday Ticket negotiations and deal" or the other two discovery matters. Dkt. 607, at 3 (emphasis added). Instead, the Court was "**merely extend[ing] the time** in which Plaintiffs may seek additional discovery related to these matters and, if relevant, enforce compliance with orders on such motions." *Id.* (emphasis added). In short, the Court's Order was designed to give Judge McDermott time to hear and resolve the disputes pending before him, and for Plaintiffs to obtain the discovery Judge McDermott authorized.

After meeting and conferring as ordered by Judge McDermott, the parties filed a joint status report regarding their negotiated resolution of the dispute over the appropriate scope of discovery concerning the new Sunday Ticket agreements. *See* Dkt. 643. The parties agreed that the NFL would produce documents regarding the

6

agreements and negotiations within 45 days of the new agreement's execution, collected from the same three custodians as the prior production, using the same agreed-upon search terms.  The parties also agreed that the NFL would produce "**a witness** pursuant to Federal Rule of Civil Procedure 30(b)(6) on a topic relevant to this production to be agreed upon by the parties."  *Id.* (emphasis added).  Judge McDermott issued an order memorializing the parties' agreement on September 12, 2022.  *See* Dkt. 645.

On December 22, 2022, the NFL and Google announced an agreement granting YouTube TV the right to distribute the residential Sunday Ticket package beginning with the 2023 NFL season.  Barber Decl. ¶ 18.  On March 28, 2023, the NFL and RedBird Capital Partners announced their joint formation of EverPass Media, the entity that will license the commercial Sunday Ticket package to cable and satellite providers beginning with the 2023 NFL season.  *Id.* ¶ 20.  In accordance with the parties' agreement and Judge McDermott's September 12, 2022 order, the NFL has since made multiple productions of documents regarding those agreements and negotiations, and is currently working with Plaintiffs to schedule a 30(b)(6) deposition on the same.  *Id.* ¶¶ 18, 20, 29.  The NFL intends to designate Mr. Rolapp, one of the witnesses from whom Plaintiffs now seek a 30(b)(1) deposition, as its 30(b)(6) witness.[2]  *Id.* ¶ 29.

### E.    Plaintiffs' Failed Second Attempt To Obtain More Expansive Discovery Regarding Sunday Ticket Negotiations.

There is no dispute that the NFL fully complied with Judge McDermott's September 12, 2022 Order.  Nonetheless, Plaintiffs filed a motion to compel on April 5, 2023—over nine months after the fact discovery deadline—seeking far more expansive discovery.  Dkt. 912.  Specifically, Plaintiffs asked Judge McDermott to

---

[2] The NFL reserves the right to modify its anticipated designation of Mr. Rolapp as its 30(b)(6) witness, including in the event the Court compels Mr. Rolapp to testify in his personal capacity.

7

order the NFL to produce all communications relating to the new Sunday Ticket deals

██████████████████████████████████████████████ Dkt. 918-10

(proposed order) (emphasis added).   In addition to further discovery from Mr. Rolapp, Commissioner Goodell, and Mr. Schroeder, Plaintiffs specifically sought custodial collections from Mr. Lawton, Mr. Deng, and Dhruv Prasad—witnesses whom Plaintiffs now seek to depose.  *See* Dkt. 918-1, at 17.  In requesting these additional collections, Plaintiffs did not dispute that the three original custodians (Commissioner Goodell, Mr. Rolapp, and Mr. Schroeder) were the key NFL decision-makers concerning the new Sunday Ticket agreements, but argued they were entitled to additional discovery reflecting the communications that Mr. Lawton, Mr. Deng, and Mr. Prasad had with third parties during negotiations.  *See id.* 918-1, at 9, 17.

At Judge McDermott said no.  He noted that "there [wa]s no deficiency in the NFL production," and that "it [wa]s undisputed that the NFL has complied with the discovery requirements of the September 12, 2022 Order, an Order to which Plaintiffs agreed."  *See* Dkt. 924, at 4.  He further explained that Plaintiffs were simply "[u]nhappy with the results of the NFL's production" pursuant to the agreed-upon protocol, and sought "to jettison the September 12, 2022 Order in favor of an expansive new protocol."  *Id.* at 4–5.  Plaintiffs had argued that they were promised more extensive productions, but Judge McDermott explained that these repeated assertions were "an exaggeration."  *Id.* at 5–6.

In sum, Judge McDermott characterized "what the Plaintiffs want[ed] [a]s a 'do-over,'" and denied "reopening expansive general discovery."  *Id.* at 6.  He instead directed the parties to meet and confer regarding revised search terms to be applied to the documents already collected from Mr. Rolapp, Commissioner Goodell, and Mr. Schroeder, but expressly rejected additional discovery from Mr. Lawton, Mr. Deng, and Mr. Prasad.  *See id.* at 5, 7.

### F.    Plaintiffs' Third And Latest Request For Yet More Discovery.

On September 22, 2023, Plaintiffs served the NFL with notices of 30(b)(1) depositions of four NFL witnesses.  Barber Decl. ¶ 27.  Three of those witnesses— Mr. Lawton, Mr. Deng, and Mr. Prasad—were the witnesses as to whom Judge McDermott had previously denied further document discovery.  Plaintiffs' request for these depositions came after the Court's ruling on class certification; after the parties exchanged all merits expert reports; after the parties conducted all merits expert depositions; and while summary judgment briefing was almost complete.  *See id.* ¶¶ 19, 24–25.  Although not part of the present dispute, Plaintiffs at the same time served notices of deposition subpoenas of four third-party witnesses, from █████████ ████████, and EverPass Media.  *Id.* ¶ 27.  These notices were in addition to the agreed-upon 30(b)(6) deposition of the NFL and the third-party deposition of Google, notices for which had already been served.  *See id.* ¶¶ 17, 26.

Prior to serving these notices, Plaintiffs made no attempt to meet-and-confer with the NFL regarding these out-of-time depositions, all of which exceed the scope of Judge McDermott's September 12, 2022 Order; exceed the presumptive number of depositions authorized by Federal Rule of Civil Procedure 30(a)(2)(A)(i); and require re-deposing Mr. Rolapp and Mr. Lawton without stipulation or leave of court as required by Federal Rule of Civil Procedure 30(a)(2)(A)(ii).   *See* Barber Decl. ¶ 27.   Nor did Plaintiffs provide any advance explanation or justification for why their subpoenas were proper.  *See id.*

On October 3, 2023, Plaintiffs served a modified 30(b)(6) Notice of Deposition of the NFL, which contained eight sub-topics including: the terms of the new Sunday Ticket agreements; the NFL's communications with potential bidders; the terms of all bids, offers, or proposals; the NFL's internal communications regarding the new Sunday Ticket agreements; the NFL's evaluation of all bids, offers, or proposals; the NFL's discussions with its broadcast partners regarding Sunday Ticket bids, offers, or proposals; the NFL's understanding of discussions between its broadcast partners

and potential Sunday Ticket bidders regarding the new Sunday Ticket agreements; and the NFL's communications with its broadcast partners and with YouTube concerning the residential Sunday Ticket agreement. *See* Barber Decl. Ex. 1. The parties are in the process of negotiating minor revisions to those topics. Barber Decl. ¶ 28. Once those negotiations are complete, the NFL intends to designate Mr. Rolapp as its 30(b)(6) witness. *Id.* ¶ 29. Notably, Plaintiffs have raised no complaints regarding the adequacy of preparation of the NFL's 30(b)(6) witnesses as to any of the 25 sweeping topics covered in the previous 30(b)(6) notice issued during the fact discovery period. *Id.* ¶ 10.

## III.   ARGUMENT

Plaintiffs' motion is based on a mischaracterization of this Court's prior orders; is contrary to the parties' agreements and Judge McDermott's Order; and is barred by the Federal Rules of Civil Procedure. Plaintiffs' motion is also unreasonable, untimely, and unduly burdensome. The motion should be denied.

### A.   This Court Did Not Previously Authorize Plaintiffs' Requested Depositions.

Plaintiffs flatly mischaracterize this Court's August 11, 2022 Order in suggesting that it "permitted deposition testimony on the new Sunday Ticket agreement *without limitation*." Mot., Dkt. 1011-1, at 9 (emphasis added). It did no such thing. That Order was just about timing: the Court permitted an exception to the fact discovery deadline so that Plaintiffs could "pursue additional fact discovery relating to" three then-ongoing discovery disputes "after the current August 5, 2022 fact discovery cut-off," and, if necessary, obtain any discovery authorized by Judge McDermott. *See* Dkt. 607, at 3.

The plain text of the order makes this clear. The Court stated that it was "**merely extend[ing] the time in which Plaintiffs may *seek* additional discovery** related to these matters and, if relevant, enforce compliance with orders on such motions." *Id.* at 3 (emphasis added). Critically, and contrary to Plaintiffs'

suggestion, the Court did not "**express any opinion as to the merits of Plaintiffs' pending motion to compel related to the NFL Sunday Ticket negotiations and deal**, Apple's pending motion to quash, or any potential motions to compel related to NFL's or DirecTV's privilege logs." *Id.* (emphasis added).

There is accordingly no reasonable basis for reading that order to authorize "deposition testimony on the new Sunday Ticket agreement without limitation." *See* Mot., Dkt. 1011-1, at 9.  That issue was not before this Court; all the Court did was extend the discovery deadline to permit extant disputes to be adjudicated by the Northern District of California and Judge McDermott.

## B.   Judge McDermott Already Rejected Plaintiffs' Efforts To Expand Discovery.

Judge McDermott's resolution of the previous dispute over Sunday Ticket discovery should be the end of the current matter.

At the outset, it is important to note Plaintiffs' representations, as officers of the court, when litigating that prior dispute.  Plaintiffs represented to both this Court and Judge McDermott that they sought only limited document productions and **one** 30(b)(6) deposition in connection with recent Sunday Ticket negotiations.  At the hearing before Judge McDermott on the issue, Plaintiffs' counsel specifically stated:

> And I'll end by saying **that Plaintiffs['] request is bounded** in both scope and time[.] . . . **Plaintiffs seek two productions and <u>one deposition</u>.**  The end date of this discovery will be determined by the signing of a new agreement, . . . and Plaintiffs have no interest in delaying any deadlines in this case.

Dkt. 613, at 9:9–20 (emphases added).  Plaintiffs made a similar representation to this Court in briefing regarding the schedule extension.  *See* Dkt. 555-1, at 13 ("As reflected in the pending motion to compel, Plaintiffs seek two additional productions of documents . . . .  They also seek **<u>a 30(b)(6) deposition</u>** of an NFL witness regarding the terms and negotiation of the new agreement." (emphasis added)).

11

Case No. 2:15-ml-02668-PSG (SKx)                    NFL Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Additional Depositions

1    Judge McDermott relied on these representations in granting limited additional

2 discovery.  At the hearing, he indicated that he did not "see a great burden on having

3 **a deposition**," and ordered the parties to meet and confer to try and reach agreement

4 on the appropriate scope of discovery related to the new deals.  Dkt. 613, at 17:8,

5 19:12–15.  Following the parties' negotiated agreement as reflected in their joint

6 status report, Dkt. 643, Judge McDermott ordered one production of documents and

7 **one 30(b)(6) deposition** of the NFL to take place after the new Sunday Ticket

8 agreement was reached.  Dkt. 645.  Judge McDermott never suggested that Plaintiffs

9 might later be entitled to *additional* discovery from the NFL beyond what was

10 authorized in his September 2022 Order.  *See id.*  Nor did Plaintiffs indicate that they

11 might eventually seek any additional discovery.  Instead, as noted above, they

12 repeatedly assured this Court and Judge McDermott that their request was finite.

13    Moreover, Judge McDermott has already made clear that his Order meant what

14 it said.  As noted above, earlier this year, Plaintiffs sought an additional round of

15 document discovery from three of the individuals they now seek to depose.  *See* Dkt.

16 918-1.  Judge McDermott characterized these requests for additional custodial

17 discovery as an attempt "to jettison the September 12, 2022 Order," rationalized by

18 Plaintiffs' "exaggeration[s]" about what the Court had previously authorized.

19 4/25/2023 Order Regarding Motion to Compel, Dkt. 924, at 4, 6.  Judge McDermott

20 denied Plaintiffs' attempt at a "do-over" from their prior agreement, and expressly

21 rejected imposing further discovery obligations on Mr. Lawton, Mr. Deng, and Mr.

22 Prasad.  *Id.* at 6–7.

23    Plaintiffs provide no basis for circumventing these prior rulings and

24 collaterally attacking Judge McDermott's rulings.  Plaintiffs initially received the

25 right to conduct *limited* additional discovery.  Judge McDermott already denied their

26

27

28

first request to expand that discovery beyond its intended bounds.[3]  Plaintiffs should not be allowed to relitigate that issue.

**C.   Plaintiffs' Request For Additional Discovery Violates The Federal Rules.**

Because none of this Court's or Judge McDermott's orders authorize the depositions that Plaintiffs now seek, this motion should be construed as a motion to compel additional depositions.  As an initial matter, such motions should be directed not to this Court, but to the Magistrate Judge.  Order for Jury Trial, Dkt. 435, at 2 ("Discovery matters are referred to a United States Magistrate Judge."); Standing Order Regarding Newly Assigned Cases (Gutierrez, C.J.), at 3 ("All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes.").  But even setting aside that procedural hurdle, Plaintiffs' motion is substantively improper.  In assessing whether post-fact discovery depositions beyond the Federal Rules' presumptive ten are warranted, courts assess "whether there is good cause for more depositions after the discovery cut-off," and "whether the additional depositions are relevant and proportional (such that the plaintiff has made a particularized showing of need)."  *O'Connell v. Celonis, Inc.*, 2023 WL 5022273, at *2 (N.D. Cal. July 21, 2023).  Plaintiffs have made none of these requisite showings here, and their motion should be denied.

**i.   Plaintiffs Have Not Shown Good Cause.**

The procedural history described above illustrates why Plaintiffs cannot demonstrate appropriate diligence in seeking four burdensome new depositions to take place fourteen months following the close of fact discovery, and only four months before trial.

---

[3] Judge McDermott ordered the parties to meet and confer regarding revised search terms because "Plaintiffs' [original] search term was deficient through no fault of their own," and applying revised search terms would impose no "undue burden on the NFL."  4/25/2023 Order Regarding Motion to Compel, Dkt. 924, at 6–7.

*First*, Plaintiffs cannot show diligence because they did not seek this additional discovery in either of the prior *two* times they sought to expand discovery.  In both of their prior motions before Judge McDermott, Plaintiffs made no attempt to seek percipient depositions regarding the new Sunday Ticket agreements.  Instead, they sought, and were granted, only a 30(b)(6) deposition of the NFL on this topic.  *See* Dkt. 613, at 9:9–20; Dkt. 555-1, at 13; Dkt. 645.

*Second*, Plaintiffs have long known that the four witnesses they have noticed here were involved in Sunday Ticket negotiations, further confirming the unreasonableness of seeking these depositions for the first time in September 2023. Plaintiffs expressly ██████████████████████████████████████████ ████████████████████████████████████████████████████. *See* ███ ████████████.  And Plaintiffs received documents reflecting Mr. Deng's and Mr. Prasad's involvement in negotiations as early as January 2023, Barber Decl. ¶ 18, and certainly knew of all four witnesses' involvement by the time they (unsuccessfully) sought custodial collections from them in April 2023.  *See* Dkt. 918-1, at 9, 17 (██████████████████████████████████████████████ ███████████████████████████████).

*Third*, the untimeliness of Plaintiffs' request compounds the undue burden it creates.  By the time this motion is heard, the parties will be three months from trial, working on pre-trial obligations such as preparation of motions in limine, pretrial briefing, witness lists, exhibit lists, deposition designations, jury instructions, and proposed voir dire.  In addition, the parties already have further discovery to complete in that timeframe, including the 30(b)(6) deposition of the NFL and up to five third-party depositions.  Adding four additional fact depositions to prepare for and defend in that timeframe is unreasonably burdensome and prejudicial to the NFL's trial preparation. *See Wright v. Gringo*, 2021 WL 689924, at *3 (S.D. Cal. Feb. 22, 2021) (denying additional deposition requested shortly before the beginning of trial); *see also Olivo v. Fresh Harvest Inc.*, 2018 WL 4927995, at *4 (S.D. Cal. Oct. 10, 2018)

14

Case No. 2:15-ml-02668-PSG (SKx)                    NFL Defendants' Memorandum in Opposition to Plaintiffs'
                                                     Motion to Compel Additional Depositions

1    (denying duplicative deposition of an employee whom the plaintiffs had known was

2    a potential witness for seven months).

3                    ii.    **Plaintiffs' Four Requested Depositions Are Not Relevant Or**

4                           **Proportional.**

5            Even if Plaintiffs had sought this additional discovery on a reasonable timeline,

6    they fail to demonstrate "a particularized showing of the need" for these depositions,

7    as required for requested depositions that exceed the presumptive number authorized

8    by Federal Rule of Civil Procedure 30(a)(2). *Authentec, Inc. v. Atrua Techs., Inc.*,

9    2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). A court evaluating such a request

10   must ensure that the requested depositions are "relevant to the party's claims or

11   defenses and not unreasonably cumulative, duplicative, or burdensome." *Oracle*

12   *Am., Inc. v. Google Inc.*, 2011 WL 12675492, at *1 (N.D. Cal. July 21, 2011) (quoting

13   Fed. R. Civ. P. 26(b)) (cleaned up). The same is true in evaluating a party's request

14   to depose a witness for the second time. *See Roddy v. Front Range Biosciences, Inc.*,

15   2023 WL 2374707, at *1 (N.D. Cal. Mar. 6, 2023). Plaintiffs cannot make any of

16   these showings.

17           *First*, Plaintiffs overstate the relevance of the new Sunday Ticket agreements.

18   The class period in this case spans June 2011 through February 2023, *see* Dkt. 894,

19   at 25, meaning neither of the new Sunday Ticket agreements (both of which took

20   effect the 2023 season) was operative during the class period. For that reason, the

21   agreements bear little relevance to the "but-for world" that might have existed during

22   the class period absent the challenged conduct in this case. And while Plaintiffs do

23   have an injunctive claim, it is telling that ███████████████████████████████

24   ███████████████████████████████████████████████████████████████

25   ████████████████████████. *See* Barber Decl. ¶ 24.

26           *Second*, Plaintiffs' deposition requests are duplicative and disproportional. In

27   addition to the extensive document discovery Plaintiffs have received, they will have

28   an opportunity to depose Mr. Rolapp as the NFL's 30(b)(6) representative on *all* the

                                              15

1    issues they seek to ask their four requested fact witnesses about.  Plaintiffs provide

2    no reason to think that 30(b)(6) deposition will be insufficient.  Indeed, despite

3    raising countless discovery disputes over the last three years, Plaintiffs never once

4    questioned or attempted to impeach the thoroughness of preparation of the NFL's

5    previous 30(b)(6) witnesses.  Barber Decl. ¶ 10.  That is so even though the

6    depositions covered 25 wide-ranging topics.  *Id.*

7        Indeed, the lack of necessity becomes clear when comparing the 30(b)(6)

8    notice Plaintiffs have already issued (on a range of topics related to the new

9    agreements, subject to minor negotiations) to the thin justifications Plaintiffs have

10   offered for additional depositions.  Plaintiffs offer literally no explanation as to why

11   Mr. Rolapp's testimony as a 30(b)(1) witness would not be entirely duplicative of his

12   forthcoming testimony as the NFL's 30(b)(6) witness, given Mr. Rolapp's senior role

13   at the NFL.  *See, e.g.*, *Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, 2018 WL

14   5993585, at *4 (E.D. Cal. Nov. 6, 2018) (denying additional depositions as

15   "duplicative and unduly burdensome" where the requesting party "d[id] not present

16   any indication that [the requested deponent] would have any information to offer that

17   [another deposition] would not").

18       As to the other three witnesses, Plaintiffs' only apparent justification is that

19   they ███████████████████████████████████████████.  *See*

20   Mot., Dkt. 1011-1, at 11.  As an initial matter, nothing in either Plaintiffs' motion or

21   the produced discovery indicates that these three individuals had any decision-

22   making authority.  *Cf.* Order Regarding Plaintiffs' Motion to Compel, Dkt. 924, at 5,

23   7 (rejecting Plaintiffs' request for document discovery from Mr. Lawton, Mr. Deng,

24   and Mr. Prasad just because they communicated with third parties).  But more

25   importantly, communications with third parties about the new Sunday Ticket

26   agreements is precisely one of the topics in Plaintiffs' 30(b)(6) notice, so Plaintiffs

27   will receive testimony from the NFL about these communications.  *See In re Google

28   RTB Consumer Priv. Litig.*, 2023 WL 5836816, at *2 (N.D. Cal. Sept. 8, 2023)

16

(authorizing additional depositions beyond the presumptive ten, but concluding that
"interests in efficiency and proportionality are best served" through a deposition of a
30(b)(6) witness rather than the requested percipient witnesses).

And Plaintiffs' remaining arguments carry little weight.  They initially offer
the strawman argument that the testimony they hope to elicit from Mr. Rolapp, Mr.
Lawton, Mr. Deng, and Mr. Prasad would not be duplicative of information they
could have previously obtained from depositions of *those witnesses*. *See* Mot., Dkt.
1011-1, at 12–13.  But that is not the relevant question—as the cases above
demonstrate, the key showing they must make is that the additional depositions they
seek are not duplicative of information they have already obtained and will continue
to obtain through other means.  Mr. Rolapp's forthcoming 30(b)(6) deposition
answers that question.

Nor do Plaintiffs' cited cases provide any support for their position.  In *C & C
Jewelry Mfg., Inc. v. West*, the court authorized depositions in excess of the
presumptive ten where the requested witnesses were "non-parties[, ] several of whom
have voluntarily agreed to be deposed."  2011 WL 767839, at *2 (N.D. Cal. Feb. 28,
2011).  In *Century Aluminum Co. v. AGCS Marine Ins. Co.*, the court authorized two
additional depositions in excess of the presumptive ten, but denied four other
requested depositions where, as here, the testimony was likely to be duplicative.  *See*
2012 WL 2357446, at *3 (N.D. Cal. June 14, 2012).  And in *Cedars-Sinai Med. Ctr.
v. Quest Diagnostics Inc.*, the court authorized a second *30(b)(6)* deposition where
"[t]he topics enumerated in the second notice do not overlap with the topics identified
in the first notice."  2019 WL 12520126, at *2 (C.D. Cal. Apr. 1, 2019).  None of
those cases comes close to authorizing what Plaintiffs seek here, which is long post-
deadline 30(b)(1) depositions of two new witnesses, and second 30(b)(1) depositions
of two others, on top of an already authorized 30(b)(6) deposition of one of their
requested witnesses that will cover the waterfront of any issues meriting exploration
at this late point in time.  Plaintiffs thus fail to "make a particularized showing of the

1   need" for these requested additional depositions.  *See Authentec, Inc.*, 2008 WL

2   5120767, at *1.

3   **IV.     CONCLUSION**

4           In the interest of finality and case management for a case that initiated 8 years

5   ago, discovery must end at some point.  *See Finalrod IP, LLC v. John Crane, Inc.*,

6   2019 WL 2563840, at *3 (W.D. Tex. Mar. 22, 2019) ("[T]he broad scope of

7   discovery may not be used as a license to engage in an unwieldy, burdensome, and

8   speculative fishing expedition.  At some point, the parties must set aside their

9   suspicions and discovery must end.").  The NFL respectfully submits that that point

10  has long been passed.  For the foregoing reasons, the NFL respectfully requests that

11  the Court deny Plaintiffs' motion.

12

13  Dated: October 20, 2023                Respectfully submitted,

14                                          */s/ Jeremy S. Barber*

15                                          Jeremy S. Barber (admitted *pro hac vice*)
                                            Beth A. Wilkinson (admitted *pro hac vice*)

16                                          Brian L. Stekloff (admitted *pro hac vice*)

17                                          Rakesh N. Kilaru (admitted *pro hac vice*)
                                            **WILKINSON STEKLOFF LLP**

18                                          2001 M Street NW, 10th Floor

19                                          Washington, DC 20036
                                            Telephone: (202) 847-4000

20                                          Facsimile: (202) 847-4005

21                                          jbarber@wilkinsonstekloff.com
                                            bwilkinson@wilkinsonstekloff.com

22                                          bstekloff@wilkinsonstekloff.com

23                                          rkilaru@wilkinsonstekloff.com

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

NFL Defendants' Memorandum in Opposition to Plaintiffs'
Motion to Compel Additional Depositions