Jeremy S. Barber (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
jbarber@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DECLARATION OF JEREMY S. BARBER IN SUPPORT OF THE NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ADDITIONAL DEPOSITIONS**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date/Time: 11/10/2023, 1:30pm<br>Discovery Cutoff Date: 8/5/2022<br>Pretrial-Conference Date: 2/9/2024<br>Trial Date: 2/22/2024 |

I, Jeremy S. Barber, declare as follows:

1. I am a partner at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants in this litigation. I submit this declaration in support of the NFL's Opposition to Plaintiffs' Motion to Compel Additional Depositions (Dkt. 1009). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto. I am admitted *pro hac vice* to practice before the United States Central District of California in this litigation.

2. Plaintiffs served their first set of discovery requests on the NFL Defendants in January 2021. Thereafter, the parties spent months negotiating the proper scope of discovery. In May 2021, the parties eventually agreed that the NFL Defendants would collect custodial files from 21 current and former NFL employees, including Roger Goodell (the NFL Commissioner), Brian Rolapp (Chief Media Officer of the NFL), and Hans Schroeder (Executive Vice President and Chief Operating Officer of NFL Media). The parties agreed that the NFL Defendants would produce responsive documents reviewed from the subset of collected documents hitting on 75 negotiated search terms. During these negotiations, the parties also agreed the NFL Defendants would make a single collection of documents for requests pending at the time, and would not have to make any subsequent collections for those requests.

3. Fact discovery in this case was originally scheduled to end on March 22, 2022. *See* Dkt. 294. In November 2021, Plaintiffs requested that the NFL Defendants agree to an extension of fact discovery so Plaintiffs may spend more time reviewing documents and data produced by DirecTV. Plaintiffs agreed that the requested extension would not be used as additional time to serve additional Requests for Production, Interrogatories, or Admissions on the NFL Defendants, or subpoenas on third parties. This agreement was reflected in the parties' filed stipulation regarding the scheduling modification, which indicates that the deadline to serve such discovery requests was February 22, 2022. *See* Dkt. 362.

1

4.	In February 2022, Plaintiffs moved to modify the scheduling order and extend fact discovery again. As part of the briefing in support of their motion, Plaintiffs clarified that they did not seek an extension to the February 22, 2022 deadline by which to propound discovery requests. *See* Dkt. 423-1, at 7 n.3.

5.	The Court granted Plaintiffs' motion and extended the fact discovery deadline to August 5, 2022. Dkt. 434, at 5.

6.	On January 20, 2022, Plaintiffs served their Request for Production ("RFP") No. 112, which sought production of "[a]ll presentations, analyses, strategic planning documents, and communications regarding the current negotiations for the rights to Sunday Ticket from January 1, 2021 to the present day (and continuing in nature pursuant to Rule 26(e))." Because of the parties' prior agreement that custodial collection would be required only through May 2021, *see supra*, ¶ 2, the parties met and conferred several times and eventually agreed in April 2022 that the NFL would collect additional documents from the custodial files of Commissioner Goodell, Mr. Rolapp, and Mr. Schroeder—the three individuals expected to be the key decision-makers, and who would be involved in all key discussions and negotiations, concerning any upcoming Sunday Ticket agreement—and produce responsive documents reviewed from the subset of collected documents that hit on the search term proposed by Plaintiffs. The NFL produced documents responsive to RFP No. 12 on May 7, 2022.

7.	Because the Federal Rules presumptively limit each side to 10 depositions, absent stipulation, the parties began negotiating potential alterations to this default limit in March 2022. In May 2022, the parties agreed that Plaintiffs would be entitled to depose 15 specified witnesses from the NFL and the NFL clubs (including a 30(b)(6) deposition of the NFL); DirecTV witnesses pursuant to Plaintiffs' negotiations with DirecTV; and 5 specified witnesses from CBS, FOX, Comcast/NBCUniversal, and ESPN (*i.e.*, the rightsholders to the NFL's AFC, NFC, Sunday Night, and Monday Night packages).

2

Case No. 2:15-ml-02668-PSG (SKx)   Declaration of Jeremy S. Barber in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Compel Additional Depositions

8. During the parties' negotiations regarding the number of fact depositions in this case, the NFL was undergoing discussions with third parties that were interested in securing the rights to the Sunday Ticket package starting the 2023 season. At the outset of the parties' negotiations, Plaintiffs originally sought to depose ████████ ███████████████████████████████████████████████████████████████, as well as whichever entity or entities ultimately secured the rights to Sunday Ticket following the bidding process. Ultimately, Plaintiffs agreed to drop their request for depositions of ███████████, but retained the right to later seek a deposition of whichever entity became the new rightsholder to the Sunday Ticket package without seeking leave of court.

9. Over the next 15 months of discovery, Plaintiffs never indicated any intent to seek depositions of third parties in connection with the new Sunday Ticket agreements apart from the entity that secured the rights.

10. Between May and August 2022, Plaintiffs conducted 15 depositions of current and former NFL employees, including Brian Rolapp on May 18, 2022, and Brent Lawton on June 22, 2022. Plaintiffs also conducted a 30(b)(6) deposition of the NFL on July 28, 2022, pursuant to a 30(b)(6) notice incorporating 25 broad topics. To date, Plaintiffs have raised no complaint regarding the adequacy in preparation of either of the NFL's 30(b)(6) witnesses concerning any of the 25 topics.

11. Several of the fact witnesses whom Plaintiffs deposed had been involved in both prior and then-ongoing negotiations regarding Sunday Ticket agreements. During these depositions, Plaintiffs asked witnesses about then-ongoing negotiations, including the identity of third parties who were interested in the future rights to Sunday Ticket.

12. Throughout the fact discovery period, the NFL produced over 139,000 documents spanning more than 1,285,000 pages in response to Plaintiffs' document requests. At the time fact discovery closed on August 5, 2022, the operative Sunday Ticket agreement was with DirecTV through the 2022 season, and had been executed in 2014. The bulk of discovery centered on Sunday Ticket agreements in effect until that

3

Case No. 2:15-ml-02668-PSG (SKx)            Declaration of Jeremy S. Barber in Support of the NFL Defendants'
                                            Opposition to Plaintiffs' Motion to Compel Additional Depositions

point, but the NFL also produced documents reflecting then-ongoing negotiations regarding future rights to Sunday Ticket, including in response to RFP No. 112. Many of the produced documents reflected communications between NFL employees (such as Mr. Rolapp, Commissioner Goodell, Mr. Schroeder, Mr. Lawton, William Deng, and others) and employees at third parties regarding the future rights to Sunday Ticket.

13. In June 2022, Plaintiffs sent the NFL Defendants a letter requesting further discovery concerning the then-ongoing negotiations over rights to the Sunday Ticket package. The parties could not reach agreement on the proper scope of that discovery, and Plaintiffs filed a motion to compel on July 12, 2022, with a hearing date of August 9, 2022. *See* Dkt. 536. Plaintiffs' proposed order requested that the NFL (i) make additional productions of documents regarding then-ongoing Sunday Ticket negotiations and (ii) thereafter, "make **a witness** available for deposition to provide testimony **on behalf of the NFL** regarding the negotiations for the rights to Sunday Ticket." *See* Dkt. 551-10 (proposed order) (emphases added). At no point in their briefing before the Court, or preceding negotiations with the NFL, did Plaintiffs indicate any intent to seek depositions of NFL witnesses apart from the 30(b)(6) deposition.

14. At the same time, Plaintiffs had a separate discovery dispute pending in the Northern District of California regarding the third-party subpoena they had served on Apple. *See* 22-MC-80140-DMR (N.D. Cal. 2022). Plaintiffs were also conferring with the NFL and DirecTV regarding entries on their respective privilege logs, and were contemplating filing a motion to compel concerning those logs. Given the upcoming August 5, 2022 deadline for fact discovery, Plaintiffs moved on July 15, 2022 before Chief Judge Gutierrez for a "*limited* modification to the schedule" so that they may "complete limited discovery after the August 5 deadline" on those three matters: (i) the NFL's discovery obligations as to ongoing Sunday Ticket negotiations; (ii) Plaintiffs' third-party subpoena to Apple; and (iii) resolution of any dispute as to entries on the NFL's and DirecTV's privilege logs. Dkt. 555-1, at 1, 10 (emphasis added).

4

Case No. 2:15-ml-02668-PSG (SKx)    Declaration of Jeremy S. Barber in Support of the NFL Defendants'
Opposition to Plaintiffs' Motion to Compel Additional Depositions

15. On August 9, 2022, Judge McDermott held a hearing regarding Plaintiffs' motion to compel additional discovery concerning the new Sunday Ticket agreement, during which Plaintiffs' counsel explained that Plaintiffs sought only "two productions and one deposition." Dkt. 613, at 9:9–16. Judge McDermott provided guidance and ultimately ordered the parties to meet and confer regarding the NFL's discovery obligations concerning the new agreement and to submit a status report by September 9, 2022. *See* Dkt. 599.

16. On August 11, 2022, this Court granted Plaintiffs' motion to take limited discovery after the fact discovery deadline, "extend[ing] the time in which Plaintiffs may seek additional discovery related to [the three ongoing disputes] and, if relevant, enforce compliance with orders on such motions." Dkt. 607, at 3.

17. The parties met and conferred regarding the scope of the NFL's discovery obligations concerning the new agreement, as directed by Judge McDermott, and agreed the NFL would (1) make a production of documents within 45 days of the execution of any new Sunday Ticket agreement, and (2) make available one witness for a deposition pursuant to Federal Rule of 30(b)(6). These agreements were memorialized in the parties' Joint Status Report filed on September 9, 2022. *See* Dkt. 643. On September 12, 2022, Judge McDermott issued an order endorsing the parties' agreement as reflected in their joint status report. Dkt. 645.

18. On December 22, 2022, the NFL and Google announced their agreement granting YouTube TV the rights to the residential Sunday Ticket package beginning with the 2023 NFL season. The NFL produced responsive documents concerning this agreement on January 13, 2023.

19. On February 7, 2023, this Court issued its Order on Class Certification. Dkt. 894.

20. On March 28, 2023, the NFL and RedBird Capital Partners announced their joint formation of EverPass Media, the entity that will license the commercial Sunday

5

Case No. 2:15-ml-02668-PSG (SKx)    Declaration of Jeremy S. Barber in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Compel Additional Depositions

1  Ticket package to cable and satellite providers beginning with the 2023 NFL season.
2  The NFL produced responsive documents concerning this agreement on April 20, 2023.

3        21.    On April 5, 2023, Plaintiffs filed a motion to compel further discovery
4  concerning the new Sunday Ticket agreements.  Dkt. 912.  In their motion, Plaintiffs
5  sought production of documents reflecting ███████████████████████
6  ████████████████  ████████  ███  ████  ██  ████  ███████
7  ████████████████████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████. 918-10 (proposed order).  Specifically, Plaintiffs sought
10 further discovery from Mr. Rolapp, Commissioner Goodell, and Mr. Schroeder, and
11 custodial collections from Mr. Lawton, Mr. Deng, and Dhruv Prasad.  *See* Dkt. 918-1,
12 at 17.

13       22.    On April 25, 2023, without hearing, Judge McDermott denied Plaintiffs'
14 request for additional custodial discovery, including from Mr. Lawton, Mr. Deng, and
15 Mr. Prasad.  *See* Dkt. 924, at 4–7.  He noted that "it [wa]s undisputed that the NFL has
16 complied with the discovery requirements of the September 12, 2022 Order, an Order to
17 which Plaintiffs agreed," and that "there [wa]s no deficiency in the NFL production."
18 *Id.* at 4.  Judge McDermott explained that, in making their request, Plaintiffs were simply
19 "[u]nhappy with the results of the NFL's production" pursuant to the agreed-upon
20 protocol, and sought "to jettison the September 12, 2022 Order in favor of an expansive
21 new protocol." *Id.* at 4–5.  Plaintiffs had argued that they were promised more extensive
22 productions, but Judge McDermott explained that these repeated assertions were "an
23 exaggeration."  *Id.* at 5–6.  With respect to Plaintiffs' request for new custodial
24 collections, Judge McDermott explained that "[e]ssentially, what the Plaintiffs want is a
25 'do-over.'" *Id.* at 6.  He denied that request, which would "reopen expansive general
26 discovery," and instead directed the parties to meet and confer regarding revised search
27 terms to be applied to the documents already collected from Mr. Rolapp, Commissioner
28 Goodell, and Mr. Schroeder.  *See id.* at 6–7.

6

23. The parties met and conferred to negotiate revised search terms pursuant to Judge McDermott's Order, and the NFL made a further production of documents responsive to those search terms on June 16, 2023.

24. Between February and July 2023, the parties exchanged 13 merits expert reports and conducted 9 merits expert depositions. ███████████████ Expert discovery closed on July 7, 2023. *See* Dkt. 950.

25. On July 28, 2023, the NFL filed its motion for summary judgment. Dkt. 954. Plaintiffs filed their opposition on August 28, 2023, Dkt. 964, and the NFL filed its reply on September 29, 2023, Dkt. 984.

26. On August 11, 2023, Plaintiffs served the NFL with notices of deposition subpoenas of Google ███████████████.

27. On September 22, 2023, Plaintiffs served the NFL with notices of 30(b)(1) depositions of Mr. Rolapp, Mr. Lawton, Mr. Deng, and Mr. Prasad, along with notices of deposition subpoenas of ███████████████ an EverPass Media employee. Plaintiffs made no attempt to meet-and-confer with the NFL regarding these NFL and third-party depositions before serving these notices.

28. On October 3, 2023, Plaintiffs served the NFL with an amended 30(b)(6) deposition notice on eight topics related to the new Sunday Ticket agreements. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Amended Notice of Deposition of the NFL pursuant to Rule 30(b)(6), served on October 3, 2023. The parties are currently negotiating minor revisions to the topics in that notice.

29. The NFL is currently working with Plaintiffs to schedule this 30(b)(6) deposition and intends to designate Mr. Rolapp as its 30(b)(6) witness.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

7

Case No. 2:15-ml-02668-PSG (SKx)    Declaration of Jeremy S. Barber in Support of the NFL Defendants' Opposition to Plaintiffs' Motion to Compel Additional Depositions

EXECUTED on this 20th day of October 2023 in New York, NY.

Dated:  October 20, 2023                                Respectfully submitted,

*/s/ Jeremy S. Barber*
Jeremy S. Barber (admitted *pro hac vice*)

8

**Case No. 2:15-ml-02668-PSG (SKx)**               **Declaration of Jeremy S. Barber in Support of the NFL Defendants'
                                                   Opposition to Plaintiffs' Motion to Compel Additional Depositions**