Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (2121) 202-4322

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 2:15-ml-02668–PSG (JEMx) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THE COURT'S AUGUST 11, 2022 ORDER AND TO PERMIT PLAINTIFFS TO TAKE DEPOSITIONS REGARDING THE NEW SUNDAY TICKET AGREEMENTS** |
| | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |
| | JUDGE: Hon. Philip S. Gutierrez<br>DATE: November 10, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: First Street Courthouse<br>  350 West 1st Street<br>  Courtroom 6A<br>  Los Angeles, CA 90012 |

# <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 3

III.  CONCLUSION .................................................................................................. 9

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*,
   2018 WL 5993585 (E.D. Cal. Nov. 6, 2018) ......................................................6

6

7

*Apple Inc. v. Samsung Elecs. Co.*,
   282 F.R.D. 259 (N.D. Cal. 2012) ........................................................................6

8

*In re Google RTB Consumer Priv. Litig.*,
   2023 WL 5836816 (N.D. Cal. Sept. 8, 2023).......................................................6

9

10

*In re NFL's Sunday Ticket Antitrust Litig.*,
   933 F.3d 1136 (9th Cir. 2019).............................................................................4

11

12

*Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*,
   285 F.R.D. 481 (N.D. Cal. 2012) ........................................................................6

13

14

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*,
   316 F.R.D. 327 (D. Nev. 2016) ...........................................................................6

15

16

*Olivo v. Fresh Harvest Inc.*,
   2018 WL 4927995 (S.D. Cal. Oct. 10, 2018)......................................................7

17

18

*Wright v. Gringo*,
   2021 WL 689924 (S.D. Cal. Feb. 22, 2021) .......................................................7

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

The NFL Defendants' opposition to Plaintiffs' motion to permit the depositions of four fact witnesses who were intimately involved in the negotiations that led to the new NFL Sunday Ticket contracts mischaracterizes the proceedings on Plaintiffs' prior motions to allow discovery regarding these contracts after the discovery cut-off. The NFL Defendants erroneously claim that Plaintiffs waived their rights to conduct anything more than a corporate representative Rule 30(b)(6) deposition regarding those new contracts. But these witnesses could not have been deposed about the new contracts before the fact discovery cut-off and Plaintiffs did not waive the rights to take these depositions. Rather, because Plaintiffs knew that no new NFL Sunday Ticket agreement would be reached before the discovery cut-off elapsed, Plaintiffs specifically, and out of an abundance of caution, sought an order of the Court to allow post cut-off discovery. Plaintiffs would be justified in seeking this discovery now in any case, and the NFL Defendants do not argue that they will suffer any legally cognizable prejudice if the depositions in question are allowed to go forward. Nor could they.

The NFL Defendants provide no valid basis for their refusal to present four centrally important employees for depositions about plainly relevant facts: the negotiations between the NFL and the bidders for the current rights to broadcast the games included in the NFL Sunday Ticket package. Those negotiations, both with the parties that secured the latest rights to Sunday Ticket and those who sought those rights but whose proposals were rejected, bear directly on whether the NFL Defendants are liable under the antitrust laws for restricting the broadcast of live football games. They are also material to the potential injunctive relief to be awarded in this case.

Each of the noticed witnesses has knowledge of evidence on these subjects because each played a unique role in the negotiations that took place in the months after the August 5, 2022 fact-discovery cutoff. ██████████████



Depositions of these four individuals—the ones most directly involved in relevant events—are plainly justified and proportional to the needs of this multi-billion-dollar antitrust case.

Plaintiffs moved to extend the deadline for fact discovery for the specific purpose of taking "document and deposition discovery concerning the agreement for the future rights to Sunday Ticket." Dkt. 546-5 (Proposed Order). In so doing, the Plaintiffs did not ask just to take one Rule 30(b)(6) deposition of the NFL Defendants. On August 11, 2022, the Court granted that motion and permitted Plaintiffs to take "deposition discovery about the new NFL Sunday Ticket agreement *once such deal is finalized*." Dkt. 607 at 4 (emphasis added). Since December 2022, when the NFL reached agreement with Google, and March 2023, when the NFL reached agreement with EverPass, Plaintiffs have been engaged in pursuing document discovery from the NFL and several third parties about those negotiations. The NFL's most recent production was on October 2, 2023. Now that most of the documents have been obtained, Plaintiffs seek deposition testimony informed by those documents, newly obtained after the discovery cut-off, and the underlying facts about the events that took place after the cut-off. That is precisely

what Plaintiffs sought and the Court granted Plaintiffs leave to do on August 11, 2022.

The NFL tries to sidestep that Order by focusing their opposition on a *different* motion filed by Plaintiffs on a related, but *different* issue: the production of documents. Those arguments are misplaced because that motion, and Judge McDermott's orders granting it, defined the scope of *document* discovery on the negotiations, not the scope of the depositions that Plaintiffs always intended to take after obtaining those documents. Plaintiffs reasonably sought access to those documents before conducting depositions about the new NFL Sunday Ticket contract. Plaintiffs made no representations that the relief sought *in that motion* would govern the scope of all permissible discovery on the new agreement. Nor did Plaintiffs represent, as the NFL insists, that they sought to extend the discovery deadline only to allow Judge McDermott to adjudicate the then-pending motion to compel. Instead, Plaintiffs separately and successfully moved the Court to take document and deposition discovery after the cut-off.

The Court should therefore enforce the Order, grant the instant motion, and compel the NFL to present the four noticed witnesses for deposition.

## II.   ARGUMENT

Evidence about the 2022-2023 negotiations over the new NFL Sunday Ticket contracts is directly relevant to Plaintiffs' antitrust claims. Testimony about the proposals and counterproposals exchanged between the NFL and third-party bidders will shed light, amongst other things, on the "but-for world" that would have existed absent the restraints that NFL has imposed on the availability of out-of-market games included in Sunday Ticket.

There are abundant examples why these four depositions will shed light on these issues. For example, alternative contractual arrangements, different out-of-market-game packages, and less expensive subscriber terms all bear on what would have been possible during the class period and on the NFL Defendants' claimed

1   defenses. ███████████████████████████████████████

2   █████████████████████████████████████████████████

3   █████████████████████████████████████████████████

4   ████████████████████████████████ *See In re NFL's Sunday Ticket Antitrust*

5   *Litig.*, 933 F.3d 1136, 1148 (9th Cir. 2019) ("Fans who want to watch other out-of-

6   market games cannot purchase games individually or by team, but are required to

7   buy the entire package of NFL games."); Dkt. 441 (Second Consolidated Amended

8   Complaint) ¶¶ 7, 19. ██████████████████████████████

9   █████████████████████████████████████████████████

10  █████████████████████████████████████████████████

11  █████████████████████████████████████████████████

12  █████████████████████████████████████████████████

13  █████████████████████████████████████████████████

14  ██████████████████████████████████████ By doing so, the

15  NFL replicated restrictions that it imposed during the class period, during which

16  Sunday Ticket was always offered as a high-priced add-on to a DirecTV satellite

17  subscription.

18  ███████████████████████████████████████████

19  █████████████████████████████████████████████████

20  █████████████████████████████████████████████████

21  ██████████████████████ Evidence on each of these artificial contractual

22  restrictions in the NFL's new agreements bears directly on Plaintiffs' claims for

23  injunctive relief for the same reasons.

24          Plaintiffs have not yet had the opportunity to take deposition testimony on

25  these issues because most of the negotiations occurred after the fact discovery cut-

26  off—after Plaintiffs had already completed the previously agreed-upon slate of pre-

27  fact-discovery cut-off depositions. And Plaintiffs could not have obtained the

28  documentary evidence about those negotiations until after the discovery cut-off.



4

Indeed, Plaintiffs had to engage in motion practice and protracted efforts to obtain these post-discovery cut-off documents.

Each of the four noticed witnesses—Brian Rolapp, Dhruv Prasad, Brent Lawton, and William Deng—can speak from personal knowledge about these and other related developments in the negotiations. Each can present unique testimony based on his specific role in the negotiations. ████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████ Notably, Plaintiffs have not sought additional depositions of Roger Goodell, the NFL Commissioner, or any NFL team owners.[1] Instead, Plaintiffs have focused on a handful of the key individuals involved in the latest round of negotiations over the new contracts.

Regarding those individuals, ██████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████

---

[1] In light of the NFL Defendants' efforts to claim waiver where none exists, Plaintiffs note that they respectfully reserve all their rights regarding discovery in this case.

Each of these witnesses has unique knowledge that cannot be obtained from other sources, unlike the depositions sought in the cases cited by the NFL Defendants. In *Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, 2018 WL 5993585, at \*4 (E.D. Cal. Nov. 6, 2018), the court permitted 8 of 13 requested depositions but denied depositions of three in-house attorneys because the evidence they would provide would easily be obtained from "other non-attorney sources," and two other deponents because they would have duplicative information. Not so here. The plaintiffs in *In re Google RTB Consumer Priv. Litig.*, 2023 WL 5836816, at \*1 (N.D. Cal. Sept. 8, 2023) moved to take depositions of four Google witnesses "beyond the 10 depositions they have already taken or noticed to date so that they can explore the factual bases for Google's recent answers to plaintiffs' Interrogatories Nos. 11-14." The court found that that information—about "how the substantive information presented in Google's interrogatory answers was derived or calculated"—was better obtained from a 30(b)(6) witness, the source of the interrogatory responses. *Id.* Here, by contrast, Plaintiffs seek to obtain factual testimony from four percipient witnesses with unique personal and first-hand knowledge of those facts. Each of the individuals can speak to the various proposals and counterproposals that he personally discussed with various third parties and with NFL leadership.

Under these circumstances, courts have consistently held that percipient witness depositions are ***not*** duplicative of a Rule 30(b)(6) depositions simply because of overlap in the topics covered. *See*, *e.g.*, *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (collecting cases); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 264–65 (N.D. Cal. 2012) (rejecting argument that Samsung's CEO could not be deposed as a percipient witness given Rule 30(b)(6) designee's testimony on the same subject matter); *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (granting motion to compel deposition of

percipient witness "on overlapping issue" addressed in 30(b)(6) deposition because witness attended the event at issue). The testimony of an individual is distinct from the testimony of an entity.

Nor will there be any undue burden on the NFL Defendants in permitting the noticed depositions to take place. Any burden that these depositions might impose on the NFL—a multi-billion-dollar enterprise—pales in comparison to the likely importance of the discovery. The four depositions can be completed well ahead of any other pending case deadlines. Trial is nearly four months away and summary judgment briefing is complete. The deadlines for the pre-trial preparation cited by the NFL are all in 2024. Contrast this situation with *Wright v. Gringo* where the court denied a motion that was *filed* six weeks before trial because the defendants who sought the deposition were not diligent. 2021 WL 689924, at *3 (S.D. Cal. Feb. 22, 2021). Unlike the defendants in *Wright,* who noticed the disputed deposition for a year before trial and then sat on their hands for eleven months, Plaintiffs have diligently, if not doggedly, pursued discovery regarding the Sunday Ticket negotiations for the past year. In *Olivo v. Fresh Harvest Inc.*, 2018 WL 4927995, at *4 (S.D. Cal. Oct. 10, 2018), the court denied leave to take a deposition because Plaintiffs "offered no reason" why they had failed to take that particular deposition for seven months or to elicit the relevant testimony from the many individuals they had already deposed. *Id.* at *4. Here, by contrast, Plaintiffs were unable to elicit the requested testimony during the fact-discovery period because the negotiations lasted for months, long after the discovery cut-off. And Plaintiffs reasonably waited to notice the depositions until they obtained relevant documents from the NFL Defendants and third parties.

That is why the timing of these depositions is appropriate. In July 2022, Plaintiffs sought permission from the Court to conduct document and deposition discovery about the negotiations and the new NFL Sunday Ticket agreements. The motion was granted. Dkt. 607. In the ensuing months, the NFL announced that it

had reached two separate agreements for the rights to Sunday Ticket, one for residential subscribers and one for commercial subscribers. Plaintiffs subsequently obtained document discovery from the NFL and from the most pertinent third parties involved in those negotiations—Apple, EverPass, Google, Goldman Sachs, and RedBird Capital Partners.

The process of obtaining documentary evidence took months, not least due to protracted discussions with the NFL about documents improperly withheld on privilege grounds. Pursuant to those discussions, the NFL most recently produced documents on October 2, 2023—*after* the depositions at issue had been noticed. The dispute over privilege issues is still pending before Magistrate Judge Kim. *See* Dkt. 1016. In sum, Plaintiffs have engaged in exactly the process authorized by this Court on August 11, 2022, which granted Plaintiffs additional time for "document and deposition discovery about the new NFL Sunday Ticket agreement once such a deal is finalized," Dkt. 607 at 4.

Unable to escape the plain import of that Order, the NFL mischaracterizes it—claiming that "all the Court did was extend the discovery deadline to permit extant disputes to be adjudicated by the Northern District of California and Judge McDermott," Opp. at 11. And Plaintiffs are currently fighting Apple's efforts to preclude a deposition from being taken in the Northern District of California based on Apple's contention that the discovery is precluded by this Court's year-old discovery cut-off deadline. That revisionist history cannot be reconciled with the Court's order, the description of Plaintiffs' discovery plan provided in their memorandum of points and authorities before the Court, or with the relief Plaintiffs sought in the proposed order. Plaintiffs described all of this in their motion, Mot. at 3-4, and the NFL provides no response.

The NFL's crabbed reading of Judge McDermott's orders on the motion to compel production of documents fares no better. Those orders do not govern the permissible scope of discovery on the negotiations for Sunday Ticket. Nor do they

purport to. The motion before Judge McDermott was about the proper scope of document discovery on this subject. His subsequent ruling on the proper number of *custodians* for document production has no bearing on the identity or quantity of the witnesses who will be *deposed*. Plaintiffs did not waive their right to depose additional witnesses because they did not raise the issue before Judge McDermott a year ago, months before Plaintiffs had obtained any relevant documents about the negotiations that took place after the discovery cut-off. The NFL provides no authority that suggests otherwise. And Plaintiffs expressly represented to the Court that "[t]o the extent there are disputes over the proper scope of such discovery, the parties can raise those issues with the Court at the appropriate time," Dkt. 546-2 at 14. There is simply no basis to argue that Judge McDermott's order governs that scope.

Furthermore, as Plaintiffs pointed out in their motion, the requested deposition discovery would be appropriate even if Plaintiffs had not moved for authorization to take the depositions before the expiration of the discovery cut-off. The discovery relates to highly relevant events and negotiations taking place after the cut-off and the Court plainly has the discretion to permit the depositions to be taken now.

## III.   CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court should grant Plaintiffs' motion and the compel NFL to present the requested witnesses without further delay.

Dated: October 27, 2023       Respectfully submitted,

By:   */s/ Marc M. Seltzer*      
       Marc M. Seltzer

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com

Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*