UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  ML 15-02668-PSG (SKx)                               Date: October 30, 2023

Title    In re National Football League's Sunday Ticket Antitrust Litigation

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

None present                                 None present

**Proceedings:**   (IN CHAMBERS) **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS ON THE NFL'S SUPPLEMENTAL PRIVILEGE LOG [ECF 989]**

   Plaintiffs move to compel the production of certain documents on the NFL's supplemental privilege log, claiming that the NFL's assertion of attorney-client privilege over the disputed documents (which concern "Project Hoya") is invalidly asserted.  When communications between an attorney and client involve mixed legal and business purposes, as the disputed documents here do, the attorney-client privilege applies only if "the primary purpose of the communication is to give or receive legal advice, as opposed to business or tax advice." *In re Grand Jury*, 23 F.4th 1088, 1091–92 (9th Cir. 2021), *cert. dismissed*, 143 S. Ct. 543 (2023).  One practical method of assessing whether a communication's primary purpose is the provision of legal advice is to ask whether such communication would have been made even without the protection of the attorney-client privilege. *See, e.g., Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 2699971, at *4 (N.D. Cal. Mar. 29, 2023).

   Applying these standards to its *in camera* review of the disputed documents (described by the "Reference Numbers" on the NFL's second amended supplemental privilege log (ECF 991-8)), the court grants in part and denies in part plaintiffs' motion to compel as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   ML 15-02668-PSG (SKx)                               Date:  October 30, 2023

Title        In re National Football League's Sunday Ticket Antitrust Litigation

- Plaintiffs' motion to compel production of documents from **Reference Nos. 16 and 212** is denied as moot.  (Barber Decl. ¶ 23, ECF 989-2).

- Plaintiffs' motion to compel production of documents from **Reference Nos. 7, 47, 53, 70, 110-12, 128-30, 132-33, 199-200, and 204-11** is denied because the primary purpose of the redacted or withheld communications reflected in these documents is the seeking or providing of legal advice.

- Plaintiffs' motion to compel production of documents from **Reference Nos. 32-34 (including cover email), 56, 214, 217, and 219** is granted because the provision of legal advice is not the primary purpose of the redacted or withheld communications.

For those documents that the court has now ordered produced (unredacted or as a whole), the NFL must comply within seven calendar days of this order.

  The clerk is instructed to return the thumb drive containing the NFL's *in camera* submission, which the NFL's counsel is ordered to retain in its submitted form for the record until the conclusion of this case including any appeal.  The clerk is instructed to record this event with the filing of a return receipt.  Meanwhile, the hearing on plaintiffs' motion scheduled for November 6, 2023 is vacated.  Both sides must bear their own costs and expenses to litigate this motion.

  IT IS SO ORDERED.