Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**NFL DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT SEEKING TO PROVE THAT REVENUE SHARING IS ANTICOMPETITIVE**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: February 7, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>          350 West 1st Street<br>          Courtroom 6A<br>          Los Angeles, CA 90012 |

For the first *seven years* that this consolidated litigation was pending—through the course of complaints, discovery responses, class certification expert work, and opening merits expert work—Plaintiffs never suggested that the NFL teams' agreement to share television revenues ███████████████████████████████ ████████████████████████████████ To the contrary, Plaintiffs affirmatively disclaimed such a position, maintaining ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████" ECF No. 778-3, Expert Reply Report of Daniel A. Rascher in Support of Plaintiffs' Motion for Class Certification, dated December 2, 2022 ("Rascher Class Cert. Reply Rep.") ¶ 27 n.23. Only near the end of discovery, in their merits reply reports, did two of Plaintiffs' experts assert for the first time that Section 10.3 of the NFL Constitution, which provides that "[a]ll regular season . . . television income will be divided equally among all member clubs of the League," ████████████████████████████████████ ECF No. 962-29, Expert Rebuttal Report of Einer Elhauge, dated June 9, 2023 ("Elhauge Rebuttal Rep.") ¶ 26; ECF No. 962-5, Expert Reply Report of Daniel A. Rascher, dated June 9, 2023 ("Rascher Reply Rep.") ¶¶ 317, 319–21.[1] By the time Plaintiffs presented this new theory of liability, any chance for the NFL to investigate and defend against it had passed.

The Federal Rules prohibit the introduction of new legal claims through reply expert testimony where (i) the lack of notice about a theory of liability hinders

---

[1] Plaintiffs' experts belatedly assert that the NFL's current practice of television revenue sharing ████████████████████████████████ This is equivalent to claiming that ████████████████████████████████████████████████████████████ by definition, the but-for world is one that is *identical* to the real world *but for* a plaintiff's challenged agreements. *See* ABA Section of Antitrust L., *Proving Antitrust Damages: Legal and Economic Issues* § II.4.C (3d ed. 2017) ("The process of separating out effects of the challenged conduct from other unrelated factors is typically accomplished by comparing the experience in the actual world and the experience the plaintiff likely would have had in a but-for world free of the challenged anticompetitive conduct, holding all other factors the same."); *see also* ECF No. 962-29, Elhauge Rebuttal Rep. ¶ 24 n.5 (quoting the same treatise for the proposition that ████████████████████████ ████████████████████████████████████████████ (alteration in original)).

defendants' ability to respond to it or (ii) introduction of the theory at trial would cause significant prejudice. Both are true here. Plaintiffs accordingly should be precluded from introducing evidence or arguing that the NFL's revenue sharing agreement ████████████████████████████████████████████████████ .

## ARGUMENT

### I.    The Federal Rules Prohibit Parties From Making Arguments For The First Time In Expert Rebuttal Reports.

The Federal Rules are designed to prevent unfair surprises like Plaintiffs' newly disclosed challenge to Section 10.3 of the NFL Constitution that is embedded in the Elhauge and Rascher rebuttal reports. This belated ████████████ ████████████████████████ is barred by Federal Rules of Civil Procedure 8, 26(a), and 26(e).

Any attempt to introduce a ██████████████████████████████████████████ at trial would violate Federal Rule of Civil Procedure 8, which requires "a plaintiff [to] identify . . . the grounds for a claim . . . in the complaint itself; a defendant is not deemed to have fair notice of [grounds for a claim] identified elsewhere." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011); *see also, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 6708866, at *3 (N.D. Cal. Dec. 26, 2012) (applying *Oliver* to antitrust pleading), *aff'd*, 637 F. App'x 981 (9th Cir. 2016); *Rindlisbacher v. Steinway & Sons Inc.*, 497 F. Supp. 3d 479, 490 (D. Ariz. 2020) (same reasoning applied to fraud pleading), *aff'd sub nom. Rindlisbacher v. Steinway, Inc.*, 2021 WL 6067258 (9th Cir. 2021).

Plaintiffs' complaint does not provide any notice, much less adequate notice, of a claim ███████████████████████████████████ . Although the complaint acknowledges this revenue sharing agreement, *see* ECF No. 441, Second Am. Compl. ¶ 81, ████████████████████████████████ , *see generally id.*, ████████████████████████████████████ *see id*. ¶¶ 155–63. Plaintiffs must do more than allude to facts in order to state a claim—they have to

1   make plain in the complaint what they are challenging. As one court in this circuit

2   has put it, "[d]efendants aren't required to divine plaintiffs' claims[.] . . . A complaint

3   is a roadmap of the case, not a scavenger hunt." *Persian Gulf, Inc. v. BP W. Coast*

4   *Prods., Inc.*, 2020 WL 7427057, at *2 (S.D. Cal. Dec. 17, 2020). Plaintiffs' complaint

5   not only failed to disclose this theory; it effectively led Defendants astray.

6   ██████████████████████████████ for the first time through expert rebuttal

7   testimony is therefore prohibited by Rule 8.

8        Plaintiffs' lack of transparency about the claims they are actually pursuing also

9   violates Rule 26. Rule 26(a) bars introduction of new, unpleaded liability theories by

10   limiting expert rebuttal to evidence that *contradicts* or *rebuts* expert testimony

11   already in the record. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also Matthew Enter.,*

12   *Inc. v. Chrysler Grp. LLC*, 2016 WL 4272430, at *2 (N.D. Cal. Aug. 15, 2016); *Vu*

13   *v. McNeil-PPC, Inc.*, 2010 WL 2179882, at *4 (C.D. Cal. May 7, 2010).

14        Plaintiffs' experts' opinions about the NFL's television revenue sharing

15   agreement exceed the bounds of rebuttal evidence. Where an expert "*first*, accepts

16   [the opposing expert's] conclusion as true, and *second*, uses that conclusion 'as the

17   springboard' for his own theory," Rule 26(a) is clear that he is not offering a rebuttal

18   opinion—such novel testimony must be disclosed in an opening report, if at all. *See*

19   *Canning v. Medtronic Inc.*, 2022 WL 1092801, at *7 (D. Ariz. Apr. 12, 2022); *R &*

20   *O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 WL 2923703, at *2 (D. Nev. July 18,

21   2011) (internal quotations and citation omitted) ("If the purpose of expert testimony

22   is to contradict an expected and anticipated portion of the other party's case-in-chief,

23   then the witness is not a rebuttal witness or anything analogous to one."). In offering

24   opinions about the ████████████████████████████, Elhauge and

25   Rascher stepped beyond their roles as rebuttal experts and presented an entirely new

26   theory of liability for Plaintiffs.

27        Moreover, Mr. Elhauge does not contradict or rebut Dr. Bernheim's economic

28   analysis of revenue sharing at all. To the contrary, he begins his discussion of Dr.

3

Case No. 2:15-ml-02668-PSG (SKx)                NFL Defendants' Motion In Limine No. 1 To Exclude Evidence And
                                                Argument Seeking To Prove That Revenue Sharing Is Anticompetitive

1    Bernheim's analysis by conceding that Dr. Bernheim ████████ about the relevant

2    economics, ECF No. 962-29, Elhauge Rebuttal Rep. ¶ 26, and then uses that agreed

3    *economic* opinion as a ████████ for the newly disclosed *legal* theory that Section

4    10.3 of the NFL Constitution is subject to challenge and therefore ████████

5    ████████ *see id.* Mr. Elhauge cannot use the economic weaknesses in

6    Plaintiffs' expert case as a basis for asserting a new theory. *See Pluck v. BP Oil*

7    *Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011) (that "the weaknesses in the expert's

8    prior testimony have been revealed" does not permit the expert to later introduce a

9    new theory in a rebuttal report to correct his own past failures). Plaintiffs accordingly

10   violated Rule 26(a) when they did not disclose in their initial expert disclosures their

11   experts' opinions suggesting that ████████████████

12   ████████

13        Finally, in violation of Rule 26(e), Plaintiffs failed to amend their interrogatory

14   responses to assert ████████████████. Plaintiffs

15   have an affirmative duty to update materially incomplete interrogatory responses

16   throughout discovery. Fed. R. Civ. P. 26(e)(1)(A); *see also Apple, Inc. v. Samsung*

17   *Elecs. Co., Ltd.*, 2012 WL 3155574, at *3–6 (N.D. Cal. Aug. 2, 2012) (Koh, J.).

18        Plaintiffs did not do so. During the course of discovery, the NFL Defendants

19   asked Plaintiffs whether the NFL and its clubs would continue revenue sharing in the

20   proposed "but-for world[s]." Plaintiffs responded:

21        [A]nticompetitive restraints are unnecessary to equalize revenue among
         the clubs. The NFL Defendants have an extensive revenue-sharing
22       program that extends beyond broadcast revenue, and other sports
         leagues use a variety of means to share revenue. If the NFL Defendants
23       wish to achieve a more equal allocation of revenue among the clubs than
         a free market would produce, it is not necessary to restrain output and
24       charge monopoly prices to do so. *Direct revenue sharing could achieve*
25       *the same aim without any of these restraints and consequent harm to*
         *consumers.*
26

27   Pastan Decl. Ex. 1, Residential Pls.' Resp. Interrog. 24 (emphasis added).

28

4

Far from disclosing █████████████████████████████████████████

█████████████████████████████████████████████████████████████████

Plaintiffs actually *endorsed* revenue sharing as a procompetitive alternative to the

challenged conduct. This ██████████████████ Mr. Elhauge's assertion for the

first time on rebuttal that the NFL's revenue sharing agreement ██████

████████████████████████████████████████ ECF No. 962-29,

Elhauge Rebuttal Rep. ¶ 26.

If Plaintiffs' contention is ███████████████████████████████████

██████████████████████████████████████, they had a duty to

update their interrogatory responses to so reflect, especially when Defendants had

specifically raised the issue. Their failure to do so violated Rule 26(e).

## II.   Plaintiffs' Late Disclosure Failed To Put Defendants On Notice And Prejudiced Defendants.

The appropriate consequence for Plaintiffs' untimely disclosure of this new

theory is exclusion at trial. Rule 8 prohibits a party from proceeding to trial on claims

not pleaded in the complaint unless a defendant has "fair notice" of those claims.

*Oliver*, 654 F.3d at 908–09. And evidence that violates Rule 26(a) or 26(e) is

*automatically* excluded unless the offending party can show that their discovery

violations were "harmless." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d

817, 827 (9th Cir. 2011) (citing Fed. R. Civ. P. 37(c)(1)). Although these standards

differ slightly,[2] they ultimately raise the same question: Did Defendants have

sufficient notice that Plaintiffs would pursue this claim to allow them to fairly defend

against it?

The answer is plainly no. The NFL could not know that it would need to defend

███████████████████████████████████████████████████████████████

_____

[2] For violations of Rules 26(a) and (e), the burden is on the violating party (here, Plaintiffs) to prove good cause or lack of prejudice. *Goodman*, 644 F.3d at 827. The Rule 8 analysis turns on whether the other party had adequate notice. *See Oliver*, 654 F.3d at 909 (applying the *Twombly* standard to Rule 8 challenges). Under either standard, lack of notice and prejudice are established.

5

1      ██████████████████ The NFL's revenue sharing agreement is publicly

2 available. *See* NFL Const. § 10.3, *available at, e.g.*,

3 https://pennstatelaw.psu.edu/online-documentary-supplement.  And even though

4 Plaintiffs acknowledged that the NFL Constitution provides for the equal sharing of

5 all television revenue in their 2016 Complaint, *see* ECF No. 163, First Am. Compl.

6 ¶ 81, ████████████████████████████████████████████

7 ██████████████. *see id.* ¶¶ 155–63. To the contrary, Plaintiffs repeatedly made clear

8 ████████████████████████████████████████████████

9 ███████████████████████████████████████. *See* ECF

10 No. 778-3, Rascher Class Cert. Reply Rep. ¶ 145 (there is ████████████

11 ████████████████████████████████████████████████

12 ██████████████████████”); ECF No. 962-4, Expert Report of Daniel

13 A. Rascher, dated February 17, 2023 ("Rascher Rep.") ¶ 273 ████████████

14 ████████████████████████████████████████████████

15 ████████████████████████████████████”).

16      Defendants built their discovery requests, their depositions, and their expert

17 reports around these representations. Plaintiffs' bait-and-switch—repeatedly

18 disclaiming a theory only to reverse course at the last minute—is a strong indication

19 of prejudice and warrants exclusion. *See Hous. Auth. of Los Angeles v. PCC Tech.*

20 *Indus., Inc.*, 2015 WL 13864845, at *2–3 (C.D. Cal. Mar. 4, 2015); *Oracle USA, Inc.*

21 *v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009). In particular, Defendants had no

22 opportunity to take fact discovery to ████████████████████████████

23 ██████████████████████████. Defendants had no opportunity to address

24 ████████████████████████████ generate individualized issues that

25 would defeat class certification. And Defendants are not even able to offer responsive

26 merits expert evidence, as Plaintiffs' new theory of liability was first revealed only

27 after the deadline for Defendants to disclose their expert opinions under Rule 26. *See*,

28 *e.g.*, *Apple*, 2012 WL 3155574, at *6 (emphasizing the prejudice from late-disclosed

6

Case No. 2:15-ml-02668-PSG (SKx)      NFL Defendants' Motion In Limine No. 1 To Exclude Evidence And
Argument Seeking To Prove That Revenue Sharing Is Anticompetitive

liability theories because "experts [a]re in effect locked-in to the factual record as of the time fact discovery close[s] and c[an] not test the factual basis for the newly amended contentions by conducting additional discovery").

As result of this prejudice, this Court should bar from trial any assertion or evidence seeking to prove that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See Shannon Fabrics, Inc. v. Jo-Ann Stores, Inc.*, 2015 WL 12752445, at *2 (C.D. Cal. Jan. 6, 2015).

Dated: January 5, 2024

Respectfully submitted,

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000

7

1

Facsimile: (202) 662-6291
glevy@cov.com

2

dludwin@cov.com
jplayforth@cov.com

3

4

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8