1 | Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE UNDER RULES 402 AND 403**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: February 7, 2024<br>TIME: 2:30 p.m.<br>COURTROOM:<br>  First Street Courthouse<br>  350 West 1st Street<br>  Courtroom 6A<br>  Los Angeles, CA 90012 |

Plaintiffs respectfully request that this Court preclude the NFL Defendants from seeking to introduce evidence or making arguments about the following subject matters pursuant to Federal Rules of Evidence 402 and 403.

**I.      The NFL Should be Precluded from Referring to Sunday Ticket as a Luxury Good, Unnecessary, or Other Similar Connotation**

The NFL Defendants should be precluded from referring to NFL Sunday Ticket as a "luxury good" or any other label that characterizes the product at issue in this litigation as an extravagance that merits lesser protection under the antitrust laws. Such a characterization of NFL Sunday Ticket is irrelevant to any claim or defense and would be unfairly prejudicial to Plaintiffs.

The Sherman Act makes no distinction between "luxury" products and "essential" goods. Its prohibition on anticompetitive conduct applies to *all product markets*. As the Supreme Court has instructed: "The outer boundaries of a product market are determined by the reasonable interchangeability of use or the cross-elasticity of demand between the product itself and substitutes for it." *Brown Shoe v. United States,* 370 U.S. 294, 325 (1962); *accord Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008). Courts routinely hold that products that could be characterized as "luxury" are subject to the antitrust laws. *See, e.g., Sullivan v. DB Invs., Inc.,* 667 F.3d 273 (3d Cir. 2011) (affirming antitrust class action settlement concerning "gem-quality diamonds") (en banc)*; Axelrod v. Saks & Co.*, 77 F.R.D. 441, 443 (E.D. Pa. 1978) (certifying antitrust action involving expensive women's wear at Saks Fifth Avenue, Bergdorf Goodman, and Bonwit Teller); *see also In re Auction Houses Antitrust Litig.*, 193 F.R.D. 162, 163 (S.D.N.Y. 2000) (certifying class action alleging antitrust conspiracy to manipulate prices in auction services "for fine and applied arts, furniture, antiques, automobiles, collectibles and other items").

Whether Sunday Ticket is a "luxury" product has no bearing on whether the NFL Defendants engaged in anticompetitive conduct or whether the Classes paid supercompetitive prices for it. *See Foremost Int'l Tours, Inc. v. Qantas Airways Ltd.*,

478 F. Supp. 589, 595 (D. Haw. 1979), *aff'd*, 649 F.2d 867 (9th Cir. 1981) (rejecting defendant's argument that the relevant market in which it competed was for discretionary non-essential goods "for were antitrust courts to adopt it, no plaintiff in the business of providing luxuries to the consumer could ever establish a viable relevant market for purposes of the Sherman Act").

In short, arguments about Sunday Ticket's "luxury status" will not tend to prove any fact relevant to this case. As such, evidence or arguments characterizing Sunday Ticket as a luxury, unnecessary, an extravagance, or some other similar connotation should be excluded. *See* Fed. R. Evid. 401, 402; *see also Mech. Mktg., Inc. v. Sixxon Precision Mach. Co., Ltd.*, 2016 WL 7740506, at *2 (N.D Cal. Mar. 24, 2016) ("Irrelevant evidence is not admissible.").

Even if argument about Sunday Ticket's luxury status *were* minimally relevant, it still should be excluded under Federal Rule of Evidence 403 because any minimal probative value is far outweighed by the danger of unfair prejudice and confusion. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

## II.   The NFL Should be Precluded from Remarking on the Absence of DirecTV, CBS, and Fox as Named Defendants

Plaintiffs respectfully request an order *in limine* pursuant to Rule 403 precluding the NFL Defendants from making at trial any statement or argument, presenting or seeking to introduce evidence, or eliciting testimony concerning Plaintiffs' apparent failure to sue DirecTV, CBS, Fox, or any other network (collectively, the NFL's "Television Partners") for anticompetitive behavior. The NFL Defendants may in this case attempt to exploit the natural curiosity in the minds of the jurors, by suggesting to them, directly or indirectly, that if the challenged

conduct were truly anticompetitive, DirecTV, CBS and Fox would each be present in Court as defendants.

The presence or absence of the NFL's Television Partners is irrelevant to the issues in this case. Each member of an antitrust conspiracy is jointly and severally liable under the Sherman Act for all damages caused by the conspiracy. *See, e.g., Paper Sys. Inc. v. Nippon Paper Indus. Co.*, 281 F.3d 629, 632 (7th Cir. 2002) (citing *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630 (1981)); *Markson v. CRST Int'l, Inc.*, 2022 WL 790960, at *11 (C.D. Cal. Feb. 24, 2022). There are a host of legitimate reasons why a plaintiff would sue some but not all conspirators in an antitrust case. Suggesting otherwise would generate an unnecessary and unfair risk of confusion to the jury and be unfairly prejudicial to Plaintiffs.

Indeed, evidence or argument premised on a potential claimant's decision not to sue is inadmissible under Federal Rules of Evidence 401 and 403. *See, e.g.*, *Bishop v. Children's Ctr. for Developmental Enrichment*, 2011 WL 6752071, at *2 (S.D. Ohio Dec. 22, 2011) (excluding evidence that defendant was not also sued by third-party school district because such evidence "could result in confusion of the issues to the jury"). The same reasoning precludes a defendant from commenting on a plaintiffs' decision not to sue other potential defendants. *See, e.g.*, *Buckman v. Bombardier Corp.*, 893 F. Supp. 547, 557 (E.D.N.C. 1995) (precluding as irrelevant mention of other parties that the plaintiff could have sued); *Allstate Fin. Corp. v. Utility Trailer*, 1995 WL 347985, at *3 (N.D. Ill. June 8, 1995) (precluding evidence about the decision not to sue an alleged coconspirator defendant because this issue was of "very marginal relevance, as Plaintiff may have had numerous reasons not to sue" and would "needlessly confuse the jury by creating a sideshow at trial").

The same reasoning applies here as well: the reasons why neither DirecTV nor CBS and Fox are defendants at the trial in this case have no bearing on whether the Defendants' conduct was anticompetitive or whether class members paid supracompetitive prices for Sunday Ticket during the class period. In fact, DirecTV

was named as a defendant in this litigation and the case against it has been stayed pending arbitration. In any event, the NFL Defendants should not be permitted to argue or suggest in any manner that the Television Partners are not co-conspirators because they are not appearing as defendants at the trial.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* to preclude the NFL Defendants from referring to Sunday Ticket as a luxury good and from referencing the absence of the Television Partners should be granted.

Dated: January 5, 2024            Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*