Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**NFL DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO PRIOR LAWSUITS NOT INVOLVING EITHER PARTY**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: February 7, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

The Federal Rules do not permit parties to present evidence and argue to the jury about unrelated lawsuits because such cases are irrelevant; evidence and argument about them risks confusing the jury. Fed. R. Evid. 402, 403. Expert testimony about unrelated lawsuits is particularly inappropriate because offering improper legal opinions usurps the Court's role of instructing the jury on the law. *See* Fed. R. Evid. 702. But that is exactly what Plaintiffs plan to do here: Plaintiffs and their experts intend to argue that they should prevail because of the legal outcomes in other cases involving other sports leagues.

Plaintiffs' papers and expert reports are replete with references, for example, to *NCAA v. Board of Regents of University of Oklahoma*, 468 U.S. 85 (1984), *Garber v. Office of the Commissioner of Baseball*, 2016 WL 749950 (S.D.N.Y. Jan. 22, 2016), *Laumann v. National Hockey League*, 907 F. Supp. 2d 465 (S.D.N.Y. 2012), *Madison Square Garden, L.P. v. National Hockey League*, 2008 WL 4547518 (S.D.N.Y. Oct. 10, 2008), and *Chicago Professional Sports Ltd. Partnership v. National Basketball Association*, 754 F. Supp. 1336 (N.D. Ill. 1991), *aff'd*, 961 F.2d 667 (7th Cir. 1992) (collectively, "the non-NFL cases"). Most of these opinions come from Dr. Daniel Rascher, who is not a lawyer and is unqualified to offer them. And as to Plaintiffs' experts who *are* lawyers—Mr. Len DeLuca and Mr. Einer Elhauge— it is inappropriate for them to instruct the jury on the ramifications of these cases. The Court should exclude from trial arguments to the jury and testimony based on these prior cases, as well as references to the non-NFL cases themselves.

**I.  Expert Testimony About The Facts And Holding Of *NCAA* Would Invade The Provinces Of The Court And The Jury.**

Plaintiffs and their experts should not be permitted to argue that they should prevail in this case based on a purported analogy to the Supreme Court's opinion in the *NCAA* case. To permit such testimony would violate the rules that (i) "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law" and (ii) that "instructing the jury as to the applicable law is the

1

distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).[1]

The proposed testimony from Plaintiffs' experts, Dr. Rascher, Mr. DeLuca, and Mr. Elhauge, regarding *NCAA* violates these principles. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *E.g.*, ECF No. 962-4, Expert Report of Daniel A. Rascher, dated June 9, 2023 ("Rascher Rep.") ¶¶ 157–59, 326–29; *see also* ECF No. 962-30, Expert Rebuttal Report of Leonard DeLuca, dated June 8, 2023 ("DeLuca Rebuttal Rep.") ¶¶ 4, 38 n.38, 49–53, 75, 82 n.97, 83 (similar); *and* ECF No. 962-29, Expert Rebuttal Report of Einer Elhauge, dated June 9, 2023 ("Elhauge Rebuttal Rep.") ¶ 24 (similar).

Dr. Rascher would then usurp the role of the jury by applying his understanding of the legal holdings of *NCAA* to the facts of this case. *See* ECF No. 962-4, Rascher Rep. ¶¶ 326–29. In short, he asserts that ████████████████████████████████████████████████████████████████████████████████████████████████████, *id.* ¶¶ 29, 93 n.105, 159–61. This form of

---

[1] District courts in the Ninth Circuit routinely apply this rationale to bar expert testimony that risks invading the province of the jury or of the judge. *See, e.g.*, *Haas v. Travelex Ins. Servs. Inc.*, --- F. Supp. 3d ----, 2023 WL 4281248, at *4 (C.D. Cal. June 27, 2023) (excluding a legal opinion as invading the province of the judge). *KB Home v. Ill. Union Ins. Co.*, 2023 WL 3432139, at *4 (C.D. Cal. Mar. 28, 2023) (same); *SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 902 (N.D. Cal. 2022) (same); *Relevant Grp., LLC v. Nourmand*, 2022 WL 18356631, at *2 (C.D. Cal. Dec. 9, 2022) (same); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 680 (N.D. Cal. 2021) (same); *City of Phoenix v. First State Ins. Co.*, 2016 WL 4591906, at *18 (D. Ariz. Sept. 2, 2016), *aff'd*, 727 F. App'x 296 (9th Cir. 2018) (same); *Century Indem. Co. v. The Marine Grp., LLC*, 2015 WL 5566351, at *2 (D. Or. Sept. 21, 2015) (same); *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, 2021 WL 1839695 at *3 (E.D. Cal. May 7, 2021) (excluding evidence that usurps the role of the jury); *Morton & Bassett, LLC v. Organic Spices, Inc.*, 2017 WL 3838097, at *8 (N.D. Cal. Sept. 1, 2017) (same).

2

Case No. 2:15-ml-02668-PSG (SKx)                NFL Defendants' Motion In Limine No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party

| | |
|---|---|
| 1 | argument—████████████████████████████████████████████ |
| 2 | ████████████████████████████—is not permissible expert testimony under Rule 702; |
| 3 | "[w]hether the parties' evidence shows [a particular conclusion] is for [the judge] (at |
| 4 | summary judgment) or the jury (at trial) as a factfinder," not for an expert witness. |
| 5 | *SA Music LLC*, 592 F. Supp. 3d at 902; *Zeiger*, 526 F. Supp. 3d at 679–80. |
| 6 | Plaintiffs' experts go even further, offering reports replete with inappropriate |
| 7 | legal argument. ██████████████████████████████████████ |
| 8 | ████████████████████████████████████████████████████ |
| 9 | ████████████████████████████████████████████████████ |
| 10 | ██████████████████████████████████████████ These are |
| 11 | quintessentially legal opinions, not economic analyses, as demonstrated by Dr. |
| 12 | Rascher's repeated citations to legal precedent and legal journals. *See id.* ¶¶ 182–84 |
| 13 | nn.268, 270–72 (legal precedent), ¶¶ 159–60 nn.229–35 (legal journal); *see also* ECF |
| 14 | No. 962-5, Expert Reply Report of Daniel A. Rascher, dated June 9, 2023 ("Rascher |
| 15 | Reply Rep.") ¶¶ 396–400 (citing ██████████████████████ |
| 16 | ██████████████████████████████. And Dr. Rascher is not alone in |
| 17 | seeking to make legal arguments based on discussions of prior antitrust cases. *See*, |
| 18 | *e.g.*, ECF No. 962-30, DeLuca Rebuttal Rep. ¶¶ 4, 38 n.38, 49–53, 75, 82 n.97, 83 |
| 19 | (██████████████████████████████████████████████████); |
| 20 | ECF No. 962-29, Elhauge Rebuttal Rep. ¶ 24 (████████████████████ |
| 21 | ████████████████████████; *see also* Pastan Decl. Ex. 2, Expert Reply Report |
| 22 | of J. Douglas Zona, dated June 9, 2023 ("Zona Rebuttal Rep.") ¶ 13 n.32 (citing |
| 23 | *Laumann v. Nat'l Hockey League*, 117 F. Supp. 3d 299, 315–16 (S.D.N.Y. 2015)). |
| 24 | These portions of Plaintiffs' expert reports, which "read[] like . . . legal |
| 25 | brief[s]," should be excluded from evidence to ensure that only the Court explains |
| 26 | the law to the jury. *See Haas*, 2023 WL 4281248, at *4; *see also Nourmand*, 2022 |
| 27 | WL 18356631, at *2. Any discussion of the *NCAA* case offered by Plaintiffs' experts, |
| 28 | |

3

Case No. 2:15-ml-02668-PSG (SKx)    NFL Defendants' Motion In Limine No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party

including references to the facts of *NCAA* and how they compare to the facts of this case, should be excluded from trial.

## II.  References To The Non-NFL Cases Would Be Irrelevant And Prejudicial.

In addition to the impropriety of legal testimony by Plaintiffs' experts, *all* references to the non-NFL cases should be excluded as irrelevant and prejudicial under Rules 402 and 403.

The non-NFL cases are not relevant to this suit. Each addresses a different broadcasting arrangement, by a different entity, in a different market. The facts and outcomes of those cases say nothing about the competitive impact of the NFL's broadcasting arrangements. Fed. R. Evid. 402; *see also Twitter, Inc. v. Taamneh*, 598 U.S. 471, 507 (2023) (Jackson, J., concurring) ("Other cases presenting different allegations and different records may lead to different conclusions.").

Discussion of the non-NFL cases is also substantially more likely to lead the jury astray than it is to help them decide the facts of this case. *See* Fed. R. Evid. 403. The Ninth Circuit has repeatedly warned district courts that referencing a prior ruling or verdict in front of a jury creates "a substantial risk that the jury w[ill] import the whole verdict of liability from the prior proceeding." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008). Accordingly, evidence relating to such past rulings is routinely excluded from trial. *Id.*; *see also United States v. Sine*, 493 F.3d 1021, 1034–35 (9th Cir. 2007) (excluding reference to a judge's conclusion in a prior trial that a witness was not credible because a jury would give it undue weight).

Plaintiffs' references to the non-NFL cases pose an especially substantial risk that the jury will uncritically defer to past decisions rather than decide on the facts of this case alone. The decisionmaker in each of the non-NFL cases was a judge rather than a lay jury. Even where—as here—the products, facts, and arguments in a past case are different, juries are likely to rely on decisions made by an "authoritative, professional factfinder," like the judges who decided the non-NFL cases, "rather than

4

Case No. 2:15-ml-02668-PSG (SKx)    NFL Defendants' Motion In Limine No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party

determine those issues for themselves." *Sine*, 493 F.3d at 1033 (noting this in the credibility context); *Barten v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11111309, at *4 (D. Ariz. Apr. 8, 2015) (excluding a judge's credibility determinations of an expert witness under *Sine*); *Cardinal v. Buchnoff*, 2010 WL 3339509, at *2 (S.D. Cal. Aug. 23, 2010) (excluding reference to a magistrate's probable cause determination). And "the complicated and technical nature of th[is] trial" makes a jury even more likely to defer to legal authority—especially where that legal authority comes from the Supreme Court, as the opinion in *NCAA* does. *Ormco Corp. v. Align Tech., Inc.*, 2009 WL 10668458, at *2 (C.D. Cal. May 12, 2009) (noting heightened risk of confusion in cases involving complex areas of the law).

In addition, because the non-NFL cases are so far removed from the facts of this case, any attempt to permit a fair evaluation of how they compare to this suit "is likely to give rise to time-consuming tangents about the merits of those trials." *Grace v. Apple, Inc.*, 2020 WL 227404, at *3 (Koh, J.) (citation omitted); *see also United States v. Kealoha*, 2019 WL 2620004, at *6 (D. Haw. June 26, 2019) (excluding reference to a past civil trial between the parties to avoid delay where discussion of "the verdict would open up the door to further evidence about the [previous] trial"); *Wrather v. Farnam Cos., Inc.*, 2003 WL 25667639, at *1 (C.D. Cal. Nov. 3, 2003) (similar).

As one illustrative example, even though *Garber* involved a challenge to a sports league's broadcast arrangements, any attempt to explain the differences between the legal and factual points at issue in that case would devolve into a "mini-trial." The parties would need to explain, for example, that MLB does not ensure the free, over-the-air telecasts of local games, nor does it engage in the same forms of procompetitive revenue sharing as the NFL. *See Laumann v. Nat'l Hockey League*, 56 F. Supp. 3d 280, 286–87 (S.D.N.Y. 2014). The need to clarify these distinctions is exacerbated by the fact that *Garber* settled after denials of motions for summary judgment and for certification of a damages class, both applying different burdens of

5

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Motion In Limine No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party

proof than the one a jury will need to apply in this case. The careful explanation of these—and many other—differences that would be needed for the jury to give proper weight to *Garber* and the other non-NFL cases would further distract the jury from the merits of this suit, confuse the jury, and waste the Court's time.

The non-NFL cases have no legitimate probative value here. They do, however, create substantial risk of prejudice to the NFL Defendants. The Court should exclude reference to them under Rules 402 and 403.

January 5, 2024

Respectfully submitted,

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000

6

Case No. 2:15-ml-02668-PSG (SKx)    NFL Defendants' Motion In Limine No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party

Case 2:15-ml-02668-PSG-SK   Document 1108   Filed 01/05/24   Page 8 of 8   Page ID #:42825

Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

7

Case No. 2:15-ml-02668-PSG (SKx)    NFL Defendants' Motion In Limine No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party