1  Beth A. Wilkinson (admitted *pro hac vice*)
   Brian L. Stekloff (admitted *pro hac vice*)
2  Rakesh N. Kilaru (admitted *pro hac vice*)
   Jeremy S. Barber (admitted *pro hac vice*)
3  **WILKINSON STEKLOFF LLP**
   2001 M Street NW, 10th Floor
4  Washington, DC 20036
   Telephone: (202) 847-4000
5  Facsimile: (202) 847-4005
   bwilkinson@wilkinsonstekloff.com
6  bstekloff@wilkinsonstekloff.com
   rkilaru@wilkinsonstekloff.com
7  jbarber@wilkinsonstekloff.com

8  Gregg H. Levy (admitted *pro hac vice*)
   Derek Ludwin (admitted *pro hac vice*)
9  John S. Playforth (admitted *pro hac vice*)
   **COVINGTON & BURLING LLP**
10 One CityCenter, 850 10th Street NW
   Washington, D.C. 20001
11 Telephone: (202) 662-6000
   Facsimile: (202) 778-5429
12 glevy@cov.com
   dludwin@cov.com
13 jplayforth@cov.com

14 *Counsel for Defendants National Football*
   *League, NFL Enterprises LLC, and the*
15 *Individual NFL Clubs*

16

17           **UNITED STATES DISTRICT COURT**

18           **CENTRAL DISTRICT OF CALIFORNIA**

19 IN RE: NATIONAL FOOTBALL          Case No. 2:15-ml-02668−PSG (SKx)
   LEAGUE'S "SUNDAY TICKET"
20 ANTITRUST LITIGATION              **NFL DEFENDANTS' MOTION IN**
                                     **LIMINE NO. 3 TO EXCLUDE**
21 _____   **REFERENCE TO PAST**
                                     **LITIGATION AGAINST THE NFL**
22
   THIS DOCUMENT RELATES TO:        Judge: Hon. Philip S. Gutierrez
23 ALL ACTIONS                      Date: February 7, 2024
                                     Time: 2:30 p.m.
24                                   Courtroom: First Street Courthouse
25                                         350 West 1st Street
26                                         Courtroom 6A
27                                         Los Angeles, CA 90012

28

Past lawsuits against the NFL—lawsuits involving different parties, different claims, and different facts—have no bearing on this case. Nonetheless, Plaintiffs seem poised to present evidence about such cases to the jury. For example, the reports of Plaintiffs' expert Dr. Daniel Rascher refer repeatedly to various prior lawsuits involving the NFL and the NFL clubs. *See, e.g.*, ECF No. 962-4, Expert Report of Daniel A. Rascher, dated February 17, 2023 ("Rascher Rep.") ¶¶ 69, 76 n.77, 78 n.82, 129 & n.178, 143, 274 n.379; ECF No. 962-5, Expert Reply Report of Daniel A. Rascher, dated June 9, 2023 ("Rascher Reply Rep.") ¶¶ 28, 37, 182–83. Discussion of prior lawsuits would have little or no probative value at trial—at most, such references are an indirect way of presenting background facts that Plaintiffs can elicit through other means. Worse, such testimony would create a significant risk of prejudice to the NFL Defendants by inviting the jury to import earlier findings into this case, generating confusion, and wasting significant trial time. The Court should exclude evidence of these prior lawsuits as inadmissible under Rules 402 and 403.

## I.     Past Litigation Against The NFL Is Irrelevant.

Information about prior lawsuits against the NFL is not relevant to this case. *See* Fed. R. Evid. 401, 402. The cases Dr. Rascher refers to are illustrative. For example, *American Needle, Inc. v. National Football League*, 560 U.S. 183 (2010), had nothing to do with sports broadcasting at all; it involved the licensing of NFL teams' separately owned marks for apparel. *Shaw v. Dallas Cowboys Football Club, Ltd.*, 1998 WL 419765 (E.D. Pa. June 23, 1998), *aff'd*, 172 F.3d 299 (3d Cir. 1999), addressed a now decades-old contract between DirecTV and the NFL that was fundamentally different from the one challenged here, and in any event involved rulings only with respect to the sufficiency of the complaint's allegations. *The Matter of Herring Broad., Inc. d/b/a Wealthtv, Complainant*, 23 F.C.C. Rcd. 14787 (2008), dealt with Comcast's carriage of NFL Network on a premium tier; it had nothing to do with the Sunday Ticket product. None of these cases has any probative relevance to the business practices at issue in this case. And *United States v. National Football*

1

*League*, 196 F. Supp. 445 (E.D. Pa. 1961), is relevant at most to the development of the NFL's broadcasting arrangement more than a half-century ago, not to Plaintiffs' allegations that NFL Defendants' *current* broadcasting arrangements violate the Sherman Act. *See Grace v. Apple, Inc.*, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020) (Koh, J.) (excluding reference to patent lawsuit against Apple in part because it offered only "background facts," and so was at most "minimal[ly] probative").

## II.    Testimony About Past Litigation Risks Substantial Prejudice And Would Waste Substantial Time.

Any minimal relevance of past litigation against the NFL or the clubs is also substantially outweighed by the prejudicial effect that reference to these cases would have before a jury. Fed. R. Evid. 403. The Ninth Circuit has repeatedly held that references to the results of one party's past litigation create "a substantial risk that the jury w[ill] import the whole verdict of liability from the prior proceeding." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008). Accordingly, courts routinely exclude evidence relating to such past litigation from trial. *Id.*; *see also, e.g.*, *United States v. Sine*, 493 F.3d 1021, 1034–35 (9th Cir. 2007) (excluding reference to a judge's conclusion in a prior trial that a witness was not credible because a jury would give it undue weight). The Court should exclude evidence of such past litigations here for multiple reasons.

*First*, as in *Engquist*, there is a substantial risk that the jury will give undue weight to the outcome of these past, irrelevant lawsuits against the NFL. At a baseline, courts in this circuit have noted the risk that juries will defer to decisions "by an authoritative, professional factfinder [that is, a judge] rather than determine those issues for themselves." *Sine*, 493 F.3d at 1033 (making this observation with respect to credibility determinations); *Barten v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11111309, at *4 (D. Ariz. Apr. 8, 2015) (similar); *Cardinal v. Buchnoff*, 2010 WL 3339509, at *2 (S.D. Cal. Aug. 23, 2010) (similar). This principle applies squarely here. For example, references to *American Needle*, decided by the Supreme

2

Court, create the highest levels of risk that a jury will defer to the Court as an "authoritative, professional factfinder," without considering the fundamental differences between that case and this one. What is more, the "complicated and technical nature of th[is] trial" makes a jury even more likely to defer to courts' past conclusions about the NFL Defendants, whether or not they are correct or applicable to the facts of this case. *See Ormco Corp. v. Align Tech., Inc.*, 2009 WL 10668458, at *2 (C.D. Cal. May 12, 2009) (noting the heightened risk of prejudice in complicated cases).

*Second*, the introduction of necessarily fact-intensive, complex antitrust precedent would require a detailed and contentious re-litigation of those prior cases, needlessly distracting the jury. For example, *Shaw* considered a challenge to a past Sunday Ticket agreement and was settled after the pleadings. If Plaintiffs were to introduce evidence regarding *Shaw*, the NFL Defendants would need to introduce responsive evidence to provide appropriate context for the jury, including explanations of the different contracts at issue in that case, all with a further explanation of and caution about the lack of fact-finding at the motion to dismiss stage. This type of detour from the core issues of the case warrants exclusion. *See Grace*, 2020 WL 227404, at *3; *United States v. Kealoha*, 2019 WL 2620004, at *6 (D. Haw. June 26, 2019) (refusing to admit a past verdict because it would "open up the door to further evidence about the [underlying] civil trial," causing "undue delay"); *Wrather v. Farnam Cos., Inc.*, 2003 WL 25667639, at *1 (C.D. Cal. Nov. 3, 2003) (similar).

A jury would be even further distracted if Plaintiffs sought to introduce evidence regarding the procedurally complicated NFL Network/Comcast dispute, *Matter of Herring Broad.* To help the jury understand that dispute, Defendants would need to respond by introducing evidence to explain not only the facts of the case, but also the standards applied in FCC hearings, the differences between carriage disputes and FCC violations, and the burden of proof applied. This is the kind of needless

distraction that the *Grace* court, and others in this district, routinely cite to exclude testimony about past litigation. *See* 2020 WL 227404, at *3.

*Finally*, any relevant information conveyed through these cases can be established through less complex and less prejudicial means. *See*, *e.g.*, *Engquist*, 478 F.3d at 1010; *Sine*, 493 F.3d at 1035 (rejecting argument that admission of past verdict was warranted to avoid "practical difficulties" of introducing additional evidence). For example, to the extent that Plaintiffs wish to introduce evidence about the historical landscape of NFL broadcasting, they can rely on factual evidence regarding the different broadcasting arrangements the NFL has had over time without reference to any other litigation. This Court should require them to follow this approach, rather than condone the practice of relying on the irrelevant and prejudicial details of other litigations. *See Sine*, 493 F.3d at 1035.

Evidence of past litigations against the NFL or its clubs offers little, if any, insight into the competitive effects of the NFL's current Sunday Ticket broadcasting arrangement. Plaintiffs should not be permitted to prolong the trial with confusing and irrelevant evidence that invites jurors to decide this case based on unproven allegations or judicial rulings in past cases. The court should exclude references to these past litigations under Rules 402 and 403.

January 5, 2024

Respectfully submitted,

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com

4

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Motion In Limine No. 3 To Exclude Reference To Past Litigation Against The NFL

jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

5

1

## **PROOF OF SERVICE**

2

3

4

5

I HEREBY CERTIFY that on January 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

6

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28