Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: February 7, 2024<br>TIME: 2:30 p.m.<br>COURTROOM:<br>  First Street Courthouse<br>  350 West 1st Street<br>  Courtroom 6A<br>  Los Angeles, CA 90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

The residential and commercial classes (hereinafter "Plaintiffs") respectfully request that this Court exclude certain evidence from trial pursuant to Federal Rules of Evidence 401, 402, and 403, and the other authorities cited herein. In particular, Plaintiffs seek to preclude the NFL Defendants from presenting evidence, seeking to elicit any testimony, or making any argument regarding (1) how Plaintiffs became involved in this litigation and their motivation for bringing this lawsuit, Plaintiffs' relationship with their attorneys, and any reference to the litigation as being "attorney-driven" or motivated by attorneys; and (2) that the challenged conduct has been occurring for years prior to Plaintiffs filing this case to imply that the alleged restraints have been rendered legal by the passage of time in bringing suit.

## I. ARGUMENT

### A. Legal Standard

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Even if evidence is relevant, the district court has broad discretion to exclude such evidence where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022). "[U]nfairly prejudicial evidence is that having 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

### B. The Court Should Preclude Evidence or Argument Regarding How Plaintiffs Became Involved in This Litigation, Their Motivation for Bringing Suit, And Their Relationship with Their Attorneys

Any evidence or argument concerning the origins of Plaintiffs' involvement in this litigation, their motivation for bringing this litigation, or their relationship with their attorneys, is irrelevant to the disposition of their claims and poses a substantial risk of unfair prejudice. Simply put, "[h]ow Plaintiffs became involved in the litigation, the extent of Plaintiffs' employees' knowledge of the details of [Defendants'] alleged price-fixing conspiracy, and who 'drove' the litigation do not tend to prove or disprove" an antitrust violation. *In re Urethane Antitrust Litig.*, No. 2:08-cv-5169, 2016 WL 475339, at *7 (D.N.J. Feb. 8, 2016) ("*In re Urethane*"); *see also Bowe v. Pub. Storage*, No. 1:14-cv-21559, 2015 WL 10857339, at *5 (S.D. Fla. June 2, 2015) ("*Bowe*") (probing "[h]ow [plaintiff] came to be the class representative ... do[es] not have any tendency to make a fact relevant to Plaintiffs' [consumer fraud] claim more or less probable" and such "evidence is also not relevant to his credibility as it does not tend to prove that [plaintiff] is biased or untrustworthy").

Plaintiffs allege that the NFL Defendants violated the federal antitrust laws. How Plaintiffs became involved in this litigation, their motivation for bringing suit, or their relationship with their attorneys have no bearing on whether the NFL Defendants' "conduct [] violated the Sherman Act." *In re Urethane*, 2016 WL 475339, at *7. Courts in the Ninth Circuit consistently bar attempts by defendants to introduce this type of evidence. *See, e.g.*, *Montera v. Premier Nutrition Corp.*, No. 16-cv-06980, 2022 WL 1465044, at *1 (N.D. Cal. May 9, 2022) (granting motion *in limine* precluding evidence regarding the manner plaintiffs became involved in the case, reference that the case is "lawyer-driven," and evidence or argument regarding the attorney's motivation.); *Bowe*, 2015 WL 10857339, at *5 (excluding such evidence); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827, 2012 WL

1  12300696, at *2 (N.D. Cal. May 4, 2012) (excluding "references to relationship
2  between named plaintiff and counsel").

3   Introducing evidence about Plaintiffs' involvement in and motivation for this
4  litigation, or their relationship with their attorneys, would also be unfairly prejudicial
5  as it "carries a great risk that the jury will become distracted from the key issues in
6  the case and decide the case on improper grounds (such as a sense that Plaintiffs were
7  manipulated into filing suit by lawyers looking to profit from a big class action
8  lawsuit)." *In re Urethane*, 2016 WL 475339, at *7 (citing Fed. R. Evid. 403); *see
9  also United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) ("Unfair prejudice
10 refers to an undue tendency to suggest decision on an improper basis, commonly,
11 though not necessarily, an emotional one or evidence designed to elicit a response
12 from the jurors that is not justified by the evidence.") (citation and internal quotation
13 marks omitted). The NFL Defendants have previewed that they may seek to elicit
14 such testimony. *See* Maida Decl. Ex. 1 (Jonathan Frantz Dep.) 9:8-12:20 (questioning
15 surrounding Mr. Frantz's involvement in the case, including discussions with
16 attorneys and whether he became involved due to conversations with attorneys);
17 Maida Decl. Ex. 2 (Mucky Duck Dep.) 18:17-20:20 (eliciting whether anyone told
18 Mr. Baker that Mucky Duck should file the lawsuit and whether it was the attorneys
19 that inquired if Mr. Baker wanted to be involved in the case).

20  Courts routinely exclude such evidence as irrelevant and unfairly prejudicial.
21 *See In re: Tylenol (Acetaminophen) Mktg.*, MDL No. 2436, 2016 WL 3125428, at
22 *5-6, *17 (E.D. Pa. June 3, 2016) (granting similar motions *in limine* because such
23 "evidence is irrelevant to the issues of this case and would be unduly prejudicial");
24 *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & PMF Prod. Liab. Litig.*,
25 No. 3:09-md-2100, 2011 WL 6740391, at *16 (S.D. Ill. Dec. 22, 2011) (granting
26 motion *in limine* to exclude "[a]ny comment, evidence, testimony, or inference about
27 how, when, or under what circumstances Plaintiff chose or employed any of her
28 attorneys" as such evidence is irrelevant and unfairly prejudicial). Courts likewise

forbid extraneous attacks on plaintiffs' counsel, which can only distract from the trial and cause unfair prejudice. *See Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 761 (7th Cir. 2013) (finding in a products liability case, "argument aimed at a party's counsel is improper and risks depriving the party of a fair trial"); *United States v. Rodrigues*, 159 F.3d 439, 451 (9th Cir. 1998) (finding in a bribery and fraud matter, "slander" of opposing counsel was "prejudicial to the point of denying … a fair trial"), *opinion amended on denial of reh'g*, 170 F.3d 881 (9th Cir. 1999); *Koufakis v. Carvel*, 425 F.2d 892, 904-05 & n.16 (2d Cir. 1970) (breach of franchise case, finding remanding for new trial warranted in part because of attacks on opposing counsel).

### C. The Court Should Preclude Evidence or Argument That the Challenged Conduct is Longstanding, or Went Unchallenged Until Recently, to Imply Legality

The Court should also preclude the NFL Defendants from attempting to imply, or create any inference, that because the challenged conduct has been occurring for a number of years and was not again challenged until Plaintiffs filed this case, it is, or was, legal.[1]

Suggesting that the length of time over which the challenged conduct has been occurring without challenge in an attempt to inject an inference of legality in the jury's mind is improper. Again, Plaintiffs allege that the NFL Defendants have violated, and continue to violate, Sections 1 and 2 of the Sherman Act. 15 U.S.C. §§ 1, 2. Any suggestion that the challenged conduct *predates* that time period, without earlier challenge, does not tend to make any fact of consequence to the claims or defenses more or less probable. Fed. R. Evid. 401. That Plaintiffs brought suit when they did does not somehow make the challenged conduct lawful before that

---

[1] In fact, the pooling of telecast rights and contractual arrangements that gave rise to Sunday Ticket were previously challenged as an antitrust violation. *Shaw v. Dallas Cowboys Football Club, Ltd.*, 172 F.3d 299, 300 (3d Cir. 1999). Any attempt to now suggest that those restraints are lawful due to the passage of time because they have not been challenged before is unsound, both legally and factually.

date. *See Nat'l Collegiate Athletic Ass'n v. Alston*, 141 S. Ct. 2141, 2148 (2021) (finding that the NCAA's rules, some of which date back tens of years, violated the antitrust laws); *Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 198 (2010) ("It is true, as respondents describe, that they have for some time marketed their trademarks jointly. But a history of concerted activity does not immunize conduct from § 1 scrutiny."); *United States v. Sealy, Inc.*, 388 U.S. 350, 351 (1967) (the defendants' horizontal market allocation had been in place for more than 40 years when the Supreme Court ruled it violated the Sherman Act).

Moreover, the challenged conduct here is actionable even though it began many years before Plaintiffs sued given the continuing nature of the restraints. The challenged time period in this suit is governed by the Clayton Act's statute of limitations. 15 U.S.C. § 15b. The continuing violations doctrine functions as an exception to the discovery rule of accrual "allowing a plaintiff to seek relief for events outside of the limitations period." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001); *see also Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997) ("Antitrust law provides that, in the case of a continuing violation, say, a price–fixing conspiracy that brings about a series of unlawfully high priced sales over a period of years, each overt act that is part of the violation and that injures the plaintiff, e.g., each sale to the plaintiff, starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times.") (internal quotation marks omitted); *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971) ("In the context of a continuing conspiracy to violate the antitrust laws, … each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to those damages, the statute of limitations runs from the commission of the act."). Here, the fact that Plaintiffs chose to sue when they did is of no consequence. The alleged restraints constitute a continuing violation that is actionable even though the restraints began years before Plaintiffs brought this case. The NFL Defendants cannot imply in any way that their

conduct is, or was, legal simply because it went unchallenged for some time before this case.

Furthermore, any such evidence or argument is highly prejudicial, would confuse the jury, and potentially lead the jury to decide the case on improper grounds. *See* Fed. R. Evid. 403. "In general, the Court prohibits counsel and the witnesses from making any comment about the length of time that it took to get to trial." *Pryor v. Corrigan*, No. 17-cv-1968, 2023 WL 1100436, at *23 (N.D. Ill. Jan. 30, 2023) (granting motion in limine in a Fourth Amendment claim prohibiting defendants from blaming plaintiff for the passage of time between the incident and trial); *see also Bunch v. Pac. Cycle, Inc.*, No. 4:13-cv-0036, 2015 WL 11622954, at *7 (N.D. Ga. Apr. 27, 2015) (finding irrelevant "the length of time between the accident and the filing of this action"). There is no place at trial for the suggestion that Plaintiffs should have brought their claims earlier—or the implication that the very same conduct is, or was, lawful because it went unchallenged.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion *in limine* and preclude the NFL Defendants from presenting evidence or seeking to elicit any testimony or make any argument regarding (1) how Plaintiffs became involved in this litigation and their motivation for bringing this lawsuit, Plaintiffs' relationship with their attorneys, and any reference to the litigation as being "attorney-driven" or motivated by attorneys; and (2) that the challenged conduct has been occurring for years prior to Plaintiffs filing this case to imply that the alleged restraints have been rendered legal by the passage of time in bringing suit.

Dated: January 5, 2024                    Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)

mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200

San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

PLAINTIFFS' MOTION *IN LIMINE* NO. 4 PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION