Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**NFL DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE REFERENCE TO THE PRICING ARRANGEMENTS FOR NFLSUNDAYTICKET.TV**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: February 7, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

1   The NFL Defendants move in limine to exclude evidence regarding the ███

2   ██████████████████████████ product—nflsundayticket.TV—that is not at

3   issue in this litigation.

4   NFL Sunday Ticket, the product at issue in this litigation, was first distributed

5   by DirecTV, a satellite provider, beginning in the 1994 season. In 2009, ███

6   ████████████████████████████████████████████████████████

7   ███. Pastan Decl. Ex. 3, Dyckes Dep. Tr. 66:18–24. .TV allowed customers who

8   could not access satellite television—such as college students or certain fans living

9   in cities who lacked the ability to install a satellite dish—to livestream out-of-market

10  games over the internet. .TV was a limited offering, ██████████████████,

11  and distributed on a different platform from Sunday Ticket. *See*, *e.g.*, ECF No. 1000-

12  25, Rolapp Dep. Tr. 182:3–184:23; Pastan Decl. Ex. 3, Dyckes Dep. Tr. 31:17–32:9,

13  47:25–49:20, 50:25–51:7. ████████████████████████████

14  ████████████████████████████████████████████████████████

15  ██████████ *See id*.

16  This motion is narrow. Recognizing that there are some similarities between

17  these products that could be relevant, the NFL does not seek to exclude evidence of

18  .TV entirely. ████████████████████████████████████████

19  ████████████████████████████████████████████████████████

20  ██████████████████████████, creates substantial risk of jury confusion,

21  distraction, and misunderstanding. Accordingly, evidence of the .TV pricing

22  authority is irrelevant under Rule 401 and should be excluded under Rule 403.

23  "[R]elevant admissible evidence includes evidence having 'any tendency to

24  make a fact more or less probable' so long as 'the fact is of consequence in

25  determining the action.'" *Lam v. City of Los Banos*, 976 F.3d 986, 1006 (9th Cir.

26  2020) (quoting Fed. R. Evid. 401). Even under this lenient standard, evidence about

27  the NFL's role in .TV's pricing is not relevant. ████████████████████

28  ████████████████████████████████████████████████████████

1       █████. Indeed, .TV subscribers were excluded from Plaintiffs' class definition, *see*

2 ECF No. 630-1, Mem. Supp. Pls.' Mot. Class Cert., at 1 n.1, and ultimately from the

3 certified Sunday Ticket class, *In re Nat'l Football League's Sunday Ticket Antitrust*

4 *Litig.*, 2023 WL 1813530, at *16 n.1 (C.D. Cal. Feb. 7, 2023), demonstrating that the

5 details of the ████████████████████ the .TV product are not relevant, *see*

6 *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 260 (N.D. Cal. 2016); *Goldemberg v.*

7 *Johnson & Johnson Consumer Cos., Inc.*, 317 F.R.D. 374, 390 (S.D.N.Y. 2016).

8       Evidence ████████████████ also would create substantial risks

9 of confusing the jury. *See* Fed. R. Evid. 403; *KB Home v. Ill. Union Ins. Co.*, 2023

10 WL 3433556, at *7 (C.D. Cal. Mar. 30, 2023) (bifurcating similar but legally distinct

11 factual issues to avoid jury confusion).████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ██████████████████████████" ECF No. 986-2, Resp. Stmt. Gen. Iss.

15 & Add'l Gen. Iss. Supp. NFL Defs.' Mot. Summ. J. ¶¶ 60–61. And the NFL's role in

16 Sunday Ticket █████ as a practical matter—beyond that contractual language—is a

17 point of debate between the parties. *See id.* Allowing testimony about █████ of a

18 *different product* ████████████████████ risks confusing the jury

19 about which products and agreements are being challenged, and ████████████

20 ██████████. *See ConsumerDirect, Inc. v. Pentius, LLC*, 2023 WL 8114941, at *3

21 (C.D. Cal. Oct. 4, 2023) (excluding evidence of an investigation into the defendant's

22 prior business as unduly prejudicial in a suit against the defendant's current business).

23       In addition, if evidence about .█████████ were introduced at trial, Defendants

24 would need to explain why and ████████████████████████████████

25 ████████████████████, leading the jury further from the product actually

26 at issue in this case. This likelihood of jury distraction further weighs heavily in favor

27 of excluding references to the .TV ██████████. *See*, *e.g.*, *Edmonds v. City of Los*

28

1   *Angeles*, 2023 WL 8119197, at *2 (C.D. Cal. Oct. 6, 2023); *Relevant Grp., LLC v.*

2   *Nourmand*, 2022 WL 18356631, at *6 (C.D. Cal. Dec. 9, 2022).

3       Evidence regarding a separate agreement governing █████████ the separate

4   .TV product is not relevant to this case, and risks distracting the jury from the

5   contracts that are at issue. Because the issue is entirely irrelevant while the risk of

6   confusion is high, the Court should exclude evidence of ████████ at trial.

7   Dated: January 5, 2024                    Respectfully submitted,

8                                             /s/ *Beth A. Wilkinson*

9                                             Beth A. Wilkinson (admitted *pro hac vice*)
                                              Rakesh N. Kilaru (admitted *pro hac vice*)
10                                            Brian L. Stekloff (admitted *pro hac vice*)
                                              Jeremy S. Barber (admitted *pro hac vice*)
11                                            Max J. Warren (admitted *pro hac vice*)
                                              **WILKINSON STEKLOFF LLP**
12                                            2001 M Street NW, 10th Floor
                                              Washington, DC 20036
13                                            Telephone: (202) 847-4000
                                              Facsimile: (202) 847-4005
14                                            rkilaru@wilkinsonstekloff.com
                                              bwilkinson@wilkinsonstekloff.com
15                                            bstekloff@wilkinsonstekloff.com
                                              jbarber@wilkinsonstekloff.com
16                                            mwarren@wilkinsonstekloff.com

17

18                                            Neema T. Sahni (Bar No. 274240)
                                              **COVINGTON & BURLING LLP**
19                                            1999 Avenue of the Stars
                                              Suite 1500
20                                            Los Angeles, CA 90067-6045
                                              Telephone: (424) 332-4800
21                                            Facsimile: (424) 332-4749
                                              nsahni@cov.com
22

23                                            Gregg H. Levy (admitted *pro hac vice*)
                                              Derek Ludwin (admitted *pro hac vice*)
24                                            John S. Playforth (admitted *pro hac vice*)
                                              **COVINGTON & BURLING LLP**
25                                            One CityCenter
                                              850 Tenth Street NW
26                                            Washington, DC 20001
                                              Telephone: (202) 662-6000
27                                            Facsimile: (202) 662-6291
                                              glevy@cov.com
28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

4