Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**NFL DEFENDANTS' MOTION IN LIMINE NO. 7 TO EXCLUDE CERTAIN TESTIMONY FROM EINER ELHAUGE**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: February 7, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

Einer Elhauge—one of Plaintiffs' rebuttal experts—is a law professor. He submitted a report in this case that purports to respond to the economic analysis of Defendants' expert Dr. Douglas Bernheim, who is an economics professor at Stanford. This motion does not seek to exclude Mr. Elhauge's testimony based on *economic* analysis. But his report is not limited to such testimony. Instead, his report indicates that Mr. Elhauge intends to impermissibly rely on his status as a law professor to (i) invade the province of the trial court by attempting to explain the law to the jury; and, worse, (ii) confuse the jury by erroneously heightening the burden of proof on the defense. For example, Mr. Elhauge should not be permitted to opine that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Indeed, the Court should prohibit Mr. Elhauge from offering *any* legal testimony under Rules 402, 403, and 702.

**I.   The Elhauge Report Invades The Province Of The Trial Court By Attempting To Explain The Law To The Jury.**

"'[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court.'" *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). Any attempt by an expert to opine on legal principles is both unhelpful to the jury, Fed. R. Evid. 702(a), and may conflict with the instructions given by the trial court, *Nationwide*, 523 F.3d at 1059.

Mr. Elhauge repeatedly has attempted to offer legal testimony as a law professor, and courts repeatedly have reminded him that he "is precluded from offering his opinion regarding the law that governs this case and federal anti-trust law." *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1046 (D. Ariz. 2005); *see also Sitts v. Dairy Farmers of Am., Inc.*, 2020 WL 3467993, at *5 (D. Vt. June 24, 2020) (excluding opinions from Mr. Elhauge that "are inadmissible because they usurp the function of the court as well as the role of the jury").

1  The same rules require limitations on his opinions here. Mr. Elhauge's rebuttal report repeatedly crosses the line from proper expert testimony to inadmissible legal instruction. *See generally* ECF No. 962-29, Expert Rebuttal Report of Einer Elhauge, dated June 9, 2023 ("Rebuttal Rep."). To give just a few examples:

- In paragraphs 20–21 of his report, Mr. Elhauge offers opinions on how the ▮▮▮▮▮
- In paragraph 21, Mr. Elhauge offers opinions on ▮▮▮▮▮
- In paragraph 24, Mr. Elhauge offers the opinion that ▮▮▮▮▮
- In paragraphs 24, 26, and 44, Mr. Elhauge offers opinions on the legal standards applicable to the construction of a but-for world.

These points are exemplary, not exhaustive.[1] They demonstrate that substantial portions of Mr. Elhauge's report "read[] like a legal brief," and thus fall squarely within *Nationwide*'s prohibition. *See Haas v. Travelex Ins. Servs. Inc.*, --- F. Supp. 3d. ----, 2023 WL 4281248, at *4 (C.D. Cal. June 27, 2023); *see also KB Home v. Ill. Union Ins. Co.*, 2023 WL 3432139, at *5 (C.D. Cal. Mar. 28, 2023) (excluding

---

[1] Indeed, legal claims can be found throughout Mr. Elhauge's report. *See, e.g.*, ECF No. 962-29, Rebuttal Rep. ¶ 45 n.15 (▮▮▮); ¶ 69 (▮▮▮); ¶ 73 & n.32 (▮▮▮). He repeated these legal claims at his deposition. *E.g.*, Pastan Decl. Ex. 9, Elhauge Dep. Tr. 43:11–44:12, 45:15–23, 46:9–16, 108:1–15, 110:14–111:10 (▮▮▮); 121:5–16, 124:11–128:13, 131:7–137:22 (▮▮▮); 165:20–174:8 (▮▮▮); 204:1–205:7 (▮▮▮); 233:13–234:13, 236:18–22 (▮▮▮).

2

Case No. 2:15-ml-02668-PSG (SKx)    **NFL Defendants' Motion In Limine No. 7 To Exclude Certain Testimony From Einer Elhauge**

purported expert testimony that focused on "his views on the law governing this case . . . [which] would usurp the Court's role in determining the law that applies to the case"); *SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 902 (N.D. Cal. 2022) (similar); *Relevant Grp., LLC v. Nourmand*, 2022 WL 18356631, at *2 (C.D. Cal. Dec. 9, 2022) (similar).

Just as in *Pinal Creek* and *Sitts*, Mr. Elhauge should be "precluded from offering his opinion regarding the law that governs this case and federal anti-trust law." *Pinal Creek*, 352 F. Supp. 2d at 1046; *see also Sitts*, 2020 WL 3467993, at *5. All of his legal opinions, including those detailed above, should accordingly be excluded from trial.

## II. Mr. Elhauge's Opinions Rest On Erroneous Statements Of The Law And Risk Substantially Misleading The Jury.

Mr. Elhauge not only offers improper legal opinions, he also offers *incorrect* legal opinions that risk substantially misleading the jury as to the burden of proof. Specifically, his report asserts that ███████████████████████████████████████████████████████████████████████████ This improper burden-shifting testimony should be excluded as erroneous, confusing, and prejudicial.

"[A] party is not entitled to present evidence on an erroneous or inapplicable legal theory to the jury, even if the evidence might have been relevant in some conceivable manner." *Nationwide*, 523 F.3d at 1063. The facts of *Nationwide* illustrate the application of this principle. There, the Ninth Circuit considered a district court's decision to exclude expert testimony about a defendant's failure to comply with a particular UCC provision. *Id.* The applicable law did not require the defendant to comply with the UCC provision discussed in the expert's report, so the court held that the testimony was irrelevant. *Id.* at 1059, 1063. The Ninth Circuit also concluded that even if the expert testimony had some relevance to the case, its risk of confusing the issues for the jury would have substantially outweighed any

1  probative value, and the panel affirmed the decision to exclude the evidence under
2  Rule 403. *Id.* at 1063. *Nationwide*'s reasoning applies fully to this case.

3       As in *Nationwide*, several of Mr. Elhauge's criticisms of Dr. Bernheim's report
4  lack probative value because they rely on a misapplication of the law. Expert opinions
5  that improperly state the law are irrelevant, Fed. R. Evid. 401, and unhelpful to the
6  jury, Fed. R. Evid. 702(a). *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL
7  2571332, at *7 (N.D. Cal. June 30, 2012) (Koh, J.) (excluding expert testimony that
8  was "contrary to law, and therefore w[ould] not assist the trier of fact"); *BNSF Ry.*
9  *Co. v. LaFarge Sw., Inc.*, 2009 WL 4279771, at *5 (D.N.M. Feb. 12, 2009) (similar);
10  *In re Dealer Mgmt. Sys. Antitrust Litig.*, 581 F. Supp. 3d 1029, 1063 (N.D. Ill. 2022)
11  (similar).

12       Mr. Elhauge's proposed testimony exemplifies the kind of legally erroneous
13  and misleading testimony that the *Nationwide* doctrine is designed to exclude. In
14  particular, he repeatedly faults Dr. Bernheim ████████████████████
15  ████████████████████████████████████████████████
16  ████████████████████████████████████████████████
17  ████████ *See* ECF No. 962-29, Rebuttal Rep. ¶ 14 (critiquing Dr. Bernheim
18  because he purportedly "████████████████████████████████
19  ████████████████████████████████████████████████
20  ████████████████████████████████████████"); *id.*
21  ¶¶ 15, 48, 51, 61 (similar); *see also* Pastan Decl. Ex. 9, Elhauge Dep. Tr. 146:6–13,
22  147:15–23, 148:7–20, 229:15–230:25.

23       These criticisms misstate the law: An antitrust defendant bears no burden to
24  quantify the procompetitive effects of its behavior—let alone to affirmatively prove
25  that its conduct has a net positive effect on competition. *See Epic Games, Inc. v.*
26  *Apple, Inc.*, 67 F.4th 946, 983, 985–86 (9th Cir. 2023). To the contrary, under the
27  Rule of Reason's burden-shifting framework, if a plaintiff carries its initial burden
28  "to prove that the challenged restraint has a substantial anticompetitive effect that

1  harms consumers in the relevant market," *id.* at 983 (internal quotations and citation
2  omitted), then the defendant's only burden is "to show a procompetitive *rationale* for
3  the restraint[]," *id.* at 985–86 (internal quotations and citations omitted) (emphasis
4  added). The burden then shifts back to the *plaintiff* to prove that the same
5  procompetitive benefits can be achieved through "substantially less restrictive
6  means," as "a business practice without a less restrictive alternative is not, on balance,
7  anticompetitive." *Id.* at 990, 993–94.

   Mr. Elhauge's analysis flips the Rule of Reason on its head: ████████
████████████████████████████████████████████████
████████████████████████████. Thus, as in *Nationwide*, this criticism lacks
probative value because "a party is not entitled to present evidence on an erroneous
or inapplicable legal theory to the jury." 523 F.3d at 1063. And because these
criticisms rely on a faulty application of a defendant's burden of proof under the Rule
of Reason, they are irrelevant, *see* Fed. R. Evid. 401, and will not help the jury to
decide this case, *see* Fed. R. Evid. 702.

   Rather, like the legally erroneous expert testimony in *Nationwide*, the flawed
legal reasoning in the Elhauge Report poses a substantial risk of confusing the issues
for the jury. *See*, *e.g.*, *Nationwide*, 523 F.3d at 1063; *Yerkes v. Ohio State Highway
Patrol*, 2023 WL 4633896, at *13 (S.D. Ohio July 20, 2023) (excluding expert
testimony that "flips th[e] established burden of proof by insinuating that [an
opposing] expert has an obligation" where that is not correct). This testimony
accordingly should be excluded because the risk of confusing the issues for the jury
substantially outweighs any probative value offered by Elhauge's legally erroneous
criticisms. *See* Fed. R. Evid. 403.

| | | |
|---|---|---|
| Dated: January 5, 2024 | | Respectfully submitted, |

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*