Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE UNDER RULES 402 AND 403**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: February 7, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>                     350 West 1st Street<br>                     Courtroom 6A<br>                     Los Angeles, CA 90012 |

Plaintiffs' motion *in limine* no. 3 seeks to preclude the NFL Defendants from (i) "referring to [NFL] Sunday Ticket as a luxury good," and (ii) "referencing the absence of the Television Partners [*i.e.*, CBS, FOX, and DirecTV]" during trial. ECF No. 1106-1, Pls.' MIL No. 3 ("Mot.") at 4. The NFL Defendants will not contend that the antitrust laws exempt "luxury" or other high-value products from their coverage. Nor do they intend to refer specifically to the absence of the NFL's Television Partners from trial. Defendants accordingly do not oppose those limited aspects of Plaintiffs' motion.

But Plaintiffs' motion should be denied to the extent that it seeks any broader relief. The NFL Defendants have a right to characterize NFL Sunday Ticket as a high-quality product that complements the wide variety of less expensive (often free) NFL game viewing options available to all NFL fans—*i.e.*, as a luxury package. There is ample evidence supporting that characterization. Any limitations on the NFL Defendants' ability to explain this point would prevent them from presenting relevant, probative evidence supporting one of their principal defenses—that given the many less expensive and free viewing options available to all NFL fans, Sunday Ticket was reasonably distributed as a high-quality, innovative product for avid fans. *See VBS Distrib., Inc. v. Nutrivita Lab'ys, Inc.*, 2018 WL 9946319, at *4 (C.D. Cal. May 7, 2018) ("Evidence will be excluded *in limine* only when the evidence is *clearly* inadmissible on all potential grounds." (emphasis in original)); *see also Sullivan v. Nat'l Football League*, 34 F.3d 1091, 1112 (1st Cir. 1994) ("[C]ourts should generally give a measure of latitude to antitrust defendants in their efforts to explain the procompetitive justifications for their policies and practices[.]").

Defendants likewise must be permitted to discuss the roles that CBS, FOX, and DirecTV play in the creation and distribution of NFL football telecasts.

1

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Opposition To Plaintiffs' Motion *In Limine* No. 3 To Exclude Irrelevant And Prejudicial Evidence Under Rules 402 And 403

## I. Evidence Concerning Sunday Ticket's Status As A High-Quality, "Luxury" Product Is Relevant And Admissible.

There is no dispute that the antitrust laws apply to purchases of both luxury and essential products. The NFL Defendants do not contend otherwise. But there is no justification for Plaintiffs' much broader request to police the vocabulary that the NFL Defendants might use to describe the high value that NFL Sunday Ticket offers to avid fans—those who want access to more NFL football than is available through free broadcasts, or lower cost options such as NFL Network, RedZone, and Fantasy Zone.

Evidence about how the NFL Defendants and their Television Partners created and marketed the Sunday Ticket package as a high-quality, "luxury" product is not only relevant and admissible, but also crucial to (i) the jury's assessment of the reasonableness of the NFL Defendants' business decisions and (ii) the jury's application of the rule of reason to the contractual arrangements that Defendants entered into with CBS, FOX, and DirecTV.

For example, Plaintiffs have asserted that it is anticompetitive for the NFL to agree that Sunday Ticket will be "marketed as premium products for avid League fans." ECF No. 962-4, Rascher Rep. ¶ 64. Defendants are entitled to rebut that claim by asserting, among other defenses, that this agreement is appropriately descriptive of the high-value, complementary (*i.e.*, "luxury") nature of the Sunday Ticket product—relative to other NFL football offerings—and that in fact the challenged restraints are integral to creating and improving the quality of the product consistent with its luxury nature.

Indeed, whether a jury finds that the NFL Defendants violated the antitrust laws could depend, in part, on whether it was reasonable for the Sunday Ticket package to be priced as a high-quality, premium subscription sports offering for the NFL's avid fans and, therefore, a luxury for such fans given the many other options available to them. *See, e.g., In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d 966,

2

Case No. 2:15-ml-02668-PSG (SKx)  Defendants' Opposition To Plaintiffs' Motion *In Limine* No. 3 To Exclude Irrelevant And Prejudicial Evidence Under Rules 402 And 403

975 (C.D. Cal. 2012) ("Common sense dictates that a more popular [product] typically will command higher . . . prices than a less popular [product].").

Evidence of whether NFL Sunday Ticket was in fact a "premium" or "luxury" product is thus admissible to prove the reasonableness of and procompetitive justifications motivating the NFL Defendants' conduct. *See, e.g.*, *In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 2015 WL 5637561, at *1 (W.D. Okla. Sept. 24, 2015) (denying motion *in limine* to preclude "evidence or argument regarding any alleged procompetitive justifications for or procompetitive effects of" the alleged anticompetitive conduct because "there are significant reasons why the evidence sought to be excluded by Plaintiff would still be relevant, as it goes to challenge elements necessary for Plaintiff to prevail on any theory of relief, as well as Defendant's affirmative defense"); *Major Mart, Inc. v. Mitchell Distrib. Co., Inc.*, 46 F. Supp. 3d 639, 671 (S.D. Miss. 2014) (denying motion *in limine* seeking to preclude relevant "testimony regarding the pro-competitive benefits of exclusive distribution contracts").

Plaintiffs' own evidence reveals that "[w]hether Sunday Ticket is a 'luxury' product," Mot. at 1, is relevant. Plaintiffs' primary expert economist, Dr. Daniel A. Rascher, submitted reports that are replete with references to Sunday Ticket as an "expensive, premium product."[1] In their opposition to Defendants' motion for summary judgment, Plaintiffs similarly asserted facts regarding Sunday Ticket's status as a high-quality, premium product. *See* ECF No. 1000-2, NFL Defs.' Resp. to Pls.' Stmt. of Genuine Disputes ("SUF") ¶¶ 195, 202, 205, 230. Plaintiffs also argued that Defendants "insisted Sunday Ticket be sold exclusively on DirecTV at supracompetitive 'premium prices' to protect the networks from competing telecasts so that those networks would pay Defendants more." ECF No. 975-1, Pls.' Mem.

---

[1] ECF No. 962-4, Rascher Rep. ¶ 13; *see also id.* ¶¶ 17 n.8, 29, 40, 43, 45, 64–67, 85, 87, 93–94, 97, 100, 102, 105, 109 n.140, 117, 121–22, 216, 242, 260, 274, 335; ECF No. 962-5, Rascher Reply Rep. ¶¶ 50, 79, 81 n.124, 272, 364.

3

Opp. Defs.' Mot. Summ. J. at 7. Granting Plaintiffs' sweeping request would prevent the NFL Defendants from rebutting Plaintiffs' evidence and argument by explaining the reasons why Sunday Ticket was marketed and priced as a premium luxury product.

Plaintiffs fail to identify any prejudice arising from a description of the NFL Sunday Ticket package as a "premium" or "luxury" product. *See Cooper v. Meritor, Inc.*, 2019 WL 1028530, at *9 (N.D. Miss. Mar. 4, 2019) (where a term has a common-sense meaning that would be accessible to the jury, it is less likely to be excluded under Rule 403). They similarly cite no case in which accurate descriptions of a market status of the product at issue have been excluded under the Federal Rules of Evidence. That is unsurprising; there is no basis for keeping such a straightforward description from the jury. Indeed, it is the NFL Defendants who will be prejudiced by Plaintiffs' attempt to prevent them from explaining the reasonableness of their actions.

## II. Evidence Concerning The Procompetitive Rationales For The NFL's Agreements With Its Television Partners Is Relevant And Admissible.

The NFL Defendants do not intend to "refer[] [to] the absence of the Television Partners" or argue to the jury that there is an inference to be drawn from the fact that the NFL's Television Partners are not appearing as defendants in the trial. Mot. at 3–4. Defendants accordingly do not oppose relief that would bar both sides from referring specifically to the NFL's Television Partners' absence from trial. But to the extent that further relief is sought by this motion, it should be denied.

In particular, there is no basis to prevent the NFL Defendants from explaining the procompetitive rationales and benefits of their relationships and agreements with CBS, FOX, and DirecTV. *See, e.g., In re Cox*, 2015 WL 5637561, at *1 ("[E]vidence or argument regarding any alleged procompetitive justifications" is "relevant, as it goes to challenge elements necessary for Plaintiff to prevail on any theory of relief, as well as Defendant's affirmative defense."); *Major Mart*, 46 F. Supp. 3d at 671.

4

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Opposition To Plaintiffs' Motion *In Limine* No. 3 To Exclude Irrelevant And Prejudicial Evidence Under Rules 402 And 403

# # # # #

Defendants therefore submit that the following restriction should apply to both sides, but maintain that further relief is inappropriate:

> No party shall comment to the jury on the fact that CBS, FOX, and DirecTV are not appearing as defendants at trial.

5

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Opposition To Plaintiffs' Motion *In Limine* No. 3 To Exclude Irrelevant And Prejudicial Evidence Under Rules 402 And 403

| | | |
|---|---|---|
| 1 | Dated: January 19, 2024 | Respectfully submitted, |
| 2 | | /s/ *Beth A. Wilkinson* |
| | | Beth A. Wilkinson (admitted *pro hac vice*) |
| 3 | | Rakesh N. Kilaru (admitted *pro hac vice*) |
| | | Brian L. Stekloff (admitted *pro hac vice*) |
| 4 | | Jeremy S. Barber (admitted *pro hac vice*) |
| 5 | | Max J. Warren (admitted *pro hac vice*) |
| | | **WILKINSON STEKLOFF LLP** |
| 6 | | 2001 M Street NW, 10th Floor |
| | | Washington, DC 20036 |
| 7 | | Telephone: (202) 847-4000 |
| | | Facsimile: (202) 847-4005 |
| 8 | | rkilaru@wilkinsonstekloff.com |
| 9 | | bwilkinson@wilkinsonstekloff.com |
| | | bstekloff@wilkinsonstekloff.com |
| 10 | | jbarber@wilkinsonstekloff.com |
| | | mwarren@wilkinsonstekloff.com |
| 11 | | |
| 12 | | Neema T. Sahni (Bar No. 274240) |
| | | **COVINGTON & BURLING LLP** |
| 13 | | 1999 Avenue of the Stars |
| | | Suite 1500 |
| 14 | | Los Angeles, CA 90067-6045 |
| 15 | | Telephone: (424) 332-4800 |
| | | Facsimile: (424) 332-4749 |
| 16 | | nsahni@cov.com |
| 17 | | Gregg H. Levy (admitted *pro hac vice*) |
| | | Derek Ludwin (admitted *pro hac vice*) |
| 18 | | John S. Playforth (admitted *pro hac vice*) |
| 19 | | **COVINGTON & BURLING LLP** |
| | | One CityCenter |
| 20 | | 850 Tenth Street NW |
| | | Washington, DC 20001 |
| 21 | | Telephone: (202) 662-6000 |
| 22 | | Facsimile: (202) 662-6291 |
| | | glevy@cov.com |
| 23 | | dludwin@cov.com |
| | | jplayforth@cov.com |
| 24 | | |
| 25 | | *Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs* |
| 26 | | |
| 27 | | |
| 28 | | |

6

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Opposition To Plaintiffs' Motion *In Limine* No. 3 To Exclude Irrelevant And Prejudicial Evidence Under Rules 402 And 403