# Exhibit 2 to the Declaration of Samuel Maida

```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3

 4   IN RE:  NATIONAL FOOTBALL ) Civil Action No.
     LEAGUE'S "SUNDAY TICKET"  ) 2:15-ml-02668-PSG(JEMx)
 5   ANTITRUST LITIGATION      )
                               )
 6                             )
     _____)
 7

 8

 9

10

11

12

13

14

15          REMOTE VIDEOTAPED DEPOSITION OF

16                DANIEL RASCHER, Ph.D.

17              WEDNESDAY, JUNE 28, 2023

18

19

20

21

22

23

24
     Reported in Stenotype by:
25   Cody R. Knacke, RPR, CSR No. 13691
     Job No.:  902213
```

Case 2:15-ml-02668-PSG-SK   Document 1192-3   Filed 01/19/24   Page 3 of 8   Page ID
                                          #:44882
NFL Sunday Ticket Antitrust Litigation                                    Daniel Rascher
                                                                          June 28, 2023

2

```
 1              REMOTE VIDEOTAPED DEPOSITION OF

 2   DANIEL RASCHER, Ph.D., taken before Cody R. Knacke,

 3   RPR, CSR No. 13691, commencing on Wednesday,

 4   June 28, 2023, at 7:59 a.m., Pacific Time.

 5   APPEARANCES OF COUNSEL:  (Via videoconference.)

 6       For the Plaintiffs:

 7           HAUSFELD
             BY:  SCOTT MARTIN, ESQ.
 8           33 Whitehall Street, 14th Floor
             New York, New York 10004
 9           646.357.1195
             smartin@hausfeld.com
10
             LANGER GROGAN & DIVER
11           BY:  PETER E. LECKMAN, ESQ.
             Three Logan Square, Suite 4130
12           Philadelphia, Pennsylvania 19103
             215.320.0876
13           pleckman@langergrogan.com

14       For the Defendant National Football League,
         NFL Enterprises, LLC, and the Individual
15       NFL Clubs:

16           WILKINSON STEKLOFF
             BY:  BRIAN STEKLOFF, ESQ.
17                MAX WARREN, ESQ.
                  BLAKE NEAL, ESQ.
18           2001 M Street, NW, 10th Floor
             Washington, D.C. 20036
19           202.847.4030
             bstekloff@wilkinsonstekloff.com
20           mwarren@wilkinsonstekloff.com
             bneal@wilkinsonstekloff.com
21
             COVINGTON & BURLING
22           BY:  JOHN STEWART PLAYFORTH, ESQ.
             850 Tenth Street, NW
23           Washington, D.C. 20001
             202.662.6000
24           jplayforth@cov.com

25       Also Present:
             Jacob Figueroa, Videographer
```

Case 2:15-ml-02668-PSG-SK   Document 1192-3   Filed 01/19/24   Page 4 of 8   Page ID
                                    #:44883
NFL Sunday Ticket Antitrust Litigation                                Daniel Rascher
                                                                      June 28, 2023

3

```
 1                    I - N - D - E - X

 2   EXAMINATION BY:                                PAGE

 3   BY MR. STEKLOFF                                  5

 4   AFTERNOON SESSION                              149

 5

 6

 7            E - X - H - I - B - I - T - S

 8   DEFENDANTS'         DESCRIPTION                PAGE

 9   Rascher            Expert Report of              8
     Exhibit 1          Daniel A. Rascher dated
10                      2/17/2023

11   Rascher            Expert Reply Report of       8
     Exhibit 2          Daniel A. Rascher dated
12                      6/9/2023

13   Rascher            Curriculum Vitae of          20
     Exhibit 3          Daniel A. Rascher, Ph.D.
14

15

16

17         QUESTIONS INSTRUCTED NOT TO ANSWER

18                        None.

19

20

21

22              INFORMATION REQUESTED

23                        None.

24

25
```

108

1 trial is set.
2      In other words, you don't just -- you don't
3 think that's going to change by February 2024. In
4 other words, by February 2024 when we go to trial,
5 your assumption will still be that every team will
6 contract with one of the Big Four?
7   A.   Well, I mean, the future's in front of us.
8 So if different evidence appears, then different
9 evidence appears, and that has to be accounted for.
10      My -- I guess my assumption is that I -- if
11 there's a trial in February of next year that, you
12 know, I would assume -- again, this may be a legal
13 question for you and other lawyers and the Court,
14 but I would assume that if things change between now
15 and then, that we, as experts, are supposed to
16 account for that sort of as we get to trial.
17      I mean, again -- I can't --
18   Q.   Fair enough. Yeah, that's a good way to
19 put it.
20      (Speaking simultaneously.)
21   A.   -- I think that's the case. Yeah.
22   Q.   Okay. Okay. You'll let me know if your
23 assumption about the Big Four changes between now
24 and trial, if allowed to by Mr. Martin and the
25 Court?

139

1 the distant future.  But for the past, I don't see
2 that that would be -- that -- on balance that that
3 would have been anticompetitive to say, okay, you
4 should show your games over the air locally.
5 BY MR. STEKLOFF:
6     Q.    Okay.  And going back to this visiting --
7 visitor versus home team assignment, does the NFL --
8 would there have to be an assignment?  In other
9 words, could you have it without an assignment or
10 would there have to be an assignment of either
11 you're going to air -- the visiting team controls
12 the distribution or the home team controls the
13 distribution?
14     A.    I mean, it's sort of a property right that
15 the evidence in sports points to there being
16 generally a resolution to that.  I don't want to say
17 legally, you know, who owns that right.
18           One of my friends who's a lawyer always
19 talks about the guy who gets shot out of a cannon in
20 some famous case that I'm sure you guys are all
21 aware of; you know, that that's sort of a question
22 like, what's the extent that this person's right
23 versus that group's right?
24           So I don't know -- I just know that, like,
25 the evidence shows that this gets worked out and it

1  tends to be home teams have the right.  So I don't
2  know the answer to your question, whether if the NFL
3  didn't do it, would the teams sort of work it out
4  themselves.  I sort of think so.
5          Sorry that that was a roundabout answer,
6  but, you know, it feels like it's sort of a legal
7  question, who owns the right.
8      Q.   I guess your view is, regardless of who
9  owns the right, it wouldn't be anticompetitive for
10 the NFL to decide one team -- one set of teams is
11 going to broadcast these games over the other set of
12 teams -- over the other set of teams.
13     A.   Yeah.
14     Q.   Okay.  Sorry.  We've gone all over the
15 place.  Just trying to find the best place to go in
16 my outline.
17     A.   No problem.
18     Q.   Circling back to what we talked about
19 before, and I want to talk about the world in which
20 the CBS and FOX agreements exist.  Again, an
21 appropriate version of those regional agreements
22 exists.
23          Are you with me so far?
24     A.   Yes.
25     Q.   And I think you said -- what you said was

258

1  COUNTY OF LOS ANGELES, )
                          )
2  STATE OF CALIFORNIA,    )

3

4          I, Cody R. Knacke, Registered Professional

5  Reporter, Certified Shorthand Reporter in and for

6  the State of California, License No. 13691, hereby

7  certify that the deponent was by me first duly sworn

8  and the foregoing testimony was reported by me and

9  was thereafter transcribed with computer-aided

10 transcription; that the foregoing is a full,

11 complete, and true record of said proceedings.

12         I further certify that I am not of counsel

13 or attorney for either or any of the parties in the

14 foregoing proceedings and caption named or in any

15 way interested in the outcome of the cause in said

16 caption.

17         The dismantling, unsealing, or unbinding of

18 the original transcript will render the reporter's

19 certificate null and void.

20         In witness whereof, I have hereunto set my

21 hand this day:  June 29, 2023.

22

23                         

24                         _____

25                         CODY R. KNACKE, RPR, CSR No. 13691