Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE UNDER RULES 402 AND 403**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: May 17, 2024<br>TIME: 2:30 p.m.<br>COURTROOM:<br>  First Street Courthouse<br>  350 West 1st Street<br>  Courtroom 6A<br>  Los Angeles, CA 90012 |

Plaintiffs' Motion *in Limine* No. 3 seeks to preclude the NFL Defendants from arguing to the jury or presenting evidence to show that NFL Sunday Ticket is a "luxury" good, or characterizing the product in any other manner that implies that it is somehow undeserving of protection under the antitrust laws.[1] The NFL Defendants' opposition is not responsive to that motion or to the concerns of unfair prejudice and jury confusion that underlie it.

Instead, the NFL Defendants sidestep the issue by defining "luxury" as synonymous with expensive or high-value, contrary to that word's ordinary meaning. Plaintiffs do not dispute that NFL Sunday Ticket is expensive. Nor do they seek to preclude evidence or argument about the actual prices charged for it. This is an overcharge case, and Plaintiffs contend that the NFL Defendants' conduct had the purpose and effect of raising and maintaining the price of NFL Sunday Ticket higher than it would have been in the absence of the NFL Defendants' collusion. The NFL Defendants' characterizations of that product have no bearing on whether their conduct restrained competition and raised prices. Nor is the supposed luxury nature of NFL Sunday Ticket relevant to the reasonableness of that conduct, notwithstanding the NFL Defendants' attempt to shoehorn "luxury" as a competitive justification for the restraints that make NFL Sunday Ticket expensive and difficult to access in the first place. By using the term "luxury," the NFL Defendants will evidently seek to mislead the jury into thinking that overcharging for Sunday Ticket was not objectionable because Sunday Ticket was not a necessity of life.

The term "luxury" is both irrelevant to the case under the rule of reason and prejudicial to Plaintiffs. Because the NFL Defendants have offered no reason why this characterization is admissible on any grounds, Plaintiffs' motion should be granted.

---

[1] Plaintiffs agree with the NFL Defendants that both parties should be precluded from making at trial any statement or argument, or otherwise presenting or eliciting any evidence or testimony concerning the absence of DirecTV, Fox, or CBS as defendants at trial. Opp. at 4-5.

### I. The NFL Defendants Mischaracterize the Connotations of Luxury.

The NFL Defendants' opposition confuses the irrelevant concept of luxury with other adjectives like "high-value," "complement[ary]," "innovative," "high-quality" and even "expensive." *See* Opp. at 1-2. But granting Plaintiffs' motion would not prevent the NFL Defendants from arguing to the jury that NFL Sunday Ticket is any of these things. Nor will it impede the NFL Defendants from presenting evidence "about how [they] and their Television Partners created and marketed the Sunday Ticket package," namely as "a complementary premium product for avid fans." *See* Dkt. 1155 at 9. Those concepts are not equivalent to "luxury," nor do they have the same problematic connotations.

The term "luxury" conveys the impression of a needless good about which no one can complain if it carries a high price and implies an extravagance or indulgence. The dictionary definition of "luxury" is "something adding to pleasure or comfort but not absolutely necessary." *Merriam-Webster* (2022). "Luxury goods or services" under the bankruptcy statute, 11 U.S.C. § 523(a), are similarly defined to mean "extravagant, indulgent, and nonessential under the circumstances" *In re Alexo*, 436 B.R. 44, 49 (Bankr. N.D. Ohio 2010); *see also In re Shaw*, 294 B.R. 652, 655 (Bankr. W.D. Pa. 2003) ("[L]uxuries within the meaning of § 523(a)(2)(C), as a matter of law, are limited to things that constitute extravagances or self-indulgences").

The loaded nature of "luxury"—and equivalent concepts—is what makes the characterization problematic. *Cooper v. Meritor, Inc.*, cited by the NFL Defendants, supports that proposition. 2019 WL 1028530, at *9 (N.D. Miss. Mar. 4, 2019). The *Cooper* court permitted reference to "hazardous waste" even though the legal definition of that term did not go into effect until midway through the liability period because the phrase's common meaning would be accessible to the jury. *Id*. Crucially, however, the court indicated that it would exclude the term or provide a limiting instruction if the term "appears to be confusing or unduly prejudicial." *Id*.

Both concerns are present here. The term "luxury" has connotations that may mislead or confuse the jury. Framing out-of-market games as an extravagance may lead the jury to believe that that the harm suffered by class members is something about which they have no right to complain.

Because there is no connection between Sunday Ticket's asserted luxury status and the NFL Defendants' liability under the antitrust laws, the danger of that prejudice substantially outweighs the probative value of such a characterization. Fed. R. Evid. 403.

## II.   The NFL Defendants Mischaracterize the Rule of Reason.

Unable to explain why "luxury" is relevant to this case, the NFL Defendants try to portray that characterization as a procompetitive justification. That makes no sense.

The NFL Defendants' own characterization of the Sunday Ticket product is irrelevant to the rule-of-reason analysis. Calling NFL Sunday Ticket a luxury good cannot possibly justify NFL Defendants' anticompetitive web of agreements, nor can it justify the high prices that class members were forced to pay to watch out-of-market games.  Under the rule of reason, the issue is not "whether it was reasonable for the Sunday Ticket package *to be priced* as a high-quality, premium subscription sports offering for the NFL's avid fans," Opp. at 1 (emphasis added), or as a luxury good. The pertinent issue for the jury is whether the contractual *restraints*—namely preventing competition for game telecasts—were reasonable. Likewise, the jury will not be asked to determine the reasonableness of the prices paid by class members, as if they were being asked to set a "fair price" for the product, but rather whether the actual prices were higher than they would have been absent the challenged restraints.

Characterizing NFL Sunday Ticket as a luxury cannot be a legitimate procompetitive justification for the NFL Defendants' conduct. A procompetitive justification (or rationale) is "a [1] nonpretextual claim that [the defendant's] conduct is [2] indeed a form of competition on the merits because it involves, for example,

greater efficiency or enhanced consumer appeal." *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 986 (9th Cir. 2023). The NFL Defendants fail to explain how luxury relates to either greater efficiency or enhanced consumer appeal. Nor do they explain *which* of their various procompetitive justifications is relevant to the luxury nature of Sunday Ticket. That is because there is none.

Plaintiffs' motion to preclude NFL Defendants from making any statement or argument at trial that refers to Sunday Ticket as a "luxury good" or some other similar term should be granted.

Dated: February 9, 2024                                Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*