Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE REFERENCE TO PRIOR LAWSUITS NOT INVOLVING EITHER PARTY**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: May 17, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>         350 West 1st Street<br>         Courtroom 6A<br>         Los Angeles, CA 90012 |

Defendants' Motion *in Limine* No. 2, ECF No. 1110-1 ("Mot."), seeks to exclude evidence and argument discussing lawsuits in which neither Plaintiffs nor the NFL were involved.[1] The requested relief is narrow: Plaintiffs should not be permitted to argue that because *other* plaintiffs prevailed in *other* cases involving *other* sports leagues, they deserve to prevail here.

Thus, this motion does not seek to "eviscerate" the opinions of Plaintiffs' experts, ECF No. 1192, Pls.' Mem. Opp. Defs.' Mot. *in Limine* No. 2 ("Opp.") at 1, nor does it seek to exclude all comparisons to the practices of other sports leagues. To the extent the Court finds those comparisons relevant and otherwise admissible, Plaintiffs may argue such comparisons and rely on admissible evidence of the relevant industry facts.

Proof of why this motion should be granted rests in Plaintiffs' own motions *in limine*. Plaintiffs have asked this Court to exclude evidence of their requested injunctive relief *in this case* because the risk of "confusion of the issues[] and jury misdirection is far too great." ECF No. 1102-1, Pls.' Mot. *in Limine* No. 2 at 4. Those risks are all the greater with different, dated litigation involving different parties. Plaintiffs should not be allowed to have it both ways.

### I. Even Where Underlying Facts May Be Relevant, Discussion Of Past Litigation Is Not.

Plaintiffs insist that references to lawsuits involving neither Plaintiffs nor the NFL Defendants are "highly relevant" and that "their exclusion would be severely prejudicial to Plaintiffs." Opp. at 1–2. But their arguments blur the distinction between the facts about telecasting in other sports leagues and the outcomes of

---

[1] Specifically, the Motion seeks to bar Plaintiffs from discussing the lawsuits (but not any admissible underlying facts) of: *NCAA v. Board of Regents of University of Oklahoma*, 468 U.S. 85 (1984); *Garber v. Office of the Commissioner of Baseball*, 2016 WL 749950 (S.D.N.Y. Jan. 22, 2016); *Laumann v. National Hockey League*, 907 F. Supp. 2d 465 (S.D.N.Y. 2012); *Madison Square Garden, L.P. v. National Hockey League*, 2008 WL 4547518 (S.D.N.Y. Oct. 10, 2008); and *Chicago Professional Sports Ltd. Partnership v. National Basketball Association*, 754 F. Supp. 1336 (N.D. Ill. 1991), *aff'd*, 961 F.2d 667 (7th Cir. 1992).

1

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party

specific litigations. None of the factual evidence of the telecasting arrangements Plaintiffs seek to offer requires reference to *lawsuits*. And their attempt to go beyond these facts—to discuss the claims, arguments, and outcomes of these unrelated cases—is plainly legal opinion that has no relevance, invades the province of the Court, and serves only to confuse the issues before the jury.

Plaintiffs' own arguments bear this out. For example, Plaintiffs' asserted purpose in mentioning *Garber* and *Laumann* is to "illustrate, within professional sports leagues, the economic consequences of restraints imposed by horizontal agreements among teams . . . [and] to show economically whether separate team telecasts in professional sports are feasible." Opp. at 6. To the extent that the economics of these leagues are relevant, admissible evidence of the relevant economic facts could be explored without any mention that a lawsuit occurred at all or the outcome of such a lawsuit.

Similarly, Plaintiffs claim that it might be relevant for a jury to understand "the increased competition and explosive proliferation of televised college football games after conferences and teams became free to sign their own broadcasting deals following the decision in *NCAA* eliminating the restrictive arrangements." *See* Opp. at 2–3. But the argument they propose to make is that following a change in NCAA regulations, the availability of college football on television increased. *See id.* That argument can be made without reference to the *NCAA* litigation, as the fact that changes to NCAA regulations were due to a lawsuit is irrelevant to the questions of what changes were made and what effects were observed.

Plaintiffs' briefing further confirms that the relevance, if any, of these cases is their underlying facts, not the lawsuits or outcomes. In their response to Defendants' Motion *in Limine* No. 5, Plaintiffs defend at length the value of Dr. Rascher's testimony and his College Football But-For World. *See* ECF No. 1206-1 at 3–5. In their two-page comparison between the NFL's telecasting arrangements and College Football's telecasting arrangements, Plaintiffs mention *NCAA* only once, and when

2

Case No. 2:15-ml-02668-PSG (SKx)   **Defendants' Reply In Support Of Motion *In Limine* No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party**

they do, it is only to mark a point in time at which the NCAA's practices changed—a reference that could easily be made without discussing the fact (or legal outcome) of any lawsuit. *See id.*

Faced with these arguments, Plaintiffs ultimately admit their true intent: to suggest that because other leagues' purportedly anticompetitive conduct changed following a lawsuit, the same result should happen here. For example, as to the *NCAA* litigation, Plaintiffs assert that their expert economist, Dr. Daniel Rascher, should be permitted to testify as to "the restraints at issue in *NCAA*" and "*what was found to be anticompetitive and unlawful about those restraints.*" Opp. at 2 (emphasis added). Telling the jury what is and is not lawful about a set of facts is textbook legal testimony that should be excluded. *Haas v. Travelex Ins. Servs. Inc.*, — F. Supp. 3d —, 2023 WL 4281248, at *4 (C.D. Cal. June 27, 2023) (excluding a legal opinion as invading the province of the judge). Moreover, there is no principled basis for arguing that Dr. Rascher should be allowed to discuss the injunctive relief ordered in *NCAA*, but that there should be no discussion at trial of the injunctive relief Plaintiffs are seeking in this very case. If "[c]ourt-ordered statutory remedies lack any relevance to the factual issues to be decided by the jury" in this case, ECF No. 1102-1, Pls.' Mot. *in Limine* No. 2 at 1, remedies in other cases involving different facts are even less relevant. The test for whether evidence is admissible is not whether it helps the Plaintiffs' case.

## II. Reference To Unrelated Litigation Is Unduly Prejudicial And Will Confuse The Issues For The Jury.

Beyond its lack of probative value, discussion of these unrelated litigations carries a substantial risk of both unfair prejudice to Defendants and jury confusion.

The risk of unfair prejudice here is clear: if a jury hears about not just the facts and economics of other sports, but also about the existence and outcomes of lawsuits in those industries, they are likely to infer improperly that the lawsuit brought against *this league* should have the same outcome. Ample Ninth Circuit precedent reflects a

3

"substantial" concern that "the jury w[ill] import the whole verdict of liability from [a] prior proceeding." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008); *accord United States v. Sine*, 493 F.3d 1021, 1034–35 (9th Cir. 2007).

Moreover, despite Plaintiffs' reference to the concern as a "canard," Opp. at 6 n.5, they cannot meaningfully dispute that discussion of unrelated litigation will distract the jury. Indeed, they acknowledge that the risk of "confusion of the issues[] and jury misdirection is far too great" to allow any mention of injunctive relief *in this case*. ECF No. 1102-1, Pls.' Mot. *in Limine* No. 2 at 4. Discussion of injunctions and liability from other cases would be even more misleading. After all, Plaintiffs do not contest that *NCAA*, *Garber*, and *Laumann* had significant factual and procedural differences, from each other and from this case. Each of those cases dealt with different leagues and different contracts, and each ended at different points in their litigations. Any attempt by a jury to evaluate those cases would at a minimum require an understanding not only of the many factual differences between the sports and the theories asserted, but also of the procedural postures and legal issues addressed by each case. Recognizing these realities, courts routinely hold that evidence of other lawsuits should be excluded to avoid the need for such "mini-trials" about prior cases. *See, e.g.*, *In re HIV Antitrust Litig.*, 2023 WL 5670808, at *2 (N.D. Cal. Mar. 19, 2023) (noting concern about "mini-trials"); *Grace v. Apple, Inc.*, 2020 WL 227404, at *3 (Koh, J.) (N.D. Cal. Jan. 15, 2020) (explaining heightened concern about jury distraction through "mini-trials" where procedural posture of past lawsuits would require contextualization); *United States v. Kealoha*, 2019 WL 2620004, at *6 (D. Haw. June 26, 2019) (noting risk of delay because past "verdict would open up the door to further evidence about the civil trial").

Plaintiffs do not cite a single case where a court admitted evidence of third-party litigations. When confronted with the issue, every case cited in Defendants' brief, and every case cited in Plaintiffs' opposition, excluded reference to past

4

Case No. 2:15-ml-02668-PSG (SKx)        Defendants' Reply In Support Of Motion *In Limine* No. 2 To Exclude
                                         Reference To Prior Lawsuits Not Involving Either Party

litigation that did not involve either party. Plaintiffs rely on *Finjan, Inc. v. Sophos, Inc.* for the proposition that a "prior lawsuit" can be admitted into evidence "given its relevance to damages, the relationship and history between the parties, and defendant's defense." Opp. at 4 (citing 2016 WL 4560071, at *9 (N.D. Cal. Aug. 22, 2016)). But the prior litigation at issue in *Finjan* was relevant only because it was a prior lawsuit between those same parties. Plaintiffs' reliance on *Drummond Coal Sales, Inc. v. Norfolk Southern Railway Company*, 2019 WL 3307850 (W.D. Va. July 22, 2019), also confirms Defendants' argument. In *Drummond*, the court allowed reference to past litigation between the same two parties as background evidence for the case. *Id.* at *7. But when it addressed past litigation involving one party but not the other, the court invoked the rule that, "[g]enerally, courts exclude evidence of other lawsuits, even if such lawsuits are related to the case before it" and did not permit discussion of that litigation. *Id.* at *7–8. The litigations addressed in this motion, which involve neither party, present an even stronger case for exclusion.

As recognized by the Ninth Circuit and every case Plaintiffs cite, discussing unrelated litigation at trial risks unfair prejudice and juror confusion. If Plaintiffs' experts seek to rely on the history of other sports leagues, the relevant and admissible facts regarding those leagues can be discussed without reference to prior litigations. As to those litigations, however, the Court should enforce the rule that the Ninth Circuit affirmed in *Engquist*, barring testimony about past litigation, but allowing testimony about underlying facts where relevant and otherwise admissible. *See* 478 F.3d at 1010.

5

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party

| | | |
|---|---|---|
| `1 | Dated: February 9, 2024 | Respectfully submitted, |
| 2 | | /s/ *Beth A. Wilkinson* |
| 3 | | Beth A. Wilkinson (admitted *pro hac vice*) |
| | | Rakesh N. Kilaru (admitted *pro hac vice*) |
| 4 | | Brian L. Stekloff (admitted *pro hac vice*) |
| 5 | | Jeremy S. Barber (admitted *pro hac vice*) |
| | | Max J. Warren (admitted *pro hac vice*) |
| 6 | | **WILKINSON STEKLOFF LLP** |
| | | 2001 M Street NW, 10th Floor |
| 7 | | Washington, DC 20036 |
| | | Telephone: (202) 847-4000 |
| 8 | | Facsimile: (202) 847-4005 |
| | | bwilkinson@wilkinsonstekloff.com |
| 9 | | rkilaru@wilkinsonstekloff.com |
| 10 | | bstekloff@wilkinsonstekloff.com |
| | | jbarber@wilkinsonstekloff.com |
| 11 | | mwarren@wilkinsonstekloff.com |
| 12 | | Neema T. Sahni (Bar No. 274240) |
| 13 | | **COVINGTON & BURLING LLP** |
| | | 1999 Avenue of the Stars |
| 14 | | Suite 1500 |
| | | Los Angeles, CA 90067-6045 |
| 15 | | Telephone: (424) 332-4800 |
| 16 | | Facsimile: (424) 332-4749 |
| | | nsahni@cov.com |
| 17 | | |
| 18 | | Gregg H. Levy (admitted *pro hac vice*) |
| | | Derek Ludwin (admitted *pro hac vice*) |
| 19 | | John S. Playforth (admitted *pro hac vice*) |
| | | **COVINGTON & BURLING LLP** |
| 20 | | One CityCenter |
| | | 850 Tenth Street NW |
| 21 | | Washington, DC 20001 |
| | | Telephone: (202) 662-6000 |
| 22 | | Facsimile: (202) 662-6291 |
| 23 | | glevy@cov.com |
| | | dludwin@cov.com |
| 24 | | jplayforth@cov.com |
| 25 | | *Counsel for Defendants National Football* |
| | | *League, NFL Enterprises LLC, and the* |
| 26 | | *Individual NFL Clubs* |
| 27 | | |
| 28 | | |

6

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 2 To Exclude Reference To Prior Lawsuits Not Involving Either Party