Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO EXCLUDE REFERENCE TO PAST LITIGATION AGAINST THE NFL**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: May 17, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

Plaintiffs should not be permitted to introduce evidence of prior litigations that involve the NFL. Plaintiffs seek primarily to introduce evidence of two cases, *NFL I* and *NFL II*, decided 71 and 63 years ago. The outcomes of those cases—which involved drastically different market conditions, predate substantial developments in antitrust law, and have subsequently been overturned by statute—have no relevance, yet substantial prejudicial effect. The outcome of *Shaw*, a third case Plaintiffs attempt to introduce, equally lacks relevance and risks prejudice.

To justify introducing these irrelevant past litigations, Plaintiffs contend that Defendants seek to obscure the NFL's television broadcasting history. That is not correct. Plaintiffs remain free to offer otherwise-admissible evidence of the *facts* underlying prior lawsuits. But Plaintiffs fail to identify why the litigations—as opposed to the background information contained within them—are relevant here. Nor do they confront the real risks of prejudice, jury confusion, and undue delay that would arise from any attempt to contextualize and relitigate those cases during the trial in this action. Finally, although they invoke 15 U.S.C. § 16(a) and the doctrine of collateral estoppel as paths to admit evidence of the NFL litigations, Plaintiffs cannot (and do not even attempt to) establish that they meet the requirements of those doctrines. Evidence of prior litigations against the NFL should be excluded.

**I.      Prior Lawsuits Involving The NFL Are Not Relevant.**

Plaintiffs ignore the distinction between the *history* of the NFL's telecasting arrangements and past *litigation* over those arrangements. Defendants' motion does not concern the admissibility of historical facts that Plaintiffs cite, including the NFL Teams' telecasting arrangements in the 1950s, the rights granted to the Teams and to the NFL in the NFL Constitution, and the NFL's cable telecasting agreements from 1987 to present. *See* ECF No. 1193, Pls.' Mem. Opp. Defs.' Mot. in *Limine* No. 3 ("Opp.") at 6. Rather, Defendants seek to exclude evidence of the litigation in *NFL I*,

1

Case No. 2:15-ml-02668-PSG (SKx)      Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

*NFL II*, and *Shaw*.[1] Plaintiffs' own arguments, testimony from their experts, and the case law they cite all confirm that evidence of these lawsuits is not relevant.[2]

*First*, Plaintiffs' briefing and expert reports confirm that any relevant evidence relates to the underlying facts, rather than to the existence or outcomes of *NFL I*, *NFL II*, or *Shaw*. Plaintiffs contend that discussion of *NFL I* is necessary to show that "competition did previously exist among" NFL teams in the 1950s. Opp. at 3. But reference to *NFL I* is not necessary to explain the NFL's licensing structure *before* *NFL I* was filed. Plaintiffs also insist that discussion of *NFL II* is necessary to show that "the 1961 NFL-CBS contract mark[ed] a basic change in National Football League Television Policy." *Id.* at 4 (quoting *NFL II*, 196 F. Supp. at 446–47). But Plaintiffs do not need to introduce evidence of a lawsuit to prove that either. As Dr. Rascher's report makes clear, the course of the NFL's telecasting arrangements can easily be discussed independent of the court's decision in *NFL II*. *See* ECF No. 962-5, Expert Reply Report of Daniel A. Rascher, dated June 9, 2023 ("Rascher Reply Rep.") ¶ 177 (detailing NFL licensing arrangements up to and including the 1961 season without reference to *NFL II*).

*Second*, Plaintiffs fail to identify any relevance of past litigation against the NFL, other than the improper inference that a past holding against the NFL should lead to a verdict against Defendants in this case. Plaintiffs suggest vaguely that past litigation against the NFL is relevant to the "historical backdrop" of NFL telecasting. Opp. at 1. But the remainder of their motion makes clear that they intend this

---

[1] *United States v. Nat'l Football League*, 116 F. Supp. 319 (E.D. Pa. 1953) ("*NFL I*"), *United States v. Nat'l Football League*, 196 F. Supp. 445 (E.D. Pa. 1961) ("*NFL II*"), and *Shaw v. Dallas Cowboys Football Club, Ltd.*, 1998 WL 419765 (E.D. Pa. June 23, 1998), *aff'd*, 172 F.3d 299 (3d Cir. 1999).

[2] Plaintiffs do not respond to Defendants' arguments that refer to *American Needle, Inc. v. National Football League*, 560 U.S. 183 (2010), or *The Matter of Herring Broad., Inc. d/b/a WealthTV, Complainant*, 23 F.C.C. Rcd. 14787 (2008), and discussion of these cases should be prohibited. *See Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1277 & n.4 (N.D. Cal. 2014) (unanswered arguments are deemed conceded).

2

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

"historical backdrop" as a suggestion that the NFL has a history of violating antitrust laws—exactly the kind of improper inference the case law seeks to avoid. *See infra* at 4. Moreover, even if Plaintiffs offer the prior litigation as general factual background, evidence of litigation submitted for that purpose "is of minimum probative value." *Grace v. Apple, Inc.*, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020) (Koh, J.).

*Third*, the Opposition confirms that Plaintiffs seek to admit evidence of the *Shaw* litigation for a *legal* proposition. The only relevance of that case that Plaintiffs identify is that *Shaw* "rejected the NFL's claim the SBA extended to cable or satellite." Opp. at 6–7. But Plaintiffs cannot introduce to the jury evidence of legal outcomes to support legal propositions, as "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation and quotation marks omitted). Indeed, both sides have proposed a jury instruction on the SBA and anticipate that the Court will instruct the jury on the legal relevance of that statute.

*Finally*, the sole case Plaintiffs cite on the question of relevance, *Drummond Coal Sales, Inc. v. Norfolk Southern Railway Company*, 2019 WL 3307850 (W.D. Va. July 22, 2019), confirms that evidence of past lawsuits against the NFL is irrelevant. There, the court considered the admissibility of two prior lawsuits: one involving *both* parties to the litigation, and one—like *NFL I and NFL II*—involving only one party. The court admitted the former lawsuit, but it was the fact that *both* parties were involved in the past litigation that made it probative; their settlement from the prior lawsuit related directly to the breach issue in the present lawsuit and the course of the parties' business relationship was at issue. *Id.* at *7. By contrast, *Drummond* rejected the defendant's attempt to enter evidence of separate past litigation involving only the plaintiff, relying on the principle that "[g]enerally, courts exclude evidence of other lawsuits, even if such lawsuits are related to the case before it." *Id.* at *7–8.

3

Case No. 2:15-ml-02668-PSG (SKx)        Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

## II. Reference To Past NFL Lawsuits Is Unduly Prejudicial And Risks Confusing The Jury And Wasting The Court's Time.

Even if there were any probative value offered by the evidence of *NFL I*, *NFL II*, or *Shaw*, it would be substantially outweighed by the risk of prejudice to Defendants, jury confusion, and undue delay.

On prejudice, Plaintiffs' only response is that "Defendants simply *presume* that the jury would afford 'undue weight to the outcome' of past decisions involving the NFL." Opp. at 8 (emphasis added). But that is a risk that the Ninth Circuit, among other courts, has repeatedly recognized. *See, e.g.*, *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008); *Munoz v. PHH Mortg. Corp.*, 2022 WL 88497, at *2 (E.D. Cal. Jan. 7, 2022); *Grace*, 2020 WL 227404, at *2. It is particularly acute here, where the case poses complex antitrust issues, *see Ormco Corp. v. Align Tech., Inc.*, 2009 WL 10668458, at *2 (C.D. Cal. May 12, 2009) (risk of prejudice heightened in complicated cases), and where Plaintiffs seek to offer evidence of decisions made exclusively by federal judges, whom jurors are likely to see as authoritative on those issues, *see United States v. Sine*, 493 F.3d 1021, 1034–35 (9th Cir. 2007).[3]

Plaintiffs rely on *United States v. Boulware*, 384 F.3d 794 (9th Cir. 2004), to argue that a limiting instruction might ameliorate the potential for prejudicial effects, but that case is inapposite. There, a *criminal* defendant sought to admit evidence of a prior case in which *he* was involved, and the prosecution did not identify any prejudicial effect of that evidence. *Id.* at 808. The court then concluded that the prior

---

[3] Plaintiffs cite *Veteran Medical Products, Inc. v. Bionix Development Corp.*, 2008 WL 1745586 (W.D. Mich. Apr. 11, 2008), for the proposition that a blanket exclusion of past litigation is inappropriate. The *Veteran* court did not, as Plaintiffs imply, deny the motion because concerns of prejudice cannot support wholesale exclusion of past litigation. Rather, the court denied the motion to exclude reference to past litigation in that case because the plaintiffs failed to specify what evidence, if any, they thought warranted exclusion, any probative value it may have, and any specific risks of prejudice. *Id.* at *1. *Veteran* thus turned on a party's failure to develop arguments, not the value or harmful effects of evidence of past litigations.

4

Case No. 2:15-ml-02668-PSG (SKx)     Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

1  judgment addressed a single, simple issue (past ownership of funds) and was a
2  "crucial" piece of evidence, the exclusion of which "violated his due process rights."
3  *Id.* In that unique context, the court found that a cautionary instruction could
4  ameliorate the potential for jury confusion and delay raised by the prosecution. *See*
5  *id.*; *see also Engquist*, 478 F.3d at 1010 (distinguishing *Boulware*; emphasizing that
6  simple, single-issue past litigation poses lower risk of prejudice and jury confusion,
7  and is therefore suitably admitted with jury instruction). By contrast, Plaintiffs want
8  to present to the jury past cases (i) with complicated, multi-faceted holdings, (ii) in
9  the context of a civil trial, and (iii) without demonstrating that the judgments in those
10 cases are a "crucial" piece of their evidence. Unsurprisingly, Plaintiffs fail to cite any
11 cases, including any civil case, in which a prior litigation was admitted—with or
12 without a cautionary instruction—under such circumstances.

13       Finally, Plaintiffs do not respond to Defendants' concerns that confusing
14 discussions of past litigation will result in time-consuming detours at trial. These,
15 too, are risks repeatedly held to warrant exclusion in this circuit. *See, e.g., Grace*,
16 2020 WL 227404, at *3; *United States v. Kealoha*, 2019 WL 2620004, at *6 (D. Haw.
17 June 26, 2019) (excluding past verdict that would "open up the door to further
18 evidence about the [underlying] civil trial," causing "undue delay"); *Wrather v.*
19 *Farnam Cos., Inc.*, 2003 WL 25667639, at *1 (C.D. Cal. Nov. 3, 2003) (similar).
20 Plaintiffs' failure to respond to this argument is a concession, *see Banga*, 29 F. Supp.
21 3d at 1277 & n.4 (unanswered arguments are deemed conceded), and an independent
22 ground for excluding reference to past litigation.

### III. Section 16(a) And The Collateral Estoppel Doctrine Do Not Apply To Any Of The Prior NFL Cases.

25       Plaintiffs' reliance on the Clayton Act's *prima facie* evidence provision, *see*
26 15 U.S.C. § 16(a), and the doctrine of collateral estoppel, are not availing.
27       Section 16(a) "grants prima facie weight only to matters as to which collateral
28 estoppel would apply had the government itself brought the suit." *Pool Water Prods.*

5

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

*v. Olin Corp.*, 258 F.3d 1024, 1030 (9th Cir. 2001); *In re Packaged Seafood Prods. Antitrust Litig.*, 2021 WL 5326519, at *5 (S.D. Cal. Nov. 16, 2021), *order corrected on denial of reconsideration*, 2022 WL 345643 (S.D. Cal. Feb. 4, 2022). In other words, Plaintiffs cannot offer *NFL I* and *NFL II* as evidence against the NFL Defendants unless they can prove that the Ninth Circuit's requirements for the application of collateral estoppel have been met. *See Pool Water*, 258 F.3d at 1031 ("For [reference to the general doctrine of estoppel], we look to Ninth Circuit law.").[4]

Collateral estoppel "applies when (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) (citation and internal quotation marks omitted). The burden is on the party arguing for estoppel to prove that it applies, *see Consumer Fin. Prot. Bureau v. Howard*, 2017 WL 10378953, at *7 (C.D. Cal. May 30, 2017), and similarly, "it is up to the party seeking prima facie weight to establish that it has met the requirements" for prima facie treatment under § 16(a), *Pool Water*, 258 F.3d at 1033 (affirming decision not to admit past holdings under § 16(a) where proponent failed to prove identity of issues).

Plaintiffs make no attempt to establish the requirements of collateral estoppel in this case. On that ground alone, their effort to use *NFL I* and *NFL II* as prima facie evidence should be denied. *Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (failure to develop an argument forfeits that argument).

Moreover, none of the issues in this case are identical to the issues addressed in *NFL I* or *NFL II*. Significant changes in both the law and the facts in the decades since those cases were decided foreclose any attempt to rely on collateral estoppel.

---

[4] As Plaintiffs appear to acknowledge, only evidence from past "civil or criminal proceedings brought by or on behalf of *the United States*" can be used as prima facie evidence under the Clayton Act. 15 U.S.C. § 16(a) (emphasis added). This means that *Shaw*, a private class action, is not covered by § 16(a).

6

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

On the law, identity of issues is defeated where there has been a significant change in the law since the initial case was decided. *See Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 914 (9th Cir. 1997); *Rejuso v. Brookdale Senior Living Cmtys., Inc.*, 2019 WL 6735124, at *4 (C.D. Cal. May 22, 2019) (rejecting application of collateral estoppel). It is difficult to imagine a clearer change in the law since *NFL I* and *NFL II* than the passage of the Sports Broadcasting Act, which was enacted with a specific purpose "to overrule the effect of [the *NFL II*] decision." S. Rep. No. 87-1087 (1961), *as reprinted in* 1961 U.S.C.C.A.N. 3042, 3042. And there have been dramatic changes in antitrust law since the 1950s, including the establishment of the single-entity doctrine, *see Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984); the development of framework applicable in rule of reason cases, *see, e.g.*, *Ohio v. Am. Express Co.*, 585 U.S. ----, 138 S. Ct. 2274 (2018); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1412–13 (9th Cir. 1991); the changes in standards applicable to vertical restraints, *see, e.g.*, *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007); and key developments in joint-venture law, *see, e.g.*, *Texaco Inc. v. Dagher*, 547 U.S. 1 (2006) (standards applicable to the "core activity of the joint venture itself").

On the facts, the 1950s factual landscape bears no resemblance to the facts of today. *See, e.g.*, *NFL I*, 116 F. Supp. at 323, 325 (noting, among other facts, that "[t]he evidence shows that in the National Football League less than half the clubs over a period of years are likely to be financially successful" and that "[t]he greatest part of the defendant clubs' income is derived from the sale of tickets to games"); ECF No. 962-4, Expert Report of Daniel A. Rascher, dated February 17, 2023 ("Rascher Rep.") ¶¶ 74–81 (discussing extensive changes in the industry over the past 70 years); ECF No. 962-10, Expert Report of B. Douglas Bernheim, dated April 28, 2023 ("Bernheim Rep.") ¶¶ 163–68 (same).

Against the backdrop of these vast legal and factual changes, Plaintiffs cannot meet their burden to show that "identical" issues were litigated. *See, e.g.*, *Agua*

7

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

*Caliente Band of Cahuilla Indians v. Riverside Cnty.*, 181 F. Supp. 3d 725, 746 (C.D. Cal. 2016) ("[C]ollateral estoppel does not bar the Tribe's claims, given that both the factual and legal landscapes have altered in the intervening decades since both *Agua Caliente* and *Fort Mojave* were decided."); *Guess?, Inc. v. Russell*, 2016 WL 1620119, at *3 n.2 (C.D. Cal. Apr. 18, 2016) (finding argument for collateral estoppel particularly unpersuasive after changes in legal landscape); *Kanbar v. O'Melveny & Myers*, 849 F. Supp. 2d 902, 908 (N.D. Cal. 2011) (intervening Supreme Court decision constituted intervening change in the law, defeating identity of issues and barring application of collateral estoppel); *Ruyan Inv. Holdings Ltd. v. Smoking Everywhere, Inc.*, 2011 WL 13218017, at *4 (C.D. Cal. Aug. 22, 2011) (denying a motion to dismiss on res judicata grounds "because [a] material change in the facts altered [the litigant]'s legal rights"). That precludes Plaintiffs from offering any of the past litigation against the NFL as prima facie evidence in the instant case. *Rejuso*, 2019 WL 6735124, at *4; *Pool Water*, 258 F.3d at 1033.

In sum, Plaintiffs' lengthy discussion of § 16(a) and collateral estoppel is nothing more than an attempt to distract from the fact that they offered no reason to believe that the past litigation against the NFL would be relevant to this case. Nor were they able to rebut Defendants' well-founded concerns about prejudice, jury confusion, or wasting the Court's time. Because these risks substantially outweigh any probative value reference to past litigation may carry, the Court should exclude reference to *NFL I*, *NFL II*, and *Shaw* under Rules 401, 402, and 403.

8

Case No. 2:15-ml-02668-PSG (SKx)  Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL

| | | |
|---|---|---|
| 1 | Dated: February 9, 2024 | Respectfully submitted, |
| 2 | | /s/ *Beth A. Wilkinson* |
| 3 | | Beth A. Wilkinson (admitted *pro hac vice*)<br>Rakesh N. Kilaru (admitted *pro hac vice*) |
| 4 | | Brian L. Stekloff (admitted *pro hac vice*)<br>Jeremy S. Barber (admitted *pro hac vice*) |
| 5 | | Max J. Warren (admitted *pro hac vice*) |

Dated: February 9, 2024

Respectfully submitted,

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

9

Case No. 2:15-ml-02668-PSG (SKx)  Defendants' Reply In Support Of Motion *In Limine* No. 3 To Exclude Reference To Past Litigation Against The NFL