Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 4 TO EXCLUDE REFERENCE TO THE PRICING ARRANGEMENTS FOR NFLSUNDAYTICKET.TV**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: May 17, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

1     Plaintiffs' response to NFL Defendants' Motion *in Limine* No. 4, ECF
No. 1116-1 ("Mot."), confirms that they intend to argue that because the NFL
lawfully shared pricing responsibility for nflsundayticket.TV (".TV") with DirecTV,
the NFL must also have conspired to set prices for the separate satellite version of
Sunday Ticket at issue. *See* ECF No. 1212-1, Pls.' Mem. Opp. Defs.' Mot. *in Limine*
No. 4 ("Opp.") at 2–3. That prejudicial argument has no place at trial, for reasons that
Plaintiffs cannot dispute:

- Plaintiffs expressly excluded .TV subscribers from their class definition;
- Plaintiffs' experts do not analyze .TV or offer any opinions about it, let alone that it is probative of a conspiracy or anticompetitive effects;
- A separate arrangement, *not challenged in the Complaint*, governs the pricing for .TV; and
- The NFL's greater role in .TV pricing is lawful.

Despite having years of discovery, it is not surprising that Plaintiffs are disappointed with the lack of evidence that the NFL conspired to set the price of Sunday Ticket. But that does not justify allowing them to substitute prejudicial and off-point evidence that would create an unnecessary and wasteful sideshow at trial.

*First*, Plaintiffs do not establish that evidence about .TV pricing has any legitimate probative value. As an initial matter, Plaintiffs excluded .TV customers from their class, explaining that those customers "are not DirecTV satellite subscribers." ECF No. 630-1, Mem. Supp. Pls.' Mot. Class Cert. at 1 n.1. Plaintiffs presumably gerrymandered their class in this manner for strategic reasons. As the Court knows, one of Plaintiffs' damages models rests on the premise that in the but-for world, out-of-market games would all move "to an OTA/Regular Pay TV format." ECF No. 962-4, Expert Report of Daniel A. Rascher, dated February 17, 2023 ("Rascher Rep.") ¶ 320. Such a shift would have *harmed* .TV subscribers, who in the but-for world would have needed to pay for far more expensive MVPD service, such as cable, to get access to the same games. Plaintiffs should not get to have their cake

1

Case No. 2:15-ml-02668-PSG (SKx)     Defendants' Reply In Support Of Motion *In Limine* No. 4 To Exclude Reference To The Pricing Arrangements For NFLSundayTicket.TV

and eat it too. Having excluded .TV subscribers from the class, Plaintiffs should not be allowed to now introduce at trial prejudicial evidence relevant only to those abandoned subscribers.

Plaintiffs' argument that evidence of .TV pricing is somehow relevant to economic considerations such as "supply, demand, and pricing," Opp. at 2, changes nothing. Plaintiffs' primary evidence regarding those economic issues is the testimony of their expert witnesses. And *none* of Plaintiffs' experts even discusses the "supply, demand, and pricing" for the .TV product. Only one expert even mentions the .TV product at all, and although he offers hundreds of pages of analysis of the challenged agreements in this case, his discussion of .TV was limited to merely describing the product. ECF No. 962-4, Rascher Rep. ¶¶ 103, 123; *see also id.* ¶ 47, Ex. 1 (listing .TV prices on table summarizing available "Sunday Ticket Packages").[1]

*Second*, although Plaintiffs suggest that the distinct .TV pricing arrangement is actually one of the "interlocking agreements" they challenge, Opp. at 2, they included no allegations about that arrangement in their Complaint. They also have repeatedly defined what they assert is the challenged conduct, which has never included any discussion of the terms by which .TV was distributed. *See, e.g.*, ECF No. 962-4, Rascher Rep. ¶¶ 66–68 (specifying the aspects of the NFL-DirecTV relationship that are being challenged and not mentioning the .TV product); *see also id.* ¶ 380 (noting in passing that the .TV product might still exist in "no pooling" but-for world).

Nor is it correct that .TV's pricing

---

[1] The appellate cases that Plaintiffs cite do not suggest a different result; those cases concern the admissibility of evidence of criminal convictions and have no relevance here. *United States v. Andreas* addressed whether Federal Rule of Evidence 404(b) bars the introduction of evidence of a co-defendant's conviction in a separate conspiracy to fix prices on a related product as evidence that "covers acts that are . . . intricately interwoven with the facts of the charged crime." 216 F.3d 645, 664–65 (7th Cir. 2000). Similarly, in *In re High Fructose Corn Syrup Antitrust Litigation*, the court analyzed whether evidence of a criminal conviction for a price-fixing conspiracy was admissible to prove a separate price-fixing conspiracy on a related product in a civil action. 295 F.3d 651, 661–65 (7th Cir. 2002).

2

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 4 To Exclude Reference To The Pricing Arrangements For NFLSundayTicket.TV

1 ▮
2 ▮ Opp. at 1, ▮
3 ▮
4 ▮
5 ▮
6 ECF No. 1212-3, NFL_0000458 at 477–80. This motion concerns only the pricing
7 arrangements ▮
8 ▮
9 ▮ *See, e.g.*, Mot. at 1; Opp. at 1–3.

*Finally*, the risk of prejudice, confusion, and delay from evidence of .TV's pricing arrangement is significant. Plaintiffs' opposition reveals their desire to obscure the distinctions between Sunday Ticket and .TV to suggest that the NFL's involvement in pricing for the latter implies an unlawful conspiracy regarding the former. That is misleading in the extreme. There does not appear to be any serious dispute that .TV is a joint venture between DirecTV and the NFL under which the NFL would be expected to have input on prices. *See, e.g.*, *Texaco Inc. v. Dagher*, 547 U.S. 1, 7 (2006) ("[A] joint venture, like any other firm, must have the discretion to determine the prices of the products that it sells[.]").

To counter the implication that involvement with .TV pricing means the NFL was also involved in Sunday Ticket pricing, the NFL Defendants would need to introduce evidence of ▮, as well as the distinct histories of the products' pricing arrangements. Defendants also would need to explain why the NFL's role in .TV pricing was lawful—a complicated matter to translate to a jury given the legal contours. Moreover, Defendants would likely be entitled to a jury instruction clarifying how antitrust law applies to the .TV joint venture, further complicating the instructions necessary in this case.

In sum, because .TV pricing is independent of Sunday Ticket pricing and governed by different legal rules applicable to a different distribution structure, there



3

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 4 To Exclude Reference To The Pricing Arrangements For NFLSundayTicket.TV

is no potential that any legitimate probative value of evidence of .TV pricing could justify the considerable trial time it would take to counter Plaintiffs' false narrative that the products and their pricing arrangements are identical. Far from seeking to "atomize" the NFL-DirecTV agreement, Opp. at 1, the NFL Defendants contend that excluding evidence or argument about .TV's pricing arrangement would permit the jury to focus on the agreements actually at issue in this case.

4

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 4 To Exclude Reference To The Pricing Arrangements For NFLSundayTicket.TV

| | | |
|---|---|---|
| Dated: February 9, 2024 | | Respectfully submitted, |

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

5

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 4 To Exclude Reference To The Pricing Arrangements For NFLSundayTicket.TV