Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668−PSG (SKx) |
| | **DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 4 TO EXCLUDE REFERENCE TO THE PRICING ARRANGEMENTS FOR NFLSUNDAYTICKET.TV** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |
| | Judge: Hon. Philip S. Gutierrez |
| | Date: May 17, 2024 |
| | Time: 2:30 p.m. |
| | Courtroom: First Street Courthouse |
| | 350 West 1st Street |
| | Courtroom 6A |
| | Los Angeles, CA 90012 |

Plaintiffs' response to NFL Defendants' Motion *in Limine* No. 4, ECF No. 1116-1 ("Mot."), confirms that they intend to argue that because the NFL lawfully shared pricing responsibility for nflsundayticket.TV (".TV") with DirecTV, the NFL must also have conspired to set prices for the separate satellite version of Sunday Ticket at issue. *See* ECF No. 1212-1, Pls.' Mem. Opp. Defs.' Mot. *in Limine* No. 4 ("Opp.") at 2–3. That prejudicial argument has no place at trial, for reasons that Plaintiffs cannot dispute:

- Plaintiffs expressly excluded .TV subscribers from their class definition;
- Plaintiffs' experts do not analyze .TV or offer any opinions about it, let alone that it is probative of a conspiracy or anticompetitive effects;
- A separate arrangement, *not challenged in the Complaint*, governs the pricing for .TV; and
- The NFL's greater role in .TV pricing is lawful.

Despite having years of discovery, it is not surprising that Plaintiffs are disappointed with the lack of evidence that the NFL conspired to set the price of Sunday Ticket. But that does not justify allowing them to substitute prejudicial and off-point evidence that would create an unnecessary and wasteful sideshow at trial.

*First*, Plaintiffs do not establish that evidence about .TV pricing has any legitimate probative value. As an initial matter, Plaintiffs excluded .TV customers from their class, explaining that those customers "are not DirecTV satellite subscribers." ECF No. 630-1, Mem. Supp. Pls.' Mot. Class Cert. at 1 n.1. Plaintiffs presumably gerrymandered their class in this manner for strategic reasons. As the Court knows, one of Plaintiffs' damages models rests on the premise that in the but-for world, out-of-market games would all move "to an OTA/Regular Pay TV format." ECF No. 962-4, Expert Report of Daniel A. Rascher, dated February 17, 2023 ("Rascher Rep.") ¶ 320. Such a shift would have *harmed* .TV subscribers, who in the but-for world would have needed to pay for far more expensive MVPD service, such as cable, to get access to the same games. Plaintiffs should not get to have their cake

1

1    and eat it too. Having excluded .TV subscribers from the class, Plaintiffs should not

2    be allowed to now introduce at trial prejudicial evidence relevant only to those

3    abandoned subscribers.

4          Plaintiffs' argument that evidence of .TV pricing is somehow relevant to

5    economic considerations such as "supply, demand, and pricing," Opp. at 2, changes

6    nothing. Plaintiffs' primary evidence regarding those economic issues is the

7    testimony of their expert witnesses. And *none* of Plaintiffs' experts even discusses

8    the "supply, demand, and pricing" for the .TV product. Only one expert even

9    mentions the .TV product at all, and although he offers hundreds of pages of analysis

10   of the challenged agreements in this case, his discussion of .TV was limited to merely

11   describing the product. ECF No. 962-4, Rascher Rep. ¶¶ 103, 123; *see also id.* ¶ 47,

12   Ex. 1 (listing .TV prices on table summarizing available "Sunday Ticket Packages").[1]

13         *Second*, although Plaintiffs suggest that the distinct .TV pricing arrangement

14   is actually one of the "interlocking agreements" they challenge, Opp. at 2, they

15   included no allegations about that arrangement in their Complaint. They also have

16   repeatedly defined what they assert is the challenged conduct, which has never

17   included any discussion of the terms by which .TV was distributed. *See, e.g.*, ECF

18   No. 962-4, Rascher Rep. ¶¶ 66–68 (specifying the aspects of the NFL-DirecTV

19   relationship that are being challenged and not mentioning the .TV product); *see also*

20   *id.* ¶ 380 (noting in passing that the .TV product might still exist in "no pooling" but-

21   for world).

22         Nor is it correct that .TV's pricing ███████████████████

23   _____

[1] The appellate cases that Plaintiffs cite do not suggest a different result; those cases
24   concern the admissibility of evidence of criminal convictions and have no relevance
here. *United States v. Andreas* addressed whether Federal Rule of Evidence 404(b)
25   bars the introduction of evidence of a co-defendant's conviction in a separate
conspiracy to fix prices on a related product as evidence that "covers acts that are . . .
26   intricately interwoven with the facts of the charged crime." 216 F.3d 645, 664–65
(7th Cir. 2000). Similarly, in *In re High Fructose Corn Syrup Antitrust Litigation*,
27   the court analyzed whether evidence of a criminal conviction for a price-fixing
conspiracy was admissible to prove a separate price-fixing conspiracy on a related
28   product in a civil action. 295 F.3d 651, 661–65 (7th Cir. 2002).

Case No. 2:15-ml-02668-PSG (SKx)                  Defendants' Reply In Support Of Motion *In Limine* No. 4 To Exclude
                                                  Reference To The Pricing Arrangements For NFLSundayTicket.TV

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████ Opp. at 1, ████████

3 ████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ECF No. 1212-3, NFL_0000458 at 477–80. This motion concerns only the pricing

7 arrangements ██████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ██████ *See, e.g.*, Mot. at 1; Opp. at 1–3.

10 *Finally*, the risk of prejudice, confusion, and delay from evidence of .TV's

11 pricing arrangement is significant. Plaintiffs' opposition reveals their desire to

12 obscure the distinctions between Sunday Ticket and .TV to suggest that the NFL's

13 involvement in pricing for the latter implies an unlawful conspiracy regarding the

14 former. That is misleading in the extreme. There does not appear to be any serious

15 dispute that .TV is a joint venture between DirecTV and the NFL under which the

16 NFL would be expected to have input on prices. *See, e.g.*, *Texaco Inc. v. Dagher*, 547

17 U.S. 1, 7 (2006) ("[A] joint venture, like any other firm, must have the discretion to

18 determine the prices of the products that it sells[.]").

19 To counter the implication that involvement with .TV pricing means the NFL

20 was also involved in Sunday Ticket pricing, the NFL Defendants would need to

21 introduce evidence of ██████████████████████████████, as well as

22 the distinct histories of the products' pricing arrangements. Defendants also would

23 need to explain why the NFL's role in .TV pricing was lawful—a complicated matter

24 to translate to a jury given the legal contours. Moreover, Defendants would likely be

25 entitled to a jury instruction clarifying how antitrust law applies to the .TV joint

26 venture, further complicating the instructions necessary in this case.

27 In sum, because .TV pricing is independent of Sunday Ticket pricing and

28 governed by different legal rules applicable to a different distribution structure, there

3

1   is no potential that any legitimate probative value of evidence of .TV pricing could

2   justify the considerable trial time it would take to counter Plaintiffs' false narrative

3   that the products and their pricing arrangements are identical. Far from seeking to

4   "atomize" the NFL-DirecTV agreement, Opp. at 1, the NFL Defendants contend that

5   excluding evidence or argument about .TV's pricing arrangement would permit the

6   jury to focus on the agreements actually at issue in this case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

| | |
|---|---|
| 1 | Dated: February 9, 2024 |

Respectfully submitted,

/s/ *Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

5

**Defendants' Reply In Support Of Motion *In Limine* No. 4 To Exclude Reference To The Pricing Arrangements For NFLSundayTicket.TV**