Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN OPINIONS OF DANIEL A. RASCHER**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: May 17, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

The recently revised Rule 702 squarely places the burden on the proponent of expert testimony to prove that the expert's opinion "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Plaintiffs' opposition brief, ECF No. 1206-1, Pls.' Mem. Supp. Opp. Defs.' Motion *in Limine* No. 5 ("Opp."), fails to satisfy that newly emphasized burden as to Dr. Rascher's opinions regarding (i) the but-for world absent the challenged horizontal conduct, (ii) damages calculations, and (iii) the commercial class. These opinions accordingly should be excluded under Rules 103, 104, and 702.

**I.   Plaintiffs Have Not Satisfied Rule 702 With Respect To Dr. Rascher's Opinions Regarding The But-For World Absent The Challenged Horizontal Conduct.**

Defendants showed in their opening motion that Dr. Rascher's use of college football as the "yardstick" is not a reliable application of that methodology for three distinct and independently fatal reasons. Nothing in Plaintiffs' opposition brief overcomes this failure to meet their Rule 702 burden.

**A.   Dr. Rascher's yardstick does not address what would occur in a world absent joint telecast licensing.**

To be admissible, Dr. Rascher's yardstick must "compare[] the outcome of interest in the affected market"—where "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮", ECF No. 962-4, Expert Report of Daniel A. Rascher, dated February 17, 2023 ("Rep.") ¶ 54—"to the same outcome in an unaffected benchmark market." *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2023 WL 1813530, at *8, n.1 (C.D. Cal. Feb. 7, 2023). The NFL Defendants explained that Dr. Rascher's yardstick of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rep. ¶ 325 n.436, is not an "unaffected benchmark market" because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* ¶ 54.

1

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher

|   |   |
|---|---|
| 1 | Plaintiffs' response only reinforces that Dr. Rascher cannot identify a benchmark market in which the members of a sports league license telecasting rights separately. Plaintiffs note that there are some situations in which *non-league* college football games are not licensed by a league (in college, the conferences), citing the examples of independent football teams and inter-conference games. Opp. at 3–4. The licensing of non-league games, however, cannot be a valid benchmark for the licensing of NFL games for multiple reasons. |

First, as Dr. Rascher acknowledges, the output of a league like the NFL is a different product with different economics than the output of independently negotiated bilateral games. Professional sports leagues play critical roles in the creation of seasons of competition, and Dr. Rascher recognizes that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Rep. ¶ 37. How such one-off games are licensed is thus not a valid benchmark for how a season of league play would be licensed.

Second, reliance on the licensing of non-league games ignores a critical economic difference: A non-league game can be licensed without the participation or consent of any league. By contrast, as Dr. Rascher has conceded, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* ECF. No. 962-13, Rascher 6/28/23 Dep. Tr. 70:13–22; 180:2–7. As a result, situations in which non-league games are licensed without league involvement cannot be a benchmark for how league games would be licensed.

Plaintiffs also claim that "whether the teams or the conferences sell the rights is irrelevant," since Dr. Rascher asserts ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Opp. at 4. "The test for reliability, however, is not the correctness of the expert's conclusions but the

2

Case No. 2:15-ml-02668-PSG (SKx)         Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude
Certain Opinions Of Daniel A. Rascher

soundness of his methodology." *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, 2021 WL 7285995, at *3 (C.D. Cal. Nov. 16, 2021) (cleaned up).

For this reason, identifying a yardstick that "compares the outcome of interest in the affected market to the same outcome in an unaffected benchmark market" is absolutely necessary to the Rule 702 inquiry. *Sunday Ticket*, 2023 WL 1813530, at *8 n.1. Yet Dr. Rascher has not identified any such yardstick, as he has not identified *any* benchmark for how league sports competition is telecast in the absence of joint licensing. Rather, as Plaintiffs admit, their only purported benchmark involves contests that "are not 'league' games." Opp. at 3. Plaintiffs' claim that Dr. Rascher's yardstick should be admissible because they believe its results are plausible is simply not a valid defense of the admissibility of his testimony under Rule 702.

Without an appropriate benchmark market, Plaintiffs cannot satisfy the requirements of the revised Rule 702 to show that their expert has reliably applied the yardstick methodology to the facts of this case. *See Sunday Ticket*, 2023 WL 1813530, at *8 n.1; *In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001–02 (8th Cir. 2019) (even though "[expert's] qualifications were not questioned and benchmarking is a recognized tool for proving antitrust injury," district court did not abuse its discretion when it excluded expert testimony that "attempt[ed] to demonstrate a relationship between [the unaffected benchmark market] and [affected market]" and did not reliably apply the chosen benchmark to the facts of the case).

**B.   Dr. Rascher's but-for world assumes legally impermissible outcomes.**

Dr. Rascher presumes as part of his but-for worlds absent the challenged horizontal conduct that individual teams could act alone to license telecast rights, presenting—for example—but-for worlds in which ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ECF No. 962-4, Rep. ¶ 367; *see also, e.g., id.* ¶¶ 54, 112, 117, 273, 353, 370, 374–75; ECF No. 962-5, Expert Reply Report of Daniel A. Rascher, dated June 9, 2023 ("Reply Rep.") ¶¶ 46, 90, 92, 319, 321, 382, 392–95, 399. But

3

removing the challenged horizontal conduct does not mean that individual teams obtain *unilateral* rights to license telecasts. Instead, as both Plaintiffs and Dr. Rascher concede, the consent of at least two teams and the NFL is required to telecast any game. *See* ECF No. 1120-1, Defs.' Mot. *in Limine* No. 5 ("Mot.") at 5. Thus, as Defendants have explained, *see id*. at 4–6, allowing Dr. Rascher's testimony based on the presumption that teams could license telecasting rights unilaterally violates the rule that "a party is not entitled to present evidence on an erroneous or inapplicable legal theory to the jury." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1063 (9th Cir. 2008).

Plaintiffs' response proves the NFL Defendants' point. Plaintiffs assert that it is possible to license telecasts "through contract or consent," and cite examples such as college football, historical NFL practices, and preseason games, Opp. at 6–7, which exist only through such agreements. Indeed, Plaintiffs concede that the telecasts on which they rely as examples exist only by agreement among multiple parties because "all these other parties have certain intellectual property, such as team logos, that appears in each such broadcast." *Id.* This response confirms, rather than refutes, that *no* individual club can obtain the rights necessary to license a telecast unilaterally without an agreement between at least two teams and the NFL. *See* ECF No. 962-13, Rascher 6/28/23 Dep. Tr. 178:22–180:18.

Tellingly, Dr. Rascher has never identified how these necessary agreements would be reached, or how his but-for world would increase competition. For example, Plaintiffs complain that in the real world, the consent of the NFL is necessary to license telecasts because it is the sole licensor. But Dr. Rascher concedes that in the but-for world, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ECF No. 962-13, Rascher 6/28/23 Dep. Tr. 178:22–180:18. He never attempts to explain how these consents would be provided, or how more competition could arise from requiring consent from more licensors in the but-for world compared to fewer in the real world.

4

Case No. 2:15-ml-02668-PSG (SKx)       Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher

Instead, he simply assumes away this critical problem. Plaintiffs do not—and cannot—deny that Dr. Rascher presumes that in his but-for worlds ▌

▌

▌" Rep. ¶ 367. Because Plaintiffs admit that any telecast licensing arrangement in the but-for world would require an agreement between two or more entities, Dr. Rascher should not be permitted to testify based on his presumption to the contrary.

### C. Dr. Rascher failed to account for the protections afforded by the Sports Broadcasting Act when applying his methodology.

Plaintiffs' opposition also fails to demonstrate that Dr. Rascher's yardstick analysis accounts for the NFL's SBA-protected rights. *See In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d 966, 974–76 (C.D. Cal. 2012).

Plaintiffs do not dispute the conclusion—reached by two of their experts—that the NFL would ▌

▌. ECF No. 962-29, Expert Rebuttal Report of Einer Elhauge, dated June 9, 2023 ("Elhauge Rep.") ¶ 55; Reply Rep. ¶ 430 ▌

▌; *accord* ECF No. 962-13, Rascher 6/28/23 Dep. Tr. 84:16-85:1, 182:11–12. At minimum, these concessions should bar Dr. Rascher from offering any version of the but-for world in which the NFL does not enter into SBA-protected CBS and FOX agreements.

But these concessions also demonstrate that Plaintiffs cannot satisfy the requirements of the revised Rule 702 to demonstrate the reliability of Dr. Rascher's but-for world more generally. Dr. Rascher conceded that ▌

▌

▌ Rep. ¶ 306. Undisputedly, NFL football involves SBA-protected agreements, while college football does not. Yet Plaintiffs fail to identify any attempt by Dr. Rascher to incorporate such controls in comparing them.

5

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher

Instead, Plaintiffs cite only an unsupported assertion from Dr. Rascher that the different incentives that arise from the SBA's protection do not matter. Opp. at 8–9. That *ipse dixit* cannot satisfy Plaintiffs' burden to demonstrate admissibility. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Neither can Plaintiffs' assertion that Dr. Rascher considered the question "in [his] prior report," Opp. at 9 (quoting Reply Rep. ¶ 416), as that prior report mentions the SBA in only two paragraphs of the analytical sections of his report, and in neither case did Dr. Rascher attempt—as required for reliability—to control for the effect that statute would have on the NFL's but-for incentives. *See* Rep. ¶¶ 202, 286.

Ultimately, Plaintiffs admit that the SBA will have significant impacts on the NFL's incentives for licensing NFL telecasts in the but-for world. *See, e.g.*, Reply Rep. ¶ 430. They admit that those incentives do not apply to the college conferences at the heart of their yardstick approach. And they fail to identify any actual, economic analysis from Dr. Rascher that controls for this critical "███████████ ███████████████████████████████" Rep. ¶ 306. This failure leaves them unable to satisfy the requirements of the revised Rule 702, which places on them the burden to prove that Dr. Rascher reliably applied his methodology.

## II. Plaintiffs Have Not Satisfied Rule 702 With Respect To Dr. Rascher's Opinions Regarding Damages.

Plaintiffs' opposition fails to justify either of Dr. Rascher's damages calculations. Most egregiously, Plaintiffs' own authority confirms that it was inappropriate for Dr. Rascher to rely on Dr. Zona's calculations without independently verifying the reliability of those analyses. *See* Opp. at 10. In *ConAgra*, the court excluded an expert's asserted reliance on surveys conducted by others where "there [wa]s no indication in his declaration that he ha[d] independently tested or evaluated the results of the surveys." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 556 (C.D. Cal. 2014); *see also id.* (collecting authority); Mot. at 8 (citing additional authority).

6

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher

1    Plaintiffs assert, without evidence, that Dr. Rascher in fact "independently
2    reviewed Dr. Zona's method and conclusions." Opp. at 10. But in the sole paragraph
3    from his report that Plaintiffs rely on as proof, Dr. Rascher does not engage in any
4    "independent review." Instead, he simply repeats Dr. Zona's conclusions before
5    ███████████████████████████████████████████████. *See* Rep. ¶ 406 (cited
6    at Opp. at 10); *see also Victory Dollar Inc. v. Travelers Cas. Ins. Co. of Am.*, 2023
7    WL 9003011, at *4 (C.D. Cal. Dec. 7, 2023) (excluding expert who "offer[ed]
8    virtually no justification for the methodology he used to reach his alternative
9    calculation," recognizing that "[a] jury does not need help with simple mathematics
10   as to which there is no dispute." (citation and internal quotation marks omitted)). Dr.
11   Rascher's failure to independently analyze Dr. Zona's models leaves him unable to
12   testify reliably to damages calculations based on those models.

13   Moreover, Plaintiffs cannot deny that Dr. Rascher *did not* analyze Dr. Zona's
14   critical assumption that the NFL would rely on a fixed licensing fee—rather than a
15   per-subscriber fee—in the but-for world. Their brief footnote on this point does not
16   cite *any* analysis from Dr. Rascher on this issue. Opp. at 10 n.2. Nor do they offer
17   any justification for the fact that Dr. Rascher relied on Dr. Zona's results to calculate
18   damages for the No-Exclusivity But-For World, even though Dr. Zona testified that
19   he did not know whether his models were appropriate for that scenario. *See* ECF
20   No. 1153-7, Zona 6/23/23 Dep. Tr. 288:15–289:17. Thus, any of Dr. Rascher's
21   damages calculations that are based on Dr. Zona's models should be excluded.

22   **III.  Plaintiffs Have Not Satisfied Rule 702 With Respect To Dr. Rascher's Opinions On The Commercial Class.**
23

24   Dr. Rascher asserts ████████████████████████████
25   ██████████████████████████████████████████████████
26   ████ Opp. at 10–11 (citing Rep. ¶¶ 150–52; Reply Rep. ¶¶ 11, 265, 410.) None of
27   the paragraphs from Dr. Rascher's opening report discusses damages issues at all. Of
28   the three paragraphs cited in Dr. Rascher's reply report, one mentions in passing

7

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher

commercial customers' subscription options in the post-damages period, *see* Reply Rep. ¶ 265, and the other two contain conclusory statements that Dr. Rascher's damages analysis " ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" *id.* ¶ 410; *see also id.* ¶ 11 (similar statement from the report's introduction).

Dr. Rascher's conclusory assertion that his analysis should ▇▇▇▇▇▇▇▇▇▇" ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ contains none of the analysis that would be necessary to support a billion-dollar damages claim under the revisions to Rule 702. It does not address the distinctions raised by Defendants regarding the different costs associated with supplying Sunday Ticket to commercial establishments, the different reasons for purchasing the product, the different prices of the product, and the different pricing structure of the product. *See* Mot. at 9–10.

For example, Dr. Rascher's assumption that his analysis ▇▇▇▇▇▇▇▇▇▇ ignores the specific marketing support and free promotional materials that commercial subscribers—but not residential subscribers—obtained from DirecTV as a result of the incentives that DirecTV had to promote Sunday Ticket as the exclusive distributor of that product. *See* ECF No. 962-10, Expert Report of B. Douglas Bernheim ¶¶ 64, 541–44. Dr. Rascher makes no effort to analyze whether the same commercial support would have been available in the absence of the challenged conduct. Similarly, Dr. Rascher ignores the fact that commercial subscribers typically demand a bundle of all out-of-market telecasts, rather than single team-packages. *See id.* ¶ 564; *see also* ECF No. 1153-4, Rascher 10/3/22 Dep. Tr. 70:5–15. In the absence of any analysis of these important differences in the product demanded by commercial versus consumer subscribers, Plaintiffs cannot satisfy their burden under the revised Rule 702 to "demonstrate[] to the court" that Dr. Rascher's damages analysis "reflects a reliable application of the principles and methods to the facts of the case."

8

Case No. 2:15-ml-02668-PSG (SKx)     Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher

Plaintiffs cannot cite even a single case in which a court has permitted an expert to submit such a substantial damages claim to a jury supported by nothing more than conclusory assertions. This Court should not be the first.

9

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher

| | | |
|---|---|---|
| 1 | Dated: February 9, 2024 | Respectfully submitted, |
| 2 | | /s/ *Beth A. Wilkinson* |
| 3 | | Beth A. Wilkinson (admitted *pro hac vice*)<br>Rakesh N. Kilaru (admitted *pro hac vice*) |
| 4 | | Brian L. Stekloff (admitted *pro hac vice*)<br>Jeremy S. Barber (admitted *pro hac vice*) |
| 5 | | Max J. Warren (admitted *pro hac vice*) |
| 6 | | **WILKINSON STEKLOFF LLP**<br>2001 M Street NW, 10th Floor |
| 7 | | Washington, DC 20036<br>Telephone: (202) 847-4000 |
| 8 | | Facsimile: (202) 847-4005<br>bwilkinson@wilkinsonstekloff.com |
| 9 | | rkilaru@wilkinsonstekloff.com<br>bstekloff@wilkinsonstekloff.com |
| 10 | | jbarber@wilkinsonstekloff.com<br>mwarren@wilkinsonstekloff.com |
| 11 | | |
| 12 | | Neema T. Sahni (Bar No. 274240) |
| 13 | | **COVINGTON & BURLING LLP**<br>1999 Avenue of the Stars |
| 14 | | Suite 1500<br>Los Angeles, CA 90067-6045 |
| 15 | | Telephone: (424) 332-4800<br>Facsimile: (424) 332-4749 |
| 16 | | nsahni@cov.com |
| 17 | | |
| 18 | | Gregg H. Levy (admitted *pro hac vice*)<br>Derek Ludwin (admitted *pro hac vice*) |
| 19 | | John S. Playforth (admitted *pro hac vice*)<br>**COVINGTON & BURLING LLP** |
| 20 | | One CityCenter<br>850 Tenth Street NW |
| 21 | | Washington, DC 20001<br>Telephone: (202) 662-6000 |
| 22 | | Facsimile: (202) 662-6291<br>glevy@cov.com |
| 23 | | dludwin@cov.com<br>jplayforth@cov.com |
| 24 | | |
| 25 | | *Counsel for Defendants National Football League, NFL Enterprises LLC, and the* |
| 26 | | *Individual NFL Clubs* |
| 27 | | |
| 28 | | |

10

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 5 To Exclude Certain Opinions Of Daniel A. Rascher