Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for the NFL Defendants, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE CERTAIN OPINIONS OF J. DOUGLAS ZONA**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: May 17, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>            350 West 1st Street<br>            Courtroom 6A<br>            Los Angeles, CA 90012 |

None of Plaintiffs' attempts to defend the critical flaws in Dr. Zona's models has any merit. The fact that Dr. Zona did not address the problems Defendants raise, *see* ECF No. 1208-1, Pls.' Opp. Defs.' Mot. *in Limine* No. 6 ("Opp.") at 1, is precisely the point. Dr. Zona's failure to explain, let alone justify, key assumptions in his models compels exclusion of his testimony.

Attempting to remedy this failure, Plaintiffs offer facts and arguments that were not included in Dr. Zona's reports, but those *post hoc* justifications should be disregarded because they cannot demonstrate that Dr. Zona's work "reflects a reliable application of the principles" of economics "to the facts of the case." Fed. R. Civ. P. 702(d). While Plaintiffs fall back on the argument that these critiques go to the weight, not the admissibility, of Dr. Zona's opinions, that argument ignores that recent revisions to Rule 702 were specifically intended to remedy "incorrect" over-reliance on that principle. Fed. R. Evid. 702 Advisory Committee's Note to the 2023 amendment. Dr. Zona's opinions regarding his economic models should be excluded.

## I. Dr. Zona Impermissibly Assumes That The NFL Would Behave In An Economically Irrational Manner In The But-For World.

Plaintiffs fail to justify Dr. Zona's unfounded assumption that the NFL would act irrationally in the but-for world by maintaining a fixed-fee structure while licensing to multiple distributors. They do not dispute the core economic principle that while it can be rational to license content to an *exclusive* distributor using a fixed-fee approach, it is not rational to license content to *multiple* distributors using that approach. *See* ECF No. 1124-1, Defs.' Mot. *in Limine* No. 6 ("Mot.") at 3–5. Nor could they dispute it, as this principle is both established by the economic literature and confirmed by the real-world conduct of other licensors. *See Id.* at 3–4; ECF No. 1153-6, Expert Report of Ari Yurukoglu, dated April 28, 2023 ("Yurukoglu Rep.") ¶¶ 35–39.

As an initial matter, Plaintiffs cannot meet their burden to establish admissibility under Rule 702 because Dr. Zona failed to analyze the question at all.

1

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 6 To Exclude Certain Testimony From J. Douglas Zona

1  The revised Rule 702 requires Plaintiffs to prove that Dr. Zona's opinion that the
2  NFL would use a fixed-fee approach in the but-for world "reflects a reliable
3  application of the principles and methods [of economics] to the facts of the case."
4  Fed. R. Civ. P. 702(d). Notably, Plaintiffs' discussion of the fixed-fee issue does not
5  cite Dr. Zona's reports *at all*. *See* Opp. at 1–4. That is not surprising, because ▓
6  ▓
7  ▓. ECF
8  No. 1153-7, Zona 6/23/23 Dep. Tr. 357:8–17. Thus, even assuming a hypothetical
9  expert could have concluded that a fixed-fee approach was rational (and, as
10 demonstrated below, Plaintiffs offer no such credible argument), the record is clear
11 that *Dr. Zona did not*. This is fatal to Plaintiffs' attempt to meet their burden under
12 Rule 702 because, "in determining the reliability of proffered expert testimony, the
13 district court's task is to analyze not what the experts say, but what basis they have
14 for saying it." *Mission Viejo Florist, Inc. v. Orchard Supply Co., LLC*, 2019 WL
15 13045054, at *4 (C.D. Cal. Feb. 28, 2019) (cleaned up).
16        Plaintiffs cite ▓
17 ▓
18 ▓. Opp. at 3–4. Defendants agree. But the relevant point is that
19 the same incentives would not apply in the context of a multiple-distributor
20 relationship, Yurukoglu Rep. ¶ 41, and Plaintiffs notably offer no evidence of any
21 licensor using—or even considering—a fixed-fee approach in the context of a
22 multiple-distributor model.[1]
23        Finally, Plaintiffs' argument that Dr. Zona's fixed-fee assumption makes his
24 analysis "more precise" because it reflects the NFL's behavior in the actual world,

---

[1] Plaintiffs also suggest, incorrectly, that the NFL ▓
▓
▓. *See* ECF No. 962-4,
▓ 023 ("Rascher Rep.")
¶ 384.

2

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 6 To Exclude Certain Testimony From J. Douglas Zona

Opp. at 3, entirely misses the point. The "precision" required under binding Ninth Circuit precedent is not the incorporation of *all* current conditions into the but-for world, but rather, a careful evaluation of *which* real-world conditions would, and would not, persist in the but-for world, given the changes in economic incentives. *See In re HIV Antitrust Litig.*, 656 F. Supp. 3d 963, 1006 (N.D. Cal. 2023) ("Antitrust cases presume the existence of rational economic behavior in the hypothetical free market." (internal citation and quotation marks omitted)); *see also* Mot. at 2–3.

Dr. Zona's failure to consider the well-established economic incentives that would exist in a world with multiple licensees, and his decision to uncritically adopt a fixed-fee assumption that results in a high damages award, warrants exclusion.

## II. Dr. Zona's T&V Model Should Be Excluded Because It Fails To Model Demand For Sunday Ticket Reliably.

Plaintiffs also fail to plausibly defend Dr. Zona's use of a multinomial logit model to analyze viewer preferences within each DMA. Plaintiffs do not dispute that Dr. Zona's model of viewership has the "independent of irrelevant alternatives," or IIA, property, which has led another court in this Circuit to exclude a model under the (then-pending) revisions to Rule 702. *See* Opp. at 6. Plaintiffs agree that all viewers within a given DMA do *not* have the same substitution preferences, which violates a necessary precondition to relying on a model with the IIA property. *See id.* at 4–5. And they do not dispute that logit models that have the IIA property, but that are applied to populations with variable substitution preferences, must be excluded as unreliable. *See id.* at 6. Plaintiffs instead make two arguments for why Dr. Zona's model is not subject to exclusion under the above premises, but neither argument finds support in Dr. Zona's reports.

First, Plaintiffs assert that Dr. Zona used a "nested-logit model," rather than a regular "logit model," and that therefore, it does not display the relevant "type" of IIA property. Opp. at 6. This assertion is incorrect. Plaintiffs do not include any citations to either of Dr. Zona's reports that suggest that his model of viewership is a

3

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 6 To Exclude Certain Testimony From J. Douglas Zona

nested-logit model. On the contrary, his reports confirm that his model analyzing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ECF No. 962-35, Expert Report of J. Douglas Zona, dated February 17, 2023 ("Zona Rep.") ¶ 44.[2] A nested-logit model, by contrast, is a model that can be applied "where some consumers may prefer a group, or 'nest,' of choices to the other choices available to them." *United States v. Aetna Inc.*, 240 F. Supp. 3d 1, 33 (D.D.C. 2017) (internal quotation marks and citation omitted). Dr. Zona's viewership model does not employ this nested structure. Moreover, textbooks make clear that a "nested-logit model" must—among other requirements—contain a nesting parameter. *See* Pastan Decl. Ex. 1, Kenneth E. Train (2009), Discrete Choice Methods with Simulation, 2nd ed., Cambridge: Cambridge University Press, at 81–83; *see also, e.g., Aetna*, 240 F. Supp. 3d at 33 (reporting the nesting parameter used in a nested logit model). Dr. Zona's model has no such nesting parameter. *See* Zona Rep. ¶¶ 45–47 & Ex. 11.

Second, Plaintiffs assert that the model's IIA property is irrelevant because "the universe of alternative products to which any one customer can switch is limited to a select few football games." Opp. at 6. This assertion is not supported by any citation or analysis by Dr. Zona, *see id.*, and misunderstands the circumstances under which the IIA precondition is satisfied. The relevant question is not, as Plaintiffs suggest, whether the universe of alternatives consists of products that are intuitively similar, or limited in number. *See id.* Rather, the relevant question is whether substitution patterns are systematically different for individual members of the population being analyzed.[3] *In re Google Play Store Antitrust Litigation*, 2023 WL

---

[2] Paragraph 11 of Dr. Zona's reply report, w▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

[3] For the same reason, Plaintiffs' assertion that Dr. Zona's model is not designed to predict individual preferences, but instead does accurately predict the *proportion* of households within each DMA that would switch to watching any particular alternative game, Opp. at 4–5, is irrelevant. As both Judge Donato and Dr. Yurukoglu (continued…)

4

1  5532128, at *8 (N.D. Cal. Aug. 28, 2023) (explaining that some customers' specific preferences for single-shooter games within a broader app category were not accounted for in the logit model, and thus the model's imposition of the IIA property was not supportable). As in *Google Play*, Dr. Zona does not account for the fact that fans' preferences for individual teams are highly and systematically varied even within a DMA. Dr. Zona's logit model of viewership thus cannot reliably predict substitution patterns, which is a necessary component of Dr. Zona's overall modeling structure. The model accordingly must be excluded for the same reasons that the logit model in *Google Play* was excluded. *Id.* at 7–9.

### III. The Conjoint Model's Reduction Factors Should Be Excluded Because Their Use Of Real-World List Prices Is Indefensible Cherry-Picking.

Plaintiffs' defense of Dr. Zona's decision to use Sunday Ticket's list price, rather than its average purchase price, ▌ is equally unavailing. Plaintiffs do not dispute that Dr. Zona ▌. Opp. at 7. Their attempt to justify this nonsensical comparison boils down to semantic gamesmanship. They claim that $295 was "the approximate retail price at which the Sunday Ticket package was sold," Opp. at 7, but the relevant point is that this price does not reflect what the typical consumer *actually paid*, making it an unreliable and improper benchmark for damages. *See* Yurukoglu Rep. ¶ 16 n.27. Plaintiffs admit that ▌ Opp. at 7 (emphases omitted). That

---

explain, logit models simply do not produce reliable results if there are "systemic differences" in preferences among the individual members of the population being studied. Yurukoglu Rep. ¶ 70; *see also In re Google Play Store Antitrust Litigation*, 2023 WL 5532128, at *8 (N.D. Cal. Aug. 28, 2023) ("[T]astes that vary with unobserved variables or purely randomly cannot be handled. . . . [I]f taste variation is at least partly random, logit is a misspecification.") (internal citations and quotation marks omitted).

5

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 6 To Exclude Certain Testimony From J. Douglas Zona

| | |
|---|---|
| 1 | is the relevant comparator. |
| 2 | Plaintiffs also offer no explanation for why, if the ▮▮▮▮▮▮ were as |
| 3 | irrelevant as they now claim, *see* Opp. at 7–8, it was appropriate for Dr. Zona to use |
| 4 | it as the actual-world price in his T&V model. *See* Mot. at 9; Yurukoglu Rep. ¶ 81 & |
| 5 | Fig. 15. Dr. Zona's failure to use consistent assumptions for the same real-world |
| 6 | value of average pricing for NFL Sunday Ticket compels exclusion of his conjoint |
| 7 | model's results under Rule 702. |

6

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 6 To Exclude Certain Testimony From J. Douglas Zona

| | | |
|---|---|---|
| 1 | Dated: February 9, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ *Beth A. Wilkinson* |
| | | Beth A. Wilkinson (admitted *pro hac vice*) |
| 4 | | Rakesh N. Kilaru (admitted *pro hac vice*) |
| | | Brian L. Stekloff (admitted *pro hac vice*) |
| 5 | | Jeremy S. Barber (admitted *pro hac vice*) |
| | | Max J. Warren (admitted *pro hac vice*) |
| 6 | | **WILKINSON STEKLOFF LLP** |
| | | 2001 M Street NW, 10th Floor |
| 7 | | Washington, DC 20036 |
| | | Telephone: (202) 847-4000 |
| 8 | | Facsimile: (202) 847-4005 |
| | | bwilkinson@wilkinsonstekloff.com |
| 9 | | rkilaru@wilkinsonstekloff.com |
| 10 | | bstekloff@wilkinsonstekloff.com |
| | | jbarber@wilkinsonstekloff.com |
| 11 | | mwarren@wilkinsonstekloff.com |
| 12 | | |
| | | Neema T. Sahni (Bar No. 274240) |
| 13 | | **COVINGTON & BURLING LLP** |
| | | 1999 Avenue of the Stars |
| 14 | | Suite 1500 |
| | | Los Angeles, CA 90067-6045 |
| 15 | | Telephone: (424) 332-4800 |
| 16 | | Facsimile: (424) 332-4749 |
| | | nsahni@cov.com |
| 17 | | |
| 18 | | Gregg H. Levy (admitted *pro hac vice*) |
| | | Derek Ludwin (admitted *pro hac vice*) |
| 19 | | John S. Playforth (admitted *pro hac vice*) |
| | | **COVINGTON & BURLING LLP** |
| 20 | | One CityCenter |
| | | 850 Tenth Street NW |
| 21 | | Washington, DC 20001 |
| | | Telephone: (202) 662-6000 |
| 22 | | Facsimile: (202) 662-6291 |
| | | glevy@cov.com |
| 23 | | dludwin@cov.com |
| 24 | | jplayforth@cov.com |
| 25 | | |
| | | *Counsel for Defendants National Football* |
| 26 | | *League, NFL Enterprises LLC, and the* |
| | | *Individual NFL Clubs* |
| 27 | | |
| 28 | | |

7

Case No. 2:15-ml-02668-PSG (SKx) — Defendants' Reply In Support Of Motion *In Limine* No. 6 To Exclude Certain Testimony From J. Douglas Zona