Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 7 TO EXCLUDE CERTAIN TESTIMONY FROM EINER ELHAUGE**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: May 17, 2024<br>Time: 2:30 p.m.<br>Courtroom: First Street Courthouse<br>   350 West 1st Street<br>   Courtroom 6A<br>   Los Angeles, CA 90012 |

1   Plaintiffs admit the core basis for NFL Defendants' Motion *in Limine* No. 7, ECF No. 1128-1 ("Mot."), that Mr. Elhauge "may testify about economics *but not about law*." ECF No. 1178-1, Pls.' Mem. Opp. Defs.' Mot. *in Limine* No. 7 ("Opp.") at 4 (emphasis added). The Court accordingly should grant Defendants' motion to preclude Mr. Elhauge from offering legal testimony or opinions that would mislead the jury regarding the law.

The remainder of Plaintiffs' opposition disputes whether Mr. Elhauge is offering legal opinions, but their focus on whether certain of his opinions are reliable applications of *economic* principles misses the mark. Reliable or not, Mr. Elhauge's *legal* opinions are not admissible, including his assertions that ███████ ███████████████████████████████████████████████████████ that the SBA ████████████████████████████████████████ or that the ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████. ECF No. 962-29, Expert Rebuttal Report of Einer Elhauge, dated June 9, 2023 ("Elhauge Rep.") ¶¶ 16, 21, 26, 44. He also should not be permitted to offer the criticism that Dr. Bernheim has purportedly failed to ██████████████████████████ ████████████████████████████████████████████████████████████ *id.* ¶ 14, as the relevant legal standards include no such requirements.

## I. Plaintiffs Failed To Demonstrate That Mr. Elhauge's Testimony Will Not Include Improper Legal Opinions.

Plaintiffs concede that expert testimony that "discuss[es] the law and its application" is properly stricken under Rule 702 because such evidence is unhelpful to the jury. Opp. at 13 (quoting *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1056 (9th Cir. 2008)). They contend, however, that Mr. Elhauge offers only economic opinions. This motion does not challenge his economic analysis, but Plaintiffs fail to demonstrate that Mr. Elhauge's testimony will not invade the province of the trial court by attempting to explain the law to the jury.

1

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge

Plaintiffs first attempt to defend Mr. Elhauge's opinions about the "initial allocation of property rights to game broadcasts"—opinions that on their face address questions of law. While Plaintiffs claim that Mr. Elhauge "did not base his analysis on case law or other legal sources," Opp. at 5, his report tells a different story. There, Mr. Elhauge explains that his opinions regarding ▮▮▮▮▮▮ derive from ▮▮▮▮▮▮ ECF No. 962-29, Elhauge Rep. ¶ 20. That explanation forecloses any defense of Mr. Elhauge's testimony on this subject.

In contrast to Mr. Elhauge's *legal* opinion, Dr. Bernheim appropriately analyzed the *economic* question of ▮▮▮▮▮▮. ECF No. 962-10, Expert Report of B. Douglas Bernheim, dated April 28, 2023 ("Bernheim Rep.") ¶¶ 244–250. That is a natural topic for economic testimony, and it was inappropriate for Mr. Elhauge to respond to those economic opinions by asserting, incorrectly, that legal rules of property assignment preempt the question of how economic value is created. *See* ECF No. 962-29, Elhauge Rep. ¶¶ 20–22.[1]

Plaintiffs next assert that Mr. Elhauge "merely articulates his understanding of the SBA's scope," Opp. at 5, but his report also includes opinions purporting to apply that law to the facts of this case. After purporting to summarize ▮▮▮▮▮▮, ECF No. 962-29, Elhauge Rep. ¶ 21, Mr. Elhauge goes on to opine that ▮▮▮▮▮▮ *id.* It would be plainly inappropriate to permit a law professor to offer

---

[1] To the extent Plaintiffs' arguments can be interpreted as complaints that Dr. Bernheim purportedly offered improper legal opinions, *see, e.g.*, Opp. at 4, 8, any such complaint is not before the Court. Plaintiffs did not move to exclude any of Dr. Bernheim's opinions, and in any event an opposition to Defendants' motion *in limine* to exclude certain testimony by Mr. Elhauge is not the proper vehicle for such a challenge. That Defendants do not respond to these untimely critiques of Dr. Bernheim's opinions is not, and should not be construed as, an admission or concession that Plaintiffs are correct (and they are not).

2

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge

1  opinions regarding whether [REDACTED]
2  [REDACTED] as "instructing the jury as to the applicable law is the distinct
3  and exclusive province of the court." *See Hangarter v. Provident Life & Accident*
4  *Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation and quotation marks omitted).

Similarly, Plaintiffs' defense of Mr. Elhauge's opinions regarding [REDACTED]. While Mr. Elhauge purports to frame his analysis [REDACTED] he asserts that [REDACTED] and he ultimately opines that [REDACTED] ECF No. 962-29, Elhauge Rep. ¶ 24. These opinions again are indisputably legal in nature.

Mr. Elhauge also offers opinions regarding the but-for world that impermissibly rely on his views on the legal question of the scope of Plaintiffs' claims. First, he opines that revenue sharing should be removed from the but-for world because Plaintiffs have not [REDACTED] *Id.* ¶ 26. That opinion addresses the legal issue pending in Defendant's motion *in limine* No. 1 regarding the scope of Plaintiffs' claims, *see* ECF No. 1105-1, and Mr. Elhauge should not be permitted to offer legal opinions on the alleged scope of Plaintiffs' claims to the jury. Similarly, he asserts [REDACTED], ECF No. 962-29, Elhauge Rep. ¶ 44, even though Plaintiffs have never challenged the competitive effects of such clauses. That opinion likewise reflects an inappropriate attempt to rely on his status as a law professor to opine to the jury on the purported legal implications of his interpretation of the scope of Plaintiffs' claims.

Plaintiffs' remaining arguments fail to justify Mr. Elhauge's legal opinions. At points in his deposition, Mr. Elhauge certainly disclaimed an intent to opine on the law, *see* Opp. at 4 & n.2, but those stock answers do nothing to justify the instances

3

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge

in which Mr. Elhauge offered such legal opinions despite his self-serving proclamations that he was not doing so. Plaintiffs also insist that Mr. Elhauge's legal assertions merely respond to Dr. Bernheim. But absent special circumstances not applicable here (such as when the content of the law of a foreign country is at issue), testimony *about the law*—especially about a question of U.S. law on which the federal courts are the ultimate authority—is precluded. *See In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64–65 (S.D.N.Y. 2001) ("[E]very circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." (collecting cases)).

Finally, Plaintiffs imply—in a page-long footnote—that courts have permitted Mr. Elhauge to offer the type of legal opinions that he offers here. But to the contrary, courts have consistently *rejected* Mr. Elhauge's attempts to infect a jury with his legal opinions. In *United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA*, for example, the court excluded testimony by Mr. Elhauge that would "impinge[] on a determination left up to the jury." 296 F. Supp. 3d 1142, 1188 (N.D. Cal. 2017). The other courts to consider this issue have reached the same conclusion. *See Sitts v. Dairy Farmers of Am., Inc.*, 2020 WL 3467993, at *5 (D. Vt. June 24, 2020); *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 174 (S.D.N.Y. 2018) (excluding proffered testimony by Mr. Elhauge that would "improperly attempt to usurp the role of the jury" (citing *United Food*, 296 F. Supp. 3d at 1188)). And where courts have admitted Mr. Elhauge's testimony, it has been limited to "opinions based in economic knowledge and training." *In re Broiler Chicken Antitrust Litig.*, 2023 WL 4303476, at *8 (N.D. Ill. June 30, 2023) (admitting Elhauge's testimony where he was "careful not to make . . . legal conclusions").[2]

---

[2] Plaintiffs also fail to disclose that in some of the cases they cite in their Footnote 1, the court excluded portions of Mr. Elhauge's testimony as unreliable. *See, e.g., It's My Party, Inc. v. Live Nation, Inc.*, 88 F. Supp. 3d 475, 484–88 (D. Md. 2015); Ruling on Parties' Motions *in Limine* at 24, *Applied Med. Resources Corp. v. Ethicon Inc.*, (continued…)

4

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge

Consistent with prior rulings limiting Mr. Elhauge's testimony, this Court should "preclude [him] from offering his opinion regarding the law that governs this case and federal anti-trust law." *Pinal Greek Grp v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1046 (D. Ariz. 2005) (excluding Mr. Elhauge's testimony "based upon his interpretation of [case law] and the application of that interpretation to the facts of th[e] case").

## II. Mr. Elhauge's Interpretation Of The Rule of Reason Will Mislead The Jury.

Plaintiffs' defense of Mr. Elhauge's opinions about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ confirms what Defendants demonstrated in their opening motion: Mr. Elhauge intends to offer testimony that risks substantially misleading the jury as to how to apply the applicable law to the facts of the case. Mot. at 3–5. As Judge Selna has warned before about Mr. Elhauge's proffered testimony, "[i]t is not the role of an expert to rewrite the law," especially "in the context of treble damages," where the "adoption of [a] burden shifting rule on the pronouncement of an expert is particularly objectionable." Ruling on Parties' Motions *in Limine* at 24–25, *Applied Med.*, No. 03-1329, ECF No. 242 (excluding Mr. Elhauge's opinion that impermissibly shifted an antitrust plaintiff's burden to the defendant).

Consistent with Judge Selna's holding, Mr. Elhauge should not be permitted to critique Dr. Bernheim for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as Defendants bear no burden to do either. Although Mr. Elhauge does not use the word "burden," Plaintiffs admit that his critique of Dr. Bernheim is proffered to "help . . . the jury's fact-specific assessment of the restraints' effect on competition," Opp. at 14, and that critique rests on an erroneous formulation of the rule-of-reason's burden-shifting framework.

---

No. 03-1329 (C.D. Cal. July 11, 2006), ECF No. 242 (excluding Mr. Elhauge's testimony in part because his theory, which found "no support in the peer-reviewed literature," was not "consistent with the requirements of *Daubert*").

5

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge

1    Specifically, Mr. Elhauge's opinion that Dr. Bernheim's analysis ▮▮▮
2    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 962-29, Elhauge Rep. ¶ 61, explicitly suggests to
4    the jury that it is *Defendants'* burden to show that the challenged conduct ▮▮▮
5    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ rather than *Plaintiffs'* burden to show that
6    there *is* a "substantially less restrictive alternative" to achieve the proffered
7    procompetitive rationales, *see Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 990 (9th
8    Cir. 2023). Such testimony is properly excluded. *See* Ruling on Parties' Motions *in*
9    *Limine* at 25, *Applied Med.*, No. 03-1329, ECF No. 242.

10   Plaintiffs' recitation of the rule of reason framework confirms Mr. Elhauge's
11   error. *See* Opp. at 14. As Plaintiffs indicate, Defendants bear the burden only to
12   "show a procompetitive rationale." *Id.* (quoting *Epic Games*, 67 F.4th at 985–86).
13   Defendants' burden does not include any requirement to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14   ▮▮▮▮▮▮▮ or to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 962-29, Elhauge Rep. ¶ 51. Mr. Elhauge's critique
16   that Dr. Bernheim's analyses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.*, thus misstates the law.

18   Plaintiffs suggest that Defendants' burden to provide evidence sufficient to
19   *substantiate* its procompetitive rationale is tantamount to a burden to *quantify* that
20   rationale. But that is not so. Courts "must give wide berth to [defendants'] business
21   judgments," *Nat'l Collegiate Athletic Ass'n v. Alston*, 141 S. Ct. 2141, 2163 (2021),
22   because "antitrust law does not require businesses to use anything like the least
23   restrictive means of achieving legitimate business purposes," *id.* at 2161. As a result,
24   it is a *plaintiff's* burden to show that its proposed alternative means is "virtually as
25   effective in serving the defendant's procompetitive purposes without significantly
26   increased cost." *Epic Games*, 67 F.4th at 990 (cleaned up) (quoting *O'Bannon v.*
27   *Nat'l Collegiate Athletic Ass'n*, 802 F.3d 1049, 1074 (9th Cir. 2015) (quoting *Cnty.*
28   *of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1159 (9th Cir. 2001))). *Epic*

6

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge

1  *Games* likewise highlights that some procompetitive rationales, such as
2  compensation for intellectual property are "*presumptively* procompetitive," *see* 67
3  F.4th at 986 (emphasis added), and that even where there are "deficiencies" in a
4  defendant's proof of competitive benefits, it is still the plaintiff's burden "to fashion
5  a less-restrictive alternative calibrated to achieving that . . . goal," *id.* Ninth Circuit
6  precedent thus confirms that it is not enough for Plaintiffs (or their expert) merely to
7  state that Defendants' procompetitive rationale would not ███████████████
8  ███████ ECF No. 962-29, Elhauge Rep. ¶ 61. The burden instead is on "the plaintiff
9  to demonstrate that the procompetitive efficiencies could be reasonably achieved"
10 through a "'substantially less restrictive' alternative." *Epic Games*, 67 F.4th at 990
11 (citations omitted).

12       As a result, Mr. Elhauge's testimony that Dr. Bernheim ████████████
13 ████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████ ECF No. 962-29, Elhauge Rep.
16 ¶¶ 14, 51, contravenes the law. This testimony is therefore irrelevant, Fed. R. Evid.
17 401, unhelpful to the jury, *see Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL
18 2571332, at *7 (N.D. Cal. June 30, 2012), and likely to confuse the issues and mislead
19 the jury, *see* Fed. R. Evid. 403; *Yerkes v. Ohio State Highway Patrol*, 2023 WL
20 4633896, at *13 (S.D. Ohio July 20, 2023) (expert testimony that "flips th[e]
21 established burden of proof by [incorrectly] insinuating that [an opposing] expert has
22 an obligation . . . is unhelpful to the trier of fact" because it "is likely to confuse the
23 jury regarding the burden of proof"). It should be excluded.

7

Case No. 2:15-ml-02668-PSG (SKx)    Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge

| | | |
|---|---|---|
| 1 | Dated: February 9, 2024 | Respectfully submitted, |

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

8

Case No. 2:15-ml-02668-PSG (SKx)   Defendants' Reply In Support Of Motion *In Limine* No. 7 To Exclude Certain Testimony From Einer Elhauge