Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 4 PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>DATE: May 17, 2024<br>TIME: 2:30 p.m.<br>COURTROOM:<br>  First Street Courthouse<br>  350 West 1st Street<br>  Courtroom 6A<br>  Los Angeles, CA 90012 |

In a circumscribed Opposition ("Opp.") to Plaintiffs' fourth motion *in limine*, the NFL Defendants respond that Plaintiffs' motion is unopposed to the extent of certain "specific assertions"—*i.e.*, the NFL Defendants do not "intend" to "assert that the litigation is '*attorney-driven*'" and "that the mere passage of time *dictates* whether a given practice is anticompetitive." Opp. at 1 (emphasis added).

Other than those tailored concessions, the NFL Defendants argue that "[a]ny request for [] broader relief" should be denied, which would include arguments concerning Plaintiffs' "motivation for bringing this lawsuit." *Id.* And there lies the problem, for the Opposition makes clear that the NFL Defendants will try to introduce irrelevant and prejudicial "evidence" to confuse the jury's consideration of Plaintiffs' claims and injuries and the reasonableness of the NFL Defendants' conduct, in the guise of legally irrelevant arguments or insinuations about Plaintiffs' "motivation" for the lawsuit. *See id.* The Court should not allow such mischief, and thus should grant the exclusions Plaintiffs seek.[1]

## I. Class Representatives' Purchases of Sunday Ticket Are Not Evidence of Lack of Injury, Product Quality, or Reasonableness of the Restraints.

The NFL Defendants assert that "limitations on *arguments* should not bar underlying *evidence* where it is admissible for another purpose." Opp. at 1 (emphasis in original). That principle is uncontroversial, but it has no application here, where the NFL Defendants plainly seek to offer evidence for *improper* purposes for which it would be inadmissible under Fed. R. Evid. 402 and 403.

*First*, the NFL Defendants argue that whether Plaintiffs "continued subscribing to Sunday Ticket" after this litigation began is "relevant to the question

---

[1] The NFL Defendants also imply that Plaintiffs seek to use this motion *in limine* to restrict statute of limitations or laches defenses. Plaintiffs' motion does no such thing. However, Plaintiffs respond briefly below to the NFL Defendants' extraneous argument concerning such affirmative defenses.

of whether they were injured by Defendants' conduct." Opp. at 1-2. Plaintiffs, like the members of the certified classes of residential and commercial purchasers they represent, were injured by an *overcharge* they paid for a product that, by virtue of the conspirators' agreement, was available through one exclusive channel (DirecTV) in one format (the bundled package of all out-of-market Sunday NFL games) at supracompetitive prices. Plaintiffs' injury arises from their Sunday Ticket purchases for which there were no alternative or substitute products, all competition for access to out-of-market NFL game telecasts having been eliminated by agreement.[2]

On the basis of the NFL Defendants' deposition questioning, it is fair to surmise that they will seek to explore "evidence that [Plaintiffs] continued subscribing to Sunday Ticket even after becoming involved in this litigation and filing their complaints," Opp. at 2, in an attempt to raise back-door inferences with the jury that, for example, the Commercial Class Plaintiffs somehow "profited" from having subscribed to a supracompetitively priced Sunday Ticket, in the nature of increased customer traffic and sales, and the Residential Class Plaintiffs were happy with the product despite a high price. *See, e.g.,* Maida Decl. Ex. 1 (Mucky Duck Dep.) 33:6-35:22, 61:4-63:5; Maida Decl. Ex. 2 (Gael Pub Dep.) 77:14-81:21, 83:11-18; Maida Decl. Ex. 3 (Jonathan Frantz Dep.) 85:1-14. Antitrust law does not allow for discounting the harm caused by anticompetitive conduct or blaming the victim in this fashion. Any such purported "benefits" have no relevance to injury: whether class members were injured does not depend on evidence of consumer "satisfaction" or "netting" of any purported savings or benefits in an antitrust overcharge case. *See*

---

[2] In the case relied upon by the NFL Defendants for this point, *Staley v. Gilead Scis., Inc.*, No. 19-cv-02573, 2021 WL 4318404 (N.D. Cal. July 19, 2021), discovery was allowed into instances in which plaintiffs considered generic alternatives for allegedly price-fixed branded drugs. The issue in that case was whether the plaintiffs would choose to purchase the brand name prescription drug in favor of a lower-priced equivalent generic drug if given the choice. This issue of choice has nothing to do with the claims at issue in this case.

2

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 4
PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION

*In re Nexium Antitrust Litig.*, 777 F.3d 9, 27 (1st Cir. 2015) ("*In re Nexium*"); *Tawfilis v. Allergan, Inc.*, No. 8:15-cv-00307, 2017 WL 3084275, at *12 (C.D. Cal. June 26, 2017) (potential offsets do not affect fact of damage); *see also* ECF No. 1102-1, Plaintiffs' Memorandum in Support of Their Motion *In Limine* No. 2 to Exclude Improper Evidence and Argument Regarding the Relief Sought by Plaintiffs, at 5-7.

*Second*, the NFL Defendants assert that a Plaintiff's decision not to cancel, or to renew, a Sunday Ticket subscription "is relevant because it demonstrates Sunday Ticket's high consumer appeal." Opp. at 3. The NFL Defendants' argument is baseless. In fact, consumer demand for a Sunday Ticket product was exploited by the NFL Defendants in order to overcharge Plaintiffs and the members of the classes. Again, Plaintiffs had *no alternative* to the overpriced Sunday Ticket product. *See* ECF No. 1155, Order DENYING Defendants' motion for summary judgment at 10 (emphasizing that Sunday Ticket on DirecTV was the only option for consumers who wished to view out-of-market NFL game telecasts). In the absence of *any* substitute product, the comparative term "high" consumer appeal simply has no reference point as an argument. Additionally, while Plaintiffs' claims are representative of those of the certified classes, the NFL Defendants have proffered no basis on which to think that any of the four named Plaintiffs' personal, subjective views about the appeal of the product—even if they could be divined from the Hobson's choice of the sole purchase option here—reflect the views of other class members. Such an argument across the class should be based instead upon reliable expert analysis, quantitative methods, economics, testimony from qualified witnesses, and/or relevant business records. John M. Newman, *Procompetitive Justifications in Antitrust Law*, 94 Ind. L.J. 501, 502-30 (2019); *see also* ECF No. 1242, Reply Memorandum in Support of Plaintiffs' Motion *In Limine* No. 2 to Exclude Improper Evidence and Argument Regarding the Relief Sought by Plaintiffs, at 7-8.

3

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 4 PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION

Moreover, the NFL Defendants' argument that renewed subscriptions are "[e]vidence that the class representatives and other class members were satisfied with the product" which they content in turn "tends to show that the product was of a high quality" and that such "product quality is indisputably relevant in a rule of reason case", Opp. at 3, misses the mark. The NFL Defendants here rely upon *Epic Games v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023) ("*Epic Games*"), *cert. denied*, ___ S. Ct. ___, 2024 WL 156473 (S. Ct. Jan. 16, 2024). *Epic Games* properly articulates, however, that the rule of reason inquiry is not an abstract one as to the quality of the product, but rather examines whether the *challenged restraints* enhanced competition, which may thereby operate to enhance product quality. *Epic Games*, 67 F.4th at 987; *see also NCAA v. Bd. of Regents of the University of Oklahoma*, 468 U.S. 85, 104 (1984). Plaintiffs' subjective views or purchases of the product have zero tendency to prove that the *restraints* improved the quality of the product.

*Third*, the NFL Defendants argue that evidence of Plaintiffs' purchasing conduct "is relevant to whether Defendants' contracting strategy was reasonable." Opp. at 3. Here, the NFL Defendants expose their intention to argue that commercial customers "profit[ed] from their subscriptions to Sunday Ticket," *id.*, which is indisputably irrelevant to the fact of injury or damages, *see, e.g. In re Nexium*, 777 F.3d at 27, and would confuse and mislead the jury on injury and damages issues. *See* Fed. R. Evid. 402 & 403. Such prejudice cannot be overcome by the NFL Defendants' assertion that it somehow demonstrates "procompetitive benefits" including "increased or sustained product quality, increased product innovation, and maximization of fan reach and access." Opp. at 3.

The NFL Defendants' reliance on *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575 (N.D. Ill. 2005), an Illinois Consumer Fraud Act case, for the proposition that a class representative's continued purchase of the challenged product weakens its case, Opp. at 3, only underscores the fallacy of their argument. In *Oshana*, plaintiff continued to purchase fountain-dispensed Diet Coke after she knew it contained

4

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 4
PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION

saccharin (the fact about which she alleged she was deceived) instead of canned or bottled Diet Coke. Unsurprisingly, that fact, along with four other factors, "weakened" her case. Here, Plaintiffs allege they were overcharged, not that the product was misrepresented or they were defrauded, and there was no alternative product for them to purchase. Plaintiffs' continued purchases thus in no way weaken their case here: this is not a situation in which, for instance, Plaintiffs claim that they were defrauded into purchasing Sunday Ticket and they bought it anyway despite knowing it did not include the represented games.

## II. The NFL Defendants' Arguments Concerning the Statute of Limitations and Laches Are Misplaced and Erroneous.

The NFL Defendants state that they oppose Plaintiffs' motion to the extent that it seeks a summary adjudication on statute of limitations or laches defenses through the vehicle of a motion *in limine*. Opp. at 6-7. That is a straw man, as Plaintiffs neither made nor implied any such request. In response to the NFL Defendants' gratuitous argument (Opp. at 7 n.2), however, Plaintiffs briefly note that they seek damages for the full extent of the Class Period; that the continuing violations doctrine restarts the statute of limitations and applies to every new agreement between the NFL Defendants and the broadcast networks or DirecTV, as well as to every purchase of and payment for Sunday Ticket by class members within the Class Period, each of which constituted new and accumulating injury; and that the NFL Defendants' arguments to the contrary are incorrect. *See, e.g.*, *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014) (explaining the continuing violations doctrine).

\* \* \*

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion *in limine* and preclude the NFL Defendants from offering evidence and argument regarding how Plaintiffs became involved in this litigation and their motivation for bringing this lawsuit, Plaintiffs' relationship with their attorneys, and

any reference to the litigation as being "attorney-driven" or motivated by attorneys, including evidence and argument under the guise of "motivation" concerning Plaintiffs' views as to the quality of the product and their continued purchases; and that the Court also preclude evidence and argument that the passage of time during which the challenged conduct has been occurring dictates, implies, or permits an inference, without more, that the alleged restraints are legal.

Dated: February 9, 2024                     Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 4
PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION

33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE* NO. 4 PRECLUDING EVIDENCE AND ARGUMENTS REGARDING BACKGROUND OF THIS LITIGATION