# EXHIBIT 2

## to the

## Declaration of Ian Gore

Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
dludwin@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

[Additional Counsel Listed on Signature Pages]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668−PSG (JEMx) |
| | AMENDED RULE 26 INITIAL DISCLOSURE STATEMENT OF DEFENDANTS NATIONAL FOOTBALL LEAGUE, NFL ENTERPRISES LLC, AND THE INDIVIDUAL NFL CLUBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |
| | Judge: Hon. Philip S. Gutierrez |

1       Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1,

2 Defendants National Football League ("NFL"), NFL Enterprises LLC, and the 32

3 Individual NFL Clubs[1] (collectively "NFL Defendants"), through their undersigned

4 counsel, submit the following Amended Initial Disclosure Statement. This

5 Amended Initial Disclosure Statement is based on information presently known and

6 reasonably available to the NFL Defendants. The NFL Defendants reserve the right

7 to further amend or supplement these disclosures as their investigation of this

8 matter and discovery proceed.

9       By making the following disclosures, the NFL Defendants do not represent

10 that every individual or entity identified herein necessarily possesses information

11 that the NFL Defendants will use to support their defenses. Nor do the NFL

12 Defendants represent that they are identifying witnesses they may use to support

13 their defenses. The NFL Defendants reserve the right to call any witness, including

14 the right to identify expert witnesses, or present any exhibit or item at trial not listed

15 herein but determined through discovery, investigation, or otherwise to support

16 their defenses. These disclosures are also not an admission by the NFL Defendants

17 regarding any matter.

18

---

19 [1] The operative complaint lists 32 Individual NFL Clubs as Defendants in this
20 action, including the Arizona Cardinals, Inc., Atlanta Falcons Football Club LLC,
Baltimore Ravens Limited Partnership, Buffalo Bills, Inc., Panthers Football LLC,
21 Chicago Bears Football Club, Inc., Cincinnati Bengals, Inc., Cleveland Browns
LLC, Dallas Cowboys Football Club, Ltd., Denver Broncos Football Club, Detroit
22 Lions, Inc., Green Bay Packers, Inc., Houston NFL Holdings LP, Indianapolis
23 Colts, Inc., Jacksonville Jaguars Ltd., Kansas City Chiefs Football Club, Inc.,
Miami Dolphins, Ltd., Minnesota Vikings Football Club LLC, New England
24 Patriots, LP, New Orleans Saints LLC, New York Football Giants, Inc., New York
25 Jets Football Club, Inc., Oakland Raiders LP, Philadelphia Eagles Football Club,
Inc., Pittsburgh Steelers Sports, Inc., San Diego Chargers Football Co., San
26 Francisco Forty Niners Ltd., Football Northwest LLC, The Rams Football
27 Company LLC, Buccaneers Limited Partnership, Tennessee Football, Inc., and
Washington Football, Inc. (collectively "Individual NFL Club Defendants").
28 Consolidated Am. Compl. ¶¶ 29-33.

1

The NFL Defendants do not waive their right to object to discovery of any information based on the disclosures herein on the grounds of the attorney-client privilege, work-product privilege, or any other applicable privilege, immunity, law, or rule.  Nor do the NFL Defendants waive their right to assert any other objection authorized by the Federal Rules of Civil Procedure or any other applicable rule or law in response to interrogatories, requests for admission, requests for production of documents, questions at depositions, or any other discovery requests involving or relating to the subject matter of these disclosures.

Each and every disclosure herein is subject to the above qualifications and limitations.

## I.     Fed. R. Civ. P. 26(a)(1)(A)(i)

The NFL Defendants presently believe that the following individuals are likely to have discoverable information that the NFL Defendants may use to support their defenses in this action:

1.     Roxanne Austin

Former President & Chief Operating Officer, DIRECTV[2]

Address:       c/o DIRECTV's outside counsel in this litigation

Subjects:      Negotiations with the NFL Defendants on behalf of DIRECTV for the rights to distribute the Sunday Ticket package of NFL games and other NFL-related media content; structure and pricing of DIRECTV Sunday Ticket satellite and broadband subscription offerings; procompetitive benefits resulting from the Sunday Ticket product and DIRECTV's distribution arrangement with the NFL for the Sunday Ticket product; and other subject matters addressed by Plaintiffs' Consolidated Amended Complaint for

---

[2] As used herein, "DIRECTV" collectively refers to Defendants DIRECTV Holdings LLC and DIRECTV, LLC.

1            Damages and Declaratory and Injunctive Relief Pursuant to Sections 1

2            and 2 of the Sherman Act (the "Complaint").

3   2.     Neil Austrian

4            Former President & Chief Operating Officer, NFL

5            Address:     c/o NFL Defendants' undersigned counsel

6            Subjects:     Development decisions concerning the Sunday Ticket

7            product; the distribution model used for the Sunday Ticket product;

8            procompetitive benefits resulting from the Sunday Ticket product and

9            DIRECTV's distribution arrangement with the NFL for the Sunday

10           Ticket product; and other subject matters addressed by the Complaint.

11   3.     Steve Bornstein

12           Former Executive Vice President, Media, NFL, and Former President

13           & CEO, NFL Network

14           Address:     c/o NFL Defendants' undersigned counsel

15           Subjects:     Negotiations on behalf of the NFL Defendants for the

16           rights to distribute NFL games and other NFL-related media content;

17           economic modeling and analysis of distribution, through televised

18           broadcasts or otherwise, of NFL games and other NFL-related media

19           content; distribution decisions concerning NFL games and other NFL-

20           related media content, including through the Sunday Ticket package

21           with DIRECTV; procompetitive benefits resulting from the Sunday

22           Ticket product and DIRECTV's distribution arrangement with the

23           NFL for the Sunday Ticket product; and other subject matters

24           addressed by the Complaint.

25   4.     Chase Carey

26           Former Chairman & CEO, DIRECTV

27           Address:     c/o DIRECTV's outside counsel in this litigation

28           Subjects:     Negotiations with the NFL Defendants on behalf of

1  DIRECTV for the rights to distribute the Sunday Ticket package of
2  NFL games and other NFL-related media content; structure and
3  pricing of DIRECTV Sunday Ticket satellite and broadband
4  subscription offerings; procompetitive benefits resulting from the
5  Sunday Ticket product and DIRECTV's distribution arrangement with
6  the NFL for the Sunday Ticket product; and other subject matters
7  addressed by the Complaint.
8       5.    Derek Chang
9             Former Executive Vice President, Content Strategy & Development,
10            DIRECTV
11            Address:      c/o DIRECTV's outside counsel in this litigation
12            Subjects:     Negotiations with the NFL Defendants on behalf of
13            DIRECTV for the rights to distribute the Sunday Ticket package of
14            NFL games and other NFL-related media content; structure and
15            pricing of DIRECTV Sunday Ticket satellite and broadband
16            subscription offerings; procompetitive benefits resulting from the
17            Sunday Ticket product and DIRECTV's distribution arrangement with
18            the NFL for the Sunday Ticket product; and other subject matters
19            addressed by the Complaint.
20      6.    Jamie Dyckes
21            Assistant Vice President Sports & Premiums Marketing, Video
22            Subscriptions, AT&T
23            Address:      c/o DIRECTV's outside counsel in this litigation
24            Subjects:     Negotiations with the NFL Defendants on behalf of
25            DIRECTV for the rights to distribute the Sunday Ticket package of
26            NFL games and other NFL-related media content; structure and
27            pricing of DIRECTV Sunday Ticket satellite and broadband
28            subscription offerings; procompetitive benefits resulting from the

1    Sunday Ticket product and DIRECTV's distribution arrangement with
2    the NFL for the Sunday Ticket product; DIRECTV's investment in
3    marketing and promoting the Sunday Ticket product; and other subject
4    matters addressed by the Complaint.
5        7.    Roger Goodell
6              Commissioner, NFL
7              Address:      c/o NFL Defendants' undersigned counsel
8              Subjects:     Negotiations on behalf of the NFL Defendants for the
9    rights to distribute NFL games and other NFL-related media content;
10   relationship between the Individual NFL Club Defendants and the
11   NFL concerning distribution, through televised broadcasts or
12   otherwise, of NFL games and other NFL-related media content;
13   distribution decisions concerning NFL games and other NFL-related
14   media content, including through the Sunday Ticket package with
15   DIRECTV; procompetitive benefits resulting from the Sunday Ticket
16   product and DIRECTV's distribution arrangement with the NFL for
17   the Sunday Ticket product; and other subject matters addressed by the
18   Complaint.
19       8.    Frank Hawkins
20             Former Senior Vice President, Business Affairs, NFL
21             Address:      c/o NFL Defendants' undersigned counsel
22             Subjects:     Negotiations on behalf of the NFL Defendants for the
23   rights to distribute NFL games and other NFL-related media content;
24   economic modeling and analysis of distribution, through televised
25   broadcasts or otherwise, of NFL games and other NFL-related media
26   content; distribution decisions concerning NFL games and other NFL-
27   related media content, including through the Sunday Ticket package
28   with DIRECTV; procompetitive benefits resulting from the Sunday

1  Ticket product and DIRECTV's distribution arrangement with the
2  NFL for the Sunday Ticket product; and other subject matters
3  addressed by the Complaint.

4  9.    Michael Holinko
5         Named Plaintiff
6         Address:      c/o Plaintiffs' counsel
7         Subjects:     Defendants' purported anticompetitive conduct alleged in
8         the Complaint; the alleged harm caused by Defendants' purported
9         anticompetitive conduct; the terms and circumstances of his purchase
10        of the Sunday Ticket product; his use of the Sunday Ticket product;
11        and other subject matters addressed by the Complaint.

12  10.   Jerry Jones
13        Member, NFL Media Committee, and Owner, President & General
14        Manager, Dallas Cowboys Football Club, Ltd.
15        Address:      c/o NFL Defendants' undersigned counsel
16        Subjects:     Relationship between the Individual NFL Club
17        Defendants and the NFL concerning distribution, through televised
18        broadcasts or otherwise, of NFL games and other NFL-related media
19        content; negotiations on behalf of the NFL Defendants for the rights to
20        distribute NFL games and other NFL-related media content;
21        distribution decisions concerning NFL games and other NFL-related
22        media content, including through the Sunday Ticket package with
23        DIRECTV; procompetitive benefits resulting from the Sunday Ticket
24        product and DIRECTV's distribution arrangement with the NFL for
25        the Sunday Ticket product; and other subject matters addressed by the
26        Complaint.

27  11.   Alex Kaplan
28        Former Senior Vice President, Marketing, DIRECTV

| | | |
|---|---|---|
| 1 | | Address: c/o DIRECTV's undersigned counsel |
| 2 | | Subjects: Negotiations with the NFL Defendants on behalf of |
| 3 | | DIRECTV for the rights to distribute the Sunday Ticket package of |
| 4 | | NFL games and other NFL-related media content; procompetitive |
| 5 | | benefits resulting from the Sunday Ticket product and DIRECTV's |
| 6 | | distribution arrangement with the NFL for the Sunday Ticket product; |
| 7 | | DIRECTV's investment in marketing and promoting the Sunday |
| 8 | | Ticket product; and other subject matters addressed by the Complaint. |
| 9 | 12. | Robert Kraft |
| 10 | | Chairman, NFL Media Committee, and Chairman & Chief Executive |
| 11 | | Officer, New England Patriots, LLC |
| 12 | | Address: c/o NFL Defendants' undersigned counsel |
| 13 | | Subjects: Relationship between the Individual NFL Club |
| 14 | | Defendants and the NFL concerning distribution, through televised |
| 15 | | broadcasts or otherwise, of NFL games and other NFL-related media |
| 16 | | content; negotiations on behalf of the NFL Defendants for the rights to |
| 17 | | distribute NFL games and other NFL-related media content; |
| 18 | | distribution decisions concerning NFL games and other NFL-related |
| 19 | | media content, including through the Sunday Ticket package with |
| 20 | | DIRECTV; procompetitive benefits resulting from the Sunday Ticket |
| 21 | | product and DIRECTV's distribution arrangement with the NFL for |
| 22 | | the Sunday Ticket product; and other subject matters addressed by the |
| 23 | | Complaint. |
| 24 | 13. | Kevin LaForce |
| 25 | | Senior Vice President, Media Strategy and Business Development, |
| 26 | | NFL |
| 27 | | Address: c/o NFL Defendants' undersigned counsel |
| 28 | | Subjects: Negotiations on behalf of the NFL Defendants for the |

rights to distribute NFL games and other NFL-related media content;
economic modeling and analysis of distribution, through televised
broadcasts or otherwise, of NFL games and other NFL-related media
content; distribution decisions concerning NFL games and other NFL-
related media content, including through the Sunday Ticket package
with DIRECTV; procompetitive benefits resulting from the Sunday
Ticket product and DIRECTV's distribution arrangement with the
NFL for the Sunday Ticket product; competition faced by the NFL and
DIRECTV with respect to Sunday Ticket game broadcasts; and other
subject matters addressed by the Complaint.

14. Brent Lawton

Vice President, Media Strategy and Business Development, NFL

Address:    c/o NFL Defendants' undersigned counsel

Subjects:    Negotiations on behalf of the NFL Defendants for the
rights to distribute NFL games and other NFL-related media content;
economic modeling and analysis of distribution, through televised
broadcasts or otherwise, of NFL games and other NFL-related media
content; distribution decisions concerning NFL games and other NFL-
related media content, including through the Sunday Ticket package
with DIRECTV; procompetitive benefits resulting from the Sunday
Ticket product and DIRECTV's distribution arrangement with the
NFL for the Sunday Ticket product; the NFL's arrangements with
DIRECTV regarding the promotion of the Sunday Ticket product;
competition faced by the NFL and DIRECTV with respect to Sunday
Ticket game broadcasts; and other subject matters addressed by the
Complaint.

15. Robert Gary Lippincott, Jr.

Named Plaintiff

Address:     c/o Plaintiffs' counsel

Subjects:     Defendants' purported anticompetitive conduct alleged in the Complaint; the alleged harm caused by Defendants' purported anticompetitive conduct; the terms and circumstances of his purchase of the Sunday Ticket product; his use of the Sunday Ticket product; and other subject matters addressed by the Complaint.

16.    Brian Rolapp

Chief Media and Business Officer, NFL

Address:     c/o NFL Defendants' undersigned counsel

Subjects:     Negotiations on behalf of the NFL Defendants for the rights to distribute NFL games and other NFL-related media content; economic modeling and analysis of distribution, through televised broadcasts or otherwise, of NFL games and other NFL-related media content; distribution decisions concerning NFL games and other NFL-related media content, including through the Sunday Ticket package with DIRECTV; procompetitive benefits resulting from the Sunday Ticket product and DIRECTV's distribution arrangement with the NFL for the Sunday Ticket product; the NFL's arrangements with DIRECTV regarding the promotion of the Sunday Ticket product; competition faced by the NFL and DIRECTV with respect to Sunday Ticket game broadcasts; and other subject matters addressed by the Complaint.

17.    Hans Schroeder

Executive Vice President and Chief Operating Officer, NFL Media

Address:     c/o NFL Defendants' undersigned counsel

Subjects:     Negotiations on behalf of the NFL Defendants for the rights to distribute NFL games and other NFL-related media content; economic modeling and analysis of distribution, through televised

broadcasts or otherwise, of NFL games and other NFL-related media content; distribution decisions concerning NFL games and other NFL-related media content, including through the Sunday Ticket package with DIRECTV; procompetitive benefits resulting from the Sunday Ticket product and DIRECTV's distribution arrangement with the NFL for the Sunday Ticket product; the NFL's arrangements with DIRECTV regarding the promotion of the Sunday Ticket product; competition faced by the NFL and DIRECTV with respect to Sunday Ticket game broadcasts; and other subject matters addressed by the Complaint.

18. Tom Spock

Former Executive Vice President, New Media & Enterprises, NFL

Address:     c/o NFL Defendants' undersigned counsel

Subjects:     Negotiations on behalf of the NFL Defendants for the rights to distribute NFL games and other NFL-related media content; economic modeling and analysis of distribution, through televised broadcasts or otherwise, of NFL games and other NFL-related media content; distribution decisions concerning NFL games and other NFL-related media content, including through the Sunday Ticket package with DIRECTV; procompetitive benefits resulting from the Sunday Ticket product and DIRECTV's distribution arrangement with the NFL for the Sunday Ticket product; and other subject matters addressed by the Complaint.

19. Paul Tagliabue

Former Commissioner, NFL

Address:     c/o NFL Defendants' undersigned counsel

Subjects:     Development decisions concerning the Sunday Ticket product; the distribution model used for the Sunday Ticket product;

negotiations on behalf of the NFL Defendants for the rights to
distribute NFL games and other NFL-related media content;
relationship between the Individual NFL Club Defendants and the
NFL concerning distribution, through televised broadcasts or
otherwise, of NFL games and other NFL-related media content;
procompetitive benefits resulting from the Sunday Ticket product and
DIRECTV's distribution arrangement with the NFL for the Sunday
Ticket product; and other subject matters addressed by the Complaint.

20.  Robert Thun

Executive Vice President & Chief Content Officer, AT&T

Address:      c/o DIRECTV's outside counsel in this litigation

Subjects:      Negotiations with the NFL Defendants on behalf of
DIRECTV for the rights to distribute the Sunday Ticket package of
NFL games and other NFL-related media content; structure and
pricing of DIRECTV Sunday Ticket satellite and broadband
subscription offerings; procompetitive benefits resulting from the
Sunday Ticket product and DIRECTV's distribution arrangement with
the NFL for the Sunday Ticket product; and other subject matters
addressed by the Complaint.

21.  Michael White

Former Chairman & Chief Executive Officer, DIRECTV

Address:      c/o DIRECTV's outside counsel in this litigation

Subjects:      Negotiations with the NFL Defendants on behalf of
DIRECTV for the rights to distribute the Sunday Ticket package of
NFL games and other NFL-related media content; structure and
pricing of DIRECTV Sunday Ticket satellite and broadband
subscription offerings; procompetitive benefits resulting from the
Sunday Ticket product and DIRECTV's distribution arrangement with

1    the NFL for the Sunday Ticket product; and other subject matters
2    addressed by the Complaint.

3    22.   Daniel York
4          Former Chief Content Officer, DIRECTV
5          Address:      c/o DIRECTV's outside counsel in this litigation
6          Subjects:     Negotiations with the NFL Defendants on behalf of
7          DIRECTV for the rights to distribute the Sunday Ticket package of
8          NFL games and other NFL-related media content; structure and
9          pricing of DIRECTV Sunday Ticket satellite and broadband
10         subscription offerings; procompetitive benefits resulting from the
11         Sunday Ticket product and DIRECTV's distribution arrangement with
12         the NFL for the Sunday Ticket product; and other subject matters
13         addressed by the Complaint.

14   23.   Executives from CBS Sports who are responsible for managing and
15         implementing the network's arrangements with the NFL to broadcast
16         free over-the-air NFL games and other NFL-related media content.

17   24.   Executives from FOX Sports who are responsible for managing and
18         implementing the network's arrangements with the NFL to broadcast
19         free over-the-air NFL games and other NFL-related media content.

20   25.   Owners, operators, and/or employees of Plaintiff Ninth Inning, Inc.
21         dba The Mucky Duck with knowledge of the terms and circumstances
22         of that entity's purchase and use of the Sunday Ticket product; the
23         benefits enjoyed by that entity as a result of its subscription to the
24         Sunday Ticket product; and the alleged harm to that entity resulting
25         from Defendants' purported anticompetitive conduct.

26   26.   Owners, operators, and/or employees of Plaintiff 1465 Third Avenue
27         Restaurant Corp. dba Gael Pub with knowledge of the terms and
28         circumstances of that entity's purchase and use of the Sunday Ticket

product; the benefits enjoyed by that entity as a result of its
subscription to the Sunday Ticket product; and the alleged harm to that
entity resulting from Defendants' purported anticompetitive conduct.

27.    All witnesses named by the other parties to this action in their initial
disclosures or supplements thereto.

The NFL Defendants reserve the right to further amend this disclosure through their continuing investigation and discovery in this matter.

## II.    Fed. R. Civ. P. 26(a)(1)(A)(ii)

Plaintiffs' Complaint challenges the conduct of the NFL Defendants' business with no attempt to limit allegations to specific individuals, groups within the NFL Defendants, or specific acts of the NFL Defendants or individuals. Thus, it is impossible for the NFL Defendants to identify with specificity all documents, electronically stored information, and tangible things that the NFL Defendants may use to support their claims or defenses.

Subject to those limitations, the NFL Defendants presently believe, based on the allegations in the Complaint, that documents and electronically stored information in the NFL Defendants' possession, custody, or control that they may use to support their defenses in this action (other than solely for purposes of impeachment) are located in the files of the individuals listed in Section I above. In addition, the NFL Defendants presently believe that the following categories of documents and electronically stored information in the NFL Defendants' possession, custody, or control may be used to support their claims or defenses:

1.    Documents relating to the decision by the NFL Defendants or their
predecessors, subsidiaries, or agents to distribute the Sunday Ticket
product.

2.    Documents relating to agreements between the NFL Defendants or
their predecessors, subsidiaries, or agents, on the one hand, and
DIRECTV, on the other hand, concerning the distribution of NFL

games and other NFL-related media content.

3. Documents relating to agreements that concern the distribution of NFL games or other NFL-related media content between the NFL Defendants or their predecessors, subsidiaries, or agents, on the one hand, and other entities who televise NFL games or other NFL-related media content, on the other hand, including but not limited to CBS Broadcasting, Inc.; Fox Corporation; NBC Universal, Inc.; ESPN, Inc.; Amazon.com, Inc.; Twitter, Inc.; or their predecessors, subsidiaries, or agents.

4. Documents relating to modeling or analysis (economic, financial, or otherwise) used by the NFL Defendants in negotiating and/or evaluating various methods or agreements for the distribution of NFL games or other NFL-related media content.

5. Documents demonstrating the respective powers and responsibilities among the NFL, NFL Enterprises LLC, and the Individual NFL Clubs with respect to the distribution of NFL games or other NFL-related media content.

6. Documents demonstrating the interactions between and among the NFL, NFL Enterprises LLC, and the Individual NFL Clubs with respect to the distribution of NFL games or other NFL-related media content.

7. Documents relating to efforts by the NFL Defendants or their predecessors, subsidiaries, or agents to enhance consumer interest in NFL professional football.

8. Documents relating to data provided by DIRECTV to the NFL Defendants regarding subscribers to the Sunday Ticket package.

9. Documents relating to marketing and consumer research performed by the NFL Defendants or DIRECTV in connection with the distribution

1           of NFL games or other NFL-related media content.

10.    Documents relating to marketing initiatives by the NFL Defendants or DIRECTV in connection with the distribution of NFL games or other NFL-related media content.

11.    Documents demonstrating broadcast ratings and advertising revenue for televised NFL games or other NFL-related media content.

Additionally, there are documents, presumably in the possession of Plaintiffs and/or DIRECTV, that the NFL Defendants may use to support their claims or defenses to this lawsuit.  These documents include, but are not limited to:

1.    Customer Agreements between Plaintiffs and DIRECTV.

2.    Billing Statements received by Plaintiffs from DIRECTV.

3.    Documents concerning the Plaintiffs' use or enjoyment of the Sunday Ticket product, including but not limited to documents concerning the economic benefits that the commercial Plaintiffs have received from their subscriptions to the Sunday Ticket product.

4.    Documents and data relating to subscribers to the Sunday Ticket package.

5.    Answers to Interrogatories directed to Plaintiffs or DIRECTV.

6.    Responses to Requests for Admission directed to Plaintiffs or DIRECTV.

7.    Responses (including documents produced in response) to Requests for Production of Documents directed to Plaintiffs or DIRECTV.

8.    Documents referenced in Answers to Interrogatories, Responses to Requests for Admission, or Responses to Requests for Production of Documents directed to Plaintiffs or DIRECTV.

9.    Disclosure Statements made by Plaintiffs or DIRECTV pursuant to Federal Rule of Civil Procedure 26, including all supplements thereto.

10. Documents referenced in Disclosure Statements made by Plaintiffs or DIRECTV pursuant to Federal Rule of Civil Procedure 26, including all supplements thereto.

Nothing contained herein shall be deemed an admission by the NFL Defendants that the documents in any of the categories referenced in this section are admissible at the time of trial, and the NFL Defendants reserve all objections to the production, admission, use, and relevance of all such documents. The NFL Defendants reserve the right to use documents from any of the categories referenced in this section and other relevant documents as they become available to support their claims or defenses in this lawsuit. The NFL Defendants also reserve the right to further amend this disclosure as their investigation of this matter and discovery continue.

**III.   Fed. R. Civ. P. 26(a)(1)(A)(iii)**

The NFL Defendants deny any and all liability to Plaintiffs for monetary or other relief. The NFL Defendants do not presently seek monetary damages from Plaintiffs, but they reserve the right to seek an award, to the full extent permitted by law, of costs and attorneys' fees at the appropriate time.

**IV.   Fed. R. Civ. P. 26(a)(1)(A)(iv)**

The NFL Defendants state that during the alleged class period they held the following liability insurance policies under which an insurance business may be liable to satisfy all or part of any potential judgment in this action or to indemnify or reimburse for payments made to satisfy any potential judgment:

1. National Liability & Fire Insurance Co., Policy Number 43-PBL-150292-01; Policy Start Date on August 17, 2014 and End Date on August 31, 2015.

2. U.S. Specialty Insurance Company, Policy Number 14-MGY-14-A32689; Policy Start Date on August 17, 2014 and End Date on August 31, 2015.

3.      Freedom Specialty Insurance Company, Policy Number
        XMF1400791; Policy Start Date on August 17, 2014 and End Date on
        August 31, 2015.

4.      Starr Indemnity & Liability Company, Policy Number
        SISIXFL21128114; Policy Start Date on August 17, 2014 and End
        Date on August 31, 2015.

5.      Ironshore Indemnity Inc., Policy Number 001735001; Policy Start
        Date on August 17, 2014 and End Date on August 31, 2015.

6.      Everest National Insurance Company, Policy Number SC5ML00004-
        141; Policy Start Date on August 17, 2014 and End Date on August
        31, 2015.

The NFL Defendants will provide copies of the policies listed above to all parties in this matter upon entry of an appropriate protective order.

Nothing contained herein shall be deemed an admission of liability by the NFL Defendants, nor a representation that any of the insurance businesses listed above face liability in the present lawsuit.  The NFL Defendants reserve the right to further amend this disclosure as their investigation of this matter and discovery continue.

Dated: January 22, 2021

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

# CERTIFICATE OF SERVICE

I, Jeremy S. Barber, attorney at Wilkinson Stekloff LLP, hereby certify that, on January 22, 2021, I caused the foregoing NFL Defendants' Amended Rule 26 Initial Disclosure Statement to be served via email delivery on the following counsel:

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Howard I. Langer
LANGER, GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
hlanger@langergrogan.com

Scott Martin
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

*Co-Lead Plaintiffs' Counsel*

Michael E. Baumann (Bar No. 145830)
Melissa D. Ingalls (Bar No. 174861)
Robyn E. Bladow (Bar No. 205189)
Tammy A. Tsoumas (Bar No. 250487)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

michael.baumann@kirkland.com
melissa.ingalls@kirkland.com
robyn.bladow@kirkland.com
tammy.tsoumas@kirkland.com

*Counsel for Defendants DIRECTV, LLC
and DIRECTV Holdings LLC*

Executed on January 22, 2021.

By: */s/ Jeremy S. Barber*

Jeremy S. Barber