# EXHIBIT 24

# to the

# Declaration of Ian Gore

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL



2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
---
A LIMITED LIABILITY PARTNERSHIP

February 19, 2024

**VIA EMAIL**

Ian Gore
Susman Godfrey LLP
401 Union Street, Ste. 3000
Seattle, WA 98101
igore@susmangodfrey.com

Re:   *In re National Football League's Sunday Ticket Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Counsel:

The NFL Defendants write in response to your February 2, 2024 letter concerning the NFL Defendants' privilege logs.

*First*, Plaintiffs' assertions regarding Mr. Frank Hawkins are misguided.[1]  Mr. Hawkins was an active member of the District of Columbia Bar until March 29, 2010, well after he had left the NFL's employ.  And while Mr. Hawkins took inactive status in 2010, he remains in good standing with the District of Columbia Bar.  Furthermore, Mr. Hawkins's principal office when he started working for the NFL was in the District of Columbia and the NFL maintained an office in the District of Columbia at all times during Mr. Hawkins' tenure.  It is therefore of no moment that Mr. Hawkins was not barred in New York.  *See* ABA Model Rule Prof'l Conduct 5.5(d), Comment 16 (an in-house lawyer's "ability to represent the employer outside the jurisdiction in which the lawyer is licensed generally serves the interests of the employer and does not create an unreasonable risk to the client and others because the employer is well situated to assess the lawyer's qualifications and the quality of the lawyer's work.").

The fact that Mr. Hawkins performed legal work for the NFL is also not news to Plaintiffs.  Mr. Hawkins testified at his deposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Hawkins Depo. Tr. 17:8-11.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* 18:16-19. ▮▮▮▮▮

---

[1] The NFL Defendants note that they first served a privilege log in March 2022, followed by a supplemental log in June 2022.  Plaintiffs, however, waited years to raise any issues with those logs.  Furthermore, Plaintiffs deposed Mr. Hawkins in August 2022 and could have probed further into Mr. Hawkins' bar status or his work for the NFL at that time.



Therefore, Plaintiffs' assertion that Mr. Hawkins "does not appear to have acted in a legal capacity for the NFL" is counterfactual.

*Second*, following up on our meet-and-confer call on February 14, 2024, the NFL Defendants provide the following additional information about the following categories of documents in Plaintiffs' letter:

- **Prior Documents Identified by Plaintiffs:**
    - *Initial Log #82 and #1996:*
    - *Supplemental Log #115:*
    - *Supplemental Log #139:*
    - *Initial Log #604:*
    - *Supplemental Log #973:*
    - *Supplemental Log #463:*
    - *Supplemental Log #475:*
    - *Supplemental Log #554:*

███████████.

- o *Supplemental Log #585*: This document was previously produced at NFL_1232708.

- **Communications Including Third Parties**:

The NFL Defendants anticipate being able to downgrade and produce the following documents identified by Plaintiffs: Initial Log ## 306, 402, 680, 734, 983, 1113, 1166, 1191, 1430, 1781, 4781, and 5177 and Supplemental Log #192. ████████████████████████████.

*Finally*, the NFL Defendants are diligently reviewing all of the remaining documents that Plaintiffs identified in their February 2, 2024 letter. Based on a preliminary review, we anticipate being able to downgrade some of the documents from the NFL's privilege logs. However, given the fact that Plaintiffs' letter lists hundreds of documents, we need additional time to complete this review, confer with our client, and prepare a production. As discussed on our meet-and-confer call on February 14, the NFL Defendants are working to finalize this review and prepare any additional production and amended privilege logs by March 1, 2024.

Sincerely,

*Roxana Guidero*

_____

Roxana Guidero

cc: Counsel of Record