# EXHIBIT 3

# to the

# Declaration of Ian Gore

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## Susman Godfrey l.l.p.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 3000

401 UNION STREET

SEATTLE, WASHINGTON 98101-2683

(206) 516-3880

FAX (206) 516-3883

WWW.SUSMANGODFREY.COM

---

| Suite 5100 | Suite 1400 | 32nd Floor |
|---|---|---|
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1301 Avenue of the Americas |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | New York, New York 10019-6023 |
| (713) 651-9366 | (310) 789-3100 | (212) 336-8330 |

Ian M. Gore
Direct Dial (206) 505-3841

E-Mail IGore@susmangodfrey.com

February 2, 2024

VIA E-MAIL

Rakesh Kilaru
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036

Re:   *In re National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (SKx) (C.D. Cal.)

Dear Rakesh:

In the course of recent trial preparations, Plaintiffs have become aware of information leading to a reexamination of the role of Frank Hawkins during his tenure at the National Football League. It appears that the NFL has asserted privilege on hundreds of documents involving Mr. Hawkins, despite the fact that it is now clear that he served the NFL in a business role. Indeed, our investigation has revealed that Mr. Hawkins was never licensed as a member of the New York bar nor registered with the State of New York as an in-house counsel. Accordingly, Plaintiffs undertook a targeted review of documents on the NFL's privilege log prior to the former February 22, 2024 trial date, based on which we demanded the immediate production of certain documents..

In response, the NFL agreed to produce the majority of the documents demanded and revise their privilege logs. Additionally, the parties agreed to an expedited briefing schedule for documents, if any, that remained in dispute after examination of the revised logs.

As it turns out, all of the documents the NFL released from its log are plainly not privileged on their face. The documents include, among others, agreements between the NFL Defendants and correspondence about what was said during meetings with counterparties during key contractual negotiations. This raises

February 2, 2024
Page 2

serious concerns that the NFL has broadly asserted privilege in a haphazard and improper manner in this litigation.

Plaintiffs have therefore re-examined the revised logs in their entirety, and that re-examination has confirmed Plaintiffs' belief that the NFL has withheld numerous documents based on improper claims of privilege.

Defendants have a continuing obligation to supplement discovery responses, including privilege logs, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). "This duty obliges the entity responding to discovery to turn over improperly withheld materials without an additional request from the producing party." *Trilegiant Corp. v. Sitel Corp.*, 2012 WL 1883343, at *4 (S.D.N.Y. May 22, 2012). "The duty to supplement continues even after the discovery period has closed." *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 357-59 (W.D.N.Y. 2011) (finding a motion to compel "is not untimely because the duty to supplement continues even following the close of discovery").

Consistent with this obligation, Plaintiffs demand that the NFL promptly re-review all of the entries on its revised privilege logs listed below and in the attached appendix. These entries generally fall within three categories:

*First*, the NFL is withholding communications that involved an attorney (of some kind) but that do not appear to be for the purpose of giving legal advice. As you know, the involvement of an attorney in a communication at some point in time does not *a fortiori* make it privileged. "The possession of a law degree and admission to the bar is . . . not enough to establish a person as an attorney for purposes of determining whether the attorney-client privilege applies . . . The lawyer must not only be functioning as an advisor, but the advice given must be **predominantly** legal, as opposed to business, in nature." *Alliance Atlantis Releasing*, 2009 WL 10672591, at *2 (emphasis added and alterations changed); *see also In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."). Moreover, the mere fact that an attorney is one of several recipients is not sufficient to distinguish ordinary business communications from privileged communications. *See Applied Med. Res. Corp. v. Ethicon, Inc.*, 2005 WL 6567355, at *2 (C.D. Cal. May 23, 2005). The NFL is broadly asserting privilege over business communications, including those with Frank Hawkins who did not serve in a legal role at the NFL.

*Second*, hundreds of entries, especially on the supplemental log, are facially deficient as they fail to identify the attorney involved, the subject matter, the

February 2, 2024
Page 3

recipient or author, or any other information to assess the privilege claim. A party asserting privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

*Third*, the NFL asserts privilege over several communications in which an attorney *never appears* on the communication.

In addition to these general categories, please also note the following specific issues with the NFL's privilege logs outlined below:

### Prior Documents Identified by Plaintiffs

Plaintiffs previously identified several documents to the NFL that did not appear privileged. While the NFL produced many of the identified documents, it retained some of them and revised its privilege logs. In several cases, the revisions to the privilege log remain deficient or appear in some cases to be false.

- **Initial Log #82 & #1996**– The NFL's revised log represents that the memos attached to June 2004 email communications in these entries, which are titled " ▮▮▮▮▮▮ " and " ▮▮▮▮▮▮ ," ▮▮▮▮▮▮ in the first instance. Plaintiffs doubt the veracity of this representation for multiple reasons. *First*, there does not appear to be any other log entry showing ▮▮▮▮▮▮ . *Second*, the NFL has produced a draft memo dated earlier in the same month titled " ▮▮▮▮▮▮ " which addresses: ▮▮▮▮▮▮ —the very same issues the NFL's revised privilege log claims were at issue in Initial Log Entry Nos. 82 and 1996. We believe these entries are further revisions to ▮▮▮▮▮▮ .



- **Supplemental Log #115** – ▮▮▮▮▮▮ But simply marking a document privileged does not make it so. *See Lifewise Master Funding v. Telebank*, 206 F.R.D. 298, 301 (D. Utah 2002) ("[L]abeling a document as privileged does not meet the privilege claimants' burden of establishing the privilege claim."). As noted below, the only "attorney" apparently involved was Frank Hawkins, who does not appear to have acted in a legal capacity for the NFL.

February 2, 2024
Page 4

- **Supplemental Log #139** – The NFL's revised log adds that the document includes "▮▮▮▮▮▮▮▮▮▮▮▮" notes, but the log fails to identify the attorney supposedly involved.

- **Initial Log #604** – The revised log adds that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but again, how a document is marked does not bear on whether it was actually privileged. Moreover, the only attorney identified for the document is Frank Hawkins, who was not acting in a legal capacity for the NFL. In addition, the only correspondence regarding this document on the NFL's logs appears to be the original email from Neil Glat to Mr. Hawkins and others. The logs do not appear to show a response of any kind from the attorney identified—Mr. Hawkins—thereby casting further doubt that the communication was intended for seeking legal advice.

- **Supplemental Log #973** – The NFL's revised log notes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which marking does not alone make a document privileged. Moreover, the revised log states the document "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" without identifying what counsel or the subject of legal advice.

- **Supplemental Log #463** -- The NFL added that the document ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Such marking alone does not make it so. As noted below, the only attorney apparently involved was Frank Hawkins, who does not appear to have acted in a legal capacity for the NFL.

- **Supplemental Log #475 and #554** – Mr. Hawkins did not work for the NFL in a legal capacity.

- **Supplemental Log #585** – This document no longer appears on the NFL's supplemental privilege log and does not appear to have been produced.

**All Documents Where Privilege is Asserted on the Basis of Frank Hawkins**

Plaintiffs challenge the NFL's assertion of privilege for any document on the NFL's privilege logs that appears to be withheld solely on the basis of Mr. Hawkins's involvement.

The evidence indicates that Mr. Hawkins served in a business role at the NFL. Moreover, since he was never registered with the State of New York as an in-house counsel or barred in the State of New York, any claim of privilege would be on the basis of Mr. Hawkins's unauthorized practice of law while in New York working

February 2, 2024
Page 5

for the NFL. The documents being challenged on this basis are identified on **Attachment A** (Hawkins Entries) to this letter.

### All Documents Where Privilege is Asserted on the Basis of Neil Glat

Similarly, the NFL has asserted privilege (in a haphazard fashion) over documents associated with Neil Glat. Mr. Glat also appears to have only served in a business role at the NFL; he does not appear to have acted in a legal capacity during his tenure at the NFL. Not only did Mr. Glat not act in a legal capacity at the NFL, but the NFL's initial privilege log itself never identifies Mr. Glat as counsel for purposes of claiming privilege.

Nevertheless, entries on the NFL's supplemental privilege log claim privilege solely due to Mr. Glat's involvement. In addition to some entries on the supplemental log that are identified with Mr. Hawkins (and therefore already identified in Attachment A)[1], additional entries being challenged on this basis include the following form the NFL's supplemental privilege log: **249, 645, 997, 1069, 1370, 1668**. Not only does it not appear that Mr. Glat was not acting in a legal capacity, but the subject matter of these entries also appear inherently business in nature.

### Correspondence Without Attorneys and With Apparent Business Purpose

In several cases, the NFL's privilege logs contain entries where no attorney is present on the communication. In many cases, the attorney that supposedly creates the basis for asserting privilege is never identified. Moreover, in some cases, further searches for the same email string or attachment filename in the rest of the privilege logs does not show any attorney communication at all. The context of the communication also appears to be business in nature rather than for the purpose of seeking legal advice. Plaintiffs challenge the following entries on this basis:

- **Initial Log: 1, 8, 82, 83, 85, 182, 345, 561, 572, 676, 1135, 1214, 1230, 1492, 1642, 1836, 1846, 1864, 1996, 2113, 2179, 2319, 2369, 2380, 2435, 2476, 2669, 2695, 3131, 3223, 3265, 3474, 3551, 3731, 3815, 3968, 4239, 4240, 4303, 4392, 4452, 4520, 4669, 4704, 4823, 4834, 5102, 5164, 5213, 5330, 5353, and 5423**
- **Supplemental Log: 74, 81, 96, 101, 102, 120, 135, 239, 246, 353, 553, 564, 606, 646, 672, 688, 726, 928, 967, 984, 994, 1028, 1035, 1064, 1072, 1073,**

---

[1] Such entries include initial log 118, 604, 734, 1713, 1967, 2120, 2567, 3014, 3019, 3114, 3187, 3282, 3677, 3939, 3994, 4081, 4257, 4517, 4841, 4866, 5370; and supplemental log 285, 1207, 1319, 1483, and 1680.

February 2, 2024
Page 6

>       **1075, 1099, 1130, 1135, 1136, 1137, 1141, 1142, 1145, 1151, 1210, 1213, 1215, 1216, 1246, 1257, 1292, 1301, 1358, 1397, 1405, 1441, 1450, 1455, 1532, 1664, 1669, 1704, 1712, 1755, 1763, 1791, and 1826**

**Correspondence With Attorneys That Appear Inherently Business in Nature**

Some entries on the NFL's privilege logs include an attorney on them, but the context available on the privilege log shows that the purpose of the communication was inherently business in nature rather than for the purpose of seeking legal advice. In some cases, an attorney is only one of several recipients where the identified subject matter is business in nature. Others indicate somebody was emailing an attorney simply to get copies of executed agreements or other documents.

- **Initial Log: 314, 565, 586, 590, 594, 611, 635, 792, 831, 1058, 1090, 1153, 1294, 1309, 1385, 1449, 1711, 1795, 1887, 2003, 2152, 2171, 2173, 2174, 2180, 2190, 2426, 3501, 3656, 4031, 4126, 4157, 4289, 4465, 4512, 4539, 4572, 4582, 4625, 4646, 4653, 4675, 4766, 4802, 4927, 4939, 5070, 5174, 5278, 5292, 5298, 5443, and 5563**

- **Supplemental Log: 3, 6, 110, 940, 944, 958, 982, 988, 989, 1057, 1076, 1161, 1170, 1180, 1244, 1245, 1298, 1299, 1331, 1332, and 1442**

- Plaintiffs also incorporate all of the entries identified on Attachment A regarding Frank Hawkins and all of the entries discussed above regarding Neil Glat.

- The NFL has also improperly redacted documents with attorneys that are inherently business in nature, such as the pricing of Sunday Ticket. These include: **NFL_0999795, NFL_0998562, NFL_0989234, NFL_0869707, NFL_0885047, NFL_0903713**. This group of documents also includes one redacted for privilege despite no attorney being on the communication (**NFL_1048883**). These documents should be produced promptly without any redactions.

**Communications Including Third Parties**

Some entries on the NFL's privilege logs improperly assert privilege on communications that include third parties. *See, e.g., SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 3050777, at *4 (C.D. Cal. Feb. 18, 2020) (holding no privilege when the party "knew that the information would likely be conveyed to [a third party] and would not remain in confidence"); *Fourth Dimension Software*

February 2, 2024
Page 7

*v. Der Touristik Deutschland GMBh*, 2021 WL 4170693, at *3 (N.D. Cal. Sept. 14, 2021). Those include:

- **Initial Log:** 230, 306, 402[2], 680, 734, 983, 1113, 1166, 1191, 1430, 1781, 4781[3], 5177

- **Supplemental Log:** 192

<u>**Deficient Logging**</u>

Several entries on the NFL's privilege logs are deficient as they do not enable other parties to assess the privilege claim. *See* Fed. R. Civ. P. 26(b)(5). In many cases, the subject matter of the legal advice is not provided. Instead, an entry claims that a document is privileged because of legal advice rendered regarding the subject of the email or the attached filename. But the subject of the email or the filename is a vague term like "deck" with no other information provided.

The NFL's supplemental privilege log, in particular, is rife with documents that fail to include the information required by Fed. R. Civ. P. 26(b)(5). For example:



---

[2] Plaintiffs note that, at the time of this communication, it does not appear that Frank Hawkins worked for the NFL, let alone as an attorney. That is especially so given the email is sent to Hawkins at his Scalar Media address.

[3] This too appears to include Frank Hawkins after the conclusion of his time at the NFL and to have been sent from a personal Gmail address.

February 2, 2024
Page 8

These entries contain no date, no recipient information, no author information, and fail to identify the attorneys involved, let alone any other information to assess the claim of privilege. Others, such as entry #386, fail to provide the subject matter. These entries are not unique; there are several throughout the supplemental log that suffer from similar deficiencies.

Plaintiffs identify the following entries:

- **Initial Log: 2358, 2415, 2416, 2567, 3282, 4081, 5370**

- **Supplemental Log: See Attachment B**

**Other Issues with NFL Privilege Logs**

In addition to the issues discussed above, Plaintiffs raise the following:

- The NFL appears to be asserting privilege on correspondence about ▮▮▮▮▮▮▮▮▮▮ that does not appear to be related to any request for legal advice, solely on the basis that Art Rooney has a law degree. That does not make this correspondence privileged. (Initial Log: **1037**).

- In one document, there is no attorney present on the communication. While the subject line includes "Privileged and Confidential," no other document contained on the NFL's privilege logs show another message in that email chain, let alone one with an attorney's involvement. In addition, the description fails to identify the attorney involved or provide any other context for evaluating the claim of privilege. (Initial Log: **4344**)

- An entry claims privilege based on the involvement of an "H. Henderson" but that person does not appear on the NFL's counsel list. Nor have Plaintiffs been able to identify who this person may be through other sources. (Supplemental Log: **1643**)

- An entry claims privilege based on the involvement of an "A. Gold," but that person does not appear on the NFL's counsel list. Nor have Plaintiffs been able to identify who this person may be through other sources. (Supplemental Log: **1739**)

- An entry claims privilege based on the involvement of a "D. Mitchell," but that person does not appear on the NFL's counsel list. Nor have Plaintiffs

February 2, 2024
Page 9

been able to identify who this person may be through other sources. (Supplemental Log: **1808**)

Plaintiffs request a meet and confer to be held <u>on or before February 9, 2024</u>. Prior to the meet and confer, the NFL should provide a list of which of the above documents it will produce in full so that the conference can focus on what documents, if any, remain in dispute.

Should the NFL not agree to re-review its privilege logs and release non-privileged documents, Plaintiffs plan to promptly file a motion with the Court to compel the NFL to honor its ongoing obligations under Rule 26(e).

We look forward to hearing from you on these issues.


Regards,

*/s/ Ian M. Gore*

Ian M. Gore

## ATTACHMENT A: HAWKINS ENTRIES

### Initial Log

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 22 | 35 | 82 | 118 | 186 | 230 | 259 | 315 | 321 | 377 |
| 402 | 454 | 460 | 510 | 549 | 569 | 604 | 699 | 704 | 734 |
| 767 | 848 | 854 | 892 | 893 | 904 | 915 | 968 | 998 | 1026 |
| 1065 | 1141 | 1231 | 1372 | 1456 | 1525 | 1647 | 1713 | 1786 | 1825 |
| 1853 | 1857 | 1859 | 1870 | 1947 | 1960 | 1967 | 1991 | 1996 | 2075 |
| 2120 | 2146 | 2156 | 2268 | 2356 | 2358 | 2415 | 2423 | 2449 | 2456 |
| 2516 | 2519 | 2567 | 2625 | 2708 | 2741 | 2754 | 2814 | 2834 | 2857 |
| 2899 | 2911 | 2939 | 3014 | 3019 | 3037 | 3078 | 3084 | 3103 | 3114 |
| 3173 | 3183 | 3187 | 3282 | 3298 | 3303 | 3371 | 3477 | 3511 | 3554 |
| 3584 | 3602 | 3619 | 3624 | 3635 | 3653 | 3677 | 3699 | 3703 | 3708 |
| 3759 | 3805 | 3806 | 3807 | 3808 | 3809 | 3839 | 3874 | 3939 | 3968 |
| 3994 | 4041 | 4081 | 4117 | 4146 | 4217 | 4239 | 4257 | 4265 | 4314 |
| 4320 | 4441 | 4449 | 4517 | 4561 | 4585 | 4648 | 4663 | 4669 | 4757 |
| 4779 | 4781 | 4821 | 4824 | 4825 | 4833 | 4841 | 4866 | 4906 | 4911 |
| 4993 | 5058 | 5065 | 5068 | 5083 | 5107 | 5109 | 5158 | 5170 | 5242 |
| 5320 | 5321 | 5324 | 5440 | 5353 | 5358 | 5370 | 5501 | 5538 | |

### Supplemental Log

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 80 | 115 | 169 | 223 | 224 | 234 | 241 | 243 | 254 | 268 |
| 273 | 283 | 285 | 318 | 320 | 322 | 327 | 345 | 362 | 349 |
| 367 | 386 | 391 | 392 | 395 | 445 | 461 | 463 | 469 | 475 |
| 492 | 500 | 504 | 505 | 551 | 554 | 574 | 583 | 607 | 634 |
| 652 | 660 | 668 | 671 | 673 | 676 | 677 | 710 | 722 | 724 |
| 725 | 728 | 730 | 739 | 755 | 761 | 767 | 772 | 778 | 787 |
| 800 | 801 | 802 | 807 | 818 | 822 | 831 | 843 | 857 | 903 |
| 909 | 963 | 967 | 969 | 971 | 973 | 979 | 1024 | 1030 | 1041 |
| 1045 | 1050 | 1054 | 1055 | 1058 | 1059 | 1062 | 1068 | 1082 | 1084 |
| 1087 | 1103 | 1112 | 1114 | 1119 | 1120 | 1125 | 1157 | 1189 | 1193 |
| 1207 | 1238 | 1253 | 1254 | 1260 | 1261 | 1279 | 1302 | 1319 | 1337 |
| 1347 | 1366 | 1425 | 1444 | 1446 | 1456 | 1458 | 1482 | 1483 | 1484 |
| 1486 | 1492 | 1505 | 1511 | 1551 | 1586 | 1605 | 1615 | 1617 | 1618 |
| 1628 | 1631 | 1645 | 1676 | 1680 | 1705 | 1731 | 1738 | 1745 | 1767 |
| 1768 | 1775 | 1780 | 1784 | 1823 | 1840 | 1860 | 1870 | 1875 | 1876 |
| 1877 | 113 | | | | | | | | |

## ATTACHMENT B: DEFICIENT ENTRIES ON SUPPLEMENTAL LOG

| 2 | 7 | 8 | 15 | 28 | 35 | 45 | 50 | 53 | 56 |
|---|---|---|---|---|---|---|---|---|---|
| 71 | 73 | 76 | 83 | 93 | 104 | 106 | 112 | 119 | 125 |
| 126 | 130 | 139 | 140 | 141 | 147 | 148 | 149 | 150 | 151 |
| 152 | 153 | 154 | 160 | 161 | 166 | 170 | 172 | 173 | 183 |
| 188 | 199 | 200 | 206 | 208 | 209 | 217 | 221 | 270 | 283 |
| 300 | 318 | 320 | 322 | 324 | 335 | 338 | 345 | 349 | 350 |
| 362 | 366 | 367 | 373 | 382 | 386 | 391 | 392 | 395 | 415 |
| 416 | 445 | 460 | 461 | 463 | 469 | 488 | 492 | 500 | 504 |
| 505 | 519 | 523 | 535 | 541 | 552 | 553 | 554 | 568 | 583 |
| 634 | 652 | 665 | 666 | 668 | 671 | 673 | 676 | 677 | 681 |
| 695 | 706 | 710 | 714 | 722 | 724 | 725 | 728 | 730 | 738 |
| 739 | 744 | 745 | 755 | 767 | 773 | 775 | 778 | 783 | 785 |
| 787 | 791 | 798 | 800 | 801 | 802 | 807 | 814 | 822 | 826 |
| 830 | 831 | 837 | 843 | 845 | 857 | 859 | 868 | 870 | 878 |
| 879 | 892 | 895 | 900 | 903 | 909 | 912 | 917 | 926 | 927 |
| 963 | 969 | 971 | 973 | 977 | 979 | 987 | 993 | 1004 | 1011 |
| 1026 | 1027 | 1030 | 1041 | 1042 | 1045 | 1050 | 1052 | 1054 | 1058 |
| 1059 | 1062 | 1068 | 1081 | 1083 | 1084 | 1087 | 1093 | 1098 | 1104 |
| 1107 | 1109 | 1111 | 1114 | 1117 | 1119 | 1120 | 1125 | 1126 | 1131 |
| 1147 | 1154 | 1155 | 1157 | 1160 | 1162 | 1167 | 1175 | 1180 | 1189 |
| 1193 | 1194 | 1205 | 1235 | 1237 | 1238 | 1243 | 1253 | 1254 | 1256 |
| 1258 | 1271 | 1278 | 1279 | 1288 | 1302 | 1317 | 1337 | 1343 | 1344 |
| 1347 | 1356 | 1357 | 1359 | 1365 | 1366 | 1368 | 1402 | 1422 | 1425 |
| 1435 | 1443 | 1445 | 1453 | 1456 | 1458 | 1482 | 1484 | 1486 | 1492 |
| 1511 | 1536 | 1551 | 1574 | 1579 | 1580 | 1586 | 1598 | 1599 | 1601 |
| 1612 | 1613 | 1615 | 1617 | 1618 | 1621 | 1628 | 1640 | 1642 | 1643 |
| 1645 | 1647 | 1648 | 1655 | 1661 | 1668 | 1676 | 1705 | 1708 | 1714 |
| 1717 | 1731 | 1732 | 1738 | 1745 | 1767 | 1768 | 1774 | 1775 | 1784 |
| 1801 | 1823 | 1825 | 1840 | 1860 | 1870 | 1875 | 1877 | 343 | 346 |
| 557 | 587 | 618 | 619 | 779 | 819 | 829 | 893 | 904 | 937 |
| 995 | 1100 | 1121 | 1132 | 1166 | 1168 | 1243 | 1250 | 1273 | 1295 |
| 1321 | 1338 | 1341 | 1360 | 1391 | 1401 | 1428 | 1443 | 1595 | 1599 |
| 1648 | 1866 | | | | | | | | |