# EXHIBIT 2

To the Declaration of Jeremy S. Barber

## Susman Godfrey l.l.p.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3800 |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

Tyler Finn
Direct Dial (212) 729-2016

E-Mail TFinn@susmangodfrey.com

July 8, 2022

VIA E-MAIL

Max Warren
Wilkinson Stekloff
2001 M Street NW, 10th Floor
Washington, DC 20036

Re:   *In re National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Max:

Plaintiffs write regarding improper assertions of attorney-client privilege in the NFL's privilege log, which was served on June 21. Pursuant to Local Rule 37-1 of the U.S. District Court for the Central District of California, we request a meet and confer to discuss Plaintiffs' challenges to the entries in that log, which are detailed below. Plaintiffs propose conducting the meet and confer on July 14, 2022 at 11:00 a.m. ET. If that date and time does not work for you, please propose an alternative within the timeframe provided in Rule 37-1.

This letter follows Plaintiffs' Rule 37-1 letter of March 31 and subsequent meet-and-confers regarding similar deficiencies in the NFL's initial privilege log, which was served on March 2. Although the NFL has addressed a few of the previously identified issues—by identifying the individual attorneys listed on the privilege log and providing additional information about the senders and recipients of certain documents—the substantive deficiencies remain. In sum, the NFL's log improperly asserts attorney-client privilege over hundreds of documents that contain no communications with attorneys.

"The attorney-client privilege protects confidential *communications* between attorneys and clients, which are made *for the purpose of giving legal advice*." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (emphases added).

July 8, 2022
Page 2

As such, only communications made for the primary purpose of obtaining or providing legal advice are covered by the privilege. *Id.* at 1092. Because the attorney-client privilege "impedes full and free discovery of the truth," it is "strictly construed." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010).

In the Ninth Circuit, "[a]n eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (cleaned up) "The party asserting the privilege bears the burden of proving each essential element." *Id.* (cleaned up).

Applying these standards, the NFL fails to provide sufficient information to carry its burden of establishing attorney-client privilege over the following categories of documents contained in its privilege log:

1. Written communications that do not involve any attorneys but purportedly "request" or "reflect" legal advice;
2. Documents "created or revised by or at the direction of" unspecified attorneys "reflecting legal advice regarding the subject matter conveyed in the file name;"
3. Communications "providing information necessary to render legal advice" which do not involve attorneys;
4. Communications and documents between non-attorneys that were merely *circulated* to attorneys;
5. Documents which were evidently produced to third parties.

None of the above categories of documents is subject to the attorney-client privilege. This letter addresses each in turn.

July 8, 2022
Page 3

*Category 1: Written Communications Not Involving Any Attorneys*

The NFL erroneously claims attorney-client privilege over more than 300 written communications that do not involve any attorneys.[1] In a smaller subset of cases, the NFL asserts privilege over communications in which attorney involvement was tangential, i.e., where NFL employees merely copied or blind copied counsel on their correspondence. Neither of the NFL's justifications for claiming privilege over these communications—that they "reflect" or "request" legal advice regarding the subject matter conveyed in the email—withstands scrutiny.

First, communications between non-attorneys do not become privileged merely because they "reflect" legal advice that was previously provided to one of the parties to the communication. Even if the inclusion of previously obtained legal advice *did* cloak a communication in privilege (it doesn't), the NFL would still not carry its burden because none of these entries identify the attorney which provided said legal advice. The NFL cannot justify withholding documents by broadly asserting that the substance of the communication involved unspecified legal advice. In short, none of these documents are "confidential *communications* between attorneys and clients … made *for the purpose of giving legal advice*." *In re Grand Jury*, 23 F.4th at 1091.

Second, a communication between non-attorneys cannot, by definition, qualify as a *request* for legal advice from a "professional legal adviser." *Graf*, 610 F.3d at 1156. Again, communications between non-attorneys do not become privileged merely because they touch on legal topics. Because the NFL's log

---

[1] This category encompasses the following entries on the NFL's Privilege Log: 3. 6. 9, 16, 31, 46, 57, 58, 60, 74, 75, 77, 81, 94. 96, 101, 102, 105, 107, 108, 111, 114, 120, 131, 135, 137, 144, 164, 165, 167, 177, 178, 186, 192, 202, 203, 207, 218, 227, 233, 235, 247, 239, 242, 244, 246, 247, 258, 259, 260, 263, 268, 272, 279, 287, 313, 317, 323, 330, 348, 353. 371, 388, 397, 399, 417, 418, 423, 432, 433, 464, 465, 511, 530, 564, 565, 566, 567, 569, 572, 577, 578, 582, 584, 588, 594, 605, 606, 608, 609, 615, 633, 646, 647, 650, 651, 661, 669, 672, 679, 686, 688, 691, 697, 700, 711, 726, 735, 749, 751, 753, 756, 757, 762, 766, 769, 777, 780, 796, 811, 823, 825, 839, 846, 848, 849, 856, 871, 883, 897, 898, 910, 911, 916. 920, 923, 928, 931, 932, 939, 940, 942, 943, 944, 958, 959, 964, 970, 972, 975, 984, 986, 987, 994, 996, 1006, 1019, 1021, 1023, 1025, 1028, 1032, 1036, 1039, 1040, 1047, 1053, 1057, 1063, 1064, 1081, 1086, 1099, 1108, 1130, 1133, 1145, 1151, 1161, 1172, 1176, 1182, 1192, 1202, 1206, 1210, 1213, 1218, 1236, 1246, 1247, 1255, 1257, 1262, 1269, 1290, 1300, 1306, 1312, 1328, 1329, 1339, 1346, 1358, 1359, 1369, 1373, 1375, 1383, 1384, 1385, 1397, 1404, 1416, 1418, 1423, 1424, 1426, 1432, 1439, 1441, 1448, 1449, 1450, 1452, 1455, 1457, 1461, 1467, 1481, 1487, 1504, 1505, 1509, 1523, 1532, 1534, 1537, 1538, 1542, 1543, 1555, 1556, 1558, 1560, 1564, 1582, 1594, 1600, 1609, 1614, 1620, 1629, 1637, 1639, 1641, 1649, 1659, 1660, 1664, 1665, 1670, 1677, 1685, 1687, 1688, 1704, 1706, 1712, 1713, 1720, 1721, 1727, 1737, 1742, 1754. 1755, 1759, 1762, 1764, 1765, 1774, 1776, 1779, 1791, 1792, 1793, 1795, 1796, 1797, 1799, 1803, 1804, 1805, 1809, 1820, 1824, 1826, 1827, 1828, 1830. 1845, 1850, 1862, 1863, 1871, and 1882.

July 8, 2022
Page 4

provides no evidence that the communications were sent for the purpose of seeking legal advice from a professional legal advisor, the NFL has failed to satisfy the first two prerequisites for invoking the attorney-client privilege. All of the above-identified email communications must be produced.

### Category 2: Documents That "Reflect" Legal Advice

The NFL similarly asserts attorney-client privilege over numerous documents that purportedly "reflect" legal advice provided by an unidentified attorney, on the basis that these documents were created or revised by or at the direction of some attorney.[2] Very few of these entries identify the attorney who supposedly provided the legal advice. The assertion of privilege over these documents is improper.

Invoking attorney-client privilege over any document that reflects or incorporates legal advice would expand the scope of the privilege beyond recognition. And that expansion would violate the Ninth Circuit's admonition that the privilege be strictly construed. The attorney-client privilege protects only communications. *Graf*, 610 F.3d at 1156. None of the documents in this category, which encompass drafts of contracts (Entry 8), term sheets (Entry 26), and agendas (Entry 106), can reasonably be categorized as communications. Privilege does not automatically attach to documents that were revised by an attorney, let alone to documents that were revised by non-attorney *clients*, such as NFL employees, at the direction of counsel. *See Dexcom, Inc. v. AgaMatrix, Inc.*, 2018 WL 10323723, at *5 (C.D. Cal. May 30, 2018) (granting motion to compel production because

---

[2] This category encompasses the following entries on the NFL's Privilege Log: 7, 8, 26, 35, 41, 45, 53, 56, 60, 69, 71, 73, 76, 78, 83, 85, 98, 104, 106, 119, 122, 125, 126, 130, 139, 140, 141, 147, 148, 149, 150, 151, 152, 153, 154, 159, 166, 172, 173, 199, 206, 210, 212, 240, 252, 253, 261, 266. 267, 270, 277, 281, 282, 293, 300, 303, 305, 306, 315, 324, 331, 364, 365, 366, 416, 419, 422, 426, 427, 430, 438, 452, 457, 468, 482, 487, 522, 533, 535, 541, 552, 553, 556, 561, 562, 563, 568, 585, 592, 593, 599, 604, 616, 620, 622, 623, 624, 626, 630, 639, 649, 654, 658, 664, 666, 681, 689, 693, 695, 704, 705, 706, 714, 718, 721, 734, 744, 745, 747, 771, 782, 789, 790, 798, 804, 809, 824, 826, 833, 838, 842, 845, 852, 853, 860, 868, 870, 872, 874, 875, 876, 878, 879, 881, 886, 892, 895, 896, 899, 906, 912, 919, 927, 952, 955, 957, 961, 962, 977, 989, 1004, 1016, 1017, 1026, 1042, 1067, 1072, 1073, 1078, 1079, 1080, 1090, 1091, 1096, 1097, 1098, 1106, 1107, 1111, 1122, 1124, 1128, 1135, 1136, 1137, 1141, 1142, 1150, 1153, 1170, 1175, 1185, 1194, 1199, 1205, 1215, 1216, 1235, 1240, 1241, 1245, 1252, 1256, 1258, 1271, 1277, 1278, 1282, 1284, 1286, 1294, 1299, 1301, 1303, 1307, 1310, 1311, 1315, 1316, 1317, 1324, 1325, 1332, 1343, 1344, 1349, 1356, 1357, 1368, 1372, 1390, 1396, 1402, 1411, 1411, 1420, 1430, 1434, 1435, 1436, 1453, 1464, 1468, 1478, 1491, 1496, 1497, 1498, 1499, 1502, 1503, 1515, 1516, 1517, 1518, 1519, 1520, 1521, 1536, 1547, 1549, 1553, 1554, 1557, 1572, 1580, 1584, 1589, 1592, 1593, 1598, 1601, 1608, 1610, 1617, 1621, 1632, 1647, 1655, 1657, 1658, 1667, 1668, 1675, 1679, 1684, 1692, 1696, 1697, 1701, 1702, 1710, 1717, 1726, 1728, 1736, 1741, 1746, 1748, 1772, 1781, 1811, 1825, 1831, 1833, 1851, 1855, 1856, 1858, 1859, 1861, 1873, 1874, 1879, 1880, and 1881.

July 8, 2022
Page 5

party asserting privilege "fails to demonstrate that the documents described as 'attorney notes' involve any communications between attorney and client" (emphasis in original)).

Consistent with this principle, Plaintiffs *do not* challenge those entries that assert privilege over documents that the NFL expressly identifies as memoranda prepared by attorneys or as documents that contain the handwritten notes of attorneys. Those documents may well reveal confidential communications between counsel and client. Attorney-client privilege "extends to those papers prepared by an attorney or at an attorney's request *for the purpose of advising a client, provided the papers are based on and would tend to reveal the client's confidential communications*." *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977) (emphasis added). Because the NFL does not claim that the above-identified documents contain any confidential communications between a client and counsel, it cannot withhold them on the basis of privilege.

### *Category 3: Documents Providing Information Necessary to Render Legal Advice*

The NFL's assertion of attorney-client privilege over documents "providing information necessary to render legal advice regarding the subject matter conveyed in the email subject line" is similarly improper.[3] Again, the NFL does not claim that any party to these communications was an attorney. Nor does the log name the particular attorney who was providing legal advice with respect to the information conveyed. As a result, neither Plaintiffs nor the Court can assess the propriety of these entries.

Regardless, the attorney-client privilege applies to communications not facts. This is true even if those facts were later communicated to an attorney. *See, e.g., Kandypens Inc v. Puff Corp.*, 2020 WL 7978226, at *3 (C.D. Cal. Dec. 7, 2020) (noting that a party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney" (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981)). Because there is no evidence to suggest, and the NFL does not claim, that these documents reveal any confidential communications between clients and attorneys, they cannot be withheld on the basis of attorney-client privilege.

---

[3] This category encompasses the following entries on the NFL's Privilege Log: 114, 290, 394, 669, 741, 759, 773, 889, 934, 1093, 1102, 1263, 1613, 1642, 1661.

July 8, 2022
Page 6

### *Category 4: Documents and Communications Subsequently Circulated to Attorneys*

The same is true of the fourth category of log entries that Plaintiffs challenge—those in which the withheld information was circulated or sent to attorneys. In each of these cases, the NFL asserts privilege over communications that do not involve any attorney, on the basis that that communication was circulated, at some unspecified other time, to an attorney.[4] That is improper. Entry 186 provides an illustrative example. The NFL asserts privilege over a communication between non-attorney NFL employees Brian Rolapp, Mike Smith, and Kim Williams because that email communication was circulated to attorney C. White for the purpose of "requesting legal advice regarding terms of broadcast agreement." While a communication between an attorney and a client may well be privileged, the attorney-client privilege does not attach to communications between non-attorneys simply because those communications were shared with an attorney. Adopting the NFL's view of privilege would perversely allow any party in litigation to assert privilege over any communication by circulating that communication to her attorney. "Internal email communication and attachments being circulated before reaching out to Legal for comment" (Entry 1487) do not fall within the privilege. Because the NFL cannot establish that a primary purpose of the *withheld communications* was to obtain or provide legal advice from an attorney, it must produce those documents. *See In re Grand Jury*, 23 F.4th at 1092.

### *Category 5: Documents Shared with Third Parties*

Lastly, the NFL is wrong to assert privilege over documents that were evidently shared with third parties. Absent an assertion of common interest, disclosure of a communication to a third party waives any privilege over that communication. *See, e.g., SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 3050777, at *4 (C.D. Cal. Feb. 18, 2020) (finding no attorney-client privilege when the party "knew that the information would likely be conveyed to [a third party] and would not remain in confidence."); *Fourth Dimension Software v. Der Touristik Deutschland GMBh*, 2021 WL 4170693, at *3 (N.D. Cal. Sept. 14, 2021) ("[I]t is well settled that a communication is not protected by the attorney-client privilege . . . unless the client intends that it be treated in confidence."). The documents logged in entries 235 and 237 were evidently sent to Bell and Fox, respectively. Because both are entities with which the NFL had an arms-length business relationship, any assertion of common interest privilege would be

---

[4] This category encompasses the following entries on the NFL's Privilege Log: 51, 186, 202, 347, 447, 504, 667, 682, 684, 699, 708, 742, 763, 772, 792, 794, 844, 911, 944, 980, 1005, 1035, 1075, 1076, 1146, 1179, 1333, 1388, 1389, 1475, 1487. 1624, 1823, 1828, 1868.

July 8, 2022
Page 7

improper. The NFL's log also reflects that none of these communications involved attorneys. These documents should be produced.

      Plaintiffs hope that the parties can reach an agreement regarding the production of the documents identified in this letter. At the very least, the NFL must provide Plaintiffs case law that supports these broad assertions of privilege. If such an agreement cannot be reached, Plaintiffs will seek appropriate relief from the Court.

Sincerely,

*[signature]*

Tyler Finn