UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Lynnie Fahey | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**    Order GRANTING Plaintiffs' motion *in limine* No. 2.  [1102]

Before the Court is Plaintiffs'[1] motion *in limine* No. 2, seeking to exclude evidence regarding the relief sought by Plaintiffs.  *See generally* Dkt. # 1102-1 ("*P MIL 2*").  Defendants[2] opposed, *see Generally* Dkt. # 1164 ("*P MIL 2 Opp.*"), and Plaintiffs replied, *see generally* Dkt. # 1242 ("*P MIL 2 Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving papers, the Court **GRANTS** Plaintiffs' motion *in limine* No. 2 to the extent below.

I.    Background

This is an antitrust suit where Plaintiffs allege that Defendants have entered a set of agreements with each other and their broadcast partners—DirecTV, CBS, and FOX—that suppress the output of telecasts of out-of-market professional football games.  *See Order re*

---

[1] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

[2] Defendants in this action consist of: National Football League, Inc. ("NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens Limited Partnership; Buccaneers Limited Partnership; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and, Washington Football Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

*Defendants' Motion for Summary Judgment*, Dkt. # 1155 ("*Sum. J. Order*"), 2. The alleged outcome of these agreements, is that DirecTV has been able to charge supracompetitive prices for Sunday Ticket, a subscription package that provides telecasts of all NFL games. *Id.* Plaintiffs now move *in limine* seeking to preclude Defendants from bringing evidence or argument concerning (1) any injunctive relief or future changes that may result from this lawsuit and (2) any financial benefit to Plaintiffs, pass on of overcharge to customers by commercial Plaintiffs, and Plaintiffs' failure to mitigate damages. *See generally P MIL 2*.

## II.     Legal Standard

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may also file a motion *in limine* to admit evidence. *See United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence ("FRE"). *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion *in limine*, however, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

FRE 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the FREs, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. FRE 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.     Discussion

### A.     Evidence About Injunctive Relief

Plaintiffs request that the Court bar the Defendants from referencing or presenting any evidence or argument about the fact that Plaintiffs are seeking or may be entitled to any injunctive relief for lack of relevance and/or because the probative value is substantially outweighed by unfair prejudice. *See P MIL 2* 1:4–4:13. Defendants say they do not intend to bring such evidence and agree that neither side should offer evidence or argument that explicitly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

discusses the potential for future injunctive relief. *P MIL 2 Opp.* 1:17–20. Defendants, however, argue that Plaintiffs' request should not be allowed if it is attempting to constrain Defendants' ability to describe and critique the "but-for" worlds that Plaintiffs say would have occurred if not for the alleged antitrust conduct of the Defendants. *Id.* 2:1–4, 2:10–3:24. In reply, Plaintiffs say this is a "decoy," as Plaintiffs have never suggested that either party could not discuss the historical but-for worlds. *P MIL 2 Reply* 1:27–2:2. Plaintiffs are concerned that Defendants "might still try to suggest that the jury should speculate about forward-looking changes." *Id*.

Regardless, both parties agree that discussion of injunctive relief at all is forbidden. *See P MIL 2* 1:19–3:8; *P MIL 2 Opp.* 1:2–6. This includes explicit and implicit discussion of injunctive relief. *See, e.g.*, *United States Football League v. Nat'l Football League*, No. 84-7484, 1986 WL 7012, at *2–3 (S.D.N.Y. June 17, 1986) (barring the NFL "from referring to the possibility of injunctive relief in front of the jury, since such references would needlessly confuse the issues and unfairly prejudice plaintiffs"); *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1243 (5th Cir. 1974) (discussing that "a district court can sufficiently instruct the jury to determine only actual damages" and that the Clayton's Act statutory remedies "ha[ve] no relevance in determining the amount a plaintiff was injured by the anti-trust violation"); *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 1:10-cv-910, 2012 WL 12832376, at *1 (E.D. Va. Mar. 30, 2012) ("Whether injunctive relief is appropriate should plaintiff prevail, will be determined solely by the Court."); *Broadcom Corp. v. Emulex Corp.*, No. CV 10-03963, 2011 WL 13130705, at *1 (C.D. Cal. Aug. 10, 2011) ("[R]eference to the possibility of injunctive relief could distract the jury from its job of determining whether and in what amount damages should be awarded."). Because future changes that may result from injunctive relief cannot be discussed without implicitly referencing possible injunctive relief, the future changes that may occur also may not be discussed. Thus, both parties can discuss the but-for worlds models as they concern historical conditions, but neither party can bring evidence or argument about injunctive relief and forward-looking changes.

### B. Evidence Concerning Any Financial Benefit or "Pass On" of Overcharge, Failure to Mitigate Damages, Fault from Plaintiffs' Consumer Choices

Plaintiffs also request that this Court, pursuant to FREs 401, 402, and 403, prevent Defendants from presenting evidence or argument "casting blame on Plaintiffs for their consumer choices, suggesting that the Plaintiffs failed to mitigate damages, or highlighting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

Plaintiffs' downstream activities." *See P MIL 2* 4:14–7:21.[3] Plaintiffs also request that Defendants not use the word "refund," because it prejudicial. *Id.* 6:17–21. Defendants agree that they "will not argue that Plaintiffs' damages should be reduced to the extent that they increased their prices or made additional sales to consumers." *P MIL 2 Opp.* 4:8–10. But Defendants argue any further relief is unjustified because evidence of Sunday Ticket's popularity with consumers and its high quality is essential to the rule of reason analysis. *P MIL 2 Opp.* 4:10–26. For instance, Defendants say (1) it will be necessary to address at trial the fact that commercial Plaintiffs subscribed to Sunday Ticket for commercial benefits such as increased sales, as that shows demand for the commercial product; and (2) evidence regarding class members' or class representatives' purchasing history for Sunday Ticket is important for core issues such as how much Plaintiffs actually paid for the product, as well as its quality and value. *Id.* Lastly Defendants argue that Plaintiffs' request that the Court bar the use of the term "refund," lacks legal basis. *P MIL 2 Opp.* 4:27–5:2.

Plaintiffs also request that this Court, pursuant to FREs 401, 402, and 403, prevent Defendants from presenting evidence or argument "casting blame on Plaintiffs for their consumer choices, suggesting that the Plaintiffs failed to mitigate damages, or highlighting Plaintiffs' downstream activities." *See P MIL 2* 4:14–7:21.[4] Plaintiffs also request that Defendants not use the word "refund," because it prejudicial. *Id.* 6:17–21. Defendants agree that they "will not argue that Plaintiffs' damages should be reduced to the extent that they increased their prices or made additional sales to consumers." *P MIL 2 Opp.* 4:8–10. But Defendants argue any further relief is unjustified because evidence of Sunday Ticket's popularity with consumers and its high quality is essential to the rule of reason analysis. *P MIL 2 Opp.* 4:10–26. For instance, Defendants say (1) it will be necessary to address at trial the fact that commercial Plaintiffs subscribed to Sunday Ticket for commercial benefits such as increased sales, as that shows demand for the commercial product; and (2) evidence regarding class members' or class representatives' purchasing history for Sunday Ticket is important for core issues such as how much Plaintiffs actually paid for the product, as well as its quality and value. *Id.* Lastly Defendants argue that Plaintiffs' request that the Court bar the use of the term "refund," lacks legal basis. *P MIL 2 Opp.* 4:27–5:2.

---

[3] The Court understands the arguments concerning downstream activities or pass on of overcharges to apply exclusively to the commercial class of Plaintiffs, while discussion of consumer choices applies to both classes.

[4] The Court understands the arguments concerning downstream activities or pass on of overcharges to apply exclusively to the commercial class of Plaintiffs, while discussion of consumer choices applies to both classes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

The rule of reason is "a multi-step, burden-shifting framework that requires courts to conduct a fact-specific assessment to determine a restraint's actual effect on competition." *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 974 (9th Cir. 2023), cert. denied, 144 S. Ct. 681 (2024), and cert. denied, 144 S. Ct. 682 (2024). To determine whether a restraint violates the rule of reason, "the plaintiff has the initial burden to prove that the challenged restraint has a substantial anticompetitive effect that harms consumers in the relevant market" and then "the burden shifts to the defendant to show a procompetitive rationale for the restraint." *Ohio v. Am. Express Co.*, 585 U.S. 529, 540, 541 (2018); *see also NCAA v. Bd. of Regents of the University of Oklahoma*, 468 U.S. 85, 113 (1984). ("Under the Rule of Reason, these hallmarks of anticompetitive behavior place upon petitioner a heavy burden of establishing an affirmative defense which competitively justifies this apparent deviation from the operations of a free market.").

Defendants want to use evidence about Sunday Ticket's popularity and high quality to support their procompetitive rationale. *See P MIL 2 Opp.* 5:15–18, 7:12–14. While product quality is a factor that can be relevant to showing a procompetitive rationale, *see e.g.*, *Epic Games*, 67 F.4th at 987 (product quality is a consideration in rule of reason analysis), it is only relevant if it is related to the challenged restraint, *see NCAA*, 468 U.S. at 104 ("[T]he essential inquiry remains . . . whether or not the challenged restraint enhances competition."). *See also F.T.C. v. Indiana Fed'n of Dentists*, 476 U.S. 447, 463 (1986) (rejecting as illegitimate "noncompetitive quality-of-service justifications"); *Nat'l Soc'y of Pro. Eng'rs v. United States*, 435 U.S. 679, 685, 694–95 (1978) (holding that "quality of engineering" could not justify a ban on competitive bidding because it is "th[e] restraint that must be justified under the Rule of Reason").

Defendants comment that they "will present evidence that the challenged restraints improve quality in multiple ways, including by incentivizing investment in game telecasts through video production, technological advancement, and superior game commentary," *P MIL 2 Opp.* 7:14–17, which is a permissible use of product quality evidence as the quality would be linked directly to the restraint.

Defendants, however, may not baldly assert that Sunday Ticket is a high-quality product *because* class members enjoy it and continue to subscribe. The only permissible argument is that the restraints are what make the product high quality, and evidence of Plaintiffs' and consumers' actions then can only be used if it clearly supports the specific ways in which the restraints have improved the product. The evidence must be used to show that because the restraints made the product high quality, this is *why* consumers are willing to pay high prices for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

Sunday Ticket and continue to buy it.[5]  Without that link, this evidence is inadmissible as irrelevant.

As to the use of the word "refund," the Court sees no reason why Defendants cannot adequately convey their ideas using the words "damages" or "overcharges," when discussing the amount class members allegedly overpaid for Sunday Ticket.  Plaintiffs validly point out that refunds are commonly understood to be available for defective or unsatisfactory products.  *See P MIL 2 Reply* 9:18–27.  Such implications could confuse the jury, as dissatisfaction with a product is not an element of a Sherman Act claim.  And while Defendants argue that they are entitled to use clear language to describe claims to lay jurors, Defendants have other, equally understandable alternatives available to them.  Since there is very little relevance, the prejudice outweighs it.

Lastly, Defendants do dispute that they cannot argue that Plaintiffs had a duty to mitigate damages.  *See generally P MIL 2 Opp.*  Given that there is no such duty arising from horizontal restraints that cause supracompetitive prices, Defendants cannot make any mitigation arguments because they would be irrelevant and confusing.  *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2016 WL 6216664, at *11 (N.D. Cal. Oct. 25, 2016) ("Defendants are precluded from presenting evidence or argument suggesting the DAPs mitigated, or could have mitigated, their damages by increasing the prices they charged their customers."); *In re Airline Ticket Comm'n Antitrust Litig.*, 918 F. Supp. 283, 286 (D. Minn. 1996) (denying mitigation defense when plaintiffs sought overcharge damages caused by buyer cartel).

Accordingly, the Court **GRANTS** Plaintiffs' motion to the extent that (1) it bars Defendants from bringing evidence of consumers' choices and benefits to support the assertion that Sunday Ticket is a high-quality product without causally linking the quality to the alleged restraints; (2) Defendants cannot use the word "refund" when discussing the overpayments Plaintiffs made and could receive as damages; (3) Defendants cannot make arguments that Plaintiffs had a duty to mitigate.

---

[5] Plaintiffs concede as much:  "[T]he Defendants may present any evidence that the challenged restraints measurably improved the quality of NFL game telecasts.  The Defendants may not, however, prejudice Plaintiffs by extolling the supposed downstream economic benefits of Sunday Ticket to commercial subscribers (or any supposed product satisfaction among residential subscribers) divorced from their arguments that the challenged restraints have improved the quality of all NFL game telecasts." *P MIL 2 Reply* 7:11–17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

IV.  Conclusion

For the foregoing reasons the Court **GRANTS** Plaintiffs' motion *in limine* No. 2 to the extent that:

Both parties can discuss the but-for worlds models, as they concern historical conditions and not future changes.  And neither party can bring evidence or argument—whether it is implicit or explicit—about injunctive relief.

Defendants cannot bring evidence of consumers' choices, enjoyment, purchasing history, and related evidence, to support the assertion that Sunday Ticket is a high-quality product without causally linking the quality to the alleged restraints; Defendants cannot use the word "refund" when discussing the overpayments Plaintiffs made and could receive as damages; and Defendants cannot make arguments that Plaintiffs had a duty to mitigate.

**IT IS SO ORDERED.**