UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Lynnie Fahey | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiffs' motion *in limine* No. 3. [1106]

Before the Court is Plaintiffs'[1] motion *in limine* No. 3, seeking to exclude irrelevant and prejudicial evidence or testimony. *See generally* Dkt. # 1106-1 ("*P MIL 3*"). Defendants[2] opposed, *see Generally* Dkt. # 1168 ("*P MIL 3 Opp.*"), and Plaintiffs replied, *see generally* Dkt. # 1221 ("*P MIL 3 Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiffs' motion *in limine* No. 3 to the extent below.

I.   Background

This is an antitrust suit where Plaintiffs allege that Defendants have entered a set of agreements with each other and their broadcast partners—DirecTV, CBS, and FOX—that suppress the output of telecasts of out-of-market professional football games. *See Order re*

---

[1] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

[2] Defendants in this action consist of: National Football League, Inc. ("NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens Limited Partnership; Buccaneers Limited Partnership; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and, Washington Football Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

*Defendants' Motion for Summary Judgment*, Dkt. # 1155 ("*Sum. J. Order*"), 2.  The alleged outcome of these agreements is that DirecTV has been able to charge supracompetitive prices for Sunday Ticket, a subscription package that provides telecasts of all NFL games.  *Id.*  Plaintiffs now move to preclude Defendants, pursuant to Federal Rules of Evidence ("FRE") 402 and 403, from presenting evidence or testimony or making any argument that (1) refers to Sunday Ticket as a luxury good, unnecessary product, or other similar description; or (2) refers to the fact that DirecTV, CBS, and FOX are not appearing as defendants at the trial.  *See generally P MIL 3.*

    II.    <u>Legal Standard</u>

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  A party may also file a motion *in limine* to admit evidence.  *See United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991).  A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the FRE.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Regardless of a court's initial decision on a motion *in limine*, however, it may revisit the issue at trial.  *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

FRE 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the FREs, or "other rules prescribed by the Supreme Court" provide otherwise.  Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  FRE 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

    III.    <u>Discussion</u>

        A.    <u>Referring to Sunday Ticket as a Luxury Good, Unnecessary, or Other Similar Connotation</u>

Plaintiffs argue that Defendants should not be able to refer to Sunday Ticket as a "luxury good" or use other similar labels to imply that it "an extravagance that merits lesser protection under the antitrust laws," as the Sherman Act applies equally to luxury goods.  *See P MIL 3* 1:4–2:18.  Defendants agree that antitrust laws apply to luxury goods, so they will not contend

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

that antitrust laws exempt "luxury" products. *P MIL 3 Opp.* 1:4–6, 2:3–4. Defendants say, however, that they have "a right to characterize NFL Sunday Ticket as a high-quality product that complements the wide variety of less expensive (often free) NFL game viewing options available to all NFL fans—*i.e.*, as a luxury package." *Id.* 1:9–12. Such evidence is "crucial to (i) the jury's assessment of the reasonableness of the NFL Defendants' business decisions and (ii) the jury's application of the rule of reason to the contractual arrangements that Defendants entered into with CBS, FOX, and DirecTV." *Id.* 2:12–15. Plaintiffs' reply clarifies that they are principally concerned with the term "luxury," and are fine with Defendants using adjectives like "high-value," "complementary," "innovative," "high-quality," "premium," and even "expensive." *P MIL 3 Reply* 2:2–10.

As an initial matter, Defendants' arguments are off the mark. For instance, Defendants state that whether a jury finds a violation of "the antitrust laws could depend, in part, on whether it was reasonable for the Sunday Ticket package to be priced as a high-quality, premium subscription sports offering for the NFL's avid fans." *P MIL 3 Opp.* 2:24–27. Yet the jury will not determine whether the price of the package is reasonable, but whether the alleged restraints are reasonable. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 974 (9th Cir. 2023), cert. denied, 144 S. Ct. 681 (2024), and cert. denied, 144 S. Ct. 682 (2024) (defining the rule of reason as "a multi-step, burden-shifting framework that requires courts to conduct a fact-specific assessment to determine a restraint's actual effect on competition"). It is also not relevant whether the price for Sunday Ticket is fair as a luxury product; what matters is whether the price is higher than it would be absent the restraints.

As to the point of Plaintiffs' motion, the Court agrees that the word "luxury" is unnecessary and can lead jurors to make unfair inferences. Describing the product as an extravagance could lead a jury to conclude that the harm suffered by class members is something about which they have no right to complain. As Defendants are left with ample synonyms to describe the quality and price of Sunday Ticket, barring the use of the term "luxury" does not prevent Defendants from describing how they, along with their broadcast partners, created and marketed Sunday Ticket "a complementary premium product for avid fans." *Sum. J. Order* 9. Thus, the danger of prejudice substantially outweighs the little to no probative value of using the word "luxury."

Accordingly, the Court **GRANTS** Plaintiffs' motion to the extent that Defendants cannot use the word "luxury" when describing Sunday Ticket or characterize the product as unnecessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

    B.  Mentioning the Absence of DirecTV, CBS, and FOX as Named Defendants

  Plaintiffs request that this Court order, pursuant to FRE 403, that the Defendants be precluded "from making at trial any statement or argument, presenting or seeking to introduce evidence, or eliciting testimony concerning Plaintiffs' apparent failure to sue DirecTV, CBS, Fox, or any other network . . . for anticompetitive behavior." *P MIL 3* 2:19–4:4. Defendants "do not oppose relief that would bar both sides from referring specifically to the NFL's Television Partners' absence from trial." *P MIL 3 Opp.* 4:16–22. Defendants clarify, however, that they must be allowed to explain "the procompetitive rationales and benefits of their relationships and agreements with CBS, FOX, and DirecTV." *Id.* 4:23–28. Plaintiffs make no argument against this in reply, and the Court finds no disagreement between the parties. Thus, the Court **GRANTS** Plaintiffs' motion to the extent that it limits both parties from mentioning the absence of Defendants' television partners or attempting to lead the jury to draw any inference from that fact.

    IV.  Conclusion

  For the foregoing reasons the Court **GRANTS** Plaintiffs' motion *in limine* No. 3 such that:

  Defendants cannot use the word "luxury" when describing Sunday Ticket or characterize the product as unnecessary. As conceded by Plaintiffs, however, Defendants are free to use adjectives like "high-value," "complementary," "innovative," "high-quality," "premium," and even "expensive."

  And neither party can mention the absence of Defendants' television partners or attempt to lead the jury to draw any inference from that fact.

  **IT IS SO ORDERED.**