Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (JEMx)<br><br>**NFL DEFENDANTS' MEMORADUM OF LAW IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: May 17, 2024<br>Time: 10:00 a.m.<br>Courtroom: First Street Courthouse<br>    350 West 1st Street<br>    Courtroom 6A<br>    Los Angeles, CA 90012 |

# INTRODUCTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the NFL Defendants (the "NFL") move to quash the trial subpoena (the "Subpoena") Plaintiffs served on Hans Schroeder.

Mr. Schroeder, the NFL's Executive Vice President of Media Distribution, is plainly beyond the reach of the Court's subpoena authority. Mr. Schroeder works and lives in New York and is therefore more than 100 miles from the Central District of California. Moreover, there is no valid argument that Mr. Schroeder regularly conducts business in Los Angeles. While that has never been the case, it certainly is not the case now given that Mr. Schroeder gave up oversight of NFL Media operations in Los Angeles almost a year ago in May 2023. Indeed, consistent with this background, in the Joint Witness List filed on January 19, 2024, Plaintiffs listed Mr. Schroeder as a "Deposition Only" witness.

There is no basis to look beyond the plain text of Rule 45. But Plaintiffs may argue that some sort of extraordinary circumstances exist which compel the testimony of Mr. Schroeder at trial. That would be wrong. Both Mr. Schroeder's immediate supervisor, Brian Rolapp (who oversees the Sunday Ticket product), and NFL Commissioner Roger Goodell will be "live" trial witnesses, and the NFL has agreed to make Mr. Rolapp available for testimony in the Plaintiffs' case-in-chief. And Plaintiffs have over 12 hours of deposition testimony from Mr. Schroeder, the videos of which they can play at trial. Given the other trial and deposition testimony available to Plaintiffs, forcing Mr. Schroeder to travel cross-country to the trial to provide cumulative testimony would present an undue burden on Mr. Schroeder. This is yet another reason the motion to quash should be granted.

Because the Subpoena violates the Federal Rules, imposes an unnecessary burden, and is not justified by any potential prejudice to Plaintiffs, it must be quashed pursuant to Rule 45(d)(3)(A).

1

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Memorandum of Law in Support of Motion
to Quash Plaintiffs' Trial Subpoena

# BACKGROUND

Mr. Schroeder is currently the NFL's Executive Vice President of Media Distribution. Schroeder Decl. ¶ 1. He lives in Rye, New York. *Id.* ¶ 2. He works at the NFL's headquarters at 345 Park Avenue, New York, New York. *Id.* ¶ 2. Although Mr. Schroeder previously managed the NFL's Media team located in Los Angeles prior to May 2023, he does not currently manage that team, nor does he regularly travel to Los Angeles or California for business reasons. Schroeder Decl. ¶¶ 5–7; *see also* Stekloff Decl. Ex. 4 (announcing Mr. Schroeder's new title of Executive Vice President, Media Distribution, and changing the reporting structure of David Jurenka's Media team in Los Angeles). Mr. Schroeder does continue to oversee the NFL Network and RedZone distribution teams, which have a small presence in Los Angeles, but his role does not require travel to Los Angeles. Schroeder Decl. ¶ 7. Indeed, since taking his new role in May 2023, Mr. Schroeder has visited Los Angeles for business reasons only two times and has not made any other trips to California for business reasons. *Id.* ¶ 8. And even prior to May 2023, Mr. Schroeder only visited Los Angeles for business reasons approximately six times per year. *Id.* ¶ 5.

In July 2022, Plaintiffs deposed Mr. Schroeder twice, both in his personal capacity and as a Rule 30(b)(6) witness. Schroeder Decl. ¶ 9. In total, Plaintiffs have over 12 hours of testimony from Mr. Schroeder. Throughout the parties' pretrial meet-and-confers and in the Joint Witness List filed on January 19, 2024, Plaintiffs indicated that they understood that Mr. Schroeder is outside of the Court's subpoena power.

Plaintiffs' subsequent actions confirmed that understanding. When Plaintiffs sent a draft witness list to the NFL on December 29, 2023, they included Mr. Schroeder on their "Will Call List," and indicated the format for his testimony as "Live/Depo." Stekloff Decl. Ex. 2. But when the NFL reminded Plaintiffs that Mr. Schroeder was outside the subpoena power, Plaintiffs did not contest this point. In an

2

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Memorandum of Law in Support of Motion to Quash Plaintiffs' Trial Subpoena

email to Plaintiffs, the NFL explained that it would not be calling Mr. Schroeder as a live witness, and "as there is no basis for Plaintiffs to be able to call [him] live at trial," requested that Plaintiffs remove the "live" designation. Stekloff Decl. Ex. 3. Plaintiffs accepted that proposal, did not dispute that Plaintiffs could not call Mr. Schroeder as a live witness, instead reserving the right to call Mr. Schroeder as a live witness only "should the NFL Defendants decide to bring [him]" as a "live witness[] at trial." *Id*. The parties' final January 19, 2024 Joint Witness List thus included Mr. Schroeder as a witness for both Plaintiffs and the NFL, but by "Deposition Only." Dkt. 1162, at 5, 23.

In addition to Mr. Schroeder's deposition testimony, the Joint Witness List also included Mr. Schroeder's immediate supervisor, Brian Rolapp, and NFL Commissioner Roger Goodell as live witnesses. Dkt. 1162, at 5, 14, 16. As the Chief Media and Business Officer of the NFL, Mr. Rolapp oversees the Sunday Ticket product, as well as the NFL's other television agreements, among other responsibilities. Mr. Rolapp is therefore well-situated to provide trial testimony about Sunday Ticket relevant to the claims at issue in this case. Dkt. 1162, at 5, 16. Moreover, the NFL has agreed to make Mr. Rolapp available for testimony in Plaintiffs' case-in-chief. In addition, Plaintiffs have further indicated that they may play the video deposition testimony of up to 10 other NFL witnesses at trial. Dkt. 1162, at 4–12.

Since the submission of the Joint Witness List, however, Plaintiffs reversed course, and now seek to compel Mr. Schroeder's live testimony by way of the Subpoena, served April 9, 2024. Stekloff Decl. Ex. 1.

## **ARGUMENT**

The Court must quash Plaintiffs' Subpoena because (i) the Subpoena seeks to require a New York resident to testify live at a trial thousands of miles away in California in violation of the Federal Rules, and (ii) the Subpoena imposes an undue

3

Case No. 2:15-ml-02668-PSG (SKx)    NFL Defendants' Memorandum of Law in Support of Motion to Quash Plaintiffs' Trial Subpoena

burden on Mr. Schroeder given that his trial testimony is cumulative of his video deposition and of other witnesses' testimony. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii), (iv).

### I.   The Court Must Quash the Trial Subpoena, Which Purports To Require a New York Witness To Attend A California Trial.

Plaintiffs' Subpoena must be quashed because Mr. Schroeder, who lives and works in New York, is outside the subpoena power of the Court.

Rule 45 sets strict geographic limits on the subpoena power. Generally, a subpoena may only command attendance at trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed R. Civ. P. 45(c)(1)(A). For a party's "officer," a subpoena may command attendance only "within the state where the person resides, is employed, or regularly transacts business in person[.]" Fed R. Civ. P. 45(c)(1)(B); *see also* Fed. R. Civ. P. 45(c) Advisory Committee's Note to 2013 Amendment. "If a trial subpoena exceeds these geographical limitations, the district court '*must* quash or modify' the subpoena." *In re Kirkland*, 75 F.4th 1030, 1042 (9th Cir. 2023) (citing Fed. R. Civ. P. 45(d)(3)(A)(ii); *see also Guangzhou Yuchen Trading Co. v. DBest Prods. Inc.*, 2023 WL 2626373, at *1 (C.D. Cal. Feb. 24, 2023) ("[T]here is no basis under Rule 30(b)(6), Rule 45, or Rule 43 that would allow this Court to compel an unwilling corporate deponent who resides outside the Court's subpoena power to testify at trial.").

The Rule 45 inquiry focuses on whether the potential witness *currently* "resides, is employed, or regularly transacts business in person" in the relevant place. Fed R. Civ. P. 45(c)(1)(A), 45(c)(1)(B). The plain text of the rule confirms as much— the verbs "resides," "is employed," and "transacts" are all framed in the present tense. Courts therefore routinely quash subpoenas under Rule 45 if the potential witnesses "no longer live, work, or regularly conduct in-person business" within the forum state. *Kirkland*, 75 F.4th at 1042; *see also Dennison v. Ryan*, 2022 WL 3134450, at *1 (D. Ariz. Aug. 5, 2022) (granting motion to quash where potential witness had

4

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Memorandum of Law in Support of Motion
to Quash Plaintiffs' Trial Subpoena

"[r]ecently" moved out of state and thus "is no longer a resident of, employed in, or regularly transacts business in person in Arizona"); *K.S. v. Detroit Pub. Sch.*, 2015 WL 6671560, at *1 (E.D. Mich. Nov. 2, 2015) (quashing trial subpoena of "a former Detroit resident who has relocated to New York City").

Rule 45's geographic limits apply even where a potential trial witness was a Rule 30(b)(6) deponent, and where the company for which the employee works has business operations in the forum state. *See, e.g.*, *Great Lakes Reinsurance (UK) SE v. Herzig*, 2023 WL 4406149, at *3 (S.D.N.Y. July 7, 2023) (granting motion to quash, explaining that "the inquiry under Rule 45 is directed at . . . the 'person' whose attendance is commanded . . . not where that person's employer transacts business" (citation omitted)); *Issagholi v. McLaren Auto., Inc.*, 2021 WL 4352297, at *1 (C.D. Cal. July 9, 2021) (granting motion to quash where potential witness, defendant's employee and Rule 30(b)(6) witness, "lives in Texas, works in Texas, and does not regularly transact business in California"). Moreover, the fact that a potential witness occasionally visits the forum state for business does not suffice to bring the witness within the subpoena power. *See Perez v. Progenics Pharms., Inc.*, 2015 WL 4111551, at *2 (S.D.N.Y. June 24, 2015) (rejecting request to compel live testimony where potential witness attended "at least quarterly" meetings in New York); *Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 465 (S.D. Cal. 1996) (explaining that "'regularly' does not mean ten times in seven years").

Unsurprisingly, federal district courts around the country consistently reject efforts to compel out-of-state witnesses to testify in violation of Rule 45. *See, e.g.*, *Owlink Tech., Inc v. Cypress Tech. Co., Ltd.*, 2023 WL 4291822, at *2 (C.D. Cal. May 11, 2023) (rejecting request to compel live testimony of witness outside the subpoena power because "the Court is bound by the Federal Rules of Civil Procedure"); *Great Lakes Reinsurance*, 2023 WL 4406149, at *3 (similar); *Legion Sys., LLC v. Valiant Glob. Def. Servs., Inc.*, 2023 WL 4686245, at *1 (M.D. Fla. July 21, 2023) (similar).

5

Here, Mr. Schroeder does not reside, work, or regularly transact business in person within the state of California, or within 100 miles of Los Angeles. Schroeder Decl. ¶¶ 2–3. Even before his change in position in May 2023, Mr. Schroeder only traveled to Los Angeles for business purposes on average six times per year. *Id.* ¶ 5. Thus, even before May 2023, he did not regularly conduct business in Los Angeles or California. *See Perez, Inc.*, 2015 WL 4111551, at *2. And Mr. Schroeder has traveled to Los Angeles for business only twice since May 2023. *Id.* ¶ 8. Those simple geographic facts decide this motion. It is of no moment that the NFL has business operations in California, that Mr. Schroeder is a high-ranking NFL employee[1] and Rule 30(b)(6) witness, or that Mr. Schroeder used to manage certain of the NFL's California-based business operations. *See Issagholi*, 2021 WL 4352297 at *1; *Dennison*, 2022 WL 3134450 at *1; *Perez*, 2015 WL 4111551 at *2. All that matters is whether Mr. Schroder currently lives, works, or regularly transacts business in person in California or within 100 miles of Los Angeles. He does not.

Because Mr. Schroeder is plainly outside of the bounds of the Court's subpoena power, the Court "must quash" the Subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii).

---

[1] For the purposes of this motion, whether Mr. Schroeder is considered an officer or merely an employee of the NFL is immaterial, given that he satisfies neither geographic condition of Rule 45(c). *See* Fed. R. Civ. P. 45(c); *see, e.g.*, *E.E.O.C. v. JetStream Ground Servs., Inc.*, 2016 WL 1178668, at *3 & n.5 (D. Colo. Mar. 28, 2016) ("It is clear that, at least after the 2013 amendments, this Court is not authorized to compel [the witness's] presence under Rule 45, despite the fact that he is the Vice President and co-owner of [the defendant]."). That said, the fact that Mr. Schroeder has a supervisor (Brian Rolapp) indicates he does not qualify as an "officer" for purposes of Rule 45, nor does his status as a high-level employee suffice. *See Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, 2008 WL 11337254, at *2 (S.D. Cal. Nov. 10, 2008) (concluding that "high-level" employee with a supervisor was not an officer); Stekloff Decl. Ex. 4 (noting that Mr. Schroeder "will continue to report to" Mr. Rolapp).

6

Case No. 2:15-ml-02668-PSG (SKx)          NFL Defendants' Memorandum of Law in Support of Motion to Quash Plaintiffs' Trial Subpoena

## II. The Trial Subpoena Imposes An Undue Burden On Mr. Schroeder And Quashing The Subpoena Would Cause Plaintiffs No Prejudice.

Even if Mr. Schroeder were subject to the Court's trial subpoena power, an order to quash would be appropriate here because the subpoena imposes an undue burden on Mr. Schroeder, and quashing the subpoena would not cause any prejudice to Plaintiffs.

Federal Rule of Civil Procedure 45(d)(1) requires that a party issuing a subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45 also provides that the court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

The undue burden analysis is "case specific" and requires the court to "weigh the burden to the subpoenaed party against the value of the information to the serving party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (citations omitted). Courts have concluded that a subpoena presents an undue burden where the information sought is "cumulative or duplicative." *See McKay v. City of St. Louis, Missouri,* 2018 WL 2223678, at *3 (E.D. Mo. May 15, 2018). Thus, for example, where a "deposition was videotaped," a trial subpoena that sought to compel interstate travel "impose[d] undue burden and expense." *Reddick v. Dillard Store Servs., Inc.*, 2010 WL 3025205, at *1 (S.D. Ill. Aug. 2, 2010).

Here, the burden of requiring Mr. Schroeder to travel across the country outweighs any non-cumulative value of his potential trial testimony. Plaintiffs have approximately twelve hours of videotaped deposition testimony of Mr. Schroeder at their disposal, making the command that Mr. Schroeder travel from New York for trial an undue and unnecessary burden. *Reddick*, 2010 WL 2025205 at *1. In addition, Mr. Schroeder's immediate supervisor, Mr. Rolapp, will be providing live testimony at trial, as will other high-ranking NFL officers, including the Commissioner. These

7

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Memorandum of Law in Support of Motion to Quash Plaintiffs' Trial Subpoena

facts not only demonstrate that there is no prejudice to Plaintiffs should Mr. Schroeder's testimony be "Deposition Only," but further render any trial testimony that Mr. Schroeder might give "cumulative or duplicative," and thus unduly burdensome. *McKay*, 2018 WL 2223678 at *3. This provides a further, independent basis for the Court to quash the Subpoena.

## CONCLUSION

For the foregoing reasons, the NFL respectfully requests that the Court quash Plaintiffs' Subpoena commanding Mr. Schroeder's appearance at trial.

Dated: April 19, 2024                Respectfully submitted,

　　　　　　　　　　　　　　　　　　 */s/ Brian L. Stekloff*

Brian L. Stekloff (admitted *pro hac vice*)
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bstekloff@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com
Gregg H. Levy (admitted *pro hac vice*

8

Case No. 2:15-ml-02668-PSG (SKx)　　　　　NFL Defendants' Memorandum of Law in Support of Motion to Quash Plaintiffs' Trial Subpoena

|   |   |
|---|---|
| 1 | Derek Ludwin (admitted *pro hac vice*) |
| 2 | John S. Playforth (admitted *pro hac vice*) |
|   | **COVINGTON & BURLING LLP** |
| 3 | One CityCenter |
| 4 | 850 Tenth Street NW |
|   | Washington, DC 20001 |
| 5 | Telephone: (202) 662-6000 |
|   | Facsimile: (202) 662-6291 |
| 6 | glevy@cov.com |
| 7 | dludwin@cov.com |
|   | jplayforth@cov.com |
| 8 |   |
| 9 | *Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs* |
| 10 |   |

9