UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 23, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Lynnie Fahey | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiffs' motion *in limine* No. 4. [1113]

Before the Court is Plaintiffs'[1] motion *in limine* No. 4, seeking to preclude prejudicial and irrelevant evidence. *See generally* Dkt. # 1113-1 ("*P MIL 4*"). Defendants[2] opposed, *see generally* Dkt. # 1169 ("*P MIL 4 Opp.*"), and Plaintiffs replied, *see generally* Dkt. # 1244 ("*P MIL 4 Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiffs' motion *in limine* No. 4 to the extent below.

I.   Background

This is an antitrust suit where Plaintiffs allege that Defendants have entered a set of agreements with each other and their broadcast partners—DirecTV, CBS, and FOX—that suppress the output of telecasts of out-of-market professional football games. *See Order re*

---

[1] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

[2] Defendants in this action consist of: National Football League, Inc. ("NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens Limited Partnership; Buccaneers Limited Partnership; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and, Washington Football Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 23, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

*Defendants' Motion for Summary Judgment*, Dkt. # 1155 ("*Sum. J. Order*"), 2. The alleged outcome of these agreements is that DirecTV has been able to charge supracompetitive prices for Sunday Ticket, a subscription package that provides telecasts of all NFL games. *Id.* Plaintiffs now move pursuant to FREs 402 and 403 to preclude Defendants from bringing evidence or argument concerning "(1) how Plaintiffs became involved in this litigation and their motivation for bringing this lawsuit, Plaintiffs' relationship with their attorneys, and any reference to the litigation as being 'attorney-driven' or motivated by attorneys; and (2) that the challenged conduct has been occurring for years prior to Plaintiffs filing this case to imply that the alleged restraints have been rendered legal by the passage of time in bringing suit." *P MIL 4* 1:5–11.

II.  <u>Legal Standard</u>

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may also file a motion *in limine* to admit evidence. *See United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence ("FRE"). *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion *in limine*, however, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

FRE 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the FREs, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. FRE 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 23, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

III. <u>Discussion</u>

    A. <u>Evidence or Argument Regarding How Plaintiffs Became Involved in This Litigation, Their Motivation for Bringing Suit, and Their Relationship With Their Attorneys</u>

Plaintiffs request that the Court preclude "[a]ny evidence or argument concerning the origins of Plaintiffs' involvement in this litigation, their motivation for bringing this litigation, or their relationship with their attorneys" because it would be irrelevant and/or pose a substantial threat of unfair prejudice. *P MIL 4* 2:3–6. Based on the caselaw Plaintiffs cite, it is clear that their primary concern is eliminating any implication that the only reason Plaintiffs brought suit is because attorneys persuaded them to. Defendants concede that they "do not intend to argue that this litigation is 'attorney-driven.'" *P MIL 4 Opp.* 1:14–18.

Defendants, however, list several concerns about the scope of Plaintiffs' motion, arguing that they should be able to use "evidence of the class representatives' (and other class members') repeated subscriptions to Sunday Ticket; evidence of their ongoing satisfaction with the product; and evidence that they continued subscribing to Sunday Ticket even after becoming involved in this litigation and filing their complaints" because such evidence is relevant to "whether Plaintiffs were injured, the reasonableness of the NFL Defendants' conduct, and whether that conduct was procompetitive as opposed to anticompetitive."[3] *P MIL 4 Opp.* 1:23–2:2. The Court does not read Plaintiffs' motion to encompass these concerns, and this ruling does not determine the admissibility of such evidence.[4]

Accordingly, the Court **GRANTS** Plaintiffs' motion to the extent that Defendants cannot bring any evidence or argument concerning the origins of Plaintiffs' involvement in this

---

[3] Defendants argue that they should be able to elicit on cross examination testimony as to "whether the class representatives' level of satisfaction with the product motivated them to bring the lawsuit." *P MIL 4 Opp.* 5:17–20. When Plaintiffs discuss motivation of the class representatives in bringing this lawsuit, the Court understands them to be concerned exclusively with the implication that the class representatives were encouraged by attorneys to bring suit. Thus, when limiting evidence of Plaintiffs' motivations, the Court is not limiting the evidence of Plaintiffs' satisfaction with Sunday Ticket or whether that affected their decision to bring this case.

[4] The Court, however, does point to its rulings on Plaintiffs' motions *in limine* Nos. 2 and 3, *see* Dkts. # 1292, 1293, as they address some of the concerns the Court has about the evidence Defendants would like to bring.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 23, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

litigation, their motivation for bringing this litigation, their relationship with their attorneys, or in any way imply that the litigation is "attorney-driven."

### B. Evidence or Argument That the Challenged Conduct Is Longstanding, or Went Unchallenged Until Recently, to Imply Legality

Plaintiffs next ask that the Court preclude Defendants from "from attempting to imply, or create any inference, that because the challenged conduct has been occurring for a number of years and was not again challenged until Plaintiffs filed this case, it is, or was, legal." *P MIL 4* 4:12–15. Defendants say they "do not intend to assert that the mere passage of time dictates whether or not a given practice is anticompetitive." *P MIL 4 Opp.* 4:23–24. But Defendant asks that the Court limit the ruling so that it does not "prevent Defendants from explaining the procompetitive rationales and effects of the challenged conduct, or from asserting their well-pleaded defenses under the statute of limitations and doctrine of laches." *Id.* 5:1–4. Plaintiffs do not disagree that Defendants can explain procompetitive rationales and effects of the challenged conduct, nor do they argue that Defendants cannot assert their defenses. *See P MIL 4 Reply* 5:11–15. As the Court sees no disagreement between the parties, it **GRANTS** Plaintiffs' motion on this basis.[5]

### IV. Conclusion

For the foregoing reasons the Court **GRANTS** Plaintiffs' motion *in limine* No. 4 to the extent that:

Defendants cannot bring any evidence or argument concerning the origins of Plaintiffs' involvement in this litigation, their motivation for bringing this litigation, their relationship with their attorneys, or in any way imply that the litigation is "attorney-driven."

Defendants cannot imply, or lead the jury to infer, that because the challenged conduct has been occurring for a number of years and was not again challenged until Plaintiffs filed this

---

[5] Defendants argue that they can bring evidence that "Plaintiffs were not disgruntled customers who believed that Sunday Ticket was overpriced before filing the lawsuit" to show that Plaintiffs enjoyed and valued the product. *P MIL 4 Opp.* 3:11–13. The Court does not read Plaintiffs' request to limit argument about how long this allegedly anticompetitive behavior has been ongoing to affect such evidence, so the Court makes no determination as to its admissibility in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 15-02668 PSG (SKx) | Date | April 23, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

case, it is, or was, legal.  Nothing in this order limits Defendants' ability assert their defenses of laches and statute of limitations.

**IT IS SO ORDERED.**