
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Lynnie Fahey | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order DENYING Plaintiffs' motion to compel the production of documents improperly withheld as privileged and for limited related discovery [Dkt. # 1265].**

      Before the Court is Plaintiffs'[1] motion to compel the production of documents improperly withheld as privileged and for limited related discovery. *See generally* Dkt. # 1271-1 ("*Mot.*").[2] Defendants[3] opposed, *see generally* Dkt. # 1278-1 ("*Opp.*") and Plaintiffs replied, *see generally* Dkt. # 1287-1 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **DENIES** Plaintiffs' motion.

---

[1] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

[2] The Court cites the unredacted versions of the parties' briefs. Plaintiffs' motion itself is at Docket Entry Number 1265, NFL Defendants' opposition is at Docket Entry Number 1273, and Plaintiffs' reply is at Docket Entry Number 1281.

[3] Defendants in this action consist of: National Football League, Inc. ("NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens Limited Partnership; Buccaneers Limited Partnership; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and, Washington Football Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

I.    Background

At issue in the case is whether Defendants and their broadcast partners have conspired and entered a set of agreements that have enabled DirecTV to charge supracompetitive prices for Sunday Ticket. *Order re Defendants' Motion for Summary Judgment*, Dkt. # 1155 ("*Sum. J. Order*"), 2. Accordingly, any evidence of price fixing between Defendants and DirecTV is plainly relevant to Plaintiffs' claims.

During preparation for trial, Plaintiffs state that they discovered two "smoking gun" documents relating to the NFL's alleged control over the pricing of DirecTV's Sunday Ticket. *Mot.* 3:24–26, 6:4–17. The documents are memoranda prepared by the NFL regarding Sunday Ticket's pricing in 2001, before the NFL entered a new contractual arrangement with DirecTV, *id.* 3:11–4:26, and in 2004, before the NFL and DirecTV began negotiating a new contract for the 2006–2010 seasons, *id.* 6:4–17.

After discovering these documents, Plaintiffs then searched for other documents around the same time on Defendants' privilege logs. *Id.* 7:2–3. Many of the entries Plaintiffs identified related to documents that the Defendants claimed privilege based on the involvement of Frank Hawkins, *id.* 7:3–5, who was employed at the NFL from 1993 to 2008, *Declaration of Frank Hawkins*, Dkt. # 1273-5 ("*Hawkins Decl.*"), ¶ 6. While he initially worked in the NFL's Washington, D.C. office, where he was licensed to practice law, he moved to New York in 2000. *Hawkins Decl.* ¶¶ 3, 7.

After their review of the privilege logs, Plaintiffs further investigated Mr. Hawkins. *Declaration of Ian Gore*, Dkt. # 1271-2 ("*Gore Decl.*"), ¶ 2. Plaintiffs determined that Mr. Hawkins had never been licensed to practice in New York. *Id.* ¶ 2. Further, Plaintiffs found a discrepancy in Mr. Hawkins' job title on the NFL's privilege logs. *Id.* ¶ 3. Although Defendants listed his title as "Senior Vice President, Legal and Business Affairs," Plaintiffs determined that title used by Mr. Hawkins during most of his tenure with the NFL was "Senior Vice President, Business Affairs."[4] *Id.* Given his title and his move to New York, it became unclear to Plaintiffs whether the primary purpose of Mr. Hawkins' input constituted legal or business advice. *See Mot.* 7:2–11.

---

[4] Mr. Hawkins states that his "last official title at the NFL, from approximately 1999 onward, was 'Senior Vice President, Business Affairs,'" but before that title change, [his] title had been 'Vice President, Legal – Enterprises, Broadcast, and Finance.'" *Hawkins Decl.* ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

On January 16, 2024, Plaintiffs raised their concerns with Defendants. *Id.* 7:12–16; *see also Gore Decl.* ¶ 24, Ex. 18. The parties met and conferred. *See Declaration of Jeremy S. Barber*, Dkt. # 1273-1 ("*Barber Decl.*"), ¶ 13. As a result, Defendants agreed to produce many of the challenged documents and serve revised privilege logs. *Id.* ¶ 15. Identifying issues of privilege designations related to Mr. Hawkins led Plaintiffs to re-examine the entirety of Defendants' privilege logs. *See Mot.* 8:1–7. Plaintiffs then identified and challenged several hundred entries on the Defendants' privilege logs. *Barber Decl.* ¶ 16. The parties continued to meet and confer regarding the challenged entries, again resulting in Defendants producing hundreds of documents and serving revised privilege logs. *Id.* ¶¶ 16–18; *Gore Decl.* ¶ 5.

Plaintiffs now raise numerous challenges to privilege designations made by Defendants on their initial and supplemental privilege logs. Plaintiffs argue that Defendants have asserted privilege in an overly broad way, demonstrated by the fact that Defendants have turned over hundreds of documents based on their challenges. *See Mot.* 8:16–19. Further, Plaintiffs argue that any document withheld on the basis of Mr. Hawkins is inherently suspect. *See id.* 19:14–15. Accordingly, Plaintiffs move for the following relief: (1) an *in camera* review of approximately 100 withheld or redacted documents to ensure the primary purpose of the privilege claim was legal advice rather than business advice, *Mot.* 13:5–23:8; (2) an order to compel the immediate production of another set of approximately 100 privileged documents because Defendants waived privilege by failing to include sufficient information to assess their claim of privilege, *id.* 23:9–24:15; (3) an order to appoint a special master to oversee Defendants' review of their entire privilege log, approximately 7,500 entries, *id.* 24:16–25:13; and (4) an order re-opening discovery to permit up to three depositions based on the documents produced, *id.* 25:14–23. *See also Proposed Order*, Dkt. # 1265-14 ("*Proposed Order*").

II. <u>Legal Standard</u>

Although neither the Federal Rules of Civil Procedure nor the Local Rules sets a deadline to file motions to compel, "broad discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may not unduly delay in filing motions to compel no matter their merit." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018); *see also Green Aire for Air Conditioning W.L.L. v. Salem*, No. 118CV00873LJOSKO, 2020 WL 58279, at *2 (E.D. Cal. Jan. 6, 2020) ("[M]otions to compel filed after the close of discovery generally are deemed untimely." (citation omitted)). Indeed, the Court's case management order explicitly states: "Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut‑off date to permit the responses to be obtained before that date, if the motion is granted." *Order for Jury Trial*, Dkt. # 435, 2:24–28 (emphasis removed).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

Accordingly, "[u]ntimeliness is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc.*, 344 F. Supp. 3d at 1136 n.1; *Brown v. Taylor*, No. CV 22-9203 MEMF (KS), 2023 WL 9319053, at *4 (C.D. Cal. Dec. 14, 2023). "As with all decisions governed by discretion, timeliness must be determined based on the circumstances specific to each case. But a district court's decision to hold litigants to the clear terms of their scheduling orders is not an abuse of discretion." *KST Data, Inc.*, 344 F. Supp. 3d at 1136 n.1.

Further, under Federal Rule of Civil Procedure 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The party seeking to continue or extend the deadlines bears the burden of proving good cause." *Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-2953-BAS(BGS), 2014 WL 3014720, at *2 (S.D. Cal. July 3, 2014) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id*; *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("[D]eclin[ing] to limit the district court's ability to control their docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent."). Although prejudice to the non-moving party might supply additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

II.   Discussion

Plaintiffs argue that their motion to compel is timely under Rule 26(e) because it "imposes a continuing obligation to supplement discovery responses, including privilege logs required by Rule 26(b)(5)," which extends even after the discovery period has closed. *Mot.* 9:2–17. Plaintiffs insist that their diligence "is only relevant under Rule 16 to the extent it is necessary to modify the scheduling order to permit the Magistrate Judge assigned to this case or a Special Master to oversee the review of the remainder of their privilege log and, on the basis of any produced documents, order any additional depositions that may be required after the discovery cut-off." *Reply* 2:9–13. Implicitly, Plaintiffs assert that Plaintiffs' timeliness or diligence is irrelevant to the Court's analysis of whether it should grant their motion to compel production of over 200 documents. *See Reply* 2:4–7 ("Rule 26(e) to produce non-privileged documents—an obligation that is self-executing under Rule 37 and does not depend in any way . . . on Plaintiffs' diligence.").[5]

The Court disagrees with Plaintiffs' premise that their diligence only pertains to whether the Court decides to appoint a special master or reopen discovery. If Plaintiffs' logic were correct, then a party could always circumvent the discovery deadlines established by the Court and raise motions to compel at any time simply by asserting that the opposing party failed to supplement.

Further, regardless of whether Defendants have an obligation to supplement their discovery after the close of discovery, Plaintiffs have not provided any binding authority that allows them to file a motion to compel for invalid discovery responses at any time.[6] *See Greater*

---

[5] The self-executing sanction referred here by Plaintiffs is Rule 37(c), which specifically references Rule 26(e). It provides that if a party fails to adhere to its obligations under Rule 26(e), the party "is not allowed to use that information [ ] to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This self-executing sanction has nothing to do with the relief Plaintiffs seek or motions to compel. It could be potentially relevant if Plaintiffs or Defendants attempted to belatedly produce documents it withheld during discovery under the guise of supplementation. But that is not presently at issue.

[6] Plaintiffs' cases do not support this proposition. *See Mot.* 9:5–17. In *Trilegiant Corp. v. Sitel Corp.*, before the close of fact discovery, the court ordered a supplemental production under Rule 26(e) when a previous discovery order indicated that a certain type of document was not privileged and defendant failed to supplement its discovery in light of the Court's guidance. No. 09 CIV. 6492 BSJ JCF, 2012 WL 1883343, at *4 (S.D.N.Y. May 22, 2012). While fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

*Oceans, Inc. v. Thorstenson*, No 2:20-cv-11340-MEMF-PLAx, 2023 WL 3553152, at *6 (C.D. Cal. Mar. 29, 2023) ("[Plaintiff] has presented no binding authority—Ninth Circuit or otherwise—holding that every incomplete or incorrect discovery response shall be treated as a violation of the duty to supplement and therefore trigger the ability to file a motion to compel at any time."). And Plaintiffs certainly have not provided any authority stating that the Court may not assess the timeliness—namely Plaintiffs' diligence—in determining whether their motion to compel under Rule 26(e) should be granted. *Cf. Packman v. Chicago Trib. Co.*, 267 F.3d 628, 647 (7th Cir. 2001) ("In light of her lack of diligence in pursuing the perceived inadequacies in discovery, the district court did not abuse their discretion in denying [plaintiff's] motion to compel as untimely."); *Cloudofchange, LLC v. Lightspeed Pos, Inc.*, No. 2:23-MC-00105-PA-BFM, 2023 WL 6172892, at *3 (C.D. Cal. Aug. 31, 2023) ("A party's lack of diligence in pursuing discovery and in filing discovery motions is not a reason to find exceptional circumstance. And nothing demonstrates to the Court that exceptional circumstances exist to hear this untimely Motion now."). Just as Rule 26(e) provides no safe harbor to parties for belated productions that they could have made sooner with due diligence, *see In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1358 (N.D. Ga. 2012), it provides no safe harbor for belated motions to compel that could have been raised sooner with due diligence.

Accordingly, the Court will not divorce an assessment of Plaintiffs' timelines or diligence from their analysis of Plaintiffs' motion to compel. And it finds, as described below, that Plaintiffs have not shown diligence in identifying or raising the present issues before the Court and that their motion to compel is untimely.

Plaintiffs raised their present concerns regarding Defendants' initial and supplemental privilege logs on January 16, 2024, a month before trial was set to begin.[7] Plaintiffs, however, could have raised their concerns far earlier if they had diligently reviewed Defendants discovery responses.

---

discovery was closed in *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, Plaintiff brought its motion to compel under Rule 26(e), while summary judgment was pending, after it discovered defendant withheld emails from a certain time period when it submitted a relevant email from that time period with its summary judgment motion. 272 F.R.D. 350, 354, 357–360 (W.D.N.Y. 2011). Neither case states that a parties' diligence or the motion's timeliness is irrelevant to the inquiry.

[7] Before the Court continued the trial to June 2024 at a status conference on January 23, 2024, Dkt. # 1202, trial had been scheduled to begin on February 22, 2024, Dkt. # 950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

Defendants produced the alleged "smoking gun" documents—that led to Plaintiffs' re-review of Defendants' privilege logs—to Plaintiffs on December 30, 2021 and January 31, 2022 respectively. *See Barber Decl.* ¶ 6. While the Court understands the lack of metadata made the initial searching more difficult, *Gore Decl.* ¶¶ 15, 22, it is unclear why these documents could not have been discovered earlier. For example, between May and August 2022, Plaintiffs conducted 15 depositions of current and former NFL employees and introduced documents with similar metadata at the NFL's depositions, indicating that Plaintiffs could have located these documents. *Barber Decl.* ¶ 10. And the fact that they were identified for the first time during the lead up to the February 2024 trial date further shows that the documents could have been found through targeted search terms or a detailed review of the production.

But even if Plaintiffs did not identify these documents, Plaintiffs could have raised the challenges to Defendants' initial and supplemental privilege logs produced before the close of fact discovery. On March 2, 2022, Defendants served Plaintiffs their initial privilege. *Id.* ¶ 7. The parties met and conferred about concerns in the initial privilege log in April, which resulted in Defendants downgrading and producing a number of documents. *Id.* Defendants then served Plaintiffs their supplemental privilege log on June 21, 2022. *Id.* at ¶ 8. Fact discovery closed August 5, 2022. *See generally* Dkt. # 434. Plaintiffs, however, moved the Court to permit limited discovery on this privilege log, which the Court granted. Dkt. # 607. Despite the additional time allowed by the Court, the parties resolved their disputes on the supplement privilege log by the end of August 2022. *Barber Decl.* ¶ 9; *see also id.* ¶ 23, Ex. 3, Dkt. # 1278-3.

Plaintiffs provide no reason as to why it could identify the approximately 100 entries on Defendants' supplemental privilege log that are "missing the most basic information needed to assess the claim" of privilege earlier. *Mot.* 23:9–15. Plaintiffs argue these entries contain insufficient information. Had Plaintiffs diligently reviewed the supplemental privilege log upon receipt or even when the Court granted it additional time to review the log, Plaintiffs likely could have identified these "deficient" entries. *See id.* 23:9–24:15. Plaintiffs certainly had no reason to wait until January 2024 to challenge entries provided in June 2022 that did not include information to determine if privilege had been invalidly asserted.

As to Plaintiffs' claims regarding the entries including Mr. Hawkins, the Court also questions the delay in raising the issue. Plaintiffs took Mr. Hawkins' deposition on August 2, 2022. *Barber Decl.* ¶ 35, Ex. 15, *Excerpted Deposition Transcript of Frank Hawkins*, Dkt. # 1278-13 ("*Hawkins Dep.*"). Plaintiffs went through his background—and presumably researched it ahead of time. *See id.* 14:11–19:11. Plaintiffs were on notice of his dual role if not before then certainly after his deposition. For example, when asked whether his first position

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 25, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

with the NFL "was more of a legal or more of a business position," Mr. Hawkins testified that "[i]nitially it was more legal," implying that his role changed to more of a business position. *Id.* 18:16–19. Plaintiffs also point out that Defendants incorrectly labeled Mr. Hawkins title in their privilege logs to state "Senior Vice President, Legal and Business Affairs." *Gore Decl.* ¶ 3. But at his deposition, he testified that his final title was "Senior Vice President of Business Affairs." *Hawkins Dep.* 19:2–6. And Plaintiffs concede that "neither Mr. Hawkins' own recitation of his title, nor the NFL's initial disclosures in this case, nor the NFL's use of Mr. Hawkins in other litigation [] include that extra 'Legal' in his title." *Mot.* 17:9–11. Plaintiffs were on notice before and after his deposition in August 2022 about the inconsistency in his title yet failed to raise any concern until the eve of trial in January 2024. It strains credulity that Plaintiffs reliance on his title in the NFL's privilege log prevented them from asking about his role in his deposition, particularly given that Defendants' description in the privilege was inconsistent with Defendants' other representations and his own testimony.

Plaintiffs argue that they have been diligent because they (1) "diligently pursued discovery, including pursuing 120 requests for production of documents, numerous third-party subpoenas, several motions to compel (including motions regarding the NFL's privilege logs), and more than 30 depositions" and (2) "diligent[ly] review[ed] the millions of pages of documents produced in this case." *Mot.* 10:8–13 (citing *Gore Decl.* ¶ 6); *Reply* 10:10–15. Plaintiffs' first argument is a non sequitur. Plaintiffs' efforts in pursuing discovery does not equate to diligence in reviewing and evaluating the discovery they received. As to Plaintiffs' second argument, even if that were the case—and the Court is skeptical that it is—Plaintiffs failed to diligently review and follow up on Defendants' initial and supplemental privilege logs.

The Court thus finds Plaintiffs' motion to compel untimely and that Plaintiffs' have not demonstrated good cause to re-open discovery.

For the foregoing reasons, Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**