UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 26, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Lynnie Fahey | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order DENYING Defendants' motion *in limine* No. 4.  DKT [1114]

   Before the Court is Defendants'[1] motion *in limine* No. 4 to exclude evidence of the pricing arrangements for nflsundayticket.TV.  *See generally* Dkt. # 1145 ("*D MIL 4*").[2] Plaintiffs[3] opposed, *see generally* Dkt. # 1212-1 ("*D MIL 4 Opp.*"), and Defendants replied, *see* Dkt. # 1252-1 ("*D MIL 4 Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court **DENIES** Defendants' motion *in limine* No. 4.

---

[1] Defendants in this action consist of:  National Football League, Inc. ("NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens LP; Buccaneers LP; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and, Washington Football Inc.

[2] The Court cites the unredacted versions of the parties' briefs.  Defendants' motion itself is at Docket Entry Number 1114, Plaintiffs' opposition is at Docket Entry Number 1175, and Defendants' reply is at Docket Entry Number 1227.

[3] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 26, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

I. <u>Background</u>

This is an antitrust suit where Plaintiffs allege that Defendants have entered a set of agreements with each other and their broadcast partners—DirecTV, CBS, and FOX—that suppress the output of telecasts of out-of-market professional football games. *See Order re Defendants' Motion for Summary Judgment*, Dkt. # 1155 ("*Sum. J. Order*"), 2. The alleged outcome of these agreements is that DirecTV has been able to charge supracompetitive prices for Sunday Ticket, a subscription package that provides telecasts of all NFL games. *Id.*

The NFL and DirecTV, as part of the NFL-DirecTV Agreement directly at issue in the case, agreed to create a limited offering, nflsundayticket.TV (".TV"). *See Declaration of Farhad Mirzadeh*, Dkt. # 1175-1 ("*Mirzadeh Decl.*"), ¶ 4, Ex. 2, *Letter re DirecTV Agreement*, Dkt. # 1212-3 ("*DirecTV Agreement*"), NFL_0000476–77. The purpose of .TV was to offer Sunday Ticket over the internet to customers who lacked the ability to receive DirecTV's satellite service. *Deposition of Brian Rolapp*, Dkt. # 1000-25 ("*Rolapp Dep. Tr.*"), 182:3–184:24; *Mirzadeh Decl.* ¶ 3, Ex. 1, *Deposition Excerpts of Brent Lawton*, Dkt. # 1212-2 ("*Lawton Dep. Tr.*"), 53:23–54:8. To do so, the NFL and DirecTV, agreed to let DirecTV come up with a business plan to reach those customers. *DirecTV Agreement* at NFL_0000476–77; *see also Declaration of Anastasia Pastan*, Dkt. # 1130 ("*Pastan Decl.*"), ¶ 3, Ex. 3, *Deposition Excerpts of James Dyckes*, Dkt. # 1153-2 ("*Dyckes Dep. Tr.*"), 47:17–48:5. The NFL maintained the right to approve all elements of the business plan, including price. *DirecTV Agreement* at NFL_0000476–77; *Dyckes Dep. Tr.* 47:17–48:5, 51:8–52:5.

As Defendants concede that "there are some similarities between [Sunday Ticket and .TV] that could be relevant," *D MIL 4* 1:16–18, Defendants move to narrowly exclude "evidence regarding the distinct pricing arrangements applicable to [.TV]" under Federal Rules of Evidence ("FRE") 401, 402, and 403, *id.* 1:1–3.

II. <u>Legal Standard</u>

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may also file a motion *in limine* to admit evidence. *See United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the FREs. *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion *in limine*, however, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 26, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

FRE 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the FREs, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  FRE 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  The FRE 403 balancing inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015).

III. <u>Discussion</u>

Defendants argue that evidence of .TV's pricing arrangement is not relevant because "its pricing says nothing about *Sunday Ticket's* pricing" as ".TV was a distinct product governed by a separate contract." *D MIL 4* 1:27–2:1.  Defendants also point to Plaintiffs choice to exclude .TV subscribers from its class definition to demonstrate that "the NFL's role in the pricing of the .TV product" lacks relevance. *Id.* 2:1–7.  Lastly, Defendants argue that the prejudice of the evidence of the NFL's role in .TV pricing outweighs the probative value because it "would create substantial risks of confusing the jury" and would distract the jury from the set of agreements at issue in this case by forcing Defendants to "explain why and how .TV and the contracts governing it were distinct from the Sunday Ticket contracts." *Id.* 2:8–3:2.

The Court disagrees.  Evidence of the .TV pricing arrangement is relevant to Plaintiffs' claims.

First, .TV is an alternative channel of distribution of Sunday Ticket as .TV provides the same Sunday Ticket package, but over the internet and only available to certain customers.  The pricing arrangement of .TV is thus relevant to supply, demand, and the price of Defendants' out-of-market telecasts.

Second, Defendants' argument that because .TV is "governed by a separate contract, its pricing says nothing about *Sunday Ticket's* pricing," *D MIL 4* 1:26–2:1, is unpersuasive.  Even if a separate contract governs the .TV business plan, .TV originated in the NFL-DirecTV Agreement. *DirecTV Agreement* NFL_0000476–77; *see also Lawton Dep. Tr.* 51:21–52:5 ("[T]he idea of the .tv offering was part of the 2014 [Sunday Ticket] agreement."); *see also*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | April 26, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

*DirecTV Agreement* NFL_0000468, NFL_0000476 (showing that as part of the agreement, DirecTV paid rights fees to distribute via broadband). .TV is therefore directly linked to an agreement at issue.

And third, Defendants' role in Sunday Ticket pricing is a key issue at trial. As the Court discussed in its summary judgment order, the interlocking agreements at issue must be viewed holistically. *Sum J. Order* 8; *see also Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) ("The character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." (cleaned up)). As a result, the Court will not exclude an aspect of one of the agreements that is probative of Sunday Ticket pricing. Although Defendants emphasize that the NFL-DirecTV Agreement "provided only that DirecTV could propose a 'business plan' for distribution of what became the .TV product," *D MIL 4 Reply* 3:1–9, the NFL retained the right to approve all elements of the business plan, including price. *DirecTV Agreement* NFL_0000476–77; *Dyckes Dep. Tr.* 51:8–52:5. The fact that Defendants negotiated to have a role in the pricing of .TV in the NFL-DirecTV Agreement is probative to Plaintiffs' claim that Defendants maintained a role in the pricing of Sunday Ticket.

The Court also does not share Defendants' concern that the prejudice of introducing evidence of .TV's pricing arrangement would substantially outweigh the probative value of the evidence. Given the relevance of .TV, it will not be a distracting or time-wasting endeavor for Defendants to introduce evidence explaining the differences between .TV and Sunday Ticket and distinguishing the pricing authority.

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion *in limine* No. 4.

**IT IS SO ORDERED.**