# EXHIBIT 1

# To the Declaration of Ian M. Gore



130 West 42nd Street, 24th Floor
New York, New York 10036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

May 12, 2022

**VIA EMAIL**

Ian M. Gore
Susman Godfrey L.L.P.
1201 Third Avenue
Suite 3800
Seattle, WA 98101

**Re:** *In re National Football League's Sunday Ticket Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx) (C.D. Cal.)

Dear Ian:

The NFL Defendants write this letter pursuant to Local Rule 37-1 to address appropriate time limitations for the depositions of the following individuals: Roger Goodell, Paul Tagliabue, Robert Kraft, Jerry Jones, and Jed York. The NFL Defendants propose a meet and confer to address this issue on May 16, 2022 at 3:00 PM. If that day does not work for you, please propose an alternative within the time period allowed by Local Rule 37-1.

"Federal Rule of Civil Procedure 26(c)(1) provides that '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including by prohibiting a deposition or limiting its scope." *Ahlman v. Barnes*, 2021 WL 1570838, at *4 (C.D. Cal. Mar. 9, 2021) (quoting Fed. R. Civ. P. 26(c)(1)(A)-(B)). In particular, courts often exercise their "authority under the federal rules to limit discovery" from apex witnesses, *i.e.*, "official[s] at the highest level . . . of a corporation." *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007).

Here, it is beyond dispute that the five individuals identified above constitute apex witnesses, given that they are or were all officials at the highest level of their corporation. Roger Goodell is the present Commissioner of the NFL, sitting at the head of the organization and at the top of the League's reporting structure. Paul Tagliabue is the former Commissioner of the NFL, and thus is an apex witness for all the reasons that apply to Roger Goodell. *See Moyle v. Liberty Mut. Ret. Ben. Plan*, 2012 WL 5373421, (S.D. Cal. Oct. 13, 2012) ("Former executives . . . are within the scope of the apex doctrine."). Robert Kraft and Jerry Jones are the owners of their respective NFL Clubs, and Jed York is the Chief Executive Officer of his respective club.

Given their positions at the highest level of their respective organizations, reasonable limits on the duration of their depositions are appropriate. "[T]he burden is placed on the party seeking the deposition to show extraordinary circumstances justify the deposition because such discovery creates 'a tremendous potential for abuse or harassment' that may require the court's intervention for the witness's protection under Rule 26(c)." *Estate of Silva by and through Allen v. City of San*

*Diego*, 2021 WL 211613, at *2 (S.D. Cal. Jan. 21, 2021). In deciding whether to limit the scope and duration of a deposition of an apex witness, "courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Hunt v. Cont'l Casualty Co.*, 2015 WL 1518067, *2 (N.D. Cal. Apr. 3, 2015). These factors support limiting the duration of these five witnesses.

"[C]ourts generally require the party noticing the deposition to make at least some preliminary showing that the deponent has unique, non-repetitive, first-hand knowledge of facts at issue in this case." *Iacono v. Int'l Bus. Machines Corp.*, 2019 WL 2932638, at *3 (C.D. Cal. Jan. 8, 2019). Here, Commissioner Goodell, Mr. Kraft, and Mr. Jones primarily serve in oversight roles, supervising the work of those in the NFL's Media Department who handle the negotiations and strategic decision-making for both the NFL Sunday Ticket package and broadcasting issues more generally. Former-Commissioner Tagliabue similarly served in a supervisory role, and his term as Commissioner ended nearly five years before the beginning of the proposed class period. And Jed York has incredibly minimal involvement with the NFL Sunday Ticket package, having never even served on the relevant NFL committee that has jurisdiction over the NFL's broadcasting agreements.[1]

Moreover, Plaintiffs will be able to obtain relevant information through less intrusive means. Plaintiffs' deponent list includes high-ranking individuals from the Media Department covering the past 21 years, all of whom have direct and first-hand knowledge of issues relevant to the NFL Sunday Ticket package. Those witnesses include, among others, Brian Rolapp (Chief Media & Business Officer since March 2017 and employed at the NFL since 2003), Hans Schroeder (Executive Vice President & Chief Operating Officer, NFL Media since October 2019 and employed at the NFL since 2001), Kevin LaForce (Senior Vice President of Media Strategy & Business Development from 2017 to 2021 and employed at the NFL since 2007), and Cathy Yancy (Vice President, Broadcasting since 2002), among others. Further, Plaintiffs have served a Rule 30(b)(6) deposition notice directed at the NFL, which seeks to require corporate testimony on a broad range of issues relevant to this case, further obviating the need for testimony from the apex witnesses. *See Estate of Silva by and through Allen*, 2021 WL 211613, at *5 (acknowledging that Plaintiffs were obligated to articulate why Rule 30(b)(6) depositions were incapable of providing the information necessary for Plaintiffs' case in lieu of deposing apex witnesses). All of these witnesses, and others, together will provide relevant information to Plaintiffs about the NFL's broadcasting system, with the current and former Commissioner and the NFL member Club owners having limited unique knowledge not possessed by these other witnesses. As such, seven-hour depositions of the five aforementioned apex witnesses would be unnecessary, duplicative, and cumulative.

---

[1] Given that Mr. York's sole relevance apparently boils down to a one-hour podcast on which he is quoted making general statements about broadcasting unrelated to the NFL Sunday Ticket package, we presume Plaintiffs have no intention of using the seven hours of deposition time with this witness and include him in this letter only to confirm that position.

2

Finally, and separate and apart from the apex doctrine, the analytical framework of Rule 26(b)(2) supports the NFL Defendants' position that limiting the duration of the depositions of the five deponents is appropriate. *See Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D. Cal. 2010) (noting that courts can shorten the length of a deposition under Rule 30 for good cause); *see also Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). Here, the "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" and "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case." *See Authentec, Inc.*, 2008 WL 5120727 at *1 (citing Fed. R. Civ. P. 26(b)(2)). Subjecting each of these individuals to seven hours of deposition time is unreasonable.

In the interest of compromise, and reserving all rights, the NFL Defendants are willing to make Roger Goodell, Paul Tagliabue, Robert Kraft, Jerry Jones, and Jed York each available for three hours of questioning by Plaintiffs. The NFL Defendants make this offer with the knowledge that the case law supports the grant of a protective order to withhold the deposition of these individuals altogether. The NFL Defendants look forward to reaching agreement on this issue.

Sincerely,

Jeremy Barber

3