## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 2, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Lynnie Fahey | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):      Order GRANTING Defendants' motion *in limine* No. 2.  [1108]**

Before the Court is Defendants'[1] motion *in limine* No. 2 to exclude reference to prior lawsuits not involving either party.  *See generally* Dkt. # 1143 ("*D MIL 2*").[2]  Plaintiffs[3] opposed, *see generally* Dkt. # 1192 ("*D MIL 2 Opp.*"), and Defendants replied, *see* Dkt. # 1225 ("*D MIL 2 Reply*").  After considering the parties' papers and listening to the arguments made during the hearing held on May 2, 2024, the Court **GRANTS** Defendants' motion *in limine* No. 2.

---

[1] Defendants in this action consist of:  National Football League, Inc. ("NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens LP; Buccaneers LP; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and, Washington Football Inc.

[2] The Court cites the unredacted version of the Defendants' motion.  Defendants' motion itself is at Docket Entry Number 1108.

[3] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 2, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

## I.   Background

This is an antitrust suit where Plaintiffs allege that Defendants have entered a set of agreements with each other and their broadcast partners—DirecTV, CBS, and FOX—that suppress the output of telecasts of out-of-market professional football games. *See Order re Defendants' Motion for Summary Judgment*, Dkt. # 1155 ("*Sum. J. Order*"), 2. The alleged outcome of these agreements is that DirecTV has been able to charge supracompetitive prices for Sunday Ticket, a subscription package that provides telecasts of all NFL games. *Id.*

Defendants move to exclude evidence and argument discussing lawsuits in which neither Plaintiffs nor the NFL were involved under Federal Rules of Evidence ("FRE") 402, 403, and 702. *D MIL 2 Reply* 1:1–3; *D MIL 2* 1:1–21. Specifically, Defendants seek to bar Plaintiffs from discussing following lawsuits: *NCAA v. Board of Regents of University of Oklahoma*, 468 U.S. 85 (1984) ("*NCAA v. Board of Regents*"); *Garber v. Office of the Commissioner of Baseball*, 2016 WL 749950 (S.D.N.Y. Jan. 22, 2016) ("*Garber*"); *Laumann v. National Hockey League*, 907 F. Supp. 2d 465 (S.D.N.Y. 2012) ("*Laumann*"); *Madison Square Garden, L.P. v. National Hockey League*, 2008 WL 4547518 (S.D.N.Y. Oct. 10, 2008); and *Chicago Professional Sports Ltd. Partnership v. National Basketball Association*, 754 F. Supp. 1336 (N.D. Ill. 1991), *aff'd*, 961 F.2d 667 (7th Cir. 1992) (collectively, "Non-NFL Lawsuits"). *D MIL 2 Reply* 1 n.1. Defendants have no objection to Plaintiffs making "comparisons to the practices of other sports leagues" or relying on any admissible underlying facts of the lawsuits. *Id.* 1:6–11. They assert that the "requested relief is narrow" as they only seek to preclude Plaintiffs from arguing "that because other plaintiffs prevailed in other cases involving other sports leagues, they deserve to prevail here." *Id.* 1:3–5.

## II.   Legal Standard

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may also file a motion *in limine* to admit evidence. *See United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the FREs. *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion *in limine*, however, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 2, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

FRE 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the FREs, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  FRE 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The FRE 403 balancing inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues.  *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015).

III.    Discussion

Regardless of whether Plaintiffs' experts' references to the Non-NFL Lawsuits are improper under FRE 702, *See D MIL 2 Reply* 2:2–5, the Court finds that the risk of prejudice of introducing the existence of and the legal conclusions, outcomes, or opinions from the Non-NFL Lawsuits outweighs the probative value.  This is particularly so as the Court will allow Plaintiffs to rely on the underlying facts of the Non-NFL Lawsuits, make comparisons with other sports leagues, and use college football as an analog.

For instance, at trial, Plaintiffs' experts will make comparisons to the college football broadcast market before and after *NCAA v. Board of Regents*, which is permissible.  But the Court fears that allowing discussion of the *NCAA v. Board of Regents* opinion could allow Plaintiffs to suggest that if the jury finds that the pre-*NCAA v. Board of Regents* college football market is similar to the current NFL broadcasting arrangement, it should also find, as the Supreme Court did, that Defendants violate the Sherman Act.  The prejudicial risk that the jury may give undue weight to the Supreme Court's decision is heightened given the complexity of this case.  Further, allowing discussion of the case may confuse issues and waste time by leading to tangents about the Supreme Court's opinion in *NCAA v. Board of Regents*.  And the Court finds no benefit in allowing the parties to distinguish legal precedent from unrelated cases in front of the jury.

The Court finds the risk of prejudice particularly unwarranted because Plaintiffs can make their arguments without relying on the existence of and the legal conclusions, outcomes, or opinions from the Non-NFL Lawsuits.  For example, Plaintiffs can frame the impact of *NCAA v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 2, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

*Board of Regents* on the NCAA broadcast market as "before 1984" and "after 1984."[4]  *See e.g.,
Expert Report of Daniel A. Rascher*, Dkt. # 962–4, ¶ 326 ("The analogy between college football
after 1984 and the but-for world in this matter makes sense because there are strong similarities
in terms of economic factors between major college football in the US, and the yardstick that
exists within it, and the NFL."); *Rebuttal Expert Report of Leonard F. DeLuca*, Dkt. # 962-30,
¶ 48.1 ("The NCAA in 1984:  The consequence of removing broadcasting restraints was an
explosion in college-football telecasts.").

Further, none of Plaintiffs' authority stand for the proposition that earlier lawsuits
between non-parties have any relevance to the current dispute.  *See D MIL 2 Opp.* 4:1–8.
Plaintiffs' cases only reflect that prior or pending cases and settlements *between the parties* may
be relevant.  *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 4560071, at *9
(N.D. Cal. Aug. 22, 2016) (allowing evidence of a prior and co-pending litigation between the
parties as relevant to damages and a defense against willful infringement); *Drummond Coal
Sales, Inc. v. Norfolk S. Ry. Co.*, No. 7:16-cv-489, 2019 WL 3307850, at *7 (W.D. Va. July 22,
2019) (finding that "[c]ertain issues and facts related to the dispute that formed the basis for the
2009 settlement [between the parties] are relevant in contextualizing the present dispute between
the parties").[5]

And lastly, the Court has found that "neither party can bring evidence or argument about
injunctive relief."  *Order re Plaintiffs' MIL No. 2*, Dkt. # 1292, 3.  The Court will not allow
Plaintiffs to circumvent that decision by introducing evidence of the injunctive relief imposed in
*NCAA v. Board of Regents*.  *See D MIL 2 Opp.* 2:14–17 ("Simply put, the restraints at issue in
[*NCAA v. Board of Regents*], what was found to be anticompetitive and unlawful about those

---

[4] The Court has no issue with Plaintiffs' experts expressing their opinion that the NCAA's pre-
1984 telecast market was anticompetitive and will caution Defendants in challenging Plaintiffs'
opinions.  For example, if Defendants challenge Dr. Rascher's opinion that the NCAA market
before 1984 was anticompetitive, then they open the door to evidence of *NCAA v. Board of
Regents*.  Plaintiffs, however, may not state that the reason for their opinion is that the Supreme
Court found that market, which is similar to the NFL's current arrangement, anticompetitive.

[5] *See also United States v. Boulware,* 384 F.3d 794 (9th Cir. 2004) (finding state court judgment
involving defendant relevant to the defendant's defense); *Twentieth Century Fox Film Corp. v.
Brookside Theatre Corp.*, 194 F.2d 846 (8th Cir. 1952) (evidence of the primary record in a
previous case "was admitted as against defendants in the instant action who were also defendants
in the [previous] case, pursuant to a provision of the so-called Clayton Act, 15 U.S.C. § 16.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | | Date | May 2, 2024 |
|---|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | | |

restraints, and what happened to the broadcast market and competition *before and after those restraints were enjoined* is central to Plaintiffs' case on liability, impact, and damages.").

IV.    Conclusion

     For the foregoing reasons, the Court **GRANTS** Defendants' motion *in limine* No. 2.  The Court's decision does not foreclose Plaintiffs from relying on the underlying facts of the Non-NFL Lawsuits, making comparisons with other sports leagues, or using college football as an analog.  Plaintiffs, however, may not introduce the existence of and the legal conclusions, outcomes, or opinions from the Non-NFL Lawsuits.

     **IT IS SO ORDERED.**