| | |
|---|---|
| WALKER STEVENS CANNOM LLP<br>Hannah L. Cannom (SBN 245635)<br>hcannom@wscllp.com<br>Bethany M. Stevens (SBN 245672)<br>bstevens@wscllp.com<br>500 Molino Street #118<br>Los Angeles, CA 90013<br>Telephone:   (213) 337-9972<br>Facsimile:    (213) 403-4906 | WILSON SONSINI GOODRICH & ROSATI<br>AMIT Q. GRESSEL (SBN 307663)<br>One Market Plaza, Spear Tower Suite 3300<br>San Francisco, CA 94105<br>Telephone:  (415) 947-2000<br>Email: agressel@wsgr.com |
| *Attorneys for Non-Party Apple Inc.* | *Attorneys for Non-Parties Google LLC and YouTube, LLC* |

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**EX PARTE APPLICATION OF CERTAIN NON-PARTIES TO REQUEST PERMISSION TO BE HEARD AT THE FINAL PRETRIAL CONFERENCE REGARIDNG USE OF NON-PARTY CBI AT TRIAL**<br><br>Judge: Hon. Philip S. Gutierrez<br>Pretrial-Conference Date: 5/16/2024<br>Trial Date: 6/5/2024 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Non-Parties, Apple Inc. ("Apple"), Amazon.com, Inc. ("Amazon"), CBS Corporation ("CBS")[1], Comcast Corporation ("Comcast"), NBCUniversal Media LLC ("NBCU"), Google LLC and YouTube, LLC ("YouTube"), RedBird Capital Partners Management LLC, EverPass Media LLC, Verizon Corporate Services Group ("Verizon"), Fox Broadcasting Company ("Fox"), and DIRECTV, LLC and DIRECTV Holdings LLC ("DirecTV") (together, the "Non-Parties") by and through their undersigned counsel, hereby respectfully move this Court *ex parte* for an order granting permission for the Non-Parties to appear and be heard at the Final Pretrial Conference regarding use of Non-Party confidential business information ("CBI") at trial.

The Non-Parties seek *ex parte* relief due to the imminent Final Pretrial Conference and the parties' refusal to agree to any standardized process or procedure governing the use of Non-Party CBI at trial. This is the Non-Parties' first *ex parte* application, and the requested relief does not impact any deadlines.

This *Ex Parte* Application is based upon this Application, the attached Memorandum of Points and Authorities, the Declarations of Hannah L. Cannom in Support of the Application ("Cannom Decl"), Ramie O. Snodgrass in Support of the Application ("Snodgrass Decl."), Yehudah L. Buchweitz in Support of the Application ("Buchweitz Decl."); Amit Gressel in Support of the Application ("Gressel Decl."), Erika H. Warren in Support of the Application ("Warren Decl."); Brandon Marvisi in Support of the Application ("Marvisi Decl."); John E. Schmidtlein in Support of the Application ("Schmidtlein Decl."); Gregory S. Morrison in Support of the Application ("Morrison Decl.") and Jeffery A.N. Kopczynski ("Kopczynski Decl."), and the pleadings and records on file in the above-entitled action.

This *Ex Parte* Application is made following several conferences between

---

[1] CBS Corporation is now known as Paramount Global.

1

the parties and the Non-Parties pursuant to Local Rules 7-3 and 7-19, including on April 26, 2024 (all Non-Parties), May 9, 2024 (Amazon only), May 10, 2024 (Apple only; Amazon only), May 12, 2024 (DirecTV only) May 13, 2024 (CBS only; RedBird and EverPass only). *See* Cannom Decl. ¶¶ 3, 8; Snodgrass Decl. ¶¶ 6, 7; Gressel Decl. ¶ 10; Warren Decl. ¶ 6; Buchweitz Decl. ¶ 9; Marvisi Decl. ¶ 5; Schmidtlein Decl. ¶ 5; Morrison Decl. ¶ 6; Kopczynski ¶¶ 4, 5, 6. In accordance with Local Rule 7-19, counsel for the parties are:

| | |
|---|---|
| Ian Gore<br>Susman Godfrey LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>(206) 505-3841<br>igore@susmangodfrey.com | Kevin Trainer<br>Langer Grogran and Diver PC<br>1717 Arch Street, Suite 4020<br>Philadelphia, PA 19103<br>215-320-5705<br>ktrainer@langergrogan.com |
| Jeremy Barber<br>Wilkinson Stekloff LLP<br>130 W. 42nd Street, 24th Floor<br>New York, NY 10036<br>212-294-8910<br>jbarber@wilkinsonstekloff.com | Rakesh Kilaru<br>Wilkinson Stekloff LLP<br>2001 M Street, N.W.<br>Ste. 10th Floor<br>Washington DC, 20036<br>202-847-4008<br>rkilaru@wilkinsonstekloff.com |
| Max Warren<br>Wilkinson Stekloff LLP<br>2001 M Street, N.W.<br>Ste. 10th Floor<br>Washington DC, 20036<br>202-847-4008<br>mwarren@wilkinsonstekloff.com | |

Pursuant to Local Rule 7-19.1, the Non-Parties gave the parties notice of this Application by email on May 7, 2024. Cannom Decl. ¶ 7, Ex. A. Plaintiffs oppose this Application.

//

//

//

Dated: May 14, 2024                Respectfully submitted,

By: <u>*/s/ Hannah L. Cannom*</u>
Hannah L. Cannom (SBN 245635)
WALKER STEVENS CANNOM LLP
hcannom@wscllp.com
*Attorneys for Non-Party Apple Inc.*

ADDITIONAL NON-PARTIES'
SIGNATURE BLOCKS BELOW

## MEMORANDUM OF POINTS AND AUTHORITIES

The Non-Parties identified herein respectfully request that the Court grant their *Ex Parte* Application to appear at the Final Pretrial Conference to discuss a procedure for the use of the Non-Party CBI at trial, or, alternatively, set a hearing at the Court's convenience to discuss these critical issues.

Plaintiffs and the NFL Defendants are proceeding to a trial on June 5, 2024. As part of the joint exhibit list, Plaintiffs and the NFL Defendants have identified confidential **non-party** material from over ten Non-Parties (Amazon, Apple, CBS, Comcast, DirecTV, EverPass, Fox, NBCU, Redbird, Verizon, and YouTube), amounting to hundreds of documents, containing thousands of pages of material designated by one or more Non-Parties as "Highly Confidential – Commercially Sensitive" under the Court's protective orders in this action, Docket Nos. 194, 360. Neither the NFL Defendants nor the Plaintiffs are aware of this Court's procedures with respect to protection of sensitive non-party information during trial. Thus the Non-Parties, many of whom are competitors, respectfully move *ex parte* for a time to be heard on these issues, and for clarification of the Court's trial procedures to reduce the risk of disseminating highly confidential non-party information.

**A. Plaintiffs and the NFL Defendants Have Designated Hundreds of Documents Containing Non-Party Confidential Business Information on the Joint Exhibit List.**

The NFL Defendants notified each Non-Party of the joint exhibit list, containing hundreds of documents containing Non-Party Confidential Business Information ("CBI") on April 5, 2024. The Non-Parties conferred with the parties over the course of several weeks, including dozens of separate meet and confer calls and email correspondence. The Non-Parties expended significant effort to identify a narrowly tailored subset of confidential material over which they seek trial protection. As just one example, although the parties identified over 30 documents designated by Non-Party Apple, Apple requested trial procedures regarding confidentiality as to portions of just four designated documents.

1

Following several weeks of conferrals, Plaintiffs informed the Non-Parties that they will not stipulate to *any* procedures regarding *any* documents, and have not agreed to *any* Non-Party's request for confidential treatment of *any* exhibits at trial (except for limited redactions with regard to Non-Party DirecTV). The Non-Parties therefore seek the Court's guidance on these issues and accordingly jointly move ex parte for an order allowing the Non-Parties to attend the May 16, 2024 pre-trial conference, or, alternatively set a separate hearing at the Court's convenience, to discuss the Court's trial procedures and to protect against the dissemination of highly confidential non-party information.

The Non-Party exhibits include emails, presentations, contracts, financial analyses, strategic business documents, and more. Much of the material goes to the core of Non-Parties' businesses and contains highly confidential material that would harm the Non-Parties if it were publicly disclosed. Many of the Non-Parties compete with each other to obtain rights to manage and distribute content. If their confidential information were made public at trial, the Non-Parties would suffer significant irreparable competitive harm because competing broadcasters and media companies would become privy to valuable business information that could help them in future competitions to obtain sports broadcasting rights.

### B. Reasonable Trial Procedures Are Necessary to Protect Non-Party Confidential Information.

This action has "generated an extraordinary amount of public interest. But it does not necessarily follow that the public has a legally cognizable interest in every document filed." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1224 (Fed. Cir. 2013). Courts regularly balance the public's understanding of the judicial process with the interests of parties—and, more so, non-parties—in protecting their competitive standing. *Id.* at 1228 (the public interest "does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits"); *see also Ameranth, Inc. v. Chownow, Inc.*, No.

2

2021 WL 3678415, at *2 (S.D. Cal. Aug. 18, 2021) ("'sources of business information that might harm a litigant's competitive standing' may also constitute a compelling reason to seal, such as a company's confidential profit, cost, and pricing information, which if publicly disclosed could put the company at a competitive disadvantage.") (internal citations omitted). For the avoidance of doubt, the Non-Parties <u>do not</u> seek to protect against the disclosure of any information cited or relied upon by the Court in its summary judgment decision.

Courts further distinguish between material actually *relied upon* for any claim or defense from other confidential or sensitive material that happens to appear in trial exhibits.[2] "The other information [] is irrelevant to the public's understanding of the judicial proceedings." *Apple v. Samsung*, 727 F.3d at 1228. The public has likewise no interest whatsoever in personal identifying information contained in numerous documents, and yet the Plaintiffs refused the Non-Parties' proposal to redact personally identifying information.

Good cause exists to, at minimum, provide the Non-Parties a reasonable opportunity to seek this Court's protection over specific portions of documents identified for use at trial. As the Non-Parties detailed during their meet and confer efforts, the parties' exhibit list includes Non-Party documents containing highly sensitive competitive information, including information regarding financial data, business strategic planning, and pricing, as well as heavily negotiated contracts concerning a highly competitive industry. Unfettered public access to this material would provide little if any public benefit, but would significantly harm the Non-Parties to this action including affecting their competitive standing.

Numerous other courts have granted sealing or confidentiality protections for non-party material at trial, such as *O'Bannon v. NCAA*, No. 09-CV-3329-CW (N.D. Cal.) and *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 4:14-md-

---

[2] Non-Parties also understand that many of the exhibits at issue are expert reliance documents that may not be directly utilized during witness examinations.

02541-CW (N.D. Cal.). For example, during the *O'Bannon v. NCAA* trial, unredacted versions of broadcast agreements were attempted to be shown in open court to, among others, reporters and competitors who were present in the courtroom, and broadcasters intervened to seek protection thereof. The *O'Bannon* court recognized the confidentiality of the broadcast agreements. No. 09-CV-3329-CW (N.D. Cal.) at ECF No. 201 (Granting in part and denying in part Conference-USA and the Big 12 Conference's Administrative Motion to File Under Seal Confidential Trial Exhibits and allowing portions of CBS's agreements to remain confidential during trial). The Court in *O'Bannon* entered an order recognizing these confidentiality interests at trial, ordering that certain portions of broadcast agreements with the NCAA remain confidential throughout the trial, and ordering that, to the extent the agreement was filed with any pleading or motion in the case, it must be filed under seal. *Id.*

Thereafter, the Court in *NCAA Athletic Grant-In-Aid Cap Antitrust Litigation* recognized the confidentiality of various media agreements, ordered that broadcasters be allowed to redact certain provisions of its agreements, and further provided for a specific meet and confer process to resolve any disputes about such redactions during the course of discovery. No. 4:14-md-02541-CW (N.D. Cal.) at ECF No. 537; *Jenkins v. NCAA*, No. 4:14-cv-02758-CW at ECF Nos. 212, 264. The Court further ordered that the redacted portions of broadcast agreements be sealed and further restricted their use at trial. No. 4:14-md-02541-CW at ECF No. 1015. *See also id.* at ECF Nos. 392, 499, 503, 534, 537. Indeed, that Court repeatedly held that broadcasters had "compelling reasons" to seek protection of their confidential information. *See id.* at ECF Nos. 805, 959, 1011, 1029, 1102, 1112-1114. The Ninth Circuit, likewise, agreed that "[c]ompelling reasons justify continuing the seal of the Broadcasters' confidential information." *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 19-15566 (9th Cir. Oct. 29, 2019) at ECF No. 65.

The situation here is identical: Non-Parties have compelling reasons to

maintain their most closely guarded information as confidential at a trial in which they have no skin in the game.

### C. Non-Parties Request Guidance from the Court about an Appropriate Procedure for Handling Confidential Material at Trial.

The Non-Parties appreciate the need for Plaintiffs and the NFL Defendants to put forth the evidence necessary at trial. The Non-Parties have tried to work with the Plaintiffs and the NFL Defendants to fashion an approach that would allow the parties to present their evidence with minimal disruption. To address this in the most efficient manner, the Non-Parties propose the following approach:

- All trial exhibits and demonstratives utilized during the trial containing Non-Party Confidential Business Information ("CBI")[3] will remain sealed in the record and precluded from public access.

- If presented in Court, trial exhibits and demonstratives that contain, reference, excerpt, cite, or summarize Non-Party CBI shall only be viewed by counsel for Plaintiffs and the NFL Defendants, counsel for the respective Non-Party whose CBI is being utilized, the witness, the Court (including its clerks, court reporters, and officers), and the jury, but such Non-Party CBI shall not be displayed on any public-facing screens for the public gallery or be viewed by any person other than those listed above; and

- To the extent possible, the parties will not quote, excerpt, reference, or cite Non-Party CBI in questions and answers of the witnesses (i.e., instead of reading a contract containing Non-Party CBI into the record, the witness will point to the section of the contract that is relevant). For the avoidance of doubt, nothing shall preclude any witness from giving full and complete testimony, but party counsel and witnesses shall use best efforts to avoid public disclosure of Non-Party CBI within their transcribed testimony to the extent practicable.

---

[3] Non-parties have identified specific, narrowly-tailored material for which they request protection at trial. To avoid burdening the Court, Non-Parties will submit their supporting declarations as necessary under the Court's preferred procedure.

5

- To the extent there are disputes about the scope of Non-Party CBI that cannot be resolved via meet-and-confer efforts, the Non-Parties suggest that the Plaintiffs and the NFL Defendants provide 48-72 hours' notice if the exhibit will be introduced at trial. The Plaintiffs, the NFL Defendants, and the relevant Non-Party can then present their argument to the Court before the exhibit is introduced to identify appropriate redactions or confidentiality designations.

The Non-Parties believe that this is an efficient approach. It avoids the Plaintiffs, the NFL Defendants, and the Non-Parties from briefing unnecessary issues that may never arise to the Court and streamlines live issues that will require the Court's attention. This approach was just used by the court in the recent Google Search antitrust trial, *U.S. et. al. v. Google LLC*, No. 1:20-cv-03010-APM. And, critically, this approach will not prevent any of the parties from putting on their respective cases before the jury exactly as they see fit.

The Non-Parties are available to appear at the pretrial conference, or other appropriate hearing, to discuss these issues with the Court. The NFL Defendants do not oppose the Non-Parties' requests, and defer to the Court's judgment. Plaintiffs have stated they will not agree to any process for resolving confidentiality disputes, and will not agree to the Non-Parties' attendance at the pre-trial hearing. Instead, Plaintiffs insist that each Non-Party must move the Court to seek any specific protection over any specific document.

The Non-Parties defer to the Court's preference and practices regarding confidentiality, and will appear whenever the Court prefers. Given the nature of this action, the specific parties and Non-Parties at issue, and the range and number of documents identified by the parties for trial, the Non-Parties do not believe it efficient or prudent to submit multiple briefs from over ten different companies to the Court to resolve complex confidentiality concerns for hundreds of identified exhibits. This is particularly the case because it is unlikely that the Plaintiffs or NFL Defendants will introduce all these exhibits, and even if they do, it is unlikely

that they will discuss each page of every document. Plaintiffs' approach would have the Non-Parties brief every potential issue to this Court, rather than just the documents, and sections thereof, that are actually likely to arise.

\*   \*   \*

The Non-Parties are available to attend the pretrial conference on Thursday, May 16, 2024 to discuss these issues. However, the Non-Parties also appreciate that the Court may prefer to set a separate hearing given the number of Non-Parties and a surely full agenda for the pretrial conference. The Non-Parties request and appreciate the Court's guidance on these matters.

Dated: May 14, 2024   Respectfully submitted,

By:  */s/ Hannah L. Cannom*
   Hannah L. Cannom (SBN 245635)
   Bethany L. Stevens (SBN 245672)
   Walker Stevens Cannom LLP
   500 Molino St. Suite 118
   Los Angeles, CA 90013
   (213) 337-9972
   hcannom@wscllp.com
   bstevens@wscllp.com
   *Counsel for Non-Party Apple Inc.*

   */s/ Arthur Kats*
   Arthur Kats (CA SBN 344384)
   **DAVIS WRIGHT TREMAINE LLP**
   865 S. Figueroa Street, Suite 2400
   Los Angeles, CA, 90017
   (213) 655-9669
   arthurkats@dwt.com

   **DAVIS WRIGHT TREMAINE LLP**
   Jim Howard
   Ramie O. Snodgrass
   920 Fifth Avenue, Suite 3300
   Seattle, WA 98104-1610
   Telephone:  (206) 757-8208

jimhoward@dwt.com
ramiesnodgrass@dwt.com
*Counsel for Non-Party Amazon.com, Inc.*

      */s/ Erika H. Warren*
Erika H. Warren (Bar No. 295570)
Francesca M. S. Germinario
(Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
15-2668@cases.warrenlex.com
*Attorneys for Non-Parties RedBird Capital Partners Management LLC and EverPass Media LLC*


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Amit Q. Gressel*
Amit Q. Gressel
*Attorneys for Non-Parties Google LLC and YouTube, LLC*

      */s/ Arthur J. Burke*
       Arthur J. Burke
**DAVIS POLK & WARDWELL**
1600 El Camino Real
Menlo Park, CA, 94025
(650) 752-2000
arthur.burke@davispolk.com
*Counsel for Non-Parties Comcast and NBCUniversal*

      */s/ Yehudah L. Buchweitz*
Yehudah L. Buchweitz
(admitted PHV)

8

WEIL, GOTSHAL & MANGES LLP
Email: Yehudah.Buchweitz@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256
Facsimile: (212) 310-8007
*Counsel for CBS Corporation*

     */s/   John E. Schmidtlein*
John E. Schmidtlein (SBN 163520)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
*Counsel for Fox Broadcasting Company*

     */s/   Anne Marie Mortimer*
HUNTON ANDREWS KURTH LLP
Ann Marie Mortimer (SBN 169077)
amortimer@HuntonAK.com
Brandon Marvisi (SBN 329798)
bmarvisi@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020
*Counsel for Verizon Corporate Services Group, Inc.*

     */s/   Jeffrey A.N. Kopczynski*
Jeffrey A.N. Kopczynski
jkopczynski@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:   (212) 326-2061

*Attorneys for Non-Party DIRECTV, LLC and DIRECTV Holdings LLC*

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*