Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION OF CERTAIN NON-PARTIES TO REQUEST PERMISSION TO BE HEARD AT THE FINAL PRETRIAL CONFERENCE REGARDING USE OF NON-PARTY CBI AT TRIAL**<br><br>Judge: Hon. Philip S. Gutierrez<br>Pretrial Conference Date: 5/16/2024<br>Trial Date: 6/5/2024 |

The Non-Parties' present ex parte application, filed after the close of business last night, seeks the extraordinary relief of appearing and being heard at the parties' Final Pretrial Conference, set for tomorrow. The application fails in every respect. It does not cite the governing law, it openly disregards this Court's standing rules, and it fails to specify or defend the ultimate relief it seeks. More than that, the Non-Parties omit that this is a crisis of their own making. Plaintiffs and the NFL filed their first joint trial exhibit list nearly four months ago, *see* Dkt. No. 1163, and these Non-Parties have known since at least that date that either Plaintiffs or the NFL could introduce at trial documents containing a Non-Party's business information. This Court should not permit the Non-Parties to circumvent its normal procedures, and this Court should reject the Non-Parties' eleventh-hour attempt to insert themselves into this trial.[1]

To begin, the Non-Parties fail to satisfy the straightforward and long-established requirements for ex parte relief. To succeed on their application, the Non-Parties must show that (1) they will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that (2) they are "without fault in creating the crisis that requires ex parte relief." *Mission Power Engineering Co. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also* Standing Order of Judge Gutierrez, at 10 ("Ex parte applications are solely for extraordinary relief and should be used with discretion.") (citing *Mission Power*). The Non-Parties satisfy neither requirement.[2]

---

[1] The Non-Parties are Amazon, Apple, CBS, Comcast / NBCUniversal, DirecTV, EverPass Media, Fox, Google / YouTube, RedBird Capital Partners, and Verizon, and each is represented by outside counsel.

[2] Inexplicably, the Non-Parties do not even cite *Mission Power*, which is listed on this Court's website as the law governing ex parte applications. Instead, they repeatedly rely on *Apple v. Samsung*, in which the Federal Circuit reversed Judge Koh's decision to unseal certain exhibits attached to pre-trial and post-trial filings on

*First*, the Non-Parties have failed to demonstrate irreparable prejudice should they be prevented from appearing at the parties' Final Pretrial Conference. The Non-Parties claim to want to appear at the Final Pretrial Conference "to discuss a procedure for the use of the Non-Party [Confidential Business Information] at trial." App. 1. Yet, they do not contend that they could not have addressed those issues through normal motions practice, or that they need to address those concerns at this conference. Indeed, Plaintiffs told these Non-Parties over two weeks ago that Plaintiffs would oppose any restrictions on their use of exhibits at trial, and that if any Non-Party desired such restrictions, that Non-Party should file a motion with the Court under normal motion practice. *See* Dkt. No. 1336-2 (email from counsel Plaintiffs to counsels for all Non-Parties). No Non-Party did so and, having failed to do so, there is nothing ripe for the Court to address at the Final Pretrial Conference tomorrow.

More importantly, the ultimate relief that the Non-Parties seek would severely limit Plaintiffs (and, presumably, the NFL) from trying this case efficiently and effectively, and would needlessly interrupt the Court's control of trial and the jury's ability to process the evidence being presented. The Non-Parties propose a highly restrictive and convoluted framework for the use at trial of large swaths of the parties' exhibits. *See* App. 5. The relief is thus unlikely to be granted, which counsels strongly against a finding of prejudice. *See Mission Power*, 883 F. Supp. at 492 (noting that "if [the underlying relief] is meritless, failure to hear it [on an ex parte basis] cannot be prejudicial").

---

the docket, such as a party's financial information that was attached to a *Daubert* motion. 727 F.3d at 1223. That issue is **not** the issue presented here. Here, these Non-Parties do not seek to prevent the unsealing of previously sealed exhibits on the docket, but seek to substantially interfere with the parties' and the Court's ability to manage the operation of trial itself.

2

One example illustrates two independent and fundamental problems with the Non-Parties' proposal. The proposal dictates that "the parties will not quote, excerpt, reference, or cite Non-Party [Confidential Business Information]" during the examination of witnesses. *Id.* According to that restriction, then, Plaintiffs could not ask an NFL witness about specific language in any of the broadcast agreements that make up the core of this conspiracy. Worse, despite weeks of asking, the Non-Parties still do not fully define "Confidential Business Information" or identify the universe of documents that may contain it. Indeed, at least three Non-Parties have reserved the right to alter its proposal to sweep in more documents or add further protections as they see fit. So, Plaintiffs would never know which document (or portion thereof) would run afoul of the Non-Parties' amorphous target.

In short, Plaintiffs (and the NFL) would be forced to spend the entirety of trial tracking whether they complied with the varying and potentially conflicting demands of up to twelve or more third parties. And the Court inevitably would be asked to oversee the mini trials that would arise on a daily basis instigated by entities that are not parties to the case. The Non-Parties provide no basis for applying their onerous protocol as a blunt instrument to govern everything they deem to be confidential, or any justification for deviating from the strong presumption in favor of public trials, and of a party's right to try its case without undue interference from opposing parties or non-parties. *See, e.g.*, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) ("A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."); *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, 2017 WL 2806897, at *5 (C.D. Cal. Mar. 30, 2017) ("[H]istorically both civil and criminal trials have been presumptively open.").

*Second*, the Non-Parties are singularly to blame for creating the crisis for which they now seek relief. Each of the Non-Parties—sophisticated business entities

with sophisticated counsel representing them—produced information in this case subject to the Court's protective order. Each has, therefore, been on notice for some time that the protective order in this case did **not** apply to proceedings at trial: "This Order does not govern the use of Protected Information at trial." *See* Dkt. No. 197, 360. Moreover, the parties filed a joint trial exhibit list on January 19, 2024. Dkt. No. 1163. Since **at least** that date, each of the Non-Parties now filing for ex parte relief has been on notice that Plaintiffs or the NFL could introduce at trial documents containing that Non-Party's alleged confidential business information. There is, therefore, no basis to claim—less than 48 hours before the Final Pretrial Conference—that this is an emergency warranting ex parte relief.[3]

\* \* \* \* \*

Accordingly, the Non-Parties have not shown sufficient urgency to justify their ex parte application, and Plaintiffs respectfully request that the Court deny it. If the Court elects to address the Non-Parties' arguments for the ultimate relief they seek, Plaintiffs respectfully request that the Court allow Plaintiffs sufficient time to prepare a response to aid the Court in its decision.

Dated: May 15, 2024                                    Respectfully submitted,

By: /s/ *Marc M. Seltzer*

---

[3] In preparation for the Final Pretrial Conference, Plaintiffs and the NFL have been working steadfastly and cooperatively to ensure that the many issues that must be addressed at that conference are clearly and sufficiently presented to the Court. The Non-Parties' eleventh-hour application for ex parte relief, and the disruption and chaos it predictably created, is indicative of what would result if the Non-Parties were permitted to have *any* role at trial, especially if that role was to monitor and thereafter interfere with the parties' use of evidence. In all, the Non-Parties' application runs counter to the presumption of a public trial and directly threatens Plaintiffs' rights to try their case free of undue interference from non-parties.

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com

5

HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*