UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 15, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Lynnie Fahey | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order DENYING Non-Parties' *ex parte* application. DKT [1336]

Before the Court is Non-Parties', Apple Inc. ("Apple"), Amazon.com, Inc. ("Amazon"), CBS Corporation ("CBS"), Comcast Corporation ("Comcast"), NBCUniversal Media LLC ("NBCU"), Google LLC and YouTube, LLC ("YouTube"), RedBird Capital Partners Management LLC, EverPass Media LLC, Verizon Corporate Services Group ("Verizon"), Fox Broadcasting Company ("Fox"), and DIRECTV, LLC and DIRECTV Holdings LLC ("DirecTV") (together, the "Non-Parties") *ex parte* application for an order granting permission for the Non-Parties to appear and be heard at the Final Pretrial Conference regarding use of Non-Party confidential business information ("CBI") at trial.  *See generally* Dkt. # 1336 ("*Mot.*").  Plaintiffs[1] oppose.  *See generally* Dkt. # 1340 ("*Opp.*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court **DENIES** the Non-Parties' *ex parte* application.

The law on *ex parte* applications is well settled in this District.  To justify *ex parte* relief, the moving party must establish that (1) their cause will be irreparably prejudiced if their motion is heard according to regular noticed procedures, and (2) they are without fault in creating the crisis that requires *ex parte* relief.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  As the Court's standing order indicates, *ex parte* requests will only be entertained by the Court for extraordinary situations.  *See Standing Order* ¶ 11.

The Non-Parties' application fails to cite the *Mission Power* standard, let alone argue the standard is met.  And critically, the Non-Parties have not established that they are without fault in creating the crisis.

---

[1] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 15, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

Each of the Non-Parties produced information in this case subject to the protective order. The protective order explicitly states that it does "does not govern the use of Protected Information at trial," and "[a]ny use of Protected Information at trial shall be governed by the orders of the trial judge." *Stipulated Protective Order*, Dkt. # 197, 4:15–16. The Non-Parties state that the "NFL Defendants notified each Non-Party of the joint exhibit list, containing hundreds of documents containing Non-Party Confidential Business Information ("CBI") on April 5, 2024." *Mot.* 1:20–22. But the parties filed a joint trial exhibit list on January 19, 2024, Dkt. # 1163, presumably putting each of the Non-Parties on notice months ago that Plaintiffs or the NFL Defendants could introduce at trial documents containing that Non-Party's alleged confidential business information.

Even if the Court were to credit the Non-Parties' position, they still did not raise their concerns to the Court until less than two days before the Final Pretrial Conference—almost four months since the parties disclosed their exhibit list and over a month since they claim the NFL Defendants notified the Non-Parties.[2] As such, they have not shown that they are not without fault in creating the crisis. "*Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have." *Mission Power*, 883 F. Supp. at 493 (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)).

Accordingly, the Court **DENIES** the Non-Parties' *ex parte* application.

**IT IS SO ORDERED.**

---

[2] Further, before the Court continued the trial to June 2024 at a status conference on January 23, 2024, Dkt. # 1202, the Final Pretrial Conference had been scheduled for February 9, 2024, and trial had been scheduled to begin on February 22, 2024, Dkt. # 950. With an impending February trial date, it is surprising that the Non-Parties did not raise any concern regarding the introduction of trial documents containing confidential business information until now.