UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 15, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Lynnie Fahey | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendants' motion to quash. DKT [1294]

Before the Court is Defendants'[1] motion to quash the trial subpoena for Mr. Hans Schroeder. *See generally* Dkt. # 1294 ("*Mot.*"). Plaintiffs[2] opposed, *see generally* Dkt. # 1311-1 ("*Opp.*")[3], and Defendants replied, *see* Dkt. # 1318 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Defendants' motion.

---

[1] Defendants in this action consist of: National Football League, Inc. ("NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens LP; Buccaneers LP; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and, Washington Football Inc.

[2] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

[3] The Court cites the unredacted version of the Plaintiffs' opposition. Plaintiffs' opposition itself is at Docket Entry Number 1306.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 15, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

Mr. Schroeder is Executive Vice President of Media Distribution at the NFL. *Declaration of Hans Schroeder*, Dkt. # 1294-7 ("*Schroeder Decl.*"), ¶ 1. He lives in Rye, New York and works at the NFL's headquarters in New York, New York. *Id.* ¶ 2. From March 2019 to May 2023, Mr. Schroeder served as Executive Vice President and Chief Operating Office of NFL Media. *Id.* ¶ 4. In that role, he managed the NFL's Media operations based in Los Angeles and traveled to Los Angeles approximately six times per year for business. *Id.* ¶ 5. In his current role, he oversees the NFL Network and RedZone distribution teams, which have a presence in Los Angeles, but he is no longer required to travel to Los Angeles for business purposes. *Id.* ¶ 7. Since his change in role, Mr. Schroeder has been to Los Angeles twice for business—once in July 2023 and once in January 2024. *Id.* ¶ 8. Plaintiffs deposed Mr. Schroeder as a 30(b)(6) witness and in his personal capacity on two days in July 2022. *Id.* ¶ 9.

Defendants move to quash Mr. Schroeder's trial subpoena under Federal Rule of Civil Procedure ("Rule") 45. *Mot.* 3:25–4:2. Defendants argue that Plaintiffs' subpoena is improper because (1) it violates Rule 45's geographic limitations on subpoena power as it requires a New York resident to testify in Los Angeles; and (2) it poses an undue burden on Mr. Schroeder as his trial testimony would be cumulative of his video deposition and other witnesses' testimony. *Id.*

Under Rule 45, a "subpoena may command a person to attend a trial . . . only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P.45 (c)(1)(A); *see also In re Kirkland*, 75 F.4th 1030, 1042 (9th Cir. 2023) ("For in-person attendance, the plain meaning of this rule is clear: a person cannot be required to attend a trial or hearing that is located more than 100 miles from their residence, place of employment, or where they regularly conduct in-person business."); *M'Baye v. New Jersey Sports Prod.*, 246 F.R.D. 205, 207 (S.D.N.Y. 2007) ("The plain language of Rule 45(c)(3)(A)(ii) is clear that unless a person is a party to the litigation or an officer of a party, he cannot be compelled to travel more than 100 miles from where he resides, is employed, or regularly transacts business in person."). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). The potential relevance of the witness is immaterial to the analysis. *See In re Kirkland*, 75 F.4th at 1044–45 ("Rule 45(d)(3)(A)(ii) plainly instructs that courts must 'quash or modify' subpoenas that exceed Rule 45(c)'s 'geographical limits,' reinforcing the conclusion that these limits define the scope of a court's power to compel a witness to participate in a proceeding.") (citation omitted). The movant bears the burden of persuasion on a motion to quash under this rule. *Jones v. PGA TOUR, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2838116, at *4 (N.D. Cal. Apr. 6, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 15, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

The question, here, is whether Mr. Schroeder regularly transacts business in Los Angeles such that he is subject to the Court's subpoena power. *See Reply* 2:4–6 ("Plaintiffs do not contest that Mr. Schroeder does not 'reside[]' and is not 'employed' in California, so they may subpoena his attendance at trial only if he 'regularly transacts business in person' in California.").

The parties debate the point in time which the Court should conduct its inquiry under Rule 45. Defendants argue because Mr. Schroeder *currently* does not "regularly" transact business in Los Angeles, the subpoena must be quashed. *Mot.* 4:21–5:4. Plaintiffs, on the hand, encourage the Court to consider Mr. Schroeder's previous position as Executive Vice President and Chief Operating Officer of NFL Media in its analysis, arguing that under his current and previous role Mr. Schroeder has taken "at least 26 [business-related trips to Los Angeles] over a five-year period." *Opp.* 2:2–15.

The Court agrees with Defendants that it should conduct its inquiry based on the travel practices and requirements of Mr. Schroeder's position at the time when he is supposed to appear. *Comm-Tract Corp. v. N. Telecom, Inc.*, 168 F.R.D. 4, 7 (D. Mass. 1996) ("[T]he time frame for judging whether a witness must travel more than 100 miles from his residence, place of employment, and the place where he transacts business in person is the time when the witness is to appear."); *In re Application of Yukos Hydrocarbons Invs. Ltd.*, No. 5:09-MC-0078 (NAM/DEP), 2009 WL 5216951, at *4 (N.D.N.Y. Dec. 30, 2009) ("The wording of the statute itself suggests, and case law confirms, that the critical time is when testimony is to be given pursuant to the subpoena."); *see also Dennison v. Ryan*, No. CV-18-04539-PHX-SPL, 2022 WL 3134450, at *1 (D. Ariz. Aug. 5, 2022) ("[G]iven that Mr. Mangan is no longer a resident of, employed in, or regularly transacts business in person in Arizona, he is outside the geographical limitations set forth in Rule 45(c)."). While courts examine the frequency and duration of a person's business trips over a given period of time to determine whether the visits are sufficient to qualify as regularly transacting business, *see Dietz v. Spangenberg*, No.11-2600 ADM/JJG, 2014 WL 537753, at *4 (D. Minn. Feb. 11, 2014), courts use this examination to inform their understanding of a person's travel practices as to their current position, *see e.g.*, *Halliburton Energy Servs., Inc. v. M-I, LLC*, No. H06MC00053, 2006 WL 2663948, at *1–2 (S.D. Tex. Sept. 15, 2006) (finding a witness's past business practices on behalf of his company to inform its determination that he "travels to the city approximately four times each year and stays for approximately ten days each time").

The Court acknowledges that its analysis of whether Mr. Schroeder regularly transacts in Los Angeles would be entirely different under his previous position, but those prior practices are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | May 15, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

not relevant to whether Mr. Schroeder's current position requires him to regularly transact business in Los Angeles. Mr. Schroeder declares that his responsibilities do not require in person business in Los Angeles and that he has only been to Los Angeles for business twice in the past year. *Schroeder Decl.* ¶¶ 7–8. Mr. Schroeder's number of in-person business trips to Los Angeles in his current position is insufficient to qualify as regularly transacting business in Los Angeles. *E.g. Bostian v. Suhor Indus., Inc.*, No. 07CV151-GFK-FHM, 2007 WL 3005177, at *1 (N.D. Okla. Oct. 12, 2007) (finding twice yearly business visits "are not frequent enough to be considered regularly transacting business"); *M'Baye v. New Jersey Sports Prod., Inc.*, 246 F.R.D. at 207–08 (finding five in-person business trips "for fourteen to eighteen days in two years is insufficient to render a person amenable to a subpoena"); *Perez v. Progenics Pharms., Inc.*, No. 10-CV-08278 LAP, 2015 WL 4111551, at *2 (S.D.N.Y. June 24, 2015) (finding attendance at quarterly meetings to "not appear to fit within the meaning of Rule 45(c)(1)(A)'s requirement that a witness only be forced to appear at trial in person within 100 miles of where she 'regularly transacts business in person'").

Accordingly, the Court **GRANTS** Defendants' motion to quash the trial subpoena for Mr. Schroeder.

**IT IS SO ORDERED.**