David Y. Livshiz
FRESHFIELDS BRUCKHAUS DERINGER US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 284-4979
Email: david.livshiz@freshfields.com

*Attorney for Non-Party DAZN Media, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (JEMx)<br><br>**DECLARATION OF MARC PELLEGRINO IN SUPPORT OF NON-PARTIES' MOTION FOR PROTECTIVE TREATMENT OF CERTAIN TRIAL EXHIBITS TO BE SEALED IN THE PUBLIC COURT FILE AND PRECLUDED FROM PUBLIC DISPLAY DURING TRIAL**<br><br>Judge: Hon. Philip S. Gutierrez<br><br>Trial Date: June 5, 2024 |

I, Marc Pellegrino, declare as follows:

1. I am a Senior Vice President and the Head of Business & Legal Affairs for DAZN Media, Inc. ("**DAZN**") in North America. I am over 18 years of age and make this declaration of my own personal knowledge, and, if called to do so, could testify competently to the facts stated herein under oath.

2. I submit this Declaration in support of the Non-Parties' Motion for Protective Treatment of Certain Trial Exhibits to Be Sealed in the Public Court File and Precluded from Public Display during Trial.

3. I am advised that Plaintiffs and Defendants in this matter are seeking to use at trial an exhibit that contains commercially sensitive information relating to, among other things, DAZN's product pricing and strategic business plans, as well as strategic discussions between DAZN and an investor about these topics, which are highly confidential and competitively sensitive.

4. Specifically, the parties have informed DAZN that the following exhibit contains this highly confidential and competitively sensitive information: TX0531 (the "**DAZN Exhibit**").

5. Each portion of the DAZN Exhibit has been designated either (a) HIGHLY CONFIDENTIAL as defined in paragraph 2.10 of the Stipulated Protective Order ("**Protective Order**"; ECF 197) as "information that qualifies as 'CONFIDENTIAL[1]' Information or Items and includes information or items that contain competitively sensitive confidential information of the Designating Party, the disclosure of which may result in competitive harm, including, but not limited to, (i) any documents or information relating to or reflective of market strategies, including business planning, contract negotiations and terms, and research and development activities; (ii) any documents or information relating to or reflective of pricing, including underlying cost data, budgets, and any price-related terms of a

---

[1] *I.e.* "[I]nformation (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)."

1

party; and (iii) any documents or information relating to or reflective of customer information" ("**Highly Confidential Information**"), or (b) HIGHLY CONFIDENTIAL/COMMERCIALLY SENSITIVE as defined in paragraph 1 of the Amended Stipulated Supplemental Protective Order ("**Non-Party Protective Order**"; ECF 422) as "carriage rate information, sensitive material implicated in the negotiation and execution of affiliation agreements, and sensitive material implicated in the negotiation and execution of licensing agreements with the NFL … prior to December 31, 2021" ("**Commercially Sensitive Information**").

      6.     Pursuant to Paragraph 7.2 of the Protective Order, only select individuals may access Confidential Information, including Plaintiffs' outside counsel, directors, and employees actively engaged in assisting with the prosecution and to whom disclosure is reasonably necessary and who have executed the Acknowledgement and Agreement to Be Bound (the "**Acknowledgement**"), testifying or consulting experts to whom disclosure is reasonably necessary and who have executed the Acknowledgement, vendors to whom disclosure is reasonably necessary for this action and who have executed the Acknowledgement, the Court and its personnel, court reporters and their staff, and witnesses who testify at deposition or at trial, provided such witnesses (i) possess prior knowledge of such Confidential Information or Items and execute the Acknowledgement or affirm under oath to abide by the Protective Order before being shown or given any Confidential Information or Items or (ii) are directors, officers, or employees of the Designating party or an owner of the Designating Party.

      7.     Similarly, pursuant to Paragraph 7.3 of the Protective Order, only select individuals may access Highly Confidential Information, including Plaintiffs' outside counsel, vendors to whom disclosure is reasonably necessary for this action and who have executed the Acknowledgement, the Court and its personnel, court reporters and their staff, and (i) witnesses or potential witnesses who are directors, officers, or employees of the Designating Party or an owner or patent of the

Designating Party, or (ii) other witnesses or potential witnesses, but only to the extent that counsel for the examining or preparing party reasonably believe sin good faith that such witnesses or potential witnesses authored or previously received or reviewed such information or material in the course of business.

8. Similarly, pursuant to Paragraph 3 of the Amended Protective Order, only select individuals may access Commercially Sensitive Information, including Plaintiffs' outside counsel, provided the counsel is not responsible for advising any person regarding negotiation or execution of affiliation agreements or licensing agreements with the NFL, the NCAA, any NCAA athletic conference, or any Non-Party, vendors to whom disclosure is reasonably necessary for this action and who have executed the Acknowledgement, the Court and its personnel, court reporters and their staff, and (i) to witnesses or potential witnesses who are directors, officers, or employees of the Designating Party or an owner of the Designating Party, or (ii) other witnesses or potential witnesses, but only to the extent that counsel for the examining or preparing party reasonably believes in good faith that such witness or potential witness authored or previously received or reviewed such information or material in the course of business.

9. Of the many documents that DAZN produced in connection with this litigation, DAZN seeks confidential treatment at trial over just one document.

10. The protections that DAZN seeks are modest and have been narrowly tailored to minimize any impact that such protections might have on trial. Specifically, DAZN seeks an order that:

   a. The DAZN Exhibit and demonstratives that reference, excerpt, cite, or summarize the DAZN Exhibit remain sealed in the record and precluded from public access;

   b. If presented in Court, the DAZN Exhibit and demonstratives that reference, excerpt, cite, or summarize the DAZN Exhibit may be viewed by counsel for Plaintiffs and the NFL, the Court (including

its clerks, court reporters, and officers), and the jury, but the DAZN Exhibit and demonstratives that reference, excerpt, cite, or summarize it may not be displayed on any public-facing screen for the public gallery or be viewed by any person other than those listed above.

11. I understand that these procedures have worked well in similar litigations, balancing the interests of a public trial and the need to protect non-party information from unnecessary public disclosure.

12. There are compelling reasons for protecting the confidential information contained in the DAZN Exhibit from disclosure at the public trial. DAZN's legitimate private interests warrant confidential treatment. Denial of confidential treatment at trial would result in injury to DAZN.

13. The below table indicates the lone exhibit over which DAZN seeks confidential treatment at trial, which contains highly confidential and proprietary information such that a less restrictive alternative is not sufficient.[2]

| **Exhibits for Confidential Treatment**[3] ||
|---|---|
| Exhibit | Description of Document |
| TX0531 | May-June 2019 DAZN emails and attachments, including versions of "DAZN Long Term Plan" dated April and May 2019. |

14. The DAZN Exhibit consists of strategic email discussions between DAZN and an investor and various, related attachments, including a "DAZN Long Term Plan" presentation that describes DAZN's long-term strategic plans, pricing plans, financials, statistics, and other metrics concerning its business for the

---

[2] For the avoidance of doubt, DAZN does not seek confidential treatment of any portion of the DAZN Exhibit that is already in the public domain.
[3] DAZN reserves the right to modify this list to the extent that any additional trial exhibits that have yet to be disclosed to DAZN contain DAZN's confidential information.

4

markets in which DAZN operates. DAZN seeks to protect this highly confidential and commercially sensitive information. Such information has never been made public, and public disclosure of this information would highly prejudice DAZN by exposing its closely-held strategic plans and business information to competitors and counterparties with which it negotiates agreements.

15. DAZN competes with a number of entities to obtain rights to manage and distribute content—many of whom have also appeared in this action and will be monitoring the upcoming trial closely. If the DAZN Exhibit were made publicly available at trial, DAZN would suffer significant irreparable competitive harm because competitors would learn valuable business information that could help them in future competitions to obtain sports broadcasting rights, including, but not limited to, future NFL broadcast rights.

16. The Stipulated Protective Order entered in this action does not address the concerns discussed above because it does not contemplate the admission and disclosure of document at trial.

17. Based on the foregoing, DAZN respectfully requests that the Court protect the confidentiality of the DAZN Exhibit and give it confidential treatment at trial as set forth in greater detail in the accompanying motion.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed on May 17, 2024, in New York, New York.

Respectfully submitted,

_____
Marc Pellegrino
SVP, Head of Business & legal Affairs
DAZN Media, Inc.