1 MUNGER, TOLLES & OLSON LLP
2 Emily Curran-Huberty (SBN: 293065)
  Emily.Curran-Huberty@mto.com
3 560 Mission Street, 27th Floor
4 San Francisco, CA 94105
  Telephone: (415) 512-4052
5

6
  *Counsel for non-parties ESPN, Inc.*
7 *and ABC, Inc.*

8

9
10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

| 13 IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" 14 ANTITRUST LITIGATION | Case No. 2:15-ml-02668-PSG (SKx) |
|---|---|
| 15 THIS DOCUMENT RELATES TO ALL ACTIONS | **DECLARATION OF NICK DAWSON IN SUPPORT OF NON-PARTIES' MOTION FOR PROTECTIVE TREATMENT OF CERTAIN TRIAL EXHIBITS TO BE SEALED IN THE PUBLIC COURT FILE AND PRECLUDED FROM PUBLIC DISPLAY DURING TRIAL** |

13 IN RE: NATIONAL FOOTBALL
LEAGUE'S "SUNDAY TICKET"
14 ANTITRUST LITIGATION

15 THIS DOCUMENT RELATES TO
ALL ACTIONS
16

17

18

19

20 Judge:  Hon. Philip S. Gutierrez
Trial Date: 6/5/2024
21

22

23

24

25

26

27

28

51937529.3

## DECLARATION OF NICK DAWSON

I, Nick Dawson, declare as follows:

1.      I am the Senior Vice President, College Sports Programming and
Acquisitions at ESPN, Inc. I am over 18 years of age and make this declaration
based on personal knowledge. If called as a witness, I could and would testify
competently to the facts stated herein.

2.      I submit this declaration in support of the non-parties' motion filed in
the above-captioned action.

3.      I understand that the parties to this action seek to use at trial certain of
ESPN's agreements with non-party college conferences, as well as documents
revealing ESPN's internal business strategy for negotiating agreements with the
NFL for both Monday Night Football and the NFL Sunday Ticket package. Both the
agreements and internal analyses are highly confidential and competitively sensitive.

4.      Specifically, the parties have informed ESPN that they seek to use the
following documents that contain highly confidential and competitively sensitive
information: ESPN's agreements with the Atlantic Coast Conference ("ACC")
(TX0545), Big Ten Conference (TX0006), Big Twelve Conference (TX0546), Pac-
12 Conference (TX0273), Southeastern Conference ("SEC") (TX0008), and Liberty
University (TX0007). In addition, the parties seek to use at trial: TX0001; TX0002;
TX0003; TX0543; TX0544; TX0547; TX0548; TX0658; TX0659, all of which are
business presentations and analyses of potential ESPN/ABC bids for either NFL and
Sunday Ticket rights, or financial evaluations of ESPN's deals with the NFL.

5.      In response to subpoenas served on ESPN, Inc. ("ESPN"), Inc. in the
above-captioned matter, ESPN has produced documents in this litigation pursuant to
the Stipulated Protective Order, Dkt. No. 197 (Oct. 4, 2016), the Stipulated
Supplemental Protective Order, Dkt. No. 360 (Nov. 16, 2021), and the Amended
Stipulated Supplemental Protective Order, Dkt. No. 422 (Feb. 11, 2022). Under the
terms of these protective orders, ESPN's production is designated as "HIGHLY

CONFIDENTIAL/COMMERCIALLY SENSITIVE," meaning that the documents include "sensitive material implicated in the negotiation and execution of affiliation agreements, and sensitive material implicated in the negotiation and execution of licensing agreements with the NFL." ("Commercially Sensitive Information").

6.      Pursuant to Paragraph 7.3 of the Amended Protective Order, only select individuals may access Commercially Sensitive Information, including Plaintiffs' and Defendants' outside counsel *provided* that counsel is not responsible for advising any person regarding negotiation or execution of affiliation agreements or licensing agreements with the NFL, NCAA, any NCAA athletic conference, or any non-party; vendors to whom disclosure is reasonably necessary for this action and who have executed the Acknowledgment and Agreement to Be Bound; the Court and its personnel; court reporters and their staff; and (i) to witnesses or potential witnesses who are directors, officers, or employees of the Designating Party or an owner of the Designating Party; or (ii) other witnesses or potential witnesses, but only to the extent that counsel for the examining or preparing party reasonably believes in good faith that such witness or potential witness authored or previously received or reviewed such information or material in the course of business.

7.      I understand that the parties in the above-captioned matter have identified certain exhibits produced by ESPN, as well as certain documents containing ESPN's Commercially Sensitive Information produced by the NFL, as potential exhibits for trial. I have reviewed these documents and hereby provide this declaration to affirm that the following documents contain highly confidential, Commercially Sensitive ESPN information: TX0001; TX0002; TX0003; TX0006; TX0007; TX0008; TX0273; TX0543; TX0544; TX0545; TX0546; TX0547; TX0548; TX0658; TX0659 ("Commercially Sensitive Exhibits").

8.      Among the ESPN documents identified as potential trial exhibits are ESPN's agreements with its major college conference partners, including the Atlantic Coast Conference ("ACC") (TX0545), Big Ten Conference (TX0006), Big

Twelve Conference (TX0546), Pac-12 Conference (TX0273), and Southeastern Conference ("SEC") (TX0008), as well as ESPN's agreement with Liberty University (TX0007). The terms of these license agreements with major collegiate sports organizations are heavily negotiated and strictly confidential. These agreements contain non-public terms—both financial and non-financial—the secrecy of which is critical to ESPN's business. ESPN's ability to negotiate favorable terms with their current and potential business partners depends, at least in part, on ESPN's ability to maintain the secrecy of key terms of its agreements. The disclosure of such information would undermine ESPN's bargaining position in future negotiations with other current and potential business partners, which could use knowledge of ESPN's terms as leverage to extract less favorable terms from ESPN than ESPN would otherwise be able to negotiate. Likewise, ESPN's college partners would be harmed by the disclosure of *their* Commercially Sensitive Information, despite having never been subject to subpoena in this action.

9.     Indeed, to ensure the secrecy of these kinds of license agreements, ESPN stores copies of the agreements in digital files accessible only to responsible programming personnel with a valid user name and password.

10.     Also among the documents identified as potential trial exhibits are business presentations and analyses of potential ESPN bids for both NFL and Sunday Ticket rights (TX0002; TX0003; TX544, TX547, TX548, TX658, TX659), as well as financial evaluations of ESPN's deals with the NFL (TX0001; TX0543). ESPN's competitive and financial analyses of the financial and strategic value of NFL and Sunday Ticket rights are strictly confidential and highly sensitive. The disclosure of such information would undermine ESPN's bargaining position in future negotiations with the NFL, as well as other current and potential business partners, who could use knowledge of ESPN's competitive intelligence as leverage to extract less favorable terms from ESPN than ESPN would otherwise be able to negotiate.

11.     ESPN is seeking confidential treatment at trial for only a small number of documents containing ESPN's most sensitive business information. We have carefully considered what documents merit confidential treatment and have narrowed our designations to only the most sensitive documents.

12.     In light of the foregoing, ESPN respectfully requests that the Court protect the information contained in this limited set of documents, and grant modest protections to maintain confidentiality without interfering with the parties' trial presentation.

13.     Specifically, ESPN seeks an order that:

A.     If presented in Court, the ESPN Commercially Sensitive Exhibits and demonstratives that reference, excerpt, cite, or summarize the ESPN/ABC Commercially Sensitive exhibits may be viewed by counsel for Plaintiffs and the NFL, the Court (including its clerks, court reporters, and officers), and the jury, but such exhibits and demonstratives that reference, excerpt, cite, or summarize the ESPN Commercially Sensitive Exhibits may not be displayed on any public-facing screens for the public gallery or be viewed by any person other than those listed above.

B.     Any ESPN Commercially Sensitive Exhibits and demonstratives that reference, excerpt, cite, or summarize the ESPN Commercially Sensitive exhibits will remain sealed in the record and precluded from public access.

14.     I understand that these procedures have worked well in similar litigations, balancing the interests of a public trial and the need to protect non-party information from unnecessary disclosure.

15.     There are compelling reasons to protect ESPN Commercially Sensitive Exhibits from public disclosure. ESPN's legitimate private interests warrant confidential treatment. Denial of confidential treatment at trial would result in injury to ESPN.

16.    The below table reflects ESPN's narrowly tailored list of exhibits for which it seeks confidential treatment at trial. Each contains highly confidential and sensitive information such that a less restrictive alternative is insufficient.

| TX0001 | P&L for ESPN deal with NFL |
|---|---|
| TX0002 | ESPN estimates of the value of various NFL football packages created for use in negotiations with NFL on a contract renewal |
| TX0003 | ESPN competitive assessment of Sunday Ticket package value |
| TX0006 | ESPN's current agreement with the Big Ten |
| TX0007 | ESPN's current agreement with Liberty University |
| TX0008 | ESPN's current agreement with the SEC |
| TX0273 | ESPN's current agreement with the Pac-12 |
| TX0543 | Board financials for ESPN's current agreement with the NFL |
| TX0544 | ESPN's competitive assessment of Sunday Ticket package value |
| TX0545 | ESPN's current agreement with the ACC |
| TX0546 | ESPN's current agreement with the Big 12 |
| TX0547 | ESPN estimates of the value of various NFL football packages created for use in negotiations with NFL on a contract renewal (duplicate of TX0002) |
| TX0548 | ESPN's competitive assessment of Sunday Ticket package value |
| TX0658 | ESPN's 2020 bid for NFL rights |
| TX0659 | ESPN's "indication of interest" for a renewal of NFL rights |

17.    ESPN's agreements with its college partners are highly sensitive and proprietary. This information has never been made public, and public disclosure would highly prejudice both ESPN and its major college conference partners in their ability to negotiate future rights deals.

1    18.   Similarly, ESPN's competitive and financial assessments of the
2    strategic value of both NFL rights, and Sunday Ticket rights is highly confidential
3    and proprietary information that has never been made public.

4    19.   ESPN competes with a number of entities to obtain rights to manage
5    and distribute content—many of whom have also appeared in this action and will be
6    monitoring the upcoming trial closely. If the ESPN Commercially Sensitive Exhibits
7    were made publicly available at trial, ESPN would suffer significant irreparable
8    competitive harm because competing broadcasters and media companies would
9    learn valuable business information that could help them in future competitions to
10   obtain sports media rights.

11   20.   Indeed, the competitive disadvantage ESPN would suffer were its
12   college agreements to be publicly disclosed is magnified by the fact that I
13   understand that college agreements with other third parties in this action are not on
14   the parties' exhibit list, such that ESPN would be uniquely disadvantaged were its
15   college agreements to be made public.

16   21.   I understand that courts in other litigations involving sports
17   broadcasting rights—such as *0'Bannon v. NCAA*, No. 09-CY-3329-CW (N.D. Cal.)
18   and *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 4:14-md-02541-CW
19   (N.D. Cal.)—have sought and obtained similar protections to those sought here.

20   22.   For instance, during discovery and class certification in *O'Bannon*, and
21   its related case, *Keller v. Elec. Arts, Inc.*, o. 4:09-cv-0 1967-CW (N.D. Cal.), the
22   Court held that broadcast agreements "contain commercially valuable information
23   that could competitively disadvantage the [broadcasters] in future negotiations," and
24   issued orders allowing such agreements to be treated as confidential. *Id.* at ECF No.
25   645 at 4.

26   23.   Based on the foregoing, ESPN respectfully requests that the Court
27   protect the confidentiality of ESPN's Commercially Sensitive Exhibits and grant
28   them the protections requested in the accompanying motion.

1    I declare under penalty of perjury under the laws of the United States of

2 America that the foregoing is true and correct.

3    Executed on this 17th day of May, 2024, at Bristol, Connecticut.

4

5                  _____

                     Nick Dawson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28