1  Marc M. Seltzer (54534)

2  mseltzer@susmangodfrey.com
   SUSMAN GODFREY L.L.P.
3  1900 Avenue of the Stars, Suite 1400

4  Los Angeles, CA 90067-6029
   Phone: (310) 789-3100
5  Fax: (310) 789-3150

6
   Scott Martin (*Pro Hac Vice*)
7  smartin@hausfeld.com

8  HAUSFELD LLP
   33 Whitehall Street, 14th Floor
9  New York, NY 10004

10 Tel: (646) 357-1100
   Fax: (212) 202-4322
11

12 Howard Langer (*Pro Hac Vice*)
   hlanger@langergrogan.com
13 LANGER GROGAN AND DIVER PC

14 1717 Arch Street, Suite 4020
   Philadelphia, PA 19103
15 Tel: (215) 320-5660

16 Fax: (215) 320-5703

17 *Plaintiffs' Co-Lead Counsel*

18

19

20

21

22 [Additional Counsel on Signature
   Page]
23

24

25

26

27

28

Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**<br><br>Judge: Hon. Philip S. Gutierrez<br>Trial Date: June 5, 2024<br>Time: 9:00 a.m.<br>Courtroom: First Street Courthouse<br>          350 West 1st Street<br>          Courtroom 6A<br>          Los Angeles, CA 90012 |

Pursuant to Local Rule 51 and this Court's standing order for civil jury trials, the parties hereby submit this set of Joint Proposed Preliminary Jury Instructions. An index of the stipulated instructions follows at page vi.

The parties have concurrently filed Joint Proposed Final Jury Instructions, Plaintiffs' Disputed Jury Instructions, and Defendants' Disputed Jury Instructions. The full set of the parties' proposed preliminary instructions is as follows:

| P## | D## | Title | Source | Status |
|-----|-----|-------|--------|--------|
| **PRELIMINARY INSTRUCTIONS AT START OF TRIAL** | | | | |
| 1 | 1 | Duty of Jury | 9th Cir. § 1.2 | Stipulated |
| 2 | 2 | Statement of the Case and Parties | 9th Cir. § 1.5 | Stipulated |
| 3 | 3 | Class Actions/ "Class Action" Defined | CACI 115 | Disputed |
| 4 | 4 | Preponderance of the Evidence | 9th Cir. § 1.6 | Stipulated |
| | 5 | Corporate Entities—Fair Treatment | 9th Cir. § 4.1; ABA Antitrust 2-A-3 | Disputed |
| 6 | 6 | Two or More Parties – Different Legal Rights | 9th Cir. § 1.8 | Stipulated |
| 7 | 7 | What is Evidence | 9th Cir. § 1.9 | Stipulated |
| 8 | 8 | What is Not Evidence | 9th Cir. § 1.10 | Stipulated |
| 9 | 9 | Direct and Circumstantial Evidence | 9th Cir. § 1.12 | Stipulated |
| 10 | 10 | Ruling on Objections | 9th Cir. § 1.13 | Stipulated |
| 11 | 11 | Credibility of Witnesses | 9th Cir. § 1.14 | Stipulated |
| 12 | 12 | Conduct of the Jury | 9th Cir. § 1.15 | Stipulated |
| 13 | 13 | Publicity During Trial | 9th Cir. § 1.16 | Stipulated |
| 14 | 14 | No Transcript Available to Jury | 9th Cir. § 1.17 | Stipulated |
| 15 | 15 | Taking Notes | 9th Cir. § 1.18 | Stipulated |
| 16 | 16 | Questions to Witnesses by Jurors During Trial | 9th Cir. § 1.19 | Stipulated |
| 17 | 17 | Bench Conferences and Recesses | 9th Cir. § 1.20 | Stipulated |
| 18 | 18 | Outline of Trial | 9th Cir. § 1.21 | Disputed |

i

| P## | D## | Title | Source | Status |
|---|---|---|---|---|
| 19 | 19 | Cautionary Instructions | 9th Cir. § 2.0 | Stipulated |
| 20 | 20 | Deposition in Lieu of Live Testimony | 9th Cir. § 2.4 | Stipulated |
| 21 | 21 | Use of Interrogatories | 9th Cir. § 2.11 | Stipulated |
| 22 | 22 | Expert Opinion | 9th Cir. § 2.13 | Stipulated |
| 23 | 23 | Charts and Summaries | 9th Cir. §§ 2.14, 2.15 | Stipulated |
| 24 | 24 | Stipulations of Fact | 9th Cir. § 2.2 | Stipulated |

# INDEX OF JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS

| ## | TITLE | SOURCE | PAGE |
|----|-------|--------|------|
| **PRELIMINARY INSTRUCTIONS AT START OF TRIAL** | | | |
| 1 | Duty of Jury | 9th Cir. § 1.2 | 2 |
| 2 | Statement of the Case and Parties | 9th Cir. § 1.5 | 3 |
| 4 | Burden of Proof—Preponderance of the Evidence | 9th Cir. § 1.6 | 4 |
| 6 | Two or More Parties—Different Legal Rights | 9th Cir. § 1.8 | 5 |
| 7 | What Is Evidence | 9th Cir. § 1.9 | 6 |
| 8 | What Is Not Evidence | 9th Cir. § 1.10 | 7 |
| 9 | Direct and Circumstantial Evidence | 9th Cir. § 1.12 | 8 |
| 10 | Ruling on Objections | 9th Cir. § 1.13 | 9 |
| 11 | Credibility of Witnesses | 9th Cir. § 1.14 | 10 |
| 12 | Conduct of Jury | 9th Cir. § 1.15 | 12 |
| 13 | Publicity During Trial | 9th Cir. 1§ .16 | 14 |
| 14 | No Transcript Available to Jury | 9th Cir. § 1.17 | 15 |
| 15 | Taking Notes | 9th Cir. § 1.18 | 16 |
| 16 | Questions to Witnesses by Jurors During Trial | 9th Cir. § 1.19 | 17 |
| 17 | Bench Conferences and Recesses | 9th Cir. § 1.20 | 18 |
| 19 | Cautionary Instructions | 9th Cir. § 2.0 | 19 |
| 20 | Deposition in Lieu of Live Testimony | 9th Cir. § 2.4 | 20 |
| 21 | Use of Interrogatories | 9th Cir. § 2.11 | 21 |
| 22 | Expert Opinion | 9th Cir. § 2.13 | 22 |
| 23 | Charts and Summaries | 9th Cir. §§ 2.14, 2.15 | 23 |
| 24 | Stipulations of Fact | 9th Cir. § 2.2 | 24 |

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15 **PRELIMINARY JURY INSTRUCTIONS TO BE READ AT THE START OF**
16 **TRIAL**
17
18
19
20
21
22
23
24
25
26
27
28

1

**STIPULATED INSTRUCTION NO. 1: DUTY OF THE JURY[1]**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

---

[1] 9th Cir. Man. of Mod. Civ. Jury Instrs. ("MMCJI") § 1.2 (court reads and provides written set of instructions at the beginning of trial).

## STIPULATED INSTRUCTION NO. 2: STATEMENT OF THE CASE AND PARTIES[2]

To help you follow the evidence, I will give you a brief summary of the position of the parties:

This case involves a federal antitrust law called the Sherman Act.

The Plaintiffs are all DirecTV residential and commercial subscribers that purchased NFL Sunday Ticket from DirecTV at any time between June 17, 2011, and February 7, 2023.

Plaintiffs contend that the Defendants, the National Football League and the 32 individual NFL teams, violated the Sherman Act through a variety of agreements that reduced the output of live professional football telecasts and raised, maintained, stabilized, or otherwise affected the price of DirecTV's NFL Sunday Ticket subscription service.

Defendants deny Plaintiffs' claims and contend that the business agreements Plaintiffs are challenging promoted competition, including by ensuring consumers have many options to watch live professional football telecasts at different price points.

---

[2] 9th Cir. MMCJI § 1.5; ABA Antitrust 1-A-1; *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136 (9th Cir. 2019); *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2024 WL 168298, at *1–2 (C.D. Cal. Jan. 11, 2024); Final Jury Instructions at 8 (Instruction No. 2), *Optronic Techs., Inc. v. Ningbo Sunny Elec.*, No. 5:16-cv-06370 (N.D. Cal. Nov. 22, 2019), ECF No. 499.

3

## STIPULATED INSTRUCTION NO. 4: BURDEN OF PROOF— PREPONDERANCE OF THE EVIDENCE[3]

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[3] 9th Cir. MMCJI § 1.6.

4

# STIPULATED INSTRUCTION NO. 6: TWO OR MORE PARTIES— DIFFERENT LEGAL RIGHTS[4]

You should decide the case as to each Plaintiff and each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

---

[4] 9th Cir. MMCJI § 1.8.

5

**STIPULATED INSTRUCTION NO. 7: WHAT IS EVIDENCE[5]**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

---

[5] 9th Cir. MMCJI § 1.9.

6

### STIPULATED INSTRUCTION NO. 8: WHAT IS NOT EVIDENCE[6]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[6] 9th Cir. MMCJI § 1.10.

7

**STIPULATED INSTRUCTION NO. 9: DIRECT AND CIRCUMSTANTIAL EVIDENCE[7]**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[7] 9th Cir. MMCJI § 1.12.

**STIPULATED INSTRUCTION NO. 10: RULING ON OBJECTIONS[8]**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

---

[8] 9th Cir. MMCJI § 1.13.

**STIPULATED INSTRUCTION NO. 11: CREDIBILITY OF WITNESSES[9]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

---

[9] 9th Cir. MMCJI § 1.14.

10

1     The weight of the evidence as to a fact does not necessarily depend on the

2  number of witnesses who testify. What is important is how believable the witnesses

3  were, and how much weight you think their testimony deserves.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**STIPULATED INSTRUCTION NO. 12: CONDUCT OF THE JURY**[10]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

---

[10] 9th Cir. MMCJI § 1.15.

12

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

13

**STIPULATED INSTRUCTION NO. 13: PUBLICITY DURING TRIAL**[11]

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

[11] 9th Cir. MMCJI § 1.16.

14

## STIPULATED INSTRUCTION NO. 14: NO TRANSCRIPT AVAILABLE TO JURY[12]

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

_____

[12] 9th Cir. MMCJI § 1.17.

### STIPULATED INSTRUCTION NO. 15: TAKING NOTES[13]

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [*courtroom*] [*jury room*] [*envelope in the jury room*]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

---

[13] 9th Cir. MMCJI § 1.18.

1
2

**STIPULATED INSTRUCTION NO. 16: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL[14]**

3   When attorneys have finished their examination of a witness, you may ask
4   questions of the witness. If you have a question, please write your question on a
5   piece of paper, raise your hand, and hand your written question to the [Courtroom
6   Clerk]. If the rules of evidence do not permit a particular question, I will advise
7   you. After your questions, if any, the attorneys may ask additional questions.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[14] 9th Cir. MMCJI § 1.19.

17

## STIPULATED INSTRUCTION NO. 17: BENCH CONFERENCES AND RECESSES[15]

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[15] 9th Cir. MMCJI § 1.20.

**STIPULATED INSTRUCTION NO. 19: CAUTIONARY INSTRUCTIONS[16]**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands.]

[If no hands are raised] I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

---

[16] 9th Cir. MMCJI § 2.0.

19

**STIPULATED INSTRUCTION NO. 20: DEPOSITION IN LIEU OF LIVE TESTIMONY**[17]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

---

[17] 9th Cir. MMCJI § 2.4.

**STIPULATED INSTRUCTION NO. 21: USE OF INTERROGATORIES[18]**

Evidence [will now be] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

---

[18] 9th Cir. MMCJI § 2.11.

1

### STIPULATED INSTRUCTION NO. 22: EXPERT OPINION[19]

You will hear testimony from experts who will testify to opinions and the
reasons for their opinions. This opinion testimony is allowed because of the
specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may
accept it or reject it, and give it as much weight as you think it deserves,
considering the witness's education and experience, the reasons given for the
opinion, and all the other evidence in the case.

---

[19] 9th Cir. MMCJI § 2.13.

**STIPULATED INSTRUCTION NO. 23: CHARTS AND SUMMARIES[20]**

Certain charts and summaries may be shown to you or admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

[20] 9th Cir. MMCJI §§ 2.14, 2.15.

23

**STIPULATED INSTRUCTION NO. 24: STIPULATIONS OF FACT[21]**

The parties have agreed to certain facts that I will now read to you. You must therefore treat these facts as having been proved.

1. [*Placeholder*]

---

[21] 9th Cir. MMCJI § 2.2.

24

Dated: May 22, 2024

Respectfully submitted,

/s/ *DRAFT*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
Eliza Finley (301308)
efinley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
One Manhattan West
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP

/s/ *Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

25

33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

Christopher L. Lebsock (184546)
clebsock@hausfled.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

26