| | |
|---|---|
| 1 | Marc M. Seltzer (54534) |
| 2 | mseltzer@susmangodfrey.com |
| 3 | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| 4 | Los Angeles, CA 90067-6029 |
| | Phone: (310) 789-3100 |
| 5 | Fax: (310) 789-3150 |
| 6 | |
| 7 | Scott Martin (*Pro Hac Vice*) |
| | smartin@hausfeld.com |
| 8 | HAUSFELD LLP |
| | 33 Whitehall Street, 14th Floor |
| 9 | New York, NY 10004 |
| 10 | Tel: (646) 357-1100 |
| | Fax: (212) 202-4322 |
| 11 | |
| 12 | Howard Langer (*Pro Hac Vice*) |
| | hlanger@langergrogan.com |
| 13 | LANGER GROGAN AND DIVER PC |
| 14 | 1717 Arch Street, Suite 4020 |
| | Philadelphia, PA 19103 |
| 15 | Tel: (215) 320-5660 |
| 16 | Fax: (215) 320-5703 |
| 17 | |
| | *Plaintiffs' Co-Lead Counsel* |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Additional Counsel on Signature |
| | Page] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION _____ THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx) **JOINT PROPOSED FINAL JURY INSTRUCTIONS** Judge: Hon. Philip S. Gutierrez Trial Date: June 5, 2024 Time: 9:00 a.m. Courtroom: First Street Courthouse 350 West 1st Street Courtroom 6A Los Angeles, CA 90012 |

Pursuant to Local Rule 51 and this Court's standing order for civil jury trials, the parties hereby submit this set of Joint Proposed Final Jury Instructions. An index of the stipulated instructions follows at page vi.

The parties have concurrently filed Joint Proposed Preliminary Jury Instructions, Plaintiffs' Disputed Jury Instructions, and Defendants' Disputed Jury Instructions. The full set of the parties' proposed final instructions is as follows:

| P## | D## | Title | Source | Status |
|-----|-----|-------|--------|--------|
| FINAL INSTRUCTIONS | | | | |
| 25 | 25 | Duty of Jury | 9th Cir. § 1.4 | Stipulated |
| 26 | 26 | Preponderance of the Evidence | 9th Cir. § 1.6 | Stipulated |
|  | 27 | Two or More Parties—Different Legal Rights | 9th Cir. § 1.8 | Disputed |
|  | 28 | Corporate Entities | 9th Cir. § 4.1; ABA Antitrust 2-A-3; Cases | Disputed |
| 29 | 29 | What is Evidence | 9th Cir. § 1.9 | Stipulated |
| 30 | 30 | What is Not Evidence | 9th Cir. § 1.10 | Stipulated |
| 31 | 31 | Direct and Circumstantial Evidence | 9th Cir. § 1.12 | Stipulated |
| 32 | 32 | Ruling on Objections | 9th Cir. § 1.13 | Stipulated |
| 33 | 33 | Credibility of Witnesses | 9th Cir. § 1.14 | Stipulated |
|  | 34 | Expert Opinion | 9th Cir. § 2.13 | Disputed |
| 35 | 35 | Charts and Summaries | 9th Cir. §§ 2.14, 2.15 | Stipulated |
| 36 | 36 | Purpose of Sherman Act | ABA Antitrust 1-A-1 | Stipulated |
| 37 | 37 | Sports Broadcasting Act/Sports Broadcasting Act Exemption | Cases | Disputed |
| 38 | 38 | Plaintiffs' Claims | Cases | Disputed |
| 39 | 39 | Elements of Section 1 Claim/ Sherman Act Section 1 | ABA Antitrust 1-B-2 | Disputed |
| 40 | 40 | Contract, Combination, Conspiracy, or Agreement/ | ABA Antitrust 2-A-1 | Disputed |

i

| P## | D## | Title | Source | Status |
|---|---|---|---|---|
| | | Existence of a Contract, Combination, or Conspiracy | | |
| 41 | | Corporations | ABA Antitrust 2-A-3 | Disputed |
| 42 | | Absent Co-Conspirators | MIL Order - ECF No. 1293 | Disputed |
| 43 | | Agreements Between Teams Belonging To Sports Leagues May Violate Sherman Act Section 1 | ABA Antitrust 2-C-10; Cases | Disputed |
| 44 | | Agreements Between the NFL, DirecTV, CBS, and FOX | Cases | Disputed |
| | 45 | Participation and Intent | ABA Antitrust 2-A-4 | Disputed |
| | 46 | Single Entity | Cases | Disputed |
| 47 | 47 | Rule of Reason—Overview | ABA Antitrust 1-C-3A | Disputed |
| | 48 | Relevant Product Market | ABA Antitrust 3-A-3, 3-A-4 | Disputed |
| 49 | 49 | Rule of Reason—Proof of Anticompetitive Harm/ Rule of Reason—Proof of Competitive Harm | ABA Antitrust 1-C-3B | Disputed |
| | 50 | Exclusive Licensing Agreements | 9th Cir. §§ 15.16, 17.13; ABA Antitrust 2-D-5, 4-A-1, 4-A-2; Cases | Disputed |
| 51 | 51 | Rule of Reason—Evidence of Procompetitive Benefits and Considerations of Less Restrictive Alternatives for Any Such Benefits/Rule of Reason—Evidence of Procompetitive Benefits or Rationales | ABA Antitrust 1-C-3C | Disputed |
| 52 | 52 | Rule of Reason—Balancing Competitive Benefits/ Rule of Reason—Assessing the | ABA Antitrust 1-C-3D | Disputed |

| P## | D## | Title | Source | Status |
|---|---|---|---|---|
| | | Procompetitive Benefits and Rationales | | |
| 53 | | Good Intent Not a Defense | ABA Antitrust 2-B-3 | Disputed |
| 54 | | Reasonableness of Prices No Excuse | ABA Antitrust 2-B-4 | Disputed |
| 55 | 55 | Interstate Commerce | ABA Antitrust 1-D-4 | Stipulated |
| 56 | 56 | Elements of Section 2 Conspiracy to Monopolize Claim/Elements of Conspiracy to Monopolize | ABA Antitrust 3-E-1 | Disputed |
| 57 | 57 | Existence of a Conspiracy | ABA Antitrust 2-A-1 | Disputed |
| 58 | 58 | Monopoly Power Defined | ABA Antitrust 3-A-2 | Disputed |
| 59 | | Relevant Market | ABA Antitrust 3-A-3 | Disputed |
| 60 | | Relevant Product Market | ABA Antitrust 3-A-4 | Disputed |
| 61 | | Relevant Geographic Market | N/A | Disputed |
| | 62 | Willful Acquisition or Maintenance of Monopoly Power | ABA Antitrust 3-E-3, 3-A-9; Cases | Disputed |
| 63 | 63 | Specific Intent | ABA Antitrust 3-E-4 | Disputed |
| 64 | 64 | Interstate Commerce | ABA Antitrust 1-D-4 | Stipulated |
| 65 | 65 | Injury and Causation | ABA Antitrust 6-A-1 | Disputed |
| 66 | 66 | Business or Property | ABA Antitrust 6-A-2 | Disputed |
| | 67 | Relevant Time Period | ABA Antitrust 7-A-1; Cases | Disputed |
| 68 | 68 | Antitrust Damages— Introduction and Purpose | ABA Antitrust 6-B-1 | Disputed |
| 69 | 69 | Basis for Calculating Damages | ABA Antitrust 6-B-3 | Stipulated |

iii

| P## | D## | Title | Source | Status |
|-----|-----|-------|--------|--------|
| | 70 | Causation and Disaggregation | ABA Antitrust 6-B-4 | Disputed |
| 71 | 71 | Overcharge Damages/Damages for Purchasers—Overcharges Based on Horizontal Price Fixing, Output Restriction, Market Allocation, or Other Agreements Not to Compete | ABA Antitrust 6-B-5 | Disputed |
| 72 | 72 | Class Damages/Damages for Purchasers—Class Damages | ABA Antitrust 6-B-7 | Disputed |
| 73 | | Joint and Several Liability | ABA Antitrust 6-B-17 | Disputed |
| 74 | 74 | (No) Duty to Mitigate/Mitigation | *See* Disputed Instructions | Disputed |
| | 75 | Direct Purchaser Requirement | Cases | Disputed |
| | 76 | Class-Wide Injury and Causation | Cases | Disputed |
| 77 | 77 | Duty to Deliberate | 9th Cir. § 3.1 | Stipulated |
| 78 | 78 | Consideration of Evidence—Conduct of Jury | 9th Cir. § 3.2 | Stipulated |
| 79 | 79 | Communication with Court | 9th Cir. § 3.3 | Stipulated |
| 80 | 80 | Return of Verdict | 9th Cir. § 3.5 | Stipulated |

iv

**INDEX OF JOINT PROPOSED FINAL JURY INSTRUCTIONS**

| ## | TITLE | SOURCE | PAGE |
|---|---|---|---|
| **FINAL INSTRUCTIONS** | | | |
| 25 | Duty of Jury | 9th Cir. § 1.4 | 26 |
| 26 | Burden of Proof—Preponderance of the Evidence | 9th Cir. § 1.6 | 27 |
| 29 | What Is Evidence | 9th Cir. § 1.9 | 28 |
| 30 | What Is Not Evidence | 9th Cir. § 1.10 | 29 |
| 31 | Direct and Circumstantial Evidence | 9th Cir. § 1.12 | 30 |
| 32 | Ruling on Objections | 9th Cir. § 1.13 | 31 |
| 33 | Credibility of Witnesses | 9th Cir. § 1.14 | 32 |
| 35 | Charts and Summaries | 9th Cir. §§ 2.14, 2.15 | 34 |
| 36 | Purpose of the Sherman Act | ABA Antitrust 1-A-1 | 35 |
| 55 | Interstate Commerce | ABA Antitrust 1-D-4 | 36 |
| 64 | Interstate Commerce | ABA Antitrust 1-D-4 | 37 |
| 69 | Basis for Calculating Damages | ABA Antitrust 6-B-3 | 38 |
| 77 | Duty to Deliberate | 9th Cir. § 3.1 | 39 |
| 78 | Consideration of Evidence—Conduct of the Jury | 9th Cir. § 3.2 | 40 |
| 79 | Communication with Court | 9th Cir. § 3.3 | 42 |
| 80 | Return of Verdict | 9th Cir. § 3.5 | 43 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15    **FINAL JURY INSTRUCTIONS TO BE READ AT THE END OF TRIAL**
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**STIPULATED INSTRUCTION NO. 25: DUTY OF JURY**[1]

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

---

[1] 9th Cir. Man. of Mod. Civ. Jury Instrs. ("MMCJI") § 1.4.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED INSTRUCTION NO. 26: BURDEN OF PROOF—
## PREPONDERANCE OF THE EVIDENCE[2]

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[2] 9th Cir. MMCJI § 1.6.

3

## STIPULATED INSTRUCTION NO. 29: WHAT IS EVIDENCE[3]

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

---

[3] 9th Cir. MMCJI § 1.9.

4

## STIPULATED INSTRUCTION NO. 30: WHAT IS NOT EVIDENCE[4]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that was excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[4] 9th Cir. MMCJI § 1.10.

1
2

## STIPULATED INSTRUCTION NO. 31: DIRECT AND CIRCUMSTANTIAL EVIDENCE[5]

3   Evidence may be direct or circumstantial. Direct evidence is direct proof of a
4   fact, such as testimony by a witness about what that witness personally saw or
5   heard or did.

6   Circumstantial evidence is proof of one or more facts from which you could
7   find another fact. By way of example, if you wake up in the morning and see that
8   the sidewalk is wet, you may find from that fact that it rained during the night.
9   However, other evidence, such as a turned-on garden hose, may provide a different
10  explanation for the presence of water on the sidewalk. Therefore, before you decide
11  that a fact has been proved by circumstantial evidence, you must consider all the
12  evidence in the light of reason, experience, and common sense.

13  You should consider both kinds of evidence. The law makes no distinction
14  between the weight to be given to either direct or circumstantial evidence. It is for
15  you to decide how much weight to give to any evidence.

16
17
18
19
20
21
22
23
24
25
26
27
28

---

[5] 9th Cir. MMCJI § 1.12.

Case No. 2:15-ml-02668-PSG (SKx)                                    Joint Proposed Final Jury Instructions

**STIPULATED INSTRUCTION NO. 32: RULING ON OBJECTIONS[6]**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit was received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you were to ignore the question and were not to guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

---

[6] 9th Cir. MMCJI § 1.13.

7

**STIPULATED INSTRUCTION NO. 33: CREDIBILITY OF WITNESSES[7]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses may have given different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

---

[7] 9th Cir. MMCJI § 1.14.

8

1         The weight of the evidence as to a fact does not necessarily depend on the

2    number of witnesses who testify. What is important is how believable the witnesses

3    were, and how much weight you think their testimony deserves.

9

## STIPULATED INSTRUCTION NO. 35: CHARTS AND SUMMARIES[8]

Certain charts and summaries may have been shown to you or admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

[8] 9th Cir. MMCJI §§ 2.14, 2.15.

10

**STIPULATED INSTRUCTION NO. 36: PURPOSE OF THE SHERMAN ACT[9]**

The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace. The Sherman Act rests on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress.

---

[9] 9th Cir. MMCJI § 14; ABA Antitrust 1-A-1.

11

**STIPULATED INSTRUCTION NO. 55: INTERSTATE COMMERCE[10]**

The Sherman Act applies only to conduct that affects interstate or foreign commerce. You are instructed that Defendants' conduct affected interstate commerce.

---

[10] 9th Cir. MMCJI § 14; ABA Antitrust 3-E-1; *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, Case No. 5:16-cv-06370, ECF No. 499 (Nov. 22, 2019).

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED INSTRUCTION NO. 64: INTERSTATE COMMERCE[11]**

       The instructions I read you previously regarding interstate commerce under Section 1 of the Sherman Act apply equally to Plaintiffs' claim of a conspiracy to monopolize under Section 2 of the Sherman Act.

---

[11] 9th Cir. MMCJI § 14; ABA Antitrust 1-D-4.

13

## STIPULATED INSTRUCTION NO. 69: BASIS FOR CALCULATING DAMAGES[12]

You are permitted to make just and reasonable estimates in calculating Plaintiffs' damages. You are not required to calculate damages with mathematical certainty or precision. However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation. Plaintiffs must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that Plaintiffs have provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.

If you find that Plaintiffs have failed to carry their burden of providing a reasonable basis for determining damages, then you may not award damages, or you may award nominal damages, not to exceed one dollar.

---

[12] 9th Cir. MMCJI § 14; ABA Antitrust 6-B-3.

14

1       **STIPULATED INSTRUCTION NO. 77: DUTY TO DELIBERATE[13]**

2       Before you begin your deliberations, elect one member of the jury as your

3 presiding juror. The presiding juror will preside over the deliberations and serve as

4 the spokesperson for the jury in court.

5       You shall diligently strive to reach agreement with all of the other jurors if

6 you can do so. Your verdict must be unanimous.

7       Each of you must decide the case for yourself, but you should do so only

8 after you have considered all of the evidence, discussed it fully with the other

9 jurors, and listened to their views.

10       It is important that you attempt to reach a unanimous verdict but, of course,

11 only if each of you can do so after having made your own conscientious decision.

12 Do not be unwilling to change your opinion if the discussion persuades you that

13 you should. But do not come to a decision simply because other jurors think it is

14 right, or change an honest belief about the weight and effect of the evidence simply

15 to reach a verdict.

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[13] 9th Cir. MMCJI § 3.1.

## STIPULATED INSTRUCTION NO. 78: CONSIDERATION OF
## EVIDENCE—CONDUCT OF THE JURY[14]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any

---

[14] 9th Cir. MMCJI § 3.2.

1    research about this case, the law, or the people involved—including the

2    parties, the witnesses, or the lawyers—until you have been excused as jurors.

3    If you happen to read or hear anything touching on this case in the media,

4    turn away and report it to me as soon as possible.

5        These rules protect each party's right to have this case decided only on

6    evidence that has been presented here in court. Witnesses here in court take an oath

7    to tell the truth, and the accuracy of their testimony is tested through the trial

8    process. If you do any research or investigation outside the courtroom, or gain any

9    information through improper communications, then your verdict may be

10    influenced by inaccurate, incomplete, or misleading information that has not been

11    tested by the trial process. Each of the parties is entitled to a fair trial by an

12    impartial jury, and if you decide the case based on information not presented in

13    court, you will have denied the parties a fair trial. Remember, you have taken an

14    oath to follow the rules, and it is very important that you follow these rules.

15        A juror who violates these restrictions jeopardizes the fairness of these

16    proceedings. If any juror is exposed to any outside information, please notify the

17    court immediately.

18

19

20

21

22

23

24

25

26

27

28

17

## STIPULATED INSTRUCTION NO. 79: COMMUNICATION WITH COURT[15]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[15] 9th Cir. MMCJI § 3.3.

**STIPULATED INSTRUCTION NO. 80: RETURN OF VERDICT[16]**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

---

[16] 9th Cir. MMCJI § 3.5.

Dated: May 22, 2024

Respectfully submitted,

/s/ *DRAFT*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
Eliza Finley (301308)
efinley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite
1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
One Manhattan West
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP

/s/ *Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

20

1

33 Whitehall Street, 14th Floor
New York, NY 10004

*Counsel for Defendants National Football
League, NFL Enterprises LLC, and the
Individual NFL Clubs*

2

Tel: (646) 357-1100

3

Fax: (212) 202-4322

4

Christopher L. Lebsock (184546)

5

clebsock@hausfled.com
Samuel Maida (333835)

6

smaida@hausfeld.com

7

HAUSFELD LLP

8

600 Montgomery St., Suite 3200
San Francisco, CA 94111

9

Tel: (415) 633-1908
Fax: (415) 633-4980

10

11

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com

12

Farhad Mirzadeh (*Pro Hac Vice*)

13

fmirzadeh@hausfeld.com

14

HAUSFELD LLP
888 16th Street, N.W., Suite 300

15

Washington, DC 20006

16

Tel: (202) 540-7200
Fax: (202) 540-7201

17

18

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com

19

Edward Diver (*Pro Hac Vice*)

20

ndiver@langergrogan.com
Peter Leckman (235721)

21

pleckman@langergrogan.com

22

Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com

23

LANGER GROGAN AND DIVER

24

PC
1717 Arch Street, Suite 4020

25

Philadelphia, PA 19103

26

Tel: (215) 320-5660
Fax: (215) 320-5703

27

28

*Plaintiffs' Co-Lead Counsel*

21

22