Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION <br><br> ──────────────────── <br><br> THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx) <br><br> **DEFENDANTS' DISPUTED PRELIMINARY JURY INSTRUCTIONS** <br><br> Judge: Hon. Philip S. Gutierrez <br> Trial Date: June 5, 2024 <br> Courtroom: First Street Courthouse <br>     350 West 1st Street <br>     Courtroom 6A <br>     Los Angeles, CA 90012 |

# INDEX OF DEFENDANTS' PROPOSED PRELIMINARY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS AT START OF TRIAL** | | | |
| 3 | "Class Action" Defined | CACI No. 115; Cases | 1 |
| 5 | Corporate Entities—Fair Treatment | 9th Cir. § 4.1; ABA Antitrust 2-A-3 | 8 |
| 18 | Outline of Trial | 9th Cir. § 1.21 | 11 |

# PRELIMINARY JURY INSTRUCTIONS
# INSTRUCTION NO. 3: "CLASS ACTION" DEFINED

This case is a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people or businesses who the plaintiffs contend have similar legal claims. All of these people or businesses together are called a "class." Plaintiffs Ninth Inning Inc., 1465 Third Avenue Restaurant Corp., Robert Gary Lippincott, Jr., and Jonathan Frantz brought this lawsuit on behalf of the residential and commercial classes, and they are referred to as the class representatives.

In a class action, the class representatives contend that the claims of each class member can be resolved at the same time based on common evidence and testimony that is not unique to each class member. In viewing the evidence presented in this trial, you must consider whether that evidence is persuasive in proving a claim for every class member.

The fact that this case is proceeding as a class action does not mean any decision has been made about who is right and who is wrong in the case. You may not infer anything about who is right and who is wrong from the fact that this case is a class action.

In this case, the Plaintiff classes consist of the following:

**Commercial Class.** All DirecTV commercial subscribers that purchased the NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011. The commercial class is represented by Ninth Inning Inc., sometimes referred to as The Mucky Duck, and 1465 Third Avenue Restaurant Corp., sometimes referred to as Gael Pub. When I refer to the "Commercial Class" or "Commercial Plaintiffs," I am referring to The Mucky Duck, Gael Pub, and the other commercial class members.

**Residential Class.** All DirecTV residential subscribers that purchased the

NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011 and the date of the Court's class certification Order. The residential class is represented by Robert Gary Lippincott, Jr. and Jonathan Frantz. When I refer to the "Residential Class" or "Residential Plaintiffs," I am referring to Mr. Lippincott, Mr. Frantz, and the other residential class members.

**Authority:** CACI No. 115 ("Class Action" Defined (Plaintiff Class)) (Jud. Coun. Cal. Adv. Comm. Civ. Jury Instrs. 2023 ed.); Closing Jury Instructions at 22–23 (Closing Instruction No. 20, "Class Action" Defined), *Hamilton v. Wal-Mart Stores, Inc.*, No. 5:17-cv-01415-AB-KK (C.D. Cal. Apr. 11, 2019); Jury Instructions at 3 ("Class Action" Defined), *Tañedo v. E. Baton Rouge Par. Sch. Bd.*, No. 8:10-cv-01172-JAK-MLG (C.D. Cal. Dec. 17, 2012), ECF No. 456; Jury Instructions at 3 (Court's Instruction No. 2), *In re Homestore.com, Inc. Sec. Litig.*, No. 2:01-cv-11115-RSWL-CW (C.D. Cal. Feb. 24, 2011), ECF No. 1358.

**PLAINTIFFS' OBJECTION TO NFL INSTRUCTION NO. 3: "CLASS ACTION" DEFINED**

Plaintiffs object to the second and third paragraphs of the NFL's proposed instruction because they improperly assert that the question whether common evidence can resolve the claims of each class member is one for the jury. Those deviations from the CACI model instruction are contrary to law because the question of class certification (or decertification) is one for the Court. *See, e.g.*, *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Int'l Union, AFL–CIO CLC v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. 2010) ("Whether or not to certify a class is within the discretion of the Court.") The Court should instead adopt Plaintiffs' proposed instruction which accurately follows the CACI model instruction.

The NFL's instruction for the jury "to consider whether that evidence is persuasive in proving a claim for every class member" misstates the legal standard. Plaintiffs need only prove injury and damages to class members at trial; the jury plays no role after trial in ensuring the distribution of the damages award to injured class members. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 454 (2016) (upholding class certification where proof of harm was based on representative sample and some class members were not injured and envisioning a proposed allocation plan after trial for disbursal of the jury award to injured class members); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir.), cert. denied sub nom. *StarKist Co. v. Olean Wholesale Grocery Coop., Inc.*, 143 S. Ct. 424 (2022). The NFL cites no case requiring the jury to decide whether class plaintiffs proved liability on an individualized basis for each member of the class. Their request to do so here is contrary to law and raises the risk of jury confusion.

Plaintiffs further object to this instruction as incomplete as it does not include

3

1  portions of CACI Model 115, namely the instruction that all members of the class
2  will be bound by the result of the trial.

# DEFENDANTS' ARGUMENT IN SUPPORT OF DEFENDANTS' DISPUTED INSTRUCTION NO. 3: "CLASS ACTION" DEFINED

Defendants' Instruction 3 follows well-established Central District precedent, as it accurately states the law and prevents the jury from finding liability on behalf of a class without actual proof of injury *to that class*. Plaintiffs suggest in their opposition that proof of injury to a single class representative—absent evidence that *any* of that evidence relates to the class as a whole—is sufficient for a class-wide verdict. That is contrary to the law and to this court's own rulings.

*First*, Plaintiffs are wrong to suggest that certification of a class is a substantive guarantee that common questions of law or fact will be resolved on a class-wide basis. It is an acknowledgement that they *could* be. As the Ninth Circuit has recently explained in clarifying its holding in *Olean*, "[t]he focus of the predominance inquiry 'is whether the method of proof would apply in common to all class members,' 'not whether the method of proof would or could prevail.'" *Lytle v. Nutramax Lab'ys, Inc.*, 99 F.4th 557, 572 (9th Cir. 2024) (quoting *In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, 915 F.3d 1, 12 (1st Cir. 2019)). But Plaintiffs still must prove—at trial—that the evidence actually does prove the claims of all members of the proposed class. As *Olean* explained, where there remains a dispute among the parties as to whether plaintiffs' expert evidence "is probative as to all purchasers in the class," that is "a question of persuasiveness *for the jury*." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 681 (9th Cir.), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop., Inc.*, 143 S. Ct. 424 (2022) (emphasis added).

Rule 23 thus is a not a substantive rule providing that the evidence presented by Plaintiffs "applies to all class members." Rather, it is "a claims-aggregating device, [which] leaves the parties' legal rights and duties intact . . . , and it does not affect the substance of the claims or plaintiffs' burden of proof." *Olean*, 31 F.4th at

663. Plaintiffs retain the burden to introduce at trial evidence sufficient to prove all elements of their claims as to each class member. *See id.* at 667, 684–85; *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993) ("It is clear that at some point in the [class action] litigation Plaintiffs would be required to prove individual causation and damages."). They cannot meet this burden by instructing the jury to *assume* they have done so.

*Second*, it is not permissible to defer the question of whether each member of the proposed class was injured to an unspecified, post-trial proceeding. The law is clear that Article III prohibits federal courts from "order[ing] relief to any uninjured plaintiff, class action or not." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Where—as here—injury is an element of a legal claim, that element must be adjudicated by a jury as a matter of the Seventh Amendment, *see In re Rail Freight Fuel Surcharge Antitrust Litig.*, 934 F.3d 619, 625 (D.C. Cir. 2019) (class actions must "winnow" away uninjured class members through procedures that are "robust enough to preserve the defendants' Seventh Amendment and due process rights to contest every element of liability and to present every colorable defense"); *In re Asacol Antitrust Litig.*, 907 F.3d 42, 53 (1st Cir. 2018) (Rule 23 "provides no occasion for jettisoning the rules of evidence and procedure, the Seventh Amendment, or the dictate of the Rules Enabling Act").

*Third*, this Court's class certification order confirms that Plaintiffs bear the burden to prove injury to all class members, and allowing the jury to assume (without proof) that all evidence applies to all members of the class would contradict this Court's order. The Court held that its analysis was "'limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial." *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2023 WL 1813530, at *10 (C.D. Cal. Feb. 7, 2023) (emphasis in original) (quoting

|  |  |
|---|---|
| 1 | *Olean*, 31 F.4th at 666–67). The Court thus explicitly left open the possibility that |
| 2 | Defendants could "argue to a jury that Plaintiffs' models . . . do not *in fact* prove |
| 3 | class-wide antitrust impact and damages." *Id.* at *13 (emphasis in original); *see* |
| 4 | *also*, *e.g.*, Order re: Final Jury Instructions, *Siqueiros v. Gen. Motors LLC*, No. 16- |
| 5 | CV-7244, ECF No. 554 (N.D. Cal. Oct. 2, 2022) (instructing the jury that, "*[i]f you* |
| 6 | *find it appropriate*, you may apply the evidence at this trial to all class members" |
| 7 | (emphasis added)). Having obtained class certification on the premise that |
| 8 | Defendants could press challenges to class-wide injury at trial, Plaintiffs cannot |
| 9 | now argue that Defendants should never be permitted to assert them at all. |

# INSTRUCTION NO. 5: CORPORATE ENTITIES—FAIR TREATMENT

In this case, some of the Plaintiffs and the Defendants are corporate entities. All parties are equal before the law, and a corporate entity is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporate entity is considered to be a person. It can act only through its employees, agents, directors, or officers. Therefore, a corporate entity is responsible for the acts of its employees, agents, directors, and officers, performed within the scope of their authority. An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director, or officer engages in while carrying out that person's business.

**Authority:** MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT §§ 4.1 (Corporations and Partnerships—Fair Treatment), 14 (Antitrust) (9th Cir. Jury Instructions Comm. 2017 ed.); MODEL JURY INSTRUCTIONS IN CIVIL ANTITRUST CASES, Chapter 2–Section 1 of the Sherman Act—Contract, Combination, or Conspiracy, Instruction 3: Corporations (AM. BAR ASS'N ANTITRUST L. SECTION 2016).

# PLAINTIFFS' OBJECTION TO NFL INSTRUCTION NO. 5: CORPORATE ENTITIES FAIR TREATMENT

Plaintiffs object to the inclusion of a preliminary instruction about corporate entities as inconsistent with the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit and the ABA Antitrust Model Jury Instructions.

Plaintiffs further object to this instruction as duplicative of Defendants' Instruction No. 28.

Plaintiffs also object to this instruction as incomplete as it does not include substantial portions of ABA Antitrust Model Jury Instruction 2-A-3, and Defendants have not provided sufficient authority supporting their deviation from the model instruction.

# DEFENDANTS' ARGUMENT IN SUPPORT OF DEFENDANTS' DISPUTED INSTRUCTION NO. 5: CORPORATE ENTITIES FAIR TREATMENT

Defendants have included an instruction on Corporate Entities in both the initial and final instructions to prepare the jury for the information they will hear throughout trial. Where, as here, many of the parties are corporate entities, it will be helpful for the jury to understand how corporate entities are treated under the law prior to hearing the evidence.

Because it is intended as a preliminary instruction, Defendants' Instruction 5 presents a simplified, and legally accurate, version of the model instruction, including *only* the information about corporate entities necessary to understand the evidence presented. To that end, this instruction is not duplicative of Defendants Instruction 28, which explains more fully the law relating to corporate entities. Rather, Defendants' Instruction 5 provides a simplified primer for the jury on corporate entities and the evidence about them that the jury will hear throughout the trial. *See* MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, Introductory Comment ("Jury instructions are intended to give the jurors, in understandable language, information to make the trial more meaningful and to permit them to fulfill their duty of applying the law to the facts as they find them."). The Court should adopt this streamlined instruction in the interest of clarity and simplicity.

# INSTRUCTION NO. 18: OUTLINE OF TRIAL

The trial will proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:** MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT § 1.21 (Outline of Trial) (9th Cir. Jury Instructions Comm. 2017 ed.).

**PLAINTIFFS' OBJECTION TO NFL INSTRUCTION NO. 18: OUTLINE OF TRIAL**

Defendants' instruction is identical to Plaintiffs' instruction except that Defendants omit the sentence: "Then the Plaintiffs may present evidence in rebuttal, and counsel for the Defendants may cross-examine." This sentence is necessary because Plaintiffs anticipate presenting rebuttal evidence through, at a minimum, their disclosed rebuttal experts. Defendants have been aware of Plaintiffs' anticipated rebuttal expert testimony for years. The jury should be informed about Plaintiffs' anticipated rebuttal evidence to help them understand how trial will proceed.

# DEFENDANTS' ARGUMENT IN SUPPORT OF DEFENDANTS' DISPUTED INSTRUCTION NO. 18: OUTLINE OF TRIAL

Defendants' proposed instruction is identical to the model instruction. Plaintiffs' proposal, on the other hand, incorporates a new, unsourced assertion that Plaintiffs will be permitted to offer rebuttal evidence after Defendants' case-in-chief. Plaintiffs do not offer—and do not have—any basis at this time to suggest that they cannot present all of their evidence during their case-in-chief. Their assertion about rebuttal evidence is not included in the Ninth Circuit model instructions, and Plaintiffs do not point to a single comparable case in which such an instruction was given. The Court should exclude this final sentence.

| | | |
|---|---|---|
| 1 | Dated: May 22, 2024 | Respectfully submitted, |

/s/ *Beth A. Wilkinson*

Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*