# EXHIBIT 4

MARC M. SELTZER (54534)
DAVID C. MARCUS (158704)
STEPHEN E. MORRISSEY (187865)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Telecopier:  (310) 789-3150

STEPHEN D. SUSMAN
VINEET BHATIA
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Telecopier:  (713) 654-6666

Attorneys for Plaintiff
Masimo Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TYCO HEALTH CARE GROUP, L.P., a Delaware Partnership, and MALLINCKRODT, INCORPORATED, a Delaware Corporation,<br><br>Defendants. | Case No. CV 02-4770 MRP (AJWx)<br><br>**SPECIAL VERDICT FORM**<br><br>Date:  March 17, 2005<br>Time:  9:15 a.m.<br>Place:  Courtroom 12<br>Hon. Mariana R. Pfaelzer |

1.

# Special Verdict Form

Keeping in mind the preceding instructions, please answer the following questions. All "yes" answers must be supported by a preponderance of the evidence. You must reach a unanimous decision on each question and each subsection of each question.

## I.
## Masimo's Monopolization Claim
## Section 2 of the Sherman Act

**Question 1: Unlawful Maintenance of Monopoly Power**

Do you find that Masimo has proven that Tyco has unlawfully maintained monopoly power in the relevant market?

Answer "yes" or "no".         Yes _____   No _____

If your answer is "no", stop and go to Part II below.

**Question 2: Injury to Masimo**

Do you find that Masimo has proven that Tyco's unlawful maintenance of monopoly power caused injury to Masimo's business or property?

Answer "yes" or "no".         Yes _____   No _____

If you answered "no", stop and proceed to Part II below.

**Question 3: Masimo's Damages**

What amount of money do you find would fairly compensate Masimo for the injury, if any, that you have found was caused by Tyco's unlawful maintenance of monopoly power?

Answer in dollars and cents, if any.                        $_____

## II.
## Masimo's Unreasonable Restraint of Trade Claim
## Section 1 of the Sherman Act

**Question 4: Product Bundling**

    A.    Did Tyco's product bundling constitute an unreasonable restraint of trade?

    Answer "yes" or "no".            Yes _____  No _____

    If you answered "no", stop and proceed to question 5.

    B.    Did product bundling injure Masimo in its business or property?

    Answer "yes" or "no".            Yes _____  No _____

    If you answered "no", stop and proceed to question 5.

    C.    Did product bundling cause Masimo damages and by what amount, if any?

    Answer in dollars and cents, if any.            $_____

**Question 5: Market Share-Based Compliance Pricing Contracts**

    A.    Did Tyco's market share-based compliance pricing contracts constitute an unreasonable restraint of trade?

    Answer "yes" or "no".            Yes _____  No _____

    If you answered "no", stop and proceed to question 6.

3.

B.   Did market share-based contracts injure Masimo in its business or property?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 6.

C.   Did market share-based contracts cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.          $_____

**Question 6: Sole-Source Contracts**

A.   Did Tyco's sole-source contracts constitute an unreasonable restraint of trade?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 7.

B.   Did the sole-source contracts injure Masimo in its business or property?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 7.

C.   Did the sole-source contracts cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.          $_____

**Question 7: Co-Marketing Agreements with OEMs**

A.   Did Tyco's co-marketing agreements with OEMs constitute an unreasonable restraint of trade?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 8.

B.   Did the co-marketing agreements injure Masimo in its business or property?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 8.

    C.    Did the co-marketing agreements cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.    $_____

### Question 8: Equipment Financing Programs

    A.    Did Tyco's equipment financing programs constitute an unreasonable restraint of trade?

Answer "yes" or "no".    Yes _____ No _____

If you answered "no", stop and proceed to question 9.

    B.    Did the equipment financing programs injure Masimo in its business or property?

Answer "yes" or "no".    Yes _____ No _____

If you answered "no", stop and proceed to question 9.

    C.    Did the equipment financing programs cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.    $_____

## III.
## Masimo's Exclusionary Dealing Claim
## Section 3 of the Clayton Act

### Question 9: Product Bundling

    A.    Did Tyco's product bundling constitute an exclusive dealing arrangement entered into by Tyco?

Answer "yes" or "no".    Yes _____ No _____

If you answered "no", stop and proceed to question 10.

    B.    Did product bundling injure Masimo in its business or property?

Answer "yes" or "no".        Yes _____ No _____

If you answered "no", stop and proceed to question 10.

C.   Did product bundling cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.        $_____

## Question 10: Market Share-Based Compliance Pricing Contracts

A.   Did Tyco's market share-based compliance pricing contracts constitute an exclusive dealing arrangement entered into by Tyco?

Answer "yes" or "no".        Yes _____ No _____

If you answered "no", stop and proceed to question 11.

B.   Did the market share-based contracts injure Masimo in its business or property?

Answer "yes" or "no".        Yes _____ No _____

If you answered "no", stop and proceed to question 11.

C.   Did the market share-based contracts cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.        $_____

## Question 11: Sole-Source Contracts

A.   Did Tyco's sole-source contracts constitute an exclusive dealing arrangement entered into by Tyco?

Answer "yes" or "no".        Yes _____ No _____

If you answered "no", stop and proceed to question 12.

B.   Did the sole-source contracts injure Masimo in its business or property?

Answer "yes" or "no".        Yes _____ No _____

If you answered "no", stop and proceed to question 12.

C. Did the sole-source contracts cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.          $_____

**Question 12: Co-Marketing Agreements With OEMs**

A. Did Tyco's co-marketing agreements with OEMs constitute an exclusive dealing arrangement entered into by Tyco?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 13.

B. Did the co-marketing agreements injure Masimo in its business or property?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 13.

C. Did the co-marketing agreements cause Masimo damages and by what amount, if any?

Answer in dollars and cents, if any.          $_____

**Question 13: Equipment Financing Programs**

A. Did Tyco's equipment financing programs constitute an exclusive dealing arrangement entered into by Tyco?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 14.

B. Did the equipment financing programs injure Masimo in its business or property?

Answer "yes" or "no".          Yes _____ No _____

If you answered "no", stop and proceed to question 14.

C. Did the equipment financing programs cause Masimo damages and by what amount, if any?

1     Answer in dollars and cents, if any.      $_____

**Question 14: Damages Before July 2001**

For the total damages figure you find, state the amount of damages that you find occurred before July 2001?

    Answer in dollars and cents.      $_____

SO SAY WE ALL.

_____       _____
Date      PRESIDING JUROR

1  Submitted by:

2

3  MARC M. SELTZER
   DAVID C. MARCUS
4  STEPHEN E. MORRISSEY
   SUSMAN GODFREY L.L.P.
5
   STEPHEN D. SUSMAN
6  VINEET BHATIA
   SUSMAN GODFREY L.L.P.
7

8  By _____
9     Marc M. Seltzer

10

9.

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On March 16, 2005, I served the foregoing document(s) described as follows:

**SPECIAL VERDICT FORM**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

\_\_\_\_\_ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee as indicated on the attached service list.

\_\_\_\_\_ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

\_\_\_\_\_ BY TELECOPIER
I served by facsimile as indicated on the attached service list.

__XX__ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on March 16, 2005, at Los Angeles, California

\_\_\_\_\_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__XX__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Helen Danielson
(Type or Print Name)

*(Signature)*

# MASIMO CORPORATION V. TYCO HEALTH CARE GROUP, ET AL.
## U.S. DISTRICT COURT CASE NO.  CV 02-4770 MRP (AJWx)
## MASTER SERVICE LIST

**ATTORNEYS FOR PLAINTIFF**

Marc M. Seltzer
David C. Marcus
Stephen E. Morrissey
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6039
 Telephone: . . . . . . . . . .  (310) 789-3100
 Facsimile:  . . . . . . . . . .  (310) 789-3150

Stephen D. Susman
Vineet Bhatia
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  . . . . . . . . . .  (713) 651-9366
Facsimile:  . . . . . . . . . . .  (713) 654-6666

**ATTORNEYS FOR DEFENDANTS**

Stephen C. Neal
John F. Young
James Donato
Neal J. Stephens
COOLEY GODWARD LLP
c/o The Omni Hotel - Figueroa Room
251 S. Olive Street
Los Angeles, CA 90012
Telephone:  . . . . . . .  (213) 356-5031
**Facsimile: . . . . . . . .  (213) 356-4023**
E-Mail: sneal@cooley.com
E-Mail: jyoung@cooley.com
E-Mail: jdonato@cooley.com
E-Mail: nstephens@cooley.com

Craig N. Hentschel
DYKEMA GOSSETT PLLC
150 So. Los Robles Ave., Suite 400
Pasadena, CA 91101
Telephone:  . . . . . . .  (626) 737-6173
**Facsimile: . . . . . . . .  (626) 356-5705**
E-Mail: chentschel@dykema.com