Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*pro hac vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*pro hac vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No.: 2:15-ml-02668−PSG (SKx)<br><br>**PLAINTIFFS' DISPUTED PROPOSED PRELIMINARY JURY INSTRUCTIONS**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>TRIAL DATE: June 5, 2024<br>COURTROOM:<br>    First Street Courthouse<br>    350 West 1st Street<br>    Courtroom 6A<br>    Los Angeles, CA 90012 |

# TABLE OF CONTENTS

| P## | D## | Title | Source | Status | Page |
|---|---|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS AT START OF TRIAL** | | | | | |
| 1 | 1 | Duty of Jury | 9th Cir. § 1.2 | Stipulated | |
| 2 | 2 | Statement of the Case and Parties | 9th Cir. § 1.5 | Stipulated | |
| 3 | 3 | Class Actions | CACI 115 | Disputed | 4 |
| 4 | 4 | Preponderance of the Evidence | 9th Cir. § 1.6 | Stipulated | |
| | 5 | Corporate Entities—Fair Treatment | 9th Cir. § 4.1; ABA Antitrust 2-A-3 | Disputed | |
| 6 | 6 | Two or More Parties – Different Legal Rights | 9th Cir. § 1.8 | Stipulated | |
| 7 | 7 | What is Evidence | 9th Cir. § 1.9 | Stipulated | |
| 8 | 8 | What is Not Evidence | 9th Cir. § 1.10 | Stipulated | |
| 9 | 9 | Direct and Circumstantial Evidence | 9th Cir. § 1.12 | Stipulated | |
| 10 | 10 | Ruling on Objections | 9th Cir. § 1.13 | Stipulated | |
| 11 | 11 | Credibility of Witnesses | 9th Cir. § 1.14 | Stipulated | |
| 12 | 12 | Conduct of the Jury | 9th Cir. § 1.15 | Stipulated | |
| 13 | 13 | Publicity During Trial | 9th Cir. § 1.16 | Stipulated | |
| 14 | 14 | No Transcript Available to Jury | 9th Cir. § 1.17 | Stipulated | |
| 15 | 15 | Taking Notes | 9th Cir. § 1.18 | Stipulated | |
| 16 | 16 | Questions to Witnesses by Jurors During Trial | 9th Cir. § 1.19 | Stipulated | |
| 17 | 17 | Bench Conferences and Recesses | 9th Cir. § 1.20 | Stipulated | |
| 18 | 18 | Outline of Trial | 9th Cir. § 1.21 | Disputed | 9 |
| 19 | 19 | Cautionary Instructions | 9th Cir. § 2.0 | Stipulated | |
| 20 | 20 | Deposition in Lieu of Live Testimony | 9th Cir. § 2.4 | Stipulated | |
| 21 | 21 | Use of Interrogatories | 9th Cir. § 2.11 | Stipulated | |
| 22 | 22 | Expert Opinion | 9th Cir. § 2.13 | Stipulated | |
| 23 | 23 | Charts and Summaries | 9th Cir. §§ 2.14, 2.15 | Stipulated | |
| 24 | 24 | Stipulations of Fact | 9th Cir. § 2.2 | Stipulated | |

In proposing the following jury instructions, Plaintiffs do not waive any objections to evidence or arguments asserted in motions *in limine*. Nor do Plaintiffs concede the relevance of any issues addressed by these proposed instructions. Plaintiffs also reserve the right to amend or alter these proposed instructions or propose new instructions, including amendments and alterations based on further developments in this litigation, discussions with the Court, discussions with the NFL, and rulings or orders issued by the Court.

# NO. 3: CLASS ACTIONS[1]

This case is a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people or businesses who have similar legal claims. All of these people or businesses together are called a "class." The people or businesses that brought this lawsuit on behalf of the class are the class representatives.

In a class action, the claims of many individuals or businesses can be resolved at the same time instead of requiring each class member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. The evidence at this trial applies to all class members. All members of the class will be bound by the result of this trial.

In this case, the classes consist of the following:

**Residential Class:** All DirecTV residential subscribers that purchased the NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011 and February 7, 2023.

**Commercial Class:** All DirecTV commercial subscribers that purchased the NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011 and February 7, 2023.

When I refer to "Plaintiffs" in these instructions, the Court will be referring to both the class representatives and the other members of the classes.

Your personal views towards class actions should not prevent you from doing your duty as jurors in this case.

---

[1] Fed. R. Civ. P. 23; Class Certification Order (Dkt. No. 894); CACI No. 115 (modified).

## **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' INSTRUCTION NO. 3**

Although Plaintiffs do not cite it, both parties base their proposed instruction on the CACI model instruction on class actions. *See* Defs.' Proposed Instr. No. 4. But Plaintiffs' unqualified inclusion of the statement that "the evidence at this trial applies to all class members" is inaccurate and should be omitted.

*First*, this assertion is not legally correct. "As a claims-aggregating device, Rule 23 leaves the parties' legal rights and duties intact and the rules of decision unchanged, and it does not affect the substance of the claims or plaintiffs' burden of proof." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir.), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop., Inc.*, 143 S. Ct. 424 (2022). Plaintiffs therefore retain the burden to introduce at trial evidence sufficient to prove all elements of their claims as to each member. *See id.* at 684; *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993) ("It is clear that at some point in the [class action] litigation Plaintiffs would be required to prove individual causation and damages."). They cannot meet this burden by instructing the jury to *assume* they have done so.

*Second*, instructing the jury that all evidence applies to all members of the class would contradict this Court's class certification order. The Court held that its class certification analysis was "'limited to resolving whether the evidence establishes that a common question is capable of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial." *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2023 WL 1813530, at *10 (C.D. Cal. Feb. 7, 2023) (*quoting Olean*, 31 F.4th at 666–67). The Court thus explicitly left open the possibility that Defendants could "argue to a jury that Plaintiffs' models . . . do not in fact prove class-wide antitrust impact and damages." *Id.* at *13; *see also*, *e.g.*, Order re: Final Jury Instructions, *Siqueiros v. Gen. Motors LLC*, No. 16-CV-7244, ECF No. 554 (N.D. Cal. Oct. 2, 2022) (instructing the jury that, "*[i]f you find it appropriate*, you may apply the evidence at this trial to all class members" (emphasis

5

added)). Instructing the jury that all evidence applies class-wide would directly contradict this finding.

*Finally*, the instruction that a juror's personal views on class actions should not prevent them from doing their duties as jurors should be rejected as unnecessarily biased and argumentative. *See Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1022 (9th Cir. 2002) (affirming the decision to reject an argumentative jury instruction and reaffirming the holding in *United States v. Hall*, 552 F.2d 273, 275 (9th Cir. 1977), that a court need not accept an instruction "manifestly intended to influence the jury towards accepting the evidence" of one party over another).

**PLAINTIFFS' REPLY RE. NO. 3: CLASS ACTIONS**

Plaintiffs' proposed instruction replicates the CACI model instruction on class actions with minor modifications that are appropriate to this case.

Defendants' primary objection concerns language from the CACI Model Instruction—that the jury may assume that the evidence at the trial applies to all class members. This standard instruction will help jurors understand that evidence presented at trial is meant to apply to the claims of the entire class, clearing up any potential confusion about the fact that they will not hear testimony (or evidence) about each individual member. Other district courts in the Ninth Circuit have adopted the very language that Defendants object to here. *See e.g.*, *Perez v. Rash Curtis & Assocs.*, 2019 U.S. Dist. LEXIS 76332 (N.D. Cal. May 4, 2019) (adopting proposed instruction that "You may assume the evidence at this trial applies to all class members, except as I specifically tell you otherwise."). That language is particularly appropriate to this overcharge case in which Plaintiffs will prove anticompetitive harm and damages through common evidence—a singular but-for-world that applies to all purchasers of Sunday Ticket.

Defendants' reliance on *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) and *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993) is misplaced because neither case supports the proposition that a jury must determine whether a plaintiff prevailed on its claims as to each class member. *Olean* confirms that common questions are "capable of classwide resolution," meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." 31 F.4th at 663. While *Olean* acknowledges that "an individual question is one where members of a proposed class will need to present evidence that varies from member to member," *id.*, Defendants have not identified any individual questions that will come up at trial for which common evidence is inappropriate. Nor is *Abuan* applicable because that case involved class members with varying exposure levels to chemicals and the

7

expert had not compared exposure levels of the different class members. 3 F.3d at 334. This overcharge case presents no such issues.

Defendants also object to the last sentence that "[y]our personal views toward class action should not prevent you from doing your duty as jurors in this case." Defendants provide no explanation for their claim that this statement is biased and argumentative. This is a simple, neutral statement that will encourage a juror to set aside their personal animosity or enthusiasm for class actions when evaluating the evidence in this case.

# NO. 18: OUTLINE OF TRIAL[2]

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the Defendants may cross-examine. Then the Defendants may present evidence, and counsel for Plaintiffs may cross-examine. Then the Plaintiffs may present evidence in rebuttal, and counsel for the Defendants may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

[2] 9th Cir. MMCJI 1.21.

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' INSTRUCTION NO. 18

Defendants' proposed instruction number eighteen is identical to the model instruction. Plaintiffs' proposal, on the other hand, incorporates a new, unsourced assertion that Plaintiffs will be permitted to offer rebuttal evidence after Defendants' case-in-chief. Plaintiffs do not offer—and do not have—any basis at this time to suggest that they cannot present all of their evidence during their case-in-chief. This assertion about rebuttal timing also is not included in the Ninth Circuit model instructions, nor can Plaintiffs point to a single comparable case in which such an instruction was given. The Court should exclude this final sentence.

**PLAINTIFFS' REPLY RE. NO. 18: OUTLINE OF TRIAL**

Plaintiffs' instruction is identical to the 9th Circuit Model Instruction 1.21, with one addition that is appropriate to the facts of this particular case: "Then the Plaintiffs may present evidence in rebuttal and counsel for the Defendants may cross-examine." This uncontroversial sentence is necessary because Plaintiffs anticipate presenting rebuttal evidence through, at a minimum, their disclosed rebuttal experts. The jury should be informed about Plaintiffs' anticipated rebuttal evidence to set expectations about how trial will proceed.

Defendants object to this addition because Plaintiffs purportedly have not demonstrated that they cannot present all their evidence during their case-in-chief. That objection ignores that Plaintiffs disclosed their rebuttal experts long ago (some of whom were retained solely as rebuttal experts). Defendants did not object to Plaintiffs serving rebuttal expert reports, but rather agreed to rebuttal expert reports when the pretrial schedule was set in this case.

Rebuttal evidence may not be included in the one-size-fits-all model instruction, but deviations from that model are always appropriate to fit the actual case that will be tried before the jury. Because this case will be decided under the burden-shifting framework of the rule of reason (where Defendants bear the burden of proof on procompetitive justifications), it will necessarily involve rebuttal expert testimony. Defendants will suffer no prejudice if the jury is instructed about that fact before that testimony is presented.

Dated: May 22, 2024

Respectfully submitted,

By: */s/ Marc M. Seltzer*
Marc M. Seltzer

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
Eliza Finley (301308)
efinley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Seth Ard (*pro hac vice*)
sard@susmangodfrey.com
Tyler Finn (*pro hac vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
One Manhattan West
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*pro hac vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*pro hac vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111

Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*pro hac vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*pro hac vice*)
hlanger@langergrogan.com
Edward Diver (*pro hac vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*pro hac vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*