Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**SECOND AMENDED JOINT EXHIBIT LIST**<br><br>Judge: Hon. Philip S. Gutierrez<br>Final Pretrial Conference<br>Date: June 4, 2024<br>Time: 1:30 p.m.<br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

Pursuant to the Federal Rules of Civil Procedure Rule 26(a)(3)(A)(iii), Local Rules 16-2.3 and 16-6, and the Court's March 15, 2022 Order for Jury Trial (Dkt. 435), Defendants the National Football League, NFL Enterprises LLC, and the Individual NFL Clubs (collectively, "NFL Defendants") and Plaintiffs Ninth Inning Inc. dba The Mucky Duck, 1465 Third Avenue Restaurant Corp. dba Gael Pub, Robert Gary Lippincott, Jr., and Jonathan Frantz (collectively, "Plaintiffs") hereby submit a second amended list of exhibits which may be offered at trial.  A copy of the second amended exhibit list is attached hereto as Exhibit A.[1]

The parties reserve the right to amend, revise, or supplement this list, as appropriate.  The parties further reserve the right to cross-examine experts using the experts' reports, materials considered or relied upon, and the parties' expert disclosures.  The parties reserve the right to object to the admissibility or use of any document on this list.

The parties have labeled various exhibits "joint exhibits" on the basis that they were not objected to by the non-offering party.  Plaintiffs assert that each party should have the right to object to the non-offering party's attempt to admit into evidence those "joint exhibits," such as, but not limited to, where one party (but not the other) may assert non-hearsay for an opposing party statement under Federal Rule of Evidence 801(d)(2). Defendants disagree with Plaintiffs' position on joint exhibits. Defendants assert that the joint exhibit list was created after months of the

---

[1]The NFL Defendants have included reasons for their objections in the Second Amended Joint Exhibit List in line with the Court's pre-trial order that the parties include any objections to admissibility of the exhibits "and the reasons for the objections." Dkt. 435, at 3, 8.  Plaintiffs did not understand the Court to want additional "reasons for objections" (in addition to the parties' previous "objections" provided in the Amended Joint Exhibit List filed on May 10, 2024, ECF No. 1329) when it instructed the parties at the final pretrial conference on May 16, 2024 that "what I'd like to see is, what is the objection and they're pretty -- you've done that pretty well. 403 or whatever it is, but then the short reason as to why it should be admitted, okay?" Tr. 21. For that reason, Plaintiffs have not expanded their previous "objections," nor have Plaintiffs had an opportunity to respond to the NFL Defendants' new "reasons for objections" here (to the extent they differ from the NFL Defendants' previous "objections"), while reserving all rights. Plaintiffs are prepared to supplement any of this information should the Court want it.

1

parties identifying and responding to objections, and any exhibit labeled a "joint exhibit" is a document that the parties chose not to object to. If introduced through a witness at trial, a joint exhibit should be admitted. *See* Dkt. 435, at 8 (explaining that a "[f]ailure to object will result in a waiver of objection.").

The parties reserve all prior privilege claims, assertions, and objections previously asserted that may pertain to exhibits on this list.  The inadvertent inclusion of any privileged materials in this list is not intended to be a waiver of any claim of privilege or a waiver of rights governed by the Case Management Orders entered in this action.

Narrative descriptions or titles of documents in this list are for purposes of identification only.  The parties reserve the right to replace any exhibit on this list with its native form at the time of trial.  The parties reserve the right to offer enlargements of any exhibit.

Dated:  May 30, 2024

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800

2

1    Facsimile: (424) 332-4749
nsahni@cov.com

2

3    Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)

4    John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**

5    One CityCenter

6    850 Tenth Street NW
Washington, DC 20001

7    Telephone: (202) 662-6000
Facsimile: (202) 662-6291

8    glevy@cov.com
dludwin@cov.com

9    jplayforth@cov.com

10    *Counsel for Defendants National Football*

11    *League, NFL Enterprises LLC, and the*
*Individual NFL Clubs*

12    /s/ *Marc M. Seltzer*

13    Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com

14    Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com

15    Amanda Bonn (270891)
abonn@susmangodfrey.com

16    **SUSMAN GODFREY L.L.P.**

17    1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

18    Tel: (310) 789-3100
Fax: (310) 789-3150

19

20    William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com

21    Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com

22    Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com

23    **SUSMAN GODFREY L.L.P.**

24    One Manhattan West
New York, NY 10001

25    Tel: (212) 336-8330
Fax: (212) 336-8340

26

27    Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com

28    **SUSMAN GODFREY L.L.P.**

3

401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfled.com
**HAUSFELD LLP**
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
**LANGER GROGAN AND DIVER PC**
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

4

1  *All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Case No. 2:15-ml-02668-PSG (SKx)**                                    **Second Amended Joint Exhibit List**

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|-----------------------|---------------------------|-----------------|---------------|
| TX0001 | Joint Ex. | 00001 | undated | Spreadsheet re: ESPN's NFL Profit & Loss Statement (2013-2014) and Board Memo Comparison (Magnus Ex. 03) | | | | | |
| TX0002 | Joint Ex. | 00002 | 08/01/2020 | ESPN Presentation re: NFL Renewal Strategy | | | | | |
| TX0003 | Joint Ex. | 00025 | 12/01/2020 | ESPN Presentation re: ESPN NFL Sunday Ticket Considerations | | | | | |
| TX0004 | Joint Ex. | 00138 | 04/01/2012 | Hart Research Associates Presentation re: Assessing the Market for NFL Sunday Ticket, Key Finding from March/April 2012 Survey, Prepared for ESPN | | | | | |
| TX0005 | Joint Ex. | 00165 | 12/01/2020 | Presentation re: 2020 SSRS/Luker on Trends Sports Poll | | | | | |
| TX0006 | Joint Ex. | 00455 | 04/01/2019 | 2019 ESPN & ABC Big Ten Distribution Agreement | | | | | |
| TX0007 | Joint Ex. | 00585 | 06/16/2021 | 2021 ESPN & Liberty University Agreement (Magnus Ex. 20) | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0008 | Joint Ex. | 00630 | 12/08/2020 | 2020 ESPN & ABC Multi-Media Agreement with the SEC | | | | | |
| TX0009 | Joint Ex. | 00788 | undated | ESPN Presentation re: Rights Overview | | | | | |
| TX0010 | Joint Ex. | AMZN_000000 15 | undated | Draft Survey for NFL Sunday Ticket Conducted by Resource Systems Group, Inc. | | | | | |
| TX0011 | Joint Ex. | DIRECTV-ST-00016222 | 01/24/2011 | DirecTV Presentation re: NFL ST Commercial Pricing 2012-2014 Summary (Priesand Ex. 04) | | | | | |
| TX0012 | Joint Ex. | DIRECTV-ST-00017722 | 05/02/2016 | Email Thread re: FOR REVIEW - Ops Review Deck Patel // Email Attachment re: AT&T's EG Marketing Ops Review Deck (Dyckes Ex. 03 (deck)) | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0013 | Joint Ex. | DIRECTV-ST-00019285 | 03/06/2020 | Email from J. Dyckes to K. Pirri and P. Beuthner FW: NFLST – Business Evolution Doc/Cliff Notes // Email Attachments re: NFL Sunday Ticket – Production History and Evolution (PDF & Word Versions) (Dyckes Ex. 02) | | | | | |
| TX0014 | Joint Ex. | DIRECTV-ST-00024918 | 11/29/2016 | Email from R. Stecklow to J. Sanchez, D. Fishlow, B. Jack and J. Dyckes re: NFL // Email Attachment re: NFL Sunday Ticket: Interest and Pricing Research Deck | | | | | |
| TX0015 | Joint Ex. | DIRECTV-ST-00226772 | 05/02/2016 | Email Thread re: 2016 Power of the NFL // Email Attachment re: The Power of the NFL Deck | | | | | |
| TX0016 | Joint Ex. | DIRECTV-ST-00550877 | 04/24/2014 | Email from R. Feeney to R. Stecklow re: MLBXI Numbers // Email Attachment re: 2014 DirecTV & MLB Letter Agreement on Out-of-Market Packages (2014-2021) (York (D) Ex. 06) | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0017 | Joint Ex. | DIRECTV-ST-00719459 | 04/20/2018 | Email from J. Dyckes to R. Thus and C. Lauricella re: NFL Sunday Ticket games available to us yearly (Dyckes Ex. 12) | | | | | |
| TX0018 | Joint Ex. | DIRECTV-ST-00721012 | 02/28/2017 | Email from J. Dyckes to J. McGinnis, S. Stevenson, S. Cox & J. Britton FW: NFLST Cannibalization Research Results // Email Attachment re: AT&T NFLST Cannibalization Study Deck | | | | | |
| TX0019 | Joint Ex. | DIRECTV-ST-00747151 | 03/04/2019 | Email from J. Dyckes to B. Lawton, H. Farr, B. Fitzgerald, and D. Marchionda re: Pricing for 2019 NFL Sunday Ticket | | | | | |
| TX0020 | Joint Ex. | DIRECTV-ST-00782866 | 03/07/2020 | Email from J. Dyckes to P. Beuthner and K. Pirri re: NFL Demographics | | | | | |
| TX0021 | Joint Ex. | DIRECTV-ST-01196275 | 10/24/2014 | Email Thread re: 10:00am (PT) / 1:00pm (ET) - 2015 Business Review - Commercial/MDU // Email Attachment re: DirecTV for Business Deck (White Ex. 14) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 11 of 249   Page ID
#:52076

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0022 | Joint Ex. | DIRECTV-ST-01206098 | 09/19/2018 | Email from J. Dyckes to C. Lauricella re: NFL Cancellation Study Deck // Email Attachment re: NFL Sunday Ticket Cancellation Research Deck (Dyckes Ex. 15) | | | | | |
| TX0023 | Joint Ex. | DIRECTV-ST-01292279 | 03/31/2015 | Email from A. Kaplan to M. White re: NFL Talking Points (Kaplan Ex. 03 - 2022) | | | | | |
| TX0024 | Joint Ex. | DIRECTV-ST-01307763 | 03/28/2014 | Email Thread re: NFL-DirecTV Letter Agreement // Email Attachment re: Draft 2014 NFL & DirecTV Sunday Ticket Agreement (Thun Ex. 01 (agreement); Yancy Ex. 11 (excerpt)) | | | | | |
| TX0025 | Joint Ex. | DIRECTV-ST-01323502 | 04/25/2018 | Email from R. Thun to James Dyckes FW: NFL Who, What, Where // Email Attachment re: NFL ST Marketing Deck (Thun Ex. 09) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 12 of 249   Page ID
#:5207

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0026 | Joint Ex. | DIRECTV-ST-01328026 | 08/28/2019 | Email from J. Dyckes to K. Sustaita FW: NFL ST Preliminary Pricing Deck // Email Attachment re: DirecTV Internal Pricing Study | | | | | |
| TX0027 | Joint Ex. | DIRECTV-ST-01390263 | 09/20/2013 | Email from M. Siegel to M. White re: Scanned Documents // Email Attachment re: Summary re: NFL-DirecTV Renewal Discussions // Email Attachment re: NFL Sunday Ticket Key Terms Deck | | | | | |
| TX0028 | Joint Ex. | DIRECTV-ST-01451353 | 07/09/2013 | Email from A. Kaplan to M. White re: Sun Valley // Email Attachment re: NFL Talking Points (White Ex. 07) | | | | | |
| TX0029 | Joint Ex. | DIRECTV-ST-01519602 | 07/19/2013 | Email from B. Jack to R. Stecklow FW: 2012 NFLST Pricing Study Topline Report // Email Attachment re: DirecTV NFL Sunday Ticket, Interest and Pricing Research Deck | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0030 | Joint Ex. | DIRECTV-ST-01741362 | 03/12/2014 | Email Thread re: NFLST Subscriber Profiling Deck / Email Attachment re: NFL Sunday Ticket Subscriber Profiling Study Deck | | | | | |
| TX0031 | Joint Ex. | DIRECTV-ST-02190643 | 10/21/2016 | 2016 DirecTV & NBA Agreement (York (D) Ex. 05) | | | | | |
| TX0032 | Joint Ex. | DIRECTV-ST-02201929 | 12/20/2013 | Email from W. Ryan to B. Rolapp, H. Schroeder, C. Haplin, T. Won, D. Gibson and J. Davis re: NFL DirecTV Fully Executed Agreements // NFL Sunday Ticket - Basic Business Terms (York (D) Ex. 03) | | | | | |
| TX0033 | Joint Ex. | DIRECTV-ST-02369343 | 07/23/2014 | Email from A. Kaplan to M. White (no email subject) // Email Attachment re: DirecTV NFL Sunday Ticket - Business Review and 2014 Roadmap Deck (White Ex. 12) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 14 of 249   Page ID
#:52079

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0034 | Joint Ex. | DIRECTV-ST-02415964 | 01/22/2018 | Email from J. Gerasymeko to C. Lauricella re: NHL-OTT Part of Agreement // Email Attachment re: 2016 DirecTV & NHL Letter Agreement | | | | | |
| TX0035 | Joint Ex. | EVERPASS00001 | 05/24/2023 | 2023 DirecTV & EverPass Media Short Form Agreement (Kaplan Ex. 13 (2023)) | | | | | |
| TX0036 | Joint Ex. | FOX_NFLSundayTicket_0000001 | 12/15/2020 | FOX Sports Presentation re: Research Update | | | | | |
| TX0037 | Joint Ex. | FOX_NFLSundayTicket_0000211 | 01/01/2016 | Document re: NFL on FOX - 2016 | | | | | |
| TX0038 | Joint Ex. | FOX_NFLSundayTicket_0000741 | undated | FOX Sports NFL Presentation | | | | | |
| TX0039 | Joint Ex. | FOX_NFLSundayTicket_0000897 | 05/18/2021 | FOX Presentation re: FOX Sports Budget & Long Range Plan (L. Jones Ex. 09) | | | | | |
| TX0040 | Joint Ex. | FOX_NFLSundayTicket_0000971 | undated | FOX Sports Presentation re: Project 2025, Developing a Programming Rights Mix | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 15 of 249   Page ID
#:52080
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0041 | Joint Ex. | FOX_NFLSund ayTicket_00010 50 | 04/11/2012 | FOX Presentation re: FOX Sports Financial Dashboard (L. Jones Ex. 10) | | | | | |
| TX0042 | Joint Ex. | FOX_NFLSund ayTicket_00010 93 | 11/04/2015 | FOX Sports Presentation re: Sports Rating Overview | | | | | |
| TX0043 | Joint Ex. | NFL_0000421 | 11/08/2004 | 2004 NFL & DirecTV Sunday Ticket Agreement | | | | | |
| TX0044 | Joint Ex. | NFL_0000434 | 03/13/2009 | 2009 NFL & DirecTV Sunday Ticket Agreement (Bornstein Ex. 13) | | | | | |
| TX0045 | Joint Ex. | NFL_0000458 | 09/18/2014 | 2014 NFL & DirecTV Sunday Ticket Agreement | | | | | |
| TX0046 | Joint Ex. | NFL_0000641 | 12/23/2011 | Email from B. Rolapp to S. Bornstein FW: 2012 Plans for DTV NFL Sunday Ticket Service // Email Attachment re: NFL Sunday Ticket 2012 Package Overview Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 16 of 249   Page ID
#:52081
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|----------------------|--------------------------|-----------------|----------------|
| TX0047 | Joint Ex. | NFL_0012383 | 09/14/2016 | Constitution and Bylaws of the National Football League (Rolapp Ex. 07; Schroeder 30(b)(6) Ex. 05) | | | | | |
| TX0048 | Joint Ex. | NFL_0013148 | 03/15/2020 | 2020 NFL & NFLPA Collective Bargaining Agreement | | | | | |
| TX0049 | Joint Ex. | NFL_0043634 | 08/07/2019 | Email Thread re: 2019 Broadcast Fact Book // Email Attachment re: NFL 2019 Broadcast Factbook | | | | | |
| TX0050 | Joint Ex. | NFL_0057451 | 10/25/2018 | Email from B. Lawton to R. Paige FW: Revised NFLST Deck // Email Attachments re: Sunday Ticket: Addressable Market Deck (PowerPoint & PDF Versions) (Butler Ex. 03 (deck); Lawton Ex. 11 (email & 1st attachment); Mathiowetz Ex. 06 (deck); Schroeder 30(b)(6) Ex. 20 (email); Schroeder 30(b)1 Ex. 03 (deck); Schroeder 30(b)1 Ex. 28 (all)) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 17 of 249   Page ID
#:52082

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0051 | Joint Ex. | NFL_0059024 | 01/15/2019 | Email from A. Perez to B. Lawton and H. Farr re: Draft ST Pricing Study Materials // Email Attachment re: NFL Digital Media, Preliminary Draft Deck // Email Attachment re: NFL Sunday Ticket Diary Study // Email Attachment re: STT Options Model Methodology Excel | | | | | |
| TX0052 | Joint Ex. | NFL_0062133 | 09/01/2011 | Email Thread re: 2011 Broadcast Fact Book // Email Attachment re: NFL 2011 Broadcast Fact Book | | | | | |
| TX0053 | Joint Ex. | NFL_0065517 | 08/14/2017 | Email Thread re: 2017 Broadcast Fact Book // Email Attachment re: NFL 2017 Broadcast Fact Book | | | | | |
| TX0054 | Joint Ex. | NFL_0069511 | 09/06/2019 | Email from C. Yancy to M. North re: Digital Pregame Shows // Email Attachment re: NFL 2019 Broadcast Fact Book | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 18 of 249   Page ID
#:52083

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0055 | Joint Ex. | NFL_0070763 | 01/03/2019 | Email from C. Yancy to M. North re: Sideline Shooters // Email Attachment re: NFL 2018 Broadcast Fact Book | | | | | |
| TX0056 | Joint Ex. | NFL_0075246 | 04/19/2012 | Email from C. Yancy to M. North re: NFL Broadcast Fact Book - 2011 and 2012 // Email Attachment re: NFL 2011 Broadcast Fact Book | | | | | |
| TX0057 | Joint Ex. | NFL_0075565 | 08/29/2016 | Email from C. Lovering to C. Yancy re: Digital Copy of NFL Broadcast Fact Book // Email Attachment re: NFL 2016 Broadcast Fact Book | | | | | |
| TX0058 | Joint Ex. | NFL_0087008 | 04/09/2018 | Email from G. Senko to K. Quinn re: Verizon NFL Mobile Rev Share -(Jan-Mar) // Email Attachment re: 2014 NFL & Verizon Mobile Agreement | | | | | |
| TX0059 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0060 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 19 of 249   Page ID
#:52084
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0061 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0062 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0063 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0064 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0065 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0066 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0067 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0068 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0069 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0070 | Joint Ex. | NFL_0126709 | 01/01/2014 | NFL 2014 Broadcast Fact Book | | | | | |
| TX0071 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 20 of 249   Page ID
#:52085

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0072 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0073 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0074 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0075 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0076 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0077 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0078 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0079 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0080 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0081 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0082 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 21 of 249   Page ID #:52086

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0083 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0084 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0085 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0086 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0087 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0088 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0089 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0090 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0091 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0092 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0093 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 22 of 249   Page ID
#:52087

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0094 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0095 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0096 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0097 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0098 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0099 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0100 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0101 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0102 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0103 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0104 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 23 of 249  Page ID
#:52088

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0105 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0106 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0107 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0108 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0109 | Joint Ex. | NFL_0150063 | 02/01/2002 | 2002 Compendium of NFL Sunday Ticket Update Materials (Tagliabue Ex. 19) | | | | | |
| TX0110 | Joint Ex. | NFL_0155596 | 04/30/2019 | Email from K. LaForce to H. Schroeder FW: 2019.04 Media Committee_Consolidated_v4.30.19 130pm.pptx // Email Attachment re: Media Committee - 2019 Spring Committee Meetings Deck (Bernhiem Ex. 05 (deck); Schroeder 30(b)1 Ex. 02 (all)) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 24 of 249   Page ID
#:52089

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0111 | Joint Ex. | NFL_0193506 | 09/18/2019 | Email from K. Goepel to W. Deng re: Can't Find Slide // Email Attachment re: 2019 March Media Committee Deck | | | | | |
| TX0112 | Joint Ex. | NFL_0235425 | 11/08/2004 | Email from G. Aiello to H. Schroeder re: Use This for Committee // Email Attachment re: Public Talking Points - 11/8/04 (Schroeder 30(b)1 Ex. 05 (attachment)) | | | | | |
| TX0113 | Joint Ex. | NFL_0239782 | undated | NFL Core Objectives and Media Strategy (Bernheim Ex. 02; Lawton Ex. 01) | | | | | |
| TX0114 | Joint Ex. | NFL_0240265 | 04/18/2005 | 2005 NFL & NBCU Agreement | | | | | |
| TX0115 | Joint Ex. | NFL_0242076 | 05/16/2009 | 2009 NFL & CBS AFC Extension - Principal Chances to Current Agreement | | | | | |
| TX0116 | Joint Ex. | NFL_0242087 | 05/17/2009 | Document re: FOX & NFL Extension, Principal Changes to Current Agreement | | | | | |
| TX0117 | Joint Ex. | NFL_0242166 | 11/08/2004 | 2004 NFL & CBS AFC Term Sheet | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK    Document 1378    Filed 05/30/24    Page 25 of 249    Page ID
#:52090
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0118 | Joint Ex. | NFL_0242422 | 04/28/1998 | Letter from N. Austrian to P. Bowlen re: FOX & Sunday Ticket | | | | | |
| TX0119 | Joint Ex. | NFL_0246297 | 03/18/2018 | Email from H. Katz to B. Rolapp FW: Scheduling Deck for Annual Meeting // Email Attachment re: Game Scheduling and Presentation Deck | | | | | |
| TX0120 | Joint Ex. | NFL_0246368 | 03/13/2017 | Email from E. Nowacki to B. Rolapp and W. Deng re: Committee Slides // Email Attachment re: 2017 Media Committee Meeting Deck // Email Attachment re: Joint Media and Digital Media Deck | | | | | |
| TX0121 | Joint Ex. | NFL_0246438 | 03/08/2017 | Email from A. Herald to M. Love and J. Jones re: Media Committee Meeting Materials // Email Attachment re: 2017 Media Committee Meeting Deck // Email Attachment re: 2017 Joint Media & Digital Media Committee Meeting Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 26 of 249   Page ID
#:52091

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0122 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0123 | Joint Ex. | NFL_0253516 | 03/14/2014 | Email from A. Herald to P. Abitante and F. Taylor re: Digital Media Segment for the Briefing Book // Email Attachment re: Memorandum for March 2014 Annual Meeting | | | | | |
| TX0124 | Joint Ex. | NFL_0278483 | 10/05/2012 | Email from B. Fitzgerald to T. Won, H. Schroeder and K. LaForce re: DTV Deck presented to Commissioner and Team // Email Attachment re: NFL Sunday Ticket Review Deck (Schroeder 30(b)(6) Ex. 21 (deck)) | | | | | |
| TX0125 | Joint Ex. | NFL_0285367 | 03/28/2018 | Email from T. Straker to B. Lawton re: Comparable League Out of Market Packages, SKUs // Email Attachment re: Comparable League Out of Market Packages Deck (Goodell Ex. 25 (NFL_0285369 only); Lawton Ex. 10) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 27 of 249   Page ID #:52092

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|------------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0126 | Joint Ex. | NFL_0299599 | 12/19/2017 | Email from J. Filonuk to B. Lawton and A. Steinberg re: "L.E.K. Follow Ups" // Email Attachment re: L.E.K. Consulting's Draft NFL Digital Packaging & Pricing Study Survey Questionnaire | | | | | |
| TX0127 | Joint Ex. | NFL_0318941 | 09/23/2020 | Email from C. Lovering to C. Yancy re: Game Pres Docs // Email Attachment re: 2019 Game Presentation Season Recap Deck // Email Attachment re: Game Broadcast Changes, 2019 Season Ad Reduction & Sponsorship Research Deck // 2020 Draft Season Game Presentation Guidelines | | | | | |
| TX0128 | Joint Ex. | NFL_0319736 | 10/16/2019 | Email from C. Yancy to C. Yancy re: Emailing: Network Relief Memo 3-22 // Email Attachment re: Memo from J. Collins to C. Yancy re: Position Papers Dated March 21, 2002 (Yancy Ex. 07 (Memo)) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 28 of 249   Page ID
#:52093

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0129 | Joint Ex. | NFL_0320046 | 10/05/2020 | Email Thread re: Updated Game Broadcast Results // Email Attachment re: Game Broadcast Results Deck | | | | | |
| TX0130 | Joint Ex. | NFL_0335468 | 12/29/2020 | Email from K. Goepel to W. Deng re: NFL \| FOX // Email Attachment re: NFL Positions - Internal Draft, 12/28/20 (Rolapp Ex. 13) | | | | | |
| TX0131 | Joint Ex. | NFL_0350718 | 11/05/2007 | Email from B. Rolapp to H. Schroeder, K. LaForce, S. Mannapperuma and D. Johnson re: Media Presentations and Models | | | | | |
| TX0131A | Joint Ex. | NFL_0350719 | 04/18/2005 | Email Attachment re: 2006 NFL & NBC Prime Time Agreement | | | | | |
| TX0131B | Joint Ex. | NFL_0350736 | 11/08/2004 | Email Attachment re: NFL & CBS ACF Agreement | | | | | |
| TX0131C | Joint Ex. | NFL_0350744 | 11/08/2004 | Email Attachment re: NFL & DirecTV Agreement (Carey Ex. 01) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 29 of 249   Page ID
#:52094

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0131D | Joint Ex. | NFL_0350757 | 04/15/2005 | Email Attachment re: ESPN Memorandum of Agreement: Cable Package on Monday Night | | | | | |
| TX0131E | Joint Ex. | NFL_0350761 | 11/08/2004 | Email Attachment re: 2006 NFL & FOX NFC Agreement | | | | | |
| TX0132 | Joint Ex. | NFL_0361893 | 05/06/2005 | Email from A. Pierce to B. Rolapp re: Term Sheets// Email Attachment re: FOX 2006-2011 NFC Package Agreement | | | | | |
| TX0133 | Joint Ex. | NFL_0375030 | 08/05/2009 | Document re: NBC - NFL Extension, Principal Changes to Existing Agreement | | | | | |
| TX0134 | Joint Ex. | NFL_0376796 | 12/14/2011 | Email from D. Healy to S. Bornstein re Revised Deck // Email Attachment re: General Session, Media Update Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 30 of 249   Page ID
#:52095

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0135 | Joint Ex. | NFL_0377290 | 02/11/2014 | Email from C. Halpin to B. Rolapp, H. Schroeder, D. Healy and D. Malin FW: CBS Sunday AFC Package - Executed Documents // Email Attachment re: 2014 NFL & CBS Longform AFC Agreement // Email Attachment re: CBS Guaranty dated February 5, 2014 // Email Attachment re: CBS Tickets Side Letter dated February 6, 2014 // Email Attachment re: CBS Footage License // Email Attachment re: CBS Footage License for Super Bowl // | | | | | |
| TX0136 | Joint Ex. | NFL_0378209 | 11/15/2011 | Email from A. Herald to S. Gastler re: Broadcasting Committee Materials for Mr. Kroenke // Email Attachment re: November 2011 Broadcast Committee Media Update Deck | | | | | |
| TX0137 | Joint Ex. | NFL_0378319 | 02/13/2014 | Email from D. Healy B. Rolapp re: ESPN WC Put // Email Attachment re: 2011 NFL & ESPN Monday Night Football Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 31 of 249   Page ID
#:52096
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0138 | Joint Ex. | NFL_0380125 | 10/01/2012 | Email from D. August to B. Rolapp, J. Siclare and P. Abitante re: Timeline of Key NFL League-Level Contracts // Email Attachment re: Timeline of CBA and Key Contracts Slide | | | | | |
| TX0139 | Joint Ex. | NFL_0382993 | 08/26/2019 | Email from H. Schroeder to B. Rolapp re: 2011 TV Extensions Term Sheets and Dec Media Commit | | | | | |
| TX0139A | Joint Ex. | NFL_0382994 | 12/08/2011 | Email Attachment re: NFL & FOX NFC Package Agreement | | | | | |
| TX0139B | Joint Ex. | NFL_0382998 | 09/07/2011 | Email Attachment re: 2011 NFL & ESPN Monday Night Football Agreement Monday Night Football Agreement | | | | | |
| TX0139C | Joint Ex. | NFL_0383009 | 12/06/2011 | Email Attachment re: NFL & CBS AFC Agreement | | | | | |
| TX0139D | Joint Ex. | NFL_0383014 | 12/07/2011 | Email Attachment re: 2011 NFL & NBC Sunday Night Football Agreement | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0139E | Joint Ex. | NFL_0383020 | 12/07/2011 | Email Attachment re: 2011 Broadcast Committee Media Update Deck | | | | | |
| TX0140 | Joint Ex. | NFL_0383240 | 12/04/2018 | Email from B. Rolapp to J. Pitaro re: NFL Sunday Ticket - RFP // Email Attachment re: NFL Sunday Ticket – Request for Proposal Letter | | | | | |
| TX0141 | Joint Ex. | NFL_0383870 | 03/07/2018 | Email from B. Rolapp to F. Taylor FW: Materials for 3/7 Committee Meeting // Email Attachment re: Media Committee: 2018 March Media Committee Meeting Deck | | | | | |
| TX0142 | Joint Ex. | NFL_0384708 | 03/01/2013 | Email from A. Herald to B. Rolapp re: Broadcasting Committee Final Presentation // Email Attachment re: February 2013 Broadcast Committee Media Update Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 33 of 249   Page ID #:32098

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0143 | Joint Ex. | NFL_0402074 | 03/06/2019 | Email from B. Lawton to K. LaForce FW: Slide for Thursday DTC Meeting // Email Attachment re: 2019 Fan Research Summary: Sunday Ticket Implications (Lawton Ex. 09 (all)) | | | | | |
| TX0144 | Joint Ex. | NFL_0418519 | 12/20/2016 | Email from A. Steadman to K. Taylor and B. Lawton re: NFLST on DTV Now Presentation_12.21.16_v2.pptx // Email Attachment re: NFLST on DTV Now Deck | | | | | |
| TX0145 | Joint Ex. | NFL_0419930 | 09/29/2015 | Email from C. Yancy to H. Katz FW: FOX Long Form Signatures // Email Attachment re: 2015 NFL & FOX Longform NFC Agreement // Email Attachment re: FOX Tickets Side Letter dated September 11, 2015 (Goodell Ex. 08) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 34 of 249   Page ID #:52099

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0146 | Joint Ex. | NFL_0458528 | 04/02/2021 | Email from M. North to B. Jones and C. Carey FW: Fully Executed [2021 Agreements] - CBS, FOX, NBC, ESPN, Amazon | | | | | |
| TX0146A | Joint Ex. | NFL_0458529 | 03/16/2021 | Email Attachment re: 2021 NFL & CBS AFC Agreement (Goodell Ex. 24; McManus Ex. 01; Rolapp 30(b)(6) Ex. 06; Yancy Ex. 24) | | | | | |
| TX0146B | Joint Ex. | NFL_0458574 | 03/16/2021 | Email Attachment re: 2021 NFL & NBC Agreement (Pietrycha Ex. 05) | | | | | |
| TX0146C | Joint Ex. | NFL_0458617 | 03/18/2021 | Email Attachment re: 2021 NFL & ESPN/ABC Monday Night Package Agreement (Magnus Ex. 10) | | | | | |
| TX0146D | Joint Ex. | NFL_0458699 | 03/18/2021 | Email Attachment re: 2021 NFL & FOX Sunday NFC Package Extension (Goodell Ex. 23; L. Jones Ex. 04; LaForce Ex. 15; Yancy Ex. 23) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 35 of 249   Page ID
#:52100

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0146E | Joint Ex. | NFL_0458755 | 03/18/2021 | Email Attachment re: 2021 NFL & Amazon Thursday Night Football Agreement | | | | | |
| TX0147 | Joint Ex. | NFL_0459878 | 12/29/2020 | Email from H. Chen to C. Yancy re: Sponsored Elements // Email Attachment re: NFL/FOX Negotiation Positions Chart (Goodell Ex. 21 (chart)) | | | | | |
| TX0148 | Joint Ex. | NFL_0460755 | 11/17/2014 | Email from C. Henderson to C. Yancy re: Compliance Deck // Email Attachment re: National Football League Broadcast Compliance Program Deck | | | | | |
| TX0149 | Joint Ex. | NFL_0471028 | 12/04/2021 | Email from S. McManus to S. Bornstein FW: AFC Package - Basic Business Terms (McManus Ex. 03) | | | | | |
| TX0150 | Joint Ex. | NFL_0471036 | 12/05/2011 | Email from S. Bornstein to S. McManus re: AFC Package – Basic Business Terms | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|----------------------|-------------------------|-----------------|---------------|
| TX0151 | Joint Ex. | NFL_0490263 | 12/20/2010 | Email from B. Fitzgerald to B. Rolapp, H. Schroeder, K. LaForce and D. Healy re: Most Recent Updated DTV Research Deck for Today // Email Attachment re: RedZone Channel - NFL RedZone Presentation on Quantitative Research Deck | | | | | |
| TX0152 | Joint Ex. | NFL_0496210 | 01/09/2003 | Email from H. Schroeder to N. Glat re: Media Presentation // Email Attachment re: NFL Media Strategy Deck | | | | | |
| TX0153 | Joint Ex. | NFL_0499184 | 05/04/2009 | Email from B. Rolapp to S. Bornstein FW: FOX Term Sheet // Email Attachment re: Letter from L. Jones to B. Rolapp re: Proposed FOX Term Sheet // Email Attachment re: NFL Contract 2 Year Extension Term Sheet (L. Jones Ex. 11) | | | | | |

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0154 | Joint Ex. | NFL_0505861 | 11/10/2011 | Email Thread re: Sent on Behalf of Steve Bornstein ~ Memorandum Regarding Broadcast Committee Meeting // Email Attachment re: Memorandum Regarding Upcoming Broadcasting Committee Meeting | | | | | |
| TX0155 | Joint Ex. | NFL_0505868 | 09/20/2011 | Email Thread re: Sent on Behalf of Steve Bornstein Memorandum Regarding Broadcast Committee Meeting // Email Attachment re: Memorandum Regarding Upcoming Broadcasting Committee Meeting | | | | | |
| TX0156 | Joint Ex. | NFL_0505929 | 02/25/2014 | Memorandum re: Broadcasting Committee Meeting - March 4, 2014, with Appendix | | | | | |
| TX0157 | Joint Ex. | NFL_0505958 | 02/25/2016 | Memorandum re: Joint Session of Broadcasting and Digital Media Committees - March 2, 2016, with Appendix | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 38 of 249   Page ID
#:52103

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0158 | Joint Ex. | NFL_0507577 | 03/11/1960 | Minutes of the Annual Meeting of the National Football League, March 11-13, 1960 | | | | | |
| TX0159 | Joint Ex. | NFL_0507666 | 01/24/1961 | Minutes of the Annual Meeting of the National Football League, January 24, 1961 | | | | | |
| TX0160 | Joint Ex. | NFL_0508257 | 05/27/1970 | Minutes of an Executive Session Meeting of the National Football League, May 27, 1970 (Schroeder 30(b)(6) Ex. 07) | | | | | |
| TX0161 | Joint Ex. | NFL_0511106 | 03/21/2005 | Minutes from 2005 Annual Meeting (Goodell Ex. 10; Rolapp Ex. 04) | | | | | |
| TX0162 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0163 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0164 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0165 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0166 | Joint Ex. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 39 of 249   Page ID #:52104

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0167 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0168 | Joint Ex. | NFL_0520273 | 02/18/2016 | Email from C. Yancy to C. Yancy re: 2016 TNF - NBC | | | | | |
| TX0168A | Joint Ex. | NFL_0520274 | 01/31/2016 | Email Attachment re: 2016 NFL & CBS Thursday Night Football Agreement | | | | | |
| TX0168B | Joint Ex. | NFL_0520303 | 01/31/2016 | Email Attachmnet re: 2016 NFL & NBC Thursday Night Football Agreement | | | | | |
| TX0169 | Joint Ex. | NFL_0538963 | 12/30/2020 | Email from K. LaForce to J. Nallen re: NFL Response to FOX December 7th Positions // Email Attachment re: NFL Response to FOX December 7th Positions, December 29, 2020 | | | | | |
| TX0170 | Joint Ex. | NFL_0596231 | 03/08/2019 | Email from B. Lawton to K. LaForce FW: Migration at Price Parity // Email Attachment re: Fan Research Summary Direct-to-Consumer Implications Deck // Email Attachment re: Price Parity Calculations (LaForce Ex. 11) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 40 of 249   Page ID
#:52105

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0171 | Joint Ex. | NFL_0596967 | 08/06/2018 | Email from G. Moran to K. LaForce, B. Lawton, and A. Steadman re: Sunday Ticket Prez // Email Attachment re: Sunday Ticket: Out of Market Fandom Deck | | | | | |
| TX0172 | Joint Ex. | NFL_0609529 | 03/14/2019 | Email from B. Lawton to J. Brown FW: Migration at Price Parity // Email Attachment re: Fan Research Summary, Direct-to-Consumer Implications Deck // Email Attachment re: OTT Metrics (Rolapp Ex. 12 (deck)) | | | | | |
| TX0173 | Joint Ex. | NFL_0612958 | 08/09/2018 | Email from B. Lawton to K. Taylor re: VZ NFL Content & Sponsorship Agreement - Fully Executed - 8.8.2017 // Email Attachment re: 2017 NFL & Verizon Mobile Term Sheet Agreement | | | | | |
| TX0174 | Joint Ex. | NFL_0655521 | 01/12/2018 | Email from C. Yancy to T. James FW: 2017 Ratings Full Season // Email Attachment re: Ratings Update, Full Season Deck (Goodell Ex. 02 (deck)) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 41 of 249   Page ID
#:52106
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0175 | Joint Ex. | NFL_0656350 | 02/25/2019 | Email from C. Yancy to T. Ellis and A. Gloner FW: Week 17 Deck // Email Attachment re: Ratings Update Deck | | | | | |
| TX0176 | Joint Ex. | NFL_0680834 | 03/31/2020 | Email Thread re: Amazon // Email Attachment re: Amazon Tricast & OTT Game License Agreement | | | | | |
| TX0177 | Joint Ex. | NFL_0680835 | 03/31/2020 | 2020 NFL & Amazon Thursday Night Football OTT Agreement | | | | | |
| TX0178 | Joint Ex. | NFL_0683401 | 05/05/2021 | Email Thread re: Sent on Behalf of B. Rolapp, H. Schroeder and K. LaForce - Media Committee Meeting Topics - May 10, 2021 3:00pm ET // Email Attachment re: Media Committee Memorandum re: Meeting Topics - May 10, 2021 | | | | | |
| TX0179 | Joint Ex. | NFL_0707221 | 10/18/2005 | Email from M. Smith to H. Schroeder re: Broadcast Committee 10.20.05 v.22.ppt // Email Attachment re: Broadcast Committee Presentation Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 42 of 249   Page ID
#:52107
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0180 | Joint Ex. | NFL_0711483 | 10/15/2005 | Email from H. Schroeder to B. Rolapp re: Broadcast Committee 10.20.05 v4 revised hls 10.17.05 v2.ppt // Email Attachment re: October 2005 Broadcast Committee Deck | | | | | |
| TX0181 | Joint Ex. | NFL_0714212 | 10/26/2004 | Email from B. Rolapp to M. Smith, C. Coplin and D. Margulis (no email subject) // Email Attachment re: Fall League Meeting Deck // Email Attachment re: Life Game Analysis, Fall League Meeting Deck // Email Attachment re: Cable Television & Local Clubs Discussion Document, Fall League Meeting Deck | | | | | |
| TX0182 | Joint Ex. | NFL_0718657 | 09/22/2010 | Email Thread re: Final Verizon PRA (9-22-10) // Email Attachment re: 2010 NFL & Verizon Mobile Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 43 of 249   Page ID
#:52108

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0183 | Joint Ex. | NFL_0728399 | 07/21/2014 | Email from C. Haplin to D. Healy and A. Herald FW: Updated Pricing Info // Email Attachment re: NFL Now Mobile App Pricing Study Deck (Butler Ex. 10 (deck)) | | | | | |
| TX0184 | Joint Ex. | NFL_0753152 | 03/01/2019 | NFL Presentation re: ST Pricing Study Results (Zona Ex. 23; Butler Ex. 05) | | | | | |
| TX0185 | Joint Ex. | NFL_0755204 | 09/01/2014 | NFL Presentation re: DirecTV Update Broadcast Committee Meeting, September 2014 | | | | | |
| TX0186 | Joint Ex. | NFL_0792377 | 03/07/2018 | NFL Media Committee Presentation re: Media Committee Meeting, March 2018 | | | | | |
| TX0187 | Joint Ex. | NFL_0862550 | 02/26/2006 | 2006 NFL & FOX Longform NFC Agreement (Goodell Ex. 15; Tagliabue Ex. 14) | | | | | |
| TX0188 | Joint Ex. | NFL_0862664 | 02/28/2006 | 2006 NFL & CBS Longform AFC Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 44 of 249   Page ID
#:52109

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0189 | Joint Ex. | NFL_0866182 | 12/06/2011 | Email from B. Rolapp to S. McManus re: CBS/NFL Term Sheet // Email Attachments re: AFC Package - Basic Business Terms (Clean & Redline Versions) | | | | | |
| TX0190 | Joint Ex. | NFL_0866814 | 10/23/2013 | Email from H. Schroeder to S. Bornstein re: FW: NFLST Commissioner Deck - 10/22 Materials // Email Attachments re: NFL Sunday Ticket Update Deck (PowerPoint & PDF Versions) | | | | | |
| TX0191 | Joint Ex. | NFL_0867029 | 02/20/2013 | Email Thread re: Sent on behalf of S. Bornstein and B. Rolapp - Upcoming Broadcasting Committee Meetings // Email Attachment re: Upcoming Broadcasting Committee Meeting - February 20, 2013 | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 45 of 249   Page ID
#:52110

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|----------------------|-------------------------|----------------|---------------|
| TX0192 | Joint Ex. | NFL_0867501 | 03/19/2018 | Email from B. Lawton to B. Rolapp re: NFLST Deck from Media Committee // Email Attachment re: March 2018 Media Committee Meeting Deck | | | | | |
| TX0193 | Joint Ex. | NFL_0867591 | 04/24/2019 | Email Thread re: Media Committee - May 1, 2019 // Email Attachment re: Media Committee Memorandum - May 1, 2019 | | | | | |
| TX0194 | Joint Ex. | NFL_0873199 | 11/21/2011 | Email from B. Rolapp to C. Yancy and J. Galst FW: (no email subject) // Email Attachment re: CBS AFC Package - Basic Business Terms (Bornstein Ex. 21; McManus Ex. 06) | | | | | |
| TX0195 | Joint Ex. | NFL_0875851 | 09/23/2013 | Email from B. Rolapp to S. Bornstein FW: NFLST Materials - Presented to Mike White // Email Attachment re: NFL Sunday Ticket Key Terms Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 46 of 249   Page ID #:52111

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0196 | Joint Ex. | NFL_0876420 | 04/05/2016 | Email from B. Rolapp to A. Noto re: Executed Agreement // Email Attachment re: 2016 NFL & Twitter Thursday Night Football OTT Agreement | | | | | |
| TX0197 | Joint Ex. | NFL_0879010 | 04/15/2019 | Email from K. LaForce to R. Goodell, B. Rolapp, H. Schroeder, L. Goldsmith re: AT&T Letter // Email Attachment re: AT&T Letter | | | | | |
| TX0198 | Joint Ex. | NFL_0879570 | 11/06/2018 | Email from K. LaForce to R. Kraft re: 2P ET NFLST Materials // Email Attachment re: NFLST Go To Market Approach, November 2018 Deck | | | | | |
| TX0199 | Joint Ex. | NFL_0879830 | 09/19/2018 | Email Thread re: Media and NFL Network Committee Meetings - September 26th // Email Attachment re: Media and NFL Network Committee Memorandum re: Meetings - September 26, 2018 | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 47 of 249   Page ID
#:52112

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0200 | Joint Ex. | NFL_0880008 | 08/09/2019 | Email Thread re: Update on NFL Network and NFL RedZone Altice Agreement // Email Attachment re: Update Memorandum on NFL Network and NFL RedZone Altice Agreement | | | | | |
| TX0201 | Joint Ex. | NFL_0889162 | 04/25/2018 | Email from K. Taylor to H. Schroeder and A. Herald re: HOLD: Amazon Tricast Doc Review | | | | | |
| TX0201A | Joint Ex. | NFL_0889163 | 02/01/2018 | Email Attachment re: NFL Thursday Night Football Updated Tricast Proposal | | | | | |
| TX0201B | Joint Ex. | NFL_0889170 | 04/04/2017 | Email Attachment re: 2017 NFL & Amazon Thursday Night Football OTT Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 48 of 249   Page ID
#:52113
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0202 | Joint Ex. | NFL_0892739 | 02/18/2014 | Email from C. Halpin to D. Gibson re: TNF Deal // Email Attachment re: 2014 NFL & CBS Thursday Night Football Agreement // Email from C. Halpin to H. Schroeder re: CBS TENF Broadcast 2014 Term Sheet Draft 2-2-14 Final AS Redline v2 // Email Attachment re: NFL & CBS Sub-Package Agreement | | | | | |
| TX0203 | Joint Ex. | NFL_0896471 | 03/04/2013 | Email Thread re: Annual Meeting Materials // Email Attachment re: Memorandum for March 2012 Annual Meeting | | | | | |
| TX0204 | Joint Ex. | NFL_0899624 | 09/22/2017 | Email from L. Fernandez to H. Schroeder FW: Sent on Behalf of Brian Rolapp ~ Media Committee September 27, 2017 // Email Attachment re: Media Committee Memorandum - September 27, 2017 | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 49 of 249   Page ID
#:52114

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0205 | Joint Ex. | NFL_0909314 | 07/26/2013 | Email from C. Halpin to T. Won and H. Schroeder re: NFLST Conversation Tracker // Email Attachment re: NFLST Potential Partner Alternative Tracker | | | | | |
| TX0206 | Joint Ex. | NFL_0924625 | 02/05/2019 | Email from B. Lawton to K. LaForce re: NFLST Deck // Email Attachments re: NFLST Bids Summary and Next Steps Deck (PowerPoint & PDF Versions) | | | | | |
| TX0207 | Joint Ex. | NFL_0927825 | 01/27/2015 | Email from J. Helmrich to M. Swesson re: Final TNF Terms // Email Attachment re: 2015 NFL & CBS Thursday Night Football Agreement | | | | | |
| TX0208 | Joint Ex. | NFL_0944683 | 11/07/2018 | Email from H. Farr to B. Lawton FW: NFLST // Email Attachment re: NFLST Go To Market Approach | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 50 of 249   Page ID #:52115

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0209 | Joint Ex. | NFL_0963487 | 09/26/2016 | Email from A. Steadman to V. Shah re: NFLST // Email Attachment re: NFLST OTT Proposal Deck | | | | | |
| TX0210 | Joint Ex. | NFL_0982553 | 02/20/2020 | Email from N. Cooney to H. Schroeder re: Packaging Slides // Email Attachment re: September 2019 Media Committee Meeting Update Deck | | | | | |
| TX0211 | Joint Ex. | NFL_0986647 | 05/13/2020 | Email from C. Yancy to C. Lovering re: TNF Agreement // Email Attachment re: 2018 NFL & FOX Thursday Night Football Agreement | | | | | |
| TX0212 | Joint Ex. | NFL_0987987 | 08/10/2018 | Email from C. Yancy to N. Mulcahy, M. Evans, J. Ullman and L. Jones re: 2018 Game Presentation Guidelines // Email Attachment re: Broadcasting Policy, 2018 Season Game Presentation Guideline // Email Attachment re: 2018 Ad Innovation Submission Form (L. Jones Ex. 12) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 51 of 249   Page ID
#:52116

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0213 | Joint Ex. | NFL_0989019 | 12/08/2011 | Email from C. Yancy to C. Yancy re: 2014 CBS Extension Agreement - Executed Copy // Email Attachment re: 2011 NFL & CBS AFC Term Sheet (Bornstein Ex. 22) | | | | | |
| TX0214 | Joint Ex. | NFL_0989538 | 12/04/2018 | Email from C. Yancy to C. Yancy re: NBC 2014-22 // Email Attachment re: 2016 NFL & NBC Sunday Night Package Agreement (unsigned) (Pietrycha Ex. 02) | | | | | |
| TX0215 | Joint Ex. | NFL_0990063 | 03/13/2009 | 2009 NFL & DirecTV Sunday Ticket Agreement (Carey Ex. 02) | | | | | |
| TX0216 | Joint Ex. | NFL_1017692 | 11/04/2019 | Email from G. Senko to J. Moeller FW: Tesla Situation Overview // Email Attachment re: Tesla/TuneIn Premium Ask with Comments // Email Attachment re: 2015 NFL & TuneIn Digital Radio Agreement // Email Attachment re: Third Amendment | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 52 of 249   Page ID #:52117

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0217 | Joint Ex. | NFL_1027221 | 04/23/2021 | Email from J. Moeller to G. Moran re: 2019 Spring // Email Attachment re: March 2019 Media Committee Meeting Update Deck | | | | | |
| TX0218 | Joint Ex. | NFL_1038096 | 05/14/2013 | Email from A. Herald to T. Won re: Broadcasting Committee February Meeting Deck // Email Attachment re: March 2013 DirecTV Sunday Ticket Renewal Discussion Deck // Email Attachment re: Briefing Materials Deck (Bornstein Ex. 25) | | | | | |
| TX0219 | Joint Ex. | NFL_1060024 | 02/21/2007 | Email from A. Pierce to S. Bornstein (no email subject) // Email Attachment re: Broadcasting Committee New Member Briefing Materials (Bornstein Ex. 28; Tagliabue Ex. 17) | Plaintiffs' Priority Objection #2 (pages Pages 13–20 and 31–32) | The NFL Defendants have included reasons for their objections in the Second Amended Joint Exhibit List in line with the Court's pre-trial order that the parties include any objections to admissibility of the exhibits "and the reasons for the objections." Dkt. 435, at 3, 8. Plaintiffs did not understand the Court to want additional "reasons for objections" (in addition to the parties' previous "objections" provided in the Amended Joint Exhibit List filed on May 10, 2024, ECF No. 1329) when it instructed the parties at the final pretrial conference on May 16, 2024 that "what I'd like to see is, what is the objection and they're pretty -- you've done that pretty well. 403 or whatever it is, but then the short reason as to why it should be admitted, okay?" Tr. 21. For that reason, Plaintiffs have not expanded their previous "objections," nor have Plaintiffs had an opportunity to respond to the NFL Defendants' new "reasons for objections" here (to the extent they differ from the NFL Defendants' previous "objections"), while reserving all rights. Plaintiffs are prepared to supplement any of this information should the Court want it. | This exhibit contains memoranda created by trial witnesses explaining the NFL broadcast model to the owners of the individual NFL teams. These exhibits are business records and thus are not hearsay. The NFL Defendants do not intend to discuss the public articles at trial, but include all pages of the exhibit to avoid incompleteness objections, and, in any event, those articles would not be introduced for the truth of the matter asserted but rather for the NFL's state of mind. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 53 of 249   Page ID #:52118

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0220 | Joint Ex. | NFL_1060057 | 02/21/2007 | Email from K. Lantz to B. Rolapp (no email subject) // Email Attachment re: New Member Briefing Material Packet (Goodell Ex. 16 (attachment) Hawkins Ex. 15 (attachment)) | Plaintiffs' Priority Objection #2 (pages Pages 13–20 and 31–32) | *See* Plaintiffs' response to TX0219. | This exhibit contains memoranda created by trial witnesses explaining the NFL broadcast model to the owners of the individual NFL teams.  These exhibits are business records and thus are not hearsay. The NFL Defendants do not intend to discuss the public articles at trial, but include all pages of the exhibit to avoid incompleteness objections, and, in any event, those articles would not be introduced for the truth of the matter asserted but rather for the NFL's state of mind. | | |
| TX0221 | Joint Ex. | NFL_1087476 | 12/08/2011 | 2011 NFL & FOX NFC Term Sheet | | | | | |
| TX0222 | Joint Ex. | NFL_1089663 | 03/24/2020 | Email from H. Farr to B. Rolapp re: Your Case Study // Email Attachment re: Harvard Business School Article: "The NFL's Digital Media Strategy" (Rolapp Ex. 02) | | | | | |
| TX0223 | Joint Ex. | NFL_1105807 | 04/15/2005 | 2005 NFL & ESPN Broadcast Agreement | | | | | |
| TX0224 | Joint Ex. | NFL_1105917 | 02/28/2007 | 2007 NFL & NBC Sunday Night Package Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 54 of 249   Page ID
#:52119
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0225 | Joint Ex. | NFL_1142217 | 09/20/2019 | Email from J. Haslam to J. Private FW: Media Committee Meetings - September 25 // Email Attachment re: Media Committee Memorandum re: Meeting - September 25, 2019 | | | | | |
| TX0226 | Joint Ex. | NFL_1145397 | 03/24/2021 | Email from J. Lurie to T. Sutphen FW: Sent on Behalf of B. Rolapp - Media Deal Resolutions // Email Attachment re: 2021 Media-X Deal Resolutions // Email Attachment re: Expanded Season Resolution | | | | | |
| TX0227 | Joint Ex. | NFL_1201988 | 12/04/2011 | Email from C. Yancy to B. Rolapp FW: AFC Package – Basic Business Terms | | | | | |
| TX0228 | Joint Ex. | NFL_1208269 | 04/23/2015 | Email from C. Yancy to C. Jacob FW: Scanned Document from G. Weinraub // Email Attachment re: 2009 NFL & CBS AFC Extension Letter Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 55 of 249   Page ID #:52120

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|----------------|
| TX0229 | Joint Ex. | NFL_1211555 | 12/15/2015 | Email from C. Marcoux to J. Moeller re: Audio Regroup // Email Attachment re: 2015 NFL & TuneIn Agreement // Email Attachment re: 2015 NFL & Sirius Agreement // Email Attachment re: 2015 General Session Media Update Deck // Email Attachment re: 2015 Media Update Joint BCC and DMC Call Deck // Email Attachment re: Digital Audio Game Consumption: WK 13 // Email Attachment re: 2015 SiriusXM Super Bowl 50 Pop Up Channel // Email | | | | | |
| TX0230 | Joint Ex. | NFL_1212475 | 02/06/2008 | Email from M. Smith to B. Rolapp FW: Latest Version of Survey Results // Email Attachment re: NFL Consumer Insight Survey Design, Discussion Document Deck // Email Attachment re: McKinsey NFL Survey | | | | | |
| TX0231 | Joint Ex. | NFL_1214797 | 10/09/2009 | 2009 NFL & FOX Letter Agreement re: Extension | | | | | |
| TX0232 | Joint Ex. | NFL_1215890 | 11/11/2021 | Email from B. Rolapp to R. Goodell re: Disney CEO B. Chapek | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 56 of 249   Page ID
#:52121

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0233 | Joint Ex. | NFL_1217367 | 03/01/2022 | Email Thread re: Committee Deck Review // Email Attachment re: September 2021 Fall Media Committee Deck | | | | | |
| TX0234 | Joint Ex. | NFL_1229553 | 09/27/1996 | Memorandum to the File re: Broadcast Committee Meeting held September 18, 1996 (Tagliabue Ex. 15) | | | | | |
| TX0235 | Joint Ex. | NFL_1229830 | 08/15/2019 | Email from C. Lovering to A. Taranto re: Commercial Transition Animation Examples // Email Attachment re: Duracell Advertisement Video // Email Attachment re: Ford Advertisement Video // Email Attachment re: Geico Advertisement Video // Email Attachment re: Pepsi Advertisement Video // Email Attachment re: Broadcasting Policy - 2019 Season Game Presentation Guidelines // Email | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 57 of 249   Page ID
#:52122

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0236 | Joint Ex. | NFL_1235537 | 10/03/2022 | Email from B. Lawton to R. Goodell re: Sundar Pichai Briefing Materials // Email Attachment re: Commissioner / Sundar Pichai Meeting - Briefing Materials | | | | | |
| TX0237 | Joint Ex. | NFL_1235567 | 08/28/2022 | Email from B. Rolapp to R. Kraft re: Hoya Discussion Materials - Monday Meeting // Email Attachment re: Project Hoya Discussion Deck | | | | | |
| TX0238 | Joint Ex. | NFL_1235651 | 12/03/2022 | Email from B. Rolapp to R. Goodell re: Apple | | | | | |
| TX0239 | Joint Ex. | NFL_1235766 | 04/05/2022 | Email from B. Lawton to H. Schroeder, W. Deng, G. Senko, J. Wallace, R. Sultan and M. Gulati re: Roku Update // Email Attachment re: Roku Hoya Follow Ups Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 58 of 249   Page ID
#:52123

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0240 | Joint Ex. | NFL_1236887 | 08/25/2022 | Email from B. Lawton to B. Rolapp re: NFLST Commercial // Email Attachment re: Commercial NFL Sunday Ticket ("NFLST") Overview // Email Attachment re: NFLST Commercial Talking Points // Email Attachment re: NFLST Commercial Bidder Contact List | | | | | |
| TX0241 | Joint Ex. | NFL_1238604 | 12/01/2022 | Email Thread re: November 2022 Media + Media O&O Committee Deck // Email Attachment re: November 2022 Media and Media O&O Committee Deck | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 59 of 249   Page ID #:52124

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0242 | Joint Ex. | NFL_1239003 | 12/16/2022 | Email from A. Kaplan to B. Rolapp, D. Prasad and B. Lawton re: NFL Sunday Ticket Commercial Proposal // Email Attachment re: Commercial Opportunity Deck // Email Attachment re: Summary of Key Terms - Commercial Broadcast Rights (Kaplan Ex. 05 (2023); Kaplan Ex. 06 (2023); Rolapp 30(b)(6) Ex. 04) | | | | | |
| TX0243 | Joint Ex. | NFL_1241917 | 12/22/2022 | Email from J. Cruz to R. Sultan, M. Coe, N. Mohan, and C. Oestlien re: Sunday Ticket Execution Copy // Email Attachment re: 2022 NFL & Google Sunday Ticket Agreement (Rolapp 30(b)(6) Ex. 13) | | | | | |
| TX0244 | Joint Ex. | NFL_1241997 | 12/22/2022 | Email from B. Rolapp to J. Cruz re: Sunday Ticket Execution Copy // Email Attachment re: 2022 NFL & Google Sunday Ticket Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 60 of 249   Page ID
#:52125
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0245 | Joint Ex. | NFL_1244283 | 02/25/2023 | Email from B. Lawton to B. Rolapp re: Updated NFLST Briefing Materials // Email Attachments re: Commercial NFLST Media, Media O&O & 32 Equity Committees Memo (PDF & Word Versions) // Email Attachments re: Commercial NFLST Media, Media O&O & 32 Equity Committees Memo Appendix Materials Deck (PDF & PowerPoint Versions) (Rolapp 30(b)(6) Ex. 03) | | | | | |
| TX0246 | Joint Ex. | NFL_1245296 | 03/09/2023 | Email from J. Smolenski re: NFLST Commercial - License + 32 Equity Executed Docs | | | | | |
| TX0246A | Joint Ex. | NFL_1245297 | 03/06/2023 | Email Attachment re: Draft 2023 NFL & RedBird Capital Partners Agreement | | | | | |
| TX0246B | Joint Ex. | NFL_1245335 | 03/06/2023 | Email Attachment re: Executed 2023 NFL & RedBird Capital Partners Agreement | | | | | |
| TX0246C | Joint Ex. | NFL_1245373 | 03/06/2023 | Email Attachment re: RedBird Binding Letter Agreement and Term Sheet | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 61 of 249   Page ID
#:52126

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0246D | Joint Ex. | NFL_1245388 | 03/06/2023 | Email Attachment re: Executed RedBird Letter Agreement | | | | | |
| TX0247 | Joint Ex. | N/A | 10/01/2022 | A. Kaplan Biography (Kaplan Ex. 01 - 2022) | | | | | |
| TX0248 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0249 | Joint Ex. | N/A | 07/17/2022 | H. Schroeder LinkedIn Profile (Schroeder 30(b)1 Ex. 01) | | | | | |
| TX0250 | Joint Ex. | N/A | 08/14/2022 | NFL Flexible Scheduling Procedures (Pietrycha Ex. 04) | | | | | |
| TX0251 | Joint Ex. | N/A | 11/30/2023 | Paramount Press Express | CBS Sports | Executives: Sean McManus Biography | | | | | |
| TX0252 | Joint Ex. | N/A | 08/08/2006 | NFL Media Press Release: Roger Goodell Named NFL Commissioner (Goodell Ex. 01) | | | | | |
| TX0253 | Joint Ex. | N/A | 05/16/2022 | B. Rolapp LinkedIn Profile (Rolapp Ex. 01) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 62 of 249   Page ID
#:52124

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0254 | Joint Ex. | N/A | 01/01/2014 | 2014 Speech by B. Rolapp at The Jockey Club: An Inside Look at NFL Media Strategies (Rolapp Ex. 03) | 801/802: Hearsay; Pltf High Priority Objection #2 | *See* Plaintiffs' response to TX0219. | This exhibit is not hearsay as it is not being offered for the truth of the matter asserted, but rather the fact that NFL executives openly discussed their broadcast model within a public forum. | | |
| TX0255 | Joint Ex. | N/A | undated | DirecTV Transactional and Viewership Data | | | | | |
| TX0256 | Joint Ex. | GOOG-NFLYT-00005964 | 12/21/2022 | 2022 NFL & Google Sunday Ticket Agreement (Cruz Ex. 09) | | | | | |
| TX0257 | Joint Ex. | NFL_1088735 | 12/07/2020 | Email from J. Nallen to B. Rolapp re: (no email subject) // Email Attachment re: FOX Response to NFL Proposal Dated November 11, 2020 (L. Jones Ex. 01; L. Jones Ex. 02; Schroeder 30(b)(6) Ex. 14) | | | | | |
| TX0258 | Joint Ex. | N/A | 07/24/2022 | Frank Hawkins Bio at Scalar Media Partners, LLC (Hawkins Ex. 02) | | | | | |
| TX0259 | Joint Ex. | LIPPINCOTT_SUNDTIC_00000410; LIPPINCOTT_SUNDTIC_00000451 | various | R. Lippincott Produced Invoices For Sunday Ticket (2015-2016, 2020) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 63 of 249   Page ID #:52128

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0260 | Joint Ex. | FRANTZ_SUNDTIC_000 00117; FRANTZ_SUNDTIC_000 00088; FRANTZ_SUNDTIC_000 00094; FRANTZ_SUNDTIC_000 00097; FRANTZ_SUNDTIC_000 00100; FRANTZ_SUNDTIC_000 00107; FRANTZ_SUNDTIC_000 00111; FRANTZ_SUNDTIC_000 00029; FRANTZ_SUNDTIC_000 00033; FRANTZ_SUNDTIC_000 00044; FRANTZ_SUNDTIC_000 00051; FRANTZ_SUNDTIC_000 00058; FRANTZ_SUNDTIC_000 00062; FRANTZ_SUNDTIC_000 00025; FRANTZ_SUNDTIC_000 00231; FRANTZ_SUNDTIC_000 00227 | various | J. Frantz Produced Invoices For Sunday Ticket (2012, 2014-2016, 2018-2019) | | | | | |
| TX0261 | Joint Ex. | MUCKY_SUND TIC_00000114; MUCKY_SUND TIC_00000014; MUCKY_SUND TIC_00000002 | various | Mucky Duck Produced Invoices For Sunday Ticket (2010-2016) | | | | | |
| TX0262 | Joint Ex. | *bates ranges listed below | various | Gael Pub Produced Invoices For Sunday Ticket (2009-2019) | | | | | |
| TX0263 | Joint Ex. | DIRECTV-ST-00051146 | 05/05/2016 | Email and attachments re Re NFL Research | | | | | |
| TX0264 | Joint Ex. | DIRECTV-ST-00057566 | 03/06/2020 | Email and attachments re FW/NFLST Notes | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 64 of 249   Page ID
#:52129

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0265 | Joint Ex. | DIRECTV-ST-00116433 | 03/01/2013 | Contract - NFL Sunday Ticket.pdf | | | | | |
| TX0266 | Joint Ex. | DIRECTV-ST-00247532 | 01/25/2016 | Email and attachments re RE Stankey reveinue (Kaplan Ex. 06 - 2022) | | | | | |
| TX0267 | Joint Ex. | DIRECTV-ST-00493592 | 04/08/2015 | Email and attachments re rights (Kaplan Ex. 02 - 2022) | | | | | |
| TX0268 | Joint Ex. | DIRECTV-ST-01265264 | 09/05/2012 | Email re RE: Sunday Ticket Performance Update (Kaplan Ex. 04 - 2022) | | | | | |
| TX0269 | Joint Ex. | DIRECTV-ST-01415795 | 09/17/2018 | Email re RE: Sunday Ticket Willingness to Pay (Dyckes Ex. 04) | | | | | |
| TX0270 | Joint Ex. | DIRECTV-ST-01457988 | 09/18/2012 | Email reNFL Meeting (White Ex. 03) | | | | | |
| TX0271 | Joint Ex. | DIRECTV-ST-01458388 | 06/13/2012 | Email and attachments re slides (Kaplan Ex. 05 - 2022) | | | | | |
| TX0272 | Joint Ex. | DIRECTV-ST-02173735 | 11/08/2004 | Letter from NFL to Chase Carey (Tagliabue Ex. 08) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 65 of 249   Page ID
#:52130

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0273 | Joint Ex. | 00602 | 05/02/2011 | EXECUTED -- Pac-12_ESPN 2012-24_Redacted.pdf | | | | | |
| TX0274 | Joint Ex. | N/A | N/A | DTV Data Dictionary (Friedman Ex. 02) | | | | | |
| TX0275 | Joint Ex. | N/A | N/A | Original Source Table (Friedman Ex. 03) | | | | | |
| TX0276 | Joint Ex. | N/A | 07/21/2022 | Scalar Media Partners Bio (Hawkins Ex. 03) | | | | | |
| TX0277 | Joint Ex. | N/A | NA | Frank Hawkins Syllabus (Hawkins Ex. 05) | | | | | |
| TX0278 | Joint Ex. | N/A | N/A | NFL Sunday Ticket Features (Mathiowetz Ex. 03) | | | | | |
| TX0279 | Joint Ex. | N/A | N/A | Transcription of Podcast Episode (Rolapp 30(b)(6) Ex. 14) | | | | | |
| TX0280 | Joint Ex. | N/A | 01/26/2015 | Fortune- "NFL's digital chief: Football is the only sure bet" (Rolapp Ex. 08) | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0281 | Joint Ex. | N/A | 04/28/2022 | NFL Supplemental Responses to Plaintiff's Third Interrogatories (Schroeder 30(b)(6) Ex. 10) | | | | | |
| TX0282 | Joint Ex. | N/A | 04/06/2022 | NFL's Answer to Second Amended Consolidated Complaint (Schroeder 30(b)(6) Ex. 12) | | | | | |
| TX0283 | Joint Ex. | N/A | 07/18/2022 | NFL's Mission: Reach as Many Fans as Possible (Schroeder 30(b)(6) Ex. 16) | | | | | |
| TX0284 | Joint Ex. | N/A | 01/01/2012 | Resolution JC-1 (Schroeder 30(b)(6) Ex. 17) | | | | | |
| TX0285 | Joint Ex. | N/A | N/A | Constitutional Provisions (Schroeder 30(b)(6) Ex. 06) | | | | | |
| TX0286 | Joint Ex. | N/A | N/A | Code (Yurkukoglu Ex. 07 (2023)) | | | | | |
| TX0287 | Joint Ex. | N/A | 05/08/2022 | Business Records Affidavit- Amazon | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 67 of 249   Page ID #:52132

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0288 | Joint Ex. | N/A | 07/20/2022 | Business Records Affidavit- CBS Sports | | | | | |
| TX0289 | Joint Ex. | N/A | 05/06/2022 | Business Records Affidavit- Charter | | | | | |
| TX0290 | Joint Ex. | N/A | 05/03/2022 | Business Records Affidavit- Cox | | | | | |
| TX0291 | Joint Ex. | N/A | 10/05/2022 | Business Records Affidavit- Fox Corporation | | | | | |
| TX0292 | Joint Ex. | N/A | 01/06/2022 | Business Records Affidavit- Viacom CBS | | | | | |
| TX0293 | Joint Ex. | N/A | 10/11/2022 | Business Records Affidavit- Comcast | | | | | |
| TX0294 | Joint Ex. | N/A | 04/26/2022 | Business Records Affidavit- DAZN | | | | | |
| TX0295 | Joint Ex. | N/A | 07/08/2022 | Business Records Affidavit- ESPN | | | | | |
| TX0296 | Joint Ex. | N/A | 04/05/2022 | Business Records Affidavit- Verizon | | | | | |
| TX0297 | Joint Ex. | N/A | 12/09/2022 | Business Records Affidavit- Apple | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 68 of 249   Page ID
#:52133

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0298 | Joint Ex. | N/A | 10/13/2022 | Business Records Affidavit- NBC Universal | | | | | |
| TX0299 | Joint Ex. | N/A | N/A | Business Records Affidavit- EverPass | | | | | |
| TX0300 | Joint Ex. | N/A | N/A | Business Records Affidavit- Goldman Sachs | | | | | |
| TX0301 | Joint Ex. | N/A | N/A | Business Records Affidavit- Google | | | | | |
| TX0302 | Joint Ex. | N/A | N/A | Business Records Affidavit- Redbird | | | | | |
| TX0303 | Joint Ex. | N/A | N/A | Business Records Affidavit- Apple | | | | | |
| TX0304 | Joint Ex. | N/A | 12/07/2023 | Amended Notice of Deposition of Defendants National Football League, Inc. and NFL Enterprises LLC Pursuant to Rule 30(b)(6) (Rolapp 30(b)(6) Ex. 01) | | | | | |
| TX0305 | Joint Ex. | N/A | 12/14/2023 | Subscriber Totals for Sunday Ticket (Rolapp 30(b)(6) Ex. 21) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 69 of 249   Page ID #:52134

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0306 | Joint Ex. | NFL_0057405 | 10/18/2018 | Email and attachments re: RE RE: (Schroeder 30(b)(6) Ex. 19) | | | | | |
| TX0307 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0308 | Joint Ex. | NFL_0104058 | 09/15/2020 | Signed Preseason Television Agreement Albuquerque KOAT 2020.pdf | | | | | |
| TX0309 | Joint Ex. | NFL_0104351 | 04/03/2020 | 2020 WAGA_Falcons Preseason Agreement (AFFC and WAGA Executed).pdf | | | | | |
| TX0310 | Joint Ex. | NFL_0153735 | 03/01/2019 | Email and attachments re Ticket (Kraft Ex. 06) | | | | | |
| TX0311 | Joint Ex. | NFL_0166072 | 11/03/2016 | Email and attachments re pptx | | | | | |
| TX0312 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0313 | Joint Ex. | NFL_0235423 | 02/05/2009 | Email re RE: Red Zone - CBS & FOX negotiation (Schroeder 30(b)1 Ex. 07; Yancy Ex. 16) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 70 of 249   Page ID #:52135

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0314 | Joint Ex. | NFL_0240129 | 03/17/2004 | Fax from S. Bornstein to R. Kraft re TV Negotiation (Bornstein Ex. 05) | | | | | |
| TX0315 | Joint Ex. | NFL_0244331 | 04/01/2005 | Powerpoint re Cable TV Opportunities for Local Clubs (Goodell Ex. 11) | | | | | |
| TX0316 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0317 | Joint Ex. | NFL_0262626 | 03/26/2013 | Email and attachments re Analysis (Schroeder 30(b)1 Ex. 14) | | | | | |
| TX0318 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0319 | Joint Ex. | NFL_0304518 | 10/08/2020 | Email re RE: Sunday Afternoon Dist 2017-2019.xlsx (Schroeder 30(b)1 Ex. 06) | | | | | |
| TX0320 | Joint Ex. | NFL_0328242 | 10/04/2013 | Email and attachments re FW General Update (Bornstein Ex. 27) | | | | | |
| TX0321 | Joint Ex. | NFL_0332086 | 12/03/2020 | Email and attachments re RE RKK AM (Schroeder 30(b)(6) Ex. 13) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 71 of 249   Page ID
#:52136

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0322 | Joint Ex. | NFL_0334453 | 10/20/2020 | Email and attachments re Proposals | | | | | |
| TX0323 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0324 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0325 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0326 | Joint Ex. | NFL_0351820 | 05/06/2009 | Email and attachments re Issues FW Extension NFL Issues 5.5.09 (Bornstein Ex. 14) | | | | | |
| TX0327 | Joint Ex. | NFL_0352481 | 08/11/2008 | Email and attachments re RE DTV Extension (Bornstein Ex. 12) | | | | | |
| TX0328 | Joint Ex. | NFL_0352919 | 08/05/2008 | Email and attachments re Prep (Bornstein Ex. 11) | | | | | |
| TX0329 | Joint Ex. | NFL_0355039 | 03/06/2010 | Email and attachments re Materials (Bornstein Ex. 15) | | | | | |
| TX0330 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0331 | Joint Ex. | NFL_0361915 | 11/09/2004 | Letter from NFL to News Corp (L. Jones Ex. 06) | | | | | |

Exhibit A
Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 72 of 249   Page ID
#:52137
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0332 | Joint Ex. | NFL_0375414 | 03/04/2019 | Email re Fwd: Committee Talking Points | | | | | |
| TX0333 | Joint Ex. | NFL_0395560 | 09/20/2011 | Email and attachments re ppt (Schroeder 30(b)1 Ex. 19) | | | | | |
| TX0334 | Joint Ex. | NFL_0418767 | 09/23/2016 | Email and attachments re pptx (Lawton Ex. 02) | | | | | |
| TX0335 | Joint Ex. | NFL_0473955 | 12/09/2020 | Email and attachments re side | | | | | |
| TX0336 | Joint Ex. | NFL_0494170 | 10/28/2004 | Email and attachments re files (Schroeder 30(b)1 Ex. 16 (NFL_0494170); Schroeder 30(b)1 Ex. 17 (NFL_0494195)) | | | | | |
| TX0337 | Joint Ex. | NFL_0507590 | 03/29/1960 | Minutes from Annual Meeting, March 29-30, 1960 | | | | | |
| TX0338 | Joint Ex. | NFL_0507599 | 01/17/1960 | Minutes from Meetings, January-March, 1960 | | | | | |
| TX0339 | Joint Ex. | NFL_0513393 | 08/29/2012 | Memo from NFL to Clubs re Prohibition of Licensing to National Networks (Goodell Ex. 12) | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 73 of 249   Page ID
#:52138

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|----------------|
| TX0340 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0341 | Joint Ex. | NFL_0546286 | 01/01/2006 | Constitution and ByLaws of the NFL (Schroeder 30(b)(6) Ex. 04) | | | | | |
| TX0342 | Joint Ex. | NFL_0547240 | 06/21/2004 | Memo including notes from lunch with R. Murdoch, R. Kraft and PT, Friday June 18 (Tagliabue Ex. 18) | | | | | |
| TX0343 | Joint Ex. | NFL_0683418 | 05/06/2021 | Email and attachments re Materials (Kraft Ex. 01) | | | | | |
| TX0344 | Joint Ex. | NFL_0706372 | 09/03/2004 | Email and attachments re Fw Integrated Deck (Tagliabue Ex. 22) | | | | | |
| TX0345 | Joint Ex. | NFL_0713307 | 11/10/2005 | Email and attachments re ppt | | | | | |
| TX0346 | Joint Ex. | NFL_0825753 | 1:33:00 PM | NFL Broadcast / Cable Television Negotiations | | | | | |
| TX0347 | Joint Ex. | NFL_0866023 | 01/16/2015 | Email and attachments re - RE/CBS NFL TNF | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 74 of 249   Page ID #:52139

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|----------------------|--------------------------|-----------------|---------------|
| TX0348 | Joint Ex. | NFL_0885263 | 01/31/2018 | Email and attachments re FW: TNF Agreement | | | | | |
| TX0349 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0350 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0351 | Joint Ex. | NFL_0983055 | 05/06/2021 | Email and attachments re Deck | | | | | |
| TX0352 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0353 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0354 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0355 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0356 | Joint Ex. | NFL_1105761 | 03/03/2008 | Powerpoint Draft re Sunday Ticket Update (Rolapp Ex. 10) | | | | | |
| TX0357 | Joint Ex. | NFL_1106288 | 10/28/2005 | NFL and ESPN Cable Packages Agreement | | | | | |
| TX0358 | Joint Ex. | NFL_1112546 | 04/26/2017 | Email and attachments re DirecTV Agreement | | | | | |
| TX0359 | Joint Ex. | NFL_1199765 | 03/02/2022 | Email and attachments re ET | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 75 of 249   Page ID
#:52140

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|----------------------|--------------------------|-----------------|---------------|
| TX0360 | Joint Ex. | NFL_1204040 | 04/15/2019 | Email and attachments re: FW NFLST | | | | | |
| TX0361 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0362 | Joint Ex. | NFL_1209602 | 02/28/2014 | Email and attachments re Amendments) | | | | | |
| TX0363 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0364 | Joint Ex. | NFL_1223495 | 03/25/2022 | Email and attachments re Backup | | | | | |
| TX0365 | Joint Ex. | NFL_1229152 | 06/22/2000 | Paul Tagliabue Deposition Transcript and exhibits (Shaw v. Dallas Cowboys) (Tagliabue Ex. 16 (NFL_1229550)) | | | | | |
| TX0366 | Joint Ex. | NFL_1232848 | 10/08/2020 | Email and attachments re xlsx | | | | | |
| TX0367 | Joint Ex. | NFL_1235433 | 01/07/2021 | Email and attachments re Response FW: FOX FOX Response 1/6/21 | | | | | |
| TX0368 | Joint Ex. | NFL_1235479 | 12/05/2020 | Email and attachments re Fwd CBS List | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 76 of 249   Page ID
#:52141

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0369 | Joint Ex. | NFL_1244879 | 01/23/2023 | Email and attachments re Fwd Follow materials (Kaplan Ex. 08 (2023)) | | | | | |
| TX0370 | Joint Ex. | REDBIRD00356 | 03/06/2023 | Redbird Letter Agreement (Kaplan Ex. 01 (2023)) | | | | | |
| TX0371 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0372 | Joint Ex. | NFL_0242397 | 12/21/2001 | Owner Group Meeting Power Point | | | | | |
| TX0373 | Joint Ex. | NFL_0374025 | 01/06/1998 | Draft CBS Contract Principles | | | | | |
| TX0374 | Joint Ex. | NFL_0374442 | N/A | Fox Contract Principles | | | | | |
| TX0375 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0376 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0377 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0378 | Joint Ex. | NFL_1041959 | 09/18/2004 | Email and attachments re Deck for Monday's Meeting | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 77 of 249   Page ID
#:52142
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0379 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0380 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0381 | Joint Ex. | NFL_1046292 | 11/08/2004 | Email and attachments re FW: | | | | | |
| TX0382 | Joint Ex. | NFL_1049289 | 06/15/2004 | Email re RE: Media Materials | | | | | |
| TX0383 | Joint Ex. | NFL_0235408 | 08/24/2004 | Email and attachment re Media Vote | | | | | |
| TX0384 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0385 | Joint Ex. | NFL_0492049 | 07/26/2005 | Email and attachment re Sunday Ticket Financial History | | | | | |
| TX0386 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0387 | Joint Ex. | NFL_0498727 | 04/18/2005 | Email and attachment re NFL Completes Long Term Agreements…. | | | | | |
| TX0388 | Joint Ex. | NFL_0708892 | 11/05/2007 | Email and attachments re media presentations and models | | | | | |
| TX0389 | Joint Ex. | NFL_0082150 | 02/02/2021 | Email and attachment re ESPN RG Output | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 78 of 249   Page ID
#:52143
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0390 | Joint Ex. | NFL_0000415 | 12/06/2002 | Letter from NFL to DirecTV re Sunday Ticket (Tagliabue Ex. 07) | | | | | |
| TX0391 | Joint Ex. | NFL_0050139 | 08/30/2018 | Email and attachments re Team (Lawton Ex. 07) | | | | | |
| TX0392 | Joint Ex. | NFL_0055732 | 01/23/2019 | Email and attachments re slide (Rolapp Ex. 11) | | | | | |
| TX0393 | Joint Ex. | NFL_0150132 | 11/14/2003 | Letter from DirecTV to Frank Hawkins | | | | | |
| TX0394 | Joint Ex. | NFL_0240946 | 11/08/2002 | NFLST Distribution on Digital Cable | | | | | |
| TX0395 | Joint Ex. | NFL_0246808 | 10/14/2011 | Email and attachments re Meeting (Bornstein Ex. 19) | | | | | |
| TX0396 | Joint Ex. | NFL_0304452 | 03/11/2016 | Email and attachments re FW Tune Results | | | | | |
| TX0397 | Joint Ex. | NFL_0333912 | 02/04/2020 | Email and attachments re strawman (LaForce Ex. 12) | | | | | |
| TX0398 | Joint Ex. | NFL_0350364 | 01/10/2011 | Email and attachments re Conference (Bornstein Ex. 17) | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0399 | Joint Ex. | NFL_0374141 | N/A | Television Contract Principles (Tagliabue Ex. 12) | | | | | |
| TX0400 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0401 | Joint Ex. | NFL_0549451 | 03/01/2004 | Draft Powerpoint re Broadcast/Cable Television Negotiations (Hawkins Ex. 13) | | | | | |
| TX0402 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0403 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0404 | Joint Ex. | NFL_0862319 | 07/30/2008 | Email from Noto to Goodell re DirecTV Follow Up (Bornstein Ex. 10) | | | | | |
| TX0405 | Joint Ex. | NFL_1246879 | 11/16/2022 | Email and attachments re RE: NFLST Backup (Rolapp 30(b)(6) Ex. 10) | | | | | |
| TX0406 | Joint Ex. | Sunday_Ticket_ NBCU_0000000 21 | 12/17/2019 | Microsoft PowerPoint - SEC Rights Opportunity v20.pptx (Pietrycha Ex. 08) | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0407 | Joint Ex. | NFL_0350713 | 10/11/2004 | Email and attachmetns re for your review and comment | | | | | |
| TX0408 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0409 | Joint Ex. | NFL_0823953 | 05/01/2004 | Broadcast /Cable TV Negotiations- Strategic Analysis | | | | | |
| TX0410 | Joint Ex. | NFL_0003222 | 12/23/2011 | Email and attachment re 2012 Plans for DTV NFL Sunday Ticket Service | | | | | |
| TX0411 | Joint Ex. | NFL_0039346 | 11/28/2012 | Email and attachment re DTV Prep | | | | | |
| TX0412 | Joint Ex. | NFL_0090796 | 04/21/2004 | Email and attachment re NFLST Slides | | | | | |
| TX0413 | Joint Ex. | NFL_0240004 | 11/22/2002 | Draft Letter #6 from Tagliabue to DirecTV re NFL Sunday Ticket Negotiations | | | | | |
| TX0414 | Joint Ex. | NFL_0256949 | 10/17/2018 | Email and attachment re RE: | | | | | |
| TX0415 | Joint Ex. | NFL_0256956 | 10/31/2018 | Email re FW: AT&T Error Message Update | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 81 of 249   Page ID #:52146

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0416 | Joint Ex. | NFL_0257439 | 12/18/2017 | Email and attachment re NFLST 2018 Pricing | | | | | |
| TX0417 | Joint Ex. | NFL_0257531 | 09/27/2019 | Email and attachment re Historical NFLST Satellite Subs | | | | | |
| TX0418 | Joint Ex. | NFL_0262341 | 05/19/2014 | Email re RE: AT&T 8K | | | | | |
| TX0419 | Joint Ex. | NFL_0351717 | 03/14/2003 | Memo from R. Goodell and S. Bornstein to NFL Staff re: Business Re-Structuring/Sunday Ticket | | | | | |
| TX0420 | Joint Ex. | NFL_0373718 | 05/21/2004 | Letter from NFL to Fox enclosing $20MM NFLST revenue share check | | | | | |
| TX0421 | Joint Ex. | NFL_0375416 | 03/22/2019 | Email re Goodell says NFL Sunday Ticket Needs Online Streaming Outlet | | | | | |
| TX0422 | Joint Ex. | NFL_0393048 | 04/20/2012 | Email and attachment re RE: did sunday ticket lower price today? | | | | | |
| TX0423 | Joint Ex. | NFL_0490997 | 11/05/2004 | Email and attachment re RE: | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 82 of 249   Page ID
#:52147

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0424 | Joint Ex. | NFL_0514191 | 04/02/2014 | Email re Agenda - NFL / DirecTV Meeting | | | | | |
| TX0425 | Joint Ex. | NFL_0712786 | 10/11/2005 | Email and attachment re Finance Directors Pres_May 2005v3.0_AS PRESENTED.ppt | | | | | |
| TX0426 | Joint Ex. | NFL_0872278 | 07/12/2013 | Email and attachment re Re: 12pm PT/3pm ET: NFL ST White Space proposal review | | | | | |
| TX0427 | Joint Ex. | *Intentionally Left Blank* | | | | | | | |
| TX0428 | Joint Ex. | NFL_0877510 | 04/23/2012 | Email re Re: DTV - NFLST Pricing | | | | | |
| TX0429 | Joint Ex. | NFL_0898034 | 01/25/2014 | Email re RE: NFLST - Pricing / Packaging Discussion | | | | | |
| TX0430 | Joint Ex. | NFL_0998466 | 03/22/2013 | Email and attachment re Fw: | | | | | |
| TX0431 | Joint Ex. | NFL_1137470 | 11/16/2020 | Email and attachment re NFL - CBS Sunday AFC Package Term Sheet | | | | | |
| TX0432 | Joint Ex. | NFL_1251677 | 09/26/2008 | Email and attachment re Fan Valuation Model | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 83 of 249   Page ID
#:52148
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0433 | Joint Ex. | NFL_1252730 | 06/14/2004 | Email and attachment re FW: Network Allocation support | | | | | |
| TX0434 | Joint Ex. | NFL_1252835 | 05/22/2008 | Email and attachment re Latest ST Deck | | | | | |
| TX0435 | Joint Ex. | N/A | 03/28/2023 | EverPass Press Release | | | | | |
| TX0436 | Joint Ex. | NFL_0331020 | 01/20/2021 | Email and attachments re RE: Rights Schedule | | | | | |
| TX0437 | Joint Ex. | NFL_0333399 | 01/14/2021 | Email and attachments re Fox Exclusivity Doc | | | | | |
| TX0438 | Joint Ex. | NFL_0352010 | 04/06/2009 | Email and attachments re CBS Talking Points RKK RG v | | | | | |
| TX0439 | Joint Ex. | NFL_0471032 | 12/05/2011 | Email re RE AFC Package Basic Business Terms | | | | | |
| TX0440 | Joint Ex. | NFL_0473179 | 01/14/2021 | Email and attachments re FW Fox Exclusivity Doc | | | | | |
| TX0441 | Joint Ex. | NFL_0527829 | 01/15/2021 | Email and attachments re FW FOX Exclusivity ST&RZ | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 84 of 249   Page ID #:52149

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0442 | Joint Ex. | NFL_0538605 | 01/20/2021 | Email and attachments re FW Rights Schedule | | | | | |
| TX0443 | Joint Ex. | NFL_0686717 | 01/20/2021 | Email and attachments re RE NFL Media SB Press Conference Briefing Materials | | | | | |
| TX0444 | Joint Ex. | NFL_0894277 | 06/24/2019 | Email and attachments re RE Amendment Cross Flex Games | | | | | |
| TX0445 | Joint Ex. | NFL_0977655 | 01/03/2021 | Email and attachments re Re | | | | | |
| TX0446 | Joint Ex. | NFL_1003641 | 01/19/2021 | Email re FW List | | | | | |
| TX0447 | Joint Ex. | NFL_1010404 | 01/15/2021 | Email and attachments re NFL Fox Tier | | | | | |
| TX0448 | Joint Ex. | NFL_1087719 | 01/20/2021 | Email re Re List | | | | | |
| TX0449 | Joint Ex. | NFL_1087728 | 01/19/2021 | Email re Fwd List | | | | | |
| TX0450 | Joint Ex. | NFL_1118844 | 01/19/2021 | Email and attachments re Fwd FOX Exclusivity RZ ST Response | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 85 of 249   Page ID
#:52150
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0451 | Joint Ex. | NFL_1137157 | 01/16/2021 | Email and attachments re RE FOX Exclusivity ST&RZ | | | | | |
| TX0452 | Joint Ex. | NFL_1249080 | 06/17/2004 | Email and attachment re | | | | | |
| TX0453 | Joint Ex. | NFL_0892623 | 11/22/2011 | Email and attachments re CBS proposal | | | | | |
| TX0454 | Joint Ex. | NFL_1137154 | 01/07/2021 | Email re RE FOX option C | | | | | |
| TX0455 | Joint Ex. | NFL_1137163 | 01/17/2021 | Email and attachments re FW NFL Fox | | | | | |
| TX0456 | Joint Ex. | NFL_1137181 | 01/22/2021 | Email and attachments re Re CBS NFL | | | | | |
| TX0457 | Joint Ex. | DIRECTV-ST-00445378 | 12/21/2016 | Email re NFL follow up | | | | | |
| TX0458 | Joint Ex. | NFL_0254753 | 10/26/2013 | Email and attachment re Fwd: Confidential | | | | | |
| TX0459 | Joint Ex. | NFL_0256666 | 04/16/2019 | Email and attachment re  RE: NFL Network | | | | | |
| TX0460 | Joint Ex. | NFL_0283488 | 06/01/2018 | Email re FW: DIRECTV Update | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 86 of 249   Page ID #:52151

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0461 | Joint Ex. | NFL_0397500 | 10/25/2016 | Email and attachments re NFLST OTT | | | | | |
| TX0462 | Joint Ex. | NFL_0513881 | 04/04/2014 | Email and attachments re Fwd: DirecTV | | | | | |
| TX0463 | Joint Ex. | *Withdrawn* | | | | | | | |
| TX0464 | Joint Ex. | NFL_0550939 | 07/10/2002 | Memorandum to R. Goodell re NFL Media Strategy | | | | | |
| TX0465 | Joint Ex. | NFL_0864448 | 11/27/2018 | Email re Apple Talking Pts | | | | | |
| TX0466 | Joint Ex. | N/A | 05/14/2024 | DirecTV Business Records Affidavit | | | | | |
| TX0467 | Joint Ex. | NFL_0058957 | 01/14/2019 | Email re RE: DAZN <> NFL Sunday Ticket RFP Response | | | | | |
| TX0468 | Joint Ex. | NFL_1203180 | 09/19/2013 | Email and attachment re  FW: Google-NFL Discussion Document | | | | | |
| TX0469 | Joint Ex. | NFL_0252061 | 12/15/2011 | Email re RE: NYT request | | | | | |
| TX0470 | Joint Ex. | NFL_0868400 | 04/04/2012 | Email and attachments re DTV ST Deck from 3PM Meeting today | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 87 of 249   Page ID #:52152

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0471 | Joint Ex. | NFL_0872698 | 06/29/2012 | Email and attachments re Fwd: 2012 DTV NFL ST Television Script Feedback | | | | | |
| TX0472 | Joint Ex. | NFL_0903713 | 03/09/2019 | Email re FW: NFLST Next Steps | | | | | |
| TX0473 | Joint Ex. | NFL_1045278 | 02/24/2009 | Email and attachments re FW: NFL Documents | | | | | |
| TX0474 | Joint Ex. | NFL_1045324 | 02/22/2009 | Email and attachments re FW: Draft short-form agreements | | | | | |
| TX0475 | Joint Ex. | NFL_1045403 | 03/07/2009 | Email and attachments re RE: NFL-DTV Revised Drafts | | | | | |
| TX0476 | Joint Ex. | NFL_1059924 | 03/02/2009 | Email and attachments NFL-DTV Revised Drafts | | | | | |
| TX0477 | Joint Ex. | NFL_1060344 | 03/01/2009 | Email and attachments re Fw: NFLST/NFLN Letter Agreement | | | | | |
| TX0478 | Joint Ex. | NFL_1060394 | 03/01/2009 | Email re Re: NFLST/NFLN Letter Agreement | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 88 of 249   Page ID
#:52153
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0479 | Joint Ex. | NFL_1060395 | 03/01/2009 | Email re Re: NFLST/NFLN Letter Agreement | | | | | |
| TX0480 | Joint Ex. | NFL_1062345 | 02/22/2009 | Email and attachments re Draft short-form agreements | | | | | |
| TX0481 | Joint Ex. | DIRECTV-ST-00231244 | 04/20/2016 | Email re RE: Madden NFL 17: Sunday Ticket Edition | | | | | |
| TX0482 | Joint Ex. | NFL_0507444 | 01/27/1954 | Minutes from League Annual Meeting, January 27 - 30, 1954 | | | | | |
| TX0483 | Joint Ex. | NFL_0507698 | 01/08/1962 | Minutes from League Meeting, January 8 - 10, 1962 | | | | | |
| TX0484 | Joint Ex. | NFL_1053985 | 11/07/2002 | Email and attachments re FW/Summary visits | | | | | |
| TX0485 | Joint Ex. | NFL_0507797 | 01/28/1964 | Meeting Minutes | | | | | |
| TX0486 | Joint Ex. | NFL_0507930 | 06/30/1966 | Meeting Minutes | | | | | |
| TX0487 | Joint Ex. | NFL_0869707 | 06/19/2018 | Email re RE: Resolution of Open Points | | | | | |
| TX0488 | Joint Ex. | NFL_0885047 | 06/19/2018 | Email re Re: Resolution of Open Points | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0489 | Joint Ex. | NFL_0060673 | 03/08/2019 | Email and attachments re RE: NFLST Next Steps | | | | | |
| TX0490 | Joint Ex. | NFL_1235605 | 10/03/2022 | Email and attachments re Fwd: Sundar Pichai Briefing Materials | | | | | |

TX0491 through TX0499 intentionally omitted.

Exhibit A

Case 2:15-ml-02668-PSG-SK Document 1378 Filed 05/30/24 Page 90 of 249 Page ID #:52155

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0500 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0501 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0502 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0503 | Pltfs. | AMZN_000000 14 | 02/22/2022 | NFL Sunday Ticket Report (June 14) full responses | Foundation; FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602; this was not used during any deposition. The exhibit has no probative value to any of the parties' claims or defenses in this litigation and it is a collection of data without support or analysis; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants identify only two substantive reasons to deny admissibility (relevance and prejudice), neither of which requires a live witness to evaluate. Further, this Amazon survey data about Sunday Ticket subscribers are relevant as Plaintiffs' expert Sarah Butler relied on this data in course of forming her opinions. Finally, this exhibit relates to consumer preferences about Sunday Ticket and has no direct bearing on NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations), which was tentatively overruled by the Court in any case. | | |
| TX0504 | Pltfs. | APL-NFL_00000001 | 10/30/2020 | Email re NFL (Smith Ex. 02 (Apple)) | Foundation; FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). The NFL Defendants identify only two substantive reasons to deny admissibility (relevance and prejudice), neither of which requires a live witness to evaluate. These notes from a meeting between Apple and the NFL are relevant evidence of restraints that the NFL continues to impose on Sunday Ticket, even with a new partner. Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations) | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 91 of 249   Page ID
#:52156

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0505 | Pltfs. | APL-NFL_00000008 | 12/22/2020 | Email re NFL notes from 12/22 | FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602; The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This email between Apple and NFL employees concerns the potential distribution structure of out-of-market football games and other NFL content on Apple devices or services. This exhibit is relevant because it demonstrates the viability of components of Plaintiffs' but-for worlds, and that the restraints that the NFL currently imposes on Sunday Ticket are not necessary to deliver high-quality and accessible game programming. Further, it corroborates Plaintiffs' contention that there is a significant underserved population not served by the current distribution structure. Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0506 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0507 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0508 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0509 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0510 | Pltfs. | APL-NFL_00000069 | 07/29/2021 | Email and attachments re NFL ST- Feedback from NFL on Terms (Smith Ex. 03 (Apple)) | FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602; The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit contains an email among Apple employees concerning the NFL's position on a term sheet concerning the distribution of out-of-market football games, including Sunday Ticket, on Apple devices and services. The term sheet is relevant because it validates components of Plaintiffs' but-for worlds, including the viability of and market demand for single-team and other package compositions of out-of-market games. It is further relevant because it shows the NFL's intent to continue to restrain the market for out-of-market telecasts. Further, the Court tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0511 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 92 of 249   Page ID #:52157

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0512 | Pltfs. | APL-NFL_00000092 | 11/19/2020 | Email re Fwd Next Steps | FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of many portions of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602; The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit contains a 2020 email exchange between Apple and the NFL concerning the negotiations between Apple and the NFL for thethe distribution of out-of-market football games and other NFL content, on Apple devices and services. This exhibit is relevant because it demonstrates the viability of components of Plaintiffs' but-for worlds, and that the restraints that the NFL currently imposes on Sunday Ticket are not necessary to deliver quality and accessible game programming. It is further relevant because it shows the NFL's intent to continue to restrain the market for out-of-market telecasts. Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0513 | Pltfs. | APL-NFL_00000112 | 11/23/2020 | Email re Next Steps | FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602; The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit contains a 2020 email exchange between Apple and the NFL concerning the negotiations between Apple and the NFL for the distribution of out-of-market football games and other NFL content. This exhibit is relevant because it demonstrates the viability of components of Plaintiffs' but-for worlds, and that the restraints that the NFL currently imposes on Sunday Ticket are not necessary to deliver quality and accessible game programming. It is further relevant because it shows the NFL's intent to continue to restrain the market for out-of-market telecasts. Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0514 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0515 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0516 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0517 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 93 of 249  Page ID
#:52158

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0518 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0519 | Pltfs. | APL-NFL_00000837 | 06/10/2021 | Email and attachments re NFL/Apple Outline of Key Terms | Foundation; FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602;  The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have, especially given the inclusion of the attachment.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11).  The NFL Defendants identify only two substantive reasons to deny admissibility (relevance and prejudice), neither of which requires a live witness to evaluate. This 2021 email correspondence among Apple and NFL employees about the proposed terms for Apple's purchase of Sunday Ticket rights is relevant to demonstrate the restraints that the NFL continues to impose on Sunday Ticket . Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0520 | Pltfs. | APL-NFL_00000933 | 07/16/2021 | Email and attachments re NFL ST Deck | Foundation; FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602; The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have, especially given the inclusion of the attachment.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. This 2021 email correspondence among Apple and NFL employees is relevant evidence of the restraints that the NFL continued to impose on Sunday Ticket, even with a new partner. Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 94 of 249   Page ID #:52159

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|----------------|
| TX0521 | Pltfs. | APL-NFL_00001024 | 08/11/2021 | Email and attachments re NFLST Key Terms (Smith Ex. 04 (Apple)) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have, especially given the inclusion of the redlined attachment.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit contains a 2021 email between NFL and Apple employees concerning the negotiations between Apple and the NFL for the distribution of out-of-market football games and other NFL content. The document is relevant because it demonstrates the NFL's intent to continue to restrain the market for out-of-market football telecasts. It is further relevant because it demonstrates the viability of components of Plaintiffs' but-for worlds, including the desire of the NFL's broadcasting partners to offer different packages of out-of-market games. Further, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0522 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0523 | Pltfs. | APL-NFL_00001107 | 07/21/2021 | Email and attachment re Apple-NFL JV Model (Smith Ex. 06 (Apple)) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have, especially given the inclusion of the attachment.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit contains a 2021 email between Apple and the NFL's agent (Goldman Sachs) concerning the distribution of out-of-market football games and other NFL content. The document is relevant because it validates components of Plaintiffs' but-for world, including that the distribution of Sunday Ticket is intentionally restricted and the price of Sunday Ticket is artificially high. Further, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0524 | Pltfs. | APL-NFL_00001234 | 02/10/2022 | Email re Friday Catch-Up | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit contains a 2022 email between Apple and NFL employees concerning negotiations between the NFL and Apple for the distribution of out-of-market football games and other NFL content. The document is relevant because it demonstrates the NFL's intent to set the price for Sunday Ticket and other NFL game content. It is further relevant because it tends to corroborate that setting an artificially high price has the effect of constraining output. Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0525 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 95 of 249   Page ID
#:52160
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0526 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0527 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0528 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0529 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0530 | Pltfs. | APL-NFL_00001281 | 12/05/2022 | Email re Fwd: Apple NFL (Smith Ex. 07 (Apple)) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation.  The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This email chain among NFL and Apple discussing the reasons for the breakdown of negotiations between the two parties for the future rights to Sunday Ticket is relevant evidence that the NFL continued to impose restraints on out-of-market games.  Additionally, the Court tentatively overruled NFL Defendants' Priority Objection #3. | | |
| TX0531 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0532 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0533 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0534 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0535 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 96 of 249   Page ID #:52161

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0536 | Pltfs. | DIRECTV-ST-00539705 | 04/14/2015 | Email re RE: Follow up - NFLST.tv Pricing (Kaplan Ex. 09 - 2022) | Foundation; FRE 402, 403, 801, 802; DMIL 4 (for preservation purposes) | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. This 2015 correspondence among DirecTV employees concerns the NFL's role in determining the price of Sunday Ticket, is plainly relevant to Plaintiffs' contentions of price fixing. Furthermore, this exhibit is not hearsay because it is a business record (FRE 803(6)), a co-conspirator statement in furtherance of conspiracy to restrain the market for out-of-market games (FRE 801(d)(2)), and is offered for purposes other than to prove the truth of the matter asserted, namely the fact that conversations took place about the NFL's role in pricing. Finally, the Court has denied DMIL 4. | | |
| TX0537 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0538 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0539 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0540 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 97 of 249   Page ID #:52162

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0541 | Pltfs. | DIRECTV-ST-01339908 | 01/30/2019 | Email and attachments re FW NFL Deck | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the pricing of Sunday Ticket that it is authentic pursuant to 902(11), relevant to Plaintiffs' contentions about hearsay, and not hearsay as a business record pursuant to 803(6) and a statement of a conspirator in furtherance of the conspiracy to impose pricing restrictions of NFL games. | | |
| TX0542 | Pltfs. | DIRECTV-ST-02171238 | 05/05/2021 | 1995.8.1 - Commercial Agency Agreement.pdf | FRE 402, 403; NFL Defs' Priority Objection #1 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | The 1995 agreement between the NFL and DirecTV for the commercial distribution of Sunday Ticket is relevant because it concerns an element of Plaintiffs' claims, namely that the NFL clubs pooled their rights in the NFL, which then distributed out-of-market games exclusively through DirecTV. Furthermore, the Court tentatively overruled NFL Defendants' Priority Objection #1 (re agency agreements). | | |
| TX0543 | Pltfs. | 00023 | 12/23/2020 | NFL Board Excel Support (v6).xlsx | Foundation; FRE 402, 403 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants identify only two substantive reasons to deny admissibility (relevance and prejudice), neither of which requires a live witness to evaluate. This exhibit, containing an ESPN-created spreadsheet concerning the revenues associated with showing NFL football, is relevant to Defendants' contention that the challenged restraints are necessary to keep live football on broadcast television. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 98 of 249   Page ID
#:52163

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0544 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0545 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0546 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0547 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0548 | Pltfs. | 00769 | 10/19/2020 | 201019 NFL ST v20.pdf | Foundation; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the viewership of NFL games on television that it is authentic per Rule 902(11), relevant to Plaintiffs' analysis of market definition, and not hearsay (or subject to a hearsay objection). Further, The Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0549 | Pltfs. | GOOG-NFL-00000011 | 12/01/2022 | Sunday Ticket SKUs + Pricing (Cruz Ex. 05) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit concerns the proposed pricing of package options of Sunday Ticket by YouTube and is relevant evidence of pricing restraints imposed by the NFL. Further, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 99 of 249   Page ID
#:52164

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0550 | Pltfs. | GOOG-NFLYT-00000001 | 09/26/2022 | A_C Priveleged & Confidential_ NFL Commissioner Meeting Brief_Oct 2022.docx (Cruz Ex. 02) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This correspondence is relevant because it concerns talking points for Google's negotiation with the NFL for the distribution of Sunday Ticket. It is further relevant because it confirms components of Plaintiffs' but-for world, including that distribution of out-of-market games on DirecTV was limited. Furthermore, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0551 | Pltfs. | GOOG-NFLYT-00000010 | 11/15/2022 | YT 2022 Exec Zeitgeist Review.docx | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2022 meeting agenda includes details for meetings between the NFL and YouTube amid their negotiations for the distribution of NFL football programming, including Sunday Ticket. It is relevant because it notes that YouTube and the NFL were scheduled to discuss Sunday Ticket, including "a la carte" options. Further, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0552 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0553 | Pltfs. | GOOG-NFLYT-00001167 | 03/23/2022 | Email re Sunday Ticket call readout (Cruz Ex. 04) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This document is a correspondence among Google employees concerning Google's negotiations with the NFL for the distribution of Sunday Ticket. The document is relevant evidence of the parties' discussing package pricing and alternative out-of-market game packages. Further, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0554 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 100 of 249  Page ID
#:52165
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0555 | Pltfs. | GOOG-NFLYT-00003300 | 11/18/2022 | [WIP] YTV-NFL-ST sizzle creative brief 2022.docx (Cruz Ex. 01) | Foundation; FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). The NFL Defendants identify only two substantive reasons to deny admissibility (relevance and prejudice), neither of which requires a live witness to evaluate. This exhibit concerning the distribution of Google's evaluation of the value and performance of Sunday Ticket is relevant to market demand for the games included in Sunday Ticket. Finally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0556 | Pltfs. | GOOG-NFLYT-00003384 | 11/29/2022 | Email re RE: Timely - Incentive Structure for NFL (Cruz Ex. 13) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This correspondence among Google employees is relevant because it concerns terms for the distribution of Sunday Ticket on YouTube TV and their ability to deliver on them given constraints imposed by the NFL. It is further relevant because it documents subscriber targets and whether NFL fans were underserved by the NFL's arrangement with DirecTV. Further, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0557 | Pltfs. | *Removed for Clawback* | | | | | | | |
| TX0558 | Pltfs. | GOOG-NFLYT-00003668 | 12/13/2022 | Email re Fwd: Time sensitive: Seeking approval of best and final NFLST proposed (Cruz Ex. 08) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This correspondence among Google employees is relevant because it concerns terms for the distribution Sunday Ticket and the fees and economic structures that the both parties sought in their eventual deal. It is further relevant because it outlines a portion of the agreement that disincentivized subscriber growth. which is relevant to Plaintiffs' claims. Additionally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0559 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 101 of 249   Page ID
#:52166
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0560 | Pltfs. | GOOG-NFLYT-00003734 | 12/15/2022 | Email and attachments re Fwd / Issues Plan (Cruz Ex. 10) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This correspondence between Google and the NFL is relevant because it concerns the distribution of Sunday Ticket and includes an list of the NFL's responses to distribution terms proposed by Google. Further, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations) | | |
| TX0561 | Pltfs. | GOOG-NFLYT-00003826 | 12/17/2022 | Email reMEC Availability re: NFL (Cruz Ex. 11) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2022 correspondence among Google employees concerning the negotiations between the NFL and Google for the distribution of Sunday Ticket is relevant because it documents the NFL's position on various issues related to this case, including the reasons why the NFL does not want to offer team-specific out-of-market packages. Additionally, the Court tentatively overruled NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0562 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0563 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0564 | Pltfs. | N/A | 07/03/2007 | Article- "Broadcasting and Teams" (Bernheim Ex. 03) | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This document is an article titled "Competitive Balance in League Sports," by Andrew Zimbalist, which was cited and relied upon by the NFL's economic expert. This exhibit can be used for purposes other than to prove the truth of the matter asserted, such as for impeachment purposes. | | |
| TX0565 | Pltfs. | N/A | 05/02/2002 | Article- "Competitive Balance in Sports Leagues" (Bernheim Ex. 04) | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This article was cited and relied upon by the NFL's economic expert. This exhibit can be used for purposes other than to prove the truth of the matter asserted, such as for impeachment purposes. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0566 | Pltfs. | N/A | 05/12/2022 | SBJ- "Rob Walton's Wealth: What would it mean for the NFL?" (Hawkins Ex. 09) | FRE 402, 403, 801, 802 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay. | This article is relevant as it concerns the interplay between NFL owners' personal wealth and team performance. The quotes from Frank Hawkins contained in the article are nonhearsay as party opponent statements.  Moreover, this exhibit is not barred by the rule against hearsay as it is offered for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0567 | Pltfs. | N/A | 11/17/2017 | ESPN- "Goodell has a Jerry Jones Problem" (J. Jones. Ex. 01) | FRE 402, 403, 801, 802 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay. | This article is relevant as it concerns concerns the relationship between NFL executives and NFL owners, including as it relates to the NFL's broadcast arrangements.. The quotes from NFL employees contained in the article are nonhearsay as party opponent statements.  Moreover, this exhibit is not barred by the rule against hearsay as it is offered for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0568 | Pltfs. | N/A | N/A | Pages from "Playing to Win" (J. Jones Ex. 05) | FRE 402, 403, 801, 802; DMIL 3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay; This exhibit references prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3. | This chapter of a book discussing the history of the Dallas Cowboys and its dealings with the NFL league, and quoting owner Jerry Jones, is  relevant as it explains the history and the teams' purported rationale for granting its telecastin rights to the NFL league. Additionally, the portions of the chapter quoting Jerry Jones and other NFL owners are not hearsay as opposing party statements (FRE 801(d)(2)). Moreover, this exhibit is not barred by the rule against hearsay as it is offered for purposes other than to prove the truth of the matter asserted, namely impeachment. The references to the prior lawsuits against the NFL can be redacted. | | |
| TX0569 | Pltfs. | N/A | 03/08/2022 | Max Warren email re Sunday Ticket Agreements log (J. Jones Ex. 02) | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have, especially given the inclusion of the attachment and the cover e-mail containing a communication between attorneys in this case. | This 2022 listing from NFL counsel of the agreements that the NFL teams have independently entered into is relevant because it corroborates components of Plaintiffs' but-for worlds, namely, that clubs are and would be able to entered into broadcasting arrangements independent of the NFL. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 103 of 249   Page ID
#:52168
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0570 | Pltfs. | N/A | 11/18/2017 | "Mexico City, Passion for the NFL is undeniable" (J. Jones Ex. 03) | FRE 402, 403, 801, 802 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay. | This 2021 article is relevant because it discusses the fact that the NFL awarded 18 teams the rights to independently enter into broadcast agreements in foreign countries, quoting NFL employees. Additionally, this exhibit is not hearsay as it contains an opposing party statement (FRE 801(d)(2)) and is otherwise subject to hearsay exceptions, including because it contains statements against interest (FRE 804(b)(3)). This exhibit can also be used for purposes other than to prove the truth of the matter asserted, namely with impeachment. | | |
| TX0571 | Pltfs. | N/A | 12/15/2021 | "NFL awards int'l business rights to 18 teams" (J. Jones Ex. 04) | FRE 402, 403, 801, 802 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay. | This 2021 article is relevant because it discusses the fact that the NFL awarded 18 teams the rights to independently enter into broadcast agreements in foreign countries, quoting NFL employees. Additionally, this exhibit is not hearsay as it contains an opposing party statement (FRE 801(d)(2)) and is otherwise subject to hearsay exceptions, including because it contains statements against interest (FRE 804(b)(3)). This exhibit can also be used for purposes other than to prove the truth of the matter asserted, namely with impeachment. | | |
| TX0572 | Pltfs. | N/A | 01/01/2021 | Article- "Beyond Streaming Wars: Rethinking Competition in Video Services" (Lotz Ex. 04) | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This exhibit relates to the expert analysis of NFL expert Dr. Mathiowetz, and can be used for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0573 | Pltfs. | N/A | 08/01/2012 | Article- "Construcitng Experimental Designs…." (Mathiowetz Ex. 05) | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This exhibit relates to the expert analysis of NFL expert Dr. Mathiowetz, and can be used for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0574 | Pltfs. | N/A | N/A | Reference Guide on Survey Research (Mathiowetz Ex. 08) | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This exhibit relates to the expert analysis of NFL expert Dr. Mathiowetz, and can be used for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 104 of 249   Page ID
#:52169

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0575 | Pltfs. | N/A | N/A | Handbook of Marketing Analytics (Mathiowetz Ex. 04) | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This exhibit relates to the expert analysis of NFL expert Dr. Mathiowetz, and can be used for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0576 | Pltfs. | N/A | N/A | AAPOR Guidance on Reporting Precision for Nonprobability Samples (Mathiowetz Ex. 07) | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This exhibit relates to the expert analysis of NFL expert Dr. Mathiowetz, and can be used for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0577 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0578 | Pltfs. | N/A | 05/18/2023 | Televised College Football materials (Pilson Ex. 05) | FRE 402, 403, 801, 802; DMIL 2 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception; This exhibit references prior litigation not involving either party in this litigation, and should be excluded pursuant to the NFL's MIL No. 2. | These 1984 congressional hearing materials regarding televised college football is plainly relevant to the proliferation of college football telecasts following the NCAA decision. Additionally, this exhibit is subject to hearsay exceptions, including because it is an ancient document (FRE 803(16)) and a public record (FRE 803(8)). This exhibit can also be used for purposes other than to prove the truth of the matter asserted, used with experts, and used for impeachment purposes under FRE 801(d)(1) and/or FRE 613. DMIL 2 precluded mentioning the existence of the NCAA lawsuit but did not otherwise preclude discussing the underlying facts of the case, nor comparisons of the world before and after the case. Specific references to the NCAA case can be redacted, if necessary. | | |
| TX0579 | Pltfs. | N/A | 05/19/2021 | What everyone is missing about the NFL Deal (Pilson Ex. 06) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2021 article by NFL expert Neal Pilson can also be used for as a prior inconsistent statement and for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0580 | Pltfs. | N/A | 05/19/2021 | Video- CBS Sports' Pilson What Everyone is Missing About NFL Deal (Pilson Ex. 08) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay. | This 2021 article by NFL expert Neal Pilson can also be used for as a prior inconsistent statement and for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 105 of 249   Page ID
#:52170

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0581 | Pltfs. | N/A | N/A | NFL Game Pass Advertisement (Rolapp Ex. 20) | FRE 402, 403, 801; NFL Defs' Priority Objection #2 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception; This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This advertisement for Sunday Ticket in Canada is relevant because it illustrates components of Plaintiffs' but-for worlds, including Plaintiffs' experts' comparisons between the distribution of Sunday Ticket in the United States and in Canada. This exhibit can also be used for purposes other than to prove the truth of the matter asserted, namely the NFL's awareness of more consumer-friendly prices in Canada. Finally, the Court tentatively overruled the NFL Defendants' Priority Objection #2 (re international NFL products). | | |
| TX0582 | Pltfs. | N/A | 03/23/2022 | Second Consolidated Amended Complaint (Schroeder 30(b)(6) Ex. 11) | FRE 402, 403, 801 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have, especially given the fact that it is a legal document; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contains multiple levels of hearsay. | This exhibit is necessary to put Defendant's admissions in their Answer in context. | | |
| TX0583 | Pltfs. | N/A | N/A | Partnership table by Country (Schroeder 30(b)(6) Ex. 15) | FRE 402, 403; NFL Defs' Priority Objection #2 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This chart regarding the broadcast of NFL games in Canada and Mexico is relevant because it illustrates components of Plaintiffs' but-for worlds, including Plaintiffs' experts' comparisons between the distribution of Sunday Ticket in the United States and in Canada. Further, the Court tentatively overruled the NFL Defendants' Priority Objection #2 (re international NFL products). | | |
| TX0584 | Pltfs. | N/A | N/A | Article- "The Welfare Effects of Bundling in Multichannel TV Markets" (Yurkukoglu Ex. 03 (2022)) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay. | This 2012 article by NFL expert Ali Yurukoglu can also be used for as a prior inconsistent statement and for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 106 of 249   Page ID
#:52171
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

Second Amended Joint Exhibit List

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0585 | Pltfs. | N/A | 05/01/2018 | Article- "The Welfare Effects of Verticle Integration in Multichannel TV Markets" (Yurukoglu Ex. 04 (2022)) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception, and contain multiple levels of hearsay. | This 2018 article by NFL expert Ali Yurukoglu can also be used for as a prior inconsistent statement and for purposes other than to prove the truth of the matter asserted, namely impeachment. | | |
| TX0586 | Pltfs. | N/A | 01/18/2011 | Competitive Impact Statement in US v Comcast (Yurukoglu Ex. 05 (2022)) | FRE 402, 403, 801; DMIL 2 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have, especially given that it is a legal document; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception; This exhibit references prior litigation not involving either party in this litigation, and should be excluded pursuant to the NFL's MIL No. 2. | This exhibit is only listed for possible impeachment. | | |
| TX0587 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0588 | Pltfs. | N/A | N/A | How to get NFL Sunday Ticket (Yurukoglu Ex. 04 (2023)) | FRE 402, 403, 801; NFL Defs' Priority Objection #2 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This Sunday Ticket advertisement in Canada is relevant because it illustrates components of Plaintiffs' but-for worlds, including Plaintiffs' experts' comparisons between the distribution of Sunday Ticket in the United States and in Canada. Further, this exhibit can also be used for purposes other than to prove the truth of the matter asserted, used with experts, and used for impeachment purposes under FRE 806 and/or FRE 613. Finally, the Court tentatively overruled the NFL Defendants' Priority Objection #2 seeking to exclude exhibits regarding the NFL's international products, and the document is otherwise admissible. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 107 of 249   Page ID
#:52172

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|------------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0589 | Pltfs. | N/A | N/A | Never Miss an Unmissable Moment Live on DAZN (Yurkukoglu Ex. 05 (2023)) | FRE 402, 403, 801; NFL Defs' Priority Objection #2 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This NFL Game Pass advertisement in Canada is relevant because it illustrates components of Plaintiffs' but-for worlds, including Plaintiffs' experts' comparisons between the distribution of Sunday Ticket in the United States and in Canada. This exhibit can also be used for purposes other than to prove the truth of the matter asserted, namely for impeachment purposes. Finally, the Court tentatively overruled the NFL Defendants' Priority Objection #2 seeking to exclude exhibits regarding the NFL's international products. | | |
| TX0590 | Pltfs. | N/A | N/A | Google search re Canadian Dollar to US Dollar (Yurkukoglu Ex. 06 (2023)) | FRE 402, 403, 801; NFL Defs' Priority Objection #2 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This document is relevant to Yurkukoglu's expert analysis, and not hearsay because it will be used for a purpose other than asserting the truth of the statements contained therein, namely for impeachment. | | |
| TX0591 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0592 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0593 | Pltfs. | N/A | 10/18/2021 | NFL NFL Defs Resp to RFP 86 Employment Dates & Contact Information | FRE 403 | These are legal filings from earlier in the case. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | These are NFL party admissions concerning relevant issues in this case. | | |
| TX0594 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0595 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 108 of 249   Page ID #:52173

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0596 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0597 | Pltfs. | N/A | 01/24/2022 | NFL The NFL_s Supp Obj & Resp to Pltfs_ ROG No. 2 | FRE 403 | These are legal filings from earlier in the case. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | The NFL Defendants' supplemental objections and responses to Plaintiffs' interrogatory No. 2 is by definition relevant because it is statements of the NFL concerning facts and claims relevant to this case. | | |
| TX0598 | Pltfs. | N/A | 03/03/2022 | NFL's Objections and Responses to Plaintiffs' Third Set of Interrogatories | FRE 403 | These are legal filings from earlier in the case. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | The NFL Defendants' objections and responses to Plaintiffs' third set of interrogatories is by definition relevant as they concern facts and claims related to Plaintiffs' case. | | |
| TX0599 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0600 | Pltfs. | N/A | N/A | Dkt 962-2 Statement of Undisputed Facts in Support of the NFL Defendants' Motion For Summary Judgment | FRE 403 | These are legal filings from earlier in the case. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | The NFL Defendants' statements of undisputed facts filed in support of their motion for summary judgment is relevant because it contains party admissions about the issues in this case. | | |
| TX0601 | Pltfs. | N/A | 07/11/2022 | Notice of Subpoena to Testify at Deposition in a Civil Action (ESPN) (Magnus Ex. 01) | FRE 403, 801, 802 | These are legal filings from earlier in the case. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This is a 30(b)(6) deposition notice that outlines the topics within the scope of the deposition.  This exhibit is not hearsay because it is not being offered for the truth of any statement contained therein, but to establish the topics for which the deponent was designated. | | |
| TX0602 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0603 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK Document 1378 Filed 05/30/24 Page 109 of 249 Page ID #:52174

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0604 | Pltfs. | NFL_0000264 | 08/25/1994 | Agency Agreement between NFL and DirecTV (Tagliabue Ex. 02) | FRE 402, 403; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 1994 agency agreement between the NFL and DirecTV for Sunday Ticket is plainly relevant as it describes the history of the arrangements that Plaintiffs challenge, and Plaintiffs dispute that the agency relationship is "fundamentally different" from the licensing agreements that were operative during the class period. Further, the Court tentatively overruled the NFL Defendants' Priority Objection #1 (re agency agreements). | | |
| TX0605 | Pltfs. | NFL_0000318 | 01/01/1997 | NFL/DirecTV Indemnification Agreement (Schroeder 30(b)(6) Ex. 08) | FRE 402, 403; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 1997 indemnity agreement between the NFL and DirecTV is relevant because it describes the history of components of the arrangements that Plaintiffs challenge, and Plaintiffs dispute that the agency relationship is "fundamentally different" from the licensing agreements that were operative during the class period. Further, the Court tentatively overruled the NFL Defendants' Priority Objection #1 (re agency agreements). | | |
| TX0606 | Pltfs. | NFL_0000333 | 04/03/1997 | NFL/DirecTV Amended and Restated Agency Agreement (Tagliabue Ex. 03) | FRE 402, 403; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 1998 indemnity agreement between the NFL and DirecTV is relevant because it describes the history of the the arrangements that Plaintiffs' challenge, and Plaintiffs dispute that the agency relationship is "fundamentally different" from the licensing agreements that were operative during the class period. Further, the Court tentatively overruled the NFL Defendants' Priority Objection #1 (re agency agreements) | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 110 of 249   Page ID #:52175

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0607 | Pltfs. | NFL_0000394 | 06/18/1998 | NFL/DirecTV Indemnification Agreement (Tagliabue Ex. 05) | FRE 402, 403; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 1998 indemnity agreement between the NFL and DirecTV is relevant because it describes the history of the the arrangements that Plaintiffs' challenge, and Plaintiffs dispute that the agency relationship is "fundamentally different" from the licensing agreements that were operative during the class period. Further, the Court tentatively overruled the NFL Defendants' Priority Objection #1 (re agency agreements). | | |
| TX0608 | Pltfs. | NFL_0000401 | 01/21/1999 | NFL/DirecTV Amended and Restated Indemnification Agreement (Schroeder 30(b)(6) Ex. 09) | FRE 402, 403; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 1999 amended and restated indemnity agreement between the NFL and DirecTV is relevant because it describes the history of the the arrangements that Plaintiffs' challeng, and Plaintiffs dispute that the agency relationship is "fundamentally different" from the licensing agreements that were operative during the class period. Further, the Court tentatively overruled the NFL Defendants' Priority Objection #1 (re agency agreements). | | |
| TX0609 | Pltfs. | | | *Intentionally Left Blank* | | | | | |
| TX0610 | Pltfs. | | | *Withdrawn* | | | | | |

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0611 | Pltfs. | NFL_0044913 | 03/05/2014 | Email and attachments re deck (Schroeder 30(b)1 Ex. 21) | Foundation; FRE 403, 801; NFL Defs' Priority Objection #2 | The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. This 2014 internal NFL email and presentation regarding the NFL's business in Canada is relevant because of its description of Canadian regulations on exclusivity as consumer friendly. Additionally, this NFL presentation is non hearsay as an opposing party statement (FRE 801(d)(2)) and can can also be used for purposes other than to prove the truth of the matter asserted, namely the NFL's view that prohibitions on exclusivity were consumer friendly. Finally, the Court tentatively overruled the NFL Defendants' Priority Objection #2 (re international NFL products). | | |
| TX0612 | Pltfs. | NFL_0046882 | 12/22/2015 | Email and attachments re RE Sunday Pricing | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; DMIL #4 (preservation): This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This 2015 internal NFL email and presentation is plainly relevant because it concerns the current and historical pricing of Sunday Ticket, and documents the NFL's role in setting the price for Sunday Ticket. Additionally, this Court denied DMIL 4. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 112 of 249   Page ID
#:52177
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0613 | Pltfs. | NFL_0049366 | 07/20/2018 | Email and attachments re FW NFLST update (LaForce Ex. 06) | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; DMIL #4 (preservation): This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This 2018 internal NFL email and presentation regarding Sunday Ticket is plainly relevant because it discusses the marketing and operational plans for the .TV product, and includes details about the market for NFL fans. Further, this Court denied DMIL 4. | | |
| TX0614 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0615 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0616 | Pltfs. | NFL_0056332 | 11/02/2018 | Email and attachments re nov. 5 2018 (Schroeder 30(b)(6) Ex. 18) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2018 correspondence and research questionnaire between AT&T/DirecTV and the NFL is not hearsay because a co-conspirator statement in furtherance of conspiracy to restrain the market for out-of-market games (FRE 801(d)(2)), and is offered for purposes other than to prove the truth of the matter asserted, namely the fact that both the NFL and DirecTV understood that the distribution structure for Sunday Ticket underserved fans. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 113 of 249   Page ID
#:52178
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0617 | Pltfs. | NFL_0059776 | 03/20/2017 | Email and attachments re, FW, NFLST Mapping (Lawton Ex. 04) | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. Furthermore, this exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This 2017 internal NFL email and presentation regarding Sunday Ticket is relevant because it concerns pricing decisions for the .TV Sunday Ticket product. It is further relevant because it includes historical pricing data for the .TV product. Additionally, this Court denied DMIL 4. | | |
| TX0618 | Pltfs. | NFL_0060781 | 12/07/2017 | Email and attachments re Deck (Lawton Ex. 05) | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This 2017 internal NFL email and presentation regarding Sunday Ticket is relevant because it concerns pricing decisions for the .TV Sunday Ticket product. It is further relevant because it includes historical pricing data for the .TV product. Additionally, this Court denied DMIL 4. | | |
| TX0619 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0620 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0621 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0622 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0623 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 114 of 249   Page ID
#:52179

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0624 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0625 | Pltfs. | NFL_0246658 | 04/05/2018 | Email and attachments re v2 | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This 2018 email and memorandum between AT&T/DirecTV and the NFL regarding Sunday Ticket is relevant because it discusses terms for the extension of the NFL's agreement with DirecTV for Sunday Ticket during the class period. Additionally, this Court denied DMIL 4. | | |
| TX0626 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0627 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0628 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0629 | Pltfs. | NFL_0265908 | 03/13/2015 | Email and attachments re Prices | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This 2015 NFL internal correspondence about Sunday Ticket prices is relevant because the NFL has denied that it exercises any control over the price of Sunday Ticket but this document suggests that the NFL gave "input" to DirecTV for such price. Additionally, the Court denied DMIL 4. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 115 of 249   Page ID
#:52180

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|----------------|
| TX0630 | Pltfs. | NFL_0283133 | 09/17/2018 | Email and attachments re docx | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the poor performance of Sunday Ticket on DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity harmed class members, and not hearsay as a party opponent statement. | | |
| TX0631 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0632 | Pltfs. | NFL_0295067 | 10/23/2018 | Email and attachments re: FW RFP (Lawton Ex. 08) | DMIL 3 | This exhibit references prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3.  The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  All relevant information in this document is cumulative of other exhibits. | The Court's DMIL 3 decision restricted certain references to prior NFL litigation and, as such, would not restrict admission of this document which does not mention prior NFL litigation. It appears that the NFL is objecting to a bullet reading the legal implications of removing the weekly package due to some purported connection to the Shaw settlement. But the Shaw settlement did not require the NFL to offer the weekly package beyond the 2004 season. The weekly package continued to be offered at this point only because the NFL chose to do so and not because of Shaw settlement (which explains why Shaw is not even mentioned in the document). If the NFL wants to argue that they included this provision because of Shaw, that is a problem of the Defendants' own making because they moved to exclude all references to Shaw. | | |
| TX0633 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0634 | Pltfs. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 116 of 249   Page ID #:52181
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0635 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0636 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0637 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0638 | Pltfs. | NFL_0334653 | 02/20/2020 | Email and attachments re: RE Tmo | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the rights fees the NFL obtains from networks that it is authentic as a document produced by the NFL in discovery, relevant evidence of the enormous revenues the NFL has extracted from its exclusive arrangements, and not hearsay as a party opponent statement. | | |
| TX0639 | Pltfs. | NFL_0336996 | 03/04/2014 | Email and attachments re Numbers | NFL Defs' Priority Objection #2 | This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This 2014 correspondence between NFL employees is relevant because it concerns components of the distribution of Sunday Ticket in United States with the same in Canada. It is further relevant because it compares the prices structures for Sunday Ticket in the United States with those in Canada. Finally, the Court tentatively overruled NFL Defs' Priority Objection #2 (re international NFL products). | | |
| TX0640 | Pltfs. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 117 of 249   Page ID
#:52182
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0641 | Pltfs. | NFL_0351027 | 05/27/2010 | Email re RE: Offer to Bell - NFL (ST/NFLN/RZ) | NFL Defs' Priority Objection #2 | This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This 2010 correspondence between NFL executives and employees of Bell Canada (the NFL's Canadian distributor of Sunday Ticket) is relevant because it concerns components of the Plaintiffs' expert's but-for world, which compares the distribution of Sunday Ticket in United States with the same in Canada. It is further relevant because it compares the prices structures for Sunday Ticket in the United States with those in Canada. Finally, the Court tentatively overruled NFL Defs' Priority Objection #2 (re international NFL products). The document is authentic, relevant, and not hearsay (or is subject to a hearsay exception). | | |
| TX0642 | Pltfs. | NFL_0372454 | 12/17/2018 | Email and attachments re Up | NFL Defs' Priority Objection #2 | This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | This 2018 correspondence between NFL employees is relevant because it concerns components of the Plaintiffs' expert's but-for world, which compares the distribution of Sunday Ticket in United States with the same in Canada. It is further relevant because it compares the prices structures for Sunday Ticket in the United States with those in Canada. Finally, the Court tentatively overruled NFL Defs' Priority Objection #2 (re international NFL products). The document is authentic, relevant, and not hearsay (or is subject to a hearsay exception). | | |
| TX0643 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0644 | Pltfs. | NFL_0374872 | 08/01/1995 | Commercial Agency Agreement between NFL Enterprises and DirecTV | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | The 1995 agreement between the NFL and DirecTV for the distribution of Sunday Ticket is relevant because it describes and documents the history of the restraints and agreements that Plaintiffs challenge in the case, and Plaintiffs dispute that the agency arrangement was "fundamentally different" from the licensing agreements operative during the class period. Further, the Court tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0645 | Pltfs. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 118 of 249   Page ID
#:52183
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0646 | Pltfs. | NFL_0375867 | 03/08/2013 | Email re RE: DirecTV floats possibility of sharing NFL Sunday Ticket rights with cable operators (Dunn Ex. 05; Goodell Ex. 19; Kraft Ex. 03) | FRE 801 | If used for the truth, the news article contained in the email is inadmissible hearsay that does not fall within any recognized hearsay exception. | The news article can be used for purposes other than to prove the truth of the matter asserted namely as the NFL's awareness of and reactions to the material discussed therein. | | |
| TX0647 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0648 | Pltfs. | NFL_0403787 | 12/05/2018 | Email and attachments re FW document call (LaForce Ex. 08) | Foundation | Foundation cannot be established at trial consistent with FRE 602. Brent Lawton is the only author or recipient of this email that may testify at trial, but he will be testifying by deposition and this exhibit was not used in his deposition. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit exploring the option of offer a single-game package that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity reduced choices in the marketplace, and not hearsay as a party opponent statement. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0649 | Pltfs. | NFL_0406955 | 02/15/2018 | Email and attachments re RE use AWS | Foundation | Foundation cannot be established at trial consistent with FRE 602. Brent Lawton is the only author or recipient of this email that may testify at trial, but he will be testifying by deposition and this exhibit was not used in his deposition. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit discussing the limitations of the DirecTV platofrm it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL's exclusive arrangement with DirecTV harmed consumers, and not hearsay as a party opponent statement. | | |
| TX0650 | Pltfs. | NFL_0419892 | 04/02/2014 | Email and attachments re May 1998 NFL TV History (Tagliabue Ex. 09 (memo)) | Foundation; DMIL 2 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit also implicates the Court's ruling on Defense MIL #2 (Dkt. 1320). Plaintiffs may not introduce "the existence of and the legal conclusions, outcomes, or opinions from the Non-NFL Lawsuits." | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. This exhibit discussing the history of NFL telecasting is this document is relevant to the development of the current NFL broadcasting arrangement, authentic because it was produced by the NFL in response to a discovery request, and non-hearsay as a party opponent statement.  Plaintiffs are willing to redact any reference to NCAA v. Board of Regents to comply with DMIL 2. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 120 of 249   Page ID
#:52185
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|----------------|
| TX0651 | Pltfs. | NFL_0474023 | 02/18/2021 | Email and attachments re RE: no subject | Foundation | No custodian/recipient of the cover email will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the CBS agreement with the NFL that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the networks imposed restraints on Sunday Ticket, and not hearsay as a party opponent statement or as a statement of a co-conspirator in furtherance of the conspiracy to restrict the market for out of market games. | | |
| TX0652 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0653 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0654 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0655 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0656 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 121 of 249   Page ID #:52186

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0657 | Pltfs. | NFL_0537793 | 04/02/2019 | Model for NFLST Standalone product (Zona Ex. 15) | Foundation; FRE 402 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation as it is not clear what this document refers to. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. This document modeling the feasibility of a standalone Sunday Ticket product, commissioned by the NFL, is relevant to Plaintiffs' expert Dr. Zona's analysis of the economics of alternatives that would be available in the but-for world. | | |
| TX0658 | Pltfs. | NFL_0538628 | 11/07/2020 | Email and attachments re ESPN Response to NFL Packages (Magnus Ex. 07) | FRE 402, 403, 801 | The exhibit, which concerns negotiations between ESPN and the NFL for non-Sunday-afternoon game rights, has no probative value to any of the parties' claims or defenses in this litigation. To the extent it is minimally relevant, the risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are also inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2020 correspondence between ESPN and NFL executives concerning ESPN's bid for various packages of NFL games, including Sunday Ticket, is relevant because it demonstrates a component of Plaintiffs' but-for worlds, namely, that the broader media market was interested in acquiring the rights to out-of-market games on terms that were more favorable to consumers. | | |
| TX0659 | Pltfs. | NFL_0539299 | 10/05/2020 | Email and attachments re NFL Live Game: Rights Interest (Magnus Ex. 05; Magnus Ex. 06) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2020 correspondence between ESPN and NFL executives concerning ESPN's bid for various packages of NFL games, including Sunday Ticket, is relevant because it demonstrates a component of Plaintiffs' but-for worlds, namely, that the broader media market was interested in acquiring the rights to out-of-market games on terms that were more favorable to consumers. It is further relevant because it demonstrates ESPN's willingness to acquire the rights to Sunday Ticket on a non-exclusive basis. Furthermore, this exhibit is not hearsay because it is a business record (FRE 803(6)), and is offered for purposes other than to prove the truth of the matter asserted, namely the fact that conversations took place about the NFL's role in imposing the restraints that Plaintiffs challenge. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 122 of 249   Page ID
#:52187

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0660 | Pltfs. | NFL_0542430 | 09/18/1998 | Letter from NFL to C. Carey re Fox broadcast contract (L. Jones Ex. 05) | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This correspondence between NFL Executive Neil Austrian and then-FOX Broadcasting CEO Chase Carey is admissible because the Court tentatively overruled NFL's Priority Objection #1 (re agency agreements). The document is authentic, relevant, and not hearsay (or is subject to a hearsay exception). | | |
| TX0661 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0662 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0663 | Pltfs. | NFL_0549151 | 02/27/2004 | Letter from DirecTV to Frank Hawkins | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 2004 correspondence between then-DirecTV general counsel and NFL executive Frank Hawkins is admissible because the Court tentatively overruled the NFL's Priority Objection #1 (re agency agreements). The document is authentic, relevant, and not hearsay (or is subject to a hearsay exception). | | |
| TX0664 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0665 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0666 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 123 of 249   Page ID #:52188

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0667 | Pltfs. | NFL_0595814 | 03/29/2016 | Email and attachments re LEK) | Foundation; FRE 402, 403, 801; NFL Defs' Priority Objection #2 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. The statements contained within the email and presentation are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit concerning the pricing of Sunday Ticket in Canada that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity harmed class members, and not hearsay as a party opponent statement, and because it may be offered for a purpose other than for the truth of the matter asserted, namely the NFL's knowledge that exclusivity resulted in higher prices for class members.  Additionally, this Court tentatively overruled NFL Defs' Priority Objection #2 (re international NFL products). | | |
| TX0668 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0669 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0670 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0671 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 124 of 249   Page ID #:52189

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0672 | Pltfs. | NFL_0735086 | 05/05/2021 | NFL TV Deals Gill Q&A (Yancy Ex. 25) | Foundation | Foundation cannot be established at trial consistent with FRE 602. No recipient or custodian of this document will testify at trial. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the possibility of the NFL sending Sunday Ticket directly to consumer that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity harmed class members, and not hearsay as a party opponent statement. | | |
| TX0673 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0674 | Pltfs. | NFL_0854148 | 04/02/1997 | Commercial Agency Agreement between NFL Enterprises and DirecTV | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 1997 agreement between the NFL and DirecTV for the commercial distribution of Sunday Ticket is directly relevant to Plaintiffs' claims because it concerns the historic distribution of Sunday Ticket, and Plaintiffs dispute that the agency agreement was "fundamentally different" than the licensing agreements operative during the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). The document is authentic, relevant, and not hearsay (or is subject to a hearsay exception). | | |
| TX0675 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0676 | Pltfs. | NFL_0858196 | 09/07/2004 | Letter from NFL to Jerry Jones re Cowboys channel (J. Jones Ex. 08) | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation as it is not about live telecasts of NFL games. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | This 2004 correspondence between the NFL and Cowboys owner Jerry Jones is relevant because it concerns NFL-imposed limitations on the clubs' ability to distribute their game and other content independent of the NFL. It is further relevant because it demonstrates club interest in independent distribution of game and other content. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 125 of 249   Page ID
#:52190
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0677 | Pltfs. | NFL_0860147 | 11/11/2002 | Letter from InDemand to NFL re Sunday Ticket (Bornstein Ex. 03) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2002 correspondence between between cable companies and then-NFL Commissioner Paul Tagliabue is not hearsay because it is offered for purposes other than to prove the truth of the matter asserted, namely the fact that the NFL was aware that the cable industry wanted to distribute Sunday Ticket and distribute it non-exclusively. | | |
| TX0678 | Pltfs. | NFL_0860209 | 11/08/2002 | Letter from Cablevision to NFL re Sunday Ticket (Tagliabue Ex. 20) | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2002 correspondence between between Cablevision and the NFL is not hearsay because it can be offered for purposes other than to prove the truth of the matter asserted, namely the fact that the NFL was aware of the cable industry's interest in distributing Sunday Ticket. | | |
| TX0679 | Pltfs. | NFL_0860969 | 08/28/1997 | Letter from NFL to DirecTV re DirecTV Agreement (Hawkins Ex. 10) | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 1997 correspondence between the NFL and DirecTV includes copies of the NFL's agreement with the NFL for the distribution of Sunday Ticket, which is relevant to the history of the challenged restraints. It is admissible because the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements) and Plaintiffs' dispute that the agency agreement was "fundamentally different" than the licensing agreements that were operative during the class period. The document is authentic, relevant, and not hearsay (or is subject to a hearsay exception). | | |
| TX0680 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0681 | Pltfs. | NFL_0864442 | 10/21/2020 | Email and attachments re \| Re: Apple Apple NFLST (Rolapp Ex. 15) | NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2020 correspondence between NFL executives concerns the NFL's negotiations with Apple for the distribution of NFL content, including Sunday Ticket. The Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). The document is authentic, relevant, and not hearsay (or is subject to a hearsay exception). | | |
| TX0682 | Pltfs. | NFL_0864457 | 07/01/2021 | Email re FW: Apple NFL $ | NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | The Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations), and this document is relevant to show that NFL's intent to continue the restrictions it imposed on Sunday Ticket, even with a partner other than DirecTV. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 126 of 249   Page ID
#:52191

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0683 | Pltfs. | NFL_0865930 | 01/17/2013 | Email and attachments re Materials (Bornstein Ex. 24) | NFL Defs' Priority Objection #2 (as to pages 23-25) | This exhibit contains reference to the foreign distribution and pricing of NFL telecasts, which is outside of the relevant geographic market in the case and therefore irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #2. | The Court has tentatively overruled NFL Defs' Priority Objection #2 (re international NFL products), and the objected-to discussion about demand for NFL games in international markets bears directly on Plaintiffs' experts' comparisons between the prices offered in the United States, where Sunday Ticket is exclusive to one provider, and those offered in other countries, where distribution is not exclusive. | | |
| TX0684 | Pltfs. | NFL_0888454 | 05/30/2017 | Email re RE: nflst - couple items (Schroeder 30(b)(1) Ex. 22) | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This 2017 correspondence between two NFL employees about Sunday Ticket pricing is highly relevant to Plaintiffs' claims that the NFL imposed pricing restrictions on Sunday Ticket. Additionally, the Court has denied DMIL 4. | | |
| TX0685 | Pltfs. | NFL_0888522 | 08/08/2017 | Email and attachments re RE E RE Verizon Agreement | Foundation; FRE 402, 403 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this 2017 term sheet for the granting of exclusive mobile rights to Verizon that it is authentic as a document produced by the NFL in discovery, relevant evidence of restraints that the NFL imposes on NFL game telecasts, including outside of the context of out-of-market games, and not hearsay as a party-opponent statement. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0686 | Pltfs. | NFL_0889268 | 08/23/2017 | Email and attachments re Deck (Schroeder 30(b)(1) Ex. 15) | Foundation; FRE 402, 403 | Foundation cannot be established at trial consistent with FRE 602; when the document was used at the deposition of Hans Schroeder, Mr. Schroeder testified that the document was created by individuals in the NFL's "LA office that really only worked on the NFL's LA media business and didn't really have any direct connectivity or involvement with [the NFL's] broader media licensing business." Schroeder Dep. Tr. 153:2-7. Mr. Schroeder described the document as "a sort of pie-in-the-sky type exercise by individuals in LA throwing ideas out." Schroeder Dep. Tr. 153:7-9. For similar reasons, the document's prejudicial value substantially outweighs its probative effect--it represents a thought experiment by individuals unfamiliar with the NFL's overall media strategy. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of the exhibit concerning the possibility of replicating Sunday Ticket by showing multiple games simultaneously on basic cable that it is authentic as a document produced by the NFL in discovery, highly relevant to the viability of Plaintiffs' but-for-world based on college football, and not hearsay as a party opponent statement. | | |
| TX0687 | Pltfs. | NFL_0895394 | 10/19/2017 | Email and attachments re related (Schroeder 30(b)(1) Ex. 24) | Foundation; FRE 403 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of the exhibit discussing studies about the drivers of NFL viewership that it is authentic as a document produced by the NFL in discovery, relevant to the Defendants' power in the relevant market for NFL game telecasts and to Defendants' procompetitive justification about over-the-air games, and not hearsay as a party opponent statement. | | |
| TX0688 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0689 | Pltfs. | NFL_0991465 | 02/14/2018 | Email and attachments re: RE Contracts (Magnus Ex. 02 (NFL_0991599)) | Best Evidence | The exhibit does not represent the final executed versions of the documents, which are already included at TX0214 and TX0223. | This exhibit contains execution versions of the NFL's agreements with various network partners, and were attached in response to an internal NFL request for the current contracts for CBS, Fox, NBC, and ESPN. These exhibits comply with the best evidence rule, which requires only that the contents of an available written document be proved by introduction of the document itself. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 128 of 249   Page ID #:52193

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0690 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0691 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0692 | Pltfs. | NFL_1089631 | 10/20/2020 | Email re RE: <no subject> (LaForce Ex. 09) | NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | The Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations).This internal 2020 NFL correspondence regarding ongoing negotiations for Sunday Ticket rights is relevant to showing the NFL's intent to perpetuate under the new contract with Google the restraints the NFL imposed during the class period. | | |
| TX0693 | Pltfs. | NFL_1103648 | 05/17/2021 | Email and attachments re Framework | Foundation; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning negotiations with Apple that it is authentic as a document produced by the NFL in discovery, relevant evidence of the restraints that the NFL continued to impose on Sunday Ticket (even with a new partner), and not hearsay as a party opponent statement. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0694 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0695 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 129 of 249   Page ID #:52194

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0696 | Pltfs. | NFL_1199512 | 11/11/2021 | Email re RE: (Goodell Ex. 32; Rolapp Ex. 19) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  These statements are inadmissible hearsay that do not fall within any recognized hearsay exception.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2021 NFL internal correspondence regarding bidders for Sunday Ticket is plainly relevant as evidence of the pricing and packaging restraints that the NFL continued to impose on Sunday Ticket, even with a new partner.  This document is not hearsay as a party opponent statement and can be used for purposes other than for the truth of the matter asserted, namely to establish the NFL's knowledge about market demand for more consumer-friendly alternatives to the Sunday Ticket package distributed by DirecTV and now by Google. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0697 | Pltfs. | NFL_1199513 | 11/11/2021 | Email re RE: | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  These statements are inadmissible hearsay that do not fall within any recognized hearsay exception.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2021 NFL internal correspondence regarding bidders for Sunday Ticket is plainly relevant as evidence of the pricing and packaging restraints that the NFL continued to impose on Sunday Ticket, even with a new partner.  This document is not hearsay as a party opponent statement and can be used for purposes other than for the truth of the matter asserted, namely to establish the NFL's knowledge about market demand for more consumer-friendly alternatives to the Sunday Ticket package distributed by DirecTV and now by Google. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 130 of 249   Page ID #:52195

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0698 | Pltfs. | NFL_1215678 | 06/18/2021 | Email and attachments re FW NFL Redlines) (Lawton Ex. 13) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  These statements are inadmissible hearsay that do not fall within any recognized hearsay exception.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2021 NFL internal correspondence regarding ongoing negotiations for the rights to Sunday Ticket is plainly relevant as evidence of the pricing and packaging restraints that the NFL continued to impose on Sunday Ticket, even with a new partner.  This document is not hearsay as a party opponent statement and can be used for purposes other than for the truth of the matter asserted, namely to establish the NFL's knowledge about market demand for more consumer-friendly alternatives to the Sunday Ticket package distributed by DirecTV and now by Google.  Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0699 | Pltfs. | NFL_1215804 | 08/03/2021 | Email and attachments re RE Apple Points (Lawton Ex. 14) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2021 NFL internal correspondence regarding bidders for Sunday Ticket is plainly relevant as evidence of the pricing and packaging restraints that the NFL continued to impose on Sunday Ticket, even with a new partner.  Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0700 | Pltfs. | NFL_1216326 | 09/23/2021 | Email and attachments re Apple (Goodell Ex. 31; Kraft Ex. 02; Rolapp Ex. 18) | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2021 NFL internal correspondence regarding bidders for Sunday Ticket is plainly relevant as evidence of the pricing restraints that the NFL continued to impose on Sunday Ticket, even with a new partner.  Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 131 of 249   Page ID
#:52196
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0701 | Pltfs. | NFL_1221708 | 07/01/2021 | Email re FW: Apple NFL $ (Goodell Ex. 30; Kraft Ex. 04; Rolapp Ex. 16) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2021 NFL internal correspondence regarding bidders for Sunday Ticket is plainly relevant as evidence of the pricing and packaging restraints that the NFL continued to impose on Sunday Ticket, even with a new partner. This document is not hearsay as a party opponent statement and can be used for purposes other than for the truth of the matter asserted, namely to establish the NFL's knowledge about market demand for more consumer-friendly alternatives to the Sunday Ticket package distributed by DirecTV and now by Google. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0702 | Pltfs. | NFL_1221859 | 07/09/2021 | Re: The Information: Apple in Early Talks With NFL on Sunday Ticket Games (Magnus Ex. 16) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This 2021 correspondence between the NFL and ESPN regarding ESPN's interest in Sunday Ticket is relevant to showing NFL's knowledge about market demand for more consumer friendly alternatives to the DirecTV Sunday Ticket product. Additionally, this the emails authored by the NFL are not hearsay as opposing party statements (FRE 801(d)(2)) and the emails received by the NFL show the NFL's state of mind, the effect on the NFL, and information acted upon by the NFL. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations) | | |
| TX0703 | Pltfs. | NFL_1225040 | 10/25/2000 | J. Jones Deposition Transcript (Shaw) | FRE 402, 403; DMIL 3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit reflects proceedings held in prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3. | Plaintiffs do not intend to introduce the Jones deposition transcript into evidence. | | |
| TX0703A | Pltfs. | NFL_1225239 | 12/20/1993 | J. Jones Exhibit 1: Letter from NBC to Tagliabue re Television Contract | FRE 402, 403; DMIL 3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit reflects proceedings held in prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3. | This 1993 letter is relevant evidence of the history of the NFL's agreements with neworks and does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits, and the exhibit does not mention the Shaw litigation. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 132 of 249   Page ID
#:5219?

*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0703B | Pltfs. | NFL_1225279 | 06/12/1995 | J. Jones Exhibit 2: Memo re Market by Market Analysis | FRE 402, 403; DMIL 3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit reflects proceedings held in prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3. | This 1995 market analyis is relevant evidence of the NFL's historical market power and does not violate the Court's order on Defendants' Motion in Limine No. 3 as Defendants' motion sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits, and the exhibit does not mention the Shaw litigation. | | |
| TX0703C | Pltfs. | NFL_1225300 | 09/27/1996 | J. Jones Exhibit 3: File Memo re Broadcast Committee meeting and Sunday Ticket | FRE 402, 403; DMIL 3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit reflects proceedings held in prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3. | This memorandum concerning the relative benefits of distributing Sunday Ticket versus cable is highly relevant to Plaintiffs' contentions that the exclusive arrangements for the distribution of Sunday Ticket harmed consumers.  This memorandum does not violate the Court's order on Defendants' Motion in Limine No. 3 as Defendants' motion sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits, and the exhibit does not mention the Shaw litigation. | | |
| TX0703D | Pltfs. | NFL_1225303 | 11/06/1995 | J. Jones Exhibit 4: Dallas Cowboys v NFL Complaint | FRE 402, 403; DMIL 3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit reflects proceedings held in prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3. | These statements made by Jerry Jones in this complaint are admissible as statements of a party opponent under Federal Rule of Evidence 801(2)(d), and highly relevant to the jury's consideration whether (a) pooling intellectual property rights makes the NFL a "cartel"; (b) whether there would be more competition in teams licensing their intellectual property rights in the absence of a cartel; and (c) whether the competitive balance justification is pretextual, as Jones says it is in the complaint. This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion did not reference this case at all and sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. Defendants cannot preclude prior inconsistent statements made by party opponents simply because they occurred in the context of litigation. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0704 | Pltfs. | NFL_1225769 | 05/05/2000 | Robert Kraft Deposition Transcript (Shaw) | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | The deposition of Kraft in the Shaw matter contains statements concerning demand for NFL football programming, Sunday Ticket, among other issues.  It is relevant, at minimum, to showing that the purpose of the restraints is to extract revenue from the networks. The exhibit does not violate this Court's ruling on MIL 3 because it does not expressly reference any litigation involving the NFL. Plaintiffs intend to designate portions of this transcript to be read to the jury and do not plan to admit this exhibit into evidence. | | |
| TX0704A | Pltfs. | NFL_1225882 | 12/14/1993 | Kraft Exhibit 1: Letter from DirecTV to NFL re making games available out of market | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury may outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this letter from DirecTV regading the genesis of Sunday Ticket that it is authentic as a party produced by the NFL in discovery, relevant to the history of the restaints, and excluded from the rule against hearsay as an ancient document under Rule 803(16).  This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0704B | Pltfs. | NFL_1225886 | 03/24/1997 | Kraft Exhibit 2: Memo from NFL re Summaries of 1997 Annual Meeting | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this summary of the 1997 annuual meeting in which the NFL owners approved the extension of the Sunday Ticket agreement that it is authentic as a party produced by the NFL in discovery, relevant to the history of the restraints, not hearsay as a party-opponent statement and excluded from the rule against hearsay as an ancient document under Rule 803(16). This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |
| TX0704C | Pltfs. | NFL_1225900 | 01/04/1995 | Kraft Exhibit 3: Memo from NFL to Broadcast Committee re Status Report | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this status report regading Sunday Ticket that it is authentic as a party produced by the NFL in discovery, relevant to the history of the restaints, not hearsay as a party opponent statement and excluded from the rule against hearsay as an ancient document under Rule 803(16).  This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 135 of 249   Page ID
#:52200
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0704D | Pltfs. | NFL_1225909 | 09/27/1996 | Kraft Exhibit 4: File Memo re Broadcast Committee meeting and Sunday Ticket | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this memorandum concerning the relative benefits of distributing Sunday Ticket versus cable that it is authentic as a document produced by the NFL in discovery, highly relevant to Plaintiffs' contentions that the exclusive arrangements for the distribution of Sunday Ticket harmed consumers, not hearsay as a party opponent statement and excluded from the rule against hearsay as an ancient document under Rule 803(16).  This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |
| TX0704E | Pltfs. | NFL_1225912 | 12/17/1996 | Kraft Exhibit 5: Memorandum to Broadcast Committee re Sunday Ticket | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this memorandum about the performance of Sunday that it is authentic as a document produced by the NFL in discovery, highly relevant to Plaintiffs' contentions that the exclusive arrangements for the distribution of Sunday Ticket harmed consumers, not hearsay as a party opponent statement and excluded from the rule against hearsay as an ancient document under Rule 803(16).  This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |

Exhibit A

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0704F | Pltfs. | NFL_1225924 | 04/28/1998 | Kraft Exhibit 6: Letter from NFL to P. Bowlen re Sunday Ticket | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this letter regarding network concerns about Sunday Ticket that it is authentic as a document produced by the NFL in discovery, highly relevant to Plaintiffs' contentions that the exclusive arrangements for the distribution of Sunday Ticket harmed consumers, not hearsay as a party opponent statement and excluded from the rule against hearsay as an ancient document under Rule 803(16).  This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |
| TX0704G | Pltfs. | NFL_1225931 | 07/28/1998 | Kraft Exhibit 7: Broadcast Committee Minutes | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of these broadcast committee meeting regarding the renewal of the Sunday Ticket agreement that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraints, and not hearsay as a party opponent statement.  This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 137 of 249   Page ID
#:52202
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0704H | Pltfs. | NFL_1225934 | 12/13/1996 | Kraft Exhibit 8: Letter from NFL to J. Jones re dismissing lawsuits | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this letter regarding Jerry Jones's dismissal of his lawsuit alleging that the NFL was a cartel monopolizing the teams' intellectual property rights, highly relevant to Plaintiffs' contention that individual teams have the ability to license telecasting rights, not hearsay as a party opponent statement and excluded from the rule against hearsay as an ancient document under Rule 803(16).  This evidence does not violate the Court's order on Defendant's Motion in Limine No. 3 as Defendants' motion, which sought to preclude only evidence of past lawsuits not admissible evidence from those lawsuits. The document makes no reference to the Shaw litigation. | | |
| TX0705 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0706 | Pltfs. | NFL_1235976 | 06/15/2022 | Email and attachments re FW Updated Doc (Rolapp 30(b)(6) Ex. 07) | FRE 402, 403; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3.  Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. | This internal 2022 NFL correspondence regarding Sunday Ticket rights is relevant to showing the NFL's intent to perpetuate under the new contract with Google the restraints the NFL imposed during the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0707 | Pltfs. | NFL_1237363 | 08/25/2022 | Re: Sunday Ticket Commercial (Kaplan Ex. 02 (2023)) | FRE 402, 403; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3.  Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. | This 2022 correspondence between the NFL and Alex Kaplan regarding a deal with Redbird re. Sunday Ticket rights is relevant to showing the NFL's intent to perpetuate under a new contract the restraints the NFL imposed during the class period. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0708 | Pltfs. | NFL_1238744 | 12/15/2022 | Email and attachments re Fwd / Issues Plan (Rolapp 30(b)(6) Ex. 08) | FRE 402, 403; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. | This 2022 NFL-Google correspondence regarding Sunday Ticket rights is relevant to showing the NFL's intent to perpetuate under the new contract with Google the restraints the NFL imposed during the class period. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0709 | Pltfs. | NFL_1238757 | 12/11/2022 | Email and attachments re FW Sunday Agreement (Rolapp 30(b)(6) Ex. 11) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. Lastly, statements in this exhibit made by Google employees are inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2022 NFL-Google correspondence regarding Sunday Ticket rights is relevant to showing the NFL's intent to perpetuate under the new contract with Google the restraints the NFL imposed during the class period. Additionally, the content authored by NFL is not hearsay as an opposing party statement (FRE 801(d)(2)). The emails the NFL received from Google are also not offered for the truth of the matter asserted but to show the NFL's state of mind during its negotiations with Google and the effect on NFL and the information acted upon by the NFL. The agreements reached also have an independent legal significance. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0710 | Pltfs. | NFL_1238999 | 12/18/2022 | Email and attachments re FW Updated Agreement | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. Lastly, statements in this exhibit made by Google employees are inadmissible hearsay that do not fall within any recognized hearsay exception. | This 2022 NFL-Google correspondence regarding Sunday Ticket rights is relevant to showing the NFL's intent to perpetuate under the new contract with Google the restraints the NFL imposed during the class period. Additionally, this exhibit is not hearsay as an opposing party statement (FRE 801(d)(2)). The emails the NFL received from Google are also not offered for the truth of the matter asserted but to show the NFL's state of mind during its negotiations with Google, the effect on the NFL, and the information acted upon by the NFL. The agreements reached also have an independent legal significance. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 139 of 249   Page ID
#:52204
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0711 | Pltfs. | NFL_1239033 | 11/12/2022 | Email reYouTube (Rolapp 30(b)(6) Ex. 09) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. Lastly, statements in this exhibit made by Google employees are inadmissible hearsay-within-hearsay that do not fall within any recognized hearsay exception. | This internal 2022 NFL correspondence regarding Sunday Ticket rights is relevant to showing the NFL's intent to perpetuate under the new contract with Google the restraints the NFL imposed during the class period. Additionally, this exhibit is not hearsay as an opposing party statement (FRE 801(d)(2)). To the extent the NFL paraphrases statements by Google, these statements are offered to show NFL's state of mind rather than the truth of the matter asserted. This exhibit can also be used for purposes other than to prove the truth of the matter asserted, including to show the course of negotiations between the NFL and Google and to show their state of mind and effect on the listener during those negotiations. Agreements reached also have an indendent legal significance. Further, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0712 | Pltfs. | NFL_1239675 | 12/18/2022 | Email and attachments re FW Updated Agreement (Rolapp 30(b)(6) Ex. 12) | FRE 402, 403; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. | This 2022 NFL internal correspondence regarding the deal with Google regarding Sunday Ticket rightsis relevant to showing the NFL's intent to perpetuate under the new conttract the restraints the NFL imposed during the class period. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |
| TX0713 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0714 | Pltfs. | NFL_1247571 | 11/22/2022 | Email and attachments re RE: Sunday Ticket (Rolapp 30(b)(6) Ex. 18) | FRE 402, 403, 801; NFL Defs' Priority Objection #3 | This exhibit relates to recent Sunday Ticket analyses that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. Moreover, this exhibit references potential future changes in the distribution of Sunday Ticket and thus risks implying future injunctive relief, which the Court has already prohibited, Dkt. 1292. | This 2022 NFL internal correspondence regarding Sunday Ticket rights and pricing is relevant to showing the NFL's intent to control the price of Sunday Ticket. This exhibit is not hearsay as an opposing party statement (FRE 801(d)(2)). Further, the Court has tentatively overruled NFL Defs' Priority Objection #3 (re recent Sunday Ticket negotiations). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 140 of 249   Page ID
#:52205
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0715 | Pltfs. | Sunday_Ticket_COMCAST_000000286 | 11/23/2021 | Spreadsheet re Affiliate Fees | Foundation; FRE 801 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. Furthermore, these statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit detailing the carriage rates that Comcast charges networks that it is authentic pursuant to 902(11), relevant to the Plaintiffs' expert analysis of the but-for world, specifically the relationship between affiliate rates and the cost of carrying NFL football, and not hearsay as a business record pursuant to 803(6). | | |
| TX0716 | Pltfs. | Sunday_Ticket_NBCU_000000002 | 11/05/2021 | Spreadsheet re Ratecard Report | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit detailing viewership for college football games on NBC that it is authentic pursuant to 902(11), relevant to the Plaintiffs' expert analysis concerning the viability of the but-for-world based on college football, and not hearsay as a business record pursuant to 803(6) | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 141 of 249   Page ID
#:52206

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0717 | Pltfs. | Sunday_Ticket_NBCU_00000000 03 | 11/05/2021 | Spreadsheet re Ratecard Report | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit detailing viewership for NFL games on NBC that it is authentic pursuant to 902(11), relevant to the Plaintiffs' expert analysis concerning viewership of NFL games on network television and Defendants' contention that these games would move behind a paywall but for the challenged restraints, and not hearsay as a business record pursuant to 803(6). | | |
| TX0718 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0719 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0720 | Pltfs. | Sunday_Ticket_NBCU_00000008 52 | 12/17/2004 | Notre Dame Rights Agreement | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation, given that it is a contract for a different sport, college football. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any minimal relevance the exhibit may have. | This 2004 Notre Dame Rights Agreement regarding college-football broadcast rights is relevant to showing that individual college teams have the ability to license their own game telecasts, which shows the viability of the but-for world proposed by Plaintiffs' expert. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0721 | Pltfs. | TPG-DTV-0000002 | 01/01/2021 | NFLST Survey Results | Foundation; FRE 402, 403, 801; Completeness | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  These statements are inadmissible hearsay that do not fall within any recognized hearsay exception.  This document cannot be deemed complete; the methodology describes a 6-minute survey, but there is only a slide with what appears to be responses to one question, which is marked "preliminary."  Particularly given that this is an incomplete document unmoored from any witness testimony, the risks of prejudice to the Defendants and confusion to the jury substantially outweigh any minimal relevance the exhibit may have. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit detailing reasons why consumers leave DirecTV hat it is authentic pursuant to 902(11), relevant to the analysis of Plaintiffs' Expert Sarah Butler about demand for out-of-market games, and not hearsay as a business record pursuant to 803(6). Defendants' completeness objection is meritless because there are no missing pages, this document is the complete representation of survey results and no further information is necessary to correct any misleading impression. | | |
| TX0722 | Pltfs. | VERIZON-0005298 | 09/15/2021 | NFL_NCAAF Carriage Rates | Foundation; FRE 402, 403 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any minimal relevance the exhibit (which contains a table of historical carriage rates for various channels over time) may have. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit detailing the carriage rates that Verizon charges networks that it is authentic pursuant to 902(11), relevant to the Plaintiffs' expert analysis concerning the relationship between affiliate rates and the cost of carrying NFL football, and not hearsay as a business record pursuant to 803(6). | | |
| TX0723 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 143 of 249   Page ID #:52208

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0724 | Pltfs. | NFL_0237632 | N/A | NFL Sunday Ticket Power Point Slide | Foundation; FRE 402, 403; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document.  None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  The Court can determine from the face of the exhibit concerning the NFL's rationales for extending the DirecTV agreement in 2002 that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraint and why the NFL chose DirecTV as its Sunday Ticket partner, and not hearsay as a party opponent statement. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0725 | Pltfs. | NFL_0240014 | N/A | NFL Contract Summary | Foundation; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit contains handwritten notes with no known author, making the lack of custodian or testifying witness particularly problematic. Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document.  None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  The Court can determine from the face of the exhibit concerning the NFL's rationales for extending the DirecTV agreement in 2002 that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraints imposed on DirecTV during the course of that relationship through the class period, and not hearsay as a party opponent statement. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK Document 1378 Filed 05/30/24 Page 144 of 249 Page ID #:52209

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0726 | Pltfs. | NFL_0241082 | 10/09/2002 | NFL Media- Sunday Ticket Related Negotiations | Foundation; FRE 402, 403; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. Moreover, this exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of the exhibit concerning the NFL's rationales for extending the DirecTV agreement in 2002 that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraints imposed on DirecTV during the course of that relationship including through the class period, and not hearsay as a party opponent statement. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0727 | Pltfs. | NFL_0243783 | 10/27/2004 | NFL Sunday Ticket Basic Business Terms-Draft | Foundation; FRE 801 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit contains handwritten notes with no known author, making the lack of custodian or testifying witness particularly problematic. Moreover, the document contains statements by DirecTV employyes that are inadmissible hearsay-within-hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of the exhibit concerning the NFL's rationales for extending the DirecTV agreement in 2002 that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraints imposed on DirecTV during the course of that relationship, and not hearsay as a party opponent statement as all the statements can be attributed to an NFL employee acting in the course of employment with the NFL under Rule 801(2)(D)). Further, any statements by DirecTV are admissible as statements by a co-conspirator in furtherance of the conspiracy under Rule 801(d)(2)(E), to show the NFL's state of mind, to show an effect on the listener, and to show the information acted upon by the NFL. | | |
| TX0728 | Pltfs. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 145 of 249   Page ID #:52210

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0729 | Pltfs. | NFL_0364189 | 09/17/2004 | Re: NFLN & Games | FRE 402, 403 | The risks of prejudice to the Defendants and confusion to the jury (particularly, that the emails relate to internal dynamics at the NFL and may be inflammatory) substantially outweigh any limited relevance the exhibit may have. | This 2004 NFL internal correspondence about expansion of NFL Network programming is relevant to showing the NFL's consideration of other distribution options for out-of-market games and its relevance outweighs any possible prejudice or confusion caused by any emails reflecting internal dynamics at the NFL. | | |
| TX0730 | Pltfs. | NFL_0373712 | 10/29/2002 | Echostar Communications Bid for NFL Sunday Ticket | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This bid from Echostar related to Sunday Ticket is relevant to show the availablity of other options for distributing Sunday Ticket and the NFL's desire to control the price of Sunday Ticket which continued throught the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0731 | Pltfs. | NFL_0373733 | 10/17/2002 | Fax from NFL to DirecTV re Sunday Ticket Extension | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This fax from the NFL to DirecTV concerns negotiations regarding Sunday Ticket and is relevant to the history of the restraints amd the NFL's desire to control pricing and packaging of Sunday Ticket which continued through the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0732 | Pltfs. | | | *Intentionally Left Blank* | | | | | |
| TX0733 | Pltfs. | | | *Intentionally Left Blank* | | | | | |
| TX0734 | Pltfs. | | | *Intentionally Left Blank* | | | | | |
| TX0735 | Pltfs. | | | *Withdrawn* | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 146 of 249   Page ID
#:52611
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0736 | Pltfs. | NFL_0546989 | 10/17/2002 | Fax from NFL to DirecTV re Sunday Ticket Extension | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This fax from the NFL to DirecTV re. Sunday Ticket is relevant to showing the NFL's intent and desire to control the pricing and packaging of Sunday Ticket and the history and intent behind the restraints which continued through the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0737 | Pltfs. | NFL_0547402 | 10/17/2002 | Fax from NFL to Echostar re Sunday Ticket | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This fax from the NFL to Echostar reflecting a potential relationship between the NFL and Echostar re. Sunday Ticket is relevant to showing the NFL's intent and desire to control the pricing and packaging of Sunday Ticket and the reasons the restrains were imposed. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0738 | Pltfs. | NFL_0547419 | 08/02/2002 | Fax from NFL to DirecTV re Sunday Ticket Extension | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This fax from the NFL to DirecTV reflecting the parties' negotiations relating to Sunday Ticket is relevant to showing the existence and terms of the conspiracy and the history and intent behind the restraints which continued through the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0739 | Pltfs. | NFL_0548714 | 07/31/1998 | Letter from NFL to CBS re Contract | Foundation; FRE 402, 403; Completeness | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit relates to broadcast agreements that were not operative during the class period and should be excluded. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this 1998 draft agreement between the NFL and CBS that is authentic as a document produced by the NFL in discovery, relevant to the network's imposition of restraints on Sunday Ticket, and not hearsay as a party opponent statement. Moreover, this document is the complete version of the document produced by the NFL. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0740 | Pltfs. | NFL_0549360 | N/A | DirecTV Contract Summary | Foundation; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of the exhibit summarizing the terms of the 1998 DirecTV contract that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraints imposed on DirecTV during the course of that relationship, and not hearsay as a party opponent statement. | | |
| TX0741 | Pltfs. | NFL_0550929 | 06/04/2002 | Memo to Tagliabue re Sunday Ticket Wish List | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This internal NFL memorandum listing the NFL's "wish list for NFLST negotiations" is relevant to showing the NFL's intent to impose restraints which continued through the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0742 | Pltfs. | NFL_0821555 | 06/10/2004 | Memo to Tagliabue, et al re Sunday Ticket Pricing | FRE 403 | This document is incomplete and it is unclear who received it. As such, the risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | This 2004 NFL memorandum concerning Sunday Ticket pricing was produced by the NFL and clearly authored by the NFL and is highly relevant to the NFL's desire to control the price of Sunday Ticket. The highly probative nature of this document outweighs any possible confusion or prejudice by any purported lack of clarity as to who received this memorandum. | | |
| TX0743 | Pltfs. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0744 | Pltfs. | NFL_0825295 | 06/15/2004 | NFL Media Analysis | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  The Court can determine from the face of the exhibit concerning analysis of the NFL's media arrangements in 2004 that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraints imposed by DirecTV during the course of that relationship, and not hearsay as a party opponent statement. | | |
| TX0745 | Pltfs. | NFL_0853401 | 12/18/2020 | Email and attachments re RE Sunday Ticket Subscriber Updates | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. The Court can determine from the face of the exhibit concerning the prices charged for Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the anticompetitive harm to class members by virtue of the overcharge, and not hearsay as a party opponent statement. | | |
| TX0746 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0747 | Pltfs. | NFL_0858582 | N/A | NFL Media- Sunday Ticket Negotiation Sequencing | Foundation; NFL Defs' Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's negotiations with various potential providers of Sunday Ticket that it is authentic as a document produced by the NFL in discovery, evidence of the history of the restraints imposed on DirecTV, and not hearsay as a party opponent statement. Further, this document reflects the NFL's intent to impose the restraints that continued through the class period. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0748 | Pltfs. | NFL_0859164 | 06/16/2005 | NFL Competitive Balance Power Point | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding ""sponsoring witness"" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the relationship between revenue sharing and competitive balance that it is authentic as a document produced by the NFL in discovery, relevant to Defendants' procompetitive justification on competitive balance, and not hearsay because it is being offered for purposes other than to prove the truth of the matter asserted, namely the NFL's knowledge that there is no relationship between revenue and competitive balance within the League. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 150 of 249   Page ID
#:52215
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0749 | Pltfs. | NFL_0861616 | 09/09/2002 | Memo to Media Group Members | FRE 801 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. The exhibit appears to consist of news articles. | This exhibit, in which the NFL internally circulated newspaper articles about the NFL (not) moving to cable and the Echostar/DirecTV merger, is not being introduced for the truth of the matter asserted but rather to show the NFL's state of mind, effect on the listener, and information acted upon by the NFL, including that the NFL was aware of and interested in public discourse around the restraints at issue in this case. | | |
| TX0750 | Pltfs. | NFL_0862536 | 05/01/2009 | Term Sheet comments | Foundation | There are handwritten notes in this document, and it is unclear who made those notes.  As to those notes, Plaintiffs cannot establish foundation consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit--an email from CBS to the NFL regarding the networks' proposed limitations on Sunday Ticketm that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the networks imposed restraints on the Sunday Ticket package, and not hearsay as a party opponent statement and as a statement made by a co-conspirator in furtherance of the conspiracy to keep the price of Sunday Ticket high. | | |
| TX0751 | Pltfs. | NFL_0862786 | N/A | Impact of DISH Deal on NFL Business Partners | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This internal memo produced by the NFL regarding the NFL's desire to ensure complete control over the pricing and packaging of Sunday Ticket is relevant to the NFL's intent to control pricing and packaging of Sunday Ticket during the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 151 of 249   Page ID #:52216

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0752 | Pltfs. | NFL_1050361 | 11/08/2001 | Email re 2001 Business Strategy Review- Market Development | NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case. As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This internal NFL email discussing strategy related to Sunday Ticket is relevant to showing the effect of the interlocking agreements and the NFL's deference to the networks' desire to limit competition by cable TV, which continued into the class period. Further, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0753 | Pltfs. | NFL_1122630 | 11/03/2004 | Email re RE: NFLST/NFLN Thoughts | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The exhibit concerns the NFL Network agreement, which is not at issue in this litigation. The brief mentions of Sunday Ticket are only in relation to the NFL Network agreement, and not probative of any issue in this litigation. | This 2004 NFL internal correspondence about Sunday Ticket and DirecTV is relevant to showing the NFL's intent to control the price of Sunday Ticket and the purpose of the restraints. | | |
| TX0754 | Pltfs. | NFL_0853856 | 10/16/2021 | Schwartz v Dallas Cowboys: Supplemental Class Notice Regarding Proposed Revised Settlement and Settlement Hearing | FRE 402, 403, 801; DMIL 3 | This exhibit is excluded pursuant to the Court's ruling on Defense MIL #3 (Dkt. 1304): "Plaintiffs may not introduce evidence of the existence and outcomes in past lawsuits against the NFL, except for NFL I and NFL II. Although Plaintiffs may introduce the existence, outcome, and any underlying facts of NFL I and II, Plaintiffs may not introduce the court's specific findings of fact and conclusions of law—i.e., introduce specific language from the Court's orders—in NFL I and NFL II." | Plaintiffs will abide by the Court's order on DMIL 3 and are including this exhibit for preservation purposes. | | |
| TX0755 | Pltfs. | N/A | 09/11/1973 | HR REP 93-483 | FRE 403, 801 | These statements from a 1973 House of Representatives Report are inadmissible hearsay that do not fall within any recognized hearsay exception. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | House Report 93-483, which provides the early history of the NFL's broadcast practices and efforts to seek congressional relief, is relevant to the development of the current NFL broadcasting arrangement. Additionally, this exhibit is subject to hearsay exceptions, including because it is a public record (FRE 803(8)) and an ancient document (FRE 803(16)). | | |
| TX0756 | Pltfs. | N/A | 08/28/1961 | SBA Hearing | FRE 403, 801 | These statements from a 1961 House of Representatives Report are inadmissible hearsay that do not fall within any recognized hearsay exception. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | The 1961 SBA hearing before the House Antitrust Subcommittee, where NFL's then-commissioner testified about his understanding of the scope of the SBA, is relevant to the NFL's intent and development of the current NFL broadcasting arrangement. Additionally, this exhibit is not hearsay as an opposing party statement (FRE 801(d)(2)) and is subject to hearsay exceptions, including because it is a public record (FRE 803(8)) and an ancient document (FRE 803(16)). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 152 of 249   Page ID
#:52217

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0757 | Pltfs. | N/A | 11/12/1953 | United States v. National Football League 116 F. Supp 319 | FRE 402, 403, 801; DMIL 3 | This exhibit references prior litigation against the NFL, and should be excluded pursuant to the NFL's MIL No. 3.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The reference to the other lawsuit risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. Additionally, these statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | As noted in this Court's order concerning DMIL 3, the decision in NFL I is "relevant to the development of the current NFL broadcasting arrangement and, in turn, the agreements at issue in this case." Plaintiffs will abide by the Court's decision on DMIL 3 and include this exhibit for identification and preservation purposes. | | |
| TX0758 | Pltfs. | N/A | 07/20/1961 | United States v. National Football League 196 F. Supp 445 | FRE 402, 403, 801; DMIL 3 | This exhibit is excluded pursuant to the Court's ruling on Defense MIL #3 (Dkt. 1304): "Plaintiffs may not introduce evidence of the existence and outcomes in past lawsuits against the NFL, except for NFL I and NFL II. Although Plaintiffs may introduce the existence, outcome, and any underlying facts of NFL I and II, Plaintiffs may not introduce the court's specific findings of fact and conclusions of law—i.e., introduce specific language from the Court's orders—in NFL I and NFL II." | As noted in this Court's order concerning DMIL 3, the decision in NFL I is "relevant to the development of the current NFL broadcasting arrangement and, in turn, the agreements at issue in this case." Plaintiffs will abide by the Court's decision on DMIL 3 and include this exhibit for identification and preservation purposes. | | |
| TX0759 | Pltfs. | N/A | 12/28/1953 | Final Judgment in United States v. National Football League, et al | FRE 402, 403, 801; DMIL 3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation.; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. DMIL #3: This exhibit is excluded pursuant to the Court's ruling on Defense MIL #3 (Dkt. 1304): "Plaintiffs may not introduce evidence of the existence and outcomes in past lawsuits against the NFL, except for NFL I and NFL II. Although Plaintiffs may introduce the existence, outcome, and any underlying facts of NFL I and II, Plaintiffs may not introduce the court's specific findings of fact and conclusions of law—i.e., introduce specific language from the court's orders—in NFL I and NFL II." | As noted in this Court's order concerning DMIL 3, the decision in NFL I is "relevant to the development of the current NFL broadcasting arrangement and, in turn, the agreements at issue in this case." Plaintiffs will abide by the Court's decision on DMIL 3 and include this exhibit for identification and preservation purposes. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 153 of 249   Page ID #:52218

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0760 | Pltfs. | DIRECTV-ST-00003860 | 07/12/2018 | Email and Deck re. NFL/ST 2018 Marketing Strategy (Dyckes Ex. 06) | DMIL 4 (for preservation purposes) | This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | These internal DirecTV emails are relevant to NFL's control of Sunday Ticket pricing. Additionally, this Court has denied DMIL 4. | | |
| TX0761 | Pltfs. | DIRECTV-ST-00059378 | 03/11/2020 | Email and attachment re FW: Call with Rolapp (Thun Ex. 05) | DMIL 4 (for preservation purposes) | This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | These internal DirecTV emails are relevant to NFL's control of Sunday Ticket pricing. Additionally, this Court has denied DMIL 4. | | |
| TX0762 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0763 | Pltfs. | DIRECTV-ST-00115987 | 10/12/2013 | Potential Impact of New Features and Offerings on NFLST Revenue and Subscribers | Foundation; FRE 801 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit--a pricing study of Sunday Ticket by DirecTV--that it is authentic as a document produced by the NFL in discovery, relevant to the contention that Sunday Ticket was not offered at a profit-maximizing price, and not hearsay as a business record pursuant to 803(6) as a statement by a co-conspirator in furtherance of the conspiracy to restrain competition for out-of-market games. | | |
| TX0764 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 154 of 249   Page ID
#:52219
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0765 | Pltfs. | DIRECTV-ST-00547468 | 08/12/2015 | Email re RE: NFL Sunday Ticket - Puerto Rico | Foundation; FRE 801 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit--DirecTV internal emails concerning the restrictions imposed by the NFL--that it is authentic as a document produced by the NFL in discovery, relevant evidence of restraints imposed by the NFL on DirecTV, and not hearsay as a business record pursuant to 803(6) as a statement by a co-conspirator in furtherance of the conspiracy to restrain competition for out-of-market games. |  |  |
| TX0766 | Pltfs. | DIRECTV-ST-00558070 | 09/28/2015 | Email re RE: NFL Sunday Ticket - Puerto Rico | Foundation; FRE 801 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. This document has been authenticated by a business records affidavit pursuant to FRE 902(11). None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of the exhibit--DirecTV internal emails concerning the restrictions imposed by the NFL--that it is authentic as a document produced by the NFL in discovery, relevant evidence of restraints imposed by the NFL on DirecTV, and not hearsay as a business record pursuant to 803(6) as a statement by a co-conspirator in furtherance of the conspiracy to restrain competition for out-of-market games. |  |  |
| TX0767 | Pltfs. | *Withdrawn* |  |  |  |  |  |  |  |
| TX0768 | Pltfs. | *Withdrawn* |  |  |  |  |  |  |  |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0769 | Pltfs. | NFL_0044605 | 01/23/2014 | Email from Singh to Schroeder, Halpin, Won re NFLST – 2014 Pricing/Packaging | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's pricing strategy for Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the price of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0770 | Pltfs. | NFL_0057119 | 06/12/2018 | Email from H. Farr to B. Lawton re: NFLST Insights / Research Deck | Foundation; FRE 801, DMIL 4 (for preservation purposes) | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit also references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. The exhibit also contains consumer statements. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's research into why consumers do not subscribe to Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity harmed consumers, and not hearsay as a party opponent statement, given that the email and presentation were clearly written by NFL employees in the course of their employment with the NFL. Additionally, this Court has denied DMIL 4. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0771 | Pltfs. | NFL_0059784 | 04/18/2017 | Email and Attachments re FW: NFL ST.TV Pricing | Foundation; DMIL 4 (for preservation purposes) | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. DMIL #4 (preservation): DMIL #4 (preservation): This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the pricing of Sunday Ticket .TV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over Sunday Ticket pricing, and not hearsay as a party opponent statement, given that the email and presentation were clearly written by NFL employees in the course of their employment with the NFL. Additionally, this Court has denied DMIL 4. | | |
| TX0772 | Pltfs. | NFL_0061923 | 11/23/2016 | Email and attachment re 2017 Satellite Deck | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the pricing of Sunday Ticket  that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over Sunday Ticket pricing, and not hearsay as a party opponent statement. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 157 of 249   Page ID
#:52662

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0773 | Pltfs. | NFL_0241078 | 12/03/2002 | DirecTV Contract Issues | Foundation; FRE 402, 403; NFL Defs' Priority Objection #1; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. Additionally, this exhibit is excluded pursuant to the Court's ruling on Defense MIL #3 (Dkt. 1304): "Plaintiffs may not introduce evidence of the existence and outcomes in past lawsuits against the NFL, except for NFL I and NFL II. Although Plaintiffs may introduce the existence, outcome, and any underlying facts of NFL I and II, Plaintiffs may not introduce the court's specific findings of fact and conclusions of law—i.e., introduce specific language from the Court's orders—in NFL I and NFL II." | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. And the Court can determine from the face of the exhibit which demonstrates that the NFL had "antitrust" concerns about its role in pricing Sunday Ticket  that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over Sunday Ticket pricing, and not hearsay as a party opponent statement. Additionally, the Court has tentatively overruled Priority Objection #1. Nothing in this document refers to any litigation involving the NFL, meaning the Court's ruling on Defendants' Motion in Limine No. 3 does not preclude the documents' admission. The order excluding "evidence of the existence and outcomes in past lawsuits against the NFL" does not encompass evidence of the NFL's internal concerns about the legality of its conduct. And while it may be harmful to Defendants' case for the jury to see that the NFL was contemplating the "Antitrust" implications of its control over Sunday Ticket's price, that is not the sort of "unfair" prejudice that would bar such plainly relevant evidence from admission. | | |
| TX0774 | Pltfs. | NFL_0241093 | 12/05/2002 | Draft DirecTV Main Points of Agreement | Foundation; NFL Def's Priority Objection #1 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which discusses the pricing arrangements of the 2002 contract with DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL continued to exert influence over Sunday Ticket pricing during the class period, and not hearsay as a party opponent statement. Additionally, the Court has tentatively overruled Priority Objection #1. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 158 of 249   Page ID
#:52623

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0775 | Pltfs. | NFL_0265905 | 01/27/2015 | Email re RE: Sunday Ticket Price Increase | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0776 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0777 | Pltfs. | NFL_0281135 | 05/09/2018 | Email re RE: anything missing / to tweak here? want to send to BR / HLS asap | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0778 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0779 | Pltfs. | NFL_0294527 | 05/31/2016 | Email and attachment re 5.31 NFL DTV NFL ST weekly at 3PM ET | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0780 | Pltfs. | NFL_0325046 | 03/20/2012 | Email re Re: DIRECTV Sunday Ticket meeting at NFL | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0781 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 160 of 249   Page ID
#:52625
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0782 | Pltfs. | NFL_0343946 | 02/15/2013 | Email and attachment re FW: DTV - NFLST Rights Fees | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit describing the prices charged for Sunday Ticket throughout the class period that it is authentic as a document produced by the NFL in discovery, relevant to the contention that class members were overcharged and Plaintiffs' experts' analysis of that overcharge, and not hearsay as a party opponent statement. | | |
| TX0783 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0784 | Pltfs. | NFL_0411403 | 10/10/2018 | Email and attachment re Test Markets update | Foundation | The only trial witness on this document is Brent Lawton, and this was not used at his deposition. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of this presentation about the demand for a streaming version of Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity reduced choices in the marketplace for out-of-market football games and to Plaintiffs' analysis about market demand, and not hearsay as a party opponent statement. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 161 of 249   Page ID
#:52626
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0785 | Pltfs. | NFL_0473317 | 11/17/2020 | Email and attachment re CBS Issues List | Foundation | No trial witness is on this document. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit discussing limitations that CBS sought to impose on Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL and its network partners conspired to restrain the market for out-of-market games, and not hearsay as a party opponent statement. | | |
| TX0786 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0787 | Pltfs. | NFL_0491354 | 11/25/2003 | Email and attachment re RE: NFLST template.doc | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of this strategic planning documents discussing the pricing of Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the pricing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 162 of 249   Page ID
#:52227

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0788 | Pltfs. | NFL_0500572 | 07/23/2009 | Email re NFLST Broadband | FRE 402, 403; DMIL 4 (for preservation purposes) | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | This internal NFL email showing the NFL wanted the price of NFL ST for broadband to be comparable to the price of the NFL ST for TV is relevant to NFL's intent to control the price of NFL Sunday Ticket. This Court already ruled that "Defendant's role in Sunday Ticket pricing is a key issue at trial" and denied Defendants' MIL attempting to exclude evidence about Sunday Ticket .TV pricing. ECF No. 1305 at 4. | | |
| TX0789 | Pltfs. | NFL_0542132 | 12/08/1986 | Letter from Austrian to Rozelle re Revenue Streams | Foundation; FRE 801 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  Additionally, this exhibit is a letter written by a non-NFL employee airing his personal beliefs. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of the exhibit --a etter from Neil Austrian to former NFL Commissioner Pete Rozelle proposing the original idea for Sunday Ticket and describing a plan that would allow the NFL owners to make "another revenue stream" without threatening network viewership--that it is authentic as a document produced by the NFL in discovery, relevant to the history of the restraints imposed by the NFL on Sunday Ticket, and not hearsay as a party opponent statement. The document alsofalls within the hearsay exception for ancient documents as it was prepared before January 1, 1998. Fed. R. Evid. 803(16). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 163 of 249  Page ID
#:52628
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0790 | Pltfs. | NFL_0755771 | 12/21/2015 | NFL Sunday Ticket Pricing Overview | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit, a presentation entitled "NFL Sunday Ticket 2016 Pricing Overview"that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing restrictions on Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0791 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0792 | Pltfs. | NFL_0858107 | 10/17/2002 | Letter from NFL to Echostar re NFL Sunday Ticket | FRE 402, 403; NFL Defs' Priority Objection #1 | This exhibit contains reference to an agency relationship which expired nearly ten years before the start of the class period and is fundamentally different from the Sunday Ticket license agreements at issue in this case.  As such, this evidence is irrelevant, unfairly prejudicial and likely to confuse the jury, and should be excluded pursuant to the NFL Defendants' Priority Objection #1. | This 2002 NFL letter to Echostar regarding Sunday Ticket is relevant to showing the NFL's intent to control the price of Sunday Ticket, which continued through the class period. Additionally, the Court has tentatively overruled NFL Defs' Priority Objection #1 (re agency agreements). | | |
| TX0793 | Pltfs. | *Intentially Left Blank* | | | | | | | |
| TX0794 | Pltfs. | NFL_0881576 | 01/09/2019 | Email re FW: USA Today re NFL TV deals | FRE 401, 403, 801 | The email thread copies an op ed from USA Today and sends it around with no comment. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. The exhibit also has no probative value to any of the parties' claims or defenses in this litigation. To the extent it is minimally relevant, the relevance is far outweighed by the risk of prejudice and confusion. | This 2019 NFL internal correspondence sharing an op-ed about Sunday Ticket is  relevant because it shows the NFL's awareness of public discourse surrounding NFL Sunday Ticket's exclusivity and the availability of less restrictive alternatives. It is not being offered for the truth of the matter asserted but rather to show the NFL's state of mind, effect on the listener, and information acted upon by the NFL, including the NFL's knowledge and interest in this topic. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 164 of 249   Page ID #:52629

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|-----------------------|---------------------------|-----------------|----------------|
| TX0795 | Pltfs. | *Intentially Left Blank* | | | | | | | |
| TX0796 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0797 | Pltfs. | NFL_0890826 | 05/29/2018 | Email and attachment re Fwd: NFL Trust DPP Investor Presentation | Foundation; FRE 403 | Foundation cannot be established at trial consistent with FRE 602. H. Schroeder is the only trial witness on this document, he may be testifying via deposition, and this was not used at his deposition. Portions of this document discuss the concussion settlement status and show the NFL seeking private credit investments. The risks of prejudice from this content to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate.  And the Court can determine from the face of this presentation to investors about the NFL as an entertainment business that it is authentic as a document produced by the NFL in discovery,  not hearsay as a party opponent statement, and highly relevant as evidence of the revenues that the League commands for television rights and the ways in which the teams share those revenues. Plaintiffs do not intend to question witnesses or draw the jury's attention to those portions of the presentation that reference concussion settlements and private credit investents, but if required by the Court, Plaintiffs would be happy to redact such portions. | | |
| TX0798 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 165 of 249   Page ID
#:52630
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0799 | Pltfs. | NFL_0927676 | 02/13/2018 | Email and attachment re HF Latest NFLST / NGS tracker | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0800 | Pltfs. | NFL_0929150 | 02/15/2018 | Email re RE: NFLST Takeaways / Next Steps | Foundation; FRE 403 (to the extent the document references litigation) | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this internal NFL email about negotiations with potential partners for Sunday Ticket in 2018 (when the NFL was exploring exercising its early termination option with DirecTV) that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. Any prejudice from the single reference to an unspecified "AT&T litigation process" is substantially outweighed by the document's relevance. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 166 of 249   Page ID
#:52631

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0801 | Pltfs. | NFL_0929219 | 03/06/2018 | Email and attachment re 3.6 DTV NFL ST - Weekly Marketing & Broadcast Ops meeting agenda - 12PM ET / 9AM PT | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0802 | Pltfs. | NFL_0929382 | 01/09/2018 | Email and attachment re DTV weekly meeting agenda - draft | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0803 | Pltfs. | *Withdrawn* | | | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0804 | Pltfs. | NFL_0941417 | 03/19/2019 | Email and attachment re 3/19 DTV NFL ST weekly agenda and marketing ops call | Foundation | The only trial witness on this document is Brent Lawton, and this was not used at his deposition. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the email exchange between DirecTV and the NFL about Sunday Ticket pricing that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing restraints on Sunday Ticket, and not hearsay as a party opponent statement. | | |
| TX0805 | Pltfs. | NFL_0958704 | 12/04/2015 | Email re RE: 2016 Sunday Ticket Prices | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the email exchange between DirecTV and the NFL about Sunday Ticket pricing that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing restraints on Sunday Ticket, and not hearsay as a party opponent statement. | | |

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 168 of 249  Page ID
#:52633
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

Exhibit A

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0806 | Pltfs. | NFL_0961878 | 12/05/2017 | Email and attachment re FW: NFLST Asks | Foundation; DMIL 4 (for preservation purposes) | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. DMIL #4 (preservation): This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes a marketing meeting between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. The Court has already denied Defendants' Motion in Limine No. 4 to exclude any reference to the pricing of the .TV product. | | |
| TX0807 | Pltfs. | NFL_0975811 | 03/30/2021 | Email and attachment re DirectTV NFL ST Weekly Agenda 3.23 | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The only trial witnesses on this document are J. Dyckes and B. Lawton, they may testify via deposition testimony, and the document was not used in either deposition. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0808 | Pltfs. | NFL_0996899 | 06/27/2016 | Email and attachment re PartnerMarketing Vishal_Julie PMStatus 6.27.xlsx | Foundation; DMIL 4 (for preservation purposes) | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. DMIL #4 (preservation): This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility.  And the Court can determine from the face of the exhibit which memorializes marketing meetings between the NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL exerted influence over the marketing and packaging of Sunday Ticket, and not hearsay as a party opponent statement. The Court has already denied Defendants' Motion in Limine No. 4 to exclude any reference to the pricing of the .TV product. | | |
| TX0809 | Pltfs. | NFL_1069816 | 09/21/2013 | Email re Re: Google | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The Court can determine the face of this internal NFL email about negotiations with Google for Sunday Ticket in 2013 (when the NFL was exploring potnetial alternative partners to DirecTV) that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed restrictions on the pricing of Sunday Ticket, and not hearsay as a party opponent statement. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 170 of 249   Page ID #:52635

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0810 | Pltfs. | NFL_1110424 | 09/04/2015 | Email and attachment re RE: | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of this email exchange between the NFL and DirecTV about offering discounts on Sunday Ticket to DirecTV employees that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL impose pricing restrictions on Sunday Ticket, and not hearsay as a party opponent statement and as a statement by a co-conspirator (DirecTV) in furtherance of the conspiracy to restrain the market for out-of-market games. | | |
| TX0811 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0812 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0813 | Pltfs. | NFL_1251578 | 05/13/2003 | Email and attachment re 2003 May League Meeting - League Economics and Revenue Distribution fh.ppt | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of this presentation on revenue and competitive balance that it is authentic as a document produced by the NFL in discovery, relevant to the NFL's procompetitive justification about competitive balance, and not hearsay as a party opponent statement. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0814 | Pltfs. | NFL_1253245 | 11/21/2005 | Email re ouch | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of this email exchange between NFL employees about revenue and competitive balance that it is authentic as a document produced by the NFL in discovery, relevant to the NFL's procompetitive justification about competitive balance, and not hearsay as a party opponent statement. | | |
| TX0815 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0816 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0817 | Pltfs. | NFL_0711639 | 01/20/2010 | Email and attachments re Fw NFL | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. | This exhibit is relevant because it is an example of a similar pricing restraint that the NFL imposes on its partners related to broadcasts of NFL games. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 172 of 249   Page ID
#:52637
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0818 | Pltfs. | DIRECTV-ST-01770214 | 04/20/2016 | Email re Re: NFL ST Urgent Question | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of this email exchange between DirecTV employees about NFL influence on Sunday Ticket is authenticated by a business records affidavit pursuant to Rule 902(11), relevant to the NFL's imposition of restraints on the Sunday Ticket product, and not hearsay as a business record per Rule 803(6) and as a statement of a coconspirator in furtherance of the conspiracy to restrain competition for out-of-market games. | | |
| TX0819 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0820 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0821 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0822 | Pltfs. | NFL_0156419 | 08/27/2016 | Email and attachments re ST OTT Deck | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for the admissibility of a document based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning pricing for Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing restraints on the Sunday Ticket package, and not hearsay as a party opponent statement. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 173 of 249   Page ID
#:52638

*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0823 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0824 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0825 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0826 | Pltfs. | NFL_0284247 | 11/14/2017 | Email and attachments re FW: nflst workplan draft | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning 2017 talks between the NFL and other potential partners for Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed restraints on the Sunday Ticket package, and not hearsay as a party opponent statement. | | |
| TX0827 | Pltfs. | NFL_0392078 | 05/16/2013 | Email and attachment re  B'cast Committee Deck - DTV | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning DirecTV's struggles with subscribers that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity harmed consumers, and not hearsay as a party opponent statement. | | |
| TX0828 | Pltfs. | *Withdrawn* | | | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0829 | Pltfs. | NFL_0411464 | 10/30/2018 | Email and attachments re FW: 2018.10 Go To Market Deck Outline v1KL.docx | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the pricing of Sunday Ticket is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing restrictions on the product, and not hearsay as a party opponent statement. | | |
| TX0830 | Pltfs. | NFL_0413172 | 10/23/2016 | Email and attachments re 2016.10 DTV Now NFLST Outline v1_AES | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the pricing of Sunday Ticket is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing restrictions on the product, and not hearsay as a party opponent statement. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 175 of 249   Page ID
#:52240
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0831 | Pltfs. | NFL_0418919 | 10/25/2016 | Email and attachments re NFLST OTT Deck | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's proposals for a streaming version of Sunday Ticket on DirecTV as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing and other restrictions on the product, and not hearsay as a party opponent statement. | | |
| TX0832 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0833 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0834 | Pltfs. | NFL_0518105 | 02/11/2018 | Email and attachment re  RE: nflst deck | Foundation | The only witness on this deck is Brent Lawton and this was not designated at his (or anyone's) deposition. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning DirecTV's struggles with subscribers that it is authentic as a document produced by the NFL in discovery, relevant to the contention that exclusivity harmed consumers, and not hearsay as a party opponent statement. | | |
| TX0835 | Pltfs. | *Intentionally Left Blank* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 176 of 249   Page ID #:52641

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0836 | Pltfs. | NFL_0603356 | 11/30/2016 | Email and attachments re RE: BDL Rider | Foundation; DMIL 4 (for preservation purposes) | The only witness on this deck is Brent Lawton and this was not designated at his (or anyone's) deposition. Even if Plaintiffs try to get this in based on the fact that the deck was intended to be presented to Roger Goodell, this earlier version TX0836 almost certainly wasn't seen by Goodell since TX0837—the subsequent version—exists. At the very least we can say with some certainty that this version wasn't seen by Goodell and therefore he cannot lay the proper foundation. DMIL #4 (preservation): This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's proposals for a streaming version of Sunday Ticket on DirecTV as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing and other restrictions on the product, and not hearsay as a party opponent statement. Additionally, the Court denied Defendants' motion in limine no. 4 to exclude evidence about the pricing of the .TV product. | | |
| TX0837 | Pltfs. | NFL_0603371 | 11/30/2016 | Email and attachments re NFLST Deck for RGv15.pptx | Foundation; DMIL 4 (for preservation purposes) | The only witness on this deck is Brent Lawton and this was not designated at his (or anyone's) deposition.; DMIL #4 (preservation): This exhibit references the pricing arrangement for NFLSUNDAYTICKET.TV, the product of a lawful joint venture between the NFL and DirecTV, and that Plaintiffs excluded from the class definition in this case. Although the Court declined to exclude this evidence in its ruling on Defense MIL #4 (Dkt. 1305), Defendants maintain that this exhibit should be excluded pursuant to Fed. R. Evid. 402 and 403 | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's proposals for a streaming version of Sunday Ticket on DirecTV as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing and other restrictions on the product, and not hearsay as a party opponent statement. Additionally, the Court denied Defendants' motion in limine no. 4 to exclude evidence about the pricing of the .TV product. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 177 of 249   Page ID
#:52642
*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0838 | Pltfs. | NFL_0863026 | 06/25/2010 | Letter from NFL to Covington re Custodian Documents | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit listing documents provided to its counsel at Covington & Burling that it is authentic as a document produced by the NFL in discovery, relevant because it provides contemporaneous descriptions of other pertinent statements (and thus places them in context), and not hearsay as a party opponent statement. | | |
| TX0839 | Pltfs. | NFL_0863200 | 04/01/2003 | NFL/DIRECTV Rights Agreement | Foundation; FRE 402, 403; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. This exhibit should also be excluded pursuant to the Court's ruling on Defense MIL #3 (Dkt. 1304): "Plaintiffs may not introduce evidence of the existence and outcomes in past lawsuits against the NFL, except for NFL I and NFL II. In particular, Plaintiffs may not introduce evidence of the Shaw litigation." | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of the this draft rights agreement with DirecTV reflecting the NFL's redlines that it is authentic as a document produced by the NFL in discovery, relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement or as a statement made a co-conspirator in furtherance of the conspiracy to restrict the market for NFL game telecasts. Plaintiffs are willing to redact the explicit reference to the Shaw case. | | |
| TX0840 | Pltfs. | | | *Withdrawn* | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0841 | Pltfs. | NFL_0913899 | 11/17/2016 | Email and attachments re NFLST Deck for RGv4.pptx | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's proposals for a streaming version of Sunday Ticket on DirecTV as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing and other restrictions on the product, and not hearsay as a party opponent statement. | | |
| TX0842 | Pltfs. | NFL_0922184 | 01/08/2019 | Email and attachments re D-to-C Slides | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's exploration of a direct-to-consumer offering for Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant as it evidences the restrictions the NFL has imposed on Sunday Ticket, and not hearsay as a party opponent statement. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0843 | Pltfs. | NFL_0964740 | 11/17/2016 | Email and attachments re NFLST Deck for RGv2.pptx | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's proposals for a streaming version of Sunday Ticket on DirecTV as a document produced by the NFL in discovery, relevant to the contention that the NFL imposed pricing and other restrictions on the product, and not hearsay as a party opponent statement. | | |
| TX0844 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0845 | Pltfs. | NFL_1088380 | 02/19/2021 | Email and attachments re A streaming media proposal for your consideration | FRE 402, 403, 801; PMIL 2; Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  These statements are inadmissible hearsay that do not fall within any recognized hearsay exception.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | This exhibit, which contains a proposal to offer Sunday Ticket on a streaming platform, is relevant to showing the viability of Plaintiffs' but-for world and the NFL's consideration of less restrictive alternatives. Further, the Court tentatively overruled the NFL Defendants' Priority Objection #3 (re recent Sunday Ticket negotiations).  Plaintiffs' MIL 2 concerned restrictions on discussions of injunctive relief. This document does not run afoul of this MIL because it will not be offered to show what would happen if the Court issued an injunction, but rather to rebut Defendants' arguments about the non-viability of Plaintiffs' but-for world. It is being offered for the non-hearsay purpose of showing the NFL's knowledge about a proposal to offer a streaming option for Sunday Ticket. | | |
| TX0846 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0847 | Pltfs. | *Withdrawn* | | | | | | | |
| TX0848 | Pltfs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 180 of 249   Page ID
#:52245

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0849 | Pltfs. | *Intentionally Left Blank* | | | | | | | |
| TX0850 | Pltfs. | GOOG-NFLYT-00000582 | 09/07/2022 | NFL Sunday Ticket Power Point | Foundation; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit Google's plans for the deployment of Sunday Ticket deal that is is authentic as a document proved up by a business records affidavit (902(11)), relevant to the contention that the NFL continued to impose pricing and other restrictions on Sunday Ticket even with a new partner, and not hearsay as a business record statement (803(6)) and as a co-conspirator statement in furtherance of the conspiracy to impose restraints on Sunday Ticket. Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |
| TX0851 | Pltfs. | GOOG-NFLYT-00001946 | 12/12/2022 | Spreadsheet re NFSLT Tier 1 Issues | Foundation; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL and Google's negotiation positions for the Sunday Ticket deal that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL continued to impose pricing and other restrictions on Sunday Ticket even with a new partner, and not hearsay as a party opponent statement. Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|----------------------------|-----------------|----------------|
| TX0852 | Pltfs. | GS-NFL00003060 | 08/11/2022 | Email and attachments re NFL / Hoya Follow-ups | Foundation; FRE 402, 403; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602; The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this email between the NFL and Goldman Sachs concerning proposals from third-parties for the rights to Sunday Ticket is relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement and as a business record (803(6)). Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |
| TX0853 | Pltfs. | NFL_0243734 | 11/03/2004 | NFL Sunday Ticket-Basic Business Terms Directv Draft | Foundation; FRE 402, 403, 801 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this 2004 draft agreement between NFL and DirecTV that it is authentic as a document produced by the NFL in discovery, relevant because it provides evidence of the history restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0854 | Pltfs. | NFL_0663127 | 04/03/2012 | Email and attachments re DTV Agenda | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning planning meetings involving the the NFL and DirecTV regarding Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL impose pricing and other restrictions on Sunday Ticket during the class period, and not hearsay as a party opponent statement. | | |
| TX0855 | Pltfs. | NFL_0730138 | 04/12/2012 | DTV 2012 NFL Sunday Ticket Marketing Presentation | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the NFL's responses to a DirecTV marketing presentation to about Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL impose pricing and other restrictions on Sunday Ticket during the class period, and not hearsay as a party opponent statement. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0856 | Pltfs. | NFL_0999771 | 04/09/2012 | Email and attachments re DTVscripts4.9.docx | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning planning meetings involving the the NFL and DirecTV regarding Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the contention that the NFL impose pricing and other restrictions on Sunday Ticket during the class period, and not hearsay as a party opponent statement. | | |
| TX0857 | Pltfs. | NFL_1080789 | 04/14/2021 | Apple/NFL Conversation Proposal Summary | Foundation; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this summary of proposed terms concerning a proposal from a third-party for the rights to Sunday Ticket is relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement.  Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0858 | Pltfs. | NFL_1080813 | 12/23/2020 | Apple/NFL Conversation Proposal Overview | Foundation; NFL Defs' Priority Objection #3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this summary of proposed terms concerning a proposal from a third-party for the rights to Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement. Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |
| TX0859 | Pltfs. | NFL_1238866 | 12/12/2022 | Email and attachments re Revised Incentive Proposal | FRE 403; NFL Defs' Priority Objection #3 | The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this correspondence between NFL and Google concerning the terms of proposed agreemetn are authentic as a document produced by the NFL in discovery, relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement.  Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 185 of 249   Page ID
#:52250
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0860 | Pltfs. | NFL_1246543 | 07/21/2022 | Email re RE: Brainwave idea | FRE 403; NFL Defs' Priority Objection #3 | The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this 2022 correspondence between NFL and a third-party bidder concerning proposals for an alternative model of Sunday Ticket are authentic as a document produced by the NFL in discovery, relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement.  This exhibit is also not hearsay because it can be offered for a reason other than the truth of the matters asserted therein, namely the NFL's reaction to proposals for a more consumer-friendly version of Sunday Ticket. Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |
| TX0861 | Pltfs. | NFL_1247251 | 12/09/2022 | Email re Issues for YT | FRE 402, 403; NFL Defs' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this correspondence between NFL and Google concerning the terms of proposed agreement are authentic as a document produced by the NFL in discovery, relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement.  Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 186 of 249   Page ID
#:52251

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0862 | Pltfs. | NFL_1247556 | 12/11/2022 | Email and attachments re Tier 1 Issues Side by Side | FRE 402, 403; NFL Defs.' Priority Objection #3 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation; The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have; This exhibit relates to recent Sunday Ticket negotiations and agreements that are not relevant to the litigation and risk confusing the jury because they were not operative during the class period, and should be excluded pursuant to the NFL Defendants' Priority Objection #3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. None of the substantive reasons that the NFL Defendants cite to exclude the document requires a live witness to evaluate. The Court can determine from the face of this correspondence between NFL and Google concerning the terms of proposed agreemetn are authentic as a document produced by the NFL in discovery, relevant because it provides evidence of restrictions that the NFL imposed on Sunday Ticket, and not hearsay as a party opponent statement. Additionally, the Court tentatively overruled Plaintiffs' Priority Objection #3. | | |
| TX0863 | Pltfs. | NFL_1247996 | 02/21/2023 | Email and attachments re FW: JHP, DTV and Content follow up | FRE 801, 802 | These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. | This correspondence between the NFL and individuals who would later form EverPass is not hearsay as a party opponent statement, a statement by a co-conspirator in furtherance of a conspiracy to impose restrictions on Sunday Ticket. This is also admissible for a purpose other than the truth of the statements asserted therein, namely the NFL's knowledge about proposals in the market for Sunday Ticket. | | |
| TX0864 | Pltfs. | GOOG-NFLYT-00000715 | 11/15/2022 | Presentation re: NFL Sunday Ticket | Foundation | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the Google presentation about the history and future of Sunday Ticket that it is authentic pursuant to 902(11), relevant to the history of the NFL's restrictions on Sunday Ticket, including the pricing charged to class members, and not hearsay as a business record (803(6)) and a statement by a co-conspirator in furtherance of the conspiracy to restrain competition in the market for NFL game telecasts. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 187 of 249  Page ID
#:52252

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0865 | Pltfs. | NFL_1229152 | 06/22/2000 | Tagliabue Deposition Transcript (Shaw) | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | The deposition of Tagliabue in the Shaw matter contains statements concerning demand for NFL football programming, Sunday Ticket, pooling of NFL team telecast rights, among other issues.  The Court tentatively permitted the Plaintiffs to use this deposition at trial. The designations do not violate this Court's ruling on MIL 3 because they do not expressly reference any litigation involving the NFL. Plaintiffs intend to designate portions of this transcript to be read to the jury and do not plan to admit this exhibit into evidence. | | |
| TX0865A | Pltfs. | NFL_1229392 | 04/13/1994 | Tagliabue Exhibit 01: Letter from NBC to N. Austrian re Contract Amendment | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document.  The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can further determine from the face of the exhibit (correspondence from the NFL to its broadcasting partner, along with correspondences in reply) concerning the terms of an NFL broadcasting agreement (including rights fees and the NFL's distribuion in Canada and Mexico), that it is authentic as a document produced by the NFL in discovery, relevant to the NFL's awareness of and approach to the distribution of football telecasts and the limitations thereto. It is further relevant because it shows the history of the restraints that the Plaintiffs challenged in this case, and not hearsay because it is a party opponenet statement. Finally, there is no reference to prior litigation against the NFL in the document. | | |
| TX0865B | Pltfs. | *Withdrawn* | | | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0865C | Pltfs. | NFL_1229531 | 01/15/1990 | Tagliabue Exhibit 03: Letter from TWI to Tagliabue re Television rights | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document.  The Court can determine from the face of the exhibit (correspondence between the NFL and a prospective broadcast partner) concerning strategies for the distribution of NFL game and related programming, that it is authentic as a document produced by the NFL in discovery, relevant to the NFL's awareness of and approach to the distribution of football telecasts and the limitations thereto and not hearsay as an ancient document pursuant to Rule 803(16). Finally, there is no reference to prior litigation against the NFL in the document. | | |
| TX0865D | Pltfs. | NFL_1229534 | 03/05/1990 | Tagliabue Exhibit 04: Letter from Cablevision to Art Modell re Sports Channel Proposal | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document.  THe Court can determine from the face of the exhibit (correspondence among an NFL owner, the NFL, and a prospective broadcast partner) concerning a bid to independently license a single team's games, that it is authentic as a document produced by the NFL in discovery, relevant to the NFL's awareness of the teams' ability to independently license their telecast rights, not hearsay as an ancient document pursuant to Rule 803(16). Finally, there is no reference to prior litigation against the NFL in the document. | | |
| TX0865E | Pltfs. | NFL_1229536 | 02/24/1991 | Tagliabue Exhibit 05: New York Times Article re NFL Planning to Add Pay TV | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document.  The Court can determine from the face of the exhibit, which documents the NFL's efforts to add pay-per-view game options, that it is authentic as a document produced by the NFL in discovery, relevant to Defendant's contention that the restraints are necessary to promote free television, and not hearsay as an ancient document pursuant to Rule 803(16). Finally, there is no reference to prior litigation against the NFL in the document. | | |

Exhibit A

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0865F | Pltfs. | NFL_1229540 | 05/28/1991 | Tagliabue Exhibit 06: Tagliabue Notes | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit (authored by the NFL) concerning the NFL's negotiations with NBC for game-distribution rights, that it is authentic as a document produced by the NFL in discovery, relevant to the history of the NFL's decision to broadcast games via satellite, and not hearsay because it is a party opponenet statement.  Finally, there is no reference to prior litigation aginst the NFL in the document. | | |
| TX0865G | Pltfs. | NFL_1229542 | 07/19/1991 | Tagliabue Exhibit 07: Letter from Tagliabue to State Consumer Board re Pay TV | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit (authored by the NFL) concerning test-marketing of pay-per-view NFL games, that it is authentic as a document produced by the NFL in discovery, relevant to the NFL's awareness of and approach to less restrictive alternatives, and not hearsay because it is a party opponenet statement. Finally, there is no reference to prior litigation against the NFL in the document. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 190 of 249  Page ID
#:52255
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0865H | Pltfs. | NFL_1229545 | 07/30/1991 | Tagliabue Exhibit 08: Letter from ABC to Tagliabue re ratings drop due to national broadcast of Raiders vs. 49ers | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning ABC's complaints about national TV NFL telecasts that it is authentic as a document produced by the NFL in discovery, relevant to the NFL's arrangements with the networks concerning NFL game telecasts, and not hearsay because it is being offered to show the NFL's state of mind, the effect on the listener, and information acted on by the NFL.  Finally, there is no reference to prior litigation aginst the NFL in the document. | | |
| TX0865I | Pltfs. | NFL_1229547 | 10/24/1994 | Tagliabue Exhibit 09: Memorandum to Tagliabue re Cable Industry/DirecTV | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit (authored by the NFL) concerning  the NFL-DirectV Sunday Ticket agreement that it is authentic as a document produced by the NFL in discovery, relevant to the true purpose and history of the restraints and the NFL's agreement with networks to limit distribution of out-of-market games, and not hearsay as a party opponent statement. Finally, there is no reference to prior litigation aginst the NFL in the document. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 191 of 249   Page ID
#:52256

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0865J | Pltfs. | NFL_1229550 | 09/01/1998 | Tagliabue Exhibit 10: Memo from Austrian to Broadcasting Committee re DirecTv Exclusivity | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit (authored by the NFL) concerning extending the NFL-DirecTV Sunday Ticket agreement that it is authentic as a document produced by the NFL in discovery, relevant to the true purpose and history of the restraints, and not hearsay as a party opponent statement. Finally, there is no reference to prior litigation aginst the NFL in the document. | | |
| TX0865K | Pltfs. | NFL_1229553 | 09/27/1996 | Tagliabue Exhibit 11: File Memo re Broadcast Committee meeting and Sunday Ticket | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602. The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit (authored by the NFL) concerning the possibility of selling Sunday Ticket via cable that it is authentic as a document produced by the NFL in discovery, relevant to the true purpose and history of the restraints, and not hearsay as a party opponent statement. Finally, there is no reference to prior litigation aginst the NFL in the document. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 192 of 249   Page ID #:52257

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0865L | Pltfs. | NFL_1229556 | 12/17/1996 | Tagliabue Exhibit 12: Memorandum to Broadcast Committee re Sunday Ticket | Foundation; FRE 402, 403, 801; DMIL 3 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have. These statements are inadmissible hearsay that do not fall within any recognized hearsay exception. This exhibit also references prior litigation against the NFL, and should be excluded pursuant to the Court's order on the NFL's MIL No. 3. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning the status of NFL Sunday Ticket that it is authentic as a document produced by the NFL in discovery, relevant to the purpose and history of the restraints, and not hearsay as a party opponent statement.  Finally, there appears to be no reference to prior litigation aginst the NFL in the document. | | |
| TX0866 | Pltfs. | NFL_0375112 | 06/19/2003 | NFL Sunday Ticket to Fox | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to broadcast agreements that were not operative during the class period and should be excluded. | This exhibit reflects NFL-FOX arrangements regarding the distribution and revenue generated by Sunday Ticket is relevant to the history and purpose of the restraints. | | |
| TX0867 | Pltfs. | NFL_0375116 | 06/19/2003 | NFL Sunday Ticket to CBS | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to broadcast agreements that were not operative during the class period and should be excluded. | This exhibit reflects NFL-CBS arrangements regarding the distribution and revenue generated by Sunday Ticket is relevant to the history and purpose of the restraints. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 193 of 249   Page ID
#:52258

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX0868 | Pltfs. | NFL_0846686 | 05/06/2009 | Spreadsheet re NFL Sunday Ticket Historical Information | Foundation; FRE 402, 403 | No custodian/recipient of this exhibit will be a trial witness and foundation cannot be established at trial consistent with FRE 602.  The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to broadcast agreements that were not operative during the class period and should be excluded. | There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence, and the Court can determine foundation for admissibility based on the contents of the document. The NFL Defendants do not identify any substantive reason to deny admissibility, such as authenticity, relevance, or hearsay, conceding there is no substantive evidentiary impediment to its admissibility. And the Court can determine from the face of the exhibit concerning NFL Sunday Ticket historical financial information that it is authentic as a document produced by the NFL in discovery, relevant to the purpose and history of the restraints, and not hearsay as a party opponent statement. | | |
| TX0869 | Pltfs. | NFL_0860471 | 06/16/2006 | Sunday Ticket 2006 Letters re Incremental Revenue Payment | FRE 402, 403 | The exhibit has no probative value to any of the parties' claims or defenses in this litigation. The risks of prejudice to the Defendants and confusion to the jury substantially outweigh any relevance the exhibit may have.  This exhibit relates to broadcast agreements that were not operative during the class period and should be excluded. | This exhibit reflects NFL-FOX arrangements regarding the distribution and revenue generated by Sunday Ticket is relevant to the history and purpose of the restraints. | | |
| TX0870 | Pltfs. | N/A | 8/23/2022 | Sports Media Watch Article: "2021 College Football TV Ratings" | Foundation; FRE 801, 802 | Foundation cannot be established at trial consistent with FRE 602.  Additionally, if used for the truth, the news article contained in the email is inadmissible hearsay that does not fall within any recognized hearsay exception. | This exhibit reflects college football TV ratings and was used by Professor Rascher in his expert report. It is relevant to his opinions about the but-for world and the availability of less restrictive alternatives. | | |

TX0871 through TX0899 intentionally omitted.

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|----------------------------|-----------------|----------------|
| TX0900 | Defs. | DIRECTV-ST-00554935 | 10/19/2015 | Email from J. Ton to J. Brum re: You Around? // Email Attachment re: DirecTV NFLST Basic Demographics // Email Attachment re: DirecTV NFLST Max Demographics | 801/802: Hearsay \| 403: Undue Prejudice | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect.  The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0901 | Defs. | DIRECTV-ST-00719327 | 09/12/2019 | Email from J. Dyckes to D. York and C. Lauricella re: NFL ST Article in SB Journal - Rolapp Quote // Email Attachment re: Sports Business Journal Article: "The Rise of Sunday Ticket" (Dyckes Ex. 13) | 801/802: Hearsay; Plaintiffs' Priority Objection #2 | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay, and not subject to Plaintiffs' Priority Objection #2, as it is not offered for the truth of the matter asserted. | | |
| TX0902 | Defs. | *Withdrawn* | | | | | | | |
| TX0903 | Defs. | *Withdrawn* | | | | | | | |
| TX0904 | Defs. | *Withdrawn* | | | | | | | |
| TX0905 | Defs. | *Withdrawn* | | | | | | | |
| TX0906 | Defs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 195 of 249   Page ID #:52260

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0907 | Defs. | NFL_0242576 | 01/19/2005 | Letter from P. Chernin to P. Tagliabue and S. Bornstein enclosing FOX Presentation re: NFL Leads All Sports in Free Television Coverage (Bornstein Ex. 29) | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes an ancient document. FRE 803(16). This document was prepared before January 1, 1998 and its authenticity is/can be established. | | |
| TX0908 | Defs. | NFL_0244129 | 09/30/2004 | NFL Media Analyses Tables | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes an ancient document. FRE 803(16). This document was prepared before January 1, 1998 and its authenticity is/can be established.  It is also a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0909 | Defs. | NFL_0475995 | 09/26/2018 | Email from K. Goepel to F. Taylor and W. Deng re: Presentations for Media / NFL Network / Digital Media Committee Meetings // Email Attachment re: 2018 Media and NFL Network Committees Deck | 602/F: Lack of Foundation | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. | | |
| TX0910 | Defs. | NFL_0481312 | 01/20/2020 | Email from H. Wilf to M. Gimlett and J. Moeller re: SB LIV Press Conf Prep - DRAFT Detailed NFL Media Briefing 01.20.20 v4 // Email Attachment re: Detailed NFL Media Briefing | 602/F: Lack of Foundation | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 196 of 249   Page ID #:52261

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0911 | Defs. | NFL_0493079 | 02/27/2009 | Email from H. Schroeder to K. Lane and A. LaBelle re: Materials for Mr. Kraft - Broadcast Committee Update // Email Attachment re: Broadcast Committee Update, March 2009 // Email Attachment re: Memorandum to Broad Committee on NFC & AFC West Schedule Pairings | 602/F: Lack of Foundation | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. | | |
| TX0912 | Defs. | *Withdrawn* | | | | | | | |
| TX0913 | Defs. | *Withdrawn* | | | | | | | |
| TX0914 | Defs. | NFL_0509515 | 03/13/1988 | Minutes from Annual Meeting, March 13-17, 1988 | 602/F: Lack of Foundation | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. | | |
| TX0915 | Defs. | NFL_0509566 | 03/19/1989 | Minutes of the National Football League Annual Meeting, March 19-23, 1989 | 602/F: Lack of Foundation | 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit.  There is no basis for the FRE 106 objection as the document indicates it has 25 pages and all 25 pages are included. | | |
| TX0916 | Defs. | *Withdrawn* | | | | | | | |
| TX0917 | Defs. | *Withdrawn* | | | | | | | |
| TX0918 | Defs. | *Withdrawn* | | | | | | | |
| TX0919 | Defs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 197 of 249   Page ID
#:52262
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0920 | Defs. | NFL_0509820 | 05/19/1992 | Minutes from Annual Meeting, Spring Recessed Session, May 19, 1992 | 402: Lack of Relevance \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | This exhibit is relevant because it contains information related to a fact of consequence in this matter, including related to how the challenged restrictions affect product quality. The exhibit is complete. The minutes indicate that they are 11 pages, and all 11 pages of the meeting minutes are present. The redactions throughout the minutes, and of an attached document, properly remove confidential or irrelevant information. | | |
| TX0921 | Defs. | *Withdrawn* | | | | | | | |
| TX0922 | Defs. | *Withdrawn* | | | | | | | |
| TX0923 | Defs. | *Withdrawn* | | | | | | | |
| TX0924 | Defs. | NFL_0509880 | 03/21/1993 | Minutes from Annual Meeting, March 21-24, 1993 | 402: Lack of Relevance \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | This exhibit is relevant because it contains information related to a fact of consequence in this matter, including related to how the challenged restrictions affect product quality. The exhibit is complete. The minutes indicate that they are 23 pages, and all 23 pages of the meeting minutes are present. The redactions throughout the minutes, and of an attached document, properly remove confidential or irrelevant information.  To the extent Plaintiffs object to the obstruction of the Bates stamping on some pages of the image, Defendants are prepared to work with Plaintiffs to resolve this issue. | | |
| TX0925 | Defs. | *Withdrawn* | | | | | | | |
| TX0926 | Defs. | *Withdrawn* | | | | | | | |
| TX0927 | Defs. | *Withdrawn* | | | | | | | |
| TX0928 | Defs. | *Withdrawn* | | | | | | | |
| TX0929 | Defs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 198 of 249   Page ID
#:52263
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0930 | Defs. | NFL_0510235 | 10/14/1997 | Minutes from Adjourned Meeting, October 14-15, 1997 | 602/F: Lack of Foundation | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. At least one of the participants in the events recorded in the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. | | |
| TX0931 | Defs. | *Withdrawn* | | | | | | | |
| TX0932 | Defs. | *Withdrawn* | | | | | | | |
| TX0933 | Defs. | *Withdrawn* | | | | | | | |
| TX0934 | Defs. | *Withdrawn* | | | | | | | |
| TX0935 | Defs. | *Withdrawn* | | | | | | | |
| TX0936 | Defs. | *Withdrawn* | | | | | | | |
| TX0937 | Defs. | *Withdrawn* | | | | | | | |
| TX0938 | Defs. | *Withdrawn* | | | | | | | |
| TX0939 | Defs. | *Withdrawn* | | | | | | | |
| TX0940 | Defs. | *Withdrawn* | | | | | | | |
| TX0941 | Defs. | *Withdrawn* | | | | | | | |
| TX0942 | Defs. | *Withdrawn* | | | | | | | |
| TX0943 | Defs. | *Withdrawn* | | | | | | | |
| TX0944 | Defs. | *Withdrawn* | | | | | | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 199 of 249   Page ID
#:52264
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0945 | Defs. | *Withdrawn* | | | | | | | |
| TX0946 | Defs. | *Withdrawn* | | | | | | | |
| TX0947 | Defs. | *Withdrawn* | | | | | | | |
| TX0948 | Defs. | NFL_0511801 | 03/20/2011 | Minutes from 2011 Annual League Meeting | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. Multiple of the participants referenced in the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0949 | Defs. | NFL_0511842 | 12/14/2011 | Minutes from Special League Meeting, December 14, 2011 | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. Multiple of the participants referenced in the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0950 | Defs. | NFL_0511921 | 10/11/2011 | Minutes from Fall League Meeting, October 11, 2011 | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. Multiple of the participants referenced in the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0951 | Defs. | NFL_0511944 | 03/26/2012 | Minutes from 2012 Annual League Meeting | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. Multiple of the participants referenced in the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0952 | Defs. | NFL_0512096 | 03/18/2013 | Minutes from 2013 Annual League Meeting | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. Multiple of the participants referenced in the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 200 of 249   Page ID
#:52265
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0953 | Defs. | NFL_0512186 | 10/08/2013 | Minutes from 2013 Fall League Meeting | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. Multiple of the participants referenced in the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0954 | Defs. | NFL_0512251 | 03/24/2014 | Minutes from 2014 Annual League Meeting | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Spring 2014 annual meeting minutes of the NFL. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0955 | Defs. | NFL_0512341 | 03/23/2015 | Minutes from 2015 Annual League Meeting | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Spring 2015 annual meeting minutes of the NFL. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0956 | Defs. | NFL_0512424 | 05/19/2015 | Minutes from 2015 Spring Adjourned Meeting | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Spring 2015 annual meeting minutes of the NFL. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 201 of 249   Page ID
#:52266
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0957 | Defs. | NFL_0512457 | 12/10/2014 | Minutes from Special League Meeting, December 10, 2014 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Winter 2014 meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0958 | Defs. | NFL_0512479 | 10/08/2014 | Minutes from Fall Adjourned Meeting, October 8, 2014 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Fall 2014 meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0959 | Defs. | NFL_0512515 | 10/07/2015 | Minutes from Fall Adjourned Meeting, October 7-8, 2015 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Fall 2015 annual meeting minutes of the NFL. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 202 of 249   Page ID
#:52267
*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0960 | Defs. | NFL_0512533 | 03/20/2016 | Minutes of Annual Meeting, March 20-23, 2016 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Spring 2016 annual meeting minutes of the NFL. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0961 | Defs. | NFL_0512616 | 12/14/2016 | Minutes from Special League Meeting, December 14, 2016 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the December 2016 meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0962 | Defs. | NFL_0512682 | 10/18/2016 | Minutes from Fall League Meeting, October 18-19, 2016 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the October 2016 meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and/or presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 203 of 249   Page ID
#:52268

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0963 | Defs. | NFL_0512702 | 12/13/2017 | Minutes from Special League Meeting, December 13, 2017 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the December 2017 meeting minutes of the NFL. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0964 | Defs. | NFL_0512713 | 03/26/2017 | Minutes from 2017 Annual League Meeting | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the Spring 2017 annual meeting minutes of the NFL. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0965 | Defs. | NFL_0512946 | 05/21/2018 | Minutes from Spring League Meeting, May 21-23, 2018 | 402: Lack of Relevance | *See* Plaintiffs' response to TX0219. | This exhibit is relevant because it contains information related to a fact of consequence in this matter, including related to NFL broadcasting innovations, the NFL's key objectives in their broadcasting model, and the advertising market for broadcast television. | | |
| TX0966 | Defs. | NFL_0512975 | 12/12/2018 | Minutes from Special League Meeting, December 12, 2018 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the December 2018 meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 204 of 249   Page ID
#:52269
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0967 | Defs. | NFL_0512997 | 10/16/2018 | Minutes from 2018 Fall League Meeting | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the October 2018 annual meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0968 | Defs. | NFL_0513278 | 12/16/2020 | Minutes from League Meeting, December 16, 2020 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the December 2020 meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). These minutes are created and transmitted by someone with knowledge and are created during every regularly-conducted League owners' meeting. | | |
| TX0969 | Defs. | NFL_0513306 | 10/13/2020 | Minutes from League Meeting, October 13-14, 2020 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. This exhibit consists of the October 2020 meeting minutes of the NFL owners. Multiple anticipated trial witnesses were present and presented during the meetings who have personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a recorded recollection and a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(5); 803(6). The NFL conducts these meetings on a semi-annual basis with the owners of the teams. During every meeting, minutes are regularly kept and created by someone with knowledge. | | |
| TX0970 | Defs. | NFL_0513332 | 05/20/2021 | NFL Presentation re: Timeline of CBA and Key Contracts, as of May 20, 2021 | 901: Lack of Authenticity \| 602/F: Lack of Foundation \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | Authenticity and Foundation can and will be properly established at trial. This document, showing the NFL's key contracts as of May 20, 2021, was collected from the NFL's media share drive, which is shared by employees in the NFL's broadcasting department. Trial witnesses are able to testify to its authenticity. This exhibit is not incomplete but is the entire chart of contracts that was created. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 205 of 249   Page ID #:52270

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0971 | Defs. | NFL_0513561 | 03/18/2021 | Email from D. Pugliese to NFL Senior Management FW: Sent on Behalf of Commissioner Goodell - Media Deals // Email Attachment re: Memorandum from Commissioner Goodell to Club Executives and Club Presidents Titled Media Deals with Attachments | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). This document is a memorandum sent by Roger Goodell to the NFL owners. The NFL regularly sends such memorandum to the owners and team executives updating them on the NFL's activities. | | |
| TX0972 | Defs. | NFL_0513725 | 10/08/2013 | Email from F. Taylor to NFL Senior Management FW: Sent on Behalf of Pete Abitante – 2013 NFL Fall League Meeting – Key Presentation // Email Attachment re: Career Development Advisory Panel Deck // Email Attachment re: Enhancing the Fan Experience Deck // Email Attachment re: Gate Update Deck // Email Attachment re: Heads Up Football Deck // Email Attachment re: International Update Deck // Email Attachment re: General Session | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). This exhibit circulates presentations that were given to the NFL owners during the 2013 NFL Fall League Meeting. These presentations are regularly circulated to the owners before or after every regularly conducted owners meeting. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0973 | Defs. | NFL_0539423 | 02/28/2020 | Email Thread re: Sent on Behalf of B. Rolapp, H. Schroeder and K. LaForce - Media Committee Meeting Topics March 2nd // Email Attachment re: Media Committee Memorandum re: Meeting Topics - March 2nd, 2020 | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). This document is a memorandum sent by an anticipated trial witness to the NFL media committee in advance of the March 2020 Media Committee meeting. These memorandum are prepared by a person with knowledge and are sent in advance of every regularly-conducted media committee meeting. | | |
| TX0974 | Defs. | NFL_0558352 | 09/23/2016 | Email Thread re: Media Committee Meeting - September 28, 2016 // Email Attachment re: Media Committee Memorandum re: Meeting - September 28, 2016 | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). This document is a memorandum sent by an anticipated trial witness to the NFL media committee in advance of the September 2016 Media Committee meeting. These memorandum are prepared by a person with knowledge and are sent in advance of every regularly-conducted media committee meeting. | | |
| TX0975 | Defs. | NFL_0559467 | 03/03/2017 | Email Thread re: Digital Media Committee Session and Joint Session of Media and Digital Committees - March 8, 2017 // Email Attachment re: Digital Media Committee Memorandum re: Session and Joint Session of Media and Digital Committees - March 8, 2017 | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 207 of 249   Page ID
#:52672

*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

Second Amended Joint Exhibit List

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0976 | Defs. | NFL_0560708 | 03/03/2017 | Email Thread re: Digital Media Committee Session and Joint Session of Media and Digital Committees - March 8, 2017 // Email Attachment re: Media Committee Memorandum re: Session and Joint Session of Media and Digital Committees - March 8, 2017 | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0977 | Defs. | NFL_0563807 | 03/01/2019 | Email Thread re: March Media Committee Briefing Memo // Email Attachment re: Media Committee Memorandum - March 6, 2019 | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0978 | Defs. | NFL_0579589 | 03/06/2017 | Email from E. Nowacki to H. Schroeder re: Consolidated Decks // Email Attachment re: March 2017 Committee Meeting – Joint Media & Digital Media Deck // Email Attachment re: March 2017 Committee Meeting – Media Deck | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. The first page of the exhibit indicates that the attached documents were prepared for review by an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 208 of 249   Page ID
#:52273
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|----------------------------|-----------------|---------------|
| TX0979 | Defs. | NFL_0649456 | 07/17/2019 | Email Thread re: Michael Nathanson Presentation from TV Offsite // Email Attachment re: State of the Industry Deck | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0980 | Defs. | NFL_0680462 | 03/01/2020 | Email from W. Deng to R. Kraft and J. Lydon re: Media Committee Presentation // Email Attachment re: March 2020 Media Committee Meeting Deck | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0981 | Defs. | NFL_0737634 | 11/01/2017 | NFL Presentation re: Thursday Night Football, 2018+ Approach | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. The document was collected from the shared drive of the NFL Broadcasting Department, overseen by an anticipated trial witness who has personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0982 | Defs. | NFL_0800551 | 03/01/2019 | NFL Presentation re: Media Committee Meeting, March 2019 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. The document was collected from the shared drive of the NFL Broadcasting Department, overseen by an anticipated trial witness who has personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0983 | Defs. | NFL_0826765 | 03/01/2012 | NFL Presentation re: Media Update, NFL Annual Meeting, March 2012 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. The document was collected from the shared drive of the NFL Broadcasting Department, overseen by an anticipated trial witness who has personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 209 of 249   Page ID
#:52674

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0984 | Defs. | NFL_0840593 | undated | NFL Presentation re: NFL Media, Broadcast Committee Briefing Materials | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. The document was collected from the shared drive of the NFL Broadcasting Department, overseen by an anticipated trial witness who has personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0985 | Defs. | NFL_0840881 | 07/26/2011 | NFL Presentation re: Media Strategy Update, July 26, 2011 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. The document was collected from the shared drive of the NFL Broadcasting Department, overseen by an anticipated trial witness who has personal knowledge related to the exhibit.  The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0986 | Defs. | NFL_0858340 | 11/14/2006 | Testimony of J. Pash, Executive Vice President National Football League, before the Senate Committee on the Judiciary | 801/802: Hearsay \| 701: Improper Lay Opinion/Speculation \| 701: Improper Legal Conclusion \| 403: Undue Prejudice \| Plaintiffs' Priority Objection #3 | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it is not offered for the truth of the matter asserted, as explained in the NFL Defendants' response to Plaintiffs' priority objection #3.  See Proposed Final Pretrial Conference Order, Dkt. 1331-01, at 34-35. This exhibit does not constitute and improper lay opinion or legal conclusion because it is rationally based on the witness's perception, helpful to determining facts in issue, and not based on specialized knowledge within the scope of Rule 702. The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. | | |
| TX0987 | Defs. | NFL_0862125 | 06/24/2004 | Letter from F. Hawkins to FCC re: TiVoGuard and Helix DRM Technologies (Hawkins Ex. 14) | 801/802: Hearsay \| 701: Improper Lay Opinion/Speculation \| 701: Improper Legal Conclusion \| 403: Undue Prejudice \| Plaintiffs' Priority Objection #3 | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it is not offered for the truth of the matter asserted, as explained in the NFL Defendants' response to Plaintiffs' priority objection #3.  See Proposed Final Pretrial Conference Order, Dkt. 1331-01, at 35-37. This exhibit does not constitute and improper lay opinion or legal conclusion because it is rationally based on the witness's perception, helpful to determining facts in issue, and not based on specialized knowledge within the scope of Rule 702. The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 210 of 249   Page ID
#:52675
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX0988 | Defs. | NFL_0867468 | 03/01/2018 | Email Thread re: Sent on Behalf of B. Rolapp and H. Schroeder ~ Media Committee March 7, 2018 // Email Attachment re: Media Committee Memorandum - March 7, 2018 | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0989 | Defs. | NFL_0868945 | 08/14/2013 | Email Thread re: FOX Revised Issues List // Email Attachment re: FOX Long Form Contract Updated Issues List (L. Jones Ex. 08) | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0990 | Defs. | NFL_0880020 | 03/09/2016 | Email from B. Rolapp to L. Fernandez FW: Media Briefing Materials // Email Attachment re: Memorandum for March 2016 Annual Meeting, with Appendix | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0991 | Defs. | NFL_0890779 | 03/01/2018 | Email Thread FW: Sent on Behalf of B. Rolapp and H. Schroeder ~ Media Committee - March 7, 2018 // Email Attachment re: Memorandum from B. Rolapp and H. Schroeder to Media Committee | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX0992 | Defs. | NFL_0931365 | 03/16/2015 | Memorandum for March 2015 Annual Meeting | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0993 | Defs. | NFL_0980402 | 09/12/2016 | Email from G. Weinraub to M. North FW: Update Section for Broadcasting Info As It Pertains to Media & Public Relations - Broadcasting Info // Email Attachment re: Draft Section F, Media & Public Relations - Broadcasting Information (Goodell Ex. 05 (attachment); Yancy Ex. 02 (attachment)) | 801/802: Hearsay \| 701: Improper Lay Opinion/Speculation \| 701: Improper Legal Conclusion \| 403: Undue Prejudice \| Plaintiffs' Priority Objection #3 | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). Specifically, this is a manual on NFL Broadcasting and contains information regarding the operation of NFL broadcasting, including broadcasting policies. For that reason, it is relevant because it contains information related to a fact of consequence in this matter, namely NFL broadcasting policies. Its relevance is not substantially outweighed by any prejudicial effect. This exhibit also does not constitute an improper lay opinion or legal consluion because it is based on the witness' rational perception and not based on specialized knowledge within the scope of Rule 702. It is an internal NFL policy helpful to determining facts in issue. | | |
| TX0994 | Defs. | NFL_0981340 | 01/13/2015 | Email from M. North to J. Martin re: NFL's Current Broadcasting Rules & Policies | 801/802: Hearsay \| 402: Lack of Relevance | *See* Plaintiffs' response to TX0219. | This exhibit is relevant because it contains information related to a fact of consequence in this matter, including related to the relationship between the NFL and its member clubs and the broadcasting information shared with the clubs. It is also relevant because it contains information related to the NFL's broadcast guidelines and policies. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). Further, there is no inherent truth value in the statements contained within. This document is used to show that the NFL has extensive guidelines for its broadcasts which it communicates to member clubs and to explain the structure of the relationship between the NFL and the clubs. | | |

Exhibit A

*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0995 | Defs. | NFL_0987035 | 01/01/2011 | NFL Policy Manual for Member Clubs, Vol. IV, Media & Public Relations (2011 Ed.) (Goodell Ex. 04; Yancy Ex. 01) | 801/802: Hearsay \| 402: Lack of Relevance \| 701: Improper Lay Opinion/Speculation \| 701: Improper Legal Conclusion \| Plaintiffs' Priority Objection #3 | *See* Plaintiffs' response to TX0219. | This exhibit is relevant because it contains information related to a fact of consequence in this matter, including related to the relationship between the NFL and its member clubs and the broadcasting information shared with the clubs. The exhibit is not hearsay as it is not offered for the truth of the matter asserted. It is a manual offered to establish the relationship between the NFL and its clubs as well as evidence the NFL's oversight and guidelines of its broadcasts. The exhibit is also not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). To the extent any lay witness offers an opinion based on this document, it is not improper because it is based on the witness's rational perception, helpful to determining facts in issue, and not based on specialized knowledge within the scope of Rule 702. FRE 701. No NFL witness will be providing a legal conclusion based on this document. | | |
| TX0996 | Defs. | NFL_1033179 | 07/27/2015 | Email Thread re: 2015 NFL Kickoff Information Guide // Email Attachment re: 2015 NFL Kickoff Information Guide | 801/802: Hearsay \| 402: Lack of Relevance | *See* Plaintiffs' response to TX0219. | This exhibit is relevant because it contains information related to a fact of consequence in this matter, including related to competitive balance, a procompetitive benefit of the challenged conduct, to the NFL's creation of the season schedule, and to show the relationship between the NFL and its media partners. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). It is also a compilation of NFL kickoff and season information that is relied on by members in the media. FRE 803(17). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 213 of 249   Page ID
#:52678
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

Second Amended Joint Exhibit List

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX0997 | Defs. | NFL_1041811 | 10/16/2009 | Email from A. Rohrs to All NFL Personnel re: League Meeting // Email Attachment re: NFL Fall Meeting Opening Remarks by NFL Commissioner R. Goodell, October 13, 2009 // Email Attachment re: R. Goodell's Statements at Annual Meeting News Conference, October 13, 2009 // Email Attachment re: Statement by R. Goodell, October 14, 2009 | 801/802: Hearsay | 402: Lack of Relevance | *See* Plaintiffs' response to TX0219. | This exhibit is relevant because it contains information related to a fact of consequence in this matter, including the NFL's principles and strategy as related to the distribution of its live games and the NFL's public statements on topics like innovation and competitive balance, both of which are procompetitive benefits of the challenged system. The exhibit is not hearsay as it is not being offered for the truth of the matter asserted, but rather the fact that Goodell made these statements to the owners and to the public. | | |
| TX0998 | Defs. | NFL_1041970 | 05/01/2002 | Email from T. Murphy-Baran to R. Goodell and B. Tagliabue re: DIRECTV's PowerPoint Presentation // Email Attachment re: NFL DirecTV: Presentation to the NFL Broadcast Committee Deck | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. Portions of the exhibit are not hearsay as they are not offered for the truth of the matter asserted, but rather to demonstrate the type of information DirecTV provided the NFL and to show what information from DirecTV the NFL relied on to make broadcast decisions. The presentation is also not hearsay because it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX0999 | Defs. | NFL_1070013 | 06/01/2020 | Email from J. Katz to C. Halpin re: Updated Club and League People, Strategy & Culture Summit Agenda // Email Attachment re: One League, 32 Partners: The NFL's Strategy and Business Model Deck | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it is not offered for the truth of the matter asserted but rather to show the fact that the NFL discussed these topics at a summit and the NFL's view of its media strategy. To the extent it is used for the truth, the exhibit is not hearsay because it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 214 of 249   Page ID #:52279

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1000 | Defs. | NFL_1118148 | 01/07/2021 | Email from W. Feng to H. Chen, K. Goepel, N. Patel and M. Perez FW: FOX - Option C // Email Attachment re: FOX Option C Summary// Email Attachment re: NFL-FOX RZ ST Side by Side (FOX 01.06.21) | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. At least one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it is not offered for the truth of the matter asserted but rather to demonstrate FOX and the NFL's respective positions on agreement provisions and to demonstrate that negotiations took place over these provisions. To the extent it is used for the truth, the exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and FOX. FRE 803(6). Further, Plaintiffs have not objected to similar positions charts and the parties have made those joint exhibits (see, e.g., TX0130, TX0147). | | |
| TX1001 | Defs. | NFL_1137146 | 01/07/2021 | Email from B. Rolapp to H. Schroeder FW: NFL | FOX // Email Attachment re: FOX Issues List: RedZone + NFLST / Resale | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. At least one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it is not offered for the truth of the matter asserted but rather to demonstrate FOX and the NFL's respective positions on agreement provisions and to demonstrate that negotiations took place over these provisions. To the extent it is used for the truth, the exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and FOX. FRE 803(6). | | |
| TX1002 | Defs. | NFL_1137717 | 12/28/2020 | Email from B. Rolapp to J. Nallen re: NFL - FOX // Email Attachment re: FOX December Issues List: RedZone + NFLST / Resale | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. At least one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it is not offered for the truth of the matter asserted but rather to demonstrate FOX and the NFL's respective positions on agreement provisions and to demonstrate that negotiations took place over these provisions. To the extent it is used for the truth, the exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and FOX. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 215 of 249   Page ID #:52280

*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX1003 | Defs. | NFL_1158523 | 09/07/2018 | Memorandum from B. Rolapp to All Owners and Chief Executives re: Media Performance Update | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL. FRE 803(6). The NFL regularly communicates memos like this one to NFL owners and executives, providing information about NFL strategy and performance. The exhibit is also not hearsay because it is a compilation of information that is generally relied on by NFL owners and executives as part of their occupations. FRE 803(17). | | |
| TX1004 | Defs. | NFL_1213269 | 06/01/2021 | 2021 NFL & Apple Outline of Key Terms | 901: Lack of Authenticity \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | Authenticity and foundation can and will be established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it is not offered for the truth of the matter asserted. It is offered to show the negotiations between Apple and the NFL and the terms they were negotiating. To the extent the document is used for the truth, it is excepted from the rule against hearsay  as it constitutes a record of a regularly conducted activity of the NFL, namely negotiating terms of its content agreements. FRE 803(6). | | |
| TX1005 | Defs. | NFL_1216368 | 09/24/2021 | Email Thread re: Sent on Behalf of B. Rolapp and H. Schroeder ~ Media Committee Meetings - Tuesday, September 28, 2021 // Email Attachment re: Media Committee Memorandum re: Meetings - Tuesday, September 28, 2021 | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL. FRE 803(6). The NFL regularly communicates memos like this one to NFL owners and executives, providing information about NFL strategy and performance. The exhibit is also not hearsay because it is a compilation of information that is generally relied on by NFL owners and executives as part of their occupations. FRE 803(17). | | |
| TX1006 | Defs. | NFL_1244066 | 02/28/2023 | NFL Memo from B. Rolapp and H. Schroeder to Media Committee and Media O&O Committee re: Joint Media and Media O&O Committee Meeting | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL. FRE 803(6). The NFL regularly communicates memos like this one to the Media Committee, providing information about NFL strategy and performance. The exhibit is also not hearsay because it is a compilation of information that is generally relied on by committee members in their roles. FRE 803(17). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 216 of 249   Page ID
#:52281
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1007 | Defs. | Sunday_Ticket_ COMCAST_00 0000196 | 01/01/2019 | Comcast Presentation re: NFL Regular Season (Smith Ex. 06) | 901: Lack of Authenticity \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | Authenticity and foundation can and will be established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. Comcast provided an affidavit attesting to the authenticity of the document. TX0293. As also established by the affidavit, the exhibit is not hearsay as it constitutes a record of a regularly conducted activity of Comcast. FRE 803(6); TX0293. This exhibit is not an incomplete document as defined by FRE 106. The exhibit contains all pages of the document as produced by Comcast. The NFL is unaware of any missing pages or portions of the document, but to the extent Plaintiffs identify missing parts, the NFL will evaluate them for admissibility. | | |
| TX1008 | Defs. | Sunday_Ticket_ NBCU_0000002 46 | 06/01/2020 | NBC Sports Group Presentation re: NFL Financial Evaluation | 602/F: Lack of Foundation \| 801/802: Hearsay \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. To the extent this document is used by an expert witness, it is admissible pursuant to FRE 703. This exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). NBC provided an affidavit to this effect. TX0298. The document is also complete as provided by FRE 106. The exhibit contains all pages of the document as produced by NBC. The NFL is unaware of any missing pages or portions of the document, but to the extent Plaintiffs identify missing parts, the NFL will evaluate them for admissibility. | | |
| TX1009 | Defs. | Sunday_Ticket_ NBCU_0000003 64 | 02/03/2019 | NBCUniversal Presentation re: NFL Renewal Overview (Pietrycha Ex. 09) | 602/F: Lack of Foundation \| 801/802: Hearsay \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). NBC provided an affidavit to this effect. TX0298. The document is also complete as provided by FRE 106. The exhibit contains all pages of the document as produced by NBC. The NFL is unaware of any missing pages or portions of the document, but to the extent Plaintiffs identify missing parts, the NFL will evaluate them for admissibility. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 217 of 249   Page ID
#:52282

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX1010 | Defs. | VIACOMCBS_000000057 | undated | CBS Sports Presentation re: NFL | 602/F: Lack of Foundation \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. The document is also complete as provided by FRE 106. The exhibit contains all pages of the document as produced by CBS. The NFL is unaware of any missing pages or portions of the document, but to the extent Plaintiffs identify missing parts, the NFL will evaluate them for admissibility. | | |
| TX1011 | Defs. | VIACOMCBS_000000287 | 01/01/2021 | CBS Sports Presentation re: NFL (McManus Ex. 04) | 602/F: Lack of Foundation \| 106: Incomplete Document | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Sean McManus testifies live. This is a 33 page deck that is complete (no missing pages, starts with a title slide, ends with a "Thank you" slide). | | |
| TX1012 | Defs. | VIACOMCBS_000000320 | 09/16/2014 | Email from S. Fisher to S. McManus re: Red Zone Research from 2013 NFL Survey | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Sean McManus testifies live. This document was listed as part of ViacomCBS's business records affidavit, TX0292, thus is not hearsay per 803(6).  And McManus's statement that "I have to believe that all those other options will hurt our numbers" is not hearsay, it is a present-sense impression of the HH ratings under 803(1). Notably, McManus responded 10 minutes after the ratings were sent to him.  Alternatively, the information in this email is not being used for the truth of the matter (i.e. RedZone research results, or whether McManus really asked Rolapp for RedZone research), but rather to show that CBS considered such research when analyzing the success of NFL on CBS. | | |
| TX1013 | Defs. | VIACOMCBS_000000328 | 10/23/2018 | Email Thread re: Early Results from Joint NFL Tune-In Research Project // Email Attachment re: NFL Tune-In Motivations, Project Update Deck | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Sean McManus testifies live. This document was listed as part of ViacomCBS's business records affidavit, TX0292, thus is not hearsay per 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 218 of 249   Page ID #:52283

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1014 | Defs. | VIACOMCBS_ 000000450 | 03/07/2013 | Email from S. Fisher to S. McManus re: Red Zone Info | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Sean McManus testifies live. This document was listed as part of ViacomCBS's business records affidavit, TX0292, thus is not hearsay per 803(6).  Alternatively, the NFL is not using the facts in this email for their truth, but instead to show that CBS considers information about alternative ways to consume NFL content when assessing its NFL relationship. | | |
| TX1015 | Defs. | VIACOMCBS_ 000000452 | 09/08/2021 | Email from S. Fisher to S. McManus re: Research Deck // Email Attachment re: CBS September 2021 NFL Preseason Summary of Panel Feedback Deck | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Sean McManus testifies live. This document was listed as part of ViacomCBS's business records affidavit, TX0292, thus is not hearsay per 803(6). | | |
| TX1016 | Defs. | VIACOMCBS_ 000000486 | 01/01/2022 | Excel Spreadsheet re: CBS Sports, Average Game Production Costs, 2011-2021 | 602/F: Lack of Foundation | | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Sean McManus testifies live. | | |
| TX1017 | Defs. | VIACOMCBS_ 000000488 | 06/09/2015 | CBS Sports Presentation re: Sports and Primetime Viewing Analysis (2010 - 2015) | 602/F: Lack of Foundation | | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Sean McManus testifies live. | | |
| TX1018 | Defs. | N/A | 01/01/2021 | 2021 UCLA College Football Schedule (L. Jones Ex. 13) | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document when Larry Jones testifies live. When presented to Mr. Jones at his deposition, he agreed the schedule looked accurate.  FOX Sports, where Mr. Jones worked, regularly reports schedules similar to the UCLA schedule here.  The schedule falls under 803(8) as a public record because it is a statement from a public office (UCLA Athletics, a public university athletics department) on the office's activities (the schedule of the football team's games), and Plaintiffs have not shown that the source or other circumstances indicate a lack of trustworthiness. | | |

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|----------------|
| TX1019 | Defs. | *Withdrawn* | | | | | | | |
| TX1020 | Defs. | N/A | 05/28/2019 | NY Press Article: "The Gael is Gone" (Gael Pub Ex. 02) | 602/F: Lack of Foundation \| 801/802: Hearsay \| Plaintiffs' Priority Objection #2 | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document with Mr. Eugene Lennon, who is on Plaintiffs' "will call" list.  During the 30(b)(6) deposition, Mr. Lennon recognized the article and stated he interviewed for the article.  Mr. Lennon's statements in this article are not hearsay as they were made by a party opponent under Fed. R. Evid. 801(d)(2)(A). | | |
| TX1021 | Defs. | *Withdrawn* | | | | | | | |
| TX1022 | Defs. | N/A | 01/01/2021 | Liberty University's 2021 Football Schedule (Magnus Ex. 21) | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document if the deposition testimony of ESPN's 30(b)(6) witness, Mr. Burke Magnus, is played at trial. ESPN has an agreement with Liberty University to distribute their football games, and so Mr. Magnus testified regarding the schedule of the games during ESPN's 30(b)(6) deposition.  The non-channel portions of the schedule are not used for their truth. | | |
| TX1023 | Defs. | N/A | undated | NFL Organization Charts | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL Defendants believe they can establish foundation of this document with NFL-affiliated witnesses testifying at trial.  Organizational charts are produced in the regular course of business under 803(6). | | |
| TX1024 | Defs. | N/A | 01/12/2012 | SportsMediaWatch.com Article: "2011-12 NFL Numbers Game" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witness Brian Rolapp is familiar with ratings numbers and regularly reports such numbers to NFL broadcast committees and others. His testimony will establish the foundation of the ratings reported here. Sports Media Watch is a company that reports sports ratings and rights deals and is relied on by those in the sports media space and relied on by the public for this information. Its reports fall under 803(17) as a market report generally relied on by the public or those in sports media. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX1025 | Defs. | N/A | 12/31/2013 | SportsMediaWatch.com Article: "2013 Ratings Wrap: NFL Dominates List of Most-Watched Sporting Events" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witness Brian Rolapp is familiar with ratings numbers and regularly reports such numbers to NFL broadcast committees and others. His testimony will establish the foundation of the ratings reported here. Sports Media Watch is a company that reports sports ratings and rights deals and is relied on by those in the sports media space and relied on by the public for this information. Its reports fall under 803(17) as a market report generally relied on by the public or those in sports media. | | |
| TX1026 | Defs. | N/A | 01/01/2015 | SportsMediaWatch.com Article: "2014 NFL TV Ratings" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witness Brian Rolapp is familiar with ratings numbers and regularly reports such numbers to NFL broadcast committees and others. His testimony will establish the foundation of the ratings reported here. Sports Media Watch is a company that reports sports ratings and rights deals and is relied on by those in the sports media space and relied on by the public for this information. Its reports fall under 803(17) as a market report generally relied on by the public or those in sports media. | | |
| TX1027 | Defs. | N/A | 01/01/2016 | SportsMediaWatch.com Article: "2015 NFL TV Ratings" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witness Brian Rolapp is familiar with ratings numbers and regularly reports such numbers to NFL broadcast committees and others. His testimony will establish the foundation of the ratings reported here. Sports Media Watch is a company that reports sports ratings and rights deals and is relied on by those in the sports media space and relied on by the public for this information. Its reports fall under 803(17) as a market report generally relied on by the public or those in sports media. | | |
| TX1028 | Defs. | N/A | 01/01/2017 | SportsMediaWatch.com Article: "2016 NFL TV Ratings" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witness Brian Rolapp is familiar with ratings numbers and regularly reports such numbers to NFL broadcast committees and others. His testimony will establish the foundation of the ratings reported here. Sports Media Watch is a company that reports sports ratings and rights deals and is relied on by those in the sports media space and relied on by the public for this information. Its reports fall under 803(17) as a market report generally relied on by the public or those in sports media. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 221 of 249   Page ID
#:52286
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX1029 | Defs. | N/A | 01/01/2018 | SportsMediaWatch.com Article: "2017 NFL TV Ratings" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with television ratings and regularly report such numbers to the NFL Broadcasting Committee and others.  This Sports Media Watch report falls within the FRE 803(17) hearsay exception, as a market report of sports television ratings that is generally relied on by those in the sports industry and by the public. | | |
| TX1030 | Defs. | N/A | 01/01/2019 | SportsMediaWatch.com Article: "2018 NFL TV Ratings" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with television ratings and regularly report such numbers to the NFL Broadcasting Committee and others.  This Sports Media Watch report falls within the FRE 803(17) hearsay exception, as a market report of sports television ratings that is generally relied on by those in the sports industry and by the public. | | |
| TX1031 | Defs. | N/A | 01/01/2020 | SportsMediaWatch.com Article: "2019 NFL TV Ratings" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with television ratings and regularly report such numbers to the NFL Broadcasting Committee and others.  This Sports Media Watch report falls within the FRE 803(17) hearsay exception, as a market report of sports television ratings that is generally relied on by those in the sports industry and by the public. | | |
| TX1032 | Defs. | N/A | 01/01/2021 | SportsMediaWatch.com Article: "2020 NFL Television Ratings, Viewership" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with television ratings and regularly report such numbers to the NFL Broadcasting Committee and others.  This Sports Media Watch report falls within the FRE 803(17) hearsay exception, as a market report of sports television ratings that is generally relied on by those in the sports industry and by the public. | | |
| TX1033 | Defs. | N/A | 01/01/2022 | SportsMediaWatch.com Article: "2021 NFL Television Ratings, Viewership" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with television ratings and regularly report such numbers to the NFL Broadcasting Committee and others.  This Sports Media Watch report falls within the FRE 803(17) hearsay exception, as a market report of sports television ratings that is generally relied on by those in the sports industry and by the public. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 222 of 249   Page ID #:52287

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1034 | Defs. | N/A | 01/01/2023 | SportsMediaWatch.com Article: "2022 NFL Television Ratings" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with television ratings and regularly report such numbers to the NFL Broadcasting Committee and others.  This Sports Media Watch report falls within the FRE 803(17) hearsay exception, as a market report of sports television ratings that is generally relied on by those in the sports industry and by the public. | | |
| TX1035 | Defs. | N/A | 12/27/2023 | SportsMediaWatch.com Article: "NFL TV Ratings, 2023 Season" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with television ratings and regularly report such numbers to the NFL Broadcasting Committee and others.  This Sports Media Watch report falls within the FRE 803(17) hearsay exception, as a market report of sports television ratings that is generally relied on by those in the sports industry and by the public. | | |
| TX1036 | Defs. | N/A | undated | Photos/Videos Demonstrating the Production of NFL Broadcasts | Demonstratives subject to disclosure requirements agreed to by the parties | *See* Plaintiffs' response to TX0219. | The NFL will comply with the disclosure requirements agreed to by the parties. | | |
| TX1037 | Defs. | N/A | undated | Photos/Videos Demonstrating NFL Game Footage | Demonstratives subject to disclosure requirements agreed to by the parties | *See* Plaintiffs' response to TX0219. | The NFL will comply with the disclosure requirements agreed to by the parties. | | |
| TX1038 | Defs. | N/A | undated | Photos/Videos Demonstrating the Creation, Production, or Broadcast of the Sunday Ticket Package | Demonstratives subject to disclosure requirements agreed to by the parties | *See* Plaintiffs' response to TX0219. | The NFL will comply with the disclosure requirements agreed to by the parties. | | |
| TX1039 | Defs. | N/A | undated | Weekly NFL TV Schedule and Maps available from 506 Sports.com for Seasons 2022-2023 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | NFL witnesses, including Brian Rolapp, are familiar with broadcasting maps and regularly rely on them in their work.  Additionally, NFL expert witness, Dr. Doug Bernheim, reviewed these materials for his report.  The 506 broadcasting maps fall within the FRE803(6) hearsay exception for business records because both the League and the Clubs use and rely on these maps in their regular course of business.  The maps also fall within the FRE 803(17) hearsay exception, as a market compilation of broadcasting information that is generally relied on by those in the sports industry and by the public. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 223 of 249   Page ID
#:52288
*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX1040 | Defs. | N/A | undated | All Publicly Available Documents Cited in the Merits Expert Report Prepared by NFL Expert D. Bernheim, Ph.D., dated April 28, 2023 | Violative of FRCP 26(a)(3)(A)(iii) (requiring "an identification of each document or other exhibit") and L. Civ. R. 16-6.1; various other objections including hearsay and lack of foundation (but impossible to say given the problematic nature of the exhibit identification); Plaintiffs' Priority Objection #1 | *See* Plaintiffs' response to TX0219. | These are expert reliance materials.  At the December 28, 2023 meet-and-confer, the parties agreed that it was not necessary to include expert reliance materials on the joint exhibit list.  The NFL has included this placeholder to notify Plaintiffs that Defendants reserve rights to introduce those materials during trial, subject to the usual evidentiary rules. | | |
| TX1041 | Defs. | N/A | undated | All Publicly Available Documents Cited in the Merits Expert Report Prepared by NFL Expert N. Pilson, dated April 28, 2023 | Violative of FRCP 26(a)(3)(A)(iii) (requiring "an identification of each document or other exhibit") and L. Civ. R. 16-6.1; various other objections including hearsay and lack of foundation (but impossible to say given the problematic nature of the exhibit identification); Plaintiffs' Priority Objection #1 | *See* Plaintiffs' response to TX0219. | These are expert reliance materials.  At the December 28, 2023 meet-and-confer, the parties agreed that it was not necessary to include expert reliance materials on the joint exhibit list.  The NFL has included this placeholder to notify Plaintiffs that Defendants reserve rights to introduce those materials during trial, subject to the usual evidentiary rules. | | |

Exhibit A

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX1042 | Defs. | N/A | undated | All Publicly Available Documents Cited in the Merits Expert Report Prepared by NFL Expert A. Lotz, April 28, 2023 | Violative of FRCP 26(a)(3)(A)(iii) (requiring "an identification of each document or other exhibit") and L. Civ. R. 16-6.1; various other objections including hearsay and lack of foundation (but impossible to say given the problematic nature of the exhibit identification); Plaintiffs' Priority Objection #1 | *See* Plaintiffs' response to TX0219. | These are expert reliance materials.  At the December 28, 2023 meet-and-confer, the parties agreed that it was not necessary to include expert reliance materials on the joint exhibit list.  The NFL has included this placeholder to notify Plaintiffs that Defendants reserve rights to introduce those materials during trial, subject to the usual evidentiary rules. | | |
| TX1043 | Defs. | N/A | undated | All Publicly Available Documents Cited in the Merits Expert Report Prepared by NFL Expert N. Mathiowetz, April 28, 2023 | Violative of FRCP 26(a)(3)(A)(iii) (requiring "an identification of each document or other exhibit") and L. Civ. R. 16-6.1; various other objections including hearsay and lack of foundation (but impossible to say given the problematic nature of the exhibit identification); Plaintiffs' Priority Objection #1 | *See* Plaintiffs' response to TX0219. | These are expert reliance materials.  At the December 28, 2023 meet-and-confer, the parties agreed that it was not necessary to include expert reliance materials on the joint exhibit list.  The NFL has included this placeholder to notify Plaintiffs that Defendants reserve rights to introduce those materials during trial, subject to the usual evidentiary rules. | | |

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX1044 | Defs. | N/A | undated | All Publicly Available Documents Cited in the Corrected Merits Expert Report Prepared by NFL Expert A. Yurukoglu, June, 2, 2023 | Violative of FRCP 26(a)(3)(A)(iii) (requiring "an identification of each document or other exhibit") and L. Civ. R. 16-6.1; various other objections including hearsay and lack of foundation (but impossible to say given the problematic nature of the exhibit identification); Plaintiffs' Priority Objection #1 | *See* Plaintiffs' response to TX0219. | These are expert reliance materials.  At the December 28, 2023 meet-and-confer, the parties agreed that it was not necessary to include expert reliance materials on the joint exhibit list.  The NFL has included this placeholder to notify Plaintiffs that Defendants reserve rights to introduce those materials during trial, subject to the usual evidentiary rules. | | |
| TX1045 | Defs. | N/A | undated | All Publicly Available Documents Cited in the Class Expert Report Prepared by NFL Expert A. Yurukoglu, November 4, 2022 | Violative of FRCP 26(a)(3)(A)(iii) (requiring "an identification of each document or other exhibit") and L. Civ. R. 16-6.1; various other objections including hearsay and lack of foundation (but impossible to say given the problematic nature of the exhibit identification); Plaintiffs' Priority Objection #1 | *See* Plaintiffs' response to TX0219. | These are expert reliance materials.  At the December 28, 2023 meet-and-confer, the parties agreed that it was not necessary to include expert reliance materials on the joint exhibit list.  The NFL has included this placeholder to notify Plaintiffs that Defendants reserve rights to introduce those materials during trial, subject to the usual evidentiary rules. | | |
| TX1046 | Defs. | DIRECTV-ST-00719515 | 09/01/2018 | Email Thread re: Games Galore: 25th Season for DirecTV's NFL Sunday Ticket (Dyckes Ex. 14) | 602/F: Lack of Foundation | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Mr. Dyckes is a recipient on this email, and testified at his deposition that he recalled the events referenced in the email.  The statements in the exhibit were not admitted for the truth of the matter asserted, but rather to allow Mr. Dyckes to explain what DirecTV represented to the outside world.  The statements are therefore not hearsay. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 226 of 249   Page ID
#:52291
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1047 | Defs. | NFL_1199518 | 09/24/2021 | Email Thread re: Sent on Behalf of B. Rolapp and H. Schroeder Media Committee Meetings - Tuesday, September 28, 2021 // Email Attachment re: Media Committee Memorandum for Meeting on Tuesday, September 28, 2021 | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1048 | Defs. | N/A | 06/27/2022 | J. Dyckes LinkedIn Profile (Dyckes Ex. 01) | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; We are not admitting for the truth of the matter asserted. | | |
| TX1049 | Defs. | N/A | 10/25/2022 | DirecTV Satellite Channel Lineup (Dyckes 30(b)(6) Ex. 02) | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; We are not admitting for the truth of the matter asserted. | | |
| TX1050 | Defs. | N/A | undated | DirecTV Premier Pricing (Dyckes 30(b)(6) Ex. 03) | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is admissible as it is supported by sufficient guarantees of trustworthiness and is more probative on the point for which it is offered than any other evidence that can be obtained through reasonable efforts. FRE 807 | | |
| TX1051 | Defs. | N/A | 12/30/2011 | SportsMediaWatch.com Article: "2011 Numbers Game (100 Most-Viewed Sports Telecasts of the Year)" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 227 of 249   Page ID
#:52292
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1052 | Defs. | N/A | 01/04/2013 | SportsMediaWatch.com Article: "The 50 Most-Watched Sporting Events of 2012" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1053 | Defs. | N/A | 01/06/2015 | SportsMediaWatch.com Article: "2014 Ratings Wrap: Despite Olympics and World Cup, NFL Dominates Again" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1054 | Defs. | N/A | 01/03/2016 | SportsMediaWatch.com Article: "2015 Ratings Wrap: NFL Dominates Year of Milestones" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1055 | Defs. | N/A | 01/01/2017 | SportsMediaWatch.com Article: "2016 Ratings Wrap: Despite Down Years, NFL and Olympics Dominate" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1056 | Defs. | N/A | 01/04/2018 | CBS Sports Article: "NFL Games Made Up Almost 75 Percent of The Most-Watched Shows On TV In 2017" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1057 | Defs. | N/A | 08/13/2019 | SportsProMedia.com Article: "NFL Dominates 2018's US Most-Watched TV List" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX1058 | Defs. | N/A | 01/02/2019 | SportsMediaWatch.com Article: "2018 Ratings Wrap: NFL Laps the Field, Again" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1059 | Defs. | N/A | 01/13/2020 | Sports Business Journal Article: "The Shield's TV Dominance Continues" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1060 | Defs. | N/A | 12/29/2020 | YahooSports.com Article: "NFL Retains Its TV Crown as Sports Prevail Over Politics, Entertainment" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1061 | Defs. | N/A | 01/11/2021 | Sports Business Journal Article: "Politics Aside, Sports Still Dominated the List of the 100 Most-Viewed Programs of 2020" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1062 | Defs. | N/A | 01/07/2022 | Sportico.com Article: "NFL Games Account for 75 of the 100 Most-Watched Broadcasts of 2021" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1063 | Defs. | N/A | 01/06/2023 | Sportico.com.com Article: "2022 TV Recap: It's The NFL's World; The Rest of Us Just Live In It" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |

*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1064 | Defs. | N/A | 01/05/2024 | Sportico.com Article: "NFL Swallows TV Whole, With 93 of Year's Top 100 Broadcasts" | 602/F: Lack of Foundation \| 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; The exhibit is not hearsay as it constitutes a market report generally relied on by the public or those in sports media. FRE 803(17). | | |
| TX1065 | Defs. | N/A | undated | Photographs of The Mucky Duck | 402: Lack of Relevance \| 403: Undue Prejudice \| 901: Lack of Authenticity \| 602/F: Lack of Foundation \| Untimely production \| Subject to MIL | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit; This exhibit is relevant because it contains information related to a fact of consequence in this matter, including providing jurors with a visual image of the bar, showing the bar advertising NFL games to attract customers, and showing televisions in the bar where NFL games are shown. The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity can and will be established at trial. Images of the named plaintiffs commercial establishments were used at depositions of the commercial plaintiffs and they had reasonable notice that images of the bars might be used at trial. This evidence is not the subject of any MIL. | | |
| TX1066 | Defs. | N/A | undated | Photographs of Gael Pub | 402: Lack of Relevance \| 403: Undue Prejudice \| 901: Lack of Authenticity \| 602/F: Lack of Foundation \| Untimely production \| Subject to MIL | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. An anticipated trial witness will be able to lay the requisite foundation. This exhibit is relevant because it contains information related to a fact of consequence in this matter, including providing jurors with a visual image of the bar, showing the bar advertising NFL games to attract customers, and showing televisions in the bar where NFL games are shown. The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity can and will be established at trial. Images of the named plaintiffs commercial establishments were used at depositions of the commercial plaintiffs and they had reasonable notice that images of the bars might be used at trial. This evidence is not the subject of any MIL. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 230 of 249   Page ID #:52295

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1067 | Defs. | GS-NFL00015160 | 09/22/2021 | Email from B. O'Brien to B. Siebenburgen re: Ariliam / NFL Page We Are Looking At (Siebenburgen 30(b)(6) Ex. 06) | FRE 106 | *See* Plaintiffs' response to TX0219. | FRE 106 is inapplicable here and an invalid basis for objection. | | |
| TX1068 | Defs. | NFL_0860364 | 11/30/2000 | Notes re: Meeting with C. Carey of DirecTV | Foundation, FRE 402, 403, 802 | *See* Plaintiffs' response to TX0219. | Foundation can and will be properly established at trial. One of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit. This exhibit is relevant because it contains information related to a fact of consequence in this matter, including discussions related to Sunday Ticket. The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1069 | Defs. | NFL_0117841 | 03/31/2020 | Arizona Cardinals, Consolidated Statements of Operations for the Years Ended March 31, 2020 and 2019 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1070 | Defs. | NFL_0122900 | 03/31/2012 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2012 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 231 of 249   Page ID #:52296

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1071 | Defs. | NFL_0122901 | 03/31/2013 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2013 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1072 | Defs. | NFL_0122902 | 03/31/2014 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2014 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1073 | Defs. | NFL_0122903 | 03/31/2015 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2015 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK Document 1378 Filed 05/30/24 Page 232 of 249 Page ID #:5297

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1074 | Defs. | NFL_0122904 | 03/31/2016 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2016 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1075 | Defs. | NFL_0122905 | 03/31/2017 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2017 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1076 | Defs. | NFL_0122906 | 03/31/2018 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2018 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 233 of 249   Page ID #:52298

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX1077 | Defs. | NFL_0122907 | 03/31/2019 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2019 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1078 | Defs. | NFL_0122908 | 03/31/2020 | San Francisco 49ers, Consolidated Statement of Operations for the Year Ended March 31, 2020 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1079 | Defs. | NFL_0122909 | 03/31/2021 | San Francisco 49ers Consolidated Statement of Operations for the Year Ended March 31, 2021 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 234 of 249   Page ID #:52299

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1080 | Defs. | NFL_0133258 | 03/31/2014 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2014 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1081 | Defs. | NFL_0133259 | 03/31/2015 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2015 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1082 | Defs. | NFL_0133260 | 03/31/2016 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2016 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 235 of 249   Page ID #:52300

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1083 | Defs. | NFL_0133261 | 03/31/2017 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2017 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1084 | Defs. | NFL_0133262 | 03/31/2018 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2018 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1085 | Defs. | NFL_0133263 | 03/31/2019 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2019 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 236 of 249   Page ID
#:52301
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.*,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1086 | Defs. | NFL_0133264 | 03/31/2020 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2020 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1087 | Defs. | NFL_0133265 | 03/31/2021 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2021 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1088 | Defs. | NFL_0135872 | 03/31/2013 | New England Patriots, Consolidated Statement of Comprehensive Income for Years 2012 and 2013 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK  Document 1378  Filed 05/30/24  Page 237 of 249  Page ID
#:52302

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1089 | Defs. | NFL_0135873 | 03/31/2014 | New England Patriots, Consolidated Statement of Comprehensive Income for Years 2013 and 2014 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1090 | Defs. | NFL_0135874 | 03/31/2016 | New England Patriots, Consolidated Statement of Comprehensive Income for Years 2015 and 2016 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1091 | Defs. | NFL_0135875 | 03/31/2018 | New England Patriots, Consolidated Statement of Comprehensive Income for Years 2017 and 2018 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1092 | Defs. | NFL_0135876 | 03/31/2019 | New England Patriots, Consolidated Statement of Comprehensive Income for Years 2018 and 2019 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1093 | Defs. | NFL_0135877 | 03/31/2021 | New England Patriots, Consolidated Statement of Comprehensive Income for Years 2020 and 2021 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1094 | Defs. | NFL_0148143 | 03/31/2019 | Miami Dolphins, Consolidated Statements of Operations for the Years Ended March 31, 2019 and 2018 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 239 of 249   Page ID
#:52304

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX1095 | Defs. | NFL_0148713 | 03/31/2012 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2012 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1096 | Defs. | NFL_0148714 | 03/31/2013 | Dallas Cowboys, Statements of Revenues and Expenses for Year Ended March 31, 2013 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1097 | Defs. | NFL_0148715 | 03/31/2012 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2012 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 240 of 249   Page ID #:52305

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1098 | Defs. | NFL_0148716 | 03/31/2013 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2013 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1099 | Defs. | NFL_0148717 | 03/31/2014 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2014 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1100 | Defs. | NFL_0148718 | 03/31/2015 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2015 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 241 of 249   Page ID #:52306

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX1101 | Defs. | NFL_0148719 | 03/31/2016 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2016 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1102 | Defs. | NFL_0148720 | 03/31/2017 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2017 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1103 | Defs. | NFL_0148721 | 03/31/2018 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2018 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 242 of 249   Page ID
#:52307
Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1104 | Defs. | NFL_0148722 | 03/31/2019 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2019 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1105 | Defs. | NFL_0148723 | 03/31/2020 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2020 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1106 | Defs. | NFL_0148724 | 03/31/2021 | Seattle Seahawks, Consolidated Statements of Operations for Year Ended March 31, 2021 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 243 of 249   Page ID #:52308

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1107 | Defs. | NFL_0149164 | 07/01/2011 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2011 and 2010 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1108 | Defs. | NFL_0149168 | 07/24/2012 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2012 and 2011 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1109 | Defs. | NFL_0149170 | 07/24/2013 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2013 and 2012 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 244 of 249   Page ID #:52309

*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1110 | Defs. | NFL_0149172 | 07/24/2014 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2014 and 2013 | 403: Undue Prejudice | 602/F: Lack of Foundation | 801/802: Hearsay | 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1111 | Defs. | NFL_0149174 | 07/28/2015 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2015 and 2014 | 403: Undue Prejudice | 602/F: Lack of Foundation | 801/802: Hearsay | 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1112 | Defs. | NFL_0149176 | 07/21/2016 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2016 and 2015 | 403: Undue Prejudice | 602/F: Lack of Foundation | 801/802: Hearsay | 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 245 of 249   Page ID #:52310

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|---------------|
| TX1113 | Defs. | NFL_0149178 | 07/24/2017 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2017 and 2016 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1114 | Defs. | NFL_0149180 | 07/25/2018 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2018 and 2017 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1115 | Defs. | NFL_0149182 | 07/24/2019 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2019 and 2018 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 246 of 249   Page ID #:52311
*Second Amended Joint Exhibit List*
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1116 | Defs. | NFL_0149184 | 07/23/2020 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2020 and 2019 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1117 | Defs. | NFL_0149186 | 07/26/2021 | Green Bay Packers, Annual Shareholder Meeting Packet Containing Income Statements and Balance Sheets for Years Ended March 31, 2021 and 2020 | 403: Undue Prejudice \| 602/F: Lack of Foundation \| 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | The exhibit is relevant and its relevance is not substantially outweighed by any prejudicial effect. Authenticity and foundation can and will be properly established at trial. These financial statements were submitted to the NFL for review, and one of the recipients of the exhibit is an anticipated trial witness who has personal knowledge related to the exhibit and can testify to its authenticity. Furthermore, these exhibits are part of Dr. Doug Bernheim's reliance materials. The exhibit is not hearsay as it constitutes a record of a regularly conducted activity of the NFL and/or its clubs. FRE 803(6). | | |
| TX1118 | Defs. | N/A | 12/12/2002 | Washington Post Article: "NFL, DirecTV Extend Deal, Add a Channel" | 801/802: Hearsay \| 901 Lack of Authenticity | *See* Plaintiffs' response to TX0219. | Authenticity can and will be properly established at trial. This exhibit is not hearsay as it is not being offered for the truth of the matter asserted, but rather the fact that NFL executives openly discussed their broadcast model within a public forum. This document is also being introduced as probative of the state of mind of the NFL and its broadcast partners, which is relevant to provide context to the ongoing negotiations over Sunday Ticket at the time. | | |

Exhibit A

Case 2:15-ml-02668-PSG-SK   Document 1378   Filed 05/30/24   Page 247 of 249   Page ID
#:52312

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|-----------|------------------------|---------------------------|-----------------|---------------|
| TX1119 | Defs. | NFL_0252386 | 01/16/2012 | Email Thread re: Commissioner Goodell 60 Minutes with Steve Kroft Transcript // Email Attachment re: Transcript of NFL Commissioner R. Goodell's 60 Minutes Interview with S. Kroft | | | | | |
| TX1120 | Defs. | NFL_0512832 | 10/17/2017 | Minutes from Fall League Meeting, October 17-18, 2017 | | | | | |
| TX1121 | Defs. | NFL_0512851 | 03/25/2018 | Minutes from Annual League Meeting, March 25-28, 2018 | | | | | |
| TX1122 | Defs. | NFL_0190223 | 11/11/2011 | Email and attachments re FW Revised Deck (Bornstein Ex. 20) | | | | | |
| TX1123 | Defs. | NFL_0257048 | 12/10/2018 | Email re RE: NBA Digital Launches Quarter-by-Quarter Pricing Option on NBA League Pass | | | | | |
| TX1124 | Defs. | NFL_0300100 | 05/11/2017 | Email and attachments re 2017 RE.TV NFLST DMAs (Lawton Ex. 06) | | | | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|---|---|---|
| TX1125 | Defs. | NFL_0350352 | 10/01/2010 | Email and attachments re doc (Bornstein Ex. 16) | | | | | |
| TX1126 | Defs. | NFL_0966924 | 01/17/2012 | Email and attachments re FW: Westwood Deck (Bornstein Ex. 23) | | | | | |
| TX1127 | Defs. | NFL_0235981 | 10/21/2004 | Email and attachments re FW: Previous Media Presentations | | | | | |
| TX1128 | Defs. | NFL_0860215 | 12/10/2002 | DIRECTV Agreement- Key Strategic Considerations | | | | | |
| TX1129 | Defs. | NFL_1046234 | 09/07/2004 | Email and attachments re  Integrated Proposal Evaluation Deck - Updated | | | | | |
| TX1130 | Defs. | N/A | 12/11/2002 | NFL Press Release re: 2002 DIRECTV Agreement | 801/802: Hearsay \| 901 Lack of Authenticity | *See*  Plaintiffs' response to TX0219. | Authenticity can and will be properly established at trial. This exhibit is not hearsay as it is not being offered for the truth of the matter asserted, but rather the fact that NFL executives openly discussed their broadcast model within a public forum. This document is also being introduced as probative of the state of mind of the NFL and its broadcast partners, which is relevant to provide context to the ongoing negotiations over Sunday Ticket at the time. | | |

Second Amended Joint Exhibit List
*In re Nat. Football League's "Sunday Ticket" Antitrust Lit.* ,
Case No. 2:15-ml-02668-PSG (SKx)

| Ex. No. | Offered By | Beg Bates | Ex. Date | Description | Objections | Reasons for Objections | Reasons for Admissibility | Date Identified | Date Admitted |
|---------|-----------|-----------|----------|-------------|------------|------------------------|---------------------------|-----------------|----------------|
| TX1131 | Defs. | NFL_1046283 | 11/08/2004 | Email and attachments re Revised Drafts | 801/802: Hearsay | *See* Plaintiffs' response to TX0219. | This exhibit is not hearsay as it is not being offered for the truth of the matter asserted, but rather the fact that NFL executives openly discussed their broadcast model within a public forum. This document is also being introduced as probative of the state of mind of the NFL and its broadcast partners, which is relevant to provide context to the ongoing negotiations over Sunday Ticket at the time. | | |
| TX1132 | Defs. | NFL_0375732 | 10/07/2011 | Email re Time Warner Deal (Bornstein Ex. 18) | | | | | |
| TX1133 | Defs. | NFL_0704149 | 07/30/2008 | Email re FW: Follow-up on DTV | | | | | |
| TX1134 | Defs. | NFL_0876530 | 01/27/2015 | Email and attachment re FW: Sunday Ticket Price Increase | | | | | |
| TX1135 | Defs. | NFL_1041987 | 09/19/2004 | Email and attachments re deck (Bornstein Ex. 04) | | | | | |

TX1136 through TX1200 intentionally omitted.

*GAEL_SUNDTIC_00000044; GAEL_SUNDTIC_00000020; GAEL_SUNDTIC_00000009; GAEL_SUNDTIC_00000125; GAEL_SUNDTIC_00000024; GAEL_SUNDTIC_00000032; GAEL_SUNDTIC_00000031; GAEL_SUNDTIC_00000025; GAEL_SUNDTIC_00000057; GAEL_SUNDTIC_00000018; GAEL_SUNDTIC_00000003; GAEL_SUNDTIC_00000059; GAEL_SUNDTIC_00000011; GAEL_SUNDTIC_00000023; GAEL_SUNDTIC_00000010; GAEL_SUNDTIC_00000028; GAEL_SUNDTIC_00000061; GAEL_SUNDTIC_00000042; GAEL_SUNDTIC_00000049; GAEL_SUNDTIC_00000053; GAEL_SUNDTIC_00000008; GAEL_SUNDTIC_00000054; GAEL_SUNDTIC_00000046; GAEL_SUNDTIC_00000048; GAEL_SUNDTIC_00000012; GAEL_SUNDTIC_00000014; GAEL_SUNDTIC_00000019; GAEL_SUNDTIC_00000041; GAEL_SUNDTIC_00000033; GAEL_SUNDTIC_00000052; GAEL_SUNDTIC_00000058; GAEL_SUNDTIC_00000034; GAEL_SUNDTIC_00000062; GAEL_SUNDTIC_00000043; GAEL_SUNDTIC_00000013; GAEL_SUNDTIC_00000104; GAEL_SUNDTIC_00000015; GAEL_SUNDTIC_00000017; DIRECTV-ST-00002262 - DIRECTV-ST-00002263; DIRECTV-ST-00002236 - DIRECTV-ST-00002237; DIRECTV-ST-00002240 - DIRECTV-ST-00002241; GAEL_SUNDTIC_00000037; DIRECTV-ST-00002232 - DIRECTV-ST-00002233; GAEL_SUNDTIC_00000051; GAEL_SUNDTIC_00000005; GAEL_SUNDTIC_00000036; GAEL_SUNDTIC_00000115; GAEL_SUNDTIC_00000064; GAEL_SUNDTIC_00000095; GAEL_SUNDTIC_00000163; GAEL_SUNDTIC_00000106; GAEL_SUNDTIC_00000116; GAEL_SUNDTIC_00000130; GAEL_SUNDTIC_00000155; GAEL_SUNDTIC_00000102; GAEL_SUNDTIC_00000065; GAEL_SUNDTIC_00000111; GAEL_SUNDTIC_00000157; GAEL_SUNDTIC_00000066; GAEL_SUNDTIC_00000129; GAEL_SUNDTIC_00000093; GAEL_SUNDTIC_00000099; GAEL_SUNDTIC_00000103; GAEL_SUNDTIC_00000146; GAEL_SUNDTIC_00000135; GAEL_SUNDTIC_00000154; GAEL_SUNDTIC_00000156; GAEL_SUNDTIC_00000074; GAEL_SUNDTIC_00000078; GAEL_SUNDTIC_00000149; GAEL_SUNDTIC_00000080; GAEL_SUNDTIC_00000160; GAEL_SUNDTIC_00000141; GAEL_SUNDTIC_00000173; GAEL_SUNDTIC_00000131; GAEL_SUNDTIC_00000172; GAEL_SUNDTIC_00000122; GAEL_SUNDTIC_00000120; GAEL_SUNDTIC_00000071; GAEL_SUNDTIC_00000119; GAEL_SUNDTIC_00000139; GAEL_SUNDTIC_00000152; GAEL_SUNDTIC_00000147