WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 235635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone: (213) 337-9972
Facsimile: (213) 403-4906

*Attorneys for Non-Party Apple Inc.*

[Additional Counsel on Signature Page]

AMIT Q. GRESSEL (SBN 307663)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower Suite 3300
San Francisco, CA 94105
Telephone: (415) 937-2000
Email: agressel@wsgr.com

*Attorneys for Non-Parties Google LLC and YouTube, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No. 2:15-ml-02668-PSG<br><br>**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE TREATMENT OF CERTAIN TRIAL EXHIBITS CONTAINING NON-PARTY CONFIDENTIAL INFORMATION TO BE SEALED IN THE PUBLIC COURT FILE AND PRECLUDED FROM PUBLIC DISPLAY DURING TRIAL**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: June 14, 2024<br>Time: 1:30 P.M.<br>Place: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

## **INTRODUCTION**

As set forth in the Motion, Non-Parties respectfully request only two measures to protect certain of their highly confidential material from unnecessary public disclosure. In particular, Non-Parties seek an order that:

- the parties not display to the public gallery the specified sensitive material, which can otherwise be displayed to the Court and the jury during trial;
- access to the specifically identified sensitive material continues to be restricted in the Court's filing system, as it has been for the past eight years.

*See* Mot. at 3, 10. Non-Parties do not seek any broader protection, and expressly do not seek to "insert themselves" in the trial of this matter, by objections or otherwise.

Following weeks of meeting and conferring, Plaintiffs told Non-Parties that they would not consider *any* procedures regarding protection of Non-Party confidential material. In opposition to this Motion, however, Plaintiffs now agree that Non-Parties should be heard—in their view, through a dozen individual motions brought by each party under Local Rule 79-5—on whether their confidential material warrants protection from public disclosure. It thus appears the Plaintiffs' quibble regarding post-trial sealing is now with the process, and not the substance, of Non-Parties' request.

Plaintiffs' opposition does not address the question of angling gallery-facing displays in the courtroom one way or the other, instead lobbing fiery rhetoric to argue against relief Non-Parties have not requested. Non-Parties have worked hard to fashion narrow requests that will not impact Plaintiffs' ability to try their case. Angling any public access displays (or turning them off) will provide at least some degree of protection to the Non-Parties, and will not have any impact on Plaintiffs' ability to try their case, nor the public nature of these proceedings. The Court should accordingly grant the Non-Parties' narrowly tailored request.

# ARGUMENT

I. **Plaintiffs' Opposition Does Not Address the Specific Relief Non-Parties Request**

Plaintiffs argue that the Non-Parties "seek to seal nearly 100 documents in full and prevent those documents from being presented publicly at trial," arguing that the Non-Parties are seeking to improperly prevent Plaintiffs from trying this case effectively. Opp. at 6. But the Non-Parties do not seek to prevent any documents from being presented at trial, or to inhibit Plaintiffs from trying their case. Instead, the Motion requests that the Court direct the parties to simply not display the Confidential Exhibits on screens ***visible by the public gallery***, and to maintain the sealed nature of these Confidential Exhibits in the public court file. Mot. at 3, 10. Non-Parties request this minimal protection of under 100 documents, less than nine percent of the parties' listed trial exhibits.[1]

    A. **Plaintiffs Do Not Address the Simple Trial Procedure Non-Parties Request: Turning Public Gallery Screens When Displaying Confidential Documents**

Plaintiffs level a series of accusations concerning Non-Parties' desire to "insert themselves" in this trial, worrying aloud that the Non-Parties seek to "restrict the public's access to the trial" and affect "the jury's ability to process the evidence being presented." Opp. at 1, 5–6. But none of these worries will come to pass, because none relate to the relief in question: rotating or turning off the gallery-facing screens during the trial presentation of certain exhibits. As the Non-Parties explained, this action has already generated significant public interest, and trial will likely involve significant press coverage, meaning preventing sensitive materials from being publicly filed on the docket will not be

---

[1] The number of exhibits at issue in the Motion has been reduced to less than 80 by the parties' recent revisions in the Second Amended Joint Exhibit List, filed yesterday. *See* Docket No. 1378.

sufficient alone here. *See* Mot. at 5. Having failed to raise any arguments concerning the actual relief sought, Plaintiffs waive them.[2]

### B.     Plaintiffs Agree That Non-Parties May Seek Sealing of Trial Exhibits

Plaintiffs concede that the second form of relief—sealing of Confidential Exhibits—will have no effect on the impending trial, nor the public right of access to the proceedings. Opp. at 7 (suggesting the Court may "direct the parties to continue to abide by the sealing procedures in the Local Rules for any trial exhibit that is to be filed on the public docket after the close of trial"). Since the Plaintiffs and Non-Parties appear to agree that Non-Parties should be afforded the opportunity to protect their confidential trial exhibits from public access, such as by preventing public filing of these exhibits on the docket, the only remaining dispute is a question of process. Plaintiffs propose that Non-Parties individually file new motions and supporting declarations concerning the specified exhibits if a party seeks to file them on the docket, setting forth the same compelling reasons to seal them as presented in this Motion. However, because the Non-Parties have already set forth compelling reasons to protect the specified exhibits—including supporting declarations—they propose that in the interest of judicial economy, the Court order now that the specified exhibits remain under seal in the public court file during and after trial, no different than in other cases. *See In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 14-2541 (N.D. Cal. Aug. 31, 2018), Docket No. 1015 at 2 (ordering redacted portions of broadcast agreements be sealed); *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 19-15566 (9th Cir. Oct. 29, 2019), Docket No. 65 at 4 ("Compelling reasons justify continuing the seal of the Broadcasters' confidential information.").

---

[2] *Campos v. Polaris, Inc.*, No. 23-172, 2024 WL 1816945, at *7 (C.D. Cal. Mar. 5, 2024) ("Because Plaintiffs fail to respond to Polaris' argument, they have abandoned and effectively conceded this issue.").

## II. Non-Parties' Motion and Supporting Declarations Identify Compelling Reasons to Protect Confidential Business Information

Plaintiffs' Opposition argues that "where the Non-Parties reference applicable law, they misapply it" and that Non-Parties rely upon "*Kamakana*'s limited carve-out," Opp. at 3–4. Neither is correct.

### A. Plaintiffs Seek to Announce—But Fail to Identify—A New Standard For Confidential Treatment of Trial Exhibits

Plaintiffs explain that Non-Parties must "'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)); Opp. at 2. **Non-Parties agree**. That is why Non-Parties repeatedly cited to the "compelling reasons" standard in their motion, Mot. at 4–6, and why Non-Parties' witness declarations specifically identify the compelling reasons why this information should be protected. *See* Weinberg Decl. ¶¶ 17–23; Smith Decl. ¶¶ 5–7; Dawson Decl. ¶¶ 15–20; Cruz Decl. ¶¶ 5–6, 8–14, 18–26; J. Smith Decl. ¶¶ 5–6; Pietryncha Decl. ¶¶ 4–5; Kelly Decl. ¶¶ 6–7; Neiman Decl. ¶¶ 5–14; Lauricella Decl. ¶4–5; Kaplan Decl. ¶¶ 3,8–10; LaForce Decl. ¶¶5–6, 9–10; Pellegrino Decl. ¶¶ 14–15; Docket No. 432.

Plaintiffs do not dispute that there is confidential business information in Non-Parties' documents.[3] Plaintiffs instead seem to take the blanket position that there is never a compelling reason to limit Non-Party material at trial. But Plaintiffs cite no authority for that position. Moreover, Plaintiffs themselves just successfully protected Non-Party material in their own Trial Brief, including discussion of two documents pertaining to agreements with DIRECTV. Docket No. 1372-1 at 7, 8–9 (redacting discussion of a document titled "DIRECTV CONTRACT ISSUES – DECISION POINTS"

---

[3] Indeed, Plaintiffs agreed weeks ago to redact certain highly sensitive information in DIRECTV's documents.

and discussion of a draft long form agreement entered between the NFL and DIRECTV). The Court granted Plaintiffs' request, ordering that the unredacted version of Plaintiffs' Trial Brief discussing this Non-Party material remain under seal. Docket No. 1375.

Plaintiffs contend that the Non-Parties sought to "sidestep [the] controlling law" by citing cases concerning both trial and non-trial confidentiality, arguing that "[n]one deals with the sealing of trial exhibits." Opp. at 2–3. But Plaintiffs identify no alternate standard on which this Court should rely. *See generally* Opp. Again, **Plaintiffs' authorities apply the very same standard**, under which courts require the party seeking protection to "articulate[] compelling reasons supported by specific factual findings." Opp. at 2, 6 (quoting *Kamakana*, 447 F.3d at 1178). And courts apply the compelling reasons standard to protect information presented at trial. *See generally* Mot. § III.A. For example, in *Sumotext Corp. v. Zoove, Inc.*, the court ordered relief nearly identical to what the Non-Parties seek here:

> (1) the exhibits will not be filed on the public docket; (2) the exhibits will not be published to the gallery; and (3) witnesses who are shown the exhibits will be subject to this order and advised by counsel to maintain the confidentiality of the information contained therein. However, (1) the exhibits will be published to the jury and to the counsel tables; (2) the courtroom will not be sealed; (3) witnesses will be permitted to testify orally about the exhibits in open court; and (4) the transcript will not be sealed.

No. 16-1370, 2020 WL 836737, at *4 (N.D. Cal. Feb. 20, 2020). In *O'Bannon*, which also applied the "compelling reasons" standard, the court granted even broader protections than those requested by the Non-Parties here, in that the *O'Bannon* court required the parties to refrain from referring to specific dollar amounts mentioned in various media agreements during trial. *O'Bannon v. NCAA*, No. 09-3329 (N.D. Cal. June 10, 2014), Docket No. 201.

### B.  Non-Parties Properly Rely Upon the Compelling Reasons Standard

Much of the remainder of Plaintiffs' Opposition attacks Non-Parties' supposed reliance on specific carveouts set forth in *Kamakana*, which, where applicable, eliminate the strong presumption of public access. Opp. at 3–5. But Non-Parties **do not seek to rely on any carveout** under *Kamakana*, and the Parties and Non-Parties agree there is a presumption that civil trials will be public. *Compare* Mot. at 4 *with* Opp. at 6. Instead, the Motion shows that "[c]ompelling reasons exist to implement the extremely narrow protective measure requested by the Non-Parties here" under the standard. Mot. at 4; *see also* Mot., § III.A. Under this standard, the Court's inquiry is explicitly a balancing exercise, where the "court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The Non-Parties have articulated the compelling reasons for protection of their sensitive information, detailing the significant competitive harm justifying the requested protections in declarations in support of the motion, *see e.g.*, Mot. at 8–9, and Plaintiffs nowhere challenge the Non-Parties' showing of competitive harm. The Non-Parties thus "overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (citations omitted).

### C.  Plaintiffs Accuse Non-Parties of an "Eleventh-Hour Attempt to Insert Themselves," But Omit Their Own Conduct Leading to This Motion

Plaintiffs claim that the Non-Parties make an "eleventh-hour attempt to insert themselves into how this trial will be conducted and interfere with the parties' presentation of evidence." Opp. at 1. Plaintiffs are incorrect.

Throughout the discovery period and subpoena practice, both Plaintiffs' and Defendants' counsel in this action repeatedly assured the Non-Parties that issues of confidentiality for trial would be the subject of pretrial conferences and coordination, and

thus need not be adjudicated at the time of production. **For this reason**, Non-Parties requested they be notified of any trial exhibits containing material they had designated confidential under the Court's protective orders in this action. Counsel for the NFL obliged, notifying each Non-Party of the documents containing their confidential information—for the first time—on April 5, 2024.

Immediately following their receipt of the list, Non-Parties sought to meet and confer with Plaintiffs and Defendants in an effort to coordinate on a workable process. As detailed in the Non-Parties' declarations regarding the meet and confer efforts that preceded the Motion (*see e.g.,* Docket Nos. 1336-1 (Cannom Decl. ¶¶ 3, 8); 1336-11 (Snodgrass Decl. ¶¶ 6, 7); 1336-10 (Gressel Decl. ¶ 10); 1336-9 (Warren Decl. ¶ 6); 1336-8 (Buchweitz Decl. ¶ 9); 1336-7 (Marvisi Decl. ¶ 5); 1336-5 (Morrison Decl. ¶ 6); 1336-4 (Kopczynski Decl. ¶ 5)), during a telephonic conference in April Non-Parties asked Plaintiffs whether they would agree to any measures at all to protect confidential information of Non-Parties during trial, and Plaintiffs responded that they could not provide a response at that time. The Non-Parties continued to confer in good faith, including providing line-by-line identification of the specific material over which each Non-Party seeks confidential treatment, and offering to focus on the exhibits that will be introduced at trial on a rolling basis.[4] Plaintiffs did not respond to these proposals, instead writing on May 13 that they would not stipulate to any procedures at all. Docket No. 1336-2 at 9. Having by then wasted weeks' time in conference—with evidently no intent to

---

[4] Plaintiffs now complain that "the Non-Parties' sealing request indiscriminately applies across entire documents without regard to the alleged confidentiality of any particular provision or section, or without stating a particularized need for such extraordinary treatment of trial exhibits." Opp. at 5. But Non-Parties provided Plaintiffs with exactly that. On balance, a procedure in which only portions of exhibits could not be displayed would seem more, not less, burdensome on trial counsel. Non-Parties nevertheless remain amenable to redaction or other line-by-line treatment of their confidential material according to the Court's preference.

8

agree to anything—Plaintiffs pulled out the rug at the eleventh hour, writing that Non-Parties "should pursue normal motion practice pursuant to Local Rule 7" (Docket No. 1336-2), which they have now done.  The Court should not penalize Non-Parties for attempting to resolve these issues through coordination.  *Gabriela Zarate v. Victory Packaging, LP, et al.*, No. 22-811, 2023 WL 6190706, at *3 (C.D. Cal. Aug. 14, 2023) ("[T]he parties were actively meeting and conferring regarding the substance of the Motion to Compel and it was not clear Plaintiff would raise the waiver argument with the Court until she filed the Motion to Compel.  The Court, thus, finds Defendant is not at fault for creating the crisis that requires ex parte relief").

Finally, Plaintiffs' concern that Non-Parties seek to "insert themselves" into trial proceedings is misplaced.  Non-Parties have expended great effort to seek protection with minimal, if any, impact on the trial proceedings.  The Non-Parties expressly "do not want to interfere with the parties' ability to ask questions, and the Non-Parties do not want to interfere with any witness's ability to answer those questions." Mot. at 3.  Instead, Non-Parties' "real concern is the risk that their key competitors and members of the public access the Confidential Exhibits for reasons having nothing to do with this trial." *Id*. at 7.

## **CONCLUSION**

Therefore, for the reasons described above and in the Motion and accompanying declarations, the Non-Parties respectfully request that the Court enter an order (1) directing the parties to not display the Confidential Exhibits on any screen visible by the public gallery and (2) sealing the Confidential Exhibits in the public court file during and after trial, including in any subsequent filings in this case.

| | | |
|---|---|---|
| 1 | Dated: May 31, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Bethany Stevens |
| 4 | | Bethany L. Stevens |
| | | Walker Stevens Cannom LLP |
| 5 | | 500 Molino St. Suite 118 |
| 6 | | Los Angeles, CA 90013 |
| | | (213) 712-0145 |
| 7 | | bstevens@wscllp.com |
| 8 | | *Counsel for Apple Inc.* |
| 9 | | /s/ Amit Q. Gressel |
| 10 | | Amit Q. Gressel |
| | | **WILSON SONSINI** |
| 11 | | **GOODRICH & ROSATI** |
| 12 | | One Market Plaza, Spear Tower |
| 13 | | Suite 3300 |
| | | San Francisco, CA 94105 |
| 14 | | Telephone:  (415) 947-2000 |
| 15 | | Email: agressel@wsgr.com |
| | | *Counsel for Google LLC* |
| 16 | | *and YouTube, LLC* |
| 17 | | |
| 18 | | /s/ Ramie O. Snodgrass |
| | | Arthur Kats (CA SBN 344384) |
| 19 | | **DAVIS WRIGHT TREMAINE** |
| 20 | | **LLP** |
| | | 865 S. Figueroa Street, |
| 21 | | Suite 2400 |
| 22 | | Los Angeles, CA, 90017 |
| | | (213) 655-9669 |
| 23 | | arthurkats@dwt.com |
| 24 | | |
| 25 | | **DAVIS WRIGHT TREMAINE** |
| | | **LLP** |
| 26 | | Jim Howard |
| 27 | | Ramie O. Snodgrass |
| | | 920 Fifth Avenue, Suite 3300 |
| 28 | | Seattle, WA 98104-1610 |

Telephone: (206) 757-8208
jimhoward@dwt.com
ramiesnodgrass@dwt.com
*Counsel for Non-Party*
*Amazon.com, Inc.*

   */s/ Erika H. Warren*   
Erika H. Warren (Bar No. 295570)
Francesca M. S. Germinario
(Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
15-2668@cases.warrenlex.com
*Attorneys for Non-Parties RedBird Capital Partners Management LLC and EverPass Media, LLC*

   */s/ Arthur J. Burke*   
Arthur J. Burke
**DAVIS POLK & WARDWELL**
1600 El Camino Real
Menlo Park, CA, 94025
(650) 752-2000

arthur.burke@davispolk.com
*Counsel for Non-Parties Comcast and NBCUniversal*

   */s/ Yehudah L. Buchweitz*   
Yehudah L. Buchweitz
(admitted PHV)
WEIL, GOTSHAL & MANGES LLP
Yehudah.Buchweitz@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Facsimile: (212) 310-8007
*Counsel for CBS Corporation, Now known as Paramount Global*

   */s/   Emily Curran-Huberty*
Emily Curran-Huberty
(SBN 293065)
MUNGER, TOLLES & OLSON LLP
Emily.Curran-Hubery@mto.com
560 Mission Street, 27th Floor
San Francisco, CA 94132
Telephone: (415) 512-4052
*Counsel for ESPN, Inc.*

   */s/  Brandon Marvisi*
HUNTON ANDREWS KURTH LLP
Ann Marie Mortimer
(SBN 169077)
amortimer@HuntonAK.com
Brandon Marvisi (SBN 329798)
bmarvisi@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020
*Counsel for Verizon Corporate Services Group, Inc.*

   */s/  Jeffrey A. N. Kopczynski*
Jeffrey A. N. Kopczynski
(admitted PHV)
jkopczynski@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 326-2000

Facsimile: (212) 326-2061

*Counsel for DIRECTV, LLC*

*All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel for non-party Apple Inc., certifies that this brief contains 2,537 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 31, 2024

                                                 ___/s/ Bethany Stevens_____

                                                 Bethany Stevens