1

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

2

3

4

5

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

6

7

8

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

9

[Additional Counsel on Signature Page]

10

*Plaintiffs' Co-Lead Counsel*

11

12

# UNITED STATES DISTRICT COURT

13

# CENTRAL DISTRICT OF CALIFORNIA

14

15

16

IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION

17

18

19

THIS DOCUMENT RELATES TO ALL ACTIONS

20

CASE NO.: 2:15-ml-02668−PSG (SKx)

CLASS ACTION

**PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE ABOUT PRICING PRACTICES IN OTHER SPORTS**

Judge: Hon. Philip S. Gutierrez

Trial Date: June 5, 2024

**[TRIAL BRIEF]**

21

22

23

24

25

26

27

28

1    Defendants should be precluded from eliciting testimony or suggesting

2    directly or by implication that because in other professional sports leagues, telecast

3    licensing agreements are made with broadcasters to charge them on a per-subscriber

4    basis, the jury could find that the NFL could have made those arrangements in the

5    but-for world and that they would have had the same effect on the prices paid for

6    NFL Sunday Ticket as the contractual restraints at issue in this case. That is what

7    defendants' counsel suggested in her opening statement.

8        The NBA, the MLB, and the league, guess what? They all distribute

9        to multiple people, but they use something called the per-subscriber

10       fee. . . . And it results in the same price no matter who the distributor

11       is. So it doesn't change it.

12   Day 2 Trial Transcript, 178:10–17 (emphasis added). There are at least two reasons

13   why this should not be permitted.

14   First, such testimony or suggestion would ask the jury to assume that the

15   telecast licensing arrangements in other sports leagues are not anticompetitive, so

16   that they could be used as examples of what the but-for world could be like without

17   the restraints.  However, defendants sought and obtained an order from the Court

18   precluding plaintiffs from offering evidence that anticompetitive practices in other

19   professional sports leagues were challenged in litigation, which led to the settlement

20   of class actions on behalf of television subscribers to out-of-market game telecasts.

21   *See, e.g.*, *Garber v. Office of the Comm. Of Baseball*, et al., No. 12-cv-3704, ECF

22   No. 509-1 (S.D.N.Y. Jan. 20, 2016) at ¶¶ 55–60 (class action settlement agreement

23   requiring league to set lower prices for various MLB game packages); *Laumann, et

24   al. v. National Hockey League*, No. 12-cv-1817, ECF No. 352-1 (S.D.N.Y. June 11,

25   2015) at ¶¶ 42–44 (same for NHL game packages). Addressing this testimony

26   would raise issues precluded by the Court's order on Defendants' second motion *in

27   limine*. *See* ECF No. 1320. Further, a but-for world cannot assume that one set of

28   anticompetitive restraints could have been replaced by another set of

anticompetitive restraints.

1  Second, the implication that it would have lawful for the NFL teams, the

2  NFL, the networks and DTV to have agreed, through a web of interlocking

3  agreements, to impose a telecast license arrangement on DTV on a per-subscriber

4  basis because in other professional sports leagues telecast arrangements on a per

5  subscriber basis are allegedly used, without examining how they came about or

6  whether they are legal, is a non sequitur and would be misleading to the jury. *See,*

7  *e.g.*, *U.S. v. Apple Inc.*, 952 F. Supp. 2d 638, 699 (S.D.N.Y. 2013) ("[I]t is no

8  defense to participation in an illegal price fixing conspiracy to suggest that others

9  did it too.").

10  Plaintiffs respectfully request that this issue be addressed during a break

11  tomorrow, or at the Court's earliest convenience, in the event the NFL elects to

12  elicit testimony on this topic tomorrow.

13

14

15  Dated: June 9, 2024                    Respectfully submitted,

16

17                                         By: /s/ *Marc M. Seltzer*

18                                         Marc M. Seltzer (54534)
                                           mseltzer@susmangodfrey.com
19                                         Kalpana Srinivasan (237460)
                                           ksrinivasan@susmangodfrey.com
20                                         Amanda Bonn (270891)
                                           abonn@susmangodfrey.com
21                                         Eliza Finley (301318)
                                           efinley@susmangodfrey.com
22                                         SUSMAN GODFREY L.L.P.
                                           1900 Avenue of the Stars, Suite 1400
23                                         Los Angeles, CA 90067
                                           Tel: (310) 789-3100
24                                         Fax: (310) 789-3150

25                                         William C. Carmody (*Pro Hac Vice*)
                                           bcarmody@susmangodfrey.com
26                                         Seth Ard (*Pro Hac Vice*)
                                           sard@susmangodfrey.com
27                                         Tyler Finn (*Pro Hac Vice*)
                                           tfinn@susmangodfrey.com
28                                         SUSMAN GODFREY L.L.P
                                           1301 Avenue of the Americas, 32nd Fl.
                                           New York, NY 10019
                                           Tel: (212) 336-8330

Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

3