Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DEFENDANTS' MOTION TO CLARIFY ROLE OF CATHY YANCY AS PARTY REPRESENTATIVE**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: June 5, 2024<br>Courtroom: First Street Courthouse<br>  350 West 1st Street<br>  Courtroom 6A<br>  Los Angeles, CA 90012<br><br>**[TRIAL BRIEF]** |

Cathy Yancy is a "party representative" of the NFL under Federal Rule of Evidence 615. That means she is allowed to sit at counsel table as a representative of the NFL, assist counsel as testimony develops, and take the stand to testify to her personal knowledge. It does *not* mean she is a "corporate representative" of the NFL, as that term is used in the context of Federal Rule of Civil Procedure 30(b)(6). Plaintiffs took multiple 30(b)(6) depositions of the NFL during discovery, and any effort to take another 30(b)(6) deposition at trial is wholly improper.

Federal Rule of Evidence 615 applies at trial and permits a corporation to name a "party representative" who, unlike other fact witnesses, is not automatically sequestered throughout the trial, and can instead remain at counsel table. Fed. R. Evid. 615(2). A "party representative" merely serves as "the equivalent of . . . a natural-person party," giving a corporate entity a face before the jury. *See* Fed. R. Evid. 615 Advisory Committee's Note. The rule also ensures that someone from the corporation is available to "assist counsel" as testimony develops. *Ferreira v. Penzone*, 2018 WL 2087569, at *1 (D. Ariz. May 4, 2018).

Unlike a "corporate representative" under Rule 30(b)(6), a Rule 615 "party representative" does not need to meet any heightened knowledge requirements about the case and does not necessarily bind the corporation. *See Datatreasury Corp. v. Wells Fargo & Co.*, 2010 WL 11468934, at *25 (E.D. Tex. Oct. 5, 2010); *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) ("Corporations are allowed to choose any officer or employee as their designated representative."); *Queen v. Washington Metro. Area Transit Auth.*, 842 F.2d 476, 481 (D.C. Cir. 1988) (rejecting the argument that Rule 615's "party representative" designation can be applied "only [to] officers and agents of parties empowered to bind the party through their testimony") (cleaned up); *see also Rentz v. BNSF Ry. Co.*, 952 N.W.2d 47, 50 (N.D. 2020) (making the same distinction between equivalent state rules with identical purpose and language).

That all stands in marked contrast to Federal Rule of Civil Procedure 30(b)(6), which "is a discovery tool." *De Jaray v. Lattice Semiconductor Corp.*, 345 F.R.D. 353, 355 (D. Or. 2024). Rule 30(b)(6) applies *before trial*, during discovery, and requires a corporation to designate a "corporate representative" who is "capable of providing testimony on the noticed topics regardless of whether the information [i]s in [her] personal knowledge." *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *6 (C.D. Cal. Oct. 26, 2016); *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008). The rule ensures that an opposing party can use a "*deposition* . . . to obtain information known to the corporation." *DarbeeVision, Inc. v. C&A Mktg., Inc.*, 2019 WL 2902697, at *6 (C.D. Cal. Jan. 28, 2019) (emphasis added). That construct makes no sense in the context of a specific witness's testimony at trial, particularly where no topics have been disclosed. Indeed, Plaintiffs took multiple 30(b)(6) depositions during this case on thirty-four topics in total, in which the NFL designated Brian Rolapp, Hans Schroeder, and Justin Friedman to testify on behalf of the organization.

The discovery phase of the case is long over, and Rule 30(b)(6) has no remaining salience. Cathy Yancy has never served as a 30(b)(6) witness in this litigation and there is no basis for treating her as one now.[1] Accordingly, if this Court allows Plaintiffs to call her as a witness (which Defendants oppose), her testimony must be limited to her personal knowledge, *see Sweet People Apparel, Inc. v. Saza Jeans, Inc.*, No. CV 14-1143 DMG (ASX), 2015 WL 12669884, at *1 (C.D. Cal. June 25, 2015) (applying Fed. R. Evid. 602), and Plaintiffs cannot ask her to give statements on behalf of the NFL as a corporate entity.

---

[1] Courts in this Circuit are split on whether "corporate representative" who was subject to deposition under Rule 30(b)(6) can be required to testify to matters that were within the scope of the 30(b)(6) deposition but outside the scope of her personal knowledge. *Corcoran v. CVS Pharmacy, Inc.*, 2021 WL 633809, at *7 (N.D. Cal. Feb. 18, 2021). That split is not relevant here, as Cathy Yancy was never a "corporate representative" for Rule 30(b)(6) purposes.

Dated: June 9, 2024

Respectfully submitted,

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*