UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | June 13, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Derek Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order DENYING Non-Parties' motion for Order for protective treatment of certain trial exhibits.**

    Before the Court is Non-Parties' Amazon.com, Inc. ("Amazon"), Apple Inc. ("Apple"), CBS Corporation ("CBS"), Comcast Corporation ("Comcast"), DAZN Media, Inc. ("DAZN"), DIRECTV, LLC ("DIRECTV"), ESPN, Inc. ("ESPN"), EverPass Media, LLC, Google LLC and YouTube, LLC ("YouTube"), NBC Universal Media, LLC ("NBCU"), RedBird Capital Partners Management LLC, and Verizon Corporate Services Group ("Verizon") (together, the "Non-Parties") motion for an order (1) directing the parties to not display certain trial exhibits containing Non-Parties' confidential business information (the "Confidential Exhibits") on any screen visible by the public gallery and (2) sealing the Confidential Exhibits in the public court file during and after trial, including in any subsequent filings in this case. *See generally* Dkt. # 1348 ("*Mot.*"). Plaintiffs[1] opposed, *see generally* Dkt. # 1367 ("*Opp.*"), and the Non-Parties replied, *see generally* Dkt. # 1379 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court **DENIES** the Non-Parties' motion.

    There is a strong presumption in favor of public access to court records, grounded in the common law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134–35 (9th Cir. 2003).

    To overcome this presumption, the party seeking a sealing order "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th

---

[1] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | June 13, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

Cir. 2006) (cleaned up). "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (cleaned up); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) ("This presumption of access may be overcome only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.").

"In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (cleaned up). Compelling reasons for sealing may exist when "court files might have become a vehicle for improper purposes," such as "gratify[ing] private spite, promot[ing] public scandal, circulat[ing] libelous statements, or releas[ing] trade secrets." *Id.* "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Further, conclusory statements that documents are confidential do not satisfy this standard. *Id.* at 1182.

Here, the Non-Parties seek to seal in their entirety nearly 100 Confidential Exhibits[2] that purportedly contain the "Non-Parties' most sensitive business information."[3] *Mot.* 1:13–2:5; *Proposed Order*, Dkt. # 1348-13. The Non-Parties' motion, however, contains fatal deficiencies that prevent the Court from granting the relief they seek.

First and foremost, the Non-Parties' motion does not include the Confidential Exhibits that they wish to be sealed.[4] This not only violates the Local Rules, *see* L.R. 79-

---

[2] Although the Non-Parties note that the "number of exhibits at issue in the Motion has been reduced to less than 80 by the parties' recent revisions" to the joint exhibit list, *Reply* 3 n.1, the Non-Parties fail to identify the Confidential Exhibits that are no longer at issue.

[3] Given the alleged importance of the information contained in the Confidential Exhibits, it is surprising that the Non-Parties filed their motion to protect these exhibits in May of 2024 even though the parties filed a joint trial exhibit list on January 19, 2024, Dkt. # 1163, and trial had been scheduled to begin on February 22, 2024, Dkt. # 950.

[4] Tacitly conceding this deficiency, the Non-Parties move under Federal Rule of Civil Procedure ("FRCP") 26(c)(1)(G) to grant a "protective measure" in sealing the Confidential Exhibits from the public view. *Mot.* 3:24–4:1; 4:24–27. But FRCP 26 is inapplicable here. And nowhere do the Non-Parties point to any authority where a court granted a protective order and sealed trial exhibits without reviewing the underlying documents. *Compare* Dkt. # 1348 *with Sumotext Corp. v. Zoove, Inc.*, No. 16-1370, Dkt. # 423 *and O'Bannon v. NCAA,* No. 09-3329, Dkts. # 177–78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 15-02668 PSG (SKx) | Date | June 13, 2024 |
|---|---|---|---|
| Title | In re: NFL's "Sunday Ticket" Antitrust Litigation | | |

5.2.2(a)(iii)–(iv), but it also prevents the Court from articulating a factual basis to seal the Confidential Exhibits without relying on hypothesis or conjecture, *see Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV 16-00300-CJC (RAOx), 2017 WL 2806897, at *6 (C.D. Cal. Mar. 30, 2017) ("Needless to say, the summary statements in the parties' applications described above do not present with particularity specific factual findings that would enable this Court to articulate the compelling reasons to justify keeping this information under seal without hypothesis or conjecture."). Indeed, without the underlying Confidential Exhibits, the Court has no way to assess the Non-Parties' proffered compelling reasons to seal the Confidential Exhibits or articulate the compelling reasons to justify keeping the entirety of the documents under seal.

Further, the Court is not convinced that the Non-Parties met their burden to articulate specific compelling reasons to seal the Confidential Exhibits and is especially concerned that the Non-Parties' sealing requests are overbroad. Rather than pointing to specific provisions or sections in the Confidential Exhibits, the Non-Parties seek to seal the Confidential Exhibits in their entirety, providing only general descriptions of the sensitive business information and the significant competitive harm if made public. Indeed, the Non-Parties ask the Court to seal hundreds of pages of agreements from disclosure at trial, when only some of which may actually be sealable. *See Fed. Trade Comm'n v. DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) ("Such over-inclusive sealing requests run afoul of the 'narrowly tailored' requirement for sealing in this District.").

In light of the Non-Parties' failure to support the proffered compelling reasons that would justify their relief, the Court **DENIES** the Non-Parties' motion. Nevertheless, the Court believes there may be compelling reasons to seal the Confidential Exhibits that may be filed on the public docket during and after the close of trial and directs the parties to continue to abide by the sealing procedures in the Local Rules.

**IT IS SO ORDERED.**