Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**PLAINTIFFS' TRIAL MOTION TO EXCLUDE CUMULATIVE AND UNFAIRLY PREJUDICIAL EVIDENCE**<br><br>Judge: Hon. Philip S. Gutierrez<br>Trial Date: June 5, 2024 |

The NFL intends to call Dr. Nancy Mathiowetz, its rebuttal survey expert, in its case, despite the fact that Plaintiffs did not present any survey expert in their case-in-chief, and none of Plaintiffs' core damages theories or conclusions rely in any way on the survey Dr. Mathiowetz was hired to rebut. Two reasons, each independently sufficient, confirm that any testimony offered by Dr. Mathiowetz would be improper under Rules 402 and 403.

*First*, Dr. Mathiowetz's testimony would be unnecessarily cumulative. In their case, Plaintiffs' principal economic expert (Dr. Rascher) calculates damages in two main scenarios. For only one of them—a world in which the NFL licenses Sunday Ticket non-exclusively—Dr. Rascher relies in part on an econometric analysis conducted by Dr. Zona of class-period DirecTV transactions data (the "Transactions Model"). Independent of that model, Dr. Zona also analyzed survey data collected by Plaintiffs' survey expert, Ms. Butler. The two models do not relate to one another, *see* Trial Transcript, at 1279:8–11 ("Q. So does your transaction and viewership analysis … depend in any way on the results of the conjoint model? A. Not in any way."); and produce different price-reduction factors, *compare* Trial Transcript 1173:7–10 (reduction factor of 49.7% out of Transactions Model assuming one additional competitor), *with id.* at 1268:18–22 (reduction factor of 50.3% out of survey model assuming one additional competitor and other conditions). Further, Dr. Rascher does ***not*** rely on Dr. Zona's analysis of the survey data in any way to calculate damages. *See* Trial Transcript 783:7–23 (describing reliance on Transactions Model only).

The NFL nevertheless suggests that Dr. Mathiowetz would testify that Dr. Zona's analysis of Ms. Butler's survey data (whatever its independent reliability) somehow calls into question the reliability of his Transactions Model. *See, e.g.*, Trial Transcript 1378:19–22 ("Model 2 was their corroboration of Model 1, and so we want Dr. Mathiowetz to explain what's wrong with Model 2."). But the NFL already has spent over an hour directing Dr. Yurukoglu and cross-examining Dr. Zona

1

**PLAINTIFFS' MOTION TO EXCLUDE PREJUDICIAL EVIDENCE**
Case No. 2:15-ml-02668-PSG (SKx)

1  concerning Dr. Zona's analysis of Ms. Butler's survey data, the connection (if any) between that analysis and Dr. Zona's Transaction Model, and Dr. Rascher's lack of reliance of Dr. Zona's analysis of Ms. Butler's survey data. See Trial Transcript, at 1193–94, 1247–1272, 1331, 1351–1357, 1359–1362. Dr. Mathiowetz's testimony therefore would be cumulative to any testimony that the NFL has elicited or could further elicit from Drs. Zona and Yurukoglu.

*Second*, any testimony that Dr. Mathiowetz could offer on Dr. Zona's analysis of Ms. Butler's survey data is far outweighed by the danger of unfair prejudice and jury confusion. In this case, with respect to damages suffered by the class, the jury will be asked to determine whether "the evidence show[s] the extent of the damages as a matter of just and reasonable inference," even if "the result be only approximate." *See Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931).

But Dr. Mathiowetz has offered no relevant opinions on *that* question. Dr. Mathiowetz was hired to rebut Plaintiffs' survey expert (Ms. Butler)—whom Plaintiffs have elected not to call in line with this Court's admonition to streamline the presentation of their case—and not once has Dr. Mathiowetz discussed (let alone opined on) Dr. Zona's Transactions Model, the degree to which it is independent of his survey-based model, and Dr. Rascher's lack of reliance on it. *See, e.g.*, Mathiowetz Merits Report ¶ 5 ("I also reviewed the report of Dr. Zona, *with respect to his use of the Butler Survey data*") (emphasis added); Mathiowetz Class Report ¶ 5 (same); Mathiowetz Dep. Tr. 36:4–9 ("I'll just state it again, right? I'm here to look at the survey that Ms. Butler has designed and implemented, and Dr. Zona's use of those data.").

And how could she? Dr. Mathiowetz admitted that she is "not an expert in economics" and "not an expert in econometrics," Mathiowetz Dep. Tr. 15:14–19, and (later in the same deposition) conceded that "[w]e've already established that I'm not an expert in economics," *id.* 22:5–6. As this Court recognized, Dr. Mathiowetz could

1  potentially "attack[] *the data* for [Dr. Zona's Conjoint Model]." Trial Transcript, at
2  1378:15–19 (emphasis added). But even if she were qualified to do that—and the
3  NFL accepted that it must make an offer of proof that she is, *id.* at 1378:15—that
4  question still is two steps removed from the question of whether Dr. Rascher's
5  reliance on Dr. Zona's **independent** Transactions Model is reliable. Dr. Mathiowetz
6  has no opinion on that ultimate question, and has confessed that she is not qualified
7  to opine on the intermediate one. *In re Google Play Store Antitrust Litig.*, 2022 WL
8  17252587, at *3 (N.D. Cal. Nov. 28, 2022) (noting an expert's opinion must "ha[ve]
9  a *valid connection* to the pertinent inquiry.") (emphasis added).

10  The NFL seeks to proceed as if Plaintiffs called their survey expert and litigate
11  an entirely collateral and time-consuming issues. For these reasons, Plaintiffs
12  respectfully request that this Court rule that Dr. Mathiowetz may not testify pursuant
13  to Rules 402 and 403.

Dated: June 14, 2024

Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330

Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*

4

**PLAINTIFFS' MOTION TO EXCLUDE PREJUDICIAL EVIDENCE**
**Case No. 2:15-ml-02668-PSG (SKx)**