Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**NFL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE CUMULATIVE AND UNFAIRLY PREJUDICIAL EVIDENCE**<br><br>Judge: Hon. Philip S. Gutierrez<br>Courtroom: First Street Courthouse<br>   350 West 1st Street<br>   Courtroom 6A<br>   Los Angeles, CA 90012 |

1    Plaintiffs' motion to exclude testimony by Dr. Nancy Mathiowetz should be denied. Defendants intend to call Dr. Mathiowetz, a survey expert and statistician, to offer non-cumulative testimony on the reliability of the survey data that Dr. Zona used in his conjoint model ("Model 2"), which Dr. Zona admitted using to confirm the validity of the viewership and transactions model ("Model 1") he presented to the jury on Thursday. Dr. Mathiowetz's testimony will aid the jury's assessment of the credibility of Plaintiffs' request for $3.5 billion in damages based on Dr. Zona's testimony.

Plaintiffs cannot dispute the relevance of Dr. Mathiowetz's testimony. She is an expert on survey methodology and statistics and will explain that the survey data produced by Ms. Butler—and relied on by Dr. Zona to create his conjoint model—is unreliable, "rendering [Dr. Zona's] analysis methodologically unsound." *See* Mathiowetz Report ¶¶ 14, 106; *see also* 06/13/24 Trial Tr. at 1247:2–4 ("Q. In Model No. 2 that we're just about to get to, what did you use to predict the price response? A. The survey data that Ms. Butler prepared.").

The fact that Plaintiffs chose not to present Model 2 does not undermine the admissibility of Dr. Mathiowetz's testimony. Plaintiffs have the burden of providing the jury with a reasonable basis on which to determine damages that does not involve guesswork or speculation. *See, e.g.*, *U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1378 (2d Cir. 1988). Plaintiffs must therefore prove the reasonableness of *each* of the inferences upon which their damages calculation is based. *Id.* at 1378.

Dr. Zona has already testified that he relied on the conjoint model to corroborate the results of the viewership and transaction model. 06/13/24 Trial Tr. at 1193:22–1194:4 ("Q. Your conjoint model we're going to call No. 2, Model No. 2. Okay? A. Okay. Q. And in Model No. 2, you told us that one of the reasons you did that was to check on the outcomes for Model 1. **It was another way you checked on the reliability of Model No. 1; right? A. It was one of the ways, yes.**"); *id.* at 1247:5–10 ("Q. All right. So let's stop with Model No. 1. Okay? You did that and you still did Model No. 2; right? A. Well, I mean, I did them at the same time, but yes. Q. Okay. **And part of the reason you did this was to show that**

1

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Opposition to Plaintiffs' Motion to Exclude
Cumulative and Unfairly Prejudicial Evidence

*Model No. 1 was accurate? A. I mean, that's certainly part of it, yes."*); *see also id.* at 1375:11–13 (explanation from Dr. Yurukoglu that Dr. Rascher "uses Model 1. Model 2 is part of the evidence, the corroborating evidence for Model 1. So in that sense, they are connected."). Because Dr. Zona uses Model 2 to validate Model 1, problems with Model 2 likewise call into question the validity of Model 1. Defendants are therefore allowed to respond to Model 2, in addition to Model 1.

The relevance of Dr. Mathiowetz's testimony is further underscored by Dr. Rascher's report and testimony. Dr. Rascher was the first expert to offer the $3.5 billion damages number to the jury. And in describing why he felt comfortable using that number, Dr. Rascher cited *both* of Dr. Zona's models. Rascher Merits Rpt. ¶¶ 231 ("[U]sing transaction and viewership data in this case (**and analyses of [] Butler's . . . surveys**), Dr. Zona showed . . . that in the BFW prices decline and output rises." (emphasis added)), 407 (presenting his damages analyses and explaining that they "rel[ied] on evidence that includes . . . **analysis of Sarah Butler's surveys**.").[1]

Plaintiff's arguments under Rule 403 are similarly without merit. *First*, Dr. Mathiowetz's testimony will not be cumulative of the economic testimony of Dr. Yurukoglu and Dr. Zona. Dr. Yurukoglu's testimony on Model 2 was limited to his analysis of whether Dr. Zona's model is reliable as a matter of economics; he did not testify as to the reliability of the underlying survey data.[2] Similarly, Dr. Zona denied that he and Ms.

---

[1] *See also, e.g.*, Rascher Merits Rpt. ¶¶ 103 ("[Dr. Zona's analysis] based on viewership *and* survey data included estimates of the substantial quantity of DTC subscriptions that consumers would purchase for access to OOM telecasts of games, and . . . confirms a substantial quantity of DTC subscriptions when such a choice is available." (emphasis added)), 123 (discussing reliance on analysis of Ms. Butler's surveys), 317–18 (discussing reliance on both "econometric estimates of price reduction" provided by Dr. Zona).

[2] *See, e.g.*, 06/13/24 Trial Tr. at 1352:11–1353:11 ("Q. Well, let's now talk about your critiques of Model 2. . . . A. Sure. So I have a related but distinct set of concerns for Model 2. . . . And the three high level points are, first, . . . the price he's predicting is higher than 102.74. . . . Second, . . . [i]t predicts way higher demand for Sunday Ticket than we see in the actual world at the actual price. So the baseline is off. . . . And then the third point is similar type of behavior where you've got the cheaper option, the more expensive option, and a bunch of people are buying the more expensive option."); *id.* at 1361:9–14 (his opinions are based on "commonly applied principles in economics").

2

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Opposition to Plaintiffs' Motion to Exclude Cumulative and Unfairly Prejudicial Evidence

Butler set out to analyze the same questions in this case, and he disclaimed having analyzed whether her survey results are reliable. *See* 06/13/24 Trial Tr. at 1249:23 ("Ms. Butler is a statistician, I'm an economist."); *id.* at 1261:23–1264:8. Plaintiffs acknowledge that Dr. Mathiowetz's testimony goes to this unaddressed issue of the reliability of the survey Dr. Zona used. *See* Mot. at 2. Courts frequently permit multiple experts to opine on similar issues where each expert's credentials and expertise differ, and where the information on which the experts are expected to rely differs. *See, e.g.*, *Cantu v. United States*, 2015 WL 12743881, at *7 (C.D. Cal. Apr. 6, 2015) (holding that where experts were "likely to offer opinions on similar topics" but "the information on which the experts will rely in formulating opinions is distinct," allowing both experts to testify would not be "*needlessly cumulative*" (emphasis in original)); *see also Santa Clarita Valley Water Agency v. Whittaker Corp.*, 2020 WL 8125550, at *3–4 (C.D. Cal. July 27, 2020) (collecting cases where courts determined that excluding expert testimony charged as cumulative before the expert took the stand was "premature" because courts are better able to address those concerns at trial by entertaining objections "should [the testimony] actually turn out to be needlessly cumulative").

*Second*, while Plaintiffs argue that testimony from Dr. Mathiowetz would risk unfair prejudice or jury confusion, they do not explain why. *See* Mot. at 2–3. They argue only that the testimony is not relevant (which is addressed above) and "time-consuming," which Defendants assure the Court it will not be. *See Sidibe v. Sutter Health*, — F.4th —, 2024 WL 2822733, at *19 (9th Cir. June 4, 2024) (where evidence is "highly relevant, any risk of prejudice or other dangers must be very high to justify exclusion").

*Finally*, that Plaintiffs "elected not to call" their own survey expert, Mot. at 1, does not in any way preclude Defendants from calling Dr. Mathiowetz. The fact that Dr. Mathiowetz will offer opinions to rebut *Dr. Zona's analysis* "with respect to his use of the Butler Survey data," *see* Mot. at 2, is exactly the point. Her critiques remain relevant to the evidence Plaintiffs *did* decide to present. Their motion should be denied.

3

Case No. 2:15-ml-02668-PSG (SKx)    NFL Defendants' Opposition to Plaintiffs' Motion to Exclude
                                              Cumulative and Unfairly Prejudicial Evidence

| | |
|---|---|
| Dated: June 16, 2024 | Respectfully submitted, |
| | /s/ *Beth A. Wilkinson* |

Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

4

Case No. 2:15-ml-02668-PSG (SKx)   NFL Defendants' Opposition to Plaintiffs' Motion to Exclude Cumulative and Unfairly Prejudicial Evidence