Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION

CASE NO.: 2:15-ml-02668−PSG (SKx)

CLASS ACTION

THIS DOCUMENT RELATES TO ALL ACTIONS

**PLAINTIFFS' MOTION TO ADMIT EXHIBITS DISCUSSED BY DR. RASCHER DURING HIS TRIAL TESTIMONY**

Judge: Hon. Philip S. Gutierrez
Trial Date: June 5, 2024

**[TRIAL BRIEF]**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Plaintiffs move to admit into evidence the following exhibits that were discussed by Dr. Daniel Rascher during his testimony at trial:

| Ex. | Description | Defs.' Objections |
|---|---|---|
| TX047 | NFL Constitution and Bylaws | None |
| TX351 | Media Committee Slide Deck | None |
| TX050 | Sunday Ticket Addressable Market Deck | None |
| TX051 | NFL Digital Media, Preliminary Draft Deck | None |
| TX672 | NFL TV Deals Q&A | Foundation |
| TX770 | NFLST Insights/Research Deck | Foundation; 801; D. MIL No. 4 |
| TX659 | NFL Live Game: Rights Interest | 801 |
| TX870 | Sports Media Watch Article | Foundation, 801, 802 |

These exhibits are, with the exception of TX870, internal NFL documents that were produced by the Defendants and that came from the NFL's own business records and are subject to no hearsay rule. The list includes basic documents like the NFL Constitution and Bylaws which have been the subject of testimony by various witnesses in addition to Dr. Rascher. Their high degree of relevancy is clear. Indeed, the NFL's Constitution and Bylaws were cited by the Court in its order denying Defendants' Summary Judgment, relevant as evidence of the making of the challenged agreements at the core of this case. Defendants, who never objected before to the admissibility of certain of these documents, as noted above, now seek to block admission of basic evidence in this case by invoking a newly-invented rule that documents cannot be admitted unless witnesses discussed every page of the document in question. By contrast, Defendants seek to admit their documents and emails (which are hearsay) when they reflect their self-serving talking points.[1]

These exhibits are admissible and have now been used with a witness at trial, ameliorating any concern by this Court that exhibits would be admitted into evidence without being discussed at trial. *See* June 6, 2024 Hearing Transcript at

[1] The only exhibit used by Dr. Rascher that Defendants no longer object to is TX113, which reflects the NFL's carefully crafted talking points. This exhibit *was* discussed by Dr. Rascher during his testimony.

16:13-18 (Court expressing concern about exhibits "[n]o one's talked about in trial and then you're trying to admit them to go back to the jury room but we've never discussed them in trial."). To the extent Defendants may argue that Dr. Rascher cannot be a sponsoring witness for an exhibit, Defendants miss the point entirely. There is no "freestanding 'sponsoring witness' requirement in the Federal Rules of Evidence," *TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.*, 2017 WL 952955, at *1 (N.D. Cal. Mar. 12, 2017). These NFL documents are admissible, with or without a sponsoring witness, as (1) authentic; (2) relevant; and (3) non-hearsay. *See* Fed. R. Evid. 901(a); 104(b); *Garber v. U.S.*, 2017 WL 797096, at *3 n.4 (C.D. Cal. Feb. 27, 2017) (describing foundation as "demonstrating that [evidence is] authentic, relevant, and admissible despite being hearsay"); *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 927 (7th Cir. 2003) (explaining that "[a]dmissible documents . . . do not require sponsorship" and affirming provision to jury of exhibit not discussed with any witness).

Plaintiffs *did* use these exhibits with a witness, and now Defendants claim that the exhibits should not be admitted *because* the witness did not testify about every page of the documents. This makes no sense. If Defendants' position were valid, then any exhibit not "sufficiently" discussed by a witness would not be admissible into evidence. There is no such rule.

Finally, it would be cumulative and unnecessarily waste valuable trial time to require Plaintiffs to lay the foundation for and move to admit these same documents (which are largely unobjected to) through the NFL's upcoming witnesses, which Plaintiffs will be otherwise constrained to do. No earthly purpose would be served by requiring Plaintiffs to do so.

Defendants' other remaining objections to these exhibits should be overruled for the following reasons:

**A. Exhibits with No Objections**

Defendants did not object to the following exhibits when the parties exchanged exhibit lists and objections.

- **TX351: Media Committee Slide Deck**
- **TX050: Sunday Ticket Addressable Market Deck**
- **TX051: NFL Digital Media, Preliminary Draft Deck**

Defendants have thus conceded that these exhibits are authentic, relevant, and non-hearsay. They should be admitted in their entirety.

**B. TX047: NFL Constitution and Bylaws**

The NFL Constitution and Bylaws was produced from the NFL's business records and Defendants made no objections to the admission of this exhibit. Defendants, however, now object to admission of the NFL Constitution and Bylaws and request that only portions of this exhibit that were discussed by a witness during trial should be admitted. Plaintiffs are unaware of any rule or practice of admitting only the portions of an otherwise authentic, relevant, non-hearsay exhibit that were discussed during trial. The NFL Constitution and Bylaws is one of the core documents in this case and was relied on by this Court in denying Defendants' Motion for Summary Judgment. *See In re National Football League's Sunday Ticket Antitrust Litig.*, 2024 WL 168298, at *5, *13–15 (C.D. Cal. Jan. 11, 2024) (citing Article IV, Article X, 1998 Resolution BC-1, 2003 Resolution BC-1). The *entire* NFL Constitution and Bylaws should come into evidence because it shows that the teams, as independent businesses, establish the rules that they agree they must follow. It also shows how the different provisions and elements of the NFL Constitution work together and they specifically relate to teams' approval of the broadcasting contracts at issue in this case.

**C. TX672: NFL TV Deals Q&A**

This exhibit was produced by the NFL from its business records, and the metadata for this document shows that it was authored by NFL employee Katie

Goepel (the same NFL employee who circulated TX351, the Media Committee Slide Deck). *See* Ex. A. The only objection NFL made was to foundation, but, as discussed above, there is no sponsoring witness requirement. And, in any event, this exhibit was discussed by Dr. Rascher at trial. This exhibit is relevant not only because it was relied on by Dr. Rascher in his analysis but also because it reveals the NFL's internal strategy with respect to the contracted restraints at issue in this case (*i.e.*, that Sunday Ticket is [REDACTED] ). It is also self-authenticating under Rule 901 and non-hearsay as an admission by a party opponent because, among other things, it was prepared by an NFL employee during and within the scope of her employment.

**D. TX770: NFLST Insights/Research Deck**

This slide deck was produced by the NFL as an attachment to an email sent by NFL employee Hannah Farr to NFL employee Brent Lawton. In this email, Ms. Farr indicates that the slide deck was received from "the research team," and the metadata for the slide deck shows that it was authored by Kathryn Hevia, the Director of Consumer Insights & Research at the NFL. *See* Ex. B; Ex. C. The NFL objected to this exhibit on foundation and hearsay grounds.[2] NFL's hearsay objection should be overruled because this slide deck was prepared by an NFL employee during the course of and in the stages of her employment and is therefore both a business record and a non-hearsay admission by a party opponent. The NFL's foundation objection should also be overruled because the exhibit is self-authenticating under Rule 901. The exhibit is relevant because it shows that the NFL knew that [REDACTED] revealing that

---

[2] Defendants' objection on the basis of its Motion in Limine No. 4 should not be considered because it was made only for record preservation purposes in light of the Court's denial of that motion.

the NFL understood that its distribution model was not satisfying consumer demand and maximizing the number of viewers of NFL game telecasts.

**E. TX659: NFL Live Game: Indication of Interest**

This "ESPN Indication of Interest" document was produced by the NFL as an attachment to an email sent by ESPN Executive Vice President, Burke Magnus, to NFL employee Brain Rolapp. This exhibit concerns ESPN's bid for various packages of NFL games, including NFL Sunday Ticket. The NFL only objected to this exhibit on hearsay grounds. This document is not offered for the truth of the matter asserted but rather for "the fact that [ESPN's statements] were made." *See* Fed. R. Evid. 801, Notes to Subdivision (c). *See also Am. Fed'n of Musicians of U.S. & Canada v. Paramount Pictures Corp.*, 903 F.3d 968, 976 (9th Cir. 2018) (statement in email "admissible as verbal acts evidence" to "show that Kohan called Paramount to inquire about the hiring of scoring musicians"). This document is also offered to show: (1) [REDACTED]. *See, e.g.*, *Emich Motors Corp. v. General Motors Corp.*, 181 F.2d 70, 82 (7th Cir. 1950), *rev' on other grounds*, 340 U.S. 558 (1951) (agreeing that, under "a well-established exception to the hearsay rule," letters of complaint from customers "should have been admitted . . . to show the information on which [defendants] acted"). This exhibit is relevant to refute the NFL's claim that it believed a college-football like model for broadcasting games was infeasible.

**F. TX870: Sports Media Watch Article**

This article, showing college football TV ratings from 2021, was objected to by Defendants on hearsay and foundation grounds. The foundation requirement is satisfied because Dr. Rascher testified that the article was gathered by his staff in the course of preparing his opinions in this case. *See* June 12, 2024 Trial Transcript

at 961:23–25. Experts may rely on hearsay evidence in support of their opinions, and such evidence is admissible under Rule 703 to explain the basis of the expert's opinion. *See Paddack v. Dave Christiansen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984) (admitting hearsay evidence "upon which an expert properly relie[d]" with instruction that "the hearsay evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence"). This exhibit also falls under the "Market Reports and Similar Commercial Publications" exception to the hearsay rule. *See* Fed. R. Evid. 803(17).

* * *

For these reasons, Plaintiffs respectfully request that the Court admit the exhibits used with Dr. Rascher during his trial testimony.

Dated: June 16, 2024

Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
Eliza Finley (301318)
efinley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*