# EXHIBIT 1

| | |
|---|---|
| Marc M. Seltzer (54534)<br>mseltzer@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Phone: (310) 789-3100<br>Fax: (310) 789-3150 | Howard Langer (*Pro Hac Vice*)<br>hlanger@langergrogan.com<br>LANGER GROGAN AND DIVER PC<br>1717 Arch Street, Suite 4020<br>Philadelphia, PA 19103<br>Tel: (215) 320-5660<br>Fax: (215) 320-5703 |

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**PLAINTIFFS' RESPONSE TO NFL DEFENDANTS' TRIAL BRIEF TO PRECLUDE IMPROPER REBUTTAL TESTIMONY**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>COURTROOM:<br>First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

Plaintiffs seek to call only one witness in rebuttal—Professor Einer Elhauge—to rebut the testimony of Defendants' expert Dr. Doug Bernheim. Plaintiffs also seek to put on commercial class member Eugene Lennon, whose brother passed away at the start of trial – not as rebuttal but to accommodate his personal issue.[1]

In response to Dr. Bernheim's opinions, Prof. Elhuage will offer testimony on two discrete issues that were appropriately not presented in Plaintiffs' case-in-chief: (1) critique of the procompetitive benefits that the Defendants are now offering to justify the challenged conduct and (2) the availability of less restrictive alternatives to achieve any such benefits.

## ARGUMENT

Expert opinion is legitimate rebuttal testimony when it concerns the same subject matter as the opposing expert's report and is intended only to rebut or contradict the opposing expert's evidence. *United States ex rel. Brown v. Celgene Corp.*, 2016 WL 6542730, at *4 (C.D. Cal. June 29, 2016). Although the Court has the discretion to exclude rebuttal evidence, that discretion "should be tempered greatly where the probative value of proffered evidence is potentially high and where such evidence … was unnecessary for the plaintiff to establish in its prima facie case." *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 457–58 (2d Cir. 1975). That is precisely the case here under the "multi-step burden-shifting framework" required to "determine a restraints' actual effect on competition." Dkt. 1325 at 6 (citing *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 974 (9th Cir. 2023)).

Plaintiffs had the initial burden "to prove that the challenged restraint has a substantial anticompetitive effect that harms consumers in the relevant market." *Epic Games,* 67 F.4th at 983.

---

[1] When a death in the family forced a postponement, Plaintiffs timely informed Defendants and the Court of that development. *See* Tr. 329:24-330:5. Mr. Lennon was unable to return to Los Angeles until this week so Plaintiffs seek to call him out of order in their case-in-chief, not as a rebuttal witness.

1

Defendants now bear the burden of showing a "procompetitive rationale for the restraints" at step two. *Epic Games, Inc.*, 67 F.4th at 983. As this Court has recognized, the Rule of Reason places upon Defendants "a heavy burden of establishing an affirmative defense which competitively justifies this apparent deviation from the operations of a free market." Dkt. 1325 at 7 (citing *NCAA v. Bd. of Regents of the University of Oklahoma*, 468 U.S. 85, 113 (1984)). Plaintiffs were not required to disprove Defendants' affirmative defenses during their case-in-chief.

Evidence of less restrictive alternatives belongs in rebuttal for the same reasons. At step three of the Rule of Reason, "the burden shifts back to the plaintiff to demonstrate that the procompetitive efficiencies could be reasonably achieved through less anticompetitive means." *Epic Games, Inc.*, 67 F.4th at 990. Less restrictive alternatives by definition must respond to the procompetitive benefits offered by Defendants.

The Defendants have not identified a single instance in which a court has foreclosed Plaintiffs from presenting previously disclosed rebuttal witnesses in an antitrust trial under the Rule of Reason and its burden-shifting framework. None of the cases cited by Defendants contemplate the extraordinary relief requested here in the middle of trial. *Cf. United States v. Hirokawa*, 342 F. App'x 242, 247 (9th Cir. 2009) (affirming district court's decision to deny defendant from presenting *surrebuttal* case that would only revisit defendant's prior testimony); *Mickey v. Ayers*, 606 F.3d 1223, 1248 (9th Cir. 2010) (affirming decision to exclude surrebuttal evidence); *United States v. Clark*, 617 F.2d 180, 187 (9th Cir. 1980) (same); *Erickson v. Biogen, Inc.*, 2020 WL 885743, at *3 (W.D. Wash. Feb. 24, 2020) (precluding testimony from witness not disclosed in pretrial order).

In contrast to Plaintiffs' contemplated rebuttal evidence, each case cited by Defendants excluded purported rebuttal evidence on which Plaintiffs bore the burden of proof in their case-in-chief. The proposed rebuttal evidence in *Nexium*— establishing the date on which the defendants would have agreed to a generic

launch—"was an essential part of the Plaintiffs' prima facie case." *In re Nexium (Esomeprazole) Antitrust Litig.*, 842 F.3d 34, 55 (1st Cir. 2016); *see also G. W. I. S. by & through Stewart by & through Peck v. Integris Blackwell Reg'l Hosp.*, 2009 WL 10672482, at *1 (W.D. Okla. Oct. 22, 2009) (denying rebuttal issues of causation on which Plaintiffs bore the burden of proof in their case-in-chief).

In the other cases cited by Defendants, the Court *permitted* expert rebuttal testimony that responded directly to opinions offered by opposing experts. *See Stallworth v. Nike Retail Servs., Inc.*, 2021 WL 6618781, at *2 (C.D. Cal. Dec. 1, 2021) (permitting rebuttal evidence "that contradict[ed Plaintiffs' expert's] interpretation of the event and its effects on Plaintiffs."); *Cook v. Cnty. of Los Angeles*, 2022 WL 1470574, at *5 (C.D. Cal. Mar. 21, 2022) (permitted rebuttal opinion from the plaintiff's expert that was in direct response to opinions offered by the defendant's expert).

Professor Elhauge will testify that Dr. Bernheim's opinions are economically unsound. He will explain why Professor Bernheim is wrong in claiming that the mandatory pooling of telecast rights that allegedly "has enabled the NFL to create high value for fans" is procompetitive. He will also explain why Professor Bernheim is incorrect that characterizing the challenged restraints as vertical makes them procompetitive. And Professor Elhauge will testify that Dr. Bernheim has failed to support his proffered justifications for the challenged restraints with concrete evidence demonstrating that they actually promote competition.

For the foregoing reasons, Defendants' motion should be denied.

Dated: June 19, 2024

Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
One Manhattan West
New York, NY 10001
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*