| | |
|---|---|
| Marc M. Seltzer (54534)<br>mseltzer@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Phone: (310) 789-3100<br>Fax: (310) 789-3150 | Howard Langer (*Pro Hac Vice*)<br>hlanger@langergrogan.com<br>LANGER GROGAN AND DIVER PC<br>1717 Arch Street, Suite 4020<br>Philadelphia, PA 19103<br>Tel: (215) 320-5660<br>Fax: (215) 320-5703 |

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**MOTION FOR SUBSTANTIVE ADMISSION OF EXHIBITS ADMITTED UNDER RULE 806**<br><br>**[TRIAL BRIEF]**<br><br>JUDGE: Hon. Philip S. Gutierrez<br>TRIAL DATE: June 25, 2024<br>COURTROOM:<br> First Street Courthouse<br> 350 West 1st Street<br> Courtroom 6A<br> Los Angeles, CA 90012 |

1    Plaintiffs respectfully submit that each of the documents admitted under
2 Federal Rule of Evidence 806 should be admitted for substantive purposes as each is
3 independently admissible as relevant, authentic, and non-hearsay. If admitted,
4 Plaintiffs request that Limiting Instruction No. 9 either not be given or that it be
5 modified to reflect only those documents subject to Fed. R. Evid. 806.

6    The NFL Defendants have not raised an authenticity objection to **any** of the
7 documents at issue. The documents produced by the NFL in discovery are deemed
8 authentic by operation of law. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster,*
9 *Ltd.*, 454 F. Supp. 2d 966, 972 (C.D. Cal. 2006) ("Authentication can be
10 accomplished by judicial admission, such as . . . production of the items at issue in
11 response to a discovery request"); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp.
12 2d 769, 781 (C.D. Cal. 2004) ("[T]he documents are deemed authentic because
13 Plaintiff identified the documents as being produced by parties in discovery."). Each
14 of the documents produced by DirecTV is self-authenticating by virtue of being
15 supported by a business records affidavit, TX-466, meaning they "require no
16 extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902(11).

17    Each of the documents at issue concerns NFL's influence over the pricing of
18 Sunday Ticket, the relevance of which this Court has already recognized. "[A]ny
19 evidence of price fixing between Defendants and DirecTV is plainly relevant to
20 Plaintiffs' claims." Dkt. 1303 at 2. As detailed below, a number of these documents—
21 TX-779, TX-800, TX-806, and TX-808—were also the subject of cross-examination
22 of NFL witnesses.

23    The Court can determine from the face of each of the documents that they are
24 admissible as non-hearsay or under a hearsay exception, for the following reasons.

25    TX-612 is an internal NFL email attaching a deck concerning the pricing of
26 Sunday Ticket. The deck indicates there is "an ability to change [DirecTV's pricing]
27 before marketing begins." This document is non-hearsay under Fed. R. Evid.
28 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within

the scope of that [employment] relationship and while it existed."

TX-618 is an internal NFL email attaching a deck concerning the pricing of Sunday Ticket stating that "NFL wants all subs at satellite parity," indicating the NFL's desire to keep the price of NFLST.TV in line with satellite pricing. This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-771 is an email exchange between the NFL and DirecTV concerning DTV's revisions of pricing in response to NFL feedback. This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." Any statements made by DirecTV employees are non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to raise the price of Sunday Ticket.

TX-772 is an is an internal NFL email attaching a deck concerning the pricing of Sunday Ticket stating that the NFL is "review[ing] historical and proposed pricing ahead of meeting with AT&T." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-775 is an internal NFL email stating that that the NFL "has always approved pricing." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-777 is an internal email written by NFL employee Amy Steadman stating that "we need to be carful how we talk about pricing." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-779 is a marketing agenda shared between NFL and DirecTV employees

that states with regard to "Pricing Questions" of NFL ST that "Put together deck for NFL mgmt. update." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." Any statements made by DirecTV employees are non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to raise the price of Sunday Ticket. TX-779 was used during the cross examination of Brian Rolapp. Tr. 694.

TX-780 is an email exchange between NFL and DirecTV employees concerning "mak[ing] decisions in the room" about various issues including "2012 NFL Sunday Ticket pricing." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." Any statements made by DirecTV employees are non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to raise the price of Sunday Ticket.

TX-787 is an email sent by NFL employee Hans Schroeder in which he states that the NFL needs to "mange [sic] the DirecTV relationship," and "work on pricing for 2004." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-799 is a agenda of NFL employee Hannah Farr that states that DirecTV employee "Kellen [Pirri] sent proposed pricing for 2/12; NFL to revert." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-800 is an email from NFL employee Brent Lawton that states "Maintain premium? Yes (e.g. Google must sell at high price point.)" This document is non-

hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed. This document was used in the cross-examination of Brian Rolapp. Tr. 1032:6-1035:13.

TX-801 is a marketing agenda shared between NFL and DirecTV employees that states with regard to Satellite Pricing of 2018 that "NFL reviewing" and subsequently "Confirmed on core pricing." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." Any statements made by DirecTV employees are non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to keep Sunday Ticket prices high.

TX-802 is a marketing agenda shared between NFL and DirecTV employees that states that "NFL reviewing" 2018 Satellite Pricing. This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." Any statements made by DirecTV employees are non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to keep Sunday Ticket prices high.

TX-805 is an email exchange between NFL employee Brent Lawton and DirecTV employees concerning price increases to Sunday Ticket. This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." Any statements made by DirecTV employees are non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to keep Sunday Ticket prices high.

TX-806 is an internal email among NFL employees concerning AT&T asks concerning proposed price increases to which the NFL response is "Okay." This

document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." This document was used during the cross-examinations of Brian Rolapp, Tr. 987:15-992:15, and Cathy Yancy, Tr. 1769:24-1772:24.

TX-808 is a marketing agenda maintained by NFL employee Brian Fitzgerald which states that "DTV submitted recommended pricing" and that the next step to move forward is a "detailed price plan for 2016 for managing up with BR/RG." This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." This document was used during the cross-examinations of Brian Rolapp, Tr. 979:8-982:25 and Roger Goodell, Tr. 1535:19-1539:14.

TX 810 is an email exchange between NFL employee Hans Schroeder and DirecTV employee Alex Kaplan concerning the scope of DirecTV's pricing discretion. This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed." Any statements made by DirecTV employees are non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to keep Sunday Ticket prices high.

TX-822 is an NFL internal email talking about the "preferred pricing" of Sunday Ticket on DirecTV Now. This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-830 is an NFL internal email with an attachment stating that NFL "can help determine 199 x 309 through rights fee," referring to the price of Sunday Ticket on DTV Now. This document is non-hearsay under Fed. R. Evid. 801(2)(D) as a

statement by a party opponent – an NFL employee "on a matter within the scope of that [employment] relationship and while it existed."

TX-457 is an email from DirecTV Robert Stecklow concerning pricing meetings between the NFL and DirecTV. It is non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to raise the price of Sunday Ticket. It is also excepted from the hearsay rule under Fed. R. Evid. 803(6) as a business record supported by a custodial affidavit, TX-466.

TX-536 is an internal DirecTV internal email about the pricing of NFLST.TV, indicating the NFL's desire for the pricing of the steaming product to "mirror" satellite pricing. It is non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to raise the price of Sunday Ticket. It is also excepted from the hearsay rule under Fed. R. Evid. 803(6) as a business record supported by a custodial affidavit, TX-466.

TX 818 is a DirecTV internal email which states that DirecTV's marketing, including pricing, is "conditioned upon NFL approval." It is non-hearsay under Fed. R. Evid. 801(d)(2)(E) as statements made by the NFL's coconspirator during and in furtherance of the conspiracy to raise the price of Sunday Ticket. It is also excepted from the hearsay rule under Fed. R. Evid. 803(6) as a business record supported by a custodial affidavit, TX-466.

Plaintiffs respectfully request that the Court admit all of the above-cited exhibits as substantive evidence and omit limiting Jury Instruction No 9.

Dated: June 25, 2024

Respectfully submitted,
By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)

abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
One Manhattan West
New York, NY 10001
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com

Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*