# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**[PROPOSED] JUDGMENT**<br><br>Judge: Hon. Philip S. Gutierrez<br><br>Courtroom: First Street Courthouse<br>350 West 1st Street<br>Courtroom 6A<br>Los Angeles, CA 90012 |

WHEREAS, a jury trial of the claims asserted in the above-entitled litigation commenced on June 6, 2024, and concluded on June 27, 2024.

WHEREAS, Plaintiffs' claims were brought on behalf of themselves and a "Residential Class" and a "Commercial Class," as defined below. Both classes were certified by the Court pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

WHEREAS, the Residential Class consists of: All DirecTV residential subscribers that purchased NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011 and February 7, 2023, the date of the Court's class certification order ("Residential Class"). The Residential Class excludes the Defendants and any of their current or former parents, subsidiaries, or affiliates. The Residential Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any jurors assigned to this action.

WHEREAS, the Commercial Class consists of: All DirecTV commercial subscribers that purchased NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011 and February 7, 2023, the date of the Court's class certification order ("Commercial Class"). The Commercial Class excludes the Defendants and any of their current or former parents, subsidiaries, or affiliates. The Commercial Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any jurors assigned to this action.

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(c)(3)(B), notice was duly directed to the Residential Class and Commercial Class, and all persons and entities falling within the classes, except for those who timely requested exclusion listed below are found to be class members. The following individuals have opted out and are not members of the Residential Class or Commercial Class: Joshua Blotzer, Casey Bostjancic, Ma Bostjancic, Donald Cormier, Marianne Domek, James Fields, Caren Gallmeister, Dale Golden, Thomas Hubbard,

1  Alexander Janda, Kathy Knisely, Kurtis Knisely, Nicholas Norris, Tate Okelly, Greg
2  Ostfeld, Ken Paul, Beverly Raniseski, Benjamin Raslavish, Richard Rowley, Bob
3  Rutzel, and Robert Seele.

4  WHEREAS, Plaintiffs' claims were tried against the following Defendants:
National Football League, Inc.; NFL Enterprises, LLC; Arizona Cardinals Football
Club LLC; Atlanta Falcons Football Club LLC; Baltimore Ravens Limited
Partnership; Buccaneers Team LLC; Buffalo Bills, LLC; Chargers Football
Company, LLC; Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.;
Cleveland Browns Football Company LLC; Dallas Cowboys Football Club, Ltd.;
Detroit Lions, Inc.; Football Northwest LLC; Forty Niners Football Company LLC;
Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts, Inc.;
Jacksonville Jaguars, LLC; Kansas City Chiefs Football Club, Inc.; The Los Angeles
Rams LLC; Miami Dolphins, Ltd.; Minnesota Vikings Football, LLC; New England
Patriots LLC; New Orleans Louisiana Saints, LLC; New York Football Giants, Inc.;
New York Jets LLC; Panthers Football, LLC; PDB Sports, Ltd. d/b/a Denver
Broncos Football Club; Philadelphia Eagles, LLC; Pittsburgh Steelers LLC; Raiders
Football Club, LLC; Tennessee Football, Inc.; and Washington Football, Inc.
(collectively, the "NFL Defendants").

WHEREAS, on June 27, 2024, the jury returned a verdict in Plaintiffs' favor on the first claim for relief asserted in Plaintiffs' Second Consolidated Amended Complaint (conspiracy to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1), finding that Plaintiffs had proven a relevant antitrust market for professional football telecasts in the United States, that the NFL Defendants engaged in a conspiracy that unreasonably restrained trade in that market, that DirecTV knowingly joined that conspiracy, that the members of the Commercial Class suffered injury to their business or property as a result of that conspiracy, and that the members of the Residential Class suffered injury to their business or property as

a result of that conspiracy.

WHEREAS, on June 27, 2024, the jury returned a verdict in Plaintiffs' favor on the second claim for relief asserted in Plaintiffs' Second Consolidated Amended Complaint (conspiracy to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2), finding that Plaintiffs had proven that there was a conspiracy to engage in anticompetitive conduct with the specific intent that one of the parties to the agreement would obtain or maintain monopoly power in the relevant market, that the NFL Defendants committed an overt act in furtherance of that conspiracy, that DirecTV knowingly joined this conspiracy and committed an overt act in furtherance of that conspiracy, that the members of the Commercial Class suffered injury to their business or property as a result of this conspiracy, and that the members of the Residential Class suffered injury to their business or property as a result of this conspiracy.

IT IS HEREBY ORDERED AND ADJUDGED that:

1. Judgment is entered in favor of Plaintiffs and against Defendants on the claims asserted in Plaintiffs' Second Consolidated Amended Complaint.

2. Pursuant to 15 U.S.C. § 15(a), the jury's verdict of $96,928,272.90 for the Commercial Class is trebled to the amount of $290,784,818.70. As a result, the Commercial Class is awarded $290,784,818.70.

3. Pursuant to 15 U.S.C. § 15(a), the jury's verdict of $4,610,331,671.74 for the Residential Class is trebled to the amount of $13,830,995,015.22. As a result, the Residential Class is awarded $13,830,995,015.22.

4. Pursuant to 15 U.S.C. § 15(a), Plaintiffs shall be further awarded the costs of suit, including reasonable attorneys' fees. The Court will determine the amount of these costs and fees in a further order, with such determination being only to determine the amount of fees and costs taxable to the NFL Defendants. The amount of attorneys' fees, costs, and expenses to be awarded to Plaintiffs' attorneys

pursuant to Federal Rule of Civil Procedure 23(h) shall be determined separately in a further order.

5. Pursuant to 28 U.S.C. § 1961, Plaintiffs are awarded post-judgment interest from the date of entry of this Judgment at the applicable federal post-judgment interest rate, compounded annually, on all of the foregoing amounts until this Judgment is paid in full.

6. Each of the NFL Defendants are jointly and severally obligated to pay the amounts awarded to Plaintiffs by this Judgment.

7. The Court hereby retains continuing jurisdiction to determine the following in future orders: (a) what declaratory, injunctive, or other equitable relief shall be awarded in favor of the Commercial Class and Residential Class; (b) the costs of suit, including reasonable attorneys' fees under 15 U.S.C. § 15(a); and (c) the amount of attorneys' fees, costs, and expenses to be paid to Plaintiffs' attorneys under Federal Rule of Civil Procedure 23(h).

**IT IS SO ORDERED.**

Dated: _____    _____
PHILIP S. GUTIERREZ
United Sates District Judge