Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>―――――――――――――――<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**NFL DEFENDANTS' OBJECTIONS TO PROPOSED JUDGMENT**<br><br>Judge: Hon. Philip S. Gutierrez<br>Courtroom: First Street Courthouse<br>　　　　　350 West 1st Street<br>　　　　　Courtroom 6A<br>　　　　　Los Angeles, CA 90012 |

Defendants object to Plaintiffs' proposed judgment, ECF No. 1489-1, insofar as it seeks entry of partial judgment. Entry of partial judgment is legally improper and makes no practical sense. Many issues need to be resolved before any entry of final judgment, and entering a single final judgment will avoid needless and wasteful piecemeal appeals. The Court should defer entry of judgment until Plaintiffs' claims are fully addressed.

## ARGUMENT

Plaintiffs lodged a proposed judgment that purports to memorialize the jury verdict in this case. Defendants do not understand Plaintiffs or the Court to be suggesting that the proposed and partial judgment be entered at this point. Insofar as that is Plaintiffs' intent, taking that step would be wholly improper.

Entry of judgment is appropriate only where a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See Parsons v. Ryan*, 949 F.3d 443, 472 (9th Cir. 2020) (quoting *United States v. Washington*, 761 F.2d 1404, 1406 (9th Cir. 1985)). Federal Rule of Civil Procedure 54(b) creates a limited exception and allows for entry of partial judgment "if the Court makes an express determination that there is no just reason for delay." *Light Petroleum, Inc. v. ExxonMobil Oil Corp.*, 2013 WL 12183613, at *2 (C.D. Cal. Mar. 22, 2013). Plaintiffs have not requested such a determination, and the Court should not make one here.

*First*, there is no reason to deviate from the longstanding, traditional rule of entering judgment only when all claims are fully resolved. Partial judgment under Rule 54(b) is appropriate only "where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981). Here, there is no evidence (and Plaintiffs have adduced none) that any "harsh and unjust result" would arise from properly entering judgment once all claims are fully resolved. On the contrary, Plaintiffs' proposed judgment expressly identifies the issue of injunctive relief as remaining to be addressed based on the trial record. ECF No. 1489-1, ¶ 7. Nor is this an "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs

of the litigants for an early and separate judgment as to some claims." *Morrison-Knudsen Co.*, 655 F.2d at 965. Just the opposite: As explained further below, the appellate court would greatly benefit from a single, unified judgment.

*Second*, partial judgment is even more improper where, as here, there are other legal issues to be resolved in this Court that involve "similarity of legal or factual issues." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005) (cleaned up) (quoting *Morrison-Knudsen Co.*, 655 F.2d at 965). Plaintiffs are seeking injunctive relief, and there are similar, if not identical, legal and factual underpinnings for that claim. *See generally* ECF No. 441 (Plaintiffs' Second Consolidated Amended Complaint). Resolving the injunctive claim, if doing so is even necessary in light of the failures of Plaintiffs' case, *see infra* at 3, will involve many of the same issues that were submitted to the jury, including (but not limited to) the relevant antitrust market, the existence of anticompetitive and procompetitive effects, and the implication of the Sports Broadcasting Act on Plaintiffs' claims. Entering judgment as to the damages claim at this point would thus lead to multiple appeals of identical and overlapping issues. This Court should decline to enable "[s]uch piecemeal appeals" that "would likely result in the duplication of work and the needless expense of resources for the parties." *Parker Home Improvement Source, Inc. v. Liberty Surplus Ins. Corp.*, 2013 WL 12138680, at *2 (C.D. Cal. Mar. 27, 2013). Courts commonly prevent such appeals in the interest of judicial economy. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637, ECF No. 6896 (N.D. Ill. 2023) (denying entry of partial judgment under Rule 54(b)). Instead, the case "should be reviewed only as [a] single unit[]" once all claims are resolved. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).

*Third*, not even the damages claim is ripe for judgment, because the Court has yet to determine apportionment of the verdict among class members. In a class action, "the liability claims of the class will not be the subject of a final decision, and therefore will not be appealable, until the district court establishes both the formula that will determine the division of damages among class members and the principles that will guide the disposition of any unclaimed funds." *Strey v. Hunt Int'l Res. Corp.*, 696 F.2d 87, 88 (10th Cir. 1982).

1  Here, this Court has not yet addressed either of these matters, nor has it been presented
2  with a mechanism for doing so—even assuming that one can be identified. At trial, all
3  Plaintiffs' damages calculations were premised on applying a "reduction factor" to each
4  class member's purchases. *See* ECF No. 1490, at 8. The jury completely rejected Plaintiffs'
5  models, which—in addition to requiring judgment for Defendants or decertification of the
6  class, *see* ECF No. 1490, at 6–10—means there is *no* discernible formula to apportion
7  damages among class members.  And Plaintiffs have not proposed any alternative method
8  of apportionment.  Without the requisite "thorough framework for determining each
9  individual class member's damages," this Court should decline to enter judgment. *See*
10 *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1138 (10th Cir. 2010); *see also Silivanch v.*
11 *Celebrity Cruises, Inc.*, 2000 WL 1211578, at *4 (S.D.N.Y. Aug. 25, 2000) ("[A]
12 determination of damages that does not allocate an aggregate sum among claimants is not
13 final." (cleaned up) (quoting 15B Charles A. Wright et al., *Federal Practice and*
14 *Procedure*, § 3915.2, at 278 (1992)).

15 *Fourth*, entering partial judgment prematurely would significantly prejudice
16 Defendants. Because judgments are generally enforceable 30 days after entry, Fed. R. Civ.
17 P. 62(a), Defendants would presumably need to provide a bond or other security to stay
18 enforcement pending appeal and resolution of other issues. *See* Fed. R. Civ. P. 62(b). The
19 Court would have discretion over the existence and amount of the bond.  *Gemcap Lending*
20 *I LLC v. Crop USA Ins. Agency Inc.*, 2021 WL 4527741, at *1 (C.D. Cal. July 21, 2021)
21 (listing factors courts consider when determining bond requirement (quoting *Dillon v. City*
22 *of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988))). But the potential difficulty and actual
23 prejudice of any bond requirement cannot be overstated, and the premium alone would be
24 significantly prejudicial to Defendants given the unwarranted size of the verdict. Given the
25 many deficiencies in Plaintiffs' case, the need to post a bond should never arise at all, but
26 certainly not on an unnecessarily expedited schedule.

27 *Finally*, there is no warrant to enter judgment in Plaintiffs' favor at all, for the
28 reasons set forth in Defendants' motion for judgment as a matter of law, ECF No. 1456,

and supplemental motion for judgment as a matter of law or for a new trial, ECF No. 1490. This case never should have gone to the jury because of the glaring deficiencies in Plaintiffs' expert testimony, which the Court recognized prior to verdict. ECF No. 1456, at 3–10; *see* 06/18/24 Tr. 1621:4–1623:15. Moreover, the jury verdict is indefensible for myriad reasons, including the jury's self-created and nonsensical damages model, ECF No. 1490, at 4–10, and Plaintiffs' wholly improper and prejudicial eleventh-hour reinvention of their case in contravention of their representations to this Court, the Ninth Circuit, and the Supreme Court for over a decade, *id.* at 10–15. The Court should instead enter Defendants' proposed judgment, ECF No. 1490-2, terminating the case.

For all these reasons, the Court should decline to enter Plaintiffs' proposed partial judgment and defer entry of judgment until all Plaintiffs' claims are fully resolved, and the decision is truly "final." *See Novella v. Westchester Cty.*, 335 Fed. App'x 73, 74 (2d Cir. 2009) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))); *see also NAACP v. Florida Dep't of Corr.*, 2005 WL 6046076, at *1 (M.D. Florida 2005) ("[T]he Court withheld the entry of judgment pending resolution of Plaintiffs' claims for injunctive relief."); *Bell v. Taylor*, 791 F.3d 745, 748 (7th Cir. 2015) (district court ruling "not final" where "the court did not resolve [the] claims for injunctive relief"). That approach benefits the parties, this Court, and any courts that review this case on appeal.

## CONCLUSION

The Court should decline to enter judgment until after complete resolution of Plaintiffs' claims.

| | |
|---|---|
| Dated: July 9, 2024 | Respectfully submitted, |

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Neema T. Sahni (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*