# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx)<br><br>**[PROPOSED] JUDGMENT** |

WHEREAS, from June 5 through June 26, 2024, this Court presided over a jury trial of the claims asserted in the above-entitled litigation.

WHEREAS, Plaintiffs' claims were brought on behalf of themselves and a "Residential Class" and a "Commercial Class," as defined below. Both classes were certified by the Court pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

WHEREAS, the Residential Class consists of: All DirecTV residential subscribers that purchased NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011 and February 7, 2023, the date of the Court's class certification order ("Residential Class"). The Residential Class excludes the Defendants and any of their current or former parents, subsidiaries, or affiliates. The Residential Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any jurors assigned to this action. (*See* ECF No. 894 at 25.)

WHEREAS, the Commercial Class consists of: All DirecTV commercial subscribers that purchased NFL Sunday Ticket from DirecTV, or its subsidiaries, at any time between June 17, 2011 and February 7, 2023, the date of the Court's class certification order ("Commercial Class"). The Commercial Class excludes the Defendants and any of their current or former parents, subsidiaries, or affiliates. The Commercial Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any jurors assigned to this action. (*See* ECF No. 894 at 25.)

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(c)(2), notice was duly directed to the Residential Class and Commercial Class, and all persons and entities falling within the classes, except for those who timely requested exclusion listed below are found to be class members. The following individuals have opted out and are not members of the Residential Class or Commercial Class: Joshua

Blotzer, Casey Bostjancic, Ma Bostjancic, Donald Cormier, Marianne Domek, James Fields, Caren Gallmeister, Dale T. Golden, Thomas Hubbard, Alexander Janda, Kathy Knisely, Kurtis Knisely, Nicholas Norris, Tate Okelly, Greg Ostfeld, Ken Paul, Beverly Raniseski, Benjamin Raslavish, Richard Rowley, Bob Rutzel, and Robert Seele.

WHEREAS, Plaintiffs' claims were tried against the following Defendants: National Football League; NFL Enterprises LLC; Arizona Cardinals Football Club LLC; Atlanta Falcons Football Club, LLC; Baltimore Ravens Limited Partnership; Buccaneers Team LLC; Buffalo Bills, LLC; Chargers Football Company, LLC; The Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns Football Company LLC; Dallas Cowboys Football Club, Ltd.; The Detroit Lions, Inc.; Football Northwest LLC; Forty Niners Football Company LLC; Green Bay Packers, Inc.; Houston NFL Holdings, L.P.; Indianapolis Colts, Inc.; Jacksonville Jaguars, LLC; Kansas City Chiefs Football Club, Inc.; The Los Angeles Rams, LLC; Miami Dolphins, Ltd.; Minnesota Vikings Football, LLC; New England Patriots LLC; New Orleans Louisiana Saints, LLC; New York Football Giants, Inc.; New York Jets LLC; Panthers Football, LLC; Denver Broncos Team, LLC; Philadelphia Eagles, LLC; Pittsburgh Steelers LLC; Raiders Football Club, LLC; Tennessee Football, LLC; and Pro-Football LLC (collectively, the "NFL Defendants").

WHEREAS, on June 24, 2024, after the close of evidence, Plaintiffs and the NFL Defendants each filed a Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a). (ECF No. 1456 (Defendants); ECF No. 1457 (Plaintiffs).)

WHEREAS, on June 25, 2024, the Court denied Plaintiffs' Motion for Judgment as a Matter of Law and took the NFL Defendants' Motion for Judgment as a Matter of Law under submission. (ECF No. 1461.)

WHEREAS, on June 27, 2024, the jury returned a verdict in Plaintiffs' favor

on both claims asserted in Plaintiffs' Consolidated Amended Complaint (that the NFL Defendants' conduct violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 2 of the Sherman Act, 15 U.S.C. § 2). (ECF No. 1464.)

WHEREAS the jury awarded the Commercial Class $96,928,272.90 and the Residential Class $4,610,331,671.74 in damages. (*See* ECF No. 1481.)

WHEREAS, on July 3, 2024, the NFL Defendants filed a Renewed Motion for Judgment as a Matter of Law or for a New Trial under Federal Rules of Civil Procedure 50(b) and 59. (ECF No. 1490.)

WHEREAS, on July 31, 2024, the Court held a hearing on the NFL Defendants' Motions for Judgment as a Matter of Law or for a New Trial. (ECF Nos. 1456, 1490.)

WHEREAS, on August 1, 2024, after considering the parties' arguments and based on the Court's observations at trial, the Court issued an order granting the NFL Defendants judgment as a matter of law as to all of Plaintiffs' claims and conditionally granting a new trial. (ECF No. 1513.)

IT IS HEREBY ORDERED AND ADJUDGED that:

1. Judgment is entered in favor of the NFL Defendants and against Plaintiffs as to all claims for relief asserted in Plaintiffs' Second Consolidated Amended Complaint, including but not limited to Plaintiffs' claims for equitable and declaratory relief.
2. For purposes of Federal Rule of Civil Procedure 54(d)(1), the NFL Defendants are the prevailing party. The Court will determine the amount of costs in a further order.
3. The Court hereby retains continuing jurisdiction to determine whether any costs of suit should be paid under Rule 54(d)(1).

1 | JUDGMENT IS HEREBY ENTERED in favor of the NFL Defendants on all
2 | counts.
3 | **IT IS SO ORDERED.**
4 |
5 | Dated: _____     _____
6 | PHILIP S. GUTIERREZ
United States District Judge