Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN & DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-PSG (SKx) <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JUDGMENT** <br><br> JUDGE: Hon. Philip S. Gutierrez <br><br> COURTROOM: <br> First Street Courthouse <br> 350 West 1st Street <br> Courtroom 6A <br> Los Angeles, CA 90012 |

On August 8, 2024, the Court ordered Defendants "to prepare a proposed judgment that is consistent with the Court's Order granting judgment as a matter of law." ECF No. 1532 at 1. On August 15, 2024, Defendants lodged a proposed form of judgment requesting the Court enter judgment in Defendants' favor "as to all claims," including Plaintiffs' pending claims for injunctive, declaratory, and equitable relief. ECF No. 1535-1 at 1; *see also* ECF No. 441, at 57 (Second Consolidated Amended Complaint).

Plaintiffs hereby respectfully object to Defendants' proposed form of judgment. The proposed judgment is deficient for several reasons, and it should not be entered. Most importantly, the proposed judgment is not consistent with the Court's Order granting judgment as a matter of law. The proposed judgment purports to resolve "all claims" against Plaintiffs, even though the Court's Order did not rule on Plaintiffs' claims for declaratory and equitable relief, which therefore remain live and subject to further litigation. Those claims were not addressed by the jury; were not addressed by Defendants' motion under Rule 50(b); and were not addressed by the Court's Order granting judgment as a matter of law. The Court should not permit Defendants, through their proposed judgment, to short-circuit the need for further proceedings to determine whether declaratory, injunctive, or other equitable relief should be granted. Nor are Defendants entitled to recover their costs.

## BACKGROUND

The Plaintiffs in these consolidated actions brought suit under Sections 1 and 2 of the Sherman Antitrust Act alleging that Defendants—the National Football League, its member teams, and DirecTV—acted in concert to suppress competition in the market for professional football game telecasts. Roughly seven weeks ago, on June 27, 2024, the jury rendered its verdict in favor of Plaintiffs on both Sherman Act claims, awarding nearly $4.7 billion in damages. The following week, on July 3, Defendants filed a motion for judgment as a matter of law under Federal Rule of Civil

Procedure 50(b) or, in the alternative, for a new trial under Federal Rule of Civil Procedure 59.

On August 1, 2024, the Court granted in part Defendants' motion under Rule 50(b). *See* ECF No. 1513. The Court concluded that the testimony of two of Plaintiffs' experts, Dr. Rascher and Dr. Zona, should be excluded under Federal Rule of Evidence 702. *Id.* at 9, 11. Absent that testimony, the Court further held, Plaintiffs had failed to adduce sufficient proof of class-wide injury and damages.

The Court nevertheless concluded that, even without considering the testimonies of Dr. Rascher and Dr. Zona, a reasonable jury could find that Defendants engaged in "a conspiracy that unreasonably restrained trade." *Id.* at 12. The Court emphasized that "[t]here was evidence in the record—even without the testimonies of Dr. Rascher and Dr. Zona—to support a reasonable jury's finding of an unreasonable restraint of trade at each step of the rule of reason." *Id.* As a result, the Court explained, a "reasonable jury could find"—as the jury here in fact did—that Plaintiffs proved "there were anticompetitive effects, that Defendants' procompetitive justifications were pretextual or unrelated to the restraints, and/or that there were less-restrictive alternatives." *Id.* That remained so "[w]hether or not the Court agree[d] that there is a basis supported by the record for the jury's damages." *Id.* at 13. The "damages verdict," the Court emphasized, "itself does not allow the Court to disturb the jury's other findings." *Id.*

On August 8, two days after Plaintiffs requested the Court's guidance on further proceedings in the case, *see* ECF No. 1531, the Court ordered Defendants to submit a proposed form of judgment reflecting the Court's August 1 Order, *see* ECF No. 1532. Defendants lodged that proposed form of judgment on August 15, 2024, requesting the Court enter judgment in Defendants' favor "as to all claims," including Plaintiffs' pending claims for injunctive, declaratory, and equitable relief. ECF No. 1535-1 at 1.

1

## ARGUMENT

Defendants' proposed form of judgment should not be entered. The judgment does not conform to what this Court actually ruled and would instead have this Court dismiss Plaintiffs' claims for injunctive, declaratory, and equitable relief even though no factfinder has ever adjudicated them. If anything, the Court's August 1 Order—in particular its finding that there was sufficient evidence "to support a reasonable jury's finding of an unreasonable restraint of trade at each step of the rule of reason," ECF No. 1513 at 12—*supports* granting such relief. It is respectfully submitted that the Court should reject Defendants' bid to dispose of claims that have not yet been addressed.[1]

***First***, Plaintiffs' claims for injunctive, declaratory, and equitable relief have not been adjudicated, and their dismissal is thus inappropriate. The jury could not and did not consider those claims, especially because the Court precluded the introduction of "evidence or argument about injunctive relief and forward-looking changes" at trial. ECF No. 1292 at 3. Defendants' pre-verdict and post-verdict motions under Rules 50 and 59 do not mention that relief either. Nor does the Court's August 1 Order. Entering Defendants' proposed judgment would thus foreclose claims that Plaintiffs have not had an opportunity to press, that the parties have not had an opportunity to litigate, and that the Court has not had an opportunity to resolve. The Court should therefore hold further proceedings to determine Plaintiffs' entitlement to injunctive, declaratory, or equitable relief, including considering whether additional evidence or discovery pertinent to that relief, including evidence of threatened or future harm, is warranted.

---

[1] The Court's August 8 Order required Defendants "to prepare a proposed judgment that is consistent with the Court's order granting judgment as a matter of law." ECF No. 1532 at 1. The Court's August 1 Order, however, did not address Plaintiffs' claims for injunctive, declaratory, or other equitable relief. Defendants' proposed judgment is therefore *not* "consistent with the Court's order granting judgment as a matter of law." *Id.* Plaintiffs accordingly submit the objection herein, which is limited to contesting Defendants' compliance with the Court's August 8 Order and reserving any objection as to the merits of that order for appellate review. Plaintiffs are not seeking reconsideration of the Court's August 1 Order.

***Second***, the Court's partial grant of judgment as a matter of law did not implicitly foreclose Plaintiffs' claims for injunctive, declaratory, or equitable relief. The Court recognized that "[t]here was evidence in the record—even without the testimonies of Dr. Rascher and Dr. Zona—to support a reasonable jury's finding of an unreasonable restraint of trade at each step of the rule of reason." ECF No. 1513 at 12. Consequently, the Court held, a "reasonable jury could find" that Defendants' conduct produced "anticompetitive effects." *Id.*

Defendants' ongoing anticompetitive conduct is what the injunctive relief that Plaintiffs seek would address. As the Court observed in its class certification order, "because Defendants' conduct is likely to continue, albeit with a new home for Sunday Ticket, the entire class is likely to continue to be subjected to Defendants' anticompetitive restraints on telecasts." ECF No. 894 at 22. The jury determined that Defendants engaged in "the challenged conduct driving this antitrust case." *Id.* That conduct indisputably "remains ongoing." *Id.* And "the entire class" will thus "continue to be subjected to Defendants' anticompetitive restraints on telecasts." *Id.* at 22.

The Court's recent grant of judgment as a matter of law on the issue of damages does not change the analysis. In its August 1 Order, the Court observed that Plaintiffs had not tendered sufficient class-wide proof to support "an award of actual damages," once the testimony of Dr. Rascher and Dr. Zona was set aside. ECF No. 1513 at 12. The Court reasoned that absent such testimony, "it is impossible for a jury to determine on a class-wide basis that Sunday Ticket subscribers would have indeed paid less in the absence of Defendants' anticompetitive conduct." *Id.*

But the Court's conclusions with respect to class-wide *monetary* relief for past conduct do not determine the propriety of class-wide *injunctive* relief for ongoing and future conduct. Consistent with the critical differences between Rule 23(b)(2) and (b)(3) classes, courts have permitted class-wide injunctive relief even when "plaintiffs cannot prove their damages case on a class-wide basis." *Laumann v. Nat'l*

*Hockey League*, 105 F. Supp. 3d 384, 398 (S.D.N.Y. 2015). Even accepting the correctness of the Court's ruling, any order entered cannot possibly reach beyond what was *sub judice.* Further, the forward-looking relief remains materially distinct from the damages-related issues that the Court's August 1 Order considered. The Court's Order expressly specified that it was considering whether "a jury [could] determine on a class-wide basis that Sunday Ticket subscribers *would have indeed paid less*." ECF No. 1513 at 12 (emphasis added). The equitable relief that Plaintiffs seek, however, requires no proof of monetary harm. Unlike the damages remedy under Section 4 of the Clayton Act, the injunctive remedy authorized by Section 16 does not require demonstrating injury to "business or property." *Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 111 (1986). Nor does Section 16's injunctive remedy require demonstrating past harm—it is, instead, future threatened harm that matters. *See id.* For purposes of Plaintiffs' claims under Section 16, therefore, it is sufficient that the challenged conduct in this case—Defendants use of restraints to "limit consumers' choice to one source of output"—threatens to inflict an antitrust injury. *Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1010-11 (9th Cir. 2003); *see, e.g.*, *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1003 (9th Cir. 2008) (antitrust injury where agreement "prevents choice between market alternatives"); *accord Amarel v. Connell*, 102 F.3d 1494, 1509 (9th Cir. 1996), *as amended* (Jan. 15, 1997); *see also MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 186 (2d Cir. 2016) (recognizing that "reduced consumer choice can constitute harm to competition"); *Laumann*, 105 F. Supp. 3d at 397 (recognizing that "diminish[ed] consumer choice" will "constitute an antitrust injury"); *id.* at n. 46 (collecting cases recognizing same). "[A]greement[s] limiting consumer choice by impeding the ordinary give and take of the market place" constitute an independent anticompetitive injury warranting equitable relief. *F.T.C. v. Indiana Fed'n of Dentists*, 476 U.S. 447, 459 (1986) (citation and quotation marks omitted). For similar reasons, Plaintiffs' claims for declaratory relief and remedies based on

declaratory relief remain live.

*Third*, Defendants' proposed form of judgment errs in requesting the Court to conclude that Defendants are the "prevailing party" for purposes of taxing costs under Rule 54(d). The "prevailing party" for purposes of Rule 54(d)(1) is the party "in whose favor judgment is rendered." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*, 568 F.3d 725, 741 (9th Cir. 2009); *see also* L.R. 54-1 ("The 'prevailing party' entitled to costs under Rule 54(d) is the party in whose favor judgment is entered, unless otherwise determined by the Court."). As discussed, because Plaintiffs' claims for injunctive, declaratory, and equitable relief remain live, Defendants' request to tax costs is not ripe for resolution.

Further, the undisturbed findings that Defendants engaged in unlawful conduct mitigates against any finding that the Defendants are a prevailing party in this litigation. Most critically, because Plaintiffs prevailed on the issues found by the jury in the special verdict form not disturbed by the Court's August 1 Order, Defendants are not the prevailing party in this litigation. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1380 (11th Cir. 2022) (district court may find no prevailing party for purposes of costs where there has been a split judgment); *San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 2023 WL 7597630, at *7 (S.D. Cal. Nov. 14, 2023) (holding that there was no prevailing party in mixed judgment case).

Moreover, federal courts retain "discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster*

*Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014).

Every one of these factors supports declining to tax costs here. There can be no doubt that this case "presented a landmark issue of national importance." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Litigation has spanned a decade, occupying every corner of the federal judicial system—a jury trial and post-verdict proceedings in this Court; a full-blown appeal in the Ninth Circuit; and certiorari proceedings before the United States Supreme Court. And at the end of that all, the jury rendered a verdict for plaintiffs, the liability portion of which was upheld. This Court should not tax costs in the face of "the mixed judgment" that it ultimately reached. *In re Cell Tower Litig.*, 2012 WL 1919900, at *3 (S.D. Cal. May 24, 2012).

Imposing costs in this hotly contested and now split-decision case based on the Court's August 1 Order, moreover, would only chill future meritorious class action suits. As courts in this district have recognized, "[c]lass actions often involve relatively small monetary claims by each plaintiff, and taxing substantial litigation costs on individual Plaintiffs here may chill potential plaintiffs' willingness to assume the monetary risk." *Hamilton v. TBC Corp.*, 2020 WL 5982391, at *3 (C.D. Cal. Feb. 13, 2020). After all, "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (citation and quotation marks omitted). Taxing costs here would turn that policy on its head, making plaintiffs who are already structurally disadvantaged from bringing suit only less likely to do so.

In a significant case where plaintiffs prevailed before the jury, between parties that could not be further apart in terms of economic power, awarding costs is unwarranted. Rule 54(b) does not countenance Defendants' request in these extraordinary circumstances.

1
                                                    *

2          The Court should not enter Defendants' proposed judgment. The judgment

3  seeks to resolve claims that remain live and have never been addressed while

4  requesting the taxing of costs despite the inappropriateness of doing so. Further

5  proceedings are warranted to consider Plaintiffs' entitlement to declaratory,

6  injunctive, or other equitable relief.

7

8  Dated: August 19, 2024                    Respectfully submitted,

9

10                                            By: /s/ Marc M. Seltzer

11                                            Marc M. Seltzer (54534)
                                              mseltzer@susmangodfrey.com
12                                            Kalpana Srinivasan (237460)
                                              ksrinivasan@susmangodfrey.com
13                                            Amanda Bonn (270891)
                                              abonn@susmangodfrey.com
14                                            Eliza Finley (301318)
                                              efinley@susmangodfrey.com
15                                            SUSMAN GODFREY L.L.P.
                                              1900 Avenue of the Stars, Suite 1400
16                                            Los Angeles, CA 90067
                                              Tel: (310) 789-3100
17                                            Fax: (310) 789-3150

18                                            Bill Carmody (*Pro Hac Vice*)
                                              bcarmody@susmangodfrey.com
19                                            Seth Ard (*Pro Hac Vice*)
                                              sard@susmangodfrey.com
20                                            Tyler Finn (*Pro Hac Vice*)
                                              tfinn@susmangodfrey.com
21                                            SUSMAN GODFREY L.L.P
                                              One Manhattan West
22                                            New York, NY 10001
                                              Tel: (212) 336-8330
23                                            Fax: (212) 336-8340

24                                            Ian M. Gore (*Pro Hac Vice*)
                                              igore@susmangodfrey.com
25                                            SUSMAN GODFREY L.L.P.
                                              401 Union Street, Suite 3000
26                                            Seattle, WA 98101
                                              Tel: (206) 505-3841
27                                            Fax: (206) 516-3883

28                                            Scott Martin (*Pro Hac Vice*)
                                              smartin@hausfeld.com

                                              8

HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*