Beth A. Wilkinson (admitted *pro hac vice*)
Brian L. Stekloff (admitted *pro hac vice*)
Rakesh N. Kilaru (admitted *pro hac vice*)
Jeremy S. Barber (admitted *pro hac vice*)
Max. J. Warren (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jbarber@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Gregg H. Levy (admitted *pro hac vice*)
Derek Ludwin (admitted *pro hac vice*)
John S. Playforth (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5429
glevy@cov.com
dludwin@cov.com
jplayforth@cov.com

*Counsel for Defendants National Football League, NFL Enterprises LLC, and the Individual NFL Clubs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:15-ml-02668−PSG (SKx)<br><br>**DECLARATION OF RAKESH N. KILARU IN SUPPORT OF NFL DEFENDANTS' BILL OF COSTS** |

I, Rakesh N. Kilaru, declare as follows:

1. I am a partner at the law firm of Wilkinson Stekloff LLP and represent the NFL Defendants[1] in this litigation. I am admitted *pro hac vice* to practice before the United States District Court for the Central District of California in this litigation.

2. I submit this declaration in support of the NFL Defendants' Bill of Costs. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

3. Beginning on June 17, 2015, approximately two dozen cases were filed in multiple districts against the NFL Defendants and DIRECTV relating to the "Sunday Ticket" out-of-market NFL broadcasting package. Pursuant to a December 10, 2015 order of the Judicial Panel on Multidistrict Litigation, the cases were transferred to Judge Beverly Reid O'Connell in the Central District of California for pretrial proceedings and consolidated as *In re NFL Sunday Ticket Antitrust Litigation*, No. 15-ml-2668-BRO (C.D. Cal.).

4. Plaintiffs served their first set of discovery requests on the NFL Defendants in January 2021. Thereafter, the parties spent months negotiating the proper scope of discovery.

---

[1] The NFL Defendants consist of: the National Football League; NFL Enterprises LLC; Arizona Cardinals Football Club LLC; Atlanta Falcons Football Club, LLC; Baltimore Ravens Limited Partnership; Buccaneers Team LLC; Buffalo Bills, LLC; Chargers Football Company, LLC; The Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns Football Company LLC; Dallas Cowboys Football Club, Ltd.; The Detroit Lions, Inc.; Denver Broncos Team, LLC; Football Northwest LLC; Forty Niners Football Company LLC; Green Bay Packers, Inc.; Houston NFL Holdings, L.P.; Indianapolis Colts, Inc.; Jacksonville Jaguars, LLC; Kansas City Chiefs Football Club, Inc.; The Los Angeles Rams, LLC; Miami Dolphins, Ltd.; Minnesota Vikings Football, LLC; New England Patriots LLC; New Orleans Louisiana Saints, LLC; New York Football Giants, Inc.; New York Jets LLC; Panthers Football, LLC; Philadelphia Eagles, LLC; Pittsburgh Steelers LLC; Raiders Football Club, LLC; Tennessee Football, LLC; and Pro-Football LLC.

5. Fact discovery was originally scheduled to end on March 22, 2022 (Dkt. 294), but was extended twice. Fact discovery ultimately closed on August 5, 2022. (Dkt. 434.)

6. Throughout the litigation, the NFL Defendants produced over 139,000 documents spanning more than 1,285,000 pages in response to Plaintiffs' document requests.

7. Fifty-eight depositions were taken in this matter, including 6 expert depositions at the class certification phase, 9 expert depositions at the merits phase, 16 depositions of NFL witnesses, 22 depositions of third-party witnesses, and 5 plaintiff depositions.

8. On February 7, 2023, the Court granted Plaintiffs' Motions for Class Certification. (Dkt. 894.)

9. On January 11, 2024, the Court denied the NFL Defendants' Motion for Summary Judgment. (Dkt. 1155.)

10. From June 5, 2024 to June 26, 2024, a jury trial was held in this action. (Dkts. 1391, 1462.)

11. After the close of evidence, both parties filed motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). (Dkts. 1456, 1457, 1458.) The Court denied Plaintiffs' motion and took the NFL Defendants' motion under submission to be considered with Defendants' potential FRCP 50(b) motion. (Dkt. 1461; 06/27/24 Tr. 2504:4–16; 06/25/24 Tr. 2321:9–18.)

12. On June 26, 2024, closing arguments were heard, and the jury was instructed. (Dkt. 1462.)

13. On June 27, 2024, the jury reached a verdict in favor of Plaintiffs. (Dkt. 1464.)

14. On July 3, 2024, the NFL Defendants filed a renewed motion for judgment as a matter of law or alternatively for a new trial. (Dkt. 1490.) After briefing was complete, the Court heard arguments on the motion on July 31, 2024.

15. On August 1, 2024, the Court issued an order granting the NFL Defendants judgment as a matter of law as to all of Plaintiffs' claims. (Dkt. 1513.)

16. On August 20, 2024, the Court entered final judgment in favor of the NFL Defendants and against the Plaintiffs as to all claims for relief asserted in Plaintiffs' Second Consolidated Complaint, and ordered that the NFL Defendants are the prevailing party in this action for purposes of Federal Rule of Civil Procedure 54(d)(1). (Dkt. 1542.)

17. I have reviewed the NFL Defendants' Bill of Costs and the schedules and invoices for those costs submitted herewith. The costs included in the NFL Defendants' Bill of Costs are correctly stated, were necessarily incurred in this action, and are allowable by law, and the services for which fees have been charged were actually and necessarily performed. Further, the costs in the NFL Defendants' Bill of Costs are fairly attributable to the defense of claims asserted in this litigation and are recoverable by the NFL Defendants under 28 U.S.C. § 1920, the Local Civil Rules for the Central District of California, and relevant caselaw.

18. With respect to costs for "Depositions" under L.R. 54-3.5 and 28 U.S.C. § 1920(2), the NFL Defendants seek costs incurred for transcript services, including costs for stenographic reporting services at the depositions; costs for rough transcripts and final transcripts; and costs of the reporter's reproduction of exhibits used at the depositions. All of these costs were necessary, and indeed are normally incurred, in complex litigation such as this case. For each deposition, it was necessary that the NFL order both rough and expedited transcripts, as the timing of other deadlines in this matter did not permit delivery of transcripts in the ordinary course. For purposes of the Bill of Costs, however, the NFL Defendants have only requested deposition transcript costs equal to the ordinary page rate under the Judicial Conference Guidelines. A table itemizing the recoverable costs that the NFL Defendants incurred for depositions under L.R. 54-3.5, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit A**. The total amount claimed under L.R. 54-3.5 is $75,094.50.

3

19. With respect to "Witness Fees" under L.R. 54-3.6 and 28 U.S.C. §§ 1821 and 1920(3), the NFL Defendants seek recovery of per diem, subsistence, and travel expenses incurred by witnesses who testified at trial and/or deposition in this matter. The majority of the witnesses for NFL Defendants reside outside of Los Angeles. An overnight stay was necessary at the place of their testimony because the location was so far removed from the witnesses' places of residence that a return thereto day to day was prohibited. Moreover, the NFL Defendants' witnesses traveled to Los Angeles at least several days (and sometimes more) before their testimony given the uncertainties inherent in the trial schedule, particularly given that many of the NFL Defendants' witnesses were made available in Plaintiffs' case-in-chief. In calculating the recoverable witness expenses, NFL Defendants used the actual economy airfare incurred or in instances where the witness traveled by business class, the approximate economy airfare based on current rates from the airline's website. For lodging, meals, and incidentals, the NFL Defendants used the lesser of actual expenses incurred or the per diem rates authorized by General Services Administration, which can be found at https://www.gsa.gov/travel/plan-book/per-diem-rates. A table itemizing the recoverable costs that NFL Defendants incurred for witness fees under L.R. 54-3.6, along with true and correct copies of supporting invoices, are attached hereto as **Exhibit B**. The total amount claimed under L.R. 54-3.6 is $23,419.97.

20. With respect to costs for "Exemplification and Reproduction of Documents" under L.R. 54-3.10 and 28 U.S.C. § 1920(4), the NFL Defendants seek recovery of costs related to: (a) production of documents in response to discovery requests in a format complying with the parties' document production protocol (*see* Ex. C-2, Stipulated Order Regarding Discovery of Electronically Stored Information, Dkt. 198), including the cost of scanning paper documents, optical character recognition, TIFF conversion, bates stamping, redacting third-party confidential information consistent with court order (*e.g.*, Ex. C-5, Dkt. 432), and otherwise formatting for production; (b) endorsing trial exhibits with trial exhibit numbers and sequential

pagination for use during trial consistent with the Court's Trial Order (*see* Ex. C-68, Dkt. 435 at 7–8); (c) printing and delivering mandatory chambers copies of filings and/or documents filed with the Court (*see* L.R. 5-4.5); (d) printing trial witness binders per the Court's request (*see* Ex. C-68, Dkt. 435 at 7–8; Ex. C-84 at 13–14) and copies of exhibits and trial graphics for courtroom use at trial; and (e) printing copies of exhibits for the depositions. With respect to the costs of printing trial witness binders, copies of trial graphics, and other exhibits for use in the courtroom at trial, the NFL Defendants have conservatively estimated that the reasonable cost for printing those materials amounts to 50% of the total costs of printing incurred by the NFL Defendants for this matter during trial. The NFL Defendants therefore have requested $52,170.89 for those printing costs (50% of the total $104,341.79 bill, *see* Ex. C-83). A table itemizing the recoverable costs that NFL Defendants incurred for reproduction and exemplification under L.R. 54-3.10(a), (f), and (g), along with true and correct copies of supporting invoices, are attached hereto as **Exhibit C**. The total amounts claimed under each provision are as follows: $28,980.95 under L.R. 54-3.10(a); $61,819.49 under L.R. 54-3.10(f); and $200,400.70 under L.R. 54-3.10(g).

21. In sum, the NFL Defendants seek to recover a total of $389,715.61 in costs incurred in the defense of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 30th day of August 2024 in Washington, DC.

Dated: August 30, 2024                                 Respectfully submitted,

*/s/ Rakesh N. Kilaru*
Rakesh N. Kilaru (admitted *pro hac vice*)