Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN & DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

[Additional Counsel on Signature Page]

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 2:15-ml-02668-MEMF (SKx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO RETAX COSTS**<br><br>JUDGE: Hon. Maame Ewusi-Mensah Frimpong<br>HEARING DATE: June 13, 2025<br>HEARING TIME: 10:00 a.m.<br>COURTROOM:<br>    First Street Courthouse<br>    Courtroom 8B<br>    350 West 1st Street<br>    Los Angeles, CA 90012 |

# INTRODUCTION

The NFL Defendants concede, as they must under Rule 54 of the Federal Rules of Civil Procedure, that the Court may in its discretion decline to award taxable costs. *See* NFL Defendants' Memorandum in Opposition to Plaintiffs' Motion to Retax Costs ("NFL Defendants' Opp.") at 3, ECF No. 1578. Declining to award costs is particularly appropriate in cases, like this one, that are exceptional in nature and of national importance. *See, e.g.*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–49 (9th Cir. 2014) (denying to tax costs in favor of prevailing party). This case is truly exceptional due to the strong public interest in the enforcement of our nation's antitrust laws, its potential impact as a nationally certified class action, and its procedural history—including a complete jury victory for Plaintiffs, sustained in part by the Court's Rule 50(b) decision. With the Ninth Circuit appeal underway, denying or deferring taxable costs is both appropriate and efficient. The circumstances justify that result, and the NFL Defendants offer no persuasive argument to the contrary.

To start, the NFL Defendants minimize both the significance of the case and the issues it presented. This litigation spanned nearly a decade and culminated in a unanimous jury verdict finding that the NFL and its teams conspired to restrict the distribution of NFL game telecasts and artificially inflated the price of the "NFL Sunday Ticket" package. The Court subsequently granted the NFL Defendants' post-verdict motion for judgment as a matter of law and deemed it the "prevailing party" for purposes of Rule 54(d)(1). But the Court expressly acknowledged that "evidence in the record" could "support a reasonable jury's finding of an unreasonable restraint of trade at each step of the rule of reason," and that the web of broadcast agreements between the NFL, the NFL teams, and their television partners had "anticompetitive effects." ECF No. 1513 at 12. These undisturbed conclusions weigh against awarding costs to the NFL Defendants here.

Moreover, the NFL Defendants do not explain why waiting until the pending appeal concludes would be inefficient, especially given the amount of time this litigation has been pending. The parties are actively briefing the appeal, and Plaintiffs have offered numerous grounds for reversal. For instance, Plaintiffs have shown that the Court erred in dismissing Plaintiffs' unresolved claims for injunctive and declaratory relief. *See* ECF No. 1576-1 ("Plts. Mot.") Ex. 1 (attaching Plaintiffs' opening brief). The parties had agreed to litigate those claims separately, "*after* a jury verdict is made." *See* ECF No. 1331-1 at 4–5 (emphasis added). Consistent with that agreement, the Court excluded at trial any evidence or argument related to injunctive relief or forward-looking remedies, and its Rule 50(b) ruling was silent as to those claims. *See* Plts. Mot. at 1–2 (citing and quoting docket). The United States Department of Justice has appeared in this case on appeal as amicus curiae in support of Plaintiffs and has urged the Ninth Circuit to vacate and remand on that basis. *See* Brief for the United States of America as Amicus Curiae in Support of Plaintiffs-Appellants at 10, 12, *Ninth Inning Inc., et al. v. National Football League, Inc., et al.*, No. 24-5493, Dkt. 46.1 (9th Cir. Jan. 17, 2025) ("The district court erred by dismissing Plaintiffs' claims for injunctive relief under an incorrect standard .… The United States urges this Court to vacate the judgment and remand for further proceedings.").

In short, the NFL Defendants' invocation of the presumption in favor of taxing costs disregards the significance of this multidistrict antitrust litigation, the substantial issues raised on appeal, and this Court's broad discretion under Rule 54(d). Plaintiffs therefore respectfully request that this Court exercise its discretion to order the NFL Defendants to bear their own costs or, at a minimum, defer consideration of costs until the pending appeal is resolved.

**I.     The Court Should Order the NFL Defendants to Bear Their Own Costs.**

The NFL Defendants downplay each factor courts routinely recognize as grounds for denying taxable costs under Rule 54(d)(1).

***First***, the NFL Defendants contend that only a ruling *against them* could render this case nationally important. *See* NFL Defendants' Opp. at 8 (arguing that "this case is not a case of national importance," but that "a decision against the NFL might well have raised issues of national importance"); *id.* ("Although this case was undeniably important to the NFL, it did not … advance any broadly applicable doctrine.").

The NFL Defendants' dismissiveness ignores the stakes for the millions of consumers and businesses—ranging from local sports bars to large casinos and hospitality chains—who Plaintiffs claim paid billions of dollars in inflated prices for NFL Sunday Ticket over more than a decade. Courts have consistently held that the significance of a case is measured not by which party prevails, but by the nature of the legal issues and the broader public interests at stake. *See, e.g.*, *Escriba*, 743 F.3d at 1248; *Save Our Valley*, 335 F.3d at 945–46; *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592. Nor is the legal significance of this *case* confined to the specific grounds underlying the Court's Rule 50(b) decision. *See* NFL Defendants' Opp. at 8.

Further underscoring its importance, this litigation was extensively followed by national media from start to finish. *See, e.g.*, Plts. Mot. at 6–7; *see also, e.g.*, Joe Flint, *Judge Overturns $4.7 Billion 'Sunday Ticket' Verdict Against the NFL*, Wall St. J., Aug. 1, 2024; Alex Lawson, *NFL Stakes Out Appeal Rights in Sunday Ticket Antitrust Fight*, Law360, Nov. 4, 2024.

***Second***, the NFL Defendants downplay the jury's unanimous finding that the NFL and its member teams conspired to violate the antitrust laws. The NFL Defendants claim that the only "close and difficult" question was whether the case should have proceeded to trial at all. *See* NFL Defendants' Opp. at 6. That argument minimizes the significance of the Ninth Circuit's decision reversing this Court's Rule 12(b)(6) dismissal, and Plaintiffs' success at each key stage of the litigation until the

Court's post-trial Rule 50(b) decision. The statement of a single Justice respecting the denial of certiorari, *see* NFL Defendants' Opp. at 6–7, issued at the pleading stage before discovery or trial, does not undermine the Ninth Circuit's precedential decision reversing dismissal, or that Court's holding that the challenged conspiracy is a "naked restraint on output" indistinguishable from price-fixing. *See In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1155–56, 1158 (9th Cir. 2019).

Nor does that statement diminish the Court's detailed pre-trial rulings—in favor of Plaintiffs at every juncture—with respect to, for example, class certification, summary judgment, and the NFL's earlier (identical) *Daubert* challenges to Plaintiffs' experts. The NFL Defendants reduce this history to a simple "failure of proof." *See* NFL Defendants' Opp. at 7. But that oversimplifies the record, ignores the three-week trial and the jury's unanimous verdict for Plaintiffs that resulted from it, and overlooks the Court's conclusion that, despite its post-trial ruling to exclude Plaintiffs' experts, the "evidence in the record" supports the jury's finding of an unreasonable restraint of trade and anticompetitive effects. *See* ECF No. 1513 at 12. To quote the NFL Defendants' own authority, this case "is not ordinary." *See Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, 2018 WL 910459, at *2 (C.D. Cal. Feb. 14, 2018) (internal citation omitted).

On appeal, Plaintiffs have explained that the Court's findings on past *monetary* relief did not and could not resolve whether forward-looking *injunctive* relief was appropriate. *See* ECF No. 1541 at 4–5. As Plaintiffs explain in their opening motion, consistent with the differences between Rule 23(b)(2) and Rule 23(b)(3) classes, district courts long have authorized class-wide injunctive relief even when "plaintiffs cannot prove their damages case on a class-wide basis." *Id.* (quoting *Laumann v. Nat'l Hockey League*, 105 F. Supp. 3d 384, 398 (S.D.N.Y. 2015)).[1]

---

[1] The amicus brief submitted by the United States Department of Justice in support of Plaintiffs, which argues that the Court erred in failing to consider granting

Finally, the NFL Defendants' claim that adopting Plaintiffs' position would result in the denial of cost awards in all antitrust cases misstates the narrow and fact-specific nature of Plaintiffs' request. Both parties agree that "[c]osts typically are awarded to the prevailing party 'in the ordinary case.'" Plts. Mot. at 6 (quoting *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc)); *see also* NFL Defendants' Opp. at 3 (quoting *Association of Mexican-American Educators* for similar). What sets this case apart is not just its national importance, but the combination of a trial on the merits; a jury verdict for Plaintiffs; a posttrial judgment based on contested factual and legal grounds, which still held there was sufficient proof of an antitrust violation; and an appeal that is now underway. These factors justify the Court exercising its discretion to deny, or at least defer, taxing costs.

**<u>Third</u>**, the NFL Defendants incorrectly suggest that a district court may refuse to award costs only in constitutional or civil-rights cases. *See* NFL Defendants' Opp. at 5–6. In *Escriba*, which the NFL Defendants cite for support, the Ninth Circuit affirmed the denial of costs in a suit brought under the Family and Medical Leave Act, a law administered and enforced by the Department of Labor. *See* 743 F.3d 1236, 1247–49 (9th Cir. 2014). The court rejected defendant's argument that "the chilling effect … is appropriate only … [in] civil rights cases," noting that the defendant ignored the "district court's discretion," which provides "flexibility in evaluating the suitability of awarding costs in a particular case." *Id.* (internal quotation omitted); *see*

---

equitable relief in the face of the jury's undisturbed finding that the NFL had violated the antitrust laws. further highlights the closeness of the issues and the possibility of reversal. *See* Brief for the United States of America as Amicus Curiae in Support of Plaintiffs-Appellants at 19, *Ninth Inning Inc., et al. v. National Football League, Inc., et al.*, No. 24-5493, Dkt. 46.1 (9th Cir. Jan. 17, 2025) ("The district court conducted only the damages analysis: It asked whether Plaintiffs adequately quantified their injury and concluded that they did not. But it then erroneously dismissed the claims for both damages and injunctive relief, without discussing threatened loss. That was an error under Supreme Court and Ninth Circuit precedent.") (internal citation omitted).

5

*also White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986) (affirming denial of taxable costs to prevailing defendant, concluding "awarding costs to the prevailing defendant could have a chilling effect on small businesses, for they may be dissuaded from bringing complex and expensive antitrust actions if they risk payment of substantial trial costs for defeat").

Moreover, contrary to the NFL Defendants' assertion, *see* NFL Defendants' Opp. at 6, the effective enforcement of the antitrust laws clearly "carr[ies] systemic consequences." Congress designed the antitrust laws and empowered private plaintiffs to enforce them—including by awarding mandatory treble damages to successful plaintiffs—precisely to serve the national interest in robust antitrust enforcement. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 130–31 (1969) ("[T]he purpose of giving private parties treble-damage and injunctive remedies was not merely to provide private relief, but was to serve as well the high purpose of enforcing the antitrust laws."); *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 139 (1968) ("The purposes of the antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws."). The NFL Defendants' attempt to liken this case to "unnecessary or frivolous litigation," *see* NFL Defendants' Opp. at 6, is particularly off-point.

**<u>Fourth</u>**, and finally, the NFL Defendants claim that Plaintiffs "fail to put forth *any* evidence" of the significant economic disparity between the parties. *See* NFL Defendants' Opp. at 4–5 (NFL's emphasis). That is incorrect. In their motion, Plaintiffs cited unrebutted trial evidence demonstrating this disparity—evidence the NFL Defendants did not challenge at trial and did not address in their opposition. *See, e.g.*, Plts. Mot. at 8–9.

Moreover, regardless of whether counsel ultimately bears the burden, taxable costs initially are imposed on the named Plaintiffs. *See, e.g.*, *Wright v. Schock*, 742 F.2d 541, 542 (9th Cir. 1984) (noting the named plaintiffs would "in all likelihood

… have had to bear this burden [of costs] alone, even if the class had been certified"); *Cayne v. Washington Tr. Bank*, 2017 WL 3749366, at *4 (D. Idaho Aug. 30, 2017) (post-class certification) (concluding that the named plaintiffs were jointly and severally responsible for fees and costs); *Borum v. Brentwood Vill., LLC*, 2020 WL 5291982, at *12 (D.D.C. Sept. 4, 2020) (post-class certification) ("In class actions, such as here, the presumption of awarding costs to the prevailing party still stands, but only the named representatives may be held liable."). Thus, even if these Plaintiffs will not ultimately bear these costs, they remain legally liable for them—a reality that may discourage future class representatives from stepping forward in complex, high-stakes cases.

## II. The Court Should Defer Decision on Costs Until After Appeal.

The NFL Defendants also oppose Plaintiffs' request to defer a decision on costs until after the pending appeal is resolved. *See* NFL Defendants' Opp. at 10. Rule 54(d) expressly permits courts to defer cost determinations, and courts have broad discretion to do so where circumstances warrant—as they do here. The NFL Defendants argue that "[t]he cleanest and most efficient path is to enforce Rule 54(d) now, with costs shifting later," once the pending "appellate proceedings change the prevailing-party status." NFL Defendants' Opp. 10. But the appeal before the Ninth Circuit already is underway, and Plaintiffs have raised multiple substantial grounds for reversal, which could alter the prevailing-party status. Deferring a decision on costs, therefore, is both procedurally efficient and consistent with judicial economy.

In addition, deferral serves principles of fairness. Even if costs are ultimately imposed, the burden may fall on class counsel rather than the individual Plaintiffs. The NFL Defendants do not dispute that class counsel has the financial ability to cover those costs, which further undermines any urgency to award costs at this stage. Taken together, the pending appeal, the nature of the legal issues involved, and the

structure of potential cost liability all weigh in favor of deferring a cost determination until the appellate process concludes.[2]

### III. The Court Should Reject Various Costs Requested by NFL.

The NFL Defendants also fail to defend their request to tax certain costs amounting to $83,101.89 against Plaintiffs. For the reasons offered above, Plaintiffs respectfully request that the Court order the NFL Defendants to bear their own costs or, alternatively, defer consideration of costs until after completion of the pending appeal and any further proceedings in this Court. But if the Court elects to consider costs now, the Court should disallow certain costs awarded by the Clerk of Court.[3]

***First***, the NFL Defendants misconstrue Plaintiffs' challenge to their $52,170.89 printing-cost claim. Plaintiffs do not argue that internal-use printing is per se unrecoverable. Rather, while some non-trial printing may be taxable, the NFL Defendants still must provide particularized evidence showing the printing was "necessarily obtained," as required by Local Rule 54-3.10(f) and § 1920. They have not done so. Although the Clerk taxed these costs, the Court retains discretion to revisit that decision. Given the NFL Defendants' failure to justify their request with specific, category-level detail, a substantial reduction or denial of these costs is warranted.

---

[2] The NFL suggests that to defer decision on taxable costs, "the proper (and usually only) way is to post a supersedeas bond under Rule 62." NFL Defendants' Opp. at 9. While Plaintiffs have satisfied the factors warranting deferral, taken together, Rules 54(d) and 62(d) permit the Court to defer consideration of costs pending the appeal. *See In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 2018 WL 11354865, at *7 (C.D. Cal. Sept. 11, 2018). But the posting of a supersedeas bonds is not the "only way" to defer taxable costs while a case is on appeal, as even the NFL's lone authority makes clear. *See Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, 2018 WL 910459, at *2 (C.D. Cal. Feb. 14, 2018) (highlighting the district court's ability to defer costs absent a bond while on appeal in a "hard fought" litigation).

[3] Plaintiffs have objected only to a handful of inappropriate costs requested by the NFL. The NFL requested $389,715.61 from the Plaintiff classes, *see* ECF No. 1542, which the Clerk of Court granted in part, *see* ECF No. 1575, disallowing $68,406.75 in costs and taxing the Plaintiff classes in the amount of $321,308.86.

***Second***, the NFL Defendants still do not explain why Plaintiffs should be taxed $30,931.00 for the re-redaction of key agreements that *the NFL Defendants* improperly redacted in the first place. The NFL Defendants assert that, as a general matter, redaction costs are taxable. *See* NFL Defendants' Opp. at 12 ("Redaction is part of 'making copies' under § 1920(4)."). Plaintiffs do not dispute that. But as Plaintiffs have explained, *see* Plts. Mot. at 13–14, the re-redaction of these agreements was necessary only because the NFL Defendants initially improperly over-redacted them. *See* Order re: Joint Status Report on Production of Broadcast Agreements, ECF No. 432.

Moreover, the NFL Defendants still do not defend the reasonableness of the time it took to re-redact these agreements. The broadcast agreements between the NFL, its 32 member teams, and their network partners, while essential to the case, were limited in number. Yet the costs claimed by the NFL Defendants for just re-redacting this limited category of documents amount to approximately one-third of the claimed cost for the production and redaction of all documents in the case. *Compare* ECF No. 1547-4 at 3 (row 1) *with* ECF No. 1547-4 at 3 (row 3). The NFL Defendants suggest that Plaintiffs "provide no data on the number of pages redacted or complexity of the task." NFL Defendants' Opp. at 12. That is not Plaintiffs' burden. *See In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364, 1367 (Fed. Cir. 2011) ("The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled.") (cleaned up); *see also Bradach v. Pharmavite LLC*, 2016 WL 10653268, at *2 (C.D. Cal. Dec. 21, 2016) (same); L.R. 54-2.1 (requiring "[s]ufficient documentation to support the amount and taxability of each item"). "A district court may reduce costs which are unreasonably large or which are not supported by adequate documentation." *In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 2018 WL 11354865, at *3. These re-redaction costs are facially unreasonable, and the NFL offers no justification.

# CONCLUSION

For these reasons, and for the reasons presented in Plaintiffs' Motion to Retax Costs, ECF No. 1576-1, Plaintiffs respectfully request that this Court order the NFL Defendants to bear their own costs or, alternatively, defer consideration of taxable costs until after completion of the pending appeal and any further proceedings before this Court. If the Court elects to consider taxable costs now, Plaintiffs respectfully request that this Court disallow $83,101.89 in taxable costs entered by the Clerk of Court.

Dated: May 30, 2025

Respectfully submitted,

By: /s/ *Marc M. Seltzer*

Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
Eliza Finley (301318)
efinley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

William C. Carmody (*Pro Hac Vice*)
bcarmody@susmangodfrey.com
Seth Ard (*Pro Hac Vice*)
sard@susmangodfrey.com
Tyler Finn (*Pro Hac Vice*)
tfinn@susmangodfrey.com
SUSMAN GODFREY L.L.P
One Manhattan West
New York, NY 10001
Tel: (212) 336-8330
Fax: (212) 336-8340

Ian M. Gore (*Pro Hac Vice*)
igore@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841

Fax: (206) 516-3883

Scott Martin (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322

Christopher L. Lebsock (184546)
clebsock@hausfeld.com
Samuel Maida (333835)
smaida@hausfeld.com
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980

Sathya S. Gosselin (269171)
sgosselin@hausfeld.com
Farhad Mirzadeh (*Pro Hac Vice*)
fmirzadeh@hausfeld.com
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

Howard Langer (*Pro Hac Vice*)
hlanger@langergrogan.com
Edward Diver (*Pro Hac Vice*)
ndiver@langergrogan.com
Peter Leckman (235721)
pleckman@langergrogan.com
Kevin Trainer (*Pro Hac Vice*)
ktrainer@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

*Plaintiffs' Co-Lead Counsel*