## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | MDL 15-2668-GW-SKx | Date | September 3, 2025 |
|---|---|---|---|
| Title | *IN RE NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION* | | |

---

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON PLAINTIFFS' MOTION TO RETAX COSTS [1576]

Attached hereto is the Court's Tentative Ruling on Plaintiffs' Motion [1576] set for hearing on September 4, 2025 at 8:30 a.m.

:

Initials of Preparer    JG

***<u>In re: National Football League's "Sunday Ticket" Antitrust Litigation</u>***; Case No. 2:15-ml-02668-GW-(SKx); Tentative Ruling on Motion to Retax Costs

## I. Background

Plaintiffs[1] brought this antitrust lawsuit against Defendants,[2] asserting that Defendants entered a set of agreements with each other and their broadcast partners that suppressed the output of telecasts of out-of-market professional football games, resulting in higher prices for Sunday Ticket. *See generally* SAC. From June 5, 2024 to June 26, 2024, a trial took place. *See* Docket Nos. 1391, 1464. On June 24, 2024, after the close of evidence, both sides filed separate motions for judgment as a matter of law under Fed. R. Civ. P. 50(a). *See* Docket Nos. 1456-57. On June 25, 2024, the Court denied Plaintiffs' motion and took Defendants' motion under submission to be considered with Defendants' potential Rule 50(b) motion. *See* Docket No. 1461. On June 27, 2024, the jury found that Defendants violated §§ 1 and 2 of the Sherman Act and awarded the Commercial Class $96,928,272.90 and the Residential Class $4,610,331,671.74 in damages. *See* Docket Nos. 1464, 1481. On July 3, 2024, Defendants renewed their motion for judgment as a matter of law pursuant to Rule 50(b), or, in the alternative, a new trial pursuant to Rule 59. *See* Docket No. 1490. On August 1, 2024, following full briefing and oral argument, Judge Philip S. Gutierrez granted Defendants' motion for judgment as a matter of law ("Order"). *See* Order, Docket No. 1513. Following receipt of Defendants' proposed judgment and Plaintiffs' objections thereto, the Court entered judgment for Defendants on all claims and ordered that Defendants were the prevailing party for purposes of Rule 54(d)(1). *See* Docket No. 1542. On August 30, 2024,

---

[1] Plaintiffs are two classes of DirecTV NFL Sunday Ticket subscribers. *See* Second Amended Complaint ("SAC"), Docket No. 441, ¶ 40. One class includes residential subscribers and the other includes commercial subscribers. *Id.*
  A number of class actions were centralized by the United States Judicial Panel on Multidistrict Litigation and transferred/consolidated into this lawsuit. *See* Docket No. 1.

[2] Defendants in this action consist of: National Football League, Inc. (the "NFL"); Arizona Cardinals, Inc.; Atlanta Falcons Football Club LLC; Baltimore Ravens Limited Partnership; Buccaneers Limited Partnership; Buffalo Bills, Inc.; Chicago Bears Football Club Inc.; Cincinnati Bengals, Inc.; Cleveland Browns LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Football Club; Detroit Lions, Inc.; Football Northwest LLC; Green Bay Packers, Inc.; Houston NFL Holdings LP; Indianapolis Colts Inc.; Jacksonville Jaguars Ltd.; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football Club LLC; NFL Enterprises LLC; New England Patriots, LP; New Orleans Louisiana Saints LLC; New York Football Giants, Inc.; New York Jets Football Club, Inc.; Oakland Raiders LP; PDB Sports Ltd.; Panthers Football LLC; Philadelphia Eagles Football Club, Inc.; Pittsburgh Steelers Sports, Inc.; San Diego Chargers Football Co.; San Francisco Forty Niners Ltd.; Tennessee Football, Inc.; The Rams Football Company LLC; and Washington Football Inc. *See* SAC ¶ 29.

Plaintiffs filed a notice of appeal from the Order and subsequent judgment, which is now pending before the Ninth Circuit. *See* Docket No. 1551.

On August 30, 2024, Defendants filed an Application to the Clerk to Tax Costs ("Application"), seeking $389,715.61. *See* Application, Docket No. 1547. On September 13, Plaintiffs filed objections to the Application. *See* Docket No. 1560. On May 9, 2025, the Clerk of Court issued a Bill of Costs, granting in part the Application and entering costs in the amount of $321,308.86 in favor of Defendants. *See* Docket No. 1575. On May 16, 2025, Plaintiffs filed the instant Motion to Retax Costs ("Motion").[3] *See* Docket No. 1576.

Plaintiffs request that the Court exercise its discretion and order the Defendants to bear their own costs "given the substantial national importance of the case, the closeness and difficulty of the issues that were litigated, the need to avoid chilling future meritorious antitrust claims, and the economic disparity between the parties." *Id.* at 9. Alternatively, Plaintiffs request that the Court exercise its discretion to defer consideration of costs pending appeal to the Ninth Circuit. *Id.* Defendants argue that Plaintiffs' first request should be denied because Plaintiffs' arguments do not rebut the presumption of awarding costs to the prevailing party. Opp. at 3-4. Defendants argue that Plaintiffs' second request should be denied because they "provide[ ] no valid basis for postponement." *Id.* at 9-10.

For the reasons stated herein, the Court would **STAY** the Motion pending the appeal presently before the Ninth Circuit of the judgment underlying the Motion.[4]

## II.   **Legal Standard**

District courts have broad discretion in deciding whether to stay a ruling on costs while a merits appeal is pending. *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *see also Hamilton v. TBC Corp.*, No. 2:17-cv-01060-DMG-(JEM), 2020 WL 5982391, at *2 (C.D. Cal. Feb. 13, 2020); *Lasic*

---

[3] On May 19, 2025, this lawsuit was reassigned to Judge Maame Ewusi-Mensah Frimpong following Judge Gutierrez's leaving the federal bench. *See* Docket No. 1577. On June 25, 2025, the matter was transferred to Judge George Wu. *See* Docket No. 1582.

[4] Because this Court would stay the Motion, it need not address the factors governing the appropriate reasons for denying costs. *See Escriba v. Foster Poultry Farms*, 743 F.3d 1236, 1247-48 (9th Cir. 2014).

*v. Moreno*, No. 2:05-cv-00161-MCE-(DAD), 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007); *Neev v. Alcon Labs., Inc.*, No. 8:15-cv-00336-JVS-(JCG), 2018 WL 11349846, at *3 (C.D. Cal. Jan. 31, 2018).

In exercising this discretion, courts specifically consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Newman v. Underhill*, No. 5:23-cv-00033-SP, 2024 WL 1647218, at *1 (C.D. Cal. Mar. 29, 2024) (quoting *ABC Servs Grp. Inc. v. Health Net of Cal., Inc.*, No. 8:19-cv-00243-DOC-DFM, 2022 WL 17371087, at *1 (C.D. Cal. Aug. 23, 2022)). These factors "contemplate individualized judgments in each case," and "cannot be reduced to a set of rigid rules." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).

### III. Discussion

#### A. Likelihood of Success on the Merits

Plaintiffs assert that they are likely to succeed on the merits for three reasons: (1) "the Court misapplied *Daubert* in its post-trial order excluding Plaintiffs' economic experts;" (2) "the Court's grant of JMOL contradicted both the jury's verdict that the NFL Defendants' conspiracy caused 'anticompetitive effects' and the Court's own conclusion that there was 'evidence in the record – even without the [experts'] testimonies . . . – to support a reasonable jury's finding of an unreasonable restraint of trade at each step of the rule of reason';" and (3) "the Court erred by dismissing Plaintiffs' claims for declaratory and injunctive relief without hearing them, despite evidence that the NFL Defendants' violations of the antitrust laws are ongoing." Motion at 10 (citing Order at 12). Defendants contend in opposition that "Plaintiffs have not come close to establishing they will likely prevail on appeal" because (1) "[t]he Court painstakingly detailed the many flaws in Plaintiffs' experts' methodologies;" (2) Plaintiffs have not demonstrated that the Court's decision was an abuse of discretion; and (3) Plaintiffs are "unlikely to succeed in convincing the Ninth Circuit that judgment as a matter of law on all of Plaintiffs' claims, including those for injunctive and declaratory relief, was improper given Plaintiffs' failure to prove antitrust injury and given the expiration of the underlying agreement that gave rise to Plaintiffs' allegations." Opp. at 9-10.

Under this first factor, applicants for a stay need only show "'a reasonable probability' or

3

'fair prospect' of success," and are not required to demonstrate that they are more likely than not to prevail on the merits. *FTC v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th Cir. 2011)). The Court would find that Plaintiffs have made such a showing and that, therefore, this factor weighs in favor of a stay.[5]

### B. Irreparable Harm to the Applicant

Although the Clerk has already issued a determination on the Application, Plaintiffs do not argue that they will be irreparably injured if required to pay the costs requested by Defendant. Plaintiffs assert only that "if costs are ultimately imposed, the burden may fall on class counsel rather than the individual Plaintiffs." Reply at 7. Plaintiffs further assert that "class counsel has the financial ability to cover those costs." *Id.* The Court would find, therefore, no irreparable harm and that this factor weighs against a stay.

### C. Substantial Injury to Other Interested Parties

The Court does not perceive any likelihood of substantial injury to Defendants or any other interested parties by staying consideration of the Motion pending resolution of the appellate proceedings. The Court would agree with Plaintiffs' assertion that "[t]he NFL and its member teams will not be harmed if required to wait to recoup any costs." Motion at 11. While a stay would delay Defendants' receipt of costs if they are ultimately successful on appeal, their entitlement to costs is contingent on their status as the prevailing party, which is the subject of the pending appellate litigation. A mere delay in receiving a monetary award "stands in stark contrast to the potential consequences to parties in other cases where a stay was denied." *Mobilize the Message LLC v. Bonta*, No. 2:21-cv-05115-VAP-(JPRx), 2021 WL 6104312, at *3 (C.D. Cal. Sept. 17, 2021); *cf. Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (finding "more than a 'fair possibility'" that stay would damage party where it would "forc[e] [it] into arbitration in a foreign country" to which it had not clearly agreed). Here, the status quo would remain intact, and the Court could consider the Motion after the appeal is

---

[5] The undersigned judicial officer readily admits that he is coming into this matter quite late in the game and is nowhere near as familiar as counsel with the issues presented. Consequently, a complete evaluation of the many matters in dispute was not attempted. However, one major issue in which the Court feels the Plaintiffs/Appellants have a "fair prospect" of success is their contention that Judge Gutierrez erred by dismissing Plaintiffs' injunctive relief claims without ever considering whether Plaintiffs could show "threatened loss or damage" as per 15 U.S.C. § 26. *See* Appellant's Opening Brief at 73-75, Docket No. 41.1, *In re: National Football League's Sunday Ticket Antitrust Litigation,* No. 24-5493. In particular, this Court found particularly interesting the Amicus Brief on that topic filed by the United States, *Id*. at Docket No. 45.1.

decided. Moreover, if the Court does not stay the Motion, both parties will expend further resources litigating the Motion that may ultimately be in vain. As such, the Court would find that this factor weighs in favor of a stay.

### D. Public Interest

Plaintiffs assert that this case "present[s] a landmark issue of national importance"[6] and that the [i]mposition of costs during the pendency of the appeal could chill future antitrust actions." Motion at 11 (quoting *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Defendants contend in opposition that "deferral serves no efficiency purpose" because "[t]he cost issues have been fully briefed and can be resolved now." Opp. at 10. Because the litigation has not concluded on the merits, the Court would find deferring consideration of the Motion could save judicial resources. *See Saddozai v. Vaca*, No. 5:19-cv-01994-DOC-(DFM), 2023 WL 8945698, at *2 (C.D. Cal. Nov. 13, 2023) ("[G]ranting a stay could save judicial resources by deferring consideration of a possible second application to tax costs after appeal, and a potential motion to re-tax costs either before the appeal has concluded, after the appeal has concluded, or both." (citation omitted)). Accordingly, the Court would find that this factor weighs in favor of a stay.

## IV. Conclusion

Based on the foregoing discussion, the Court would exercise its discretion to **STAY** consideration of the Motion pending the outcome of Plaintiffs' appeal.[7]

---

[6] While the phrase "landmark issue of national importance" does seem like hyperbole, just judging from the number of amicus briefs filed in the pending appeal, it would not be an exaggeration to state that the matters on appeal have drawn a great deal in interest and a wide range of views.

[7] Defendants assert that "[i]f Plaintiffs wish to avoid paying the award pending appeal, the proper (and usually only) way is to post a supersedeas bond under Rule 62." Opp. at 9. Plaintiffs suggest in a footnote that the Court should not require the posting of a supersedeas bond because this case has been "hard fought." Reply at 8 n.2 (citing *Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, No. 2:16-cv-02367-ODW-(FFM), 2018 WL 910459, at *2 (C.D. Cal. Feb. 14, 2018)).
 Federal Civil Rule of Civil Procedure 62(b) indicates that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security" and that "[t]he stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam).
 It has been noted that a district court has "broad discretionary power to waive the bond requirement if it sees fit." *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012). On the other hand, it has been held that "for an appellant to receive a waiver of a bond and an unsecured stay, the case must be 'extraordinary.'" *Camfield*, 2018 WL 910459, at *7 (citations omitted).
 In determining whether to waive or modify the bond requirement, some courts in the Ninth Circuit consider the following factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment

5

---

after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *See, e.g.*, *Multiple Energy Techs., LLC v. Casden*, No. 2:21-cv-01149-ODW-(RAOx), 2025 WL 579641, at *13 (C.D. Cal. Feb. 21, 2025) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)); *Gonzales v. City of Inglewood*, No. 2:06-cv-00178-GAF-(CW). 2009 WL 10869043, at *2 (C.D. Cal. Mar. 25, 2009) (same).

 It does not appear to the Court that either party has addressed these factors. Nevertheless, the Court would find that a Rule 62 bond is unnecessary. "Generally, a court will be willing to waive the bond requirement where the court is confident that the appellant has sufficient funds to pay the judgment and it is, thus, unnecessary to insure the appellee's ability to obtain payment in the future." *Gonzales*, 2009 WL 10869043, at *2 (citing *Dillon*, 866 F.2d at 904-05). As noted earlier, Plaintiffs have already suggested that they – or at least their counsel – have sufficient funds to pay those sums in arguing that their counsel's "financial ability to cover those costs . . . undermines any urgency to award costs at this stage." Reply at 7.

 The Court will not require the posting of a bond to secure the stay of payment of costs during the pendency of the appeal.