NOT FOR PUBLICATION

FILED

OCT 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NINTH INNING INC., doing business as The Mucky Duck; for itself and for all others similarly situated; et al.,

Plaintiffs - Appellants,

v.

NATIONAL FOOTBALL LEAGUE, INC; et al.,

Defendants - Appellees,

---------------------------------------

ESPN, INC. and PARAMOUNT GLOBAL, INC.,

Intervenors.

No. 24-5493

D.C. No.
2:15-ml-02668-PSG-SK

MEMORANDUM*

NINTH INNING INC.; et al.,

Plaintiffs - Appellees,

v.

PDB SPORTS LTD; et al.,

Defendants - Appellants,

No. 24-5691

D.C. No.
2:15-ml-02668-PSG-SK

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DIRECTV, LLC; et al.,

Defendants,

---------------------------------------

ESPN, INC. and PARAMOUNT GLOBAL, INC.,

Intervenors.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted March 9, 2026
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and LEFKOW, District Judge.[**]

Ninth Inning Inc. and other Plaintiffs-Appellants-Cross Appellees (together, the "Subscribers") appeal from the district court's judgment as a matter of law for the National Football League ("NFL") and its 32 member teams on Subscribers' class-action antitrust claims.[1] The NFL and its member teams cross-appeal, challenging the district court's certification of the injunctive and damage classes

[**] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] In a concurrently filed opinion, we reverse the district court's order excluding the Subscribers' expert testimony and granting judgment as a matter of law. We affirm its order granting a new trial on damages.

under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3). Fed. R. Civ. P. 23(b)(2)–(3). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

1. We review de novo a district court's grant of judgment as a matter of law. *Rearden, LLC v. Walt Disney Pictures*, 152 F.4th 1058, 1066 (9th Cir. 2025). The district court erred in granting judgment as a matter of law to the NFL and its member teams on the Subscribers' declaratory and injunctive relief claims under Section 16 of the Clayton Act. 15 U.S.C. § 26. "Section 16 of the Clayton Act provides in part that 'any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief against threatened loss or damage by a violation of the antitrust laws.'" *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 110–11 (1986) (quoting 15 U.S.C. § 26) (citation modified). The "threat of injury" is distinct from whether the Subscribers suffered "actual injury." *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991). But the district court never evaluated the Subscribers' Clayton Act claims for injunctive relief, determining only that they "failed to provide evidence from which a reasonable jury could make a finding of injury and an award of actual damages." Under the Federal Rules of Civil Procedure, judgment as a matter of law can be entered only "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary

basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

On remand, the district court should re-evaluate whether the Subscribers' injunctive class claims, certified under Federal Rule of Civil Procedure 23(b)(2), are moot now that the contract between the NFL and DirecTV has expired. There is not enough evidence in the record to demonstrate whether "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

2. We review for abuse of discretion a district court's class-certification decisions. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc). The district court did not abuse its discretion in certifying the classes under Federal Rule of Civil Procedure 23(b)(3). "The predominance inquiry asks whether the common, aggregation-enabling[] issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id.* at 664 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)). The expert testimony of Dr. Rascher and Dr. Zona was admissible under Federal Rule of Evidence 702. The Subscribers therefore appropriately used their models to "prove . . . a common question of law or fact that relates to a central issue in [this] antitrust class action," which "establish[ed] that [the] essential elements [of antitrust injury and damages] . . . are capable of being established through a common body of evidence, applicable to the

whole class." *Id.* at 666 (citation modified).

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**[2]

[2] Each party shall bear its own costs on appeal.